IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-12239 (CSS) |
| Debtor. | ) **Re: Docket Nos. 76, 99, 162** |

**ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330
OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO
RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS
UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate, and its creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_NY:39722.11 36027/002

2. Subject to the procedures set forth below, the Debtor is authorized to retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed on Exhibit B to the Motion as updated on November 25, 2019 [Docket No. 162] (collectively, the "Ordinary Course Professionals"), without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each.

3. Subject to the procedures set forth herein, the Debtor is authorized to pay the professional fees and expenses related to services provided to the Debtor's Related Entities by an Ordinary Course Professional, provided that the Debtor seeks reimbursement from its Related Entities of such fees and expenses as soon as practicable.

4. Within five (5) business days after the date of entry of this Order, the Debtor shall serve this Order and the form of Declaration attached to the Order as Exhibit A upon each Ordinary Course Professional.

5. On the later of (a) thirty (30) days after the entry of this Order or (b) prior to the date an Ordinary Course Professional provides any services to the Debtor following the Petition Date, each such Ordinary Course Professional shall file with this Court, and serve upon (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq.; (b) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801; and (c) counsel to the official committee of unsecured creditors: Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Jessica Boelter, Esq. (jboelter@sidley.com) and Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, Attn: Bojan Guzina (bguzina@sidley.com) and Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, DE 19801, Attn: Michael R. Nestor, Esq. (mnestor@ycst.com) (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached to this Order as **Exhibit A**, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure; and (e) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

6. The Notice Parties shall have ten (10) days after service of each Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtor, and the other Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtor at a mutually convenient time. If no timely objection is filed and received in respect of each Ordinary Course Professional, or if any objection is withdrawn, the Debtor shall be authorized to retain such Ordinary Course Professional as a final matter without further order of this Court. Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work

performed on behalf of the Debtor from the date a Declaration is filed until such retention request is denied by the Court or withdrawn by the Debtor.

7. The Debtor may not make any payments to any Ordinary Course Professionals unless: (a) such Ordinary Course Professional has filed the Affidavit, (b) the Objection Period has expired, and (c) no timely objection is pending, or, if a timely objection is received, (x) the objection is resolved and withdrawn or (y) such retention is otherwise approved by the Court.

8. The Debtor is authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit B to the Motion by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 4, 5, and 6 hereof.

9. The Debtor is authorized to pay to each Ordinary Course Professional and any other Ordinary Course Professionals retained pursuant to the terms of this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses, including any amounts allocable to a Related Entity, in the manner customarily made by the Debtor; provided, however, that the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $35,000 per month on average over a rolling four-month period, unless otherwise authorized by this Court (the "Monthly Cap");[3] and, further provided,

---

[3] The Monthly Cap shall not be applicable to the gross amount of fees paid to Houlihan Lokey Financial Advisors, Inc. ("Houlihan") in these Chapter 11 Cases it being understood that the Debtors are reimbursed by certain parties

however, that fees and disbursements for all Ordinary Course Professionals shall not exceed an aggregate total of $4,000,000 over any twelve (12) month period. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtor's normal right to dispute any such billing statements).

10.  If in any given month the fees and expenses for any one Ordinary Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month. Such Ordinary Course Professional may be paid for amounts below the Monthly Cap in accordance with the procedures approved herein. No Ordinary Course Professional shall be required to submit quarterly or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its Monthly Cap, provided that such Ordinary Course Professional obtained Court approval of its excess fees and expenses for such month in accordance with this paragraph.

11.  All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for

---

for most of the fees incurred by Houlihan. It is expected that the portion of the fees paid to Houlihan which are not reimbursed by other parties is below the Monthly Cap. The Debtors will provide additional detail with respect to Houlihan in its monthly statements filed in accordance with paragraph 12 of this Order.

reasons set forth in section 330 of the Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules.

12. Within thirty (30) days after the last day of each month this case is pending, the Debtor shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amounts of compensation and expenses allocable to Related Entities and any such amounts reimbursed by such Related Entities; and (d) a short statement of the type of services rendered by such Ordinary Course Professional.

13. Nothing herein grants the Debtor authority to make any payments on account of services performed representing or advising James Dondero or any other principal personally; *provided, however,* that the Debtor's right to seek authority from this Court to make any such payments is expressly reserved.

14. This Debtor shall not pay any Ordinary Course Professional any amounts on account of work performed by such Ordinary Course Professional prior to the Petition Date unless authorized by a different Order of this Court.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: November 26th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**