## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054 (SGJ) |
| Debtor. | |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL, *NUNC PRO TUNC* TO NOVEMBER 8, 2019

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST. # 1452, DALLAS, TX 75242, BEFORE CLOSE OF BUSINESS ON DECEMBER 31, 2019, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

The Official Committee of Unsecured Creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor"), respectfully submits this application (this "Application") pursuant to section 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Procedures (the "Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Committee to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as Delaware co-counsel in connection with the Debtor's chapter 11 case (the "Chapter 11 Case"), *nunc pro tunc* to November 8, 2019. In support of this Application, the Committee relies upon the declaration of Sean M. Beach, attached hereto as **Exhibit B** (the "Beach Declaration") and the declaration of Eric A. Felton, in his capacity as a representative of the Redeemer Committee of the Highland Crusader Fund, attached hereto as **Exhibit C** (the "Felton Declaration"). In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court[2] has jurisdiction over this Chapter 11 Case and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.[3]

3. The statutory and legal predicates for the relief requested herein are section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief commencing this Chapter 11 Case in the United States Bankruptcy Court for the

---

[2] Unless otherwise stated, the "Court" shall refer to the United States Bankruptcy Court for the District of Delaware.

[3] On November 1, 2019, the Committee filed its Motion for an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Dallas Bankruptcy Court"), seeking a transfer of venue in the interest of justice or for the convenience of the parties under 28 U.S.C. § 1412 (the "Motion"). *See* Case No. 19-12239 (CSS), Docket No. 86. The Motion was granted following hearing held

ACTIVE 251934592

District of Delaware (the "Delaware Bankruptcy Court"). The Debtor continues to operate its business and manage its properties as a debtor in possession. No trustee or examiner has yet been appointed in this Chapter 11 Case.

5.     On October 29, 2019, the Office of the United States Trustee for the District of Delaware appointed the Committee, which currently is comprised of the following four members: (1) Redeemer Committee of Highland Crusader Fund, (2) Meta-e Discovery, (3) UBS Securities LLC and UBS AG London Branch, and (4) Acis Capital Management, L.P. and Acis Capital Management GP, LLP. *See* Case No. 19-12239 (CSS), Docket No. 65.

6.     At an organizational meeting of creditors held on October 29, 2019, the Committee selected Sidley Austin LLP ("Sidley") as its proposed counsel and FTI Consulting, Inc. ("FTI") as its proposed financial advisor, subject to approval by the Dallas Bankruptcy Court. Young Conaway was engaged as co-counsel to the Committee on November 8, 2019.

7.     Prior to Young Conaway being retained by the Committee, Young Conaway represented Alvarez & Marsal CRF Management, LLC ("A&M") as Investment Manager of the Highland Crusader Funds in connection with certain litigation in the Delaware Court of Chancery, which proceedings have been stayed by virtue of the Debtor's bankruptcy filing. Young Conaway's representation of A&M was consensually terminated immediately prior to the Firm's engagement by the Committee.

---

before the Hon. Christopher S. Sontchi on December 2, 2019, and the Chapter 11 Case was transferred by order dated December 4, 2019. *See id.,* Docket No. 184.

ACTIVE 251934592

## RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Application, the Committee seeks to retain Young Conaway as its Delaware co-counsel pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, effective as of November 8, 2019.[4]

9.      The Committee respectfully submits that it is necessary and appropriate for it to retain Young Conaway to, among other things:

(a)      advise the Committee with respect to its rights, powers, and duties in this Chapter 11 Case;

(b)      assist and advise the Committee in its consultations with the Debtor regarding the administration of this Chapter 11 Case;

(c)      assist with the Committee's investigation of the acts, conduct, assets, liabilities, intercompany relationships and claims and financial condition of the Debtor, the existence of estate causes of action, and the operation of the Debtor's business;

(d)      assist the Committee in protecting, preserving, and maximizing the value of the Debtor's estate;

(e)      assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in this Chapter 11 Case;

(f)      represent the Committee at all hearings and other proceedings;

(g)      review and analyze applications, orders, statement of operations, and schedules filed with the Court and advise the Committee with respect thereto;

(h)      prepare pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

---

[4]    Young Conaway was engaged as co-counsel to Sidley Austin LLP during the time this Chapter 11 Case was pending in the Delaware Bankruptcy Court. Upon the transfer of this Chapter 11 Case to the Dallas Bankruptcy Court, the services rendered by Young Conaway will likely be transitioned to new local co-counsel to the Committee. It is currently contemplated that Young Conaway's services going forward will be limited primarily to transition services in this Chapter 11 Case.

ACTIVE 251934592

(i) perform such other legal services as may be required and are in the interests of the Committee in accordance with the Committee's rights, powers, and duties as set forth in the Bankruptcy Code.

10. Young Conaway will coordinate with Sidley and FTI to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

11. The Committee has selected Young Conaway because of its extensive experience and outstanding reputation handling complex bankruptcy matters, litigation matters, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, as well as its experience and knowledge in practicing before the Delaware Bankruptcy Court. The Committee believes that Young Conaway is well qualified and able to represent the Committee as co-counsel in a cost-effective, efficient, and timely manner and to work with Sidley to deal effectively with the many potential legal issues that may arise in this Chapter 11 Case.

12. Compensation will be payable to Young Conaway on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Young Conaway. The principal attorneys and paralegal presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Michael R. Nestor | $905.00 per hour |
| b. | Edmon L. Morton | $820.00 per hour |
| c. | Sean M. Beach | $785.00 per hour |
| d. | Kevin A. Guerke | $725.00 per hour |
| e. | Jaclyn C. Weissgerber | $460.00 per hour |
| f. | Catherine C. Lyons | $325.00 per hour |
| g. | Debbie Laskin (paralegal) | $295.00 per hour |

13. Upon prior notice to the Committee, the hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Committee in connection with the matters described herein.

14.     The Committee has been advised that the hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Young Conaway that it is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  Customary expenses include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, and other fees related to trials and hearings,  as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     Young Conaway intends to apply to the Dallas Bankruptcy Court for allowance of compensation for professional services rendered in connection with this Chapter 11 Case based on its customary hourly rates then in effect, and to request reimbursement of expenses, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules, including any applicable administrative orders entered by the Dallas Bankruptcy Court.

16.     Young Conaway has advised the Committee that Young Conaway does not represent any entity having an adverse interest in connection with Chapter 11 Case and does not have any connection with creditors or any other party in interest except as set forth in the Beach Declaration.

17.     In the event that Young Conaway discovers any connections with any party in interest in this Chapter 11 Case, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Young Conaway will promptly disclose such connections and information to the Dallas Bankruptcy Court in a supplement to the Beach Declaration.

## NOTICE

18.     Notice of this Application has been provided to (a) the Debtor; (b) the Office of the U.S. Trustee for the Northern District of Texas; (c) the Debtor's principal secured parties; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order authorizing the Committee to retain and employ Young Conaway as its Delaware co-counsel, *nunc pro tunc* to November 8, 2019, and grant such other and further relief as is just and proper.

Dated:  December  9, 2019

Official Committee of Unsecured Creditors of
Highland Capital Management, L.P.

/s/  E A Felton
Eric A. Felton, solely in his capacity as a
representative of the Redeemer Committee of the
Highland Crusader Fund, in its capacity as Chair
of the Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.

# **EXHIBIT A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054 (SGJ) |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
_NUNC PRO TUNC_ TO NOVEMBER 8, 2019**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") for entry of an order authorizing the Committee to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as its co-counsel, _nunc pro tunc_ to November 8, 2019, the date the Committee determined to employ Young Conaway in this Chapter 11 case pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and upon consideration of the Beach Declaration and the Felton Declaration; and it appearing that this Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied that notice and opportunity for hearing on the Application was appropriate under the circumstances and no further or other notice need be given; and this Court being satisfied, based on the representations made in

---

[1]    The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Application.

the Application and the Beach Declaration, that Young Conaway does not represent any other entity having an adverse interest in connection with this Chapter 11 Case, and that Young Conaway is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application, the Beach Declaration, and the Felton Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ and retain Young Conaway as its co-counsel, *nunc pro tunc* to November 8, 2019, on the terms and conditions set forth in the Application.

3.      Young Conaway shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the local rules, and any applicable orders of the Dallas Bankruptcy Court. Young Conaway intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications filed by Young Conaway in this Chapter 11 Case.

4.      The Committee and Young Conaway are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

### End of Order ###

**Error!**   ACTIVE 251934592

# EXHIBIT B

## Beach Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054 (SGJ) |
| Debtor. | |

**DECLARATION OF SEAN M. BEACH IN SUPPORT OF APPLICATION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND**
**EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL,**
***NUNC PRO TUNC* TO NOVEMBER 8, 2019**

I, Sean M. Beach, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.      I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm"), with offices at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, and am duly admitted to practice in the States of Delaware, New York and New Jersey, as well as the United States District Court for the District of Delaware, the United States District Court for the Southern District of New York, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit.

2.      I submit this declaration in support of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Nunc Pro Tunc to November 8, 2019* (the "Application").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1]    The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

3.      Young Conaway has conducted a series of searches in the Firm's conflicts database to identify relationships with the Debtor and its affiliates, the Debtor's largest creditors, the Debtor's lenders, and various other parties-in-interest in this Chapter 11 Case (collectively, the "Interested Parties"). A list of the Interested Parties is set forth on **Schedule 1** attached hereto.

4.      Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, Young Conaway, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Interested Parties, except as stated below:

a.  Prior to being selected as co-counsel, Young Conaway represented Alvarez & Marsal CRF Management, LLC ("A&M"), as Investment Manager of the Highland Crusader Funds, in connection with certain litigation in the Delaware Court of Chancery. Pursuant to section 1103(b) of the Bankruptcy Code, representation of A&M did not constitute representation of an adverse interest. Furthermore, Young Conaway's representation of A&M was consensually terminated immediately prior to Young Conaway being retained by the Committee. *See* Case No. 19-12239 (CSS), Docket No. 104 (notice of substitution of counsel).

b.  Young Conaway has previously represented the following Interested Parties, or parties who may be affiliated with such Interested Parties, in matters wholly unrelated to the Debtor and this Chapter 11 Case:

- American Arbitration Association
- Deloitte
- Duff & Phelps, LLC
- KeyBank, National Association
- Latham & Watkins LLP
- Morris Nichols Arsht & Tunnel LLP
- PriceWaterhouse Coopers, Inc.
- Wilkie Farr & Gallagher LLP

c.  Young Conaway currently represents (and may in the past have represented) the following Interested Parties, or parties who may be affiliated with such Interested Parties, in matters wholly unrelated to the Debtor and this Chapter 11 Case:

- Debevoise & Plimpton LLP
- Delaware Division of Revenue

- Jefferies LLC Prime Brokerage Services
- UBS Securities LLC

d. Young Conaway has been, and likely will be in the future, engaged in matters unrelated to this Chapter 11 Case in which the Firm works with or in opposition to other professionals involved in this Chapter 11 Case.

5.    To the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Young Conaway is a relative of the United States Bankruptcy Judges assigned to this Chapter 11 Case, and Young Conaway does not have a connection with a United States Bankruptcy Judge that would render its retention in this Chapter 11 Case improper.

6.    To the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 2014, Young Conaway does not have any connection with the United States Trustee for the District of Delaware or for the Northern District of Texas, Dallas Division (the "U.S. Trustee") or any persons currently employed by the Office of the U.S. Trustee.  Jaclyn C. Weissgerber, an associate with Young Conaway, worked as a trial attorney at the Office of the U.S. Trustee for the District of Delaware until August 8, 2019.  During Ms. Weissgerber's tenure at the Office of the U.S. Trustee for the District of Delaware, she did not work on this matter.

7.    Young Conaway does not represent any other entity having an adverse interest in connection with this Chapter 11 Case.  Young Conaway also is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Young Conaway, its partners, counsel and associates:

(a)    are not creditors, equity security holders or insiders of the Debtor;

(b)    were never directors, officers, or employees of the Debtor;

(c)    do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of

Error!    ACTIVE 251934592

any direct or indirect connection with, or interest in, the Debtor or for any other reason.

8. If the results of further investigation reveal any additional connections, Young Conaway will make any further disclosures as may be appropriate at that time.

9. Young Conaway intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to approval of the Dallas Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules, and any applicable order entered by the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Young Conaway. Young Conaway also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Young Conaway in this Chapter 11 Case.

10. The Firm operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. The principal attorneys and paralegal presently designated to represent the Committee in this matter and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Michael R. Nestor | $905.00 per hour |
| b. | Edmon L. Morton | $820.00 per hour |
| c. | Sean M Beach | $785.00 per hour |
| d. | Kevin A. Guerke | $725.00 per hour |
| e. | Jaclyn C. Weissgerber | $460.00 per hour |
| f. | Catherine C. Lyons | $325.00 per hour |
| g. | Debbie Laskin (paralegal) | $295.00 per hour |

4

11. Upon prior notice to the Committee, the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time serve the Committee in connection with the matters described herein.

12. The Committee has been advised that the hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Consistent with the Firm's policy with respect to its other clients, Young Conaway will charge the Committee for all expenses incurred in rendering services to the Committee. Customary expenses include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, and other fees related to trials and hearings, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

13. Young Conaway has not received a retainer in its capacity as proposed co-counsel to the Committee in this Chapter 11 Case.

14. No promises have been received by Young Conaway, nor by any partner, counsel, or associate thereof, as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. Young Conaway has no

agreement with any other entity to share with such entity any compensation received by Young Conaway in connection with this Chapter 11 Case.

15.     Young Conaway is proposed to provide the following services for its engagement in these cases as co-counsel to the Committee:

(a)     advise the Committee with respect to its rights, powers, and duties in this Chapter 11 Case;

(b)     assist and advise the Committee in its consultations with the Debtor regarding the administration of this Chapter 11 Case;

(c)     assist with the Committee's investigation of the acts, conduct, assets, liabilities, intercompany relationships and claims and financial condition of the Debtor, the existence of estate causes of action, and the operation of the Debtor's business;

(d)     assist the Committee in protecting, preserving, and maximizing the value of the Debtor's estate;

(e)     assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in this Chapter 11 Case;

(f)     represent the Committee at all hearings and other proceedings;

(g)     review and analyze applications, orders, statement of operations, and schedules filed with the Court and advise the Committee with respect thereto;

(h)     prepare pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(i)     perform such other legal services as may be required and are in the interests of the Committee in accordance with the Committee's rights, powers, and duties as set forth in the Bankruptcy Code.[3]

By separate application, the Committee has sought Court approval of the retention of Sidley as

lead bankruptcy counsel with respect to this Chapter 11 Case.  Young Conaway has discussed the

---

[3]     To the extent that Young Conaway determines that such services fall outside of the scope of services historically or generally performed by the Firm as co-counsel in a bankruptcy proceeding, Young Conaway will file a supplemental declaration pursuant to Bankruptcy Rule 2014.

6

division of responsibilities with Sidley and Young Conaway will make every effort to avoid duplication of efforts in connection with this Chapter 11 Case.

16. Consistent with the Revised U.S. Trustee Guidelines,[4] I state as follows:

(a) Young Conaway has not agreed to a variation of its standard or customary billing arrangements for this engagement;

(b) None of the Firm's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases;

(c) Young Conaway did not represent the Committee in the 12 months prepetition;

(d) The Committee has approved or will be approving a prospective budget and staffing plan for Young Conaway's engagement for the postpetition period as appropriate. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

17. The facts set forth in the Application are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 10, 2019
Wilmington, Delaware

/s/ Sean M. Beach
Sean M. Beach

---

[4] The Revised U.S. Trustee Guidelines themselves acknowledge that "the Guidelines do not supersede local rules, court orders, or other controlling authority." While Young Conaway intend to work cooperatively with the U.S. Trustee to address requests for information and any concerns that may have led to the adoption of the Revised U.S. Trustee Guidelines, neither the filing of this Declaration, nor anything contained herein, is intended to or shall be deemed to be an admission by Young Conaway that the Firm is required to comply with the Revised U.S. Trustee Guidelines. Young Conaway reserves any and all rights with respect to the application of the Revised U.S. Trustee Guidelines in respect of any application for employment or compensation filed in this Chapter 11 Case.

Error! ACTIVE 251934592

## Schedule 1

**Interested Parties**

1. **Debtor**

Highland Capital Management, L.P.

2. **Restructuring Professionals**

Pachulski Stang Ziehl & Jones LLP
Development Specialists, Inc.
Bradley Sharp
Kurtzman Carson Consultants LLC

3. **Top 20 Creditors**

Redeemer Committee of The Highland Crusader Fund
Patrick Daugherty
CLO Holdco, Ltd.
McKool Smith, P.C.
Meta-e Discovery LLC
Foley Gardere
DLA Piper LLP (US)
Reid Collins & Tsai LLP
Joshua & Jennifer Terry
NWCC, LLC
Duff & Phelps, LLC
American Arbitration Association
Lackey Hershman LLP
Bates White, LLC
Debevoise & Plimpton LLP
Andrews Kurth LLP
Connolly Gallagher LLP
Boies, Schiller & Flexner LLP
UBS AG, London Branch and UBS Securities LLC
Acis Capital Management, L.P. and Acis Capital Management GP, LLC

4. **Equity Security Holders (Direct and Indirect)**

Strand Advisors, Inc.
The Dugaboy Investment Trust
Mark K. Okada
The Mark and Pamela Okada Family Trust – Exempt Trust #1
The Mark and Pamela Okada Family Trust – Exempt Trust #2
Hunter Mountain Investment Trust
James Dondero
Atlas IDF GP LLC
Beacon Mountain LLC

5. **Affiliated Parties**

Acis CLO Management GP, LLC
Acis CLO Management Holdings, L.P.
Acis CLO Management Intermediate Holdings I, LLC
Acis CLO Management Intermediate Holdings II, LLC
Acis CLO Management, LLC
Acis CMOA Trust
Advisors Equity Group LLC
Asbury Holdings, LLC
Castle Bio Manager, LLC
De Kooning, Ltd.
Eagle Equity Advisors, LLC
Eames, Ltd.
Gunwale LLC
HCREF-I Holding Corp.
HCREF-XI Holding Corp.
HCREF-XII Holding Corp.
HE Capital Fox Trails, LLC
HE Capital, LLC
HE Mezz Fox Trails, LLC
HE Peoria Place Property, LLC
HE Peoria Place, LLC
HFP CDO Construction Corp.
HFP GP, LLC
Highland Argentina Regional Opportunity Fund GP, LLC
Highland Brasil, LLC
Highland Capital Management (Singapore) Pte Ltd
Highland Capital Management Korea
Highland Capital Management Korea Limited
Highland Capital Management Korea Limited (Relying Advisor)
Highland Capital Multi-Strategy Fund, LP
Highland CDO Holding Company
Highland CDO Opportunity Fund GP, L.P.
Highland CDO Opportunity GP, LLC
Highland CLO Assets Holdings Limited
Highland CLO Holdings Ltd.
Highland CLO Management, Ltd.
Highland Dynamic Income Fund GP, LLC
Highland Employee Retention Assets LLC
Highland ERA Management, LLC
Highland Financial Corp.
Highland Financial Partners, L.P.
Highland Fund Holdings, LLC
Highland HCF Advisor Ltd. (Relying Advisor)

Highland HCF Advisors Ltd.
Highland Latin America Consulting, Ltd
Highland Latin America GP Ltd.
Highland Latin America GP, Ltd.
Highland Latin America LP, Ltd.
Highland Latin America Trust
Highland Multi Strategy Credit Fund GP, L.P.
Highland Multi Strategy Credit Fund, L.P.
Highland Multi Strategy Credit GP, LLC
Highland Multi-Strategy Fund GP, LLC
Highland Multi-Strategy Fund GP, LP
Highland Multi-Strategy Master Fund, L.P.
Highland Multi-Strategy Onshore Master SubFund II, LLC
Highland Multi-Strategy Onshore Master Subfund, LLC
Highland Receivables Finance I, LLC
Highland Restoration Capital Partners GP, LLC
Highland Select Equity GP, LLC
Highland Select Equity Master Fund, L.P.
Highland Special Opportunities Holding Company
Highland SunBridge GP, LLC
Hirst, Ltd.
Hockney, Ltd.
Lautner, Ltd.
Maple Avenue Holdings, LLC
Neutra, Ltd.
NexPoint Insurance Distributors, LLC
NexPoint Insurance Solutions GP, LLC
NexPoint Insurance Solutions, L.P.
NHT Holdco, LLC
NREA SE MF Holdings, LLC
NREA SE MF Investment Co, LLC
NREA SE Multifamily, LLC
NREA SE1 Andros Isles Leaseco, LLC
NREA SE1 Andros Isles Manager, LLC
NREA SE1 Arborwalk Leaseco, LLC
NREA SE1 Arborwalk Manager, LLC
NREA SE1 Towne Crossing Leaseco, LLC
NREA SE1 Towne Crossing Manager, LLC
NREA SE1 Walker Ranch Leaseco, LLC
NREA SE1 Walker Ranch Manager, LLC
NREA SE2 Hidden Lake Leaseco, LLC
NREA SE2 Hidden Lake Manager, LLC
NREA SE2 Vista Ridge Leaseco, LLC
NREA SE2 Vista Ridge Manager, LLC
NREA SE2 West Place Leaseco, LLC
NREA SE2 West Place Manager, LLC

NREA SE3 Arboleda Leaseco, LLC
NREA SE3 Arboleda Manager, LLC
NREA SE3 Fairways Leaseco, LLC
NREA SE3 Fairways Manager, LLC
NREA SE3 Grand Oasis Leaseco, LLC
NREA SE3 Grand Oasis Manager, LLC
NREA Southeast Portfolio One Manager, LLC
NREA Southeast Portfolio Three Manager, LLC
NREA Southeast Portfolio Two Manager, LLC
Oldenburg, Ltd.
Penant Management LP
Pershing LLC
PetroCap Incentive Partners III, LP
Pollack, Ltd.
SE Battleground Park, LLC
SE Glenview, LLC
SE Governors Green II, LLC
SE Gulfstream Isles GP, LLC
SE Gulfstream Isles LP, LLC
SE Heights at Olde Towne, LLC
SE Lakes at Renaissance Park GP I, LLC
SE Lakes at Renaissance Park GP II, LLC
SE Lakes at Renaissance Park LP, LLC
SE Multifamily Holdings LLC
SE Multifamily REIT Holdings LLC
SE Myrtles at Olde Towne, LLC
SE Quail Landing, LLC
SE River Walk, LLC
SE SM, Inc.
SE Stoney Ridge II, LLC
SE Victoria Park, LLC
SH Castle BioSciences, LLC
Starck, Ltd.
The Dondero Insurance Rabbi Trust
The Okada Insurance Rabbi Trust
Tihany, Ltd.
US Gaming SPV, LLC
US Gaming, LLC
Warhol, Ltd.
Wright, Ltd.

## 6. __Other Parties__

Highland Capital Insurance Solutions, L.P.
Highland Capital Management Latin America, L.P. (Relying Advisor)
Highland Select Equity Fund, L.P.

NexPoint Advisors, LP
HCMS Falcon LP
Falcon E&P Opportunities Fund LP
Highland Capital Management Latin America LP
Highland Capital Insurance Solutions LP
NexPoint Advisors LP
Highland Capital Management Fund Advisors LP
Atlas IDF LP
Rand PE Fund I LP
Highland Select Equity Fund, GP, L.P.
Grosvenor Capital Management, L.P.
FRM Investment Management
Concord Management, LLC
Baylor University
Fix Asset Management
United States Army Air Force Exchange Services
John Honis
Crown Global Insurance Company
Rand PE Fund Management LLC
Falcon E&P Opportunities Fund GP LLC
Governance Ltd.
Governance Re Ltd.
HCF Funds
HCMS Falcon GP LLC
HCRE Partners, LLC
Highland Capital Insurance Solutions GP LLC
Highland Capital Management Services Inc.
Highland Capital of New York
Highland Capital Special Allocation, LLC
Highland Crusader Fund
NexAnnuity Holdings Inc.
NexBank Capital Inc.
NexBank Securities Inc.
NexBank SSB
NexBank Wealth Advisors
NexPoint Advisors GP LLC
NexPoint Capital Inc.
NexPoint Funds
NexPoint Real Estate Advisors GP LLC
NexPoint Securities Inc.
Spiritus Life Inc.
Stonebridge PEF
Stonebridge PEF
Strand Advisors XVL Inc.

The Ohio State Life Insurance Company
Thread 55 LLC
Tricor Business Outsourcing

### 7. Taxing and Other Significant Governmental Authorities

California Franchise Tax Board
Internal Revenue Service
Los Angeles County Tax Collector
Delaware Division of Revenue

### 8. Banks and Secured Parties

BBVA
KeyBank National Association
Jeffries, LLC Prime Brokerage Services
Frontier State Bank

### 9. United States Bankruptcy Judges in the District of Delaware

The Honorable Brendan L. Shannon
The Honorable Christopher S. Sontchi, Chief Judge
The Honorable John T. Dorsey
The Honorable Karen B. Owens
The Honorable Kevin Gross
The Honorable Laurie Selber Silverstein
The Honorable Mary F. Walrath

### 10. United States Trustee for the District of Delaware (and Key Staff Members)

Andrew Vara, Acting US Trustee
Benjamin Hackman, Trial Attorney
Christine Green, Paralegal Specialist
David Buchbinder, Trial Attorney
Diane Giordano, Bankruptcy Analyst
Dion Wynn, Paralegal Specialist
Edith A. Serrano, Paralegal Specialist
Hannah M. McCollum, Trial Attorney
Holly Dice, Auditor (Bankruptcy)
James R. O'Malley, Bankruptcy Analyst
Jane Leamy, Trial Attorney
Jeffrey Heck, Bankruptcy Analyst
Juliet Sarkessian, Trial Attorney
Karen Starr, Bankruptcy Analyst
Linda Casey, Trial Attorney
Linda Richenderfer, Trial Attorney

Lauren Attix, OA Assistant
Michael Panacio, Bankruptcy Analyst
Michael West, Bankruptcy Analyst
Ramona Vinson, Paralegal Specialist
Richard Schepacarter, Trial Attorney
Shakima L. Dortch, Paralegal Specialist
T. Patrick Tinker, Assistant U.S. Trustee
Timothy J. Fox, Jr., Trial Attorney

**11. Clerk of Court and Deputy for the District of Delaware**

Stephen Grant, Chief Deputy Clerk
Una O'Boyle, Clerk of Court

**12. Counsel to UCC**

Jenner & Block
Morris, Nichols, Arsht & Tunnel LLP
Morrison Cohen LLP
Latham & Watkins LLP
Richards Layton & Finger
Winstead PC
Rogge Dunn Group, PC
Blank Rome LLP

**13. UCC Members**

Eric Felton
Paul McVoy
Elizabeth Kozlowski
Joshua Terry

**14. Advisors to UCC**

FTI Consulting
Young Conaway Stargatt & Taylor

**15. Debtor's Ordinary Course Professionals**

Reid Collins Tsai
Deloitte
Price Waterhouse Coopers
Maples (Cayman)
Bell Nunnally
Rowlett Hill Collins LLP
Anderson Mori & Tomotsune
Culhane Meadows PLLC
Kim & Chang
Willkie Farr & Gallagher LLP
Wilmer Hale
Carey Olsen
ASW Law

**16. <u>Parties Who have Filed Notices of Appearance</u>**

Alvarez & Marshal CF Management, LLC
Coleman County TAD
Fannin CAD
Allen ISD
Rockwall CAD
Kaufman County
Tarrant County
Dallas County
Upshur County
Grayson County
Irving ISD
Pension Benefit Guaranty Corporation
Patrick Daugherty
Hunter Mountain Trust
Integrated Financial Associates
BET Investments, II, L.P.

## **Exhibit B**

**Felton Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054 (SGJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

## DECLARATION OF ERIC A. FELTON, IN HIS CAPACITY AS A REPRESENTATIVE OF THE REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND, IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL *NUNC PRO TUNC* TO NOVEMBER 8, 2019

Pursuant to 28 U.S.C. § 1746, I, Eric A. Felton, solely in my capacity as a representative of the Redeemer Committee of the Highland Crusader Fund, hereby submit this declaration (this "Declaration") under penalty of perjury:

1. I am over the age of 21 and am competent in all respects to make this Declaration. Redeemer Committee of the Highland Crusader Fund is chair of the Official Committee of Unsecured Creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor"). I make this Declaration in support of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel,* Nunc Pro Tunc *to November 8, 2019* (the "Application").[2] Except as otherwise noted, I have personal knowledge as to all information set forth below.

2. This Declaration is provided pursuant to the Revised U.S. Guidelines.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

1

3.      Following the Committee's formation and selection of the Sidley as lead counsel, the Committee selected Young Conaway to serve as its Delaware co-counsel based on Young Conaway's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Young Conaway's knowledge, expertise, and experience practicing before the Delaware Bankruptcy Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Committee. Young Conaway has become familiar with the Debtor's business and affairs and many of the potential legal issues that might arise (and have arisen) in the context of this Chapter 11 Case.  Since the Firm's engagement on November 8, 2019, Young Conaway immediately began advising the Committee on, among other things, local rules, practices, and procedures in the Delaware Bankruptcy Court with respect to various pleadings and discovery matters.  Therefore, the Committee believes that Young Conaway is uniquely qualified to serve as its co-counsel in this Chapter 11 Case.

4.      Young Conaway has informed the Committee that its current hourly rates are the Firm's standard hourly rates for work of this nature.  The Committee understands that such rates are comparable to the rates of firms similar to Young Conaway and do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.  Young Conaway has informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions.

5.      Throughout this Chapter 11 Case, the Committee will supervise the fees and expenses incurred by Young Conaway to manage costs.  In particular, a member of the Committee will review Young Conaway's invoices and monthly applications for payment of fees and reimbursement of expenses. The Committee understands that Young Conaway historically

2

increases the hourly billing rates for their professionals and paraprofessionals on a yearly basis, and the Committee has consented to such ordinary course rate increases.

6.      Young Conaway has informed me that it intends to develop with the Committee a budget and staffing plan to comply with the US. Trustee's requests for information and additional disclosures, recognizing that in the course of chapter 11 cases such as this, there may be unforeseeable fees and expenses that will need to be addressed by the Committee and Young Conaway.

7.      Based on the foregoing, the Committee is of the opinion that it is necessary to employ Young Conaway and that such employment is in the best interest of the Debtor's estate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: December 9, 2019

/s/ _____

Eric A. Felton, solely in his capacity as a
representative of the Redeemer Committee of the
Highland Crusader Fund, in its capacity as Chair
of the Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.

Error!   ACTIVE 251934592