PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Maxim B. Litvak (SBN: 24002482)
Gregory V. Demo (NY Bar 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachary Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel and Proposed Counsel for the Debtor and Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

STATE OF NORTH CAROLINA    )
                                                ) ss:
COUNTY OF MECKLENBURG    )

        I, John Timperio, hereby declare, under penalty of perjury, as follows, pursuant to the provisions of 28 U.S.C. § 1746:

        1.        I am a partner of Dechert LLP (the "Firm") which maintains offices at Bank of America Corporate Center, 100 North Tryon Street, Suite 4000, Charlotte, NC 28202.

        2.        This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated November 26, 2019, authorizing the above-captioned debtor and debtor in possession (the "Debtor") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case (the "Case").

        3.        The Firm, through me, and members of the firm, have represented and advised the Debtor as asset manager with respect to the Debtor's collateralized loan obligation business since May 2012.

        4.        The Debtor has requested, and the Firm has agreed, to continue to provide services to the Debtor pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters.  Additionally, the Debtor has requested, and the Firm proposes to render, asset manager services to the Debtor with respect to the Debtor's collateralized loan obligation business.

        5.        The Debtor has requested, and the Firm proposes to render, such services to Highland Capital Management, L.P.

6. The Firm's current customary hourly rates, subject to change from time to time, are $515.00 - $1,400.00. In the normal course of business, the Firm revises its regular hourly rates on December and June of each year and requests that, effective January 1st and July 1st of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

7. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtor or currently represents any of its creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate or any class of creditors or equity interest holders.

8. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtor is not adverse to the Debtor's interests, or the interests of its creditors or estate in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtor in the ordinary course in this case.

9. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtor's potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtor in matters entirely unrelated to the Debtor and its estate. The Firm does not and will not represent any such entity in connection with this pending Case and does not

have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtor or its estate.

10. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any affiliation with the Debtor, the Debtor's affiliates, Mr. James Dondero, or Mr. Mark Okada.

11. The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtor, its estate or any class of creditors or equity interest holders, consists of the following: search of internal records.

12. In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received.

13. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtor, its estate, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

[*Reminder of page intentionally left blank*]

14. Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas

15. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with this case with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

16. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ John Timperio
John Timperio
Dechert LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 4000
Charlotte, NC 28202