PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Maxim B. Litvak (SBN: 24002482)
Gregory V. Demo (NY Bar 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachary Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel and Proposed Counsel for the Debtor and Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
| | § |
| Debtor. | § |

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

Republic of Korea

        I, Joon Ho Lee, hereby declare, under penalty of perjury, as follows, pursuant to the provisions of 28 U.S.C. § 1746:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

2

1. I am a Korean attorney of Kim&Chang (the "Firm") which maintains offices at 39, Sajik-ro-8-gil, Jongno-gu, Seoul 03170, Korea.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated October 16, 2019, authorizing the above-captioned debtor and debtor in possession (the "Debtor") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case (the "Case").

3. The Firm, through me, and members of the firm, have represented and advised the Debtor as a Korean law counsel with respect to a broad range of aspects of the Debtor's business, including (i) Korean regulatory issues in connection with the Debtor and its Korean subsidiary, and (ii) Korea-related investment by the Debtor and its Korean subsidiary, and the private fund managed or advised by the Debtor and/or its Korean subsidiary, since May 27, 2014.

4. The Debtor has requested, and the Firm has agreed, to continue to provide services to the Debtor pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters.  Additionally, the Debtor has requested, and the Firm proposes to render, the following services to the Debtor: the legal advice in relation to (i) Korean regulatory issues in connection with the Debtor and its Korean subsidiary, and (ii) Korea-related investment by the Debtor and its Korean subsidiary, and the private fund managed or advised by the Debtor and/or its Korean subsidiary.

5. The Debtor has requested, and the Firm proposes to render, such services to the following entities: (i) the Debtor and its Korean subsidiary, and (ii) the private fund managed or advised by the Debtor and/or its Korean subsidiary.

6. The Firm's current customary hourly rates, subject to change from time to time, are $ 300 to 950. In the normal course of business, the Firm revises its regular hourly rates on January of each year and requests that, effective January of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

7. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtor or currently represents any of its creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate or any class of creditors or equity interest holders.

8. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtor is not adverse to the Debtor's interests, or the interests of its creditors or estate in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtor in the ordinary course in this case.

9. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtor's potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that

are claimants of the Debtor in matters entirely unrelated to the Debtor and its estate.  The Firm does not and will not represent any such entity in connection with this pending Case and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtor or its estate.

10. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any affiliation with the Debtor, the Debtor's affiliates, Mr. James Dondero, or Mr. Mark Okada.

11. The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtor, its estate or any class of creditors or equity interest holders, consists of the following: None.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

12. In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $6,634.34 on account of such prepetition services.

13. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtor, its estate, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

14. Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

15. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with this case with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

16. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Joon Ho Lee
39, Sajik-ro-8-gil, Jongno-gu, Seoul 03170, Korea