United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1080
Lisa L. Lambert,
for the United States Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § § | Case No. 19-34054-SGJ |
| Debtors-in-Possession. | § | (Chapter 11) |

**United States Trustee's Objection to the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operating in the Ordinary Course**

The United States Trustee for Region 6 files this Objection to the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ("Joint Agreement Motion," ECF No. 281, filed 12/27/2019) and respectfully states:

**Objection Overview**

1.      The United States Trustee objects to the Joint Agreement Motion. First, the Joint Agreement is an agreement to do an agreement in the future, and it leaves many open litigation issues. Second, the Court lacks jurisdiction to enter an order defining the corporate governance of Strand Advisors, a non-debtor; the proposal improperly supplants Delaware corporate law defining

governance for that non-debtor; and it is unclear how the Court would be able to enforce the agreement were James Dondero, Strand Advisor's sole stockholder, to change his Written Consent. Third, this bankruptcy case is not just about resolving monetary claims between individuals. It is also about protecting investors. ███████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Anticipating and circumventing each of these problems, section 1104 of the Bankruptcy Code defines a chapter 11 trustee as the remedy for the issues in this case, and the Court should impose that remedy.

## Objection

*The Joint Agreement is an agreement to do an agreement in the future, and it leaves open many important legal issues. Appointing a trustee obviates these issues.*

2. First, the Joint Agreement does not define who the third board of director would be. The parties are left to select that person.

3. Second, the compensation terms for the board members are undisclosed. They are paid indirectly by the Debtor, but the amounts are left blank in the agreement. *Strand Advisors, Inc. – Director Agreement, Section 2, Compensation and Benefits*.

4. Third, the Joint Agreement references the possibility of a new Chief Executive Officer, but it does not specify who that individual would be. That individual would not need to be disinterested, could be one of the new board members, or could be someone else. *Joint Agreement Motion, p. 6*. The Court then delegates to the Unsecured Creditors Committee – and only the committee-- the power to replace that individual. Alternatively, the Court may order the replacement of the Chief Executive Officer.

5. The committee retains standing to seek appointment of a trustee. It is unclear whether this provision is clarifying or is intended to narrow the standing of parties who can seek a trustee.

6. The Motion to Appoint a Chapter 11 Trustee cites other instances where management problems go beyond James Dondero and involve other officers and employees. The statement of financial affairs reveals that employees -- some of whom might be insiders by operation of law or determined to be insiders based on the facts, 11 U.S.C. 101(31) -- received large bonuses and large expense reimbursements before the bankruptcy case. The Joint Agreement provides that the committee will have standing to pursue litigation against insiders but that it will not have standing to pursue current employees. It is unclear how the statute of limitations concerns might be impacted by this provision.

7. The Joint Agreement contemplates that some – but not all – of the attorney-client and work product privileges pass to the committee so it can pursue litigation claims. Under the facts of this case, where historically internal and external attorney legal advice has been pivotal to litigation, a trustee should acquire the corporate attorney-client and work product privileges. *CFTC v. Weintraub*, 471 U.S. 343 (1985). Attempting to parse the issues that can be transferred only leads to additional litigation.

> *The Court lacks jurisdiction to enter an order defining the corporate governance of a Strand Advisors, a non-debtor; the proposal improperly supplants Delaware corporate law defining governance for that non-debtor; and it is unclear how the Court would be able to enforce the agreement were James Dondero, Strand Advisor's sole stockholder, to change his Written Consent.*

8. Strand Advisors, Inc. is the debtor's general partner. The "Independent Directors are being appointed to a new independent board of Strand, the Debtor's general partner, and Strand is not a debtor in this case or subject to this Court's jurisdiction." *Joint Agreement Motion, p. 11 n. 6.* Based on the draft consent attached to the Joint Agreement Motion, Dondero is the sole stockholder of Strand Advisors, Inc.

9. While Dondero resigns from the board of Strand, resigns as an officer of Strand, and resigns as an employee of the debtor, he does not give up his stock at Strand Advisors, Inc. Thus, he maintains the right to vote the stock.

10. The Court should eschew the Joint Agreement's invitation to control boards and managements of non-debtors. If Strand Advisors were a public corporation such as IBM, the proposal never would have been made. Here, the facts suggest that Strand Advisors, Inc. only has management authority over this debtor, but it is not clear. It may manage other entities. While the Court might authorize a change or officer or board for a corporate debtir, it is not in the ordinary course of business under section 363(c) or within the Court's authority to authorize the use, sale, or lease of property outside the ordinary course of business under section 363(b) for a subsidiary limited partnership's creditors to obtain a court order defining management replacement for a parent corporation. If one were outside of bankruptcy and in state court, a court typically would not enter an order changing management. It would direct the appointment of a receiver.

11. The Crusader liquidation resulted in questions about the Debtor's handling of transactions, and these questions were resolved by the appointment of the Redeemer Committee.

█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████  ██████████████

███████████████████████████████████████████████████. As the motion itself concedes, Strand Advisors, Inc is outside the Court's jurisdiction. A trustee avoids these issues.

*This bankruptcy case is not just about resolving monetary claims between individuals. It is about protecting investors – both directly and indirectly.*

12. If a trustee were appointed, then the trustee would acquire the causes of action. The transfer of the litigation claims to the committee is an important aspect of the Joint Agreement. The litigation document protocol and protective order reflect a focus on quantifying past issues. ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████.

13. The Bankruptcy Code defines a straightforward route to minimize future litigation about the Debtor's management, about ownership of the attorney-client privilege, about ownership of causes of action, ████████████████████████. The Bankruptcy Code provides for the appointment of a trustee. 11 U.S.C. § 1104.

## Conclusion

Wherefore, the United States Trustee respectfully requests that the Court:

A. Deny the Joint Agreement Motion;

B. Grant the U.S. Trustee's Motion to Appoint a Trustee;

C. Alternatively, tailor it within proper jurisdictional confines;

D. Grant further proper relief.

DATED: January 6, 2020                    Respectfully submitted,

                                          WILLIAM T. NEARY
                                          UNITED STATES TRUSTEE

                                          /s/ Lisa L. Lambert
                                          Lisa L. Lambert
                                          Assistant U.S. Trustee
                                          Texas State Bar No. 11844250 (and New York)
                                          Office of the United States Trustee
                                          1100 Commerce Street, Room 976
                                          Dallas, Texas  75242
                                          (214) 767-1080
                                          Lisa.L.Lambert@usdoj.gov

## Certificate of Service

I certify that copies of the foregoing document on January 6, 2020, by ECF to those parties requesting service via ECF in this case.

                                          /s/  Lisa L. Lambert
                                          Lisa L. Lambert