IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br>       Debtor. | Chapter 11 <br><br> Case No. 19-34054-sgj11 <br><br> **Docket Ref. No. 271** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

The official committee of unsecured creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor"), hereby submits this objection (this "Objection") to the *United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 271] (the "Trustee Motion").[2] In support of this Objection and in opposition of the Trustee Motion, the Committee respectfully states as follows:

**OBJECTION**

1. The Committee respectfully requests that the Court deny the Trustee Motion for the same reasons that the Court overruled the U.S. Trustee's objection to the settlement between the Debtor and the Committee approved by this Court on January 9, 2020 [Docket No. 339] (the "Settlement"). The Settlement completely overhauls the Debtor's governance structure that was

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Trustee Motion.

2

in place at the time the Trustee Motion was filed. As a result of the Settlement, James Dondero is no longer in a position of decision-making authority at the Debtor. A new, highly-qualified and independent board of directors (the "Independent Board") has assumed control of the Debtor. Mr. Dondero and all other employees are subject to the authority and direction of the Independent Board. Pursuant to the Settlement, the Committee has significant information and oversight rights with respect to material transactions and proposed transactions involving the Debtor. The Committee also has standing to investigate and pursue claims against Mr. Dondero and certain other insiders of the Debtor. In view of these and other significant changes resulting from the Settlement, the U.S. Trustee's arguments for a Chapter 11 Trustee based upon past actions taken by prior management are largely irrelevant. More importantly, those historic actions under the prior regime cannot be used to support the request for appointment of a Chapter 11 Trustee. *Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 547 n.3 (2d Cir. 2009) ("[w]hen considering whether to appoint a trustee for cause, a court's focus is on the debtor's current management, not the misdeeds of past management.") (citation omitted).

2.     The U.S. Trustee fails to show how a court appointed Chapter 11 Trustee would be better positioned than the Independent Board to address the Debtor's challenges. The Independent Board has significant experience and expertise in operating complicated financial organizations, overseeing companies in chapter 11 and satisfying the legal requirements of chapter 11. Contrary to the U.S. Trustee's assertions, the Independent Board will be heavily-involved in the Debtor's decision-making and will have an almost constant presence on-site at the Debtor (in the initial weeks/months, at a minimum). The Independent Board also has the authority to retain a new chief executive officer to carry out day to day management of the Debtor. Any difficulties that the Independent Board may face, including with respect to inter-company transactions or the culture

2

of the Debtor, also would be faced by a Chapter 11 Trustee. Finally, if circumstances change, the U.S. Trustee and all other parties in interest, including the Committee, have the right to seek a Chapter 11 Trustee at a future date.

3. The U.S. Trustee cannot demonstrate that the appointment of a Chapter 11 Trustee is in the best interests of the Debtor's stakeholders. *See* 7 COLLIER ON BANKRUPTCY ¶ 1104.02[3][d][i] (15th ed. 2007); *In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001) ([Movant], "must show that the appointment is in the interests of all those with a stake in the estate . . . ."). The Committee, as the representative of the primary economic stakeholders in this case (and the Committee members themselves directly holding the substantial majority of unsecured claims), strongly objects to the U.S. Trustee's request for appointment of a Chapter 11 Trustee. The Committee believes that the Debtor's new corporate governance structure, as embodied in the Settlement, provides the Debtor with the best opportunity to maximize value for its stakeholders. Appointing a Chapter 11 Trustee at this time would eviscerate the recently-approved Settlement and harm the Debtor's estate and its creditors.

4. For the reasons set forth above and in the Debtor's objection to the Trustee Motion [Docket No. 362], the U.S. Trustee has not met its burden in seeking the appointment of a Chapter 11 Trustee, and the Trustee Motion should be denied.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Committee respectfully requests that the Court deny the Trustee Motion.

| | |
|---|---|
| Dated: January 15, 2020<br>Dallas, Texas | SIDLEY AUSTIN LLP<br>/s/ *Juliana L. Hoffman*<br>Penny P. Reid<br>Paige Holden Montgomery<br>Juliana L. Hoffman<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 74201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>-and-<br><br>Bojan Guzina (admitted *pro hac vice*)<br>Matthew A. Clemente (admitted *pro hac vice*)<br>Dennis M. Twomey (admitted *pro hac vice*)<br>Alyssa Russell (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS |