PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Maxim B. Litvak (Texas Bar No. 24002482)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel and Proposed Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Debtor. | ) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d)
AND LOCAL RULE 3016-1 EXTENDING THE EXCLUSIVITY PERIODS FOR THE
FILING AND SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN**

TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

COMES NOW Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case") filing this *Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan* (the "Motion") requesting entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), extending the 120-day and 180-day exclusivity periods provided by Bankruptcy Code sections 1121(b) and (c)(3) for the filing of a chapter 11 plan and the solicitation of acceptances of the plan by an additional 120 days each. In support of the Motion, the Debtor respectfully states as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"). On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Court. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].[2] The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-

---

[2] All docket numbers refer to the docket maintained by this Court.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

### III. RELIEF REQUESTED

3. The Debtor respectfully requests entry of an order pursuant to section 1121(d) of the Bankruptcy Code and Local Rule 3016-1 extending the 120-day and 180-day exclusivity periods provided by Bankruptcy Code sections 1121(b) and (c)(3) and Local Rule 3016-1 for the filing of a chapter 11 plan and the solicitation of acceptances of the plan by 120 days (specifically through June 12, 2020 and August 11, 2020, respectively).

4. The Exclusive Filing Period (as defined below) and the Solicitation Period (as defined below) are currently set to expire on February 13, 2020 and April 13, 2020, respectively. The Debtor requests an extension of 120 days to each, so that the Exclusive Filing Period will expire on June 12, 2020 and the Solicitation Period will expire on August 11, 2020.

### IV. BASIS FOR RELIEF

5. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after commencement of a chapter 11 case during which the debtor has the exclusive right to propose and file a chapter 11 plan (the "Exclusive Filing Period"). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the 120-day Exclusive Filing Period, it has a period of 180 days after the commencement of the case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). Pursuant to section 1121(d) of the Bankruptcy Code, courts may extend the Exclusive Periods for "cause." Local Rule 3016-1 provides that extension of the Exclusive Periods requires the "fil[ing of] a motion requesting the extension that includes a statement of the reasons why a plan has not been filed and a detailed timetable of the steps to be taken in order to file a plan."

-3-

6. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep, No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

7. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors in assessing the totality of circumstances in each case. *See In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751 (Bankr. Tenn. 2000); *In re Dow Corning Corp.*, 208 B.R. 661, 664, 670 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). These factors include, without limitation:

a) the size and complexity of the debtor's case;

b) the existence of good faith progress towards reorganization;

c) a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtor's] reorganization demands;"

d) the existence of an unresolved contingency;

e) the fact that the debtor is paying its bills as they come due;

f) the necessity of sufficient time to negotiate and prepare adequate information;

g) whether creditors are prejudiced by the extension;

h) the length of time the case has been pending; and

i) whether the debtor has demonstrated reasonable prospects for filing a viable plan.

*See, e.g., Hoffinger Indus.*, 292 B.R. at 643-44 (citations omitted); *Serv. Merch. Co.*, 256 B.R. at 751 (citations omitted); *McLean Indus.*, 87 B.R. at 834 (citations omitted). Not all factors are relevant to every case, and courts tend to use a relevant subset of the above factors in determining whether cause to grant an exclusivity extension exists in a particular chapter 11 case. *See, e.g., Hoffinger Indus.*, 292 B.R. at 644 ("It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *Serv. Merch. Co.*, 256 B.R. at 751 (finding cause to extend where the debtors established six of these factors); *Express One Int'l.*, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l., Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon a showing of three of these factors).

8. Additionally, the Fifth Circuit has recognized that a bankruptcy court, in determining whether "cause" exists to extend an exclusivity period, should also consider the legislative goals behind section 1121, including the competing concerns of giving a debtor time to reorganize while also protecting creditors by limiting undue delay and unfair pressure on creditors. *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987); *see also In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987).

9. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a chapter 11 plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties. Courts in this district have, on numerous occasions, granted extensions of the Exclusive Periods in complex chapter 11 cases. *See, e.g.*, *In re CHC Grp. Ltd.*, No. 16-31854 (BJH) (Bankr. N.D.

Tex. Sept. 2, 2016), ECF No. 829 (granting 90-day extension); *In re ALCO Stores, Inc.*, No. 14-34941 (SGJ) (Bankr. N.D. Tex. March 6, 2015), ECF No. 855 (granting 60-day extension); *In re Vitro Asset Corp*, Case No. 11-32600 (HDH) (Bankr. N.D. Tex. July 25, 2011) (granting 60-day extension); *In re Idearc Inc.*, Case No. 09-32828 (BJH) (Bankr. N.D. Tex. Oct. 10, 2009); *In re Pilgrim's Pride Corp.*, Case No. 08-45664 (DML) (Bankr. N.D. Tex. March 26, 2009)(granting 6-month extension); *In re Home Interiors & Gifts, Inc.*, Case No. 08-31961 (BJH) (Bankr. N.D. Tex. Sept. 4, 2008)(granting 60-day extension); *In re Heartland Automotive Holdings, Inc.*, Case No. 08-40047 (DML) (Bankr. N.D. Tex. May 6, 2008)(granting 120-day extension); *In re Spectrum Jungle Labs Corp.*, Case No. 09-50455 (RBK) (May 27, 2009).

**A.      Cause Exists to Extend the Debtor's Exclusive Periods**

10.     For the following reasons, an application of the aforementioned standards to the facts of this chapter 11 case demonstrates sufficient "cause" to grant the Debtor's requested extension of the Exclusive Periods so that the Debtor may have a full and fair opportunity to propose a plan and solicit acceptances thereon.

11.     First and foremost, the primary reason for an extension of the Exclusive Periods is that the Debtor's new independent board (the "Independent Board") was appointed only two weeks ago. The Independent Board needs time to learn about and thoroughly understand the Debtor's assets and financial affairs, to take appropriate steps to ensure the stability of the Debtor's business, and to begin the process of formulating a structure for a chapter 11 plan and ultimate exit strategy from bankruptcy. In this regard, the Independent Board intends to coordinate with the Committee and other parties in interest on the terms of the plan, which process will take more time.

12.     Second, the complexity of the Debtor's case and its various assets, liabilities, and entanglements justifies extending Exclusive Periods. In the relatively short time since the Petition Date, the Debtor has concentrated its efforts and resources on (a) transitioning into bankruptcy, (b)

administering its bankruptcy estate, (c) operating its business in chapter 11 and (d) addressing governance and venue transfer issues. Accordingly, the size and complexity of this case weighs in favor of granting the Debtor's requested extension of the deadlines.

13. Third, the Debtor has been paying, and will continue to pay, its undisputed postpetition debts and has operated its business in the ordinary course since the filing of this chapter 11 case.

14. Fourth, the Debtor is not seeking an extension of the Exclusive Periods to delay the administration of this case or to pressure creditors into acceding to a plan that they find unsatisfactory.

15. Accordingly, the facts in this case are sufficient to support a finding of "cause" to extend the Exclusivity Periods by 120 days. The Debtor, now under the direction of the Independent Board, is proceeding with its chapter 11 case in an orderly and expeditious fashion. Given the reasonable extensions requested and the intent and purpose of section 1121 of the Bankruptcy Code, the Debtor's request for an extension is warranted.

B. **Additional Information Required by L.B.R. 3016-1**

16. The Debtor has not proposed a chapter 11 plan during the initial Exclusive Periods because its focus has been on addressing operating and governance issues. With the appointment of the Independent Board, the Debtor and its representatives can now begin work on possible restructuring alternatives. The Debtor does not yet have any visibility on how long this process will take or what the outcome will be, but it is the Debtor's intent to propose a confirmable chapter 11 plan within the extended Exclusive Periods requested hereby.

V. **NOTICE**

17. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the

Debtor's principal secured parties; (d) counsel to the Committee; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI. **PRAYER**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

Dated: January 24, 2020.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (TX Bar No. 24002482)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
ikharasch@pcszjlaw.com
mlitvak@pszjlaw.com
gdemo@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel and Proposed Counsel for the Debtor and Debtor-in-Possession*