

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 27, 2020**

_____
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054 (SGJ) |
| | ) |
| Debtor. | ) **Related to Docket Nos. 127, 272** |

**ORDER DENYING AS MOOT THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING FILING UNDER SEAL OF THE OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S (I) MOTION FOR FINAL ORDER AUTHORIZING CONTINUANCE OF THE EXISTING CASH MANAGEMENT SYSTEM, (II) MOTION TO EMPLOY AND RETAIN DEVELOPMENT SPECIALISTS, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER, AND (III) PRECAUTIONARY MOTION FOR APPROVAL OF PROTOCOLS FOR "ORDINARY COURSE" TRANSACTIONS**

Upon the motion (the "Sealing Motion")[2] of the Committee requesting entry of an order

pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sealing Motion.

Rule 9077-1, authorizing the Committee to file under seal Exhibits C and D (together, the "Exhibits") to the Committee's *Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions* [Docket No. 128] (the "Committee's Objection" and together with the Sealing Motion, the "Committee's Filings") [Docket No. 127]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may issue a final order consistent with Article III of the United States Constitution; and venue of this Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and having considered all objections, including the *United States Trustee's Objection to the Official Committee of Unsecured Creditor's Motion to Seal the Omnibus Objection and Supporting Exhibits* [Docket No. 272] and oral argument therewith; and the Court having determined that the Committee's Objection was resolved as part of this Court's *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 339], and therefore the relief sought in the Sealing Motion is no longer requested; and upon the record herein, it is **HEREBY ORDERED THAT**:

The Sealing Motion is **DENIED** as **MOOT** without prejudice to the Court's determination of the matter upon further request of a party in interest after notice and a hearing; it is further

**ORDERED** that all parties in interest in possession of the Exhibits shall treat them in accordance with the *Agreed Protective Order* signed and entered on January 21, 2020 at Docket No. 382, as if the Committee's Filings had never been made; and it is further

DOCS_NY:40077.4 36027/002

3

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### End of Order ###

DOCS_NY:40077.4 36027/002