**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice pending*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: andrew.clubok@lw.com
        sarah.tomkowiak@lw.com

and

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Ste. 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  jeff.bjork@lw.com
        kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
5430 LBJ Freeway, Suite 1200
Dallas, Texas  75240
Telephone:  (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
        candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS
AG, London Branch*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------x

In re                                          :
                                               :     Chapter 11
HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]          :
                                               :     Case No. 19-34054-sgj11
                  Debtor.                      :
---------------------------------------------------------------x

## UBS'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
## WITH UBS'S OMNIBUS REPLY TO OBJECTIONS TO UBS'S MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION

---

[1]     The Debtor's last four digits of its taxpayer identification number are 6725.  The headquarters and service address for the Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

UBS Securities LLC and UBS AG, London Branch (together, "UBS"), by and through their undersigned counsel, respectfully submit this motion (the "Motion to Seal") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting UBS leave to file unredacted versions of (i) *UBS's Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action* (the "Reply") and (ii) certain exhibits to the Reply (the "Reply Exhibits"), under seal in this proceeding.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2.      On May 20, 2020, UBS filed *UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action* [Docket No. 644] (the "Stay Relief Motion," or "Motion"),[2] seeking to lift the automatic stay to proceed with the liquidation of its claims against the Debtor's estate in the State Court, the forum in which the action is currently pending.

3.      On June 3, 2020, the Debtor filed its Objection [Docket No. 687].

4.      On June 3, 2020, parties filed the (i) UCC Objection [Docket No. 690] and (ii) Redeemer Objection [Docket No. 692], as joined by the Acis Joinder [Docket No. 694].  On June 4, 2020, after the deadline to object, Redeemer filed a second version of the Redeemer Objection to redact certain portions of its first version [Docket No. 701].

---

[2]      Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Stay Relief Motion.

5. During the State Court Action that is the subject of the Stay Relief Motion, the Debtor and UBS entered into a protective order, attached hereto as **Exhibit B** (the "Protective Order"). Under Section 3(a) of the Protective Order, the parties could designate proprietary or otherwise sensitive materials as "Confidential." UBS's Reply references documents and includes Reply Exhibits that may be protected as Confidential under the Protective Order.

6. UBS seeks to submit these documents in support of its Reply to provide this Court with additional context around the new "defenses" now raised by the Debtor. These materials reveal that the Debtor's purported "threshold issues" have already been raised to—and rejected by—the State Court and the Appellate Division multiple times. A brief description of the documents follows:

- Exhibit 1 is an unredacted version of *Defendants' Memorandum of Law in Support of their Motion for Summary Judgment*, filed by the Debtor and non-Debtor defendants on October 17, 2013 as Docket No. 336 in the State Court Action;

- Exhibit 3 is an unredacted version of an excerpt of the deposition transcript of Todd Travers taken on April 3, 2012 in the State Court Action;

- Exhibit 4 is an unredacted version of *Plaintiffs' Post-Trial Brief on Legal Issues*, filed by UBS on October 10, 2018 as Docket No. 591 in the State Court Action;

- Exhibit 5 is an unredacted version of June 1, 2015 emails between M. Feinstein and A. Clubok regarding Settlement Between UBS and Credit Strategies;

- Exhibit 6 is an unredacted version of June 7, 2015 emails between A. Clubok, P. Rosenbaum, T. Mascherin, C. Bodner, and B. Montgomery regarding Partially Revised Crusader Settlement Agreement, attaching Crusader's Proposed Revisions to the Settlement Agreement;

- Exhibit 7 is an unredacted version of *Defendants' Memorandum of Law in Support of Motion for Judgment during Trial as to the Fifth Cause of Action*, filed by the Debtor and non-Debtor defendants on June 6, 2019 as Docket No. 618 in the State Court Action; and

- Exhibit 13 is an unredacted version of *Defendants' Memorandum of Law in Support of a Single Trial because Bifurcation will Neither Simplify the Issues*

*nor Result in a More Efficient Trial*, filed by the Debtor and non-Debtor defendants on April 18, 2018 as Docket No. 469 in the State Court Action.

## RELIEF REQUESTED

7.      By this Motion to Seal, UBS respectfully requests entry of an order, substantially in the form of the Proposed Order, allowing UBS to file these materials under seal with this Court.

## BASIS FOR RELIEF REQUESTED

8.      The Bankruptcy Code, Bankruptcy Rules, and Local Rules for the Northern District of Texas Bankruptcy Court authorize the Court to limit disclosure of confidential information. Pursuant to Rule 9018 of the Bankruptcy Rules, a party may move for such relief by filing a motion to protect "trade secret[s] or other confidential research, development, or commercial information." Rule 9018(1); *see also* 11 U.S.C. § 107(b)(1).

9.      Rule 9077-1 of the Local Rules for the Northern District of Texas Bankruptcy Court provides that a "party may file under seal any document that a statute or rule requires or permits to be so filed." L.B.R. 9077-1(a).  When not provided for by a statute or rule, "a party may file a document under seal only on motion and by permission of the Presiding Judge."  L.B.R. 9077-1(b).

10.      Certain portions of UBS's Reply and Reply Exhibits contain protectable information or were produced by the Debtor or UBS pursuant to the Protective Order in the State Court Action.

11.      UBS has redacted only the portions of its Reply and Reply Exhibits that contain such information.  UBS now seeks leave to file unredacted versions of its Reply and certain Reply Exhibits attached thereto under seal.  Accordingly, UBS respectfully requests the Court grant this Motion to Seal.

## NOTICE

12.     Notice of this Motion to Seal shall be provided to: (a) the Debtor; (b) counsel to the Debtor; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to Redeemer; (e) counsel to Acis; (f) the United States Trustee; and (g) those parties requesting notice pursuant to Local Bankruptcy Rule 2002.  UBS respectfully submits that such notice is sufficient and that no further notice of this Motion to Seal is required.

## CONCLUSION

UBS thus respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, granting UBS leave to file unredacted versions of its Reply and certain Reply Exhibits.

DATED this 11th day of June, 2020.

**LATHAM & WATKINS LLP**

By /s/ Andrew Clubok

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice pending*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: andrew.clubok@lw.com
      sarah.tomkowiak@lw.com

and

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Ste. 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: jeff.bjork@lw.com
      kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
5430 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
       candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG, London Branch*

## **CERTIFICATE OF SERVICE**

I, Martin Sosland, certify that *UBS's Motion for Leave to File Documents under Seal with UBS's Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action* was filed electronically through the Court's ECF system, which provides notice to all parties of interest.

Dated:  June 11, 2020.

/s/ Martin Sosland

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

```
-------------------------------------------------------------x
```
*In re*                                                  :
                                                         :      Chapter 11
HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]                    :
                                                         :      Case No. 19-34054-sgj11
                    Debtor.                               :
```
-------------------------------------------------------------x
```

**ORDER GRANTING LEAVE FOR
UBS TO FILE DOCUMENTS UNDER SEAL WITH UBS'S OMNIBUS REPLY TO
OBJECTIONS TO UBS'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO PROCEED WITH STATE COURT ACTION**

Upon consideration of the *Motion for Leave to File Documents under Seal with UBS's*

*Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed with*

*State Court Action* (the "Motion to Seal")[2] filed by UBS Securities LLC and UBS AG, London

---

[1]      The Debtor's last four digits of its taxpayer identification number are 6725.  The headquarters and service address for the Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2]      Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion to Seal.

Branch (together, "UBS"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion to Seal is proper in this District pursuant to 28 U.S.C. §§ 1408-1409; and due, adequate, and sufficient notice of the Motion to Seal having been given; and having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor it is hereby:

ORDERED that the Motion to Seal is granted.

It is FURTHER ORDERED that an unredacted version of UBS's Reply may be filed under seal, along with the following Reply Exhibits also filed under seal: (1) Exhibit 1, October 17, 2013 Defendants' Motion for Summary Judgment; (2) Exhibit 3, April 3, 2012 Excerpt of the Deposition Transcript of Todd Travers; (3) Exhibit 4, October 10, 2018 Plaintiffs' Post-Trial Brief; (4) Exhibit 5, June 1, 2015 Emails between M. Feinstein and A. Clubok; (5) Exhibit 6, June 7, 2015 Emails between A. Clubok, P. Rosenbaum, T. Mascherin, C. Bodner, and B. Montgomery; (6) Exhibit 7, June 6, 2019 Defendants' Motion for Judgment; and (7) Exhibit 13, April 18, 2018 Defendants' Memorandum for Single Trial.

**### End of Order ###**

Order prepared by:

**BUTLER SNOW LLP**

By /s/ Martin Sosland

Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
5430 LBJ Freeway, Suite 1200
Dallas, Texas  75240
Telephone:  (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
           candice.carson@butlersnow.com

**LATHAM & WATKINS LLP**

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice pending*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: andrew.clubok@lw.com
           sarah.tomkowiak@lw.com

and

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Ste. 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: jeff.bjork@lw.com
           kim.posin@lw.com

*Counsel for UBS Securities LLC and UBS*
*AG, London Branch*

## EXHIBIT B

**STATE COURT ACTION
PROTECTIVE ORDER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| UBS SECURITIES LLC and UBS AG, LONDON BRANCH,<br><br>          Plaintiffs,<br><br>-against-<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P. and HIGHLAND SPECIAL OPPORTUNITIES HOLDING COMPANY,<br><br>          Defendants. | Index No. 650097/2009<br><br>Assigned to:<br>Hon. Bernard J. Fried<br><br>Commercial Division<br>Part 60<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter having come before the Court by stipulation of plaintiffs, UBS SECURITIES LLC and UBS AG, LONDON BRANCH and defendants, HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P. and HIGHLAND SPECIAL OPPORTUNITIES HOLDING COMPANY, for the entry of a protective order pursuant to CPLR 3103(a), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2.   Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.   As used herein:

(a)   "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b)   "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)   "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.   The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall

continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.    Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)    personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)    counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d)    the Court and court personnel, if filed in accordance with paragraph 12 hereof;

(e)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

    (f)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

    (g)    any other person agreed to by the parties.

6.    Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7.    Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by CPLR 3101(d), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.    All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

9.    Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10.    This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as

"Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to

seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b)     As an alternative to the procedure set forth in paragraph 12(a), any party may file with the court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Part Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."

Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

    (c)    All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

13.    Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15.    Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17.    This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed

motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

21. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

CADWALADER, WICKERSHAM & TAFT LLP

By: _Jason Jurgens (jms)_
    Gregory A. Markel
    Howard R. Hawkins, Jr.
    Jason Jurgens

One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

*Attorneys for Plaintiffs UBS Securities LLC and UBS AG, London Branch*

LACKEY HERSHMAN, LLP

By: _____
    Kieran M. Corcoran

1285 Avenue of Americas, 35th Floor
New York, New York 10019
Telephone: (212) 554-4150
Facsimile: (212) 554-4150

*Attorneys for Defendants Highland Capital Management, L.P., Highland CDO Opportunity Master Fund, L.P. and Highland Special Opportunities Holding Company*

SO ORDERED

_____
The Honorable Bernard J. Fried
Justice of the Supreme Court of New York

Dated: _____

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| UBS SECURITIES LLC and UBS AG, LONDON BRANCH,<br><br>         Plaintiffs,<br><br>    -against-<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P. and HIGHLAND SPECIAL OPPORTUNITIES HOLDING COMPANY,<br><br>         Defendants. | Index No. 650097/2009<br><br>Assigned to:<br>Hon. Bernard J. Fried<br><br>Commercial Division<br>Part 60<br><br>**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL** |

I, _____, state that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____

   _____.

4.   I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5.   I have carefully read and understand the provisions of the Stipulation.

6.   I will comply with all of the provisions of the Stipulation.

7.   I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.   I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.   I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____          _____