# EXHIBIT 12

# CADWALADER

Cadwalader, Wickersham & Taft LLP
New York London Charlotte Washington Beijing

One World Financial Center, New York, NY 10281
Tel +1 212 504 6000 Fax +1 212 504 6666
www.cadwalader.com

February 16, 2010

**BY HAND AND ELECTRONIC-FILING**

Hon. Bernard J. Fried
New York State Supreme Court
Commercial Division, Part 60
60 Centre Street, Room 248
New York, New York 10007

Re: *UBS Securities LLC, et al. v. Highland Capital Management, L.P., et al.*,
    Index No. 650097/2009 (BJF)

Dear Justice Fried:

We are attorneys for UBS Securities LLC and UBS AG, London Branch (together, "UBS"), plaintiffs in the above-referenced action. We write in accordance with Rule 24 of the Commercial Division's rules to request permission to move, pursuant to CPLR 3025(b) for leave to amend the Complaint, or in the alternative a teleconference to address this request at the Court's earliest convenience. The proposed First Amended Complaint will add new defendants and causes of action, as well as a variety of new allegations that further support the indemnification and breach of contract claims that UBS already has alleged in the original Complaint. Addressing UBS's proposed motion for leave to amend the complaint as expeditiously as possible is necessary so that the parties and the Court may account for the new allegations, causes of action and parties as they renegotiate the current case management order, and otherwise address various discovery issues and deadlines with the Court later this week.

It is well-settled that when a party seeking to amend its pleading requires leave of the Court, such "leave shall be freely given upon such terms as may be just." CPLR 3025(b); see also Murray v. City of New York, 43 N.Y.2d 400, 404 (1977), reargument dismissed, 45 N.Y.2d 966 (1978); Marks v. Macchiarola, 221 A.D.2d 217, 218 (1st Dep't 1995). Leave to amend is particularly warranted when there has not been a meaningful amount of discovery, as the defendant cannot claim prejudice. See Seda v. New York City Housing Authority, 181 A.D.2d 469, 470 (1st Dep't 1992) ("[I]n the absence of [substantial progress and] meaningful discovery plaintiff has demonstrated no prejudice, and leave to amend the answer should have been granted."). Here, defendants Highland Capital Management, L.P. ("Highland Capital"), Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC") (collectively, the "Fund Defendants") cannot claim any prejudice whatsoever.

**Gregory A. Markel**  Tel +1 212 504 6112  Fax +1 212 504 6666  greg.markel@cwt.com
USActive 18387695.3

C A D W A L A D E R

Hon. Bernard J. Fried
February 16, 2010

       The proposed Amended Complaint will add the following causes of action: (1) a fraudulent inducement cause of action against defendant Highland Capital and others predicated on false and misleading statements made in connection with inducing UBS to enter the Restructured Transaction; (2) a cause of action against Highland Capital and others for fraudulent transfers of assets; (3) a cause of action arising out of Highland Capital's breach of the implied covenant of good faith and fair dealing inherent in the Agreements by virtue of the asset transfers that it orchestrated to UBS's detriment; (4) claims for breach of the Warehouse Agreements against Highland Capital and others predicated on alter ego and general partner liability theories; (5) an equitable indemnification claim against Highland Capital and others; and (6) breach of the Engagement Letter by Highland Capital.

       The proposed Amended Complaint also adds new defendants, all of whom are affiliated with defendant Highland Capital and the proposed Fund Defendants. The new proposed defendants, however, either control the three current defendants, or are controlled by Highland Capital and/or one of the new defendants. Thus, the new defendants are familiar with this action and will not be prejudiced by being added to this action at this juncture. Moreover, the new causes of action arise out of the same or related circumstances and events as UBS's pending claims. Additional facts have become available to plaintiffs and are alleged. Certain new allegations and causes of action in the proposed First Amended Complaint are based on the limited discovery that UBS has received from defendants to date. Prior document productions and requests are all still relevant and Defendants will not be prejudiced by UBS's filing of the proposed First Amended Complaint.

       Allowing UBS to amend this Complaint at this stage is not just appropriate, but necessary. Discovery has not progressed beyond the exchange of a relatively small number of documents. The parties have not exchanged any responsive emails to date. Indeed, the parties have not yet agreed to the universe of emails to be reviewed, or a protocol for producing emails. No prejudice can be claimed. The parties are currently negotiating a revised case management order to present to the Court that, if approved, would extend the current discovery deadlines. We respectfully submit that this is a proper time to allow UBS to file the First Amended Complaint so that (i) the parties may account for the new allegations in their negotiations over the schedule and future meet and confers regarding the proper scope of discovery; and (ii) the new proposed parties would have a say in any new proposed case management order and schedule.

       If the Court should have any questions regarding the foregoing, I can be reached at (212) 504-6112. Otherwise, we look forward to presenting the enclosed order to show cause to the Court as soon as practicable, or discussing UBS's proposed motion during a teleconference to be scheduled at the Court's earliest convenience.

# CADWALADER

Hon. Bernard J. Fried
February 16, 2010

Respectfully submitted,

Gregory A. Markel

cc: All counsel of record (via e-mail)