# EXHIBIT 17

Richter, J.P., Webber, Kern, Moulton, JJ.

4834-
4835  UBS Securities LLC, et al.,
    Plaintiffs-Respondents-Appellants,

     -against-

  Highland Capital Management, L.P., et al.,
    Defendants-Appellants-Respondents,

  Highland Security Opportunities
  Holding Company, et al.,
    Defendants-Appellants.

Index 650097/09

Lackey Hershman, L.L.P., New York (Kieran M. Corcoran of counsel), for appellants and appellants-respondents.

Kirkland & Ellis LLP, New York (Andrew B. Clubok of counsel), for respondents-appellants.

  Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about March 27, 2017, which granted the motions for summary judgment of defendants Highland CDO Opportunity Master Fund, L.P., Highland Special Opportunities Holding Company, Highland Capital Management, L.P., Highland Financial Partners, L.P., Highland Credit Opportunities CDO, L.P., and Strand Advisors, Inc. to the extent of dismissing the claim for breach of implied covenant against defendant Highland Capital, and otherwise denied the motions, unanimously modified, on the law, to dismiss the causes of action for fraudulent conveyances, and otherwise affirmed, without costs.

56

In a prior order in this case, we found that,

> "to the extent the claims against Highland in the new complaint implicate events alleged to have taken place before the filing of the original complaint, res judicata applies. That is because UBS's claims against Highland in the original action and in this action all arise out of the restructured warehousing transaction. While the claim against Highland in the original action was based on Highland's alleged obligation to indemnify UBS for actions taken by the affiliated funds, and the claims against Highland in the second action arose out of Highland's alleged manipulation of those funds, they form a single factual grouping. Both are related to the same business deal and to the diminution in the value of the securities placed with UBS as a result of that deal. Thus, the claims form a convenient trial unit" (86 AD3d 469, 474-475 [1st Dept 2011]).

While, in that order, we dismissed those portions of the causes of action for fraudulent conveyances that "rely on conduct" predating the commencement of this action on February 24, 2009, and further held that to the extent those causes of action "rely on conduct alleged to have occurred after" that date, "such claims should be allowed" (*id.* at 476), we now find that the alleged fraudulent conveyances that occurred in March 2009 not only "implicate events alleged to have taken place before the filing of the original complaint" (*id.* at 474), but are integrally intertwined with and rooted in conduct that predated

57

the commencement of this action such that the entirety of the fraudulent conveyance claims, as pled, which concern Highland's alleged manipulation of its affiliated funds for the purpose of frustrating UBS's potential recovery, are barred under the doctrine of res judicata. On the other hand, neither our prior decisions nor the doctrine of res judicata supports dismissal of the cause of action relating to alter ego liability because the allegations supporting alter ego liability are based on defendants' conduct prior to February 24, 2009.

The court correctly rejected defendants' arguments in support of dismissal of the remaining claims at issue. Issues of fact exist with respect to whether UBS suffered any recoverable contract damages, and as to whether it can establish justifiable reliance to support its claims that defendants committed fraud by misrepresenting their creditworthiness or the assets they owned prior to entering the transaction.

We take judicial notice of the decision of the trial court, dated September 19, 2017, which granted plaintiffs leave to reargue the dismissal of the claim for breach of implied covenant against defendant Highland Capital, and upon reargument, held that the claim should be reinstated. To the extent this decision has rendered moot plaintiffs' cross appeal of that part of the order on appeal, we exercise our broad discretionary authority to

58

reach beyond the scope of defendants' notices of appeal to review the merits of that order, as the same issues have been briefed on the cross appeal, and we find that the trial court properly reinstated this claim.

       THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

           ENTERED: OCTOBER 31, 2017

                                          CLERK