## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### PLAN OF REORGANIZATION OF HIGHLAND CAPITAL MANAGEMENT, L.P.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

ARTICLE I. RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS ............................................. 1

    A.    Rules of Interpretation, Computation of Time and Governing Law .................... 1

    B.    Defined Terms ................................................................................................. 2

ARTICLE II. ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ................ 14

    A.    Administrative Expense Claims .......................................................................... 14

    B.    Professional Fee Claims ...................................................................................... 15

    C.    Priority Tax Claims .............................................................................................. 15

ARTICLE III. CLASSIFICATION AND TREATMENT OF  CLASSIFIED CLAIMS AND EQUITY INTERESTS ........................................................................ 15

    A.    Summary ............................................................................................................. 15

    B.    Summary of Classification and Treatment of Classified Claims and Equity Interests ................................................................................................. 16

    C.    Elimination of Vacant Classes ............................................................................ 16

    D.    Impaired/Voting Classes ..................................................................................... 16

    E.    Unimpaired/Non-Voting Classes ........................................................................ 16

    F.    Impaired/Non-Voting Classes ............................................................................. 17

    G.    Cramdown ............................................................................................................ 17

    H.    Classification and Treatment of Claims and Equity Interests ............................ 17

    I.    Special Provision Governing Unimpaired Claims .............................................. 21

    J.    Subordinated Claims ........................................................................................... 21

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THIS PLAN .................................... 21

    A.    Summary ............................................................................................................. 21

D.      Company Action ................................................................................29

E.      Release of Liens, Claims and Equity Interests..................................30

F.      Cancellation of Notes, Certificates and Instruments.........................30

G.      Cancellation of Existing Instruments Governing Security Interests..................31

H.      Control Provisions ............................................................................31

I.      Treatment of Vacant Classes ...........................................................31

**Page**

J.    Plan Documents ...................................................................................................31

ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES ............................................................................................32

A.    Assumption, Assignment, or Rejection of Executory Contracts and
Unexpired Leases...................................................................................32

B.    Claims Based on Rejection of Executory Contracts or Unexpired
Leases...................................................................................................33

C.    Cure of Defaults for Assumed or Assigned Executory Contracts and
Unexpired Leases...................................................................................33

D.    Assumption of Insurance Policies...........................................................34

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS ............................................34

A.    Dates of Distributions ...........................................................................34

B.    Distribution Agent ................................................................................35

C.    Cash Distributions.................................................................................35

D.    Disputed Claims Reserve .......................................................................35

E.    Rounding of Payments...........................................................................35

F.    *De Minimis* Distribution .........................................................................36

G.    Distributions on Account of Allowed Claims............................................36

H.    General Distribution Procedures.............................................................36

I.    Address for Delivery of Distributions......................................................36

J.    Undeliverable Distributions and Unclaimed Property ...............................36

K.    Withholding Taxes.................................................................................37

L.    Setoffs .................................................................................................37

M.    Surrender of Cancelled Instruments or Securities ...................................37

N.    Lost, Stolen, Mutilated or Destroyed Securities ......................................38

**Page**

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED AND DISPUTED CLAIMS ............................................ 38

    A.     Filing of Proofs of Claim ......................................................... 38

    B.     Disputed Claims ....................................................................... 38

    C.     Procedures Regarding Disputed Claims or Disputed Equity Interests .............. 38

    D.     Allowance of Claims and Equity Interests ........................................... 39

    1.     *Allowance of Claims* .................................................................. 39

    2.     *Estimation* ............................................................................ 39

    3.     *Disallowance of Claims* ............................................................ 39

ARTICLE VIII. EFFECTIVENESS OF THIS PLAN ................................................ 40

    A.     Conditions Precedent to the Effective Date ...................................... 40

    B.     Waiver of Conditions ............................................................... 41

    C.     Effect of Non-Occurrence of Conditions to Effectiveness ................... 41

    D.     Dissolution of the Committee ....................................................... 41

ARTICLE IX. EXCULPATION, INJUNCTION AND RELATED PROVISIONS ................ 42

    A.     General .................................................................................. 42

    B.     Discharge of Claims ................................................................. 42

    C.     Exculpation ............................................................................ 42

    D.     Releases by the Debtor .............................................................. 43

    E.     Preservation of Rights of Action ................................................. 43

    1.     *Maintenance of Causes of Action* ............................................... 43

    2.     *Preservation of All Causes of Action Not Expressly Settled or Released* .......... 44

    F.     Injunction .............................................................................. 44

    G.     Term of Injunctions or Stays ...................................................... 45

ARTICLE X. BINDING NATURE OF PLAN ........................................................ 45

**Page**

ARTICLE XI. RETENTION OF JURISDICTION ...................................................45

ARTICLE XII. MISCELLANEOUS PROVISIONS ...............................................48

    A.    Payment of Statutory Fees and Filing of Reports ...............................48

    B.    Modification of Plan ...........................................................................48

    C.    Revocation of Plan .............................................................................48

    D.    Entire Agreement ...............................................................................48

    E.    Closing of Chapter 11 Case ...............................................................49

    F.    Successors and Assigns.......................................................................49

    G.    Reservation of Rights.........................................................................49

    H.    Further Assurances.............................................................................50

    I.    Severability ........................................................................................50

    J.    Service of Documents ........................................................................50

    K.    Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code.......................................................................51

    L.    Governing Law ..................................................................................51

    M.    Tax Reporting and Compliance .........................................................52

    N.    Exhibits and Schedules ......................................................................52

    O.    Controlling Document .......................................................................52

---

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

---

HIGHLAND CAPITAL MANAGEMENT, L.P., as debtor and debtor-in-possession in the above-captioned case (the "Debtor"), proposes the following chapter 11 plan of reorganization (the "Plan") for, among other things, the resolution of the outstanding Claims against, and Equity Interests in, the Debtor. Unless otherwise noted, capitalized terms used in this Plan have the meanings set forth in Article I of this Plan. The Debtor is the proponent of this Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (as such term is defined herein and distributed contemporaneously herewith) for a discussion of the Debtor's history, business, results of operations, historical financial information, projections and assets, and for a summary and analysis of this Plan and the treatment provided for herein. There also are other agreements and documents that may be Filed with the Bankruptcy Court that are referenced in this Plan or the Disclosure Statement as Exhibits and Plan Documents. All such Exhibits and Plan Documents are incorporated into and are a part of this Plan as if set forth in full herein. Subject to the other provisions of this Plan, and in accordance with the requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to the Effective Date.

If this Plan cannot be confirmed, for any reason, then subject to the terms set forth herein, this Plan may be revoked.

## ARTICLE I.
## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

### A.    Rules of Interpretation, Computation of Time and Governing Law

For purposes hereof: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document, as previously amended, modified or supplemented, if applicable, shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented in accordance with its terms; (d) unless otherwise specified, all references herein to "Articles," "Sections," "Exhibits" and "Plan Documents" are references to Articles, Sections, Exhibits and Plan Documents hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) any reference to an Entity as a Holder of a Claim or Equity Interest includes such Entity's successors and assigns;

(h) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (i) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (j) "$" or "dollars" means Dollars in lawful currency of the United States of America.  The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.





# ARTICLE II.
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

**A.**      **Administrative Expense Claims**

On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; *provided, however,* that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court.  All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.

If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Objections to any Administrative Expense Claim (other than a Professional Fee Claim) must be Filed and served on the Debtor or the Reorganized Debtor, as applicable, and the party

14

asserting such Administrative Expense Claim by the Administrative Expense Claims Objection Deadline.

## B.      Professional Fee Claims

Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must submit fee applications under sections 327, 328, 329,330, 331, 503(b) or 1103 of the Bankruptcy Code and, upon entry of an order of the Bankruptcy Court granting such fee applications, such Professional Fee Claim shall promptly be paid in Cash in full to the extent provided in such order.

Professionals or other Entities asserting a Professional Fee Claim for services rendered on or prior to the Effective Date must File, on or before the Professional Fee Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated as requiring such notice by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim.

## C.      Priority Tax Claims

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor: (a) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, or (b) such other less favorable treatment as agreed to in writing by the Debtor and such Holder.  Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

## ARTICLE III.
## CLASSIFICATION AND TREATMENT OF
## CLASSIFIED CLAIMS AND EQUITY INTERESTS

## A.      Summary

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class. A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.



**C.      Elimination of Vacant Classes**

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

**D.      Impaired/Voting Classes**

Claims and Equity Interests in ███████████████████ are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

**E.      Unimpaired/Non-Voting Classes**

Claims in ██████████████████ are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

16

**F.**     <u>**Impaired/Non-Voting Classes**</u>



**G.**     <u>**Cramdown**</u>

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the Bankruptcy Code.  If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

**H.**     <u>**Classification and Treatment of Claims and Equity Interests**</u>



**I.**    **Special Provision Governing Unimpaired Claims**

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

**J.**    **Subordinated Claims**



**ARTICLE IV.**
**MEANS FOR IMPLEMENTATION OF THIS PLAN**

**A.**    **Summary**



**ARTICLE V.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.**    **Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases**

Unless an Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor pursuant to a Final Order of the Bankruptcy Court entered prior to the Effective Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtor on or before the Confirmation Date; (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Case (unless such provision has been irrevocably waived); or (v) is specifically designated as a contract or lease to be assumed in the Plan Supplement, on the Effective Date, each Executory Contract and Unexpired Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed in the Plan Supplement.

At any time on or prior to the Effective Date, the Debtor or the Reorganized Debtor, as applicable, may assign (subject to applicable law) any Executory Contract or Unexpired Lease, as determined by the Debtor in consultation with the Committee, or the Reorganized Debtor, as applicable.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments.  Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.  To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are rejected pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

**B.**    <u>**Claims Based on Rejection of Executory Contracts or Unexpired Leases**</u>



Rejection Claims shall be classified as Convenience Claims or General Unsecured Claims, as applicable, and shall be treated in accordance with ARTICLE III of this Plan.

**C.**    <u>**Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases**</u>

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed or assigned hereunder is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtor upon assumption or assignment thereof, by payment of the default amount in Cash as and when due in the ordinary course or on such other terms as the parties to such Executory Contracts may otherwise agree.  The Debtor may serve a notice on the Committee and parties to Executory Contracts or Unexpired Leases to be assumed or assigned reflecting the Debtor's or Reorganized Debtor's intention to assume or assign the Executory Contract or Unexpired Lease in connection with this Plan and setting forth the proposed cure amount (if any).

If a dispute regarding (1) the amount of any payments to cure a default, (2) the ability of the Debtor, the Reorganized Debtor, or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or assigned or (3) any other matter pertaining to assumption or assignment, the cure payments required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assignment.

Assumption or assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable cure amounts pursuant to this ARTICLE V.C shall result in the full release and satisfaction of any cure amounts, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed or assigned Executory Contract or Unexpired Lease at any time prior to the effective date of assumption or assignment.  Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed or assigned in the Chapter 11 Case, including pursuant to the Confirmation Order, and for which any cure amounts have been fully paid pursuant to this ARTICLE V.C, shall be deemed disallowed and expunged as of the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.

### D.     Assumption of Insurance Policies

Upon the Effective Date, the Reorganized Debtor will assume all of the Insurance Policies pursuant to section 365(a) of the Bankruptcy Code and all such Insurance Policies shall vest in the Reorganized Debtor.  Unless previously effectuated by separate order entered by the Bankruptcy Court, entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Debtor's foregoing assumption of each of the Insurance Policies and all such Insurance Policies shall continue in full force and effect thereafter in accordance with their respective terms. Notwithstanding anything to the contrary contained in this Plan, confirmation of this Plan will not impair or otherwise modify any rights of the Debtor or the Reorganized Debtor under the Insurance Policies.  To the extent that any Insurance Policy is not assumable, it will be Reinstated.

<h2 style="text-align:center">ARTICLE VI.<br>PROVISIONS GOVERNING DISTRIBUTIONS</h2>

### A.     Dates of Distributions

Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim or Equity Interest on the Effective Date, on the date that such Claim or Equity Interest becomes an Allowed Claim or Equity Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Equity Interest against the Debtor shall receive the full amount of the distributions that this Plan provides for Allowed Claims or Allowed Equity Interests in the applicable Class and in the manner provided herein.  If any payment or act under this Plan is required to be made or performed on a date that is not on a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.  If and to the extent there are Disputed Claims or Equity Interests, distributions on account of any such Disputed Claims or Equity Interests shall be made pursuant to the provisions provided in this Plan.  Except as otherwise provided in this Plan, Holders of Claims and Equity Interests shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date.



███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

## B.   Distribution Agent

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

The Distribution Agent shall be empowered to (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under this Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

The Distribution Agent shall not have any obligation to make a particular distribution to a specific Holder of an Allowed Claim if such Holder is also the Holder of a Disputed Claim.

## C.   Cash Distributions

Distributions of Cash may be made by wire transfer from a domestic bank, except that Cash payments made to foreign creditors may be made in such funds and by such means as the Distribution Agent determines are necessary or customary in a particular foreign jurisdiction.

## D.   Disputed Claims Reserve

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

## E.   Rounding of Payments

Whenever this Plan would otherwise call for, with respect to a particular Person, payment of a fraction of a dollar, the actual payment or distribution shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. To the extent that Cash to be distributed under this Plan remains undistributed as a result of the aforementioned rounding, such Cash or stock shall be treated as "Unclaimed Property" under this Plan.

35

F.    *De Minimis* **Distribution**

Except as to any Allowed Claim that is Unimpaired under this Plan, none of the Debtor, the Reorganized Debtor, or the Distribution Agent shall have any obligation to make any Plan Distributions with a value of less than $100, unless a written request therefor is received by the Distribution Agent from the relevant recipient at the addresses set forth in ARTICLE VI.I hereof within 120 days after the later of the (i) Effective Date and (ii) the date such Claim becomes an Allowed Claim. ███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

G.    **Distributions on Account of Allowed Claims**

Except as otherwise agreed by the Holder of a particular Claim or as provided in this Plan, all distributions shall be made pursuant to the terms of this Plan and the Confirmation Order.  Except as otherwise provided in this Plan, distributions to any Holder of an Allowed Claim shall, to the extent applicable, be allocated first to the principal amount of any such Allowed Claim, as determined for U.S. federal income tax purposes and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising accrued but unpaid interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

H.    **General Distribution Procedures**

████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

I.    **Address for Delivery of Distributions**

Distributions to Holders of Allowed Claims, to the extent provided for under this Plan, shall be made (1) at the addresses set forth in any written notices of address change delivered to the Debtor and the Distribution Agent; (2) at the address set forth on any Proofs of Claim Filed by such Holders (to the extent such Proofs of Claim are Filed in the Chapter 11 Case), (2), or (3) at the addresses in the Debtor's books and records.

If there is any conflict or discrepancy between the addresses set forth in (1) through (3) in the foregoing sentence, then (i) the address in Section (2) shall control; (ii) if (2) does not apply, the address in (1) shall control, and (iii) if (1) does not apply, the address in (3) shall control.

J.    **Undeliverable Distributions and Unclaimed Property**

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████



## K.    Withholding Taxes

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to this Plan shall be subject to such withholding and reporting requirements.  The Distribution Agent shall be entitled to deduct any U.S. federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate.  As a condition to receiving any distribution under this Plan, the Distribution Agent may require that the Holder of an Allowed Claim entitled to receive a distribution pursuant to this Plan provide such Holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Distribution Agent to comply with applicable tax reporting and withholding laws.  If a Holder fails to comply with such a request within one year, such distribution shall be deemed an unclaimed distribution. Any amounts withheld pursuant hereto shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

## L.    Setoffs



## M.    Surrender of Cancelled Instruments or Securities

As a condition precedent to receiving any distribution pursuant to this Plan on account of an Allowed Claim evidenced by negotiable instruments, securities, or notes canceled pursuant to ARTICLE IV of this Plan, the Holder of such Claim will tender the applicable negotiable instruments, securities, or notes evidencing such Claim (or a sworn affidavit identifying the

37

negotiable instruments, securities, or notes formerly held by such Holder and certifying that they have been lost), to the Distribution Agent unless waived in writing by the Distribution Agent.

**N.**     **Lost, Stolen, Mutilated or Destroyed Securities**

In addition to any requirements under any applicable agreement and applicable law, any Holder of a Claim or Equity Interest evidenced by a security or note that has been lost, stolen, mutilated, or destroyed will, in lieu of surrendering such security or note to the extent required by this Plan, deliver to the Distribution Agent: (i) evidence reasonably satisfactory to the Distribution Agent of such loss, theft, mutilation, or destruction; and (ii) such security or indemnity as may be required by the Distribution Agent to hold such party harmless from any damages, liabilities, or costs incurred in treating such individual as a Holder of an Allowed Claim or Equity Interest. Upon compliance with ARTICLE VI.N of this Plan as determined by the Distribution Agent, by a Holder of a Claim evidenced by a security or note, such Holder will, for all purposes under this Plan, be deemed to have surrendered such security or note to the Distribution Agent.

**ARTICLE VII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED AND DISPUTED CLAIMS**

**A.**     **Filing of Proofs of Claim**

Unless such Claim appeared in the Schedules and is not listed as disputed, contingent, or unliquidated, or such Claim has otherwise been Allowed or paid, each Holder of a Claim was required to file a Proof of Claim on or prior to the Bar Date.

**B.**     **Disputed Claims**



**C.**     **Procedures Regarding Disputed Claims or Disputed Equity Interests**

No payment or other distribution or treatment shall be made on account of a Disputed Claim or Disputed Equity Interest, even if a portion of the Claim is not disputed, unless and until such Disputed Claim or Disputed Equity Interest becomes an Allowed Claim and the amount of such Allowed Claim is determined by order of the Bankruptcy Court or by stipulation between



**D.**    **Allowance of Claims and Equity Interests**

Following the date on which a Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interest after the Distribution Date, the Distribution Agent shall make a distribution to the Holder of such Allowed Claim or Equity Interest in accordance with the Plan.

*3.*     *Disallowance of Claims*

Any Claims or Equity Interests held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or that are a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and holders of such Claims or Interests may not receive any distributions on account of such Claims or Interests until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR AS AGREED TO** ███████

**ANY AND ALL PROOFS OF CLAIM FILED AFTER THE BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM HAS BEEN DEEMED TIMELY FILED BY A FINAL ORDER.**

## ARTICLE VIII.
## EFFECTIVENESS OF THIS PLAN

**A.**     **Conditions Precedent to the Effective Date**

The Effective Date of this Plan will be conditioned upon the satisfaction or waiver by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee with such consent not to be unreasonably withheld), pursuant to the provisions of ARTICLE VIII.B of this Plan of the following:

- This Plan and the Plan Documents, including the ████████ ██████ █████ ████████ and all schedules, documents, supplements and exhibits to this Plan shall have been Filed in form and substance reasonably acceptable to the Debtor and the Committee.

- The Confirmation Order shall have been entered, not subject to stay pending appeal, and shall be in form and substance reasonably acceptable to the Debtor and the Committee. ████████████████████████████████

40



- All documents and agreements necessary to implement this Plan, including without limitation, ███████████████████████████████████████ in each case in form and substance reasonably acceptable to the Debtor and the Committee, shall have (a) been tendered for delivery, and (b) been effected by, executed by, or otherwise deemed binding upon, all Entities party thereto and shall be in full force and effect.  All conditions precedent to such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

- All authorizations, consents, actions, documents, approvals (including any governmental approvals), certificates and agreements necessary to implement this Plan, ████████████████████████████████████████████████████ts, shall have been obtained, effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws and any applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain or prevent effectiveness or consummation of the Restructuring.

**B.**     **Waiver of Conditions**



**C.**     **Effect of Non-Occurrence of Conditions to Effectiveness**

Unless waived as set forth in ARTICLE VIII.B, if the Effective Date of this Plan does not occur within twenty calendar days of entry of the Confirmation Order, the Debtor may withdraw this Plan and, if withdrawn, the Plan shall be of no further force or effect.

**D.**     **Dissolution of the Committee**

41



## ARTICLE IX.
## EXCULPATION, INJUNCTION AND RELATED PROVISIONS

**A.    General**

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

**B.    Discharge of Claims**

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to this Plan on account of such Claims or Equity Interests.  Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

**C.    Exculpation**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and

Plan Distribution of any securities issued or to be issued pursuant to the Plan, ████████ ████████ whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation  in connection with the foregoing clauses (i)-(v); *provided*, *however,* the foregoing will not apply to any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

**D.**     **Releases by the Debtor**

On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, ████████████████████████████████████████ ████████████rom any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, or (iv) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

**E.**     **Preservation of Rights of Action**

*1.*     *Maintenance of Causes of Action*



2.      _Preservation of All Causes of Action Not Expressly Settled or Released_

Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in this Plan or any Final Order (including, without limitation, the Confirmation Order), such Cause of Action is expressly reserved for later adjudication ███████████████████████ (including, without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of this Plan based on the Disclosure Statement, this Plan or the Confirmation Order, except where such Causes of Action have been expressly released in this Plan or any other Final Order (including, without limitation, the Confirmation Order). ███████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████

F.      **Injunction**

Upon entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective Related Persons, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether proof of such Claims or Equity Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective Related Persons, are permanently enjoined, on and after the Effective Date, with respect to such Claims and Equity Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the ██████████████████████████████████████████████████████████ ███████████, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against ███ ██████ ██ █████████████ ████████ ██ ████████████████████████████████████████████████████████ █████████████████████████████████, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against ██████ ██████████████████████████████████████████████████████████, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from ████ ████████████████████████████████████████████████████████



44

██████████████████████████████████████████████████████████████████

████████████████████ and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

The injunctions set forth herein shall extend to any successors of ██████████ █████████████████████████████ and their respective property and interests in property.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## G.  <u>Term of Injunctions or Stays</u>

Unless otherwise provided in this Plan, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

## ARTICLE X.
## <u>BINDING NATURE OF PLAN</u>

On the Effective Date, and effective as of the Effective Date, the Plan, including, without limitation, the provisions in ARTICLE IX, will bind, and will be deemed binding upon, all Holders of Claims against and Equity Interests in the Debtor and such Holder's respective successors and assigns, to the maximum extent permitted by applicable law, notwithstanding whether or not such Holder will receive or retain any property or interest in property under the Plan.  All Claims and Debts shall be fixed and adjusted pursuant to this Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, Governmental Unit or parish in which any instrument related to the Plan or related to any transaction contemplated thereby is to be recorded with respect to nay taxes of the kind specified in Bankruptcy Code section 1146(a).

## ARTICLE XI.
## <u>RETENTION OF JURISDICTION</u>

Pursuant to sections 105 and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with

45

respect to all matters related to the ██████████████████████████████████
and this Plan as legally permissible, including, without limitation, jurisdiction to:

- allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim or Equity Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of any Claim or Equity Interest;

- grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for periods ending on or before the Effective Date; *provided, however*, that, from and after the Effective Date, the Reorganized Debtor shall pay Professionals in the ordinary course of business for any work performed after the Effective Date subject to the terms of this Plan and the Confirmation Order, and such payment shall not be subject to the approval of the Bankruptcy Court;

- make any determination with respect to a claim or cause of action against a Plan Party as set forth in ARTICLE IX;

- resolve any claim or cause of action against an Exculpated Party or Plan Party arising from or related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, or the transactions in furtherance of the



- resolve any issues related to any matters adjudicated in the Chapter 11 Case;

- ensure that distributions to Holders of Allowed Claims and Allowed Equity Interests are accomplished pursuant to the provisions of this Plan;



- enter such orders as may be necessary or appropriate to implement, effectuate, or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents adopted in connection with this Plan, the Plan Documents, or the Disclosure Statement;

- resolve any cases, controversies, suits or disputes that may arise in connection with the implementation, effectiveness, consummation, interpretation, or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

- issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, effectiveness, consummation, or enforcement of this Plan, except as otherwise provided in this Plan;

- enforce the terms and conditions of this Plan and the Confirmation Order;

- resolve any cases, controversies, suits or disputes with respect to the release, exculpation, indemnification, and other provisions contained herein and enter such orders or take such others actions as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

- enter and implement such orders or take such others actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

- resolve any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Plan Documents, or any contract, instrument, release, indenture or other agreement or document adopted in connection with this Plan or the Disclosure Statement; and

- enter an order concluding or closing the Chapter 11 Case after the Effective Date.

47

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

**A.      Payment of Statutory Fees and Filing of Reports**



**B.      Modification of Plan**

Effective as of the date hereof and subject to the limitations and rights contained in this Plan:  (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order with the consent of the Committee, such consent not to be unreasonably withheld; and (b) after the entry of the Confirmation Order, the Debtor may, after notice and hearing and entry of an order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.

**C.      Revocation of Plan**

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to File a subsequent chapter 11 plan with the consent of the Committee.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then:  (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan, assumption of Executory Contracts or Unexpired Leases effected by this Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (iii) nothing contained in this Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other Entity.

**D.      Entire Agreement**

Except as otherwise described herein, this Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

48

E.      **Closing of Chapter 11 Case**

F.      **Successors and Assigns**

G.      **Reservation of Rights**

**H.      Further Assurances**



**I.      Severability**

        If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.   The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**J.      Service of Documents**



**K.**      **Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forego the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment. Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to evidence and implement the provisions of and the distributions to be made under this Plan; (ii) the maintenance or creation of security or any Lien as contemplated by this Plan; and (iii) assignments, sales, or transfers executed in connection with any transaction occurring under this Plan.

**L.**      **Governing Law**

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and

enforced in accordance with, the laws of Texas, without giving effect to the principles of conflicts of law of such jurisdiction; ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

## M.     **Tax Reporting and Compliance**

The Debtor is hereby authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor is for all taxable periods ending after the Petition Date through, and including, the Effective Date.

## N.     **Exhibits and Schedules**

All exhibits and schedules to this Plan, if any, including the Exhibits and the Plan Documents, are incorporated and are a part of this Plan as if set forth in full herein.

## O.     **Controlling Document**

In the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan, or between this Plan and the Disclosure Statement, this Plan shall control.   The provisions of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and of the Confirmation Order, on the other hand, shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and any provision of the Confirmation Order, on the other hand, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern, and any such provisions of the Confirmation Order shall be deemed a modification of this Plan, the Disclosure Statement, and the Plan Documents, as applicable.

*[Remainder of Page Intentionally Blank]*

Dated:  August 12, 2020

Respectfully submitted,

**HIGHLAND CAPITAL MANAGEMENT, L.P.**
(by its general partner, Strand Advisors, Inc.)

By:_____
    John S. Dubel
    Director

By:_____
    James P. Seery, Jr.
    Director

By:_____
    Russell Nelms
    Director

Prepared by:

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
      ikharasch@pszjlaw.com
      gdemo@pszjlaw.com

and

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
      ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor-in-Possession*