

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 11, 2020**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., ) | Case No. 19-34054 (SGJ) |
| ) | |
| Debtor. ) | |

### ORDER ON MOTION FOR CLARIFICATION OF RULING [DE # 914] AND THE JOINDERS THERETO [DE ## 915 & 927]

Before this court is a Motion for Clarification of Ruling [DE # 914], filed August 3, 2020, by an entity known as CLO Holdco, Ltd. ("Movant"). The Motion for Clarification of Ruling has been joined in by the so-called NexPoint Entities [DE # 915] and NexBank [DE # 927] (the "Joinder Parties").

I. **Context for the Motion for Clarification of Ruling**

On July 8, 2020, the Official Committee of Unsecured Creditors ("UCC") filed a Motion to Compel Production [DE # 808], seeking document discovery (specifically, electronically

1

stored information, *i.e.*, "ESI") from nine different employees (custodians of records) of Highland Capital Management, L.P. (the "Debtor"). Three of these nine employees are in-house lawyers employed by the Debtor. By way of background, back in January of this year, the Debtor and the UCC entered into an Agreed Order (to avert appointment of a Trustee) encompassing, among other things, a compromise and stipulation whereby the Debtor granted standing to the UCC to pursue estate claims and causes of action ("Estate Causes of Action") and waived attorney-client privilege with regard to the UCC as to any documents that might be related to these Estate Causes of Action.

Notably, there is just one Debtor in Chapter 11, although the Debtor has approximately 2,000 affiliates or related parties within its huge business organization. For ease of reference, these 2,000 or so entities will be referred to as "Highland Non-Debtor Entities." The Movant and the Joinder Parties are Highland Non-Debtor Entities. For avoidance of doubt, the court is making no finding regarding which Highland Non-Debtor Entities would technically be "affiliates," as defined in the Bankruptcy Code or other law, or not. Suffice it to say that the overall organization of Highland Non-Debtor Entities is byzantine, and in many situations there are several layers of separation between the Debtor and Highland Non-Debtor Entities. For example, it has been represented on past occasions that the Movant is a Cayman Island entity with layers of other Cayman Island entities in its ownership structure, but it is managed by the Debtor and its assets are part of a charitable "DAF," the ultimate beneficiaries of which are certain Highland Foundations whose President is James Dondero, the founder and former CEO of the Debtor.

It is noteworthy that the Debtor and the Highland Non-Debtor Entities essentially share employees, including shared in-house lawyers. These shared employees are employees of the

Debtor. Under various "shared services agreements," the Debtor's inhouse legal department provides legal advice to these thousands of Highland Non-Debtor Entities on an as-needed basis. The court generally understands that there is not any segregation of employees of the Debtor that represent each of these Highland Non-Debtor Entities. Rather, it has been represented to the court that the Debtor maintains a centralized pool, and whomever can perform the service for a Highland Non-Debtor Entity does so. The Debtor and Highland Non-Debtor Entities also share "IT" including shared servers for emails and other documents. Thus, documents of the separate Highland Non-Debtor Entities are in some or all cases on the Debtor's servers, in the Debtor's employees' files, and generally available to the Debtor's personnel.

## II. Objections of Highland Non-Debtor Entities to the UCC's Motion to Compel Production

Well over one dozen Highland Non-Debtor Entities objected to the UCC Motion to Compel (as did the Debtor), arguing that they should each be given a separate and independent opportunity to review all documents possibly related to them and to decide what is relevant, responsive, and privileged.

To be clear, these Highland Non-Debtor Entities—some of whom may very well be the subject/targets of Estate Causes of Action—argued that some of the documents that might be in the in-house lawyers' possession, custody, or control might be subject to individual privileges of the individual Highland Non-Debtor Entities, notwithstanding that such entities essentially chose to commingle their data with that of the Debtor, to share in-house counsel with the Debtor, to co-office with the Debtor, to share employees with the Debtor, and to generally allow the Debtor to provide many of its services. They believe they have a separate ability to review documents in the Debtor's possession before they are produced to the UCC.

## III. The Court's Oral Ruling

The court orally approved a protocol on July 21, 2020 for document production (granting in large part the UCC's Motion to Compel Production). The court overruled most of the Highland Non-Debtor Entities' objections. The protocol that the court orally approved (which was *mostly* negotiated with, and agreed to, by the Debtor) will work substantially like this:

1. All ESI from the nine custodians would be delivered to a vendor called Meta-e Discovery, a member of the UCC whom the Debtor retained to serve as the host for ESI produced by the Debtor.

2. The court understood that there is a batch of 800,000 emails that the Debtor had already identified (*i.e.*, narrowed down) from the universe of ESI as potentially *relevant* to the subject-area of Estate Causes of Action, using search terms already agreed to between the Debtor and the UCC (*i.e.*, agreed to, so as to narrow production down to relevant documents). The Debtor and the UCC are endeavoring to further narrow down that group of 800,000 emails by agreeing to certain additional search terms aimed at ferreting out *privileged* documents (presumably this means privileged communications of either (i) the Debtor, or (ii) the various Highland Non-Debtor Entities, whose objections the court overruled, that might have nothing to do with Estate Causes of Action). If the Debtor and the UCC cannot agree on privilege-ferreting search terms, a third-party neutral will resolve this. The court approved a special procedure for three uniquely situated objecting entities— Atlas/Rand, MGM, and CCS—such that they get to do their own separate review of documents pertaining to them, to potentially withhold anything they believe is uniquely privileged or confidential as to any of those three entities (notably, these entities do not receive legal advice from the in-house lawyers).

3. The UCC may later present different/broader search terms to the Debtor aimed at searching the ESI further for more documents relevant to the Estate Causes of Action. Assuming the Debtor agrees to those search terms, the same privilege search term protocol process (plus special review rights of Atlas/Rand, MGM, and CCS) set forth in #2 applies. If there is no agreement on the broader search terms aimed at relevant documents, the dispute will be presented to the court.

4. A special review process requested by the Debtor was approved by the court with regard to the three in-house lawyers: Scott Ellington, Isaac Leventon, and Tom Surgent. All of their responsive documents that would otherwise be produced, after applying both the relevance-limiting search terms and the privilege-limiting search terms, ***will be reviewed by the Debtor's counsel (or contract counsel for the Debtor) before any production of those three individuals' documents to the UCC can occur***. Thus, there is an extra layer of privilege protection for these three lawyers, and there will be rolling production so as not to delay production too much. The Debtor will produce non-privileged files and will create a privilege log for documents withheld on the basis of privilege.

5. There were separate agreements regarding designating documents as "confidential" or "highly confidential"—prominent among them was an agreement that all of the parties who objected to the ESI dispute would be parties and have the protections of a Protective Order negotiated between the Debtor and the UCC and approved by the court in January 2020.

IV. **Clarification of the Court's Ruling**

In addressing the Movant's and Joinder Parties' Motion for Clarification of Ruling, the court responds as follows. The court believes that the protocol set forth above is a balanced approach and will sufficiently safeguard privileges (of either the Debtor—as to documents not related to Estate Causes of Action—or as to Highland Non-Debtor Entities—as to documents that may be uniquely privileged as to them) for a myriad of reasons.

A. <u>The Prospect of Many Communications Involving the In-house Lawyers not Truly Being for the Purpose of Obtaining/Providing Legal Assistance.</u>

First, as is well known, the attorney-client privilege protects communications between attorneys and clients from compelled disclosure whenever a communication satisfies the following elements: it must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007), and on remand, 392 B.R. 561, 588-89 (Bankr. D. Del. 2008). It bears emphasizing that a communication is only privileged if it is made "for the purpose of obtaining of providing legal assistance for the client." *Id.*

As the court indicated at the hearing, the court is assuming (based on what it has learned in past court proceedings in this case and in the Acis bankruptcy case) that there may be many instances when there were communications involving in-house counsel that were not made for the purpose of obtaining or providing legal assistance. For instance, in this case and in the Acis bankruptcy case, in-house lawyers sometimes seemed to act as business advisors or business representatives of the Debtor and the Highland Non-Debtor entities. Business advice and other similar communications are not privileged just because those communications were made by a lawyer.

B. <u>The Prospect of In-house Counsel Engaging in Co-Client Representation.</u>

Second, the court is assuming that there may be many instances where in-house counsel engaged in co-client or joint-client representation (again, based on what the court has heard in the past regarding numerous intercompany transactions). Thus, where in-house attorneys were jointly representing co-clients (*e.g.*, the Debtor and other Highland Non-Debtor Entities) on a matter of common interest, documents will be discoverable. *See* TEX. R. EVID. 503(d)(5). The Debtor can see these documents related to joint representation, and the UCC is standing in the shoes of the Debtor now, vis-à-vis documents that might be related to Estate Cause of Action. A follow up point is noteworthy here: certainly, when former co-clients are adverse in litigation contexts, "the default rule is that all communications made in the course of the joint representation are discoverable." *Teleglobe*, 493 F.3d at 366. The court considers the current scenario of the bankruptcy of the Debtor, and the UCC investigating Estate Causes of Action against Highland Non-Debtor Entities, to be an adverse litigation context.

C.  The Other In-house Counsel Documents.

This court acknowledges that communications between an in-house lawyer and a Highland Non-Debtor Entity, outside the scope of a joint representation or common interest with Highland, may be, and may remain, protected as privileged. The court also acknowledges that courts, as a general proposition, typically do not construe the mere sharing of communications within the corporate family (or sharing of in-house counsel among members of a corporate organization) as a waiver of privilege. However, the court also believes that this principle is not absolute. Just as *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir.1970), *cert. denied*, 401 U.S. 974 (1971), allows shareholders of a corporation to invade the corporation's privilege in order to prove fiduciary breaches by those in control of the corporation upon showing "good cause," hypothetically, there could be a situation here where the UCC makes a good faith showing that it

is appropriate to invade a Highland Non-Debtor Entity's privilege, if there were fiduciary breaches by those in control of the Debtor and of the Highland Non-Debtor Entities. *See* TEX. R. EVID. 503(d)(3). The court also hastens to add that attorney-client privilege melts away in the face of serious wrongdoing facilitated by an attorney through the crime/fraud exception. *See* TEX. R. EVID. 503(d)(1).

\* \* \* \* \*

These are complex issues. ***The court is not opining or making a finding on anything at this juncture***. The court simply found, on July 21, 2020, that ***the protocol described above provides balanced, adequate safeguards, under all the facts and circumstances*** that have been presented to the court. Not only does it seem to provide adequate safeguards, but it avoids the unwieldy, expensive, and time-consuming process (proposed by the Highland Non-Debtor Entities) of having potentially dozens upon dozens of lawyers review documents for privilege.

**V.** **Oral Comments on Which Movant and Joinder Parties Sought Clarification**

The court stated the following during the hearing (see Transcript, DE # 897, at p. 70):

```
2     … But I have been strongly persuaded in
3     everything I've heard today that there is a very strong chance
4     with regard to most of these entities that share legal counsel
5     with Highland, and share IT, and servers that we have had a
6     waiver of privilege, we have common interest privilege, joint
7     privilege, something of that regard to have impaired their
8     privilege arguments. So I'm just throwing that out there for
9     the benefit of everyone as far as future disputes that there
10    might be.
```

Again, the court is not opining or making a finding on anything at this juncture. The court simply found the protocol proposed/approved will provide balanced and adequate safeguards, under all the facts and circumstances that have been presented to the court. The court was also expressing some guidance on where it was leaning as far as the likely challenges the Highland Non-Debtor Entities might be facing in holding back documents it believes are privileged. The court fully appreciates that "waiver" of attorney-client privilege is a tough hurdle. The court spoke somewhat interchangeably about "joint privilege," "common interest privilege," and "waiver." These are each unique doctrines. It appears quite likely that many documents are going to be subject to a joint client privilege. And, of course, the Debtor has waived the attorney-client privilege as to its own documents that relate to Estate Causes of Action. The court is not making any finding, but merely has observed that there is likely a large universe of documents for which there will be no privilege protection and the universe may be even wider, depending on what develops in the future.

## VI. <u>Conclusion</u>

In closing, the court adds that it has wondered more and more since the hearing, whether the three in-house lawyers—Ellington, Leventon, and Surgent—and other inhouse lawyers are still advising both the Debtor and the Highland Non-Debtor Entities. If so, the court hopes the Independent Directors and newly appointed CEO will analyze (or have thoroughly analyzed) this. To put it mildly, it seems like an ethical minefield. How can they go forward advising Highland Non-Debtor Entities that are potential targets of avoidance actions belonging to the estate? Counsel to a debtor in possession (inclusive of in-house counsel) owes its allegiance to the bankruptcy estate. *In re Grabill Corp.*, 113 B.R. 966 (Bankr. N.D. Ill. 1990) (noting counsel for a corporation owes duty to corporation and not principals). But a lawyer has fiduciary duties

to all clients, obviously. How is this going to be navigated in Chapter 11, in a situation where certain Non-Debtor Highland Entities are targets? Are the three in-house lawyers representing the Non-Debtor Highland Entities in any capacity at this stage? Were they the ones who engaged and instructed the outside lawyers representing the Movant and the Joinder Parties? Surely (hopefully) they are not calling the shots (*i.e.,* advising the Highland Non-Debtor Entities) on resisting production. If so, this is problematic, since this all has consequences for the estate, which is supposed to be cooperating with the UCC to enable it to investigate potential Estate Causes of Action and recoveries to the estate such as preference and fraudulent transfer actions. In addition, what if in-house counsel assisted one or more of the clients (Debtor or Highland Non-Debtor Entities) in undertaking certain transactions that are being investigated as actionable/avoidable?

This could escalate to problematic territory in a hurry. ***The court trusts the Debtor's independent directors and new CEO are scrutinizing the issue of in-house lawyers potentially advising both the Debtor and Highland Non-Debtor Entity targets***. The court expects to discuss this in future hearings.

### ### END OF ORDER ###

United States Bankruptcy Court
Northern District of Texas

In re:                                                                    Case No. 19-34054-sgj
Highland Capital Management, L.P.                                         Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0539-3         User: brielly         Page 1 of 5            Date Rcvd: Aug 11, 2020
                             Form ID: pdf012       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2020.
aty            +Alan J. Kornfeld,   Pachulski Stang Ziehl & Jones LLPL,   10100 Santa Monica Blvd., 13 Fl,
                 Los Angeles, CA 90067-4003
aty            +Jeffrey N. Pomerantz,   Pachulski Stang Ziehl & Jones LLP,
                 10100 Santa Monica Blvd., 13th Floor,   Los Angeles, CA 90067-4003

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*           +Jeffrey N. Pomerantz,   Pachulski Stang Ziehl & Jones LLP,
                 10100 Santa Monica Blvd., 13th Floor,   Los Angeles, CA 90067-4003
                                                                                  TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2020 at the address(es) listed below:
          Alyssa  Russell    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
           alyssa.russell@sidley.com
          Amanda Melanie Rush    on behalf of Interested Party    CCS Medical, Inc. asrush@jonesday.com
          Amy K. Anderson    on behalf of Creditor    Issuer Group aanderson@joneswalker.com,
           lfields@joneswalker.com,kjohnson@joneswalker.com,sbuchanan@joneswalker.com
          Andrew  Clubok    on behalf of Interested Party    UBS AG London Branch andrew.clubok@lw.com
          Andrew  Clubok    on behalf of Interested Party    UBS Securities LLC andrew.clubok@lw.com
          Annmarie Antoniette Chiarello    on behalf of Creditor    Acis Capital Management GP, LLC
           achiarello@winstead.com
          Annmarie Antoniette Chiarello    on behalf of Creditor    Acis Capital Management, L.P.
           achiarello@winstead.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Global Allocation Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    NexPoint Real Estate Strategies Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Funds II and its series
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Opportunistic Credit Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Income Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Socially Responsible Equity Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Total Return Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Healthcare Opportunities Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland/iBoxx Senior Loan ETF
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Funds I and its series
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    NexPoint Strategic Opportunities Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Merger Arbitrage Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com
          Artoush  Varshosaz    on behalf of Interested Party    Highland Fixed Income Fund
           artoush.varshosaz@klgates.com,   Julie.garrett@klgates.com

```
District/off: 0539-3           User: brielly              Page 2 of 5              Date Rcvd: Aug 11, 2020
                               Form ID: pdf012            Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Artoush Varshosaz   on behalf of Interested Party   NexPoint Advisors, L.P. artoush.varshosaz@klgates.com, Julie.garrett@klgates.com

          Artoush Varshosaz   on behalf of Interested Party   Highland Capital Management Fund Advisors, L.P. artoush.varshosaz@klgates.com, Julie.garrett@klgates.com

          Artoush Varshosaz   on behalf of Interested Party   Highland Small-Cap Equity Fund artoush.varshosaz@klgates.com, Julie.garrett@klgates.com

          Artoush Varshosaz   on behalf of Interested Party   NexPoint Capital, Inc. artoush.varshosaz@klgates.com, Julie.garrett@klgates.com

          Asif Attarwala   on behalf of Interested Party   UBS Securities LLC asif.attarwala@lw.com

          Asif Attarwala   on behalf of Interested Party   UBS AG London Branch asif.attarwala@lw.com

          Bojan Guzina   on behalf of Creditor Committee   Official Committee of Unsecured Creditors bguzina@sidley.com

          Brian Patrick Shaw   on behalf of Creditor Jennifer G. Terry shaw@roggedunngroup.com, cashion@roggedunngroup.com

          Brian Patrick Shaw   on behalf of Creditor   Acis Capital Management GP, LLC shaw@roggedunngroup.com, cashion@roggedunngroup.com

          Brian Patrick Shaw   on behalf of Creditor   Acis Capital Management, L.P. shaw@roggedunngroup.com, cashion@roggedunngroup.com

          Brian Patrick Shaw   on behalf of Creditor Joshua Terry shaw@roggedunngroup.com, cashion@roggedunngroup.com

          Bryan C. Assink   on behalf of Interested Party James Dondero bryan.assink@bondsellis.com

          Candice Marie Carson   on behalf of Interested Party   UBS AG London Branch Candice.Carson@butlersnow.com

          Candice Marie Carson   on behalf of Interested Party   UBS Securities LLC Candice.Carson@butlersnow.com

          Casey William Doherty, Jr.   on behalf of Interested Party   Jefferies LLC casey.doherty@dentons.com, stephanie.sciba@dentons.com;Docket.General.Lit.DAL@dentons.com;dawn.brown@dentons.com;Melinda.sanchez@dentons.com

          Chad D. Timmons   on behalf of Creditor   COLLIN COUNTY TAX ASSESSOR/COLLECTOR bankruptcy@abernathy-law.com

          Charles Martin Persons, Jr.   on behalf of Creditor Committee   Official Committee of Unsecured Creditors cpersons@sidley.com

          David Neier   on behalf of Creditor   Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent dneier@winston.com, dcunsolo@winston.com;david-neier-0903@ecf.pacerpro.com

          David G. Adams   on behalf of Creditor   United States (IRS) david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov

          David Grant Crooks   on behalf of Creditor Committee   Official Committee of Unsecured Creditors dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com, plabov@foxrothschild.com,jmanfrey@foxrothschild.com

          David Grant Crooks   on behalf of Creditor   PensionDanmark Pensionsforsikringsaktieselskab dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com, plabov@foxrothschild.com,jmanfrey@foxrothschild.com

          David Grant Crooks   on behalf of Debtor   Highland Capital Management, L.P. dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com, plabov@foxrothschild.com,jmanfrey@foxrothschild.com

          Dennis M. Twomey   on behalf of Creditor Committee   Official Committee of Unsecured Creditors dtwomey@sidley.com

          Edmon L. Morton   on behalf of Creditor Committee   Official Committee of Unsecured Creditors emorton@ycst.com

          Edwin Paul Keiffer   on behalf of Creditor   Hunter Mountain Investment Trust pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Beacon Mountain, LLC pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Atlas IDF, GP, LLC pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Rand PE Fund Management, LLC pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Atlas IDF, LP pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Rand PE Fund I, LP pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   John Honis pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Interested Party   Hunter Mountain Trust pkeiffer@romclaw.com, bwallace@romclaw.com

          Edwin Paul Keiffer   on behalf of Creditor   Rand Advisors, LLC pkeiffer@romclaw.com, bwallace@romclaw.com

          Elizabeth Weller   on behalf of Creditor   Rockwall CAD dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com

          Elizabeth Weller   on behalf of Creditor   Grayson County dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com

          Elizabeth Weller   on behalf of Creditor   Kaufman County dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com

          Elizabeth Weller   on behalf of Creditor   Dallas County dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com

```
District/off: 0539-3                  User: brielly                 Page 3 of 5                   Date Rcvd: Aug 11, 2020
                                      Form ID: pdf012               Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              Elizabeth  Weller    on behalf of Creditor    Coleman County TAD dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Elizabeth  Weller    on behalf of Creditor    Upshur County dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Elizabeth  Weller    on behalf of Creditor    Allen ISD dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Elizabeth  Weller    on behalf of Creditor    Irving ISD dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Elizabeth  Weller    on behalf of Creditor    Tarrant County dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Elizabeth  Weller    on behalf of Creditor    Fannin CAD dallas.bankruptcy@publicans.com,
               dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
              Gregory Getty Hesse    on behalf of Spec. Counsel    Hunton Andrews Kurth LLP ghesse@HuntonAK.com,
               amckenzie@HuntonAK.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
              Gregory V. Demo    on behalf of Debtor    Highland Capital Management, L.P. gdemo@pszjlaw.com,
               jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;jpomerantz@pszjlaw.com
              Gregory V. Demo    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
               gdemo@pszjlaw.com,
               jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;jpomerantz@pszjlaw.com
              Holland N. O'Neil    on behalf of Spec. Counsel    Foley Gardere, Foley & Lardner LLP
               honeil@foley.com,  jcharrison@foley.com;acordero@foley.com
              J. Seth Moore    on behalf of Creditor    Siepe, LLC smoore@ctstlaw.com,  jsteele@ctstlaw.com
              Jaclyn C. Weissgerber    on behalf of Creditor Committee    Official Committee of Unsecured
               Creditors bankfilings@ycst.com,  jweissgerber@ycst.com
              Jared M. Slade    on behalf of Interested Party    NexBank jared.slade@alston.com
              Jason Alexander Enright    on behalf of Creditor    Acis Capital Management, L.P.
               jenright@winstead.com
              Jason Alexander Enright    on behalf of Creditor    Acis Capital Management GP, LLC
               jenright@winstead.com
              Jason Patrick Kathman    on behalf of Creditor Patrick    Daugherty jkathman@pronskepc.com,
               gpronske@pronskepc.com;lvargas@pronskepc.com;admin@pronskepc.com;mclontz@pronskepc.com
              Jason S. Brookner    on behalf of Creditor    Gray Reed & McGraw LLP jbrookner@grayreed.com,
               lwebb@grayreed.com;acarson@grayreed.com
              Jeffrey  Kurtzman    on behalf of Creditor    BET Investments II, L.P. kurtzman@kurtzmansteady.com
              Jeffrey Nathan Pomerantz    on behalf of Debtor    Highland Capital Management, L.P.
               jpomerantz@pszjlaw.com
              John A. Morris    on behalf of Debtor    Highland Capital Management, L.P. jmorris@pszjlaw.com
              John J. Kane    on behalf of Creditor    CLO Holdco, Ltd. jkane@krcl.com,
               ecf@krcl.com;jkane@ecf.courtdrive.com
              John Y. Bonds, III    on behalf of Interested Party James    Dondero john@bondsellis.com,
               joyce.rehill@bondsellis.com
              Jonathan T. Edwards    on behalf of Interested Party    NexBank jonathan.edwards@alston.com
              Joseph E. Bain    on behalf of Creditor    Issuer Group JBain@joneswalker.com,
               kvrana@joneswalker.com;msalinas@joneswalker.com
              Juliana  Hoffman    on behalf of Debtor    Highland Capital Management, L.P. jhoffman@sidley.com,
               txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
              Juliana  Hoffman    on behalf of Financial Advisor    FTI Consulting, Inc. jhoffman@sidley.com,
               txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
              Juliana  Hoffman    on behalf of Interested Party    UBS Securities LLC jhoffman@sidley.com,
               txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
              Juliana  Hoffman    on behalf of Interested Party    UBS AG London Branch jhoffman@sidley.com,
               txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
              Juliana  Hoffman    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
               jhoffman@sidley.com,  txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
              Kimberly A. Posin    on behalf of Interested Party    UBS Securities LLC kim.posin@lw.com,
               colleen.rico@lw.com
              Kimberly A. Posin    on behalf of Interested Party    UBS AG London Branch kim.posin@lw.com,
               colleen.rico@lw.com
              Larry R. Boyd    on behalf of Creditor    COLLIN COUNTY TAX ASSESSOR/COLLECTOR
               lboyd@abernathy-law.com,  ljameson@abernathy-law.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    VineBrook Homes, Trust, Inc.
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    MGM Holdings, Inc.
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Real Estate Partners, LLC
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    Nexpoint Real Estate Capital, LLC
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Hospitality Trust
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Real Estate Advisors VII, L.P.
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Real Estate Advisors VI, L.P.
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Real Estate Advisors, L.P.
               lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
              Lauren Kessler Drawhorn    on behalf of Interested Party    NexPoint Real Estate Advisors VIII,
               L.P. lauren.drawhorn@wickphillips.com,  samantha.tandy@wickphillips.com
```

```
District/off: 0539-3            User: brielly              Page 4 of 5                Date Rcvd: Aug 11, 2020
                                Form ID: pdf012            Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Real Estate Advisors V, L.P. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Real Estate Advisors IV, L.P. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Real Estate Advisors II, L.P. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Real Estate Advisors III, L.P. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Residential Trust, Inc. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Real Estate Finance Inc. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Lauren Kessler Drawhorn   on behalf of Interested Party   NexPoint Multifamily Capital Trust, Inc. lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
        Laurie A. Spindler   on behalf of Creditor   Dallas County Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   Grayson County Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   Kaufman County Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   Irving ISD Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   Tarrant County Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   City of Allen Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Laurie A. Spindler   on behalf of Creditor   Allen ISD Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
        Linda D. Reece   on behalf of Creditor   Garland ISD lreece@pbfcm.com
        Linda D. Reece   on behalf of Creditor   City of Garland lreece@pbfcm.com
        Linda D. Reece   on behalf of Creditor   Wylie ISD lreece@pbfcm.com
        Lisa L. Lambert   on behalf of U.S. Trustee   United States Trustee lisa.l.lambert@usdoj.gov
        Mark A. Platt   on behalf of Interested Party   Redeemer Committee of the Highland Crusader Fund mplatt@fbtlaw.com, aortiz@fbtlaw.com
        Martin A. Sosland   on behalf of Interested Party   UBS Securities LLC martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
        Martin A. Sosland   on behalf of Interested Party   UBS AG London Branch martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
        Matthew A. Clemente   on behalf of Creditor Committee   Official Committee of Unsecured Creditors mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com
        Megan Young-John   on behalf of Creditor   Issuer Group myoung-john@porterhedges.com
        Melissa S. Hayward   on behalf of Debtor   Highland Capital Management, L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
        Michael I. Baird   on behalf of Creditor   Pension Benefit Guaranty Corporation baird.michael@pbgc.gov, efile@pbgc.gov
        Michael I. Baird   on behalf of Interested Party   Pension Benefit Guaranty Corporation baird.michael@pbgc.gov, efile@pbgc.gov
        Michael Scott Held   on behalf of Creditor   Crescent TC Investors, L.P. mheld@jw.com, lcrumble@jw.com
        Michelle E. Shriro   on behalf of Interested Party   California Public Employees Retirement System (CalPERS) mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
        Nicole Skolnekovich   on behalf of Interested Party   Hunton Andrews Kurth LLP nskolnekovich@hunton.com, plozano@huntonak.com;astowe@huntonak.com;creeves@huntonak.com
        Paige Holden Montgomery   on behalf of Creditor Committee   Official Committee of Unsecured Creditors pmontgomery@sidley.com
        Paul Richard Bessette   on behalf of Interested Party   Highland CLO Funding, Ltd. pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com;rmatsumura@kslaw.com
        Penny Packard Reid   on behalf of Creditor Committee   Official Committee of Unsecured Creditors preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com
        Phillip L. Lamberson   on behalf of Creditor   Acis Capital Management, L.P. plamberson@winstead.com
        Phillip L. Lamberson   on behalf of Creditor   Acis Capital Management GP, LLC plamberson@winstead.com
        Rakhee V. Patel   on behalf of Creditor   Acis Capital Management, L.P. rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
        Rakhee V. Patel   on behalf of Creditor   Acis Capital Management GP, LLC rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
        Ryan E. Manns   on behalf of Interested Party   UBS AG London Branch ryan.manns@nortonrosefulbright.com
        Ryan E. Manns   on behalf of Interested Party   UBS Securities LLC ryan.manns@nortonrosefulbright.com
        Sean M. Beach   on behalf of Creditor Committee   Official Committee of Unsecured Creditors bankfilings@ycst.com, sbeach@ycst.com
        Shawn M. Christianson   on behalf of Creditor   Oracle America, Inc. schristianson@buchalter.com, cmcintire@buchalter.com

```
District/off: 0539-3           User: brielly             Page 5 of 5                Date Rcvd: Aug 11, 2020
                               Form ID: pdf012           Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

    Thomas M. Melsheimer  on behalf of Creditor  Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
    United States Trustee  ustpregion06.da.ecf@usdoj.gov
    Zachery Z. Annable  on behalf of Debtor  Highland Capital Management, L.P. zannable@haywardfirm.com
    Zachery Z. Annable  on behalf of Other Professional  Hayward & Associates PLLC zannable@haywardfirm.com

                                                   TOTAL: 142