

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 27, 2020**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | Related to Docket Nos. 1087 & 1088 |

### ORDER APPROVING DEBTOR'S SETTLEMENT WITH (A) ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC (CLAIM NO. 23), (B) JOSHUA N. TERRY AND JENNIFER G. TERRY (CLAIM NO. 156), AND (C) ACIS CAPITAL MANAGEMENT, L.P. (CLAIM NO. 159) AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

Having considered the *Debtor's Motion for Entry of an Order Approving Settlement with (a) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (b) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (c) Acis Capital Management, L.P. (Claim No. 159) and Authorizing Actions Consistent Therewith* [Docket No. 1087] (the

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

"Motion"),[2] the Settlement Agreement attached as **Exhibit "1"** (the "Settlement Agreement") to

*Declaration of Gregory V. Demo in Support of the Debtor's Motion for Entry of an Order*

*Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital Management*

*GP, LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and Acis*

*Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith*

[Docket No. 1088] (the "Demo Declaration"), and the General Release attached as **Exhibit "2"**

(the "Release") to the Demo Declaration filed by the above-captioned debtor and debtor-in-

possession (the "Debtor"); and this Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion

in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found

that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors,

and other parties-in-interest; and this Court having found the Settlement Agreement and the

Release are fair and equitable; and this Court having, analyzed, for the reasons stated on the

record, (1) the probability of success in litigating the claims subject to Settlement Agreement and

Release, with due consideration for the uncertainty in fact and law; (2) the complexity and likely

duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other

factors bearing on the wisdom of the compromise, including: (i) the best interests of the

creditors, with proper deference to their reasonable views; and (ii) the extent to which the

settlement is truly the product of arms-length bargaining, and not of fraud or collusion; and this

Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the

Motion were appropriate under the circumstances and that no other notice need be provided; and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having reviewed the Motion, any and all other documents filed in support of the Motion, including the Debtor's Omnibus Reply filed by the Debtor at Docket No. 1211, and all objections thereto, including the objection filed by James Dondero at Docket No. 1121 (the "Dondero 9019 Objection");[3] and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Settlement and the Release, attached hereto as **Exhibit 1** and **Exhibit 2** are approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3.    The Dondero 9019 Objection and all other objections to the Motion are overruled in their entirety.

4.    All objections to the proofs of claim subject to the Motion[4] are overruled as moot in light of the Court's approval of the Settlement Agreement and Release.

5.    The Debtor, the Debtor's agents, the Acis Parties (as defined by the Release), and all other parties are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement and the Release without need of further Court approval or notice.

---

[3] The objection to the Motion filed by Patrick Hagaman Daugherty at Docket No. 1201 was withdrawn on the record during the hearing on the Motion. The reservations of rights filed by Highland CLO Funding, Ltd., CLO Holdco, Ltd., HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P. and HarbourVest Partners L.P. filed at Docket Nos. 1177, 1191, and 1195 (collectively, the "Reservations") are resolved based on the Debtor's representations on the record, made without objection, that (a) the conditions precedent in Section 1(c) of the Settlement Agreement will not occur and therefore, the Debtor will not, pursuant to the Settlement Agreement, transfer all of its direct and indirect right, title and interest in Highland HCF Advisor, Ltd. to Acis or its nominee, and that (b) none of the parties asserting any of the Reservations are bound by the Release.

[4] The objections include (a) the Debtor's *Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Docket No. 771]; (b) *James Dondero's Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC; and (II) Joinder in Support of Highland Capital Management, L.P.'s Objection to Proof of Claim of Acis Capital Management L.P. and Acis Capital Management GP, LLC* [Docket No. 827]; and (c) *UBS (I) Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC and (II) Joinder in the Debtor's Objection* [Docket No. 891].

6.  The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

**### END OF ORDER ###**

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement, including all attachments, (the "<u>Agreement</u>") is entered into as of September 9, 2020, by and among (i) Highland Capital Management, L.P. ("<u>HCMLP</u>"); (ii) Acis Capital Management, L.P. ("<u>Acis LP</u>"); (iii) Acis Capital Management GP LLC ("<u>Acis GP</u>" and together with Acis LP, "<u>Acis</u>"); (iv) Joshua N. Terry, individually and for the benefit of his individual retirement accounts, and (v) Jennifer G. Terry, individually and for the benefit of her individual retirement accounts and as trustee of the Terry Family 401-K Plan

Each of the foregoing are sometimes referred to herein collectively as the "<u>Parties</u>" and individually as a "<u>Party</u>."

## R E C I T A L S

**WHEREAS**, on August 3, 2020, the United States Bankruptcy Court for the Northern District of Texas (the "<u>Bankruptcy Court</u>") entered an *Order Directing Mediation* [Docket No. 912] pursuant to which HCMLP, Acis Capital Management L.P., and Acis Capital Management GP, LLC (together, the "<u>Mediation Parties</u>"), among others, were directed to mediate their disputes before Retired Judge Allan Gropper and Sylvia Mayer (together, the "<u>Mediators</u>"); and

**WHEREAS**, during the mediation, the Mediators made an economic proposal to resolve the Claims (the "<u>Mediators' Economic Proposal</u>"), and each of the Mediation Parties accepted the Mediators' Economic Proposal; and

**WHEREAS**, the Parties have negotiated and executed that certain General Release, dated as of even date herewith (the "<u>Release</u>"),[1] which, among other things, releases the Acis Released Claims and the HCMLP Released Claims; and

**WHEREAS**, the Parties desire to enter into this Agreement which incorporates, formalizes, and finalizes the Mediators' Economic Proposal and which, when combined with the Release, will fully and finally resolve the Claims; and

**WHEREAS**, this Agreement and the Release attached hereto will be presented to the Bankruptcy Court for approval pursuant to Federal Rule of Bankruptcy Procedure 9019 ("<u>Rule 9019</u>");

**NOW THEREFORE**, in consideration of the above recitals, the covenants, conditions, and promises made herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.     **<u>Settlement of Claims</u>.** In full and complete satisfaction of the Claims:

(a)     The proof of claim filed by Acis in the HCMLP Bankruptcy Case on December 31, 2019 [Claim No. 23] will be allowed in the amount of $23,000,000 as a general unsecured claim;

---

[1] All capitalized terms used but not defined herein have the meanings given to them in the Release.

1

(b)    On the effective date of a plan of reorganization and confirmed by the Bankruptcy Court, HCMLP will pay in cash to:

(i)    Joshua N. Terry and Jennifer G. Terry $425,000, plus 10% simple interest (calculated on the basis of a 360-day year from and including June 30, 2016), in full and complete satisfaction of the proof of claim filed in the HCMLP Bankruptcy Case by Joshua N. Terry and Jennifer G. Terry on April 8, 2020 [Claim No. 156];

(ii)    Acis LP $97,000, which amount represents the legal fees incurred by Acis LP with respect to *NWCC, LLC v. Highland CLO Management, LLC, et al.*, Index No. 654195-2018 (N.Y. Sup. Ct. 2018), in full and complete satisfaction of the proof of claim filed by Acis LP in the HCMLP Bankruptcy Case on April 8, 2020 [Claim No. 159];

(iii)    Joshua N. Terry $355,000 in full and complete satisfaction of the legal fees assessed against Highland CLO Funding, Ltd., in *Highland CLO Funding v. Joshua Terry*, [No Case Number], pending in the Royal Court of the Island of Guernsey;

(c)    On the effective date of a plan of reorganization proposed by HCMLP and confirmed by the Bankruptcy Court, if HMCLP receives written advice of nationally recognized external counsel that it is legally permissible consistent with HCMLP's contractual and legal duties to transfer all of its direct and indirect right, title and interest in Highland HCF Advisor, Ltd. to Acis or its nominee and that doing so would not reasonably subject HCMLP to liability, HCMLP shall transfer all of its right, title and interest in Highland HCF Advisor, Ltd., whether its ownership is direct or indirect, to Acis or its nominee, subject at all times to Acis's right to unilaterally reject the transfer in its sole and absolute discretion;

(d)    Within five (5) days of the Agreement Effective Date, HCMLP shall:

(i)    Move to withdraw, with prejudice, its proof of claim [Claim No. 27] filed in *In re Acis Capital Management, L.P.*, Case No. 18-30264-sgj11 (Bankr. N.D. Tex. 2018), and its proof of claim [Claim No. 13] filed in *In re Acis Capital Management GP, LLC*, Case No. 18-30265-sgj11 (Bankr. N.D. Tex. 2018);

(ii)    Move to withdraw, with prejudice, Highland Capital Management, L.P.'s Application for Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) filed in the Acis Bankruptcy Case [Docket No. 772];

(e)    At all times after the execution of this Agreement:

(i)    Only to the extent reasonably necessary to maintain the status quo in the Acis Appeals, the Parties shall cooperate in seeking to abate or otherwise stay the Acis Appeals vis-à-vis the Parties pending the occurrence of the Agreement Effective Date; and

(ii)    HCMLP shall cooperate in good faith to promptly return to Acis all property of Acis that is in HCMLP's possession, custody, or control, including but not limited to e-mail communications.

2

2.     **Releases.**  The Release is (a) attached to this Agreement as **Appendix A**; (b) an integral component of the Mediator's Economic Proposal and (c) incorporated by reference into this Agreement as if fully set forth herein.

3.     **Agreement Subject to Bankruptcy Court Approval.**

(a)     The effectiveness of this Agreement and the Parties' obligations hereunder are conditioned in all respects on the approval of this Agreement and the Release by the Bankruptcy Court. The Parties agree to use reasonable efforts to have this Agreement and the Release expeditiously approved by the Bankruptcy Court by cooperating in the preparation and prosecution of a mutually agreeable motion and proposed order.  The "Agreement Effective Date" will be the date of an order entered by the Bankruptcy Court approving this Agreement pursuant to a motion filed under Rule 9019.

(b)     The Parties acknowledge and agree that the terms and conditions of this Agreement are conditioned, in all respects, on the execution of the Release by the Parties and the approval of the Release and this Agreement by the Bankruptcy Court.  If either the Release or this Settlement Agreement are not approved by the Bankruptcy Court for any reason, this Agreement and the Release will be immediately null and void and of no further force and effect.

4.     **Representations and Warranties.**  Subject in all respects to Section 3, each Party represents and warrants to the other Party that such Party is fully authorized to enter into and perform the terms of this Agreement and that, as of the Agreement Effective Date, this Agreement and the Release will be fully binding upon each Party in accordance with their terms.

5.     **No Admission of Liability.**  The Parties acknowledge that there is a bona fide dispute with respect to the Claims.  Nothing in this Agreement will imply, an admission of liability, fault or wrongdoing by HCMLP, the Acis Parties, or any other person, and the execution of this Agreement does not constitute an admission of liability, fault, or wrongdoing on the part of HCMLP, the Acis Parties, or any other person.

6.     **Successors-in-Interest.** This Agreement shall be binding upon and shall inure to the benefit of each of the Parties and their representatives, successors, and assigns, including but not limited to any Chapter 7 trustee appointed for HCMLP.

7.     **Notice**.  Each notice and other communication hereunder will be in writing and will be sent by email and delivered or mailed by registered mail, receipt requested, and will be deemed to have been given on the date of its delivery, if delivered, and on the fifth full business day following the date of the mailing, if mailed to each of the Parties thereto at the following respective addresses or such other address as may be specified in any notice delivered or mailed as set forth below:

**Acis**

Acis Capital Management, LP
4514 Cole Avenue
Suite 600
Dallas, Texas 75205

3

Attention:  Joshua N. Terry
Email: josh@aciscm.com

with a copy (which shall not constitute notice) to:


ROGGE DUNN GROUP, P.C.
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Attention:  Brian P. Shaw
Telephone No.:  214.239.2707
E-mail:  shaw@roggedunngroup.com

**Joshua N. Terry and Jennifer G. Terry**

25 Highland Park Village, Suite 100-848
Dallas TX 75205
Attention:  Joshua N. Terry
Email:  joshuanterry@gmail.com

with a copy (which shall not constitute notice) to:


ROGGE DUNN GROUP, P.C.
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Attention:  Brian P. Shaw
Telephone No.:  214.239.2707
E-mail:  shaw@roggedunngroup.com

**HCMLP**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: Legal Department
Telephone No.: 972-628-4100
Facsimile No.: 972-628-4147
E-mail: notices@HighlandCapital.com

with a copy (which shall not constitute notice) to:

Pachulski Stang Ziehl & Jones LLP
Attention: Jeffrey Pomerantz, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone No.: 310-277-6910

4

Facsimile No.: 310-201-0760
E-mail: jpomerantz@pszjlaw.com

8.     **Advice of Counsel**.  Each of the Parties represents that such Party has: (a) been adequately represented by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement; (b) executed this Agreement upon the advice of such counsel; (c) read this Agreement, and understands and assents to all the terms and conditions contained herein without any reservations; and (d) had the opportunity to have this Agreement and all the terms and conditions contained herein explained by independent counsel, who has answered any and all questions asked of such counsel, or which could have been asked of such counsel, including, but not limited to, with regard to the meaning and effect of any of the provisions of this Agreement.

9.     **Entire Agreement**.  This Agreement contains the entire agreement and understanding concerning the subject matter of this Agreement, and supersedes and replaces all prior negotiations and agreements, written or oral and executed or unexecuted, concerning such subject matter.  Each of the Parties acknowledges that no other Party, nor any agent of or attorney for any such Party, has made any promise, representation or warranty, express or implied, written or oral, not otherwise contained in this Agreement to induce any Party to execute this Agreement.  The Parties further acknowledge that they are not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement, and that any such reliance would be unreasonable.  This Agreement will not be waived or modified except by an agreement in writing signed by each Party or duly authorized representative of each Party.

10.     **No Party Deemed Drafter**.  The Parties acknowledge that the terms of this Agreement are contractual and are the result of arms'-length negotiations between the Parties and their chosen counsel. Each Party and its counsel cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the Agreement will not be construed against any Party.

11.     **Future Cooperation**.  The Parties agree to cooperate and execute such further documentation as is reasonably necessary to effectuate the intent of this Agreement.

12.     **Counterparts**.  This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document. Each Party's signature hereto will signify acceptance of, and agreement to, the terms and provisions contained in this Agreement. Photographic, electronic, and facsimile copies of signed counterparts may be used in lieu of the originals of this Agreement for any purpose.

13.     **Governing Law; Venue; Attorneys' Fees and Costs**.  The Parties agree that this Agreement will be governed by and will be construed according to the laws of the State of Texas without regard to conflict-of-law principles. Each of the Parties hereby submits to the exclusive jurisdiction of the Bankruptcy Court during the pendency of the HCMLP Bankruptcy Case and thereafter to the exclusive jurisdiction of the state and federal courts located in the Northern District of Texas, Dallas Division, with respect to any disputes arising from or out of this

5

Agreement.  In any action to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable and necessary attorneys' fees and costs (including experts).

*[Remainder of Page Intentionally Blank]*

6

IT IS HEREBY AGREED.

ACIS CAPITAL MANAGEMENT, L.P.

By: *(signature)*
Name: Joshua N. Terry
Its: President

ACIS CAPITAL MANAGEMENT GP LLC

By: *(signature)*
Name: Joshua N. Terry
Its: President

JOSHUA N. TERRY

By: *(signature)*
Name: Joshua N. Terry
Its: Self

JENNIFER G. TERRY

By: *(signature)*
Name: Jennifer G. Terry
Its: Self

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: _____
Its: _____

**IT IS HEREBY AGREED.**

ACIS CAPITAL MANAGEMENT, L.P.

By: _____
Name: _____
Its: _____

ACIS CAPITAL MANAGEMENT GP LLC

By: _____
Name: _____
Its: _____

JOSHUA N. TERRY

By: _____
Name: _____
Its: _____

JENNIFER G. TERRY

By: _____
Name: _____
Its: _____

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: _James P. Seery, Jr._____
Its: _CEO/CRO_____

7

# **EXHIBIT 2**

# GENERAL RELEASE

This GENERAL RELEASE (this "Release"), effective on the Effective Date (as defined below), is entered into by and among (i) Highland Capital Management, L.P. ("HCMLP"), (ii) Joshua N. Terry, individually and for the benefit of his individual retirement accounts, Jennifer G. Terry, individually and for the benefit of her individual retirement accounts and as trustee of the Terry Family 401-K Plan (collectively, the "Terry Parties"), (iii) Acis Capital Management L.P., and Acis Capital Management GP, LLC (collectively, "Acis") (the Terry Parties and Acis, collectively, the "Acis Parties"), and (iii) those HCMLP Specified Parties (as defined below) who execute this Release (together, the "Parties").

# RECITALS

WHEREAS, the Parties have asserted or may assert claims that are defined in Section 1 below as the "Acis Released Claims" and the "HCMLP Released Claims" (collectively, the "Claims"); and

WHEREAS, on August 3, 2020, the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an *Order Directing Mediation* [Docket No. 912] pursuant to which HCMLP, Acis Capital Management L.P., and Acis Capital Management GP, LLC (together, the "Mediation Parties"), among others, were directed to mediate their disputes before Retired Judge Allan Gropper and Sylvia Mayer (together, the "Mediators"); and

WHEREAS, during the mediation, the Mediators made an economic proposal to resolve the Claims (the "Mediators' Economic Proposal"), and each of the Mediation Parties accepted the Mediators' Economic Proposal; and

WHEREAS, the Parties desire to enter into a general release of all Claims which, when combined with the Mediators' Economic Proposal, will fully and finally resolve the Claims; and

WHEREAS, except in Section 1.c below, this is a general release, meaning the Parties intend hereby to release any and all Claims which the Parties can release, and the Parties are unaware of any Claims between them which are not being released herein; and

WHEREAS, this Release will be appended or otherwise incorporated into a written settlement agreement (the "Settlement Agreement") that will include the terms of the Mediators' Economic Proposal and will be presented to the Court for approval pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019"), and is only effective upon the Effective Date.

**NOW, THEREFORE**, after good-faith, arms-length negotiations, and in consideration of the promises made herein and in the Mediators' Economic Proposal, the Parties agree to release each other pursuant to and in accordance with the terms and conditions set forth below.

## AGREEMENT

1.   Releases.

a.   Upon the Effective Date, and to the maximum extent permitted by law, and except as set forth in Section 1d below, each of the Acis Parties on behalf of himself, herself, or itself and each of their respective current or former advisors, trustees, directors, officers, managers, members, partners, employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, affiliates, successors, designees, and assigns hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, (A)(i) HCMLP; (ii) Strand; (iii) any entity of which greater than fifty percent of the voting ownership is held directly or indirectly by HCMLP and any entity otherwise controlled by HCMLP; and (iv) any entity managed by either HCMLP or a direct or indirect subsidiary of HCMLP (the foregoing (A)(i) through (A)(iv) the "HCMLP Entities") and (B) with respect to each such HCMLP Entity, such HCMLP Entity's respective current advisors, trustees, directors, officers, managers, members, partners, current or former employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, affiliates, successors, designees, and assigns, except as expressly set forth below (the "HCMLP Parties," and together with the HCMLP Entities, the "HCMLP Released Parties"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, including, without limitation, those which were or could have been asserted in, in connection with, or with respect to the Filed Cases, including the proofs of claim [Claim No. 23; 156; 159] filed by the Acis Parties in the HCMLP Bankruptcy Case and any objections or potential objections to the Plan or the confirmation thereof (collectively, the "Acis Released Claims").   This release is intended to be general. Notwithstanding anything contained herein to the contrary, the term HCMLP Released Parties **shall not** include NexPoint Advisors (and any of its subsidiaries), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd.), Highland CLO Funding, Ltd. (and any of its subsidiaries), NexBank, SSB (and any of its subsidiaries), James Dondero, Hunter Mountain Investment Trust (or any trustee acting for the trust), Dugaboy Investment Trust (or any trustee acting for the trust), Grant Scott, David Simek, William Scott, Heather Bestwick, Mark Okada and his family trusts (and the trustees for such trusts in their representative capacities), McKool Smith, PC, Gary Cruciani, Lackey Hershman, LLP, Jamie Welton, or Paul Lackey.

b.   Upon the Effective Date, and to the maximum extent permitted by law, each HCMLP Released Party hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue the (A) Acis Parties, (B) Acis CLO 2013-1Ltd., Acis CLO 2014-3 Ltd., Acis CLO 2014-4 Ltd., Acis CLO 2014-5 Ltd., Acis CLO 2015-6 Ltd. (collectively, the "Acis CLOs"), and (C) with respect to each such Acis Party and Acis CLO, to the extent applicable, such Acis Party and Acis CLO, their respective current advisors, trustees, directors, officers, managers, members, partners, current or former employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents,

affiliates, successors, designees, and assigns (the foregoing (A), (B), and (C), the "Acis Released Parties"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, which were or could have been asserted in, in connection with, or with respect to the Filed Cases (collectively, the "HCMLP Released Claims"). This release is intended to be general. Notwithstanding anything contained herein to the contrary, this Section 1.b will not affect any right to payment under any notes, debt, equity, or other security issued by any Acis CLO and held by any HCMLP Released Party.

c. The HCMLP Released Parties shall also hereby forever, finally, fully, unconditionally, and completely release, relieve, acquit, remise, and exonerate, and covenant never to sue (A) U.S. Bank National Association, Moody's Investor Services, Inc., and Brigade Capital Management, Inc. and (B) with respect to each such DAF Suit Defendant, to the extent applicable, such DAF Suit Defendant, their respective current advisors, trustees, directors, officers, managers, members, partners, current or former employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, affiliates, successors, designees, and assigns (the foregoing (A) and (B), the "DAF Suit Defendants"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, which were or could have been asserted in, in connection with, or with respect to the DAF Lawsuits. This release is not intended to be general.

d. Notwithstanding anything herein to the contrary, if (A) any HCMLP Specified Party has not executed this Release on or before the Effective Date or (B) any HCMLP Released Party, including any HCMLP Specified Party, (i) sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten any Acis Released Party on or in connection with any HCMLP Released Claim or any other claim or cause of action arising prior to the date of this Release, (ii) takes any action that, in HCMLP's reasonable judgment, impairs or harms the value of HCMLP, its estate, and its assets; or (iii) in HCMLP's reasonable judgment fails to use commercially reasonable efforts to support confirmation of the Plan and/or the monetization of HCMLP's assets at their maximum value, then (a) such HCMLP Released Party (and only such HCMLP Released Party) will be deemed to have waived (x) the release and all other protections set forth in Section 1a hereof and will have no further rights, duties, or protections under this Release and (y) any releases set forth in the Plan, (b) the Acis Released Parties, as applicable, may, in their discretion, assert any and all Acis Released Claims against such HCMLP Released Party (and only such HCMLP Released Party), and (c) any statutes of limitation or other similar defenses are tolled against such HCMLP Released Party (and only such HCMLP Released Party) from the execution of this Release until ninety (90) days after the Acis Released Parties receive actual written notice of any violation of this Section 1d. For the avoidance of doubt, by signing this Release each of the HCMLP Specified Parties is

acknowledging and agreeing, without limitation, to the terms of this Section 1.d and the tolling agreement set forth herein.

2.    <u>Withdrawal/Dismissal of Filed Cases.</u>  Within five days of the Effective Date, each Acis Released Party and HCMLP Released Party, to the extent applicable, will coordinate to cause the Filed Cases, including any appeals of any Filed Cases, to be dismissed with prejudice as to any Acis Released Party or HCMLP Released Party; *provided, however,* that there is no obligation to dismiss or withdraw the HCMLP Bankruptcy Case.  For the avoidance of doubt, and consistent with this Section, (a) if HMCLP receives written advice of nationally recognized external counsel that it is legally permissible consistent with HCMLP's contractual and legal duties to direct Neutra, Ltd. to move to dismiss all of their appeals arising from the Acis Bankruptcy and that doing so would not reasonably subject HCMLP to liability, HCMLP shall direct Neutra, Ltd. to move to dismiss all of their appeals arising from the Acis Bankruptcy and (b) Acis shall move to dismiss with prejudice its claims against HCMLP asserted in any adversary proceeding in the Acis Bankruptcy Case.  To the extent reasonably necessary to maintain the status quo in the Filed Cases, including any appeals thereof, prior to the Effective Date, each Acis Released Party and HCMLP Released Party shall reasonably cooperate in seeking to abate or otherwise stay the Filed Cases vis-à-vis the Parties.

3.    <u>Representations and Warranties.</u>

a.    Each of the Acis Parties represents and warrants to each of the HCMLP Released Parties and each of the HCMLP Specified Parties who have signed this Release that (a) he, she or it has full authority to release the Acis Released Claims and has not sold, transferred, or assigned any Acis Released Claim to any other person or entity, and that (b) to the best of his, her or its current knowledge, no person or entity other than the Acis Parties has been, is, or will be authorized to bring, pursue, or enforce any Acis Released Claim on behalf of, for the benefit of, or in the name of (whether directly or derivatively) any of the Acis Parties.

b.    Each of HCMLP and each HCMLP Specified Party who has signed this Release represents and warrants to each of the Acis Parties that he, she or it has not sold, transferred, pledged, assigned or hypothecated any HCMLP Released Claim to any other person or entity.

c.    Each HCMLP Specified Party and each of HCMLP and Strand represents and warrants to each of the Acis Parties that he, she, or it has full authority to release any HCMLP Released Claims that such HCMLP Specified Party, HCMLP, or Strand personally has against any Acis Party.

d.    HCMLP represents and warrants that it is releasing the HCMLP Released Claims on behalf of the HCMLP Entities to the maximum extent permitted by any contractual or other legal rights HCMLP possesses.  To the extent any of the HCMLP Entities dispute HCMLP's right to release the HCMLP Released Claims on behalf of any of the HCMLP Entities, HCMLP shall use commercially reasonable efforts to support the Acis Parties' position, if any, that such claims were released herein.  For the avoidance of doubt, HCMLP will have no obligations to assist the Acis Parties under this Section if HCMLP has been advised by external counsel that such assistance could subject HCMLP to liability to any third party or if such

assistance would require HCMLP to expend material amounts of time or money. HCMLP shall not argue in any forum that the non-signatory status of any of the HCMLP Entities to this Release shall in any way affect the enforceability of this Release vis-à-vis any of the HCMLP Entities. The Parties agree that all of the HCMLP Entities are intended third-party beneficiaries of this Release.

Notwithstanding anything herein to the contrary, the Acis Parties acknowledge and agree that their sole and exclusive remedy for the breach of the foregoing Sections 3b, 3c, and 3d will be that set forth in Section 1.d hereof.

4.    <u>Additional Definitions</u>.

a.    "<u>Acis Bankruptcy Case</u>" means, collectively, *In re Acis Capital Management, L.P.*, Case No. 18-30264-sgj11 (Bankr. N.D. Tex. 2018) and *In re Acis Capital Management GP, LLC*, Case No. 18-30265-sgj11 (Bankr. N.D. Tex. 2018)

b.    "<u>DAF Lawsuits</u>" means (a) Case No. 1:19-cv-09857-NRB; *The Charitable Donor Advised Fund, L.P. v. U.S. Bank National Association, et al*, formerly pending in the United States District Court for the Southern District of New York; and (b) Case No. 1:20-cv-01036-LGS; *The Charitable Donor Advised Fund, L.P. and CLO Holdco, Ltd. v. U.S. Bank National Association, et al*, formerly pending in the United States District Court for the Southern District of New York.

c.    "<u>Effective Date</u>" means the date of an order of the Court approving the Settlement Agreement pursuant to a motion filed under Rule 9019.

d.    "<u>Filed Cases</u>" means (a) the HCMLP Bankruptcy Case, (b) *Acis Capital Management, L.P., et al. v. Highland Capital Management, L.P., et al*, Case No. 18-03078 (Bankr. N.D. Tex. 2018); (c) *Motion for Relief from the Automatic Stay to Allow Pursuit of Motion for Order to Show Cause for Violations of the Acis Plan Injunction*, Case No. 19-34054-sgj-11 [Docket No. 593] (Bankr. N.D. Tex. 2020); (d) *Joshua and Jennifer Terry v. Highland Capital Management, L.P., James Dondero and Thomas Surgent*, Case No. DC-16-11396, pending in the 162nd District Court of Dallas County Texas; (e) *Acis Capital Management, L.P., et al v. James Dondero, et al.*, Case No. 20-0360 (Bankruptcy N.D. Tex. 2020); (f) *Acis Capital Management, L.P., et al v. Gary Cruciani, et al.*, Case No. DC-20-05534, pending in the 162nd District Court of Dallas County Texas; (g) *Highland CLO Funding v. Joshua Terry*, [No Case Number], pending in the Royal Court of the Island of Guernsey; and (h) the Acis Bankruptcy Case.

e.    "<u>HCMLP Bankruptcy Case</u>" means *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex. 2019).

f.    "<u>HCMLP Specified Party</u>" means Scott Ellington, Isaac Leventon, Thomas Surgent, Frank Waterhouse, Jean Paul Sevilla, David Klos, Kristin Hendrix, Timothy Cournoyer, Stephanie Vitiello, Katie Irving, Jon Poglitsch, or Hunter Covitz. For the avoidance of doubt, each HCMLP Specified Party is a HCMLP Released Party.

g.      "Plan" means the *Plan of Reorganization of Highland Capital Management, L.P.*, filed in the HCMLP Bankruptcy Case [Docket No. 956] as may be amended or restated.

h.      "Strand" means Strand Advisors, Inc.

5.      Miscellaneous.

a.      For the avoidance of doubt, all rights, duties, and obligations of any HCMLP Released Party or Acis Released Party created by this Release or the Settlement Agreement shall survive its execution.

b.      This Release, together with the Settlement Agreement and any exhibits thereto, contains the entire agreement between the Parties as to its subject matter and supersedes and replaces any and all prior agreements and undertakings between the Parties relating thereto.

c.      This Release may not be modified other than by a signed writing executed by the Parties.

d.      The effectiveness of this Release is subject in all respects to entry of an order of the Court approving this Release and the Settlement Agreement and authorizing HCMLP's execution thereof.

e.      This Release may be executed in counterparts (including facsimile and electronic transmission counterparts), each of which will be deemed an original but all of which together constitute one and the same instrument, and shall be effective against a Party upon the Effective Date.

f.      This Release will be exclusively governed by and construed and enforced in accordance with the laws of the State of Texas, without regard to its conflicts of law principles, and all claims relating to or arising out of this Release, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be governed by the laws of the State of Texas, excluding Texas's conflicts of law principles. The Court will retain exclusive jurisdiction over all disputes relating to this Release.  In any action to enforce this Release, the prevailing party shall be entitled to recover its reasonable and necessary attorneys' fees and costs (including experts).

*[SIGNATURE PAGE FOLLOWS]*

IT IS HEREBY AGREED.

ACIS CAPITAL MANAGEMENT, L.P.

By: _____
Name: _Joshua N. Terry_____
Its: _President_____

ACIS CAPITAL MANAGEMENT GP LLC

By: _____
Name: _Joshua N. Terry_____
Its: _President_____

JOSHUA N. TERRY

By: _____
Name: _Joshua N. Terry_____
Its: _Self_____

JENNIFER G. TERRY

By: _____
Name: _Jennifer G. Terry_____
Its: _Self_____

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: _____
Its: _____

**IT IS HEREBY AGREED.**

ACIS CAPITAL MANAGEMENT, L.P.

By: _____
Name: _____
Its: _____

ACIS CAPITAL MANAGEMENT GP LLC

By: _____
Name: _____
Its: _____

JOSHUA N. TERRY

By: _____
Name: _____
Its: _____

JENNIFER G. TERRY

By: _____
Name: _____
Its: _____

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: _James P. Seery, Jr._
Its: _CEO/CRO_

**HCMLP SPECIFIED PARTIES**

SCOTT ELLINGTON

_____

ISAAC LEVENTON

_____

THOMAS SURGENT

_____

FRANK WATERHOUSE

_____

JEAN PAUL SEVILLA

_____

DAVID KLOS

_____

KRISTIN HENDRIX

_____

TIMOTHY COURNOYER

_____

STEPHANIE VITIELLO

_____

KATIE IRVING

_____

JON POGLITSCH

_____

**HUNTER COVITZ**

_____