IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------------------------------------x
*In re*                                                        :
                                                           :  Chapter 11
HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]                          :
                                                           :  Case No. 19-34054-sgj11
       Debtor.                :
---------------------------------------------------------------x

### UBS'S RESPONSE IN OPPOSITION TO MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 AND IN SUPPORT OF RULE 56(d) REQUEST

TO THE HONORABLE STACEY G. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

UBS Securities LLC and UBS AG, London Branch (together "**UBS**") submit this response (this "**Opposition**") to the motions for partial summary judgment (the "**Partial Summary Judgment Motions**") on Proof of Claim Nos. 190 and 191 (the "**UBS Claim**") filed by (1) Highland Capital Management, L.P. ("**HCM**" or the "**Debtor**") [Docket No. 1180] and (2) the Redeemer Committee of the Highland Crusader Fund ("**Redeemer**") and the Crusader Funds (the "**Crusader Funds**") [Docket No. 1183] (collectively, the "**Movants**"). For the reasons stated herein and in the accompanying *Brief in Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191* (the **Opposition Brief**"),[2] the Partial Summary Judgment Motions should be denied in their entirety. Concurrently herewith and in support hereof, UBS is filing the Opposition Brief, the *Appendix of Exhibits in Support of UBS's Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191*, and the *Declaration of Sarah*

---

[1]     The Debtor's last four digits of its taxpayer identification number are 6725. The headquarters and service address for the Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Opposition Brief.

*Tomkowiak in Support of UBS's Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191*.

1. The Partial Summary Judgment Motions should be denied because the Movants have failed to demonstrate that summary judgment should be granted in their favor on any portion of the UBS Claim, as a matter of law.

2. The Partial Summary Judgment Motions seek to limit UBS's damages for its fraudulent conveyance and implied covenant claims against the Debtor to the value of a subset of the March 2009 transfers, thus limiting the Debtor's potential liability to UBS to a "maximum principal amount" of approximately $61 million. In support of that position, the movants argue that (1) the New York Appellate Division's *res judicata* rulings limit UBS's implied duty claim to losses relating to certain March 2009 transfers totaling $233 million; and (2) UBS released all of its claims against the Debtor with respect to $172 million of those March 2009 transfers by virtue of Settlements it executed with affiliates of the Debtor in 2015.

3. UBS's implied covenant claim asserts that the Debtor breached its implied duty by, among other things, taking and failing to take actions that frustrated UBS's ability to recover losses from the Fund Counterparties under the Warehouse Agreements. While the factual bases for UBS's implied covenant claim include the March 2009 transfers, the implied covenant claim is not limited to the March 2009 transfers, as the record reflects. The scope of UBS's implied covenant claim is a matter for trial, not summary judgment, but in all events the existence of genuine disputes of fact on this issue preclude summary judgment.

4. The Partial Summary Judgment Motions should be denied insofar as they rely on the Settlements because UBS never released any portion of its implied duty claim against the Debtor. Under the plain and unambiguous language of the Settlements, the limited release of the

Debtor extended only to a subset of UBS's fraudulent conveyance claims against the Debtor. The Movants' contrary interpretation should be rejected as a matter of law. And in all events the relevant extrinsic evidence confirms that the limited release does not extend to UBS's implied covenant claim against the Debtor.

5.   The Movants also argue that the UBS Claim should be disallowed to the extent that UBS seeks to enforce the Phase I judgment against the Debtor and that UBS is barred from pursuing an alter ego theory of liability against the Debtor post-trial. But UBS is not presently seeking to enforce the Phase I judgment against the Debtor, and the Movants' contention that UBS is precluded from subsequently pursuing post-trial relief against the Debtor is unavailing.

6.   Alternatively, the Partial Summary Judgment Motions should be denied or deferred pursuant to Federal Rule of Civil Procedure 56(d) because the Debtor has failed to produce discovery that is necessary for UBS to adequately respond to certain of the Movants' arguments in the Partial Summary Judgment Motions. In particular, despite UBS's diligent efforts to obtain such information, the Debtor has failed to produce complete information regarding the assets held by the Fund Counterparties and HFP at relevant points in time. That information is likely to create additional genuine issues of material fact regarding the damages that UBS is entitled to recover from the Debtor pursuant to the UBS Claim and the scope of UBS's implied covenant claim against the Debtor.

7.   Pursuant to N.D. Tex. L.B.R. 7056-1(d)(2), UBS states that each of the matters required by N.D. Tex. L.B.R. 7056-1(d)(1) is set forth in the Opposition Brief.

WHEREFORE, UBS respectfully requests that this Court deny the Partial Summary Judgment Motions in their entirety and grant UBS such further relief as may be just and proper.

DATED this 6th day of November, 2020.

**LATHAM & WATKINS LLP**

By /s/ Sarah Tomkowiak

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
      sarah.tomkowiak@lw.com

and

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
      kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
E-mail: martin.sosland@butlersnow.com
      candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG, London Branch*

**CERTIFICATE OF SERVICE**

I, Martin Sosland, certify that *UBS's Response in Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 and in Support of Rule 56(d) Request* was filed electronically through the Court's ECF system, which provides notice to all parties of interest.

Dated: November 6, 2020.

/s/ Martin Sosland