PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S EMERGENCY MOTION TO QUASH SUBPOENA AND FOR ENTRY OF
A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, FOR AN ADJOURNMENT**

Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession

in the above-captioned chapter 11 bankruptcy case (the "Case"), hereby moves this Court (the

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

2

"Motion"), pursuant to Federal Rules of Civil Procedure 26(b), 26(c), and 34, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034, for the entry of a protective order, and, pursuant to Federal Rule of Civil Procedure 45(d), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 9016, to quash the Subpoenas (as defined below), notice of which was filed by Mr. James Dondero on Sunday evening, December 13, 2020, for the hearing to be held on December 16, 2020 (the "Hearing"), in connection with Mr. Dondero's *Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business* [Docket No. 1439] ("Mr. Dondero's Motion"), or, in the alternative, for an adjournment of the Hearing.

In support of the Motion, the Debtor respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. Mr. Dondero's Motion was filed on November 19, 2020, and seeks the entry of an order "modifying the Protocols and requiring that, at least until confirmation of a plan, all transactions outside the ordinary course of business, including the disposition of substantial assets held by Debtor's wholly-owned or controlled subsidiaries, only occur after notice and an opportunity for a hearing." Mr. Dondero's Motion ¶18.

2. Mr. Dondero's Motion is completely unnecessary. As the Debtor has already pointed out, (a) the Protocols do not permit the Debtor to engage in transactions outside the ordinary course of business without notice and this Court's approval, (b) courts generally have no jurisdiction over the sale of assets owned by non-debtor affiliates or entities managed by a debtor ("Non-Debtor Transactions"), but (c) nevertheless, as part of the corporate governance settlement approved by the Court with Mr. Dondero's knowledge and consent, the Debtor must

provide notice to the Official Committee of Unsecured Creditors (the "Committee") of certain Non-Debtor Transactions in this case. *See generally* Objection to Mr. Dondero's Motion.[2]

3. During the hearing on December 10, 2020, where the Court granted the Debtor's motion for a temporary restraining order preventing Mr. Dondero from, among other things, interfering with the Debtor's business, counsel for the Committee informed the Court that the Protocols are working as intended and that the Committee and its professionals have been given notice of, analyzed, and made independent determinations concerning transactions subject to the Protocols, including applicable Non-Debtor Transactions. At that same hearing, the Court stated that if Mr. Dondero intended to pursue his Motion, he needed to appear for testimony.

4. Shortly after the hearing, the Debtor requested Mr. Dondero's deposition. Regrettably, despite having sought *no* discovery on Mr. Dondero's Motion since it was filed on November 19, 2020, Mr. Dondero responded by (a) noticing the depositions of (i) James P. Seery, Jr., (ii) John Dubel, and (iii) Russell Nelms, all three members of the Board of Strand Advisors, Inc., the Debtor's general partner, and (b) filing notice of his intent to serve trial subpoenas on (i) Mr. Nelms, (ii) Fred Caruso, a partner with Development Specialists, Inc., the Debtor's financial advisor, and (iii) Jean Paul Sevilla, an employee of the Debtor.

5. Seeking testimony from five (5) different witnesses at the last minute in connection with an unnecessary motion is harassment and is unduly burdensome on the Debtor and all of the witnesses. Notably, unlike Mr. Dondero, none of the witnesses approved the Protocols or, with the exception of Mr. Caruso, were involved in their negotiation. Moreover, Mr. Seery, the Debtor's CEO and CRO, can knowledgably and competently testify about any

---

[2] "Debtor's Response to Mr. Dondero's Motion" refers to the *Debtor's Response Mr. James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business* [Docket No. 1546]. The Committee objected to Mr. Dondero's Motion and joined in the Debtor's Response to Mr. Dondero's Motion. [Docket No. 1551].

3

transaction that the Debtor has negotiated and executed since January 9, 2020, when the corporate governance agreement was reached.

6. There is simply no need for a parade of witnesses as Mr. Dondero demands and the Debtor's motion for a protective order and to quash the Subpoenas should be granted or, alternatively, the Court should continue the Hearing to January 4, 2021 (when the Court will hear the Debtor's motion for a preliminary injunction against Mr. Dondero) so the Debtor has a reasonable time to prepare its witnesses and any depositions can be reasonably managed.

## II. RELIEF REQUESTED

7. By this Motion, the Debtor seeks the entry of (a) a protective order preventing the depositions of Mr. Dubel and Mr. Nelms from going forward,[3] (b) an order quashing the Subpoenas (as defined below), or, (c) in the alternative, continuing the Hearing to January 4, 2020.[4]

## III. JURISDICTION AND VENUE

8. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[3] In addition to Mr. Dondero, the only witness the Debtor intends to call at the Hearing is Mr. Seery. Therefore, the Debtor is making Mr. Seery available for a three-hour deposition on December 14, 2020, commencing at 9:30 a.m. Central Time.

[4] If the Court is inclined to continue the Hearing, the Debtor would agree to provide Mr. Dondero with three (3) business days' notice before selling any non-security assets from any managed fund before January 13, 2021.

## IV. BACKGROUND

9. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

10. On October 29, 2019, the Committee was appointed by the U.S. Trustee in the Delaware Court. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Case to this Court [Docket No. 186].[5]

11. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 Case.

12. On January 9, 2020, the Court held a hearing on that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] during which the Debtor presented a Term Sheet (the "Term Sheet").

## V. RELEVANT FACTS

**A. The Relief Sought in Mr. Dondero's Motion is Either Unnecessary or is Beyond the Court's Jurisdiction to Grant**

13. On November 19, 2020, Mr. Dondero filed his *Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business* [Docket No. 1439].

14. In his Motion, Mr. Dondero requested that the Court enter an order "modifying the Protocols and requiring that, at least until confirmation of a plan, all transactions

---

[5] All docket numbers refer to the docket maintained by this Court.

5

outside the ordinary course of business, including the disposition of substantial assets held by Debtor's wholly-owned or controlled subsidiaries, only occur after notice and an opportunity for a hearing." Mr. Dondero's Motion ¶18.

15. However, as the Debtor has already pointed out, (a) the Protocols do not permit the Debtor to engage in transactions outside the ordinary course of business without notice and this Court's approval (so that part of Mr. Dondero's Motion is unnecessary), (b) courts generally have no jurisdiction over Non-Debtor Transactions (so Mr. Dondero's request for notice of Non-Debtor Transactions is a request that cannot be granted absent, perhaps, extraordinary circumstances that even Mr. Dondero does not contend exist here (nor could he given the Committee's representations that the Protocols are working as intended)), but (c) nevertheless, as part of the corporate governance settlement approved by the Court with Mr. Dondero's knowledge and consent, the Debtor must provide notice to Committee of certain Non-Debtor Transactions in this case. *See generally* Objection to Mr. Dondero's Motion.

**B.**   **Mr. Dondero Refuses to Withdraw any of his Three (3) Deposition Notices and Three (3) Trial Subpoenas Served Days Before the <u>Hearing</u>**

16. On November 10, 2020, after the Court directed Mr. Dondero to appear at the Hearing on Mr. Dondero's Motion, the Debtor requested Mr. Dondero's deposition. [Docket No. 1555].

17. Thereafter, Mr. Dondero's counsel informed the Debtor's counsel that they wanted to take the depositions of all three directors and Mr. Caruso, and were considering whether to call Scott Ellington, the Debtor's General Counsel, and Mr. Sevilla, an employee of the Debtor, at the Hearing.

18. The Debtor objected to the requests for the depositions of all three directors and Mr. Caruso as unduly burdensome, unreasonable, and unnecessary, but offered to

make Mr. Seery and one additional director of Mr. Dondero's choosing available for deposition. The Debtor also requested an opportunity to depose any other witness that Mr. Dondero intended to call at the Hearing.

19. Mr. Dondero's counsel informed the Debtor that it would take Mr. Dubel's deposition while reserving the right to seek Mr. Nelms deposition. Mr. Dondero's counsel never responded to the Debtor's concerns. Instead, they filed and have refused to withdraw:

- Notice of Deposition for Mr. Seery [Docket No. 1548];
- Notice of Deposition for Mr. Dubel [Docket No. 1549]
- Notice of Deposition for Mr. Nelms [Docket No. 1550]
- Notice of Intent to Serve Subpoena on Mr. Sevilla [Docket No. 1559]
- Notice of Intent to Serve Subpoena on Mr. Nelms [Docket No. 1560]
- Notice of Intent to Serve Subpoena on Mr. Caruso [Docket No. 1561]

.

## VI. ARGUMENT

### A. The Court Should Enter a Protective Order

20. Federal Rule of Civil Procedure 26(c)(1), made applicable to the Committee's Requests pursuant to Bankruptcy Rule 7026, provides, among other things, that a court may issue a protective order upon "good cause" shown and may fashion such protective order to fit the needs of the case. F. R. Civ. P. 26(c)(1).

21. "Good cause" exists for the issuance of a protective order preventing Mr. Dondero from taking the depositions of Mr. Dubel and Mr. Nelms in connection with the Mr. Dondero's Motion because (a) neither of them have any personal knowledge concerning the negotiation of the Protocols, (b) Mr. Dondero's Motion is unnecessary for the reasons set forth in

7

the Debtor's Response to Mr. Dondero's Motion, (c) Mr. Dondero sat on his hands and sought no discovery from November 19 (when he filed his Motion) until after the Debtor requested his deposition following the December 10 hearing, and (d) Mr. Seery, the Debtor's CEO and CRO is fully informed about, and authorized, all of the Debtor's transactions after January 9, 2020, and will testify at deposition and at the Hearing making any testimony by Mr. Dubel or Mr. Nelms duplicative, at best.

22. For the foregoing reasons, the Court should enter a protective order preventing the depositions of Mr. Dubel and Mr. Nelms.

**B.** **The Court Must Quash the Subpoenas**

23. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a court "must" quash a subpoena that places an undue burden. That standard is easily met here.

24. They subpoenas place an undue burden on each of the witnesses because (a) Mr. Dondero's Motion is unnecessary, (b) none of them have any personal knowledge concerning the negotiation of the Protocols, (c) their testimony is not the best evidence concerning any particular transaction given that Mr. Seery is fully informed about, and authorized, all of the Debtor's transactions after January 9, 2020, and will testify at deposition and at the Hearing, and (d) there is therefore no need for them to divert their attention, devote their time, and engage in this process.

25. For the foregoing reasons, the Court "must" quash the Subpoenas.

**C.** **Alternatively, the Hearing Should Be Adjourned to January 4**

26. If the Court declines to issue a protective order or quash the Subpoenas, the Court should adjourn the Hearing to January 4, 2021, to coincide with the already-scheduled hearing on the Debtor's motion for a Preliminary Injunction against Mr. Dondero so as to avoid unfair prejudice to the Debtor.

27. Mr. Dondero sought no discovery on his Motion between November 19 and December 10, when the Debtor requested his deposition.

28. All five of the individuals that Mr. Dondero seeks to depose or examine at the Hearing are employed by, or are agents of, the Debtor. The Debtor cannot adequately prepare so many witnesses in such a short time and should not be forced to simply because Mr. Dondero did not like being asked to appear at a deposition in connection with an unnecessary Motion he brought and continues to pursue.

29. If the Court declines to issue a protective order or quash the Subpoenas, the Court should adjourn the Hearing to January 4, 2021.

## VII.   NOTICE

30. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the Debtor's principal secured parties; (d) counsel to the Committee; (e) counsel to Mr. Dondero; and (f) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VIII.   PRAYER

31. WHEREFORE, the Debtor respectfully requests that the Court (a) enter a protective order preventing the depositions of Mr. Dubel and Mr. Nelms from going forward, (b) quash the Subpoenas, or, (c) alternatively, continue the Hearing to January 4, 2020.

| | |
|---|---|
| Dated: December 14, 2020. | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>ikharasch@pszjlaw.com<br>jmorris@pszjlaw.com<br>gdemo@pszjlaw.com |
| | -and- |
| | **HAYWARD & ASSOCIATES PLLC** |
| | */s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110 |
| | *Counsel for the Debtor and Debtor-in-Possession* |