PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR AN EMERGENCY HEARING ON ITS EMERGENCY MOTION
TO QUASH SUBPOENA AND FOR ENTRY OF A PROTECTIVE ORDER OR, IN THE
<u>ALTERNATIVE, FOR AN ADJOURNMENT</u>**

Highland Capital Management, L.P. (the "<u>Debtor</u>"), the debtor and debtor-in-possession

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"), hereby files this motion (the "Motion to Expedite") requesting that an **emergency hearing** be set on its *Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment* [Docket No. 1564] ( the "Motion to Quash") and *Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment* [Docket No. 1565] (the "Motion for Protective Order", and collectively with the Motion to Quash, the "Motions")[2] as soon as counsel can be heard. In support of the Motion to Expedite, the Debtor respectfully states the following:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

3. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

---

[2] Capitalized terms not otherwise defined in this Motion to Expedite have the meanings ascribed to them in the Motions.

4.      On October 29, 2019, the Committee was appointed by the U.S. Trustee in the Delaware Court. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].[3]

5.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 Case.

6.      On December 14, 2020, the Debtor filed the Motions seeking the entry of (a) a protective order preventing the depositions of Mr. Dubel and Mr. Nelms from going forward,[4] (b) an order quashing the Subpoenas, or, (c) in the alternative, continuing the Hearing to January 4, 2020.[5]

### III.     ARGUMENT AND AUTHORITIES

7.      Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Furthermore, pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, reduce the notice period required prior to a hearing.

8.      A prompt hearing on the Motions is necessary because Mr. Dondero's efforts to obtain testimony from five (5) different witnesses at the last minute in connection with an unnecessary motion is harassment and is unduly burdensome on the Debtor and all of the witnesses. Notably, unlike Mr. Dondero, none of the witnesses approved the Protocols or, with the exception of Mr. Caruso, were involved in their negotiation. Moreover, Mr. Seery, the

---

[3] All docket numbers refer to the docket maintained by this Court.

[4] In addition to Mr. Dondero, the only witness the Debtor intends to call at the Hearing is Mr. Seery. Therefore, the Debtor is making Mr. Seery available for a three-hour deposition on December 14, 2020, commencing at 9:30 a.m. Central Time.

[5] If the Court is inclined to continue the Hearing, the Debtor would agree to provide Mr. Dondero with three (3) business days' notice before selling any non-security assets from any managed fund before January 13, 2021.

3

Debtor's CEO and CRO, can knowledgably and competently testify about any transaction that the Debtor has negotiated and executed since January 9, 2020, when the corporate governance agreement was reached.

9. Notice of the proposed expedited hearing will be provided to counsel for Mr. Dondero by email and overnight mail. Such notice is sufficient because the relief requested in the Motion is sought against Mr. Dondero.

10. The Debtor is requesting an expedited hearing on the Motion at the earliest available opportunity.

## IV. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court (a) grant the Motion to Expedite, (b) schedule a hearing on the Motions at the earliest available opportunity, and (c) grant the Debtor such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: December 14, 2020. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>ikharasch@pszjlaw.com<br>jmorris@pszjlaw.com<br>gdemo@pszjlaw.com<br><br>-and-<br><br>**HAYWARD & ASSOCIATES PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for the Debtor and Debtor-in-Possession* |

## **CERTIFICATE OF CONFERENCE**

      The undersigned hereby certifies that, on December 14, 2020, counsel for the Debtor communicated with counsel for Mr. James Dondero regarding the relief requested in the Motion to Expedite. Counsel for Mr. Dondero advised that Mr. Dondero is not opposed to the granting of the Motion to Expedite.

                                            */s/ Zachery Z. Annable*
                                            Zachery Z. Annable