# EXHIBIT G

# WRITTEN CONSENT
## of
## THE GENERAL PARTNER
## of
## HIGHLAND CAPITAL MANAGEMENT, L.P.

### Effective September 21, 2020

The undersigned, being all of the directors (the "*Directors*") of Strand Advisors, Inc., a Delaware corporation (the "*General Partner*"), as general partner of Highland Capital Management, L.P., a limited partnership duly organized and existing under the laws of Delaware ("*HCMLP*"), do hereby consent and agree to take the following actions and adopt the following resolutions in lieu of a meeting on behalf of HCMLP:

WHEREAS, HCMLP serves as the investment manager, general partner, or controlling shareholder of each of the entities set forth on Appendix A hereto (collectively, the "*Managed Entities*") and has the exclusive and complete authority thereby to bind, or cause to be bound, each of the Managed Entities, which includes the authority to direct the buying and selling of the Managed Entities' assets;

WHEREAS, on July 6, 2020, after substantial negotiations, HCMLP, on behalf of the Managed Entities, entered into that certain Company Interests Purchase and Sale Agreement (as amended, the "*Agreement*") with Strategic Value Partners ("*SVP*");

WHEREAS, pursuant to the Agreement, the Managed Entities agreed to sell to SVP their interests in OmniMax Holdings, Inc., and certain of its related entities (collectively, "*OmniMax*"), at a price (the "*Purchase Price*") equal to 29.5% of the March 31, 2020 balance of that certain PIK loan issued by OmniMax in favor of such Managed Entities (the "*PIK Loan*");

WHEREAS, as a condition to SVP's agreement to purchase the PIK Loan and pay the Purchase Price, the Managed Entities agreed to pay 50% of certain costs associated with obtaining necessary consents from the holders of interests held by certain entities related to HCMLP which are managed by entities controlled by James Dondero and are predominantly retail funds (the "*Non-HCMLP Parties*"), whether such costs arose in connection with OmniMax entering into bankruptcy pursuant to Chapter 11 of the U.S. Bankruptcy Code (the "*Chapter 11 Process*"), or, upon certain necessary consents being received, outside of a Chapter 11 Process;

WHEREAS, SVP and OmniMax entered into an agreement (the "*Sale Agreement*") pursuant to which SVP agreed to purchase substantially all of the business and operations of OmniMax (the "*Omnimax Sale*") either through a Chapter 11 Process, or, upon certain necessary consents being received, outside of a Chapter 11 Process;

WHEREAS, a necessary consent to consummate the Omnimax Sale outside of a Chapter 11 Process is the consent of the Non-HCMLP Parties;

WHEREAS, the parties engaged in commercially reasonable negotiations with the Non-HCMLP Parties to obtain from such parties their consent and agreement on substantially the same terms as the Agreement, but, despite the clear benefits to all parties, and notwithstanding Mr. Dondero's role at HCMLP and his duties to the Managed Entities, the Non-HCMLP Parties refused or declined to finalize and execute any definitive agreements and instead the Non-HCMLP Parties asserted a hold-out position that would necessitate a Chapter 11 Process;

WHEREAS, following further negotiations, and rather than pursuing a more costly Chapter 11 Process, the Non-HCMLP Parties and SVP agreed to enter into a definitive agreement that would provide, among other things, that the purchase price for the interests of the Non-HCMLP Parties shall be 40.0%, or 10.5% in excess of the Purchase Price (such excess, the "***NHP Premium***");

WHEREAS, pursuant to the Agreement, the Managed Entities and SVP had agreed to share certain costs in connection with either (x) a definitive agreement with the Non-HCMLP Parties (a "***NHP Agreement***"), or (y) in the absence of obtaining a definitive agreement, the Chapter 11 Process;

WHEREAS, to facilitate the purchase of the Non-HCMLP Parties' interests in OmniMax, SVP has requested, pursuant to the Agreement, that the Managed Entities pay 50% of the NHP Premium or, in the absence of such agreement, to pay 50% of the costs of the Chapter 11 Process in accordance with the terms of the Agreement;

WHEREAS, HCMLP has analyzed the costs and its obligations under the Agreement and has determined, with the assistance of counsel, that it is more cost-effective to pay 50% of the NHP Premium than it would be to pay 50% of the costs associated with a Chapter 11 Process;

WHEREAS, HCMLP, on behalf of the Managed Entities, and SVP have agreed to further amend the Agreement to provide that 50% of the NHP Premium will be deducted from the Purchase Price otherwise payable to the Managed Entities (the "***Amended Agreement***").

NOW, THEREFORE, BE IT RESOLVED, that James P. Seery, Jr., HCMLP's chief executive officer and chief restructuring officer, be and hereby is authorized and empowered to act on behalf of HCMLP, as investment manager, general partner, or controlling shareholder of the Managed Entities, to execute the Amended Agreement on behalf of each of the Managed Entities and to take such other actions as Mr. Seery deems appropriate to effectuate the terms and intent of the Amended Agreement.

FURTHER RESOLVED, that immediately preceding authorization shall remain in effect until further written notice from HCMLP.

FURTHER RESOLVED, that the Directors hereby ratify and approve all actions taken by Mr. Seery with respect to OmniMax and the sale, or potential sale, of the Managed Entities' interests in OmniMax prior to the date hereof.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the undersigned, being all of the Directors of the General Partner, have executed this consent to be effective as of the date first set forth above.

**DIRECTORS:**

_____
John S. Dubel

_____
James P. Seery, Jr.

_____
Russell F. Nelms

**IN WITNESS WHEREOF,** the undersigned, being all of the Directors of the General Partner, have executed this consent to be effective as of the date first set forth above.

**DIRECTORS:**

_____
John S. Dubel

_____
James P. Seery, Jr.

_____
Russell F. Nelms