SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) ) | Related to Dkt. No. 1168 |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS ADVERSARY COMPLAINT AND <u>OTHER MATERIALS SUBJECT TO PROTECTIVE ORDER</u>**

By this motion (the "<u>Motion to Seal</u>"), the official committee of unsecured creditors (the "<u>Committee</u>") of Highland Capital Management, L.P. (the "<u>Debtor</u>"), pursuant to section

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

1

105(a) of chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 9077-1 of the Bankruptcy Rules for the Northern District of Texas (the "Local Rules"), section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Agreed Protective Order* [Docket No. 382], seeks the entry of an order authorizing the Committee to file the following under seal: (1) its Adversary Complaint titled *Official Committee of Unsecured Creditors v. CLO Holdco Ltd., Charitable DAF Holdco, Ltd. Charitable DAF Fund LP, Highland Dallas Foundation, Inc., The Dugaboy Investment Trust, Grant James Scott III, in his Individual Capacity and as Trustee of the Dugaboy Investment Trust, Grant James Scott III, in his Capacity as the Trustee of the Get Good Nonexempt Trust, and James D. Dondero* (the "Adversary Complaint"), filed under seal and attached to this Motion to Seal as **Exhibit B** and (2) its *Motion for Preliminary Injunction Against CLO Holdco, Ltd.* and accompanying Appendix (collectively, the "Motion for Preliminary Injunction"), filed under seal and attached to this Motion to Seal as **Exhibits C** and **D**, respectively. The Committee further respectfully requests that the order allow any materials identified as Highly Confidential Information under the terms of the Agreed Protective Order be filed under seal in the adversary proceeding on a future basis. In support of this Motion to Seal, the Committee respectfully state as follows:

**Jurisdiction and Venue**

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Local Bankruptcy Rule 9077-1.

2

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS ADVERSARY COMPLAINT AND OTHER MATERIALS SUBJECT TO PROTECTIVE ORDER**

**Relief Requested**

3.      By this Motion to Seal, the Committee seeks the entry of an order, pursuant to Section 105(a) of the Bankruptcy Code and Local Rule 9077-1, authorizing the Committee to file the Adversary Complaint, Motion for Preliminary Injunction, and any other filings reflecting or attaching Highly Confidential Information pursuant to the Agreed Protective Order under seal.

**Basis for Relief**

4.      On January 22, 2020, this Court entered the Agreed Protective Order, which "governs any document, information, or other thing that has been or will be produced or received by a Party in the action *In re Highland Capital Management, L.P.*, Case No. 19-34054 (SJG)," pending before this Court (the "Discovery Materials").

5.      Pursuant to the terms of the Agreed Protective Order, Discovery Materials designated as "Highly Confidential" may only be disclosed to the United States Bankruptcy Court for the Northern District of Texas if the information is filed under seal under the procedures set forth in Local Rule 9077-1. (Agreed Protective Order ¶ 4.)

6.      The Committee's Adversary Complaint and Motion for Preliminary Injunction reflect information or contain documents produced pursuant to the Agreed Protective Order and designated by the Debtor as Highly Confidential Information.

7.      Counsel for the Committee is conferring with counsel for the Debtor to resolve these confidentiality issues in accordance with the terms of the Agreed Protective Order, and will provide unredacted versions of the Adversary Complaint and Motion for Preliminary Injunction to the Court for its consideration. Until the Committee and Debtor are able to resolve the confidentiality issues, the Committee respectfully requests that the Adversary Complaint and Motion for Preliminary Injunction are not made publicly available.

3

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS ADVERSARY COMPLAINT AND OTHER MATERIALS SUBJECT TO PROTECTIVE ORDER**

8.  The Committee further respectfully requests that, going forward, the Parties to the Agreed Protective Order will have the right to file under seal documents that are designated as Highly Confidential or that reflect Highly Confidential information.

### Notice

9.  Notice of the Motion to Seal shall be provided to (a) the Office of the United States Trustee for the Northern District of Texas, (b) counsel to the Debtor, (c) counsel to the Defendants,[2] if known, and (d) the Defendants.  A copy of the Motion to Seal will also be filed with the Court.  The Committee submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** (a) granting the relief sought herein; and (b) granting to the Committee such other and further relief as the Court may deem proper.

---

[2] "Defendants" refers to CLO Holdco Ltd., Charitable DAF Holdco, Ltd. Charitable DAF Fund LP, Highland Dallas Foundation, Inc., The Dugaboy Investment Trust, Grant James Scott III, in his Individual Capacity and as Trustee of the Dugaboy Investment Trust, Grant James Scott III, in his Capacity as the Trustee of the Get Good Nonexempt Trust, and James D. Dondero.

4

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS ADVERSARY COMPLAINT AND OTHER MATERIALS SUBJECT TO PROTECTIVE ORDER**

Dated: December 17, 2020
      Dallas, Texas

Respectfully submitted,

SIDLEY AUSTIN LLP

/s/ *Paige Holden Montgomery*
Paige Holden Montgomery
Penny P. Reid
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

-and-

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

5

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS ADVERSARY COMPLAINT AND OTHER MATERIALS SUBJECT TO PROTECTIVE ORDER**

**<u>EXHIBIT A</u>**
**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Debtor. | ) |

**ORDER GRANTING MOTION TO FILE UNDER SEAL ADVERSARY COMPLAINT
AND MOTION FOR PRELIMINARY INJUNCTION**

Upon the consideration of the *Motion of the Official Committee of Unsecured Creditors to File Under Seal its Adversary Complaint and Motion for Preliminary Injunction* (the "Motion to Seal")*,* filed by the official committee of unsecured creditors (the "Committee"), it is hereby **ORDERED** that:

1. The Motion to Seal is GRANTED.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

2. The Committee is authorized to file the Adversary Complaint[3] and Motion for Preliminary Injunction under seal.

3. Until and unless the Committee and the Debtor resolve the confidentiality issues as described in the Motion to Seal, the unredacted Adversary Complaint and Motion for Preliminary Injunction shall not be made available to anyone, except the Court, the U.S. Trustee, the Debtor, and other parties in interest as may be ordered or otherwise required by the Court, and all parties receiving the unredacted Adversary Complaint and Motion for Preliminary Injunction shall maintain its confidentiality and the confidentiality of its subject matter, including in connection with any pleadings filed with this Court.

4. The Parties to the Agreed Protective Order can, during the pendency of this Adversary Proceeding, file under seal documents that are designated as Highly Confidential Information or that reflect Highly Confidential Information without further leave of Court.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # End of Order # # #

---

[3] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion to Seal.

# E<span>XHIBIT</span> B

REQUEST TO FILE UNDER SEAL PENDING

# EXHIBIT C

REQUEST TO FILE UNDER SEAL PENDING

# EXHIBIT D

REQUEST TO FILE UNDER SEAL PENDING