PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AGREED MOTION TO (I) ASSUME NONRESIDENTIAL REAL
PROPERTY LEASE WITH CRESCENT TC INVESTORS, L.P. UPON CONFIRMATION
OF PLAN AND (II) EXTEND ASSUMPTION DEADLINE**

Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"), files this *Agreed Motion to (I) Assume Non-Residential Real Property Lease with Crescent TC Investors, L.P. Upon Confirmation of Plan and (II) Extend Assumption Deadline* (this "Motion"), and in support thereof respectfully represents to the Court as follows.

# I.
# BACKGROUND

1. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"). On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Court. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].

2. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

3. The Debtor is party to a real property lease with Crescent TC Investors L.P. (the "Landlord") for the Debtor's headquarters located at 200/300 Crescent Ct., Suite #700, Dallas, TX 75201 (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit A**.

4. The Lease is unexpired and subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code. Under the Bankruptcy Code and the *Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease* (Dkt. No. 1122), the Debtor has until December 23, 2020 to assume or reject the Lease.

5. On November 24, 2020, the Debtor filed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (Dkt. No. 1472) (the "Plan"), and the hearing to consider confirmation of the Plan is set for January 13, 2021 at 9:30 a.m. Central Time (the "Confirmation Hearing").

## II.
## RELIEF REQUESTED

6. The Debtor wishes to assume the Lease provided that the Plan is confirmed at the Confirmation Hearing, and the Landlord has agreed that this Motion may be considered by the Court at the Confirmation Hearing.[1] The Debtor accordingly requests that the Court: (i) extend the deadline for the Debtor to assume or reject the Lease to January 29, 2021 and set this Motion for hearing concurrently with the Confirmation Hearing; and (ii) approve the Debtor's assumption of the Lease pursuant to section 365(a) of the Bankruptcy Code upon confirmation of the Plan.

7. The Debtor, with the assistance of counsel, has analyzed both the legal and financial implications of its decision to assume the Lease. In making its decision to assume the Lease, the Debtor analyzed the short-term ramifications of assuming or rejecting the Lease as well as the potential long-term impacts of such decision on the Debtor. The Debtor has determined that, if the Plan is confirmed, the rental obligations associated with the Lease are manageable for the Debtor given its revenues and that the Lease has substantial value to the Debtor's estate, as the Debtor's headquarters is in the leased premises.

8. Section 365(a) of the Bankruptcy Code provides that a debtor in possession may assume or reject any executory contract or unexpired lease, and such assumption or rejection is subject to review under the business judgment standard.[2] The business judgment test is not a strict standard, but merely requires a showing that either assumption or rejection of the contract at issue

---

[1] The Debtor reserves all rights with respect to the Lease if the Plan is not confirmed.

[2] Lubrizol Enters, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1046-47 (5th Cir. 1985); In re Wolfin Oil, LLC, 318 B.R. 392, 396 (Bankr. N.D. Tex. 2004) (approving assumption or unexpired leases and stating that "assumption of the lease must represent a proper exercise of business judgment" and the debtor "must ensure that any other party in an unexpired lease is made whole at the time of the debtor's assumption of said contract"); see also In re Mirant Corp., Case No. 03-46590, 2007 WL 2753277 at *7 (Bankr. N.D. Tex. Sept. 19, 2007) (confirming plan in which decisions regarding the assumption or rejection of executory contracts and unexpired leases were based on the debtor's reasonable exercise of sound business judgment).

will benefit the debtor's estate.[3] As such, the Court should defer to the business judgment of the debtor, unless bad faith or an abuse of discretion is shown.[4] Here, because the Debtor is headquartered at the leased premises, the Debtor has determined that the Lease is a valuable estate asset that will continue to provide value if the Debtor emerges from bankruptcy. As such, the assumption of the Lease is a proper exercise of the Debtor's business judgment if the Plan is confirmed.

9. After reviewing the terms of the Lease, the Debtor has determined, in its reasonable business judgment, that the Lease has substantial value to the Debtor's estate and respectfully submits that, in an exercise of its sound business judgment, the assumption of the Lease is in the best interest of the Debtor's estate if the Debtor's Plan is also confirmed at the Confirmation Hearing.

10. Section 365(d)(4)(B)(ii) of the Bankruptcy Code requires the consent of the landlord to seek a further extension of the deadline to assume or reject the Lease, and here, the Landlord has consented to all of the relief requested in this Motion, including an extension of the assumption deadline to January 29, 2021. The Debtor accordingly requests that the Court extend the assumption deadline to January 29, 2021 and approve the Debtor's assumption of the Lease along with confirmation of the Plan at the Confirmation Hearing.

## III.
## PRAYER

BASED UPON THE FOREGOING, the Debtor respectfully requests that the Court enter an order (i) granting this Motion, (ii) provided that the Plan is confirmed, authorizing the Debtor to assume the Lease as set forth herein, (iii) extending the deadline by which the Debtor must assume

---

[3] See NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982); cf Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

[4] In re McCommas LFG Processing Partners, LP, Case Nos. 07-32222, 07-32219, 2007 WL 4234139 at *14 (Bankr. N.D. Tex. Nov. 29, 2007) (citing In re Bildisco, 682 F.2d at 79) ("the business judgment rule as applied to a bankrupt's decision to [assume or reject] an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained business discretion").

the Lease pursuant to 11 U.S.C. § 365 to January 29, 2021; (iv) setting this Motion for hearing on January 13, 2021 at 9:30 a.m. Central Time; and (v) granting the Debtor such other and further relief to which it may be justly entitled.

Dated:  December 23, 2020.            Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:      jpomerantz@pszjlaw.com
            ikharasch@pcszjlaw.com
            gdemo@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Melissa S. Hayward*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*