

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 14, 2021**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

### ORDER APPROVING STIPULATION RESOLVING
### PROOF OF CLAIM NO. 166 FILED BY STINSON LEONARD STREET LLP

Upon consideration of the *Stipulation Resolving Proof of Claim No. 166 Filed by Stinson Leonard Street LLP* [Docket No. 1741] (the "Stipulation")[2] between Highland Capital Management, L.P. (the "Debtor") and claimant Stinson LLP, f/k/a Stinson Leonard Street LLP ("Stinson") resolving Stinson's Claim No. 166, in the above-captioned case, it is **HEREBY ORDERED THAT**:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Stipulation.

2

1. The Stipulation, a copy of which is attached hereto as **Exhibit A**, is approved.

2. Stinson's Claim No. 166 shall be reduced from $895,714.90 to $645,155.15 (the "Amended Amount") and shall not be subject to any objection, and will be treated as an allowed general unsecured claim under any chapter 11 plan confirmed in this case, not subject to further objection, offset, or avoidance under Chapter 5 of the Bankruptcy Code and shall be considered a Class 7 Claim under the *Debtor's Fifth Amended Plan of Reorganization* as may be amended or modified.

3. KCC, the court-appointed claims agent in this case shall, upon entry of an order approving this Stipulation, mark the claims register to reflect that Claim No. 166 is amended to reflect a nonpriority unsecured amount of $645,155.15.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###END OF ORDER###

**EXHIBIT A**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Maxim B. Litvak (Texas Bar No. 24002482)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Debtor. | |

**STIPULATION RESOLVING PROOF OF CLAIM NO. 166
FILED BY STINSON LEONARD STREET LLP**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

This Stipulation ("Stipulation") is entered into between Highland Capital Management, L.P. (the "Debtor") and claimant Stinson LLP, fka Stinson Leonard Street LLP ("Stinson"). The Debtor and Stinson shall also be referred to herein as a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, on October 16, 2019, Highland Capital Management, L.P. filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended, thereby initiating this bankruptcy case in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

**WHEREAS**, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].[2]

**WHEREAS**, on April 8, 2020, Stinson filed a proof of claim identified as claim number 166 ("Claim No. 166") on the claims register on account of services performed pursuant to various engagement agreements and asserting a non-priority general unsecured claim in the amount of $895,714.90.

**WHEREAS**, the Parties desire to resolve Claim No. 166 on the terms stated herein without the further time and expense of litigation thereon.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon its approval of, and entry of an order by, the Bankruptcy Court and, should the Stipulation not be approved and an order not be

---

[2] All docket numbers refer to the docket maintained by this Court.

2

entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation without prejudice and with all rights and privileges reserved.

3. Stinson's Claim No. 166 shall be reduced from $895,714.90 to $645,155.15 (the "Allowed Claim"), shall not be subject to any objection, and will be treated as an allowed general unsecured claim under any chapter 11 plan confirmed in this case, not subject to further objection, offset, or avoidance under Chapter 5 of the Bankruptcy Code and shall be considered a Class 7 Claim under the *Debtor's Fifth Amended Plan of Reorganization*, as may be amended or modified, which is currently scheduled for a confirmation hearing on January 26, 2021.

4. Stinson shall not have or assert any claim other than the Allowed Claim.

5. KCC, the court-appointed claims agent in this case shall, upon entry of an order approving this Stipulation, mark the claims register to reflect that Claim No. 166 is amended to reflect a nonpriority unsecured amount of $645,155.15.

6. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Parties and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. Stinson represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

8. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees, and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

9. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

10. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

11. The terms and conditions of this Stipulation are immediately effective and enforceable upon its entry notwithstanding any applicable stay provided by the Federal Rules of Bankruptcy Procedure.

12. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the implementation, interpretation and enforcement of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

IT IS SO STIPULATED.

5

Dated: January 14, 2021.

| **PACHULSKI STANG ZIEHL & JONES LLP** | **STINSON LLP** |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>Maxim B. Litvak (TX Bar No. 24002482)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>      ikharasch@pszjlaw.com<br>      mlitvak@pszjlaw.com<br>      gdemo@pszjlaw.com | */s/ Paul M. Hoffmann*<br>Paul M. Hoffmann<br>1201 Walnut Street, Suite 2900<br>Kansas City, MO 64106-2150<br>Telephone: (816) 691-2746<br>Email: paul.hoffmann@stinson.com<br><br>*Counsel for Stinson LLP* |

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*