Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust and Get Good Trust*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**MOTION TO APPOINT EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

NOW INTO COURT, through undersigned counsel, comes The Dugaboy Investment Trust and Get Good Trust (jointly, "Movers") and respectfully move this Court for the appointment of an Examiner for the reasons set forth herein:

**I.**

**BACKGROUND**

1. On December 23, 2019, the United States Trustee filed its *United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 271]. The United States Trustee's motion was denied by this Court's *Order Denying United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* [Dkt.

No. 428]. Since around that time, the Debtor has been operating as a debtor-in-possession at the direction of an appointed independent board of directors.

2. On November 24, 2020, the Court approved the Debtor's *Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Disclosure Statement") [Dkt. No. 1476]. As detailed in Article II.B. of the Disclosure Statement, the value of the Debtor's Assets has decreased by more than $235 million, or about 42%, from the commencement of the case to September 30, 2020. The Debtor's Monthly Operating Report for November of 2020 reports a loss in value of $248 million [Dkt. No. 1710].

3. The Plan of Reorganization proposed by the Debtor and set for hearing on January 26, 2021 contains significant release and exculpation provisions for the management of the Debtor and the Independent Directors that are not allowable under applicable 5th Circuit law (*Opposition to Confirmation of the Debtor's Fifth Amended Plan of Reorganization* filed by The Dugaboy Investment Trust and Get Good Trust [Dkt. No. 1667] and the *United States Trustee's Limited Objection to Confirmation of Debtors' Fifth Amended Plan of Reorganization* filed by the United States Trustee [Dkt. No. 1671]).

4. At a hearing held on January 8, 2021, this Court voiced a concern about costs and expenses in connection with this case. The Court noted that it believed over sixty (60) lawyers attended the hearing and that a mere Preliminary Injunction hearing, based upon a back of the envelope calculation, cost the estate and parties in interest in excess of $300,000.00.

5. On January 12, 2021, counsel for Movers sent a letter to various counsel enlisting their support to the appointment of an Examiner to investigate various issues in this case and

to author a report that could be used by the Court and parties in interest. It was suggested by The Dugaboy Investment Trust that the appointment of an Examiner was a less costly means to resolve issues, as opposed to full blown litigation between the various parties and their legions of lawyers. The letter suggested that an Examiner be appointed to provide to the Court and the parties in interest a report that would address key matters. The Examiner's investigation and report would address issues and items that would not delay or cause a continuance of the confirmation hearing on the Debtor's Plan.

6. The appointment of a neutral, third party Examiner who would serve as an independent agent for the estate would be in the best interests of the Debtor and its creditors. The Examiner's investigation would alleviate the need for discovery disputes and litigation by getting to the bottom of the legitimacy of the allegations made by the parties and potential claims that may exist on behalf of the estate or against persons acting on behalf of the estate. The present claims retention statement filed by the Debtor is merely a laundry list of potential claims and parties and provides no real guidance or explanation as to the retained claims.

7. Movers will fully cooperate with the Examiner with respect to any examination of potential issues concerning the claims of or against Movers.

## II.

## REQUEST FOR RELIEF

8. Movers request that this Court appoint an Examiner in this case under section 1104(c) of the Bankruptcy Code in order to perform investigations and to prepare a report under section 1106(b). Section 1104(c) of the Bankruptcy Code states, in pertinent part:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the

> United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor…
>
> 11 U.S.C. § 1104(c) (emphasis added).

9. The express language of section 1104(c) and c(2) makes clear that where, as in this case, a party has previously moved for the appointment of a Chapter 11 trustee and the fixed liquidated unsecured debts exceed $5 million, the court shall appoint an Examiner at the request of a party in interest. Id. Even so, other courts note that an application to appoint a trustee is not a prerequisite for the appointment of an Examiner, only that no such trustee has been appointed in the case. *Keene Corp. v. Coleman* (*In re Keene Corp.*), 164 B.R. 844, 855 (Bankr. S.D.N.Y. 1994) (looking to identical language in § 1104(b), finding that the denial of a motion to appoint a trustee is not a prerequisite to appointing an Examiner); See also *In re Residential Capital, LLC*, 474 B.R. 112, 118, 121 (Bankr. S.D.N.Y. 2012) (requiring only that a chapter 11 trustee must not have been appointed).

10. Here, all elements for the appointment of an Examiner have been met under section 1104(c)(2) of the Bankruptcy Code: (i) the Court has not previously appointed a trustee in this case; (ii) Movers, parties in interest, move for the appointment of an Examiner prior to plan confirmation; and (iii) it is indisputable that the Debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.[1]

11. When all such elements are met, courts have no discretion whether to grant relief, and must appoint an Examiner. *In re Erickson Retirement Communities*, LLC, 425 B.R. 309, 313 (Bankr. N.D. Tex. 2010). This Court in *Erickson Retirement Communities* stated:

---

[1] See Debtor's Amended Schedules E-F, Dkt. No. 1082-1, and Dkt. Nos. 1273 and 1302.

{00374930-16}  4

"This court agrees with such courts that, where the $5 million unsecured debt threshold is met, a bankruptcy court ordinarily has no discretion. This Court has complete discretion as to the matters that are examined."

12. The Court in *Erickson* denied the appointment of an Examiner due to the fact that "there was no allegations of wrongdoing on the part of the Debtor" at 313. In *Erickson* the Examiner was requested to report on an "appropriate value allocation". In this case Movers are requesting, and the Court should want, an explanation from a neutral third party as to why the assets of the Debtor had such a significant reduction in value during the case. Was it due to mismanagement or negligence? The reason for the decline in value is not an investigation that the Debtor or its counsel can make (they are not disinterested) but one that must be made by an independent third party. The discussion in the Debtor's Disclosure Statement [Dkt. No. 1473, pgs. 28-29] is conclusory and only accounts for $90 million of the decline in value. The balance is not explained except to assert that Covid was in part responsible. Leading market indicators for the period between October of 2019 and October of 2020 reflect annualized growth rate for the Dow of 4.67%, the S&P 14.95% and Nasdaq 43.11%. In light of these market gains, questions exist as to why the Debtor's Assets declined in value and whether the Debtor's management acted in a prudent fashion.

### III.

### SUGGESTED AREAS OF INQUIRY AND METHODOLOGY

13. Movers have received responses from the Debtor and the Creditors' Committee relative to Movers' letter of January 12, 2021, wherein the Debtor and the Creditors' Committee rejected joining in the Examiner motion and contended that the request was designed to

delay confirmation and that the Litigation Trustee would investigate the claims possessed by the estate. The letters received from the Debtor and the Creditors' Committee assert that the claims that have been made against the Debtor and the parties it seeks to have released and exculpated in its Plan are frivolous. The letters go on to state that the claims will be investigated by Marc Kirschner who is a highly qualified professional.

14. The areas of inquiry suggested by Movers below will not delay confirmation of the Debtor's Plan and the suggestion that the Litigation Trustee, through the use of its counsel, will investigate the claims in a more efficient manner than a highly qualified Examiner would misses the entire point of Movers' letter. The assertion that the Litigation Trustee will investigate all claims is inaccurate since claims against the Debtor's management are released and exculpated and are not included in any retained claims. It is difficult to believe that the Creditors' Committee does not want to know why there is a loss of over $200 million in Asset value and whether any of that loss could be recovered from responsible parties. Secondly, this Court, under the Plan, will have no control over the costs and expenses of the Litigation Trustee and its counsel in pursuing such litigation, and the only means of ensuring benefit to the estate for the activities of the Litigation Trustee would be to require that counsel pursing the claims on behalf of the Litigation Trustee work on a contingent fee basis.

15. The Plan filed by the Debtor contains significant releases and exculpations for the persons overseeing the Debtor's activities in the case. Movers are troubled by the fact that the Debtor's Assets have declined in value with only a portion of the loss explained by "reserves" and forced stock sales due to margin issues. The Court, at the Preliminary Injunction hearing, indicated that it was concerned with the dissipation in the value of

assets. A neutral Examiner could provide an independent view as to the loss in value and avoid costly fights over production of documents. Is the Debtor afraid to allow a third party to review and answer the question "Why"?

16. The Debtor should welcome an Examiner viewing the claims that it and the Litigation Trustee have against various parties. An Examiner's report would be difficult to rebut and, in all likelihood, would bring about settlement of claims without the need for multiyear and costly litigation.

17. Movers suggest that each party provide the Court with a written submission suggesting areas of inquiry for an Examiner's report. The Court can then fashion the areas of inquiry such that they do not slow down the confirmation process but provide a meaningful cost savings to the creditors of the estate and the potential party litigants.

## IV.

## PRAYER FOR RELIEF

**WHEREFORE**, The Dugaboy Investment Trust and Get Good Trust request that this Court grant this motion and appoint an Examiner under section 1104(c) of the Bankruptcy Code to conduct an investigation of the propriety of the Debtor's post-petition operations, sales, and trades in accordance with section 1106(b) of the Bankruptcy Code.

January 14, 2021

Respectfully submitted,

*/s/Douglas S. Draper.*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com

Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust
 and Get Good Trust*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 14th day of January, 2021, a copy of the above and foregoing *Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* has been served electronically to all parties entitled to receive electronic notice in this matter through the Court's ECF system as follows:

- David G. Adams    david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- Amy K. Anderson    aanderson@joneswalker.com, lfields@joneswalker.com
- Zachery Z. Annable    zannable@haywardfirm.com
- Bryan C. Assink    bryan.assink@bondsellis.com
- Asif Attarwala    asif.attarwala@lw.com
- Joseph E. Bain    JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com;msalinas@joneswalker.com
- Michael I. Baird    baird.michael@pbgc.gov, efile@pbgc.gov
- Sean M. Beach    bankfilings@ycst.com, sbeach@ycst.com
- Paul Richard Bessette    pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com;rmatsumura@kslaw.com
- John Y. Bonds    john@bondsellis.com, joyce.rehill@bondsellis.com
- Larry R. Boyd    lboyd@abernathy-law.com, ljameson@abernathy-law.com
- Jason S. Brookner    jbrookner@grayreed.com, lwebb@grayreed.com;acarson@grayreed.com
- Greta M. Brouphy    gbrouphy@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com
- M. David Bryant    dbryant@dykema.com, csmith@dykema.com

{00374930-16}    8

- Candice Marie Carson    Candice.Carson@butlersnow.com
- Annmarie Antoniette Chiarello    achiarello@winstead.com
- Shawn M. Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- James Robertson Clarke    robbie.clarke@bondsellis.com
- Matthew A. Clemente    mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russell@sidley.com;dtwomey@sidley.com
- Megan F. Clontz    mclontz@spencerfane.com, lvargas@spencerfane.com
- Andrew Clubok    andrew.clubok@lw.com
- Leslie A. Collins    lcollins@hellerdraper.com
- David Grant Crooks    dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com,plabov@foxrothschild.com,jmanfrey@foxrothschild.com
- Gregory V. Demo    gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com
- Casey William Doherty    casey.doherty@dentons.com, dawn.brown@dentons.com;Docket.General.Lit.DAL@dentons.com;Melinda.sanchez@dentons.com
- Douglas S. Draper    ddraper@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com
- Lauren Kessler Drawhorn    lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
- Vickie L. Driver    Vickie.Driver@crowedunlevy.com, crissie.stephenson@crowedunlevy.com;seth.sloan@crowedunlevy.com;elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- Jonathan T. Edwards    jonathan.edwards@alston.com
- Jason Alexander Enright    jenright@winstead.com
- Robert Joel Feinstein    rfeinstein@pszjlaw.com
- Matthew Gold    courts@argopartners.net
- Bojan Guzina    bguzina@sidley.com
- Thomas G. Haskins    thaskins@btlaw.com
- Melissa S. Hayward    MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- Michael Scott Held    mheld@jw.com, lcrumble@jw.com
- Gregory Getty Hesse    ghesse@HuntonAK.com, amckenzie@HuntonAK.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- Juliana Hoffman    jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
- A. Lee Hogewood    lee.hogewood@klgates.com, haley.fields@klgates.com;matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com;litigation.docketing@klgates.com;Emily.mather@klgates.com;Artoush.varshosaz@klgates.com
- Warren Horn    whorn@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com

- John J. Kane    jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- Jason Patrick Kathman    jkathman@spencerfane.com, gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- Edwin Paul Keiffer    pkeiffer@romclaw.com, bwallace@romclaw.com
- Jeffrey Kurtzman    kurtzman@kurtzmansteady.com
- Phillip L. Lamberson    plamberson@winstead.com
- Lisa L. Lambert    lisa.l.lambert@usdoj.gov
- Paul M. Lopez    bankruptcy@abernathy-law.com
- Faheem A. Mahmooth    mahmooth.faheem@pbgc.gov, efile@pbgc.gov
- Ryan E. Manns    ryan.manns@nortonrosefulbright.com
- Thomas M. Melsheimer    tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
- Paige Holden Montgomery    pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com
- J. Seth Moore    smoore@ctstlaw.com, jsteele@ctstlaw.com
- John A. Morris    jmorris@pszjlaw.com
- Edmon L. Morton    emorton@ycst.com
- David Neier    dneier@winston.com, dcunsolo@winston.com;david-neier-0903@ecf.pacerpro.com
- Holland N. O'Neil    honeil@foley.com, jcharrison@foley.com;acordero@foley.com
- Rakhee V. Patel    rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
- Charles Martin Persons    cpersons@sidley.com
- Mark A. Platt    mplatt@fbtlaw.com, aortiz@fbtlaw.com
- Jeffrey Nathan Pomerantz    jpomerantz@pszjlaw.com
- Kimberly A. Posin    kim.posin@lw.com, colleen.rico@lw.com
- Linda D. Reece    lreece@pbfcm.com
- Penny Packard Reid    preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com
- Davor Rukavina    drukavina@munsch.com
- Amanda Melanie Rush    asrush@jonesday.com
- Alyssa Russell    alyssa.russell@sidley.com
- Douglas J. Schneller    douglas.schneller@rimonlaw.com
- Brian Patrick Shaw    shaw@roggedunngroup.com, cashion@roggedunngroup.com;jones@roggedunngroup.com
- Michelle E. Shriro    mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
- Nicole Skolnekovich    nskolnekovich@hunton.com, plozano@huntonak.com;astowe@huntonak.com;creeves@huntonak.com
- Jared M. Slade    jared.slade@alston.com
- Frances Anne Smith    frances.smith@judithwross.com, michael.coulombe@judithwross.com
- Eric A. Soderlund    eric.soderlund@judithwross.com
- Martin A. Sosland    martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com

Case 19-34054-sgj11 Doc 1752 Filed 01/14/21 Entered 01/15/21 13:18:04 Page 11 of 14

- Laurie A. Spindler   Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
- Jonathan D. Sundheimer   jsundhimer@btlaw.com
- Kesha Tanabe   kesha@tanabelaw.com
- Chad D. Timmons   bankruptcy@abernathy-law.com
- Dennis M. Twomey   dtwomey@sidley.com
- Basil A. Umari   BUmari@dykema.com, pelliott@dykema.com
- United States Trustee   ustpregion06.da.ecf@usdoj.gov
- Artoush Varshosaz   artoush.varshosaz@klgates.com, Julie.garrett@klgates.com
- Donna K. Webb   donna.webb@usdoj.gov, brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- Jaclyn C. Weissgerber   bankfilings@ycst.com, jweissgerber@ycst.com
- Elizabeth Weller   dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
- Daniel P. Winikka   danw@lfdslaw.com, craigs@lfdslaw.com,dawnw@lfdslaw.com,ivys@lfdslaw.com
- Hayley R. Winograd   hwinograd@pszjlaw.com
- Megan Young-John   myoung-john@porterhedges.com

*/s/Douglas S. Draper.*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**ORDER GRANTING THE MOTION TO
APPOINT EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

Upon consideration of the *Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* (the "*Motion*") filed on January 14, 2021, by The Dugaboy Investment Trust and Get Good Trust (jointly, "*Movers*") seeking an order appointing an examiner; and the Court having jurisdiction to consider the Motion and all relief requested therein, as well as all related proceedings; and due and sufficient notice of the Motion having been given under the circumstances; and the Court having convened a hearing at which counsel for all interested parties had an opportunity to appear and be heard; and good and sufficient cause appearing, the Court finds that the Motion should be, and thereby is, Granted.

It is, therefore,

{00374942-3}  1

1. ORDERED that an Examiner be appointed for Highland Capital Management, L.P. in the captioned matter for the purposes set forth herein; and it is further

2. ORDERED that the United States Trustee for the Northern District of Texas (Dallas Division) (the "*United States Trustee*"), shall timely file its Application for Order Approving the Appointment of an Examiner and a proposed Order thereon (the "*UST Appointment Application Order*"); and it is further

3. ORDERED that immediately upon the entry of the UST Appointment Application Order, the Examiner is authorized to investigate the matters identified in a futher order issued by this Court; and it is further

4. ORDERED that within three (3) days of the entry of this Order, any party wishing to have a matter investigated by the Examiner shall submit in writing to this Court the following: a) identification of the matter to be investigated; b) a reason why such investigation is necessary; and c) why such investigation of the matter identified will not delay confirmation of a plan in this Case; and it is further

5. ORDERED that the Examiner shall have the duties, powers and responsibilities of an examiner under Section 1106(b) of the Bankruptcy Code; provided, however, that the scope of the Examiner's duties, unless expanded or limited by further order of this Court, shall be limited to the investigations identified by this Court in a Supplemental Order to be entered ; and it is further

6. ORDERED that the Examiner shall be a "party in interest" under Section 1109 of the Bankruptcy Code with respect to matters that are within the scope of the duties set forth in this Order and shall be entitled to appear at hearings held in these cases and to be heard at such hearing with respect to matters that are within the scope of the Examiner's duties; and it is further

7. ORDERED that nothing contained in this Order shall diminish the powers and authority of the Debtor , Committee, Reorganized Debtor and Litigation Trust under the Bankruptcy Code, including the powers to investigate transactions and entities, commence contested matters and adversary proceedings, and object to claims, and it is further

8. ORDERED that neither communications between the Examiner and Debtor nor communications between the Examiner and the Committee shall be deemed a waiver of any attorney–client or work product privilege otherwise belonging to the Examiner, the Debtor or the Committee; and it is further

9. ORDERED that any and all objections to the relief granted herein are overruled; and it is further

10. ORDERED that this Court shall retain exclusive jurisdiction over any dispute concerning this Order.

### End of Order ###

Submitted by:

*/s/Douglas S. Draper.*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com

Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust*
 *and Get Good Trust*