# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054 (SGJ) |
| | ) |
| Debtor. | ) |
| | ) |

## CERTIFICATION OF PATRICK M. LEATHEM WITH RESPECT TO THE TABULATION OF VOTES ON THE FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND CAPITAL MANAGEMENT, L.P.

I, Patrick M. Leathem, depose and say under the penalty of perjury:

1. I am a Senior Consultant in Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("**KCC**"), located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, California 90245. I am over the age of 18 and not a party to this action.

2. On October 18, 2019, the United States Bankruptcy Court for the District of Delaware Court entered the *Order Appointing Kurtzman Carson Consultants as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) and Local Rule 2002-1(f)* (Docket No. 43), prior to a venue transfer to this District.

3. On November 24, 2020, the Court entered the *Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the Fifth Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice* (Docket No. 1476) (the "**Disclosure Statement Order**")[2]

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Disclosure Statement Order.

establishing, among other things, certain solicitation and voting tabulation procedures with respect to the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (Docket No. 1472) (as further amended, supplemented, or modified, the "**Plan**"). I supervised the solicitation and tabulation performed by KCC's employees.

4. KCC has considerable experience in soliciting and tabulating votes to accept or reject proposed chapter 11 plans. Except as otherwise stated, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Certification on behalf of KCC.

A. **Service and Transmittal of Solicitation Packages and Related Information**

5. On December 1, 2020, KCC caused to be served the Confirmation Hearing Notice on the Debtor's creditors listed in the creditor matrix and all other parties required to receive such notice pursuant to the Disclosure Statement Order. On December 1, 2020, KCC caused to be served Solicitation Packages on all holders of Claims in Classes 2, 7, 8, 9, 10 and 11 (collectively the "**Voting Classes**") entitled to vote as of November 23, 2020 (the "**Voting Record Date**"), and a Notice of Non-Voting Status in lieu of a Solicitation Package on all holders of Unimpaired Claims in Classes 1, 3, 4, 5[3] and 6 in accordance with the Disclosure Statement Order. A certificate of service evidencing the foregoing was filed with the Bankruptcy Court on December 23, 2020 as Docket No. 1630.

6. On or before December 1, 2020, KCC posted links to the electronic versions of the Confirmation Hearing Notice, Disclosure Statement (with the Plan as an Exhibit), and Disclosure Statement Order on the public access website at www.kccllc.net/hcmlp.

---

[3] No parties were classified as Class 5 Retained Employee Claims for purposes of service of the Notice of Non-Voting Status or Solicitation Packages.

7. On December 3, 2020 the Confirmation Hearing Notice was published in *The New York Times (National Edition)*. An affidavit evidencing the publication of the Confirmation Hearing Notice was filed with the Court on December 3, 2020 (Docket No. 1505).

**B. The Tabulation Process**

8. The Disclosure Statement Order established November 23, 2020 as the Voting Record Date. Pursuant to the Disclosure Statement Order, holders of Claims in Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), Class 8 (General Unsecured Claims), Class 9 (Subordinated Claims), Class 10 (Class B/C Limited Partnership Interests) and Class 11 (Class A Limited Partnership Interests) were entitled to vote to accept or reject the Plan. Furthermore, Class 7 Claims were provided the option to elect treatment as Class 8 Claims (the "**GUC Election**"), and liquidated Class 8 Claims were provided the option to elect treatment as Class 7 Claims as provided under the Plan (the "**Convenience Election**") (in each case under limited circumstances, and without affecting classification for tabulation purposes). No other classes were entitled to vote on the Plan.

9. Pursuant to the Disclosure Statement Order, KCC relied on the Debtor's Schedules of Assets and Liabilities and the Claims information pertaining to the Debtor's chapter 11 case, as reflected in KCC's systems, to identify the holders of Claims entitled to vote to accept or reject the Plan. Finally, KCC relied on guidance from the Debtor's advisors to identify holders of Class B/C Limited Partnership Interests in Class 10 and Class A Limited Partnership Interests in Class 11 (collectively, "**Interests**") entitled to vote to accept or reject the Plan, and the amounts of respective interests held as well as the tabulation of certain ballots, as set forth on **Exhibit A** hereto.

10. Using the information outlined above, KCC created a voting database reflecting the names of holders in the Voting Classes, addresses of such holders, voting amounts and classification of Claims and Interests in the Voting Classes.

11. Using its KCC CaseView voting database ("**KCC CaseView**"), KCC generated ballots for Holders of Claims and Interests entitled to vote to accept or reject the Plan. The Disclosure Statement Order established January 5, 2021 at 5:00 p.m. (prevailing Central Time) as the deadline for receiving ballots to accept or reject the Plan (the "**Voting Deadline**"), except to the extent such Voting Deadline was extended by the Debtor in writing in its sole discretion.

12. In accordance with the Disclosure Statement Order, KCC received and tabulated Ballots as follows: (a) each returned paper Ballot was opened and inspected at KCC's offices; (b) paper Ballots were date-stamped and scanned into KCC CaseView; (c) each Ballot submitted electronically through KCC's electronic voting platform was electronically received and processed; and (d) all Ballots received on or before the Voting Deadline were then entered into KCC CaseView and tabulated.

13. The final tabulation of votes cast by timely and properly completed Ballots received by KCC is attached hereto as **Exhibit A**. The detailed ballot reports for Voting Classes 2, 7, 8, 9 and 11[4] are attached to this Certification as **Exhibits A-1**, **A-2**, **A-3**, **A-4**, and **A-5**, along with a summary[5] provided to KCC by the Debtor with respect to the Debtor's position with respect to the tabulation and classification of votes in the Voting Classes pursuant to the Disclosure Statement Order, Plan and applicable law.

---

[4] No Class 10 Ballots were returned.

[5] Please see footnotes on the detailed ballot reports with respect to tabulation of certain ballots in Class 7, Class 8, and Class 9.

**C.    Ballots That Were Not Counted**

14.    Attached as **Exhibit B** to this Certification is a detailed report of any Ballots that were not included in the tabulation above because they did not satisfy the requirements for a valid Ballot as set forth in the Disclosure Statement Order.

## Conclusion

To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission and tabulation of Ballots in connection with the Plan is true.  The Ballots received by KCC are stored at KCC's office and are available for inspection by or submission to this Court.

Dated: January 19, 2021

                                                                                            */s/ Patrick M. Leathem*
                                                                                            Patrick M. Leathem

DOCS_SF:104819.1 36027/002

# EXHIBIT A

**Exhibit A**
**Ballot Tabulation Summary**

| Class | Ballots Not Tabulated | Number Accepting | Number Rejecting | Amount Accepting | Amount Rejecting | Voting Result |
|---|---|---|---|---|---|---|
| Class 2 - Frontier Secured Claim | 0 | 1<br>100.00% | 0<br>0.00% | $5,209,963.62<br>100.00% | $0.00<br>0.00% | Accepted in Number<br>Accepted in Dollar |
| Class 7 - Convenience Claims | 4 | 14<br>100.00% | 0<br>0.00% | $2,765,906.51<br>100.00% | $0.00<br>0.00% | Accepted in Number<br>Accepted in Dollar |
| Class 8 - General Unsecured Claims | 2 | 12<br>27.91% | 31<br>72.09% | $301,826,418.36<br>93.54% | $20,833,059.67<br>6.46% | Rejected in Number<br>Accepted in Dollar |
| Class 9 - Subordinated Claims | 0 | 5<br>100.00% | 0<br>0.00% | $35,000,000.00<br>100.00% | $0.00<br>0.00% | Accepted in Number<br>Accepted in Dollar |

| Class | Ballots Not Tabulated | Number Accepting | Number Rejecting | Amount of Interests Accepting | Amount of Interests Rejecting | Voting Result |
|---|---|---|---|---|---|---|
| Class 10 - Class B/C Limited Partnership Interests | 0 | 0<br>0.00% | 0<br>0.00% | 0.00<br>0.00% | 0.00<br>0.00% | No Votes<br>No Votes |
| Class 11 - Class A Limited Partnership Interests | 0 | 0<br>0.00% | 1<br>100.00% | 0.00<br>0.00% | 37.37% Interests<br>100.00% | Rejected in Number<br>Rejected in Amount |

In re Highland Capital Management, L.P.
Case No. 19-34054 (SGJ)

Page 1 of 1

**Exhibit A-1**
**Class 2 Ballot Detail**
**Frontier Secured Claim**

| Creditor Name | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| Frontier State Bank | 7 | $5,209,963.62 | 12/21/2020 | Accept |

Exhibit A-2
## Class 7 Ballot Detail
### Convenience Claims

| Creditor Name[1] | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| Argo Partners | 3 | $10,000.00 | 12/08/2020 | Accept |
| CBIZ Valuation Group, LLC | 48 | $8,269.26 | 01/05/2021 | Accept |
| Contrarian Funds, LLC | 1 | $268,095.08 | 12/04/2020 | Accept |
| Crescent TC Investors, L.P. | 41 | $27,480.67 | 01/04/2021 | Accept |
| Daniel Sheehan & Associates, PLLC | 6 | $32,433.75 | 12/21/2020 | Accept |
| Department of the Treasury - Internal Revenue Service | 39 | $85,281.32 | 01/04/2021 | Accept |
| Katten Muchin Rosenman LLP | 4 | $16,695.00 | 12/10/2020 | Accept |
| MCS Capital LLC c/o STC, Inc. | 8 | $507,430.34 | 12/21/2020 | Accept |
| Meta-e Discovery, LLC | 9 | $779,969.84 | 12/22/2020 | Accept |
| Parmentier, Andrew | 51 | $136,350.00 | 01/05/2021 | Accept |
| Pivotal Research Group LLC | 11 | $2,500.00 | 12/29/2020 | Accept |
| Ryan P. Newell (Connolly Gallagher LLP) | 12 | $166,062.22 | 12/31/2020 | Accept |
| Siepe Services, LLC | 64 | $80,183.88 | 01/05/2021 | Accept |
| Stinson Leonard Street LLP | 65 | $645,155.15 | 01/14/2021 | Accept |

[1] The Debtor advised the Solicitation Agent that: (i) under the terms of the Plan, the Disclosure Statement Order, and applicable bankruptcy law, neither Scott Ellington, Frank Waterhouse, or Isaac Leventon have Class 7 Convenience Claims or are entitled to elect to receive the treatment provided to Class 7 Convenience Claims; (ii) consistent with the Debtor's ability to accept late votes under section 25(a) of the Voting Procedures Order, the Debtor has determined to accept the votes cast by Siepe Systems, LLC and Stinson Leonard Street LLP. Please see Exhibit B - Ballots Excluded from Tabulation.

**Exhibit A-3**
**Class 8 Ballot Detail**
**General Unsecured Claims**

| Creditor Name[1,2] | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| Acis Capital Management L.P. and Acis Capital Management GP, LLC | 45 | $23,000,000.00 | 01/05/2021 | Accept |
| Charlotte Investor IV, L.P. | 19 | $1.00 | 12/31/2020 | Accept |
| Contrarian Funds, LLC[3] | 20 | $1,318,730.36 | 01/04/2021 | Accept |
| Ellington, Scott | 56 | $7,604,375.00 | 01/05/2021 | Reject |
| Employee 01 | 50 | $1.00 | 01/05/2021 | Reject |
| Employee 02 | 52 | $1.00 | 01/05/2021 | Reject |
| Employee 03 | 2 | $1.00 | 12/07/2020 | Accept |
| Employee 04 | 26 | $1.00 | 01/04/2021 | Reject |
| Employee 06 | 32 | $1.00 | 01/04/2021 | Reject |
| Employee 08 | 28 | $1.00 | 01/04/2021 | Reject |
| Employee 09 | 40 | $1.00 | 01/04/2021 | Reject |
| Employee 11 | 24 | $1.00 | 01/04/2021 | Reject |
| Employee 12 | 29 | $1.00 | 1/4/2021 | Reject |
| Employee 13 | 25 | $1.00 | 01/04/2021 | Reject |
| Employee 14 | 27 | $1.00 | 01/04/2021 | Reject |
| Employee 15 | 30 | $1.00 | 01/04/2021 | Reject |
| Employee 16 | 43 | $1.00 | 01/04/2021 | Reject |
| Employee 17 | 47 | $1.00 | 01/05/2021 | Reject |
| Employee 18 | 34 | $1.00 | 01/04/2021 | Reject |
| Employee 19 | 38 | $1.00 | 01/04/2021 | Reject |
| Employee 20 | 49 | $1.00 | 01/05/2021 | Reject |
| Employee 22 | 44 | $1.00 | 01/05/2021 | Reject |
| Employee 23 | 23 | $1.00 | 01/04/2021 | Reject |
| Employee 25 | 33 | $1.00 | 01/04/2021 | Reject |
| Employee 26 | 31 | $1.00 | 01/04/2021 | Reject |
| Employee 27 | 36 | $1.00 | 01/04/2021 | Reject |
| Employee 28 | 46 | $1.00 | 01/05/2021 | Reject |
| Employee 29 | 21 | $1.00 | 01/04/2021 | Reject |
| Employee 30 | 37 | $1.00 | 01/04/2021 | Reject |
| HarbourVest 2017 Global AIF L.P. | 18 | $4,366,125.00 | 12/31/2020 | Accept |
| HarbourVest 2017 Global Fund L.P. | 17 | $2,183,085.00 | 12/31/2020 | Accept |
| HarbourVest Dover Street IX Investment L.P. | 16 | $31,954,320.00 | 12/31/2020 | Accept |
| HarbourVest Skew Base AIF L.P. | 13 | $648,990.00 | 12/31/2020 | Accept |
| Highland Crusader Offshore Partners, L.P., et al. | 10 | $50,000.00 | 12/28/2020 | Accept |
| Hunter Covitz | 35 | $250,000.00 | 01/04/2021 | Reject |
| HV International VIII Secondary L.P. | 14 | $5,847,480.00 | 12/31/2020 | Accept |

**Exhibit A-3**
**Class 8 Ballot Detail**
**General Unsecured Claims**

| Creditor Name[1,2] | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| Jean Paul Sevilla | 63 | $400,000.00 | 01/05/2021 | Reject |
| Leventon, Isaac | 58 | $1,342,379.68 | 01/05/2021 | Reject |
| Patrick Hagaman Daugherty | 42 | $9,134,019.00 | 01/04/2021 | Reject |
| Raymond Joseph Dougherty | 62 | $1.00 | 01/05/2021 | Reject |
| Redeemer Commttee Highland Crusader Fund | 5 | $137,696,610.00 | 12/16/2020 | Accept |
| UBS Securities LLC | 22 | $94,761,076.00 | 01/04/2021 | Accept |
| Waterhouse, Frank | 59 | $2,102,260.99 | 01/05/2021 | Reject |

[1]The Debtor advised the Solicitation Agent that: (i) 29 of the 31 of rejecting votes in this class are by either (a) employees who assert contingent claims in the amount of $1 for unvested amounts under the Debtor's deferred compensation program and the Debtor's former annual bonus program which was terminated on January 14, 2021, and (b) Messrs. Leventon, Ellington, and Waterhouse; (ii) solely for purposes of voting on the Plan, and not for any other purposes, the votes of Messrs Sevilla, Covitz, Leventon, Ellington, and Waterhouse are tabulated as set forth above even though the proofs of claim filed by these individuals do not provide a determination to ascertain the voting amount with respect to any annual bonus or deferred compensation claims asserted against the Debtor; (iii) the vote cast by Raymond Joseph Dougherty in Class 9 should be properly tabulated as a Class 8 General Unsecured Claim because there is no order entered by the Bankruptcy Court subordinating this claim pursuant to the Plan.

[2] The Debtor advised the Solicitation Agent that (i) the Court approved a settlement at a hearing conducted on January 14, 2021 with (a) HarbourVest 2017 Global Fund L.P.; (b) HarbourVest 2017 Global AIF L.P.; (c) HarbourVest Dover Street IX Investment L.P.; (d) HV International VIII Secondary L.P., (e) HarbourVest Skew Base AIF L.P.; and (f) and HarbourVest Partners L.P., (collectively, "HarbourVest") pursuant to which HarbourVest was allowed a general unsecured claim in the amount of $45 million in the aggregate and a subordinated claim in the amount of $35 million in the aggregate; and (ii) HarbourVest has voted its allowed claims in the amounts set forth above with respect to its votes in Class 8 and Class 9 to accept the Plan. Please see Exhibit A-4 - Class 9 Ballot Detail.

[3] Contrarian Funds, LLC's Ballot No. 20 elected treatment as Class 7 Convenience Claim (the "Convenience Election"), but such election does not alter classification for tabulation purposes under the Plan. For the avoidance of doubt, this Certification does not certify the validity or enforceability of any elections received and reported hereon, but rather this Certification is providing such information for reporting and informational purposes.

**Exhibit A-4**
**Class 9 Ballot Detail**
**Subordinated Claims**

| Creditor Name[1] | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| HarbourVest 2017 Global AIF L.P. | 18 | $3,395,875.00 | 12/31/2020 | Accept |
| HarbourVest 2017 Global Fund L.P. | 17 | $1,697,955.00 | 12/31/2020 | Accept |
| HarbourVest Dover Street IX Investment L.P. | 16 | $24,853,360.00 | 12/31/2020 | Accept |
| HarbourVest Skew Base AIF L.P. | 13 | $504,770.00 | 12/31/2020 | Accept |
| HV International VIII Secondary L.P. | 14 | $4,548,040.00 | 12/31/2020 | Accept |

[1] The Debtor advised the Solicitation Agent that (i) the Court approved a settlement at a hearing conducted on January 14, 2021 with (a) HarbourVest 2017 Global Fund L.P.; (b) HarbourVest 2017 Global AIF L.P.; (c) HarbourVest Dover Street IX Investment L.P.; (d) HV International VIII Secondary L.P., (e) HarbourVest Skew Base AIF L.P.; and (f) and HarbourVest Partners L.P., (collectively, "HarbourVest") pursuant to which HarbourVest was allowed a general unsecured claim in the amount of $45 million in the aggregate and a subordinated claim in the amount of $35 million in the aggregate; and (ii) HarbourVest has voted its allowed claims in the amounts set forth above with respect to its votes in Class 8 and Class 9 to accept the Plan.

**Exhibit A-5**
**Class 11 Ballot Detail**
**Class A Limited Partnership Interests**

| Creditor Name | Ballot No. | Voting Amount | Date Filed | Vote |
|---|---|---|---|---|
| The Dugaboy Investment Trust | 60 | 37.37% Interest | 1/5/2021 | Reject |

In re Highland Capital Management, L.P.
Case No. 19-34054 (SGJ)                   Page 1 of 1

# EXHIBIT B

**Exhibit B**
**Ballots Excluded from Tabulation**

| Class | CreditorName | Date Filed | Ballot No. | Voting Amount | Vote | Reason Excluded[1] |
|---|---|---|---|---|---|---|
| 7 | Frank Waterhouse | 1/5/2021 | 54 | $403,706.00 | Reject | Not Entitled to Vote |
| 8 | HarbourVest Partners L.P. on behalf of funds and accounts under management | 12/31/2020 | 15 | $1.00 | Accept | No voting amount was allocated to this Ballot by HarbourVest under the settlement approved by the Court at a hearing conducted on January 14, 2021. |
| 7 | Isaac D. Leventon | 1/5/2021 | 61 | $300,491.00 | Reject | Not Entitled to Vote |
| 7 | Scott B. Ellington | 1/5/2021 | 53 | $510,000.00 | Reject | Not Entitled to Vote |
| 8 | Surgent, Thomas | 1/5/2021 | 57 | $1.00 | Abstain | No Vote |
| 7 | Thomas Surgent | 1/5/2021 | 55 | $510,000.00 | Abstain | No Vote |

[1] The Debtor advised the Solicitation Agent that: (i) under the terms of the Plan, the Disclosure Statement Order, and applicable bankruptcy law, neither Scott Ellington, Frank Waterhouse, or Isaac Leventon have Class 7 Convenience Claims or are entitled to elect to receive the treatment provided to Class 7 Convenience Claims; (ii) consistent with the Debtor's ability to accept late votes under section 25(a) of the Voting Procedures Order, the Debtor has determined to accept the votes cast by Siepe Systems, LLC and Stinson Leonard Street LLP.