EXHIBIT

SE18

### Notes – Senior Employee Call 12.2.2020 at 1 pm CT

Seery

- Want to get on the same page regarding the releases.
- From the perspective of the senior team how to think about the claims the Senior Team has with relation to the release and the senior classes
- My perspective on the release: This is the best release we can get.  We had something more flexible, and the judge turned us down as well as in one of the Daugherty hearings.  This is an issue I personally fought with the UCC for months.  If I had pursued it further, I would have lost in front of the Court.  Structure is that everyone gets the release.  Not designed to protect anyone from willful misconduct, but from any general negligence.  My desire to "lay down on the tracks for this" was because of Terry and Daugherty litigation that was "designed to go after Dondero, but designed to use the employee team as leverage… leaving the team with the burden of defending themselves against lawsuits with limited merit that may be difficult to dismiss on motion to dismiss."
- Relies on assisting the estate on claims such as UBS, HarbourVest, and Daugherty
- "It is clear to me that Isaac is not an Insider, and that Thomas is not an Insider."
- Senior Employees unpaid in 2020, the UCC insisted there be some consideration in exchange for a release from those folks.  No one else has to pay for their release.
- The way that would work, you take your 2020 Deferred Compensation, elect Convenience Class Treatment, and then that claim is paid $850, of the $850, 40% would be paid back to the Estate from the Distribution, to earn the release.
- If you don't elect the Release, you will still have your claim.  It would be treated as Convenience if it elects, or the GUC.  GUCs are unlikely to be paid for some time.
- Also, we need to generate cash to pay for the GUCs.  Earliest those claims will receive distributions will be a year after the effective date and will be dependent on the resolution of UBS and HarbourVest.
- Once I pencil out those claims, GUCs will likely get paid in the 70 cent range.
- "I will be plain to each of you, it was not our role to bring actions against Insiders or related parties, that is the UCC's role, and that was given up as part of the bifurcation of control.
- There are good claims, that are more than colorable. I don't know that they will be articulable by Marc Kirshner, litigation trustee.  "I have not seen any good claims against any of you.  I have not looked hard, so I don't know about preference amounts, but I have not seen anything that would be material.  My experience with the company is that it is pretty tightly run in terms of finance, so getting money out to benefit an employee would have been a heck of trick."
- There are certain members of the UCC that will bring claims for leverage reasons.
- Buckets of claims
  o 2020 monies, "I personally don't see any objections to those amounts.  You were sitting in your seat, you vested, and the amounts were paid."
  o 2018 and 2019, you don't have a good claim.
  o Everyone under the plan will be severed from Highland before the effective date.
  o Assuming it is part of the claim, there will be an objection.

- o Indemnity claims, there would be objections. The Terry litigation has now been released.
- o If there is one POC, there may be an objection that will hold up distributions.
- o Some of the negligence claims, you may be indemnified for anyway. If you are going to do that, it makes sense to have the claims bifurcated. You may want to partake int eh earlier distributions in the 85 level.
- o Stipulation does not effect any claim.

Demo "PTO claims will be paid in full. Indemnity is separate from the stipulation.

Neier: What I had requested to change is that the release is contingent on whomever is the trustee at the time.

Seery: This was a big issue. Oversight group will include the UCC members. I did not want them making that decision. I can be replaced, and I also have not agreed to do the gig yet.

Neier: We want the removal of the release to be subject to Court approval.

Seery: I think we can get that in there.

Seery: Cooperation with suing Dondero. That is no longer in there.

Seery: Indemnity will be provided post-exit.

Seery: Will consider 2020 bonus monies.

Ellington: We cannot disclose privileged information of affiliates for whom we performed services

Leventon: We also cannot violate Tex. Disc. R. Pro. Conduct 5.01(b).

Seery: "The intent and the way the parties are reading this language is that it does not include assistance to the litigation trustee"

Demo: "Everyone's understanding is that there is no need to cooperate with the litigation trustee."

Potential independents on the Board: Hawker (?)

Questions:

- - POC amounts other than bonuses.
- - Indemnity – obligation and source
- - Releases of Acis and Daugherty using the estate to sue individuals
- - 2020 new money bonuses
- - Elect convenience class w/o release – will the Debtor object?

- Talk with Seery
- Employee Call re ballots
- Trust documents on post-confirm buyout