| | |
|---|---|
| **From:** | JP Sevilla |
| **Sent:** | Monday, October 26, 2020 4:23 PM |
| **To:** | Isaac Leventon |
| **Subject:** | RE: Notes |

EXHIBIT SE20

This covers everything and is consistent with my understanding.

**From:** Isaac Leventon <ILeventon@HighlandCapital.com>
**Sent:** Monday, October 26, 2020 3:17 PM
**To:** JP Sevilla <JSevilla@HighlandCapital.com>
**Subject:** FW: Notes

Please let me know if this is consistent with your understanding of what we just discussed.

**From:** Isaac Leventon
**Sent:** Monday, October 26, 2020 3:04 PM
**To:** Isaac Leventon <ILeventon@HighlandCapital.com>
**Subject:** Notes

Notes: Call between Jim Seery and Isaac Leventon and JP Sevilla from 1:43 pm CT to 2:50 pm CT. At 2:50 pm CT, Sevilla changed to another subject with Seery, with Leventon listening. The topic switched back to the Release Language at approximately 2:58 pm, and then Leventon dropped from the call at 3:01 pm.

- These notes were drafted as I was on the call and represent, to the best of my ability, the verbatim recordation of Seery's statements on the call.

**Compensation POCs**

We have through 2020 paid all deferred comp claims that were due this year, except for the Four. The way we have structured the plan, those four payments would be treated as 85 cents of what was due this year. The Deferred Comp beyond that, you may have a claim as of Feb. 2021, but you are not there, you don't get it.

If folks go to work for Jim, there may be an arrangement with Jim that is up to Jim, if they don't, it was as if they were terminated or left. That treatment is the same for everyone.

You can opt into the $1m convenience class, and get 85 cents. Or you can be a GUC and get paid with everyone else over the next 2 years.

Indemnification claims are to be bifurcated between pre- and post-petition amounts.

**Releases**

Releases have three components

1) Apply to everyone, do not signal anyone out
2) They exclude bad acts, gross negligence and willful misconduct

1

3) Exclude typical bankruptcy causes of action, such as fraudulent conveyances and preferences.
4) Finally, they are conditioned on, they are revocable, if you don't help with the asset monetization or claim defenses. Which really relate to HarbourVest, Daugherty, UBS. The asset monetization. "to be clear, I don't know any claims against any employees. I am mindful of the craftiness Terry and his lawyers coming up with a last set of claims, so I have been pushing hard on the releases. It has evolved in negotiations: The UCC wanted only to give releases f you cooperate with the litigation trustee. Since we filed the plan, this will effectively move them to some different job with NexPoint, and "they have been doing this in reliance on this type of plan." Litigating against HarbourVest and UBS would be valuable. We had to have a quid pro quo

Claimant Trust assts are different than the Litigation Trust assets.

The business intent was not to have the Cooperation Obligation include the Estate Causes. We will get the language changed in the release section to exclude Litigation Trust Assets. "I will make sure that's fixed." There is a difference if Jim wants to continue to sue Terry or Acis, I won't help, but there is a difference when I want to sue Jim. " I want to make sure that is really clear. That is the sticking point with the Committee."

[I asked for clarification on next steps]. I will have him reach out to you regarding a specific fix. "We very specifically rejected what the committee was demanded. We put in the part with helping with the assets and claims" to respond to 5th Circuit precedent. [Who is him?] Greg Demo at Pachulski. He is going to need to make this change today, before tomorrow's hearing. This should come as no surprise to the Committee.

**ISAAC LEVENTON   |**   ASSISTANT GENERAL  COUNSEL



300 Crescent Court   |   Suite 700   |   Dallas, Texas 75201
O: 972.628.4100   |   D: 972.419.4482   |   F: 972.628.4147
ileventon@highlandcapital.com   |   www.highlandcapital.com

---

PRIVILEGE WARNING: The sender or recipient of this message is a member of the legal department at Highland Capital Management. This message and any attachments hereto may constitute attorney work product or be protected by the attorney-client privilege. Do not disclose this message or any attachments hereto without prior consent of a member of the legal department at Highland Capital Management.

---

PRIVILEGE WARNING: The sender or recipient of this message is a member of the legal department at Highland Capital Management. This message and any attachments hereto may constitute attorney work product or be protected by the attorney-client privilege. Do not disclose this message or any attachments hereto without prior consent of a member of the legal department at Highland Capital Management.