**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Highland Capital Management, L.P. |
| United States Bankruptcy Court for the: | Northern District of Texas (State) |
| Case number | 19-34054 |

**EXHIBIT SE25**

# Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Scott B. Ellington
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Scott B. Ellington
c/o David Neier, Winston Strawn LLP
200 Park Avenue
New York, NY 10166, United States

Contact phone  2122946700x5391
Contact email  dneier@winston.com

**Where should payments to the creditor be sent?** (if different)

Scott B. Ellington
2525 No. Pearl Street
#1202
Dallas, TX 75201, United States

Contact phone  214-649-5475
Contact email  SEllington@HighlandCapital.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☒ Yes.  Claim number on court claims registry (if known) 187   Filed on 5/26/2020
                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                         **Proof of Claim**

1934054200716000000000001

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

   ☒ No

   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?** $ <u>not less than 7,604,375.00</u>  . **Does this amount include interest or other charges?**

   ☒ No

   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   <u>Employment - see attached</u>

9. **Is all or part of the claim secured?**

   ☒ No

   ☐ Yes. The claim is secured by a lien on property.

   **Nature or property:**

   ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

   ☐ Motor vehicle

   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                         $_____
   **Amount of the claim that is secured:**       $_____
   **Amount of the claim that is unsecured:**     $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**  $_____

   **Annual Interest Rate** (when case was filed) _____ %

   ☐ Fixed

   ☐ Variable

10. **Is this claim based on a lease?**

    ☒ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

11. **Is this claim subject to a right of setoff?**

    ☒ No

    ☐ Yes. Identify the property: _____

Official Form 410      **Proof of Claim**

1934054200716000000000001

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**  A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No  ☑ **Yes.** *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 13,650.00 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No  ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.  $ _____ | |

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/16/2020
                   MM / DD / YYYY

/s/Scott B. Ellington
Signature

**Print the name of the person who is completing and signing this claim:**

Name    Scott B. Ellington
        First name    Middle name    Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Contact phone _____        Email _____

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:**<br>19-34054 - Highland Capital Management, L.P.<br>**District:**<br>Northern District of Texas, Dallas Division | |
| **Creditor:**<br>Scott B. Ellington<br>c/o David Neier, Winston Strawn LLP<br>200 Park Avenue<br><br>New York, NY, 10166<br>United States<br>**Phone:**<br>2122946700x5391<br>**Phone 2:**<br>**Fax:**<br>212-294-4700<br>**Email:**<br>dneier@winston.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br><br>**Filing Party:**<br>Creditor |
| **Disbursement/Notice Parties:**<br>Scott B. Ellington<br><br>2525 No. Pearl Street<br>#1202<br><br>Dallas, TX, 75201<br>United States<br>**Phone:**<br>214-649-5475<br>**Phone 2:**<br>**Fax:**<br>n/a<br>**E-mail:**<br>SEllington@HighlandCapital.com<br>**DISBURSEMENT ADDRESS** | |
| **Other Names Used with Debtor:** | **Amends Claim:**<br>Yes - 187, 5/26/2020<br>**Acquired Claim:**<br>No |
| **Basis of Claim:**<br>Employment - see attached | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>not less than 7,604,375.00 | **Includes Interest or Charges:**<br>No |
| **Has Priority Claim:**<br>Yes | **Priority Under:**<br>11 U.S.C. §507(a)(4): 13,650.00 |
| **Has Secured Claim:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:** |
| **Amount of 503(b)(9):**<br>No | **Annual Interest Rate:** |
| **Based on Lease:**<br>No | **Arrearage Amount:**<br>**Basis for Perfection:** |
| **Subject to Right of Setoff:**<br>No | **Amount Unsecured:** |
| **Submitted By:**<br>Scott B. Ellington on 16-Jul-2020 7:14:21 a.m. Eastern Time<br>**Title:**<br>**Company:** | |

VN: B255C54F0F6A0DC0DFDCEBAE70DABC65

| Fill in this information to identify the case: |
|---|
| Debtor 1    Highland Capital Management, L.P. |
| Debtor 2    (Spouse, if filing) |
| United States Bankruptcy Court for the: Northern District of Texas |
| Case number    19-34054-SGJ-11 |

Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Scott B. Ellington
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

David Neier, Winston & Strawn LLP
Name
200 Park Avenue, 40th Floor
Number   Street
New York   NY   10166
City   State   ZIP Code

Contact phone 212-294-5318
Contact email dneier@winston.com

Where should payments to the creditor be sent? (if different)

Scott B. Ellington
Name
2525 N. Pearl Street, #1202
Number   Street
Dallas   TX   75201
City   State   ZIP Code

Contact phone 214-649-5475
Contact email sellington@highlandcapital.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 187
Filed on 05/26/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410          Proof of Claim          page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 7,604,375.00 . **Does this amount include interest or other charges?**
NOT LESS THAN THE ABOVE AMOUNT, SEE ATTACHED
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Employment (see attached)

**9. Is all or part of the claim secured?**
☑ No     Except for setoff/reimbursement. See attached.
☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe:   **SEE ATTACHED**

**Basis for perfection:**   **SEE ATTACHED**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 13,650.00 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/15/2020
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Scott B. Ellington
      First name    Middle name    Last name

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 2525 N. Pearl Street, #1202
         Number      Street
         Parker                              TX        75201
         City                                State     ZIP Code

Contact phone: 214-649-5475        Email: sellington@highlandcapital.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, § | |
| L.P.,[1] § | Case No. 19-34054-SGJ-11 |
| § | |
| Debtor. § | |

## ATTACHMENT TO AMENDED PROOF OF CLAIM

1. Scott Ellington ("Claimant") submits this attachment to his amended proof of claim (the "Claim") against Debtor Highland Capital Management, L.P. ("Highland" or the "Debtor") in the above-captioned Chapter 11 case (the "Case").

2. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing the Case, which was subsequently transferred to the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). On April 3, 2020, the Bankruptcy Court entered an order establishing May 26, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for the Debtor's employees to file claims against the Debtor that arose before the Petition Date. *See* ECF No. 560.

Compensation.

3. Claimant is an employee of the Debtor. Claimant is owed compensation for his services, including, without limitation, (i) all salaries and wages; benefits; (ii) bonuses (including performance bonuses, retention bonuses, and similar awards), (iii) vacation and paid time off, and (iv) retirement contributions, pensions and deferred compensation. The amount of the Claim for

---

[1] The Debtor's last four digits of its taxpayer identification code are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

such compensation includes both liquidated and unliquidated amounts. Furthermore, such claims may be in the form of stock, including stock of entities other than the Debtor, or the cash equivalent thereof to be paid or caused to be paid by the Debtor to Claimant, including dividends that continue to accrue on such stock. Additionally, Claimant's Form 410, Part 2, Question 7 has now been amended to include the estimated value of 5% equity in HCRE Partners, LLC n/k/a NexPoint Real Estate Partners, LLC ("HCRE") or the cash equivalent of the distributions payable therefrom, as awarded to Claimant by the Debtor in compensation. Documents supporting this Claim contain personal confidential information of Claimant and, as more fully set forth below, shall be provided by counsel to Claimant under separate cover to counsel for the Debtor upon written request therefor.

4. In addition to the foregoing, Claimant is entitled to reimbursement for travel and other business related expenses incurred in connection with performing any services to which the Claimant is entitled. Claimant has previously provided or will provide to the Debtor details with respect to the amount of reimbursement that is owed.

5. Finally, Claimant is party to that certain Employment Agreement dated June 1, 2008 by and between the Debtor and Claimant ("Employment Agreement"). Claimant is entitled to any and all amounts under the Employment Agreement, including, but not limited to, any amounts payable under Employment Agreement Article IV.

Indemnification.

6. Claimant is an employee of the Debtor. Claimant is entitled to indemnification, including, without limitation, for all acts performed or omitted to be performed on behalf of or in connection with the Debtor's business. As part of the Claim for indemnification, Claimant is entitled to, among other things, contribution, reimbursement, advancement, or other payments,

including for damages, costs, and expenses, related thereto. The Claim for indemnification includes both liquidated and unliquidated amounts, including, without limitation, attorneys' fees and expenses that continue to accrue. Among other things, the Claim for indemnification includes, but is not limited to, indemnification for all claims, liabilities, damages, losses, fees, expenses, and costs related to the following matters (the "Indemnified Matters"):

    a. *Acis Capital Management, L.P., Acis Capital Management, GP, LLC, Reorganized Debtors v. James Dondero, Frank Waterhouse, Scott Ellington, Hunter Covitz, Isaac Leventon, Jean Paul Sevilla, Thomas Surgent, Grant Scott, Heather Bestwick, William Scott, and CLO Holdco, Ltd.*, Case No. 20-03060, pending in the Bankruptcy Court;

    b. *Acis Capital Management, L.P., Acis Capital Management, GP, LLC v. Highland Capital Management, L.P. Highland CLO Funding, Ltd., William Scott, Heather Bestwick, J.P. Sevilla, Scott Ellington, and James Dondero*, Case Nos. 18-302624 and 18-30265, which have been administratively consolidated and are pending in the Bankruptcy Court;

    c. *Acis Capital Management, L.P., Acis Capital Management, GP, LLC v. Gary T. Cruciani, Jamie R. Welton, Paul B. Lackey, Jean Paul Sevilla, Isaac D. Leventon, Thomas J. Surgent, Scott B. Ellington, McKool Smith, a professional corporation, and Lackey Hershman, L.L.P.*, Case No. DC-20-05534 pending in the 14th District Court of Dallas County, Texas; and

    d. *Patrick Daugherty v. James Dondero, Highland ERA Management, LLC et al.*, C.A. No. 2019-0956 pending in the Court of Chancery of the State of Delaware.

7. The Claim Amount in Part 2, Question 7 of Form 410 attached hereto does not include any amount of alleged damages claimed in the Indemnified Matters. Claimant reserves the right to amend, supplement, or modify the Claim to include alleged damages amounts.

8. In addition to the foregoing, Claimant is entitled to the benefits of the Debtor's directors' and officers' insurance programs and any other insurance policies that provide coverage for Claimant.

9. The Claim for indemnification is based on applicable law, the Debtor's organizational documents, contracts, agreements, arrangements, and corporate employee policies,

including, without limitation, that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated as of December 14, 2015 ("LPA") and to the Resolution of the Board of Directors of Strand Advisor, Inc. as General Partner of the Debtor, dated May 12, 2020 ("Resolution"). Pursuant to LPA §4.1(h) and the Resolution, Claimant is entitled to indemnification from the Debtor for all acts performed or omitted to be performed on behalf of or in connection with the Debtor's business.

10. Documents supporting this Claim (i) are in the possession of the Debtor; (ii) are too voluminous attach hereto; and (iii) contain personal confidential information of the Claimant. The supporting documentation is available (subject to entry of appropriate confidentiality agreements and redaction of personal identification information to the extent necessary) upon written request to counsel for Claimant as set forth below.

11. Claimant reserves the right to amend, supplement or modify the Claim at any time. The Claim include amounts that continue to accrue, including interest as permitted by contract or law.

12. Claimant reserves its rights to pursue claims (including but not limited to the claims described herein) against the Debtor based upon additional or alternative legal theories and reserves the right to file additional or other pleadings to assert any of the amounts set forth in this Claim or any amendments thereto, including, without limitation, any postpetition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof, or other applicable non-bankruptcy law.

13. This Claim is filed to preserve any and all claims, rights, and entitlements, including contingent claims, that the Claimant may have against the Debtor, and nothing herein should be construed as an admission that any valid claims or causes of action exist against Claimant.

14. To the extent that the Debtor asserts claims against Claimant, Claimant reserves the right to assert that such claims are subject to rights of setoff and/or recoupment, whether or not arising under the transactions set forth in this Claim, which rights are treated as secured claims under the Bankruptcy Code, and state and federal laws of similar import as well as in equity.

15. Claimant does not waive any of its rights to claim specific assets or any other rights or rights of action that Claimant has or may have against the Debtor, and Claimant expressly reserves such rights. Claimant reserves all rights accruing to it against the Debtor, and the filing of this Claim is not intended to be, and shall not be construed as, an election of remedy or a waiver or limitation of any rights of any Claimant.

16. The filing of this Claim is not and shall not be deemed or construed as: (i) a waiver, release or limitation of Claimant's rights against any person, entity, or property; (ii) a waiver, release or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court; (iii) a waiver of Claimant's right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto and/or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (iv) a consent by Claimant to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

17. All matters concerning this Claim, including any request for supporting documentation or additional information regarding this Claim should be made in writing directed to the following counsel for Claimant:

WINSTON & STRAWN LLP<br>
David Neier<br>
dneier@winston.com<br>
200 Park Avenue, 40th Floor<br>
New York, NY 10166-4193<br>
Telephone: (212) 294-6700<br>
Facsimile: (212) 294-4700

WINSTON & STRAWN LLP
David Neier
dneier@winston.com
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

WINSTON & STRAWN LLP
David Neier
dneier@winston.com
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700