Douglas S. Draper, LA Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust and Get Good Trust*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**SUPPLEMENTAL OBJECTION TO FIFTH AMENDED PLAN OF
REORGANIZATION OF HIGHLAND CAPITAL MANAGEMENT, L.P.
(AS MODIFIED)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

This Supplemental Objection is filed to the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Dkt. #1808] (the "Fifth Amended Plan as Modified" or "Plan") submitted by Highland Capital Management, L.P. ("Debtor"). Although the deadline to object to the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* ("Fifth Amended Plan") [Dkt. 1472] has expired, two developments have occurred which warranted the filing of this Supplemental Objection. Since The Dugaboy Investment Trust and Get Good Trust (jointly, "Objectors") filed their *Objection to Confirmation*

*of the Debtor's Fifth Amended Plan of Reorganization* [Dkt. #1667], the Debtor, on January 22, 2021, modified its Fifth Amended Plan. Attached to the filing on January 22, 2021 were some Plan Supplements and other documentation in support of the Debtor's Fifth Amended Plan. While the Fifth Amended Plan as Modified changed certain terms and concepts that were in the Fifth Amended Plan, it was the filing of the *Certification of Patrick M. Leathem with Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* on January 19, 2021 [Dkt. #1772] and the presentation of a new schedule depicting what creditors would receive under the Fifth Amended Plan as Modified versus that which a creditor would receive if a Chapter 7 Trustee had been appointed that has prompted this Supplemental Objection. In fact, the Debtor has merely provided to counsel and other objectors a summary of the elements that make up the recovery projected for creditors under the Fifth Amended Plan as Modified and under a Chapter 7. The model with a listing by item (such as projected Trustee fees, U.S. Trustee fees that will be owed under the Debtor's Fifth Amended Plan as Modified, and a listing of the Debtor's assets and projected recovery for each asset) has been withheld from the Objectors and the other objecting creditors. The summary document that was provided shows the following:

a) An increase in the operating costs from a projected $18,468,000.00 (Dkt. #1473, pg. 174) to a now projected cost of $38,849,000.00. A cost increase of over 100%;

b) The projected recovery to Class 8 creditors has reduced from a recovery in November of 85.31% to a January projected recovery of 62.14%;

c) An increase in the total number of Class 8 claims from a projected $176,049.00 (Dkt. #1473, pg. 174) to a new claims pool of $313,588.00;

d) An increase in professional fees from $22,313,000.00 (Dkt. #1473, pg. 177) to $27,455,000.00; and

e) A decision by the Debtor to manage the CLOs and retain an employee staff of ten (10), as opposed to a projected employee staff of three (3) in November - triple the number of employees that were projected in November.

In addition, it is now known that Class 8 has rejected the Fifth Amended Plan and the Court must make an independent analysis that all the elements of 11 U.S.C. § 1129(a) have been satisfied in order to confirm the Plan. This analysis must take place whether or not any creditor objects to the Fifth Amended Plan. Class 8 has rejected the Fifth Amended Plan, meaning that the Absolute Priority Rule prevents confirmation as equity retains some property under the Plan and the Debtor has made no showing that it has marketed the assets of the Debtor to determine if a higher and better offer exists which would result in a greater payment to the Class 8 creditors. As the Court is aware, a competing Plan has been filed under seal. In light of the material reduction in projected returns to unsecured creditors, the significant increase in operating costs and the other developments since the Disclosure Statement has been approved, creditors should be apprised of these developments, especially because it is virtually certain that, under the Debtor's Plan, there will be years of litigation in multiple adversary proceedings, appeals, and collection activities—all adding substantial additional uncertainty and delay.

A.     THE PLAN MUST BE RESOLICITED

1.     The approved *Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* ("Disclosure Statement") [Dkt. #1473] contained a projected recovery to Class 8 unsecured creditors of 85.31%. The Disclosure Statement did not contain a range, but, rather, a specific percentage recovery. On January 28, 2021, the Debtor

disclosed that this estimate is no longer accurate, and it revised this estimate to 62.14%. This is a material change that renders the approved Disclosure Statement is no longer accurate and, in fact, materially misleading, even if through no fault of the Debtor or anyone else.

2. The Court may confirm the Fifth Amended Plan only if the Fifth Amended Plan and its proponents comply with all the requirements of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(1) & (2). Here, the Bankruptcy Code has not been complied with because the Disclosure Statement, on which creditors based their votes for the Plan, is no longer accurate and is, in fact, misleading, even if it once was accurate. The importance of a disclosure statement cannot be understated, as that is the principal document upon which creditors make their decision whether to vote for or against a plan. However, the disclosure statement is not fixed for all time, and changes between its approval and the confirmation hearing may mandate a re-solicitation:

> When the adequacy of information is initially determined during the presolicitation phase, the court is acting in a context in which information may be sketchy and preliminary. The court does not conduct an independent investigation and relies upon its reading of the document for apparent completeness and intelligibility. Later, at confirmation, what once appeared to be adequate information may have become plainly so inadequate and misleading as to cast doubt on the viability of the acceptance of the plan and to necessitate starting over.

*In re Brotby*, 303 B.R. 177, 194 (B.A.P. 9th Cir. 2003) (emphasis added) (internal quotations omitted). As explained by one court:

> Nor does the scrutiny of the accuracy of the disclosure statement end with the presolicitation hearing on the question of whether the disclosure statement contains adequate information. The accuracy of disclosure is an issue that must be addressed at the confirmation hearing where it must be demonstrated by a preponderance of the evidence that the proponent of the plan complied with the applicable provisions of title 11.

*In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992) (emphasis added). *Accord, In re Rosenblum*, 2019 Bankr. LEXIS 2298 at *6 (Bankr. D. Nev. 2019) ("[e]ven if a disclosure

statement previously has been approved, the adequacy of disclosure may be revisited at plan confirmation"); *In re Renegade Holdings Inc.*, 2010 Bankr. LEXIS 2252 at *7 (Bankr. M.D.N.C. 2010) ("[n]otwithstanding the earlier approval of a plan proponent's disclosure statement, the requirement of section 1129(a)(2) regarding compliance with section 1125 is that the court reassess at the confirmation hearing whether the disclosure contemplated by section 1125 has been provided").  Indeed, in *In re Michelson*, the court went so far as to revoke an order of confirmation based on a materially defective disclosure statement which failed to disclose critical facts.

3.    A disclosure statement must include information of a kind "that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).  Perhaps the most important consideration in this analysis is the plan's projected return to creditors.  Here, the Debtor has now disclosed that its original estimate of an 85% recovery has been reduced to a 62% recovery.  While the Objectors are not alleging that this difference is the result of any fault on the part of the Debtor, and, in fact, appears to be simply the result of developments after the approval of that Plan's disclosure statement, the original projection is now materially misleading.  A difference in recovery from 85% to 62% is something that is very material.  While it is true that the Disclosure Statement contained various provisions cautioning voting creditors that the projected recovery was an estimate only and was subject to change, the fact remains that voting unsecured creditors were solicited, and likely formed their views on the Plan, based on information that is no longer accurate.  At a minimum, these creditors should be informed of the recent developments, in order to consider other potential alternatives and in order to reconsider whether to vote for the Plan.  In sum, creditors should have the most up-to-date and reliable information when weighing their plan options

regardless of any cautionary provision in the original disclosure statement that projections were subject to change. The significant change in operating costs places increased risks on the Debtor's meeting its revenue projections and warrants all creditors in each class reevaluating whether they want to accept the Plan or support a Plan that brings in more cash up front, reduces the market risk for the sale of the Debtor's assets and reduces the professional fees and costs.

4. Accordingly, the Plan cannot be confirmed as is and the Plan should be resolicited with an updated disclosure statement or supplement that: (i) describes the material changes in the Bankruptcy Case since the Disclosure Statement was approved, including the settlement and allowance of large claims; and (ii) discloses the Debtor's new projection of recoveries under its Plan.

**B.     PLAN UNFAIRLY DISCRIMINATES AGAINST CLASS 8**

5. The revision to the estimated recovery for Class 8 also means that the Plan cannot be confirmed under principles of unfair discrimination. The Plan provides for a class (Class 7) of convenience unsecured creditors of $1 million—a very large threshold—which are paid 85% of their allowed claims. However, Class 8 has rejected the Plan, meaning that it must proceed on cramdown. Among other things, this requires that the Plan not "discriminate unfairly" with respect to the dissenting class. *See* 11 U.S.C. § 1129(b)(1). While originally, when the Plan estimated a recovery of 85% to Class 7, there was no unfair discrimination between Class 7 and Class 8, now that Class 8 will receive an estimated 62% while Class 7 receives 23% more, without any justification, --is *per se* unfair discrimination, for the Debtor to reasonably claim that Class 7 is truly a "convenience" class when the threshold is $1 million. *See, e.g., In re Dow Corning Corp.*, 244 B.R. 696, 702 (Bankr. E.D. Mich. 1999) (imposing rebuttable presumption of unfair discrimination where one class is paid "a materially lower percentage recovery"); *In re*

*Creekside Landing Ltd.*, 140 B.R. 713, 716 (Bankr. M.D. Tenn. 1992). With the new projections the plan on its face unfairly discriminates

### C.   THE PLAN CANNOT BE CONFIRMED UNDER THE ABSOLUTE PRIORITY RULE

6.     Under the Plan, holders of limited partnership interests in the Debtor are provided with "Pro Rata share[s] of the Contingent Claimant Trust Interests." Plan at pp. 23-24. These interests are contingent interests in the Claimant Trust:

> the rights of which shall not vest, and consequently convert to Claimant Trust Interests, unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been paid indefeasibly in full, plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, all accrued and unpaid post-petition interest from the Petition Date at the Federal Judgment Rate and all Disputed Claims in Class 8 and Class 9 have been resolved.

Plan at p. 7.

7.     The Claimant Trust Agreement defines "Claimant Trust Beneficiaries" as including the "Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests," but "only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent applicable, post-petition interest at the federal judgment rate." *See* Docket No. 1811-2 at Exhibit "R" at p. 3. Holders of these limited partnership interests are issued "Contingent Interests" that vest only after that certification is filed. *See id.* at p. 26. After such certification, the proceeds of the monetization of the Creditor Trust Assets would flow to the holders of these limited partnership interests." *See id.* at p. 8.

8.     Class 8, consisting of General Unsecured Claims, has not accepted the Plan. This brings into application the Absolute Priority Rule, which provides that, if a class of creditors has rejected the Plan, the Plan can only be confirmed if "the holder of any claim or interest that is

junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property." 11 U.S.C. § 1129(b)(2)((B)(ii). Simply put, the Contingent Claimant Trust Interests the Plan provides to holders of limited partnership interests in the Debtor is "property" such that the Plan cannot be confirmed because Class 8 has rejected the Plan and a junior class of interests is retaining or receiving under the Plan "property."

9.      The Supreme Court, in considering the Absolute Priority Value and an argument that the retained interests had no value such that the Rule is not implicated, disagreed and held as follows:

> Respondents further argue that the absolute priority rule has no application in this case, where the property which the junior interest holders wish to retain has no value to the senior unsecured creditors. In such a case, respondents argue, the creditors are deprived of nothing if such a so-called interest continues in the possession of the reorganized debtor. Here, respondents contend, because the farm has no "going concern" value (apart from their own labor on it), any equity interest they retain in a reorganization of the farm is worthless and therefore is not "property" under 11 U. S. C. § 1129(b)(2)(B)(ii).

> We join with the overwhelming consensus of authority which has rejected this 'no value' theory. . . Whether the value is present or prospective, for dividends or only for purposes of control a retained equity interest is a property interest. . . And while the Code itself does not define what 'property' means as the term is used in § 1129(b), the relevant legislative history suggests that Congress' meaning was quite broad. Property includes both tangible and intangible property.

*Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 207-08 (1988) (internal quotations and citations omitted).

10.      It therefore does not matter that the trust interests being provided to limited partners under the Plan are contingent, or deeply subordinated, or unvested, or potentially worthless—they constituted *some* property under the Absolute Priority Rule: "the relevant legislative history suggests that Congress' meaning [of property] was quite broad. Property includes both tangible and intangible property." *Id.* Even if not vested, that the interests would

vest upon the satisfaction of a condition precedent is itself property. "The question should not be whether a future interest is vested or contingent. Clearly a contingent future interest is a legally cognizable interest, and thus property of the estate." *In re Edmonds*, 273 B.R. 527, 529 (Bankr. E.D. Mich. 2000). If a contingent, non-vested interest is property for purposes of section 541(a) of the Bankruptcy Code, such that it can be administered, sold, transferred, or monetized as property under a bankruptcy plan, then section 1129(b)'s use of the word "property" must also include a contingent, non-vested interest.

11.     The Objectors are aware of an opinion that disagrees with the above logic. *See In re Introgen Therapeutics*, 429 B.R. 570 (Bankr. W.D. Tex. 2010). That opinion held that a contingent interest in a liquidating trust, whereby equity would not receive any distribution unless and until all creditors were paid in full, was not "property" for purposes of the Absolute Priority Rule. *Id.* at 585. That opinion reasoned as follows:

> The right to receive something imaginary is not property. The only way Class 4 will receive anything is if Class 3 in fact gets paid in full, in satisfaction of § 1129(b)(2)(B)(i), meaning the absolute priority rule would not be an issue. If Class 3 is not paid in full, Class 4's 'property interest' is not just valueless, as Creditors argue, it simply does not exist.

*Id.*

12.     The Objectors submit that this opinion is not decided correctly and should not be followed by this Court. *Introgen Therapeutics* made a fundamental mistake of logic because it determined that something that has no value is not property. This directly conflicts with *Norwest Bank Worthington*, which commanded that whether something has value or not does not determine whether it is "property" under the Absolute Priority Rule. 485 U.S. at 207-08. Even if the value is prospective only, it is still "property." Second, the opinion ignores the language of the statute, which prohibits the junior class from receiving or retaining "any property." It cannot

be doubted that a contingent, non-vested interest in a trust is some "property." It may have no value or other benefits, and it may never have a value or any other benefits, but there is a condition precedent which, if triggered, converts it to something of value, benefit, and present interest. Whatever it is that is converted into the "property" is itself "property."

13. The opinion also fails to take into account the Supreme Court's opinion and logic in *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. Lasalle P'ship*, 526 U.S. 434 (1999). That well know opinion considered whether the Absolute Priority Rule was triggered under a plan where equity was retained. While it may be obvious that equity is "property" and that the retention of equity therefore violated the Rule, the Supreme Court's reasoning was different. Rather, the Supreme Court equated the exclusive opportunity to bid on new equity under a plan as itself "property" that was being granted or retained in violation of the Rule: "[t]his opportunity should, first of all, be treated as an item of property in its own right." *Id.* at 455. The Supreme Court reasoned as follows:

> While it may be argued that the opportunity has no market value, being significant only to old equity holders owing to their potential tax liability, such an argument avails the Debtor nothing, for several reasons. It is to avoid just such arguments that the law is settled that any otherwise cognizable property interest must be treated as sufficiently valuable to be recognized under the Bankruptcy Code. Even aside from that rule, the assumption that no one but the Debtor's partners might pay for such an opportunity would obviously support no inference that it is valueless, let alone that it should not be treated as property. And, finally, the source in the tax law of the opportunity's value to the partners implies in no way that it lacks value to others.

*Id.* at 455.

14. If an exclusive "opportunity" is "property" for purposes of the Absolute Priority Rule, then the "opportunity" to perhaps share in a future recovery, however remote, is also "property." Even a contingent, non-vested interest is "otherwise cognizable property," since the law recognizes such interests and even brings them into an estate as property of the estate. And

the assumption that no one may pay anything for the interest does not support a conclusion that it should not be treated as property.  Indeed, it is likely that someone would pay something for that interest, including the Objectors, were it offered to them, both for economic and strategic reasons.  In fact, the Debtor in its 30(b) deposition taken on Friday January 29, 2021 recognized that a possibility existed for equity to receive a distribution under the Plan if the Litigation Trust was successful in its pursuit of claims.

**Conclusion**

Based upon the foregoing and the reasons set forth in the previously filed Objections to the Debtor's Plan, the Court should deny confirmation.

February 1, 2021

Respectfully submitted,


*/s/Douglas S. Draper.*
Douglas S. Draper, LA Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com

Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust*
 *and Get Good Trust*


**CERTIFICATE OF SERVICE**

I do hereby certify that on the 1st day of February, 2021, a copy of the above and foregoing *Supplemental Objection To Fifth Amended Plan Of Reorganization Of Highland Capital Management, L.P. (As Modified)* has been served electronically to all parties entitled to receive electronic notice in this matter through the Court's ECF system as follows:

- David G. Adams    david.g.adams@usdoj.gov,
  southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- Amy K. Anderson    aanderson@joneswalker.com, lfields@joneswalker.com;amy-
  anderson-9331@ecf.pacerpro.com
- Zachery Z. Annable    zannable@haywardfirm.com
- Bryan C. Assink    bryan.assink@bondsellis.com
- Asif Attarwala    asif.attarwala@lw.com
- Joseph E. Bain    JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-
  8368@ecf.pacerpro.com;msalinas@joneswalker.com
- Michael I. Baird    baird.michael@pbgc.gov, efile@pbgc.gov
- Sean M. Beach    bankfilings@ycst.com, sbeach@ycst.com
- Paul Richard Bessette    pbessette@KSLAW.com,
  ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com
  ;rmatsumura@kslaw.com
- John Y. Bonds    john@bondsellis.com, joyce.rehill@bondsellis.com
- Larry R. Boyd    lboyd@abernathy-law.com, ljameson@abernathy-law.com
- Jason S. Brookner    jbrookner@grayreed.com,
  lwebb@grayreed.com;acarson@grayreed.com;cpatterson@grayreed.com
- Greta M. Brouphy    gbrouphy@hellerdraper.com,
  dhepting@hellerdraper.com;vgamble@hellerdraper.com
- M. David Bryant    dbryant@dykema.com, csmith@dykema.com
- Candice Marie Carson    Candice.Carson@butlersnow.com
- Annmarie Antoniette Chiarello    achiarello@winstead.com
- Shawn M. Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- James Robertson Clarke    robbie.clarke@bondsellis.com
- Matthew A. Clemente    mclemente@sidley.com, matthew-clemente-
  8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russel
  l@sidley.com;dtwomey@sidley.com
- Megan F. Clontz    mclontz@spencerfane.com, lvargas@spencerfane.com
- Andrew Clubok    andrew.clubok@lw.com
- Leslie A. Collins    lcollins@hellerdraper.com
- David Grant Crooks    dcrooks@foxrothschild.com,
  etaylor@foxrothschild.com,jsagui@foxrothschild.com,plabov@foxrothschild.com,jmanfr
  ey@foxrothschild.com
- Gregory V. Demo    gdemo@pszjlaw.com,
  jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com
  ;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjla
  w.com
- Casey William Doherty    casey.doherty@dentons.com,
  dawn.brown@dentons.com;Docket.General.Lit.DAL@dentons.com;Melinda.sanchez@d
  entons.com
- Douglas S. Draper    ddraper@hellerdraper.com,
  dhepting@hellerdraper.com;vgamble@hellerdraper.com
- Lauren Kessler Drawhorn    lauren.drawhorn@wickphillips.com,
  samantha.tandy@wickphillips.com

- Vickie L. Driver  Vickie.Driver@crowedunlevy.com,
  crissie.stephenson@crowedunlevy.com;seth.sloan@crowedunlevy.com;elisa.weaver@cr
  owedunlevy.com;ecf@crowedunlevy.com
- Jonathan T. Edwards  jonathan.edwards@alston.com
- Jason Alexander Enright  jenright@winstead.com
- Robert Joel Feinstein  rfeinstein@pszjlaw.com
- Matthew Gold  courts@argopartners.net
- Bojan Guzina  bguzina@sidley.com
- Thomas G. Haskins  thaskins@btlaw.com
- Melissa S. Hayward  MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- Michael Scott Held  mheld@jw.com, lcrumble@jw.com
- Gregory Getty Hesse  ghesse@HuntonAK.com,
  amckenzie@HuntonAK.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- Juliana Hoffman  jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-
  hoffman-8287@ecf.pacerpro.com
- A. Lee Hogewood  lee.hogewood@klgates.com,
  haley.fields@klgates.com;matthew.houston@klgates.com;mary-
  beth.pearson@klgates.com;litigation.docketing@klgates.com;Emily.mather@klgates.co
  m;Artoush.varshosaz@klgates.com
- Warren Horn  whorn@hellerdraper.com,
  dhepting@hellerdraper.com;vgamble@hellerdraper.com
- John J. Kane  jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- Jason Patrick Kathman  jkathman@spencerfane.com,
  gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- Edwin Paul Keiffer  pkeiffer@romclaw.com, bwallace@romclaw.com
- Jeffrey Kurtzman  kurtzman@kurtzmansteady.com
- Phillip L. Lamberson  plamberson@winstead.com
- Lisa L. Lambert  lisa.l.lambert@usdoj.gov
- Paul M. Lopez  bankruptcy@abernathy-law.com
- Faheem A. Mahmooth  mahmooth.faheem@pbgc.gov, efile@pbgc.gov
- Ryan E. Manns  ryan.manns@nortonrosefulbright.com
- Thomas M. Melsheimer  tmelsheimer@winston.com, tom-melsheimer-
  7823@ecf.pacerpro.com
- Paige Holden Montgomery  pmontgomery@sidley.com,
  txefilingnotice@sidley.com;paige-montgomery-
  7756@ecf.pacerpro.com;crognes@sidley.com
- J. Seth Moore  smoore@ctstlaw.com, jsteele@ctstlaw.com
- John A. Morris  jmorris@pszjlaw.com
- Edmon L. Morton  emorton@ycst.com
- David Neier  dneier@winston.com, david-neier-0903@ecf.pacerpro.com
- Holland N. O'Neil  honeil@foley.com, jcharrison@foley.com;acordero@foley.com
- Rakhee V. Patel  rpatel@winstead.com,
  dgalindo@winstead.com;achiarello@winstead.com
- Charles Martin Persons  cpersons@sidley.com
- Mark A. Platt  mplatt@fbtlaw.com, aortiz@fbtlaw.com
- Jeffrey Nathan Pomerantz  jpomerantz@pszjlaw.com

- Kimberly A. Posin    kim.posin@lw.com, colleen.rico@lw.com
- Jeff P. Prostok    jprostok@forsheyprostok.com,
  lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.cour
  tdrive.com;jprostok@ecf.courtdrive.com
- Linda D. Reece    lreece@pbfcm.com
- Penny Packard Reid    preid@sidley.com, txefilingnotice@sidley.com;penny-reid-
  4098@ecf.pacerpro.com;ncade@sidley.com
- Suzanne K. Rosen    srosen@forsheyprostok.com,
  lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.c
  om;calendar_0573@ecf.courtdrive.com
- Davor Rukavina    drukavina@munsch.com
- Amanda Melanie Rush    asrush@jonesday.com
- Alyssa Russell    alyssa.russell@sidley.com
- Douglas J. Schneller    douglas.schneller@rimonlaw.com
- Brian Patrick Shaw    shaw@roggedunngroup.com,
  cashion@roggedunngroup.com;jones@roggedunngroup.com
- Michelle E. Shriro    mshriro@singerlevick.com,
  scotton@singerlevick.com;tguillory@singerlevick.com
- Nicole Skolnekovich    nskolnekovich@hunton.com,
  plozano@huntonak.com;astowe@huntonak.com;creeves@huntonak.com
- Jared M. Slade    jared.slade@alston.com
- Frances Anne Smith    frances.smith@judithwross.com,
  michael.coulombe@judithwross.com
- Eric A. Soderlund    eric.soderlund@judithwross.com
- Martin A. Sosland    martin.sosland@butlersnow.com,
  ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
- Laurie A. Spindler    Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
- Jonathan D. Sundheimer    jsundhimer@btlaw.com
- Kesha Tanabe    kesha@tanabelaw.com
- Chad D. Timmons    bankruptcy@abernathy-law.com
- Dennis M. Twomey    dtwomey@sidley.com
- Basil A. Umari    BUmari@dykema.com, pelliott@dykema.com
- United States Trustee    ustpregion06.da.ecf@usdoj.gov
- Artoush Varshosaz    artoush.varshosaz@klgates.com, Julie.garrett@klgates.com
- Julian Preston Vasek    jvasek@munsch.com
- Donna K. Webb    donna.webb@usdoj.gov,
  brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- Jaclyn C. Weissgerber    bankfilings@ycst.com, jweissgerber@ycst.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com, dora.casiano-
  perez@lgbs.com;Melissa.palo@lgbs.com
- Daniel P. Winikka    danw@lfdslaw.com,
  craigs@lfdslaw.com,dawnw@lfdslaw.com,ivys@lfdslaw.com
- Hayley R. Winograd    hwinograd@pszjlaw.com
- Megan Young-John    myoung-john@porterhedges.com

I also caused same to be served on February 1, 2021, by Docusource via U.S. First Class Mail, postage prepaid upon the following parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service):

Paul N. Adkins
11 Mount Emily Road #07-27
Singapore, 228493

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

James T. Bentley
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

James T. Bentley
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Jeffrey E. Bjork
LATHAM & WATKINS LLP
355 South Grand Avenue, Ste. 100
Los Angeles, CA 90071

Jessica Boelter
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

Matthew G. Bouslog
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612

William P. Bowden
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Candace C. Carlyon
CARLYON CICA CHTD.
265 e. Warm Springs Road., Ste 107
Las Vegas, NV 89119

Joseph L. Christensen
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

Louis J. Cisz
Nixon Peabody LLP
One Embarcadero Center, 32nd Fl
San Francisco, CA 94111

Kevin M. Coen
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, Suite 1600
1000 North King Street
Wilmington, DE 19801

Debra A. Dandeneau
Baker & McKenzie LLP
425 5th Ave.
New York, NY 10018

Deloitte Tax LLP
1111 Bagby Street, Ste. 4500
Houston, TX 77002

Mark. L. Desgrosseilliers
Chipman, Brown, Cicero & Cole, LLP
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801

Development Specialists, Inc.
333 South Grand Ave., Ste. 4070
Los Angeles, CA 90071

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023

Bojan Guzina

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Emily M. Hahn
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd. Ste. 300
McKinney, TX 75069

Hain Capital Group, LLC
301 Route 17, 6th Floor
Rutherford, NJ 07070

Marc B. Hankin
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3098

Michelle Hartman
Baker & McKenzie LLP
1900 N. Pearl, Ste. 1500
Dallas, TX 75201

Hayward & Associates PLLC
10501 N. Central Expwy., Ste 106
Dallas, TX 75231

William A. Hazeltine
Sullivan Hazeltine Allinson LLC
901 North Market Street
Suite 1300
Wilmington, DE 19801

Kuan Huang
Latham & Watkins LLP
855 Third Avenue
New York, NY 10022

Ira D Kharasch
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067

Marshall R. King
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue

Suite 1400
New York, NY 10066

Alan J. Kornfeld
Pachulski Stang Ziehl & Jones LLPL
10100 Santa Monica Blvd., 13 Fl
Los Angeles, CA 90067

Kurtzman Carson Consultants LLC
Attn: Drake Foster
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245

Kurtzman Carson Consultants, LLC
222 N. Pacific Coast Highway, Ste. 300
El Segundo, CA 90245

M. Natasha Labovitz
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Richard B. Levin
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3098

Maxim B Litvak
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111

John E. Lucian
Blank Rome LLP
1201 N. Market Street, Sutie 800
1000 North King Street
Wilmington, DE 19801

Lauren Macksoud
1221 Avenue of the Americas
New York, NY 10020-1089

Mark M. Maloney
King & Spalding LLP
191 Peachtree St.

Suite 4900
Atlanta, GA 30303-1763

Mark M. Maloney
King & Spalding LLP
1180 Peachtree Steet, NE
Atlanta, GA 30309

Terri L. Mascherin
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456

Patrick C. Maxcy
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361

R. Stephen McNeill
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Fl
Wilmington, DE 19801

Mercer (US) Inc.
155 N. Wacker Drive, Ste. 1500
Chicago, IL 60606

Michael J. Merchant
RICHARDS, LAYTON & FINGER, P.A.
one Rodney Square
920 North King Street
Wilmington, DE 19801

Curtis S. Miller
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, Suite 1600
1000 North King Street
Wilmington, DE 19801

Josef W. Mintz
Blank Rome LLP
1201 Market Street, Suite 800
1000 North King Street
Wilmington, DE 19801

Joseph T. Moldovan

MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022

Alan A. Moskowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10066

Michael R. Nestor
YOUNG CONAWAY STARGATT & TAYLOR, LL
Rodney Square
1000 North King Street
Wilmington, DE 19801

James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
Wilmington, DE 19801

Tracy M. O'Steen
CARLYON CICA CHTD.
265 E. Warm Springs Road., Ste 107
Las Vegas, NV 89119

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Kathleen Preston
Winston & Strawn LLP
800 Capitol Street, Ste. 2400
Houston, TX 77002

Jeremy W. Ryan
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Fl
Wilmington, DE 19801

James P. Seery

795 Columbus Ave., 12A
New York, NY 10025

Sally T. Siconolfi
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022

Sarah E. Silveira
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

D. Ryan Slaugh
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Fl
Wilmington, DE 19801

Tracy K. Stratford
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114

Daniel E. Stroik
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Sarah A. Tomkowiak
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304

Stephen G. Topetzes
K&L Gates LLP
1601 King St., N.W.
Washington, DC 20006

Thomas A. Uebler
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

Michael L. Vild
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
1000 North King Street
Wilmington, DE 19801

Elissa A. Wagner
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Erica S. Weisgerber
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

James A. Wright
K&L Gates LLP
State Street Financial Center
One Lincoln St.
Boston, MA 02111

Sean M. Young Conway Stargatt & Taylor, LLP
Young Conway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

*/s/Douglas S. Draper*
Douglas S. Draper, LA Bar No. 5073
