PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |

**DEBTOR'S NOTICE OF RULE 30(b)(6) DEPOSITION**
**TO NEXPOINT REAL ESTATE PARTNERS, LLC f/k/a HCRE PARTNERS, LLC**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case, shall take the deposition of NexPoint Real Estate

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Partners, LLC f/k/a HCRE Partners, LLC ("HCREP") in connection with the proof of claim filed by HCREP by the person(s) most qualified to testify on HCREP's behalf with respect to the topics described in **Exhibit A** attached hereto on **March 4, 2021** commencing at **9:30 a.m. Central Time**, or at such other day and time as the Debtor determines upon reasonable notice. **The deposition will be taken remotely** via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 48 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated: February 5, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

______________________________

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**EXHIBIT A**

**DEFINITIONS**

1. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pages, memoranda, and any other medium through which any information is conveyed or transmitted.

2. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3. "Debtor" means Highland Capital Management L.P. and any person or entity acting on its behalf or for its benefit.

4. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document is to be considered a separate Document.

5. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

6. "Exhibit A" means Exhibit A to the HCREP Claim.

7. "HCREP" means (a) NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, and (b) all directors, officers, employees, and agents of NexPoint Real Estate Partners,

LLC, f/k/a HCRE Partners, LLC, or any other person or entity acting on its behalf or for its benefit.

8. "HCREP Claim" means the general unsecured, non-priority, unliquidated claim that was filed by HCRE Partners, LLC on April 8, 2020 and that was denoted as proof of claim number 146 on the Debtor's claims register.

9. "Response" means *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims and (F) Insufficient-Documentation Claims* [Docket No. 1212] filed on October 19, 2020.

10. "SE Multifamily" means SE Multifamily Holdings, LLC.

**Topics**

**Topic No. 1:**

The facts and circumstances that form the basis for the HCREP Claim.

**Topic No. 2:**

The facts and circumstances that form the basis for HCREP's contention that SE Multifamily has not made distributions to HCREP "because of the actions and inactions of the Debtor," as alleged in Exhibit A.

**Topic No. 3:**

The facts and circumstances that form the basis for HCREP's contention in Exhibit A that "all or a portion of the Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be property of" HCRE.

**Topic No. 4:**

The "exact amount" of HCREP's Claim as referenced in Exhibit A.

**Topic No. 5:**

The facts and circumstances that form the basis for HCREP's contention in Paragraph 5 of the Response that the organizational documents relating to SE Multifamily "improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration and/or failure of consideration."

**Topic No. 6:**

The facts and circumstances that form the basis for HCREP's contention in Paragraph 5 of the Response that "HCREP has a claim to reform, rescind and/or modify the agreement."

**Topic No. 7:**

The date upon which HCREP first came to believe that the organizational documents relating to SE Multifamily "improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration and/or failure of consideration."

**Topic No. 8:**

Any notice that HCREP provided to the Debtor concerning HCREP's belief that the organizational documents relating to SE Multifamily "improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration and/or failure of consideration."

**Topic No. 9:**

All Communications between HCREP and the Debtor Concerning HCREP's belief that the organizational documents relating to SE Multifamily "improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration and/or failure of consideration."

**Topic No. 10:**

The nature or scope of the “mutual mistake” referred to in paragraph 5 of the Response.

**Topic No. 11:**

The “consideration” the Debtor failed to provide, as referred to in paragraph 5 of the Response.

**Topic No. 12:**

The “failure of consideration” referred to in paragraph 5 of the Response.