IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) ) | Case No. 19-34054 (SGJ11) |
| Debtor. | ) ) ) ) | |

**JOINT MOTION FOR CERTIFICATION OF APPEALS OF CONFIRMATION ORDER FOR DIRECT APPEAL TO THE FIFTH CIRCUIT**

COME NOW: (i) Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above styled and numbered Chapter 11 bankruptcy case (the "Bankruptcy Case"); (ii) Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors"); (iii) Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., and NexPoint Strategic Opportunities Fund (together, the "Funds"); (iv) James Dondero ("Dondero"); and (v) Get Good Trust and The Dugaboy Investment Trust (the "Trusts", with the Debtor, the Advisors, the Funds, and Dondero, each a "Party" and collectively the "Parties"), and file this their *Joint Motion for Certification of Appeals of Confirmation Order for Direct Appeal to the Fifth Circuit* (the "Motion"), respectfully stating as follows:

### I.  RELIEF REQUESTED

1.  By this Motion, the Parties collectively request that the Court certify the Appeals (defined below) of the Confirmation Order (defined below) for direct appeals to the United States Court of Appeals for the Fifth Circuit, as an immediate direct appeal will materially advance the progress of the case or proceeding in which the appeal is taken.

## II. BACKGROUND

2. On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating its Bankruptcy Case and creating its bankruptcy estate (the "Estate").

3. The Debtor has remained in possession of its Estate as a debtor-in-possession throughout the Bankruptcy Case.

4. On January 22, 2021, the Debtor filed its *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [docket no. 1808], as further modified (the "Plan"). Each of the Advisors, the Funds, Dondero, and the Trusts filed objections to the confirmation of the Plan.

5. The Court held a hearing on the confirmation of the Plan on February 2 and 3, 2021, and announced its ruling confirming the Plan on February 8, 2021.

6. On February 22, 2021, the Court entered its *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [docket no. 1943] (the "Confirmation Order").

7. Thereafter, the following entities filed the following notices of appeal of the Confirmation Order, thereby initiating the following appeals of the Confirmation Order (collectively, the "Appeals"):

(i) the Advisors filed their notice of appeal on March 1, 2021 at docket no. 1957;

(ii) the Funds filed their notice of appeal on March 3, 2021 at docket no. 1966;

(iii) Dondero filed his notice of appeal on March 4, 2021 at docket no. 1970; and

(iv) the Trusts filed their notice of appeal on March 4, 2021 at docket no. 1972.

8. All of the Appeals have been docked with the United States District Court for the Northern District of Texas (the "District Court"). It is expected that the Appeals will be consolidated.

9. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2).

### III.   DISCUSSION

10. The Bankruptcy Rules provide that this Court is the proper court to consider a certification of a direct appeal for a period of thirty (30) days following the filing of the first notice of appeal. *See* FED. R. BANKR. P. 8006(b) & (d). This deadline is March 30, 2021. This Motion is otherwise timely because it is made no later than sixty (60) days after entry of the Confirmation Order. *See* 28 U.S.C. § 158(d)(2)(E)

11. The Parties may file a joint certification for direct appeal, or they may request a certification for direct appeal, and the Court has the authority to make a certification on its own motion or to supplement the Parties' certification within fourteen (14) days after the certification is filed. *See* FED. R. BANKR. P. 8006(c) & (e). This Motion constitutes the Parties' joint certification for direct appeal and request for such certification under 28 U.S.C. § 158(d)(2)(A)(i).

12. A direct appeal of the Confirmation Order to the Fifth Circuit is authorized under certain conditions. *See* 28 U.S.C. § 158(d)(2)(A). These conditions are that this Court, or the District Court, on its own motion or on motion of the Parties "acting jointly," certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

13. Here, the Parties agree and certify that a direct appeal of the Confirmation Order to the Fifth Circuit will "materially advance the progress of the case or proceeding in which the appeal is taken" within the meaning of 28 U.S.C. § 158(d)(2)(A)(iii). This is because the party or parties who do not prevail before the District Court are virtually certain to seek a further appeal of the Confirmation Order to the Fifth Circuit. A direct appeal of the Confirmation Order will therefore save the parties upwards of one year or longer, together with hundreds of thousands of dollars in combined attorney's fees and expenses for briefing and arguing the Appeals before the District Court. Because the Fifth Circuit is virtually certain to hear any subsequent appeal anyway, a direct appeal will not materially affect its caseload. Furthermore, the sooner that there is finality concerning the Confirmation Order for the Parties and for all creditors in the Bankruptcy Case, the sooner that the Bankruptcy Case can be fully administered and closed and the better for all involved with the Bankruptcy Case. The foregoing considerations are recognized as valid grounds for a certification. *See, e.g.,* In re MPF Holding U.S. LLC, 444 B.R. 719,727 (Bankr. S.D. Tex. 2011) (finding subsection (iii) circumstance met, in part, because it was very likely that any decision by the District Court would be appealed to the Fifth Circuit, the outcome would likely determine whether unsecured creditors would receive payments on their claims and noting that the parties' agreement on the certification was significant).

14. "If the bankruptcy court, the district court . . . receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A) [ ] then the bankruptcy court . . . shall make the certification described in subparagraph (A)." 28 U.S.C. § 158(d)(2)(B).

15. Here, the Parties represent all of the parties (appellants and appellee) to the Appeals. The Deadline for any other person to file a notice of appeal of the Confirmation Order has expired.

Therefore, since at least a majority of the parties to the Appeals are making this request jointly, the Parties respectfully submit that the Court should issue the requested certification certifying the Appeals for direct appeal to the Fifth Circuit as materially advancing the Bankruptcy Case.

### IV. RESERVATION OF RIGHTS

16. There are at present multiple disputes between various of the Parties, in addition to the Appeals. For the avoidance of doubt, no Party, by agreeing to this Motion or to any representation made in this Motion, waives or prejudices any claim, right, or defense it may have with respect to the Appeals and any and all other matters, or explicitly or implicitly ratifies, agrees with, or concedes any argument, position, or issue of any other Party. The Parties agree solely that a direct appeal of the Appeals to the Fifth Circuit will materially advance the progress of the case as stated above. Such agreement is not to be used to infer any other agreement on any other issue.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Parties jointly and respectfully request that the Court enter an order certifying the Appeals for direct appeal to the Fifth Circuit.

RESPECTFULLY SUBMITTED this 16th day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Julian P. Vasek, Esq.
    Texas Bar No. 24070790
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    E-mail: drukavina@munsch.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P.**

-- AND --

**PACHULSKI STANG ZIEHL & JONES LLP**

By: /s/ Jeffrey N. Pomerantz (*w/ permission*)
    Jeffrey N. Pomerantz (*pro hac vice*)
    Ira D. Kharasch *pro hac vice*)
    John A. Morris (*pro hac vice*)
    Gregory V. Demo (*pro hac vice*)
    Judith Elkin (TX Bar No. 06522200)
    Hayley R. Winograd (*pro hac vice*)
    10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
    Telephone: (310) 277-6910
    Facsimile: (310) 201-0760
    E-mail: jpomerantz@pszjlaw.com
    ikharasch@pszjlaw.com
    jmorris@pszjlaw.com
    gdemo@pszjlaw.com
    jelkin@pszjlaw.com
    hwinograd@pszjlaw.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P.**

-- AND --

**K&L GATES LLP**

By: /s/ A. Lee Hogewood III (*w/ permission*)
    A. Lee Hogewood, III (*pro hac vice*)
    4350 Lassiter at North Hills Ave.
    Suite 300
    Raleigh, NC 27609
    Telephone: (919) 743-7306

    Artoush Varshosaz (TX Bar No. 24066234)
    1717 Main Street, Suite 2800
    Dallas, TX 75201
    Telephone: (214) 939-5659

**COUNSEL FOR HIGHLAND INCOME FUND, NEXPOINT STRATEGIC OPPORTUNITIES FUND, HIGHLAND GLOBAL ALLOCATION FUND, AND NEXPOINT CAPITAL, INC.**

-- AND --

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

By: /s/ Clay M. Taylor (*w/ permission*)
    D. Michael Lynn – State Bar ID 12736500
    John Y. Bonds, III – State Bar ID 02589100
    Clay M. Taylor – State Bar ID 24033261
    Bryan C. Assink – State Bar ID 24089009
    420 Throckmorton Street, Suite 1000
    Fort Worth, Texas 76102
    (817) 405-6900 – Telephone
    (817) 405-6902 – Facsimile

**COUNSEL FOR JAMES DONDERO**

-- AND --

**HELLER, DRAPER & HORN, L.L.C.**

By: /s/ Douglas S. Draper (*w/ permission*)
    Douglas S. Draper, La. Bar No. 5073
    ddraper@hellerdraper.com
    Leslie A. Collins, La. Bar No. 14891
    lcollins@hellerdraper.com
    Greta M. Brouphy, La. Bar No. 26216
    gbrouphy@hellerdraper.com
    650 Poydras Street, Suite 2500
    New Orleans, LA 70130
    Telephone: (504) 299-3300
    Fax: (504) 299-3399

**COUNSEL FOR THE DUGABOY INVESTMENT TRUST AND GET GOOD TRUST**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on this the 16th day of March, 2021, true and correct copies of this document were electronically served on parties entitled to notice thereof, including on counsel for the Debtor, the Committee, and the U.S. Trustee.

    */s/ Davor Rukavina*
    Davor Rukavina