

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 24, 2021**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-SGJ-11 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

### SUPPLEMENTAL ORDER ON MOTIONS FOR STAY PENDING APPEAL

This matter having come before the Court on the *Emergency Motion of the Advisors for Stay Pending Appeal of the Confirmation Order, and Brief in Support Thereof* [Docket No. 1955] (the "Advisors Motion"); *Motion for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan* [Docket No. 1967] (the "Funds Motion"); *Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan* [Docket No. 1971] (the "Trusts Motion"); and *Joinder in Motion for Stay Pending Appeal and Additional Grounds for the*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

*Issuance of a Stay Pending Appeal* [Docket No. 1973] (the "Dondero Motion," and together with the Advisors Motion, the Funds Motion, and the Trusts Motion, the ("Motions"), and this Court having considered (i) this Court's *Order on Motions for Stay Pending Appeal* [Docket No. 2084] (the "Prior Order"); (ii) the Motions and the letter of Davor Rukavina to this Court dated March 23, 2021 regarding In re Highland Capital Management, L.P., 19-34054-SGJ-11: Motions/Joinders for Stay Pending Appeal of Confirmation Order [Docket No. 2086] (the "Letter"); (iii) *Debtor's Omnibus Response to Motions for Stay Pending Appeal of the Confirmation Order* [Docket No. 2022] (the "Debtor's Response") and the *Debtor's Supplemental Brief in Opposition to Motions for Stay Pending Appeal of the Confirmation Order* [Docket No. 2087] (the "Debtor's Supplemental Brief");[2] (iv) *Omnibus Objection of the Official Committee of Unsecured Creditors' Objection to Motions for Stay Pending Appeal of the Confirmation Order and Joinder in Debtor's Omnibus Objection to Motions for Stay* [Docket No. 2023] (the "UCC's Response") and the *Supplemental Statement of the Official Committee of Unsecured Creditors' Regarding Motions for Stay Pending Appeal of the Confirmation Order* [Docket No. 2089] (the "UCC's Statement," and together with the Motions, the Debtor's Response, the Debtor's Supplemental Brief and the UCC's Response, the "Briefs");[3] (v) the evidence admitted into evidence during the hearing held on March 19, 2021 (the "March 19 Hearing"); and (vi) the arguments made during the March 19 Hearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motions and opportunity for a hearing

---

[2] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Debtor's Response.

[3] The Debtor's Supplemental Brief and the UCC's Statement together are the "Supplemental Briefs."

on the Motions were appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court, the legal and factual bases set forth in the Briefs, and the evidence submitted at the March 19 Hearing; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on the Motions, it is hereby **FOUND** and **ORDERED** that:

1.      At the March 19 Hearing, the Court heard the Motions for a discretionary stay pending appeal, pursuant to Fed.R.Bankr.P. 8007. The Court determined that the Appellants (which only made oral argument and presented only some documentary evidence) did not meet their burden of proof on the four-factor test articulated in case law to obtain a discretionary stay pending appeal. The Prior Order memorialized the Court's ruling denying the requested stay pending appeal. Since there was some discussion raised by certain of the Appellants and the Debtor regarding an appropriate amount for a monetary bond that Appellants might be required to post in connection with a stay pending appeal, the Court raised the question whether applicable law required the Court to grant a stay pending appeal (i.e., a mandatory stay) if Appellants posted a sufficient bond. The Court considered Fed.R.Bankr.P. 7062 (incorporating Fed.R.Civ.P. 62). Fed.R.Bankr.P. 7062 does not automatically apply in contested matters, see Fed.R.Bankr.P. 9014, but rather applies in adversary proceedings. However, a bankruptcy court might conceivably apply it in a contested matter. The Court gave the parties an opportunity to brief this issue and gave the Appellants the opportunity to put on evidence as to what would be an appropriate bond amount, if Fed.R.Bankr.P. 7062 should be applied. In the Prior Order, the Court set a briefing deadline of March 23, 2021 at 3:00 p.m. and an evidentiary hearing for March 24, 2021 at 9:30 a.m. (the "Supplemental Hearing"). Shortly before the briefing deadline, Appellants informed the Court by the Letter that they did not believe the Court could issue a mandatory stay pending appeal of the

Confirmation Order, and, rather, the Court is limited to issuing a discretionary stay pursuant to Fed.R.Bankr.P. 8007. Appellants announced that they did not intend to proceed at the Supplemental Hearing and asked the Court to cancel it.

2. Meanwhile, the Debtors and UCC submitted their Supplemental Briefs arguing that the Court, indeed, does not have the ability to issue a mandatory stay pending appeal, pursuant to Fed.R.Bankr.P. 7062 and Fed.R.Civ.P. 62, upon the posting of a bond, in the context of a confirmation order. Rather, Fed.R.Bankr.P. 7062 is available in connection with monetary judgments only. Only Fed.R.Bankr.P. 8007 (and the traditional four-factor test articulated in case law) applies with regard to the potential stay of a confirmation order. The Court finds this Supplemental Briefs to be compelling.

3. Based on the arguments presented, and the Letter, the Court determines that Fed.R.Bankr.P. 7062 and Fed.R.Bankr.P. 62 are not applicable in connection with the appeal of the Confirmation Order.

4. Accordingly, and as requested by Appellants, the Supplemental Hearing on the bond issue is cancelled.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###

DOCS_LA:336869.4 36027/002