Davor Rukavina, Esq.
Tex. Bar No. 24030781
Julian P. Vasek, Esq.
Tex. Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500

COUNSEL FOR NEXPOINT ADVISORS, L.P.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| Debtor. | § | |

**NEXPOINT ADVISORS, L.P.'S RESPONSE TO DEBTOR'S THIRD**
**OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS**

COMES NOW NexPoint Advisors, L.P. ("NexPoint"), a creditor and party in interest in the above captioned bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), and responds to the *Debtor's Third Omnibus Objection to Certain No-Liability Claims* (Dkt. No. 2059, the "Objection"), in support of which it would respectfully show as follows:

1. As otherwise evidenced on the docket of the Bankruptcy Case, *see* Dkt. Nos. 2044 – 2047, the following claimants the subject of the Objection have assigned and transferred their claims (collectively, the "Subject Claims") to NexPoint: Sang Kook "Michael" Jeong, Phoebe Stewart, and Bhawika Jain (collectively, the "Claimants"). NexPoint also reserves the right to assert this response with respect to the claims of Sahan Abayarathna.

2. According to the Objection, each of the Subject Claims is evidenced by an "Employee Letter." Pursuant to that certain *Order Approving Joint Stipulation of the Debtor and*

the *Official Committee of Unsecured Creditors Modifying Bar Date Order*, which approved an attached *Joint Stipulation Modifying Bar Date* (Dkt. No. 628), the Employee Letters constitute *prima facie* evidence of the amount and validity of the Subject Claims.

3. However, the Objection does not attach the Employee Letters, nor any other supporting documentation. NexPoint has inquired on multiple occasions of the Claimants as to whether they received Employee Letters. None of the Claimants currently recalls having received an Employee Letter, and none has provided a copy to NexPoint. Discovery from the Debtor is therefore necessary to obtain these documents.

4. In order to evaluate the Objection fully, NexPoint also requires copies of, *inter alia*, all documents that govern the Annual Bonus Plan and Deferred Bonus Plan (as defined in the Objection); all award letter agreements applicable to the Subject Claims; all contingent bonus agreements applicable to the Subject Claims; all termination letters executed by the Claimants and returned to the Debtor; and all documents evidencing payments made to the Claimants pursuant to any of the foregoing documents.

5. However, should NexPoint need more than this minimal due process to safeguard its rights, it will note that the Objection fails and should be overruled because the Objection contains no evidence to rebut the *prima facie* evidentiary effect of the Employee Letters. NexPoint further reserves the right to assert any and all responses to the Objection borne out by the discovery it intends to conduct.

WHEREFORE, PREMISES CONSIDERED, NexPoint respectfully requests that, following a reasonable opportunity for discovery, in the event the Debtor is unable to overcome the *prima facie* validity of the Employee Letters, the Court enter an order overruling the Objection and providing NexPoint such other and further relief to which it is entitled.

RESPECTFULLY SUBMITTED this 20th day of April, 2021.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/ Davor Rukavina

Davor Rukavina, Esq.
Tex. Bar No. 24030781
Julian P. Vasek, Esq.
Tex. Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 20th day of April, 2021, he caused true and correct copies of this document to be served electronically on all parties entitled to CM/ECF service in this Bankruptcy Case, including counsel for the Debtor, by electronically filing said document through the Court's CM/ECF system.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.