PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | **Response Deadline:** |
| | ) | **June 4, 2021 at 5:00 p.m. (CT)** |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
Page 1 of 10

DOCS_DE:234026.2 36027/002

COMES NOW Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Case"), filing this *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion") seeking an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline through December 14, 2021 by which the Debtor may remove actions pursuant to 28 U.S.C. § 1452, without prejudice to the Debtor's right to seek further extensions. In support of the Motion, the Debtor respectfully represents as follows:

## I.     JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 1452 of title 28 of the United States Code (the "Judicial Code").

## II.     BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

3. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Court. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Case to this Court [Docket

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE     Page 2 of 10

DOCS_DE:234026.2 36027/002

No. 186].[2]

4.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 Case.

5.      On January 13, 2020, the Debtor filed its first motion to extend the removal period deadline [Docket No. 351] through and including July 14, 2020.  On February 19, 2020, the Court entered an order approving the first motion extending the deadline [Docket No. 459] (the "First Extension Order").

6.      On June 15, 2020, the Debtor filed its second motion to extend the removal period deadline [Docket No. 747] through and including January 14, 2021.  On July 9, 2020, the Court entered an order approving the second motion extending the deadline [Docket No. 816] (the "Second Extension Order").

7.      On December 16, 2020, the Debtor filed its third motion to extend the removal period deadline [Docket No. 1583] through and including June 14, 2021.  On January 12, 2021, the Court entered an order approving the third motion extending the deadline [Docket No. 1725] (the "Third Extension Order").

### III.      RELIEF REQUESTED

8.      By this Motion, the Debtor seeks entry of an order pursuant to Rule 9006(b) of the Bankruptcy Rules further extending, through December 14, 2021, the deadline by which the Debtor may file notices of removal with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code, to the extent that the time period for filing

---

[2]  All docket numbers refer to the docket maintained by this Court.

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                          Page 3 of 10

DOCS_DE:234026.2 36027/002

any such notices of removal expires on June 14, 2021. The Debtor requests that the proposed

December 14, 2021 deadline to file removal actions apply to all matters specified in Bankruptcy

Rules 9027(a)(2) and (3).

## IV. <u>ARGUMENT AND AUTHORITIES</u>

9. Section 1452 of the Judicial Code provides for the removal of pending civil

claims with respect to which the district courts have jurisdiction under section 1334 of the

Judicial Code. Section 1452 provides in pertinent part as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

28 U.S.C. § 1452.

10. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of

claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE Page 4 of 10

DOCS_DE:234026.2 36027/002

the order for relief.

FED R. BANKR. P. 9027(a)(2).  With respect to post-petition actions, Bankruptcy Rule

9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim or cause of action sought to be removed or (B) 30 days
> after receipt of the summons if the initial pleading has been filed
> with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(3).

11.    Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend

unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice,

upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in
> its discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of
> the period originally prescribed or as extended by a previous
> order . . . .

FED. R. BANKR. P. 9006(b)(1).

12.    It is well-settled that the Court is authorized, pursuant to Bankruptcy Rule 9006,

to enlarge the removal period provided under section 1452 and Bankruptcy Rule 9027.  *See*

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds*;

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding bankruptcy court's

power to grant extension of removal deadline pursuant to Bankruptcy Rule 9006(b) is "clear");

*Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (holding

Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under

Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989)

(same); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (same). Courts in this district and elsewhere have regularly granted the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 12, 2018); *In re Life Partners Holding, Inc.*, Case No. 15-40289-RFN [Docket No. 1810] (Bankr. N.D. Tex. Apr. 7, 2016); *In re Pilgrim's Pride Corp.*, Case No. 08-45664-DML [Docket No. 964] (Bankr. N.D. Tex. Feb. 26, 2009); *In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 747 n. 8 (Bankr. N.D. Tex. 2009) (noting that the time for removal under 9027(a)(2) is subject to enlargement under Fed. R. Bankr. P. 9006(b)); *In re CDX Gas, LLC*, Case No. 08-37922 (LZP) (Bankr. S.D. Tex. March 31, 2009) (extending the debtors' removal deadline for 90 days); *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Oct. 9, 2003) (extending the debtors' removal deadline through confirmation of a plan of reorganization).

13. The Debtor is a party to several civil lawsuits and proceedings (collectively, the "Actions"). The Debtor seeks to preserve the ability to remove actions as it works towards the plan effective date.

14. During the period covered by the Third Extension Order, in addition to continuing to operate its business, the Debtor confirmed its chapter 11 plan as set forth in greater detail below.

15. On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1808]. Four appeals of the Confirmation Order have been filed. The Appellants and the Debtor agreed in a joint motion

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
Page 6 of 10

DOCS_DE:234026.2 36027/002

filed with the Bankruptcy Court to certify for direct appeal to the Fifth Circuit. The Bankruptcy Court certified the appeals. The Appellants filed petitions for direct appeal in the Fifth Circuit. The Debtor responded to the petitions and the Fifth Circuit granted the petitions for direct appeal on May 4, 2021.

16. In addition to the four appeals of the Confirmation Order, there are a number of other appeals pending.

17. There are currently eight (8) pending adversary proceedings in this Case.

18. In addition, the Debtor has reviewed the proofs of claim filed in this Case and has filed three omnibus claim objections—two of which have been approved by the Court—as well as a number of objections to individual claims, some of which have been resolved while others are currently in litigation. The Debtor continues to review claims.

19. Accordingly, the Debtor seeks a further extension of the current deadline of June 14, 2021 for the removal of actions. The extension sought will afford the Debtor additional time to determine whether to remove any pending Action and will ensure that valuable rights under section 1452 of the Judicial Code are not forfeited. Critically, the rights of other parties to the Actions will not be prejudiced by the extension, because any party to an Action that is removed may seek to have it remanded to the state court pursuant to section 1452(b) of the Judicial Code.

20. The Debtor further requests that the order approving this Motion be without prejudice to the right of the Debtor to seek further extensions of the period in which it may remove civil actions pursuant to Bankruptcy Rule 9027.

21. Bankruptcy Rule 9006(b) authorizes the Court, for cause shown and at its discretion at any time, with or without motion or notice, to enlarge time periods specified under

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                                 Page 7 of 10

DOCS_DE:234026.2 36027/002

the Bankruptcy Rules if the request for such enlargement is made before the expiration of the period originally prescribed.

22. Given the Debtor's diligence in prosecuting this Case, the Debtor submits that there is cause to grant the relief requested herein.

## V. **<u>NOTICE</u>**

23. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the Debtor's principal secured parties; (d) counsel to the Committee; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI. **<u>PRIOR REQUEST</u>**

24. This is the Debtors' fourth request for an extension of the removal deadline.

## VII. **<u>PRAYER</u>**

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **<u>Exhibit A</u>** and for such other and further relief as may be appropriate.

---

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                         Page 8 of 10

Dated: May 14, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                                    Page 9 of 10

DOCS_DE:234026.2 36027/002

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | **Re: Docket No. ____** |
| | ) | |

**ORDER FURTHER EXTENDING PERIOD WITHIN WHICH THE**
**DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND**
**RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Court has considered the *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order pursuant to 28 U.S.C. § 1452 and

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

DOCS_DE:234026.2 36027/002

Rule 9027 of the Federal Rules of Bankruptcy Procedure extending the period within which the Debtor may remove actions. The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion was sufficient under the circumstances, and (d) cause exists under Bankruptcy Rule 9006(b)(1) to grant an extension of the removal periods established under Bankruptcy Rule 9027(a). After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion; it is therefore

ORDERED that the Motion is **GRANTED** in all respects; it is further

ORDERED that the time periods provided under Bankruptcy Rules 9027(a)(2) and (a)(3) within which the Debtor may file notices of removal of any and all civil actions is extended to and includes December 14, 2021; it is further

ORDERED that this Order shall be without prejudice to the Debtor's right to seek from the Court further extensions of the period within which the Debtor may file notices of removal under Bankruptcy Rule 9027(a); and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### END OF ORDER ###