**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

## RESPONSE TO ORDER TO SHOW CAUSE

Mark Patrick ("Patrick"), though undersigned counsel, files this *Response to Order to Show Cause* ("Response") to the Court's *Order Requiring the Violators to Show Cause Why They Should Not Be Held In Civil Contempt for Violating Two Court Orders* (Dkt. No. 2255) (the "Show Cause Order") which was entered on the *Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* (Dkt. No. 2236) (the "Show Cause Motion") filed by the above-captioned debtor (the "Debtor"). In the Show Cause Order, the Court ordered those persons who authorized plaintiffs in that certain civil action styled *Charitable DAF Fund, L.P. et al. v. Highland Capital Management, L.P.* et al., case no. 21-cv-00842, pending in the United States District Court for the Northern District of Texas (the "District Court Suit") to file the *Motion for Leave to File First Amended Complaint in the District Court* (the "Motion for Leave") to appear at a hearing on June 8, 2021 (the "Show Cause Hearing"), and any such authorizing person, whom the Court has already included in the term "Violators," to file a response by May 14, 2021. As set forth herein, Patrick authorized the filing of the Motion for Leave on behalf of Plaintiffs CLO Holdco, Ltd. and Charitable DAF Fund, L.P., ("Plaintiffs"), and files this Response to the Show Cause Order showing why this Court should not

find and hold Patrick, or the other respondents, in contempt of court, nor impose any of the myriad of sanctions requested by the Debtor and seemingly already endorsed by the Court.

### THIS COURT'S ORDERS

In the above-captioned bankruptcy case (the "Bankruptcy Case"), in the *Order Approving Settlement With Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* (the "January 2020 Order"), this Court included restrictions against commencing or pursuance of claims against Independent Directors (as defined in the January 2020 Order).  And in the *Order Approving Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc To March 15, 2020* (the "July 2020 Order," along with the January 2020 Order, the "Orders"), the Court ordered that:

> No entity may commence or pursue a claim or cause of action of any kind against Mr. Seery relating in any way to his role as the chief executive officer and chief restructuring officer of the Debtor without the Bankruptcy Court (i) first determining after notice that such claim or cause of action represents a colorable claim of willful misconduct or gross negligence against Mr. Seery, and (ii) specifically authorizing such entity to bring such claim. The Bankruptcy Court shall have sole jurisdiction to adjudicate any such claim for which approval of the Court to commence or pursue has been granted.

### THE DISTRICT COURT SUIT AND THE MOTION FOR LEAVE

On April 23, 2021 Plaintiffs commenced the District Court Suit, and did not name James Seery ("Seery") as a defendant in their complaint (the "Complaint").  Instead, Plaintiffs filed the Motion for Leave to assert claims against Seery, specifically noting this Court's Orders.  In fact, the Plaintiffs (1) specifically noted to the District Court that that this Court had entered the Orders limiting suits against Seery, (2) attached the Orders to the Motion for Leave, and (3) briefed why Plaintiffs believed the Orders did not apply.  The Debtor responded with the Show Cause Motion,

and as more fully briefed by Plaintiffs in their response to the Show Cause Order, therein has made several material misrepresentations.

### PATRICK IS THE CONTROL PERSON OF THE PLAINTIFFS AND AUTHORIZED THE FILING OF THE DISTRICT COURT SUIT AND MOTION FOR LEAVE

Prior to March 245, 2021, Grant James Scott ("Scott") was the holder of Management Shares in the Charitable DAF Holdco, Ltd. On March 24, 2021, Scott executed the *Share Transfer Form*, in which he transferred the Management Shares to Patrick, and on March 24, 2021, Scott and Patrick executed that certain *Assignment and Assumption of Membership Interest* whereby Scott assigned and Patrick assumed one hundred percent of the limited liability company interest in the Charitable DAF GP, LLC, the general partner of Charitable DAF Fund, LP. Scott was removed as Director of the Charitable DAF Holdco, Ltd., and Patrick was appointed Director of the Charitable DAF Holdco, Ltd., the 100% limited partner of Charitable DAF Fund, LP, which is the 100% shareholder of Plaintiff CLO HoldCo, Ltd. Patrick, therefore became the director of Plaintiff CLO HoldCo, Ltd. and the control person of Charitable DAF Fund, LP.

Patrick was the person with authority to retain counsel for and on behalf of the Plaintiffs in the District Court Suit. Patrick worked with counsel to obtain lawfully the information upon which Plaintiffs, with assistance of counsel, could analyze whether there was legal and factual basis for bringing the District Court Suit. Patrick and counsel were aware of the Court's Orders and understood that this Court had prohibited the commencement or pursuit of a claim or cause of action against "Mr. Seery relating in any way to his role as the chief executive officer and chief restructuring officer of the Debtor" without first complying with the Orders.

Patrick reviewed and authorized the filing of the District Court Suit, with, of course, the advice of counsel that the facts asserted supported the legal claims made in the complaint, and that the complaint and Motion for Leave did not violate the Court's Orders.[1]

### RESPONSE ARGUMENT

First, Patrick adopts the response of Plaintiffs to the Show Cause Order filed or to be filed by counsel of record for Plaintiffs in the District Court Suit, including without limitation the factual assertions and legal arguments made therein. Patrick further avers that he reviewed and approved Plaintiffs' response for filing.

Second, Patrick offers this particularized response to the Show Cause Order as he is, separately, a respondent thereto.

Bankruptcy courts frequently issue orders to show cause *sua sponte* and typically, these are intended to prompt compliance with court orders or court procedures. *In re Symka, Inc.*, 518 B.R. 888, 889 (Bankr. D. Colo. 2014). But issuing an order to show cause at the request of a party, as occurred here, "creates an appearance of impropriety." *Id*. As the bankruptcy court in *Symka* explained:

> In effect, such a litigant seeks the Court's endorsement of relief against another private party, on an ex parte basis, before the merits of that relief have been subjected to due process. Such orders create an appearance of impropriety. They create the appearance that the Court has evaluated allegations made by the applicant—without an opportunity for input from the other party—and adopts the applicant's position that a basis exists to require the target of the order to appear and explain himself to the Court.

---

[1] Patrick intends no waiver of attorney client privilege. As set forth herein, Patrick is not asserting advice of counsel as a defense and as such, there can be no such waiver. *See In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307 (5th Cir. 2020) (explaining that a client waives the privilege by affirmatively relying on attorney-client communications as a claim or defense—put differently, when a client "uses confidential information against his adversary, it cannot simultaneously use the privilege as a shield"). Nonetheless, in *Schulmberger*, the Fifth Circuit determined that there is no waiver of attorney-client privilege by raising good faith as a defense. *Id*.

*Id*. at 888-89. The *Symka* court also noted the pressing issue of where such a motion relates to a dispute between private litigants, "a court's entry of an order to show cause has the effect of shifting the burden of going forward from the applicant to the target of the show cause order." *Id*. at 889. The Fifth Circuit had held that in a civil contempt proceeding, it is the petitioner bears the burden of proving that respondent violated some court order by clear and convincing evidence. *Louisiana Ed. Ass'n v. Richland Parish School Bd.,* 421 F. Supp. 973, *aff'd,* 585 F.2d 518 (5th Cir.1978). While the Show Cause Order has appeared to turn the burden around and has already deemed the respondents "Violators," Patrick urges that under Fifth Circuit law, the Debtor has the burden to show by clear and convincing evidence that Patrick violated this Court's Orders. *See In re Cannon*, No. BR 17-11549-JGR, 2017 WL 10774809, at *1 (Bankr. D. Colo. June 13, 2017) (citing to *Symka,* 518 B.R. at 889 and declining "to issue orders that would create such an impression or shift the burden in this manner.").

**A. The Debtor cannot meet its burden to show a violation of the Court's Orders.**

The Court's Orders do not immunize Seery from all litigations whatsoever. The Debtor does not argue that the Complaint filed in the District Court Suit was prohibited. The Complaint mentions Seery and his acts and omissions but does not name him as a defendant. Therefore, the Complaint which Patrick authorized to file cannot be construed as a the commencement or pursuit of "a claim or cause of against" Seery, nor does the Debtor contend the Complaint itself violated the Orders.

Instead, the Debtor argues that the Motion for Leave is grounds for the extensive requested sanctions. But the Motion for Leave is itself proof that Seery has not yet been sued. Therefore, the issue before the Court is whether Respondents should be held in contempt and sanctioned for asking the District Court for permission to sue Seery. In support, the Debtor recites its belief that

this Court has stripped the District Court of its original jurisdiction through the Orders. But of course, this Court's jurisdiction is ***derivative*** of the District Court's, and as such, the Court does not have authority to remove jurisdiction from the District Court. *In re 7303 Holdings, Inc*., No. 08-36698, 2010 WL 3420477, at *3 (Bankr. S.D. Tex. Aug. 26, 2010) (citing to 28 U.S.C. § 157(a)).

Nonetheless, Respondents expected that the Motion to Leave would likely be referred to this Court. At that time, the Respondents would move to withdraw the reference under 28 U.SC. § 157(d). And even if the Respondents were wrong, the District Court, who has original jurisdiction, would decide the Motion for Leave. In recognition of this peculiar procedural posture, the Respondents did not move to have the proposed amended Complaint deemed filed, going so far as to submitting an amended proposed order avoiding the use of any such language.

The Debtor fails to identify the provision in this Court's Orders which Respondents violated. The Orders prohibit an entity from "commenc[ing] or pursue[ing] a claim or cause of action of any kind against Mr. Seery relating in any way to his role as the chief executive officer and chief restructuring officer of the Debtor without the Bankruptcy Court (i) first determining after notice that such claim or cause of action represents a colorable claim of willful misconduct or gross negligence against Mr. Seery, and (ii) specifically authorizing such entity to bring such claim. The Bankruptcy Court shall have sole jurisdiction to adjudicate any such claim for which approval of the Court to commence or pursue has been granted." But the Motion for Leave cannot be deemed to "commencing" or "pursuing" a cause of action against Seery. ***If*** the Motion for Leave had been granted, and then, ***if*** the Respondents filed an amended complaint without consultation of this Court, then this Court would be faced with a District Court authorizing the filing of the complaint against Seery (with full disclosure of this Court's Orders), and the Debtor

and this Court could decide whether Plaintiffs could be subject to sanctions for filing a pleading pursuant to the order of the District Court. This has not happened.

In sum, the sole offending conduct complained of was asking the District Court for permissions to amend the Complaint before it. The Debtor contends that this violated this Court's Orders because this Court stripped the District Court of jurisdiction. The Respondents' belief that this was not legally possible, nor practically the case, cannot be construed as "bad faith" warranting extensive sanctions.

**B. While Patrick may be in distinct posture, he asserts no mitigation or defense based upon advice of counsel.**

Patrick consulted with and relied upon analysis of counsel. As set forth herein, Patrick remains convinced that Patrick, counsel, and Plaintiffs acted in full compliance with the Orders. Therefore, and upon established Fifth Circuit law, Patrick does not assert advice of counsel as a defense. *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc*., 659 F.2d 660, 670 (5th Cir. 1981). Second, while *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc*. would allow Patrick the argument that any sanction directed to him should be mitigated because he acted upon advice of counsel, he seeks no mitigation. Patrick, in good faith, authorized the filing of the Motion For Leave, and asserts that neither he nor Plaintiffs can be held in contempt for violation of this Court's Orders.

### CONCLUSION

Respectfully, Patrick submits that this Court should withdraw its Show Cause Order, without the imposition of any sanction or cost upon Plaintiffs, Patrick or any other person, firm or entity.

Dated: May 14, 2021

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR MARK PATRICK

## **CERTIFICATE OF SERVICE**

       I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this May 14, 2021.

                                     */s/ Louis M. Phillips*
                                     Louis M. Phillips