John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR JAMES DONDERO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Case No. 19-34054 |
| | § | |
| Debtor. | § | Chapter 11 |

### JAMES DONDERO'S LIMITED OBJECTION TO (I) DEBTOR'S MOTION FOR AN ORDER REQUIRING THE VIOLATORS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING TWO COURT ORDERS; AND (II) THE COURT'S SHOW CAUSE ORDER

[Relates to Docket Nos. 2235, 2236, 2237, 2247, and 2255]

James Dondero ("Mr. Dondero"), a creditor, indirect equity security holder, and party in interest in the above-captioned bankruptcy case, hereby files this Limited Objection[1] to (I) the *Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* [Docket No. 2247] and *Debtor's Memorandum of Law in Support of Motion for an Order Requiring the Violators to Show Cause*

---

[1] As set forth herein, Mr. Dondero objects to being named by the Court as an alleged or implied violator and being required to appear in person at the "show cause" hearing on the Contempt Motion. While Mr. Dondero should not be before the Court in this matter, to the extent he is somehow found to be a control or authorizing person by the Bankruptcy Court, he hereby incorporates by reference and adopts the substantive arguments made by (i) The DAF, CLO Holdco, and Sbaiti & Co.; and (ii) Mark Patrick in their Objections and Responses to Debtor's Contempt Motion and the Court's Order to Show Cause, which were filed on May 14, 2021.

*Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* [Docket No. 2236] (collectively, the "Contempt Motion")[2] filed by Highland Capital Management, L.P. (the "Debtor"); and (II) this Court's Show Cause Order (defined below) related to the Contempt Motion. In support thereof, Mr. Dondero respectfully represents as follows:

1. On April 27, 2021, the Debtor filed the Contempt Motion complaining about alleged violations of this Court's orders relating to a motion[3] filed in a lawsuit to which Mr. Dondero is not a party. The lawsuit is styled *Charitable DAF Fund, L.P. and CLO Holdco, Ltd. v. Highland Capital Management, L.P., Highland HCF Advisors, Ltd., and Highland CLO Funding, Ltd.*, Civil Action No. 3:21-cv-00842-B and is pending before the U.S. District Court for the Northern District of Texas (the "DAF Action").[4]

2. In the Motion, the Debtor requests that The Charitable DAF Fund, L.P. ("The DAF"), CLO Holdco, Ltd. ("CLO Holdco"), Sbaiti & Company PLLC ("Sbaiti & Co"), and those persons who authorized The DAF and CLO Holdco to file the Seery Motion (the "Authorizing Persons") in the DAF Action[5] appear and show cause why they should not be held in contempt for allegedly violating two orders of this Court.[6]

3. On April 29, 2021, this Court entered the *Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* [Docket No. 2255] (the "Show Cause Order"). Among other things, the order requires the purported

---

[2] The Motion was originally filed at Docket Number 2235 using an incorrect event and therefore was re-filed at Docket Number 2247.
[3] The motion has been identified by the Debtor as *Plaintiff's Motion for Leave to File First Amended Complaint in the District Court* (the "Seery Motion"). *See* Motion, para. 51.
[4] *See* Docket No. 2237-12.
[5] The Motion defines these collective parties as the purported "Violators."
[6] *See* Motion, para. 1.

"Violators" to appear before this Court for a hearing *in person* on June 8, 2021 to show cause why they should not be held in contempt for supposedly violating two orders of this Court.

4. Although Mr. Dondero is not a party to the lawsuit that is the subject of the Contempt Motion, and despite the fact that Mr. Dondero was not included in the Debtor's Motion or proposed order as being required to appear before the Court to "show cause,"[7] the Court, *sua sponte* and without prior notice to Mr. Dondero, immediately entered the Show Cause Order containing a directive that Mr. Dondero appear in person at the hearing.[8]

5. Mr. Dondero objects to being named by the Court or the Debtor as a supposed or implied "Violator" of this Court's orders. Mr. Dondero is not in control or an authorizing person of either of the plaintiffs and did not authorize the filing of the "Seery Motion." Despite the fact that Mr. Dondero is not a party to the DAF Action, is not a control person of the DAF or CLO Holdco, or an "authorizing person" of the Seery Motion, Mr. Dondero files this Limited Objection to preserve his rights and to object to any relief being granted against him in connection with the Debtor's Contempt Motion or the Show Cause Order.

## CONCLUSION

For the reasons set forth above, Mr. Dondero respectfully requests that the Court deny the Motion and grant him such other and further relief to which they may he justly entitled.

---

[7] *See* Docket Nos. 2235 and 2247, p. 8.
[8] *See* Show Cause Order, para. 1.

Dated: May 14, 2021          Respectfully submitted,

*/s/ Bryan C. Assink*
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on May 14, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Debtor and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink