# EXHIBIT 53

651108

| | | |
|---|---|---|
| ☐ Final K-1 | ☐ Amended K-1 | OMB No. 1545-0099 |

**Schedule K-1**
**(Form 1065)**

**2008**

Department of the Treasury
Internal Revenue Service

For calendar year 2008, or tax
year beginning _____, 2008
ending _____, 20 ____

**Partner's Share of Income, Deductions,
Credits, etc.**   ▶ **See back of form and separate instructions.**

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) | | 15 | Credits |
| | (4,043,150) | | M | 815 |
| 2 | Net rental real estate income (loss) | | | |
| | (3,163) | | 16 | Foreign transactions |
| 3 | Other net rental income (loss) | | A | VARIOUS |
| | 1 | | | |
| 4 | Guaranteed payments | | B | 1,957,424 |
| 5 | Interest income | | C | 96,455 |
| | 19,860 | | | |
| 6a | Ordinary dividends | | D | 864 |
| | 17,200 | | | |
| 6b | Qualified dividends | | E | 130,770 |
| | 92 | | | |
| 7 | Royalties | | G | 97,790 |
| 8 | Net short-term capital gain (loss) | | * | STMT |
| | 26,429 | | | |
| 9a | Net long-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items |
| | 19,593 | | A | 26 |
| 9b | Collectibles (28%) gain (loss) | | D | (590) |
| 9c | Unrecaptured section 1250 gain | | E | (27) |
| * | STMT | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses |
| | 596 | | A | 1,529 |
| 11 | Other income (loss) | | C | 4,479 |
| A | (220) | | | |
| C | (122,529) | | | |
| * | STMT | | 19 | Distributions |
| 12 | Section 179 deduction | | A | 391,501 |
| 13 | Other deductions | | | |
| A | 857 | | 20 | Other information |
| H | 10,520 | | A | SEE STMT |
| * | STMT | | B | SEE STMT |
| 14 | Self-employment earnings (loss) | | | |

**Part I    Information About the Partnership**

**A**  Partnership's employer identification number
75-2716725

**B**  Partnership's name, address, city, state, and ZIP code
Highland Capital Management, L.P.
Two Galleria Tower
13455 Noel Road, Suite 800
Dallas, TX 75240

**C**  IRS Center where partnership filed return
Ogden

**D**  ☐ Check if this is a publicly traded partnership (PTP)

**Part II    Information About the Partner**

**E**  Partner's identifying number

**F**  Partner's name, address, city, state, and ZIP code
PATRICK DAUGHERTY
3621 CORNELL AVE.
DALLAS, TX 75205

**G**  ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H**  ☒ Domestic partner    ☐ Foreign partner

**I**  What type of entity is this partner?    Individual

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | VARIOUS | |
| Loss | VARIOUS | 0.740262% |
| Capital | 0.729918% | -23.074125% |

**K**  Partner's share of liabilities at year end:
Nonrecourse . . . . . . . . .  $ _____
Qualified nonrecourse financing . . .  $ 62,759
Recourse . . . . . . . . . . .  $ _____

**L**  Partner's capital account analysis:
Beginning capital account . . . .  $ 4,915,449
Capital contributed during the year . .  $ _____
Current year increase (decrease) . . .  $ (4,706,342)
Withdrawals & distributions . . . . .  $ ( 391,501 )
Ending capital account . . . . . . .  $ (182,394)

☐ Tax basis    ☒ GAAP    ☐ Section 704(b) book
☐ Other (explain)

*See attached statement for additional information.

For IRS Use Only

Schedule K-1 (Form 1065) 2008      Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1. Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | Schedule E, line 28, column (h) |
| Nonpassive income | Schedule E, line 28, column (j) |

**2. Net rental real estate income (loss)**   See the Partner's Instructions

**3. Other net rental income (loss)**

| Net income | Schedule E, line 28, column (g) |
|---|---|
| Net loss | See the Partner's Instructions |

**4. Guaranteed payments**   Schedule E, line 28, column (j)
**5. Interest income**   Form 1040, line 8a
**6a. Ordinary dividends**   Form 1040, line 9a
**6b. Qualified dividends**   Form 1040, line 9b
**7. Royalties**   Schedule E, line 4
**8. Net short-term capital gain (loss)**   Schedule D, line 5, column (f)
**9a. Net long-term capital gain (loss)**   Schedule D, line 12, column (f)
**9b. Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D instructions)
**9c. Unrecaptured section 1250 gain**   See the Partner's Instructions
**10. Net section 1231 gain (loss)**   See the Partner's Instructions
**11. Other income (loss)**

| Code | | |
|---|---|---|
| A | Other portfolio income (loss) | See the Partner's Instructions |
| B | Involuntary conversions | See the Partner's Instructions |
| C | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See Pub. 535 |
| E | Cancellation of debt | Form 1040, line 21 or Form 982 |
| F | Other income (loss) | See the Partner's Instructions |

**12. Section 179 deduction**   See the Partner's Instructions
**13. Other deductions**

| A | Cash contributions (50%) | |
|---|---|---|
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | |
| D | Noncash contributions (30%) | See the Partner's Instructions |
| E | Capital gain property to a 50% organization (30%) | |
| F | Capital gain property (20%) | |
| G | Contributions (100%) | |
| H | Investment interest expense | Form 4952, line 1 |
| I | Deductions—royalty income | Schedule E, line 18 |
| J | Section 59(e)(2) expenditures | See the Partner's Instructions |
| K | Deductions—portfolio (2% floor) | Schedule A, line 23 |
| L | Deductions—portfolio (other) | Schedule A, line 28 |
| M | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N | Educational assistance benefits | See the Partner's Instructions |
| O | Dependent care benefits | Form 2441, line 14 |
| P | Preproductive period expenses | See the Partner's Instructions |
| Q | Commercial revitalization deduction from rental real estate activities | See Form 8582 instructions |
| R | Pensions and IRAs | See the Partner's Instructions |
| S | Reforestation expense deduction | See the Partner's Instructions |
| T | Domestic production activities information | See Form 8903 instructions |
| U | Qualified production activities income | Form 8903, line 7 |
| V | Employer's Form W-2 wages | Form 8903, line 15 |
| W | Other deductions | See the Partner's Instructions |

**14. Self-employment earnings (loss)**

**Note.** *If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.*

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
|---|---|---|
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |

**15. Credits**

| A | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | See the Partner's Instructions |
|---|---|---|
| B | Low-income housing credit (other) from pre-2008 buildings | See the Partner's Instructions |
| C | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | Form 8586, line 11 |
| D | Low-income housing credit (other) from post-2007 buildings | Form 8586, line 11 |
| E | Qualified rehabilitation expenditures (rental real estate) | |
| F | Other rental real estate credits | See the Partner's Instructions |
| G | Other rental credits | |
| H | Undistributed capital gains credit | Form 1040, line 68; check box a |
| I | Alcohol and cellulosic biofuels credit | Form 6478, line 9 |

| Code | | |
|---|---|---|
| J | Work opportunity credit | Form 5884, line 3 |
| K | Disabled access credit | See the Partner's Instructions |
| L | Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| M | Credit for increasing research activities | See the Partner's Instructions |
| N | Credit for employer social security and Medicare taxes | Form 8846, line 5 |
| O | Backup withholding | Form 1040, line 62 |
| P | Other credits | See the Partner's Instructions |

**16. Foreign transactions**

| A | Name of country or U.S. possession | |
|---|---|---|
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| D | Passive category | |
|---|---|---|
| E | General category | Form 1116, Part I |
| F | Other | |

*Deductions allocated and apportioned at partner level*

| G | Interest expense | Form 1116, Part I |
|---|---|---|
| H | Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| I | Passive category | |
|---|---|---|
| J | General category | Form 1116, Part I |
| K | Other | |

*Other information*

| L | Total foreign taxes paid | Form 1116, Part II |
|---|---|---|
| M | Total foreign taxes accrued | Form 1116, Part II |
| N | Reduction in taxes available for credit | Form 1116, line 12 |
| O | Foreign trading gross receipts | Form 8873 |
| P | Extraterritorial income exclusion | Form 8873 |
| Q | Other foreign transactions | See the Partner's Instructions |

**17. Alternative minimum tax (AMT) items**

| A | Post-1986 depreciation adjustment | |
|---|---|---|
| B | Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| C | Depletion (other than oil & gas) | |
| D | Oil, gas, & geothermal—gross income | |
| E | Oil, gas, & geothermal—deductions | |
| F | Other AMT items | |

**18. Tax-exempt income and nondeductible expenses**

| A | Tax-exempt interest income | Form 1040, line 8b |
|---|---|---|
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |

**19. Distributions**

| A | Cash and marketable securities | |
|---|---|---|
| B | Other property | See the Partner's Instructions |
| C | Distribution subject to section 737 | |

**20. Other information**

| A | Investment income | Form 4952, line 4a |
|---|---|---|
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | See Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest—completed long-term contracts | See Form 8697 |
| K | Look-back interest—income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | Section 453(l)(3) information | |
| P | Section 453A(c) information | |
| Q | Section 1260(b) information | See the Partner's Instructions |
| R | Interest allocable to production expenditures | |
| S | CCF nonqualified withdrawals | |
| T | Depletion information—oil and gas | |
| U | Amortization of reforestation costs | |
| V | Unrelated business taxable income | |
| W | Precontribution gain (loss) | |
| X | Other information | |

**Highland Capital Management, L.P.**

**Two Galleria Tower**

**75-2716725**

**PATRICK DAUGHERTY**

PN-0007

This list identifies the codes used on the Schedule K-1 for all partners and summarizes reporting information for partners who file Form 1040.

For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

| | | |
|---|---|---|
| Line 9c | Unrecaptured Section 1250 Gain | |
| | Line 9c, | |
| | c  From Sale/Exchange of Business Assets | 1 |
| Line 11 | Other Income (Loss) | |
| | E  Cancellation of Debt | 0 |
| | Line 11, F* | |
| | F  Swap Income/(Loss) | 432 |
| | F  Section 988 Gain/(Loss) | 8,011 |
| | F  Short-Term Capital Gain/(Loss) | (11,276) |
| | F  Long-Term Capital Gain/(Loss) | (4,475) |
| Line 13 | Other Deductions | |
| | K  Deductions - Portfolio (2% Floor) | 61,221 |
| | L  Deductions - Portfolio (Other) | 4 |
| | Line 13, W* | |
| | W  Other Deductions | 183 |
| Line 16 | Foreign Transactions | |
| | H  Other | 180,106 |
| | I  Passive Category | 2 |
| | J  General Categories | 42,093 |
| | L  Total Foreign Taxes Paid | 27,399 |

PATRICK DAUGHERTY

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

1. THE PARTNERSHIP EARNS A PORTION OF ITS INCOME THROUGH INVESTMENTS IN PARTNERSHIPS WHICH CONSIDER THEMSELVES
TO BE IN THE TRADE OR BUSINESS OF ACTIVELY TRADING PERSONAL PROPERTY FOR THEIR OWN ACCOUNT. IN ACCORDANCE WITH
INTERNAL REVENUE CODE SECTION 469-IT(e)(6), THE INCOME EARNED ON SUCH ACTIVITIES IS "NON-PASSIVE" TO ANY PARTNER.
WHERE APPROPRIATE, WE HAVE INDICATED IN THE ACCOMPANYING FOOTNOTES ANY PORTION WHICH IS "NON-PASSIVE".
PLEASE CONSULT YOUR TAX ADVISOR.

2. LINE 1 - ORDINARY INCOME/(LOSS) FROM TRADE OR BUSINESS ACTIVITIES

THE AMOUNT ON LINE 1 IS COMPRISED OF THE FOLLOWING 'NON-PASSIVE' TRADE OR BUSINESS SOURCES,
UNLESS OTHERWISE INDICATED AS PASSIVE:

| | | |
|---|---|---:|
| INTEREST INCOME | $ | 12,710 |
| DIVIDEND INCOME | | 2,125 |
| IRC SECTION 475 INCOME/(LOSS) | | (70,147) |
| SWAP INCOME/(LOSS) | | 308 |
| OTHER INCOME/(LOSS) | | (2,926,473) |
| TRADE OR BUSINESS INVESTMENT INTEREST EXPENSE | | (7,041) |
| OTHER TRADE OR BUSINESS EXPENSE | | (1,054,632) |
| | | |
| TOTAL LINE 1 | $ | (4,043,150) |
| | | |
| YOUR SHARE OF QUALIFIED DIVIDEND INCOME INCLUDED IN LINE 1 DIVIDEND INCOME IS: | $ | 839 |

3. LINE 11F - OTHER INCOME/(LOSS)

| | | |
|---|---|---:|
| SWAP INCOME/(LOSS) | $ | 432 |
| SECTION 988 GAIN/(LOSS) | | 8,011 |
| SHORT-TERM CAPITAL GAIN/(LOSS) | | (11,276) |
| LONG-TERM CAPITAL GAIN/(LOSS) | | (4,475) |
| | | |
| TOTAL LINE 11F | $ | (7,308) |

PLEASE NOTE THAT THE ABOVE DETAILS FOR LINES 1 AND 11F MAY NOT SUM TO THE TOTAL DUE TO ROUNDING.

4. LINE 20 --- BASED UPON INTERNAL REVENUE CODE (IRC) SECTION 163(d) ALL 'NON-PASSIVE' ITEMS OF
INCOME AND EXPENSE REPORTED TO YOU ON THIS SCHEDULE K-1 MAY QUALIFY AS INVESTMENT INCOME
OR EXPENSE. PLEASE REFER TO 2008 PARTNER'S INSTRUCTIONS FOR SCHEDULE K-1 (FORM 1065)
AND THE INSTRUCTIONS FOR FORM 4952. PLEASE CONSULT YOUR TAX ADVISOR.

PATRICK DAUGHERTY

HIGHLAND CAPITAL MANAGEMENT, L.P.

75-2716725

ATTACHMENT TO SCHEDULE K-1

5.    THE PARTNERSHIP HAS MADE A TIMELY QUALIFIED ELECTING FUND ("QEF") ELECTION WITH RESPECT TO ITS INVESTMENT
IN UNDERLYING PASSIVE FOREIGN INVESTMENT COMPANIES ("PFICS"), EFFECTIVE FOR EACH YEAR OF OWNERSHIP, AND
HAS FILED THE REQUIRED FORM 8621 FOR ALL YEARS OF OWNERSHIP.  EACH PFIC WAS ACQUIRED FOR CASH.

THE FIRST U.S. SHAREHOLDER THAT HAS MADE A QEF ELECTION FOR A PFIC IS REQUIRED TO INCLUDE INCOME
CURRENTLY UNDER IRC SECTION 1293 AND TO FILE FORM 8621.  AS A PARTNER IN A U.S. PARTNERSHIP THAT HAS
MADE THE QEF ELECTION AND FILED FORM 8621, YOUR ALLOCABLE SHARE OF THIS INCOME IS NOT REQUIRED TO
BE FURTHER REPORTED ON AN ADDITIONAL FORM 8621.  THE SERVICE HAS CLARIFIED BY CHANGING THE
INSTRUCTIONS TO FORM 8621 THAT NO ADDITIONAL FORM 8621 REPORTING IS NECESSARY UNDER THESE FACTS.
PLEASE CONSULT YOUR TAX ADVISOR.

6.    FORM 926 REPORTING REQUIREMENTS

PURSUANT TO IRC SECTION 6038B (FOR TAXABLE YEARS BEGINNING AFTER FEBRUARY 5, 1999), A PARTNERSHIP'S
CONTRIBUTION OF PROPERTY, WHICH INCLUDES CASH, TO A FOREIGN CORPORATION IS DEEMED TO BE MADE
BY THE PARTNERS OF SUCH PARTNERSHIP.  THE PARTNERSHIP INVESTS IN UNDERLYING PARTNERSHIPS, AND
A PORTION OF YOUR INVESTMENT WAS TRANSFERRED TO THE FOREIGN CORPORATIONS INDICATED ON THE
SCHEDULE BELOW.  AS A RESULT, YOU MAY HAVE A FILING REQUIREMENT UNDER TREASURY REGULATION SEC.1.6038B-1(B)(3)
WITH REGARD TO SUCH TRANSFERS ON FORM 926.  PLEASE CONSULT YOUR TAX ADVISOR REGARDING THIS FILING REQUIREMENT.

PLEASE NOTE THAT IF YOU ARE REQUIRED TO COMPLETE A FORM 926 BASED ON THE INFORMATION BELOW, A SEPARATE
FORM MUST BE COMPLETED  FOR EACH RESPECTIVE FOREIGN TRANSFEREE CORPORATION.

THE FOLLOWING INFORMATION IS PROVIDED IN ORDER FOR YOU TO COMPLY WITH THE FORM 926 FILING REQUIREMENTS.
THE LINE NUMBERS BELOW CORRESPOND TO THOSE ON FORM 926.

PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | ABERDEEN LOAN FUNDING, LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O WALKERS SPV LIMITED, WALKER HOUSE, 87 MARY STREET |
| | GEORGE TOWN, GRAND CAYMAN KY1-9002, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | NO |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| CASH | (A) | 3/27/2008 | (C) | $      4,566 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.009214% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

PATRICK DAUGHERTY

███████

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

7.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION
    LINE 3.        ARMSTRONG LOAN FUNDING, LTD.
    LINE 4.        N/A
    LINE 5.        C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE
                   GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS
    LINE 6.        CAYMAN ISLANDS
    LINE 7.        EXEMPTED LLC
    LINE 8.        NO

    PART III - INFORMATION REGARDING TRANSFER OF PROPERTY
                   CASH            (A)         3/19/2008      (C)       $         3,030

    PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY
    LINE 9.        (A)          0.000001%       (B)          0.007360%
    LINE 10.       IRC SECTION 351 CASH/CAPITAL CONTRIBUTION
    LINE 11-15.    NO
    LINE 16.       YES
    LINE 17.       NO


8.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION
    LINE 3.        BABSON CLO LTD. 2004-II
    LINE 4.        N/A
    LINE 5.        C/O WALKERS SPV LTD., WALKER HOUSE, 87 MARY STREET
                   GEORGE TOWN, GRAND CAYMAN KY1-9002, CAYMAN ISLANDS
    LINE 6.        CAYMAN ISLANDS
    LINE 7.        EXEMPTED LLC
    LINE 8.        NO

    PART III - INFORMATION REGARDING TRANSFER OF PROPERTY
                   CASH            (A)         1/7/2008       (C)       $             5

    PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY
    LINE 9.        (A)          0.000001%       (B)          0.000001%
    LINE 10.       IRC SECTION 351 CASH/CAPITAL CONTRIBUTION
    LINE 11-15.    NO
    LINE 16.       YES
    LINE 17.       NO


9.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION
    LINE 3.        BRENTWOOD INVESTORS CORPORATION
    LINE 4.        N/A
    LINE 5.        C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE
                   GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS
    LINE 6.        CAYMAN ISLANDS
    LINE 7.        EXEMPTED LLC
    LINE 8.

PATRICK DAUGHERTY

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | | 6/10/2008 | (C) | $ | 94 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

10.　PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | GALAXY V CLO LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | | 1/7/2008 | (C) | $ | 4 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

11.　PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | GALAXY IV CLO LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | | 1/7/2008 | (C) | $ | 5 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

PATRICK DAUGHERTY

████████

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

12.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | GLENEAGLES CLO, LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| | CASH | (A) | 1/7/2008 | (C) | $ | 57 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

13.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | HIGHLANDER EURO CDO II (CAYMAN) LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| | CASH | (A) | 1/7/2008 | (C) | $ | 13 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

14.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | HIGHLANDER EURO CDO IV B.V. |
| LINE 4. | N/A |
| LINE 5. | PARNASSUSTOREN, LOCATELLIKADE 1, 1076 AZ |
| | AMSTERDAM, THE NETHERLANDS |
| LINE 6. | THE NETHERLANDS |
| LINE 7. | BV |
| LINE 8. | |

PATRICK DAUGHERTY

[REDACTED]

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | 6/23/2008 | (C) | $ | 124 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

15.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | HIGHLAND PARK CDO I, LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | 6/10/2008 | (C) | $ | 81 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

16.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | HIGHLANDER EURO CDO (CAYMAN) LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093, BOUNDARY HALL, CRICKET SQUARE |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | 1/7/2008 | (C) | $ | 8 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

PATRICK DAUGHERTY

███████

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

17.    PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LINE 3. | LANDMARK VI CDO LTD. | | | | | | | |
| LINE 4. | N/A | | | | | | | |
| LINE 5. | P.O. BOX 1093GT, QUEENSGATE HOUSE, SOUTH CHURCH STREET | | | | | | | |
| | SOUTH CHURCH STREET, GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS | | | | | | | |
| LINE 6. | CAYMAN ISLANDS | | | | | | | |
| LINE 7. | EXEMPTED LLC | | | | | | | |
| LINE 8. | | | | | | | | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | CASH | (A) | 2/26/2008 | (C) | $ | 17 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | |
|---|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

18.    PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | PACIFICA CDO V, LTD. |
| LINE 4. | N/A |
| LINE 5. | C/O MAPLES FINANCE LIMITED, PO BOX 1093GT, QUEENSGATE HOUSE |
| | SOUTH CHURCH STREET, GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | EXEMPTED LLC |
| LINE 8. | |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| | CASH | (A) | 1/7/2008 | (C) | $ | 9 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | |
|---|---|---|---|---|---|
| LINE 9. | (A) | 0.000001% | (B) | 0.000001% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

19.    PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | CONVERSUS CAYMAN BLOCKER A, LIMITED |
| LINE 4. | N/A |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| | CASH | (A) | VARIOUS | (C) | $ | 23 |

PATRICK DAUGHERTY

███████

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

20.    <u>PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION</u>

| | | | | |
|---|---|---|---|---|
| LINE 3. | HIGHLAND CREDIT OPPORTUNITIES CDO, LTD. | | | |
| LINE 4. | 98-0512429 | | | |
| LINE 5. | WALKER HOUSE, 87 MARY STREET | | | |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS | | | |
| LINE 6. | CAYMAN ISLANDS | | | |
| LINE 7. | CORPORATION | | | |
| LINE 8. | YES | | | |

<u>PART III - INFORMATION REGARDING TRANSFER OF PROPERTY</u>

| | | | | | |
|---|---|---|---|---|---|
| CASH | (A) | 1/1/2008 | (C) | $ | 3 |

<u>PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY</u>

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.013636% | (B) | 0.014371% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | NO | | | |
| LINE 17. | NO | | | |

21.    <u>PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION</u>

| | |
|---|---|
| LINE 3. | HIGHLAND SPECIAL OPPORTUNITIES HOLDING CO. |
| LINE 4. | N/A |
| LINE 5. | P.O. BOX 908GT MARY STREET |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | CORPORATION |
| LINE 8. | YES |

<u>PART III - INFORMATION REGARDING TRANSFER OF PROPERTY</u>

| | | | | | |
|---|---|---|---|---|---|
| CASH | (A) | VARIOUS | (C) | $ | 145,249 |

<u>PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY</u>

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.145409% | (B) | 0.214429% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

22.    <u>PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION</u>

| | |
|---|---|
| LINE 3. | HIGHLAND CDO HOLDING CO. |
| LINE 4. | N/A |
| LINE 5. | C/O WALKERS SPV LIMITED, P.O. BOX 908GT MARY STREET |
| | GEORGE TOWN, GRAND CAYMAN, CAYMAN ISLANDS |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | CORPORATION |
| LINE 8. | YES |

PATRICK DAUGHERTY

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | | | |
|---|---|---|---|---|---|---|
| CASH | (A) | VARIOUS | | (C) | $ | 227,712 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| | | | | |
|---|---|---|---|---|
| LINE 9. | (A) | 0.145409% | (B) | 0.159949% |
| LINE 10. | IRC SECTION 351 CASH/CAPITAL CONTRIBUTION | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | YES | | | |
| LINE 17. | NO | | | |

23.  PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| | |
|---|---|
| LINE 3. | HFP ASSET FUNDING II, LTD. |
| LINE 4. | N/A |
| LINE 5. | P.O. BOX 309, UGLAND HOUSE |
| | GRAND CAYMAN, CJ KY1-1104 |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | CORPORATION |
| LINE 8. | YES |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| TYPE/DESCRIPTION OF PROPERTY | DATE OF TRANSFER | FMV | COST BASIS |
|---|---|---|---|
| CASH | 9/26/2008 | 551 | 551 |
| CLO EQUITY - EASTL 2007-1A | 9/26/2008 | 11,626 | 11,626 |
| CLO EQUITY - DFRMM 2007-1A | 9/26/2008 | 12,470 | 12,470 |
| CLO EQUITY - ACACL 2007-1A | 9/26/2008 | 7,184 | 7,184 |
| CLO EQUITY - PRIM 2007-2A | 9/26/2008 | 10,878 | 10,878 |
| CLO EQUITY - SYMP 2007-4A | 9/26/2008 | 11,162 | 11,162 |
| CLO EQUITY - DUANE 2007-4A | 9/26/2008 | 11,132 | 11,132 |
| CLO EQUITY - STRAF 2007-1A | 9/26/2008 | 7,915 | 7,915 |
| CLO EQUITY - GSC 2007-8A | 9/26/2008 | 11,771 | 11,771 |
| CLO EQUITY - SHINN 2006-1A | 9/26/2008 | 531 | 531 |
| CLO EQUITY - HICDO 2004-1X | 9/26/2008 | 648 | 648 |
| CLO EQUITY - RED RIVER CLO, LTD. | 9/26/2008 | 8,625 | 8,625 |
| CLO EQUITY - AMMC 2007-8A | 9/26/2008 | 7,396 | 7,396 |
| CLO EQUITY - GCLO 2006-1X | 9/26/2008 | 4,833 | 4,833 |
| CLO EQUITY - SHINN 2006-1A | 9/26/2008 | 489 | 489 |
| CLO EQUITY - CLYDS 2004-1A | 9/26/2008 | 302 | 302 |
| CLO EQUITY - STRAF 2007-1A | 9/26/2008 | 1,707 | 1,707 |
| CLO EQUITY - FOURC 2006-2A | 9/26/2008 | 587 | 587 |
| CLO EQUITY - NAVIG 2006-1A | 9/26/2008 | 542 | 542 |
| CLO EQUITY - STRAF 2007-1A | 9/26/2008 | 4,716 | 4,716 |
| CLO EQUITY - ROCKW 2007-1A B2L | 9/26/2008 | 4,140 | 4,140 |
| CLO EQUITY - STAMC 2007-1A B2L | 9/26/2008 | 3,350 | 3,350 |
| CLO EQUITY - SYMP 2007-4A E | 9/26/2008 | 1,993 | 1,993 |
| CLO EQUITY - VENTR 2007-9A | 9/26/2008 | 2,417 | 2,417 |
| CLO EQUITY - WITEH 2006-4A | 9/26/2008 | 2,441 | 2,441 |
| CLO EQUITY - ROCKW 2007-1A B2L | 9/26/2008 | 4,140 | 4,140 |
| CLO EQUITY - GCLO 2006-1A | 9/26/2008 | 4,472 | 4,472 |
| CLO EQUITY - CIFC 2006 1A | 9/26/2008 | 12,532 | 12,532 |
| CLO EQUITY - MOCLO 2005-1A A3L | 9/26/2008 | 2,321 | 2,321 |
| CLO EQUITY - AVCLO 2006-3A A3L | 9/26/2008 | 1,922 | 1,922 |
| CLO EQUITY - ABERDEEN LOAN FUNDING L | 9/26/2008 | 17,166 | 17,166 |
| CLO EQUITY - ARMSTRONG LOAN FUNDING | 9/26/2008 | 16,689 | 16,689 |

PATRICK DAUGHERTY

HIGHLAND CAPITAL MANAGEMENT, L.P.

75-2716725

ATTACHMENT TO SCHEDULE K-1

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY - CONTINUED

| TYPE/DESCRIPTION OF PROPERTY | DATE OF TRANSFER | FMV | COST BASIS |
|---|---|---|---|
| CLO EQUITY - GRAYSON | 9/26/2008 | 11,704 | 11,704 |
| CLO EQUITY - GREENBRIAR | 9/26/2008 | 11,205 | 11,205 |
| CLO EQUITY - HIGHLANDER IV | 9/26/2008 | 13,018 | 13,018 |
| CLO EQUITY - ABERDEEN LOAN FUNDING L | 9/26/2008 | 34,332 | 34,332 |
| CLO EQUITY - ARMSTRONG LOAN FUNDING | 9/26/2008 | 22,844 | 22,844 |
| CLO EQUITY - HIGHLANDER IV | 9/26/2008 | 18,408 | 18,408 |
| CLO EQUITY - STRATFORD | 9/26/2008 | 13,475 | 13,475 |
| CLO EQUITY - GREENBRIAR | 9/26/2008 | 8,353 | 8,353 |
| CLO EQUITY - LANDM 2005-6A | 9/26/2008 | 2,377 | 2,377 |
| CLO EQUITY - BRENTWOOD CLO LTD | 9/26/2008 | 1,357 | 1,357 |
| CLO EQUITY - EASTLAND CLO LTD | 9/26/2008 | 6,124 | 6,124 |
| CLO EQUITY - STRATFORD | 10/10/2008 | 27,855 | 27,855 |
| CLO EQUITY - EASTLAND CLO LTD | 10/10/2008 | 31,709 | 31,709 |
| CLO EQUITY - GRAYSON | 10/10/2008 | 32,403 | 32,403 |
| CLO EQUITY - GREENBRIAR | 10/10/2008 | 28,297 | 28,297 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| LINE 9. | (A) | NONE | (B) | 0.214429% |
|---|---|---|---|---|
| LINE 10. | SECTION 351 | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | NO | | | |
| LINE 17. | NO | | | |

23.     PART II - TRANSFEREE FOREIGN CORPORATION INFORMATION

| LINE 3. | HFP ASSET FUNDING III, LTD. |
|---|---|
| LINE 4. | N/A |
| LINE 5. | P.O. BOX 309, UGLAND HOUSE |
| | GRAND CAYMAN, CJ KY1-1104 |
| LINE 6. | CAYMAN ISLANDS |
| LINE 7. | CORPORATION |
| LINE 8. | YES |

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY

| TYPE/DESCRIPTION OF PROPERTY | DATE OF TRANSFER | FMV | COST BASIS |
|---|---|---|---|
| CASH | 9/26/2008 | 13,395 | 13,395 |
| LIFE SETTLEMENT CONTRACT 1 | 9/26/2008 | 17,573 | 17,573 |
| LIFE SETTLEMENT CONTRACT 2 | 9/26/2008 | 6,729 | 6,729 |
| LIFE SETTLEMENT CONTRACT 3 | 9/26/2008 | 3,957 | 3,957 |
| LIFE SETTLEMENT CONTRACT 4 | 9/26/2008 | 4,171 | 4,171 |
| LIFE SETTLEMENT CONTRACT 5 | 9/26/2008 | 3,590 | 3,590 |
| LIFE SETTLEMENT CONTRACT 6 | 9/26/2008 | 6,620 | 6,620 |
| LIFE SETTLEMENT CONTRACT 7 | 9/26/2008 | 12,105 | 12,105 |
| LIFE SETTLEMENT CONTRACT 8 | 9/26/2008 | 3,050 | 3,050 |
| LIFE SETTLEMENT CONTRACT 9 | 9/26/2008 | 2,954 | 2,954 |
| LIFE SETTLEMENT CONTRACT 10 | 9/26/2008 | 7,869 | 7,869 |
| LIFE SETTLEMENT CONTRACT 11 | 9/26/2008 | 11,965 | 11,965 |
| LIFE SETTLEMENT CONTRACT 12 | 9/26/2008 | 8,194 | 8,194 |
| LIFE SETTLEMENT CONTRACT 13 | 9/26/2008 | 25,065 | 25,065 |
| LIFE SETTLEMENT CONTRACT 14 | 9/26/2008 | 9,135 | 9,135 |

PATRICK DAUGHERTY

███████

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

PART III - INFORMATION REGARDING TRANSFER OF PROPERTY - CONTINUED

| TYPE/DESCRIPTION OF PROPERTY | DATE OF TRANSFER | FMV | COST BASIS |
|---|---|---|---|
| LIFE SETTLEMENT CONTRACT 15 | 9/26/2008 | 11,524 | 11,524 |
| LIFE SETTLEMENT CONTRACT 16 | 9/26/2008 | 3,929 | 3,929 |
| LIFE SETTLEMENT CONTRACT 17 | 9/26/2008 | 6,408 | 6,408 |
| LIFE SETTLEMENT CONTRACT 18 | 9/26/2008 | 2,967 | 2,967 |
| LIFE SETTLEMENT CONTRACT 19 | 9/26/2008 | 27,105 | 27,105 |
| LIFE SETTLEMENT CONTRACT 20 | 9/26/2008 | 1,708 | 1,708 |
| LIFE SETTLEMENT CONTRACT 21 | 9/26/2008 | 8,163 | 8,163 |
| LIFE SETTLEMENT CONTRACT 22 | 9/26/2008 | 2,514 | 2,514 |
| LIFE SETTLEMENT CONTRACT 23 | 9/26/2008 | 4,722 | 4,722 |
| LIFE SETTLEMENT CONTRACT 24 | 9/26/2008 | 8,595 | 8,595 |
| LIFE SETTLEMENT CONTRACT 25 | 9/26/2008 | 3,179 | 3,179 |
| LIFE SETTLEMENT CONTRACT 26 | 9/26/2008 | 23,460 | 23,460 |
| LIFE SETTLEMENT CONTRACT 27 | 9/26/2008 | 2,779 | 2,779 |
| LIFE SETTLEMENT CONTRACT 28 | 9/26/2008 | 5,994 | 5,994 |
| LIFE SETTLEMENT CONTRACT 29 | 9/26/2008 | 1,622 | 1,622 |
| LIFE SETTLEMENT CONTRACT 30 | 9/26/2008 | 5,312 | 5,312 |
| LIFE SETTLEMENT CONTRACT 31 | 9/26/2008 | 6,333 | 6,333 |
| LIFE SETTLEMENT CONTRACT 32 | 9/26/2008 | 2,438 | 2,438 |
| LIFE SETTLEMENT CONTRACT 33 | 9/26/2008 | 11,371 | 11,371 |
| LIFE SETTLEMENT CONTRACT 34 | 9/26/2008 | 4,125 | 4,125 |
| LIFE SETTLEMENT CONTRACT 35 | 9/26/2008 | 4,878 | 4,878 |
| LIFE SETTLEMENT CONTRACT 36 | 9/26/2008 | 7,595 | 7,595 |
| LIFE SETTLEMENT CONTRACT 37 | 9/26/2008 | 3,951 | 3,951 |
| LIFE SETTLEMENT CONTRACT 38 | 9/26/2008 | 7,254 | 7,254 |
| LIFE SETTLEMENT CONTRACT 39 | 9/26/2008 | 5,982 | 5,982 |
| LIFE SETTLEMENT CONTRACT 40 | 9/26/2008 | 4,972 | 4,972 |
| LIFE SETTLEMENT CONTRACT 41 | 9/26/2008 | 5,011 | 5,011 |
| LIFE SETTLEMENT CONTRACT 42 | 9/26/2008 | 16,359 | 16,359 |
| LIFE SETTLEMENT CONTRACT 43 | 9/26/2008 | 2,095 | 2,095 |
| LIFE SETTLEMENT CONTRACT 44 | 9/26/2008 | 6,384 | 6,384 |
| LIFE SETTLEMENT CONTRACT 45 | 9/26/2008 | 3,167 | 3,167 |
| LIFE SETTLEMENT CONTRACT 46 | 9/26/2008 | 1,443 | 1,443 |
| LIFE SETTLEMENT CONTRACT 47 | 9/26/2008 | 6,745 | 6,745 |
| LIFE SETTLEMENT CONTRACT 48 | 9/26/2008 | 7,108 | 7,108 |
| LIFE SETTLEMENT CONTRACT 49 | 9/26/2008 | 4,834 | 4,834 |
| LIFE SETTLEMENT CONTRACT 50 | 9/26/2008 | 8,169 | 8,169 |
| LIFE SETTLEMENT CONTRACT 51 | 9/26/2008 | 1,424 | 1,424 |

PART IV - ADDITIONAL INFORMATION REGARDING TRANSFER OF PROPERTY

| LINE 9. | (A) | NONE | (B) | 0.214429% |
|---|---|---|---|---|
| LINE 10. | SECTION 351 | | | |
| LINE 11-15. | NO | | | |
| LINE 16. | NO | | | |
| LINE 17. | NO | | | |

PATRICK DAUGHERTY

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

25.    <u>FORM 8886 AND FORM 8275 DISCLOSURES</u>

ATTACHED TO YOUR SCHEDULE K-1 ARE THE FORMS 8886 REPORTABLE TRANSACTION DISCLOSURE STATEMENT AND THE FORMS 8275 DISCLOSURE STATEMENT FILED BY HIGHLAND CAPITAL MANAGEMENT, L.P.  TO DETERMINE YOUR SHARE OF THE AMOUNTS SHOWN ON THESE ATTACHED DISCLOSURES, MULTIPLY THE AMOUNTS BY THE FOLLOWING PERCENTAGE.

0.7402624200%

PLEASE CONSULT YOUR TAX ADVISOR CONCERNING ANY POTENTIAL FILING REQUIREMENT YOU MAY HAVE RELATED TO THESE DISCLOSURES.

PATRICK DAUGHERTY

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

75-2716725

ATTACHMENT TO SCHEDULE K-1

IMPORTANT TAX DOCUMENT - PLEASE RETAIN FOR YOUR RECORDS

DISCLOSURE ACKNOWLEDGEMENT PURSUANT TO IRS NOTICE 2006-16

FOR TAXABLE YEAR ENDED DECEMBER 31, 2008

HIGHLAND CAPITAL MANAGEMENT, L.P. HELD AN INDIRECT INTEREST IN HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P. , THROUGH HIGHLAND CREDIT STRATEGIES FUND, L.P.

HIGHLAND CREDIT STRATEGIES FUND, L.P. HAS ACKNOWLEDGED THAT THEY HAVE COMPLIED OR WILL COMPLY WITH THEIR SEPARATE DISCLOSURE OBLIGATIONS UNDER TREAS. REG. SEC. 1.6011-4 WITH RESPECT TO A TRANSACTION(S) DESCRIBED IN IRS NOTICE 2002-35 BY FILING A PROTECTIVE FORM 8886 (REPORTABLE TRANSACTION DISCLOSURE STATEMENT) TREAS. REG. SEC. 1.6011-4(f)(2).

IN ACCORDANCE WITH NOTICE 2006-16, SECTION 3.02, BY TIMELY RECEIPT OF THIS ACKNOWLEDGEMENT, YOU SHOULD NOT BE REQUIRED TO FILE A DISCLOSURE STATEMENT FOR THIS TRANSACTION(S), PROVIDED YOUR ONLY DISCLOSURE OBLIGATION WITH RESPECT TO THIS TRANSACTION(S) UNDER TREAS. REG. SEC. 1.6011-4(b) ARISES FROM YOUR DIRECT OR INDIRECT INTEREST IN HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P.

PASS-THROUGH ENTITIES RECEIVING THIS ACKNOWLEDGEMENT MUST TIMELY PROVIDE A COPY OF IT TO TAXPAYERS HOLDING AN INTEREST IN THE PASS-THROUGH ENTITY, UNDER NOTICE 2006-16, SECTION 3.02, IN ORDER FOR SUCH TAXPAYERS TO BE RELIEVED OF THE REQUIREMENT TO FILE A DISCLOSURE STATEMENT FOR THIS TRANSACTION(S), PROVIDED THEIR ONLY DISCLOSURE OBLIGATION WITH RESPECT TO THIS TRANSACTION(S) UNDER TREAS. REG. SEC. 1.6011-4(b) ARISES FROM THEIR INDIRECT INTEREST IN THESE PASS-THROUGH ENTITIES.

PLEASE CONSULT YOUR TAX ADVISOR WITH REGARD TO THE ACKNOWLEDGEMENT AND NOTICE 2006-16.

Form **8275**

(Rev. August 2008)

Department of the Treasury
Internal Revenue Service

# Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury regulations. Instead, use Form 8275-R, Regulation Disclosure Statement. See separate instructions.

▶ Attach to your tax return.

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| Highland Capital Management, L.P. | 752716725 |

## Part I  General Information (see instructions)

| (a) Rev. Rul., Rev. Proc., etc. | (b) Item or Group of Items | (c) Detailed Description of Items | (d) Form or Schedule | (e) Line No. | (f) Amount |
|---|---|---|---|---|---|
| 1 Rev. Rul. 93-80 | Loss | Loss from worthlessness of partnership interest in Highland Capital Multi-Strategy Fund, L.P. | 1065 | 6 | ($349,568,517) |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |

## Part II  Detailed Explanation (see instructions)

1 See attached.

2

3

4

5

6

## Part III  Information About Pass-Through Entity. To be completed by partners, shareholders, beneficiaries, or residual interest holders.

Complete this part only if you are making adequate disclosure for a pass-through item.

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| 1 Name, address, and ZIP code of pass-through entity | 2 Identifying number of pass-through entity |
|---|---|
| | 3 Tax year of pass-through entity  /   /          to    /   / |
| | 4 Internal Revenue Service Center where the pass-through entity filed its return |

For Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 61935M          Form **8275** (Rev. 8-2008)

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

**Part II, Line 1 – Detailed Explanation**

Highland Capital Management, L.P. ("<u>HCM</u>") has reported on Form 1065, Line 6 a $349,568,517 ordinary loss under I.R.C. § 165 with respect to the worthlessness of HCM's partnership interest in Highland Capital Multi-Strategy Fund, L.P. ("<u>HMSF LP</u>"). The facts relating to this loss are as follows:

**Highland Capital Management**

HCM is an investment advisor registered with the SEC and specializes in alternative investment strategies. HCM serves as an investment advisor to several alternative investment partnerships ("<u>hedge funds</u>") that it has organized and marketed to investors. HCM has a significant equity interest in each of the hedge funds that it manages, which is required to attract additional capital investments from unrelated investors. The capital investments by unrelated investors provided the asset base on which HCM earned significant advisory fees.

In addition to serving as an investment advisor, HCM also engages in securities trading primarily for its own account.

**Highland Multi-Strategy Fund**

In 2006, HCM entered into negotiations with Barclays Bank PLC ("<u>Barclays</u>") regarding a prepaid forward transaction (discussed below) relating to a portfolio of equity interests that HCM held in certain HCM managed hedge funds. Because the prepaid forward contract would create economic exposure to a portfolio of HCM managed hedge funds, HCM determined that it should enter into the prepaid forward transaction through a subsidiary partnership structure that could function as a fund-of-funds arrangement for third party investors and thereby create an additional source of advisory fee income for HCM. Accordingly, HCM formed Highland Multi-Strategy Master Fund, L.P., a Bermuda limited partnership ("<u>HMSF</u>"), to engage in the prepaid forward transaction with Barclays.

HMSF's sole limited partner is HMSF LP. HCM and its affiliates own all of HMSF LP. HMSF LP has never had any assets or activities other than its equity interest in HMSF.

HMSF's sole general partner is Highland Multi-Strategy Fund GP, L.P. Highland Multi-Strategy Fund GP, L.P. is owned 99% by HCM as limited partner, and 1% by Highland Multi-Strategy Fund GP, L.L.C. as general partner. Highland Multi-Strategy Fund GP, L.L.C. is owned 100% by HCM.

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

---

Attachment to Form 8275: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

---

For a number of non-tax reasons, HCM subsequently abandoned the idea of marketing additional equity interests in HMSF to third party investors, and HMSF and HMSF LP never received any equity contributions from persons not affiliated with HCM.

## HMSF's Activities

*The Derivative Ownership Transactions*

On August 1, 2006, HMSF formed Highland Multi-Strategy Onshore Master SubFund, L.L.C. ("SubFund I") for the purpose of entering into a prepaid forward contract with Barclays. SubFund I is owned 99% by HMSF and 1% by HCM. SubFund I paid $156,349,569 at inception of the contract and was entitled to a cash payment from Barclays at maturity of the contract equal to the excess of

    (1) the value of a notional portfolio of investment funds (the "Reference Portfolio") having an initial value of $312,699,138, over

    (2) a specified "Notional Amount" initially equal to $156,349,569 and increased by an accretion amount based on one-month USD LIBOR plus 0.90%.

In connection with entering into the prepaid forward contract, SubFund I also transferred $53,158,854 in cash to a brokerage account (the "Collateral Account") in SubFund I's name. The Collateral Account was pledged to Barclays as security for any negative value for the Prepaid Forward at maturity or early termination.

In February 2007, HMSF formed Highland Multi-Strategy Onshore Master SubFund II, L.L.C. ("SubFund II") for the purpose of entering into an accreting strike option contract with Barclays. SubFund II is owned 99% by HMSF and 1% by HCM. The accreting strike option contract grants SubFund II the option to purchase, at the "Final Valuation Date" specified in the contract, the cash equivalent value of a notional portfolio of HCM managed investment funds (the "Reference Portfolio") for a strike price of $178,584,722.22 (subject to accretion based on LIBOR plus 1.4%). At the inception of the contract, the Reference Portfolio had a value of $250,000,000, and SubFund II paid Barclays an option premium of $71,428,571.43.

*The Strand Funding Transactions*

During 2007, HCM and The Bank of Nova Scotia ("BNS") entered into a total return swap ("Swap") whose notional value was tied to a portfolio of loans held by Strand Funding, an affiliate of BNS. Under the Swap, HCM owed BNS a floating payment based on an interest rate applied to the book value of the underlying loan portfolio, and BNS owed HCM an asset payment equal to the realized interest and proceeds from the underlying loan portfolio. When the Swap matured in June 2008,

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

there were certain loans that Strand Funding had not been able to sell in the open market and therefore HCM and BNS could not settle the Swap.

HCM arranged for HMSF to enter into a series of "LSTA Par/Near Par Trade Conformations" with Strand Funding pursuant to which Strand Funding as Seller purported to assign the underlying loans to HMSF as Buyer. HCM then arranged for most of the loans be assigned by HMSF as Seller to unrelated third parties as Buyers under separate LSTA confirmations. Pursuant to a Multilateral Netting Agreement entered into by Strand Funding, HMSF, and the third party buyer, Strand Funding assigned the loans directly to the third party buyer. The amount due under the original confirmations between HMSF and Strand Funding was funded from the proceeds of the assignments to the third party buyers. These transactions produced a net profit to HMSF.

For certain of the loans that Strand Funding purported to assign to HMSF, HCM was not able to find a third party buyer during 2008 (principally because the borrowers under the loans were in severe financial distress). The trade confirmations between Strand Funding and HMSF with respect to those loans remained open and unsettled as of December 31, 2008. As of December 31, 2008, the amount payable to Strand Funding under the confirmations relating to the unsettled trades was $10,457,201, and the underlying loans had a mark-to-market value of $6,181,618. During 2009, BNS and HCM agreed to cancel the unsettled trades, and HCM accounted to BNS under the Swap for the loss in value of the loans.

*Assets and Liabilities*

As of December 31, 2008, HMSF's financial statements reflect assets of $6,347,039 (consisting of $165,421 cash and $6,181,618 of business securities representing the value of the loans under the unsettled trades with Strand Funding), and liabilities of $11,513,448 (consisting of $1,056,247 payable to HCM for overhead expense allocations and $10,457,201 payable to Strand Funding in connection with the unsettled trades).

**Worthlessness and Abandonment Events**

During 2008, the HCM managed hedge funds underlying the Barclays derivative ownership contracts lost significant value and liquidity. In October 2008 Barclays gave notices that it was terminating the contracts. Due to the illiquidity of the underlying hedge fund interests and other factors, the contracts were not actually terminated during 2008. HCM determined that Barclays decision to terminate the contracts in October 2008 eliminated any reasonable hope or expectation of the SubFund entities recovering any value under the contracts or in any assets held in connection with the contracts.

3

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

By letters dated December 9, 2008, HMSF advised the SubFund entities that HMSF had abandoned its equity interests in entities. The abandonment was recognized by HCM as managing member of the SubFund entities and, by amendment to the SubFund entity operating agreements, HMSF was stricken as a member of the SubFund entities effective as of December 9, 2008. To preserve the SubFund entities' tax classification as partnerships, Strand Advisors II, Inc., a wholly owned subsidiary of HCM, was admitted as a limited partner in the SubFund entities effective as of December 9, 2008, acquiring a 1% equity interest for no consideration.

As of not later than December 31, 2008, the loans underlying HMSF's open trade confirmations with Strand Funding had a value substantially less than the amount payable to Strand Funding under the trade confirmation, and there was no reasonable hope or expectation that the value of the loans would increase to an amount in excess of the amount payable to Strand Funding.

As of December 30, 2008, HMSF had no net assets and no reasonable hope or expectation of any realizing any net assets. Accordingly, HCM determined that its equity interest in HMSF LP was worthless as of not later than December 30, 2008.

## Tax Reporting

HCM has reported on its tax return for its taxable year ended December 31, 2008 a loss with respect to the worthlessness of its partnership interest in HMSF LP.[1] The loss is equal to HCM's adjusted tax basis in the HMSF LP partnership interest as of the date of worthlessness.[2] HCM wrote down its tax basis for its equity interest in HMSF LP to zero as of the date the interest in HMSF LP became worthless.[3] In computing HCM's tax basis in its interest in HMSF LP as of the date of worthlessness, HCM has not taken into account its distributive share of HMSF LP's tax items for the 2008 tax year through the worthlessness date because HCM did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HMSF LP as a result of the worthlessness of the interest.[4] HCM has not claimed any deduction for its distributive share of HMSF LP loss reported for HMSF LP's taxable year ending December 31, 2008 because HCM's adjusted tax basis for its HMSF LP partnership interest was zero as of December 31, 2008.[5]

---

[1] I.R.C. § 165(a), (c)(1).

[2] Treas. Reg. § 1.165-1(c)(1).

[3] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

[4] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnership tax items for the year of abandonment).

[5] I.R.C. § 704(d).

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

---

Because the worthlessness of HCM's interest in HMSF LP did not give rise to any actual or constructive discharge of HMSF LP liabilities under I.R.C. § 752,[6] HCM's loss from such worthlessness is an ordinary loss rather than a capital loss.[7] Moreover, the loss is a business loss because HCM's interest in HMSF LP was attributable to and derived from HCM's business as an investment advisor and as a securities trader and was acquired with the dominant motive of generating a source of business income, and not with the dominant motive of making or preserving a non-business investment.[8]

The ordinary loss reported on HCM's tax return for its tax year ended December 31, 2008 flows through to HCM's partners as of December 31, 2008.[9]

The Service could challenge HCM's tax reporting of the worthlessness loss under a variety of theories, which could include challenging the following assertions set forth above: (a) that HCM's HMSF LP partnership interest became worthless during HCM's tax year ending December 31, 2008, (b) that HCM's loss is calculated without taking into account its distributive share of HMSF LP tax items (if any) for HMSF LP's taxable year ended December 31, 2008, (c) that HCM's loss with respect to the worthlessness of its HMSF LP partnership interest is an ordinary loss attributable to HCM's business.

---

[6] HMSF LP had no direct or indirect partnership liabilities. The SubFund entities and HMSF LP had no direct liabilities. HMSF's only liability was an intercompany payable to HCM. This recourse liability is allocated entirely to HMSF GP in its status as general partner. *See* Treas. Reg. § 1.752-2(a) (partner's share of partnership recourse liability equals portion for which the partner or a related person bears the economic risk of loss); (c)(1) (partner bears the risk of loss for a partnership liability to the extent that the partner or a related person is the lender and risk of loss is not borne by another person); (k)(1) (special rule for disregarded entities does not apply to the extent the owner is at risk with respect to the obligation). In any event, the worthlessness of HCM's HMSF LP partnership interest did not constitute a disposition of the partnership interest, or otherwise affect HMSF LP's direct or indirect liabilities, HCM's status as a partner in HMSF LP, or the allocation of HMSF LP liabilities under I.R.C. § 752. *Cf. Abdalla v. Commissioner*, 647 F.2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes S corporation loss allocations). Accordingly, the worthlessness event did not result in any reduction in HCM's share (if any) of HMSF LP liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[7] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

[8] *See United States v. Generes*, 405 U.S. 93 (1972); *Adelson v. United States,* 12 Cl. Ct. 231 (1987).

[9] I.R.C. § 706(a); Treas. Reg. § 1.706-1(a).

Form **8275**

(Rev. August 2008)

Department of the Treasury
Internal Revenue Service

# Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury
regulations. Instead, use Form 8275-R, Regulation Disclosure Statement.
See separate instructions.

▶ **Attach to your tax return.**

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| Highland Capital Management, L.P. | 752716725 |

## Part I  General Information (see instructions)

| (a)<br>Rev. Rul., Rev. Proc., etc. | (b)<br>Item or Group<br>of Items | (c)<br>Detailed Description<br>of Items | (d)<br>Form or<br>Schedule | (e)<br>Line<br>No. | (f)<br>Amount |
|---|---|---|---|---|---|
| 1 Rev. Rul. 93-80 | Loss | Loss from worthlessness of partnership interest in Highland Financial Partners, L.P. | 1065 | 6 | ($276,533,895) |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |

## Part II  Detailed Explanation (see instructions)

1 See attached.

2

3

4

5

6

## Part III  Information About Pass-Through Entity. To be completed by partners, shareholders, beneficiaries, or residual interest holders.

**Complete this part only if you are making adequate disclosure for a pass-through item.**

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| 1  Name, address, and ZIP code of pass-through entity | 2  Identifying number of pass-through entity |
|---|---|
| | 3  Tax year of pass-through entity<br>    /    /              to    /    / |
| | 4  Internal Revenue Service Center where the pass-through entity filed its return |

For Paperwork Reduction Act Notice, see separate instructions.

Cat. No. 61935M

Form **8275** (Rev. 8-2008)

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

---

Attachment to Form 8275: Loss From Worthlessness of Highland Financial Partners

## Part II, Line 1 – Detailed Explanation

The taxpayer, Highland Capital Management, L.P. ("HCM"), has reported on Form 1065, Line 6, a $276,533,895 ordinary loss under I.R.C. § 165 with respect to taxpayer's partnership interest in Highland Financial Partners, L.P. ("HFP"). The facts relating to this loss are as follows:

## Highland Capital Management

HCM is an investment advisor registered with the SEC and specializes in alternative investment strategies. HCM serves as an investment advisor to several alternative investment funds ("<u>funds</u>") that it has organized and marketed to investors. HCM has a significant equity interest in each of the funds that it manages, which is required to attract additional capital investments from unrelated investors. The capital investments by unrelated investors provided the asset base on which HCM earned significant advisory fees.

## Highland Financial Partners

HCM formed HFP in January 2006 to hold equity interests in certain leveraged credit subsidiaries and other assets. HFP was initially capitalized by issuing limited partner interests to HCM and to certain institutional investors (who initially held their interests through a trust). As of December 31, 2006, HFP had approximately $11.7 billion in total assets and $490.4 million in net equity. HCM held approximately 12.2% of HFP's equity on a fully diluted basis.

In additional to the roughly $405 million of capital raised from investors pursuant to private placements in February and October 2006, HCM anticipated that HFP would raise significant capital from one or more public offerings of HFP common units, thereby increasing HFP's equity subject to base management fees and income potentially subject to incentive allocations. On April 27, 2007, HFP filed an amended preliminary registration statement on Form S-1 seeking to effect an initial public offering of $50,000,000 of limited partner units. Due to unfavorable market conditions that developed thereafter in connection with the deterioration of the credit markets, and for other reasons, HFP withdrew the registration statement on September 7, 2007.

Additional background information regarding HFP and HCM can be obtained at http://www.sec.gov/Archives/edgar/data/1354166/000095013407009372/d40436a1sv1z a.htm, and is incorporated herein by reference.

## Worthlessness Events

During the fourth quarter of 2008, due to the continuing deterioration in the credit markets, HFP became insolvent beyond any reasonable hope or expectation of recovery. HCM determined that its partnership interest in HFP was worthless as of no

1

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss From Worthlessness of Highland Financial Partners

later than November 30, 2008. Likewise, the taxpayer determined that its direct equity interest in HFP was worthless as of November 30, 2008. The interests in HFP became worthless (such that no investor would be willing to pay any consideration for an HFP unit) no later than November 30, 2008, through a confluence of factors: (1) deterioration in the credit markets rendered HFP's expected cash flows to have no prospect to ever be sufficient to pay HFP's outstanding debts; (2) loan value erosion within the CLO (collateralized loan obligation) entities held by HFP resulted in violation of multiple HFP coverage tests causing permanent impairment of HFP's expected cash flows; (3) major lawsuits filed in the fourth quarter of 2008; (4) HFP's balance sheet reflected approximately $1 billion in negative equity.

**Tax Reporting**

HCM has reported on its tax return for its taxable year ended December 31, 2008 an ordinary loss with respect to the worthlessness of its partnership interest in HFP.[1] The loss is equal to HCM's adjusted tax basis in the HFP equity interest as of the date of worthlessness,[2] including basis attributable to HCM's allocable share of HFP liabilities.[3] HCM wrote down its tax basis for its partnership interest in HFP to zero as of November 30, 2008.[4] In computing HCM's adjusted tax basis in its interest in HFP as of November 30, 2008, HCM has not taken into account its distributive share of HFP's tax items for the 2008 tax year through the worthlessness date because HCM did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HFP as a result of the worthlessness of the interest.[5] HCM has, however, taken into account any changes in its allocable share of HFP liabilities during the 2008 year through the date of worthlessness.[6]

The worthlessness of HCM's HFP partnership interest is not a disposition of the partnership interest for federal income tax purposes,[7] and HCM retains its allocable share of HFP liabilities until it ceases to be an HFP partner. HCM has taken into

---

[1] I.R.C. § 165(a), (c)(1).

[2] Treas. Reg. § 1.165-1(c)(1).

[3] Treas. Reg. §§ 1.705-1a); 1.752-1, 1.752-2, 1.752-3.

[4] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

[5] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnership tax items for the year of abandonment, but taking into account distributions during the year).

[6] *See* Treas. Reg. § 1.752-4(d) (partner's share of partnership liabilities determined "whenever the determination is necessary in order to determine the tax liability of the partner"). *Cf.* Rev. Rul. 94-4, 1994-1 C.B. 196 (deemed distributions under I.R.C. § 752(b) from reductions in liabilities are taken into account as of the last day of the partnership taxable year *to the extent of the partner's distributive share of income for the partnership taxable year*).

[7] *Cf. Abdalla v. Commissioner*, 647 F.2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes S corporation loss allocations).

2

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8275: Loss From Worthlessness of Highland Financial Partners

account as of December 31, 2008 any increase or decrease in its allocable share of HFP liabilities from November 30, 2008 through December 31, 2008.[8] HCM has not claimed any deduction for its distributive share of the HFP loss reported for HFP's taxable year ending December 31, 2008 to the extent the loss exceeds HCM's adjusted tax basis for its HFP equity interest as of December 31, 2008 (taking into account the write down of its tax basis to zero as of November 30, 2008 and any changes in HCM's allocable share of HFP liabilities from November 30, 2008 through December 31, 2008).[9]

Because the worthlessness of HCM's partnership interest in HFP did not give rise to any actual or constructive discharge of HFP liabilities under I.R.C. § 752,[10] HCM's loss from such worthlessness is an ordinary loss rather than a capital loss.[11] In addition, the loss is a business loss for purposes of I.R.C. §§ 62(a)(1) and 172 because HCM's interest in HFP was attributable to and derived from HCM's business as an investment advisor and was acquired with the dominant motive of generating a source of business income, and not with the dominant motive of making or preserving a non-business investment.[12]

The ordinary business loss reported on HCM's tax return for its tax year ended December 31, 2008 will flow through to HCM partners as of December 31, 2008.[8]

The Service could challenge the taxpayer's tax reporting of the worthlessness loss under a variety of theories, which could include challenging the following assertions set forth above: (a) that the taxpayer's HFP partnership interest became worthless during the taxpayer's year ending December 31, 2008, (b) that the taxpayer's loss is calculated without taking into account its distributive share of HFP's tax items (if any) for HFP's taxable year ended December 31, 2008, (c) that the taxpayer's loss with respect to the worthlessness of its HFP partnership interest is an ordinary loss attributable to HCM's business.

---

[8] I.R.C. § 752.

[9] I.R.C. § 704(d).

[10] The worthlessness of HCM's interest in HFP had no effect on HFP's direct or indirect liabilities, on HCM's status as a partner in HFP, or on the allocation of HFP liabilities under I.R.C. § 752. Accordingly, the worthlessness event did not result in any reduction in HCM's share of HFP liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[11] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

[12] *See United States v. Generes*, 405 U.S. 93 (1972); *Adelson v. United States,* 12 Cl. Ct. 231 (1987).

3

Form **8275**

(Rev. August 2008)

Department of the Treasury
Internal Revenue Service

# Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury regulations. Instead, use Form 8275-R, Regulation Disclosure Statement. See separate instructions.

▶ **Attach to your tax return.**

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 75-2716725 |

**Part I**    **General Information** (see instructions)

| (a)<br>Rev. Rul., Rev. Proc., etc. | (b)<br>Item or Group<br>of Items | (c)<br>Detailed Description<br>of Items | (d)<br>Form or<br>Schedule | (e)<br>Line<br>No. | (f)<br>Amount |
|---|---|---|---|---|---|
| **1** | | SEE ATTACHED STATEMENT | | | |
| **2** | | | | | |
| **3** | | | | | |
| **4** | | | | | |
| **5** | | | | | |
| **6** | | | | | |

**Part II**    **Detailed Explanation** (see instructions)

**1** SEE ATTACHED STATEMENT

**2**

**3**

**4**

**5**

**6**

**Part III**    **Information About Pass-Through Entity.** To be completed by partners, shareholders, beneficiaries, or residual interest holders.

**Complete this part only if you are making adequate disclosure for a pass-through item.**

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| 1   Name, address, and ZIP code of pass-through entity | 2   Identifying number of pass-through entity |
|---|---|
| HIGHLAND FINANCIAL PARTNERS, LP | 83-0446391 |
| | 3   Tax year of pass-through entity |
| TWO GALLERIA TOWER | 01/01/2008     to   12/31/2008 |
| 13455 NOEL ROAD SUITE 800 | 4   Internal Revenue Service Center where the pass-through entity filed its return |
| DALLAS, TX 75240 | OGDEN, UT |

For Paperwork Reduction Act Notice, see separate instructions.

ISA

STF BKQG1001.1

Form **8275** (Rev. 8-2008)

Form 8275 (Rev. 8-2008)

Page **2**

| Part IV | **Explanations** *(continued from Parts I and/or II)* |
|---------|--------------------------------------------------------|

SEE ATTACHED

STF BKQG1001.2

Highland Capital Management, L.P.
Form 1065; December 31, 2008

Attachment to Form 8275: Loss From Highland Financial Partners, L.P.

The taxpayer was allocated a loss from Highland Financial Partners, L.P. ("HFP") based on the amounts below with respect to taxpayer's interest in HFP. The loss is not claimed on the taxpayer's return because the taxpayer's tax basis for its HFP partnership interest as of the end of HFP's 2008 tax year was zero. Nevertheless, because the losses exceeded $2 million and the underlying asset is an interest in a passthrough entity, the loss is a reportable loss. The following information was provided by HFP with respect to the loss. The discussion below uses the term "taxpayer" to refer to HFP.

Highland Financial Partners, L.P. ("HFP") which owns a majority interest in the following controlled foreign corporations ("CFCs") and foreign partnership: Highland Euro CDO III B.V. (CFC), Rockwall CDO II, Ltd. (CFC), Stratford CLO, Ltd. (CFC), Westchester CLO, Ltd. (CFC), and Eastland CLO, Ltd. (foreign partnership). The first year of operation for each of these entities ended in 2007. Pursuant to § 1.964-1T of the Treasury Regulations, HFP adopted the mark to market method of accounting in computing the income of these CFCs. The foreign partnership, which is controlled by HFP, also adopted the mark to market method of accounting on its 2007 tax return. The mark to market method of accounting is a permissible method under § 446 of the Internal Revenue Code and the regulations promulgated thereunder for each of these entities.

The CFCs and the foreign partnership are special purpose vehicles that issue Collateralized Loan Obligations ("CLOs") or Collateralized Debt Obligations (CDOs"). The CFCs and the foreign partnership typically hold securities in the form of notes, loans held for sale, and loans not held for sale all of which are securities within the meaning of § 475(c). For financial reporting purposes, the CFC's and the foreign partnership account for the notes under Generally Accepted Accounting Principles ("GAAP") using the mark to market method of accounting, The CFCs and the foreign partnership account for the loans held for sale on the mark to market method of accounting under GAAP. The loans not held for sale are accounted for under the amortized cost method of accounting for GAAP with allowances for loan losses that consider mark to market fluctuations as an indication of potential impairment.

HFP is not a trader or a dealer in securities and is not relying on § 475(f) in adopting the mark to market method of accounting. The utilization of the mark to market method of accounting is a permissible method of accounting under § 446 and is not limited to dealers or traders in securities. When adopting § 475(f), the Senate Finance Committee stated that "[m]ark-to-market accounting generally provides a clear reflection of income with respect to assets that are traded on established markets. For market-valued assets, mark-to-market accounting imposes few burdens and offers few opportunities for manipulation." S. Rep. No. 105-33 at 128 (1997).

Highland Capital Management, L.P.
Form 1065; December 31, 2008

Attachment to Form 8275: Loss From Highland Financial Partners, L.P.

HFP will file Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, Form 8865, Information Return of U.S. Persons with Respect to Certain Foreign Partnerships, and Form 1065, U.S. Return of Partnership Income, reporting information that in part reflects the mark to market method of accounting adopted by the respective entities.  Under the mark to market method of accounting, the CFCs and the foreign partnership will realize total capital losses of $908,275,190, $51,281,106 of which will flow through as a reduction of subpart F income for HFP. HFP is providing this notice to all other U.S. domestic shareholders that are required to receive notice of an adoption of an accounting method pursuant to § 1.964-1T(c)(3)(iii) of the Treasury Regulations.  HFP is providing this notice to all other U.S. domestic partners in the foreign partnership.

Form **8275**

(Rev. August 2008)

Department of the Treasury
Internal Revenue Service

# Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury
regulations. Instead, use Form 8275-R, Regulation Disclosure Statement.
See separate instructions.

▶ Attach to your tax return.

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 75-2716725 |

## Part I  General Information (see instructions)

| (a) Rev. Rul., Rev. Proc., etc. | (b) Item or Group of Items | (c) Detailed Description of Items | (d) Form or Schedule | (e) Line No. | (f) Amount |
|---|---|---|---|---|---|
| 1 | GAIN/LOSS | UNREALIZED GAIN/LOSS ON SECURITIES MARKED TO MARKET | 5471, C | 7 | (2,221,150) |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |

## Part II  Detailed Explanation (see instructions)

1 PLEASE SEE ATTACHED STATEMENT

2

3

4

5

6

## Part III  Information About Pass-Through Entity. To be completed by partners, shareholders, beneficiaries, or residual interest holders.

**Complete this part only if you are making adequate disclosure for a pass-through item.**

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| 1 Name, address, and ZIP code of pass-through entity | 2 Identifying number of pass-through entity |
|---|---|
| HIGHLAND CREDIT OPPORTUNITIES CDO, LP | 20-3874256 |
| TWO GALLERIA TOWER | 3 Tax year of pass-through entity |
| | 01/01/2008 to 12/31/2008 |
| 13455 NOEL ROAD, SUITE 800 | 4 Internal Revenue Service Center where the pass-through entity filed its return |
| DALLAS, TX 75240 | OGDEN |

For Paperwork Reduction Act Notice, see separate instructions.
ISA

Form **8275** (Rev. 8-2008)

STF BKQG1001.1

Form 8275 (Rev. 8-2008)                                                                                                    Page **2**

| Part IV | **Explanations** *(continued from Parts I and/or II)* |
|---------|--------------------------------------------------------|

STF BKQG1001.2

Highland Capital Management, L.P. 75-2716725
Form 1065; December 31, 2008

Attachment to Form 8275 – Disclosure Statement

Highland Capital Management, L.P. ("HCM") owns a direct interest in Highland Credit Opportunities CDO, L.P. ("CDO"). CDO owns a majority interest in Highland Credit Opportunities CDO, Ltd. ("HCO"), a Controlled Foreign Corporation (CFC). The amounts and related disclosures shown on this Form 8275 have been passed through to HCM by CDO. The first year of operation for HCO ended in 2006. Pursuant to Section 1.964-1T of the Treasury Regulations, CDO, on behalf of CFC as majority shareholder, adopted the mark to market method of accounting in computing the income of this CFC in that year. CDO and HCO believe that the mark to market method of accounting is a permissible method under Section 446 of the Internal Revenue Code and the regulations promulgated thereunder for this entity. HCO has continued to use the mark to market method of accounting in computing its income in 2008.

HCO is a special purpose vehicle that issues Floating Rate Notes and Preferred Shares. Typically, it holds securities in the form of notes and loans, all of which are securities within the meaning of Section 475(c). For financial reporting purposes, HCO accounts for the securities under Generally Accepted Accounting Principles ("GAAP") using the mark to market method of accounting. In computing taxable income, Section 1.446-1(a)(2) provides that "A method of accounting which reflects the consistent application of generally accepted accounting principles in a particular trade or business…will ordinarily be regarded as clearly reflecting income."

CDO is not a trader or a dealer in securities and is not relying on Section 475(f) in adopting the mark to market method of accounting. The utilization of the mark to market method of accounting is a permissible method of accounting under Section 446 and is not limited to dealers or traders in securities. When adopting Section 475(f), the Senate Finance Committee stated that "[m]ark-to-market accounting generally provides a clear reflection of income with respect to assets that are traded on established markets. For market-valued assets, mark-to-market accounting imposes few burdens and offers few opportunities for manipulation." S. Rep. No. 105-33 at 128 (1997).

CDO will file Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, reporting information that in part reflects the mark to market method of accounting adopted by the HCO. Under the mark to market method of accounting, HCO will realize a deficit in earnings and profits of ($547,397,844) for 2008. Before CDO filed its returns and provided tax documents including disclosures and Forms 5471 to various investors, Form 5471 were sent to some minority interest holders reporting information that in part reflects the realization method of accounting. CDO is providing this notice to all other U.S. domestic shareholders that are required to receive notice of adoption of an accounting method pursuant to Section 1.964-1T(c)(3)(iii) of the Treasury Regulations.

1

Form **8275**

(Rev. August 2008)

Department of the Treasury
Internal Revenue Service

# Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury regulations. Instead, use Form 8275-R, Regulation Disclosure Statement.
See separate instructions.

▶ **Attach to your tax return.**

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 75-2716725 |

### Part I  General Information (see instructions)

| | (a)<br>Rev. Rul., Rev. Proc., etc. | (b)<br>Item or Group<br>of Items | (c)<br>Detailed Description<br>of Items | (d)<br>Form or<br>Schedule | (e)<br>Line<br>No. | (f)<br>Amount |
|---|---|---|---|---|---|---|
| **1** | | LOSS | ORDINARY LOSS - WORTHLESS<br>PARTNERSHIP EQUITY INTEREST | 1065 | 11F | (428,218) |
| **2** | | | | | | |
| **3** | | | | | | |
| **4** | | | | | | |
| **5** | | | | | | |
| **6** | | | | | | |

### Part II  Detailed Explanation (see instructions)

**1** PLEASE SEE ATTACHED STATEMENT

**2**

**3**

**4**

**5**

**6**

### Part III  Information About Pass-Through Entity.  To be completed by partners, shareholders, beneficiaries, or residual interest holders.

**Complete this part only if you are making adequate disclosure for a pass-through item.**

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| **1**  Name, address, and ZIP code of pass-through entity | **2**  Identifying number of pass-through entity |
|---|---|
| HIGHLAND CRUSADER FUND, LP | 75-2889981 |
| | **3**  Tax year of pass-through entity |
| TWO GALLERIA TOWER | 01/01/2008        to 12/31/2008 |
| 13455 NOEL ROAD, SUITE 800 | **4**  Internal Revenue Service Center where the pass-through entity filed its return |
| DALLAS, TX  75240 | OGDEN |

**For Paperwork Reduction Act Notice, see separate instructions.**
ISA

Form **8275** (Rev. 8-2008)

STF BKQG1001.1

Form 8275 (Rev. 8-2008)                                                                                                                    Page **2**

**Part IV**      **Explanations** *(continued from Parts I and/or II)*

STF BKQG1001.2

Highland Capital Management, L.P. 75-2716725
Form 1065; December 31, 2008

Attachment to Form 8275 – Disclosure Statement

Highland Capital Management, L.P. ("Taxpayer") is directly invested in Highland Crusader, L.P. ("HC"). HC has passed through to the taxpayer on Schedule K, Line 11F, a loss with respect to HC's interest in Highland Crusader Offshore Partners, L.P. ("Master Fund"). Included in the HC's distributive share of the Master Fund loss is a $16,358,789 ordinary loss claimed by the Master Fund under I.R.C. § 165 with respect to the worthlessness of the Master Fund's partnership interest in Highland Financial Partners, L.P. ("HFP"). This loss is a reportable transaction, as defined in Treas. Reg. § 1.6011-4(b)(5), because the loss exceeds $2 million and the asset is an interest in a pass-through entity.[1]

During the fourth quarter of 2008, due to the continuing deterioration in the credit markets, HFP became insolvent beyond any reasonable hope or expectation of recovery. The Master Fund determined that its equity interest in HFP was worthless as of November 30, 2008. The interest in HFP became worthless (such that no investor would be willing to pay any consideration for an HFP unit) no later than November 30, 2008, through a confluence of factors: (1) deterioration in the credit markets rendered HFP's expected cash flows to have no prospect to ever be sufficient to pay HFP's outstanding debts; (2) loan value erosion within CLO (collateralized loan obligation) entities held by HFP resulted in violation of multiple HFP coverage tests causing permanent impairment of HFP's expected cash flows; (3) major lawsuits filed in the fourth quarter of 2008; (4) HFP's balance sheet reflected approximately $1 billion in negative equity.

The Master Fund has reported in its tax return for its taxable year ended December 31, 2008, an ordinary loss with respect to the worthlessness of its partnership interest in HFP.[2] The loss is equal to the Master Fund's adjusted tax basis in the HFP partnership interest as of the date of worthlessness,[3] including the basis attributable to the Master Fund's allocable share of HFP liabilities.[4] The Master Fund will write down its tax basis for its equity interest in HFP to zero as of November 30, 2008.[5] The Master Fund will not claim any deduction for its distributive share of loss reported for HFP's taxable year ending December 31, 2008 because its tax basis will be zero at that time.[6] In computing the Master Fund's tax basis in its interest in HFP as of November 30, 2008, the Master Fund will not take into account its distributive share of HFP's tax items for the 2008 tax year through worthlessness date because the Master

---

[1] Rev. Proc. 2004-66, 2004-50 I.R.B. 966.

[2] I.R.C. § 165(a), (c)(1).

[3] Treas. Reg. § 1.165-1(c)(1)

[4] Treas. Reg. § 1.705-1(a), 1.752-1, 1.752-2, and 1.752-3.

[5] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

[6] I.R.C. § 704(d)

Highland Capital Management, L.P. 75-2716725
Form 1065; December 31, 2008

Attachment to Form 8275 – Disclosure Statement

Fund did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HFP as a result of the worthlessness of the interest.[7] The worthlessness of an asset is not a disposition of that asset for Federal income tax purposes, and a partner retains a share of the liabilities of a partnership for which the partner is liable under the rules of Section 752 and the regulations thereunder until that partner is released from the liability for those partnership's debts under the law.[8] The Master Fund will, however, take into account any changes in its allocable share of HFP liabilities during the 2008 year through the date of worthlessness.[9]

The worthlessness of the Master Fund's interest in HFP does not terminate the Master Fund's status as an HFP partner. The Master Fund will take into account, as of December 31, 2008, any increase or decrease in its allocable share of HFP liabilities from November 30, 2008 through December 31, 2008.[10] The Master Fund will not claim any deduction for its distributive share of the HFP loss reported for HFP's taxable year ending December 31, 2008, to the extent the loss exceeds the Master Fund's adjusted basis for its HFP partnership interest as of December 31, 2008 (taking into account the write down of its tax basis to zero as of November 30, 2008, and any changes in the Master Fund's allocable share of HFP liabilities from November 30, 2008 through December 31, 2008).[11]

Because the worthlessness of the Master Fund's partnership interest in HFP did not give rise to any actual or constructive discharge of HFP liabilities under I.R.C. Section 752,[12] the Master Fund's loss from such worthlessness is an ordinary rather than capital loss.[13]

---

[7] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnerhip tax items for the year of abandonment, but taking into account distributions during the year).

[8] *Cf. Abdalla v. Commissioner*, 647 F. 2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes of S corporation loss allocations).

[9] *See* Treas. Reg. § 1.752-4(d) (partner's share of partnership liabilities determined "whenever the determination is necessary in order to determine the tax liability of the partner"). *Cf.* Rev. Rul. 94-4, 1994-1 C. B. 196 (deemed distributions under I.R.C. § 752(b) from reductions in liabilities are taken into account as of the last day of the partnership taxable year *to the extent of the partner's distributive share of income for the partnership taxable year).*

[10] I.R.C. § 752.

[11] I.R.C. § 704(d).

[12] The worthlessness of the Master Fund's interest in HFP had no effect on HFP's direct or indirect liabilities, on the Master Fund's status as a partner in HFP, or on the allocation of HFP liabilities under I.R.C. § 752. Accordingly, the worthlessness event did not result in any reduction in the Master Fund's share of HFP liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[13] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

2

Highland Capital Management, L.P.  75-2716725
Form 1065; December 31, 2008

Attachment to Form 8275 – Disclosure Statement

The ordinary loss reported on the Master Fund's tax return for its tax year ended December 31, 2008, flowed through HC to the taxpayer as of December 31, 2008.[14] The taxpayer has reported its distributive share of the Master Fund's loss passed through by HC for the Master Fund's taxable year ended December 31, 2008 on their tax return for its taxable year ended December 31, 2008, as an ordinary loss on Form, 1065, Schedule K, Line 11F.[15]

The losses passed through by HC and reported by the taxpayer with respect to its distributive share of the Master Fund's loss for 2008 and with respect to the worthlessness of its direct partnership interest in HFP have been taken into account in calculating the taxpayer's taxable income/(loss) for the taxpayer's taxable year ending December 31, 2008.

---

[14] I.R.C. § 706(a); Treas. Reg. § 1.706-1(a).

[15] As of the date of this disclosure, the HC had not received a Schedule K-1 from the Master Fund for the Master Fund's taxable year ended December 31, 2008.  The amount reported on Form 1065, Schedule K, Line 11F, is the estimated amount of the loss to be reported to the taxpayer on such Schedule K-1.

3

Form **8886**
(Rev. December 2007)

Department of the Treasury
Internal Revenue Service

# Reportable Transaction Disclosure Statement

► **Attach to your tax return.**
► **See separate instructions.**

OMB No. 1545-1800

Attachment
Sequence No. **137**

| Name(s) shown on return (individuals enter last name, first name, middle initial) | Identifying number |
|---|---|
| **Highland Capital Management, L.P.** | **75-2716725** |

Number, street, and room or suite no.

**13455 Noel Road**

City or town, state, and ZIP code

**Dallas, TX 75240**

**A** If you are filing more than one Form 8886 with your tax return, sequentially number each Form 8886 and enter the statement number for this Form 8886 . . . . ► Statement number ___**1**___ of ___**5**___

**B** Enter the form number of the tax return to which this form is attached or related . . . . . . ► **1065**

Enter the year of the tax return identified above . . . . . . . . . . . . . ► **2008**

Is this Form 8886 being filed with an amended tax return? ☐ Yes ☑ No

**C** Check the box(es) that apply (see instructions). ☑ Initial year filer ☐ Protective disclosure

**1a** Name of reportable transaction

**Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.**

| **1b** Initial year participated in transaction | **1c** Reportable transaction or tax shelter registration number (9 digits or 11 digits) |
|---|---|
| **2008** | **MA0900079** |

**2** Identify the type of reportable transaction. Check all boxes that apply (see instructions).

**a** ☐ Listed  **c** ☐ Contractual protection  **e** ☐ Brief asset holding period
**b** ☐ Confidential  **d** ☑ Loss  **f** ☐ Transaction of interest

**3** If you checked box 2a or 2f, enter the published guidance number for the listed transaction or transaction of interest . . . . . . . . . . . . . . . . . . . . ►

**4** Enter the number of "same as or substantially similar" transactions reported on this form . . . . . ► **0**

**5** If you participated in the transaction through another entity, check all applicable boxes and provide the information below for the entity (see instructions). (Attach additional sheets, if necessary.)

**a** Type of entity:

☑ Partnership                ☐ Partnership
☐ S corporation             ☐ S corporation
☐ Trust                     ☐ Trust
☐ Foreign                   ☐ Foreign

**b** Name . . . . . . . . ► **Highland Capital Multi-Strategy Fun**

**c** Employer identification number (EIN), if known    **20-5237025**

**d** Date Schedule K-1 received from entity (enter "none" if Schedule K-1 not received) . . . . . . . .    **September 15, 2009**

**6** Enter below the name and address of each individual or entity to whom you paid a fee with regard to the transaction if that individual or entity promoted, solicited, or recommended your participation in the transaction, or provided tax advice related to the transaction. (Attach additional sheets, if necessary.)

| **a** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Strasburger & Price LLP** | **75-0838805** | $ **$75,000 (est.)** |

Number, street, and room or suite no.

**901 Main Street, Suite 4400**

City or town, state, and ZIP code

**Dallas, Texas 75202**

| **b** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Deloitte Tax LLP** | **86-1065772** | $ **$20,000 (est.)** |

Number, street, and room or suite no.

**1111 Bagby Street, Suite 4500**

City or town, state, and ZIP code

**Houston, Texas 77702-4196**

For Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 34654G    Form **8886** (Rev. 12-2007)

Form 8886 (Rev. 12-2007)                                                                                                    Page **2**

**7    Facts**

**a**   Identify the type of tax benefit generated by the transaction. Check all the boxes that apply (see instructions).

| | | | |
|---|---|---|---|
| ☐ Deductions | ☐ Exclusions from gross income | ☐ Tax credits | ☐ Other _____ |
| ☐ Capital loss | ☐ Nonrecognition of gain | ☐ Deferral | |
| ☑ Ordinary loss | ☐ Adjustments to basis | ☐ Absence of adjustments to basis | |

**b**   Further describe the amount and nature of the expected tax treatment and expected tax benefits generated by the transaction for all affected years. Include facts of each step of the transaction that relate to the expected tax benefits including the amount and nature of your investment. Include in your description your participation in the transaction and all related transactions regardless of the year in which they were entered into. Also, include a description of any tax result protection with respect to the transaction.

**See attached.**

_____

_____

_____

_____

_____

_____

**8**   Identify all tax-exempt, foreign, and related entities and individuals involved in the transaction. Check the appropriate box(es) (see instructions). Include their name(s), identifying number(s), address(es), and a brief description of their involvement. For each foreign entity, identify its country of incorporation or existence. For each related entity, explain how it is related. (Attach additional sheets, if necessary.)

**a**   Type of entity:    ☐ Tax-exempt    ☐ Foreign    ☐ Related

Name _____ | Identifying number

Address _____

Description _____

_____

_____

_____

**b**   Type of entity:    ☐ Tax-exempt    ☐ Foreign    ☐ Related

Name _____ | Identifying number

Address _____

Description _____

_____

_____

Form **8886** (Rev. 12-2007)

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy
Fund, L.P.

## Line 5: Participating Entities

| Type of Entity: | Partnership |
| --- | --- |
| Name: | Highland Multi-Strategy Fund GP, L.L.C. |
| EIN: | 20-5236824 |
| Date K-1 received: | September 15, 2009 |

| Type of Entity: | Partnership |
| --- | --- |
| Name: | Highland Multi-Strategy Fund GP, L.P. |
| EIN: | 20-5236931 |
| Date K-1 received: | September 15, 2009 |

| Type of Entity: | Partnership, Foreign |
| --- | --- |
| Name: | Highland Multi-Strategy Master Fund, L.P. |
| EIN: | 20-5237085 |
| Date K-1 received: | September 15, 2009 |

| Type of Entity: | Partnership |
| --- | --- |
| Name: | Highland Multi-Strategy Onshore Master SubFund, L.L.C. |
| EIN: | 20-5237152 |
| Date K-1 received: | September 15, 2009 |

| Type of Entity: | Partnership |
| --- | --- |
| Name: | Highland Multi-Strategy Onshore Master SubFund II, L.L.C. |
| EIN: | 20-8458989 |
| Date K-1 received: | September 15, 2009 |

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

## Line 7b: Description of Expected Tax Benefits

Highland Capital Management, L.P. ("HCM") has reported on Form 1065, Line 6 a $349,568,517 ordinary loss under I.R.C. § 165 with respect to the worthlessness of HCM's partnership interest in Highland Capital Multi-Strategy Fund, L.P. ("HMSF LP"). This loss is a reportable transaction as defined in Treas. Reg. § 1.6011-4(b)(5) because the loss exceeds $2 million and the asset is an interest in a passthrough entity.[1]

## Highland Capital Management

HCM is an investment advisor registered with the SEC and specializes in alternative investment strategies. HCM serves as an investment advisor to several alternative investment partnerships ("hedge funds") that it has organized and marketed to investors. HCM has a significant equity interest in each of the hedge funds that it manages, which is required to attract additional capital investments from unrelated investors. The capital investments by unrelated investors provided the asset base on which HCM earned significant advisory fees.

In addition to serving as an investment advisor, HCM also engages in securities trading primarily for its own account.

## Highland Multi-Strategy Fund

In 2006, HCM entered into negotiations with Barclays Bank PLC ("Barclays") regarding a prepaid forward transaction (discussed below) relating to a portfolio of equity interests that HCM held in certain HCM managed hedge funds. Because the prepaid forward contract would create economic exposure to a portfolio of HCM managed hedge funds, HCM determined that it should enter into the prepaid forward transaction through a subsidiary partnership structure that could function as a fund-of-funds arrangement for third party investors and thereby create an additional source of advisory fee income for HCM. Accordingly, HCM formed Highland Multi-Strategy Master Fund, L.P., a Bermuda limited partnership ("HMSF"), to engage in the prepaid forward transaction with Barclays.

HMSF's sole limited partner is HMSF LP. HCM and its affiliates own all of HMSF LP. HMSF LP has never had any assets or activities other than its equity interest in HMSF.

HMSF's sole general partner is Highland Multi-Strategy Fund GP, L.P. Highland Multi-Strategy Fund GP, L.P. is owned 99% by HCM as limited partner, and 1% by Highland Multi-Strategy Fund GP, L.L.C. as general partner. Highland Multi-Strategy Fund GP, L.L.C. is owned 100% by HCM.

---

[1] Rev. Proc. 2004-66, 2004-50 I.R.B. 966.

2

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

For a number of non-tax reasons, HCM subsequently abandoned the idea of marketing additional equity interests in HMSF to third party investors, and HMSF and HMSF LP never received any equity contributions from persons not affiliated with HCM.

## HMSF's Activities

*The Derivative Ownership Transactions*

On August 1, 2006, HMSF formed Highland Multi-Strategy Onshore Master SubFund, L.L.C. ("SubFund I") for the purpose of entering into a prepaid forward contract with Barclays. SubFund I is owned 99% by HMSF and 1% by HCM. SubFund I paid $156,349,569 at inception of the contract and was entitled to a cash payment from Barclays at maturity of the contract equal to the excess of

(1) the value of a notional portfolio of investment funds (the "Reference Portfolio") having an initial value of $312,699,138, over

(2) a specified "Notional Amount" initially equal to $156,349,569 and increased by an accretion amount based on one-month USD LIBOR plus 0.90%.

In connection with entering into the prepaid forward contract, SubFund I also transferred $53,158,854 in cash to a brokerage account (the "Collateral Account") in SubFund I's name. The Collateral Account was pledged to Barclays as security for any negative value for the Prepaid Forward at maturity or early termination.

In February 2007, HMSF formed Highland Multi-Strategy Onshore Master SubFund II, L.L.C. ("SubFund II") for the purpose of entering into an accreting strike option contract with Barclays. SubFund II is owned 99% by HMSF and 1% by HCM. The accreting strike option contract grants SubFund II the option to purchase, at the "Final Valuation Date" specified in the contract, the cash equivalent value of a notional portfolio of HCM managed investment funds (the "Reference Portfolio") for a strike price of $178,584,722.22 (subject to accretion based on LIBOR plus 1.4%). At the inception of the contract, the Reference Portfolio had a value of $250,000,000, and SubFund II paid Barclays an option premium of $71,428,571.43.

*The Strand Funding Transactions*

During 2007, HCM and The Bank of Nova Scotia ("BNS") entered into a total return swap ("Swap") whose notional value was tied to a portfolio of loans held by Strand Funding, an affiliate of BNS. Under the Swap, HCM owed BNS a floating payment based on an interest rate applied to the book value of the underlying loan portfolio, and BNS owed HCM an asset payment equal to the realized interest and proceeds from the underlying loan portfolio. When the Swap matured in June 2008,

3

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

there were certain loans that Strand Funding had not been able to sell in the open market and therefore HCM and BNS could not settle the Swap.

HCM arranged for HMSF to enter into a series of "LSTA Par/Near Par Trade Conformations" with Strand Funding pursuant to which Strand Funding as Seller purported to assign the underlying loans to HMSF as Buyer. HCM then arranged for most of the loans be assigned by HMSF as Seller to unrelated third parties as Buyers under separate LSTA confirmations. Pursuant to a Multilateral Netting Agreement entered into by Strand Funding, HMSF, and the third party buyer, Strand Funding assigned the loans directly to the third party buyer. The amount due under the original confirmations between HMSF and Strand Funding was funded from the proceeds of the assignments to the third party buyers. These transactions produced a net profit to HMSF.

For certain of the loans that Strand Funding purported to assign to HMSF, HCM was not able to find a third party buyer during 2008 (principally because the borrowers under the loans were in severe financial distress). The trade confirmations between Strand Funding and HMSF with respect to those loans remained open and unsettled as of December 31, 2008. As of December 31, 2008, the amount payable to Strand Funding under the confirmations relating to the unsettled trades was $10,457,201, and the underlying loans had a mark-to-market value of $6,181,618. During 2009, BNS and HCM agreed to cancel the unsettled trades, and HCM accounted to BNS under the Swap for the loss in value of the loans.

*Assets and Liabilities*

As of December 31, 2008, HMSF's financial statements reflect assets of $6,347,039 (consisting of $165,421 cash and $6,181,618 of business securities representing the value of the loans under the unsettled trades with Strand Funding), and liabilities of $11,513,448 (consisting of $1,056,247 payable to HCM for overhead expense allocations and $10,457,201 payable to Strand Funding in connection with the unsettled trades).

**Worthlessness and Abandonment Events**

During 2008, the HCM managed hedge funds underlying the Barclays derivative ownership contracts lost significant value and liquidity. In October 2008 Barclays gave notices that it was terminating the contracts. Due to the illiquidity of the underlying hedge fund interests and other factors, the contracts were not actually terminated during 2008. HCM determined that Barclays decision to terminate the contracts in October 2008 eliminated any reasonable hope or expectation of the SubFund entities recovering any value under the contracts or in any assets held in connection with the contracts.

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

By letters dated December 9, 2008, HMSF advised the SubFund entities that HMSF had abandoned its equity interests in entities. The abandonment was recognized by HCM as managing member of the SubFund entities and, by amendment to the SubFund entity operating agreements, HMSF was stricken as a member of the SubFund entities effective as of December 9, 2008. To preserve the SubFund entities' tax classification as partnerships, Strand Advisors II, Inc., a wholly owned subsidiary of HCM, was admitted as a limited partner in the SubFund entities effective as of December 9, 2008, acquiring a 1% equity interest for no consideration.

As of not later than December 31, 2008, the loans underlying HMSF's open trade confirmations with Strand Funding had a value substantially less than the amount payable to Strand Funding under the trade confirmation, and there was no reasonable hope or expectation that the value of the loans would increase to an amount in excess of the amount payable to Strand Funding.

As of December 30, 2008, HMSF had no net assets and no reasonable hope or expectation of any realizing any net assets. Accordingly, HCM determined that its equity interest in HMSF LP was worthless as of not later than December 30, 2008.

**Tax Reporting**

HCM has reported on its tax return for its taxable year ended December 31, 2008 a loss with respect to the worthlessness of its partnership interest in HMSF LP.[2] The loss is equal to HCM's adjusted tax basis in the HMSF LP partnership interest as of the date of worthlessness.[3] HCM wrote down its tax basis for its equity interest in HMSF LP to zero as of the date the interest in HMSF LP became worthless.[4] In computing HCM's tax basis in its interest in HMSF LP as of the date of worthlessness, HCM has not taken into account its distributive share of HMSF LP's tax items for the 2008 tax year through the worthlessness date because HCM did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HMSF LP as a result of the worthlessness of the interest.[5] HCM has not claimed any deduction for its distributive share of HMSF LP loss reported for HMSF LP's taxable year ending December 31, 2008 because HCM's adjusted tax basis for its HMSF LP partnership interest was zero as of December 31, 2008.[6]

---

[2] I.R.C. § 165(a), (c)(1).

[3] Treas. Reg. § 1.165-1(c)(1).

[4] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

[5] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnership tax items for the year of abandonment).

[6] I.R.C. § 704(d).

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Capital Multi-Strategy Fund, L.P.

Because the worthlessness of HCM's interest in HMSF LP did not give rise to any actual or constructive discharge of HMSF LP liabilities under I.R.C. § 752,[7] HCM's loss from such worthlessness is an ordinary loss rather than a capital loss.[8]  Moreover, the loss is a business loss because HCM's interest in HMSF LP was attributable to and derived from HCM's business as an investment advisor and as a securities trader and was acquired with the dominant motive of generating a source of business income, and not with the dominant motive of making or preserving a non-business investment.[9]

The ordinary loss reported on HCM's tax return for its tax year ended December 31, 2008 flows through to HCM's partners as of December 31, 2008.[10]

---

[7] HMSF LP had no direct or indirect partnership liabilities.  The SubFund entities and HMSF LP had no direct liabilities.  HMSF's only liability was an intercompany payable to HCM.  This recourse liability is allocated entirely to HMSF GP in its status as general partner.  *See* Treas. Reg. § 1.752-2(a) (partner's share of partnership recourse liability equals portion for which the partner or a related person bears the economic risk of loss); (c)(1) (partner bears the risk of loss for a partnership liability to the extent that the partner or a related person is the lender and risk of loss is not borne by another person); (k)(1) (special rule for disregarded entities does not apply to the extent the owner is at risk with respect to the obligation).  In any event, the worthlessness of HCM's HMSF LP partnership interest did not constitute a disposition of the partnership interest, or otherwise affect HMSF LP's direct or indirect liabilities, HCM's status as a partner in HMSF LP, or the allocation of HMSF LP liabilities under I.R.C. § 752.  *Cf. Abdalla v. Commissioner*, 647 F.2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes S corporation loss allocations).  Accordingly, the worthlessness event did not result in any reduction in HCM's share (if any) of HMSF LP liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[8] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

[9] *See United States v. Generes*, 405 U.S. 93 (1972); *Adelson v. United States,* 12 Cl. Ct. 231 (1987).

[10] I.R.C. § 706(a); Treas. Reg. § 1.706-1(a).

| Form **8886**<br>(Rev. December 2007)<br>Department of the Treasury<br>Internal Revenue Service | **Reportable Transaction Disclosure Statement**<br><br>▶ **Attach to your tax return.**<br>▶ **See separate instructions.** | OMB No. 1545-1800<br><br>Attachment<br>Sequence No. **137** |
|---|---|---|

| Name(s) shown on return (individuals enter last name, first name, middle initial) | Identifying number |
|---|---|
| **Highland Capital Management, L.P.** | **75-2716725** |

Number, street, and room or suite no.

**13455 Noel Road**

City or town, state, and ZIP code

**Dallas, TX 75240**

| A | If you are filing more than one Form 8886 with your tax return, sequentially number each Form 8886 and enter the statement number for this Form 8886 . . . . ▶ Statement number __**2**__ of __**5**__ |
|---|---|
| B | Enter the form number of the tax return to which this form is attached or related . . . . . ▶ __**1065**__ |
| | Enter the year of the tax return identified above . . . . . . . . . . . . . ▶ __**2008**__ |
| | Is this Form 8886 being filed with an amended tax return? ☐ Yes ☑ No |
| C | Check the box(es) that apply (see instructions). ☑ Initial year filer ☐ Protective disclosure |

| 1a | Name of reportable transaction |
|---|---|
| | **Loss from worthlessness of Highland Multi-Strategy Fund, L.P.** |

| 1b Initial year participated in transaction | 1c Reportable transaction or tax shelter registration number (9 digits or 11 digits) |
|---|---|
| **2008** | **MA0900079** |

| 2 | Identify the type of reportable transaction. Check all boxes that apply (see instructions). |
|---|---|
| a | ☐ Listed    c ☐ Contractual protection    e ☐ Brief asset holding period |
| b | ☐ Confidential    d ☑ Loss    f ☐ Transaction of interest |

| 3 | If you checked box 2a or 2f, enter the published guidance number for the listed transaction or transaction of interest . . . . . . . . . . . . . . . . . . ▶ |
|---|---|

| 4 | Enter the number of "same as or substantially similar" transactions reported on this form . . . . . ▶ __**0**__ |
|---|---|

| 5 | If you participated in the transaction through another entity, check all applicable boxes and provide the information below for the entity (see instructions). (Attach additional sheets, if necessary.) |
|---|---|

| a Type of entity: | ☑ Partnership<br>☐ S corporation<br>☐ Trust<br>☐ Foreign | ☐ Partnership<br>☐ S corporation<br>☐ Trust<br>☐ Foreign |
|---|---|---|
| b Name . . . . . . . . ▶ | **Highland Capital Multi-Strategy Fur** | |
| c Employer identification number (EIN), if known | **20-5237025** | |
| d Date Schedule K-1 received from entity (enter "none" if Schedule K-1 not received) . . . . . . . | **September 15, 2009** | |

| 6 | Enter below the name and address of each individual or entity to whom you paid a fee with regard to the transaction if that individual or entity promoted, solicited, or recommended your participation in the transaction, or provided tax advice related to the transaction. (Attach additional sheets, if necessary.) |
|---|---|

| a Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Strasburger & Price LLP** | **75-0838805** | $ **$75,000 (est.)** |

Number, street, and room or suite no.

**901 Main Street, Suite 4400**

City or town, state, and ZIP code

**Dallas, Texas 75202**

| b Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Deloitte Tax LLP** | **86-1065772** | $ **$20,000 (est.)** |

Number, street, and room or suite no.

**1111 Bagby Street, Suite 4500**

City or town, state, and ZIP code

**Houston, Texas 77702-4196**

**For Paperwork Reduction Act Notice, see separate instructions.**      Cat. No. 34654G      Form **8886** (Rev. 12-2007)

Form 8886 (Rev. 12-2007)                                                                                        Page **2**

**7**   **Facts**

**a**  Identify the type of tax benefit generated by the transaction. Check all the boxes that apply (see instructions).

☐ Deductions        ☐ Exclusions from gross income      ☐ Tax credits        ☐ Other _____
☐ Capital loss      ☐ Nonrecognition of gain            ☐ Deferral
☑ Ordinary loss     ☐ Adjustments to basis              ☐ Absence of adjustments to basis

**b**  Further describe the amount and nature of the expected tax treatment and expected tax benefits generated by the transaction for all affected years. Include facts of each step of the transaction that relate to the expected tax benefits including the amount and nature of your investment. Include in your description your participation in the transaction and all related transactions regardless of the year in which they were entered into. Also, include a description of any tax result protection with respect to the transaction.

**See attached.**

_____

_____

_____

_____

_____

_____

**8**   Identify all tax-exempt, foreign, and related entities and individuals involved in the transaction. Check the appropriate box(es) (see instructions). Include their name(s), identifying number(s), address(es), and a brief description of their involvement. For each foreign entity, identify its country of incorporation or existence. For each related entity, explain how it is related. (Attach additional sheets, if necessary.)

**a**   Type of entity:   ☐ Tax-exempt     ☐ Foreign     ☐ Related

| | Identifying number |
|---|---|

Name _____

Address _____

Description _____

_____

_____

_____

**b**   Type of entity:   ☐ Tax-exempt     ☐ Foreign     ☐ Related

| | Identifying number |
|---|---|

Name _____

Address _____

Description _____

_____

_____

_____

Form **8886** (Rev. 12-2007)

Highland Capital Multi-Strategy Fund, L.P. (20-5237025)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Multi-Strategy Master Fund, L.P.

**Line 7b: Description of Expected Tax Benefits**

The taxpayer was allocated a $346,013,886 loss from Highland Capital Multi-Strategy Fund, L.P. ("HMSF LP") with respect to taxpayer's partnership interest in HMSF LP. The loss is not claimed on the taxpayer's return because the taxpayer's tax basis for its HMSF LP partnership interest as of the end of HMSF LP's 2008 tax year was zero. Nevertheless, because the loss exceeded $2 million and the underlying asset is an interest in a passthrough entity, the loss is a reportable loss. The following information was provided by HMSF LP with respect to the loss. The discussion below uses the term "taxpayer" to refer to HMSF LP.

The taxpayer has reported on Form 1065, Line 6 a $349,568,517 ordinary loss under I.R.C. § 165 with respect to the worthlessness of the taxpayer's partnership interest in Highland Multi-Strategy Master Fund, L.P. ("HMSF"). This loss is a reportable transaction as defined in Treas. Reg. § 1.6011-4(b)(5) because the loss exceeds $2 million and the asset is an interest in a passthrough entity.[1]

**Highland Capital Management**

Highland Capital Management, L.P. ("HCM") is an investment advisor registered with the SEC and specializes in alternative investment strategies. HCM serves as an investment advisor to several alternative investment partnerships ("hedge funds") that it has organized and marketed to investors. HCM has a significant equity interest in each of the hedge funds that it manages, which is required to attract additional capital investments from unrelated investors. The capital investments by unrelated investors provided the asset base on which HCM earned significant advisory fees.

In addition to serving as an investment advisor, HCM also engages in securities trading primarily for its own account.

**Highland Multi-Strategy Fund**

In 2006, HCM entered into negotiations with Barclays Bank PLC ("Barclays") regarding a prepaid forward transaction (discussed below) relating to a portfolio of equity interests that HCM held in certain HCM managed hedge funds. Because the prepaid forward contract would create economic exposure to a portfolio of HCM managed hedge funds, HCM determined that it should enter into the prepaid forward transaction through a subsidiary partnership structure that could function as a fund-of-funds arrangement for third party investors and thereby create an additional source of advisory fee income for HCM. Accordingly, HCM formed Highland Multi-Strategy Master Fund, L.P., a Bermuda limited partnership ("HMSF"), to engage in the prepaid forward transaction with Barclays.

---

[1] Rev. Proc. 2004-66, 2004-50 I.R.B. 966.

Highland Capital Multi-Strategy Fund, L.P. (20-5237025)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Multi-Strategy Master Fund, L.P.

HMSF's sole limited partner is Highland Capital Multi-Strategy Fund, L.P. ("HMSF LP"). HCM and its affiliates own all of HMSF LP. HMSF LP has never had any assets or activities other than its equity interest in HMSF.

HMSF's sole general partner is Highland Multi-Strategy Fund GP, L.P. Highland Multi-Strategy Fund GP, L.P. is owned 99% by HCM as limited partner, and 1% by Highland Multi-Strategy Fund GP, L.L.C. as general partner. Highland Multi-Strategy Fund GP, L.L.C. is owned 100% by HCM.

For a number of non-tax reasons, HCM subsequently abandoned the idea of marketing additional equity interests in HMSF to third party investors, and HMSF and HMSF LP never received any equity contributions from persons not affiliated with HCM.

## HMSF's Activities

*The Derivative Ownership Transactions*

On August 1, 2006, HMSF formed Highland Multi-Strategy Onshore Master SubFund, L.L.C. ("SubFund I") for the purpose of entering into a prepaid forward contract with Barclays. SubFund I is owned 99% by HMSF and 1% by HCM. SubFund I paid $156,349,569 at inception of the contract and was entitled to a cash payment from Barclays at maturity of the contract equal to the excess of

(1) the value of a notional portfolio of investment funds (the "Reference Portfolio") having an initial value of $312,699,138, over

(2) a specified "Notional Amount" initially equal to $156,349,569 and increased by an accretion amount based on one-month USD LIBOR plus 0.90%.

In connection with entering into the prepaid forward contract, SubFund I also transferred $53,158,854 in cash to a brokerage account (the "Collateral Account") in SubFund I's name. The Collateral Account was pledged to Barclays as security for any negative value for the Prepaid Forward at maturity or early termination.

In February 2007, HMSF formed Highland Multi-Strategy Onshore Master SubFund II, L.L.C. ("SubFund II") for the purpose of entering into an accreting strike option contract with Barclays. SubFund II is owned 99% by HMSF and 1% by HCM. The accreting strike option contract grants SubFund II the option to purchase, at the "Final Valuation Date" specified in the contract, the cash equivalent value of a notional portfolio of HCM managed investment funds (the "Reference Portfolio") for a strike price of $178,584,722.22 (subject to accretion based on LIBOR plus 1.4%). At the inception of the contract, the Reference Portfolio had a value of $250,000,000, and SubFund II paid Barclays an option premium of $71,428,571.43.

2

Highland Capital Multi-Strategy Fund, L.P. (20-5237025)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Multi-Strategy Master Fund, L.P.

*The Strand Funding Transactions*

During 2007, HCM and The Bank of Nova Scotia ("BNS") entered into a total return swap ("Swap") whose notional value was tied to a portfolio of loans held by Strand Funding, an affiliate of BNS. Under the Swap, HCM owed BNS a floating payment based on an interest rate applied to the book value of the underlying loan portfolio, and BNS owed HCM an asset payment equal to the realized interest and proceeds from the underlying loan portfolio. When the Swap matured in June 2008, there were certain loans that Strand Funding had not been able to sell in the open market and therefore HCM and BNS could not settle the Swap.

HCM arranged for HMSF to enter into a series of "LSTA Par/Near Par Trade Conformations" with Strand Funding pursuant to which Strand Funding as Seller purported to assign the underlying loans to HMSF as Buyer. HCM then arranged for most of the loans be assigned by HMSF as Seller to unrelated third parties as Buyers under separate LSTA confirmations. Pursuant to a Multilateral Netting Agreement entered into by Strand Funding, HMSF, and the third party buyer, Strand Funding assigned the loans directly to the third party buyer. The amount due under the original confirmations between HMSF and Strand Funding was funded from the proceeds of the assignments to the third party buyers. These transactions produced a net profit to HMSF.

For certain of the loans that Strand Funding purported to assign to HMSF, HCM was not able to find a third party buyer during 2008 (principally because the borrowers under the loans were in severe financial distress). The trade confirmations between Strand Funding and HMSF with respect to those loans remained open and unsettled as of December 31, 2008. As of December 31, 2008, the amount payable to Strand Funding under the confirmations relating to the unsettled trades was $10,457,201, and the underlying loans had a mark-to-market value of $6,181,618. During 2009, BNS and HCM agreed to cancel the unsettled trades, and HCM accounted to BNS under the Swap for the loss in value of the loans.

*Assets and Liabilities*

As of December 31, 2008, HMSF's financial statements reflect assets of $6,347,039 (consisting of $165,421 cash and $6,181,618 of business securities representing the value of the loans under the unsettled trades with Strand Funding), and liabilities of $11,513,448 (consisting of $1,056,247 payable to HCM for overhead expense allocations and $10,457,201 payable to Strand Funding in connection with the unsettled trades).

Highland Capital Multi-Strategy Fund, L.P. (20-5237025)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Multi-Strategy Master Fund, L.P.

**Worthlessness and Abandonment Events**

During 2008, the HCM managed hedge funds underlying the Barclays derivative ownership contracts lost significant value and liquidity. In October 2008 Barclays gave notices that it was terminating the contracts. Due to the illiquidity of the underlying hedge fund interests and other factors, the contracts were not actually terminated during 2008. HCM determined that Barclays decision to terminate the contracts in October 2008 eliminated any reasonable hope or expectation of the SubFund entities recovering any value under the contracts or in any assets held in connection with the contracts.

By letters dated December 9, 2008, HMSF advised the SubFund entities that HMSF had abandoned its equity interests in entities. The abandonment was recognized by HCM as managing member of the SubFund entities and, by amendment to the SubFund entity operating agreements, HMSF was stricken as a member of the SubFund entities effective as of December 9, 2008. To preserve the SubFund entities' tax classification as partnerships, Strand Advisors II, Inc., a wholly owned subsidiary of HCM, was admitted as a limited partner in the SubFund entities effective as of December 9, 2008, acquiring a 1% equity interest for no consideration.

As of not later than December 31, 2008, the loans underlying HMSF's open trade confirmations with Strand Funding had a value substantially less than the amount payable to Strand Funding under the trade confirmation, and there was no reasonable hope or expectation that the value of the loans would increase to an amount in excess of the amount payable to Strand Funding.

As of December 30, 2008, HMSF had no net assets and no reasonable hope or expectation of any realizing any net assets. Accordingly, HCM determined that its equity interest in HMSF LP was worthless as of not later than December 30, 2008.

**Tax Reporting**

The taxpayer has reported on its tax return for its taxable year ended December 31, 2008 a loss with respect to the worthlessness of its partnership interest in HMSF.[2] The loss is equal to the taxpayer's adjusted tax basis in the HMSF partnership interest as of the date of worthlessness.[3] the taxpayer wrote down its tax basis for its equity interest in HMSF to zero as of the date the interest in HMSF became worthless.[4] In computing the taxpayer's tax basis in its interest in HMSF as of the date of worthlessness, the taxpayer has not taken into account its distributive share of HMSF's tax items for the 2008 tax year through the worthlessness date because the taxpayer

---

[2] I.R.C. § 165(a), (c)(1).

[3] Treas. Reg. § 1.165-1(c)(1).

[4] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

Highland Capital Multi-Strategy Fund, L.P. (20-5237025)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss from worthlessness of Highland Multi-Strategy Master Fund, L.P.

did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HMSF as a result of the worthlessness of the interest.[5] The taxpayer has not claimed any deduction for its distributive share of HMSF loss reported for HMSF's taxable year ending December 31, 2008 because the taxpayer's adjusted tax basis for its HMSF partnership interest was zero as of December 31, 2008.[6]

Because the worthlessness of the taxpayer's interest in HMSF did not give rise to any actual or constructive discharge of HMSF liabilities under I.R.C. § 752,[7] the taxpayer's loss from such worthlessness is an ordinary loss rather than a capital loss.[8] Moreover, the loss is a business loss because the taxpayer's interest in HMSF was attributable to and derived from HCM's business as an investment advisor and as a securities trader and was acquired with the dominant motive of generating a source of business income for HCM, and not with the dominant motive of making or preserving a non-business investment.[9]

The ordinary loss reported on the taxpayer's tax return for its tax year ended December 31, 2008 flows through to the taxpayer's partners as of December 31, 2008.[10]

---

[5] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnership tax items for the year of abandonment).

[6] I.R.C. § 704(d).

[7] HMSF's only direct or indirect liability was a direct intercompany payable to HCM. This recourse liability is allocated entirely to HMSF GP in its status as general partner. *See* Treas. Reg. § 1.752-2(a) (partner's share of partnership recourse liability equals portion for which the partner or a related person bears the economic risk of loss); (c)(1) (partner bears the risk of loss for a partnership liability to the extent that the partner or a related person is the lender and risk of loss is not borne by another person); (k)(1) (special rule for disregarded entities does not apply to the extent the owner is at risk with respect to the obligation). In any event, the worthlessness of HMSF LP's HMSF partnership interest did not constitute a disposition of the partnership interest, or otherwise affect HMSF's direct or indirect liabilities, HMSF LP's status as a partner in HMSF, or the allocation of HMSF liabilities under I.R.C. § 752. *Cf. Abdalla v. Commissioner*, 647 F.2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes S corporation loss allocations). Accordingly, the worthlessness event did not result in any reduction in HMSF LP's share (if any) of HMSF liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[8] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

[9] *See United States v. Generes*, 405 U.S. 93 (1972); *Adelson v. United States,* 12 Cl. Ct. 231 (1987).

[10] I.R.C. § 706(a); Treas. Reg. § 1.706-1(a).

Form **8886**

(Rev. December 2007)

Department of the Treasury
Internal Revenue Service

# Reportable Transaction Disclosure Statement

▶ **Attach to your tax return.**
▶ **See separate instructions.**

OMB No. 1545-1800

Attachment
Sequence No. **137**

| Name(s) shown on return (individuals enter last name, first name, middle initial) | Identifying number |
|---|---|
| **Highland Capital Management, L.P.** | **75-2716725** |

Number, street, and room or suite no.

**13455 Noel Road**

City or town, state, and ZIP code

**Dallas, TX 75240**

| A | If you are filing more than one Form 8886 with your tax return, sequentially number each Form 8886 and enter the statement number for this Form 8886 . . . . ▶ Statement number **3** of **5** |
|---|---|

| B | Enter the form number of the tax return to which this form is attached or related . . . . . . . ▶ **1065** |
|---|---|

Enter the year of the tax return identified above . . . . . . . . . . . . ▶ **2008**

Is this Form 8886 being filed with an amended tax return? ☐ Yes ☑ No

| C | Check the box(es) that apply (see instructions). ☑ Initial year filer ☐ Protective disclosure |
|---|---|

**1a** Name of reportable transaction

**Loss from worthlessness of Highland Financial Partners, L.P.**

| **1b** Initial year participated in transaction | **1c** Reportable transaction or tax shelter registration number (9 digits or 11 digits) |
|---|---|
| **2008** | **MA0900079** |

**2** Identify the type of reportable transaction. Check all boxes that apply (see instructions).

- **a** ☐ Listed
- **b** ☐ Confidential
- **c** ☐ Contractual protection
- **d** ☑ Loss
- **e** ☐ Brief asset holding period
- **f** ☐ Transaction of interest

**3** If you checked box 2a or 2f, enter the published guidance number for the listed transaction or transaction of interest . . . . . . . . . . . . . . . . ▶

**4** Enter the number of "same as or substantially similar" transactions reported on this form . . . . . ▶ **0**

**5** If you participated in the transaction through another entity, check all applicable boxes and provide the information below for the entity (see instructions). (Attach additional sheets, if necessary.)

**a** Type of entity:
- ☑ Partnership
- ☐ S corporation
- ☐ Trust
- ☐ Foreign

- ☐ Partnership
- ☐ S corporation
- ☐ Trust
- ☐ Foreign

**b** Name . . . . . . . . ▶ **Highland Financial Partners, LP**

**c** Employer identification number (EIN), if known **83-0446391**

**d** Date Schedule K-1 received from entity (enter "none" if Schedule K-1 not received) . . . . . . . . . **September 15, 2009**

**6** Enter below the name and address of each individual or entity to whom you paid a fee with regard to the transaction if that individual or entity promoted, solicited, or recommended your participation in the transaction, or provided tax advice related to the transaction. (Attach additional sheets, if necessary.)

| **a** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Strasburger & Price LLP** | **75-0838805** | $ **$10,000 (est.)** |

Number, street, and room or suite no.

**901 Main Street, Suite 4400**

City or town, state, and ZIP code

**Dallas, Texas 75202**

| **b** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| **Deloitte Tax LLP** | **86-1065772** | $ **$10,000 (est.)** |

Number, street, and room or suite no.

**1111 Bagby Street, Suite 4500**

City or town, state, and ZIP code

**Houston, Texas 77702-4196**

For Paperwork Reduction Act Notice, see separate instructions.

Cat. No. 34654G

Form **8886** (Rev. 12-2007)

Form 8886 (Rev. 12-2007)                                                                                                                                Page **2**

**7**   **Facts**

**a**   Identify the type of tax benefit generated by the transaction. Check all the boxes that apply (see instructions).

☐ Deductions        ☐ Exclusions from gross income        ☐ Tax credits        ☐ Other _____
☐ Capital loss       ☐ Nonrecognition of gain             ☐ Deferral
☑ Ordinary loss      ☐ Adjustments to basis               ☐ Absence of adjustments to basis

**b**   Further describe the amount and nature of the expected tax treatment and expected tax benefits generated by the transaction for all affected years. Include facts of each step of the transaction that relate to the expected tax benefits including the amount and nature of your investment. Include in your description your participation in the transaction and all related transactions regardless of the year in which they were entered into. Also, include a description of any tax result protection with respect to the transaction.

**See attached.**

_____

_____

_____

_____

_____

_____

**8**   Identify all tax-exempt, foreign, and related entities and individuals involved in the transaction. Check the appropriate box(es) (see instructions). Include their name(s), identifying number(s), address(es), and a brief description of their involvement. For each foreign entity, identify its country of incorporation or existence. For each related entity, explain how it is related. (Attach additional sheets, if necessary.)

**a**   Type of entity:   ☐ Tax-exempt   ☐ Foreign   ☐ Related

Name                                                                                 | Identifying number

Address _____

Description _____

_____

_____

**b**   Type of entity:   ☐ Tax-exempt   ☐ Foreign   ☐ Related

Name                                                                                 | Identifying number

Address _____

Description _____

_____

_____

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

---

Attachment to Form 8886: Loss From Worthlessness of Highland Financial Partners

## Line 7b: Description of Expected Tax Benefits

The taxpayer, Highland Capital Management, L.P. ("HCM"), has reported on Form 1065, Line 6, a $276,533,895 ordinary loss under I.R.C. § 165 with respect to taxpayer's partnership interest in Highland Financial Partners, L.P. ("HFP"). This loss is a reportable transaction as defined in Treas. Reg. § 1.6011-4(b)(5) because the loss exceeds $2 million and the asset is an interest in a passthrough entity.[1]

## Highland Capital Management

HCM is an investment advisor registered with the SEC and specializes in alternative investment strategies. HCM serves as an investment advisor to several alternative investment funds ("funds") that it has organized and marketed to investors. HCM has a significant equity interest in each of the funds that it manages, which is required to attract additional capital investments from unrelated investors. The capital investments by unrelated investors provided the asset base on which HCM earned significant advisory fees.

## Highland Financial Partners

HCM formed HFP in January 2006 to hold equity interests in certain leveraged credit subsidiaries and other assets. HFP was initially capitalized by issuing limited partner interests to HCM and to certain institutional investors (who initially held their interests through a trust). As of December 31, 2006, HFP had approximately $11.7 billion in total assets and $490.4 million in net equity. HCM held approximately 12.2% of HFP's equity on a fully diluted basis.

In addition to the roughly $405 million of capital raised from investors pursuant to private placements in February and October 2006, HCM anticipated that HFP would raise significant capital from one or more public offerings of HFP common units, thereby increasing HFP's equity subject to base management fees and income potentially subject to incentive allocations. On April 27, 2007, HFP filed an amended preliminary registration statement on Form S-1 seeking to effect an initial public offering of $50,000,000 of limited partner units. Due to unfavorable market conditions that developed thereafter in connection with the deterioration of the credit markets, and for other reasons, HFP withdrew the registration statement on September 7, 2007.

Additional background information regarding HFP and HCM can be obtained at http://www.sec.gov/Archives/edgar/data/1354166/000095013407009372/d40436a1sv1za.htm, and is incorporated herein by reference.

---

[1] Rev. Proc. 2004-66, 2004-50 I.R.B. 966.

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss From Worthlessness of Highland Financial Partners

## Worthlessness Events

During the fourth quarter of 2008, due to the continuing deterioration in the credit markets, HFP became insolvent beyond any reasonable hope or expectation of recovery. HCM determined that its partnership interest in HFP was worthless as of no later than November 30, 2008. Likewise, the taxpayer determined that its direct equity interest in HFP was worthless as of November 30, 2008. The interests in HFP became worthless (such that no investor would be willing to pay any consideration for an HFP unit) no later than November 30, 2008, through a confluence of factors: (1) deterioration in the credit markets rendered HFP's expected cash flows to have no prospect to ever be sufficient to pay HFP's outstanding debts; (2) loan value erosion within the CLO (collateralized loan obligation) entities held by HFP resulted in violation of multiple HFP coverage tests causing permanent impairment of HFP's expected cash flows; (3) major lawsuits filed in the fourth quarter of 2008; (4) HFP's balance sheet reflected approximately $1 billion in negative equity.

## Tax Reporting

HCM has reported on its tax return for its taxable year ended December 31, 2008 an ordinary loss with respect to the worthlessness of its partnership interest in HFP.[2] The loss is equal to HCM's adjusted tax basis in the HFP equity interest as of the date of worthlessness,[3] including basis attributable to HCM's allocable share of HFP liabilities.[4] HCM wrote down its tax basis for its partnership interest in HFP to zero as of November 30, 2008.[5] In computing HCM's adjusted tax basis in its interest in HFP as of November 30, 2008, HCM has not taken into account its distributive share of HFP's tax items for the 2008 tax year through the worthlessness date because HCM did not sell, exchange, liquidate, or otherwise dispose of or terminate its interest in HFP as a result of the worthlessness of the interest.[6] HCM has, however, taken into account any changes in its allocable share of HFP liabilities during the 2008 year through the date of worthlessness.[7]

---

[2] I.R.C. § 165(a), (c)(1).

[3] Treas. Reg. § 1.165-1(c)(1).

[4] Treas. Reg. §§ 1.705-1(a); 1.752-1, 1.752-2, 1.752-3.

[5] I.R.C. § 1016(a)(1); Treas. Reg. § 1.705-1(a)(1).

[6] I.R.C. § 706(a), (c); Treas. Reg. § 1.706-1(a), (c)(2)(i). *Cf. Citron v. Commissioner*, 97 T.C. 200 (1991) (abandonment loss computed without taking into account distributive share of partnership tax items for the year of abandonment, but taking into account distributions during the year).

[7] *See* Treas. Reg. § 1.752-4(d) (partner's share of partnership liabilities determined "whenever the determination is necessary in order to determine the tax liability of the partner"). *Cf.* Rev. Rul. 94-4, 1994-1 C.B. 196 (deemed distributions under I.R.C. § 752(b) from reductions in liabilities are taken into account as of the last day of the partnership taxable year *to the extent of the partner's distributive share of income for the partnership taxable year*).

2

Highland Capital Management, L.P. (75-2716725)
Form 1065; December 31, 2008

Attachment to Form 8886: Loss From Worthlessness of Highland Financial Partners

The worthlessness of HCM's HFP partnership interest is not a disposition of the partnership interest for federal income tax purposes,[8] and HCM retains its allocable share of HFP liabilities until it ceases to be an HFP partner. HCM has taken into account as of December 31, 2008 any increase or decrease in its allocable share of HFP liabilities from November 30, 2008 through December 31, 2008.[9] HCM has not claimed any deduction for its distributive share of the HFP loss reported for HFP's taxable year ending December 31, 2008 to the extent the loss exceeds HCM's adjusted tax basis for its HFP equity interest as of December 31, 2008 (taking into account the write down of its tax basis to zero as of November 30, 2008 and any changes in HCM's allocable share of HFP liabilities from November 30, 2008 through December 31, 2008).[10]

Because the worthlessness of HCM's partnership interest in HFP did not give rise to any actual or constructive discharge of HFP liabilities under I.R.C. § 752,[11] HCM's loss from such worthlessness is an ordinary loss rather than a capital loss.[12] In addition, the loss is a business loss for purposes of I.R.C. §§ 62(a)(1) and 172 because HCM's interest in HFP was attributable to and derived from HCM's business as an investment advisor and was acquired with the dominant motive of generating a source of business income, and not with the dominant motive of making or preserving a non-business investment.[13]

The ordinary business loss reported on HCM's tax return for its tax year ended December 31, 2008 will flow through to HCM partners as of December 31, 2008.[8]

---

[8] *Cf. Abdalla v. Commissioner*, 647 F.2d 487 (5th Cir. 1981) (worthlessness of S corporation stock is not a "disposition" of the stock for purposes S corporation loss allocations).

[9] I.R.C. § 752.

[10] I.R.C. § 704(d).

[11] The worthlessness of HCM's interest in HFP had no effect on HFP's direct or indirect liabilities, on HCM's status as a partner in HFP, or on the allocation of HFP liabilities under I.R.C. § 752. Accordingly, the worthlessness event did not result in any reduction in HCM's share of HFP liabilities under Treas. Reg. § 1.752-2 or any deemed distribution under I.R.C. § 752(b).

[12] Rev. Rul. 93-80, 1993-2 C.B. 239; *Tejon Ranch Co. v. Commissioner*, 49 T.C.M. 1357 (1985); *Zeeman v. Commissioner*, 275 F. Supp. 235 (S.D.N.Y. 1967), *aff'd and remanded on other matters*, 395 F.2d 861 (2d Cir. 1968); *Kreidle v. Internal Revenue Service*, 146 B.R. 464 (D. Colo. 1991).

[13] *See United States v. Generes*, 405 U.S. 93 (1972); *Adelson v. United States,* 12 Cl. Ct. 231 (1987).

| Form **8886** | Reportable Transaction Disclosure Statement | OMB No. 1545-1800 |
|---|---|---|
| (Rev. December 2007) | ▶ Attach to your tax return. | |
| Department of the Treasury Internal Revenue Service | ▶ See separate instructions. | Attachment Sequence No. **137** |

| Name(s) shown on return (individuals enter last name, first name, middle initial) | Identifying number |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 75-2716725 |

Number, street, and room or suite no.

13455 NOEL ROAD, SUITE 800

City or town, state, and ZIP code

DALLAS, TX 75240

**A** If you are filing more than one Form 8886 with your tax return, sequentially number each Form 8886 and enter the statement number for this Form 8886 . . . . ▶ Statement number    4    of    5

**B** Enter the form number of the tax return to which this form is attached or related . . . . . . . . ▶ 1065

Enter the year of the tax return identified above . . . . . . . . . ▶ 2008

Is this Form 8886 being filed with an amended tax return? ☐ Yes ☒ No

**C** Check the box(es) that apply (see instructions). ☐ Initial year filer ☐ Protective disclosure

**1a** Name of reportable transaction

SECTION 165 LOSS FROM HIGHLAND FINANCIAL PARTNERS, L.P.

| **1b** Initial year participated in transaction | **1c** Reportable transaction or tax shelter registration number (9 digits or 11 digits) |
|---|---|
| 2007 | |

**2** Identify the type of reportable transaction. Check all boxes that apply (see instructions).

**a** ☐ Listed    **c** ☐ Contractual protection    **e** ☐ Brief asset holding period

**b** ☐ Confidential    **d** ☒ Loss    **f** ☐ Transaction of interest

**3** If you checked box 2a or 2f, enter the published guidance number for the listed transaction or transaction of interest . . . . . . . . . . . . . . . . . . . . . ▶ _____

**4** Enter the number of "same as or substantially similar" transactions reported on this form . . . . . ▶ 5

**5** If you participated in the transaction through another entity, check all applicable boxes and provide the information below for the entity (see instructions). (Attach additional sheets, if necessary.)

**a** Type of entity: ☒ Partnership      ☐ Partnership
               ☐ S corporation      ☐ S corporation
               ☐ Trust      ☐ Trust
               ☐ Foreign      ☐ Foreign

**b** Name . . . . . . . . . ▶ HIGHLAND FINANCIAL PARTNERS, L.P.    SEE ATTACHED STATEMENT

**c** Employer identification number (EIN), if known ▶ 83-0446391

**d** Date Schedule K-1 received from entity (enter "none" if Schedule K-1 not received) ▶ 8/27/2009

**6** Enter below the name and address of each individual or entity to whom you paid a fee with regard to the transaction if that individual or entity promoted, solicited, or recommended your participation in the transaction, or provided tax advice related to the transaction. (Attach additional sheets, if necessary.)

| **a** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| | | $ |
| Number, street, and room or suite no. | | |
| City or town, state, and ZIP code | | |

| **b** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| | | $ |
| Number, street, and room or suite no. | | |
| City or town, state, and ZIP code | | |

For Paperwork Reduction Act Notice, see separate instructions.           Form **8886** (Rev. 12-2007)

ISA

STF LZHQ1001.1

Form 8886 (Rev. 12-2007)                                                                                                    Page **2**

**7    Facts**

   **a**    Identify the type of tax benefit generated by the transaction. Check all the boxes that apply (see instructions).

| | | | |
|---|---|---|---|
| ☐ Deductions | ☐ Exclusions from gross income | ☐ Tax credits | ☐ Other _____ |
| ☒ Capital loss | ☐ Nonrecognition of gain | ☐ Deferral | |
| ☐ Ordinary loss | ☐ Adjustments to basis | ☐ Absence of adjustments to basis | |

   **b**    Further describe the amount and nature of the expected tax treatment and expected tax benefits generated by the transaction for all affected years. Include facts of each step of the transaction that relate to the expected tax benefits including the amount and nature of your investment. Include in your description your participation in the transaction and all related transactions regardless of the year in which they were entered into. Also, include a description of any tax result protection with respect to the transaction.

SEE ATTACHED STATEMENT
_____
_____
_____
_____
_____
_____

**8**    Identify all tax-exempt, foreign, and related entities and individuals involved in the transaction. Check the appropriate box(es) (see instructions). Include their name(s), identifying number(s), address(es), and a brief description of their involvement. For each foreign entity, identify its country of incorporation or existence. For each related entity, explain how it is related. (Attach additional sheets, if necessary.)

   **a**    Type of entity:  ☐ Tax-exempt  ☐ Foreign  ☐ Related

                                                                       Identifying number

Name _____

Address _____

Description _____
_____
_____
_____

   **b**    Type of entity:  ☐ Tax-exempt  ☐ Foreign  ☐ Related

                                                                       Identifying number

Name _____

Address _____

Description _____
_____
_____
_____

STF LZHQ1001.2

Highland Capital Management, L.P.  75-2716725
Form 1065; December 31, 2008

Attachment to Form 8886: Section 165 Loss From Highland Financial Partners, L.P.

**Line 5:  Participating Entities**
Name:  Highlander Euro CDO III B.V.
EIN:  FOREIGN US
Date Schedule K-1 Received:  N/A

Name:  Stratford CLO, Ltd.
EIN:  FOREIGN US
Date Schedule K-1 Received:  N/A

Name:  Rockwall CDO II, Ltd.
EIN:  FOREIGN US
Date Schedule K-1 Received:  N/A

Name:  Westchester CLO, Ltd.
EIN:  FOREIGN US
Date Schedule K-1 Received:  N/A

Name:  Eastland CLO, Ltd.
EIN:  98-0550088
Date Schedule K-1 Received:  04/01/2009


**Line 7b: Description of Expected Tax Benefits**


Highland Capital Management, L.P., (the "Taxpayer") was allocated a loss from Highland Financial Partners, L.P. ("HFP") based on the amounts below with respect to taxpayer's interest in HFP.  The loss is not claimed on the taxpayer's return because the taxpayer's tax basis for its HFP partnership interest as of the end of HFP's 2008 tax year was zero.  Nevertheless, because the losses exceeded $2 million and the underlying asset is an interest in a passthrough entity, the loss is a reportable loss.  The following information was provided by HFP with respect to the loss.  The discussion below uses the term "taxpayer" to refer to HFP.

Highland Capital Management, L.P. owns a direct interest in Highland Financial Partners, L.P. ("HFP").  HFP owns a majority interest in Highland Euro CDO III B.V., Stratford CLO, Ltd., Rockwall CDO II, Ltd. and Westchester CLO, Ltd., all Controlled Foreign Corporations (CFC's).  The first year of operation for these entities ended in 2007.  Pursuant to Section 1.964-1-T of the Treasury Regulations, HFP, on behalf of the CFC's, as majority shareholder, adopted the mark to market method of accounting in computing the income of these CFC's.  HFP will file Form 5471, Information Return of U.S. Persons with respect to certain foreign corporations, reporting information that in part reflects the mark to market method of accounting adopted by the CFC's.  Due to

1

Highland Capital Management, L.P. 75-2716725
Form 1065; December 31, 2008

Attachment to Form 8886: Section 165 Loss From Highland Financial Partners, L.P.

the mark to market method of accounting the CFC's will have a Section 165 loss transaction. HFP's share of those losses is as follows:

| | |
|---|---|
| Highland Euro CDO III B.V. | $171,902,921 |
| Stratford CLO, Ltd. | $157,744,501 |
| Rockwall CDO II, Ltd. | $209,539,575 |
| Westchester CLO, Ltd. | $154,370,763 |

HFP has treated the loss from the adoption of the mark to market method of accounting as a single loss transaction pursuant to Treasury Regulation 1.6011-4(D) even though there are many separate assets to which the method is applied. If each asset that was marked to market was treated as a separate transaction, the Section 165 loss might be larger.

In addition, HFP owns a majority interest in Eastland CLO, Ltd. ("Eastland"), a foreign partnership. The first year of operation for Eastland ended in 2007. Pursuant to Sections 703(b) and 446 of the Internal Revenue Code, Eastland adopted the mark to market method of accounting in computing its income. HFP will file form 8865, Information Return of U.S. Persons with Respect to Certain Foreign Partnerships, reporting information that in part reflects the mark to market method of accounting adopted by Eastland. Due to the mark to market method of accounting Eastland will have a Section 165 loss transaction in the amount of $214,717,431 that will result in a reduction of Subpart F to HFP. HFP has treated the loss from the adoption of the mark to market method of accounting as a single loss transaction pursuant to Treasury Regulation 1.6011-4(D) even though there are many separate assets to which the method is applied. If each asset that was marked to market was treated as a separate transaction, the Section 165 loss might be larger.

2

Form **8886**

(Rev. December 2007)

Department of the Treasury
Internal Revenue Service

## Reportable Transaction Disclosure Statement

▶ Attach to your tax return.
▶ See separate instructions.

OMB No. 1545-1800

Attachment
Sequence No. **137**

| Name(s) shown on return (individuals enter last name, first name, middle initial) | Identifying number |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | 75-2716725 |

Number, street, and room or suite no.

13455 NOEL ROAD, SUITE 800

City or town, state, and ZIP code

DALLAS, TX 75240

**A** If you are filing more than one Form 8886 with your tax return, sequentially number each Form 8886 and enter the statement number for this Form 8886 . . . . ▶ Statement number ___5___ of ___5___

**B** Enter the form number of the tax return to which this form is attached or related . . . . . . . ▶ 1065

Enter the year of the tax return identified above . . . . . . . . . . . ▶ 2008

Is this Form 8886 being filed with an amended tax return? ☐ Yes ☒ No

**C** Check the box(es) that apply (see instructions). ☐ Initial year filer ☐ Protective disclosure

**1a** Name of reportable transaction

SECTION 165 LOSS FROM HIGHLAND CREDIT OPPORTUNITIES CDO, L.P.

| **1b** Initial year participated in transaction | **1c** Reportable transaction or tax shelter registration number (9 digits or 11 digits) |
|---|---|
| 2006 | |

**2** Identify the type of reportable transaction. Check all boxes that apply (see instructions).

**a** ☐ Listed   **c** ☐ Contractual protection   **e** ☐ Brief asset holding period

**b** ☐ Confidential   **d** ☒ Loss   **f** ☐ Transaction of interest

**3** If you checked box 2a or 2f, enter the published guidance number for the listed transaction or transaction of interest . . . . . . . . . . . . . . . . . ▶

**4** Enter the number of "same as or substantially similar" transactions reported on this form . . . . ▶

**5** If you participated in the transaction through another entity, check all applicable boxes and provide the information below for the entity (see instructions). (Attach additional sheets, if necessary.)

**a** Type of entity:
☒ Partnership   ☐ Partnership
☐ S corporation   ☐ S corporation
☐ Trust   ☐ Trust
☐ Foreign   ☐ Foreign

**b** Name . . . . . . . . ▶ HIGHLAND CREDIT OPPORTUNITES CDO, LP

**c** Employer identification number (EIN), if known ▶ 20-3874256

**d** Date Schedule K-1 received from entity (enter "none" if Schedule K-1 not received) 8/25/2009

**6** Enter below the name and address of each individual or entity to whom you paid a fee with regard to the transaction if that individual or entity promoted, solicited, or recommended your participation in the transaction, or provided tax advice related to the transaction. (Attach additional sheets, if necessary.)

| **a** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| | | $ |

Number, street, and room or suite no.

City or town, state, and ZIP code

| **b** Name | Identifying number (if known) | Fees paid |
|---|---|---|
| | | $ |

Number, street, and room or suite no.

City or town, state, and ZIP code

For Paperwork Reduction Act Notice, see separate instructions.

ISA
STF LZHQ1001.1

Form **8886** (Rev. 12-2007)

Form 8886 (Rev. 12-2007)                                                                                                                                    Page **2**

**7    Facts**

a    Identify the type of tax benefit generated by the transaction. Check all the boxes that apply (see instructions).

☐ Deductions        ☐ Exclusions from gross income        ☐ Tax credits        ☐ Other _____
☒ Capital loss       ☐ Nonrecognition of gain                ☐ Deferral
☐ Ordinary loss      ☐ Adjustments to basis                   ☐ Absence of adjustments to basis

b    Further describe the amount and nature of the expected tax treatment and expected tax benefits generated by the transaction for all affected years. Include facts of each step of the transaction that relate to the expected tax benefits including the amount and nature of your investment. Include in your description your participation in the transaction and all related transactions regardless of the year in which they were entered into. Also, include a description of any tax result protection with respect to the transaction.

SEE ATTACHED STATEMENT

_____

_____

_____

_____

_____

8    Identify all tax-exempt, foreign, and related entities and individuals involved in the transaction. Check the appropriate box(es) (see instructions). Include their name(s), identifying number(s), address(es), and a brief description of their involvement. For each foreign entity, identify its country of incorporation or existence. For each related entity, explain how it is related. (Attach additional sheets, if necessary.)

a    Type of entity:     ☐ Tax-exempt       ☐ Foreign       ☐ Related

|                                                                     | Identifying number |
| ------------------------------------------------------------------- | ------------------ |
Name

Address

Description

b    Type of entity:     ☐ Tax-exempt       ☐ Foreign       ☐ Related

|                                                                     | Identifying number |
| ------------------------------------------------------------------- | ------------------ |
Name

Address

Description

Form **8886** (Rev. 12-2007)

Highland Capital Management, L.P. 75-2716725
Form 1065; December 31, 2008

Attachment to Form 8886: Section 165 Loss From Highland Credit Opportunities CDO, L.P.

**Line 7b: Description of Expected Tax Benefits**

Highland Capital Management, L.P. owns a direct interest in Highland Credit Opportunities CDO, L.P. ("CDO"). CDO owns a majority interest in Highland Credit Opportunities CDO, Ltd., a Controlled Foreign Corporation (CFC). The first year of operation for this entity ended in 2006. Pursuant to Section 1.964-1T of the Treasury Regulations, CDO, on behalf of CFC as majority shareholder, adopted the mark to market method of accounting in computing the income of this CFC. CDO will file Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, reporting information that in part reflects the mark to market method of accounting adopted by the CFC. Under the mark to market method accounting, Highland Credit Opportunities CDO, Ltd. will realize a total deficit in earnings of $547,393,844. The total amount of Section 165 loss transaction is $614,425,907. Highland Capital Management, L.P.'s share of the Section 165 loss transaction is $2,221,150.