Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
Sidley Austin LLP
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

**IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |

Objection Deadline: July 27, 2021 @ 5:00 p.m. (CT)
Hearing Date: Scheduled only if necessary

**SUMMARY COVER SHEET FOR THE NINETEENTH MONTHLY APPLICATION
OF SIDLEY AUSTIN LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
MAY 1, 2021 TO AND INCLUDING MAY 31, 2021**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

269400660v.3

| Name of Applicant: | Sidley Austin LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Highland Capital Management, LP |
| Date of Retention: | October 29, 2019 by Order entered January 9, 2020 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2021 – May 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $432,748.80 (80% of $540,936.00) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $4,983.88 |

This is a:   ☒ monthly    ☐ interim    ☐ final application.

This is Sidley's nineteenth monthly fee application.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed; Docket No. | Period Covered | Requested | | Approved | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 1/10/20; #343 | 10/29/19-11/30/19 | $993,818.70 | $10,247.88 | $993,818.70 | $10,247.88 | $0.00 | $0.00 |
| 1/31/20; #420 | 12/1/19-12/31/19 | $878,331.60 | $30,406.08 | $878,331.60 | $30,406.08 | $0.00 | $0.00 |
| 3/4/20; #501 | 1/1/20-1/31/20 | $711,364.50 | $12,673.30 | $711,364.50 | $12,673.30 | $0.00 | $0.00 |
| 3/20/20; #542 | 2/1/20-2/29/20 | $571,444.65 | $2,927.21 | $571,444.65 | $2,927.21 | $0.00 | $0.00 |
| 4/20/20; #594 | 3/1/20-3/31/20 | $596,045.25 | $14,406.39 | $596,045.25 | $14,406.39 | $0.00 | $0.00 |
| 5/19/20; #639 | 4/1/20-4/30/20 | $548,274.15 | $5,765.07 | $548,274.15 | $5,765.07 | $0.00 | $0.00 |
| 6/22/20; #767 | 5/1/20 – 5/31/20 | $429,530.85 | $2,758.75 | $429,530.85 | $2,758.75 | $0.00 | $0.00 |

ii

269400660v.3

|  |  | Requested | | Approved | | Outstanding | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Date Filed; Docket No. | Period Covered | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 7/20/20; #877 | 6/1/20 – 6/30/20 | $617,236.20 | $5,759.29 | $617,236.20 | $5,759.29 | $0.00 | $0.00 |
| 8/19/20; #969 | 7/1/20 – 7/31/20 | $663,867.90 | $10,470.96 | $663,867.90 | $10,470.96 | $0.00 | $0.00 |
| 9/19/20; #1074 | 8/1/20 – 8/31/20 | $584,416.35 | $2,448.22 | $584,416.35 | $2,448.22 | $0.00 | $0.00 |
| 10/23/20; #1283 | 9/1/20 – 9/30/20 | $446,112.45 | $2,204.73 | $446,112.45 | $2,204.73 | $0.00 | $0.00 |
| 11/30/20; #1490 | 10/1/20 – 10/31/20 | $672,302.25 | $3,125.47 | $672,302.25 | $3,125.47 | $0.00 | $0.00 |
| 12/24/20; #1632 | 11/1/20- 11/30/20 | $502,074.90 | $3,643.80 | $502,074.90 | $3,643.80 | $0.00 | $0.00 |
| 1/26/21; #1842 | 12/1/20- 12/31/20 | $520,448.85 | $5,403.36 | $520,448.85 | $5,403.36 | $0.00 | $0.00 |
| 3/2/21; #1963 | 1/1/21- 1/31/21 | $819,656.10 | $6,612.00 | $819,656.10 | $6,612.00 | $0.00 | $0.00 |
| 4/5/21; #2160 | 2/1/21- 2/28/21 | $616,905.00 | $11,141.12 | $616,905.00 | $11,141.12 | $0.00 | $0.00 |
| 5/18/21; #2328 | 3/1/21- 3/31/21 | $464,802.75 | $6,279.02 | $371,842.20 | $6,279.02 | $464,802.75 | $6,279.02 |
| 6/1/21; #2396 | 4/1/21- 4/30/21 | $521,784.00 | $21,694.88 | 417,427.20 | $21,694.88 | $521,784.00 | $21,694.88 |

## SUMMARY OF TOTAL FEES AND HOURS
## BY ATTORNEYS AND PARAPROFESSIONALS

| Name | Position<br>Area of Expertise | Year of Admission / Years of Experience | Hourly Billing Rate | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|---|
| Matthew A. Clemente | Partner<br>Restructuring | 1998 | $1,350 | 110.10 | $148,635.00 |
| Michael P. Goldman | Partner<br>Insurance | 1985 | $1,600 | 20.50 | $32,800.00 |
| Paige H. Montgomery | Partner<br>Litigation | 2002 | $1,125 | 61.40 | $69,075.00 |
| Penny R. Reid | Partner<br>Litigation | 1989 | $1,400 | 20.00 | $28,000.00 |
| Dennis M. Twomey | Partner<br>Restructuring | 2000 | $1,350 | 2.00 | $2,700.00 |
| Mustafa Abdul-Jabbar | Associate<br>Litigation | 2016 | $930 | 66.70 | $62,031.00 |
| Elliot A. Bromagen | Associate<br>Restructuring | 2017 | $885 | 34.60 | $30,621.00 |
| Ryan Fink | Associate<br>Restructuring | 2021 | $590 | 5.40 | $3,294.00 |
| Patrick G. Foley | Associate<br>Litigation | 2013 | $1,025 | 6.10 | $6,252.50 |
| Juliana Hoffman | Associate<br>Restructuring | 2017 | $815 | 39.60 | $32,274.00 |
| Seulbee Lee | Associate<br>Insurance | 2015 | $970 | 18.60 | $18,042.00 |
| Taylor Nifong | Associate<br>Litigation | 2020 | $610 | 70.70 | $43,127.00 |
| Chandler M. Rognes | Associate<br>Litigation | 2019 | $715 | 97.10 | $69,426.50 |
| Alyssa Russell | Associate<br>Restructuring | 2015 | $970 | 34.10 | $33,077.00 |
| Nancy P. Cade | Paralegal<br>Restructuring | 30 years | $450 | 3.10 | $1,395.00 |
| Crystal Clark | Paralegal<br>Litigation | 10 years | $415 | .60 | $249.00 |
| David J. Lutes | Paralegal<br>Restructuring | 35 years | $490 | 40.90 | $20,041.00 |
| | | | Total | 631.50 | $601,040.00 |
| | | | 10% Discount | | $60,104.00 |
| | | | Grand Total | | $540,936.00 |
| | | | Blended Rate | | $856.59 |

---

[2] Sidley charged the Debtor for only 50% of non-working travel time. Such reductions are reflected in the figures in this column.

iv

## STATEMENT OF FEES AND EXPENSES BY PROJECT CATEGORY

| Task Description | Total Hours | Total Fees |
|---|---|---|
| 001 – Asset Analysis and Recovery | .50 | $407.50 |
| 005 – Committee Meetings | 10.40 | $9,564.50 |
| 006 – Business Operations | .10 | $135.00 |
| 007 – Case Administration | 31.60 | $33,944.00 |
| 008 – Claims Administration and Objections | 1.30 | $1,201.50 |
| 009 – Corporate Governance and Board Matters | 1.00 | $885.00 |
| 011 – Retention | 12.20 | $12,590.00 |
| 012 – Fee Applications | 46.60 | $26,404.50 |
| 014 – Litigation | 456.90 | $425,763.00 |
| 015 – Plan and Disclosure Statement | 67.40 | $85,420.00 |
| 016 – Non-Working Travel[3] | 0.00 | $0.00 |
| 024 – Creditor Communications | 3.50 | $4,725.00 |
| **TOTAL** | **631.50** | **$601,040.00** |

## EXPENSE SUMMARY

| Category | Amount |
|---|---|
| Copying | $60.03 |
| Court Fees | $25.63 |
| Delivery Services/Messenger | $100.66 |
| Litigation Support Vendors | $2,593.00 |
| On-line Research Services (Westlaw, Lexis, Pacer and related services) | $2,021.87 |
| Outside Printing | $103.10 |
| Telephone | $3.99 |
| Trial and Deposition Transcripts | $75.60 |
| **TOTAL:** | **$4,983.88** |

---

[3] As noted above, Sidley charged the Debtor for only 50% of non-working travel time.

v

**IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |

**NINETEENTH MONTHLY APPLICATION OF SIDLEY AUSTIN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2021 THROUGH MAY 31, 2021**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and the Delaware Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* entered on November 14, 2019 [Docket No. 136] (the "Interim Compensation Procedures Order"), Sidley Austin LLP ("Sidley"), attorneys for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this nineteenth monthly application (this "Application") for (a) interim allowance and payment of compensation for professional services to the Committee during the period from May 1, 2021 to and including May 31, 2021 (the "Fee Period") in the amount of $432,748.80, representing 80% of the $540,936.00 of fees incurred by Sidley for professional services to the Committee during the Fee Period and (b) reimbursement of 100% of the actual and necessary expenses incurred by Sidley during the

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

269400660v.3

Fee Period in connection with such services in the amount of $4,983.88.  In support of this Application, Sidley respectfully represents as follows:

## BACKGROUND

1. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court").  The Debtor has continued in possession of its properties and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 29, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") filed its Notice of Appointment of Committee of Unsecured Creditors [Docket No. 65].

3. On November 14, 2019, the Delaware Court signed the Interim Compensation Procedures Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to procedures specified therein.  The Interim Compensation Procedures Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending December 31, 2019 and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

2

269400660v.3

4. On December 4, 2019, the Delaware Court entered an order transferring venue of this case from the District of Delaware to the Northern District of Texas [Docket No. 1084].

5. The Committee retained Sidley as its bankruptcy counsel, *nunc pro tunc,* to October 29, 2019, pursuant to the *Order Authorizing the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors*, Nunc Pro Tunc *to October 29, 2019* [Docket No. 334] (the "Retention Order"). The Retention Order authorizes the Committee to compensate and reimburse Sidley in accordance with the terms and conditions set forth in the Committee's application to retain Sidley, subject to Sidley's application to the Court.

## SUMMARY OF SERVICES RENDERED

6. Attached hereto as **Exhibit A** is a detailed statement of Sidley's hours expended and fees incurred during the Fee Period. Sidley attorneys and paraprofessionals expended a total of 631.50 hours in connection with the Chapter 11 Case during the Fee Period. All services for which Sidley is requesting compensation were performed for or on behalf of the Committee. The services rendered by Sidley during the Fee Period are grouped into the categories set forth in **Exhibit A** and in the summary cover sheets prefixed to this Application. The attorneys and paraprofessionals who provided services to the Committee during the Fee Period are also identified in **Exhibit A** and in the summary cover sheets.

## ACTUAL AND NECESSARY EXPENSES

7. Attached hereto as **Exhibit B** is a detailed statement of Sidley's out-of-pocket expenses incurred during the Fee Period, totaling $4,983.88. These expenses include, but are not limited to, reprographics services, court fees, and out-of-town travel expenses.

269400660v.3

## VALUATION OF SERVICES

8. As noted above, the amount of time spent by each Sidley attorney and paraprofessional providing services to the Committee during the Fee Period is set forth in the summary attached hereto as **Exhibit A**. The rates reflected on **Exhibit A** are Sidley's customary hourly rates for work of this character. The reasonable value of the services rendered by Sidley for the Fee Period as attorneys to the Committee in this Chapter 11 Case is $601,040.00. Sidley has agreed to apply a 10% discount to its hourly fees in this Chapter 11 Case. Such discount has been applied to the fees Sidley incurred during the Fee Period, thereby reducing the total fees sought by Sidley pursuant to this Application to $540,936.00.

9. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the fees requested are fair and reasonable given (a) the complexity of this Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

10. Although every effort has been made to include all fees and expenses incurred during the Fee Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Fee Period. Sidley reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Procedures Order.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Sidley requests (a) interim allowance and payment of compensation for professional services to the Committee during the Fee Period in the amount of $432,748.80, representing 80% of the $540,936.00 of fees incurred by Sidley for professional services to the Committee during the Fee Period, and (b) reimbursement of 100% of the actual and necessary expenses incurred by Sidley during the Fee Period in connection with such services in the amount of $4,983.88, for a total interim award of $437,732.68.

Dated: July 6, 2021

Respectfully submitted,

SIDLEY AUSTIN LLP

/s/ Matthew A. Clemente
Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel For the Official Committee of Unsecured Creditors*

# CERTIFICATION OF MATTHEW A. CLEMENTE

Matthew A. Clemente, after being duly sworn according to law, deposes and says:

1. I am a partner of the applicant firm, Sidley Austin LLP ("Sidley"). I make this certification in accordance with *Appendix F of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* ("Appendix F") regarding the contents of applications for compensation and expenses.

2. I have read the *Nineteenth Monthly Application of Sidley Austin LLP for Compensation and for Reimbursement of Expenses for the Period from May 1, 2021 through May 31, 2021* (the "Application").

3. Pursuant to section I.G of Appendix F, I hereby certify to the best of my knowledge, information and belief, formed after reasonable inquiry, that (a) the compensation and expense reimbursement sought by Sidley is in conformity with Appendix F, except as specifically noted in the Application, and (b) the compensation and expense reimbursement requested by Sidley are billed at rates in accordance with practices no less favorable than those customarily employed by the applicant and generally accepted by the applicant's clients.

4. I have reviewed the requirements of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Large Chapter 11 Cases, effective November 1, 2013 (the "Guidelines") and I believe that the Application complies with the Guidelines.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of July, 2021 at Chicago, Illinois.

                                               */s/ Matthew A. Clemente*
                                               Matthew A. Clemente

**CERTIFICATE OF SERVICE**

I, Juliana L. Hoffman, hereby certify that on the 6th day of July 2021, a true and correct copy of the foregoing *Nineteenth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period From May 1, 2021 to and Including May 31, 2021*, was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case.

*/s/ Juliana L. Hoffman*
Juliana L. Hoffman
SIDLEY AUSTIN LLP

*Counsel for the Official Committee
of Unsecured Creditors*

269400660v.3