PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

**MOTION OF THE REORGANIZED DEBTOR FOR AN ORDER AUTHORIZING
ENTRY INTO AN AMENDED AND RESTATED EMPLOYEE STIPULATION**

Highland Capital Management, L.P., the above-captioned reorganized debtor ("HCMLP")

in the above-captioned chapter 11 case ("Bankruptcy Case"), files this motion (the "Motion") for

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

entry of an order, substantially in the form attached as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing HCMLP to enter into that certain *Amended and Restated Senior Employee Stipulation and Tolling Agreement Extending Statutes of Limitation* (the "Restated Stipulation") with Thomas Surgent ("Mr. Surgent"), a copy of which is attached as **Exhibit B**. In support of this Motion, HCMLP represents as follows:

## PRELIMINARY STATEMENT[2]

1. Mr. Surgent is a long-time employee of HCMLP, serving as Chief Compliance Officer prior to Confirmation and as General Counsel since that time.

2. Following the Petition Date, HCMLP sought the Court's approval to pay certain employees accrued benefits under HCMLP's Bonus Plans. The Committee objected to the Bonus Motion as applied to the Senior Employees, including Mr. Surgent, and in the face of the Committee's objection, HCMLP and the Committee agreed to the entry of an order granting the Bonus Motion that excluded the Senior Employees.

3. Unbeknownst to HCLMP's Independent Board[3] and outside counsel, James Dondero responded to the resolution of the Bonus Motion by covertly using a structure to funnel to the Senior Employees the cash that was denied them under the Bonus Order. Specifically, HCMLP recently learned that Mr. Dondero and Scott Ellington, HCMLP's former General Counsel, created and otherwise used certain entities owned and controlled by them to enter into "consulting agreements" with, and pay millions of dollars in cash to, the Senior Employees (including Mr. Surgent) or entities directly or indirectly owned and controlled by such employees during HCMLP's bankruptcy case.

---

[2] Unless noted otherwise, capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

[3] "Independent Board" refers to the Independent Board that was appointed at Strand Advisors, Inc., on January 9, 2020, to manage HCMLP during the pendency of its bankruptcy [Docket No. 339].

4. Upon information and belief, the "consulting agreements" were fictions because (a) no services were performed by the "consultants" in their capacities as such, and (b) the contracting parties either did not engage in business or otherwise had no need for such services. Even if the arrangements had economic substance (which they did not), each of the Senior Employees who entered into a "consulting agreement" and received payments after the Petition Date from a source other than HCMLP breached their fiduciary duties of loyalty and candor (by not divulging that they worked for other entities controlled by Mr. Dondero), as well as HCMLP's employment policies.

5. Despite having been compensated by Mr. Dondero for the bonus amounts denied them in the Bonus Order, the Senior Employees, including Mr. Surgent, filed proofs of claim seeking, among other things, benefits under the Bonus Plans. In January 2021, just before HCMLP's confirmation hearing, with no knowledge of the "consulting agreements" or any other surreptitious arrangements, HCMLP entered into stipulations with two Senior Employees – Mr. Surgent and Frank Waterhouse, HCMLP's then Chief Financial Officer – that ostensibly resolved their claims and that were approved as part of the confirmation of HCMLP's Plan.

6. In July 2021, James P. Seery, Jr., then HCMLP's Chief Executive Officer and Chief Restructuring Officer, learned that Mr. Surgent had entered into the Consulting Agreements and received the Payments. Following an investigation by HCMLP's outside counsel, and with the support of the Independent Board, Mr. Seery demanded that Mr. Surgent agree to amend his Original Stipulation to, among other things, reduce his claimed amount by the amount of the Payments and make certain other representations and warranties. In response to these developments, Mr. Surgent accepted responsibility for not disclosing the facts and circumstances

concerning the Payments, voluntarily provided additional information regarding the Payments, and accepted Mr. Seery's demands.

7. HCMLP believes that entry into the Restated Stipulation is in its best interests. Mr. Surgent (i) admitted to the facts uncovered, (ii) assisted in HCMLP's discovery and understanding of additional facts, (iii) accepted responsibility, and (iv) agreed to Mr. Seery's conditions for resolving the dispute over the Payments and continuing to serve in his Current Positions. Moreover, Mr. Surgent is a significant member of the management team and plays a critical role in the execution of HCMLP's Plan.

8. Based on the foregoing, HCMLP requests that the Court enter an order approving the Restated Stipulation.

## JURISDICTION

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory predicate for the relief sought herein is section 105(a) of the Bankruptcy Code.

## RELEVANT BACKGROUND

**A.      Procedural Background**

11. On October 16, 2019 (the "Petition Date"), HCMLP filed with the United States Bankruptcy Court for the District of Delaware a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which case was subsequently transferred to the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") and captioned *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (the "Chapter 11 Case").

4

12. On October 29, 2019, the U.S. Trustee appointed the official committee of unsecured creditors (the "Committee") in the Chapter 11 Case.

13. On December 4, 2019, the Delaware Court entered an order transferring venue of HCMLP's bankruptcy case to this Court [Docket No. 186].[4]

14. On December 4, 2019, HCMLP filed its *Motion for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations under Employee Bonus Plans and Granting Related Relief* [Docket No. 177] (the "Bonus Motion"). Pursuant to the Bonus Motion, HCMLP sought authority to honor obligations under certain Bonus Plans (as defined in the Bonus Motion) and to continue a dividend reinvestment plan for certain employees.

15. At a hearing conducted on January 21, 2020, the Committee indicated that it did not oppose the Bonus Motion *except* as it related to certain senior employees, including Mr. Ellington, Isaac Leventon, Mr. Waterhouse, and Mr. Surgent (collectively, the "Senior Employees"). The Committee argued that the Senior Employees were the subject of the Committee's investigation of potential "estate claims" and that they should not receive their Bonus Plan awards under the circumstances.

16. In the face of the Committee's strenuous objection to the Bonus Motion as applied to the Senior Employees, and in order to protect HCMLP's other employees, HCMLP agreed to limit the order approving the Bonus Motion to certain non-Senior Employees. *See Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations under Employee Bonus Plans and Granting Related Relief* [Docket No. 380] (the "Bonus Order"). Consequently, none of the Senior Employees received any payments under the Bonus Plans on account of the Bonus Order.

---

[4] All docket numbers refer to the docket maintained by this Court.

17. On May 26, 2020, Mr. Surgent filed a proof of claim [Claim No. 183] (the "Proof of Claim") for an amount "not less than $3,958,628.14" that included a demand for amounts purportedly due under the Bonus Plans.

18. On November 24, 2020, HCMLP filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1472] (as amended and supplemented, the "Plan").

19. Mr. Surgent and HCMLP executed that certain *Senior Employee Stipulation and Tolling Agreement Extending Statute of Limitations* as of January 20, 2021 (the "Original Stipulation").

20. The Original Stipulation was entered into to, among other things, resolve Mr. Surgent's claims under the Bonus Plans and grant Mr. Surgent an allowed Class 7 claim in the amount of $1,191,748.00 (the "Original Stipulated Amount"). Notably, the Original Stipulation left unresolved Mr. Surgent's claims that were unrelated to the Bonus Plans. *See* Original Stipulation §5(a) (nothing in the Original Stipulation "will prejudice or otherwise impact any Other Employee Claim, or prevent [Mr. Surgent] from prosecuting, pursuing, or enforcing any Other Employee Claim.")[5]

21. The Original Stipulation was attached as Exhibit BB to the *Debtor's Notice of Filing of Plan Supplement to Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)* [Docket No. 1811].

---

[5] Under the Original Stipulation, "Other Employee Claims" include "all prepetition and postpetition Claims of [Mr. Surgent], including paid time off claims, claims (if applicable) for severance amounts under applicable employment agreements, and administrative claims (if applicable), but shall not include the Bonus Amounts" (as that term is defined in the Original Stipulation). *See* Original Stipulation at 2, n.2.

22. On February 22, 2021 (the "Confirmation Date"), the Bankruptcy Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943], which confirmed the Plan.[6]

23. The Plan provides for the release of certain of the Causes of Action (the "Released Causes of Action") against Mr. Surgent as set forth therein (the "Employee Release").

24. The Plan became effective on August 11, 2021 [Docket No. 2700] (the "Effective Date"). The Committee was disbanded pursuant to the terms of the Plan on the Effective Date.

25. As described in more detail below, in July 2021, HCMLP learned that Mr. Surgent received certain payments after the Petition Date from entities believed to be owned and/or controlled by Mr. Dondero and Mr. Ellington.

**B.     HCMLP Learns that Mr. Surgent Received Undisclosed Payments and Mr. Surgent Agrees to Reduce His Claim by an Amount Equal to Such Payments**

26. Prior to the Petition Date and continuing thereafter through the Confirmation Date, Mr. Surgent was employed by HCMLP as its Chief Compliance Officer and Deputy General Counsel, and in such role he provided services to HCMLP.

27. Since on or around the Confirmation Date and continuing to the present, Mr. Surgent has been employed by HCMLP as General Counsel and Chief Compliance Officer (together, the "Current Positions"), and in such roles he has provided services to HCMLP. Mr. Surgent is expected to continue to serve in his Current Positions, subject to the terms of the Restated Stipulation and otherwise at the sole discretion of the HCMLP Parties (as defined in the Restated Stipulation).

---

[6] Unless noted otherwise, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. The confirmed Plan included certain amendments filed on February 1, 2021. *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Ex. B [Docket No. 1875].

7

28. Notwithstanding his continuing status as an employee of HCMLP since the Petition Date, HCMLP recently learned that Mr. Surgent (and other Senior Employees) received substantial, post-petition payments from entities believed to be owned and/or controlled by Mr. Dondero and Mr. Ellington. HCMLP believes that these previously undisclosed payments were conceived of by Mr. Dondero and others acting at his direction for the purpose of providing them with the benefits under the Bonus Plans that they were denied after the Committee objected to the Bonus Motion (as it related to the Senior Employees) and "retaining" the Senior Employees' loyalty to Mr. Dondero.

29. Mr. Surgent is the sole beneficial owner of Prive Solutions LLC ("Prive") and the vehicle through which he arranged to receive the Payments (as defined below).

30. On March 13, 2020, Tall Pine Group, LLC ("Tall Pine"), an entity directly or indirectly owned and/or controlled by Mr. Ellington, and Prive executed a *Consulting Agreement* (the "Tall Pine Consulting Agreement").

31. Effective as of May 6, 2020, Mainspring Ltd. ("Mainspring"), a Cayman Islands entity HCMLP believes to be directly or indirectly owned and/or controlled by Mr. Dondero, and Prive executed a *Consulting Agreement* (the "Mainspring Consulting Agreement", and together with the Tall Pine Consulting Agreement, the "Consulting Agreements").[7]

32. Between on or around March 18, 2020 and on or around September 3, 2020, Mr. Surgent, directly or indirectly, received (a) payments in the aggregate amount of $750,906.13 from Tall Pine under the Tall Pine Consulting Agreement, (b) payments in the aggregate amount of $1,887,929.00 from Mainspring under the Mainspring Consulting Agreement, and (c) a lump sum

---

[7] Mainspring appears to be an entity associated with Messrs. Dondero and Ellington and appears in the chain of ownership of Sentinel Re (Cayman Islands).

of $135,437.00 from NexPoint Advisors, L.P., an entity owned and controlled by Mr. Dondero, for total payments of $2,774,272.13 (together, the "Payments").

33.     Upon information and belief, the Consulting Agreements were intended by Mr. Dondero to create the appearance of legitimate business dealings in order to disguise the fact that their real purpose was to retain the Senior Employees by surreptitiously funneling cash to them during HCMLP's bankruptcy after they were denied benefits under the Bonus Plans. Indeed, neither Mr. Surgent nor Prive provided any services under the Consulting Agreements, yet Prive nonetheless received the Payments.[8]

34.     Mr. Surgent did not disclose (and, at the time, did not believe he needed to disclose) the Distributions to (i) HCMLP's bankruptcy counsel, Pachulski Stang Ziehl & Jones, LLP; (ii) HCMLP's chief executive officer and chief restructuring officer, Mr. Seery; or (iii) the Independent Board.

35.     Mr. Surgent and HCMLP have agreed that, as a condition to Mr. Surgent's continued employment by HCMLP in his Current Positions, and to resolve all claims and disputes between them, including those relating to the Distributions as well as the previously unresolved Other Employee Claims, Mr. Surgent and HCMLP will amend and restate the Original Stipulation by entering into the Restated Stipulation.

### C.     HCMLP's Decision to Enter into the Restated Stipulation

36.     In or around July 2021, HCMLP learned that Mr. Surgent received the Payments.

---

[8] In addition to the Payments, Mr. Surgent also received in the ordinary course dividends incident to his ownership of certain common and preferred shares (the "NexBank Stock") in NexBank Capital, Inc. ("NexBank"), an entity affiliated with Mr. Dondero, and he expects to receive dividends in the future when, as, and if declared by NexBank (all post-petition dividends received by Mr. Surgent are referred to as the "Dividends" and together with the Payments, the "Distributions"). HCMLP does not believe there is anything improper about the Dividends.

37. Promptly thereafter, as instructed by HCMLP's board, HCMLP's counsel conducted a confidential investigation into the circumstances surrounding Mr. Surgent's receipt of the Payments. On July 19, 2021, HCMLP's counsel delivered a confidential report to the Board detailing their findings and advice.

38. In response, the Board authorized Mr. Seery to negotiate certain terms and conditions required for Mr. Surgent's continued employment, including (a) a dollar-for-dollar reduction in Mr. Surgent's claim equal to the amount of the Payments, and (b) representations and warranties concerning Mr. Surgent's (i) receipt of any payments or anything of value from any entity Mr. Surgent knows or should reasonably know is directly or indirectly owned and/or controlled by Mr. Dondero, Mr. Ellington, or any employee of Skyview, and (ii) compliance with his fiduciary duties.

39. During negotiations with Mr. Surgent and his counsel, and as reflected in the Restated Stipulation, Mr. Surgent agreed to HCMLP's requirements, the most significant of which include (i) the application of the Payments against his claim, (ii) the elimination of the "Other Employees Claims" that Mr. Surgent had retained under the Original Stipulation, and (iii) the requisite representations and warranties:

> The Senior Employee shall have an Allowed Class 8 Claim under the Plan of $1,978,484.22 calculated as the sum of (i) $1,300,000.00 of bonus payments vested in February 2020 and August 2020 under the Bonus Plan, (ii) $650,000 payable as retention payments in lieu of amounts that would have vested in February 2021 and August 2021 but for the termination of the Bonus Plan, and (iii) $2,802,756.35 of deferred compensation payments vesting (or to vest) in May 2020, May 2021 and May 2022, using August 10, 2021 as the calculation date (close of trading immediately prior to the Effective Date) as a retention bonus on account of the Senior Employees status as a current and continuing employee of the Reorganized Debtor, minus (iii) the Payments (the "<u>Amended Senior Employee Claim</u>"). The Amended Senior Employee Claim is based on the fact that as a current and continuing employee it is agreed that Senior Employee's deferred compensation has and will continue to vest.

> The Senior Employee represents and warrants to the Debtor that, to the best of his current knowledge, since the Petition Date (i) the Senior Employee has not received any payments or anything of value from any entity the Senior Employee knows or should reasonably know is directly or indirectly owned and/or controlled by James Dondero, Scott Ellington, or any employee of Skyview, other than the Distributions and market sales or pro rata distributions relating to publicly traded funds, and (ii) the Senior Employee believes in good faith that he has complied with the fiduciary duties that he acknowledges owing to the Debtor and the Reorganized Debtor.

**Exhibit B**.[9]

40. Mr. Seery (and, prior to the Effective Date, the Independent Board) was disturbed to learn of the undisclosed and unauthorized Payments. Nevertheless, HCMLP believes that the terms of the Restated Stipulation properly address the concerns and are in HCMLP's best interests because (a) Mr. Surgent readily acknowledged the relevant facts and accepted responsibility for not disclosing the Payments by agreeing to HCMLP's demands as conditions for continued employment; (b) HCMLP has no reason to believe that Mr. Surgent has breached any duty to HCMLP; and (c) unlike the Original Stipulation, it fully and finally resolves all claims that Mr. Surgent has, or may contend he has, against HCMLP, including the Other Employee Claims.

41. In addition, Mr. Surgent has performed exceptionally well, is an important member of HCMLP's management team, and is integral to the execution of the Plan.

42. Based on the foregoing, HCMLP believes that it is in its best interests to enter into and perform the Restated Stipulation.

---

[9] Under section 5(b) of the Restated Stipulation, the gross amount of Mr. Surgent's claim is $4,752,756.35 (the "Amended Claim Amount"). The Amended Claim Amount exceeds the amount Mr. Surgent asserted in his Proof of Claim by $794,128.21; this agreed-upon increase takes into account the benefits Mr. Surgent (i) accrued, and is expected to accrue, as a continuing employee under HCMLP's deferred compensation plan, and (ii) accrued, and would have accrued, under the bonus plan had it not been terminated for continuing employees. Under the terms of the Restated Stipulation, the Amended Claim Amount is reduced, dollar-for-dollar, by the total amount of the Payments.

## CONCLUSION

43. For the foregoing reasons, HCMLP respectfully requests that the Court enter an order in the form attached as **Exhibit A** approving the Restated Stipulation.

## NO PRIOR REQUEST

44. No previous request for the relief sought herein has been made to this, or any other, Court.

## NOTICE

45. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) HCMLP's principal secured parties; (d) counsel to the Claimant Trust; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002. HCMLP submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Blank]*

| | |
|---|---|
| Dated:  September 21, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP** |

Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
              ikharasch@pszjlaw.com
              jmorris@pszjlaw.com
              gdemo@pszjlaw.com
              hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*