MERCER (US) INC.
John Dempsey
1166 Avenue of the Americas
New York, NY
Telephone:  212.345.7000
Facsimile:   212.345.7414
Email:  john.dempsey@mercer.com

*Compensation Consultant to the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**SUMMARY OF THIRD AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF MERCER (US) INC.,
AS COMPENSATION CONSULTANT TO THE DEBTOR FOR THE
PERIOD FROM NOVEMBER 15, 2019 THROUGH AUGUST 10, 2021**

| Name of Applicant: | Mercer (US) Inc. |
|---|---|
| Authorized to Provide Professional Services to: | The Debtor and Debtor in Possession |
| Date of Retention: | November 15, 2019 by Order entered January 22, 2020 [Docket No. 381] |
| Period for Which Compensation and Reimbursement is Sought: | November 15, 2019 – August 10, 2021 |
| Amount of Fees Sought as Actual, Reasonable and Necessary: | $202,317.65 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,449.37 |
| Blended Hourly Rate in this Application for All Professionals: | $578.05 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Compensation Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Expenses Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 5 |
| Number of Professionals Included in this Application Not Included on the Staffing Plan: | N/A |
| Number of Professionals Billing Fewer than 15 Hours: | 7 |

This is a:    __ monthly         _ interim         X  final application.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 04/28/20 | 11/15/19 – 02/29/20 | $113,804.64 | $2,151.69 | $113,804.64 | $2,151.69 |
| 08/19/20 | 01/01/20 – 05/31/20 | $54,029.98 | $ 297.68 | $54,029.98 | $ 297.68 |

2

MERCER (US) INC.
John Dempsey
1166 Avenue of the Americas
New York, NY
Telephone: 212.345.7000
Facsimile: 212.345.7414
Email: john.dempsey@mercer.com

*Compensation Consultant to the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[2]<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§<br>§ |

**THIRD AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF MERCER (US) INC.,
AS COMPENSATION CONSULTANT FOR THE DEBTOR FOR THE
PERIOD FROM NOVEMBER 15, 2019 THROUGH AUGUST 10, 2021**

TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (collectively, the "LBR"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 141] (the "Administrative Order"), Mercer (US) Inc. ("Mercer" or the "Firm"), compensation consultant to the above-captioned debtor and debtor in possession (the "Debtor"), hereby submits

---

[2] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

3

its *Third and Final Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from November 15, 2019 through August 10, 2021* (the "Application").

By this Application, Mercer seeks (i) final allowance of its fees and expenses for the period November 15, 2019 through August 10, 2021 (the "Final Period") totaling $204,767.02 comprised of (a) compensation in the amount of $202,317.65 for necessary professional services rendered and (b) actual and necessary expenses in the amount of $2,449.37, and (ii) payment of the unpaid amount of such fees and expenses.  In support of this Application, Mercer respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court").

3. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Court.

4. On November 14, 2019, the Delaware Court entered the Administrative Order authorizing certain professionals and members of any official committee (collectively referred to hereafter as "Professionals") to submit monthly applications for interim compensation and

reimbursement of expenses pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that (i) a Professional may submit monthly fee applications and (ii) if no objections are made within twenty-one (21) days after service of the monthly fee application, the Debtor is authorized to pay the Professional eighty percent (80%) of its requested fees and one hundred percent (100%) of its requested expenses.  The Administrative Order further provides that, beginning with the period ending December 31, 2019, and at three-month intervals thereafter—or such other intervals convenient to the Court—each Professional may file an interim application with seeking Court-approval and allowance of the amounts sought in the Professional's monthly fee applications for that period.  The Administrative Order further provides that all fees and expenses paid during the pendency of the Debtor's case are on an interim basis until final allowance by the Court.

5. On December 4, 2019, the Delaware Court entered an order [Docket No. 186] transferring venue of the Debtor's bankruptcy case to this Court.

6. On January 22, 2020, this Court entered its *Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment of Mercer (US) Inc. as Compensation Consultant to the Debtor* [Docket No. 381] (the "Retention Order") authorizing the retention of Mercer as compensation consultant to the Debtor effective as of November 15, 2019.  The Retention Order authorized Mercer to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

7. On April 28, 2020, Mercer filed its *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation

*Consultant to the Debtor for the Period from November 15, 2019 through February 29, 2020* [Docket No. 608] (the "First Interim Application").

8. On May 26, 2020, the Court entered an order granting the First Interim Application [Docket No. 664].

9. On August 19, 2020, Mercer filed its *Second Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period from March 1, 2020 through May 31, 2020* [Docket No. 972] (the "Second Interim Application").

10. On September 13, 2020, the Court entered an order granting the Second Interim Application [Docket No. 1059].

### III. RELIEF REQUESTED

11. By this Application, Mercer requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by Mercer during the Final Period.

**A. Compensation Paid and Its Source**

12. All services for which Mercer requests compensation during the Final Period were performed for or on behalf of the Debtor. Mercer has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Mercer and any other person other than the partners of Mercer for the sharing of compensation to be received for services rendered in this case. Mercer has not received a retainer in this case.

**B. Summary of Services Provided During the Third Interim Period of June 1, 2020 through August 10, 2021**

13. The names of the timekeepers of Mercer who rendered professional services in this case during the period of June 1, 2020 through August 10, 2021 (the "Third Interim Period") are set forth in the attached **Exhibit A**. Mercer, by and through such persons, has advised the Debtor on a regular basis with respect to the matters upon which it was employed, and the professionals and paraprofessionals of Mercer performed all necessary professional services which are described and narrated in detail in the attached **Exhibit A**.

14. During the Third Interim Period, Mercer performed the following tasks:

   a. Presented market information on Chief Executive Officer and Chief Restructuring officer compensation programs including salaries, incentive opportunities and success fees;

   b. Consult with Board of Directors regarding need to retain a Chief Executive Officer ("CEO") as a consultant and the elements of compensation typically utilized to engage independent consultants to serve as interim CEOs or Chief Restructuring Officers ("CROs");

   c. Presented market information on interim CEO and CRO compensation programs; and

   d. Discuss findings with Board of Directors.

**C.     Actual and Necessary Expenses**

15. Mercer did not incur any expenses during the Third Interim Period.

**D.     Valuation of Services During the Third Interim Period**

16. Professionals and paraprofessionals of Mercer expended a total of 67.00 hours in connection with their representation of the Debtor during the Third Interim Period, allocable as follows:

| Name of Professional Individual | Position of the Applicant | Hourly Billing Rate[3] (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kevin Beglen | Senior Associate | $ 528.96 | 10.75 | $ 5,686.32 |
| John B Dempsey | Partner | $1,037.04 | 11.50 | $11,925.96 |
| Hanlu Jin | Associate | $ 377.00 | 2.50 | $ 942.50 |
| Tyler Kramer | Associate | $ 377.00 | 40.25 | $15,174.25 |
| Lindsay Siegel | Associate | $ 377.00 | 2.00 | $ 754.00 |
| **Grand Total** | | | **67.00** | **$34,483.03** |

Grand Total:     $34,483.03
Total Hours:          67.00
Blended Rate:    $514.67

17.     The nature of work performed by Mercer's professionals and paraprofessionals is fully set forth in **Exhibit A** attached hereto. The hourly rates charged by Mercer in connection with its services provided to the Debtor are Mercer's normal hourly rates for work of this character. The reasonable value of the services rendered by Mercer for the Debtor during the Third Interim Period was $34,483.03.

E.     **Requested Relief**

18.     By this Final Application, Mercer requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by Mercer during the Final Fee Period of November 15, 2019 through August 10, 2021.

19.     At all relevant times, Mercer has not represented, and does not represent, any party having an interest adverse to the Debtor or its estate.

20.     All services for which Mercer requests compensation were performed for or on behalf of the Debtor.

---

[3] Rates have been rounded down to the nearest hundredth.

21. Mercer has received no payment and no promises for payment from any source other than from the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Mercer and any other person—other than amongst the partners of Mercer –for the sharing of compensation to be received for services rendered in this case.

22. The professional services and related expenses for which Mercer requests final allowance were rendered and incurred in connection with this case in the discharge of Mercer's professional responsibilities as compensation consultant for the Debtor in this chapter 11 case. Mercer's services have been necessary and beneficial to the Debtor, its estate, creditors, and other parties-in-interest.

23. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amounts requested by Mercer are fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, Mercer respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) granting final allowance of Mercer's fees and expenses for the period November 15, 2019 through August 10, 2021 totaling $204,767.02 comprised of (a) compensation in the amount of $202,317.65 for necessary professional services rendered and (b) actual and necessary expenses in the amount of $2,449.37; (ii) authorizing the Debtor to pay to Mercer the outstanding amount of such sums; and (iii) granting Mercer such other and further relief as may be just and proper.

Dated: October 8, 2021	MERCER (US) INC.

_____
John B. Dempsey
Partner

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP


 */s/ Jeffrey N. Pomerantz*
PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*admitted pro hac vice*)
Maxim B. Litvak (SBN: 24002482)
Gregory V. Demo (NY Bar 5371992)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           mlitvak@pszjlaw.com
           gdemo@pszjlaw.com

-and-



HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachary Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100 / Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

# EXHIBIT A



# Invoice

155 North Wacker Drive, Suite 1500  
Chicago, IL  60606

Telephone: (312) 917-9900

Mr. Maxim Litvak  
Highland Capital Management, L.P.  
c/o Pachulski Stang Ziehl & Jones LLP  
150 California Street, 15th Floor  
San Francisco CA 94111

Issued by E-mail: mlitvak@pszjlaw.com

Number | 120510067024
Date | 17-Aug-2021
Client | HLND02

Preparation of update on CEO compensation benchmarking

|  | Fees |
|---|---|
| Sub Total | $ 34,483.03 |
| Total Amount Due | $ 34,483.03 |

Please retain this copy for your records

Please wire funds to:  
J.P. Morgan Chase, Chicago IL  
Mercer (US) Inc.  
Acct. No.: 5810264  
FED WIRE ABA #: 021000021  
ACH ABA #: 071 000 013  
Swift Code: CHASUS33

Payable within 30 days from date of invoice.

or Remit with Check to:

PO Box 730182  
DALLAS TX  
75373-0182

Compensation paid to Mercer, including compensation in the form of fees or commissions, may or may not be paid from benefit plan assets. To the extent this invoice identifies certain fees as potentially allocable to an employee benefit plan (whether or not covered by ERISA) or certain commissions as constituting assets of an ERISA-covered plan or other benefit plan, this should not be interpreted as our advice or recommendation that these balances are plan assets or can or should be paid from plan assets under governing law. The client, as a fiduciary of the plan, and not Mercer, has the responsibility for determining what constitutes an asset of the plan and whether these fees are reasonable expenses of administering the plan that may properly be charged (in whole or in part) to plan assets; and if so, what portion (if any) should be allocated to a particular plan or plans. Mercer recommends that the client make this determination with the assistance of legal counsel, as Mercer is not a law firm.

Page 1   of   1

This invoice was prepared in accordance with previously agreed project service deliverables and fees. If you intend to question or dispute any of the invoice details then you should do so within ten business days of your receipt of this invoice. After that time the invoice will be deemed to have been accepted by you.

A business of Marsh McLennan

**Mercer (US), Inc.**
**Time Entries May 18, 2021 – May 28, 2021**

| Employee | Date | Rate | Hours | Actual | Description |
|---|---|---|---|---|---|
| Beglen  Kevin | 18-May-21 | 528.96 | 1.25 | 661.2 | Call with John Dempsey (0.25); review file (0.5); plan updates (0.5) |
| Beglen  Kevin | 19-May-21 | 528.96 | 1.5 | 793.44 | Conversation with Hanlu Jin re update of CRO Data (0.25); working session with John Dempsey re edits to the report (0.75); report updates (0.5) |
| Beglen  Kevin | 20-May-21 | 528.96 | 1.5 | 793.44 | Review compensation disclosures (0.75); update with John Dempsey (0.25) |
| Beglen  Kevin | 24-May-21 | 528.96 | 1 | 528.96 | Review of CRO database changes; updating of report |
| Beglen  Kevin | 25-May-21 | 528.96 | 1.5 | 793.44 | Review of CRO database changes; updating of report |
| Beglen  Kevin | 26-May-21 | 528.96 | 2 | 1057.92 | Review of CRO database changes (0.75); updating of report (0.75); review work to date with John Dempsey & Tyler Kramer (0.5) |
| Beglen  Kevin | 27-May-21 | 528.96 | 1.5 | 793.44 | Review of CRO database changes & update report (1); discuss report with John Dempsey and Tyler Kramer (0.5) |
| Beglen  Kevin | 28-May-21 | 528.96 | 0.5 | 264.48 | Finalize report |
| Dempsey  John B | 18-May-21 | 1037.04 | 2 | 2074.08 | Call with John Dubel (0.5); review previous analysis; (0.5) Conversation with Kevin Beglen (0.25) Develop plan to update Analysis (0.75) |
| Dempsey  John B | 19-May-21 | 1037.04 | 1 | 1037.04 | Call with John Dubel (0.25); working session with Kevin Beglen re edits to the report (0.75) |
| Dempsey  John B | 20-May-21 | 1037.04 | 1 | 1037.04 | Follow up call with John Dubel (0.25); update with Kevin Beglen (0.25); revise report (0.5) |
| Dempsey  John B | 21-May-21 | 1037.04 | 1 | 1037.04 | Review existing database and plan updates to analysis |
| Dempsey  John B | 24-May-21 | 1037.04 | 1 | 1037.04 | Review status of updates (0.5); report outline (0.5) |
| Dempsey  John B | 25-May-21 | 1037.04 | 1 | 1037.04 | Review work to date |
| Dempsey  John B | 26-May-21 | 1037.04 | 1 | 1037.04 | Review work to date (0.5); Discuss with Kevin Beglen & Tyler Kramer(0.5) |
| Dempsey  John B | 27-May-21 | 1037.04 | 1.5 | 1555.56 | Review draft report (1);  Discuss draft report and provide direction with Kevin Beglen and Tyler Kramer (0.5) |
| Dempsey  John B | 28-May-21 | 1037.04 | 2 | 2074.08 | Finalize report |
| Jin  Hanlu | 19-May-21 | 377 | 1 | 377 | Download CRO compensation disclosures |
| Jin  Hanlu | 20-May-21 | 377 | 1.5 | 565.5 | Download CRO compensation disclosures |
| Kramer  Tyler | 22-May-21 | 377 | 0.25 | 94.25 | Update CRO Database |
| Kramer  Tyler | 23-May-21 | 377 | 2.25 | 848.25 | Update CRO Database |
| Kramer  Tyler | 24-May-21 | 377 | 5.25 | 1979.25 | Update CRO Database |
| Kramer  Tyler | 24-May-21 | 377 | 0.5 | 188.5 | Update CRO Database |
| Kramer  Tyler | 25-May-21 | 377 | 8.5 | 3204.5 | Update CRO Database |
| Kramer  Tyler | 25-May-21 | 377 | 1.5 | 565.5 | Update CRO Database |
| Kramer  Tyler | 26-May-21 | 377 | 10.5 | 3958.5 | Update CRO Database (10); review work with John Dempsey and Kevin Beglen (0.5) |
| Kramer  Tyler | 27-May-21 | 377 | 6.5 | 2450.5 | Prepare exhibits for report (6); call with John Dempsey and Kevin Beglen re report (0.5) |
| Kramer  Tyler | 28-May-21 | 377 | 5 | 1885 | Finalize report |
| Siegel  Lindsay | 23-May-21 | 377 | 2 | 754 | Update CRO Database |
| **Total** | | | | **$34,483.03** | |

MERCER (US) INC.
John Dempsey
1166 Avenue of the Americas
New York, NY
Telephone: 212.345.7000
Facsimile: 212.345.7414
Email: john.dempsey@mercer.com

*Compensation Consultant to the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |

**CERTIFICATION OF JOHN DEMPSEY**

John Dempsey, under penalty of perjury, certifies as follows:

1. I am a partner of Mercer (US) Inc. ("Mercer"). I make this certification in accordance with *Appendix F of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* ("Appendix F") regarding the contents of applications for compensation and expenses.

2. I have read the *Third and Final Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant to the Debtor for the Period from November 15, 2019 through August 10, 2021* (the "Application").

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

2

3. Pursuant to section I.G. of Appendix F, I hereby certify that, to the best of my knowledge, information, and belief, formed after reasonable inquiry, that (a) the compensation and expense reimbursement sought in the Application is in conformity with Appendix F, except as specifically noted in the Application, and (b) the compensation and expense reimbursement requested are billed at rates in accordance with practices no less favorable than those customarily employed by Mercer and generally accepted by Mercer's clients.

4. I have reviewed the requirements of the *Guidelines for Reviewing Applications for Compensation and Expense Reimbursement of Professionals* effective January 1, 2001 (the "Guidelines") and I believe that the Application complies with such Guidelines.

Dated: October 8, 2021

*John Dempsey*
_____
John Dempsey

# EXHIBIT A

## Invoice for the Period June 1, 2020 – August 10, 2021

### MERCER PROFESSIONALS

| Name of Professional Individual | Position of the Applicant | Hourly Billing Rate (Including Changes)[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beglen, Kevin | Senior Associate | $528.96 | 1.25 | $661.20 |
| Beglen, Kevin | Senior Associate | $528.96 | 1.50 | $793.44 |
| Beglen, Kevin | Senior Associate | $528.96 | 1.50 | $793.44 |
| Beglen, Kevin | Senior Associate | $528.96 | 1.00 | $528.96 |
| Beglen, Kevin | Senior Associate | $528.96 | 1.50 | $793.44 |
| Beglen, Kevin | Senior Associate | $528.96 | 2.00 | $1057.92 |
| Beglen, Kevin | Senior Associate | $528.96 | 1.50 | $793.44 |
| Beglen, Kevin | Senior Associate | $528.96 | 0.50 | $264.48 |
| Dempsey, John B | Partner | $1,037.04 | 2.00 | $2074.08 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.00 | $1037.04 |
| Dempsey, John B | Partner | $1,037.04 | 1.50 | $1555.56 |
| Dempsey, John B | Partner | $1,037.04 | 2.00 | $2074.08 |
| Jin, Hanlu | Associate | $377 | 1.00 | $377.00 |
| Jin, Hanlu | Associate | $377 | 1.50 | $565.50 |
| Kramer, Tyler | Associate | $377 | 0.25 | $94.25 |
| Kramer, Tyler | Associate | $377 | 2.25 | $848.25 |
| Kramer, Tyler | Associate | $377 | 5.25 | $1979.25 |
| Kramer, Tyler | Associate | $377 | 0.50 | $188.50 |
| Kramer, Tyler | Associate | $377 | 8.50 | $3204.50 |
| Kramer, Tyler | Associate | $377 | 1.50 | $565.50 |
| Kramer, Tyler | Associate | $377 | 10.50 | $3958.50 |
| Kramer, Tyler | Associate | $377 | 6.50 | $2450.50 |
| Kramer, Tyler | Associate | $377 | 5.00 | $1885.00 |
| Siegel, Lindsay | Associate | $377 | 2.00 | $754.00 |
| **Grand Total** | | | **67.00** | **$34,483.03** |

---

[1] Rates have been rounded down to the nearest hundredth.

DOCS_SF:105917.3 36027/002

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | **Re: Docket No.** |

**ORDER GRANTING THIRD AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**MERCER (US) INC., AS COMPENSATION CONSULTANT TO THE DEBTOR**
**FOR THE PERIOD FROM NOVEMBER 15, 2019 THROUGH AUGUST 10, 2021**

Upon consideration of the final application ("Application")[2] of Mercer (US) Inc. ("Mercer") for final allowance of compensation for professional services rendered in the above-captioned case during the period from November 15, 2019 through August 10, 2021 (the "Compensation Period"), it is **HEREBY ORDERED THAT**:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Application.

2

1. Mercer is granted final allowance of compensation in the amount of $202,317.65 for the Final Period.

2. Mercer is granted final allowance of reimbursement for expenses incurred in the amount of $2,449.37 for the Final Period.

3. The Debtor is authorized and directed to remit payment to Mercer of such allowed compensation and expense reimbursement amounts totaling $204,767.02, less any and all amounts previously paid on account of such fees and expenses.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###END OF ORDER###