# **EXHIBIT B**

## AMENDED AND RESTATED SENIOR EMPLOYEE STIPULATION AND TOLLING AGREEMENT EXTENDING STATUTES OF LIMITATION

This amended and restated stipulation (the "Stipulation") is entered into as of September 20, 2021, by and between Thomas Surgent (the "Senior Employee") and Highland Capital Management, L.P. (the "Debtor"). The Debtor and the Senior Employee are individually referred to as a "Party" and collectively as the "Parties".

### RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Delaware, a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which case was subsequently transferred to the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") and captioned *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (the "Chapter 11 Case"):

WHEREAS, on October 29, 2019, the U.S. Trustee appointed the official committee of unsecured creditors (the "Committee") in the Chapter 11 Case;

WHEREAS, on November 24, 2020, the Debtor filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (as may be further amended or supplemented, the "Plan") [Docket No. 1472];

WHEREAS, the Senior Employee and the Debtor executed that certain *Senior Employee Stipulation and Tolling Agreement Extending Statute of Limitations* as of January 20, 2021 (the "Original Stipulation");

WHEREAS, the Original Stipulation was entered into, among other things, to resolve the Senior Employee's claim to (i) certain amounts allegedly due to be paid to the Senior Employee for the partial year of 2018 in installments due on February 28, 2020 and August 31, 2020; and (ii) certain amounts due to the Senior Employee in respect of the 2017 Deferred Award that vested after three years on May 31, 2020 in the aggregate amount at the time of $1,191,748.00 ((i) and (ii), collectively, the "Original Stipulated Amount");

WHEREAS, the Original Stipulated Amount was not paid because of objections raised by the Committee;

WHEREAS, on May 26, 2020, the Senior Employee filed a proof of claim [Claim No. 183] (the "Proof of Claim") which Proof of Claim will be deemed revised pursuant to the terms of this Stipulation;

WHEREAS, on February 22, 2021 (the "Confirmation Date"), the Bankruptcy Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No.

1943], which confirmed the Plan;[1]

WHEREAS, the Committee has alleged that certain causes of action against the Senior Employee may exist, which causes of action have been retained pursuant to the Plan (the "Causes of Action"):

WHEREAS, the Plan provides for the release of certain of the Causes of Action (the "Released Causes of Action") against the Senior Employee as set forth therein (the "Employee Release");

WHEREAS, the Plan became effective on August 11, 2021 (the "Effective Date");

WHEREAS, prior to the Petition Date and continuing thereafter through the Confirmation Date, the Senior Employee was employed by the Debtor as its Chief Compliance Officer and Deputy General Counsel and in such role provided services to the Debtor;

WHEREAS, since on or around the Confirmation Date and continuing to the present, the Senior Employee has been employed by the Debtor as General Counsel and Chief Compliance Officer (together, the "Current Positions") and in such roles provided services to the Debtor;

WHEREAS, the Senior Employee is currently expected to continue to serve in his Current Positions, subject to the terms of the Stipulation and otherwise at the sole discretion of the HCMLP Parties (as defined below), and as a continuing employee of the Debtor, and subsequent to the Effective Date, the Reorganized Debtor, is entitled to additional deferred compensation that accrues while the Senior Employee remains employed by the Debtor and Reorganized Debtor;

WHEREAS, the Senior Employee is the sole beneficial owner of Prive Solutions LLC ("Prive");

WHEREAS, the Senior Employee acknowledges that on March 13, 2020, Tall Pine Group, LLC ("Tall Pine"), an entity believed by the Debtor to be directly or indirectly owned and/or controlled by Scott Ellington, and Prive executed a *Consulting Agreement* (the "Tall Pine Consulting Agreement");

WHEREAS, the Senior Employee acknowledges that, effective as of May 6, 2020, Mainspring Ltd. ("Mainspring"), an entity believed by the Debtor to be directly or indirectly owned and/or controlled by James Dondero, and Prive executed a *Consulting Agreement* (the "Mainspring Consulting Agreement");

WHEREAS, the Senior Employee acknowledges that between on or around March

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. The confirmed Plan included certain amendments filed on February 1, 2021. *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Ex. B [Docket No. 1875].

18, 2020 and on or around September 3, 2020, the Senior Employee, directly or indirectly, received (a) payments in the aggregate amount of $750,906.13 from Tall Pine under the Tall Pine Consulting Agreement, (b) payments in the aggregate amount of $1,887,929.00 from Mainspring under the Mainspring Consulting Agreement, and (c) a lump sum of $135,437.00 from NexPoint Advisors, L.P., an entity controlled by James Dondero, for total payments of $2,774,272.13 (together, the "Payments");

WHEREAS, prior to the Petition Date, the Senior Employee received common and preferred shares (the "NexBank Stock") in NexBank Capital, Inc. ("NexBank"), an entity affiliated with James Dondero;

WHEREAS, after the Petition Date, the Senior Employee received dividends incident to his ownership of the NexBank Stock (and, to the best of the Senior Employee's knowledge, consistent with dividends paid to all holders of NexBank common and preferred stock), and he expects to receive dividends in the future when, as, and if declared by NexBank (all post-Petition dividends received by the Senior Employee are referred to as the "Dividends" and together with the Payments, the "Distributions");

WHEREAS, the Senior Employee acknowledges that he did not disclose the Distributions to the (i) Debtor's bankruptcy counsel, Pachulski Stang Ziehl & Jones, LLP, (ii) Debtor's chief executive officer and chief restructuring officer, James P. Seery, Jr.; or (iii) the independent board of directors at the Debtor's general partner, Strand Advisors, Inc. because the Distributions came from entities other than the Debtor;

WHEREAS, the Senior Employee and the Debtor have agreed that, as a condition to the Senior Employee's continued employment by the Debtor in his Current Positions and to resolve, in part, the Proof of Claim and any disputes that may exist because of the Distributions, the Senior Employee and the Debtor will amend and restate the Original Stipulation by entering into this Stipulation;

WHEREAS, the Original Stipulation will be superseded and replaced in all respects by the terms of this Stipulation.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, each of the Parties agrees to amend and restate the Original Stipulation as follows:

1. Covenant Not to Sue. In consideration of the Senior Employee's agreement to toll the statutes of limitation (including but not limited to the application of section 108 of the Bankruptcy Code) with respect to any Causes of Action that can be asserted against him and to waive a portion of the Bonus Amount (defined below) which would otherwise be part of the Senior Employee Claim (defined below), the Debtor, its wholly-owned subsidiaries, and any of its successors or assigns, including the Claimant Trust or the Litigation Sub-Trust (collectively, the "HCMLP Parties"), agree not to initiate or commence any lawsuit, action or proceeding for the purpose of prosecuting any Released Causes of Action against the Senior Employee from the date of this Stipulation until the earlier of (a) thirty calendar days after the Notice Date and (b) the Dissolution Date (each as defined below) (such date, the "Termination Date"). This Stipulation shall

expire upon the Termination Date and shall thereafter be of no further force and effect; *provided, however,* that the termination of this Stipulation shall not affect the treatment of the Bonus Amount set forth in Section 5 hereof or in the Plan.

2. Non-Compliance: Vesting.

a. As set forth in the Plan, the Senior Employee acknowledges and agrees that the Employee Release will be deemed null and void and of no force and effect (1) if there is more than one member of the Claimant Trust Oversight Committee who does not represent entities holding a Disputed or Allowed Claim (the "Independent Members"), the Claimant Trustee and the Independent Members by majority vote determine or (2) if there is only one Independent Member, the Independent Member after discussion with the Claimant Trustee determines (in each case after discussing with the full Claimant Trust Oversight Committee) that such Employee (regardless of whether the Employee is then currently employed by the Debtor, the Reorganized Debtor, or the Claimant Trustee):

(1) sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten any of the HCMLP Parties or any of their respective employees or agents, or any Released Party on or in connection with any claim or cause of action arising prior to the Effective Date,

(2) has taken any action that, impairs or harms the value of the Claimant Trust Assets or the Reorganized Debtor Assets,

(3) has violated the confidentiality provisions of Section 4 below, or

(4) (x) upon the request of the Claimant Trustee, has failed to provide reasonable assistance in good faith to the Claimant Trustee or the Reorganized Debtor with respect to (i) the monetization of the Claimant Trust Assets or Reorganized Debtor Assets, as applicable, or (ii) the resolution of Claims, or (y) has taken any action that impedes or frustrates the Claimant Trustee or the Reorganized Debtor with respect to any of the foregoing. If such determination under this Section 2a is made, the Claimant Trustee will deliver a notice of non-compliance with the Plan (the "Notice") to the Senior Employee. Such Notice will be effective when deemed delivered pursuant to Section 8.h hereof (the "Notice Date").

b. Notwithstanding anything herein to the contrary, the Employee Release will vest and all Released Causes of Action that may or could be brought against the Senior Employee will be indefeasibly released solely to the extent set forth in Article IX.D of the Plan so long as the Notice Date does not occur on or before the date that the Claimant Trust is dissolved (such date, the "Dissolution Date").

3. Tolling of Statutes of Limitation. In consideration of the HCMLP Parties' "Covenant Not to Sue" (set forth in Section 1 hereof), the Senior Employee agrees that the statute of limitations applicable to any Cause of Action (including but not limited to the application of section 108 of the Bankruptcy Code) is hereby tolled as of, and

extended from, the date of this Stipulation through and including the Termination Date (the "Tolling Period"). The Tolling Period shall be excluded from any calculation of any statute of limitations period applicable to any Cause of Action that may be brought by the HCMLP Parties against the Senior Employee. The Senior Employee acknowledges that he will be estopped from arguing that this Stipulation is ineffective to extend the time within which the HCMLP Parties must commence an action to pursue any Cause of Action.

4. Confidentiality. In further consideration of the HCMLP Parties' "Covenant Not to Sue" (set forth in Section 1 hereof), the Senior Employee agrees that, in addition to existing obligations to maintain all business sensitive information concerning the HCMLP Parties in strictest confidence, the Senior Employee further agrees to keep all discussions, information and observations including, but not limited to, attorney-client privileged or work product information (collectively "Confidential Information") relating to the activities or planned activities of the HCMLP Parties strictly confidential. The Senior Employee covenants and represents that it will not discuss such Confidential Information with anyone, other than the Senior Employee's personal attorney, the Claimant Trustee, or its respective representatives.

5. Resolution of Senior Employee Claim.

a. Notwithstanding anything to the contrary in the Stipulation or otherwise, (i) the Payments shall be applied against the Proof of Claim as revised by this Stipulation, and (ii) the Proof of Claim is hereby revised and shall be treated in accordance with subsection (b) of Section 5 of the Stipulation.

b. The Senior Employee shall have an Allowed Class 8 Claim under the Plan of $1,978,484.22 calculated as the sum of (i) $1,300,000.00 of bonus payments vested in February 2020 and August 2020 under the Bonus Plan, (ii) $650,000 payable as retention payments in lieu of amounts that would have vested in February 2021 and August 2021 but for the termination of the Bonus Plan, and (iii) $2,802,756.35 of deferred compensation payments vesting (or to vest) in May 2020, May 2021 and May 2022, using August 10, 2021 as the calculation date (close of trading immediately prior to the Effective Date), as a retention bonus on account of the Senior Employee's status as a current and continuing employee of the Reorganized Debtor, minus (iii) the Payments (the "Amended Senior Employee Claim"). Senior Employee's Amended Senior Employee Claim is based on the fact that as a current and continuing employee it is agreed that Senior Employee's deferred compensation has and will continue to vest.

c. For the avoidance of doubt, although the Employee Release can be nullified as set forth in Section 2, any such nullification will have no effect on the treatment of the Senior Employee Claim pursuant to this Section 5.

6. Limited Release. In consideration for the Senior Employee's agreement to reduce the Senior Employee Claim by an amount equal to the Payments as set forth herein and to calculate deferred compensation payments as set forth in paragraph 5 (b) hereof, the HCMLP Parties hereby release the Senior Employee and any

of his affiliates, agents, heirs, beneficiaries, representatives and assigns from and against any claims and causes of action arising out of or in connection with Tall Pine Consulting Agreement, the Mainspring Consulting Agreement, or the Senior Employee's receipt of the Distributions.

7. <u>Senior Employee's Representations and Warranties</u>. The Senior Employee represents and warrants to the Debtor that, to the best of his current knowledge, since the Petition Date (i) the Senior Employee has not received any payments or anything of value from any entity the Senior Employee knows or should reasonably know is directly or indirectly owned and/or controlled by James Dondero, Scott Ellington, or any employee of Skyview, other than the Distributions and market sales or pro rata distributions relating to publicly traded funds, and (ii) the Senior Employee believes in good faith that he has complied with the fiduciary duties that he acknowledges owing to the Debtor and the Reorganized Debtor.

8. <u>Amended Senior Employee Claim</u>. The Parties acknowledge and agree that the Senior Employee is not entitled to make the Convenience Class Election with respect to the Amended Senior Employee Claim.

9. <u>Effective Date</u>. The Parties acknowledge and agree that this Stipulation and the Parties' obligations hereunder are conditioned on the entry of a final order by the Bankruptcy Court approving of this Stipulation.

10. <u>Plan Support</u>. The Senior Employee acknowledges and affirms that the Senior Employee withdrew the *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1669].

11. <u>Miscellaneous</u>.

a. <u>Counterparts</u>. This Stipulation may be signed in counterparts and such signatures may be delivered by facsimile or other electronic means.

b. <u>Binding Effect</u>. This Stipulation shall inure to the benefit of, and be binding upon, any and all successors-in-interests, assigns, and legal representatives, of any Party.

c. <u>Authority</u>. Each Party to this Stipulation and each person executing this document on behalf of any Party to this Stipulation warrants and represents that he, she, or it has the power and authority to execute, deliver and perform its obligations under this Stipulation.

d. <u>Entire Agreement</u>. This Stipulation sets forth the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous written and oral agreements and discussions. This Stipulation may only be amended by an agreement in writing signed by the Parties.

e. <u>No Waiver and Reservation of Rights</u>.

(1) Except as otherwise provided herein, nothing in this Stipulation shall be, or deemed to be, a waiver of any rights, remedies, or privileges of any of the Parties. Except as otherwise provided herein, this Stipulation is without prejudice to any Party's rights, privileges and remedies under applicable law, whether at law or in equity, and each Party hereby reserves all of such rights, privileges and remedies under applicable law.

(2) Notwithstanding anything to the contrary in this Stipulation or any other document, the Senior Employee expressly reserves the right to take all actions necessary to pursue enforcement and payment of the Amended Senior Employee Claim, and such actions shall not violate the terms of this Stipulation; provided, that, for the avoidance of doubt, nothing in this Stipulation shall prejudice the rights of the Debtor, or any of the HCMLP Parties, to object to or otherwise challenge any claim for indemnification or limit the Senior Employee's obligations under Section 10 hereof. Additionally, this Agreement does not affect or impair Senior Employee's rights, if any, to seek indemnification from any party, including, without limitation, the Debtor, any HCMLP Parties, or any other affiliates thereof for actions taken by the Senior Employee before or after the Petition Date nor does it affect or impair the right of the Debtor, or any of the Debtor's successor in interests under the Plan, to challenge such request.

f. <u>No Admission of Liability</u>. The Parties acknowledge that there is a bona fide dispute with respect to the Causes of Action. Nothing in this Agreement will imply an admission of liability, fault or wrongdoing by the Senior Employee and the execution of this Agreement does not constitute an admission of liability, fault, or wrongdoing on the part of the Senior Employee.

g. <u>No Waiver If Breach</u>. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

h. <u>Notice</u>. Each notice and other communication hereunder will be in writing and will be sent by email and delivered or mailed by registered mail, receipt requested, and will be deemed to have been given on the date of its delivery, if delivered by email, and on the fifth full business day following the date of the mailing, if mailed to each of the Parties thereto at the following respective addresses or such other address as may be subsequently specified in writing by any Party and delivered to all other Parties pursuant to this Section:

**Senior Employee**

Thomas Surgent
4441 Beverly Drive
Dallas, Texas 75205
Email: thomas.surgent@gmail.com

With a copy to:

**Attorneys for Senior Employee**

Danny Ashby, Esq.
Morgan, Lewis & Bockius, LLP
1717 Main Street
Suite 3200
Dallas, Texas 75201-7347
Email: danny.ashby@morganlewis.com

**HCMLP**

Highland Capital Management, LP
100 Crescent Court, Suite 1850
Dallas, Texas 75201
Attention: James P. Seery, Jr.
Telephone No.: (631) 804-2049
Email: jpseeryjr@gmail.com

With a copy to:

**Attorneys for HCMLP**

John A. Morris
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, New York 10017-2024
Telephone No.: (212) 561-7760
Email: jmorris@pszjlaw.com

    i. <u>Advice of Counsel</u>. Each of the Parties represents that such Party has: (a) been adequately represented by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Stipulation; (b) executed this Stipulation upon the advice of such counsel; (c) read this Stipulation, and understands and assents to all the terms and conditions contained herein without any reservations; and (d) had the opportunity to have this Stipulation and all the terms and conditions contained herein explained by independent counsel, who has answered any and all questions asked of such counsel, or which could have been asked of such counsel, including, but not limited to, with regard to the meaning and effect of any of the provisions of this Agreement.

    j. <u>Severability</u>. Any provision hereof which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provisions in another jurisdiction.

    k. <u>Governing Law; Venue</u>. The Parties agree that this Agreement will be governed by and will be construed according to the laws of the State of Texas without regard to conflict-of-law principles. During the pendency of the Chapter

11 Case, each of the Parties hereby submits to the jurisdiction of the Bankruptcy Court with respect to any disputes arising from or out of this Agreement and thereafter to any state or federal court located in Dallas County, Texas.

*[Remainder of Page Blank]*

**IT IS HEREBY AGREED.**

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By: _[signature]_
Name: James P. Seery Jr
Its: CEO

**SENIOR EMPLOYEE**

By: _[signature]_
Name: Thomas Surgent
Its: _____