PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Reorganized Debtor. | ) **Re: Docket Nos. 2796, 2933** |
| | ) |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF ITS OBJECTION TO PROOF OF CLAIM NUMBER 131 FILED BY THE DUGABOY INVESTMENT TRUST ON APRIL 8, 2020**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P., the reorganized debtor ("HCMLP"), hereby submits this reply (the "Reply") (i) in response to the *Limited Response and Consent to (i) Objection to Proof of Claim 131 Filed by the Dugaboy Investment Trust on April 8,2020* [Docket No. 2933] (the "Response") filed by The Dugaboy Investment Trust ("Dugaboy") and (ii) in support of the *Objection to Proof of Claim Number 131 Filed by the Dugaboy Investment Trust on April 8, 2020* [Docket No. 2796] (the "Objection").[2] In further support of the Objection, HCMLP respectfully states as follows:

## REPLY

1. Dugaboy filed Claim No. 131 on April 8, 2020. Claim No. 131 asserts that Dugaboy loaned securities to the Select Master Fund pursuant to the Loan Agreements but that, for some unstated reason, HCMLP is liable for the alleged damages incurred by Dugaboy on account of the Select Master Fund's alleged failure to honor its obligations under the Loan Agreements.

2. HCMLP objected to Claim No. 131 on July 30, 2020, in its First Omnibus Objection. On October 8, 2020, Dugaboy responded, and on October 9, 2020, filed a motion seeking to amend its claim. Dugaboy, however, never amended Claim No. 131. The First Omnibus Objection was not set for hearing.

3. On September 9, 2021, HCMLP filed its Objection to Claim No. 131 arguing that Highland was not liable for the obligations, if any, of the Select Master Fund under the Loan Agreements with Dugaboy.

4. Now, Dugaboy states in its Response that it is "consenting" to the relief requested

---

[2] All capitalized terms used but not defined herein have the meanings given to them in the Objection.

in the Objection³ and that it will either "file a motion to withdraw the proof of claim or enter into a consent judgment." Response ¶ 1. Dugaboy also asks this Court to authorize Dugaboy to pursue its purported claim against the Select Master Fund in New York. *Id.* ¶¶ 5-6.

5. If Dugaboy wishes to consent to judgment, such consent must be on the merits and this Court should enter an order in the form attached hereto as **Exhibit A** (the "Proposed Order") sustaining the objection and denying Claim No. 131 with prejudice.

6. If Dugaboy does not consent to entry of the Proposed Order but instead wishes to withdraw Claim No. 131, it must file a motion under Rule 3006 of the Federal Rules of Bankruptcy Procedure (the "FRBP")⁴ because, at this juncture, Claim No. 131 cannot be withdrawn without an order of this Court. HCMLP reserves all rights with respect to any such motion.⁵

7. Similarly, the Response to the Objection – which only deals with whether Dugaboy has a claim against *HCMLP* – is not the appropriate manner to address Dugaboy's authority to pursue claims against the *Select Master Fund* in New York. If Dugaboy believes its "claims" against the Select Master Fund fall under the gatekeeper provision contained in Article IX.F of the

---

³ On June 23, 2021, HCMLP filed *Debtor's Reply in Support of Debtor's Motion for Entry of an Order (i) Authorizing the Debtor to (a) Enter Into Exit Financing Agreement in Aid of Confirmed Chapter 11 Plan and (b) Incur and Pay Related Fees and Expenses, and (ii) Granting Related Relief* [Docket No. 2476] (the "Exit Facility Reply"). The Exit Facility Reply contained a substantially similar analysis regarding Dugaboy's alleged claim against the Select Master Fund as that contained in the Objection.

⁴ Claim No. 131 has been objected to. Dugaboy has also voted on the Plan and been significantly involved in this case. Rule 3006 prohibits withdrawal of Claim No. 131 in these circumstances without an order from this Court. FRBP 3006 ("If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing . . .")

⁵ The lack of appropriate safeguards against Dugaboy or any other Dondero-controlled entity re-asserting Claim No. 131 (either in whole or in part) in this Court or any other court would be evidence that the withdrawal of Claim No. 131 is being done to compound vexatious litigation, increase litigation cost, delay prosecution of the claim, and impede the Plan. *Manchester, Inc. v. Lyle (In re Manchester, Inc.)*, 2008 Bankr. LEXIS 3312, *12 (Bankr. N.D. Tex. Dec. 19, 2008) ("In determining whether withdrawal of a proof of claim is appropriate, courts consider the following factors: (1) the movant's diligence in bringing the motion, (2) any 'undue vexatiousness' on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim. . .")

3

Plan (the "Gatekeeper"), Dugaboy should file a motion, on regular notice and with admissible evidence, seeking a determination from this Court that its alleged claims against the Select Master Fund are "colorable" and stating why jurisdiction is not "legally permissible" in this Court."[6] *See* Plan, Art. IX.F. It is not procedurally appropriate for Dugaboy to seek a ruling on the Gatekeeper via its Response. HCMLP reserves all rights with respect to any such motion.

*[Remainder of Page Intentionally Blank]*

---

[6] Dugaboy purposefully alleges that the Gatekeeper "vests exclusive jurisdiction of the claim of Dugaboy against [Select] Master Fund in this Court." Response ¶ 5. That is not true. The Gatekeeper requires Dugaboy to bring any claims against a "Protected Party" to this Court so that this Court may determine if the claim is "colorable." After such determination is made, the claim may proceed in this Court "only to the extent legally permissible and as provided for in ARTICLE XI [Retention of Jurisdiction]." Plan, Art. IX.F.

WHEREFORE, for the reasons set forth above and in the Objection, HCMLP respectfully requests that the Court (a)(i) enter the Proposed Order sustaining the Objection or (ii) require Dugaboy to file a motion to withdraw Claim No. 131 and (b) decline to enter an order authorizing Dugaboy to sue the Select Master Fund in New York unless and until Dugaboy complies with the Plan and Confirmation Order.

Dated: October 21, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/a/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§<br>§ |

### ORDER

Upon consideration of the *Objection to Proof of Claim Number 131 Filed by The Dugaboy Investment Trust on April 8, 2020* [Docket No. 2819] (the "Objection")[2] filed by Highland Capital Management, L.P., the reorganized debtor ("HCMLP," and prior to the effective date of the Plan, the "Debtor"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Court (1) having considered (i) the Objection, (ii) *Limited Response and Consent to (i) Objection to Proof of Claim 131 Filed by the Dugaboy Investment Trust on April 8,2020* [Docket No. 2933], (iii) the evidence admitted into evidence during the hearing held on October 25, 2021 (the "Hearing"), and

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection.

-1-

(iv) the arguments made during the Hearing and (2) finding that (a) notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; (b) the Objection is a core proceeding under 28 U.S.C. § 157(b); (c) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (d) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (e) Dugaboy was properly and timely served with the Objection and the notice of hearing on the Objection, and good and sufficient cause appearing therefor,

it is **HEREBY ORDERED THAT**:

1. The Objection is **SUSTAINED**.

2. Claim No. 131 is **DENIED** with prejudice.

3. To the extent applicable, the official claims register in the Debtor's Bankruptcy Case will be modified in accordance with this Order.

4. HCMLP is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

5. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

###End of Order###