PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) **Re: Docket Nos. 2819, 2932** |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF ITS
OBJECTION TO PROOF OF CLAIM NUMBER 177 FILED BY THE DUGABOY
INVESTMENT TRUST ON APRIL 23, 2020**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P., the reorganized debtor ("HCMLP"), hereby submits this reply (the "Reply") (i) in response to the *No Opposition to Granting Objection to Proof of Claim Number 1777 Filed by the Dugaboy Investment Trust on April 23, 2020* [Docket No. 2932] (the "Statement") filed by The Dugaboy Investment Trust ("Dugaboy") and (ii) in support of the *Objection to Proof of Claim Number 177 Filed by the Dugaboy Investment Trust on April 23, 2020* [Docket No. 2819] (the "Objection").[2] In further support of the Objection, HCMLP respectfully states as follows:

## INTRODUCTION

1. Dugaboy's Statement seeks to moot HCMLP's Objection to Claim No. 177. Dugaboy will undoubtedly argue that it is giving HCMLP what it wants – an order denying Claim No. 177 – but a review of the facts and circumstances surrounding Claim No. 177 and the nature of Dugaboy's "consent" reveals otherwise. Dugaboy's Statement seeks to avoid a ruling by this Court on the merits of Claim No. 177 and thereby allow Dugaboy and other entities owned and/or controlled by James Dondero the flexibility to assert substantially similar (and equally frivolous) claims in other courts. In other words, it is forum shopping and part of Mr. Dondero's concerted effort to avoid this Court's jurisdiction.

2. For the reasons discussed below, the Court should enter an order (a) sustaining the Objection and disallowing Claim No. 177 on the merits and with prejudice; and (b) finding that Claim No. 177, which asserts an administrative claim against HCMLP for mismanagement of Multi-Strat, is barred by Multi-Strat's governing documents and applicable law. A copy of a proposed Order is attached hereto as **Exhibit A**. The Court should also require Dugaboy to represent to the Court that it has not (i) transferred any interest in Multi-Strat to any party or (ii)

---

[2] All capitalized terms used but not defined herein have the meanings given to them in the Objection.

transferred Claim No. 177 (in whole or in part) to any party.

## REPLY

3. Dugaboy filed Claim No. 177 on April 23, 2020. Claim No. 177 asserts that Dugaboy is an investor in Multi-Strat and has claims against HCMLP arising out of its alleged mismanagement of Multi-Strat after the appointment of the Independent Board.

4. HCMLP objected to Claim No. 177 on July 30, 2020, in its First Omnibus Claim Objection. On October 8, 2020, Dugaboy responded, and on October 9, 2020, filed a motion seeking to amend its claim. Dugaboy, however, never amended Claim No. 177. The First Omnibus Claim Objection was not set for hearing.

5. On June 23, 2021, Dugaboy, through Sbaiti, filed its complaint in the Northern District of Texas against HCMLP. *See The Dugaboy Investment Trust v. Highland Capital Management, L.P.*, Case No. 21-cv-01479-S (N.D. Tex. Jun. 23, 2021) (the "Dugaboy District Court Complaint"). The Dugaboy District Court Complaint raised issues and claims identical to those asserted in Claim No. 177. At the June 25, 2021, hearing before this Court,[3] HCMLP's counsel informed the Court that Dugaboy had filed the Dugaboy District Court Complaint even though Claim No. 177 was pending before this Court. The Court questioned Sbaiti on how the filing of the Dugaboy District Court Complaint was justified in light of the existence of Claim No. 177. Within a day of the hearing, Dugaboy dismissed the Dugaboy District Court Complaint.

6. On July 22, 2021, the DAF, again through Sbaiti, filed its complaint against Highland in the Northern District of Texas. *See The Charitable DAF Fund, LP v. Highland Capital Management, L.P.*, Case No. 21-cv-01710-N (N.D. Tex. Jul. 22, 2021) (the "DAF District Court

---

[3] The hearing was on the DAF and CLO Holdco, Ltd.'s *Motion for Modification of Order Authorizing Retention of James P. Seery, Jr. Due to Lack of Subject Matter Jurisdiction* [Docket No. 2248], which sought to amend the order appointing Mr. Seery as HCMLP's pre-effective date chief executive officer and chief restructuring officer so that Mr. Dondero's "charitable" trusts could sue Mr. Seery in courts other than this Court.

Complaint"). The DAF District Court Complaint alleges that the DAF has "an interest" in Multi-Strat and asserts substantially identical claims against HCMLP as those asserted in Claim No. 177. The DAF District Court Complaint has not been served on HCMLP.

7. On September 9, 2021, HCMLP filed its Objection to Claim No. 177 arguing that Dugaboy's alleged claim for mis-management of Multi-Strat after the appointment of the Independent Board was barred by the clear language of Multi-Strat's governing documents.

8. On August 26, 2021, the DAF filed a motion seeking to stay the prosecution of the DAF District Court Complaint pending the outcome of the pending Fifth Circuit appeals of this Court's Confirmation Order. Before HCMLP could file a response, on September 7, 2021, the District Court entered an order staying the DAF District Court Complaint. On October 5, 2021, HCMLP filed a motion to reconsider the stay and a motion to dismiss the DAF District Court Complaint. In its motion to dismiss, HCMLP argued the DAF District Court Complaint should be dismissed because it violated the injunction in Article IX.F of the Plan[4] and that, under the Confirmation Order, the DAF District Court Complaint must be prosecuted, if at all, as an administrative claim in this Court. Briefing is not yet complete on HCMLP's motions.

9. Now, instead of filing a response to the Objection on the merits, Dugaboy filed the Statement, which states that "Dugaboy recognizes that the confirmed plan of HCMLP contains a release and exculpation of the claims asserted in Proof of Claim #177 and, as such, consents to an order granting the requested relief."

10. On October 19, 2021, HCMLP's counsel contacted Dugaboy's counsel and requested that Dugaboy (i) confirm its claim would be withdrawn with prejudice and that it would

---

[4] Article IX.F of the Plan provides in pertinent part that: "[A]ll Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind. . . against or affecting the Debtor or the property of the Debtor. . . ."

4

not subsequently seek to re-file a claim against Multi-Strat (as opposed to HCMLP) related to Claim No. 177, and (ii) represent and warrant it has not (a) transferred any claim against HCMLP or Multi-Strat raised in Claim No. 177 or (b) transferred or attempted to transfer any interest in Multi-Strat.  HCMLP made these requests to prevent Dugaboy, or any successor-in-interest in Dugaboy, from pursuing the same claims contained in Claim No. 177 in another court after the Objection to Claim No. 177 had been sustained by this Court.  As of the date hereof, Dugaboy has not satisfactorily responded to those requests.

11.    Dugaboy's refusal to acknowledge that it has not transferred (or attempted to transfer) any claims included in Claim No. 177 or any interest in Multi-Strat to a third party is telling, especially in light of the filing of the DAF District Court Complaint.  As discussed above, the DAF alleges in the DAF District Court Complaint that it has an "interest" in Multi-Strat but does not disclose the nature of that "interest."  HCMLP has no record of the DAF having any interest in Multi-Strat or any claims against HCMLP related to Multi-Strat that it would have standing to prosecute in the DAF District Court Complaint.  HCMLP is left to wonder whether Dugaboy has transferred (or attempted to transfer) its claims included in Claim No. 177[5] or interest in Multi-Strat to the DAF so the DAF can attempt to prosecute such claims in the District Court rather than in this Court.  Why else would Dugaboy file the Statement waving the white flag on a claim it has asserted throughout the case and consistently relied on in support of its standing to object to virtually every substantive action taken by the Debtor?[6]

---

[5] Rule 3001(e) requires the transferee of a claim to file a notice with the Court but does not, on its face, apply to the transfer of administrative claims.

[6] Dugaboy and the Dondero Entities also have another reason for wanting to walk away from Claim No. 177 without any determination on its merits.  Dugaboy, along with the Get Good Trust (collectively, the "Trusts"), have appealed this Court's order approving the UBS settlement [Docket No. 2389] (the "UBS Order").  The Trusts argue that Court did not have authority to approve HCMLP's exercise of its management rights with respect to Multi-Strat to approve of the settlement between Multi-Strat and UBS as being in Multi-Strat's best interests.  If this Court's order approving the settlement is reversed on appeal, then. Dugaboy will presumably try to sue HCMLP, among others, for causing

5

12. The foregoing raises serious questions regarding the genuineness of Dugaboy's capitulation and its "consent[] to an order granting the requested relief" – not on the merits of Claim No. 177 but based upon the exculpation and release provisions in the Plan  It appears Dugaboy's capitulation is part of a coordinated effort to evade this Court's jurisdiction and seek to have the matters raised by Claim No. 177, as frivolous as they are, heard on the merits in the District Court or some other court.  The Court should not tolerate such gamesmanship.

13. Accordingly, the Court should enter an order (a) sustaining the Objection and denying Claim No. 177 with prejudice and (b) finding that (i) Multi-Strat's governing documents vest authority over Multi-Strat in HCMLP and the MSCF GP and provide broad exculpation for HCMLP and the MSCF GP; and (ii) Claim No. 177 does assert a valid claim against HCMLP under the Multi-Strat governing documents and applicable law.  HCMLP requested such relief in the Objection and is entitled to such a finding if Dugaboy decides not to defend Claim No. 177 on its merits.  Dugaboy cannot refuse to defend Claim No. 177 and at the same time dictate the grounds upon which the Claim is disallowed.[7]

14. In addition, transparency requires that Dugaboy represent to the Court that it has not (1) transferred any interest in Multi-Strat to any party; and (2) transferred Claim No. 177 to any party.  Such representations are necessary to make sure that Dugaboy provides the Court with

---

Multi-Strat to settle with UBS  This action would be substantially precluded by a ruling on the merits of Claim No. 177.

[7] For the foregoing reasons, the Statement is a *de facto* attempt to withdraw Claim No. 177 to avoid a ruling on the merits.  Dugaboy is prohibited from withdrawing Claim No. 177 without an order from this Court pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure.  HCMLP, however, will challenge any withdrawal of Claim No. 177 as it would be done to compound vexatious litigation, increase litigation cost, delay prosecution of the claim, and impede the Plan and such withdrawal would therefore be inappropriate.  *Manchester, Inc. v. Lyle (In re Manchester, Inc.)*, 2008 Bankr. LEXIS 3312, *12 (Bankr. N.D. Tex. Dec. 19, 2008) ("In determining whether withdrawal of a proof of claim is appropriate, courts consider the following factors: (1) the movant's diligence in bringing the motion, (2) any 'undue vexatiousness' on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim. . .")

relevant information regarding the Objection and Dugaboy's Statement.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, for the reasons set forth above and in the Objection, the Debtor respectfully requests that the Court grant the Objection and enter the Order attached hereto as **Exhibit A.**.

| | |
|---|---|
| Dated:  October 21, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)<br>Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)<br>John A. Morris (NY Bar No. 266326) (*pro hac vice*)<br>Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)<br>Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>E-mail:    jpomerantz@pszjlaw.com<br>            ikharasch@pszjlaw.com<br>            jmorris@pszjlaw.com<br>            gdemo@pszjlaw.com<br>            hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## ORDER

Upon consideration of the *Objection to Proof of Claim Number 177 Filed by The Dugaboy Investment Trust on April 23, 2020* [Docket No. 2819] (the "Objection")[2] filed by Highland Capital Management, L.P., the reorganized debtor ("HCMLP," and prior to the effective date of the Plan, the "Debtor"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Court (1) having considered (i) the Objection, (ii) the *No Opposition to Granting Objection to Proof of Claim Number 1777 Filed by the Dugaboy Investment Trust on April 23,2020* [Docket No. 2932], (iii) the evidence admitted into evidence during the hearing held on October 25, 2021 (the "Hearing"),

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection.

-1-

(iv) the arguments made during the Hearing*[, and (v) Dugaboy's representations at the Hearing that Dugaboy has not (y) transferred any interest in Multi-Strat to any party or (z) transferred Claim No. 177 (in whole or in part) to any party]*, and (2) finding that (a) notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; (b) the Objection is a core proceeding under 28 U.S.C. § 157(b); (c) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (d) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (e) Dugaboy was properly and timely served with the Objection and the notice of hearing on the Objection, and good and sufficient cause appearing therefor,

    it is **HEREBY ORDERED THAT**:

1. The Objection is **SUSTAINED**.

2. Claim No. 177 is **DENIED** with prejudice.

3. The claims and causes of action asserted against the Debtor in Claim No. 177 are barred by Multi-Strat's governing documents and applicable law.

4. To the extent applicable, the official claims register in the Debtor's Bankruptcy Case will be modified in accordance with this Order.

5. HCMLP is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

6. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

###End of Order###