

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 26, 2021

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## ORDER

Upon consideration of the *Objection to Proof of Claim Number 177 Filed by The Dugaboy Investment Trust on April 23, 2020* [Docket No. 2819] (the "Objection")[2] filed by Highland Capital Management, L.P., the reorganized debtor ("HCMLP," and prior to the effective date of the Plan, the "Debtor"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Court (1) having considered (i) the Objection, (ii) the *No Opposition to Granting Objection to Proof of Claim Number 177 Filed by the Dugaboy Investment Trust on April 23, 2020* [Docket No. 2932], and (iii) Dugaboy's representations to this Court that Dugaboy has not (y) transferred any interest in Multi-

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8375. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection.

-1-

-2-

Strat to any party or (z) transferred Claim No. 177 (in whole or in part) to any party, and (2) finding that (a) notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given, (b) the Objection is a core proceeding under 28 U.S.C. § 157(b), (c) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (d) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (e) Dugaboy was properly and timely served with the Objection and the notice of hearing on the Objection, and good and sufficient cause appearing therefor,

it is **HEREBY ORDERED THAT**:

1. The Objection is **SUSTAINED**.

2. Claim No. 177 is **DISALLOWED** with prejudice.

3. The claims and causes of action asserted against the Debtor in Claim No. 177 are barred by Multi-Strat's governing documents and applicable law.

4. This Order is and will be binding on Dugaboy's successors, transferees, and assigns, including, without limitation, any transferee or assignee of Claim No. 177 or any interest in Multi-Strat (in each case whether in whole or in part).

5. To the extent applicable, the official claims register in the Debtor's Bankruptcy Case will be modified in accordance with this Order.

6. HCMLP is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

7. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

###End of Order###

DOCS_NY:44334.3 36027/003