PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>                Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**REORGANIZED DEBTOR'S SUPPLEMENTAL OMNIBUS OBJECTION TO
CERTAIN EMPLOYEE CLAIMS**

**\*\*\*CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE
THEIR NAMES AND CLAIMS IN THE SCHEDULES ATTACHED TO
THE PROPOSED ORDER ON THIS OBJECTION\*\*\***

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). Its headquarters and service address is 100 Crescent Court, Suite 1850, Dallas, TX 75201

**A COPY OF YOUR CLAIM IS AVAILABLE ONLINE AT HTTP://WWW.KCCLLC.NET/HCMLP/CREDITOR/SEARCH OR BY EMAIL REQUEST TO JONEILL@PSZJLAW.COM**

**NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON DECEMBER 2, 2021, WHICH IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE OBJECTING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE RESPONDING PARTY.**

**IF NO HEARING ON SUCH CLAIM OBJECTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Highland Capital Management, L.P. (the "Debtor" or "Reorganized Debtor", as applicable), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection"), seeking entry of an order disallowing the claims listed on **Appendices A** and **B** to the Order (the "Employee Claims"). The Employee Claims are already currently subject to objection on the basis of no liability pursuant to that certain *Debtor's Third Omnibus Objection to Certain No Liability Claims* [Docket No. 2059] (the "Employee Claims Omnibus Objection"). This Objection further objects to the Employee Claims on the grounds that they arise under the Debtor's "Annual Bonus Plan" and/or "Deferred Bonus Plan" (collectively, the "Bonus Plans")[2] and, under the express terms thereof, could not have been transferred to the current holders of such

---

[2] The Debtor's "Annual Bonus Plan" and "Deferred Bonus Plan" are defined and described more fully in the *Motion Authorizing the Debtor to Grant and Honor Postpetition Awards under Ordinary Course Non-Insider Employee Bonus Plans and Granting Related Relief* [Docket No. 177] (the "Ordinary Course Bonus Motion").

2

claims. As a result, no liability is due and owing to the alleged holders of such Employee Claims on account thereof.

In support of this Objection, the Reorganized Debtor represents as follows:

### I. JURISDICTION

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

### II. BACKGROUND[3]

**I.  Background Related to the Claims**

3. On May 8, 2020, this Court entered the *Order Approving Joint Stipulation of the Debtor and the Official Committee of Unsecured Creditors Modifying Bar Date Order* [Docket No. 628] (the "Employee Bar Date Order"). Pursuant to the Employee Bar Date Order, the Debtor was authorized to provide certain employees with a letter (the "Employee Letter") setting forth the prepetition deferred, contingent bonuses awarded to such employees under the Bonus Programs. For confidentiality reasons, the Debtor provided the Employee Letters in lieu of requiring such employees to file a proof of claim publicly that disclosed his or her compensation, and the amounts included in the Employee Letters were deemed to constitute *prima facie* evidence of the validity

---

[3] Additional background related to the bankruptcy case was set forth in the Employee Claims Omnibus Objection.

and amount of such covered employees' claims under Bankruptcy Rule 3003(c). If a covered employee disagreed with the amounts included in his or her Employee Letter, such employee was required to file a proof of claim no later than 5:00 p.m. Central Time on May 26, 2020. A number of the employees subsequently filed proofs of claim asserting claims under the Bonus Plans.

4. In the Employee Claims Omnibus Objection,[4] the Debtor objected to the claims of certain Debtor employees that had been terminated (collectively, the "Former Employees"). The Former Employees had either filed proofs of claim or had the claims included in their Employee Letters (collectively, the "Employee Claims"). Each of the Employee Claims asserted claims arising under the Debtor's Annual Bonus Plan and/or Deferred Bonus Plan. The Employee Claims were set forth on **Schedule I** to the Employee Claims Omnibus Objection.

5. Substantially contemporaneous with the filing of the Employee Claims Omnibus Objection, four of the Employee Claims [Docket Nos. 2044-47] were transferred to NexPoint Advisors, L.P. ("NexPoint"). After the Employee Claims Omnibus Objection was filed, twenty-three of the Employee Claims [Docket Nos. 2092-94, 2096-2115] were transferred to CPCM, LLC ("CPCM"), and one additional Employee Claim [Docket No. 2698] was transferred to NexPoint. Each of these transfers was void under the express terms of the Bonus Plans, and CPCM and NexPoint cannot assert the Employee Claims against the Debtor's estate.

6. The Employee Claims Omnibus Objection expressly reserved the right to object in the future to any of the Employee Claims on any ground, including, but not limited to, 11 U.S.C. § 502(d). As set forth below, Highland is supplementing the Employee Claims Omnibus Objection to object to the Employee Claims set forth on **Appendices A** and **B**[5] that are held by CPCM and

---

[4] An evidentiary hearing on the Employee Claim Omnibus Objection is currently set for December 15, 2021 at 9:30 AM CT

[5] **Appendix A** lists all of the Employee Claims that assert claims under the Annual Bonus Plan. **Appendix B** lists all of the Employee Claims that assert claims under the Deferred Bonus Plan.

NexPoint on the additional ground that the transfer of such claims to CPCM and NexPoint is void under the express terms of the Bonus Plans.

### III. OBJECTION

7. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991). Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). For the reasons set forth below, the Employees Claims are not enforceable by the holders of the Employee Claims and should be disallowed and expunged as set forth herein.

### I. Annual Bonus Plan

8. In the ordinary course of business, the Debtor awarded deferred, contingent employee bonuses under the Annual Bonus Plan based upon employee performance in the prior calendar year.

9. Section 10 of the Annual Bonus Plan prohibits assignment or transfer of the right or interest of a plan participant as follows:

> **Nontransferability.** No right or interest of any Participant in the Plan shall be assignable or transferable, or subject to any lien directly, by operation of law, or otherwise, including but not limited to, execution, levy, garnishment, attachment, pledge, and bankruptcy.

D-NE-001609, a true and correct copy of which is attached hereto as **Exhibit A**.

10. Because the Employee Claims on **Appendix A**, which assert claims under the Annual Bonus Plan, have been transferred to CPCM or NexPoint in violation of the Annual Bonus Plan, neither CPCM nor NexPoint can assert such Employee Claims against the estate.

## II. Deferred Bonus Plan

11. Separately, under the Deferred Bonus Plan, awards were issued to certain eligible employees using a standardized agreement called the "Contingent Bonus Agreement." The Contingent Bonus Agreements were subject to the terms of the Deferred Bonus Plan and are referred to as an "Award Agreement" in the Deferred Bonus Plan.

12. Section 9 of the Deferred Bonus Plan provides that any transfer in violation of the Deferred Bonus Plan or an Award Agreement is invalid and void *ab initio* as follows:

> **Transfer of Awards.** No purported sale, assignment, mortgage, hypothecation, transfer, charge, pledge, encumbrance, gift, transfer in trust (voting or other) or other disposition of, or creation of a security in or lien on, any Award or any agreemetn or commitment to do any of the foregoing (each, a "Transfer") by any holder thereof in violation of the provisions of the Plan or an Award Agreement will be valid; provided, however, that Transfers may be made by will or by the laws of descent and distribution. Any purported Transfer of an Award or any economic benefit or interest therein in violation of the Plan or an Award Agreement will be null and void *ab initio*, and will not create any obligation or liability of the Company, and any person purportedly acquiring any Award or any economic benefit or interest therein transferred in violation of the Plan or an Award Agreement will not be entitled to be recognized as a holder of such Award or any Shares underlying such Award. This Section 9 will not restrict Transfer of Awards following settlement of such Awards.

A true and correct copy of the Deferred Bonus Plan is attached hereto as **Exhibit B**.

13. Each of the Award Agreements (*i.e.*, the Contingent Bonus Agreement) have the following language:

> **Transferability of Award.** Subject to Section 9 of the Plan, the rights of the Participant under this Agreement, the Award (prior to settlement) and any interest therein or in Shares underlying such Award (if any) shall not be transferable except as provided in **Section 3.2** below. In addition, if the Award Vests and is settled in Shares, in whole or in part, the Securities and Exchange Commission may view such Shares as restricted. As a result, the Participant may not be able to transfer

6

such Shares under the applicable securities laws unless an exemption from registration is available.

\*\*\*

**Death or Disability.** If the Participant's employment terminates before the Vesting Date on account of death or Disability, then the Award will Vest immediately and the Shares and/or cash to which the Participant is or would be otherwise entitled under this Agreement will be issued to the Participant or, in the vent of the Participant's death, to the Participant's estate, in accordance with **Section 4**.

14. As set forth above, any transfer of an award under the Deferred Bonus Plan is void unless such transfer arises from a plan participant's death or disability. None of the Employee Claims on **Appendix B**, which assert claims under the Deferred Bonus Plan, were transferred to either CPCM or NexPoint on account of the death or disability of a plan participant.

15. Because the Employee Claims on **Appendix B**, which assert claims under the Deferred Bonus Plan, have been transferred to CPCM or NexPoint in violation of the Deferred Bonus Plan, neither CPCM nor NexPoint can assert such Employee Claims against the estate.

## V.    RESPONSES TO OBJECTIONS

16. To contest an objection, a claimant must file and serve a written response to this Objection (each, a "Response") so that it is received no later than **December 2, 2021 at 5:00 p.m. (Central Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the Northern District of Texas (Dallas Division), Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, TX  75242-1496 and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> **Pachulski Stang Ziehl & Jones LLP**
> Jeffrey N. Pomerantz
> Ira D. Kharasch
> John A. Morris
> Gregory V. Demo
> Hayley R. Winograd

      10100 Santa Monica Blvd., 13th Floor
      Los Angeles, CA  90067
      jpomerantz@pszjlaw.com
      ikharasch@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com
      hwinograd@pszjlaw.com

      -and-

      **Hayward PLLC**
      Melissa S. Hayward
      Zachery Z. Annable
      10501 N. Central Expy, Ste. 106
      Dallas, TX  75231
      mhayward@haywardfirm.com
      zannable@haywardfirm.com

17. Every Response to this Objection must contain, at a minimum, the following information:

  i. A caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the objection to which the Response is directed;

  ii. The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

  iii. The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

  iv. Any supporting documentation (to the extent it was not included with the proof of claim previously filed with the clerk of the Court or KCC) upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

  v. The name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Reorganized Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

18. If a claimant fails to file and serve a timely Response by the Response Deadline, the Reorganized Debtor will present to the Court an appropriate order disallowing such claimant's claim without further notice to the claimant.

### VI. REPLIES TO RESPONSES

19. Consistent with the Local Rules, the Reorganized Debtor may, at its option, file and serve a reply to a Response by no later than 5:00 p.m. (prevailing Central Time) three (3) days prior to the hearing to consider the Objection.

### VII. SEPARATE CONTESTED MATTERS

20. To the extent that a Response is filed regarding any claim listed in this Objection and the Reorganized Debtor is unable to resolve the Response, the objection by the Reorganized Debtor to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

### VIII. RESERVATION OF RIGHTS

21. The Reorganized Debtor hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. The Reorganized Debtor also reserves the right to object in the future to any other claim filed by a claimant whose claim is subject to this Objection.

22. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Reorganized Debtor may have to exercise rights of setoff against the holders of such claims.

### IX. NOTICE

23. Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) each of the claimants whose claim is subject to this Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

### X. COMPLIANCE WITH LOCAL RULES

24. This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection. The Reorganized Debtor objects to no more than 100 proofs of claim herein. The Reorganized Debtor has served notice of this Objection on those persons whose names appear in the signature blocks on the proofs of claim and in accordance with Bankruptcy Rule 7004. Moreover, the Reorganized Debtor has notified claimants that a copy of their claim may be obtained from the Reorganized Debtor upon request. Accordingly, the Reorganized Debtor submits that this Objection satisfies Local Rule 3007-2.

WHEREFORE, the Reorganized Debtor respectfully requests the entry of the proposed Order, substantially in the form attached to the Employee Claims Omnibus Objection, granting the relief requested and granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

DOCS_LA:340405.3 36027/003

| | |
|---|---|
| Dated:  November 1, 2021 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)<br>Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)<br>John A. Morris (NY Bar No. 266326) (*pro hac vice*)<br>Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)<br>Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:      jpomerantz@pszjlaw.com<br>                  ikharasch@pszjlaw.com<br>                   jmorris@pszjlaw.com<br>                  gdemo@pszjlaw.com<br>                   hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |