PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER
EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS
PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                                              Page 1 of 10

DOCS_DE:236873.1 36027/002

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE THE CLOSE OF BUSINESS ON DECEMBER 1, 2021, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Highland Capital Management, L.P. (the "Reorganized Debtor" and, prior to the Effective Date of the Plan (defined below), the "Debtor"), the reorganized debtor in the above-captioned chapter 11 bankruptcy case (the "Case"), filing this *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion") seeking an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline through March 14, 2022 (a 90-day extension) by which the Reorganized Debtor may remove actions pursuant to 28 U.S.C. § 1452, without prejudice to the Reorganized Debtor's right to seek further extensions. In support of the Motion, the Reorganized Debtor respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                        Page 2 of 10

DOCS_DE:236873.1 36027/002

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 1452 of title 28 of the United States Code (the "Judicial Code").

## II. BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"). On December 4, 2019, the Delaware Court entered an order transferring venue of the Reorganized Debtor's Case to this Court [Docket No. 186].[2]

3. On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1808] (the "Plan").

4. The Plan went effective on August 11, 2021 (the "Effective Date") and, on that same date, the Reorganized Debtor filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700]. The Reorganized Debtor has commenced making distributions to certain Allowed Claims in accordance with the terms of the Plan.

5. On January 13, 2020, the Reorganized Debtor filed its first motion to extend the removal period deadline [Docket No. 351] through and including July 14, 2020. On February

---

[2] All docket numbers refer to the docket maintained by this Court.

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE Page 3 of 10

DOCS_DE:236873.1 36027/002

19, 2020, the Court entered an order approving the first motion extending the deadline [Docket No. 459]. On June 15, 2020, the Reorganized Debtor filed its second motion to extend the removal period deadline [Docket No. 747] through and including January 14, 2021. On July 9, 2020, the Court entered an order approving the second motion extending the deadline [Docket No. 816]. On December 16, 2020, the Reorganized Debtor filed its third motion to extend the removal period deadline [Docket No. 1583] through and including June 14, 2021. On January 12, 2021, the Court entered an order approving the third motion extending the deadline [Docket No. 1725]. On May 14, 2021, the Reorganized Debtor filed its fourth motion to extend the removal period deadline [Docket No. 2304]. On June 16, 2021, the Court entered an order approving the fourth motion extending the deadline through and including September 14, 2021 [Docket No. 2453]. On August 19, 2021, the Reorganized Debtor filed its fifth motion to extend the removal period deadline [Docket No. 2748]. On September 13, 2021, the Court entered an order approving the fifth motion extending the deadline through and including December 13, 2021 [Docket No. 2828] (the "Fifth Extension Order"). The deadline set by the Fifth Extension Order has not yet lapsed as of the filing of this Motion.

6. The Reorganized Debtor is a party to several civil lawsuits and proceedings other than before the Bankruptcy Court and may become aware of such further lawsuits and proceedings before the closure of this Case (collectively, the "Actions").

7. In particular, as the Court is aware, James Dondero and entities owned and/or controlled by him (collectively, the "Dondero Entities") have filed a series of lawsuits during the pendency of this Case in forums other than the Bankruptcy Court. Three of those actions were filed in the United States District Court for the Northern District of Texas. *Charitable DAF Fund, L.P. and CLO Holdco, Ltd. v. Highland Capital Management, L.P., Highland HCF Advisor, Ltd.,*

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE — Page 4 of 10

DOCS_DE:236873.1 36027/002

*and Highland CLO Funding, Ltd.*, Case No. 21-cv-00842-B (N.D. Tex. April 12, 2021) ("First DAF Action"); (ii) *PCMG Trading Partners XXIII, L.P. v. Highland Capital Management, L.P.*, Case No. 21-cv-01169-N (N.D. Tex. May 21, 2021) ("PCMG Action"); and (iii) *Charitable DAF Fund, LP v. Highland Capital Management, L.P.*, Case No. 21-cv-01710-N (N.D. Tex. July 22, 2021) ("Second DAF Action").[3] Another was filed in Texas state court. *See Dondero v. Alvarez & Marsal CRF Mgmt., LLC and Farallon Capital Mgmt., LLC*, Cause No. DC-21-09534 (95th Judicial District Court of Dallas County, Texas) (the "Dondero Petition").[4] Now that the Effective Date of the Plan has occurred, parties are required by the terms of Article IX.F of the Plan to first seek permission from this Court to file any actions against certain parties (the "Gatekeeper Provision"). The Reorganized Debtor expects the Dondero Entities to comply with the terms of the Gatekeeper Provision. However, the Dondero Entities have failed to comply with the Court's pre-Effective Date gatekeeper orders, and this Court has found certain parties in contempt in connection therewith. Extending the removal deadline under these circumstances is particularly important and appropriate to preserve the Reorganized Debtor's rights to remove to this Court litigation as appropriate.

---

[3] The District Court referred the First DAF Action to this Court for adjudication. *Charitable DAF Fund, L.P. and CLO Holdco, Ltd. v. Highland Capital Management, L.P., Highland HCF Advisor, Ltd., and Highland CLO Funding, Ltd.*, Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex. Sept. 28, 2021). The PCMG Action and Second DAF Action have been stayed; however, the Reorganized Debtor filed motions to reconsider the stays as well as motions to dismiss.

[4] The Dondero Petition was removed to this Court. *See Notice of Removal*, Adv. Case No. 19-34054-sgj, Adv. Docket No. 1 (Bankr. N.D. Tex. Aug. 9, 2021). Mr. Dondero has sought to remand the Dondero Petition to the Texas state court. [Adv. Docket No. 16]

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE       Page 5 of 10

DOCS_DE:236873.1 36027/002

### III. RELIEF REQUESTED

8. By this Motion, the Reorganized Debtor seeks entry of an order pursuant to Rule 9006(b) of the Bankruptcy Rules further extending, through March 14, 2022, the deadline by which the Reorganized Debtor may file notices of removal with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code, to the extent that the time period for filing any such notices of removal expires on December 13, 2021. The Reorganized Debtor requests that the proposed March 14, 2022 deadline to file removal actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3). The Reorganized Debtor further requests that the order approving this Motion be without prejudice to the right of the Reorganized Debtor to seek further extensions of the period in which it may remove civil actions pursuant to Bankruptcy Rule 9027.

### IV. ARGUMENT AND AUTHORITIES

9. Section 1452 of the Judicial Code provides for the removal of pending civil claims with respect to which the district courts have jurisdiction under section 1334 of the Judicial Code. Section 1452 provides in pertinent part as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE — Page 6 of 10

DOCS_DE:236873.1 36027/002

28 U.S.C. § 1452.

10. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2). With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(3).

11. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1).

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE — Page 7 of 10

DOCS_DE:236873.1 36027/002

12. It is well-settled that the Court is authorized, pursuant to Bankruptcy Rule 9006, to enlarge the removal period provided under section 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds*; *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding bankruptcy court's power to grant extension of removal deadline pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (holding Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (same). Courts in this district and elsewhere have regularly granted the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 12, 2018); *In re Life Partners Holding, Inc.*, Case No. 15-40289-RFN [Docket No. 1810] (Bankr. N.D. Tex. Apr. 7, 2016); *In re Pilgrim's Pride Corp.*, Case No. 08-45664-DML [Docket No. 964] (Bankr. N.D. Tex. Feb. 26, 2009); *In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 747 n. 8 (Bankr. N.D. Tex. 2009) (noting that the time for removal under 9027(a)(2) is subject to enlargement under Bankruptcy Rule 9006(b)); *In re CDX Gas, LLC*, Case No. 08-37922 (LZP) (Bankr. S.D. Tex. March 31, 2009) (extending the debtors' removal deadline for 90 days); *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Oct. 9, 2003) (extending the debtors' removal deadline through confirmation of a plan of reorganization).

13. Notably, bankruptcy courts, including various courts in the Fifth Circuit, regularly approve post-confirmation extensions sought by the reorganized debtor or other plan

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE Page 8 of 10

DOCS_DE:236873.1 36027/002

representative of the removal period, where there is cause. *See, e.g.*, *In re Neiman Marcus Group Ltd. LLC*, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. Oct. 22, 2020) (Docket Nos. 1976 & 2015 in Case No. 20-32519; liquidating trustee's motion for broad extension of time to remove actions, filed after plan effective date but before lapse of previously extended deadline, approved by court); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (DRJ), Docket Nos. 984 & 1032 (Bankr. S.D. Tex. Dec. 5, 2016) (granting reorganized debtor's motion for extension of removal period, filed after plan effectiveness and prior to expiration of previously extended deadline); *In re RCS Capital Holdings, LLC*, Case No. 16-10223 (MFW), Docket Nos. 1623 & 1626 (Bankr. D. Del. June 17, 2021) (granting reorganized debtor's motion for extension of removal period, filed after plan effectiveness and prior to expiration of previously extended deadline); *In re Revstone Indus., LLC*, Case No. 12-13262 (BLS), Docket Nos. 2703 & 2708 (Bankr. D. Del. Jan. 22, 2020) (similar); *In re AMR Corp.*, 2013 Bankr. LEXIS 5785, at *113-14 (Bankr. S.D.N.Y. Oct. 21, 2013) (confirming plan with provision extending removal period until one year after plan confirmation, subject to debtors' rights to seek further extensions); *see also In re Ernst*, 45 B.R. 700, 703 (Bankr. D. Minn. 1985) ("The Court's removal powers under 28 U.S.C. § 1452 and its injunctive powers under 11 U.S.C. § 105 are unaffected solely by confirmation of a plan of reorganization, and remain available upon proper application for as long as the Court has jurisdiction in the case.")

14. The extension sought will afford the Reorganized Debtor, who is focused on administering and implementing the Plan and operating its post-confirmation business, additional time to determine whether to remove any Action and will ensure that valuable rights under section 1452 of the Judicial Code are not forfeited. Critically, the rights of other parties to the Actions will not be prejudiced by the extension, because any party to an Action that is removed may seek

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
Page 9 of 10

DOCS_DE:236873.1 36027/002

to have it remanded to the state court pursuant to section 1452(b) of the Judicial Code. Moreover, as explained above, the requested extension is especially important in this Case in order to preserve the Reorganized Debtor's rights to remove to this Court litigation as appropriate to facilitate the Plan's Gatekeeper Provision.

15. Given the circumstances described above, the Reorganized Debtor submits that there is cause to grant the relief requested herein.

## V. NOTICE

16. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the Debtor's principal secured parties; (d) counsel to the Committee; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI. PRIOR REQUEST

17. This is the Reorganized Debtors' sixth request for an extension of the removal deadline.

## VII. PRAYER

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

*[Remainder of Page Intentionally Blank]*

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 10 of 10

DOCS_DE:236873.1 36027/002

Dated: November 10, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
　　　　ikharasch@pszjlaw.com
　　　　gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE　　　　Page 11 of 10

DOCS_DE:236873.1 36027/002

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | **Re: Docket No. \_\_\_\_\_** |
| | ) | |

**ORDER FURTHER EXTENDING PERIOD WITHIN WHICH THE REORGANIZED
DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND
RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Court has considered the *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion")[2] of the above-captioned Reorganized Debtor seeking entry of an order pursuant to 28 U.S.C. § 1452 and Bankruptcy

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1

Rule 9027 extending the period within which the Reorganized Debtor may remove actions. The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances; and (d) cause exists under Bankruptcy Rule 9006(b)(1) to grant an extension of the removal periods established under Bankruptcy Rule 9027(a). After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion; it is therefore

**ORDERED** that the Motion is **GRANTED** as set forth herein; it is further

**ORDERED** that the time periods provided under Bankruptcy Rules 9027(a)(2) and (a)(3) within which the Reorganized Debtor may file notices of removal of any and all civil actions is extended to and includes March 14, 2022; it is further

**ORDERED** that this Order shall be without prejudice to the Reorganized Debtor's right to seek from the Court further extensions of the period within which the Reorganized Debtor may file notices of removal under Bankruptcy Rule 9027(a); and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### END OF ORDER ###