SBAITI & COMPANY PLLC
Mazin A. Sbaiti (TX Bar No. 24058096)
Jonathan Bridges (TX Bar No. 24028835)
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367

*Counsel for Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD., DIRECTLY AND DERIVATIVELY | § § | |
| | § | |
| Plaintiffs, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03003-sgj11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING LTD., NOMINALLY | § § § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFFS' AMENDED MOTION TO STAY ALL PROCEEDINGS

### I.

### NECESSITY OF MOTION

Plaintiffs submit this Motion as a result of the effective date, August 11, 2021, of Defendant Highland Capital Management L.P.'s Chapter 11 plan of reorganization (the "Plan"). The Plan

---

Plaintiffs' Amended Motion to Stay All Proceedings      Page 1

purports to exculpate Defendants from liability and enjoin Plaintiffs from pursuing actions against them. It also contains an assertion of exclusive jurisdiction by the bankruptcy court.

An appeal of the Plan, which the Fifth Circuit certified for direct appeal under 28 U.S.C. § 158(d), is now before the Court of Appeals and captioned *In re Highland Capital Management, L.P.*, No. 21-10449 (the "Fifth Circuit Appeal"). Each of the issues noted above is raised in the appeal. If successful, the appeal will overturn the exculpation, injunction, and assertion of exclusive jurisdiction in the Plan, allowing Plaintiffs to proceed with this action.

In the meantime, however, Plaintiffs are enjoined from participating further in this pending case and therefore ask that it be stayed pending the outcome of the Fifth Circuit Appeal.

## II.
## BACKGROUND

On August 9, 2021, Plaintiffs received notice that the Plan was now effective. *In re Highland Capital Management, L.P.*, No. 19-34054, Doc. 2700. Although one condition precedent to the effectiveness of the Plan is finality of the confirmation order, which can only happen once all appeals are resolved, that and all other conditions are waivable by the Debtor. *Id.*, Doc. 1943 at pdf 142-43 (Art. VIII at pp. 45-46). The Debtor's notice, which waived finality and any other unsatisfied conditions, makes the Plan's exculpation provisions and injunctions immediately effective. Plaintiffs respectfully submit that the Final Plan permanently enjoins this lawsuit. It provides:

> Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, **all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor**, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or

attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.

(the "Final Plan Injunction") *Id.* at pdf 147-48 (ART. IX.F at pp. 50-51 (underlining and emphasis added)). "Enjoined Parties" is a defined term in the Plan that includes Plaintiffs. *Id.* at pdf 105 (Art. I; ¶ 56 at p.8).

Because these provisions are currently in force and prohibit Plaintiffs from continuing this action, and because the Fifth Circuit Appeal includes direct challenges to the enforceability and validity of these very provisions, Plaintiffs respectfully submit that the most efficient course of action is for this Court to stay this action until the Fifth Circuit Appeal is resolved.

Plaintiffs expect that resolution of the Fifth Circuit Appeal will determine either that the Plan's exculpation and injunction provisions absolve Defendant Debtor of any liability (thus rendering moot the claims against the two non-debtor defendants) or, alternatively, that this action can proceed.

### III.

### ARGUMENT

This Court should stay all proceedings in the case until the Fifth Circuit Appeal is decided. The Fifth Circuit has long held that "[t]he district court possesses the inherent power to control its

docket." *Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). The exercise of that power is a discretionary one. *E.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Here, Plaintiffs ask this Court to exercise discretion in favor of common sense and efficiency and stay all proceedings. Plaintiffs respectfully submit that, until the appeal is resolved, there are several complex legal questions exist that may affect the viability of this action or the forum in which it should be litigated.

Those questions—including the validity of the Final Plan provisions quoted above—will in all likelihood be resolved by the Fifth Circuit Appeal. And therefore, Plaintiffs submit, judicial and party resources would be best preserved by simply staying all proceedings in this action pending that appeal.

Highland, on the other hand, contends that this Court should deny the stay, and decide its pending 12(b)(6) motion on the merits. This Court should not do so for a few reasons:

***First***, it would seem that the entire purpose of the Final Plan Injunction is to simply put all litigation against the debtor to an end—thus avoiding the necessity of litigating the merits (and the attend expenditures of time and money). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S. Ct. 1202 (1980). This Court's Final Plan Injunction has effectively disposed of the matter and this Court can simply enforce it irrespective of the merits of this dispute, rendering the 12(b)(6) motion, and the issues raised therein, moot. *Accord Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome."); *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72-73 (1983) ("Because of the position that the University has taken irrespective of the outcome of this lawsuit, we conclude that the case is moot and that the Court of Appeals had no jurisdiction to decide it."). Indeed, were this Court to issue an opinion resolving the underlying claims on the merits, it would be an advisory opinion, which this Court lacks jurisdiction to issue. *See Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 885 (N.D. Tex. 2008).

**Second**, this Court should not force Plaintiffs (or their counsel) to argue the 12(b)(6) motion because this Court has specifically enjoined them from "conducting or continuing in any manner" any claim against the Debtor. Plaintiffs and their Counsel are rightfully concerned that by arguing the 12(b)(6) motion in favor of non-dismissal, they would be violating the Final Plan Injunction and would be subject to sanctions.

**Third**, were this Court to deny the stay, Plaintiffs would respectfully submit that the merits of the 12(b)(6) motion must be decided by the district court under 15 U.S.C. § 157(d). While the district court referred this case to this Court for general proceedings under the standing order (*see* Doc. 64), because the 12(b)(6) Motion involves issues of federal securities laws and regulations, withdrawal of the reference is mandatory. Plaintiffs are again concerned, however, that by moving to withdraw the reference, that could be construed as "conducting or continuing" a claim against the Debtor, once again opening Plaintiffs and their counsel to potential sanctions for violations of the injunction. Accordingly, if this Court intends to deny the stay for any reason, Plaintiffs respectfully submit here, as an offer of proof, a proposed motion to withdraw the reference, which they would file were they not enjoined from conducting or continuing this litigation. The proposed motion is attached hereto as Exhibit A.

***Finally***, Highland's position is contrary to the position it has taken in two other matters. Specifically, there, Highland moved to lift the stays granted in those cases and have the cases dismissed based upon the Final Plan Injunction. *PCMG Trading Partners XXIII, L.P. v. Highland Capital Management L.P.*, No. 3:21-cv-01169-N (N.D. Dist. Tex.) (Docs. 8 through 13) and *The Charitable DAF Fund, L.P. v. Highland Capital Management L.P.*, No. 3:21-cv-01710-N (N.D. Dist. Tex.) (Docs. 8 through 13). That Highland requested dismissal pursuant to the Final Plan Injunction in those cases but not here is revealing. The Final Plan Injunction is the only basis to dismiss this case. As for why this Court should stay this proceeding and not dismiss outright based upon its Final Plan Injunction, that answer is predicated on judicial and party efficiency. Were this Court to dismiss this action based upon the Final Plan Injunction, Plaintiffs would be forced to appeal the dismissal predicated, at least in part, on the validity of the injunction. That would likely then dovetail with the pending appeal of the Final Plan, *writ large*. If the Fifth Circuit Appeal were to result in reversal of the Final Plan Injunction, then the case would be right back here and could at that time proceed to the merits. If the appeal were to ultimately result in an affirmance, then this Court could simply dismiss the case based upon the Final Plan Injunction. There is no reason for the additional cost of attorney time and paperwork of triggering an appeal, docketing the appeal, designating the appellate record, etc.

## IV.

## CONCLUSION

Plaintiffs are wholly prohibited from participating further in this action by the now-effective terms of the Plan that purport to enjoin Plaintiffs and exculpate Defendant Highland. In light of their inability to conduct the litigation and the pending Fifth Circuit Appeal, which that court has certified for direct appeal. Plaintiffs respectfully submit that the most appropriate course

for this Court is to stay all proceedings until the appeal is decided, or dismiss the action based upon the Final Plan Injunction. Plaintiffs therefore respectfully request a stay and all further relief to which they may be entitled.

Dated: November 10, 2021

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Mazin A. Sbaiti*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
 jeb@sbaitilaw.com

***COUNSEL FOR PLAINTIFFS***

## CERTIFICATE OF CONFERENCE

I hereby certify that, in a series of communications between August 13 and 26, 2021, I conferred with Defendant's counsel regarding this Motion, and counsel indicated that they are opposed to the relief sought in this Motion.

*/s/ Jonathan Bridges*
Jonathan Bridges