

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 22, 2021

_____
United States Bankruptcy Judge

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |

### ORDER GRANTING CONSOLIDATED MONTHLY, THIRD INTERIM, AND FINAL APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS REGULATORY AND COMPLIANCE COUNSEL FOR THE PERIOD OCTOBER 16, 2019 THROUGH AUGUST 11, 2021

The Court conducted a hearing on November 17, 2021 (the "Hearing") to consider the final application [Docket No. 2907] ("Final Application")[2] of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") for final allowance of compensation for professional services rendered in the above-captioned case during the period from October 16, 2019 through August 11, 2021 (the "Final Compensation Period"). The Court has reviewed the Final Application and finds that: (a)

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Application.

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Final Application and the Hearing were adequate under the circumstances and the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1808]; and (c) all persons with standing have been afforded the opportunity to be heard on the Final Application.  The Court has also reviewed and considered (i) the *Omnibus Objection and Response of NexPoint Advisors, L.P., Creditor and Party in Interest under 11 U.S.C. § 1109(b), Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 2977] filed by NexPoint Advisors, L.P.; (ii) the *Reply of Debtor Professionals to Omnibus Objection of NexPoint Advisors, L.P., to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 2988]; (iii) the *Supplemental Omnibus Response of NexPoint Advisors, L.P., Creditor and Party in Interest under 11 U.S.C. § 1109(b), Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 3015]; (iv) the *Supplemental Reply of Debtor Professionals to Supplemental Omnibus Response of NexPoint Advisors, L.P., to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 3020]; (v) the documents identified on the *Reorganized Debtor's Witness and Exhibit List with Respect to Hearing on Final Fee Applications to Be Held on November 17, 2021* [Docket No. 3017]; and (vi) the arguments of the parties and evidence submitted at the Hearing.

In addition to the findings of fact and conclusions of law set forth on the record at the Hearing, the Court has considered the nature, the extent, and the value of the services set forth

in the Final Application and has taken into account all relevant factors, including the factors set forth in 11 U.S.C. § 330(a)(3)(A) through (F), *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and applicable law, and finds that the fees requested in the Final Application constitute reasonable compensation for actual, necessary, services rendered by WilmerHale on behalf of the Debtor pursuant to 11 U.S.C. § 330(a)(1)(A); the expenses requested in the Final Application constitute actual, necessary expenses pursuant to 11 U.S.C. § 330(a)(1)(B); and that all objections to the Final Application are overruled for the reasons set forth on the record of the Hearing.

Accordingly, it is **HEREBY ORDERED THAT**:

1. WilmerHale is granted final allowance of compensation in the amount of $2,645,729.72 for the Final Compensation Period.

2. WilmerHale is granted final allowance of reimbursement for expenses incurred in the amount of $5,207.53 for the Final Compensation Period.

3. The Debtor is authorized and directed to remit payment to WilmerHale of such final allowed compensation and expense reimbursement amounts totaling $2,650,937.25, less any and all amounts previously paid on account of such fees and expenses.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###END OF ORDER###