# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**ORDER GRANTING REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH PATRICK HAGAMAN DAUGHERTY (CLAIM NO. 205) AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

This matter having come before the Court on the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Docket No. _____] (the "Motion")[2] filed by Highland Capital Management, L.P., the above-captioned reorganized debtor (the "Reorganized Debtor" or "Debtor", as applicable); and this Court having considered (a) the Motion; (b) the *Declaration of*

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

*John A. Morris in Support of the Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Docket No. \_\_\_\_] (the "Morris Declaration") and the exhibits annexed thereto, including the Settlement Agreement attached as Exhibit 1 (the "Settlement Agreement"); and (c) the arguments and law cited in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found the Settlement Agreement fair and equitable; and this Court having analyzed (1) the probability of success in litigating the claims subject to the Settlement Agreement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise, including: (i) the best interests of the creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is truly the product of arm's-length bargaining, and not of fraud or collusion; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and all other documents filed in support of the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

    1.    The Motion is **GRANTED** as set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. The Reorganized Debtor, Mr. Daugherty, and all other parties are authorized to take any and all actions necessary and desirable to implement the Settlement Agreement.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###End of Order###