Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

**MOTION TO PRODUCE DOCUMENTS AND TO SIT FOR A RULE 2004
EXAMINATION OR STATE LAW EQUIVALENT TEXAS RULE 202
PRE – FILING DEPOSITION DIRECTED TO THOMAS SURGENT**

**NOW INTO COURT**, comes The Dugaboy Investment Trust ("***Dugaboy***"), by and through undersigned counsel, and respectfully moves this Court for an order authorizing a 2004 Examination of Thomas Surgent ("***Surgent***") to request that Surgent produce documents incident to the Rule 2004 examination of Surgent or authorize Dugaboy to request from the Texas State Court the ability to take a Rule 202 Pre-filing examination of Surgent. In support of the Motion, Dugaboy asserts as follows:

**JURISDICTION AND PREDICATES**

1.      This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      The relief sought is pursuant to Fed. R. Bankr. Proc. 2004 which provides that on motion of any party in interest, the court may order the examination of any entity.

3.      Dugaboy is a defendant in the matter styled *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. James D. Dondero, et al.,* Adv. Proc. No. 21-03076 and Dugaboy is a contingent beneficiary of the claimant trust.  More important, Dugaboy has a lawyer\client relationship with Surgent.

## BACKGROUND

4.      On October 16, 2019, the Debtor filed its Chapter 11 voluntary petition.  The Debtor is continuing to manage its property as a debtor in possession under § 1107(a) and § 1108 of the Bankruptcy Code.

5.      On February 22, 2021, the Court confirmed the Debtor's Fifth Amended Plan of Reorganization (as Modified) ("***Confirmed Plan***").  Pursuant to the terms of the Confirmed Plan, a broad release and exculpation was included for employees and officers of the Debtor.  The Confirmed Plan also contained a "gatekeeper" provision with respect to claims against certain employees and officers of the Debtor.  Dugaboy does not admit that Surgent was covered by either the releases and exculpations or the gatekeeper provision. Dugaboy is filing this Motion and, if warranted, a determination that Dugaboy possesses a potential claim against Surgent arising out of the lawyer client relationship between Surgent and Dugaboy to the extent he has disclosed confidential information concerning his former client.

6.      Surgent was employed by Highland Capital Management, L.P. ("***Debtor***") pre-petition as an attorney charged with the legal responsibility for M & A transactions and he also served as Chief Compliance Officer for the Debtor.

7.      Notwithstanding his employment by the Debtor pursuant to both written and unwritten "Joint Services Agreements," Surgent performed legal services for Dugaboy and other entities in transactions where his employer was not a party to such transactions.  For example, in the Hunter Mountain/ Dugaboy sale where Hunter Mountain acquired an interest in the Debtor from Dugaboy, the parties to the transaction were Dugaboy and Hunter Mountain and the Debtor's only relationship to the transaction was that its equity was the subject of the transaction. Surgent, in that transaction, served as co-counsel to Dugaboy.

8.      Dugaboy is filing this Motion in order to avoid any issue or any contention that Dugaboy has violated the terms of the Confirmed Plan including provisions relating to releases, exculpations and the gatekeeper provision.   Dugaboy does not believe that the Confirmed Plan provisions protect Surgent for work or services performed for Dugaboy and the relief sought in this Motion is designed to determine if in fact a lawyer client relationship existed between Dugaboy and Surgent, whether Surgent disclosed information gained in the course of his representation of Dugaboy and to protect the sanctity of Dugaboy's information that was communicated to or learned by Surgent in the course of scope of his representation of Dugaboy.

9.      In short, the purpose of the relief requested herein is to determine whether Surgent has violated any duties owed to Dugaboy by Surgent and, if any duties were violated, exactly what was disclosed.

## A LAWYER CLIENT RELATIONSHIP EXISTED BETWEEN SURGENT AND DUGABOY

10.      It is black letter law that a lawyer client relationship does not have to be in writing and further that such a relationship can exist without the so-called client making any payment to the lawyer for the advice that is rendered. The Court *in Border Demolition& Environmental v Pineda,* 535 S.W. 3rd 140 (Court of Appeal El Paso 2017) contains an excellent analysis of whether

a lawyer client privilege exists where no written contract exists and no payment is made for the legal services by the client.

11.    Surgent is an attorney licensed to practice in the State of Texas. He was at all relevant times an employee of the Debtor and charged with legal responsibilities involving M and A transactions and "compliance" matters.

12.    Surgent performed legal services for entities other than the Debtor pursuant to written and unwritten Shared Services Agreements. This performance of legal services by Surgent for entities other than the Debtor has been admitted by the Litigation Trustee in the suit styled *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. James D. Dondero, et al.,* Adv. Proc. No. 21-03076.

13.    Dugaboy is aware that Surgent performed legal services for it in connection with at least one transaction. Surgent represented Dugaboy in the Hunter Mountain transaction described above. The Debtor was not the seller or buyer of the property subject to the transaction but, rather, was merely the object of the sale. The representation at issue was not a dual representation of the Debtor and Dugaboy but, rather, a representation of Dugaboy alone.

14.    Texas Rule of Professional Conduct 1.05 prohibits a lawyer from knowingly revealing information of a client or former client to anyone "other than the client, the client's representative or the members, associates or employees of the lawyer's firm." Section 2 of the rule prohibits the disclosure of a client or former client's information unless the client consents. No consent has been given by Dugaboy or, for that matter, any other entity or non-Debtor entity that Surgent has represented in either a dual representation capacity or a singular representation capacity pursuant to any written or unwritten shared services agreement.

{00377071-2}
.

15.     Dugaboy has a legal right to determine whether Surgent provided privileged information to the Debtor, the Unsecured Creditors Committee and Mark Kirschner, the litigation trustee, and counsel for such entities that he obtained in the course and scope of his representation of Dugaboy.

## RELIEF REQUESTED AND SUPPORT

16.     Dugaboy requests the production and examination from Surgent to obtain information to identify the activities of Surgent in connection with the Hunter Mountain acquisition of the Dugaboy interest in the Debtor.

17.     The examination and documentation will seek to determine whether a lawyer client relationship existed between Surgent and Dugaboy and whether Surgent obtained and disclosed any information to either the Debtor, the Unsecured Creditors Committee or the Litigation Trustee (and all of their representatives, attorneys, experts, etc.) that was not contained within the four corners of the documents executed incident to the Hunter Mountain acquisition of Dugaboy's interest in the Debtor.

18.     In addition, if in fact it determines that a lawyer client relationship existed with Surgent, and that protected information was disclosed, Dugaboy will seek information and documents from the Debtor, the Unsecured Creditors Committee of the Debtor, and Morris Kirschner and their counsel for notes and communications between such entities and Surgent relating to the Hunter Mountain acquisition of Dugaboy's interest in the Debtor.

## A 2004 EXAMINATION IS WARRANTED

"An examination under Bankruptcy Rule 2004 is nonadversarial in nature and aimed at discovering evidence upon which future causes of action may be based and is therefore governed by bankruptcy law rather than state substantive law." *See, In re Bounds*, 443 B.R. 729, 732–33 (Bankr. W.D. Tex. 2010) (citing, *In re North Plaza*, LLC, 395 B.R. 113, 122 (S.D.Cal.2008).

19.     In summary a Rule 2004 examination:

> Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure is "the basic discovery device in bankruptcy cases." Rule 2004(a) states that "[o]n motion of any party in interest, the court may order the examination of any entity." It has been stated that the scope of a Rule 2004 examination is exceptionally broad and the rule itself is peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does. "Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs." Courts tend to be reluctant to allow "escape from a Rule 2004 examination unless the party can show that the examination" would be "oppressive or burdensome." "A rule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct." The scope of a Rule 2004 examination is "unfettered and broad" and "is commonly recognized as more in the nature of a 'fishing expedition." The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate. "Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure." Legitimate goals of Rule 2004 examinations include "discovering assets, examining transactions, and determining whether wrongdoing has occurred."

*In re Correra*, 589 B.R. 76, 108–09 (Bankr. N.D. Tex. 2018) (internal citations omitted)

20.     Examinations under Rule 2004 are "not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor." *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (citing to *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir.) cert. denied, 366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 384 (1961)).

21.     Therefore, by this Motion, pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedures, Dugaboy requests the entry of an order compelling the attendance of the parties identified herein at a date and time to be agreed upon by Dugaboy and Surgent.

22.     To the extent the Court does not believe that it has the jurisdiction to issue an order in connection with this 2004 request, Dugaboy requests an Order authorizing it to seek the discovery requested in State Court pursuant to Rule 202 and that the filing of the Rule 202 request

is not a violation of the injunction contained in various orders entered by this Court or the Confirmed Plan and specifically the gatekeeper provision contained in the Confirmed Plan. Specifically, Dugaboy seeks an order allowing Dugaboy to be permitted to file a request in Texas State Court pursuant to Texas Rule of Civil Procedure 202 seeking a pre-suit deposition of Surgent.

23.     Further, by this Motion, if the Court approves a 2004 examination pursuant to Rule 2004(c), Dugaboy requests the entry of an order authorizing, in connection with the taking of the 2004 examination, that the witness be required to produce the documents three (3) days prior to the ordered examination, with said documents produced to Douglas S. Draper, Counsel for Dugaboy, at Heller, Draper & Horn, L.L.C., 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130.

**WHEREFORE**, The Dugaboy Investment Trust seeks an order from this Court authorizing it to conduct a Rule 2004 examination of Thomas Surgent in accordance with the Motion or, alternatively, out of an abundance of caution, Dugaboy seeks an order allowing it be permitted to file a request in Texas State Court pursuant to Texas Rule of Civil Procedure 202 seeking a pre-suit deposition of Surgent.

December 17, 2021

Respectfully submitted,

*/s/Douglas S. Draper*
Douglas S. Draper, LA Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

{00377071-2}
.

*Attorneys for The Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 20th day of December, 2021, a copy of the above and foregoing has been served electronically to all parties entitled to receive electronic notice in this matter through the Court's ECF system and upon the following via email:

- David G. Adams     david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- Michael P. Aigen     michael.aigen@stinson.com, stephanie.gratt@stinson.com
- Amy K. Anderson     aanderson@joneswalker.com, lfields@joneswalker.com;amy-anderson-9331@ecf.pacerpro.com
- Zachery Z. Annable     zannable@haywardfirm.com
- Bryan C. Assink     bryan.assink@bondsellis.com
- Asif Attarwala     asif.attarwala@lw.com
- Joseph E. Bain     JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com;msalinas@joneswalker.com
- Michael I. Baird     baird.michael@pbgc.gov, efile@pbgc.gov
- Sean M. Beach     bankfilings@ycst.com, sbeach@ycst.com
- Thomas Daniel Berghman     tberghman@munsch.com
- Paul Richard Bessette     pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com
- John Y. Bonds     john@bondsellis.com
- Matthew G. Bouslog     mbouslog@gibsondunn.com, nbrosman@gibsondunn.com
- Larry R. Boyd     lboyd@abernathy-law.com, ljameson@abernathy-law.com
- Jonathan E. Bridges     jeb@sbaitilaw.com
- Jason S. Brookner     jbrookner@grayreed.com, lwebb@grayreed.com;acarson@grayreed.com
- Greta M. Brouphy     gbrouphy@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com
- M. David Bryant     dbryant@dykema.com, csmith@dykema.com
- Candice Marie Carson     Candice.Carson@butlersnow.com
- Annmarie Antoniette Chiarello     achiarello@winstead.com
- Shawn M. Christianson     schristianson@buchalter.com, cmcintire@buchalter.com
- James Robertson Clarke     robbie.clarke@bondsellis.com
- Matthew A. Clemente     mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russell@sidley.com;dtwomey@sidley.com
- Megan F. Clontz     mclontz@spencerfane.com, lvargas@spencerfane.com

- Andrew Clubok    andrew.clubok@lw.com, andrew-clubok-9012@ecf.pacerpro.com,ny-courtmail@lw.com,dclitserv@lw.com
- Leslie A. Collins    lcollins@hellerdraper.com
- John T. Cox    tcox@gibsondunn.com, WCassidy@gibsondunn.com;twesley@gibsondunn.com
- David Grant Crooks    dcrooks@foxrothschild.com, etaylor@foxrothschild.com,rdietz@foxrothschild.com,plabov@foxrothschild.com,jmanfrey@foxrothschild.com
- Deborah Rose Deitsch-Perez    deborah.deitschperez@stinson.com, patricia.tomasky@stinson.com;kinga.mccoy@stinson.com
- Gregory V. Demo    gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com;lsc@pszjlaw.com
- Casey William Doherty    casey.doherty@dentons.com, dawn.brown@dentons.com;Melinda.sanchez@dentons.com;docket.general.lit.dal@dentons.com
- Douglas S. Draper    ddraper@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com;mlandis@hellerdraper.com;gbrouphy@hellerdraper.com
- Lauren Kessler Drawhorn    lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
- Vickie L. Driver    Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- Jason Alexander Enright    jenright@winstead.com
- Robert Joel Feinstein    rfeinstein@pszjlaw.com
- Brian D. Glueckstein    gluecksteinb@sullcrom.com
- Matthew Gold    courts@argopartners.net
- Bojan Guzina    bguzina@sidley.com
- Eric Thomas Haitz    ehaitz@gibsondunn.com, skoller@gibsondunn.com
- Margaret Michelle Hartmann    michelle.hartmann@bakermckenzie.com
- Thomas G. Haskins    thaskins@btlaw.com
- Melissa S. Hayward    MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- Michael Scott Held    mheld@jw.com, lcrumble@jw.com
- Gregory Getty Hesse    ghesse@HuntonAK.com, astowe@HuntonAK.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- Juliana Hoffman    jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
- A. Lee Hogewood    lee.hogewood@klgates.com, haley.fields@klgates.com;matthew.houston@klgates.com;mary-beth.pearson@klgates.com;litigation.docketing@klgates.com;Emily.mather@klgates.com;Artoush.varshosaz@klgates.com
- Warren Horn    whorn@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com
- William R. Howell    william.howell@bondsellis.com, williamhowell@utexas.edu
- Kristin H. Jain    KHJain@JainLaw.com, dskierski@skijain.com

- John J. Kane    jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- Jason Patrick Kathman    jkathman@spencerfane.com, gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- Edwin Paul Keiffer    pkeiffer@romclaw.com, bwallace@romclaw.com
- Susheel Kirpalani    susheelkirpalani@quinnemanuel.com, dian.gwinnup@haynesboone.com
- Jordan A. Kroop    jkroop@pszjlaw.com, tcorrea@pszjlaw.com
- Jeffrey Kurtzman    kurtzman@kurtzmansteady.com
- Phillip L. Lamberson    plamberson@winstead.com
- Lisa L. Lambert    lisa.l.lambert@usdoj.gov
- Michael Justin Lang    mlang@cwl.law, nvazquez@cwl.law;aohlinger@cwl.law;jgonzales@cwl.law;vpatterson@cwl.law
- Edward J. Leen    eleen@mkbllp.com
- Paul M. Lopez    bankruptcy@abernathy-law.com
- Faheem A. Mahmooth    mahmooth.faheem@pbgc.gov, efile@pbgc.gov
- Ryan E. Manns    ryan.manns@nortonrosefulbright.com
- Brant C. Martin    brant.martin@wickphillips.com, samantha.tandy@wickphillips.com
- Brent Ryan McIlwain    brent.mcilwain@hklaw.com, robert.jones@hklaw.com;brian.smith@hklaw.com
- Thomas M. Melsheimer    tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
- Paige Holden Montgomery    pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com
- J. Seth Moore    smoore@ctstlaw.com, jsteele@ctstlaw.com
- John A. Morris    jmorris@pszjlaw.com
- Edmon L. Morton    emorton@ycst.com
- Holland N. O'Neil    honeil@foley.com, jcharrison@foley.com;acordero@foley.com;holly-holland-oneil-3540@ecf.pacerpro.com
- Rakhee V. Patel    rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
- Charles Martin Persons    cpersons@sidley.com, txefilingnotice@sidley.com;charles-persons-5722@ecf.pacerpro.com
- Louis M. Phillips    louis.phillips@kellyhart.com, june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com
- Mark A. Platt    mplatt@fbtlaw.com, dwilliams@fbtlaw.com;mluna@fbtlaw.com
- Jeffrey Nathan Pomerantz    jpomerantz@pszjlaw.com
- Kimberly A. Posin    kim.posin@lw.com, colleen.rico@lw.com
- Jeff P. Prostok    jprostok@forsheyprostok.com, jjones@forsheyprostok.com;tlevario@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com
- Bennett Rawicki    brawicki@gibsondunn.com
- Linda D. Reece    lreece@pbfcm.com, lreece@ecf.courtdrive.com
- Penny Packard Reid    preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com

- Suzanne K. Rosen    srosen@forsheyprostok.com, jjones@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com
- Michael A. Rosenthal    mrosenthal@gibsondunn.com
- Davor Rukavina    drukavina@munsch.com
- Amanda Melanie Rush    asrush@jonesday.com
- Alyssa Russell    alyssa.russell@sidley.com
- Mazin Ahmad Sbaiti    mas@sbaitilaw.com, krj@sbaitilaw.com;jeb@sbaitilaw.com;mgp@sbaitilaw.com
- Thomas C. Scannell    tscannell@foley.com, acordero@foley.com;thomas-scannell-3441@ecf.pacerpro.com
- Douglas J. Schneller    douglas.schneller@rimonlaw.com
- Sarah A. Schultz    sschultz@akingump.com, mstamer@akingump.com;afreeman@akingump.com;dkazlow@akingump.com;aqureshi@akingump.com;dkrasa-berstell@akingump.com;bkemp@akingump.com;brenda-kemp-7410@ecf.pacerpro.com
- Michelle E. Shriro    mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
- Nicole Skolnekovich    nskolnekovich@hunton.com, astowe@huntonak.com;creeves@huntonak.com
- Brian J. Smith    brian.smith@hklaw.com, robert.jones@hklaw.com;brent.mcilwain@hklaw.com
- Frances Anne Smith    frances.smith@judithwross.com, michael.coulombe@judithwross.com
- Eric A. Soderlund    eric.soderlund@judithwross.com
- Martin A. Sosland    martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
- Laurie A. Spindler    Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com
- Jonathan D. Sundheimer    jsundhimer@btlaw.com
- Kesha Tanabe    kesha@tanabelaw.com
- Clay M. Taylor    clay.taylor@bondsellis.com, krista.hillman@bondsellis.com
- Cortney C. Thomas    cort@brownfoxlaw.com, korourke@brownfoxlaw.com
- Chad D. Timmons    bankruptcy@abernathy-law.com
- Dennis M. Twomey    dtwomey@sidley.com
- Basil A. Umari    BUmari@dykema.com, pelliott@dykema.com
- United States Trustee    ustpregion06.da.ecf@usdoj.gov
- Artoush Varshosaz    artoush.varshosaz@klgates.com, Julie.garrett@klgates.com
- Julian Preston Vasek    jvasek@munsch.com
- Donna K. Webb    donna.webb@usdoj.gov, brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- Jaclyn C. Weissgerber    bankfilings@ycst.com, jweissgerber@ycst.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;dallas.bankruptcy@lgbs.com
- Daniel P. Winikka    danw@ldsrlaw.com, craigs@ldsrlaw.com,dawnw@ldsrlaw.com,ivys@ldsrlaw.com

- Hayley R. Winograd     hwinograd@pszjlaw.com
- Megan Young-John     myoung-john@porterhedges.com

*/s/Douglas S. Draper.*