PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Claimant Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

## REORGANIZED DEBTOR'S AND CLAIMANT TRUSTEE'S
## JOINT MOTION FOR ENTRY OF AN ORDER EXTENDING THE
## CLAIMS OBJECTION DEADLINE PURSUANT TO CONFIRMED
## CHAPTER 11 PLAN BY WHICH DEBTOR MAY OBJECT TO CLAIMS

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COME NOW Highland Capital Management, L.P. (formerly the "Debtor" and now the "Reorganized Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Claimant Trustee appointed pursuant to the Debtor's Plan (defined below) (the "Claimant Trustee" and together with the Debtor, the "Movants") filing their *Joint Motion for Entry of an Order Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan By Which Debtor May Object to Claims* (the "Motion"). Through the Motion, Movants seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the current deadline of February 7, 2022 through and including August 8, 2022 (a six-month extension) established pursuant to the Confirmation Order (as defined below) and the Plan by which Movants may object to claims filed in the Bankruptcy Case, without prejudice to the Movants' right to seek further extensions. In support of the Motion, Movants respectfully represent as follows:

## I.    JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 1452 of title 28 of the United States Code.

## II.   <u>**BACKGROUND**</u>

2.      On October 16, 2019 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of

Delaware, Case No. 19-12239 (CSS) (the "<u>Delaware Court</u>").  On December 4, 2019, the Delaware

Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket

No. 186].[2]

3.      On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing*

*Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "<u>Bar</u>

<u>Date Order</u>").  The Bar Date Order fixed April 8, 2020 at 5:00 p.m. (prevailing Central Time) as

the deadline for any person or entity, other than Governmental Units (as such term is defined in

section 101(27) of the Bankruptcy Code), to file proofs of claim against the Debtor.[3]

4.      On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth*

*Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943]

(the "<u>Confirmation Order</u>") with respect to the *Debtor's Fifth Amended Plan of Reorganization of*

*Highland Capital Management, L.P., as modified* [Docket No. 1808] (the "<u>Plan</u>").[4]

5.      The Plan became effective on August 11, 2021 (the "<u>Effective Date</u>"), on which

date the Debtor became the Reorganized Debtor.  On that same date, the Reorganized Debtor filed

the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization*

*of Highland Capital Management, L.P.* [Docket No. 2700].   After the Effective Date, the

---

[2] All docket numbers refer to the docket maintained by this Court.

[3] The Debtor also sought and obtained the extended employee bar date of May 26, 2020 pursuant to the *Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims* [Docket No. 560].

[4] Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Plan.

Reorganized Debtor commenced making distributions to certain Allowed Claims in accordance with the terms of the Plan.

6. The Confirmation Order provides that the initial deadline for the Debtor to object to claims is 180 days after the Effective Date (*i.e.*, February 7, 2022) (the "Claims Objection Deadline"), subject to ability of the Court to extend this deadline. *See* Confirmation Order ¶ O.

7. The Reorganized Debtor and the Debtor have filed multiple objections to claims in this chapter 11 case. These objections include the following:[5]

- On September 30, 2020, the Debtor filed its *First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late Filed Claims; (D) Satisfied Claims; (E) No Liability Claims; and (F) Insufficient Document Claims* [Docket No. 906]. On October 9, 2020 and October 20, 2020, the Court entered orders sustaining the Debtor's objections to these claims as to which no responses were filed [Docket Nos. 1155 and 1233, respectively].

- On October 16, 2020, the Debtor filed its *Second Omnibus Objection to Certain (A) Claims to Be Reclassified and (B) No Liability Claims* [Docket No. 1179], and the Court entered its *Order Sustaining Debtor's Omnibus Objection to Certain (A) Claims to Be Reclassified and (B) No Liability Claims* on December 10, 2020 [Docket No. 1537].

- On March 18, 2021, the Debtor filed its *Third Omnibus Objection to Certain No Liability Claims* [Docket No 2059] (as supplemented, the "Third Omnibus Objection") requesting the disallowance of, *inter alia*, certain former employees' claims related to annual performance bonuses and deferred performance awards on various grounds.[6]

8. In addition to the Debtor's objections to claims, the Litigation Trustee of the Litigation Trust of the Litigation Sub-Trust established pursuant to the Plan (the "Litigation

---

[5] In addition to the omnibus objections to claims filed to date, the Debtor and the Reorganized Debtor have also filed individualized objections to other claims filed in this case.

[6] The Reorganized Debtor is currently litigating the Third Omnibus Objection with NexPoint Advisors, L.P. and CPCM, LLC, each of whom assert that they are purported transferees of the former employee claims that were the subject of that objection. As to the remaining claims that were the subject of the Third Omnibus Objection that were not contested, the Court entered its *First Order Sustaining the Debtor's Third Omnibus Objection to Certain No Liability Claims* on June 21, 2021 [Docket No. 2468].

Trustee") has also objected to the claims of various entities that have asserted claims in this chapter 11 case. On October 15, 2021, the Litigation Trustee commenced an adversary proceeding against certain former employees of the Debtor captioned *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. Dondero, et al.* [Docket No.2934]. The Litigation Trustee also filed its *Omnibus Objection to Certain Amended and Superseded Claims and Zero Dollar Claims* on November 9, 2021 [Docket No. 3001].

### III.    RELIEF REQUESTED

9.    By this Motion, Movants seek entry of an order extending the Claims Objection Deadline for a period of approximately 180 days, from the current deadline of February 7, 2022 through and including August 8, 2022. This is the first request to extend the Claims Objection Deadline. The proposed extension is without prejudice to Movants' rights to seek additional extensions of the Claims Objection Deadline as appropriate.

### IV.    ARGUMENT AND AUTHORITIES

10.    Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated.[7] Although the Plan sets an initial deadline by which such challenges must be raised, it also expressly contemplates extension of the Claims Objection Deadline by order of the Court. For example, the Confirmation Order provides that "the Claims Objection Deadline shall be the date that is 180 days after the Effective Date [*i.e.*, February 7, 2022], *provided however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee and as otherwise provided under the

---

[7] *See* 11 U.S.C. §§ 502(b)-(c), 503.

Plan." *See* Confirmation Order ¶ O. The Plan provides the same provision with respect to the Court's ability to extend the Claims Objection Deadline. Plan § I.B.23.

11. Movants respectfully submit that extension of the Claims Objection Deadline by approximately 180 days is fundamental to the efficient administration and resolution of this chapter 11 case and is in the best interests of creditors. The Reorganized Debtor and the other post-Effective Date entities are working diligently to monetize the assets vested in it as provided under the Plan. While the Reorganized Debtor and the Claimant Trust have reviewed and objected to multiple claims in this case, they have not had the opportunity to fully review and analyze all of claims asserted in this case. Moreover, as this Court is aware, many of the claims asserted against the Debtor are either co-extensive with or related to pending litigation against several of the entities that have asserted claims.

12. The requested extension of the Claims Objection Deadline will not prejudice any claimant or other party-in-interest and will benefit creditors holding valid claims. Extension of the Claims Objection Deadline is not sought for purposes of delay, nor will it affect any claimant's substantive defense(s) to any objection. Rather, the extension is intended to ensure that claims will only be challenged after the Reorganized Debtor and Claimant Trust determine a substantive review is warranted and/or reaches a conclusion that pursuing litigation necessary to resolve them is cost-effective and value-maximizing for creditors.

13. Absent the extension, creditors may suffer unnecessary and unfair prejudice. The Reorganized Debtor and the Claimant Trust may be precluded from challenging invalid and/or overstated claims or, alternatively, be forced to lodge hastily prepared "protective" objections that

may not be cost-effective. Moreover, the judicial resolution of the pending litigation may affect any prospective objections to claims against certain parties who have asserted prepetition claims.

## V.     <u>NOTICE</u>

14.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the Debtor's principal secured parties; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI.     <u>NO PRIOR REQUEST</u>

15.     This is Movants' first request for an extension of the Claims Objection Deadline.

## VII.     <u>PRAYER</u>

WHEREFORE, Movants respectfully requests that the Court enter an order substantially in the form attached hereto as **<u>Exhibit A</u>**, and for such other and further relief as may be appropriate.

*[Remainder of Page Intentionally Blank]*

Dated: January 3, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com
-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*
*and the Claimant Trustee*

## **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Reorganized Debtor. | ) | **Re: Docket No. _____** |
|  | ) |  |

### ORDER GRANTING REORGANIZED DEBTOR'S AND
### CLAIMANT TRUSTEE'S JOINT MOTION AND EXTENDING
### THE CLAIMS OBJECTION DEADLINE PURSUANT TO CONFIRMED
### CHAPTER 11 PLAN BY WHICH DEBTOR MAY OBJECT TO CLAIMS

The Court has considered the Reorganized Debtor's and Claimant Trustee's *Joint Motion for Entry of An Order Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan By Which Debtor May Object to Claims* (the "Motion")[2] of the above-captioned reorganized debtor (the "Reorganized Debtor") seeking entry of an order extending the Claims Objection Deadline fixed pursuant to the Confirmation Order and Plan. The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances; and (d) cause exists to grant an extension of the Claims Objection Deadline. After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion; it is therefore

**ORDERED** that the Motion is **GRANTED** as set forth herein; it is further

**ORDERED** that the Claims Objection Deadline pursuant to the Plan is hereby extended

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1

through and including August 8, 2022; it is further

**ORDERED** that this Order shall be without prejudice to the Reorganized Debtor's and Claimant Trustee's rights to seek from the Court further extensions of the Claims Objection Deadline; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###