Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
972.324.0371 – Telephone
972.324.0301 – Telecopier
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com

**COUNSEL FOR TODD TRAVERS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | Case No. 19-34054-sgj11 | |
| §  | | |
| **HIGHLAND CAPITAL MANAGEMENT,** § | | |
| **L.P.** [1] § | Chapter 11 | |
| § | | |
| **Debtor.** § | | |

**MOTION TO COMFIRM TIMELINESS OF FILED CLAIM, OR ALTERNATIVELY, TO ALLOW LATE-FILED PROOF OF CLAIM FILED BY TODD TRAVERS**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 ON OR BEFORE JULY 5, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are (8357). The Reorganized Debtor is a Delaware limited partnership. The Reorganized Debtor's headquarters and service address are 100 Crescent Court, Suite 1850, Dallas, TX 75201.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Todd Travers (the "**Movant**" or "**Travers**"), a creditor in the above-referenced case, hereby files this *Motion to Confirm Timeliness of Filed Claim, or Alternatively, to Allow Late-Filed Proof of Claim*, (the "**Motion**"), and in support, would show the following:

1. On October 16, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed by the United States Trustee in the Delaware Court.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].[2]

4. The Debtor continues to operate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

5. On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "**Bar Date Order**"), which established April 8, 2020 as the deadline for any person or entity, other than Governmental Units, to file proofs of claim against the Debtor (the "**General Bar Date**") and April 23, 2020 as the deadline to file claims for investors in funds managed by the Debtor (the "**Fund Investor Bar Date**").

6. On March 31, 2020, the Debtor filed its *Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims* [Docket No. 557] (the "**Employee**

---

[2] All docket numbers refer to the docket maintained by this Court.

**Bar Date Motion**"), requesting an extension of the General Bar Date for employees of the Debtor only as a result of shutdowns caused by the COVID-19 pandemic. The Court's *Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims* [Docket No. 560] (the "**Employee Bar Date Order**") set a new employee claim bar date of May 26, 2020 (the "**Employee Bar Date**"). A copy of the Employee Bar Date Order is attached hereto as **Exhibit A**.

7. Neither the Employee Bar Date Motion nor the Employee Bar Date Order specify whether the Debtor's request pertains only to current employees of the Debtor or includes both past and current employees. The Employee Bar Date Order provides that "[t]he General Bar Date is hereby extended, solely for the Debtor's employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. (Central Time)." Docket No. 560.

8. As a past employee of the Debtor, Movant took notice of the Employee Bar Date Order and acted accordingly, filing Proof of Claim No. 180, attached hereto as **Exhibit B**, on May 11, 2020, which was amended on December 18, 2020 as Proof of Claim No. 202, attached hereto as **Exhibit C**. The descriptions of Travers's claim against the Debtor, as set forth in **Exhibits B** and **C**, are incorporated herein by this reference.

9. Counsel for Travers contacted Gregory V. Demo, counsel for the Debtor, on June 10, 2022 regarding the relief requested herein. Mr. Demo indicated that the Debtor is opposed to the late filing of Travers's claim.

## ARGUMENTS & AUTHORITIES

**A.    Travers's Proof of Claim No. 180 should be deemed to be timely-filed.**

10.    As stated herein, neither the Employee Bar Date Motion nor the Employee Bar Date Order specify whether the Debtor's request pertains only to current employees of the Debtor or includes both past and current employees, but states that such claims include claims of the Debtor's employees that arose against the Debtor prior to the Petition Date. Indeed, such a definition appears to include the claims of past employees, such as Travers.

11.    As such, in the absence of language limiting such an application, the Court should construe the language of the Employee Bar Date Order as inclusive of the claims of past employees no longer employed by the Debtor as of the Petition Date and enter an order accordingly, deeming Travers's claim as timely-filed.

**B.    Alternatively, Leave to File a Late-Filed Proof of Claim Should be Given.**

12.    In the alternative, Travers's seeks an order allowing him to file his claim after the General Bar Date. As explained more fully below, the Debtor and creditors will not be prejudiced by allowing Travers's proof of claim to be considered timely or allowing Travers to file a proof of claim after the General Bar Date.

13.    Federal Rule of Bankruptcy Procedure 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1). More specifically, Rule 9006(b) provides:

> (b) Enlargement.
>
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision,
>> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court,

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
>
> (2) Enlargement not permitted. The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
>
> (3) Enlargement governed by other rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

Fed. R. Bankr. P. 9006(b); *see also Greyhound Lines, Inc. v. Rogers (In re Eagle Bus. Mfg., Inc.)*, 62 F.3d 730 (5th Cir. 1995) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 382 n. 2 (1993) (*quoting* Bankruptcy Rule 9006(b)(1))).

14. The determination of whether a movant's conduct constitutes "excusable neglect" is "at bottom an equitable one, takin account of all relevant circumstances surrounding the party's omissions," including "(1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *See Pioneer*, 507 U.S. at 395; *see also In re Eagle Bus. Mfg., Inc.*, 62 F.3d at 737; *In re Pilgrim's Pride Corp.*, 2011 WL 576070, at *3 (Bankr. N.D. Tex. Feb. 9, 2011) (citations omitted). The Supreme Court in *Pioneer* made clear that excusable neglect is "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *See Pioneer*, 507 U.S. at 391. Rather, the Court found that "Congress plainly contemplated that

the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness" even though "inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute "excusable neglect." *See id.* at 388, 392.

        *i.*    *There is no danger of prejudice to the Debtor.*

15.    Courts have generally held that the prejudice to the opposing party is the most critical consideration. *See Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993); *In re White Motor Corp.*, 59 B.R. 286, 289 (Bankr. N.D. Ohio 1986).

16.    In determining whether the debtor will be prejudiced, courts analyze whether the allowance of a particular late-filed claim would "jeopardize the success of the reorganization," by "forc[ing] the return or … amounts already paid out under the confirmed plan, or affect[ing] the distributions to creditors and equity holders." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999). Other courts have looked at whether allowing the late-filed claim would be likely precipitate a flood of similar claims,[3] whether the debtor expects the claim,[4] or whether the debtor had knowledge of the claim.[5] The Fifth Circuit has held that when the debtor had knowledge of the claim before it negotiated and confirmed the plan of reorganization, the debtor was not prejudiced, granting leave to amend. *See Eagle Bus. Mfg., Inc.*, 62 F.3d at 737-38.

17.    In this case, the Debtor knew Travers held a claim against the Debtor and included Travers as a creditor in its Schedule E/F. *See* Debtor's Schedules [Docket No. 247] at p. 35. Additionally, the Debtor included in its Schedule E/F aggregate, unspecified priority and nonpriority claims of "All Employees" for "Employee Wages & Bonuses" and nonpriority claims of "45 Employees" for "Deferred Awards" and of "46 Employees" for "Prior year employee

---

[3] *See In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004).
[4] *See In re Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995)

bonuses." See Debtor's Schedules at p. 17-18.

18. Further, Travers's claim was filed prior to the Employee Bar Date and within forty-five (45) days of the General Bar Date. The Debtor has had ample notice of Travers's claim for more than two years as of the filing of this Motion.

19. Finally, the Debtor had notice of Travers's claim prior to the filing of its plan of reorganization. The Debtor's first Plan of Reorganization [Docket No. 944] (the "**Plan**") was not filed until August 12, 2020, more than three months following the filing of Travers's Proof of Claim No. 180. Consequently, under Fifth Circuit law, the Debtor cannot claim to be prejudiced by allowing Travers to file a late-filed proof of claim.

20. For these reasons, there is no danger of prejudice to the Debtor in deeming Travers's claim as timely, or alternatively, allowing the claim as late-filed.

> ii. *The length of delay will not adversely impact the administration of this case.*

21. As mentioned herein, the Debtor not only included Travers as a creditor in its Schedules but also had notice of Travers's claim three months prior to the filing of its Plan. The claim allowance process remains ongoing, and the Court's determination of timeliness or allowance for late filing of Travers's claim will not delay the Debtor's distribution to other creditors in this case.

> iii. *The reasons for the delay were not within the control of the Movant.*

22. The Fifth Circuit has applied an elastic standard to this factor. "The standard for determining whether a party's neglect of a deadline is excusable is a flexible one because it is rooted in equity … excusable neglect is not limited to errors caused by circumstances beyond the

---

[5] *See e.g. In re O'Brien*, 188 F.3d at 128.

late filing party's control." *In re Eagle Bus Mfg., Inc.*, 62 F.3d at 739 (citing *United States v. Clark*, 51 F.3d 42, 43 (5th Cir.1995)).

23. "The terms of court orders, plan of reorganizations, and stipulations between parties are typically examined under principles of contract interpretation." *In re Felt Mfg. Co., Inc.,* 402 B.R. 502, 511 (Bankr.D .N.H.2009) (citations omitted.). "The unambiguous terms of an order are given their plain meaning." *In re Sw. Ranching, Inc.*, No. 01-23337-C-11, 2013 WL 6670544, at *3 (Bankr. S.D. Tex. Dec. 17, 2013) (citing *In re Endeavor Highrise, L.P.,* 432 B.R. 583, 638 (Bankr.S.D. Texas 2010) ("[W]hen a contract is 'so worded that it can be given certain or definite legal meaning or interpretation,' it is not ambiguous and must be construed according to its plain meaning as a matter of law.").

24. Although Travers received notice of the bankruptcy and the General Bar Date, he also received notice of the Employee Bar Date Order, which extended the deadline for the "Debtor's employees … to file claims that arose against the Debtor prior to the Petition Date," until May 26, 2020. As a past employee, with a claim falling within the description included in the Employee Bar Date Order, Travers acted in compliance with the Employee Bar Date Order in filing his claim.

25. If the Court determines that Travers's interpretation of the plain language included in the Employee Bar Date Order was incorrect, such a mistake is understandable in light of the plain language of the Employee Bar Date Order, and equity, the overarching purpose of the *Pioneer* analysis, would be served by allowing Travers leave to file his claim.

    iv.    *The Movant acted in good faith.*

26. As stated above, Travers interpreted the Employee Bar Date Order to include the

pre-petition claims of past employees and acted in compliance with the Employee Bar Date Order in filing his claim. Travers acted in good faith in filing his claim and now files this Motion in good faith and with an abundance of caution to preempt any objection by the Litigation Trustee to his claim based upon the file date.

## CONCLUSION

27. Travers requests this Court enter an order deeming his Proof of Claim No. 180 as timely filed, or alternatively, allowing Travers leave to file an untimely proof of claim. The interests of equity and the *Pioneer* factors support the entry of an order granting the requested or alternative relief. Leave to file a late claim will not prejudice the Debtor, the Trustee, or other unsecured creditors in this case, as the Movant's claim was included in the Debtor's schedules, and all parties had notice of the same. Movant comes to the Court humbly and in good faith, and prays that the Court exercise its discretion to grant the Motion.

WHEREFORE, PREMISES CONSIDERED, Travers respectfully requests that the Court enter an order allowing his late-filed claim, and for such other and further relief as the Court may deem proper.

Dated: June 10, 2022

Respectfully submitted,

*/s/ Megan F. Clontz*
Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
SPENCER FANE LLP
5700 Granite Pkwy., Suite 650
Plano, Texas 75024
(214) 658-6500 – Telephone
(214) 658-6509 – Telecopier
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com

**COUNSEL FOR TODD TRAVERS**

### CERTIFICATE OF CONFERENCE

I hereby certify that I contacted Gregory V. Demo, counsel for the Debtor, on June 10, 2022 regarding the relief requested herein. Mr. Demo indicated that the Debtor is opposed to the late filing of Travers's claim.

*/s/ Jason P. Kathman*
Jason P. Kathman

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on or before June 13, 2022, a true and correct copy of the above and foregoing document was served via United States first class mail, postage prepaid, upon the parties on the attached service list.

*/s/ Megan F. Clontz*
Megan F. Clontz