**EXHIBIT C**

Claim #202  Date Filed: 12/18/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number: 19-34054

---

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Todd Travers
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**
Todd Travers
c/o Jason P. Kathman
2701 Dallas Parkway, Suite 590
Plano, Texas 75093, United States

Contact phone: 214-658-6511
Contact email: jkathman@pronskepc.com

**Where should payments to the creditor be sent?** (if different)
Todd Travers
3613 Cedar Lane
Dallas, Texas 75234

Contact phone: _____
Contact email: toddtravers@mac.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known) 180     Filed on 05/11/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                                    **Proof of Claim**

1934054201218000000000015

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 2,618,480.48 . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Addendum

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                    $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

Official Form 410                                   **Proof of Claim**

1934054201218000000000015

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/18/2020
                  MM / DD / YYYY

/s/ Todd Travers
Signature

**Print the name of the person who is completing and signing this claim:**

Name     Todd Travers
         First name        Middle name        Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  3613 Cedar Lane, Dallas, Texas, 75234

Contact phone _____                    Email  toddtravers@mac.com

Official Form 410          **Proof of Claim**

1934054201218000000000015

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:**<br>19-34054 - Highland Capital Management, L.P.<br>**District:**<br>Northern District of Texas, Dallas Division | |
| **Creditor:**<br>Todd Travers<br>c/o Jason P. Kathman<br>2701 Dallas Parkway, Suite 590<br><br>Plano, Texas, 75093<br>United States<br>**Phone:**<br>214-658-6511<br>**Phone 2:**<br>**Fax:**<br>**Email:**<br>jkathman@pronskepc.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br><br>**Filing Party:** |
| **Disbursement/Notice Parties:**<br>Todd Travers<br>3613 Cedar Lane<br>Dallas, Texas, 75234<br>**Phone:**<br>**Phone 2:**<br>**Fax:**<br>**E-mail:**<br>toddtravers@mac.com<br>**DISBURSEMENT ADDRESS** | |
| **Other Names Used with Debtor:** | **Amends Claim:**<br>Yes - 180, 05/11/2020<br>**Acquired Claim:**<br>No |

| | | |
|---|---|---|
| **Basis of Claim:**<br>See Attached Addendum | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |

| | |
|---|---|
| **Total Amount of Claim:**<br>2,618,480.48 | **Includes Interest or Charges:**<br>Yes |
| **Has Priority Claim:**<br>No | **Priority Under:** |
| **Has Secured Claim:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:** |
| **Amount of 503(b)(9):**<br>No | **Annual Interest Rate:** |
| **Based on Lease:**<br>No | **Arrearage Amount:**<br>**Basis for Perfection:** |
| **Subject to Right of Setoff:**<br>No | **Amount Unsecured:** |
| **Submitted By:**<br>Todd Travers on 18-Dec-2020 5:25:56 p.m. Eastern Time<br>**Title:**<br>**Company:** | |

VN: DD99BD149E3AD50E4B42E2E1884D86AF

| |
|---|
| **Optional Signature Address:** |
| Todd Travers |
| 3613 Cedar Lane |
| Dallas, Texas, 75234 |
| **Telephone Number:** |
| **Email:** |
| toddtravers@mac.com |

VN: DD99BD149E3AD50E4B42E2E1884D86AF

# ADDENDUM TO PROOF OF CLAIM
# FILED BY TODD TRAVERS

1. Claimant: Todd Travers ("**Claimant**") files this proof of claim against Highland Capital Management, L.P. (the "**Debtor**").

2. Description and Amount of the Claim(s): On October 16, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**").

| 2008 Tax Refund Amount | $1,511,930.00 |
| --- | --- |
| Penalties | $377,982.50 |
| Interest | $728,567.98 |
| **TOTAL** | **$2,618,480.48** |

3. In 2008, the Debtor was struggling to generate cash to fund its compensation obligations to employees for the 2008 performance year. The Debtor did not have sufficient cash available to pay bonuses on the February 29, 2009 payments date. Instead it opted to award non-cash bonuses to top performing employees referred to as "2008 Tax Refunds. The Debtor provided Claimant with a Comprehensive Compensation and Benefits Statement on February 29, 20009 (the "**February 2009 Compensation Letter**") that promised to pay him $1,511,930.00 in value, and "[i]f [the] actual refund deviates materially from [the] estimate, other **compensation** will be fairly adjusted." The Debtor did not describe the payment as a partnership distribution. Moreover, neither Claimant nor any of the other persons who received a compensation letter with 2008 Tax Refunds has ever received distributions from the partnership as those payments were reserved only for Dondero, Okada and their affiliates. The IRS has since challenged the Debtor's 2008 tax elections, which was the method the Debtor utilized to fund its obligations. There has been no resolution to the audit/dispute (06252018 0028) with the Internal Revenue Service as of the filing of this claim. A copy of the February 2009 Compensation Letter is attached as **Exhibit A**.

4. Reservation of Rights: In addition to the foregoing Claim, Claimant reserves the right in the future to assert any and all additional claims that Claimant may have against the Debtor under both state and federal law, including, without limitation, any legal or equitable remedies to which Claimant may be entitled. Claimant further reserves his right to (a) amend, modify, or supplement this proof of claim, including any exhibit, schedule or annex, or to file an amended proof of claim for the purpose of modifying or liquidating the amount of any interest, fees, costs and expenses incurred subsequent to the Petition Date or any contingent or unliquidated claims or rights of Claimant set forth herein; (b) file additional proofs of claims; and (c) pursue actions against third parties. The filing of this Proof of Claim is in no way intended to be (i) a waiver or release of any rights, claims or defenses against any person, entity or property that Claimant may have, (ii) a waiver or release of Claimant's right to have any applicable final orders entered by an Article III judge, (iii) a consent by Claimant to the jurisdiction of this Court for any purpose other

than the adjudication of this Proof of Claim; (iv) an election of remedy, (v) a waiver or release of any right Claimant may have to a jury trial, (vi) a waiver of any right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or any other proceeds which may be commenced in this case against or otherwise involving Claimant, including without any limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

5. <u>Notices</u>: All notices to Claimant for this proof of claim shall be sent to:

    Jason P. Kathman
    Pronske & Kathman, P.C.
    2701 Dallas Parkway
    Suite 590
    Plano, Texas 75093
    Office (214) 658-6511
    jkathman@pronskepc.com

    and

    Todd Travers
    3613 Cedar Lane
    Dallas, Texas 75234
    toddtravers@mac.com

6. <u>Payments</u>: Please remit all payments and distributions related to this proof of claim to:

    Todd Travers
    3613 Cedar Lane
    Dallas, Texas 75234

    Dated: December 18, 2020

    */s/ Todd Travers*
    Todd Travers