IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Bankr. Ct. No. 19-34054-sgj-11 |
| NEXPOINT ADVISORS, L.P.,<br><br>Appellant,<br><br>v.<br><br>PACHULSKI STANG ZIEHL & JONES LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, SIDLEY AUSTIN LLP, FTI CONSULTING, INC., and TENEO CAPITAL, LLC,<br><br>Appellees. | Civil Action No. 3:21-CV-03086-K<br><br>*consolidated with:*<br><br>Civil Action No. 3:21-CV-03088-K<br>Civil Action No. 3:21-CV-03094-K<br>Civil Action No. 3:21-CV-03096-K<br>Civil Action No. 3:21-CV-03104-K |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

## MEMORANDUM OPINION AND ORDER

Before the Court are Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Motion") (Doc. No. 14), Appellant NexPoint Advisors, L.P.'s Opposition to Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Response") (Doc. No. 24), and Appellees' Joint Reply to Appellant's

1

Opposition to Motion to Dismiss Appeals as Constitutionally Moot (the "Reply") (Doc. No. 26). Having carefully considered the Motion, the Response, the Reply, the applicable briefs and appendices, and the applicable law, the Court finds Appellant lacks standing to appeal under this circuit's "person aggrieved" test, and therefore **GRANTS** Appellees' Motion.

I. **Background**

NexPoint Advisors, L.P. ("NexPoint" or "Appellant") appeals five bankruptcy court orders approving final applications for compensation of fees and reimbursement expenses of various estate professionals (collectively, the "Fee Application Orders"). On January 11, 2022, the Court consolidated these appeals into this action. Doc. No. 8. Appellees now motion this Court to dismiss these consolidated appeals as constitutionally moot. Doc. No. 14.

II. **Legal Standard**

Appellees characterize the issue as one of constitutional standing and mootness, though they cite case law and present arguments primarily about the prudential standing requirement of the "person aggrieved" test. *E.g.*, Doc. No. 14 at 9-15; Doc. No. 26 at 5-9. A court-maintained prudential requirement for standing to appeal a bankruptcy court's order, the "'person aggrieved' test is an even more exacting standard than traditional constitutional standing." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004) ("To prevent unreasonable delay, courts have created an *additional* prudential standing requirement in bankruptcy cases: The appellant must be a 'person

2

aggrieved' by the bankruptcy court's order." (quoting *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999))). In *Matter of Technicool Sys., Inc.*, the Fifth Circuit recently repeated the rationale for the additional standing requirement:

> . . . [D]isgruntled litigants may [not] appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

896 F.3d 382, 385 (5th Cir. 2018). A cursory glance at the bankruptcy court's docket for this case offers an apt example of the doctrine's continued necessity. To be a "person aggrieved," appellant "must show that he was '*directly* and *adversely* affected pecuniarily by the order of the bankruptcy court . . .'" *In re Coho Energy Inc.*, 395 F.3d at 203 (emphasis added) (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

While Appellant engages with Appellees' person aggrieved test arguments (*e.g.*, Doc. No. 24 at 6, 10-15), Appellant also urges this Court not to apply the test based on the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, which held in part that courts may not "limit a cause of action that Congress has created merely because 'prudence' dictates." 572 U.S. 118, 128 (2014); *but see In re Alpha Nat. Res., Inc.*, 763 Fed. App'x 412 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1601 (2019) (denying *certiorari* for question of whether Article III courts may apply person aggrieved test to determine standing to appeal bankruptcy court order). But regardless of whatever impact *Lexmark* was intended to have on standing in bankruptcy appeals—

3

if any—virtually every circuit still applies some form of the person aggrieved test. *E.g.*, John A. Peterson III & Joshua A. Esses, *The Future of Bankruptcy Appeals: Appellate Standing After Lexmark* Considered, 37 Emory Bankr. Dev. J. 285, 305-16 (2021). And, although some circuits have modified their approaches to the doctrine in the wake of *Lexmark*, that does not appear to be the case in this circuit. *Id.* at 309.

The Fifth Circuit has consistently stated, "Bankruptcy courts are not authorized by Article III of the Constitution, and as such are not presumptively bound by traditional rules of judicial standing." *In re Coho Energy Inc.*, 395 F.3d at 202; *see also Matter of Technicool Sys., Inc.*, 896 F.3d at 385 ("Bankruptcy courts are not Article III creatures bound by traditional standing requirements."). Just five months ago in *Matter of Dean*, the Fifth Circuit reaffirmed its use of the person aggrieved test in determining whether a party has standing to appeal a bankruptcy court order. 18 F.4th 842, 844 (5th Cir. 2021). Thus, the Court is bound by the doctrine; Appellant has standing to appeal the Fee Application Orders only if it can demonstrate that it is "directly, adversely, and financially impacted" by them. *Matter of Technicool Sys., Inc.*, 896 F.3d at 384.

III. Analysis

  A. *Is Appellant a "person aggrieved?"*

    1. *Administrative Claim*

Appellant has a number of prepetition claims—all of which have been either expunged or withdrawn—and an administrative claim with a pending objection. *E.g.*,

4

Doc. No. 14 at 8-9. Appellant does not offer any substantive standing arguments related to its prepetition claims, and instead focuses on its supposed appellate standing based on its administrative expense claim. *See* Doc. No. 24 at 7, 15-18. The Court will address these arguments first.

Appellant maintains that its administrative claim independently confers it standing as a creditor to appeal the Fee Application Orders. *Id.* Appellees counterargue that the Bankruptcy Code affords high priority for administrative expense claims (*e.g.*, 11 U.S.C. §§ 507(a)(2)-(3), 1129(a)(9)) that the Confirmed Plan (Bankr. Doc. No. 1943 at 113) echoes that same priority scheme, and therefore "both the Bankruptcy Code and the Debtor's plan of reorganization . . . mandate the full payment of allowed administrative claims." Doc. No. 14 at 12-14; Doc. No. 26 at 9-26. In rebuttal, Appellant argues that neither the Bankruptcy Code nor the Confirmed Plan *guarantee* payment of its administrative expense claim. Doc. No. 24 at 15-18.

In their Motion, Appellees argue:

> Appellees anticipate that Appellant will argue that it is potentially financially impacted by these appeals to the extent there are insufficient funds to satisfy its asserted $14 million administrative claim. This is false. In addition to the fact that Highland has already paid 100% of the amounts owed to the professionals under the Fee Application Orders, Highland's projections filed in connection with the confirmation of the Plan projected payment of approximately 71% of the estimated $273 million of general unsecured claims, which would result in an aggregate distribution of approximately $194 million to general unsecured creditors. *See* Bankruptcy Docket No. 1875-1. Because holders of administrative claims must be fully paid prior to any distributions to unsecured creditors and all professional fee claims have already been paid, there can be no credible argument that Highland would not be able to

> pay NexPoint's $14 million administrative claim (to the extent it is even allowed) given the substantial projected distribution to the junior unsecured claims.

Doc. No. 14 at 14 n.29; *see also* Doc. No. 26 at 10-11. Regardless of whether the Bankruptcy Code and/or Confirmed Plan absolutely guarantee payment of the administrative claim, Appellant fails to meaningfully rebut Appellees' argument that the chances of Appellant's administrative claim not being paid (assuming it is allowed) are extremely remote. For that reason, Appellant fails to persuasively argue that it has been directly and adversely impacted by the Fee Application Orders. As the Fifth Circuit stated in *In re Coho Energy Inc.*, "A remote possibility does not constitute injury under *Rohm's* 'person aggrieved' test." 395 F.3d at 202 (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205 (5th Cir. 1994)). Accordingly, Appellant's administrative expense claim does not afford it standing to appeal the Fee Application Orders.

    2. *Adversary Proceeding*

Appellant's main argument involves an Adversary Proceeding in which Marc. S. Kirschner—the Litigation Trustee of the Litigation Sub-Trust formed under the Confirmed Plan—allegedly "seeks to hold NexPoint liable for hundreds of millions of dollars of Highland debt, including 'in excess of $40 million in professional fees in connection with the bankruptcy.'" Bankr. Doc. No. 2934 at 39, 77, 86-88; Doc. No. 24 at 9. According to Appellant, it has standing here to appeal the Fee Application

Orders because, "As a defendant in the Adversary Proceeding, NexPoint is potentially on the hook for professional fees awarded to the Appellees." Doc. No. 24 at 12.

Appellees cite a number of cases that generally hold that "potential litigation in another proceeding does not make an appellant a 'person aggrieved' for standing purposes." Doc. No. 26 at 7 n.7. In this case, of course, there is no "specter of possible litigation" as Appellant is currently a defendant in the Adversary Proceeding. But the underlying principle—that Appellant must be "directly, adversely, and financially impacted" by the bankruptcy court orders for standing to appeal them—remains unchanged. *Matter of Technicool Sys., Inc.*, 896 F.3d at 384. Here, the Fee Application Orders do not directly impact Appellant. At most, Appellant *could* be *indirectly* impacted by the Fee Application Orders, but only if Appellant was to be found liable in the Adversary Proceeding. Any future liability from the Adversary Proceeding is speculative and, in this Court's opinion, not sufficient to confer standing on Appellant to appeal the Fee Application Orders under the person aggrieved standard.

B. *Bankruptcy Code Argument*

Last, Appellant argues, regardless of the "person aggrieved" test, the Bankruptcy Code specifically affords it standing to appeal the Fee Application Orders here as a party with interests protected by the Bankruptcy Code. Doc. No. 24 at 8, 14-15, 18-19. Cited by Appellant, §§ 330(a)(1)-(2) states:

> (a)(1) After notice to the *parties in interest* and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under

> section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other *party in interest*, award compensation that is less than the amount of compensation that is requested.

11 U.S.C. §§ 330(a)(1)-(2) (emphasis added). The Bankruptcy Code does not define "party in interest," though § 1109(b) offers a non-exhaustive list of who may be considered a party in interest:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or an indenture trustee, *may raise and may appear and be heard* on any issue in a case under this chapter.

11 U.S.C. § 1109(b) (emphasis added). Appellant maintains that it is a party in interest as a creditor via its administrative expense claim. Doc. No. 24 at 18. Also, recognizing that "litigant in an adversary proceeding" is not a category specifically enumerated in § 1109(b), Appellant argues that it separately qualifies as a party in interest because § 330 broadly refers to "parties in interest" in discussing who is entitled to notice of a court's order granting professional fees, as well as who may motion a court to "award compensation that is less than the amount of compensation that is requested." Doc. No. 24 at 19. In other words, Appellant reasons that based on its potential liability for

8

the professional fees in the Adversary Proceeding, it is a party in interest that may object to the Bankruptcy Court's Fee Application Orders per § 330, and therefore has appellate standing here to appeal those Fee Application Orders. Doc. No. 24 at 18 (". . . NexPoint qualifies as a creditor and party in interest by virtue of its request for payment of expenses of administration under 11 U.S.C. § 503(b)(1), as well as a party in interest under 11 U.S.C. § 1109(b) by virtue of its status as a defendant in the Adversary Proceeding in which the damages claim is based, in part, on the professional fees at issue in these appeals.").

The Court disagrees. Broadly conferring appellate standing to any potential party in interest to a bankruptcy court order would likely result in exactly the type of "sclerotic litigation" this circuit seeks to avoid with its additional prudential standing requirement; a party in interest cannot also necessarily be a person aggrieved. According to Collier on Bankruptcy:

> Although section 1109 speaks broadly of the right of a party in interest to raise and to appear and be heard on any issue in a chapter 11 case, the section is silent on the subject of a party's standing to take an appeal from an adverse decision, other than to expressly prohibit the Securities and Exchange Commission from taking an appeal. In general, in order for a person to be a proper party to take an appeal, one must be a "person aggrieved" by the outcome of a particular proceeding. Consistent with the basic purpose of section 1109(b), a party qualifies as a "person aggrieved" if the decision in question adversely affects the party's pecuniary interest.

7 Collier on Bankruptcy, ¶ 1109.08 (16th ed. 2022). Appellant fails to cite to any Fifth Circuit precedent suggesting that § 1109(b) confers appellate standing for parties in interest. Similarly, even if Appellant is a "party in interest" that can "appear and be

9

heard" on its objections to the professional fees per § 330, that still does not mean that it has appellate standing as a person aggrieved. As discussed in Section III(A)(1) above, even a creditor with an administrative expense claim—a "party in interest" category included in § 1109(b)—can lack appellate standing to appeal a bankruptcy court order where it cannot demonstrate that the order directly and adversely impacts it pecuniarily.

### IV.  Conclusion

For the reasons discussed above, Appellant lacks standing to appeal the Fee Application Orders under the person aggrieved standard. Appellant's appeal is therefore **DISMISSED**.

**SO ORDERED.**

Signed May 9th, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE