Kristin H. Jain, Esq.
Texas Bar No. 24010128
khjain@jainlaw.com
JAIN LAW & ASSOCIATES PLLC
400 North Saint Paul Street, Suite 510
Dallas, Texas 75201-6829
Telephone: (214) 446-0330
Facsimile: (214) 446-0321

*Local Counsel for NexPoint Advisors, L.P.*

Samuel A. Schwartz, Esq. (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq. (admitted *pro hac vice*)
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101-5805
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |

---

[1]  The Reorganized Debtor's last four digits of its taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850; Dallas, Texas 75201.

| | |
|---|---|
| Reorganized Debtor. | |
| | |
| NEXPOINT ADVISORS, L.P., | Case No. 3:21-cv-03086-K |
| Appellant. | *consolidated with:* |
| v. | Case No. 3:21-cv-03088-K |
| | Case No. 3:21-cv-03094-K |
| PACHULSKI STANG ZIEHL & | Case No. 3:21-cv-03096-K |
| JONES LLP; WILMER CUTLER | Case No. 3:21-cv-03104-K |
| PICKERING HALE AND DORR | |
| LLP; SIDLEY AUSTIN LLP; FTI | |
| CONSULTING, INC.; AND TENEO | |
| CAPITAL, LLC, | |
| Appellees. | |

## NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**TO THE HONORABLE COURT:**

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 158(d) and Rules 3, 4, and 6 of the Federal Rules of Appellate Procedure, NexPoint Advisors, L.P., creditor and party in interest under 11 U.S.C. § 1109(b) in the above-captioned bankruptcy case and appellant in the above-captioned bankruptcy appeal, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the *Memorandum Opinion and Order* [ECF No. 37] (the "**Order**") entered on May 9, 2022, and the resulting final *Judgment* [ECF No. 38] (the "**Judgment**") entered on

May 9, 2022, by the United States District Court for the Northern District of Texas.

True and correct copies of the Order and Judgment are attached hereto as **Exhibit A**

and **Exhibit B**, respectively.

The parties to this appeal and the names, addresses, and telephone numbers of

their respective attorneys are as follows:

1. **NexPoint Advisors, L.P. (Appellant / Creditor / Party in Interest under 11 U.S.C. § 1109(b))**

   Kristin H. Jain, Esq.
   Texas Bar No. 24010128
   khjain@jainlaw.com
   JAIN LAW & ASSOCIATES PLLC
   400 North Saint Paul Street, Suite 510
   Dallas, Texas 75201-6829
   Telephone: (214) 446-0330
   Facsimile: (214) 446-0321

   - and -

   Samuel A. Schwartz, Esq. (admitted *pro hac vice*)
   Nevada Bar No. 10985
   saschwartz@nvfirm.com
   Athanasios E. Agelakopoulos, Esq. (admitted *pro hac vice*)
   Nevada Bar No. 14339
   aagelakopoulos@nvfirm.com
   SCHWARTZ LAW, PLLC
   601 East Bridger Avenue
   Las Vegas, Nevada 89101-5805
   Telephone: (702) 385-5544
   Facsimile: (702) 442-9887

*[Continued on Next Page]*

2. **Pachulski Stang Ziehl & Jones LLP (Appellee / Retained Professional)**

Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*)
California Bar No. 143717
jpomerantz@pszjlaw.com
John A. Morris, Esq. (admitted *pro hac vice*)
New York Bar No. 2405397
jmorris@pszjlaw.com
Jordan A. Kroop, Esq. (admitted *pro hac vice*)
New York Bar No. 2680882
jkroop@pszjlaw.com
Gregory V. Demo, Esq. (admitted *pro hac vice*)
New York Bar No. 5371992
gdemo@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

- and -

Melissa S. Hayward, Esq.
Texas Bar No. 24044908
mhayward@haywardfirm.com
Zachery Z. Annable, Esq.
Texas Bar No. 24053075
zannable@haywardfirm.com
HAYWARD PLLC
10501 North Central Expressway, Suite 106
Dallas, Texas 75231-2203
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*[Continued on Next Page]*

3.      **Wilmer Cutler Pickering Hale and Dorr LLP (Appellee / Retained Professional)**

Timothy F. Silva, Esq. (admitted *pro hac vice*)
Massachusetts Bar No. 637407
timothy.silva@wilmerhale.com
Benjamin W. Loveland, Esq. (admitted *pro hac vice*)
Massachusetts Bar No. 669445
benjamin.loveland@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109-1800
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

- and -

Melissa S. Hayward, Esq.
Texas Bar No. 24044908
mhayward@haywardfirm.com
Zachery Z. Annable, Esq.
Texas Bar No. 24053075
zannable@haywardfirm.com
HAYWARD PLLC
10501 North Central Expressway, Suite 106
Dallas, Texas  75231-2203
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*[Continued on Next Page]*

4. **Sidley Austin LLP (Appellee / Retained Professional)**

Matthew A. Clemente, Esq. (admitted *pro hac vice*)
Illinois Bar No. 6255757
mclemente@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603-2302
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

Penny P. Reid, Esq.
Texas Bar No. 15402570
preid@sidley.com
Paige Holden Montgomery, Esq.
Texas Bar No. 24037131
pmontgomery@sidley.com
Juliana L. Hoffman, Esq.
Texas Bar No. 24106103
jhoffman@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201-3351
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*[Continued on Next Page]*

5.      **FTI Consulting, Inc. (Appellee / Retained Professional)**

Matthew A. Clemente, Esq. (admitted *pro hac vice*)
Illinois Bar No. 6255757
mclemente@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603-2302
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

Penny P. Reid, Esq.
Texas Bar No. 15402570
preid@sidley.com
Paige Holden Montgomery, Esq.
Texas Bar No. 24037131
pmontgomery@sidley.com
Juliana L. Hoffman, Esq.
Texas Bar No. 24106103
jhoffman@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201-3351
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*[Continued on Next Page]*

6.      **Teneo Capital, LLC (Appellee / Retained Professional)**

Matthew A. Clemente, Esq. (admitted *pro hac vice*)
Illinois Bar No. 6255757
mclemente@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603-2302
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

Penny P. Reid, Esq.
Texas Bar No. 15402570
preid@sidley.com
Paige Holden Montgomery, Esq.
Texas Bar No. 24037131
pmontgomery@sidley.com
Juliana L. Hoffman, Esq.
Texas Bar No. 24106103
jhoffman@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas  75201-3351
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*[Signature Page to Follow]*

Dated: June 7, 2022.

By: */s/ Kristin H. Jain*
Kristin H. Jain, Esq.
Texas Bar No. 24010128
khjain@jainlaw.com
JAIN LAW & ASSOCIATES PLLC
400 North Saint Paul Street, Suite 510
Dallas, Texas 75201-6829
Telephone: (214) 446-0330
Facsimile: (214) 446-0321

*Local Counsel for NexPoint Advisors,*
*L.P.*

- and -

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq.
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2022, a true and correct copy of the foregoing *Notice of Appeal to United States Court of Appeals for the Fifth Circuit* was served electronically via the Court's ECF system upon all parties of interest requesting or consenting to such service in this case.

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq.
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| In re: | |
| | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | |
| | Bankr. Ct. No. 19-34054-sgj-11 |
|     Reorganized Debtor. | |

|  |  |
|---|---|
| NEXPOINT ADVISORS, L.P., | |
|     Appellant, | |
| | Civil Action No. 3:21-CV-03086-K |
| v. | |
| | *consolidated with:* |
| PACHULSKI STANG ZIEHL & JONES LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, SIDLEY AUSTIN LLP, FTI CONSULTING, INC., and TENEO CAPITAL, LLC, | Civil Action No. 3:21-CV-03088-K |
| | Civil Action No. 3:21-CV-03094-K |
| | Civil Action No. 3:21-CV-03096-K |
| | Civil Action No. 3:21-CV-03104-K |
|     Appellees. | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

### MEMORANDUM OPINION AND ORDER

Before the Court are Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Motion") (Doc. No. 14), Appellant NexPoint Advisors, L.P.'s Opposition to Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Response") (Doc. No. 24), and Appellees' Joint Reply to Appellant's

1

Opposition to Motion to Dismiss Appeals as Constitutionally Moot (the "Reply")
(Doc. No. 26). Having carefully considered the Motion, the Response, the Reply, the
applicable briefs and appendices, and the applicable law, the Court finds Appellant
lacks standing to appeal under this circuit's "person aggrieved" test, and therefore
**GRANTS** Appellees' Motion.

## I.   Background

NexPoint Advisors, L.P. ("NexPoint" or "Appellant") appeals five bankruptcy
court orders approving final applications for compensation of fees and reimbursement
expenses of various estate professionals (collectively, the "Fee Application Orders"). On
January 11, 2022, the Court consolidated these appeals into this action. Doc. No. 8.
Appellees now motion this Court to dismiss these consolidated appeals as
constitutionally moot. Doc. No. 14.

## II.   Legal Standard

Appellees characterize the issue as one of constitutional standing and mootness,
though they cite case law and present arguments primarily about the prudential
standing requirement of the "person aggrieved" test. *E.g.*, Doc. No. 14 at 9-15; Doc.
No. 26 at 5-9. A court-maintained prudential requirement for standing to appeal a
bankruptcy court's order, the "'person aggrieved' test is an even more exacting standard
than traditional constitutional standing." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th
Cir. 2004) ("To prevent unreasonable delay, courts have created an *additional*
prudential standing requirement in bankruptcy cases: The appellant must be a 'person

aggrieved' by the bankruptcy court's order." (quoting *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999))). In *Matter of Technicool Sys., Inc.*, the Fifth Circuit recently repeated the rationale for the additional standing requirement:

> . . . [D]isgruntled litigants may [not] appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

896 F.3d 382, 385 (5th Cir. 2018). A cursory glance at the bankruptcy court's docket for this case offers an apt example of the doctrine's continued necessity. To be a "person aggrieved," appellant "must show that he was '*directly* and *adversely* affected pecuniarily by the order of the bankruptcy court . . .'" *In re Coho Energy Inc.*, 395 F.3d at 203 (emphasis added) (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

While Appellant engages with Appellees' person aggrieved test arguments (*e.g.*, Doc. No. 24 at 6, 10-15), Appellant also urges this Court not to apply the test based on the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, which held in part that courts may not "limit a cause of action that Congress has created merely because 'prudence' dictates." 572 U.S. 118, 128 (2014); *but see In re Alpha Nat. Res., Inc.*, 763 Fed. App'x 412 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1601 (2019) (denying *certiorari* for question of whether Article III courts may apply person aggrieved test to determine standing to appeal bankruptcy court order). But regardless of whatever impact *Lexmark* was intended to have on standing in bankruptcy appeals—

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22 Entered 06/23/22 16:00:22 Page 15 of 24
Case 3:21-cv-03086-K Document 39-1 Filed 06/07/22 Page 5 of 11 PageID 22900
Case 3:21-cv-03086-K Document 37 Filed 05/09/22 Page 4 of 10 PageID 22877

if any—virtually every circuit still applies some form of the person aggrieved test. *E.g.*, John A. Peterson III & Joshua A. Esses, *The Future of Bankruptcy Appeals: Appellate Standing After Lexmark* Considered, 37 Emory Bankr. Dev. J. 285, 305-16 (2021). And, although some circuits have modified their approaches to the doctrine in the wake of *Lexmark*, that does not appear to be the case in this circuit. *Id.* at 309.

The Fifth Circuit has consistently stated, "Bankruptcy courts are not authorized by Article III of the Constitution, and as such are not presumptively bound by traditional rules of judicial standing." *In re Coho Energy Inc.*, 395 F.3d at 202; *see also Matter of Technicool Sys., Inc.*, 896 F.3d at 385 ("Bankruptcy courts are not Article III creatures bound by traditional standing requirements."). Just five months ago in *Matter of Dean*, the Fifth Circuit reaffirmed its use of the person aggrieved test in determining whether a party has standing to appeal a bankruptcy court order. 18 F.4th 842, 844 (5th Cir. 2021). Thus, the Court is bound by the doctrine; Appellant has standing to appeal the Fee Application Orders only if it can demonstrate that it is "directly, adversely, and financially impacted" by them. *Matter of Technicool Sys., Inc.*, 896 F.3d at 384.

## III. Analysis

### A. *Is Appellant a "person aggrieved?"*

#### 1. *Administrative Claim*

Appellant has a number of prepetition claims—all of which have been either expunged or withdrawn—and an administrative claim with a pending objection. *E.g.*,

4

Doc. No. 14 at 8-9. Appellant does not offer any substantive standing arguments related to its prepetition claims, and instead focuses on its supposed appellate standing based on its administrative expense claim. *See* Doc. No. 24 at 7, 15-18. The Court will address these arguments first.

Appellant maintains that its administrative claim independently confers it standing as a creditor to appeal the Fee Application Orders. *Id.* Appellees counterargue that the Bankruptcy Code affords high priority for administrative expense claims (*e.g.*, 11 U.S.C. §§ 507(a)(2)-(3), 1129(a)(9)) that the Confirmed Plan (Bankr. Doc. No. 1943 at 113) echoes that same priority scheme, and therefore "both the Bankruptcy Code and the Debtor's plan of reorganization . . . mandate the full payment of allowed administrative claims." Doc. No. 14 at 12-14; Doc. No. 26 at 9-26. In rebuttal, Appellant argues that neither the Bankruptcy Code nor the Confirmed Plan *guarantee* payment of its administrative expense claim. Doc. No. 24 at 15-18.

In their Motion, Appellees argue:

> Appellees anticipate that Appellant will argue that it is potentially financially impacted by these appeals to the extent there are insufficient funds to satisfy its asserted $14 million administrative claim. This is false. In addition to the fact that Highland has already paid 100% of the amounts owed to the professionals under the Fee Application Orders, Highland's projections filed in connection with the confirmation of the Plan projected payment of approximately 71% of the estimated $273 million of general unsecured claims, which would result in an aggregate distribution of approximately $194 million to general unsecured creditors. *See* Bankruptcy Docket No. 1875-1. Because holders of administrative claims must be fully paid prior to any distributions to unsecured creditors and all professional fee claims have already been paid, there can be no credible argument that Highland would not be able to

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22 Entered 06/23/22 16:00:22 Page 17 of 24
Case 3:21-cv-03086-K Document 39-1 Filed 06/07/22 Page 7 of 11 PageID 22902
Case 3:21-cv-03086-K Document 37 Filed 05/09/22 Page 6 of 10 PageID 22879

> pay NexPoint's $14 million administrative claim (to the extent it is even
> allowed) given the substantial projected distribution to the junior
> unsecured claims.

Doc. No. 14 at 14 n.29; *see also* Doc. No. 26 at 10-11. Regardless of whether the

Bankruptcy Code and/or Confirmed Plan absolutely guarantee payment of the

administrative claim, Appellant fails to meaningfully rebut Appellees' argument that

the chances of Appellant's administrative claim not being paid (assuming it is allowed)

are extremely remote. For that reason, Appellant fails to persuasively argue that it has

been directly and adversely impacted by the Fee Application Orders. As the Fifth

Circuit stated in *In re Coho Energy Inc.*, "A remote possibility does not constitute injury

under *Rohm's* 'person aggrieved' test." 395 F.3d at 202 (citing *Rohm & Hass Tex., Inc. v.*

*Ortiz Bros. Insulation, Inc.*, 32 F.3d 205 (5th Cir. 1994)). Accordingly, Appellant's

administrative expense claim does not afford it standing to appeal the Fee Application

Orders.

      2. *Adversary Proceeding*

      Appellant's main argument involves an Adversary Proceeding in which Marc. S.

Kirschner—the Litigation Trustee of the Litigation Sub-Trust formed under the

Confirmed Plan—allegedly "seeks to hold NexPoint liable for hundreds of millions of

dollars of Highland debt, including 'in excess of $40 million in professional fees in

connection with the bankruptcy.'" Bankr. Doc. No. 2934 at 39, 77, 86-88; Doc. No.

24 at 9. According to Appellant, it has standing here to appeal the Fee Application

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22 Entered 06/23/22 16:00:22 Page 18 of 24
Case 3:21-cv-03086-K Document 39-1 Filed 06/07/22 Page 8 of 11 PageID 22903
Case 3:21-cv-03086-K Document 37 Filed 05/09/22 Page 7 of 10 PageID 22880

Orders because, "As a defendant in the Adversary Proceeding, NexPoint is potentially on the hook for professional fees awarded to the Appellees." Doc. No. 24 at 12.

Appellees cite a number of cases that generally hold that "potential litigation in another proceeding does not make an appellant a 'person aggrieved' for standing purposes." Doc. No. 26 at 7 n.7. In this case, of course, there is no "specter of possible litigation" as Appellant is currently a defendant in the Adversary Proceeding. But the underlying principle—that Appellant must be "directly, adversely, and financially impacted" by the bankruptcy court orders for standing to appeal them—remains unchanged. *Matter of Technicool Sys., Inc.*, 896 F.3d at 384. Here, the Fee Application Orders do not directly impact Appellant. At most, Appellant *could* be *indirectly* impacted by the Fee Application Orders, but only if Appellant was to be found liable in the Adversary Proceeding. Any future liability from the Adversary Proceeding is speculative and, in this Court's opinion, not sufficient to confer standing on Appellant to appeal the Fee Application Orders under the person aggrieved standard.

B. *Bankruptcy Code Argument*

Last, Appellant argues, regardless of the "person aggrieved" test, the Bankruptcy Code specifically affords it standing to appeal the Fee Application Orders here as a party with interests protected by the Bankruptcy Code. Doc. No. 24 at 8, 14-15, 18-19. Cited by Appellant, §§ 330(a)(1)-(2) states:

> (a)(1) After notice to the *parties in interest* and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22    Entered 06/23/22 16:00:22    Page 19 of 24
Case 3:21-cv-03086-K   Document 39-1   Filed 06/07/22   Page 9 of 11   PageID 22904
Case 3:21-cv-03086-K   Document 37   Filed 05/09/22   Page 8 of 10   PageID 22881

section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other *party in interest*, award compensation that is less than the amount of compensation that is requested.

11 U.S.C. §§ 330(a)(1)-(2) (emphasis added). The Bankruptcy Code does not define "party in interest," though § 1109(b) offers a non-exhaustive list of who may be considered a party in interest:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or an indenture trustee, *may raise and may appear and be heard* on any issue in a case under this chapter.

11 U.S.C. § 1109(b) (emphasis added). Appellant maintains that it is a party in interest as a creditor via its administrative expense claim. Doc. No. 24 at 18. Also, recognizing that "litigant in an adversary proceeding" is not a category specifically enumerated in § 1109(b), Appellant argues that it separately qualifies as a party in interest because § 330 broadly refers to "parties in interest" in discussing who is entitled to notice of a court's order granting professional fees, as well as who may motion a court to "award compensation that is less than the amount of compensation that is requested." Doc. No. 24 at 19. In other words, Appellant reasons that based on its potential liability for

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22 Entered 06/23/22 16:00:22 Page 20 of 24
Case 3:21-cv-03086-K Document 39-1 Filed 06/07/22 Page 10 of 11 PageID 22905
Case 3:21-cv-03086-K Document 37 Filed 05/09/22 Page 9 of 10 PageID 22882

the professional fees in the Adversary Proceeding, it is a party in interest that may object to the Bankruptcy Court's Fee Application Orders per § 330, and therefore has appellate standing here to appeal those Fee Application Orders. Doc. No. 24 at 18 (". . . NexPoint qualifies as a creditor and party in interest by virtue of its request for payment of expenses of administration under 11 U.S.C. § 503(b)(1), as well as a party in interest under 11 U.S.C. § 1109(b) by virtue of its status as a defendant in the Adversary Proceeding in which the damages claim is based, in part, on the professional fees at issue in these appeals.").

The Court disagrees. Broadly conferring appellate standing to any potential party in interest to a bankruptcy court order would likely result in exactly the type of "sclerotic litigation" this circuit seeks to avoid with its additional prudential standing requirement; a party in interest cannot also necessarily be a person aggrieved. According to Collier on Bankruptcy:

> Although section 1109 speaks broadly of the right of a party in interest to raise and to appear and be heard on any issue in a chapter 11 case, the section is silent on the subject of a party's standing to take an appeal from an adverse decision, other than to expressly prohibit the Securities and Exchange Commission from taking an appeal. In general, in order for a person to be a proper party to take an appeal, one must be a "person aggrieved" by the outcome of a particular proceeding. Consistent with the basic purpose of section 1109(b), a party qualifies as a "person aggrieved" if the decision in question adversely affects the party's pecuniary interest.

7 Collier on Bankruptcy, ¶ 1109.08 (16th ed. 2022). Appellant fails to cite to any Fifth Circuit precedent suggesting that § 1109(b) confers appellate standing for parties in interest. Similarly, even if Appellant is a "party in interest" that can "appear and be

heard" on its objections to the professional fees per § 330, that still does not mean that it has appellate standing as a person aggrieved. As discussed in Section III(A)(1) above, even a creditor with an administrative expense claim—a "party in interest" category included in § 1109(b)—can lack appellate standing to appeal a bankruptcy court order where it cannot demonstrate that the order directly and adversely impacts it pecuniarily.

**IV. Conclusion**

For the reasons discussed above, Appellant lacks standing to appeal the Fee Application Orders under the person aggrieved standard. Appellant's appeal is therefore **DISMISSED**.

**SO ORDERED.**

Signed May 9th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

Case 19-34054-sgj11 Doc 3377 Filed 06/07/22    Entered 06/23/22 16:00:22    Page 23 of 24
Case 3:21-cv-03086-K   Document 39-2   Filed 06/07/22   Page 2 of 3   PageID 22908
Case 3:21-cv-03086-K   Document 38   Filed 05/09/22   Page 1 of 2   PageID 22884

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　　　Reorganized Debtor. | Chapter 11<br><br>Bankr. Ct. No. 19-34054-sgj-11 |
| NEXPOINT ADVISORS, L.P.,<br><br>　　　　Appellant,<br><br>v.<br><br>PACHULSKI STANG ZIEHL & JONES LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, SIDLEY AUSTIN LLP, FTI CONSULTING, INC., and TENEO CAPITAL, LLC,<br><br>　　　　Appellees. | Civil Action No. 3:21-CV-03086-K<br><br>*consolidated with:*<br><br>Civil Action No. 3:21-CV-03088-K<br>Civil Action No. 3:21-CV-03094-K<br>Civil Action No. 3:21-CV-03096-K<br>Civil Action No. 3:21-CV-03104-K |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

## <u>JUDGMENT</u>

This appeal came on for consideration on the briefs. For the reasons stated in the Court's Memorandum Opinion and Order filed today, this appeal is **DISMISSED**.

All pending motions filed in this appeal are terminated.

Costs of this appeal are taxed against Appellants pursuant to Fed. R. Bankr. P.

8021(a) or (a)(2).

Entered: May 9th, 2022.


KAREN MITCHELL
Clerk of Court

By: R. Jacobson