PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |

----------------------------------------------------------------

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S NOTICE OF RULE 30(b)(6)
DEPOSITION TO HCRE PARTNERS, LLC**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure 7030 and

9014, Highland Capital Management, L.P. ("<u>Highland</u>" or the "<u>Reorganized Debtor</u>"), the

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

reorganized debtor in the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>"), shall take the deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("<u>HCRE</u>") by the person(s) most qualified to testify on HCRE's behalf with respect to the topics described in **<u>Exhibit A</u>** attached hereto in connection with the proof of claim filed by HCRE [*i.e.*, Claim No. 146] (the "<u>HCRE Claim</u>") and any objections thereto. The deposition of HCRE shall take place on **July 25, 2022**, commencing at **9:30 a.m. Central Time** or at such other day and time as Highland may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 48 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated: July 5, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:  jpomerantz@pszjlaw.com
  jmorris@pszjlaw.com
  gdemo@pszjlaw.com
  hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

3

**EXHIBIT A**

**DEFINITIONS**

1.      "Amended LLC Agreement" means the *First Amended and Restated Limited Liability Company Agreement for SE Multifamily Holdings LLC*, dated as of March 15, 2019, effective as of August 23, 2018, among Highland, HCRE, and BH Equities with respect to SE Multifamily.

2.      "Barker Viggato" means Barker Viggato LLP.

3.      "BH Equities" means BH Equities, LLC, and all persons You believe acted on behalf of BH Equities.

4.      "Borrowers" refers to the entities individually and collectively, jointly and severally, Highland, HCRE, The Dugaboy Investment Trust, The SLHC Trust, NexPoint Advisors, L.P., NexPoint Real Estate Advisors IV, L.P., SE Multifamily Reit Holdings, LLC, and certain property owners, as defined on page 3 of the Loan Agreement.

5.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

6.      "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

7.      "Discovery Requests" means *Highland Capital Management, L.P.'s Second Set of Discovery Requests Directed to HCRE Partners, LLC*.

8. "<u>Document</u>" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

9. "<u>ESI</u>" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

10. "<u>Exhibit A</u>" means Exhibit A to the HCRE Claim.

11. "<u>HCRE</u>" means (a) NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, and (b) all directors, officers, employees, and agents of NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, or any other person or entity acting on its behalf.

12. "<u>HCRE Claim</u>" means the general unsecured, non-priority, unliquidated claim that was filed by HCRE Partners, LLC on April 8, 2020, and that was denoted as proof of claim number 146 on the Reorganized Debtor's claims register.

13. "<u>Keybank</u>" means Keybank National Association.

14. "<u>Keybank Loan</u>" means any loan obtained pursuant to the Loan Agreement.

15. "<u>Liberty</u>" means Liberty CLO Holdco, Ltd., and all persons You believe acted on behalf of Liberty.

16. "<u>LLC Agreement</u>" means that certain *Limited Liability Company Agreement*, dated as of August 23, 2018, between Highland and HCRE with respect to SE Multifamily.

17.     "Loan Agreement" means that certain *Bridge Loan Agreement*, dated as of September 26, 2018, between the borrowers (including Highland and HCRE) and lenders thereto and Keybank, as the Administrative Agent.

18.     "Members" shall have the meaning ascribed to that term on page 2 of the Amended LLC Agreement.

19.     "Petition Date" means October 16, 2019, the date Highland filed for bankruptcy relief in the Bankruptcy Case.

20.     "Response" means *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims and (F) Insufficient-Documentation Claims* [Docket No. 1212], filed on October 19, 2020.

21.     "Schedule A" means the document attached to the Amended LLC Agreement as "Schedule A."

22.     "SE Multifamily" means SE Multifamily Holdings, LLC.

23.     "You" or "Your" refers to HCRE, and any person or entity authorized to act on behalf of HCRE.

**Rule 30(b)(6) Topics**

**Topic No. 1:**

The negotiation, drafting, and execution of the LLC Agreement, including (a) the identities of the individuals authorized to act on behalf HCRE and Highland, respectively; (b) the identities of any attorneys who provided legal advice to HCRE and Highland, respectively; and (c) the reasons or purpose of including Highland in the LLC Agreement.

**Topic No. 2:**

The negotiation, drafting, and execution of the Loan Agreement, including (a) the identities of the individuals authorized to act on behalf HCRE and Highland, respectively; (b) the identities of any attorneys who provided legal advice to HCRE and Highland, respectively; (c) the reasons or purpose of including Highland in the Loan Agreement; (d) the decision to have HCRE act as the "lead borrower"; and (e) the allocation of the loan proceeds among the Borrowers under the Keybank Loan and all decisions and communications related thereto.

**Topic No. 3:**

The removal of Highland as a Borrower under the Keybank Loan prior to the Petition Date.

**Topic No. 4:**

The negotiation, drafting, and execution of the Amended LLC Agreement, including (a) the identities of the individuals authorized to act on behalf HCRE, Highland, BH Equities, and Liberty, respectively; and (b) the identities of any attorneys who provided legal advice to HCRE, Highland, BH Equities, and Liberty, respectively.

**Topic No. 5:**

All facts Concerning HCRE's belief that "the organizational documents relating to SE Multifamily Holdings LLC (the "SE Multifamily Agreement") improperly allocates the

4

ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," as alleged in paragraph 5 of the Response.

**Topic No. 6:**

All distributions made by SE Multifamily to any Member at any time.

**Topic No. 7:**

The allocation of SE Multifamily's profits and losses among its Members.

**Topic No. 8:**

Communications Concerning any allegation or assertion that there was any error in the Amended LLC Agreement, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 9:**

Communications Concerning any allegation or assertion that the Amended LLC Agreement, including Schedule A annexed thereto, did not accurately describe the respective interests of each Member of SE Multifamily, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 10:**

Communications Concerning the allocation of the interests in SE Multifamily among its Members, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 11:**

All tax filings Concerning SE Multifamily, including all draft and actually-filed tax returns and K-1s Concerning SE Multifamily and any Communications with Barker Vittago Concerning this topic.

**Topic No. 12**:

Your sources of capital used to make the capital contribution reflected on Schedule A.

**Topic No. 13**:

Your responses to the Discovery Requests.