PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*
*and the Highland Claimant Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**REORGANIZED DEBTOR AND CLAIMANT TRUSTEE**
**JOINT MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING**
**THE CLAIMS OBJECTION DEADLINE PURSUANT TO CONFIRMED CHAPTER 11**
**PLAN BY WHICH REORGANIZED DEBTOR MAY OBJECT TO CERTAIN CLAIMS**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COME NOW Highland Capital Management, L.P. (formerly the "Debtor" and now the "Reorganized Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Claimant Trustee appointed pursuant to the Debtor's Plan (defined below) (the "Claimant Trustee" and together with the Debtor, the "Movants") filing their *Joint Motion for Entry of an Order Further Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan by Which Debtor May Object to Certain Claims* (the "Motion"). Through the Motion, Movants seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the current deadline of August 8, 2022 solely with respect to the claims of Highland CLO Management Ltd., ("HCLOM") through and including February 8, 2023 (a six-month extension) established pursuant to the Confirmation Order (as defined below) and the Plan, without prejudice to the Movants' right to seek further extensions.  In support of the Motion, Movants respectfully represent as follows:

## I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  BACKGROUND

2.      On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").  On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].[2]

3.      On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "Bar Date Order").  The Bar Date Order fixed April 8, 2020 as the deadline for any person or entity, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim against the Debtor.[3]

4.      On September 20, 2021, the Debtor filed its *Notice of Filing of Debtor's Amended Schedules* [Docket No. 1082] (the "Amended Schedules"). The Amended Schedules listed, among other claims, (i) a nonpriority unsecured claim on behalf of HCLOM in the amount of $9,541,446.00 with the basis of such claim denoted as note payable, and (ii) a nonpriority unsecured claim on behalf of HCLOM in the amount of $599,187.26 with the basis of such claim denoted as interest payable (together, the "HCLOM Claims").[4]

5.      On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth*

---

[2] All docket numbers refer to the docket maintained by this Court.

[3] The Debtor also sought and obtained the extended employee bar date of May 26, 2020 pursuant to the *Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims* [Docket No. 560].

[4] To the Reorganized Debtor's knowledge, HCLOM has not filed any claims in the Debtor's chapter 11 case.  For avoidance of doubt, to the extent that HCLOM has filed any claims or to the extent that any entity has filed a claim on behalf of HCLOM, the relief in this Motion shall apply to such claims.

*Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "Plan").[5]

6.     The Plan became effective on August 11, 2021 (the "Effective Date"), on which date the Debtor became the Reorganized Debtor.  On that same date, the Reorganized Debtor filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].   After the Effective Date, the Reorganized Debtor commenced making distributions to certain Allowed Claims in accordance with the terms of the Plan.

7.     The Confirmation Order provided that the initial deadline for the Debtor to object to claims was 180 days after the Effective Date (*i.e.*, February 7, 2022) (the "Claims Objection Deadline"), subject to ability of the Court to extend this deadline.  *See* Confirmation Order ¶ O.

8.     On January 3, 2022, the Reorganized Debtor and Claimant Trustee filed their *Joint Motion for Entry of an Order Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan by Which Debtor May Object to Claims* [Docket 3145] (the "Claims Objection Deadline Extension Motion").   On January 27, 2022, the Court entered its *Order Granting Reorganized Debtor's and Claimant Trustee's Joint Motion and Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan by Which Debtor May Object to Claims* [Docket 3194] and extended the current Claims Objection Deadline through August 8, 2022, without prejudice to further extension of the Claims Objection Deadline.

---

[5] Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Plan.

9.      The Reorganized Debtor, the Debtor, and the Litigation Trustee have filed multiple objections to claims in this chapter 11 case.  Both prior to and after the filing of the Claims Objection Deadline Extension Motion, there has been substantial progress in the resolution and reconciliation of claims asserted against the Debtor, including the following:

- On March 18, 2021, the Debtor filed its *Third Omnibus Objection to Certain No Liability Claims* [Docket No 2059] (as supplemented, the "Third Omnibus Objection") requesting the disallowance of, *inter alia*, certain former employees' claims related to annual performance bonuses and deferred performance awards on various grounds.  The Third Omnibus Objection has been resolved through various stipulations and orders.[6]

- On November 9, 2021, the Litigation Trustee filed its *Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* [Docket No. 3002].  The Court entered an order sustaining the Litigation Trustee's objection to Claim 186 on January 13, 2022 [Docket No. 3180].

- On October 14, 2021, the Litigation Trustee commenced an adversary proceeding against certain former employees of the Debtor captioned as *Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust v. Dondero*, et al. [Adv. Proc. 21-03076], which lawsuit is currently pending.

- On November 9, 2021, the Litigation Trustee filed its *Omnibus Objection to Certain Amended and Superseded Claims and Zero Dollar Claims* [Docket 3001]. Pursuant to the *Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim Nos. 182, 184, 185, 187, 192, 214, 215, 242, 245, and 253* [Docket No. 3091], entered into between Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust, on the one hand, and Frank Waterhouse, Scott Ellington, Isaac Leventon, and Jean-Paul Sevilla, on the other hand, proofs of claim numbers 182, 184, 185, 187, 192, 214, 215, 242, 245, and 253 have been withdrawn with prejudice. *See Order Approving Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim Nos. 182, 184, 185, 187, 192, 214, 215, 242, 245, and 253* [Docket No. 3164]. Certain other of these claims were resolved by the Claims Order.

- On February 1, 2022, the Court entered an order granting the Debtor's objection and disallowed Claims 65 and 66 in part filed by Paul Adkins [Docket No. 3216].

---

[6] *See First Order Sustaining the Debtor's Third Omnibus Objection to Certain No Liability Claims* [Docket No. 2468]; *Order Approving Stipulation and Agreed Order Resolving Third Omnibus Objection to Claims and Certain Other Claims* [Docket No. 3244] (the "Claims Order").

10.     As noted above, the majority of the Debtor's claims have already been reconciled and, to the extent applicable, objections have been filed, or will be filed, to any remaining disputed claims (other than to the HCLOM Claims) on or prior to the current August 8, 2022 Claims Objection Deadline.  However, Movants continue to evaluate the HCLOM Claims and therefore request (a) a limited extension of the Claims Objection Deadline solely with respect to those claims and (b) the authority to enter into consensual stipulations extending the Claim Objection Deadline with respect to any other Claim without further Court Order.

### III.     RELIEF REQUESTED

11.     By this Motion, Movants seek entry of an order extending the Claims Objection Deadline <u>solely with respect to the HCLOM Claims</u> for a period of approximately 180 days, from the current deadline of August 8, 2022 through and including February 8, 2023, and authorizing Movants to enter into consensual stipulations extending the Claim Objection Deadline with respect to any other Claim without further Court Order.  The proposed extension is without prejudice to Movants' rights to seek additional extensions of the Claims Objection Deadline as appropriate.

### IV.     ARGUMENT AND AUTHORITIES

12.     Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated.[7]  Although the Plan set an initial deadline by which such challenges must be raised, it also expressly contemplates extension of the Claims Objection Deadline by order of the Court.  For example, the Confirmation Order provides that "the Claims Objection Deadline shall be the date that is 180 days after the Effective Date [*i.e.*,

---

[7] *See* 11 U.S.C. §§ 502(b)-(c), 503.

February 7, 2022], *provided however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee and as otherwise provided under the Plan." *See* Confirmation Order ¶ O. The Plan provides the same provision with respect to the Court's ability to extend the Claims Objection Deadline. Plan § I.B.23.

13.     Movants respectfully submit that the limited extension of the Claims Objection Deadline requested herein is fundamental to resolution of this chapter 11 case and is in the best interests of creditors. The Reorganized Debtor and the other post-Effective Date entities continue to monetize the assets vested in it as provided under the Plan. While the Reorganized Debtor and the Claimant Trust have substantially completed the claims reconciliation and objection process with respect to disputed claims, they require additional time to evaluate and address the HCLOM Claims.

14.     The limited requested extension of the Claims Objection Deadline will not prejudice any claimant or other party-in-interest and will benefit creditors holding valid claims. Extension of the Claims Objection Deadline is not sought for purposes of delay, nor will it affect any claimant's substantive defense(s) to any objection. Rather, the extension is intended to allow the Movants sufficient time to fully evaluate and address the HCLOM Claims. This is Movants' second request for an extension of the Claims Objection Deadline, although far more limited in scope because it only relates to the period of time to object to the HCLOM Claims.

## V.     NOTICE

15.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the

Debtor's principal secured parties; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI.  PRAYER

WHEREFORE, Movants respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

*[Remainder of Page Intentionally Blank]*

Dated: July 6, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com
-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*
*and the Highland Claimant Trustee*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | )   Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |
|  | )   Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) |
|  | )   **Re: Docket No. _____** |
|  | ) |

**ORDER GRANTING REORGANIZED DEBTOR AND
CLAIMANT TRUSTEE JOINT MOTION AND FURTHER EXTENDING
THE CLAIMS OBJECTION DEADLINE PURSUANT TO CONFIRMED CHAPTER 11
PLAN BY WHICH REORGANIZED DEBTOR MAY OBJECT TO CERTAIN CLAIMS**

The Court has considered the Reorganized Debtor's and Claimant Trustee's *Joint Motion for Entry of an Order Further Extending the Claims Objection Deadline Pursuant to Confirmed Chapter 11 Plan by Which Reorganized Debtor May Object to Certain Claims* (the "Motion")[2] seeking entry of an order extending the Claims Objection Deadline fixed pursuant to the Confirmation Order and Plan.  The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances; and (d) cause exists to grant an extension of the Claims Objection Deadline.  After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion; it is therefore

**ORDERED** that the Motion is **GRANTED** as set forth herein; it is further

**ORDERED** that the Claims Objection Deadline pursuant to the Plan is hereby extended

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

through and including February 8, 2023, solely with respect to the HCLOM Claims;[3] it is further

**ORDERED** that this Order shall be without prejudice to the Reorganized Debtor's and Claimant Trustee's rights to seek from the Court further extensions of the Claims Objection Deadline with respect to the HCLOM Claims; and it is further

**ORDERED** that the Reorganized Debtor and the Claimant Trust may in their sole discretion enter into consensual stipulations extending the Claim Objection Deadline with respect to any other Claims without further Court approval; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### **### END OF ORDER ###**

---

[3] For avoidance of doubt, this Order shall apply to any claims that HCLOM may have filed in the Reorganized Debtor's chapter 11 case and to any claims filed by any entity on behalf of HCLOM.