PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## REORGANIZED DEBTOR'S UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR DETERMINATION OF THE VALUE OF THE ESTATE AND ASSETS HELD BY THE CLAIMANT TRUST

Highland Capital Management, L.P., the reorganized debtor (the "Reorganized Debtor" or the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files the *Reorganized Debtor's Unopposed Motion to Extend Time to Respond to Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* (the "Motion to Extend"). For the reasons set forth below, the Reorganized Debtor respectfully requests that the Court enter an

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

order in the form annexed as **Exhibit A** extending from July 21, 2022, to August 24, 2022, the Reorganized Debtor's time to respond to the *Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382] (the "Valuation Motion") filed by The Dugaboy Investment Trust ("Dugaboy") on June 30, 2022.[2]

## JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion to Extend pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion to Extend are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2.     On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").  On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].[3]

3.     On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "Plan").[4]

4.     On August 11, 2021 (the "Effective Date"), the Plan became effective and the Reorganized Debtor filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended*

---

[2] If the Motion to Extend is granted, the Reorganized Debtor's counsel will confer with Dugaboy's counsel on a schedule for the timing of any reply and hearing.  If an agreement is reached, the parties will present a stipulation to the Court for approval.  If no agreement is reached, and in light of the extremely sensitive nature of the subject matter of the Valuation Motion, the Reorganized Debtor will request an *in camera* status conference to be held in September or October.

[3] All docket numbers refer to the docket maintained by this Court.

[4] Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Plan.

DOCS_SF:107651.3 36027/003

*Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700]. After the Effective Date, the Reorganized Debtor commenced making distributions to certain Allowed Claims in accordance with the terms of the Plan.

## RELIEF REQUESTED

5.      The Reorganized Debtor requests entry of an order extending the time to respond to the Valuation Motion through and including August 24, 2022.[5]

## BASIS FOR RELIEF REQUESTED

6.      The Valuation Motion was filed on June 30, 2022, but was not accompanied by any notice of hearing or objection deadline. Based upon past practice in the Bankruptcy Case, and out of an abundance of caution, the Reorganized Debtor has treated its responses to opposed motions filed by non-debtor parties as being required to be filed within 21 days of the filing of the motion, which deadline would be July 21, 2022 with respect to the Valuation Motion.

7.      The Reorganized Debtor requires additional time to respond to the Valuation Motion due to matters pending in this Bankruptcy Case, obligations that counsel to the Reorganized Debtor has in other cases,[6] and vacation schedules.

8.      For example, the Reorganized Debtor is expected to (a) file its reply brief on July 20, and conduct oral argument on July 27, in the HCMFA notes litigation (Adv. Pro. No. 21-03082); (b) take six (6) depositions in late July/early August in the contested matter concerning the Reorganized Debtor's objection to HCRE's proof of claim (*see* Docket Nos. 3363, 3383, 3386, 3392, 3393, and 3394) (although some of those depositions may be adjourned to later in August); (c) conduct a hearing on August 3, 2022, with respect to the motions to dismiss filed in Adv. Proc. 22-03052-sgj and Adv. Proc. 22-03062-sgj; and (d) conduct a hearing on August 8, 2022, in the UBS adversary proceeding (*see* Adv. Pro. No. 21-03020, Docket No. 173).

---

[5] For avoidance of doubt, this Motion to Extend also applies to the Claimant Trustee's time to respond to the Valuation Motion to the extent Claimant Trustee chooses to do so. This Motion to Extend is without prejudice to any objections of the Reorganized Debtor or the Claimant Trustee to the Valuation Motion, none of which are waived.

[6] Counsel to the Reorganized Debtor also has substantive obligations to its clients in August in, among other cases, *In Re Mallinckrodt, PLC*, Case No. 20-12522 (D. Del.), *The Diocese of Rochester*, Case No. 19-20905 (W.D.N.Y), and *LTL Management LLC*, Case No. 21-30589 (D. N.J.). Counsel is prepared to discuss those obligations, if necessary.

9.      Given that the Valuation Motion has not been noticed or set for hearing and the relatively short extension of time to respond being sought, Dugaboy will not be prejudiced by the granting of the Motion to Extend.  During the pendency of this chapter 11 case, the Reorganized Debtor has granted similar requests made by opposing counsel and has consensually extended filing deadlines for certain motions and other pleadings filed by the Reorganized Debtor.

## NOTICE

10.      Notice of this Motion to Extend will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) counsel to Dugaboy; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002 and as provided under the Plan.

## PRAYER

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, (i) extending the time to respond to the Valuation Motion through and including August 24, 2022, and (ii) granting the Reorganized Debtor such further and additional relief as the Court necessary and appropriate.

4

Dated: July 15, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## **CERTIFICATE OF CONFERENCE**

On July 15, 2022, counsel for the Reorganized Debtor conferred with counsel for Dugaboy regarding the relief requested herein. Counsel for Dugaboy stated that Dugaboy is unopposed to the relief requested in the Motion to Extend.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

# <u>EXHIBIT A</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

--------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | |
| | § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |

--------------------------------------------------------------------

**ORDER GRANTING REORGANIZED DEBTOR'S UNOPPOSED MOTION AND
EXTENDINGTIME TO RESPOND TO MOTION FOR DETERMINATION OF THE
VALUE OF THE ESTATE AND ASSETS HELD BY THE CLAIMANT TRUST**

The Court has considered the *Reorganized Debtor's Unopposed Motion to Extend Time to Respond to Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* (the "Motion to Extend") filed by the above-captioned reorganized debtor (the "Reorganized Debtor") seeking entry of an order for an extension of time through and including August 24, 2022, to respond to the *Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382] (the "Valuation Motion"). The Court has reviewed the Motion to Extend and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Motion to Extend was sufficient under the circumstances; and (d) good and sufficient cause has been shown for the relief requested in the Motion to Extend; it is therefore

**ORDERED** that the Motion to Extend is **GRANTED** as set forth herein; it is further

**ORDERED** that the deadline for the Reorganized Debtor to respond to the Valuation Motion is extended through and including August 24, 2022;[2] it is further

**ORDERED** that this Order shall be without prejudice to the Reorganized Debtor's right to seek from the Court further extensions to respond to the Valuation Motion; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###

---

[2] For avoidance of doubt, the relief granted in this Order also extends the deadline of the Claimant Trustee (as defined in the Plan) to respond to the Valuation Motion through and including August 24, 2022.