IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) ) ) | |

**GLOBAL NOTES TO POST CONFIRMATION REPORT**

The Reorganized Debtor has filed the attached post-confirmation report (the "PCR") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), on behalf of debtor Highland Capital Management, L.P., Case No. 19-34054 (SGJ) (the "Bankruptcy Case"). The Reorganized Debtor prepared the PCR with the assistance of the Reorganized Debtor's employees, advisors, and professionals. The PCR was prepared solely for the purpose of complying with the post-confirmation quarterly reporting requirements established by the United States Trustee Program (*see* https://www.justice.gov/ust/chapter-11-operating-reports). The PCR should not be relied upon by any persons for any information in connection with current or future financial conditions or events relating to the Reorganized Debtor or its estate.

The financial information contained in the PCR is preliminary, unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with other applicable non-bankruptcy law. In preparing the PCR, the Reorganized Debtor relied on financial data from the books and records available to it at the time of such preparation, as well as certain filings on the docket in the Bankruptcy Case. Although the Reorganized Debtor made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist. The Reorganized Debtor reserves the right to amend and supplement the PCR as may be necessary or appropriate.

**Part 1: Summary of Post-Confirmation Transfers**

Part 1 has been revised to delete (a) a disbursement made in a prior quarter and inadvertently included in the subsequent quarter and (b) a transfer made to the Claimant Trust that was inadvertently included as a disbursement.

The following chart shows the disbursements made in each previous quarter:

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_DE:236683.1 36027/003
DOCS_NY:46165.3 36027/003

| Entity | Paid Cumulative | | | |
|---|---|---|---|---|
| | 2021 - Q3 | 2021 - Q4 | 2022 - Q1 | 2022 - Q2 |
| HCMLP | $ 27,868,509 | $24,736,402 | $27,926,886 | $ 9,019,878 |
| **Paid cumulative** | **$ 27,868,509** | **$52,604,911** | **$80,531,797** | **$89,551,674** |

The following chart shows the disbursements made in each previous quarter since August 11, 2021, the Effective Date:

| Entity | Paid Post Effective Date | | | |
|---|---|---|---|---|
| | 2021 - Q3 | 2021 - Q4 | 2022 - Q1 | 2022 - Q2 |
| HCMLP | $ 22,496,358 | $24,736,402 | $27,926,886 | $ 9,019,878 |
| **Paid cumulative** | **$ 22,496,358** | **$47,232,760** | **$75,159,646** | **$84,179,524** |

**Part 2: Preconfirmation Professional Fees and Expenses**

In Section A of the PCR, the Reorganized Debtor listed the bankruptcy related professionals employed as result of the Bankruptcy Case.

In Section B of the PCR, the Reorganized Debtor listed non-bankruptcy professionals, those that would have been retained absent the Bankruptcy Case, and the ordinary course professionals ("OCP"). Hunton Andrews Kurth LLP ("Hunton") and Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") were originally ordinary course professionals but were later employed professionals. The amounts listed for Hunton and Wilmer Hale include the OCP payments and employed professional payments.

In Section C of the PCR, the Reorganized Debtor totals all payments included in Sections A and B, along with payments made to professional employed by the official committee of unsecured creditors (the "Committee").

The approved current quarter, approved cumulative, and paid cumulative will have the same amount listed due to approval and payment of final fee applications.

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

Part 3(b) includes a note payable distributed to the Class 2 Claimant in accordance with the terms of the Plan.

Claim distribution amounts in Parts 3(a)-(d) are as follows and as set forth in the chart below:

- General unsecured claims in Section 3(d) include claims in Class 6 (PTO), Class 7 (Convenience Claims), Class 8 (General Unsecured Claims) and Class 9 (Subordinated Claims).
- Class 6 (PTO) includes employee claims for paid time off in excess of the statutory administrative priority cap. All Allowed Class 6 (PTO) Claims have been paid in full.

- Class 7 (Convenience Claims) includes claims less than $1 million (or claims in Class 8 that elected to reduce their claims to $1 million). Allowed Class 7 (Convenience Claims) were to receive at 85% of their claim amount under the Plan. All Allowed Claims in Class 7 have been paid in full at 85% of their claim amount.
- Allowed Claims in Classes 8 and 9 have received non-cash distributions in to form of Claimant Trust Interests in accordance with the terms of the Plan. Any distributions to holders of Class 8 and Class 9 claims will be made by the Claimant Trust.

The Reorganized Debtor also made payments in approximate amount of $2.0 million on the effective date of the Plan pursuant to the terms of certain settlement agreements. These payments were previously included in Part 3(d) in error. These payments are included in Part 1.

### General Unsecured Claim Breakdown

|  | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|
| Class 6 | $ - | $ 24,105 | $ 24,105 | 100% |
| Class 7 | 9,318 | 6,177,791 | 7,257,028 | 85% |
| Class 8 | - | - | 284,593,476 | 0% |
| Class 9 | - | - | 98,750,000 | 0% |
| Total | $ 9,318 | $ 6,201,896 | $ 390,624,608 | |

The Debtor reserves all right to object to any claim in accordance with the terms of the Plan.