# EXHIBIT 3

Claim #254  Date Filed: 1/11/2022

---

**Fill in this information to identify the case:**

Debtor _____Highland Capital Management, L.P._____

United States Bankruptcy Court for the: _____Northern_____    District of _____Texas_____
                                                                                                                    (State)

Case number _____19-34054_____

---

Official Form 410

# Proof of Claim
04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

---

| Part 1: | Identify the Claim |
| --- | --- |

| 1. | **Who is the current creditor?** | CLO HoldCo, Ltd. |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | **Has this claim been acquired from someone else?** | ☑ No |
| --- | --- | --- |
| | | ☐ Yes.    From whom? _____ |

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>CLO HoldCo, Ltd.<br>Louis M. Phillips<br>301 Main Street<br>Ste. 1600<br>Baton Rouge, LA 70801<br><br>Contact phone _____<br>Contact email  louis.phillips@kellyhart.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | **Where should payments to the creditor be sent?** (if different)<br><br>CLO HoldCo, Ltd.<br>2101 Cedar Springs Road<br>Ste. 1200<br>Dallas, TX 75201<br><br>Contact phone _____<br>Contact email _____ |

| 4. | **Does this claim amend one already filed?** | ☐ No<br>☑ Yes.    Claim number on court claims registry (if known) __198__    Filed on __04/08/22__<br>                                                                                                                        MM  /  DD  /  YYYY |
| --- | --- | --- |

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |
| --- | --- | --- |

---

Official Form 410                                      **Proof of Claim**

1934054220111000000000018

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|--------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

---

**7. How much is the claim?**

$ <u>unknown, see addendum p 10</u>. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Participation and Tracking Interest in investment funds, s</u>ee addendum

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Proof of Claim

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | $_____ | |

| **Part 3:** | **Sign Below** |
|---|---|

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |
|---|---|
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☑ I am the creditor. |
| | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date  01/11/2022 |
| | MM / DD / YYYY |
| | |
| | /s/Mark Patrick |
| | Signature |
| | **Print the name of the person who is completing and signing this claim:** |
| | Name   Mark Patrick |
| | First name          Middle name          Last name |
| | Title   Director |
| | Company   CLO HoldCo, Ltd. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| | Address |
| | Contact phone _____          Email _____ |

## KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** | |
| 19-34054 - Highland Capital Management, L.P. | |
| **District:** | |
| Northern District of Texas, Dallas Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| CLO HoldCo, Ltd. | Yes, supporting documentation successfully uploaded |
| Louis M. Phillips | **Related Document Statement:** |
| 301 Main Street | |
| Ste. 1600 | **Has Related Claim:** |
| Baton Rouge, LA, 70801 | No |
| **Phone:** | **Related Claim Filed By:** |
| **Phone 2:** | **Filing Party:** |
| **Fax:** | Creditor |
| **Email:** | |
| louis.phillips@kellyhart.com | |

| | |
|---|---|
| **Disbursement/Notice Parties:** | |
| CLO HoldCo, Ltd. | |
| 2101 Cedar Springs Road | |
| Ste. 1200 | |
| Dallas, TX, 75201 | |
| **Phone:** | |
| **Phone 2:** | |
| **Fax:** | |
| **E-mail:** | |
| **DISBURSEMENT ADDRESS** | |

| | | |
|---|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** | |
| | Yes - 198, 04/08/22 | |
| | **Acquired Claim:** | |
| | No | |
| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
| Participation and Tracking Interest in investment funds, see addendum | No | |
| **Total Amount of Claim:** | **Includes Interest or Charges:** | |
| unknown, see addendum p 10 | No | |
| **Has Priority Claim:** | **Priority Under:** | |
| No | | |
| **Has Secured Claim:** | **Nature of Secured Amount:** | |
| No | **Value of Property:** | |
| **Amount of 503(b)(9):** | **Annual Interest Rate:** | |
| No | | |
| **Based on Lease:** | **Arrearage Amount:** | |
| No | **Basis for Perfection:** | |
| **Subject to Right of Setoff:** | **Amount Unsecured:** | |
| No | | |

| | |
|---|---|
| **Submitted By:** | |
| Mark Patrick on 11-Jan-2022 9:04:55 p.m. Eastern Time | |
| **Title:** | |
| Director | |
| **Company:** | |
| CLO HoldCo, Ltd. | |

VN: 629650836DA8F3C9C338621AE3DAAADE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **Chapter 11** |
| **L.P.,** | § | |
| | § | **Relates to Claim Nos. 133 and 198** |
| Debtor | § | |

---

## ADDENDUM TO AMENDED PROOF OF CLAIM

CLO HoldCo, Ltd. ("CLO HoldCo") files this *Addendum to Amended Proof of Claim*, which relates to the Proof of Claim submitted herewith which amends Proof of Claim 198 (the "First Amended CLO HoldCo Crusader Claim"), which amended Proof of Claim No. 133 (the "Initial Claim").

### BASIS FOR CLAIM

#### A. HCMLP Crusader Interest and the Participation and Tracking Interest

1.     The above-captioned debtor ("HCMLP" or the "Debtor") served as investment manager for the Highland Crusader Funds (the "Crusader Funds") which were formed between 2000 and 2002 consisting of the Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund"), and the capital through the Onshore Crusader Fund and Offshore Crusader Fund was pooled into a Master Fund.  *See* Partial Final Award, AAA Case No. 01-16-0002-6927 ("Partial Final Award") §IA,2.[1]

---

[1]     The pleadings in the Arbitration are available to HCMLP and the Litigation Trustee.  Pursuant to the Court's *Agreed Protective Order* [Dkt. No. 382], parties have previously identified pleadings in the Arbitration as designated Highly Confidential and only subject to disclosure under the procedures set forth in Local Rule 9077-1.  CLO HoldCo quotes relevant provisions of such pleadings herein and will provide such pleadings as necessary pursuant to applicable procedures.

1

2.     During the 2008 market decline, HCMLP was flooded with redemption request from Crusader Fund investors, and on October 15, 2008, HCMLP placed the Crusader Funds in wind-down, "compulsorily redeeming" Crusader Fund's limited partnership interests.  *Id*. at §II. Pursuant to a 2011 adoption of the negotiated "Plan and Scheme," HCMLP was to manage, sell, and distribute assets with the Committee of Redeemers in the Highland Crusader Fund (the "Redeemer Committee") to oversee the process with an increased level of influence.  *Id*.

3.     According to that certain *Participation Interest and the Tracking Interest Schedule*, HCMLP granted certain participation interest (the "Participation Interest") in certain participating shares of the Onshore Crusader Fund and the Offshore Crusader Fund ("HCLMP Crusader Interest") and a tracking interest (the "Tracking Interest") in certain participating shares of the HCLMP Crusader Interest.  *See* Attachment A [Schedule I, the Participation and Tracking Interest].

4.     The Participation and Tracking Interest were expressly freely assignable and the obligations thereunder owed by HCMLP to the holder of the Participation and Tracking Interest. *Id*.

5.     The Participation and Tracking Interest were received and accepted by Highland Dallas Foundation, Inc. from The Get Good Nonexempt Trust pursuant to a Unanimous Written Consent of Directors in Lieu of Meeting dated December 28, 2016 ("HDF Consent").   See Attachment B - Transfer Documents.  The HDF Consent further contributed the Participation and Tracking Interest to the Charitable DAF  HoldCo, Ltd. ("DAF HoldCo")  *Id*.

6.     Charitable DAF Holdco the contributed the Participation and Tracking Interest to Charitable DAF Fund, LP ("DAF Fund").  *See* Transfer Documents.   Finally, DAF Fund

contributed and transferred the Participation and Tracking Interest to CLO HoldCo by Written

Resolution effective December 28, 2016. *See* Transfer Documents.

7.     CLO HoldCo is thus the holder of the Participation and Tracking Interest.

8.     Pursuant to the Participation and Tracking Interest Schedule, HCMLP agreed that:

Subject to any applicable tax withholding, **HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP** (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and **proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds")**. Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, **HCMLP shall promptly pay to the holder of the Tracking Interest** an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and **proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares.** Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

*See* Participation and Tracking Interest Schedule (emphasis added).

9.     As such, HCMLP is obligated to pay to CLO HoldCo (as holder of the Participation

Interest and Tracking Interest) the proceeds of any sale, assignment, or other disposition of any

interest with respect to or in the HCMLP Crusader Interest.

**B.  The Arbitration**

10.     The Redeemer Committee terminated HCMLP on July 5, 2016 (effective August

4, 2016), and on July 6, 2016, the Redeemer Committee filed a Notice of Claim before the AAA

commencing arbitration case No. 01-16-0002-6927 (the "Arbitration") against HCMLP.  Partial

Final Award.  On October 14, 2016, the Redeemer Committee amended its Notice of Claim and asserted willful misconduct and violation of fiduciary and contractual duties by HCMLP as investment manager of the Crusader Funds.  *Id.*

11.     An evidentiary hearing in the Arbitration took place over several days in September 2018, and certain post hearing briefing occurred until the Arbitration record was declared closed on December 12, 2018.  *Id.* at §II.  On March 6, 2019, the Arbitration panel issued a Partial Final Award.  In part, the panel explained that from December 2013 through January 2016, HCMLP purchased twenty-seven Plan Claims (as defined in the Plan and Scheme) from Crusader Funds investors without approval of the Redeemer Committee.  *Id.*, §III(H).

12.     The panel found that the Redeemer Committee would have exercised its right of first refusal ("ROFR") as to those Plan Claims if it had been given full information by HCMLP and had HCMLP not been preventing the exercise of the ROFR by invoking a certain TRO and misrepresenting to buyers that it had ROFR.  *Id.*  The panel thus determined that HCMLP breached the Plan and Scheme and its fiduciary duty to the Redeemer Committee and ordered HCMLP to transfer the purchased Plan Claims to the Redeemer Committee.  *Id.*

13.     As to the calculation of damages owed by HCMLP, the panel rejected the Redeemer Committee's methodology (that the fair market value of each of the Plan Claims was the NAV).  *Id.* at ¶H,24.

14.     Instead, the panel adopted the alternative approach of rescission, and ordered HCMLP "to transfer the [Plan Claims] to the Redeemer Committee, to pay to the [Redeemer Committee] whatever financial benefits [HCMLP] received from the transactions, less what [HCMLP] paid for the Plan Claims, plus interest at the rate of 9%, from the date of each purchase."  *Id.* at ¶H,25.

4

15.     The panel left the hearing open so that the parties could supplement by subsequent damages analyses. *Id*., s*ee* Final Award, ¶E,b,7.

16.     On May 9, 2019, the panel issued the *Final Award* (the "Final Award"). The Final Award adopts the previous awards and made certain clerical corrections, and made final awards, including: ordering that the HCMLP purchased Plan Claims be transferred to the Redeemer Committee for benefit of the Crusader Funds or the Redeemer Committee cause the Crusader Funds to extinguish those claims, and for damages in the amount of $3,106,414. *See Id*., ¶F.

17.     Because CLO HoldCo was not a party to the Arbitration, it does not have access to the models provided by the parties. But the panel was clear that the damages amount was to be net of the price paid by HCMLP for the Plan Claims, meaning that HCMLP received a credit against the damages award by virtue of the transfer or extinguishment of the HCMLP Crusader Interest.

18.     The exact amount of this credit is unknown to CLO HoldCo, but known to HCMLP and will be elicited through the discovery process now that this is a contested matter. However, upon information and belief, the credit is estimated to be at least $3,788,932 (which amount was calculated using some Crusader Fund documents to which CLO HoldCo has access, as HCMLP documents and Arbitration documents are not available to CLO HoldCo), and up to an amount that is the difference between the amount of the award ($3,106,414), and the initial Crusader valuation of its claim ($8,897,899), or up to the difference of $5,791,485 (this difference very likely reflects the credit for the purchase price paid by HCMLP). CLO HoldCo reserves the right to further amend upon receipt of the records of HCMLP, which should establish the precise purchase price paid for the interests.

19.     After the Final Award was entered, the Redeemer Committee then moved to confirm the Final Award in Chancery Court and HCMLP brought certain procedural challenges in a Motion to Vacate, essentially arguing that the Partial Final Award should have been the final award.  *See* Dkt. No. 1089, ¶¶17-19.  The pleadings in the Chancery Court have been filed under seal pursuant to a protective order, but according to the HCMLP, it did not challenge any of the factual findings, credibility assessments, or substantive legal conclusion rendered by the panel.  *Id.* at ¶19.

### C. The HCMLP Bankruptcy Case

20.     On October 6, 2019, the motion to confirm the Final Award and Motion to Vacate were scheduled to be heard by the Chancery Court, and HCMLP filed a petition for relief under chapter 11 of the Bankruptcy Code commencing the Bankruptcy Case.  *See id.* and Dkt. No. 1.

21.     On April 3, 2020, the Redeemer Committee filed a general unsecured claim in the amount of $190,824,557.00, plus "post-petition interest, attorneys' fees, costs and other expenses that [allegedly] continue[d] to accrue."  Proof of Claim No. 72.  On April 6, 2020, the Crusader Funds filed a general unsecured claim in the amount of $23,483,446.00, plus "post-petition interest, attorneys' fees, costs and other expenses.  Proof of Claim No. 81

22.     On April 8, 2020, CLO HoldCo filed Proof of Claim No. 133 (the "Initial Proof of Claim") which asserted a claim for the Participation Interests and Tracking Interests.  *See Summary of Proof of Claim,* Original Proof of Claim.

23.     CLO HoldCo attached the Participation and Tracking Interest Schedule as well as documents detailing the transfer of ownership to CLO HoldCo. *Id.*

24.     CLO HoldCo expressly reserved the right to amend the Initial Proof of Claim. *Id.* at ¶B.

25. On July 16, 2020, the Bankruptcy Court entered the *Order Approving Debtor's Motion under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020 entered July 16, 2020* (Dkt. No. 854) (the "July 16 Order"), authorizing HCMLP to retain James Seery ("Mr. Seery") as CEO and CRO. Under Mr. Seery's direction, on September 23, 2020, HCMLP filed the *Debtor's Motion For Entry Of An Order Approving Settlements With (A) The Redeemer Committee Of The Highland Crusader Fund (Claim No. 72), and (B) The Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith* [Dkt. No. 1089] (the "Redeemer Settlement Motion").

26. In the Redeemer Settlement Motion, HCMLP stated that: pursuant to the Final Award, the Redeemer Committee was awarded damages of $190,824,557.00, inclusive of interest (the "Damage Award"). Redeemer Settlement Motion, ¶16. In the Redeemer Settlement Motion, HCMLP explained the terms of the proposed settlement relevant hereto as:

> The Debtor and Eames will each (a) consent to the cancellation of certain interests in the Crusader Funds held by them that the Panel found were wrongfully acquired, and (b) agree that they will not object to the cancellation of certain interests in the Crusader Funds held by the Charitable DAF that the Panel also found were wrongfully acquired.

*Id*. at ¶23.

27. On September 24, 2020, HCMLP filed the *Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (B) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith* [Dkt. No. 1090] (the "Morris Declaration"). The Morris Declaration attached the actual Settlement Agreement (the "Redeemer Settlement") which provides, in pertinent part:

The Debtor and Eames each consent to the Crusader Funds, on or after the date an order of the Bankruptcy Court approving this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019 and section 363 of the Bankruptcy Code becomes a final and non-appealable order (the "Stipulation Effective Date"), cancelling or extinguishing all of the limited partnership interests and shares in the Crusader Funds held by each of them respectively (collectively, the "Cancelled Highland and Eames Interests"), as provided for in the Arbitration Award. Each of the Debtor and Eames represents solely for itself that (a) it has the authority to consent to the cancellation or extinguishment of the Cancelled Highland and Eames Interests that it holds, and (b) upon the occurrence of the Stipulation Effective Date, no other actions by or on behalf of it are necessary for such cancellation or extinguishment. Each of the Debtor and Eames agrees that it will not object to the Crusader Funds, on or after the Stipulation Effective Date, cancelling or extinguishing the limited partnership interests or shares in the Crusader Funds held by Charitable DAF (the "Cancelled DAF Interests," and together with the Cancelled Highland and Eames Interests, the "Cancelled LP Interests"). Each of the Debtor and Eames acknowledges that the cancellation or extinguishment of the Cancelled LP Interests is intended to implement Sections F.a.v and F.a.x.2 of the Final Award.

Attachment G, Settlement Agreement.

28.     On October 20, 2020, the Bankruptcy Court held a hearing on Redeemer Settlement Motion.  Dkt. No. 1271.  At the hearing, the Bankruptcy Court approved the Redeemer Settlement. *Id*.

29.     On October 21, 2020, CLO HoldCo amended its Initial Proof of Claim and filed the CLO HoldCo Crusader Claim, stating that; "**[a]ccording to Debtor**, the termination of Debtor's interests in Crusader funds served to cancel CLO HoldCo's participation interests in Debtor's interests accordingly the claim amount is reduce to $0.00."  *See* Proof of Claim No. 198 (emphasis added).

30.     It is important to note that at the time CLO HoldCo filed the First Amended CLO HoldCo Crusader Claim upon information conveyed from HCMLP, **HCMLP served as investment advisor to Charitable DAF Fund, L.P. ( "DAF Fund"), and Charitable DAF GP, LLC ("DAF GP")** pursuant to that certain *Second Amended and Restated Investment Advisory Agreement effective January 1, 2017* (the "Investment Advisory Agreement").  As has previously

8

been detailed to the Court, DAF Fund is the sole shareholder of CLO HoldCo. *See* Dkt. No. 2547, ¶21. So upon information from its sole shareholder's investment advisor concerning the HCMLP Crusader Interest, CLO HoldCo amended its claim to $0, with reservation.

31. Although the CLO HoldCo Crusader Claim was amended to $0.00, CLO HoldCo attached the Participation and Tracking Interest Schedule and identified its claim against CLO HoldCo as one arising from Participation and Tracking Interests in investment funds. *Id*. CLO HoldCo further expressly reserved the right to amend its claim and to produce additional documents as necessary to support its claim. *Id*. at ¶B.

32. On October 22, 2020, the Bankruptcy Court entered the *Order Approving Debtor's Settlement With (A) The Redeemer Committee Of The Highland Crusader Fund (Claim No. 72), and (B) The Highland Crusader Funds (Claim No. 81), And Authorizing Actions Consistent Therewith* [Dkt. No. 1273] (the "Redeemer Settlement Order").

33. The Redeemer Settlement Order approved the Redeemer Settlement in all respects, including the cancellation of the HCMLP Crusader Interest and damage award which is net of the credit HCMLP was awarded for the purchase price.

34. As such, CLO HoldCo is owed whatever credit HCMLP received by virtue of the cancellation of the HCMLP Crusader Interest in the Arbitration (i) pursuant to the applicable Participation and Tracking Interest Schedule, HCMLP is required to pay to CLO HoldCo the proceeds of any disposition of any interest with respect to or in the HCMLP Crusader Interest; (ii) in the Arbitration, the HCMLP Crusader Interest was disposed of and in return, HCMLP received a credit against the damage award for the purchase price of the cancelled the HCMLP Crusader Interest; and (iii) HCMLP therefore received proceeds of a disposition of the HCMLP Crusader Interest through this credit and owes payment of those amounts to CLO HoldCo.

**DOCUMENTATION SUPPORTING CLAIM**

|   | Description |
|---|---|
| A | Schedule I, the Participation and Tracking Interest |
| B | Transfer Documents |
|   | Arbitration Documents available to CLO HoldCo will be submitted to the Court as necessary or requested in accordance with applicable orders and Local Rules |

**CALCULATION OF CLAIM**

As set forth herein, the amount of the claim is unknown to CLO HoldCo because CLO HoldCo is not a party to the Arbitration and therefore does not know the amount of the credit received by HCMLP for the purchase price of the HCMLP Crusader Interest, nor the purchase price HCMLP paid for the HCMLP Crusader Interest. Upon information and belief, the credit is estimated to be at least $3,788,932 (which amount was calculated using some Crusader Fund documents to which CLO HoldCo has access, as HCMLP documents and Arbitration documents are not available to CLO HoldCo), and up to an amount that is the difference between the amount of the award ($3,106,414), and the initial Crusader valuation of its claim ($8,897,899), or up to the difference of $5,791,485 (this difference very likely reflects the credit for the purchase price paid by HCMLP). CLO HoldCo reserves the right to further amend upon receipt of the records of HCMLP, which should establish the precise purchase price paid for the interests.

**RESERVATION OF RIGHTS**

The filing of the Second Amended Crusader Proof of Claim is not, and shall not be deemed or construed as:

10

a. a consent by CLO HoldCo to the jurisdiction of the Bankruptcy Court or any other United States Court with respect to proceedings, if any, pending or commenced in any case against or otherwise involving CLO HoldCo;

b. a waiver or release of CLO HoldCo's right to trial by jury in any proceeding as to any and all matters if triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding any designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution;

c. a consent by CLO HoldCo to a jury trial in this Bankruptcy Court or any other court in any proceeding as to any and all matters if triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157 or otherwise;

d. a waiver or release of CLO HoldCo's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Judge;

e. a waiver of CLO HoldCo's rights to move to withdraw the reference with respect to the subject matter of this proof of claim, any objection thereto or other proceeding which may be commenced or continued in these cases against or otherwise involving CLO HoldCo; or,

f. an election of remedies.

CLO HoldCo further reserves the right to assert the claims set forth herein against any third parties that may be liable for such claims with the Debtor, including but not limited to current or former officers, directors or board members of the Debtor; representatives of the Debtor; agents or employees of the Debtor, individually and as representatives of the Debtors. CLO HoldCo reserves the right to further amend or to supplement the Second Amended Crusader Proof of Claim.

11

**Attachment A**

Schedule I, the Participation and Tracking Interest

## Schedule I

### The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

| Crusader Participation Interests | | | | | |
|---|---|---|---|---|---|
| | | | 11/30/16 NAV | Amount | Total NAV |
| Account Name | Legal Owner | Feeder Fund Investment | per statement | Participated | Participated |
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $    3,185,728.54 | 100.00% | $    3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $  12,625,395.44 | | $  11,144,507.85 |
| | | | | | |
| Tracking interests | | | | | |
| | | | 11/30/16 NAV | Tracking | Total Tracked |
| Account Name | Legal Owner | Feeder Fund Investment | per statement | Amount | Interest |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $    1,699,350.70 | | $    1,480,887.59 |
| | | | | | |
| Total of Crusader Participations and Tracked Interests | | | | | $  12,625,395.44 |

| American Airlines Call Options | | | # Contracts | 12/27/16 MV | Amount Participated | Total Est. MV Participated |
|---|---|---|---|---|---|---|
| CALL AAL JAN 40 1/20/17 | | | 10,000 | 8,710,000.00 | 100.0000% | $    8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest.  HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds").  Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares.  Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options.  HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice.  In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest.  The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk.  HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them;

any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care.  Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment.  Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Attachment B**

Transfer Documents

**CHARITABLE DAF GP, LLC (THE "COMPANY")**
**IN ITS CAPACITY AS GENERAL PARTNER OF**
**CHARITABLE DAF FUND, LP**

**WRITTEN RESOLUTIONS OF THE MANAGING MEMBER OF THE COMPANY**
**AS GENERAL PARTNER OF CHARITABLE DAF FUND, LP**

1. **INTRODUCTION**

1.1 **IT IS NOTED** that:

   (a) the Company is general partner of Charitable DAF Fund, LP (the "**Partnership**"), a Cayman Islands exempted limited partnership;

   (b) the partnership agreement of the Partnership confers upon the Company, as general partner of the Partnership, broad power to manage the affairs and conduct the business of the Partnership; and

   (c) all references in these resolutions to things being done by the Partnership shall be construed as to things being done by the Company as general partner of the Partnership.

2. **CONTRIBUTION AND TRANSFER**

2.1 **IT IS NOTED** that

   (a) the Partnership has received an investment contribution from its 99% limited partner, Charitable DAF HoldCo, Ltd. ("**Charitable DAF HoldCo**"), consisting of the assets listed on Exhibit A attached hereto (collectively, the "**Investments**");

   (b) the Partnership owns 100% of CLO HoldCo, Ltd. ("**CLO HoldCo**");

   (c) the Partnership contributed and transferred the Investments to CLO HoldCo effective as of December 28, 2016, provided CLO HoldCo assumes and agrees to perform all obligations and assume all liabilities with respect to the Investments as of that date (such contribution and transfer, together with the receipt of the Investments, together the "**Prior Transfer**");

   (d) each of CLO HoldCo and the Partnership desire to rescind and nullify the portion of the Prior Transfer consisting of the call options (the "**AA Options**") of American Airlines Group, Inc. set forth on Exhibit A attached hereto;

   (e) the Partnership has received an investment contribution from Charitable DAF HoldCo consisting of the assets listed on Exhibit B attached hereto, which includes a participation interest in the AA Options (the "**AA Participation Interest**");

   (f) the Partnership wishes to contribute and transfer the AA Participation Interest to CLO HoldCo effective as of December 28, 2016, provided CLO HoldCo assumes and agrees to perform all obligations and assume all liabilities with respect to the AA Participation Interest as of that date (the "**Proposed Transaction**"); and

   (g) the Managing Member of the Company is of the view that the Proposed Transaction falls within the purpose and investment limitation and restrictions as set out in the partnership agreement of the Partnership.

2.2 **IT IS RESOLVED** that:

1

(a) as of the date first written above, the AA Options Transfer is hereby rescinded and nullified, and the Partnership hereby irrevocably and unconditionally fully and forever waives and disclaims any right, title or interest in or to the AA Options, except for the AA Participation Interest;

(b) in the opinion of the Managing Member of the Company, the entry into the Proposed Transaction generally by the Company and/or the Partnership would be in the best interests of the Company and the Partnership (as applicable);

(c) the Company, in its capacity as the general partner of the Partnership, hereby approves the Proposed Transaction, effective as of December 28, 2016;

(d) the Company and/or the Partnership does give, make, sign, execute and deliver all such notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) (the "**Ancillary Documents**") as may in the sole opinion and absolute discretion of the Managing Member or any Attorney or Authorised Signatory be considered necessary or desirable for the purpose of the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of the Proposed Transaction and the Company and/or the Partnership do all such acts and things as might in the opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be necessary or desirable for the purposes stated above;

(e) the Ancillary Documents be in such form as the Managing Member of the Company or any Attorney or Authorised Signatory in their absolute discretion and opinion approve, the signature of the Managing Member or any Attorney or Authorised Signatory on any of the Ancillary Documents being due evidence for all purposes of his approval of the terms thereof on behalf of the Company and/or the Partnership; and

(f) any Ancillary Documents, where required to be executed by the Company and/or the Partnership (whether under hand or as a deed), be executed by the signature thereof of the Managing Member or any Attorney or Authorised Signatory

## 3. GENERAL AUTHORISATION

3.1 **IT IS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, the Managing Member, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as the Managing Member or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## 4. RATIFICATION OF PRIOR ACTIONS

4.1 **IT IS RESOLVED** that any and all actions of the Company, or of the Managing Member or officer or any Attorney or Authorised Signatory, taken in connection with the actions contemplated by the

foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the Managing Member prior to such action being taken.

Grant James Scott

**Managing Member**

CHARITABLE DAF GP, LLC in its Capacity as General Partner of Charitable DAF Fund, LP – Written
Resolution of the Managing Member of the Company as General Partner of Charitable DAF Fund, LP

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P., dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
| --- | --- | --- | --- | --- |
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.00000% | $ 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule 1 attached hereto.

CHARITABLE DAF GP, LLC in its Capacity as General Partner of Charitable DAF Fund, LP – Written Resolution of the Managing Member of the Company as General Partner of Charitable DAF Fund, LP

## Schedule I

## The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

Participation and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,491.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

| Total of Crusader Participations and Tracked Interests | $ 12,625,395.44 |
|---|---|

Evidence of Participations and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader

Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on <u>Schedule I</u> attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund" and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

### Participation Interests and Tracking Interest

#### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,963.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

#### Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | $7.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | $7.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

| | # Contracts | | Amount Participated | |
|---|---|---|---|---|
| Total of Crusader Participations and Tracked Interests | | | | $ 12,625,395.44 |
| | | 12/27/16 MV | Total Est. MV Participated | |
| American Airlines Call Options | 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |
| CALL AAL JAN 40 1/20/17 | | | | |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed to the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options. HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice. In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest. The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date thereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment. Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**CHARITABLE DAF HOLDCO, LTD**
**(THE "COMPANY")**

<u>WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR</u>
**OF THE COMPANY DATED EFFECTIVE DECEMBER 28, 2016**

1.  **DIRECTOR'S INTEREST**

1.1  **IT IS NOTED** that:

   (a)  the sole Director discloses an interest in the matters the subject of these resolutions as a Managing Member of Charitable DAF GP, LLC, general partner of Charitable DAF Fund, LP (the "**Partnership**");

   (b)  such Director therefore:

      (i)  is to be considered as interested in any contract or proposed contract or arrangement (the "**transaction**") with the foregoing; and

      (ii)  requests that the foregoing be treated as general notice of such interests; and

   (c)  pursuant to the articles of association of the Company:

      (i)  a Director may vote in respect of any transaction notwithstanding that he may be interested therein; and

      (ii)  if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the Director at which any such transaction shall come before the meeting for consideration.

2.  **CONTRIBUTION AND TRANSFER**

2.1  **IT IS NOTED** that

   (a)  the Company has received an investment contribution from one of its Participating Shareholders consisting of the assets listed on <u>Exhibit A</u> attached hereto (collectively, the "**Investments**");

   (b)  the Company is the sole limited partner of the Partnership;

   (c)  the Company contributed and transferred the Investments to the Partnership effective as of December 28, 2016, provided the Partnership assumes and agrees to perform all obligations and assume all liabilities with respect to the Investments as of that date (the "**Prior Transfer**");

   (d)  each of the Company and the Partnership desire to rescind and nullify the portion of the Prior Transfer consisting of the call options (the "**AA Options**") of American Airlines Group, Inc. set forth on <u>Exhibit A</u> attached hereto (the "**AA Options Transfer**");

   (e)  the Company has received an investment contribution from one of its Participating Shareholders consisting of the assets listed on <u>Exhibit B</u> attached hereto, which includes a participation interest in the AA Options (the "**AA Participation Interest**"); and

1

(f)     the Company desires to contribute and transfer the AA Participation Interest to the Partnership effective as of December 28, 2016, provided the Partnership assumes and agrees to perform all obligations and assume all liabilities with respect to the AA Participation Interest as of that date (the "**Proposed Transaction**").

2.2     **IT IS RESOLVED** that:

(a)     as of the date first written above, the AA Options Transfer is hereby rescinded and nullified, and the Company hereby irrevocably and unconditionally fully and forever waives and disclaims any right, title or interest in or to the AA Options, except for the AA Participation Interest;

(b)     in the opinion of the Director, the entry into and performance by the Company of its obligations under the Proposed Transaction generally would be in the best interests of the Company;

(c)     the transactions contemplated by the Proposed Transaction be approved;

(d)     the Company do give, make, sign, execute and deliver all such notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) (the "**Ancillary Documents**") as may in the sole opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be considered necessary or desirable for the purpose of the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by the Proposed Transaction and the Company do all such acts and things as might in the opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be necessary or desirable for the purposes stated above;

(e)     the Ancillary Documents be in such form as the Director or any Attorney or Authorised Signatory in their absolute discretion and opinion approve, the signature of the Director or any Attorney or Authorised Signatory on any of the Ancillary Documents being due evidence for all purposes of his approval of the terms thereof on behalf of the Company; and

(f)     the Ancillary Documents, where required to be executed by the Company (whether under hand or as a deed), be executed by the signature thereof of the Director or any Attorney or Authorised Signatory and where required to be sealed, by affixing thereto of the Seal of the Company, witnessed as required by the Articles of Association of the Company.

3.     **GENERAL AUTHORISATION**

3.1     **IT IS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, the Director, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as the Director or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things

and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## 4.    RATIFICATION OF PRIOR ACTIONS

4.1    **IT IS RESOLVED** that any and all actions of the Company, or of the Director or officer or any Attorney or Authorised Signatory, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the Director prior to such action being taken.

*[Signature page follows]*

Grant James Scott

**Director**

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| **American Airlines Call Options** | | | | |
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.00000% | $ 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

Schedule I

The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

Participation and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests          $ 12,625,395.44

Evidence of Participations and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader

Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on <u>Schedule I</u> attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

### Participation Interests and Tracking Interest

#### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

#### Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

#### Total of Crusader Participations and Tracked Interests

| | | | | | $ 12,625,395.44 |
|---|---|---|---|---|---|

| | # Contracts | | Amount Participated | | Total Est. MV Participated |
|---|---|---|---|---|---|
| American Airlines Call Options CALL AAL JAN 40 1/2017 | 10,000 | 12/27/16 MV 8,710,000.00 | 100.0000% | | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options. HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice. In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest. The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment. Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

## DONATIVE ASSIGNMENT OF INTERESTS

### RECITALS

WHEREAS, The Get Good Nonexempt Trust (the "Trust") is a Texas trust created under a Trust Agreement dated June 29, 2001 (the "Partnership Agreement"); and

WHEREAS, the Trust previously gave, donated and assigned all of the assets list on Exhibit A attached hereto to Highland Dallas Foundation, Inc. (the "Prior Donative Assignment"); and

WHEREAS, the Trust wishes to rescind and nullify the portion of the Prior Donative Assignment consisting of call options (the "AA Options") of American Airlines Group, Inc. as set forth on Exhibit A attached hereto; and

WHEREAS, the Trust owns all of the assets listed on Exhibit B attached hereto, which includes a participation interest in the AA Options (the "Participation Interest"); and

WHEREAS, Grant James Scott, in the exercise of his discretion as Trustee of the Trust, has approved the distribution of the Participation Interest as a charitable contribution to Highland Dallas Foundation, Inc., a permissible beneficiary of the Trust which is a tax exempt public charity that is a supporting organization described in Section 509(a)(3) of the Internal Revenue Code of 1986, as amended (the "Code"); and

WHEREAS, the Trustee of the Trust wishes to give and assign the Participation Interest to Highland Dallas Foundation, Inc. effective December 28, 2016;

### TRANSFER AND ASSIGNMENT

NOW, THEREFORE, the Trustee of the Trust hereby rescinds and nullifies the AA Option Donative Assignment; and

The Trustee of the Trust hereby gives, donates and assigns the Participation Interest to Highland Dallas Foundation, Inc.

This donative assignment is to be effective as 5:00 p.m. CST, December 28, 2016.

THE GET GOOD NONEXEMPT TRUST

By: _____
Grant James Scott, Trustee

The undersigned hereby acknowledges that it (i) is aware of this donative assignment of interests from The Get Good Nonexempt Trust to Highland Dallas Foundation, Inc., and (ii) agrees to be bound by this donative assignment.

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: Strand Advisors, Inc.
    Its General Partner

By: _____
    James Dondero, President

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| American Airlines Call Options CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.00000% | $ 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

### The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

### Participation and Tracking Interest

#### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

#### Tracking interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests     $ 12,625,395.44

Evidence of Participations and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

## Exhibit B

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests: $ 12,625,395.44

American Airlines Call Options
CALL AAL JAN 40 1/20/17

| # Contracts | NAV | Amount Participated | Total/Est. MV Participated |
|---|---|---|---|
| 10,000 | 12/27/16 NAV 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options. HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice. In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest. The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any

representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment. Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

## HIGHLAND DALLAS FOUNDATION, INC.

### Unanimous Written Consent of Directors
### In Lieu of Meeting

THE UNDERSIGNED, being all of the directors of Highland Dallas Foundation, Inc. ("Foundation"), a Delaware nonprofit nonstock corporation, do hereby consent to the adoption of, and do hereby adopt, the following resolutions pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, and hereby direct that this Written Consent be filed with the minutes of the proceedings of the Board of Directors of the Foundation:

WHEREAS, the Foundation received and accepted a gift from The Get Good Nonexempt Trust created by Trust Agreement dated June 29, 2001 (the "Trust") consisting of the assets listed on Exhibit A attached hereto (collectively, the "Prior Gifted Interests"), effective December 28, 2016;

WHEREAS, the Foundation and Get Good desire to rescind and nullify the portion of the Prior Gifted Interests consisting of call options (the "AA Options") of American Airlines Group, Inc. set forth on Exhibit A attached hereto;

WHEREAS, the Foundation has received and hereby accepts a gift from the Trust consisting of the assets listed on Exhibit B attached hereto, effective December 28, 2016, which includes a participation interest in the AA Options (the "Gifted Participation Interest"); and

WHEREAS, the Foundation currently owns 100 Participating Shares in Charitable DAF HoldCo, Ltd. ("DAF HoldCo"), a Cayman Islands exempted company, which shares represent one-third of the economic value of DAF HoldCo; and

WHEREAS, the Foundation's interest in DAF HoldCo has produced significant returns for the Foundation that are used in furtherance of its exempt purposes and those of its supported organization; and

WHEREAS, the directors of the Foundation, after careful consideration, believe it is in the best interests of the Foundation and its supported organization to contribute the Gifted Participation Interest to DAF HoldCo;

NOW, THEREFORE, be it hereby

RESOLVED, that the Board of Directors of the Foundation hereby approves and authorizes the rescission and nullification of the gift of the AA Options, and the Foundation hereby irrevocably and unconditionally fully and forever waives and

disclaims any right, title or interest in or to the AA Options, except for the Gifted Participation Interest;

RESOLVED, that the Board of Directors of the Foundation hereby approves and authorizes the Foundation to contribute the Gifted Participation Interest to DAF HoldCo, effective December 28, 2016;

FURTHER RESOLVED, that the officers of the Foundation are hereby authorized to execute and deliver such documents, and to take such other actions, as are appropriate to implement the purposes of the foregoing resolution, with such additional terms and conditions, consistent therewith, as may be approved by such officers; and

FURTHER RESOLVED, that this Written Consent may be validly executed by electronic means to the fullest extent permitted by Delaware law.

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Foundation, have caused this Unanimous Written Consent to be executed effective as of December 28, 2016.

_____
James Dondero


_____
Grant Scott


_____
Mary M. Jalonick

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| American Airlines Call Options CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

Participation and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests                                    $ 12,625,395.44

Evidence of Participations and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

### Participation Interests and Tracking Interest

#### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

#### Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests     $ 12,625,395.44

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Participated | Total Est. MV Participated |
|---|---|---|---|---|
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options. HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice. In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest. The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality,

genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment. Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.