PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**REORGANIZED DEBTOR'S FIFTH OMNIBUS OBJECTION TO CERTAIN (A) AMENDED AND SUPERSEDED CLAIMS, (B) NO-LIABILITY CLAIMS, AND (C) SATISFIED CLAIMS FILED BY THE INTERNAL REVENUE SERVICE**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**\*\*\*CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN THIS OBJECTION\*\*\***

**A COPY OF YOUR CLAIM IS AVAILABLE ONLINE AT HTTP://WWW.KCCLLC.NET/HCMLP/CREDITOR/SEARCH OR BY EMAIL REQUEST TO JONEILL@PSZJLAW.COM**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 11, 2022, AT 1:30 P.M. (CENTRAL TIME).**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 20, 2022, WHICH IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Highland Capital Management, L.P. (the "Reorganized Debtor" or "Debtor" as applicable), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), disallowing and expunging proof of claim no. 32 ("Claim 32"), proof of claim no. 173 ("Claim 173"), proof of claim no. 179 ("Claim No. 179"), proof of claim no. 195 ("Claim 195"), proof of claim no. 248 ("Claim 248"), proof of claim no. 252 ("Claim 252"), and proof of claim no. 255 ("Claim 255" and together with Claim 32, Claim 173, Claim 179, Claim 195, Claim 248 and Claim 252, the "Claims") filed by the Internal Revenue Service (the "IRS"). In support of this Objection, the Reorganized Debtor represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2) (A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

## II. BACKGROUND

### A. The Chapter 11 Case

3. On October 16, 2019 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "Bar Date Order"). The Bar Date Order fixed (a) April 8, 2020, at 5:00 p.m. (prevailing Central Time) as the deadline for any person or entity, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim, and (b) April 13, 2020, as the deadline for Governmental Units to file proofs of claim.

5. On February 22, 2021, this Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order"), which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as amended, the "Plan").[2]

---

[2] The confirmed Plan included certain amendments filed on February 1, 2021. *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* and Exh. B [Docket No. 1875].

6. On August 11, 2021, the Reorganized Debtor filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700]. The Plan effective date was August 11, 2021.

**B.      The Claims**

7. The IRS filed (a) Claim 32 on February 13, 2020; (b) Claim 173 on April 14, 2020, which amended and superseded Claim 32 in its entirety; (c) Claim 248 on July 7, 2021, which amended and superseded Claim 173 in its entirety; and (d) Claim 252 on October 6, 2021, which amended and superseded Claim 248 in its entirety.

8. The IRS filed (a) Claim 179 on April 27, 2020; (b) Claim 195 on August 4, 2020, which amended and superseded Claim 179 in its entirety; and (c) Claim 255 on June 1, 2022, which also amended and superseded Claim 179 in its entirety.

### III.      RELIEF REQUESTED

9. The Reorganized Debtor seeks entry of an order, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing and expunging the Claims.

### IV.      OBJECTIONS

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

11. Section 502(b) (1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the

4

debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). Moreover, a claimant is not entitled to multiple recoveries for a single liability against a single debtor since a claimant is entitled only to a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.")

12. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code. *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998); *In re Tex. Rangers Baseball Partners*, 10-43400 (DML), 2012 WL 4464550, at *2 (Bankr. N.D. Tex. Sept. 25, 2012). To receive the benefit of *prima fac*ie validity, however, "[i]t is elemental that a proof of claim must assert facts or allegations . . . which would entitle the claimant to a recovery." *In re Heritage Org., L.L.C.*, 04-35574 (BJH), 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006), *aff'd sub nom.*, *Wilferth v. Faulkner*, 3:06-CV-510-K, 2006 WL 2913456 (N.D. Tex. Oct 11, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency." *In re Am. REIT, Inc.*, 07-40308, 2008 WL 1771914, at *3 (Bankr. E.D. Tex. Apr. 15, 2008); *In re Starnes,* 231 B.R. 903, 912 (N.D. Tex. May 14, 2008). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

13. Section 502(b) (1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b) (1).

**A.     Amended and Superseded Claims: Claim 32, Claim 173, and Claim 248**

14.    Claim 32 was amended and superseded by Claim 173.  Claim 173 was amended and superseded by Claim 248.  Claim 248 was amended and superseded by Claim 252.  Each of the foregoing claims was filed against the Debtor by the same claimant—the IRS.

15.    If the IRS is allowed to maintain Claim 32, Claim 173, or Claim 248, then the Reorganized Debtor would be subject to multiple recoveries by such claimant for a single claim or liability, which is impermissible.  Accordingly, to avoid the possibility of multiple recoveries and to maintain an accurate Claims Register, the Reorganized Debtor submits that Claim 32, Claim 173, and Claim 248 should be disallowed and expunged from the Claims Register.

**B.     Satisfied and No-Liability Claim:  Claim 252**

16.    In the ordinary course of its operations, the Reorganized Debtor has determined, based on a careful review and analysis of its (a) books and records, (b) Schedules, and (c) the supporting documentation provided by the IRS, that Claim 252 fails to establish a legal or factual basis on which the Reorganized Debtor is liable.

17.    Claim No. 252 consists of a priority claim in the amount of $1,951.69 and a general unsecured claim in the amount of $84,842.29.  The Reorganized Debtor has paid the priority portion of the claim in full.  The unsecured portion of the claim is based on penalties assessed by the IRS for failure to file certain forms with its 2017 partnership tax return.  The Reorganized Debtor believes that all required returns and forms have been timely filed and therefore no penalty was properly assessed.[3]  Therefore, there is no valid legal justification for asserting Claim 252 against the Reorganized Debtor.

---

[3] The Reorganized Debtor has been in discussions with the IRS in an effort to resolve the issues related to Claim 252.  These discussions have been productive, and the Reorganized Debtor will continue its efforts to amicably resolve Claim 252.  As of the date of filing this Objection, however, Claim 252 remains unresolved and the Reorganized Debtor's deadline to object to claims is August 8, 2022.  Accordingly, the Reorganized Debtor has filed this Objection

**C.   Amended and Superseded Claims:  Claim 179 and Claim 195**

18.   Claim 179 was amended and superseded by Claim 195.  Claim 195 was amended and superseded by Claim 255.  Each of the foregoing claims was filed against the Debtor by the same claimant—the IRS.

19.   If the IRS is allowed to maintain Claim 179 or Claim 195, then the Reorganized Debtor would be subject to multiple recoveries by such claimant for a single claim or liability, which is impermissible.  Accordingly, to avoid the possibility of multiple recoveries and to maintain an accurate Claims Register, the Reorganized Debtor submits that Claim 179 and Claim 194 should be disallowed and expunged from the Claims Register.

**D.   No-Liability Claim:  Claim 255**

20.   Claim 255 is filed in the amount of $0.00.  In order to maintain an accurate claims register, the Reorganized Debtor submits that Claim No. 255 should be disallowed and expunged from the Claims Register.

21.   For the reasons set forth above, the Claims are not enforceable and should be disallowed and expunged in their entirety.

**V.   RESPONSES TO OBJECTIONS**

22.   To contest an objection, the IRS must file and serve a written response to this Objection (each, a "Response") so that it is received no later than **September 20, 2022, at 5:00 p.m. (Central Time)** (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the Northern District of Texas (Dallas Division), Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, TX 75242-

---

to preserve the Reorganized Debtor's right to object to such claims.  To the extent Claim 252 is amicably resolved, the Reorganized Debtor will amend, supplement, or withdraw this Objection accordingly.

1496 and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

**Pachulski Stang Ziehl & Jones LLP**
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**Hayward PLLC**
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
mhayward@haywardfirm.com
zannable@haywardfirm.com

23. Every Response to this Objection must contain, at a minimum, the following information:

i. A caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number, and the title of the objection to which the Response is directed;

ii. The IRS's name, its claim number, and a description of the basis for the amount of the claim;

iii. The specific factual basis and supporting legal argument upon which the IRS will rely in opposing this Objection;

iv. Any supporting documentation (to the extent it was not included with the proof of claim previously filed with the Clerk of the Court or Kurtzman Carson Consultants LLC ("KCC")) upon which the IRS will rely to support the basis for and amounts asserted in the proof of claim; and

v. The name, address, telephone number, email address, and fax number of the person(s) (which may be the IRS or the IRS's legal representative) with

8

whom counsel for the Reorganized Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the IRS.

24. If the IRS fails to file and serve a timely Response by the Response Deadline, the Reorganized Debtor will present to the Court an appropriate order disallowing the IRS's claim, as set forth in **Exhibit A**, without further notice to IRS.

## VI. REPLIES TO RESPONSES

25. Consistent with the Local Rules, the Reorganized Debtor may, at its option, file and serve a reply to a Response by no later than 5:00 p.m. (prevailing Central Time) three (3) days prior to the hearing to consider the Objection.

## VII. SEPARATE CONTESTED MATTERS

26. To the extent that a Response is filed regarding any claim listed in this Objection and the Reorganized Debtor is unable to resolve the Response, the objection by the Reorganized Debtor to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

## VIII. RESERVATION OF RIGHTS

27. The Reorganized Debtor hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. The Reorganized Debtor also reserves the right to object in the future to any other claim filed by a claimant whose claim is subject to this Objection.

9

28.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Reorganized Debtor may have to exercise rights of setoff against the holders of such claims.

### IX.     NOTICE

29.     Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the IRS; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

### X.     COMPLIANCE WITH LOCAL RULES

30.     This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection. The Reorganized Debtor has served notice of this Objection on those persons whose names appear in the signature blocks on the proofs of claim and in accordance with Bankruptcy Rule 7004. Moreover, the Reorganized Debtor has notified the claimant that a copy of its claim may be obtained from the Reorganized Debtor upon request. Accordingly, the Reorganized Debtor submits that this Objection satisfies Local Rules 3007-1 and 3007-2, as applicable.

WHEREFORE, the Reorganized Debtor respectfully requests the entry of the proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and granting such other and further relief as the Court deems just and proper.

Dated: August 5, 2022                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**EXHIBIT A**
**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) ) ) | **Re: Docket No.** \_\_\_\_ |

**ORDER SUSTAINING
REORGANIZED DEBTOR'S FIFTH OMNIBUS OBJECTION TO CERTAIN (A)
AMENDED AND SUPERSEDED CLAIMS, (B) NO-LIABILITY CLAIMS, AND (C)
SATISFIED CLAIMS FILED BY THE INTERNAL REVENUE SERVICE**

Having considered the *Reorganized Debtor's Fifth Omnibus Objection to Certain (A) Amended and Superseded Claims, (B) No-Liability Claims, and (C) Satisfied Claims Filed by the Internal Revenue Service* (the "Objection"),[2] the Claims, any responses to the Objection, and the arguments of counsel, the Court finds that (i) notice of the Objection was good and sufficient upon

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

the particular circumstances and that no other or further notice need be given; (ii) the Objection is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) the IRS, as the holder of the Claims, was properly and timely served with a copy of the Objection, the proposed form of this Order, and any notice of hearing on the Objection; (iv) any entity known to have an interest in the Claims has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and (v) the relief requested in the Objection is in the best interests of the Debtor's creditors, its estate, and other parties-in-interest. Accordingly, the Court finds and concludes that there is good and sufficient cause to grant the relief set forth in this Order. It is therefore

**ORDERED THAT:**

1. The Objection is **SUSTAINED** as set forth herein.
2. Claim 32 is disallowed and expunged in its entirety.
3. Claim 173 is disallowed and expunged in its entirety.
4. Claim 179 is disallowed and expunged in its entirety.
5. Claim 195 is disallowed and expunged in its entirety.
6. Claim 248 is disallowed and expunged in its entirety.
7. Claim 252 is disallowed and expunged in its entirety.
8. Claim 255 is disallowed and expunged in its entirety.
9. The official claims register in the Debtor's chapter 11 case shall be modified in accordance with this Order.
10. The Reorganized Debtor's rights to amend, modify, or supplement the Objection, to file additional objections to the Claims and any other claims (filed or not) which may be asserted against the Debtor, and to seek further reduction of any claim to the extent such claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the

3

Objection be overruled, the Reorganized Debtor's rights to object on other stated grounds or any other grounds that the Reorganized Debtor may discover are further preserved.

11. The Reorganized Debtor is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

###END OF ORDER###