Charles W. Gameros, Jr., P.C.
State Bar No. 00796956
Douglas Wade Carvell, P.C.
State Bar No. 00796316
HOGE & GAMEROS, L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: 214-765-6002
Facsimile: 214-559-4905

**ATTORNEYS FOR NEXPOINT REAL ESTATE PARTNERS, LLC, f/k/a HCRE PARTNERS, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-SGJ-11** |
| **Debtor.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| **Movant,** | § | |
| | § | **Contested Matter** |
| **v.** | § | |
| **NEXPOINT REAL ESTATE PARTNERS, LLC, F/K/A HCRE PARTNERS, LLC,** | § | |
| **Respondent.** | § | |

## MOTION TO WITHDRAW PROOF OF CLAIM

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP" or "Claimant") files this, its Motion to Withdraw Proof of Claim [Proof of Claim No. 146], and respectfully states as follows:

## PRELIMINARY STATEMENT

Claimant filed a proof of claim, timely, but long before any Plan was proposed. The Debtor objected.

Since then, the LLC subject to the objection has operated without anticipated interference from the Debtor, and NREP would prefer that the LLC continue to do so. As a result of the Company's operations, and in consideration of the cost and uncertainty with pursuing the Claim in the face of Debtor's objection, Claimant now wishes to withdraw the claim to which the Debtor objected.

At the time of this filing, Debtor was unable to agree or provide that it was unopposed to the withdrawal. Respectfully, objection to the proposed withdrawal of a claim, if any, should be overruled, and this Motion should be granted.

## PROCEDURAL HISTORY

On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"). The Delaware Court thereafter entered an order transferring venue of the Debtor's bankruptcy case (the "Bankruptcy Case") to this Court.

On March 2, 2020, the Court entered its Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof [Docket No. 488] (the "Bar Date Order"), which, among other things, established April 8, 2020 as the deadline for all entities holding claims against the Debtor that arose before the Petition Date to file proofs of claim.

On April 8, 2020, NREP timely filed a proof of claim (the "Proof of Claim") regarding its and the Debtor's interest in a limited liability company, SE Multifamily Holdings, LLC (the "Company").

On July 30, 2020, the Debtor objected to the Proof of Claim in its First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims [Docket No. 906] (the "Objection") on the ground that it had no liability. NREP responded the objection on October 19, 2020 (the "Response").

The Debtor's Fifth Amended Plan of Reorganization (the "Plan") [Docket. No. 1808] was confirmed by Order entered by the Bankruptcy Court on February 22, 2021 [Docket No. 1943], and the effective date of the Plan as August 11, 2021 [Docket No. 2700].

A year after NREP filed the Proof of Claim, and eight months after it filed the Objection, the Debtor sought to disqualify NREP's then-counsel Wick Phillips Gould & Martin LLP [Docket Nos. 2196 and 2893]. Following notice and hearing, the Court entered an Order granting in part and denying in part the Debtor's motion, and NREP thereafter secured new counsel.

Thereafter in June 2022, Debtor and NREP (via new counsel) entered a Scheduling Order regarding the Proof of Claim [Docket No. 3356] and the parties have engaged in document and third-party deposition discovery. There have been no hearings in the matter, and no dispositive motions have been filed or set. This contested matter is set for hearing on November 1 and 2, 2022.

There is no other pending proceeding, lawsuit, or matter regarding the Proof of Claim or the claim made in the Proof of Claim.

Given the uninterrupted operation of the Company, and in order to put a stop to the anticipated future time and effort expended on pursuit of the Proof of Claim and the Debtor's

objection to it, NREP conferred with the Debtor about withdrawal. Counsel for the Debtor was unable to state it was agreed or unopposed.

This Motion follows.

## ARGUMENT AND AUTHORITY

### A. Bankruptcy Rule 3006

Rule 3006 provides after a creditor's proof of claim has drawn an objection, the creditor may not withdraw the claim except on order of the court, after a hearing, and on such terms and conditions as the court deems proper.[1]

### B. Standards for Applying Bankruptcy Rule 3006

Although Rule 3006 itself does not provide guidance as to the standards to be applied for withdrawing a proof of claim, the cases and comments applying it advise applying the standards used in relation to FED. R. CIV. P. 41(a).[2]

Courts in the Fifth Circuit "follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby,"[3] and there are, in fact, "only a limited number of circumstances that will warrant denial of a Federal

---

1 *See* FED. R. BANKR. P. 3006.

2 *See In re Manchester, Inc.*, Case No. 08-03163-BJH, 2008 WL 5273289, *3 (Bankr. N.D. Tex. December 19, 2008) (Houser, C.J.) ("A motion to withdraw a proof of claim is frequently analogized to a motion to withdraw a complaint under Federal Rule of Civil Procedure 41(a).") (citing *In re 20/20 Sport, Inc.*, 200 B.R. 972, 979-80 (Bankr. S.D.N.Y. 1996)); Advisory Committee Notes on Rules – 1983 ("This rule recognizes the applicability of the considerations underlying Rule 41(a) F.R.Civ.P. to the withdrawal of a claim after it has been put in issue by an objection.").

3 *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (quoting *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974)); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("We have explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990) ("Generally, courts approve such dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm.").

Rule 41(a)(2) motion since 'the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue.'"[4]

Legal prejudice here means prejudice to some legal interest, some legal claim, some legal argument, and may occur when a dismissal strips an otherwise available defense (*e.g.*, statute of limitation, *forum non conveniens*),[5] or dismissal is requested after an adverse ruling is entered or one is imminent.[6]

The prospect of a second lawsuit, or the fact that plaintiff may obtain some tactical advantage, are ***not*** sufficient to establish legal prejudice,[7] and that the dismissing party might possibly obtain some tactical advantage in some future litigation is not a bar.[8]

---

4 *Kumar v. St. Paul Surplus Lines Ins. Co.*, Case No. 3:10-CV-166-O, 2010 WL 1946341, at *2 (N.D. Tex. May 12, 2010) (citing *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988)).

5 *See, e.g., Elbaor*, 279 F.3d at 318–19 (vacating and remanding district dismissal because non-movant could potentially lose a statute of limitations defense); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178–80 (5th Cir. 1990) (vacating and remanding because non-movant could lose forum non conveniens); *Kumar v. St. Paul Surplus Lines Ins. Co.*, 2010 WL 1946341, *1 ("Legal prejudice has been defined as prejudice to some legal interest, some legal claim, [or] some legal argument.").

6 *See Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam) ("These timing cases are inapposite here because they involve situations where the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal.") (emphasis added); *Forbes v. CitiMortgage, Inc.*, 998 F. Supp. 2d 541, 547 (S.D. Tex. 2014) ("Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense.") (quoting *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012))

7 *See Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 Fed. Appx. 265, 268 (5th Cir. 2018) ("[T]he potential for forum-shopping does not count as legal prejudice."); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177–78 (5th Cir. 1990) ("That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."); *Reed v. Falcon Drilling Co., Inc.*, No. 99–0927, 2000 WL 222852, *1, (5th Cir. Feb. 18, 2000) ("The mere prospect of a second lawsuit or the fact that plaintiff may obtain some tactical advantage are insufficient to establish legal prejudice.").

8 *See Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d at 78 ("That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal.") (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) ("Yet, '[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby.' Indeed, the 'fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal.'") (citation omitted).

In short, absent "legal harm" or "legal prejudice," the general guidance is that Bankruptcy Courts should allow withdrawal absent a showing of legal harm or prejudice.[9]

The burden of showing prejudice falls on the objecting party,[10] and withdrawal is in the Court's discretion, and in consideration of interests of the parties.[11]

In determining whether to approve withdrawal, the Court may consider the (1) diligence in bringing the motion, (2) any "undue vexatiousness" by the movant, (3) the suit's progression, including trial preparation, (4) the duplicative expense of re-litigation, and (5) the movant's reason for seeking withdrawal.[12]

---

[9] *See In re Manchester*, 2008 WL 5273289, *3 ("[S]ince the general policy under Rule 41(a) is to permit withdrawal of a complaint, withdrawal of a proof of claim should be permitted unless that withdrawal results in a 'legal harm' or 'prejudice' to a non-moving party."); ***see also Robles***, 77 Fed. Appx. at 275 (recognizing that Rule 41 motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

[10] *See In re Manchester*, 2008 WL 5273289, *3 ("The non-moving party bears the burden to prove that it will suffer such a legal harm or prejudice."); ***see also In re Ogden New York Servs., Inc.***, 312 B.R. 729, 733 (S.D.N.Y. 2004) (recognizing that the objecting party bears the burden of demonstrating legal prejudice).

[11] *See In re Manchester*, 2008 WL 5273289, *3 ("As with a Rule 41 (a) (2) motion, a motion to withdraw a proof of claim is left to the bankruptcy court's discretion, which is 'to be exercised with due regard to the legitimate interests of both [parties].'") (quoting *In re 20/20 Sport*, 200 B.R. at 979).

[12] *See In re Manchester, Inc.*, 2008 WL 5273289, *3 ( ("In determining whether withdrawal of a proof of claim is appropriate, courts consider the following factors: (1) the movant's diligence in bringing the motion, (2) any "undue vexatiousness" on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim.").

### C. Standards for Applying Bankruptcy Rule 3006

Considering the factors in *Manchester*,

| Standard | Application |
|---|---|
| Diligence in bringing the motion | NREP brought the Motion immediately after conferring with Debtor's counsel. |
| Undue vexatiousness | NREP has not been vexatious in pursuing its Proof of Claim, and outside the motion to disqualify previous counsel – filed by the Debtor, and which is not substantive – everything in the matter has proceeded by agreement, and there have been no hearings set or held. |
| Matter's progression, including trial preparation | The hearing on the Debtor's objection is months away, November 1 and 2, and fact and expert discovery is not yet completed. |
| Duplication of expense of re-litigation | The Proof of Claim is effectively *sui generis* and is not the subject of any other pending action, proceeding, or matter. There is no tactical advantage for the withdrawal. |
| Reason for dismissal | The operation of the Company during the case, and the anticipated issues therewith, have not materialized and NREP no longer desires to proceed on the matters raised in the Proof of Claim. |

There are no pending Motions, and no dispositive motions have been filed, set, or heard.

Neither the Debtor nor any party-in-interest will suffer plain legal prejudice if the Proof of Claim is withdrawn: there are no imminent adverse rulings, no parallel or pending actions, no tactical advantage to be obtained.

The Debtor is reorganized, the Plan effective date has long since passed, and the withdrawal of the Proof of Claim will not have any effect on the Debtor's reorganization.

NREP simply wishes to no longer pursue a claim to which the Debtor has objected.[13]

WHEREFORE, NREP prays that it be allowed to withdraw its claim and for such other relief as may be appropriate.

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
E-Mail BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR**
**NEXPOINT REAL ESTATE PARTNERS, LLC,**
**F/K/A HCRE PARTNERS, LLC**

13 *See Kumar*, 2010 WL 1946341, *2 ("[T]he [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue.").

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has communicated with counsel for the Debtor regarding the substance of the forgoing Motion, but that counsel could not agree or disagree with the relief sought. As such, Claimant files this Motion.

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.

## CERTIFICATE OF SERVICE

This is to certify parties which have so registered with the Court, including counsel for the Debtor, the United States Trustee, and all persons or parties requesting notice and service shall receive notification of the foregoing via the Court's ECF system, and are considered served pursuant to the Administrative Procedures incorporated into the Order Adopting Administrative Procedures for Electronic Case Filing, General Order 2003-01.2.

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.