# EXHIBIT 20

Appx. 05464

Case 19-34054-sgj11 Doc 3328 Filed 04/28/22    Entered 04/28/22 17:01:50    Page 1 of 3

Docket #3328  Date Filed: 04/28/2022



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 28, 2022

_____
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |

### ORDER APPROVING SETTLEMENT WITH CPCM, LLC (CLAIM NO. 217) AND FRANK WATERHOUSE (CLAIM NO. 218) AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

This matter having come before the Court on the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with CPCM, LLC (Claim No.217) and Frank Waterhouse (Claim No. 218) and Authorizing Actions Consistent Therewith* [Docket No. 3317] (the "Motion"),[2] filed by Highland Capital Management, L.P., the above-captioned reorganized debtor

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_NY:45342.6 36027/003



1934054220428000000000008

Appx. 05465

(the "Reorganized Debtor" or "Debtor," as applicable) in the above-captioned chapter 11 case (the "Bankruptcy Case"); and this Court having considered the Motion; and no objections to the Motion having been filed; and the Motion being unopposed; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Debtor's creditors, and other parties-in-interest; and this Court having found the Stipulation fair and equitable; and this Court having analyzed (1) the probability of success in litigating the claims subject to the Stipulation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise, including: (i) the best interests of the creditors, with proper deference to their reasonable views, and (ii) the extent to which the settlement is the product of arm's-length bargaining, and not of fraud or collusion; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and good and sufficient cause appearing therefor,

    it is **HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** as set forth herein.

2.     The Stipulation attached as Exhibit 1 to the Demo Dec. is approved in all respects.

3. Claim 217 is **DISALLOWED** with prejudice.

4. Claim 218 is **DISALLOWED** with prejudice.

5. This Stipulation amends Section 5 of the Waterhouse Stipulation as follows:

   a. The heading of Section 5 of the Waterhouse Stipulation is deleted in its entirety and replaced with the following: "Senior Employee's Waiver of any Bonus Amount;" and

   b. Section 5(a) of the Waterhouse Stipulation is deleted in its entirety and replaced with the following: "The Senior Employee agrees to irrevocably surrender and waive the Bonus Amount in consideration of the Employee Release and acknowledges that such agreement is an integral part of this Stipulation."

Except as specifically amended by this Order and the Stipulation, the Waterhouse Stipulation remains in full force and effect.

6. CPCM has irrevocably and indefeasibly waived any right it may have to the CPCM Payment and has released the Reorganized Debtor from any and all obligations to make the CPCM Payment. No amendment to the Former Employee Order is necessary to effectuate the foregoing waiver and release.

7. The Reorganized Debtor, CPCM, and Mr. Waterhouse are authorized to take any and all actions necessary and desirable to implement the Stipulation without need of further approval or notice.

8. To the extent applicable, the official claims register in the Debtor's Bankruptcy Case will be modified in accordance with this Order.

9. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

###End of Order###