# EXHIBIT 21

Appx. 05468

Case 19-34054-sgj11 Doc 3298 Filed 03/08/22 Entered 03/08/22 13:06:09 Page 1 of 4

Docket #3298 Date Filed: 3/8/2022



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 8, 2022**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § | |
| § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. § | |
| § | |

ORDER APPROVING
SETTLEMENT WITH PATRICK HAGAMAN DAUGHERTY (CLAIM NO. 205)
AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

This matter having come before the Court on the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Docket No. 3088] (the "Motion"),[2] filed by Highland Capital Management, L.P., the above-captioned reorganized debtor (the "Reorganized Debtor") in

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_NY:45264.3 36027/003



1934054220308000000000002

**Appx. 05469**

the above-captioned chapter 11 case (the "Bankruptcy Case"); and this Court having considered (a) the Motion; (b) *Scott Ellington's Objection to the Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Daugherty* [Docket No. 3242] (the "Ellington Objection"), filed by Scott Ellington ("Mr. Ellington"); (c) the *Reorganized Debtor's Reply in Further Support of Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty* [Docket No. 3257]; (d) *Patrick Daugherty's Joinder in Reorganized Debtor's Reply in Further Support of Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205)* [Docket No. 3258], filed by Patrick Hagaman Daugherty ("Mr. Daugherty"); (e) the exhibits identified on *Highland Capital Management L.P.'s Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held March 1, 2022* [Docket No. 3270], including the proposed Settlement Agreement signed by the Reorganized Debtor and Mr. Daugherty (the "Settlement Agreement"), all of which were admitted into evidence without objection; (f) Exhibit SE-2 identified on *Scott Ellington's Amended Witness and Exhibit List for Hearing Scheduled for March 1, 2022 at 1:30 pm (Prevailing Central Time)* [Docket No. 3265] ("Exhibit SE-2"), which was admitted into evidence without objection; (g) the testimony of Mr. James P. Seery, Jr. adduced during the hearing held on March 1, 2022 (the "Hearing"), including assessing Mr. Seery's credibility; and (h) the arguments made during the Hearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Debtor's creditors, and other parties-in-interest; and this Court having found the Settlement Agreement fair and equitable; and this Court having analyzed

(1) the probability of success in litigating the claims subject to the Settlement Agreement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise, including: (i) the best interests of the creditors, with proper deference to their reasonable views, and (ii) the extent to which the settlement is the product of arms-length bargaining, and not of fraud or collusion; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, the Court makes the following findings of fact and conclusions of law:[3]

1. At the time of the Hearing, Mr. Ellington (i) did not hold any claims against the Debtor (*see Order Approving Stipulation and Agreed Order Resolving Third Omnibus Objection and Certain Other Claims* [Docket No. 3244]); (ii) was not a Claimant Trust Beneficiary (as that term is defined in Exhibit SE-2); and (iii) because he does not hold claims against the Debtor, could not become a Claimant Trust Beneficiary.

2. Accordingly, Mr. Ellington does not have standing to object to the Motion.

3. Even if Mr. Ellington had standing, the Reorganized Debtor has met its burden of proof under Bankruptcy Rule 9019 that the settlement embodied in the Settlement Agreement

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

(and the exhibits annexed thereto) are fair, reasonable, and in the best interests of the Debtor, its successor(s), and all parties-in-interest.

4. Mr. Daugherty's Proof of Claim No. 67 was superseded by Proof of Claim No. 77, and Proof of Claim No. 77 was superseded by Proof of Claim No. 205, such that Proof of Claim Nos. 67 and 77 shall be disallowed and Proof of Claim No. 205 shall be treated in the manner set forth in the Settlement Agreement.

Based on the foregoing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Ellington Objection is **OVERRULED** in its entirety.

3. The Settlement Agreement is approved in all respects pursuant to Federal Rule of Bankruptcy Procedure 9019.

4. The Reorganized Debtor and Mr. Daugherty are authorized to take any and all actions necessary and desirable to implement the Settlement Agreement without need of further approval or notice.

5. Proofs of Claim Nos. 67 and 77 are **DISALLOWED** with prejudice.

6. Proof of Claim No. 205 is **ALLOWED** in the amounts set forth in the Settlement Agreement.

7. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

###End of Order###