# EXHIBIT 28

**Appx. 05690**

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

COUNSEL FOR NEXPOINT REAL ESTATE
PARTNERS, LLC F/K/A HCRE PARTNERS, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No.: 19-34054-sgj11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adv. Pro. No. 21-03007-sgj** |
| vs. | § | |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC),** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S
MOTION FOR LEAVE TO FILE AMENDED ANSWER AND BRIEF IN SUPPORT**

    Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP" or

"Defendant") files this Motion for Leave to File Amended Answer and Brief in Support

("Motion")[1] in response to Highland Capital Management L.P.'s ("Plaintiff" or "Debtor")

---

[1] Defendant files its brief in the same document as the motion pursuant to Local Bankruptcy Rule 7007-1(d).

Complaint in the above-referenced adversary proceeding (the "Adversary Proceeding") and respectfully states as follows:

## I. RELEVANT BACKGROUND

1.      On January 22, 2021, Plaintiff filed its Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate (the "Complaint"), commencing this Adversary Proceeding. Defendant's counsel accepted service of the Complaint on February 1, 2021 and the parties agreed the Defendant's deadline to answer or otherwise respond to the Complaint was March 3, 2021. On March 3, 2021, Defendant filed its Answer to Plaintiff's Complaint ("Original Answer").

2.      On March 11, 2021, Plaintiff and Defendant filed a Stipulation and Proposed Scheduling Order [ECF No. 8], setting forth a proposed joint scheduling order in lieu of the Alternative Scheduling Order issued by the Court. On March 16, 2021, the Court entered its Order Approving Stipulation Regarding Scheduling Order [ECF No. 10] (the "Scheduling Order").

3.      Under the Scheduling Order, the deadline to serve discovery requests is May 31, 2021 and responses to discovery requests are due July 5, 2021. Fact discovery closes July 26, 2017, dispositive motions must be filed by September 6, 2021, and trial docket call is November 8, 2021 at 1:30 p.m.

4.      Preparation of the defense of this adversary has been made extremely difficult by the constraints imposed by the Debtor with respect to access to witnesses and evidence. In connection with preparation of the defense, Defendant realized its affirmative defenses were not as clear as they could have been and that the additional defenses which it seeks to assert in this Adversary Proceeding should have been more fully set out as follows: (i) the Debtor's ability to make demand on the Notes was subject to a condition subsequent that has not yet become unable to be met, and (ii) the Notes are ambiguous. The original listing of affirmative defenses was

intended to cover such defenses, however, in an abundance of caution, Defendant seeks leave to amend and more clearly set out its intended defenses. The Scheduling Order does not contain a deadline to amend pleadings; therefore, Defendant's Motion is governed by Federal Rule of Civil Procedure 15(a)(2), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7015, which favors liberal amendment of pleadings. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015.

5.      Given the deadlines for discovery and pre-trial matters under the Scheduling Order, Defendant's proposed amendment will not delay the proceedings or otherwise prejudice the Plaintiff. Moreover, the proposed amendment is not sought in bad faith, but in furtherance of meritorious defenses based on additional investigation.

6.      Because Defendant's Motion is not sought in bad faith and will not result in undue delay or prejudice to Plaintiff, the Court should grant Defendant's Motion under the standard favoring liberal amendment of pleadings under Rule 15.

## II.  ARGUMENT AND AUTHORITY

7.      Rule 15(a) governs amendments to pleadings and provides that a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ P. 15(a). The court "should freely give leave when justice so requires." *Id*. Rule 15 "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981); *Marshall v. MarOpCo, Inc.*, 223 F.Supp.3d 562, 566 (N.D. Tex. 2017) ("Since *Dussouy*, the Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy."). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy*, 660 F.2d at 598. Leave to amend should be granted unless there is a substantial reason for denying leave. *InternetAd Sys., LLC v. Opodo Ltd.*, 481 F.Supp.2d 596, 603 (N.D. Tex. 2007).

Courts may consider the following factors in determining whether a substantial reason exists to deny leave: (i) delay or prejudice to the non-movant; (ii) bad faith or dilatory motives on the part of the movant; (iii) repeated failure to cure deficiencies; or (iv) futility of amendment. *InternetAd Sys*, 481 F.Supp.2d at 604; *Sabre, Inc. v. Lyn-Lea Travel Corp.*, No. Civ. A. 3:96-CV-2068R, 2003 WL 21339291, *4 (N.D. Tex. June 5, 2003).

8.      Here, there is no substantial reason to deny Defendant's Motion and, as such, the Court should grant Defendant leave to amend its answer. First, there is no undue delay or prejudice to Plaintiff. This is not a situation where there is an "unexplained delay" following the original answer. *See, e.g., In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (denying motion for leave to amend where the plaintiff sought to add a cause of action more than one year after the original complaint was filed and eleven months after the first amended complaint was filed with no reasonable explanation for such delay). Instead, Defendant was served with the Complaint less than three months ago and its answer was due less than two months ago. Defendant seeks to amend its answer to clarify its defense by adding two affirmative defenses based on its further investigation into the allegations of Plaintiff and in connection with its preparation for serving written discovery. Defendant determined these affirmative defenses applied in connection with its investigation and preparation for written discovery in connection with its defense of the case and within the expected timeline of this contested matter based on the Scheduling Order. Further, allowing Defendant to amend its answer will not result in prejudice to Plaintiff. Fact discovery does not close until July 26, 2021 and Plaintiff has not yet conducted any discovery. *See, e.g., Sabre, Inc.*, 2003 WL 21339291 at *4 (noting that undue prejudice arises where a new theory requires a reiteration of discovery proceedings). Accordingly, there is no undue delay or prejudice to Plaintiff.

9.      Nor does Defendant seek to amend in bad faith. In determining bad faith, Courts consider whether "the movant first presents a theory difficult to establish but favorable and, only after that fails, presents a less favorable theory." *Sabre*, 2003 WL 21339291 at *6. Here, Defendant is not seeking to add a new theory after the first theory failed – discovery has not yet begun, and the dispositive motion deadline is approximately four months away – and the circumstances do not give rise to an inference that Defendant is engaging in tactical maneuvers. Defendant is seeking to amend its answer, less than two months after filing it, because it determined additional defenses were applicable as it continued to investigate its defense of the Plaintiff's allegations and prepare for discovery. Accordingly, Defendant's Motion is not brought in bad faith or for dilatory motives.

10.     Third, this is not a situation where Defendant has repeatedly failed to cure deficiencies with prior amendments. This is Defendant's first request for leave to amend and, if granted, will be Defendant's first amendment to its answer. As such, repeated failure to cure deficiencies is not a reason to deny Defendant's Motion.

11.     Last, Defendant's proposed amendments are not futile. Amendments to defenses are futile "where they would necessarily fail or are so lacking in merit on their face." *Southpoint Condo. Ass'n Inc. v. Lexington Ins. Co.*, Case No. 19-cv-61365, 2020 WL 639400, *6 (S.D. Fla. Feb. 11, 2020). Some courts refuse to address the issue of futility in a motion for leave to amend context and instead does so in the context of a Rule 12(b)(6) or Rule 56 motion, "where the procedural safeguards are surer." *Garcia v. Zale Corp.*, 2006 WL 298156, *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) ("…the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion."). Here, the

proposed affirmative defenses are not futile,[2] and Defendant expects evidence supporting such defenses will be uncovered through discovery. *See, e.g., Don Stevenson Design, Inc. v. Randy Herrera Designer, LLC*, No. 5:16-CV-1130, 2017 WL 10581124, *1 (W.D. Tex. Sept. 8, 2017) ("Finally, Defendants' Motion for Leave is not futile because additional evidence substantiating the statute of limitations defense may come forward during the remainder of discovery.").

12.     Further, "even if there is substantial reason to deny leave to amend, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." *Allen v. Target Corporation*, 2007 WL 9735894, *1 (S.D. Tex. Nov 29, 2007). As a result, in considering a motion for leave to add additional affirmative defenses, Rule 8(c)'s requirement that affirmative defenses be pleaded or waived "must be applied in the context of the Federal Rules' liberal pleading and amendment policy, the goal of which is to do substantial justice." *Id.* At *1-2 (granting defendant's motion for leave to add affirmative defenses known previously because the delay did not constitute a substantial reason to deny leave and justice requires allowing the amendment).

13.     Because there is no substantial reason to deny Defendant's request, Defendant's additional affirmative defenses could be waived if not allowed, and Plaintiff is free to challenge any of Defendant's affirmative defenses under Rule 56, made applicable to this Adversary Proceeding by Bankruptcy Rule 7056. Leave to amend should be freely granted and, as such, the Court should grant Defendant's Motion.

---

[2]   Plaintiff contemplated at least some of its loans to affiliates or related entities (such as the Notes at issue in this Adversary Proceeding) "may not result in allowed or enforceable claims" by the Plaintiff. *See* Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding Debtor's Amended Schedules of Assets and Liabilities, p. 3 "Intercompany Claims" [Docket No. 1082-1], Global Notes and Statement of Limitations, methods, and Disclaimer Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, p. 3 "Intercompany Claims" [Docket No. 247-1]. Defendant believes the reason some of these intercompany loans may not be allowed or enforceable is because collectability was dependent on a condition subsequent and/or they are ambiguous – the very defense Defendant now seeks to include in its Answer.

### III.  PROPOSED AMENDED ANSWER ATTACHED

14.     Defendant's proposed First Amended Answer is attached hereto as **Exhibit A**.

### IV.  CONCLUSION

The Court should liberally grant leave to file amended pleadings absent a demonstration that such amendment would result in undue delay, prejudice, or is sought in bad faith. There is no such evidence of any of the foregoing here. For these reasons, Defendant respectfully requests the Court (i) grant this Motion; (ii) deem Defendant's First Amended Answer filed as of the date of the order granting this Motion; and grant Defendant such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
            lauren.drawhorn@wickphillips.com

**COUNSEL FOR HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE PARTNERS, LLC)**

### CERTIFICATE OF CONFERENCE

Between April 21 and 25, 2021, I conferred with John Morris, counsel for the Plaintiff, regarding the relief requested herein and Mr. Morris indicated that the Plaintiff is opposed to the relief requested in Defendant's Motion.

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

# EXHIBIT A

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT REAL ESTATE
PARTNERS, LLC F/K/A HCRE PARTNERS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | | **Case No.: 19-34054-sgj11** |
| Debtor. | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § § § § § § § § § § § § | |
| Plaintiff, | | **Adv. Pro. No. 21-03007-sgj** |
| vs. | | |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC),** | | |
| Defendant. | | |

## NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S
## FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP" or

"Defendant") files this First Amended Answer in response to Highland Capital Management L.P.'s

("Plaintiff" or "Debtor") Complaint for (I) Breach of Contract and (II) Turnover of Property of the

Debtor's Estate (the "<u>Complaint</u>") in the above-referend adversary proceeding (the "<u>Adversary Proceeding</u>") and respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1.      The first sentence of Paragraph 1 sets forth Plaintiff's objective in bringing the Complaint and does not require a response. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 1. The second sentence contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 1.

2.      Paragraph 2 contains a summary of the relief Plaintiff seeks and does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers constitutional authority on the Bankruptcy Court to adjudicate this dispute. Defendant denies any allegations in Paragraph 3 that are not expressly admitted.

4.      Paragraph 4 states a legal conclusion that does not require a response. To the extent a response is required, Defendant admits the Bankruptcy Court has statutory jurisdiction over this Adversary Proceeding but denies that the Court has constitutional authority over this Adversary Proceeding. Defendant denies any allegations in Paragraph 4 that are not expressly admitted.

5.      Defendant denies that Plaintiff's breach of contract claim is a core proceeding. Defendant further denies that a turnover proceeding under 11 U.S.C. § 542(b) is the appropriate mechanism to collect a contested debt. Defendant admits that a turnover proceeding under 11

---

[1]    The headings herein are from Plaintiff's Complaint and are solely included for the Court's convenience.

U.S.C. § 542(b) is a statutorily core proceeding but denies that it is constitutionally core under *Stern v. Marshall*. Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Defendant denies any allegations in Paragraph 5 that are not expressly admitted.

6.      Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District.

## THE PARTIES

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

## CASE BACKGROUND

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

**A.      The Demand Notes**

13.     Defendant admits it has executed at least one promissory note under which the Debtor is the payee. Defendant denies any allegations in Paragraph 13 that are not expressly admitted.

14.     Defendant admits that it signed the document attached to the Complaint as Exhibit 1. Defendant denies any allegations in Paragraph 14 that are not expressly admitted.

15.     Defendant admits that it signed the document attached to the Complaint as Exhibit 2. Defendant denies any allegations in Paragraph 15 that are not expressly admitted.

Case 19-34054-sgj11 Doc 3445-28 Filed 08/15/22 Entered 08/15/22 16:45:41 Page 14 of 21

Case 21-03007-sgj Doc 16-1 Filed 05/10/21 Entered 05/10/21 14:50:18 Page 5 of 10

16.     Defendant admits that it signed the document attached to the Complaint as Exhibit 3. Defendant denies any allegations in Paragraph 16 that are not expressly admitted.

17.     Defendant admits that it signed the document attached to the Complaint as Exhibit 4. Defendant denies any allegations in Paragraph 17 that are not expressly admitted.

18.     Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Complaint in Paragraph 18.

19.     Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Complaint in Paragraph 19.

20.     Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 of the Complaint in Paragraph 20.

**B.     Allegations regarding the Demand Notes**

21.     Defendant admits that Plaintiff sent it a copy of Exhibit 5. Defendant admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of Paragraph 21. Defendant denies any allegations in Paragraph 21 that are not expressly admitted.

22.     To the extent Paragraph 22 asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits the allegations in Paragraph 22.

23.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23 and, therefore, denies them.

24.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24 and, therefore, denies them.

25.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25 and, therefore, denies them.

26.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 26 and, therefore, denies them.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT                    PAGE 4

**Appx. 05703**

27.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27 and, therefore, denies them.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

**C.     The Term Note**

29.     Defendant admits that it has executed at least one promissory note under which Debtor is the payee. Defendant denies any allegations in Paragraph 29 that are not expressly admitted.

30.     Defendant admits it signed the document attached to the Complaint as Exhibit 6. Defendant denies any allegations in Paragraph 30 that are not expressly admitted.

31.     Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Complaint in Paragraph 31. Defendant denies any allegations in Paragraph 31 that are not expressly admitted.

32.     Defendant admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Complaint in Paragraph 32. Defendant denies any allegations in Paragraph 32 that are not expressly admitted.

33.     Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Complaint in Paragraph 33. Defendant denies any allegations in Paragraph 33 that are not expressly admitted.

34.     Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Complaint in Paragraph 34. Defendant denies any allegations in Paragraph 34 that are not expressly admitted.

**D.     Allegations regarding the Term Note.**

35.     To the extent Paragraph 35 of the Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits Paragraph 35 of the Complaint.

36.     Defendant admits that Plaintiff sent it a copy of Exhibit 7. Defendant admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of Paragraph 36 of the Complaint. Defendant denies any allegations in Paragraph 36 that are not expressly admitted.

37.     To the extent Paragraph 37 of the Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits Paragraph 37 of the Complaint.

38.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38 of the Complaint and, therefore, denies them.

39.     Defendant denies Paragraph 39 of the Complaint.

### FIRST CLAIM FOR RELIEF
#### (For Breach of Contract)

40.     Paragraph 40 of the Complaint seeks to incorporate the allegations in the preceding paragraphs and does not require a response. Defendant incorporates all prior denials herein by reference.

41.     Paragraph 41 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

42.     Paragraph 42 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

43.     Paragraph 43 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

44.     Paragraph 44 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

45.     Defendant denies Paragraph 45 of the Complaint.

46.     Defendant denies Paragraph 46 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. § 549(b))

47.     Paragraph 47 seeks to incorporate the allegations in the preceding paragraphs and does not require a response. Defendant incorporates all prior denials herein by reference.

48.     Paragraph 48 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

49.     Paragraph 49 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

50.     Paragraph 50 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

51.     Defendant admits that Plaintiff transmitted Exhibits 5 and 7 to the Complaint. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 51 of the Complaint and, therefore, denies them.

52.     Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 52 of the Complaint and, therefore, denies them.

53.     Defendant denies Paragraph 53 of the Complaint.

54.     Defendant denies that Plaintiff is entitled to the relief requested in the prayer of the Complaint, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

55.     Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

56.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

57.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

58.     Plaintiff's claims are barred in whole or in part because prior to the demands for payment, Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent.

59.     Defendant further asserts that each Note is ambiguous.

## JURY DEMAND

60.     Defendant demands a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38 and Federal Rule of Bankruptcy Procedure 9015.

61.     Defendant does not consent to the Bankruptcy Court conducting a jury trial and therefore demands such jury trial in the District Court.

## PRAYER

For these reasons, Defendant respectfully requests that, following a trial on the merits, the Court deny the relief Plaintiffs seeks through its Complaint, enter a judgment that the Plaintiff take nothing on the Complaint, and grant Defendant such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

COUNSEL FOR NEXPOINT REAL ESTATE
PARTNERS, LLC F/K/A HCRE PARTNERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No.: 19-34054-sgj11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adv. Pro. No. 21-03007-sgj** |
| vs. | § | |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC),** | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING NEXPOINT REAL ESTATE
PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S MOTION FOR
LEAVE TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT**

On this day, the Court considered Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC's ("Defendant") Motion for Leave to Amend its Answer to Plaintiff's Complaint (the "Motion"). Having considered the Motion, and finding good cause exists, the Court hereby, **GRANTS** the Motion.

IT IS THEREFORE ORDERED that Defendant's First Amended Answer to Plaintiff's Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate, is hereby **DEEMED FILED** as of the date of this Order.

### END OF ORDER ###