# EXHIBIT 42

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES DONDERO, § <br> § <br> *Appellant,* § <br> § <br> v. § <br> § Civil Action No. 3:20-CV-03390-X <br> § <br> HIGHLAND CAPITAL § <br> MANAGEMENT LP; ACIS CAPITAL § <br> MANAGEMENT LP; and ACIS § <br> CAPITAL MANAGEMENT GP LLC, § <br> § <br> *Appellees.* § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is appellee Highland Capital Management's (Highland) motion to dismiss this bankruptcy appeal as constitutionally moot. [Doc. No. 18.] Because the appealed bankruptcy order no longer directly, adversely, and pecuniarily affects appellant James Dondero, the Court **GRANTS** the motion to dismiss. The Court **DISMISSES** this appeal for lack of jurisdiction.

### I.   Factual Background

Among the vast ashes of Highland Capital Management, we find this appeal. Highland filed for Chapter 11 bankruptcy in October 2019. Soon thereafter, appellee Acis Capital Management GP LLC (Acis) filed a proof of claim, and Highland and Acis later executed a settlement agreement. In October 2020, the bankruptcy court entered a written order approving the settlement pursuant to Bankruptcy Rule 9019 (the 9019 order). The 9019 order is the subject of this appeal.

In January 2021, Highland filed the *Fifth Amended Plan of Organization of Highland Capital Management, L.P.*, and the bankruptcy court entered an order confirming the Plan in February 2021.[1]  Under the terms of the Plan, a Claimant Trust and a Litigation Sub-Trust were established to receive and administer Highland's assets for the benefit of creditors.  All "Estate Claims"—including, of note, all potential claims held by Highland against appellant Dondero—were transferred to the Trust.

In April 2021, Dondero filed his opening brief in this appeal of the 9019 order approving the settlement agreement between Highland and Acis.  At that time, Dondero had three live proofs of claim arguably affected by the 9019 order.

Marc Kirschner is the Trustee of the Trust.  In October 2021, Kirschner commenced an adversary proceeding in the bankruptcy court against Dondero (the Kirschner lawsuit).  Among other things, the Kirschner lawsuit seeks a declaratory judgment that Dondero is liable for Highland's debts in his alleged capacity as Highland's alter ego.  The Kirschner lawsuit specifically alleges that Dondero is liable for Highland's debts to Acis, as approved by the 9019 order.

On February 1, 2022, after the parties had completed their briefing of this appeal of the 9019 order, Dondero withdrew, and the bankruptcy court entered an

---

[1] Both parties asked the Court to take judicial notice of the existence of certain documents appearing on the dockets of related proceedings that the parties describe in their briefing on this motion.  The Court grants that request, as the existence of those documents and their contents "cannot reasonably be questioned" and because doing so is necessary to determine whether this appeal is moot. *In re Halo Wireless, Inc.*, 684 F.3d 581, 597 (5th Cir. 2012); *see also In re Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994) ("Thus, this court may review evidence as to subsequent events . . . which bears upon the issue of mootness.").

order approving of the withdrawal, of his remaining three proofs of claim affected by the 9019 order.  Two days later, appellee Highland filed the instant motion to dismiss this bankruptcy appeal, alleging that this appeal is moot because appellant Dondero now lacks standing by virtue of his withdrawal of his remaining proofs of claim.

## II.    Legal Standards

It is substantially more difficult to have standing to appeal a bankruptcy court's order than it is to pursue a typical complaint under Article III of the U.S. Constitution.  While "[t]he 'case or controversy' limitation of Article III dictates that the alleged harm is fairly traceable to the act complained of," the Fifth Circuit has long recognized that bankruptcy cases' wide-reaching scope calls for a more stringent standing test.[2]  To have standing to appeal a bankruptcy order, the appellant must be a "person aggrieved."[3]  A person aggrieved is someone who is "directly, adversely, and financially impacted" by the "exact order being appealed."[4]  Being directly, adversely, and financially impacted by "the proceedings more generally" won't cut it.[5] "Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets."[6]

Standing must exist not only at the inception of the litigation but must also continue throughout litigation.[7]  When at least one of the adverse parties to a suit

---

[2] *In re Coho Energy Inc.*, 395 F.3d 198, 202–03 (5th Cir. 2004) (cleaned up).

[3] *Id.* at 202 (cleaned up).

[4] *Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021).

[5] *Id.*

[6] *Id.*

[7] *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (cleaned up).

loses standing, the case becomes moot.[8] And when a case becomes moot, a court loses its "constitutional jurisdiction to resolve the issues [the case] presents."[9]

### III. Analysis

This appeal's procedural history is labyrinthine, but the parties' arguments are not. Highland contends that Dondero has lost standing to maintain this appeal of the 9019 order. Although no one disputes that Dondero had standing when he filed his opening brief, Highland argues that he lost it on February 1, 2021, when he withdrew his remaining proofs of claim.

In response, Dondero concedes that he no longer has any proofs of claim but argues that his being a defendant in the Kirschner lawsuit provides him standing to continue pursuing this appeal. As Dondero explains, the Kirschner lawsuit "seeks to hold [him] directly liable for the amounts awarded under the 9019 Order," including the debts to Acis. Because he could ultimately lose in the Kirschner lawsuit, Dondero argues that "his risk in the litigation and potential liability to [Highland] will be materially reduced to the tune of millions of dollars" if the 9019 order is overturned. Dondero also notes that he has already "been required to retain counsel to defend himself against the Kirschner Lawsuit and will be required to defend against the allegations regarding the millions awarded to Acis . . . under the 9019 Order."

---

[8] *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

[9] *Id.*

Dondero stresses that the "key question" for the Court is to consider Dondero's "interest" in the outcome of this appeal.[10]

Under Fifth Circuit precedent, the bankruptcy order at issue in this appeal no longer "directly, adversely, and financially impact[s]" Dondero.[11] Simply put, by withdrawing all of his remaining claims against Highland, Dondero is no longer a "person aggrieved" by the order. The order no longer directly affects Dondero because even a reversal of the order would put no money back in Dondero's pocket—because, again, he withdrew all of his claims.[12]

And Dondero does not dispute that reality. Instead, his argument, boiled down, is that he has standing because of the indirect, speculative connection between the Kirschner lawsuit and the debts determined by the order. But the Fifth Circuit has repeatedly stressed that speculative, indirect harm is not enough: "Th[e] speculative prospect of harm is far from a direct, adverse, pecuniary hit."[13] From another Fifth Circuit opinion: "A remote possibility does not constitute injury under [the] 'person aggrieved' test."[14] In another Fifth Circuit opinion, the "Court denied

---

[10] Doc. No. 22 at 11 ("The key question for this Court to consider is whether Mr. Dondero is pecuniarily interested in the outcome of this appeal."); *see also id.* at 5 ("Mr. Dondero [is] financially interested in every single claim and every single dollar that is incurred or spent by [Highland's] estate."); *id.* at 6 ("Mr. Dondero [is] financially interested in the reasonableness and propriety of the settlement approved under 9019 Order.").

[11] *Matter of Technicool Sys., Inc.*, 896 F.3d 382, 384 (5th Cir. 2018) (cleaned up).

[12] *See id.* at 386 ("The order must burden [the appellant's] pocket before he burdens a docket.").

[13] *Id.*

[14] *In re Coho Energy, Inc.*, 395 F.3d at 203.

5

standing because the debtor was not a claimant to the fund and, as such, was only indirectly affected by the order establishing priority."[15]

The Court does not deny that Dondero has an interest in the outcome of this appeal, or even a direct interest and effect caused by the "proceedings more generally."[16] For example, Dondero notes that he has already taken a direct financial hit by having to defend against the Kirschner lawsuit. But, again, the Fifth Circuit's bankruptcy-standing test requires a direct, adverse, and pecuniary effect (not interest) tied to the specific order being appealed (not to the proceedings generally).[17]

Dondero is no longer a person aggrieved by the bankruptcy order at issue in this appeal. Accordingly, the appeal is moot.

## IV. Conclusion

The Court finds this appeal moot and **DISMISSES** it for lack of jurisdiction.

**IT IS SO ORDERED** this 18th day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* (describing the holding in *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 212 (5th Cir. 1994)).

[16] *Matter of Dean*, 18 F.4th at 844.

[17] *Id.*; *see also Technicool*, 896 F.3d at 385.