# EXHIBIT 43

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § § | |
| Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., | § § § § | Civil Action No. 3:21-CV-1895-D (Bank. Ct. No. 19-34054-sgj-11) |
| Appellants, | § § § | |
| VS. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | |
| Appellee. | § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, Senior Judge:

Three creditors of a reorganized chapter 11 debtor appeal a bankruptcy court order approving the debtor's motion for entry of an order authorizing the creation of an indemnity subtrust and entry into an indemnity trust agreement and granting related relief (the "Order"). The appellee-debtor moves to dismiss the appeal as equitably and constitutionally moot and challenges appellants' standing. Concluding that two of the three appellants lack standing and that the Order is not a plan modification—meaning that the bankruptcy court was not required to comply with 11 U.S.C. § 1127(b) in approving the Order—the court DISMISSES

the appeal in part and AFFIRMS the bankruptcy court's Order.[1]

I

The court turns first to the question whether appellants have standing. Appellants are NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Fund Advisors. L.P. ("HCMFA"), and The Dugaboy Investment Trust ("Dugaboy"). Although the parties frame this issue as one of constitutional standing and mootness, they cite case law and present arguments about the prudential standing requirement embodied in the "person aggrieved" test. *See In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004) ("To prevent unreasonable delay, courts have created an *additional* prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." (emphasis in original) (quoting *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999))); *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 508 (N.D. Tex. 2019) (Fitzwater, J.) ("[T]he person aggrieved doctrine is itself a creature of prudential standing."), *dism'd in part*, 850 Fed. Appx. 300 (5th Cir. 2021), and *aff'd in part and dism'd in part*, 850 Fed. Appx. 302 (5th Cir. 2021).[2]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this appeal, and not for publication in an official reporter, and should be understood accordingly.

[2]The court has an independent obligation to consider constitutional standing before reaching its prudential aspects. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011). "[T]he plaintiffs must allege an injury in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling." *Id.*

Applying the prudential "person aggrieved" test, the court holds that HCMFA lacks standing. HCMFA only has administrative claims. Appellants concede that these administrative claims will be paid under any circumstances. *See* Appellant Obj. to Mot. to Dis. Appeal 5 ("[U]nder the Plan, administrative claims are paid in full.").[3] Accordingly, HCMFA lacks standing. *See In re Coho Energy Inc.*, 395 F.3d at 203; *In re Technicool Sys., Inc.*, 896 F.3d 382, 386 (5th Cir. 2018).

NexPoint has standing because of the "Covitz claim."[4] Although this claim was disallowed by a recent bankruptcy order, *see* Appellee Reply App. in Support of Mot. to Dis. Appeal 3 ("The [Covitz] Claim is DISALLOWED with prejudice and expunged in its entirety." (bold font omitted)), the order is not final, *see In re Linn Energy*, *L.L.C.*, 927 F.3d 862, 866 (5th Cir. 2019) (describing final bankruptcy orders as "orders that are affirmed upon direct review, or, as in this case, not appealed or contested."). Accordingly, NexPoint's

---

(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Dugaboy and HCMFA lack constitutional standing because they have not identified any injury fairly traceable to the Order: the injuries identified are speculative at best and nonexistent at worst. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (holding that despite "reasonable likelihood" of injury, "respondents' theory of future injury is too speculative to satisfy the well-established requirement that threatened injury must be 'certainly impending.'"). Alternatively, for the reasons discussed above, they lack prudential standing. NexPoint has constitutional standing, however, based on the Covitz claim.

[3]The estimated amount for distributions is $181,879,000. *See* R. 1244. And the administrative expenses total only $1,078,000. *Id.* Accordingly, even if $25 million is removed from the Claimant Trust, there will still be sufficient funds to pay NexPoint's and HCMFA's administrative claims.

[4]The parties dispute whether NexPoint owns this claim. Appellants have proved that NexPoint owned this claim beginning on March 24, 2021. Appellant Obj. App. in Support of Obj. to Mot. to Dis. Appeal 13-17.

- 3 -

Covitz claim has not been extinguished by final order, *see United States v. Stone*, 435 Fed. Appx. 320, 321-22 (5th Cir. 2011) (per curiam) (holding that interest in property became extinguished when order became final), and the claim remains as a basis to confer standing on NexPoint to press this appeal, *see In re JFK Capital Holdings, L.L.C.*, 880 F.3d 747, 751 (5th Cir. 2018).[5]

Dugaboy lacks standing. It has a contingent interest that will only be paid if all other creditors are paid in full. R. 434, 520, 1244 (providing that limited partnership interests, which are included in Class 10 and 11 of classified claims and equity interests, expect "no distribution."). Dugaboy's expected return is therefore $0 both before and after entry of the Order.[6] Accordingly, it lacks standing. *See In re Coho Energy Inc.*, 395 F.3d at 203; *In re*

---

[5]Assuming *arguendo* that NexPoint lacks prudential standing, the outcome of this appeal is effectively the same: the bankruptcy court's Order remains undisturbed either because no appellant has standing or because, despite NexPoint's standing, the Order is affirmed on the merits.

[6]Appellants cannot rely on the possibility that the Litigation Sub-Trust *might* secure sufficient funds to pay contingent interests. This is speculative at best; Dugaboy will suffer an injury if and only if the Litigation Sub-Trust obtains a future windfall. *See* R. 2279-80 ("Theoretically, there's a circumstance, and that is if every other creditor in the case were to be paid in full . . . theoretically the junior interest holders could receive distributions. However, based upon our projections, that would be wholly dependent on a significant recovery in the Litigation -- by the Litigation Trustee."); *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 211 (5th Cir. 1994) (addressing constitutional standing and holding that "Ortiz has failed utterly to demonstrate that any action by the IRS against company officers is a real or immediate likelihood or how such an action would adversely affect the company in the least"); *In re Acis Capital Mgmt.*, 604 B.R. at 510 (addressing prudential standing and holding that "although the orders for relief created the possibility that Neutra might suffer harm in the future, Neutra was not aggrieved by them for standing purposes because '[the] speculative prospect of harm is far from a direct, adverse, pecuniary hit'" (quoting *In re Technicool Sys.*, 896 F.3d at 386)).

*Technicool Sys.*, 896 F.3d at 386.[7]

Because HCMFA and Dugaboy lack standing, their appeals are dismissed.

II

Turning to the merits, the parties agree that this appeal turns on whether the Order is a plan modification. If it is, the bankruptcy court erred by failing to comply with 11 U.S.C. § 1127(b). But if it is not, the bankruptcy court did not err because it complied with 11 U.S.C. § 363(b). This court applies a *de novo* standard of review when deciding whether the bankruptcy court's order is a plan modification. *See In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011).

A plan modification occurs when a proposed action "alter[s] the parties' rights, obligations, and expectations under the plan." *In re U.S. Brass Corp.*, 301 F.3d 296, 309 (5th Cir. 2002). In *U.S. Brass Corp.* the bankruptcy court denied a motion that would have replaced a term of the plan (requiring litigation) with another term (requiring arbitration), because it constituted a plan modification. *Id.* at 302. The Fifth Circuit affirmed, holding that "[t]o substitute arbitration for litigation at this point would alter the bargain the Insurers secured in exchange for their approval of the plan—in violation of § 1127(b)." *Id.* at 308.

The instant Order, however, does not alter the parties' "rights, obligations, and expectations under the plan." The first change appellants point to is that the plan created and

---

[7]Appellants' alternate theories of standing—including creating a counter-factual causal chain linking the Order to the confirmation plan—are too speculative to support standing.

- 5 -

contemplated two trusts, while the Order authorizes the creation of a third. But this is a complaint of form over substance. The plan authorizes the creation of reserves from which to satisfy indemnity claims. As such, the Indemnify Sub-Trust, which as an economic mechanism functions as a reserve for payment of indemnity claims, is likely at least "specifically contemplated" by the plan. *See id.* at 308.

Next, appellants complain that, because the plan contemplates D&O insurance (as a waivable condition) for payment of indemnification claims, the Order (creating an Indemnity Sub-Trust to pay indemnification claims) violates the spirit of the plan. But the insurance condition is waivable, and the payment of indemnification via a reserve is "specifically contemplated" by the plan. *See id.*

Appellants also challenge the movement of funds from the Claimant Trust to the Indemnity Sub-Trust. The plan provides, however, that the Claimant Trust may take money otherwise earmarked for creditors and set up a reserve. This movement of funds under the Order therefore does not violate the creditors' expectations of what will occur under the plan—indeed, it is specifically contemplated by the Plan. *See id.*

Finally, appellants contend that the Order alters the terms of the confirmed plan because it obligates the Claimant Trust to indemnify more parties; under the Order, the Claimant Trust transfers its assets to the Indemnity Sub-Trust, which are then used to pay indemnity claims for the Litigation Sub-Trust and reorganized debtor's indemnified parties.[8]

---

[8]Appellants' argument is not that more parties are being indemnified—they appear to concede this point in their reply brief. Appellants Reply Br. 7 ("It is true, however, that the

It should be noted at the outset that the Indemnity Sub-Trust is only a fallback source of funding if the Claimant Trust, Litigation Sub-Trust, and reorganized debtor cannot meet their indemnification obligations. Further, if funding is needed from the Indemnity Sub-Trust, the deposits in the Sub-Trust are intended "to satisfy the obligations of the Claimant Trust, the Litigation Sub-Trust, and the Reorganized Debtor, each of which will be jointly and severally liable under" the note for the deposits. Appellee App. in Support of Mot. to Dis. Appeal 254. Indeed, the terms state that "such deposits are intended to ensure proper allocation of the respective assets of the Claimant Trust, the Litigation Sub-Trust and the Reorganized Debtor." *Id.* In other words, although the Claimant Trust is depositing the money, the Litigation Sub-Trust and the reorganized debtor remain legally obligated for their portions of indemnified parties: nothing has changed.[9]

\* \* \*

Because two of the three appellants lack standing, the appeal is DISMISSED in part. Because the Order is not a plan modification and the bankruptcy court complied with 11 U.S.C. § 363(b), the bankruptcy court's July 21, 2021 order approving the debtor's motion for entry of an order (I) authorizing the (A) creation of an indemnity subtrust and (B) entry

---

foregoing persons were entitled to indemnification under the Plan Implementation Documents . . . ."). Their argument is that the Claimant Trust is obligating itself to indemnify more parties.

[9]Because the court concludes that the Order did not modify the confirmed plan, it does not reach appellee's argument that this appeal is equitably moot. *See In re Blast Energy Servs., Inc.*, 593 F.3d 418, 424 (5th Cir. 2010) ("Unlike Article III mootness, equitable mootness is prudential, not jurisdictional.").

into an indemnity trust agreement and (II) granting related relief is AFFIRMED.

    AFFIRMED in part; DISMISSED in part.