# EXHIBIT 58

Appx. 07126

Docket #1666 Date Filed: 01/05/2021

Daniel P. Winikka (TX 00794873)
**LOEWINSOHN FLEGLE DEARY SIMON LLP**
12377 Merit Drive, Suite 900
Dallas, TX 75251
Telephone: (214) 572-1700
Facsimile: (214) 572-1717
danw@lfdslaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE : | § | CHAPTER 11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** [1] | § § § | **CASE NO. 19-34054-SGJ** |
| | § | |
| Debtors. | § § | |

### LIMITED OBJECTION OF JACK YANG AND BRAD BORUD TO FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND CAPITAL MANAGEMENT, L.P.

Jack Yang ("Yang") and Brad Borud ("Borud"), by and through undersigned counsel, file this limited objection to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. pursuant to Chapter 11 of the Bankruptcy Code [ECF No. 1472] (the "Plan") and, in support hereof, respectfully represent as follows:

### Limited Objection

Borud and Yang are former employees and limited partners of the Debtor. They both timely filed proofs of claim for contingent and unliquidated amounts in respect of, among other things, the Debtor's obligation to make them whole on certain compensation promised to them

---

[1] The last four digits of the Debtor's taxpayer identification number are 6725. The headquarters and service address for the Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

1



Appx. 07127

for their performance in 2008. In particular, as a form of compensation for their performance, the Debtor promised to make them whole if certain tax refunds they received turned out to be less than what was estimated at the time. This is an obligation in respect of compensation they were awarded and promised for their efforts as employees in 2008. The IRS subsequently challenged the Debtor's 2008 tax elections and that audit/dispute is still ongoing. Accordingly, Borud and Yang's claims in respect of this promised compensation if their tax refunds turn out to be less than the estimate remain unliquidated and contingent.

The Debtor has indicated that it believes the claims of Borud and Yang should be "Subordinated Claims" under the Plan and therefore constitute Class 9 claims to the extent such claims are ultimately liquidated and allowed. Borud and Yang disagree that there is any basis to subordinate their claims under section 510 of the Bankruptcy Code. Whether their claims could be subordinated under section 510 of the Bankruptcy Code, however, is not an issue that needs to be addressed at this time and can and should be addressed when and if the Debtor objects to those claims and seeks to have such claims subordinated.

Borud and Yang are concerned, however, that the Plan attempts to achieve a subordination of their claims beyond what would be permissible under section 510 of the Bankruptcy Code. Specifically, "Subordinated Claim" under the Plan is defined as not only a claim that is determined to be subordinated under section 510 of the Bankruptcy Code but also any claim that "arises from a Class A Limited Partnership Interest or a Class B/C Limited Partnership Interest." This language goes beyond the language of section 510(b) of the Bankruptcy Code, which is limited to claims "arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement of contribution allowed under section 502 on

account of such a claim." Indeed, this language is potentially so broad as to encompass any claims of any person that was or is a limited partner, no matter what the nature of the claim is, including claims solely in respect of compensation owed to such person for their services as an employee.

The Debtor should not be permitted to achieve subordination beyond the bounds of section 510 of the Bankruptcy Code.

For all the foregoing reasons, Yang and Borud request that the Court (a) either require that the Plan be clarified to provide that claims in Class 9 are limited to claims that are subordinated under section 510 of the Bankruptcy Code or deny confirmation of the Plan and (b) grant them such other and further relief as is appropriate.

DATED: January 5, 2021                Respectfully submitted,

/s/ Daniel P. Winikka
Daniel P. Winikka (TX 00794873)
**LOEWINSOHN FLEGLE DEARY SIMON LLP**
12377 Merit Drive, Suite 900
Dallas, TX 75251
Telephone:  (214) 572-1700
Facsimile:  (214) 572-1717
danw@lfdslaw.com

**COUNSEL FOR JACK YANG AND BRAD BORUD**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies, that on this 5th day of January, 2021, he caused to be served a true and correct copy of this Limited Objection to Fifth Amended Plan of Reorganization, by electronically filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and to the following Notice Parties:

Pachulski Stang Ziehl & Jones LLP
101000 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Jeffrey N. Pomerantz
Ira D. Kharasch
Gregory V. Demo
jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
gdemo@pszjlaw.com

Hayward & Associates PLLC
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Melissa S. Hayward
Zachery Z. Annable
MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

**COUNSEL FOR DEBTOR**

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Matthew A. Clemente
Alyssa Russell
mclemente@sidley.com
Alyssa.Russell@sidley.com

**COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

U.S. Department of Justice, Region 6
Northern District of Texas
Office of the United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242
Lisa L. Lambert
Lisa.L.Lambert@usdoj.gov

**COUNSEL FOR THE OFFICE OF THE UNITED STATES TRUSTEE**

*/s/ Daniel P. Winikka*
Daniel P. Winikka