# EXHIBIT 63

**Appx. 07252**

Case 19-34054-sgj11 Doc 1671 Filed 01/05/21 Entered 01/05/21 16:46:20 Page 1 of 6

United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(202) 834-4233

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Case No. 19-34054** |
| | § | |
| | § | |
| | § | |
| Debtors-in-Possession. | § | |

---

## United States Trustee's Limited Objection to Confirmation of Debtors' Fifth Amended Plan of Reorganization (Docket Entry No. 1472)

---

**To the Honorable Stacey J. Jernigan,**
**United States Bankruptcy Judge:**

The United States Trustee for Region 6 files this Limited Objection (the "**Objection**") to the Debtor's Fifth Amended Plan of Reorganization (the "Plan" -- docket entry [D.E.] 1472, filed 11/24/2020). In support of the relief requested, the United States Trustee respectfully submits as follows:

### <u>Summary</u>

The United States Trustee objects to confirmation of the Plan because the releases exceed the scope permitted by Fifth Circuit precedent. The United States Trustee has resolved other objections with the Debtors, and these resolutions will be announced and incorporated in the confirmation order.

**United States Trustee's Confirmation Objection**

1934054210105000000000017

**Appx. 07253**

## <u>Facts: Relevant Plan Provisions</u>

**Salient Definitions:**

1.      The Plan defines exculpated and released parties as follows:

a.  "Exculpated Parties" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

b.  "Released Parties" means, collectively, (i) the Independent Directors; (ii) Strand (solely from the date of the appointment of the Independent Directors through the Effective Date); (iii) the CEO/CRO; (iv) the Committee; (v) the members of the Committee (in their official capacities), (vi) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case; and (vii) the Employees.

Plan, D.E. 1472; definitions 61, 111, p. 16.

**Releasing Third Parties:**

2.   The Plan releases third parties who would share liability with the Debtor:

"[E]ach Released Party is deemed to be, hereby conclusively, absolutely, unconditionally,

irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on

behalf of themselves and their respective successors, assigns, and representatives, including,

but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of

Action, including any derivative claims, asserted on behalf of the Debtor, whether known or

unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law,

equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally

entitled to assert in their own right (whether individually or collectively) or on behalf of the

holder of any Claim against, or Interest in, a Debtor or other Person.

Plan, D.E. 1472, p. 48.

3.      The releases for Released Parties exclude "any Causes of Action arising from

willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released

Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction."

Plan, D.E. 1472, pp. 48-49.

4.      The Plan releases do not contemplate any type of channeling injunction.

**Exculpating Third Parties:**

5.      The exculpation provisions broadly cover third parties:

Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted

by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is

hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt,

right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the

Petition Date in connection with or arising out of (i) the filing and administration of the

Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or

the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or

consummation of the Plan (including the Plan Supplement) or any related agreements,

instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(v); provided, however, the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

## **Argument and Authority**

**Plan Contains Non-Consensual Third-Party Releases and Exculpation in Contravention of Fifth Circuit Precedent.**

6.      The Plan contains non-consensual third-party releases that should be stricken under Fifth Circuit precedent.

7.      The Plan's exculpation provisions are similarly overbroad.

8.      While the Plan specifies that the releases and exculpation are allowed to "the maximum extent allowed by law," the law in the Fifth Circuit is that they are not allowed.

9.      Like the Highland Capital Plan, the *Pacific Lumber* plan contained exculpation and release provisions that carved out willful or intentional conduct. *Scotia Pacific Co., LLC v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.),* 584 F.3d 229

(5th Cir. 2009). Reviewing four prior Fifth Circuit bankruptcy cases, the *Pacific Lumber* court concluded these cases "seem broadly to foreclose non-consensual non-debtor releases and permanent injunctions." *Id.* at 252 (citations omitted). The Fifth Circuit struck these non-consensual provisions as to parties who were co-liable with the debtor but noted that committee members and committee professionals received qualified immunity. *Id.*

10. The *Pacific Lumber* court disallowed the exculpation and releases of the debtors' officers, directors, and professionals because there was no evidence that they "were jointly liable for any . . . pre-petition debt. They are not guarantors or sureties, nor are they insurers. Instead, the essential function of the exculpation clause . . . is to absolve the released parties from any negligent conduct that occurred during the course of the bankruptcy. The fresh start § 524(e) provides to debtors is not intended to serve this purpose." *Id.* at 252-53.

11. Bankruptcy Courts in the Northern District of Texas have resolved objections to exculpation or release provisions by replacing such provisions with channeling injunctions. *See* Memorandum Opinion and Order, Docket Entry No. 4614, *In re Pilgrim's Pride Corporation, et al.*, Case No. 08-45664-DML-11 (January 14, 2010); Fourth Amended Joint Chapter 11 Plan of CHC Group Ltd. and its Affiliated Debtors (Section 10.8), Docket Entry No. 1701, *In re CHC Group, Ltd.*, Case No. 16-31854-BJH-11, United States Bankruptcy Court for the Northern District of Texas, Dallas Division (February 16, 2017).

12. The Plan release and exculpation provisions should be limited. Unless they exclude the Debtors' professionals, the Debtors' officers and directors, and others not protected by quasi-immunity, confirmation should be denied.

**Conclusion**

Wherefore, the United States Trustee requests that the Court deny approval of the Plan and grant to the United States Trustee such other and further relief as is just and proper.

DATED: January 5, 2021                    Respectfully submitted,

                                          WILLIAM T. NEARY
                                          UNITED STATES TRUSTEE

                                          */s/ Lisa L. Lambert*
                                          Lisa L. Lambert
                                          Asst. U.S. Trustee, TX 11844250
                                          Office of the United States Trustee
                                          1100 Commerce Street, Room 976
                                          Dallas, Texas  75242
                                          (202) 834-4233

**Certificate of Service**

There undersigned hereby certifies that on January 5, 2020, a copy of the foregoing pleading was served via ECF to parties requesting notice via ECF.

                                          */s/  Lisa L. Lambert*
                                          Lisa L. Lambert

**Appx. 07258**