# EXHIBIT 67

Docket #1678  Date Filed: 01/05/2021

Jason P. Kathman
State Bar No. 24070036
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com

**COUNSEL FOR**
**PATRICK HAGAMAN DAUGHERTY**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 19-34054-SGJ-11 |
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

**PATRICK HAGAMAN DAUGHERTY'S OBJECTION TO**
**CONFIRMATION OF FIFTH AMENDED PLAN OF REORGANIZATION**

Patrick Hagaman Daugherty ("**Daugherty**") a creditor and party-in-interest in the above-captioned bankruptcy case, files this Objection to Confirmation of Fifth Amended Plan of Reorganization (the "**Objection**") and represents as follows:

1.  The Plan does not "provide the same treatment for each claim or interest of a particular class," as required by section 1123(a)(4). *See* 11 U.S.C. § 1123(a)(4). Bankruptcy Code Section 1129(a)(1) requires that a chapter 11 plan comply with the applicable provisions of the Bankruptcy Code before it may be confirmed. 11 U.S.C. § 1129(a)(1); *In re Schwarzmann*, 203 B.R. 919 (Bankr. E.D. Va. 1995). A principal objective of Section 1129(a)(1) is to assure compliance with the sections of the Bankruptcy Code governing classification of claims and interests and the contents of a plan of reorganization. *In re Mirant Corp.*, 2007 WL 1258932

(Bankr. N.D. Tex. Apr. 27, 2007). Because the Plan provides different treatment for "disputed" claims and "allowed" claims, the Plan does not comply with section 1123(a)(4).

2. The Debtor's Plan provides that the Claimant Trust[1] may make Trust Distributions to the Claimant Trust Beneficiaries "at any time and/or use Claimant Trust Assets or proceeds thereof, *provided* that such Trust Distributions or use is otherwise permitted under the terms of the Plan, the Claimant Trust Agreement, and applicable law."[2] Further, the Plan and Claimant Trust Agreement provide that there will be no distributions on account of "Disputed Claims" while it is pending allowance.[3] A "Disputed Claim" is one that is not yet allowed.[4] For "Disputed Claims," the Debtor proposes to create a "Disputed Claim Reserve."[5] However, the amount placed in the "Disputed Claim Reserve" shall be:

> (a) The amount set forth on either the Schedules or the filed Proof of Claim, as applicable; (b) the amount agreed to by the Holder of the Disputed Claim and the Claimant Trustee or Reorganized Debtor, as applicable; (c) the amount ordered by the Bankruptcy Court if it enters an order disallowing, in whole or in part, a Disputed Claim or (d) as otherwise ordered by the Bankruptcy Court, *including an order estimating the Disputed Claim*.[6]

Upon a claim being allowed, the Plan provides:

> To the extent a Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, within 30 days of the date on which such Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, the Claimant Trustee shall distribute from the Disputed Claims Reserve to the Holder thereof any prior distributions, in Cash, that would have been made to such Allowed Claim if it had been Allowed as of the Effective Date.[7]

A serious problem with this construct arises if the Debtor under-estimates the amount of the

---

[1] Capitalize terms not expressly defined herein, shall have the meanings ascribed to them in the Plan.
[2] *See* Plan at 31.
[3] *See* Plan at 44; Claimant Trust Agreement at § 6.4.
[4] *See* Plan at 7.
[5] *See* Plan at 40.
[6] *See* Definition of "Disputed Claims Reserve Amount" Plan at 7 (emphasis added).
[7] *See* Plan at 40.

**PATRICK HAGAMAN DAUGHERTY'S OBJECTION TO CONFIRMATION – Page 2**

Disputed Claim Reserve, which is a major risk considering (1) the significant amount of "Disputed Claims" and the ability of the Debtor to utilize an order estimating a claim to determine how much to reserve. If any one of the "Disputed Claims" is adjudicated in an amount great than what was reserved (or estimated), then holders of "Disputed Claims" will receive disparate treatment from other creditors in the same case. By way of an example, in Daugherty's case, if his claim is ultimately allowed in an amount in excess of $9,134,019.00, then any amounts paid over and above the amount reserved and estimated will come at the expense of other holders of "Disputed Claims." Because holders of "disputed" claims in Class 8 will very likely receive a different percentage recovery from holders of "allowed" claims in Class 8, the Plan does not comply with section 1123(a)(4), and confirmation should accordingly be denied.

    WHEREFORE, Daugherty respectfully requests that the Court enter an order (i) denying confirmation of the Plan, and (ii) granting Daugherty such other and further relief, legal or equitable, special or general, to which he may show himself justly entitled.

**PATRICK HAGAMAN DAUGHERTY'S OBJECTION TO CONFIRMATION – Page 3**

DA 1995072.1

**Appx. 07291**

Dated: January 5, 2021.                    Respectfully submitted,

                                           */s/ Jason P. Kathman*
                                           Jason P. Kathman
                                           State Bar No. 24070036
                                           SPENCER FANE LLP
                                           5700 Granite Parkway, Suite 650
                                           Plano, Texas 75024
                                           (972) 324-0300- Telephone
                                           (972) 324-0301 – Facsimile
                                           Email: jkathman@spencerfane.com

                                           **COUNSEL FOR**
                                           **PATRICK HAGAMAN DAUGHERTY**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2021 a copy of the attached Objection was served via the Court's electronic transmission facilities upon all parties receiving notice via the Court's ECF system, and has been served via email upon counsel for the Debtor and the Committee via e-mail.

                                           */s/ Jason P. Kathman*
                                           Jason P. Kathman