# EXHIBIT 70

Docket #2458  Date Filed: 06/17/2021



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 16, 2021**

_____
**United States Bankruptcy Judge**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Highland Capital Management, L.P.** | § | **CASE NO. 19-34054-SGJ-11** |
| | § | |
| **Debtor.** | § | |

### ORDER REQUIRING A TRUSTEE OF THE DUGABOY INVESTMENT TRUST AND THE GET GOOD TRUST TO APPEAR AT ALL HEARINGS IN THE BANKRUPTCY CASE IN WHICH THEY TAKE POSITIONS

The above-referenced bankruptcy case was commenced in the District of Delaware on October 16, 2019, by Highland Capital Management, L.P. filing its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Bankruptcy Case was transferred to this court on December 4, 2019. James Dondero is the co-founder of the Debtor and was the Debtor's President



1934054210617000000000001

**Appx. 07503**

and Chief Executive Officer until his resignation on January 9, 2020, as part of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [DE # 339]. Mr. Dondero was retained as an unpaid employee of the Debtor until his resignation on or around October 9, 2020.

The Dugaboy Investment Trust and the Get Good Trust (together, the "Trusts")—which are the two entities that are the subject of this Order—are two of Mr. Dondero's family trusts. The court has previously noted that the standing of these Trusts in the bankruptcy case seems very tenuous. It is a little difficult to discern if their interests are truly those that the Bankruptcy Code is designed to protect. Specifically, it has been represented that the Dugaboy Trust owns a mere 0.1866% of the junior equity in the Debtor. There is an infinitesimal chance of this interest being entitled to any recovery in this bankruptcy case, under any reasonable estimation. And while the Get Good Trust has filed a proof of claim against the Debtor, and the Dugaboy Trust has filed several proofs of claim, these claims have been objected to and not yet allowed, and the court is very unclear regarding the nature or amount of these claims, except that the court has been apprised that: (a) one Dugaboy proof of claim alleges that Highland is obligated on a debt owed to Dugaboy by an entity known as Highland Select, allegedly because Highland is Highland Select's general partner and might also be its alter ego; and (b) another proof of claim asserts ***postpetition mismanagement*** by the Debtor of assets of one or more Debtor subsidiaries. While the court knows nothing about the Get Good proof of claim, it does know that the Get Good Trust (along with others) has been sued for alleged fraudulent transfers in an adversary proceeding in this case (Adv. Proc. # 20-3195)—which may affect the allowability of its proof of claim.

The Trusts have filed numerous substantive motions and objections in the Bankruptcy Case. The objections include those to the *Debtor's Motion for Entry of an Order Approving*

*Settlement with HarbourVest* [DE # 1625], *Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch* [DE # 2199], and the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [DE # 1808]. Further, the Trusts have filed appeals to all three of the orders approving the above-mentioned motions and plan, and those appeals remain pending before the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit.

In addition to having concerns about the tenuousness of the Trusts' party-in-interest status, the court also has concerns whether these Trusts are simply acting at the direction of Mr. Dondero and are not independent parties.  Accordingly, the court enters this Order to ensure that the trustees of the Trusts are fully engaged in this case, considering that the Trusts continue to take numerous positions requiring extensive attention and time of the court.  The Trusts are ordered to have a trustee acting on their behalf attend all future hearings in this Bankruptcy Case in which the Trusts have taken or are taking a position, unless otherwise ordered by the court. This directive does not apply merely to evidentiary hearings or "substantive" hearings, and it applies to the underlying bankruptcy case as well as related adversary proceedings in which the Trusts are parties or take positions. Therefore, it is

**ORDERED** that the Dugaboy Investment Trust and the Get Good Trust must have a trustee appear in all future hearings in this Bankruptcy Case, as well as all adversary proceedings where either of the Trusts are a party or take a position, unless otherwise ordered by the court.

### END OF ORDER ###