# EXHIBIT 83

Appx. 07860

Case 19-34054-sgj11 Doc 912 Filed 08/03/20    Entered 08/03/20 12:52:52    Page 1 of 6

Docket #0912  Date Filed: 08/03/2020



**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed August 3, 2020**

_____
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

### ORDER DIRECTING MEDIATION

The Court has determined that mediation would aid and assist in the resolution of numerous issues in the above-captioned case. Accordingly, pursuant to 11 U.S.C. § 105 and this Court's inherent authority to regulate its docket, **IS HEREBY ORDERED THAT:**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:40872.7 36027/002



1934054200803000000000004

**Appx. 07861**

1. The following parties are ordered to mediate as set forth below: (i) Highland Capital Management, L.P. (the "Debtor"); (ii) the official committee of unsecured creditors appointed in the Debtor's bankruptcy case (the "Committee"); (iii) Acis Capital Management, L.P. and Acis Capital Management GP, LLC; (iv) UBS Securities LLC and UBS AG, London Branch; (v) the Redeemer Committee of the Highland Crusader Fund; and (vi) James Dondero. The foregoing are collectively referred to herein as the "Parties" and individually as a "Party."

2. One or more mediation sessions may be scheduled. Such sessions are referred to herein collectively as the "Mediation" regardless of the number of days. While exact date(s) have not yet been determined, it is currently anticipated that the Mediation will be held between August 21, 2020 and September 2, 2020. The Mediation will be conducted via video conference.

3. The Mediation will be administered by the American Arbitration Association ("AAA"). Retired Judge Allan Gropper and Sylvia Mayer are appointed to serve as co-mediators (the "Mediators"). The Mediators will confer and determine, in their discretion, whether one or both Mediators will participate in all or part of each mediation session. The Mediators' fee will be $5,000 per Mediator per mediation session. (For the avoidance of doubt, to the extent a Mediator does not participate in a particular mediation session, that Mediator will not bill for that session.) A mediation session is one day of mediation. There will not be an overtime charge if any of the mediation sessions go into the evening. In addition to the daily fee per mediation session, Judge Gropper bills at an hourly rate of $600 and Ms. Mayer bills at an

hourly rate of $425 for time spent preparing for mediation sessions, including study time and communications with the Parties and/or between the Mediators. The Mediators will each maintain time records provided that they may redact or exclude any confidential information. In addition, the Mediators will submit invoices to AAA for their hourly fees for preparation and daily fees for mediation sessions. At a minimum, the Mediators will respectively submit to AAA their first invoice prior to the start of the first mediation session and their final invoice within five (5) business days following conclusion of the last mediation session. In their discretion, the Mediators may submit additional invoices. The Mediators will provide the Parties with a copy of any invoices submitted to AAA.

4. On or as soon as reasonably practicable following the date of this Order, the Debtor will deposit with AAA the sum of $90,000 (the "Deposit"). To the extent requested by AAA, the Debtor will supplement the Deposit as needed. The Deposit will be credited against any fees or expenses incurred by AAA or invoiced by the Mediators. Following conclusion of the Mediation and payment of AAA's fees and the Mediators' respective fees, any remaining funds on deposit shall be refunded to the Debtors.

5. The Debtor will bear the costs of the Mediators' and AAA's fees and their reasonable and necessary expenses; *provided, however,* that, for the avoidance of doubt, with the exception of the Committee, each Party will bear its own legal and professional fees and expenses. Payment will be tendered to the Mediators and AAA on the day of the Mediation. Neither the Mediators nor AAA will be required to file a fee application or seek further approval from this Court for payment of the foregoing fees and expenses.

6. Each Party will attend the Mediation and must continue participating in the Mediation as requested by the Mediators. Each Party will designate a client representative with authority to settle on behalf of the respective Party any and all matters, subject to Bankruptcy Court approval in the case of any settlement(s) affecting the administration of the Debtor's bankruptcy estate; provided that, with respect to the Committee, the client representatives shall be the designated representatives of each of the members of the Committee, and the authority to settle on behalf of the Committee remains subject to the vote of such Committee member representatives in accordance with the Committee by-laws; and provided further that, it is understood that any final settlement, depending on its terms, magnitude and scope, may be subject to additional internal approvals such as Board approval. The client representative of each Party will personally attend the Mediation as requested by the Mediators.

7. The Mediators have the authority to require each Party and their client representatives and lawyers to attend additional days of Mediation, in their sole discretion, if the Mediators believe it may be fruitful.

8. Each Party shall submit a written mediation statement to the Mediators. Each Party may share some or all of their mediation statement with other parties. Any Party will, if requested to do so by the Mediators, provide written or oral proposals or counter-proposals, that can be circulated to a Party or the Parties pursuant to the Mediators' direction, during the course of Mediation.

9. The Parties acknowledge that the Mediators may have *ex parte* communications with one or more Parties prior to or during the course of the Mediation.

10. Each of the Parties and their client representatives will participate in the Mediation in good faith. The Mediators have the authority (but not the obligation) to report to this Court if they believe that any of the respective Parties is not participating in the Mediation in good faith. The Court may sanction any of the respective Parties for failure to participate in the Mediation in good faith.

11. Within five (5) business days after the conclusion of the Mediation, the Mediators will file a report with the Court stating only whether a settlement, in whole or in part, has been reached (the "<u>Report</u>"). Alternatively, in lieu of the Mediators filing the Report, the Mediators may provide the Parties with such a Report to be filed by the Debtors.

12. Regardless of the outcome of the Mediation, it is the order of this Court that the contents of the Mediation, including any statements or representations made by the Mediators, any Party, or any client representative (or attorney or agent of a client representative), agent, or attorney of a Party during the course of the Mediation, are confidential and privileged. None of the Parties, their client representatives (or attorney or agent of a client representative), agents, or attorneys, or the Mediators may reveal such information to any non-party or to the Court, including, without limitation, in any pleadings or submissions, and none may be examined in any judicial or administrative proceeding (or any discovery relating to such a proceeding) regarding anything they may have said, seen, or heard during the course of the Mediation. No term sheet or other document or draft thereof prepared in the course of the Mediation will ever be the subject of discovery nor will such documents ever be admissible at any trial. "In the course of the mediation" includes the Mediation sessions themselves, as well as materials

submitted to the Mediators in advance of or during the Mediation, telephone conversations with one or both of the Mediators (or including the Mediators) before or after the Mediation sessions, and communications among the Parties specifically denominated as "in the course of mediation" and memorialized as such via electronic mail or otherwise among the Parties contemporaneously or in advance of that communication. Without limiting any provision of this Order, all communications occurring, and information exchanged, in the course of the Mediation will be entitled to all protections applicable under Federal Rule of Evidence 408, or any other protections afforded to settlement and compromise communications under other applicable law.

13. Notwithstanding anything to the contrary herein, it will be the responsibility of the Mediators to determine the structure of the Mediation and which Parties should be invited or required to participate in any particular Mediation session depending upon the content of such session.

###END OF ORDER###