PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S UNOPPOSED MOTION TO
EXPEDITE HEARINGS ON MOTIONS TO (A) STRIKE CERTAIN LETTERS
FROM THE RECORD [DOCKET NO. 3446], OR, (B) ALTERNATIVELY, TO
COMPEL THE LAWYERS' DEPOSITIONS [DOCKET NO. 3449]**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P. ("Highland" or, as applicable, the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, hereby files this motion (the "Motion for Expedited Hearing") for an expedited hearing on its *Motions to (a) Strike Certain Letters from the Record [Docket No. 3446], or (b) to Compel the Lawyers Depositions [Docket No. 3449].*

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion for Expedited Hearing pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion for Expedited Hearing are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## RELEVANT BACKGROUND

### A.      The Dondero Parties File the Recusal Motion

2.      On March 18, 2021, James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC (collectively, the "Dondero Parties") filed their motion seeking to recuse this Court pursuant to 28 U.S.C. § 455 [Docket Nos. 2060, 2061, 2062] (the "Recusal Motion").  The Recusal Motion alleged, among other things, that (a) this Court was biased against Mr. Dondero and the other movants and (b) this Court's bias had been evident since before this case was transferred to this Court in December 2019.  On March 22, 2021, this Court entered its order denying the Recusal Motion [Docket No. 2083] (the "Recusal Order"), finding, among other things, that the Dondero Parties failed to show bias and that the Recusal Motion was untimely.

2

## B.      The Appeal of the Recusal Order

3.      The Dondero Parties appealed the Recusal Order to the U.S. District Court for the Northern District of Texas (the "District Court").  *See James Dondero, et al. v. Honorable Stacey G.C. Jernigan, et al.*, Case No. 3:21-cv-00879-K (N.D. Tex.).  On June 10, 2021, the District Court granted Highland's motion to intervene.  [D. Ct. Docket No. 10].[2]  After the parties submitted their appellate briefs, the District Court, *sua sponte*, issued an order on December 10, 2021 [D. Ct. Docket No. 28] (the "December Order") directing supplemental briefing on the District Court's jurisdiction.  Accordingly, the parties subsequently filed supplemental briefing.  [*See* D. Ct. Docket Nos. 29 and 31].

## C.      The District Court Denies the Dondero Parties' Appeal of the Recusal Order

4.      On February 9, 2022, the District Court entered its *Memorandum Opinion and Order* [D. Ct. Docket No. 39] (the "Binding February Order").  In the Binding February Order, the District Court denied the Dondero Parties' appeal on the ground that the Recusal Order was a non-appealable interlocutory order and that the District Court therefore lacked jurisdiction to hear the appeal.

## D.      The Dondero Parties File the Supplemental Motion and Appendix

5.      On July 20, 2022, the Dondero Parties filed the *Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455* and *Brief in Support* [Docket No. 3406] (the "Supplemental Motion") in this Court seeking to, *inter alia*, introduce new "evidence" into the appellate record to be reviewed by the District Court on appeal.  *See* Supplemental Motion ¶ 8.  This new "evidence" includes, in pertinent part, three letters (collectively, the "Letters") sent by two attorneys—Douglas Draper and Davor Rukavina

---

[2] "D. Ct. Docket No." refers to the docket maintained by the District Court in *James Dondero, et al. v. Honorable Stacey G.C. Jernigan, et al.*, Case No. 3:21-cv-00879-K (N.D. Tex.).

(together, the "Lawyers")—who represent certain of the Dondero Parties to the Office of General Counsel, Executive Office for U.S. Trustee, in November 2021 and May 2022, respectively. *See* Appendix 2842-3044, Exhibits 35, 36, 37.

6.      The Letters, totaling roughly 200 pages, baselessly allege a litany of wrongdoing by the Debtor, its Court-appointed CEO and CRO, James P. Seery, Jr. ("Mr. Seery"), and others. Tellingly, the Dondero Parties make nothing but a passing, frivolous reference to the Letters in a footnote to their Supplemental Motion.

7.      The hearing on the Supplemental Motion is scheduled for August 31, 2022 (the "Supplemental Recusal Hearing").

**E.      Highland Moves to Strike the Letters, or Alternatively, Compel the Depositions of the Lawyers**

8.      On August 15, Highland filed its Motion to Strike, requesting that the Court strike the Letters from the Dondero Parties' Supplemental Motion on the grounds that the Letters are irrelevant and constitute inadmissible hearsay (the "Original Motion"). *See* Docket No. 3446.

9.      After the Original Motion was filed, the parties agreed to a briefing scheduling whereby (a) the Dondero Parties will file their response (the "Response") on August 25, 2022, and (b) Highland will file its reply (the "Reply") on August 29, 2022.

10.      On August 16, 2022, the clerk's office of the United States Bankruptcy Court for the Northern District Court of Texas "re-docketed the Original Motion at #3446 as a Motion to Compel at #3449 because the [O]riginal [M]otion is asking for an alternative outcome." Consequently, Docket No. 3446 should be treated as Highland's motion to strike the Letters (the "Motion to Strike") and Docket No. 3449 should be treated as Highland's alternative relief, compelling the depositions of the Lawyers (the "Motion to Compel", and together with the Motion to Strike, the "Underlying Motions").

## **RELIEF REQUESTED**

11.     Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order … that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Furthermore, pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, reduce the notice period required prior to a hearing.

12.     The Underlying Motions must be determined before the Supplemental Recusal Hearing can be held because their outcome will impact the contents of the record for that Hearing. In the Motion to Strike, Highland seeks to strike the Letters from the appellate record.  Absent the relief requested in the Motion for Expedited Hearing, the Court may not issue a ruling on the Motion to Strike until after the Supplemental Recusal Hearing, which would render the relief in the Motion to Strike moot.

## **PRAYER**

WHEREFORE, Highland respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, setting expedited hearings on the Underlying Motions on August 31, 2022, at 9:30 a.m. Central Time, prior to the Supplemental Recusal Hearing.

DOCS_NY:46301.3 36027/003

Dated: August 16, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:      jpomerantz@pszjlaw.com
              jmorris@pszjlaw.com
              gdemo@pszjlaw.com
              hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

6

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that. on August 15, 2022, Highland's counsel corresponded with the Dondero Parties' counsel regarding the relief requested in the foregoing Motion for Expedited Hearing.  Based on the email exchange between Highland's counsel and the Dondero Parties' counsel, the relief requested in the Motion for Expedited Hearing is **UNOPPOSED** by the Dondero Parties.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S UNOPPOSED MOTION TO EXPEDITE HEARINGS ON MOTIONS TO (A) STRIKE CERTAIN LETTERS FROM THE RECORD [DOCKET NO. 3446], OR, (B) ALTERNTIVELY, TO COMPEL THE LAWYERS' DEPOSITIONS [DOCKET NO. 3449]**

Having considered (a) *Highland Capital Management, L.P.'s Unopposed Motion to Expedite Hearings on Motions to (a) Strike Certain Letters From the Record [Docket No. 3446], or, (b) Alternatively, to Compel the Lawyers' Depositions [Docket No. 3449]* [Docket No. __] (the "Motion to Expedite"),[2] filed by Highland Capital Management L.P. ("Highland"), the reorganized

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not defined herein shall take on the meaning ascribed to them in the Motion to Expedite.

debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"); and (b) all prior proceedings relating to this matter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion to Expedite in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Highland's notice of the Motion to Expedite and opportunity for a hearing on the Motion to Expedite were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion to Expedite establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion to Expedite is **GRANTED** as set forth herein.

2.      The hearing on the Underlying Motions is hereby scheduled to take place on August 31, 2022, at 9:30 a.m. (Central Time) prior to the Supplemental Recusal Hearing.

3.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

###End of Order###