

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 19, 2022**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § <br> § Chapter 11 <br> HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § Case No. 19-34054-sgj11 <br> Reorganized Debtor. § <br> § | |

**ORDER CONVERTING THE AUGUST 31, 2022 @ 9:30 A.M. HEARING ON:
(A) THE "MOTION FOR FINAL APPEALABLE ORDER AND SUPPLEMENT
TO MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455" [DE #3406]; AND (B)
RELATED MOTIONS TO STRIKE AND COMPEL [DE ## 3446 & 3449] TO A
<u>PRELIMINARY STATUS/SCHEDULING CONFERENCE</u>**

On July 20, 2022, James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company ("Movants") filed with the bankruptcy court, in the referenced bankruptcy case, the following entitled motion: "*James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company's Motion for*

*Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support*" [DE # 3406] (the "Motion"). The Motion, with attachments, is 365 pages in length. The Motion is currently set for hearing on August 31, 2022, at 9:30 a.m. The Motion relates to this Court's March 23, 2021 order ("Original Order") [DE # 2083] entered by this bankruptcy judge in the bankruptcy case denying the Movants' motion to recuse her for alleged bias (and brief in support) that had been filed on March 18, 2021 ("Original Motion") [DE ## 2060 & 2061]. The Movants filed the Original Motion approximately one month *after* the court entered its order on February 22, 2021, confirming a Chapter 11 plan in this bankruptcy case ("Confirmation Order"). The Movants appealed the Original Order, and that appeal was dismissed for lack of jurisdiction on February 9, 2022 ("Judge Kinkeade Order").[1]

The Judge Kinkeade Order recites extensive authority for its holding that, until a final judgment or order is issued in the underlying proceeding: (a) an order denying a motion to recuse is an interlocutory order; (b) it is not subject to the collateral order doctrine; (c) it is not an appealable interlocutory order under 28 U.S.C. § 1292(a); (d) movants were not entitled to leave to appeal under 28 U.S.C. § 1292(b); (e) movants were not entitled to withdrawal of the reference on the Original Motion; and (f) movants were not entitled to have their appeal construed as a petition for writ of mandamus, and, thus, the district court did not have jurisdiction to hear the appeal of the Original Order. Although Judge Kinkeade, in his recitation of the relevant background, noted that the Bankruptcy Judge in its Original Order "denied the Motion [to Recuse] while also reserving the right to supplement or amend the ruling," nowhere in his analysis of whether he had jurisdiction to hear the Original Order did Judge Kinkeade state that the reservation language in the Original Order caused what otherwise might have been a final and appealable

---

[1] Movants' appeal of the Original Order was assigned to District Judge Kinkeade, Civ. Act. No. 3:21-cv-0879.

order, absent the reservation language, to be interlocutory and non-appealable. Rather, Judge Kinkeade concluded that "[t]he well-established precedent in the Fifth Circuit is that no jurisdiction lies over an appeal of a motion to recuse until final judgment has been entered." (Judge Kinkeade Order, penultimate paragraph). Judge Kinkeade specifically rejected the Movants' arguments about "potential inefficiency and wasted resources if they must wait to appeal the Recusal Order until the final judgment has been entered" in the underlying proceedings, making it clear that, in this case, "[a]ppellants must await final judgment, or other final resolution, of their bankruptcy proceeding in order to appeal the Recusal Order." (*Id.*).

Now, some five months after the Judge Kinkeade Order, the new Motion has been filed. Implicit in the new Motion is the suggestion that *this* court can now make its Original Order "final and appealable" by amending the Original Order to delete the one sentence at the end reserving the right to supplement or amend the order. Movants cite no rule as the basis for the filing of the Motion or for the relief sought, and it is unclear to the court what the basis for the relief sought might be.

Additionally, the court is troubled by the Movants' attempt to "supplement" the record on the Original Motion, by including in their Motion a statement that they are supplementing the record (not requesting leave to supplement the record or asking this court's permission to supplement the record and seemingly unrelated to their request for relief in the Motion that this court amend the Original Order to delete the reservation language) by attaching an appendix to the Motion with a 354 page "supplement" to the record on the Original Motion ("Supplement").[2] On

---

[2] Movants have already filed a 2,722-page appendix [DE # 2062] in connection with their filing of the Original Motion on March 18, 2021, and supplemented the record on appeal on July 20, 2021, after having first sought leave and been granted leave to supplement the record on appeal by Judge Kinkeade, with an additional 1,001 pages. The court notes that this new Supplement consists of various transcripts, orders, and letters, the great majority of which are dated prior to Movants' July 20, 2021 supplement of the record on appeal and, thus, would have existed and been available to Movants to include in their motion for leave to supplement the record on appeal filed in the district court.

August 15, 2022, the reorganized debtor ("Highland") filed motions to strike certain documents contained in the supplement attached to the Motion and, in the alternative, to compel deposition testimony [DE ## 3446 & 3449]. The court granted Highland's request that their motion to strike and motion to compel be heard at the same date and time as the hearing on the Motion. Thus, the Motion and the motions to strike and compel are all set for hearing on August 31, 2022, at 9:30 a.m. In any event, it remains unclear to the court exactly what relief is being requested in the Motion and the asserted basis for Movants' entitlement to such relief, including under which rule of procedure Movants are proceeding.

Accordingly,

**IT IS HEREBY ORDERED THAT** the hearing on August 31, 2022, at 9:30 a.m. is converted to a preliminary status/scheduling conference. Movants should be prepared to clarify, and explain to the court with greater specificity, (i) the relief requested in their Motion, including the legal and procedural basis for this court's granting of the requested relief and, specifically, why Movants believe that deleting one sentence in the court's Original Order will somehow make it final and appealable (given the extensive reasoning in the Judge Kinkeade Order); and (ii) why Movants believe they are entitled to supplement the record on the Original Motion some 17 months after the court entered the Original Order.

### End of Order ###