IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054 (SGJ)<br><br>JAMES DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., NEXPOINT ADVISORS, L.P., THE DUGABOY INVESTMENT TRUST, THE GET GOOD TRUST, and NEXPOINT REAL ESTATE PARTNERS, LLC, F/K/A HCRE PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR REPLY IN SUPPORT OF MOTION FOR FINAL APPEALABLE ORDER AND SUPPLEMENT TO MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR FINAL APPEALABLE ORDER AND SUPPLEMENT TO MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455**

Defendants James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware limited liability company (collectively, "Movants") file this Reply ("Reply") in Support of Their Motion for Final Appealable Order and

Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 (the "Motion and Supplement") and, in support thereof, would respectfully show the Court as follows:

On August 15, 2022, Highland Capital Management, L.P. ("Highland") filed an objection to the Motion and Supplement (the "Objection").

***First***, contrary to the Highland's stated belief, Movants are not asking this Court to "dictate" to the District Court or to "declare" the order appealable. As stated in the Motion and Supplement, on appeal, the District Court raised an issue with certain "reservation language" in the Court's order on Movants' Original Motion to Recuse (the "Original Recusal Order").

As a result, the request in the Motion and Supplement was simply for this Court to: (1) remove the "reservation language" in the Original Recusal Order; and (2) enter a final order on the Motion to Recuse. In response to the District Court raising questions regarding the finality of this Court's order due to the "reservation language," Movants requested the District Court to consider the appeal a petition for writ of mandamus. The District Court "refuse[d] to construe [Movants'] appeal as a petition for writ of mandamus" but did not rule on the merits of a mandamus. Movants seek this Court's clarification to that this Court has, in fact, made its final determination regarding the recusal issues so that there is no argument against other avenues for appeal, such as mandamus.[1]

***Second***, Movants' Supplement to the Original Recusal Motion is not procedurally improper, and Movants were not required to expressly invoke FRCP 54(b) in order to request this Court consider the information and evidence presented in the Supplement while amending its Original Recusal Order to remove the "reservation language." In fact, neither Rule 54 itself nor *Austin v. Kroger Tex., L.P.* require a movant to expressly state that a motion is being filed "under

---

[1] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)

**REPLY IN SUPPORT OF MOTION FOR FINAL ORDER AND SUPPLEMENT
TO MOTION TO RECUSE**     **PAGE 2**

Rule 54" or cite the rule in the briefing. Instead, Rule 54 gives this Court discretion to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[2]

Here, Movants did not ask this Court to reconsider the Original Recusal Order. Instead, Movants filed supplemental examples supporting the merits of their position and Movants requested the Court, "after considering the Original Recusal Motion and this Supplement thereto, enter a final, appealable order on this issue." Notably, Movants do not believe or expect that the Court will reach a different decision on the merits of the recusal issue. However, to the extent necessary, Movants seek to have this Court reconsider the Motion in light of any supplemental material and amend the order to make it final, pursuant to FRCP 54.

*Third*, Movants disagree that the evidence in the Supplement is irrelevant to recusal merely because it includes court rulings and statements on the record. As thoroughly briefed in the Original Recusal Motion, such evidence can support a finding of bias, prejudice and lack of impartiality. Although judicial rulings and comments standing alone *rarely* will suffice to disqualify a judge,[3] and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, *ordinarily* do not support a bias or partiality challenge," remarks *will* require disqualification "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[4]

Here, all but one of the 10 exhibits Movants seek to include are dated after Movants filed the Motion to Recuse and the Original Recusal Order. Movants are merely supplementing the

---

[2] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).
[3] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (citing *Litecky v. U.S.*, 510 U.S. 540 (1994)) (emphasis added).
[4] *Id.* (quoting *Litecky*, 510 U.S. at 555) (emphasis added).

record to support Movants' position that this Court holds a high degree of favoritism or antagonism as to make fair judgment impossible.

***Fourth***, the Supplement is not untimely. While the Court has overseen the bankruptcy and entered orders since the District Court's ruling in February 2022, there is no prejudice for any purported delay. If on appeal, it is found that this Court should have recused itself, any orders entered after this Court ruled on the Original Recusal Motion (March 23, 2021) should be vacated.[5] As a result, whether orders have been entered between the time the Original Recusal Order was entered and the Supplement was filed (or even thereafter) is irrelevant.

***Finally***, immediate review of this Court's determination of the recusal matters is the most efficient and economical way to put this issue to bed. The sooner this issue is reviewed on appeal and ruled upon, the better it is for all parties involved. As a result, Movants respectfully request the Court, after considering the Original Recusal Motion and the Supplement thereto, enter a final order on this issue.

Dated: August 22, 2022

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Attorneys for Movants James Dondero, The Dugaboy Investment Trust, and Get Good Trust; Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P, and*

---

[5] *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028 (5th Cir. 1998).

*NexPoint Real Estate Partners, LLC, f/k/a*
*HCRE Partners, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 22, 2022, a true and correct copy of the above and foregoing document was served on all parties and counsel set to receive notice by the Court's ECF system.

/s/ *Michael J. Lang*
Michael J. Lang