Charles W. Gameros, Jr., P.C.
State Bar No. 00796956
Douglas Wade Carvell, P.C.
State Bar No. 00796316

HOGE & GAMEROS, L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:  214-765-6002
Facsimile:  214-559-4905

**ATTORNEYS FOR NEXPOINT REAL ESTATE PARTNERS, LLC,
f/k/a HCRE PARTNERS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | **Case No. 19-34054-SGJ-11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| | § | |
| Movant, | § | |
| | § | **Contested Matter** |
| v. | § | |
| | § | |
| **NEXPOINT REAL ESTATE PARTNERS, LLC, F/K/A HCRE PARTNERS, LLC,** | § § § | |
| | § | |
| Respondent. | § | |

## MOTION TO QUASH AND FOR PROTECTION

TO THE HONORABLE COURT:

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("Claimant" or "NREP")

files this, its Motion to Quash and for Protection and respectfully state as follows:

## PRELIMINARY STATEMENT

Claimant filed a proof of claim, timely, but long before any Plan was proposed. The Debtor objected.

Since then, the LLC subject to the objection has operated without anticipated interference from the Debtor, and NREP would prefer that the LLC continue to do so. As a result of the Company's operations, and in consideration of the cost and uncertainty with pursuing the Claim in the face of Debtor's objection, Claimant now wishes to withdraw the claim to which the Debtor objected.

Instead of simply accepting the greatest relief it will be able to achieve in this contested matter – denial of the claim that NREP now wants to withdraw – the Debtor instead wants to spend more time and energy on it, noticing three depositions which are improper procedurally and substantively.

It is nonsensical. It is also inconsistent with the Rules and cases construing them. The burden to show the possible existence of "legal harm" or "legal prejudice" is on the objecting party, and is not on the withdrawing party.

Respectfully, the Debtor's counsel's pursuit and depositions are unnecessary and wasteful and the notices should be quashed.

## PROCEDURAL HISTORY

### A.  NREP's Proof of Claim and Motion to Withdraw

On March 2, 2020, the Court entered its Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof [Docket No. 488] (the "Bar Date Order"), which, among other things, established April 8, 2020 as the deadline for all entities holding claims against the Debtor that arose before the Petition Date to file proofs of claim.

On April 8, 2020, NREP timely filed a proof of claim (the "Proof of Claim") regarding its and the Debtor's interest in a limited liability company, SE Multifamily Holdings, LLC (the "Company").

On July 30, 2020, the Debtor objected to the Proof of Claim in its First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims [Docket No. 906] (the "Objection") on the ground that it had no liability. NREP responded the objection on October 19, 2020 (the "Response").

The Debtor's Fifth Amended Plan of Reorganization (the "Plan") [Docket. No. 1808] was confirmed by Order entered by the Bankruptcy Court on February 22, 2021 [Docket No. 1943], and the effective date of the Plan as August 11, 2021 [Docket No. 2700].

A year after NREP filed the Proof of Claim, and eight months after it filed the Objection, the Debtor sought to disqualify NREP's then-counsel Wick Phillips Gould & Martin LLP [Docket Nos. 2196 and 2893], the only hearing that has been held in this contested matter. Following notice and hearing, the Court entered an Order granting in part and denying in part the Debtor's motion, and NREP thereafter secured new counsel.

Thereafter in June 2022, Debtor and NREP (via new counsel) entered a Scheduling Order regarding the Proof of Claim [Docket No. 3356] and the parties have engaged in document and third-party deposition discovery. There have been no hearings in the matter, and no dispositive motions have been filed or set.

On August 12, 2022, after conferring with counsel for the Debtor, NREP filed its Motion to Withdraw Proof of Claim 146 [Dkt No. 3443] (the "Motion"). In the Motion and in conferring with counsel, NREP avers that it seeks to withdraw the claim in light of the operations of the

relevant limited liability company, in consideration of the cost and uncertainty with pursuing the Claim in the face of Debtor's objection, and in the interests of efficiency.[1]

There is no other pending proceeding, lawsuit, or matter regarding the Proof of Claim or the claim made in the Proof of Claim; there are no imminent adverse rulings; and there are no parallel or pending actions relating to the Claim.

**B.      Debtor's Counsel's efforts to continue litigation**

The Debtor has not filed an objection to the withdrawal, or stated any basis for objecting, and at the time of filing would not agree or disagree.

Nonetheless, not content to receive the most relief it could ever obtain with a claim objection – disallowance or withdrawal of the Claim – Debtor's counsel apparently wants to spend more time and energy on it. To that end, the Debtor's counsel filed – but has not served – three notices of subpoena (the "Notices"):

1.  Highland Capital Management L.P.'s Notice of Subpoena to James Dondero [Dkt. No. 3451]

2.  Highland Capital Management L.P.'s Notice of Subpoena to Matt McGraner [Dkt. No. 3452]

3.  Highland Capital Management, L.P.'s Notice of Rule 30(b)(6) Deposition to Nexpoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC [Dkt. No. 3453]

The Notices were filed after 5:00 on August 16, 2022; they have not been served.

Debtor's counsel did not confer about the subpoenas or the times of the proposed depositions prior to filing.

---

[1] At the time the Motion was filed, counsel for the Debtor was unable to provide whether the Motion was opposed or unopposed.

## MOTION TO QUASH AND FOR PROTECTION

**A.  Standard**

A party seeking a protective order to prevent a deposition must show good cause and the specific need for protection.[2] Good cause exists when justice requires the protection of a party or person from any annoyance, embarrassment, oppression, or undue burden or expense.[3] The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens.[4]

**B.  The proposed depositions are an improper and invasive attempt at burden shifting**

The sole topic for the 30(b)(6) deposition is

> The Motion to Withdraw, including but not limited to: (a) the facts and circumstances that led to the filing of the Motion to Withdraw, (b) the reason(s) for filing the Motion to Withdraw at this time, and (c) all facts concerning the impact on the parties from the withdrawal of the HCRE Claim.

Though not explicit, this is presumably the inquiry for the other Notices as well.

Other than the factual basis stated in the Motion to Withdraw, any questions as to Topics 1(a) and 1(b) will necessarily invade the attorney-client privilege and work product exemption to discovery.

Moreover, Topic 1(c) is an improper attempt to shift the burden for the Motion, to wit:

- In general, Bankruptcy Courts should allow withdrawal of a proof of claim absent a showing of "legal harm" or "legal prejudice;"[5] but

---

[2]  *See Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D.Tex.2002).

[3]  *See Williams*, 210 F.R.D. at 579.

[4]  *See Williams*, 210 F.R.D. at 579.

[5]  *See In re Manchester, Inc.*, Case No. 08-03163-BJH, 2008 WL 5273289, *3 (Bankr. N.D. Tex. December 19, 2008) (Houser, C.J.) ("[S]ince the general policy under Rule 41(a) is to permit withdrawal of a complaint, withdrawal of a proof of claim should be permitted unless that withdrawal results in a 'legal harm' or 'prejudice' to a non-moving party."); *see also Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam) (recognizing that Rule 41 motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

- The burden of showing harm or prejudice falls on the objecting party.[6]

Put another way, NREP is not required to prove a negative – that there is no prejudice – but it is instead incumbent upon the objecting party to prove legal harm and legal prejudice.

In neither case are the depositions apparently sought by Debtor's counsel (i) "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense,"[7] nor (ii) "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8]

Accordingly, the Notices and the sought-after testimony is improper, the Notices should be quashed, and NREP should be protected from them.

### C. The proposed depositions are an undue burden

The Notices are not yet served.

Even if they had been, they did not provide sufficient notice to prepare for a 30(b)(6) deposition and two individual depositions, and did not account for the schedules of the witnesses and their counsel before or at the time of the scheduled depositions. It is telling of the cavalier and punitive nature of the Notices that Debtor's counsel filed the Notices without conferring regarding dates or necessity.

Accordingly, the Notices are improper, should be quashed, and NREP should be protected from them.

---

[6] *See In re Manchester*, 2008 WL 5273289, *3 ("The non-moving party bears the burden to prove that it will suffer such a legal harm or prejudice."); *see also In re Ogden New York Servs., Inc.*, 312 B.R. 729, 733 (S.D.N.Y. 2004) (recognizing that the objecting party bears the burden of demonstrating legal prejudice).

[7] FED. R. CIV. P. 26 (b)(1), incorporated by FED R. BANKR. P 7026.

[8] FED. R. CIV. P. 26 (b)(1), incorporated by FED R. BANKR. P 7026.

**D.     The Dondero and McGraner Notices are premature and improper.**

Rule 26(c) authorizes the court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.[9]

The Fifth Circuit has held that a District Court did not err in refusing to allow the plaintiff to take the deposition of defendant's president until she first deposed "employees who Upjohn indicated had the most direct knowledge of the relevant facts."[10] Federal courts permit the depositions of such "apex executives" when conduct and knowledge at the highest levels of the corporation are relevant to the case.[11]

Before Debtor's counsel takes the depositions of management, it should show a need for doing so, *i.e.*, that those individuals have unique and direct knowledge of the relevant facts, which Debtor's counsel has not done.

WHEREFORE, Claimant respectfully seeks this Court's protection from the Debtor's proposed depositions in light of the above, and that it grant such other relief as may be appropriate.

---

[9]     *See* FED. R. CIV. P. 26 (c), incorporated by FED R. BANKR. P 7026.

[10]    *See In Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

[11]    *See, e.g., Kimberly–Clark Corp. v. Cont'l Cas. Co.*, No. 3:05–CV–0475–D, 2006 WL 3436064, *2 (N.D.Tex. Nov. 29, 2006 ("Federal courts have permitted the depositions of high level executives when conduct and knowledge at the highest corporate levels of the defendant are relevant in the case.").

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
E-Mail BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR
NEXPOINT REAL ESTATE PARTNERS, LLC,
F/K/A HCRE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

This is to certify parties which have so registered with the Court, including counsel for the Debtor, the United States Trustee, and all persons or parties requesting notice and service shall receive notification of the foregoing via the Court's ECF system, and are considered served pursuant to the Administrative Procedures incorporated into the Order Adopting Administrative Procedures for Electronic Case Filing, General Order 2003-01.2.

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.