

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 31, 2022**

_____
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor. § | |

**ORDER DENYING AMENDED MOTION OF JAMES DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., NEXPOINT ADVISORS, L.P., THE DUGABOY INVESTMENT TRUST, GET GOOD TRUST, AND NEXPOINT REAL ESTATE PARTNERS, LLC, F/K/A HCRE PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY FOR FINAL APPEALABLE ORDER AND SUPPLEMENT TO MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455 [DE # 3470]**

On July 20, 2022, James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company ("Movants") filed with the bankruptcy court, in the referenced bankruptcy case, the following entitled motion: *James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate*

*Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company's Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support* [DE # 3406] (the "Motion"). The Motion relates to this Court's March 23, 2021 order ("Original Recusal Order") [DE # 2083], entered by this bankruptcy judge in the bankruptcy case, denying the Movants' motion to recuse her for alleged bias (and brief in support) that had been filed on March 18, 2021 ("Original Recusal Motion") [DE ## 2060 & 2061]. The Motion included a 354-page proposed "supplement" to the record.

The hearing on the Motion was originally set for August 31, 2022, at 9:30 a.m. On August 19, 2022, this Court entered an order converting the hearing to a status conference because it was unclear to the Court exactly what relief was being requested in the Motion and the asserted basis for Movants' entitlement to such relief, including under which rule of procedure Movants were proceeding. Prior to the status conference, on August 26, 2022, the Movants amended the Motion with the filing of *James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company's Amended Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support* [DE # 3470] (the "Amended Motion").[1]

Having (1) reviewed the Amended Motion and proposed supplement to the record (contained in the Amended Appendix to the Amended Motion), and (2) obtained clarification on the record from the Movants, during the status conference that was held on August 31, 2022, as to

---

[1] The Amended Motion essentially restated the Motion, *verbatim*, except for the filing with the Amended Motion an Amended Appendix that removed certain letters that had been included in the original Appendix to the Motion (and intended supplement of the record) that were the subject of a motion to strike filed by Highland, and the removal from footnote 26 of a reference to those letters, and, thus, did nothing to clarify the relief being sought or the procedural and legal grounds for doing so. The Amended Appendix reduced the proposed 354-page supplement to 152 pages.

2

the relief being sought in the Amended Motion and the asserted legal and procedural grounds therefor; and, for the reasons stated in open court,

**IT IS HEREBY ORDERED** that the Amended Motion **BE, AND HEREBY IS, DENIED**, as being procedurally improper.

**IT IS FURTHER ORDERED** that this Order is without prejudice to the Movants' right to file (1) a simple motion (without an appendix or attached proposed supplements to the record) under the appropriate procedural rule(s), seeking only a revised and amended Recusal Order that removes the following language contained at the end of the Recusal Order, but otherwise leaves the Recusal Order unchanged: "The court reserves the right to supplement or amend this ruling;" and/or (2) a new motion to recuse this bankruptcy judge based on any alleged new evidence or grounds for recusal that were not considered by this bankruptcy judge at the time of its consideration of the original Recusal Order.

**IT IS SO ORDERED.**

### End of Order ###