PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) |

**REORGANIZED DEBTOR'S (A) OBJECTION TO MOTION TO QUASH AND FOR
PROTECTION [DOCKET NO. 3464] AND (B) CROSS-MOTION TO ENFORCE
<u>SUBPOENAS AND TO COMPEL A DEPOSITION</u>**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

i

**TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | RELEVANT BACKGROUND | | 4 |
| | A. | Background to the HCRE Claim | 4 |
| | B. | The Parties Litigate for More than a Year and a Half | 5 |
| | C. | HCRE Abruptly Files Its Motion to Withdraw and Ignores Highland's Requests to Accept Service of Process and Offers to Schedule Depositions | 7 |
| III. | ARGUMENT | | 9 |
| | A. | Legal Standard | 9 |
| | B. | Highland Seeks Limited Depositions in Connection with a Contested Matter | 10 |
| | C. | HCRE Fails to Demonstrate that the Depositions Are an "Undue Burden" | 12 |
| | D. | HCRE's Contention that the Subpoenas Are "Premature and Improper" Lacks Any Basis in Fact or the Law | 13 |
| CONCLUSION | | | 14 |

## TABLE OF AUTHORITIES

**CASES**

*Anzures v. Prologis Texas I LLC*,
  300 F.R.D. 316 (W.D. Tex. 2012). .................................................................................. 9, 12

*In re Manchester, Inc.*,
  Case No. 08-03163-BJH, WL (Bankr. N.D. Tex. December 19, 2008) ............................... 11

*In re Terra Int'l, Inc.*,
  134 F.3d 302 (5th Cir. 1998) ....................................................................................... 10, 14

*Williams v. City of Dallas*,
  178 F.R.D. 103  (N.D. Tex. 1998) ............................................................................... 10, 11

**RULES**

FED. R. BANKR. P. 3006 ........................................................................................................ 3, 10

Highland Capital Management, L.P. ("Highland" or, as applicable, the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, hereby files this (a) objection (the "Objection") to the *Motion to Quash and for Protection* [Docket No. 3464] (the "Motion to Quash") filed by NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCRE" and together with Highland, the "Parties"), and (b) cross-motion (the "Cross-Motion") to enforce two subpoenas and to compel the deposition of HCRE in connection with HCRE's *Motion to Withdraw Proof of Claim* [Docket No. 3443] (the "Underlying Motion"). In support of its Objection and Cross-Motion, Highland states as follows:

## I.  PRELIMINARY STATEMENT[1]

1. HCRE fails to meet its burden of showing good cause exists for the Court to issue a protective order and quash the Second Set of Notices.

2. After two years of contested, active litigation in connection with HCRE's proof of claim, but just days before Highland was scheduled to take the depositions of HCRE and two of its beneficial owners (Messrs. Dondero and McGraner), HCRE abruptly moved to withdraw its proof of claim. HCRE offers no evidence in support of its Underlying Motion, other than the vague and conclusory assertion that "the LLC subject to the objection has operated without anticipated interference from the Debtor." Motion to Quash at 2.

3. Through its Motion to Quash, HCRE now attempts to avoid answering questions under oath concerning the basis of its Motion to Withdraw and its conduct in this contested matter. Like HCRE's proof of claim and the Underlying Motion, the Motion to Quash is unsupported, and was filed in bad faith.

---

[1] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

4. In its proof of claim (signed by Mr. Dondero under penalty of perjury), HCRE sought to divest Highland of its 46.06% interest in a real estate development company named "SE Multifamily Holdings LLC" on the alleged ground that the allocation of membership interests set forth in the Amended LLC Agreement—also signed by Mr. Dondero on behalf of both HCRE and Highland when he controlled both entities—was the result of a "mistake" or "lack of consideration."[2] In the two years since Highland objected to HCRE's proof of claim:

- The Parties spent months litigating the Wick Phillips disqualification motion at significant expense;

- The Parties engaged in two rounds of written discovery and the production of thousands of pages of documents;

- The Parties filed numerous pleadings in support of their positions;

- Scheduling Orders were filed, amended, and amended again to accommodate HCRE;

- Highland subpoenaed and took three (3) depositions of third-party witnesses;

- HCRE took Mr. Seery's deposition, as Highland's Rule 30(b)(6) witness; and

- Highland informed HCRE that it intended to move for summary judgment.

5. All that remained was for Highland to take the depositions of HCRE and its owners. Upon information and belief, HCRE filed the Underlying Motion because it feared that the testimony would prove, among other things, that (a) Mr. Dondero lacked any good faith basis to

---

[2] Notably, HCRE *never* previously contended that it "anticipated interference from the Debtor" (Motion to Quash at 2) nor is it clear how Highland could do so given that HCRE has always served as the sole Manager of SE Multifamily. *See NexPoint Real Estate Partners, LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient Documentation Claims* [Docket No. 1197] ¶ 5 ("After reviewing what documentation is available to HCREP with the Debtor, HCREP believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, HCREP has a claim to reform, rescind and/or modify the agreement.")

file HCRE's POC;[3] (b) HCRE materially breached the Amended LLC Agreement; and (c) HCRE caused SE Multifamily to file tax returns that raise numerous questions implicating Highland's interest in SE Multifamily.

6. HCRE chose to file the Underlying Motion. Highland is simultaneously filing an objection thereby creating a contested matter. As set forth below, Highland has the right to take the depositions under the circumstances, agreed to limit the depositions to three hours each, and offered to make scheduling accommodations. HCRE, on the other hand, ignored Highland's offer and written requests to accept service of process on behalf of Messrs. Dondero and McGraner—despite having previously done so.

7. A bankruptcy court is not expected to "rubber stamp" motions seeking to withdraw contested claims. Rather, as HCRE points out, courts may go through the *Manchester* Factors to assess whether to grant motions under Bankruptcy Rule 3006 and, if so, whether conditions to the granting of the motion are warranted. Highland should be permitted to elicit testimony from HCRE's witnesses concerning the *Manchester* Factors, and HCRE fails to show why good cause exists to avoid such discovery.

8. Given this history (including HCRE's highly questionable decision to file the Underlying Motion two business days *after* HCRE took Mr. Seery's deposition but two business days *before* HCRE's witnesses were to be questioned under oath) and the fact that Highland is opposing the Underlying Motion thereby creating a "contested matter," the Court should (a) deny the Motion to Quash; (b) grant the Cross-Motion; and (c) direct HCRE and Messrs. Dondero and

---

[3] Indeed, as Highland's opposition to the Underlying Motion shows, the allocation of membership interests that Mr. Dondero swore was the result of a "mistake" was, in fact, the only provision in the entire Amended LLC Agreement that was the subject of discussions with BH Equities, a third party who acquired a 6% interest in SE Multifamily and who was deposed in this matter.

3

McGraner to appear for depositions at mutually convenient times but in no event later than thirty (30) days after the entry of an order granting the Cross-Motion.

## II. RELEVANT BACKGROUND

### A. Background to the HCRE Claim

9. Highland and HCRE were the sole parties to that certain *Limited Liability Company Agreement* for SE Multifamily Holdings LLC ("SE Multifamily"), dated as of August 23, 2018 (the "Original LLC Agreement"). The Original LLC Agreement (a) allocated 51% of SE Multifamily's membership interests to HCRE and 49% of those interests to Highland and (b) was signed by James Dondero ("Mr. Dondero") on behalf of Highland and HCRE. Docket No. 3051, Exhibit 1 at 17 and Schedule A.

10. On March 15, 2019, BH Equities, LLC ("BH Equities") acquired 6% of SE Multifamily's membership interests from Highland and HCRE pursuant to that certain *Amended and Restated Limited Liability Company Agreement* dated as of August 23, 2018 (the "Amended LLC Agreement"). The Amended LLC Agreement (a) allocated 47.94% of SE Multifamily's membership interests to HCRE, 46.06% of those interests to Highland, and 6% of those interests to BH Equities (the "Allocation"); and (b) was signed by Mr. Dondero on behalf of Highland and HCRE. Docket No. 3051, Exhibit 4 at 18 and Schedule A.

11. At all relevant times, Mr. Dondero controlled HCRE and served as the Manager of SE Multifamily, in his capacity as an officer of HCRE.

12. On April 8, 2020, HCRE filed a proof of claim that was denoted by the Debtor's claims agent as proof of claim number 146 ("HCRE's POC"). HCRE's POC was signed by Mr. Dondero and asserted, among other things, that:

> [HCRE] may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor. Additionally, [HCRE] contends that all or a portion of Debtor's

4

> equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be property of [HCRE]. Accordingly, [HCRE] may have a claim against the Debtor.

HCRE's POC at 5.

13.     On July 30, 2020, the Debtor objected to HCRE's POC [Docket No. 906], and on October 16, 2020, HCRE filed its initial response asserting, among other things, that:

> [a]fter reviewing what documentation is available to HCREP with the Debtor, HCREP believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, HCREP has a claim to reform, rescind and/or modify the agreement.

Docket No. 1197 ¶ 5.

**B.      The Parties Litigate for More than a Year and a Half**

14.     The Parties then spent more than a year and a half actively litigating various issues concerning HCRE's POC. During that time, the following events occurred:

- In early 2021, the Parties entered into a Scheduling Order, exchanged substantive written discovery, produced documents, and scheduled and rescheduled, numerous depositions;[4]

- In April 2021, Highland moved to disqualify (the "Disqualification Motion") Wick Phillips Gould & Martin, LLP (the "Wick Phillips"), which HCRE opposed, and the Parties filed multiple briefs on the issue;[5]

- Highland and HCRE thereafter engaged experts on legal ethics and professional responsibility, participated in fact and expert discovery in connection with the Disqualification Motion, and filed Witness & Exhibit lists;[6]

- After the Court conducted a lengthy hearing, the Court granted the Disqualification Motion in part and denied it in part;[7]

---

[4] *See, e.g.*, Docket Nos. 1536, 1568, 1898, 1918, 1964, 1965, 1996, 2118, 2119, 2134, 2135, 2136, and 2137.

[5] *See, e.g.*, Docket Nos. 2196, 2197, 2198, 2278, 2279, 2294, 2893, 2894, 2895, 2927, and 2928.

[6] *See, e.g.*, Docket Nos. 2361, 2757, 2820, 2900, 2901, 2952, 3051, 3052, and 3054.

[7] Docket No. 3106.

5

- On January 14, 2022, following the disqualification of Wick Phillips, the law firm of Hoge & Gameros, LLP ("Hoge & Gameros") appeared on behalf of HCRE;

- On June 9, 2022, the Parties entered into an amended scheduling order that the Court subsequently approved (the "Amended Scheduling Order");[8]

- The Parties thereafter engaged in a second round of written discovery and document production;

- Highland served a subpoena on Mark Patrick (a third-party witness who is a former Highland employee and one of the architects of the tax structure created in connection with SE Multifamily);[9] Mr. Patrick was represented by separate counsel and his deposition was rescheduled but was conducted on August 2, 2022;[10]

- Highland served a subpoena on BH Equities that required both the production of documents and an appearance at a deposition; BH Equities was represented by independent counsel and its deposition was rescheduled but was conducted on August 4, 2022;[11]

- Highland served a subpoena on Barker Viggato, LLP (a third-party accounting firm that prepared the tax returns for SE Multifamily and the members' forms K-1 based on information provided by HCRE) that required both the production of documents and an appearance at a deposition; Barker Viggato was represented by independent counsel and its deposition was rescheduled but was conducted on August 5, 2022;[12]

- On August 5, 2022, the Parties entered into a stipulation that extended the expert discovery deadline for HCRE's benefit while taking into account Highland's intent to file a motion for summary judgment;[13]

- HCRE served a Rule 30(b)(6) Notice on Highland, and James P. Seery, Jr. sat for that deposition on August 10, 2022;

- HCRE's counsel, Hoge & Gameros, accepted service of subpoenas on behalf of Messrs. Dondero and McGraner (the "Original Subpoenas") and a Rule 30(b)(6)

---

[8] Docket Nos. 3356 and 3368.

[9] Mr. Patrick currently holds the title of "Trustee" for CLO Holdco, Ltd., and has worked for the benefit, and at the direction, of Mr. Dondero for years.

[10] Docket Nos. 3394 and 3412.

[11] Docket Nos. 3350 and 3363.

[12] Docket Nos. 3383 and 3417.

[13] Docket Nos. 3434 (stipulation), 3438 (order approving stipulation).

6

> notice for HCRE (the "Original HCRE Deposition Notice" and together with the Original Subpoenas, the "Original Notices");[14]

- After the Parties' counsel met and conferred, Mr. Dondero was scheduled to be deposed on August 16 and Mr. McGraner was scheduled to be deposed on August 17 in his individual capacity and in his capacity as HCRE's Rule 30(b)(6) witness.

15. The Amended Scheduling Order included a July 1, 2022, deadline for the production of documents, but HCRE failed to comply with that deadline. Instead, on August 9, 2022, the day before Mr. Seery was scheduled to testify as Highland's Rule 30(b)(6) witness, HCRE made a "supplemental production" of documents in excess of 4,000 pages. Highland objected to the late, massive production of documents but worked to avoid motion practice by conferring with HCRE's counsel to address Highland's concerns until moments before Mr. Seery's deposition began. **Morris Dec. Ex. 2**.

16. Mr. Seery was deposed on August 10, 2022, and answered all questions posed to him. HCRE's counsel did not give any indication that HCRE was about to seek leave to withdraw its proof of claim. Nevertheless, HCRE did just that two days later—and just days before Mr. Dondero, Mr. McGraner, and HCRE were to testify.[15]

## C. HCRE Abruptly Files Its Motion to Withdraw and Ignores Highland's Requests to Accept Service of Process and Offers to Schedule Depositions

17. On Friday, August 12, 2022, HCRE filed its *Motion to Withdraw Proof of Claim*. [Docket No. 3443] (the "Underlying Motion").

---

[14] Docket Nos. 3392, 3393, 3385, 3415, 3416, and 3418; *Declaration of John A. Morris in Support of Reorganized Debtor's (A) Objection to Quash and for Protection [Docket No. 3464] and (B) Cross-Motion to Enforce Subpoenas and to Compel a Deposition* ("Morris Dec.") (being filed contemporaneously with this Objection and Cross-Motion), Ex. 1.

[15] Based on the number of cases cited or described (albeit, inaccurately at times) in the Underlying Motion, it appears HCRE's motion to withdraw its proof of claim was in the works before HCRE took Mr. Seery's deposition on August 10, 2022.

7

18. Before filing the Underlying Motion, HCRE's counsel called Highland's counsel and followed up with an e-mail at approximately 3:00 pm Eastern Time to inquire as to whether Highland would oppose that Motion. In response, Highland's counsel informed HCRE's counsel that it would consult with its client and report back. HCRE did not wait for Highland's response, and instead filed the Underlying Motion later that day. **Morris Dec. Ex. 3**; Docket No. 3443 (Underlying Motion filed on August 12, 2022).

19. On August 15, 2022, Highland's counsel informed HCRE's counsel that Highland would oppose the Underlying Motion. HCRE's counsel informed Highland's counsel that it would not produce Mr. Dondero, Mr. McGraner, or HCRE for the depositions that had consensually been scheduled for August 16 and 17, respectively, pursuant to the Original Notices. Morris Dec. ¶ 8.

20. On August 16, 2022, Highland filed subpoenas directed to Messrs. Dondero and McGraner [Docket Nos. 3451 and 3452] (the "Second Set of Subpoenas") and a 30(b)(6) deposition notice directed to HCRE [Docket No. 3453] (the "Second HCRE Deposition Notice," and together with the Second Set of Subpoenas, the "Second Set of Notices"). The Second HCRE Deposition Notice contained a single topic:

> The Motion to Withdraw, including but not limited to: (a) the facts and circumstances that led to the filing of the Motion to Withdraw, (b) the reason(s) for filing the Motion to Withdraw at this time, and (c) all facts concerning the impact on the parties from the withdrawal of the HCRE Claim.

Docket No. 3543. The Second Set of Subpoenas were also issued in connection with the Motion to Withdraw.

21. Later that day, Highland's counsel sent copies of the Second Set of Notices to HCRE's counsel with the following e-mail:

> Attached are "as filed" copies of a deposition notice for HCRE and subpoenas for Mr. Dondero and Mr. McGraner in connection with the Motion to Withdraw.

8

> ***I have some flexibility as to dates and times and can't imagine any deposition lasting more than three hours.***
>
> ***So please confirm you're authorized to accept service and whether the dates and times work.***

**Morris Dec. Ex. 4** (emphasis added).

22. HCRE's counsel failed to respond to Highland's e-mail.

23. Thus, on August 17, 2022, Highland's counsel followed up, again sending HCRE's counsel the Second Set of the Notices with the following e-mail:

> Please let us know if you're authorized to accept service of the subpoenas on behalf of Mr. Dondero and Mr. McGraner.
>
> Given the limited period of time we have, we will begin to attempt personal service if you cannot confirm by noon Central Time tomorrow.
>
> We hope that can be avoided.

*Id*.

24. HCRE's counsel again failed to respond to Highland's e-mail.

25. Instead, HCRE filed the Motion to Quash after business hours on August 23, 2022, the evening before Mr. Dondero was to be deposed and in violation of Rule 7007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* ("Local Rule 7007"). *See* Docket No. 3464 (no certificate of conference).[16]

### III.    ARGUMENT

#### A.    Legal Standard

26. "Good cause and a specific need for protection" must be shown for the court to issue a protective order. *Anzures v. Prologis Texas I LLC*, 300 F.R.D. 316, 317 (W.D. Tex. 2012).

---

[16] Local Rule 7007 requires a movant to confer with the opposing party before filing (among other motions) a motion for a protective order. *See* Local Rule 7007(a), (b), and (f). HCRE's decision to file the Motion to Quash without conferring with Highland's counsel in violation of Local Rule 7007 strongly suggests that HCRE's grievances about the scope and schedule of the depositions are fabricated and that HCRE's only goal is to shield Messrs. Dondero and McGraner from testifying on its behalf in this matter.

9

"The burden is on the movant to make such showing, which includes 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). A party seeking to quash a subpoena likewise bears the burden of proof. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

27.  HCRE has not carried its burden.

**B.  Highland Seeks Limited Depositions in Connection with a Contested Matter**

28.  After two years of litigation, including (a) the disqualification of a law firm, (b) the efforts undertaken to respond to two rounds of written discovery and substantial document production, (c) the impositions thrust upon several third-party witnesses, and (d) the taking of Highland's deposition—all of which cost Highland hundreds of thousands of dollars—HCRE now believes it can somehow slink away from this contested matter without offering any evidence or answering any questions under oath about its conduct and the matters at issue. HRCE is mistaken.

29.  Under Bankruptcy Rule 3006, a creditor may not withdraw a contested claim "except on order of the court after a hearing on notice. . . The order of the court shall contain such terms and conditions that the court deems proper." FED. R. BANKR. P. 3006.

30.  In the Underlying Motion, HCRE stated, among other things, that it anticipated that Highland would interfere with SE Multifamily (Underlying Motion at 1, 3-4), and strongly implied that it seeks to withdraw HCRE's POC *without prejudice* so that it can re-file its claim in another forum at another time (*Id.* at 5 and n.8). But, as HCRE pointed out, courts do not "rubber stamp" motions to withdraw contested claims under Bankruptcy Rule 3006. Instead:

> [i]n determining whether to approve the withdrawal, the Court may consider (1) the diligence in bringing the motion, (2) any "undue vexatiousness" by the movant, (3) the suit's progression, including trial preparation, (4) the duplicative expense of re-litigation, and (5) the movant's reason for seeking withdrawal.

*Id*. at 6 (*citing In re Manchester, Inc.*, Case No. 08-03163-BJH, WL 5273289 at *3 (Bankr. N.D. Tex. December 19, 2008) (the "*Manchester* Factors").[17]

31. These are among the issues that Highland seeks to examine HCRE and its principals about. Given that HCRE has acknowledged that these issues may be considered by the Court, HCRE should not be permitted to hide behind any assertion of privilege through its conclusory assertion that topics 1(a) and (b) in the Second HCRE Deposition Notice "necessarily invade the attorney-client privilege and work product exemption to discovery." Motion to Quash at 5.[18] *See Williams*, 178 F.R.D. at 109 (finding "blanket assertion" of attorney-client privilege and attorney work product insufficient to warrant quashing of subpoenas). Highland intends to inquire about facts and contentions, not communications between HCRE and its counsel.

32. Notably, HCRE was informed on August 15 that Highland would be objecting to the Underlying Motion, the day **before** Highland filed the HCRE Notices. If HCRE wanted to review Highland's objection before the depositions, it could have—and should have—simply asked to change the dates to the week of September 6. Instead, HCRE ignored Highland's offer to schedule the depositions at a mutually convenient time.

---

[17] Of course, this is not the first time a Dondero-controlled entity (a) filed a proof of claim or motion, (b) caused Highland to spend substantial time, money, and effort addressing the claim or motion, and (c) abruptly sought to withdraw its claim or motion. *See, e.g.*, Adv. Proc. 22-03062-sgj, Docket No. 27 (plaintiff PCMG Trading Partners XXIII, L.P., stipulating to withdrawal of its complaint against Highland with prejudice after filing complaint over one year prior, and after the parties engaged in substantial motion practice); Bankr. Docket No. 1622 (James Dondero withdrawing motion for order requiring notice and hearing for future estate transactions, [Bankr. Docket No. 1349], after the Debtor and other parties were forced to incur costs responding and preparing for trial, [*see* Bankr. Docket Nos. 1546, 1551]. This is precisely the type of "undue vexatiousness" the Court should consider.

[18] Those topics mirror certain of the *Manchester* Factors that HCRE admits courts may consider when determining whether to approve the withdrawal of a contested proof of claim. *Compare* HCRE Notice Topic 1(a) ("the facts and circumstances that led to the filing of the Motion to Withdraw") *with Manchester* Factor (5) ("the movant's reason for seeking withdrawal"), and HCRE Notice Topic 1(b) ("the reason(s) for filing the Motion to Withdraw at this time") *with Manchester* Factor (1) ("the diligence in bringing the motion"). HCRE fails to explain how this Court can consider the *Manchester* Factors if the facts and contentions concerning those Factors (other than the facts and contentions HCRE selectively chooses to disclose) are all shielded from discovery.

11

33.     HCRE was on notice that Highland intended to oppose the Underlying Motion before the Notices were filed. Highland is filing its objection to the Underlying Motion simultaneously with the filing of this Objection and Cross-Motion. Consequently, the Underlying Motion is now a contested matter, and Highland has the right to take the depositions pursuant to Bankruptcy Rule 9014.

34.     Accordingly, HCRE's vague contention that the Second Set of Notices are an "improper attempt at burden shifting," Motion to quash at 5, is insufficient to demonstrate good cause for quashing the depositions. *See Anzures*, 300 F.R.D. at 317 (finding movant's "general and conclusory objection" and "stereotyped statements" fails to establish good cause for obtaining a protective order). HCRE's Motion to Quash on this basis should be rejected.

C.      **HCRE Fails to Demonstrate that the Depositions Are an "Undue Burden"**

35.     HCRE complains that the deposition notices "are not yet served." This is gamesmanship at its worst.

36.     Before filing the Underlying Motion, HCRE's counsel had accepted service by e-mail of subpoenas for both Mr. Dondero and Mr. McGraner and a deposition notice for HCRE (as well as amendments to those documents) and cooperated as to the timing of the depositions.[19] Consistent with that, copies of the Notices were e-mailed to HCRE's counsel with requests that counsel confirm that he was authorized to accept service. Rather than providing confirmation, HCRE's counsel ignored two separate e-mails on the topic. **Morris Dec. Ex. ¶ 4.**

37.     HCRE complains that Highland "did not provide sufficient notice to prepare." The Notices were e-mailed to HCRE's counsel on August 16 and called for the witnesses to sit for depositions on August 24 and 25, more than a week later. In the context of a contested matter,

---

[19] *See* **Morris Dec. Ex. 1** and **Morris Dec. Ex. 6**.

that ordinarily constitutes sufficient notice. But if HCRE sincerely believed otherwise, HCRE could have—and should have—asked for an extension of time, particularly since Highland offered to make accommodations. Having failed to do so, HCRE should not be heard to complain now.[20]

38. <u>HCRE complains that the Notices "did not account for the schedules of the witnesses and their counsel."</u> In an e-mail sent with the Notices on August 16, Highland's counsel told HCRE's counsel that "*I have some flexibility as to dates and times and can't imagine any deposition lasting more than three hours. So please confirm you're authorized to accept service and whether the dates and times work*." **Morris Dec. Ex. 4** (emphasis added). If HCRE and its principals needed scheduling accommodations, they could have—and should have—taken Highland up on its offer. Having failed to do so, HCRE should not be heard to complain now.[21]

D.   **HCRE's Contention that the Subpoenas Are "Premature and Improper" Lacks Any Basis in Fact or the Law**

39. Mr. Dondero (a) directly or indirectly owns 70% of HCRE; (b) signed the Original LLC Agreement on behalf of HCRE and Highland; (c) signed the Amended LLC Agreement on behalf of HCRE and Highland; (d) signed HCRE's POC under penalty of perjury; (e) is the Manager of SE Multifamily; and (f) presumably authorized the filing of the Underlying Motion on behalf of HCRE.

40. Mr. McGraner (a) directly or indirectly owns 25% of HCRE;[22] (b) is apparently so knowledgeable about these matters that he was previously designated as HCRE's Rule 30(b)(6) witness; (c) participated in communications proving that the Allocation was the subject of specific

---

[20] HCRE's complaint in this regard is now moot in any event; Mr. Dondero, Mr. McGraner and HCRE will have had almost a month to prepare by the time the hearing on these matters is conducted on September 12, 2022.

[21] HCRE's complaint in this regard is now moot in any event; if the Cross-Motion is granted, Highland will work to accommodate the schedules of Mr. Dondero, Mr. McGraner, and HCRE as it previously offered.

[22] The remaining 5% is directly or indirectly owned by Scott Ellington, Highland's former General Counsel.

discussions and therefore could not have been the product of a "mistake"; and (d) caused HCRE to breach the Amended LLC Agreement in June 2021 by directing that all capital contributions be returned to all of SE Multifamily's members *except* Highland.

41. Notably, upon information and belief, (a) HCRE never had any employees of its own and (b) HCRE previously accepted service of subpoenas on behalf of both Mr. Dondero and Mr. McGraner without complaint. Consequently, HCRE's suggestion that Highland should not be allowed to depose these "apex executives" (Motion to Quash at 7) is frivolous (at best).

42. HCRE's conclusory statements in support of the Motion to Quash are simply insufficient to warrant the granting of a protective order. *See Terra*, 134 F.3d at 306 (finding party failed to demonstrate cause for issuing of protective order where they "made nothing more than [] conclusory" allegations, noting "this court's admonition that a [] court may not grant a protective order solely on the basis of 'stereotyped and conclusory statements'") (internal citations omitted).

43. Given (i) that Highland has now filed is objection to the Underlying Motion, (ii) the importance of these witnesses, and (iii) HCRE's failure to meet its burden to show cause for the issuance of a protective order, the Motion to Quash should be denied and the Cross-Motion should be granted.

## **CONCLUSION**

44. For the foregoing reasons, Highland respectfully requests that this Court (a) deny the Motion to Quash, (b) grant the Cross-Motion, (c) direct Mr. Dondero, Mr. McGraner, and HCRE to appear for depositions at mutually convenient times within thirty (30) days of the entry of an order granting the Cross-Motion, and (d) grant such other relief the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

DOCS_NY:46350.5 36027/003

Dated: September 2, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:      jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

15