# EXHIBIT 5

## John A. Morris

| | |
|---|---|
| **From:** | John A. Morris |
| **Sent:** | Wednesday, July 27, 2022 12:52 PM |
| **To:** | 'Bill Gameros' |
| **Cc:** | Hayley R. Winograd; Wade Carvell |
| **Subject:** | Highland:  Amended Subpoenas and Deposition Notices |
| **Attachments:** | HCM 3415--Notice of Amended Subpoena to James Dondero.pdf; HCM 3416--Notice of Amended Subpoena to Matt McGraner.pdf; HCM 3417--Notice of Amended Subpoena to Barker Viggato LLP.pdf; HCM 3418--Second Amended Notice of Rule 30b6 Deposition of HCRE.pdf |

Bill:

Please see the attached.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |

**HIGHLAND CAPITAL MANAGEMENT L.P.'S
NOTICE OF AMENDED SUBPOENA TO JAMES DONDERO**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure,

Highland Capital Management, L.P. ("Highland" or the "Reorganized Debtor"), the reorganized

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and
service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

debtor[2] in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, will cause the *Amended Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena"), a copy of which is attached hereto as **Exhibit A**, in connection with the proof of claim filed by HCRE [*i.e.*, Claim No. 146] (the "HCRE Claim") and any objections thereto, to be served upon James Dondero for a virtual appearance at a deposition on **August 16, 2022, at 9:30 a.m. Central Time**, or at such other day and time as Highland may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and may be visually recorded by video or otherwise. **The deposition will be taken remotely** via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition. Parties who wish to participate in the deposition should contact John A. Morris, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com no fewer than 72 hours before the start of the deposition for more information regarding participating in this deposition remotely.

*[Remainder of Page Intentionally Left Blank]*

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management, *L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

2

Dated: July 27, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

3

DOCS_NY:46070.3 36027/003

## EXHIBIT A

DOCS_NY:46070.3 36027/003

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.
Reorganized Debtor

Case No. 19-34054-sgj11

*(Complete if issued in an adversary proceeding)*

Chapter 11

Plaintiff
v.

Adv. Proc. No.

Defendant

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James Dondero

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters:

| PLACE<br>Deposition will be conducted virtually through Zoom | DATE AND TIME<br>August 16, 2022 at 9:30 am (CT) |
|---|---|

The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

☐ *Production*: **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or object at the place, date and time specified below:

| PLACE: | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 27, 2022

<table>
<tr><td>CLERK OF COURT</td><td></td></tr>
<tr><td></td><td>OR</td></tr>
<tr><td>_____<br>*Signature of Clerk or Deputy Clerk*</td><td>/s/ John A. Morris<br>*Attorney's signature*<br>John A. Morris, Esq.</td></tr>
</table>

The name, address, email address, and telephone number of the attorney representing *(name of party)* Highland Capital Management, L.P. , who issues or requests this subpoena, are:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



DOCS_NY:46069.2 36027/003

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

James Dondero _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:



DOCS_NY:46069.2 36027/003

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

**HIGHLAND CAPITAL MANAGEMENT L.P.'S**
**NOTICE OF AMENDED SUBPOENA TO MATT MCGRANER**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure,

Highland Capital Management, L.P. ("Highland" or the "Reorganized Debtor"), the reorganized

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

debtor[2] in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, will cause the *Amended Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena"), a copy of which is attached hereto as **Exhibit A**, in connection with the proof of claim filed by HCRE [*i.e.*, Claim No. 146] (the "HCRE Claim") and any objections thereto, to be served upon Matt McGraner for a virtual appearance at a deposition on **August 17, 2022, at 9:30 a.m. Central Time**, or at such other day and time as Highland may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and may be visually recorded by video or otherwise. **The deposition will be taken remotely** via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition. Parties who wish to participate in the deposition should contact John A. Morris, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com no fewer than 72 hours before the start of the deposition for more information regarding participating in this deposition remotely.

*[Remainder of Page Intentionally Left Blank]*

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management, *L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

Dated: July 27, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
    jmorris@pszjlaw.com
    gdemo@pszjlaw.com
    hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

3

**EXHIBIT A**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.
Reorganized Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 19-34054-sgj11

Chapter 11 _____

Adv. Proc. No. _____

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Matt McGraner
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters:

| PLACE | DATE AND TIME |
|---|---|
| Deposition will be conducted virtually through Zoom | August 17, 2022 at 9:30 am (CT) |

The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

☐ *Production*: **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or object at the place, date and time specified below:

| PLACE: | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 27, 2022

CLERK OF COURT

OR

_____       */s/ John A. Morris*
Signature of Clerk or Deputy Clerk        *Attorney's signature*
John A. Morris, Esq.

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Highland Capital Management, L.P. , who issues or requests this subpoena, are:
John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



DOCS_NY:46071.2 36027/003

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

---

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____. 

☐ I served the subpoena by delivering a copy to the named person as follows: _____

Matt McGraner _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:



DOCS_NY:46071.2 36027/003

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  ...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S SECOND AMENDED
## NOTICE OF RULE 30(b)(6) DEPOSITION TO HCRE PARTNERS, LLC

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure 7030 and

9014, Highland Capital Management, L.P. ("Highland" or the "Reorganized Debtor"), the

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), shall take the deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCRE") by the person(s) most qualified to testify on HCRE's behalf with respect to the topics described in **Exhibit A** attached hereto in connection with the proof of claim filed by HCRE [*i.e.*, Claim No. 146] (the "HCRE Claim") and any objections thereto. The deposition of HCRE shall take place on **August 17, 2022, at 9:30 a.m. Central Time**, or at such other day and time as Highland may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 48 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated:  July 27, 2022.                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:     jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**


Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

3

## EXHIBIT A

## DEFINITIONS

1.    "Amended LLC Agreement" means the *First Amended and Restated Limited Liability Company Agreement for SE Multifamily Holdings LLC*, dated as of March 15, 2019, effective as of August 23, 2018, among Highland, HCRE, and BH Equities with respect to SE Multifamily.

2.    "Barker Viggato" means Barker Viggato LLP.

3.    "BH Equities" means BH Equities, LLC, and all persons You believe acted on behalf of BH Equities.

4.    "Borrowers" refers to the entities individually and collectively, jointly and severally, Highland, HCRE, The Dugaboy Investment Trust, The SLHC Trust, NexPoint Advisors, L.P., NexPoint Real Estate Advisors IV, L.P., SE Multifamily Reit Holdings, LLC, and certain property owners, as defined on page 3 of the Loan Agreement.

5.    "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

6.    "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

7.    "Discovery Requests" means *Highland Capital Management, L.P.'s Second Set of Discovery Requests Directed to HCRE Partners, LLC.*

8.     "<u>Document</u>" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made.  This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information.  Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

9.     "<u>ESI</u>" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

10.     "<u>Exhibit A</u>" means Exhibit A to the HCRE Claim.

11.     "<u>HCRE</u>" means (a) NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, and (b) all directors, officers, employees, and agents of NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, or any other person or entity acting on its behalf.

12.     "<u>HCRE Claim</u>" means the general unsecured, non-priority, unliquidated claim that was filed by HCRE Partners, LLC on April 8, 2020, and that was denoted as proof of claim number 146 on the Reorganized Debtor's claims register.

13.     "<u>Keybank</u>" means Keybank National Association.

14.     "<u>Keybank Loan</u>" means any loan obtained pursuant to the Loan Agreement.

15.     "<u>Liberty</u>" means Liberty CLO Holdco, Ltd., and all persons You believe acted on behalf of Liberty.

16.     "<u>LLC Agreement</u>" means that certain *Limited Liability Company Agreement*, dated as of August 23, 2018, between Highland and HCRE with respect to SE Multifamily.

2

17. "<u>Loan Agreement</u>" means that certain *Bridge Loan Agreement*, dated as of September 26, 2018, between the borrowers (including Highland and HCRE) and lenders thereto and Keybank, as the Administrative Agent.

18. "<u>Members</u>" shall have the meaning ascribed to that term on page 2 of the Amended LLC Agreement.

19. "<u>Petition Date</u>" means October 16, 2019, the date Highland filed for bankruptcy relief in the Bankruptcy Case.

20. "<u>Response</u>" means *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims and (F) Insufficient-Documentation Claims* [Docket No. 1212], filed on October 19, 2020.

21. "<u>Schedule A</u>" means the document attached to the Amended LLC Agreement as "Schedule A."

22. "<u>SE Multifamily</u>" means SE Multifamily Holdings, LLC.

23. "<u>You</u>" or "<u>Your</u>" refers to HCRE, and any person or entity authorized to act on behalf of HCRE.

3

## Rule 30(b)(6) Topics

**Topic No. 1:**

The negotiation, drafting, and execution of the LLC Agreement, including (a) the identities of the individuals authorized to act on behalf HCRE and Highland, respectively; (b) the identities of any attorneys who provided legal advice to HCRE and Highland, respectively; and (c) the reasons or purpose of including Highland in the LLC Agreement.

**Topic No. 2:**

The negotiation, drafting, and execution of the Loan Agreement, including (a) the identities of the individuals authorized to act on behalf of HCRE and Highland, respectively; (b) the identities of any attorneys who provided legal advice to HCRE and Highland, respectively; (c) the reasons or purpose of including Highland in the Loan Agreement; (d) the decision to have HCRE act as the "lead borrower"; and (e) the allocation of the loan proceeds among the Borrowers under the Keybank Loan and all decisions and Communications related thereto.

**Topic No. 3:**

The removal of Highland as a Borrower under the Keybank Loan prior to the Petition Date.

**Topic No. 4:**

The negotiation, drafting, and execution of the Amended LLC Agreement, including (a) the identities of the individuals authorized to act on behalf of HCRE, Highland, BH Equities, and Liberty, respectively; and (b) the identities of any attorneys who provided legal advice to HCRE, Highland, BH Equities, and Liberty, respectively.

**Topic No. 5:**

All facts Concerning HCRE's belief that "the organizational documents relating to SE Multifamily Holdings LLC (the "SE Multifamily Agreement") improperly allocates the

4

ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," as alleged in paragraph 5 of the Response.

**Topic No. 6:**

All distributions made by SE Multifamily to any Member at any time.

**Topic No. 7:**

The allocation of SE Multifamily's profits and losses among its Members.

**Topic No. 8:**

Communications Concerning any allegation or assertion that there was any error in the Amended LLC Agreement, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 9:**

Communications Concerning any allegation or assertion that the Amended LLC Agreement, including Schedule A annexed thereto, did not accurately describe the respective interests of each Member of SE Multifamily, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 10:**

Communications Concerning the allocation of the interests in SE Multifamily among its Members, including Communications between HCRE and either (a) Highland, and/or (b) BH Equities, and/or (c) Barker Viggato Concerning this topic.

**Topic No. 11:**

All tax filings Concerning SE Multifamily, including all draft and actually-filed tax returns and K-1s Concerning SE Multifamily and any Communications with Barker Vittago Concerning this topic.

5

**Topic No. 12:**

Your sources of capital used to make the capital contribution reflected on Schedule A.

**Topic No. 13:**

Your responses to the Discovery Requests.

**Topic No. 14:**

The identity of each (i) direct and indirect beneficial owner, and (ii) person authorized to act on behalf of, HCRE as of the date (a) the LLC Agreement was executed, (b) the Amended LLC Agreement was executed, and (c) Highland was removed as a Borrower under the Keybank Loan.

**Topic No. 15:**

The identity of each (i) direct and indirect beneficial owner, and (ii) person authorized to act on behalf of, Highland as of the date (a) the LLC Agreement was executed, (b) the Amended LLC Agreement was executed, and (c) Highland was removed as a Borrower under the Keybank Loan.

**Topic No. 16:**

The identity of each (i) direct and indirect beneficial owner, and (ii) person authorized to act on behalf of, each Borrower under the Keybank Loan as of the date (a) the LLC Agreement was executed, (b) the Amended LLC Agreement was executed, and (c) Highland was removed as a Borrower under the Keybank Loan.

**Topic No. 17:**

The identity of each officer, employee, and person authorized to act on behalf of HCRE as of the date (a) the LLC Agreement was executed, (b) the Amended LLC Agreement was executed, and (c) Highland was removed as a Borrower under the Keybank Loan.

6