PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) *(admitted pro hac vice)*
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**UNOPPOSED MOTION**
**FOR EXPEDITED HEARING ON REORGANIZED DEBTOR'S**
**CROSS-MOTION TO ENFORCE SUBPOENAS AND TO COMPEL A DEPOSITION**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P. ("Highland" or, as applicable, the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, hereby files this unopposed motion (the "Motion for Expedited Hearing") seeking an expedited hearing on its cross-motion [Docket No. 3484] (the "Cross-Motion")[1] to (i) enforce the subpoenas upon James Dondero ("Mr. Dondero") and Matt McGraner ("Mr. McGraner") and (ii) compel the deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCRE") in connection with HCRE's *Motion to Withdraw Proof of Claim* [Docket No. 3443] (the "Motion to Withdraw"). In support of Motion for Expedited Hearing, Highland respectfully states as follows:

## I.     JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion for Expedited Hearing pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion for Expedited Hearing are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## II.     RELEVANT BACKGROUND

### A.     Background to the HCRE Claim

2.      Highland and HCRE were the sole parties to that certain *Limited Liability Company Agreement* for SE Multifamily Holdings LLC ("SE Multifamily"), dated as of August 23, 2018 (the "Original LLC Agreement"). The Original LLC Agreement (a) allocated 51% of SE Multifamily's membership interests to HCRE and 49% of those interests to Highland and (b) was

---

[1] Capitalized terms not otherwise defined in this Motion for Expedited Hearing have the meanings ascribed in the Cross-Motion.

signed by Mr. Dondero on behalf of Highland and HCRE. Docket No. 3051, Exhibit 1 at 17 and Schedule A.

3.       On March 15, 2019, BH Equities, LLC ("BH Equities") acquired 6% of SE Multifamily's membership interests from Highland and HCRE pursuant to that certain *Amended and Restated Limited Liability Company Agreement* dated as of August 23, 2018 (the "Amended LLC Agreement"). The Amended LLC Agreement (a) allocated 47.94% of SE Multifamily's membership interests to HCRE, 46.06% of those interests to Highland, and 6% of those interests to BH Equities (the "Allocation"); and (b) was signed by Mr. Dondero on behalf of Highland and HCRE. Docket No. 3051, Exhibit 4 at 18 and Schedule A.

4.       At all relevant times, Mr. Dondero controlled HCRE and served as the Manager of SE Multifamily, in his capacity as an officer of HCRE.

5.       On April 8, 2020, HCRE filed a proof of claim that was denoted by the Debtor's claims agent as proof of claim number 146 ("HCRE's POC"). HCRE's POC was signed by Mr. Dondero and asserted, among other things, that:

> [HCRE] may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor. Additionally, [HCRE] contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be property of [HCRE]. Accordingly, [HCRE] may have a claim against the Debtor.

HCRE's POC at 5.

6.       On July 30, 2020, the Debtor objected to HCRE's POC [Docket No. 906], and on October 16, 2020, HCRE filed its initial response asserting, among other things, that:

> [a]fter reviewing what documentation is available to HCREP with the Debtor, HCREP believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of

consideration. As such, HCREP has a claim to reform, rescind and/or modify the agreement.

Docket No. 1197 ¶ 5.

**B.** **The Parties Litigate for More than a Year and a Half**

7. Highland and HCRE (together, the "Parties") then spent more than a year and a half

actively litigating various issues concerning HCRE's POC. During that time, the following events

occurred:

- In early 2021, the Parties entered into a Scheduling Order, exchanged substantive written discovery, produced documents, and scheduled and rescheduled, numerous depositions;[2]

- In April 2021, Highland moved to disqualify (the "Disqualification Motion") Wick Phillips Gould & Martin, LLP (the "Wick Phillips"), which HCRE opposed, and the Parties filed multiple briefs on the issue;[3]

- Highland and HCRE thereafter engaged experts on legal ethics and professional responsibility, participated in fact and expert discovery in connection with the Disqualification Motion, and filed Witness & Exhibit lists;[4]

- After the Court conducted a lengthy hearing, the Court granted the Disqualification Motion in part and denied it in part;[5]

- On January 14, 2022, following the disqualification of Wick Phillips, the law firm of Hoge & Gameros, LLP ("Hoge & Gameros") appeared on behalf of HCRE;

- On June 9, 2022, the Parties entered into an amended scheduling order that the Court subsequently approved (the "Amended Scheduling Order");[6]

- The Parties thereafter engaged in a second round of written discovery and document production;

- Highland served a subpoena on Mark Patrick (a third-party witness who is a former Highland employee and one of the architects of the tax structure created in

---

[2] *See, e.g.*, Docket Nos. 1536, 1568, 1898, 1918, 1964, 1965, 1996, 2118, 2119, 2134, 2135, 2136, and 2137.

[3] *See, e.g.*, Docket Nos. 2196, 2197, 2198, 2278, 2279, 2294, 2893, 2894, 2895, 2927, and 2928.

[4] *See, e.g.*, Docket Nos. 2361, 2757, 2820, 2900, 2901, 2952, 3051, 3052, and 3054.

[5] Docket No. 3106.

[6] Docket Nos. 3356 and 3368.

connection with SE Multifamily);[7] Mr. Patrick was represented by separate counsel and his deposition was rescheduled but was conducted on August 2, 2022;[8]

- Highland served a subpoena on BH Equities that required both the production of documents and an appearance at a deposition; BH Equities was represented by independent counsel and its deposition was rescheduled but was conducted on August 4, 2022;[9]

- Highland served a subpoena on Barker Viggato, LLP (a third-party accounting firm that prepared the tax returns for SE Multifamily and the members' forms K-1 based on information provided by HCRE) that required both the production of documents and an appearance at a deposition; Barker Viggato was represented by independent counsel and its deposition was rescheduled but was conducted on August 5, 2022;[10]

- On August 5, 2022, the Parties entered into a stipulation that extended the expert discovery deadline for HCRE's benefit while taking into account Highland's intent to file a motion for summary judgment;[11]

- HCRE served a Rule 30(b)(6) Notice on Highland, and James P. Seery, Jr. sat for that deposition on August 10, 2022;

- HCRE's counsel, Hoge & Gameros, accepted service of subpoenas on behalf of Messrs. Dondero and McGraner (the "Subpoenas") and a Rule 30(b)(6) notice for HCRE (the "HCRE Notice" and together with the Subpoenas, the "Notices");[12]

- After the Parties' counsel met and conferred, Mr. Dondero was scheduled to be deposed on August 16 and Mr. McGraner was scheduled to be deposed on August 17 in his individual capacity and in his capacity as HCRE's Rule 30(b)(6) witness.

8. The Amended Scheduling Order included a July 1, 2022, deadline for the production of documents, but HCRE failed to comply with that deadline. Instead, on August 9, 2022, the day before Mr. Seery was scheduled to testify as Highland's Rule 30(b)(6) witness,

---

[7] Mr. Patrick currently holds the title of "Trustee" for CLO Holdco, Ltd., and has worked for the benefit, and at the direction, of Mr. Dondero for years.

[8] Docket Nos. 3394 and 3412.

[9] Docket Nos. 3350 and 3363.

[10] Docket Nos. 3383 and 3417.

[11] Docket Nos. 3434 (stipulation), 3438 (order approving stipulation).

[12] Docket Nos. 3392, 3393, 3385, 3415, 3416, and 3418; *Declaration of John A. Morris in Support of Reorganized Debtor's (A) Objection to Quash and for Protection [Docket No. 3464] and (B) Cross-Motion to Enforce Subpoenas and to Compel a Deposition* ("Morris Dec.") (filed contemporaneously with the Cross-Motion), Ex. 1.

HCRE made a "supplemental production" of documents in excess of 4,000 pages.  Highland objected to the late, massive production of documents but worked to avoid motion practice by conferring with HCRE's counsel to address Highland's concerns until moments before Mr. Seery's deposition began.  Morris Dec. Ex. 2.

9.     Mr. Seery was deposed on August 10, 2022, and answered all questions posed to him.  HCRE's counsel did not give any indication that HCRE was about to seek leave to withdraw its proof of claim.  Nevertheless, HCRE did just that two days later—and just days before Mr. Dondero, Mr. McGraner, and HCRE were to testify.

**C.     HCRE Abruptly Files Its Motion to Withdraw and Ignores Highland's Requests to Accept Service of Process and Offers to Schedule Depositions**

10.     On Friday, August 12, 2022, HCRE filed the Motion to Withdraw seeking to withdraw HCRE's POC.

11.     Before filing the Motion to Withdraw, HCRE's counsel called Highland's counsel and followed up with an e-mail at approximately 3:00 p.m. Eastern Time to inquire as to whether Highland would oppose that Motion.  In response, Highland's counsel informed HCRE's counsel that it would consult with its client and report back.  HCRE did not wait for Highland's response, filing the Motion to Withdraw later that day.  Morris Dec. Ex. 3; Docket No. 3443 (Underlying Motion filed on August 12, 2022).

12.     On August 15, 2022, Highland's counsel informed HCRE's counsel that Highland would oppose the Motion to Withdraw.  HCRE's counsel informed Highland's counsel that it would not produce Mr. Dondero, Mr. McGraner, or HCRE for the depositions that had consensually been scheduled for August 16 and 17, respectively.

13. On August 16, 2022, Highland filed the Subpoenas for Messrs. Dondero and McGraner [Docket Nos. 3451 and 3452] and the HCRE Notice [Docket No. 3453]. The HCRE Notice contained a single topic:

> The Motion to Withdraw, including but not limited to: (a) the facts and circumstances that led to the filing of the Motion to Withdraw, (b) the reason(s) for filing the Motion to Withdraw at this time, and (c) all facts concerning the impact on the parties from the withdrawal of the HCRE Claim.

Docket No. 3543.

14. Later that day, Highland's counsel sent copies of the Notices to HCRE's counsel with the following e-mail:

> Attached are "as filed" copies of a deposition notice for HCRE and subpoenas for Mr. Dondero and Mr. McGraner in connection with the Motion to Withdraw.
>
> *I have some flexibility as to dates and times and can't imagine any deposition lasting more than three hours*.
>
> *So please confirm you're authorized to accept service and whether the dates and times work*.

Morris Dec. Ex. 4 (emphasis added).

15. HCRE's counsel failed to respond to Highland's e-mail.

16. Thus, on August 17, 2022, Highland's counsel followed up, sending HCRE's counsel a second set of the Notices together with the following e-mail:

> Please let us know if you're authorized to accept service of the subpoenas on behalf of Mr. Dondero and Mr. McGraner.
>
> Given the limited period of time we have, we will begin to attempt personal service if you cannot confirm by noon Central Time tomorrow.
>
> We hope that can be avoided.

*Id.*

17. HCRE's counsel again failed to respond to Highland's e-mail.

18.     Instead, HCRE filed its *Motion to Quash and for Protection* [Docket No. 3464] (the "Motion to Quash", and together with the Motion to Withdraw, the "HCRE Motions") after business hours on August 23, 2022, the evening before Mr. Dondero was to be deposed and in violation of Rule 7007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* ("Local Rule 7007"). *See* Docket No. 3464 (no certificate of conference).[13]

**D.     Highland Files (i) Its Objection to HCRE's Motion to Quash and (ii) Cross-Motion Seeking an Order Enforcing the Subpoenas and Compelling HCRE's Deposition**

19.     On September 2, 2022, and in response to HCRE's filing of the HCRE Motions, Highland filed (i) its objection [Docket No. 3483] (the "Objection") to HCRE's Motion to Quash and (ii) the Cross-Motion seeking an order of the Court directing HCRE and Messrs. Dondero and McGraner to appear for depositions at mutually convenient times but in no event later than fourteen (14) days after the entry of an order granting the Cross-Motion.

## III.     RELIEF REQUESTED

20.     Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order … that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Furthermore, pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, reduce the notice period required prior to a hearing.

21.     HCRE's Motion to Withdraw is currently scheduled for hearing on September 12, 2022, at 9:30 a.m. (Central Time) (the "Hearing"). The issues raised in Highland's Cross-Motion are inextricably intertwined with the issues raised in HCRE's Motion to Withdraw. For the

---

[13] Local Rule 7007 requires a movant to confer with the opposing party before filing (among other motions) a motion for a protective order. *See* Local Rule 7007(a), (b), and (f). HCRE's decision to file the Motion to Quash without conferring with Highland's counsel in violation of Local Rule 7007 strongly suggests that HCRE's grievances about the scope and schedule of the depositions are fabricated and that HCRE's only goal is to shield Messrs. Dondero and McGraner from testifying on its behalf in this matter.

purpose of judicial efficiency, and in order to create a complete and singular record of all pertinent issues raised in the Cross-Motion and Motion to Withdraw, both the Cross-Motion and the Motion to Withdraw should be heard together at the September 12, 2022 Hearing.

22.     Should the Court grant Highland's request for an expedited hearing on the Cross-Motion, Highland respectfully requests that the Court set September 9, 2022, as the deadline for interested parties to respond and/or object to the Cross-Motion.

23.     As indicated in the certificate of conference attached hereto, counsel for HCRE is unopposed to the relief requested in this Motion for Expedited Hearing.

## IV.     <u>PRAYER</u>

WHEREFORE, Highland respectfully requests that the Court enter an order (i) setting the Cross-Motion for hearing on September 12, 2022, at 9:30 a.m. (Central Time), (ii) setting the deadline for interested parties to respond and/or object to the Cross-Motion as September 9, 2022, and (iii) granting Highland such further and additional relief to which it may be justly entitled.

Dated: September 2, 2022          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
           jmorris@pszjlaw.com
           gdemo@pszjlaw.com
           hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that, on August 25, 2022, Highland's counsel corresponded with counsel for HCRE regarding the relief requested in the foregoing Motion for Expedited Hearing. Based on the email exchange between Highland's counsel and counsel for HCRE, the relief requested in the Motion for Expedited Hearing is **UNOPPOSED**.

*/s/ Zachery Z. Annable*
Zachery Z. Annable
