PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## MOTION TO CONFORM PLAN

Highland Capital Management, L.P., the reorganized debtor ("<u>Highland</u>" or the "<u>Debtor</u>," as applicable) in the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>"), by and through undersigned counsel, hereby files this *Motion to Conform Plan* to request that this Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), conforming

---

[1] The last four digits of Highland's taxpayer identification number are 8357. The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

*Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1808] (as subsequently modified, the "Plan")[2] to the Final Opinion (defined below) issued by the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), which affirmed in part and reversed in part the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order").

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.[3]

## RELEVANT BACKGROUND

### I.      Background to the Motion

2.      On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On February 22, 2021, the Court entered the Confirmation Order confirming the Plan.[4]

4.      The Confirmation Order was appealed by NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., Highland Income Fund; NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, NexPoint Capital, Incorporated, James Dondero, the Dugaboy Investment Trust, and Get Good Trust (collectively, "Appellants"). *See* Docket Nos. 1957, 1966, 1970, 1972. Appellants' appeal was certified for direct appeal to the Fifth Circuit.

---

[2] The Plan was previously amended by this Court on February 1, 2021 [Docket No. 1875, Ex. B].

[3] The relief requested in this Motion is required by the Fifth Circuit's Final Opinion and Judgment. The Fifth Circuit is expected to issue its Mandate on or around September 12, 2022. If statutory authority is also required for the relief requested herein, then its statutory predicates would be sections 1142 and 105(a) of title 11 of the United States Code.

[4] The Plan became effective on August 11, 2021. *See* Docket No. 2700.

5. On August 19, 2022, the Fifth Circuit issued an opinion (the "Initial Opinion")[5] and a judgment ("Judgment")[6] affirming the Confirmation Order in part, reversing in part, and remanding to this Court "for further proceedings in accordance with the opinion of this Court."

6. On September 2, 2022, certain Appellants filed a motion for rehearing in the Fifth Circuit with respect to the Initial Opinion (the "Motion for Rehearing").[7] On September 7, 2022, the Fifth Circuit granted Appellant's Motion for Rehearing; withdrew the Initial Opinion; and entered a slightly revised new opinion which replaced the Initial Opinion (the "Final Opinion").[8] The Final Opinion was substantively the same as the Initial Opinion[9] and the Judgment remained undisturbed.

7. The Fifth Circuit's docket reflects that it will issue its mandate (the "Mandate") on or around September 12, 2022.[10]

## II.    The Fifth Circuit Affirms the Confirmation Order in Part and Reverses in Part

8. In its Final Opinion, the Fifth Circuit "reverse[d] [the Confirmation Order] only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e)" and "affirm[ed] [the Confirmation Order] on all remaining grounds." Final Opinion at 2.[11] Accordingly, the Fifth Circuit, "[c]onsistent with § 524(e), [struck] all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors"

---

[5] See Case No. 21-10449, Document Number 516439341, 2022 U.S. App. LEXIS 23237 (5th Cir. Aug. 19, 2022).

[6] See Id., Document Number 5516439379.

[7] See Id., Document Number 516458961.

[8] See Id., Document Number 516462923.

[9] The only change to the Final Opinion was the deletion of the following language—"The injunction and gatekeeper provisions are, on the other hand, perfectly lawful"—and its replacement with—"We now turn to the Plan's injunction and gatekeeper provisions." Initial Opinion at 28; Final Opinion at 28. Every finding and ruling in the Initial Opinion remained unchanged in the Final Opinion.

[10] The parties have 90 days from the Fifth Circuit's Judgment in which to petition the Supreme Court of the United States for a writ of certiorari, and this motion is without prejudice to any party's right to do so. No party, however, has requested that the Fifth Circuit stay its Mandate pending such a petition.

[11] See also Id. at 22 ("Though the injunction and gatekeeping provisions are sound, the exculpation of certain non-debtors exceeds the bankruptcy court's authority. We reverse and vacate that limited portion of the Plan.")

3

(*Id.* at 27).[12]  Accordingly, it "reverse[d] and vacate[d] that limited portion of the Plan." *Id.* at 22.

By contrast, the Court held that "the injunction and gatekeeping provisions are sound" (*id.*), and

that any overbreadth of the injunction would be fully "resolved" by narrowing the definition of

exculpated parties (*id.* at 28).  The Fifth Circuit remanded to this Court for further proceedings

consistent with its Final Opinion (*Id.* at 30; Judgment at 2).

## **RELIEF REQUESTED**

9.      By this Motion, Highland requests that the Court enter the Proposed Order granting

the Motion and conforming the Plan to the Final Opinion, as mandated by the Fifth Circuit, by

revising the definition of "Exculpated Parties" in the Plan.

10.      The Plan defined "Exculpated Parties" as follows:

"Exculpated Parties" means, collectively, (i) the Debtor and its successors and
assigns, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the
Committee, (vi) the members of the Committee (in their official capacities), (vii)
the Professionals retained by the Debtor and the Committee in the Chapter 11 Case,
(viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in
(iv) through (viii); *provided, however,* that, for the avoidance of doubt, none of
James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries
and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its
subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO
Funding, Ltd. (and any of its subsidiaries, members, and managed entities),
Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and
managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter
Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy
Investment Trust (or any trustee acting for the trust), or Grant Scott is included in
the term "Exculpated Party."

Plan, Art. I.B.62.  The Proposed Order revises the term "Exculpated Parties" to conform to the

Mandate as follows:  "Exculpated Parties' means, collectively, (i) the Debtor, (ii) the Independent

Directors, (iii) the Committee, and (iv) the members of the Committee (in their official

capacities)."

---

[12] "Independent Directors" were defined in the Opinion as James P. Seery, Jr., John Dubel, and Russell Nelms who
were appointed by this Court as independent directors and to act as "a quasi-trustee." *Id.* at 4.

11.     The amendment to the term "Exculpated Parties" directly addresses all instances of exculpation deemed by the Fifth Circuit to violate section 524(e) of the Bankruptcy Code, and no other changes to the Confirmation Order are required to conform the Confirmation Order to the Final Opinion.

## NO PRIOR REQUEST

12.     No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE

13.     Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  Highland submits that, in light of the nature of the relief requested, no other or further notice need be given.

## PRAYER

**WHEREFORE**, Highland respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the Motion and the relief requested herein, and granting Highland such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: September 9, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

**ORDER APPROVING MOTION TO CONFORM PLAN TO
FIFTH CIRCUIT MANDATE**

This matter having come before the Court on the *Motion to Conform Plan to Fifth Circuit Mandate* (the "Motion")[2] filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the above-captioned chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to

---

[1] The last four digits of Highland's taxpayer identification number are 8357. The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, the Final Opinion, the

Judgment, and the materials submitted in support of the Motion; and the Court having determined

that the legal and factual bases set forth in the Motion establish sufficient cause for the relief

granted herein; and adequate notice of the Motion having been given; and after due deliberation

and good cause appearing therefor, it is hereby **ORDERED** that:

1.     The Motion is **GRANTED**.

2.     The definition of "Exculpated Parties" in Article I.B.62 of the Plan is deleted in its

entirety and replaced with the following:

> "Exculpated Parties" means, collectively, (i) the Debtor, (ii) the Independent
> Directors, (iii) the Committee, and (iv) the members of the Committee (in their
> official capacities).

3.     Except as set forth herein, the Plan is unaffected and shall continue in full force and

effect in accordance with its terms and the terms of the Confirmation Order.

4.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.

### ### END OF ORDER ###