Charles W. Gameros, Jr., P.C.
State Bar No. 00796956
Douglas Wade Carvell, P.C.
State Bar No. 00796316
HOGE & GAMEROS, L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:  214-765-6002
Facsimile:   214-559-4905

**ATTORNEYS FOR NEXPOINT REAL ESTATE PARTNERS, LLC, f/k/a HCRE PARTNERS, LLC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **In re:** § <br> § <br> **HIGHLAND CAPITAL** § <br> **MANAGEMENT, L.P.,** § <br> § <br> Debtor. § | **Chapter 11** <br><br> **Case No. 19-34054-SGJ-11** |
| **HIGHLAND CAPITAL** § <br> **MANAGEMENT, L.P.,** § <br> § <br> **Movant,** § <br> § <br> v. § <br> § <br> **NEXPOINT REAL ESTATE** § <br> **PARTNERS, LLC, F/K/A HCRE** § <br> **PARTNERS, LLC,** § <br> § <br> **Respondent.** § | **Contested Matter** |

### REPLY IN SUPPORT OF MOTION TO WITHDRAW PROOF OF CLAIM

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP" or "Claimant") files this, its Reply in Support of Motion to Withdraw Proof of Claim [Proof of Claim No. 146] (the "Motion"), and respectfully states as follows:

## PRELIMINARY STATEMENT

NREP filed the Motion because it no longer wants to pursue its Proof of Claim (No. 146) (the "Claim").

As Highland Capital Management, L.P. ("the Debtor") had objected, the Debtor has achieved its goal: disallowance of the Claim.

Instead of being happy with getting the relief it sought, the Debtor has objected, again — this time to the Claim's withdrawal. According to a response filled with conjecture, strawmen, and, frankly, inappropriate *ad hominem* attacks, the Debtor would like to still pursue and litigate defenses to a claim that NREP no longer wishes to pursue, and to seek relief to which the Debtor would never be entitled in a claim objection.

Respectfully, the Debtor's objection should be overruled, and the Motion should be granted.

## REPLY IN SUPPORT OF MOTION

As an initial matter, the Debtor's repeated assertion that the Claim was the subject of "heavily contested litigation" and "vexatiousness" is without any foundation. Except for the Motion to Disqualify the NREP's original counsel – a motion filed by the *Debtor* – there have been no hearings or motions set in this contested matter, and the matter proceeded by agreement of the parties. The majority of the time that the matter has progressed, quite literally nothing was happening, rendering (again) the Debtor's claim of "two years of hard fought litigation" misleading, if not demonstrably false.

NREP made its decision that given the uninterrupted operation of the Company, the stated position of the Debtor, and anticipated future time, effort, and resources expended on pursuit of the Claim and the Debtor's objection thereto, that its best course would be withdraw the Claim.

That decision to withdraw is actually the very *opposite* of vexatiousness. By contrast, the Debtor's apparent desire to continue to spend its, the Court's, and NREP's time and resources to litigate an objection that NREP has accepted – thereby prolonging a case with no basis to do so – speaks to the Debtor's own intent.

Contrary to Debtor's assertion, NREP has not threatened to renew litigation over the matters alleged in the Claim. Indeed, NREP averred in the Motion that the proof of claim process is *sui generis*, that the claims bar date passed long ago, and that the Claim is not the subject of any other pending action, proceeding, or matter. There is no tactical advantage for the withdrawal, and there is no litigation that would be duplicated as a result of the withdrawal.[1]

Finally, as even the Debtor agrees, the standard for opposition is the existence of "plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby,"[2] and there are, in fact, "only a limited number of circumstances that will warrant denial of a Federal Rule 41(a)(2) motion since 'the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue.'"[3]

Absent a showing of "legal harm" or "legal prejudice" – the burden of which is on the Debtor[4] – Bankruptcy Courts should allow withdrawal.[5]

---

[1] The Debtor's red herrings regarding the operation of the Company are likewise unpersuasive. Even if the Debtor had legitimate complaints, they cannot be addressed in an objection to a proof of claim, where the only relief available is the claim's allowance or disallowance.

[2] *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (quoting *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974)); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990).

[3] *Kumar v. St. Paul Surplus Lines Ins. Co.*, Case No. 3:10-CV-166-O, 2010 WL 1946341, at *2 (N.D. Tex. May 12, 2010) (citing *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988)). Here, of course, there is no such prospect or tactical advantage.

[4] *See In re Manchester, Inc.*, Case No. 08-03163-BJH, 2008 WL 5273289, *3 (Bankr. N.D. Tex. December 19, 2008) (Houser, C.J.); *see also In re Ogden New York Servs., Inc.*, 312 B.R. 729, 733 (S.D.N.Y. 2004).

[5] *See In re Manchester*, 2008 WL 5273289, *3; *see also Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003).

Neither the Debtor nor any party-in-interest will suffer plain legal prejudice if the Claim is withdrawn; there are no pending motions, and no dispositive motions have been filed, set, or heard; there are no imminent adverse rulings, no parallel or pending actions, no tactical advantage to be obtained; the Debtor is reorganized, the Plan effective date has long since passed, and the withdrawal of the Claim will not have any effect on the Debtor's reorganization; and the withdrawal will allow NREP *and* the Debtor to stop spending resources and time on a claim that NREP wants to withdraw and to which the Debtor had objected.

Respectfully, the Debtor's objection to the withdrawal is without basis in reason, fact, or law.

WHEREFORE, NREP prays that it be allowed to withdraw its claim and for such other relief as may be appropriate.

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:  (214) 765-6002
Telecopier:  (214) 559-4905
E-Mail  BGameros@LegalTexas.com
  WCarvell@LegalTexas.com

**ATTORNEYS FOR
NEXPOINT REAL ESTATE PARTNERS, LLC,
F/K/A HCRE PARTNERS, LLC**

## **CERTIFICATE OF SERVICE**

This is to certify parties which have so registered with the Court, including counsel for the Debtor, the United States Trustee, and all persons or parties requesting notice and service shall receive notification of the foregoing via the Court's ECF system, and are considered served pursuant to the Administrative Procedures incorporated into the Order Adopting Administrative Procedures for Electronic Case Filing, General Order 2003-01.2.

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.