Charles W. Gameros, Jr., P.C.
State Bar No. 00796956
Douglas Wade Carvell, P.C.
State Bar No. 00796316
HOGE & GAMEROS, L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:  214-765-6002
Facsimile:   214-559-4905

**ATTORNEYS FOR NEXPOINT REAL ESTATE PARTNERS, LLC, f/k/a HCRE PARTNERS, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | |
| | § | |
| Movant, | § | |
| | § | **Contested Matter** |
| v. | § | |
| | § | |
| **NEXPOINT REAL ESTATE** | § | |
| **PARTNERS, LLC, F/K/A HCRE** | § | |
| **PARTNERS, LLC,** | § | |
| | § | |
| Respondent. | § | |

**REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTION**

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP" or "Claimant") files this, its Reply in Support of Motion to Quash and for Protection (the "Motion"), and respectfully states as follows:

## REPLY IN SUPPORT OF MOTION

NREP filed its Motion to Withdraw Proof of Claim (the "Motion to Withdraw") because it no longer wants to pursue the Proof of Claim (the "Claim").

Not content with obtaining its desired relief, the Debtor sought to depose a corporate representative and two apex witnesses not on the grounds of the Claim, but on the grounds for its withdrawal. And so allegedly in the name of avoiding the unnecessary waste of resources and time, the Debtor would actually do just the opposite, seeking to extend its opportunity to file lengthy motions and responses, demand lengthy hearings, and expend the Debtor's, the Court's, and NREP's resources.

The sole topic for the corporate representative deposition was

The Motion to Withdraw, including but not limited to: (a) the facts and circumstances that led to the filing of the Motion to Withdraw, (b) the reason(s) for filing the Motion to Withdraw at this time, and (c) all facts concerning the impact on the parties from the withdrawal of the HCRE Claim.

Other than the factual basis stated in the Motion to Withdraw, any questions as to topics 1(a) and 1(b) will necessarily invade the attorney-client privilege and work product exemption to discovery and are *per se* improper. Any questions on those topics simply cannot be answered without violating privileges or immunities from deposition and discovery

Moreover, Topic 1(c) is an improper attempt to shift the burden for the Motion to Withdraw, as (i) Bankruptcy Courts should generally allow withdrawal of a proof of claim absent a showing of "legal harm" or "legal prejudice;"[1] but, the burden of showing harm or prejudice here

---

[1] *See In re Manchester, Inc.*, Case No. 08-03163-BJH, 2008 WL 5273289, *3 (Bankr. N.D. Tex. December 19, 2008) (Houser, C.J.) ("[S]ince the general policy under Rule 41(a) is to permit withdrawal of a complaint, withdrawal of a proof of claim should be permitted unless that withdrawal results in a 'legal harm' or 'prejudice' to a non-moving party."); *see also Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam) (recognizing that Rule 41 motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

falls on the Debtor.[2] Nothing the noticed witnesses can say at deposition will shed light on the Debtor's burden to show legal prejudice.

Instead, as is made abundantly clear in the Debtor's Motion to Compel, the depositions are a transparent attempt to harass, annoy, and embarrass the witnesses and are part of a continuing effort to increase the expense and burden of litigation that the Motion to Withdraw seeks to cease.

Even still, the proposed individual depositions of Messrs. Dondero and McGraner are doubly problematic. Mr. Dondero is NREP's Manager; Mr. McGraner is one of its officers. Such "apex" witness depositions are only appropriate where the individuals' conduct and knowledge at the highest levels of the corporation are relevant to the case,[3] and parties may be directed to first depose those with the most direct knowledge, something easily achievable through Federal Rule 30(b)(6).[4] If allowed at all, before Debtor's counsel takes the depositions of management, it should show a need for doing so, *i.e.*, that those individuals have unique and direct knowledge of the relevant facts regarding "legal harm" or "legal prejudice" to the *Debtor* (which they do not have), which Debtor's counsel has not done.

WHEREFORE, NREP respectfully seeks this Court's protection from the Debtor's proposed depositions and that it grant such other relief as may be appropriate.

---

[2] *See In re Manchester*, 2008 WL 5273289, *3 ("The non-moving party bears the burden to prove that it will suffer such a legal harm or prejudice."); *see also In re Ogden New York Servs., Inc.*, 312 B.R. 729, 733 (S.D.N.Y. 2004) (recognizing that the objecting party bears the burden of demonstrating legal prejudice).

[3] *See, e.g., Kimberly–Clark Corp. v. Cont'l Cas. Co.*, No. 3:05–CV–0475–D, 2006 WL 3436064, *2 (N.D. Tex. Nov. 29, 2006 ("Federal courts have permitted the depositions of high level executives when conduct and knowledge at the highest corporate levels of the defendant are relevant in the case.").

[4] *See In Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:   (214) 765-6002
Telecopier:  (214) 559-4905
E-Mail       BGameros@LegalTexas.com
             WCarvell@LegalTexas.com

**ATTORNEYS FOR
NEXPOINT REAL ESTATE PARTNERS, LLC,
F/K/A HCRE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

This is to certify parties which have so registered with the Court, including counsel for the Debtor, the United States Trustee, and all persons or parties requesting notice and service shall receive notification of the foregoing via the Court's ECF system, and are considered served pursuant to the Administrative Procedures incorporated into the Order Adopting Administrative Procedures for Electronic Case Filing, General Order 2003-01.2.

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.