| | |
|---|---|
| **KELLY HART PITRE** | **KELLY HART & HALLMAN** |
| Louis M. Phillips (#10505) | Hugh G. Connor II |
| One American Place | State Bar No. 00787272 |
| 301 Main Street, Suite 1600 | hugh.connor@kellyhart.com |
| Baton Rouge, LA 70801-1916 | Michael D. Anderson |
| Telephone: (225) 381-9643 | State Bar No. 24031699 |
| Facsimile: (225) 336-9763 | michael.anderson@kellyhart.com |
| Email: louis.phillips@kellyhart.com | Katherine T. Hopkins |
| Amelia L. Hurt (LA #36817, TX #24092553) | Texas Bar No. 24070737 |
| 400 Poydras Street, Suite 1812 | katherine.hopkins@kellyhart.com |
| New Orleans, LA 70130 | 201 Main Street, Suite 2500 |
| Telephone: (504) 522-1812 | Fort Worth, Texas 76102 |
| Facsimile: (504) 522-1813 | Telephone: (817) 332-2500 |
| Email: amelia.hurt@kellyhart.com | Telecopier: (817) 878-9280 |

**COUNSEL FOR CLO HOLDCO, LTD.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON SEPTEMBER 30, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN**

## MOTION FOR LEAVE TO FILE PROCEEDING

CLO HoldCo, Ltd. ("CLO HoldCo") files this *Motion for Leave to File Proceeding* (the "Motion for Leave") **_out of an abundance of caution_** in light of the injunction (the "Plan Injunction") contained in the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* ("Plan") confirmed by order of this Court on February 22, 2021, § AA & Ex. A, Article IX.F [Dkt. No.1950], and seeks an order from the Court finding that the Plan Injunction is inapplicable to the proposed proceeding (the "Unfair Prejudice Proceeding") to be commenced by the filing of an application ("Application") in Guernsey Royal Court ("Guernsey Court"). Alternatively, and CLO HoldCo thinks this would be incorrect, if the Court finds that the Plan Injunction is applicable, the Unfair Prejudice Proceeding presents a colorable claim within the meaning of the Plan Injunction and should be allowed. While Highland Capital Management, L.P. ("HCMLP") and HCMLP Investments, LLC ("HCMLP Investments," together with HCMLP, the "HCM Shareholders"), the majority shareholders in Highland CLO Funding, Ltd.'s ("HCLOF"), are entitled to seek to become parties in the Unfair Prejudice Proceeding, and will be noticed both of the filing of the Application and of the date and time of the hearing of the Application, they are not necessary parties to the Unfair Prejudice Proceeding. Despite pre-filing service of the Application, including all Exhibits, and the form of notice to be sent prior to filing the Application, counsel for the Reorganized Debtor has not consented to the filing of the Application, and reserved all rights in connection therewith.. While the filing of the Application does not even implicate the Plan Injunction (even assuming that the HCM Shareholders are Protected Parties), CLO HoldCo files this Motion for Leave out of an abundance of caution. However, as discussed below, because of the language of the Plan Injunction and exceptions thereto, CLO HoldCo points out that the HCM Shareholders are not Protected Parties in their

2

capacity as shareholders of HCLOF, because they are expressly excluded in such capacity. In support of the relief requested, CLO HoldCo submits as follows:

### SUMMARY

1. The Plan Injunction provides, in pertinent part, that no Enjoined Party (which is defined to include CLO HoldCo) may commence or pursue a claim or cause of action of any kind against any Protected Party (as defined in Plan) that "arose or arises from … the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing" without Bankruptcy Court approval. As shown below, even if HCM and HCMLP Investments are Protected Parties, the Plan Injunction is not applicable to the Application or the Unfair Prejudice Proceeding.

2. The Unfair Prejudice Action is to be filed against HCLOF and will seek an order from the Guernsey Court directing HCLOF to remedy the unfair prejudice against CLO HoldCo as minority shareholder in HCLOF underlying the Application. The Application, the affidavit in support of the Application ("Affidavit") and all Exhibits to the Affidavit, and the proposed form of notice letter to be sent to the HCM Shareholders, are attached hereto and made a part hereof as **Exhibit A**.[1] The Application seeks no relief against the HCM Shareholders.

3. The Plan Injunction explicitly *excludes* HCLOF as a Protected Party, and therefore HCLOF cannot claim to be protected by the Plan Injunction. However, it is not only HCLOF that is excluded from the definition of Protected Parties. In fact, the Plan provides: "for the avoidance

---

[1] Prior to filing this Motion for Leave, counsel for CLO HoldCo provided to counsel for the Reorganized Debtor this Motion for Leave with all Exhibits.

of doubt, none of… Highland CLO Funding, Ltd. (**and any of its subsidiaries, _members_, and managed entities**), … is included in the term 'Protected Party.'" (Emphasis added). Because they are "members" (i.e. shareholders) of HCLOF, the specific exclusion excludes HCMLP and HCMLP Investments from the definition of Protected Party in this capacity (as shareholders of HCLOF). Therefore, for this additional reason the Plan Injunction does not apply to the relief sought by CLO HoldCo through the filing of the Application and prosecuting the Unfair Prejudice Proceeding.

4. Sections 349 through 352 of the the Companies (Guernsey) Law, 2008, set forth the substantive law respecting unfair prejudice actions. Section 349 (4) requires that "The Court shall not hear an application under this section unless satisfied that the company has been notified of the date and time of the hearing." There is no other party requirement in the Companies Law with respect to an Unfair Prejudice Proceeding. Under Rule 37(1)(b)(ii) of the The Royal Court Civil Rules, 2007 "(1) The Court may in any proceedings order that - . . . (b) any person - (i) who ought to have been added as a party, or (ii) between whom and any party to the proceedings there exists a question or issue arising out of or relating to or connected with any relief or remedy claimed in the proceedings which, in the opinion of the Court, it would be just and convenient to determine as between him and that party as well as between the parties to the proceedings, shall be added as a party." Therefore, the HCM Shareholders have the right to seek to be added as parties in their capacities as the majority shareholders of HCLOF. As shown by Exhibit A and this Motion for Leave, the HCM Shareholders have already been given notice of the intention of CLO HoldCo to file the Application, and as well the proposed form of notice to be sent formally. Further CLO HoldCo intends to provide notice upon the filing of the Application, and finally, notice of the date and time of the hearing of the Application.

5. The Application does not implicate the Plan Injunction if the HCM Shareholders are not Protected Parties, and, it appears that by the Debtor's own Plan Injunction language the HCM Shareholders are not Protected Parties in their capacity as shareholders in HCLOF. So, while CLO HoldCo files this Motion for Leave, it has only done so out of an extreme abundance of caution because in the Unfair Prejudice Proceeding, CLO HoldCo seeks no relief against the HCM Shareholders, even if they could be construed as Protected Parties in this context.

## BACKGROUND[2]

6. The precise details and citations to support the allegations set forth herein are provided more fully in the attached Affidavit. But for purposes of this Motion for Leave, CLO HoldCo submits the following abbreviated version:

7. Until November 15, 2017, CLO HoldCo was the sole shareholder of HCLOF. Pursuant to that certain *Subscription and Transfer Agreement dated 15 November 2017* (the "Subscription and Transfer Agreement"), CLO HoldCo transferred and sold a total of 50.8% of its shareholding to several new shareholders, including the various HarbourVest entities.

8. In the above-captioned bankruptcy case (the "Bankruptcy Case"), HarbourVest filed proofs of claim asserting several causes of action against HCMLP arising out of the Subscription and Transfer Agreement. On December 23, 2020, HCMLP filed its *Motion for Entry of an Order Approving Settlement with HarbourVest and Authorizing Actions Consistent Therewith* [Dkt. No. 1625] (the "HarbourVest Settlement Motion") whereby HCMLP sought approval of its settlement agreement reached with HarbourVest (the "HarbourVest Settlement") in which HarbourVest agreed to transfer all of its rights, title, and interest in HCLOF to HCMLP

---

[2] Capitalized terms used herein not otherwise defined take their meaning from the Affidavit.

(through another entity) pursuant to a *Transfer Agreement for Ordinary Shares of Highland CLO Funding, Ltd*.

9. On January 21, 2021, the Court entered the *Order Approving Debtor's Settlement with HarbourVest and Authorizing Actions Consistent Therewith* [Dkt. No. 1788] (the "HarbourVest Settlement Order").

10. As a result, the HCM Shareholders hold a majority shareholding of 50.612% of the equity in HCLOF. CLO HoldCo retains 49.015% of the shareholdings.

11. The investment period of HCLOF ended on April 30, 2020. Therefore, HCLOF is beyond its investment period and is not being actively managed and is instead in wind down, which is the process of dissolving a business by liquidating stock, paying off creditors, and distributing any remaining shareholder assets..

12. But as set forth in the Affidavit, HCLOF, through its directors, has not properly fulfilled this mandate and in turn, caused unfair prejudice to CLO HoldCo as minority shareholder. The examples of unfair prejudice are set forth in great detail in the attached Affidavit. By way of example, CLO HoldCo points to these particular examples of unfair prejudice, which acutely show that HCLOF is no longer operating in accordance with its stated investment objective.

**A. U.S. Bank Unlawful Withholding of Redemption Proceeds**

13. For instance, in May 14, 2021, HCLOF submitted a redemption request to the indentured trustee of certain of its CLOs, U.S. Bank N.A. ("U.S. Bank"). Shortly thereafter, on May 14, 2021, NexPoint Diversified Real Estate Trust (formerly known as NexPoint Strategic Opportunities Fund) ("NexPoint") filed a complaint in the United States District Court for the Southern District of New York against several parties including U.S. Bank (in its capacity as trustee of the HCLOF) (the "NexPoint Litigation").

14. On or around June 23, 2021, HCLOF's request for a redemption was satisfied and U.S. Bank liquidated nearly all of the requested CLOs and redeemed the secured notes, leaving only certain subordinated notes outstanding (the "Redemption"). As a result of the Redemption, there were proceeds available to make significant payments to the holders of subordinated notes (the "Redemption Proceeds").

15. The Redemption Proceeds were supposed to be distributed to the various noteholders, including, HCLOF, in accordance with the rights of those noteholders; however, U.S. Bank, has reserved the entire Redemption Proceeds to pay for their legal expenses and any potential liability in connection with the NexPoint Litigation. The value of the cash holdings retained by U.S. Bank as of March 2022 amounted to approximately $39 million.

16. HCLOF has taken the position that: "US Bank's stated justification for retaining the [Redemption Proceeds] is premised on certain threatened litigation from CLO Holdco and [the NextPoint Litigation]…including litigation in which the [HCLOF] is cited as a nominal defendant." But HCLOF declared in pleadings that U.S. Bank has no legal right to withhold the Redemption Proceeds, and therefore has acknowledged that the supposed "perceived threat" of litigation grants U.S. Bank no basis to withhold. Despite this, HCLOF has taken no action to force payment by U.S. Bank of the Redemption Proceeds.

17. The failure of HCLOF to make any attempt to force the release of the Redemption Proceeds is unfairly prejudicial to CLO HoldCo.

**B. Share Buyback Proposal**

18. On June 28, 2022, HCLOF, through Chairman Boleat, sent that certain share buyback proposal ("Share Buyback Proposal"). Therein, HCLOF represented that during the second quarter of 2022, HCLOF monetarized its interests in MGM Studios equity, resulting in

$38,274,397.88 of unencumbered cash. Citing to this cash, HCLOF stated that its board was able to offer shareholders the opportunity to sell their shareholdings back to HCLOF. While the cash was insufficient to buy back all outstanding shares, the HCM Shareholders had previously indicated to HCLOF that they would not enter into a buyback transaction.

19. The Share Buyback Proposal offered to buy back all of CLO HoldCo's outstanding shares (on an all or nothing basis) at 85% of the May 2022 NAV (55.53 cents per share), being 47.20 cents per share.

20. In response, CLO HoldCo noted that a discount of 15% on cash is unwarranted, and further, holding such significant cash reserves where HCLOF in wind down and not actively trading, is inappropriate.

21. HCLOF's improper holding of significant cash and seeking to impose the unwarranted 15% discount (on CLO HoldCo's 49.015% interest in some $78 Million in cash either on hand or in the form of Redemption Proceeds) is unfairly prejudicial to CLO Holdco.

**C. Unfair Prejudice Application and Exit Proposals**

22. In addition to this refusal of HCLOF to distribute available cash, for which it has no investment purpose and which is losing value every day due to inflation and its refusal to take action against U.S. Bank in relation to the Redemption Proceeds, CLO HoldCo sets forth in the Affidavit that HCLOF has an improperly close relationship with the HCM Shareholders and appears to be preferring their interests, has invalidly sought to appoint a voting member to the advisory board of the HCLOF to represent the HCM Shareholders' interests as collective majority shareholder; and has provided limited and insufficient responses to repeated information requests by CLO HoldCo on important and pressing issues.

23. To mitigate further harm caused by this unfair prejudice, CLO HoldCo seeks to file the Application, which seeks among other things approval by the Guernsey Court of certain Applicant Exit Proposals (defined in the Affidavit), which would provide CLO HoldCo with its full share of assets attributable to its interest, including the right to pursue an action for its own account against U.S. Bank.

24. While described more fully in the Affidavit, the Applicant Exit Proposals are simply an acceleration of the liquidation process with respect to CLO Holdco, and HCLOF can thereafter take whatever actions upon which it and its remaining shareholders agree.

25. Essentially, the requested Applicant Exit Proposals would provide CLO HoldCo with the cash attributable to its interests in HCLOF and permit CLO HoldCo to deal with U.S. Bank directly for its share of the Redemption Proceeds, and alternatively, it is necessary, for CLO HoldCo to be allowed to act on behalf of HCLOF against U.S. Bank. The Application as well specifies examples of alternative relief available, and seeks any and all further relief to which it is entitled.

26. Importantly, *__neither the neither the Applicant Exit Proposals nor any other relief requested seeks any relief against the HCM Shareholders__*.

### RELIEF REQUESTED

27. By this Motion for Leave, CLO HoldCo respectfully requests that this Court enter an order finding either that: (i) the Unfair Prejudice Proceeding does not implicate the Plan Injunction or, alternatively, (ii) if the Unfair Prejudice Proceeding does implicate the Plan Injunction, the Unfair Prejudice Proceeding sets forth a colorable claim within the meaning of the Plan Injunction.

**BASIS FOR RELIEF**

**A. Because no relief is being sought against a Protected Party, the Plan Injunction is not implicated.**

28. In the Plan, the Debtor defined the term Protected Party in great detail and explicitly *excluded* HCLOF from the definition, which is penitent part:

> Protected Parties are: (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, … provided, however, that, for the avoidance of doubt, none of Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities) is included in the term "Protected Party."

29. The Affidavit is clear that *no relief* is sought against the HCM Shareholders. Instead, the relief sought is purely against HCLOF. The Plan Injunction, of course, cannot be interpreted to apply to a party specifically *excluded* from the definition of the Protected Party.

30. But the definition of Protected Party goes further than just specifically excluding HCLOF, it also excludes any member of HCLOF. So while otherwise encompassed in the definition of Protected Parties, in their capacity as members of HCLOF, the HCM Shareholders are specifically excluded from the definition of Protected Parties.

31. The HCM Shareholders will receive notice and will have the opportunity to seek to be added as a party specifically be virtue of being members of HCLOF. *See* Royal Court Civil Procedural Rules (2007) (which apply in Guernsey Court), Rule 37(1)(b). But in this capacity, the HCM Shareholders are specifically *excluded* from the definition of Protected Parties.

32. Moreover, even outside of this limited capacity, in the Unfair Prejudice Proceeding, CLO HoldCo does not seek to commence or pursue a claim or cause of action *against* a Protected Party. Rather, the only relief sought is against HCLOF (which is expressly excluded from the definition of Protected Party).

33. Therefore, the Plan Injunction cannot apply to the Unfair Prejudice Proceeding.

**B. If the Plan Injunction does apply, the Unfair Prejudice Proceeding sets forth a colorable claim.**

34. Unlike the terms "Enjoined Party" and "Protected Party," the Plan does not define what constitutes a "colorable claim." Nor does the Bankruptcy Code define the term.

35. The Fifth Circuit has stated that "the colorable claim standard is met if the [movant] has asserted claims for relief that on appropriate proof would allow a recovery. Courts have determined that a court need not conduct an evidentiary hearing, but must ensure that the claims do not lack any merit whatsoever." *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 248 (5th Cir. 1988). To put it another way, the Court need not be satisfied that there is an evidentiary basis for the claims to be asserted but instead should allow the claims if they appear to have some merit.

36. Other federal circuit courts have reached similar conclusions regarding the standard to be applied. For example, the Eighth Circuit held that "creditors' claims are colorable if they would survive a motion to dismiss." *In re Racing Services, Inc.*, 540 F.3d 892, 900 (8th Cir. 2008); *accord In Re Foster*, 516 B.R. 537, 542 (B.A.P. 8th Cir. 2014), aff'd 602 Fed. Appx. 356 (8th Cir. 2015) (per curiam). The Sixth Circuit has adopted a similar test requiring that the court look only to the face of the complaint to determine if claims are colorable. *In re The Gibson Group, Inc.*, 66 F.3d 1436, 1446 (6th Cir. 1995).

37. Although there is a dearth of Texas district court case law on point, other federal courts have all adopted the same standard—i.e., a claim is colorable if it is "plausible" and thus could survive a motion to dismiss. *See In re America's Hobby Center, Inc.*, 223 B.R. 273, 282 (S.D.N.Y 1998). In addition, in the non-bankruptcy context, the District Court for this district has explained that "[t]he requirement of a 'colorable claim' means only that the plaintiff must have an

'arguable claim' and not that the plaintiff must be able to succeed on that claim." *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P*., 207 F. Supp. 2d 570, 577 (N.D. Tex. 2002).

38. The Unfair Prejudice Proceeding certainly meets this any iteration of the standard for what constitutes a colorable claim. CLO HoldCo's Guernsey counsel is prepared to commence the Unfair Prejudice Proceeding through the filing of the Application.

39. HCLOF has taken the position that U.S. Bank has no right to withhold the Redemption Proceeds but has done nothing about it, to the prejudice of HCLOF's shareholders. HCLOF is holding very large amounts of cash while it is past its investment period and only offering a buyback at an unwarranted discount. HCLOF has made a Share Buy-Back Proposal which seeks a windfall to the HCM Shareholders, as it would require a 15% discount on cash. HCLOF has attempted to appear reasonable in making a dividend decision, when the decision includes HCLOF retaining far in excess than cash necessary to its final stage wind down and liquidation. These are only some examples of acts and omissions by HCLOF which continue to be prejudicial to CLO HoldCo.

40. Under applicable Guernsey law, a member of a company may apply to the Guernsey Court for an order on the ground that an actual or proposed act or omission of the company (including an act or omission on its behalf) is or would be prejudicial. *See* The Companies (Guernsey) Law, 2008 at Section 349(1)(b).

41. If the Guernsey Court is satisfied that such an application is well founded, it has discretion to make such order as it thinks fit for giving relief in respect of the matters complained of. *Id*. at Section 350(1).

42. As set forth herein and more fully in the Affidavit, HCLOF's acts and omissions have and continue to prejudice CLO HoldCo.

43. While CLO HoldCo points the Court to the attached Affidavit setting forth the robust factual support for it contentions, this Court's analysis of whether the Unfair Prejudice Proceeding sets forth a colorable claim is not whether the Court finds there is enough evidence presented. Rather, if on the face of the Application (including the Affidavit and all Exhibits thereto), there appears a plausible claim under applicable Guernsey law, the Unfair Prejudice Proceeding presents a colorable claim.

## CONCLUSION

The Motion for Leave is filed out of an extreme abundance of caution because the Unfair Prejudice Proceeding does not assert any claim or commence a proceeding against a Protected Party. Therefore, the analysis of whether the Unfair Prejudice Proceeding sets forth a colorable claim should be irrelevant, as the Plan Injunction is inapplicable. But in the event the Court construes the Unfair Prejudice Proceeding otherwise, under applicable Guernsey law, the Unfair Prejudice Proceeding sets forth a claim that is, under any interpretation of the term, colorable.

[*signature block on following page*]

**Respectfully submitted:**

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this September 9, 2022.

*/s/ Louis M. Phillips*
Louis M. Phillips