PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) *(admitted pro hac vice)*
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. |  |

**THE HIGHLAND PARTIES' MOTION TO QUASH SUBPOENAS SERVED BY
THE DUGABOY INVESTMENT TRUST OR FOR A PROTECTIVE ORDER**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

RELIEF REQUESTED...................................................................................................... 3

JURISDICTION AND VENUE ........................................................................................ 3

RELEVANT BACKGROUND ......................................................................................... 3

ARGUMENT .................................................................................................................... 5

    A.    The Subpoenas Should Be Quashed .................................................................. 5

    B.    The Subpoenas Seek Irrelevant Information and Are Therefore Unduly
            Burdensome ........................................................................................................ 6

            1.    The Information Dugaboy Seeks to Obtain by the Subpoenas Is
                 Irrelevant ................................................................................................. 7

            2.    Dugaboy Has No Right to the Information It Seeks by the
                 Subpoenas ................................................................................................ 8

    C.    The Subpoena to Highland Is an Improper Attempt to Evade FRCP 34 ............... 8

    D.    In the Alternative, the Court Should Issue a Protective Order Staying the
            Subpoenas Until Its Decision on the Valuation Motion Becomes Final and
            Non-Appealable .................................................................................................. 9

PRAYER........................................................................................................................... 11

## TABLE OF AUTHORITIES

### CASES

*Arthur Finnieston, Inc. v. Pratt*,
  673 So. 2d 560 (Fla. Dist. Ct. App. 1996) ............................................................. 8

*Gomez v. Normand*,
  No. 16-17046, 2017 U.S. Dist. LEXIS 103386 (E.D. La. July 5, 2017) ................ 9

*Meisenheimer v. DAC Vision Inc.*,
  No. 3:19-cv-1422-M, 2019 U.S. Dist. LEXIS 209433, 2019 WL 6619198
  (N.D. Tex. Dec. 4, 2019) ..................................................................................... 10

*Nageire v. Ortega T. (In re Ortega T.)*,
  562 B.R. 538 (Bankr. S.D. Fla. 2016) ................................................................... 7

*Robinson v. Miller*,
  No. 2:11-cv-56-JHR, 2011 U.S. Dist. LEXIS 71149 (D. Me. June 30, 2011) ....... 7

*Romac Env't Servs., LLC v. Wildcat Fluids, LLC*,
  Civil Action No. 6:20-0581, 2022 U.S Dist. LEXIS 99837 (W.D. La. June 3,
  2022) ............................................................................................................. 5, 6, 10

*Wiwa v. Royal Dutch Petroleum Co.*,
  392 F.3d 812 (5th Cir. 2004) .................................................................................. 6

### STATUTES

28 U.S.C. § 1334 ........................................................................................................ 3

28 U.S.C. § 1408 ........................................................................................................ 3

28 U.S.C. § 1409 ........................................................................................................ 3

28 U.S.C. § 157 .......................................................................................................... 3

28 U.S.C. § 157(b) ..................................................................................................... 3

### RULES

Fed. R. Bankr. P. 7026 ............................................................................................... 3

Fed. R. Bankr. P. 9014 ....................................................................................... 3, 8, 9

Fed. R. Bankr. P. 9016 .......................................................................................... 3, 5

Fed. R. Civ. P. 26(b)(1) .............................................................................................. 6

Fed. R. Civ. P. 26(c)(1) .............................................................................................. 9

Fed. R. Civ. P. 45 ........................................................................................... 3, 5, 8, 9

Fed. R. Civ. P. 45(d)(3) .............................................................................................. 6

Highland Capital Management, L.P. ("Highland" or, as applicable, the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case, HCMLP GP LLC ("Highland GP"), the Highland Claimant Trust (the "Claimant Trust"), and Development Specialists, Inc. ("DSI") (collectively, the "Highland Parties"), by and through their undersigned counsel, hereby file this motion (the "Motion to Quash") (i) pursuant to Federal Rule of Civil Procedure ("FRCP") 45(d), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016, to quash the Subpoenas[1] served by The Dugaboy Investment Trust ("Dugaboy") on the Highland Parties or, in the alternative, (ii) for a protective order pursuant to FRCP 26(c), made applicable herein pursuant to Bankruptcy Rules 9014 and 7026.

## PRELIMINARY STATEMENT[2]

1.      Dugaboy puts the cart before the horse. The Subpoenas should be quashed because they are an improper attempt to obtain through discovery the very relief sought in the Valuation Motion; indeed, if the Subpoenas are enforced, the Valuation Motion will effectively be rendered moot.

2.      In the Valuation Motion, Dugaboy seeks an evidentiary hearing and "a determination by this Court of the current value of the estate and an accounting of the assets currently held by the Claimant Trust and available for distribution to creditors," all so it can ostensibly determine whether its *de minimis*, contingent, subordinated equity interest in the Claimant Trust is "in the money." But as set forth in Highland's Objection to the Valuation Motion, Dugaboy has no legal or equitable right to obtain the information sought in the Valuation Motion,

---

[1] "Subpoenas" refers to the subpoenas attached as Exhibits 1 to 4, respectively, to the *Declaration of John A. Morris in Support of the Highland Parties' Motion to Quash Subpoenas Served by The Dugaboy Investment Trust of for a Protective Order* ("Morris Decl.") being filed simultaneously with this Motion to Quash.

[2] Capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

a result that is not altered by the service of the Subpoenas. Indeed, it is indisputable that Dugaboy does not have, and will never have, a legally cognizable interest in the post-Effective Date estate unless and until the Trustee files a certification with the Court declaring that unsecured creditors have been paid in full and all disputed claims have been resolved.

3.      Nevertheless, Dugaboy served the Subpoenas seeking broad discovery—essentially all of Highland's financial information since even before the Effective Date. But Dugaboy has failed to establish that it has a right to the information sought, and that is fatal. At, best, the Subpoenas were served prematurely.

4.      Separately, the Subpoena directed to Highland should be quashed because FRCP 45 does not apply to parties such as Highland. Dugaboy was required to follow the regular procedure for document production under FRCP 34, made applicable by Bankruptcy Rules 9014 and 7034. FRCP 34, of course, gives parties (such as Highland) thirty days to respond and provides a developed mechanism for presentation of the recipient's objections, resolution of those objections, and production. Dugaboy offer no basis or justification for its attempt to deprive Highland of its rights under FRCP 34.

5.      Alternatively, if the Court declines to quash the Subpoenas (or any of them), the Highland Parties request that the Court issue a protective order holding the Subpoenas in abeyance until thirty (30) days after an order resolving the Valuation Motion becomes final and non-appealable.[3]

---

[3] If the Court denies the Valuation Motion, the Subpoenas should be quashed at that time. If the Court grants the Valuation Motion, the Highland Parties should be permitted to object to the scope of the requests within the Subpoenas as it deems appropriate.

2

## RELIEF REQUESTED

6.     The Highland Parties request that the Court quash the Subpoenas, or, alternatively, issue a protective order holding the Subpoenas in abeyance until the Court decides the Valuation Motion and, should it grant the Valuation Motion in whole or in part, set this Motion to Quash for hearing thirty (30) days after its order on the Valuation Motion becomes final and non-appealable.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, FRCP 45 and Bankruptcy Rule 9016. The statutory predicates for the relief requested in this Motion to Quash are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014, 9016, and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELEVANT BACKGROUND

8.     October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Bankruptcy Case"). The Bankruptcy Case was subsequently transferred to this Court on December 4, 2019.

9.     On February 22, 2021, this Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order"), which confirmed the *Fifth Amended*

*Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "Plan").[4]

10.     The Plan became effective on August 11, 2021 [Docket No. 2700] (the "Effective Date").

11.     On the Effective Date, all prepetition equity interests in Highland, including Dugaboy's *de minimis* interest, were canceled. New limited partnership interests were issued to the Claimant Trust and new general partnership interests were issued to Highland GP (together with Highland, the "Highland Entities"). Beneficial interests in the Claimant Trust were issued to Highland's prepetition general unsecured creditors in Class 8 (General Unsecured Claims) and Class 9 (Subordinated Claims). Highland's assets were either transferred to the Claimant Trust or remained at Highland for monetization.

12.     The Plan provides that former equity holders such as Dugaboy have only a contingent, springing beneficial interest in the Claimant Trust that arises only if and at the time that the Claimant trustee certifies to the Bankruptcy Court that the Debtor's unsecured creditors are paid in full and all disputed unsecured claims have been resolved.

13.     Even though it has no cognizable interest in the Claimant Trust, on June 30, 2022, Dugaboy filed its *Motion for the Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382] (the "Valuation Motion") seeking to have the Court determine "the current value of the estate and an accounting of the assets currently held the Claimant Trust and available for distribution to creditors." Valuation Motion at 1.

---

[4] On August 19, 2022, the United States Court of Appeals for the Fifth Circuit affirmed the Confirmation Order in relevant part. Case No. 21-10449, Document No. 516439341. On September 7, 2022, the Fifth Circuit granted appellants' motion for rehearing, withdrew the Initial Opinion, and entered a slightly revised new opinion which replaced the opinion entered on August 19, 2022. *Id.*, Document Number 516462923.

4

14.     On August 24, 2022, Highland filed its objection to the Valuation Motion [Docket No. 3465] (the "Objection"). Dugaboy has not filed a reply in support of the Valuation Motion and the Valuation Motion has not been set for a hearing.

15.     Rather than await the Court's determination of the Valuation Motion as to its entitlement to a valuation and accounting, Dugaboy served the Subpoenas on August 31 and September 1, 2022, seeking to have (i) Highland, (ii) its general partner, Highland GP, and (iii) its financial advisor, DSI, produce the very documents sought in the Valuation Motion. The Subpoenas seek broad financial and business information from both before and after the Effective Date of the Plan and set a compliance date of September 15, 2022.

16.     The Highland Parties asked Dugaboy to adjourn the compliance date to the date that is thirty (30) days after a decision on the Valuation Motion becomes final and unappealable. [Dugaboy has not agreed to the Highland Parties' proposal.]

17.     This Motion to Quash followed.

## ARGUMENT

### A.     The Subpoenas Should Be Quashed

18.     FRCP 45 (made applicable to this contested matter by Bankruptcy Rule 9016) "explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify." *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, Civil Action No. 6:20-0581, 2022 U.S Dist. LEXIS 99837, at *3 (W.D. La.

June 3, 2022) (quashing subpoena). FRCP 45(d)(3) provides that "[o]n timely motion, the court

. . . must quash or modify a subpoena that . . . subjects a person to undue burden."[5]

19.     The *Romac* court continued:

> In analyzing whether a subpoena presents an undue burden, courts
> consider the following factors: "(1) relevance of the information
> requested; (2) the need of the party for the documents; (3) the
> breadth of the document request; (4) the time period covered by the
> request; (5) the particularity with which the party describes the
> requested documents; and (6) the burden imposed….Whether a
> burdensome subpoena is reasonable must be determined according
> to the facts of the case, such as the party's need for the documents
> [or information] and the nature and importance of the litigation.

*Romac Env't Servs.*, 2022 U.S. Dist. LEXIS 99837 at *4 (quoting *Wiwa v. Royal Dutch Petrol.*

*Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Relevance is determined under the standard of FRCP

26(b)(1): "[i]nformation must therefore be nonprivileged, relevant, and proportional to the needs

of the case to constitute discoverable material." *Id.* at *5. Movant bears the burden of persuasion

that compliance with the subpoena "would be unreasonable and oppressive." *Id.* at *4 (citing

*Wiwa*).

**B.      The Subpoenas Seek Irrelevant Information**
**and Are Therefore Unduly Burdensome**

20.     The Subpoenas should be quashed because they are unduly burdensome in that they

seek information that is premature on the Valuation Motion, and instead improperly demand

documents for a valuation and accounting that is the ultimate relief that Dugaboy is seeking. The

"undue burden" factors weigh overwhelmingly in favor of quashing the Subpoenas.

---

[5] Dugaboy issued the Subpoenas out of this Court, although the place of compliance is New Orleans.  By designating this Court as the issuing court, Dugaboy has waived any objection to this Court hearing this Motion to Quash.  The Highland Parties consent to this Court hearing the Motion to Quash as well.  See *Romac*, 22 U.S. Dist. LEXIS 99837 at *7-8.  If need be, the Highland Parties request that the Court consider Section I of this Motion to Quash to be considered to be a motion for a protective order denying production of the requested documents.

### 1. The Information Dugaboy Seeks to Obtain by the Subpoenas Is Irrelevant

21. At the first level, the information Dugaboy seeks is irrelevant to the Court's determination of the Valuation Motion. The issues concerning the Valuation Motion are legal in nature and can be resolved by the plain and unambiguous terms and provisions of the Plan, the Claimant Trust Agreement, and the other Plan documents. In contrast, the information sought by the Subpoenas has no bearing on Dugaboy's standing or purported right to a valuation or an accounting and are therefore irrelevant to that determination.[6] Quite frankly, if Dugaboy thought that it needed discovery to pursue its claim of entitlement to a valuation or accounting, it could—and should—have brought the claim as an adversary proceeding. It did not.

22. Furthermore, the information that Dugaboy seeks in the Subpoenas is at best premature, because that information is the very object of the Valuation Motion. If the Valuation Motion is granted, Dugaboy will be entitled to appropriate discovery for such accounting. But here, enforcement of Subpoenas at this stage would give Dugaboy the ultimate relief it seeks—before any determination is made that it is entitled to such relief.

23. For that reason, substantive discovery for the accounting itself must await the determination of the party's right to an accounting. *See Nageire v. Ortega T. (In re Ortega T.)*, 562 B.R. 538, 543 (Bankr. S.D. Fla. 2016) (accounting premature until court determined that entities in issue were property of the estate); *Robinson v. Miller*, No. 2:11-cv-56-JHR, 2011 U.S. Dist. LEXIS 71149, at *25 (D. Me. June 30, 2011) (Plaintiff not entitled to discovery on accounting claim before establishing right to accounting); *Arthur Finnieston, Inc. v. Pratt*, 673 So. 2d 560,

---

[6] To the extent that Dugaboy asserts that it needs discovery on the threshold issue of its standing and entitlement to an accounting or valuation, that assertion would only emphasize that this matter should have been brought as an adversary proceeding, as Bankruptcy Rule 7001(2) requires, which would allow for orderly determination and scheduling of discovery to which the parties agree or that the Court determines to be appropriate. *See* Objection ¶ 24.

562 (Fla. Dist. Ct. App. 1996) ("It is well established that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled") (internal quotation marks omitted)).

### 2. Dugaboy Has No Right to the Information It Seeks by the Subpoenas

24. Moreover, Dugaboy has no right to the information requested in the Subpoenas. As Highland states in its Objection:

> Dugaboy does not—and cannot—cite to a statute, rule, or judicial opinion authorizing this Court to grant the relief it seeks. Moreover, Dugaboy does not claim to be a beneficiary of the Claimant Trust, and it is not. Nor does Dugaboy contend—because it cannot—that it has any right under the Plan, the Claimant Trust Agreement, or any of their related agreements and documents to the information it seeks. Indeed, even actual beneficiaries of the Claimant Trust have no right to the information Dugaboy demands.[6]

Objection ¶ 11. *See* Claimant Trust Agreement, effective as of August 11, 2021 (the "CTA") § 3.12(b) (the CTA provides Claimant Trust beneficiaries with limited information rights; however, the Claimant Trustee may "redact any portion of such reports" to protect confidential information). A true and accurate copy of the CTA is attached to the Morris Decl. as **Exhibit 5**. The Subpoenas, then, are an effort by Dugaboy to bypass the terms of the Plan and the Claimant Trust governing documents and gain access to information to which it has no right.

### C.  The Subpoena to Highland Is an Improper Attempt to Evade FRCP 34

25. Highland—the Debtor—is a party to this contested matter. Rule 9014 makes FRCP 34—concerning the production of documents and things—applicable to parties to this contested matter. Rule 34 provides greater structure for the production of documents by parties, most notably a 30-day deadline for responding to requests for production rather than the 14 days set unilaterally by Dugaboy in the Subpoenas under Rule 45. "However, the Court in this District and others in this Circuit have disallowed the improper use of a Rule 45 subpoena to obtain information or

8

documents more properly discovered under Federal Rule of Civil Procedure 33 or 34." *Gomez v. Normand*, No. 16-17046, 2017 U.S. Dist. LEXIS 103386, at *3 (E.D. La. July 5, 2017) (collecting cases and quashing subpoena served on party).

26.     Here, Dugaboy's misuse of Rule 45 to serve a subpoena requiring production of documents in 14 days rather than 30 is emblematic of its greater procedural failure in bringing its purported claim for valuation and accounting by motion as a contested matter, rather than as an adversary proceeding under Bankruptcy Rule 7001(2) for the determination of the extent of an interest in property. Objection ¶ 24. Had Dugaboy brought a proper adversary proceeding, its efforts at discovery would have been subject to the full, orderly structure and scheduling of FRCP 26 rather than Dugaboy's whims and tactics. The Subpoena to Highland should be quashed on the grounds that Dugaboy should have employed a FRCP 34 demand for production. *See Gomez*, 2017 U.S. Dist. LEXIS 103386, at *3-4.

27.     For all these reasons, the Court should quash the Subpoenas.

**D.     In the Alternative, the Court Should Issue a Protective Order Staying the Subpoenas Until Its Decision on the Valuation Motion Becomes Final and Non-Appealable**

28.     Should the Court decline to immediately quash the Subpoenas (or any of them), it should issue a protective order under FRCP 26(c)(1) (made applicable herein by Bankruptcy Rule 9014) that holds the Subpoenas and this Motion to Quash in abeyance until the issues raised by the Valuation Motion are resolved. At that point, the scope of discovery, if any, to which Dugaboy is entitled will be clearer. The Highland Parties should then be permitted to raise any objections to the scope of the Subpoenas, and Dugaboy's discovery requests can be addressed in an orderly way.

29.     FRCP 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c)(1); *see Romac Env't Servs.*, 2022 U.S. Dist. LEXIS 99837, at *6. The Court

9

has wide discretion in determining whether or not to impose a protective order and fashioning one. *Id.*, at *6-7.

30.     Movant in the first instance bears the burden of persuasion for the issuance of a protective order. "Like a motion to quash, the 'burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.*, at *6 (alteration in original) (quoting *Meisenheimer v. DAC Vision Inc.*, No. 3:19-cv-1422-M, 2019 U.S. Dist. LEXIS 209433, 2019 WL 6619198, at *2 (N.D. Tex. Dec. 4, 2019)).

31.     The burden then shifts to the party propounding the discovery. "To successfully oppose a motion for protective order, however, the party seeking discovery may need to make its own showing of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Id.*, at *7. Any relevant public interest may also be a consideration. *Id.*

32.     Here, should the Court not quash the Subpoenas, the Highland Parties request that the Court issue a protective order adjourning this Motion to Quash until thirty days after the Court's order on the Valuation Motion becomes final and no longer subject to appeal. If the Court denies the Valuation Motion, then the Subpoenas will be moot. If and to the extent the Court grants any part of the Valuation Motion, then it may be that some part of the discovery requested by Dugaboy could become relevant.

33.     As demonstrated above, the Subpoenas place an undue burden upon the Highland Parties in that they are a premature and back-door attempt to obtain the very relief sought in the Valuation Motion (to which Dugaboy has no legal or equitable right). Reciprocally, because

Dugaboy has no right to the information it seeks, it cannot be disadvantaged by a protective order, and the information in any event has no probative value at this point in this contested matter.

34.     The Subpoenas do not implicate any public interest in this essentially private dispute.

35.     In the event that the Court does not quash the Subpoenas, the Highland Parties request that it enter the requested protective order.

### **PRAYER**

WHEREFORE, the Highland Parties respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, quashing the Subpoenas, or, alternatively, issuing a protective order adjourning this Motion to Quash until 30 days after its order on the Valuation Motion becomes final and non-appealable.

Dated: September 14, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

12

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 12, 2022, Highland's counsel communicated with Dugaboy's counsel regarding the relief requested in this Motion to Quash. The relief requested in the Motion to Quash is opposed by Dugaboy.

/s/ Zachery Z. Annable
Zachery Z. Annable

13

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ------------------------------------------------------------- | § | |
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| ------------------------------------------------------------- | § | |

<u>**ORDER GRANTING THE HIGHLAND PARTIES' MOTION TO QUASH**</u>

This matter having come before the Court on *The Highland Parties' Motion to Quash*

*Subpoenas Served by The Dugaboy Investment Trust or for a Protective Order* [Docket No. _____]

(the "<u>Motion</u>")[2] filed by Highland Capital Management, L.P., the reorganized debtor ("<u>Highland</u>"

or the "<u>Debtor</u>") in the above-captioned chapter 11 case, on its own behalf and on behalf of

HCMLP GP LLC, the HCMLP Claimant Trust, and Development Specialists, Inc. (collectively

---

[1] The last four digits of Highland's taxpayer identification number are 8357. The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

with Highland, the "Movants"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered (a) the Motion, (b) the *Declaration of John A. Morris in Support of the Highland Parties' Motion to Quash Subpoenas Served by The Dugaboy Investment Trust or for a Protective Order* [Docket No. _____], including Exhibits 1 through 5 annexed thereto, (c) all responses to the Motion, and (d) the arguments presented by counsel at the hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Subpoenas issued by The Dugaboy Investment Trust to the Movants are quashed.

3.      The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

### ### END OF ORDER ###