# EXHIBIT 1



**CT Corporation**
Service of Process Notification
09/01/2022
CT Log Number 542232440

## Service of Process Transmittal Summary

**TO:** Legal Notices
HIGHLAND CAPITAL MANAGEMENT, L.P.
100 CRESCENT CT STE 1850
DALLAS, TX 75201-7817

**RE:** **Process Served in Delaware**

**FOR:** Highland Capital Management, L.P. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HIGHLAND CAPITAL MANAGEMENT, L.P vs. Highland Capital Management, LP Name discrepancy noted. |
| **CASE #:** | 1934054SGJ |
| **NATURE OF ACTION:** | Subpoena - Financial/Credit card records |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/01/2022 at 01:13 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Legal Notices notices@hcmlp.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
866-203-1500
DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 1, 2022
**Server Name:** Kevin Dunn

| Entity Served | HIGHLAND CAPITAL MANAGEMENT, L.P. |
|---|---|
| Case Number | 19-34054 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN__ District of __TEXAS__

In re __HIGHLAND CAPITAL MANAGEMENT, L.P__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-34054(SGJ)__

Chapter __11__

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Highland Capital Management, LP, c/o The Corp. Trust Co., Corp. Trust Cent., 1209 Orange St. Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 650 Poydras, Suite 2500, New Orleans LA 70130 | 09/15/2022  9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __08/31/22__

CLERK OF COURT

OR

_____                  /s/Douglas Draper
*Signature of Clerk or Deputy Clerk*            *Attorney(s) signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Dugaboy Investment Trust   , who issues or requests this subpoena, are:
Douglas Draper, Heller Draper & Horn, 650 Poydras, Suite 2500, New Orleans LA, ddraper@hellerdraper.com, 504-299-3333

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SUBPOENA TO HIGHLAND CAPITAL MANAGEMENT, L.P.
ATTACHMENT A
CASE NO. 19-34054-SGJ11

## SUBPOENA ATTACHMENT A

### I. DEFINITIONS

The following definitions shall apply herein:

1. The terms **"all," "any,"** and **"each"** shall each be construed as encompassing any and all. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term **"document"** is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "Document" shall be construed as a document and all attachments thereto.

3. The terms **"including"** and **"includes"** are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to."

4. **"Acis"** means Acis Capital Management, L.P. and/or Acis Capital Management GP, LLC, and any of their agents, representatives, advisors, attorneys, or any other person acting on their behalf, including Joshua Terry.

5. **"Acis CLOs"** means all collateralized loan obligations managed by Acis

6. **"Debtor"** or **"HCMLP"** means Highland Capital Management, L.P., including its bankruptcy estate as a debtor in possession, the Reorganized Debtor (as that term is defined in the Plan), each of their general partners, and any of their respective predecessors, successors, partners, general partners, boards of directors (including independent directors), employees, agents, representatives, financial advisors, restructuring professionals, attorneys, or any other person acting on its behalf.

7. **"Exit Financing"** means the Exit Financing Agreement which the Court authorized the Debtor to enter into on June 30, 2021 [Dkt. 2503].

8. **"HCMLP Assets"** means all assets in which HCMLP held a direct or indirect interest, including but not limited assets held in Highland CLO Funding, Ltd., Dynamic Income Fund, Highland Opportunistic Credit Fund, Highland Healthcare Opportunities Fund, Stonebridge-Highland Healthcare Private Equity Fund ("Korean Fund"), Highland Select Equity Fund, Highland Multi Strategy Credit Fund, Highland Restoration Capital Partners, and the Highland CLOs.

9. **"Highland CLOs"** means Aberdeen Loan Funding, Ltd., Brentwood CLO, Ltd., Eastland CLO, Ltd., Gleneagles CLO, Ltd., Grayson CLO, Ltd., Greenbriar CLO, Ltd., Highland CLO 2018-1, Ltd., Highland Creditor Opportunities CDO Ltd., Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Jasper CLO Ltd., Highland Legacy Limited,

{00378646-1}
WEST\299816563.2

SUBPOENA TO HIGHLAND CAPITAL MANAGEMENT, L.P.
ATTACHMENT A
CASE NO. 19-34054-SGJ11

MultiStrat, Highland CLO Funding, Ltd., Trussway, all other portfolio companies and subsidiaries, and each individual Acis and Highland CLO.

9. All documents related to the Exit Financing, including financial reports, monthly account statements, and documents identifying the use of loan proceeds, payments made on the loan, and the outstanding balance due in the loan.

10. All agreements containing incentives, compensation, or a bonus structure executed by or on behalf of HCMLP with any person, firm, or corporation that has provided services to the Reorganized Debtor or for the Reorganized Debtor's benefit, either directly or indirectly, from the Effective Date to present.

11. The current agreement executed by and between the Reorganized Debtor and its General Partner.

12. All agreements executed by and between any executive of the Reorganized Debtor and the Reorganized Debtor.

13. All documents, excluding any agreements included in the Debtor's Plan Supplement, governing the Claimant Trust and Litigation Sub-Trust, including but not limited to any executed trust agreements amended after the Effective Date.

14. Documents sufficient to identify funds currently held by the Indemnity Subtrust, including draws made on the trust and the current assets held by the trust.

15. All profit and loss statements, cash flow statements, balance sheets, and projections sent to the Oversight Board for year-end 2020, 2021, and for month-end in 2022.

16. The Reorganized Debtor's 2021 tax return.

17. All agreements between the Debtor or the Reorganized Debtor concerning funds that may be due the Reorganized Debtor, being held to secure any debt owed by the Reorganized Debtor, or claims asserted by Acis or an Acis CLO against the Reorganized Debtor.

18. All documents reflecting amounts withheld by Acis to secure any claim by Acis or any Acis CLO against the Reorganized Debtor and reflecting how those funds are accounted for on the Debtor's books and records.

19. Documents reflecting the remaining plan payments to be made to the claimants holding claims in Classes 1 through 9 of the Plan as of October 1, 2022.

20. Documents reviewed in connection with the preparation of the post-confirmation reports filed by the Reorganized Debtor with the Bankruptcy Court.

21. All closing statements for any third-party assets reflecting consideration received by the Claimant Trust or the Reorganized Debtor, including any third-party asset managed or advised by the Reorganized Debtor from the Effective Date to present.