# **EXHIBIT 4**

Envelope: UPS_LETTER_CENTER_WINDOW
Total Pages: 7
SafetySeal(101761)

```
TERRI THONGSAVAT                    1.0 LBS LTR        1 OF 1
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

SHIP TO:
    CHRISTINE DEPAUL
    3122634141
    DEVELOPMENT SPECIALISTS INC.
    10 S LA SALLE ST STE 3300
    CHICAGO IL 60603
```

IL 606 9-03

**UPS NEXT DAY AIR**   1
TRACKING #: 1Z X21 278 01 1834 4205

BILLING: P/P

Reference No.1: SOP/2401130/542218773/CT SOP Custo
XOL 22.08.10   NV45 36.0A 08/2022*

1938049  1

Origin: Wolters Kluwer UPS 562130

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780118344205 |
| **Created By :** | BATCH BATCH |
| **Created On :** | 08/30/2022 04:04 PM |
| **Recipient :** | **Christine DePaul** |

| | |
|---|---|
| Title : | -- |
| Customer : | Development Specialists Inc. |
| Address : | 10 S LA SALLE ST STE 3300 |
| Email : | cdepaul@dsi.biz |
| Phone : 312-263-4141 | Fax : 312-263-1180 |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 542218773 | 1934054SGJ | Development Specialists, Inc. |



**CT Corporation**
**Service of Process Notification**
08/30/2022
CT Log Number 542218773

## Service of Process Transmittal Summary

**TO:** Christine DePaul
Development Specialists Inc.
10 S LA SALLE ST STE 3300
CHICAGO, IL 60603-1026

**RE:** **Process Served in Delaware**

**FOR:** Development Specialists, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HIGHLAND CAPITAL MANAGEMENT, L.P. vs. DEVELOPMENT SPECIALISTS, INC |
| **CASE #:** | 1934054SGJ |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/30/2022 at 02:51 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780118344205 |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Aug 30, 2022
**Server Name:** Kevin Dunn

| Entity Served | DEVELOPMENT SPECIALISTS, INC |
|---|---|
| Case Number | 19-34054 |
| Jurisdiction | DE |

| Inserts | |
|---|---|
| | |



C1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN__ District of __TEXAS__

In re __HIGHLAND CAPITAL MANAGEMENT, L.P__
Debtor

Case No. __19-34054(SGJ)__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Development Specialists, Inc. c/o Corporation Trust Co., Corp. Trust Center,1209 Orange St.,Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 650 Poydras, Suite 2500, New Orleans LA 70130 | 09/15/2022    9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __08/25/2022__

CLERK OF COURT

OR  /s/Douglas Draper

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Dugaboy Investment Trust , who issues or requests this subpoena, are:
Douglas Draper, Heller Draper & Horn, 650 Poydras, Suite 2500, New Orleans LA, ddraper@hellerdraper.com, 504-299-3333

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SUBPOENA TO DEVELOPMENT SPECIALISTS INC
ATTACHMENT A
CASE NO. 19-34054-SGJ11

## SUBPOENA ATTACHMENT A

### I. DEFINITIONS

The following definitions shall apply herein:

1. The terms **"all," "any,"** and **"each"** shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. The term **"document"** is defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "Document" shall be construed as a document and all attachments thereto.

3. The terms **"including"** and **"includes"** are used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to."

4. **"Claimant Trust"** means the Claimant Trust (as that term is defined in the Plan), its trustee, and any of its employees, agents, representatives, financial advisors, restructuring professionals, attorneys, or any other person acting on its behalf.

5. **"Plan"** means the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Dkt. 1808].

6. **"Reorganized Debtor"** means the Reorganized Debtor (as that term is defined in the Plan), its general partners, and any of its predecessors, successors, partners, general partners, boards of directors (including independent directors), employees, agents, representatives, financial advisors, restructuring professionals, attorneys, or any other person acting on its behalf.

7. **"Effective Date"** means the date the Debtor's Plan became effective, August 11, 2021.

### II. REQUESTED DOCUMENTS

1. All financial reports and statements, including but not limited to balance sheets, cash flow statements, profit and loss statements and projections, provided by DSI to the Reorganized Debtor, the Claimant Trust, or HCMLP GP, LLC for year-end 2020 and 2021, and monthly for 2022

WEST\299811259.2