

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 20, 2022**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**ORDER APPROVING STIPULATION AUTHORIZING THE RESOLUTION OF
PROOFS OF CLAIM 32, 173, 179, 195, 248, 250, 252 AND 255 FILED BY THE
DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE**

Upon consideration of the *Stipulation Authorizing the Resolution of Proofs of Claim 32, 173, 179, 195, 248, 250, 252 and 255 Filed by the Department of the Treasury, Internal Revenue Service* [Docket No. 3531] (the "Stipulation") by and between Highland Capital Management, L.P., the reorganized debtor in the above-captioned proceeding, and the United States on behalf of its agency the Internal Revenue Service, it is **HEREBY ORDERED THAT**:

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1.      The Stipulation, a copy of which is attached hereto as **<u>Exhibit A</u>**, is **APPROVED**.

2.      The Stipulation shall become effective immediately upon entry of this Order.

3.      The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of the Stipulation.

###END OF ORDER###

# **<u>EXHIBIT A</u>**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 266326) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------ | § | |
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| ------------------------------------------------------------ | § | |

## STIPULATION AUTHORIZING THE RESOLUTION OF PROOFS OF CLAIM 32, 173, 179, 195, 248, 250, 252 AND 255 FILED BY THE DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE

This *Stipulation Authorizing the Resolution of Proofs of Claim 32, 173, 179, 195, 248, 250, 252 and 255 Filed by the Department of the Treasury, the Internal Revenue Service* (the

"Stipulation") is entered into between Highland Capital Management, L.P., the reorganized debtor

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

(the "<u>Reorganized Debtor</u>"), and the United States on behalf of its agency the Internal Revenue
Service (the "<u>IRS</u>").

<h2 style="text-align:center"><u>RECITALS</u></h2>

**WHEREAS**, the IRS filed: (a) proof of claim number 32 on February 13, 2020 ("<u>Claim 32</u>"); (b) proof of claim number 173 on April 14, 2020 ("<u>Claim 173</u>"); and (c) proof of claim number 248 on July 7, 2021 ("<u>Claim 248</u>" and, together with Claim 32 and Claim 173, the "<u>Superseded Prepetition Claims</u>").

**WHEREAS**, the IRS filed requests for payment of administrative expenses which were assigned proof of claim number 179 filed on April 27, 2020 ("<u>Claim 179</u>"); proof of claim number 195 filed on August 4, 2020 ("<u>Claim 195</u>"); and proof of claim No. 250 filed on September 2, 2021 ("<u>Claim 250</u>" and, together with Claim 179 and Claim 195, the "<u>Superseded Administrative Claims</u>").

**WHEREAS**, on September 11, 2020, the Bankruptcy Court entered an order [Docket No. 1042] finding that the *Debtor's First Omnibus Objection to Certain Claims* [Docket No. 906] was moot as to Claim 179.

**WHEREAS**, on October 6, 2021, the IRS filed proof of claim number 252 ("<u>Claim 252</u>"), which amended and superseded the Superseded Prepetition Claims.

**WHEREAS**, on June 1, 2022, the IRS filed a request for payment of administrative expense which was assigned proof of claim No. 255 ("<u>Claim 255</u>"), which amended and superseded the Superseded Administrative Claims.  Claim 252 and Claim 255 are referred to collectively as the "<u>Surviving Claims</u>".

**WHEREAS**, on February 22, 2021, this Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No.

-2-

1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "Plan").[2]

**WHEREAS**, the effective date of the Plan occurred on August 11, 2021 (the "Effective Date") [Docket No. 2700][3].

**WHEREAS**, on August 5, 2022, the Reorganized Debtor filed the *Reorganized Debtor's Fifth Omnibus Objection to Certain (A) Amended and Superseded Claims, (B) No-Liability Claims, and (C) Satisfied Claims Filed by the Internal Revenue Service* [Docket No. 3432] (the "Objection") objecting to the Superseded Prepetition Claims, the Superseded Administrative Claims, and the Surviving Claims.[4]

**WHEREAS**, the IRS and the Reorganized Debtor now desire to resolve the Objection and request that the Court authorize KCC, LLC, the Claims Agent appointed in this case, to mark the claims register as follows:

## STIPULATION

Now, therefore, the Reorganized Debtor and the IRS agree and stipulate as follows:

1.    Claim 32 is hereby superseded and disallowed with prejudice.

2.    Claim 173 is hereby superseded and disallowed with prejudice.

3.    Claim 248 is hereby superseded and disallowed with prejudice.

4.    The unsecured portion of Claim 252 with respect to the 2017 civil penalty is hereby withdrawn with prejudice.  The priority portion of Claim 252 has been paid in full and may be marked as such on the Debtor's claims register.

5.    Claim 179 has been paid in full and may be marked as such on the Debtor's claims register.

---

[2] The confirmed Plan included certain amendments filed on February 1, 2021.  *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Docket No. 1875, Exh. B.

[3] For periods of time prior to the Effective Date, the Reorganized Debtor is referred to herein as the Debtor.

[4] Claim 250 was not included in the Objection as it was paid in full but is included in this Stipulation for the purpose of completeness.

6.      Claim 195 is hereby withdrawn with prejudice

7.      Claim 250 has been paid in full and may be marked as such on the Debtor's claims register.

8.      Claim 255 is hereby withdrawn with prejudice.

9.      The IRS confirms that all claims which arose prepetition against the Debtor or the Reorganized Debtor have been paid in full or are withdrawn or disallowed pursuant to the terms of this Stipulation.

10.     The IRS confirms that all claims or requests for payment of administrative expenses which arose prior to the Effective Date against the Debtor or the Reorganized Debtor have been paid in full or are withdrawn.

*[Remainder of Page Intentionally Blank]*

**IT IS SO STIPULATED:**

Dated:  September 20, 2022

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **DAVID A. HUBBERT** |
| Jeffrey N. Pomerantz (CA Bar No. 143717) *(pro hac vice)* | **DEPUTY ASSISTANT ATTORNEY GENERAL** |
| Ira D. Kharasch (CA Bar No. 266326) *(pro hac vice)* | |
| Gregory V. Demo (NY Bar No. 5371992) *(pro hac vice)* | */s/ David. G. Adams (with permission)* |
| 10100 Santa Monica Blvd., 13th Floor | David G. Adams |
| Los Angeles, CA 90067 | State Bar No. 00793227 |
| Telephone: (310) 277-6910 | Attorney/Tax Division |
| Facsimile: (310) 201-0760 | U.S. Department of Justice |
| Email: jpomerantz@pszjlaw.com | 717 N. Harwood St., Ste. 400 |
|          ikharasch@pszjlaw.com | Dallas, Texas 75201 |
|          gdemo@pszjlaw.com | Telephone: 214.880.9721 |
| | Facsimile:  214.880.9742 |
| -and- | ATTORNEY FOR THE UNITED STATES (IRS) |
| **HAYWARD PLLC** | |
| */s/ Zachery Z. Annable* | |
| Melissa S. Hayward | |
| Texas Bar No. 24044908 | |
| MHayward@HaywardFirm.com | |
| Zachery Z. Annable | |
| Texas Bar No. 24053075 | |
| ZAnnable@HaywardFirm.com | |
| 10501 N. Central Expy, Ste. 106 | |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |
| *Counsel for* | |
| *Highland Capital Management, L.P.* | |