K&L GATES LLP
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659
E-mail: artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7306
E-mail: lee.hogewood@klgates.com

*Counsel for Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ11) |
| Debtor. | |

**FUNDS' RESPONSE TO THE MOTION TO CONFORM PLAN**

Highland Income Fund, NexPoint Strategic Opportunities Fund,[1] Highland Global Allocation Fund, and NexPoint Capital, Inc. (collectively, the "Funds"), by and through their undersigned counsel, hereby submit this response (the "Response") to the Motion to Conform Plan [Dkt. No. 3503] ("Motion to Conform") filed by Highland Capital Management, L.P., the reorganized debtor in the above-captioned case (the "Reorganized Debtor," and as the Reorganized Debtor existed prior to the Effective Date (as defined in the Plan) of the Plan (as defined below),

---

[1] NexPoint Strategic Opportunities Fund is now known as NexPoint Diversified Real Estate Trust. To avoid confusion, the Funds refer to that entity by its former name in this response.

the "Debtor" or "Highland").

## INTRODUCTION

1.  The Reorganized Debtor's Motion to Conform is incomplete; it correctly asks the Court to modify the Plan (as defined below) to revise the definition of "Exculpated Parties" (and the Funds support this request), but it omits to make a similar request with respect to the list of parties protected by the injunction and gatekeeping provisions of the Plan.

2.  As the Funds demonstrate below, the only fair reading of the Fifth Circuit's amended opinion, entered in response to the Funds' petition for limited panel rehearing, is that the two types of protected parties must be similarly tailored. The Funds asked the Fifth Circuit to confirm their understanding that the parties receiving protection from the exculpation provision and the injunction and gatekeeper provisions are coterminous, and the court *granted* the petition and issued an amended opinion that removed a sentence, present in the original opinion, that could have been read to suggest that the injunction and gatekeeping provisions in the Plan were in all respects lawful.

3.  Accordingly, and for the reasons more fully set out below, the Funds ask that the Court enter an order that fully implements the mandate of the Fifth Circuit by tailoring both the definition of "Exculpated Parties" and the definition of "Protected Parties."

## BACKGROUND

4.  On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.  On February 22, 2021, the Court entered its *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* [Dkt. No. 1943] (the "Confirmation Order"), which confirmed the

2

Debtor's Fifth Amended Plan of Reorganization (as Modified) (the "Plan").

6. The Funds, among other parties, timely appealed the Confirmation Order, and the appeals were certified for direct appeal to the U.S. Court of Appeals for the Fifth Circuit and ultimately consolidated before the Fifth Circuit.

## THE FIFTH CIRCUIT'S DECISION

7. On August 19, 2022, the Fifth Circuit issued an opinion (the "Initial Opinion"), which affirmed the Confirmation Order in part and reversed and remanded it in part. Case No. 21-10449, Document Number 00516439341 (5th Cir. Aug. 19, 2022). A copy of the Initial Opinion is attached as Exhibit A. In particular, the Initial Opinion reversed and vacated the provisions of the Plan that exculpated certain non-debtor parties. Initial Opinion at 22. The Fifth Circuit concluded that the exculpation provision violated section 524(e) of the Bankruptcy Code by exculpating parties other than Highland, the Official Committee of Unsecured Creditors (the "Committee") and its members, and the Independent Directors[2] (collectively, the "Properly Exculpated Parties"), and struck parties other than the Properly Exculpated Parties from the protections of the exculpation provision. *Id.* at 22, 26-27.

8. The Fifth Circuit found that the injunction and gatekeeper provisions in the Plan were generally acceptable, and that the Funds' and other appellants' objections to such provisions were resolved by the striking of the impermissibly exculpated parties. *Id.* at 27 ("First, Appellants' primary contention—that the Plan's injunction 'is broad' by releasing non-debtors in violation of § 524(e)—is resolved by our striking the impermissibly exculpated parties."); *id.* at 29 ("In sum, the Plan violates § 524(e) but only insofar as it exculpates *and enjoins* certain non-debtors.") (emphasis added); *id.* at 30 n.19 ("But non-debtor exculpation within a reorganization plan is not

---

[2] As the Reorganized Debtor notes in the Motion to Conform, the Fifth Circuit defined "Independent Directors" as the board of three independent directors that were selected to act as quasi-trustee and govern Highland.

3

a lawful means to impose vexatious litigant injunctions and sanctions.").

9. On September 2, 2022, the Funds filed a petition for limited panel rehearing (the "Petition for Rehearing") with the Fifth Circuit for the limited purpose of clarifying and confirming that the scope of the injunction and gatekeeper provisions in the Plan are limited in accordance with the Fifth Circuit's holding on the exculpation provision, such that the impermissibly exculpated parties are likewise struck from the protections of the injunction and gatekeeper provisions. Case No. 21-10449, Document Number 00516458961. A copy of the Petition for Rehearing is attached as Exhibit B.

10. As the Funds noted in their Petition for Rehearing, the Plan injunction and gatekeeper provisions enjoin parties from pursuing certain claims or causes of action against "Protected Parties" without this Court's blessing. Petition for Rehearing at 2. However, the Plan's definition of "Protected Parties" encompasses parties that the Fifth Circuit struck from the exculpation provision, such as "Highland Capital's employees and successors and assigns, Strand, the Reorganized Debtor, the Claimant Trust, its trustee and the members of its Oversight Board, the Litigation Sub-Trust and its trustee, HCMLP GP, professionals retained by Highland Capital and the Committee, and the Related Persons of the foregoing." *Id.* at 2.

11. As further stated in the Petition for Rehearing, the Funds interpreted the Initial Opinion to limit the parties protected by the injunction and gatekeeper provisions in accordance with the Fifth Circuit's tailoring of the exculpation provision. *See id.* at 3; *see also* Initial Opinion at 22, 26-27. In other words, the parties protected by the injunction and gatekeeper provisions are limited to the Properly Exculpated Parties, such that parties seeking to pursue claims and causes of action against the Properly Exculpated Parties must first obtain this Court's permission, but need not obtain permission with respect to claims and causes of action against persons *other* than

the Properly Exculpated Parties – *i.e.*, with respect to the impermissibly exculpated parties. Petition for Rehearing at 3. Accordingly, the Petition for Rehearing expressly declined to request that the Fifth Circuit alter what the Funds understood to be the Fifth Circuit's conclusion with respect to these provisions, but rather, asked that the Fifth Circuit issue a limited clarification to confirm the Funds' understanding of the Initial Opinion. *Id.* at 3-4. The Funds highlighted their concern that a particular line within the Initial Opinion that the injunction and gatekeeper provisions were "perfectly lawful," could be misinterpreted to mean that such provisions are permitted to stand without any tailoring. *Id.* at 4.

12. On September 7, 2022, the Fifth Circuit granted the Petition for Rehearing, withdrew the Initial Opinion, and entered a new opinion (the "<u>Final Opinion</u>"). *See* Case No. 21-10449, Document Number 00516462923. A copy of the Final Opinion is attached as <u>Exhibit C</u>. The Final Opinion is virtually identical to the Initial Opinion, except that it expressly notes that the Funds' Petition for Rehearing is granted and then deletes the following text: "The injunction and gatekeeper provisions are, on the other hand, perfectly lawful" and replaces it with new text: "We now turn to the Plan's injunction and gatekeeper provisions." Final Opinion at 28.

13. Unaltered in the Final Opinion are the Fifth Circuit's conclusions that (i) the Plan violates section 524(e) of the Bankruptcy Code insofar as it "exculpates *and enjoins* certain non-debtors," *id.* at 30 (emphasis added); and (ii) the injunction and gatekeeper provisions are lawful, subject to striking the impermissibly exculpated parties, *id.* at 28.

14. Accordingly, the Fifth Circuit confirmed that the parties protected by the injunction and gatekeeper provisions (the Protected Parties) must similarly be limited to the Properly Exculpated Parties – Highland, the Committee and its members, and the Independent Directors. The Fifth Circuit affirmed that these provisions are sound, subject to the striking of the

5

impermissibly exculpated parties.

15. Had the Fifth Circuit disagreed with the Funds' understanding that the Protected Parties and the Exculpated Parties are the same, it would have denied the Petition for Rehearing. Instead, the Fifth Circuit granted the Petition for Rehearing, withdrew the prior opinion, and issued a new opinion, deleting the sentence containing the "perfectly lawful" language in its entirety.

## RESPONSE TO MOTION TO CONFORM

16. On September 9, 2022, the Reorganized Debtor filed the Motion to Conform. In the Motion to Conform, the Reorganized Debtor requests that the Court conform the Plan to the Final Opinion by revising the definition of "Exculpated Parties." The Funds support the Reorganized Debtor's request and believe that the requested relief is consistent with the Final Opinion.

17. However, the Funds believe that the requested edification to the definition of "Exculpated Parties" is insufficient on its own. A corresponding revision is also needed with respect to the definition of "Protected Parties" in the Plan, which currently reads as follows:

> "*Protected Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy

6

>   Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

Plan at Art. I.B.105.

18. The Fifth Circuit's mandate—as reflected in the Final Opinion—requires that the definition of "Protected Parties" be tailored just as the definition of "Exculpated Parties" is tailored.

19. The Funds thus request that the Court enter an order that also revises the definition of "Protected Parties" to conform to the Final Opinion as follows: "'Protected Parties' means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) the members of the Committee (in their official capacities)." This request will narrowly adjust the breadth of the injunction and gatekeeper provisions to prevent parties from "commenc[ing] or pursu[ing] a claim or cause of action of any kind ... that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or the Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing," *see* Plan at Art. IX.F.,[3] against only the Properly Exculpated Parties without the Court's prior permission.

20. Attached as Exhibit D is a proposed order that incorporates the requested revision to the definition of "Protected Parties." Attached as Exhibit E is a redline of the Funds' proposed order against the proposed order submitted by the Reorganized Debtor as Exhibit A to the Motion to Conform.

***

---

[3] The only other place in the Plan where the term "Protected Part[y][ies]" is used is in Article XI, relating to retention of jurisdiction.

The Reorganized Debtor's Motion to Conform does not fully implement the Fifth Circuit's Final Opinion, and it invites the Court to disregard the appellate mandate and potentially engender additional appellate proceedings to enforce that mandate.

**WHEREFORE**, the Funds support the relief requested in the Reorganized Debtor's Motion to Conform, subject to the Court ordering further conforming edits to the Plan to revise the definition of "Protected Parties" as set forth herein.

Dated:  September 27, 2022

                               **K&L Gates LLP**

                               */s/ Artoush Varshosaz*
                               Artoush Varshosaz (TX Bar No. 24066234)
                               1717 Main Street, Suite 2800
                               Dallas, TX 75201
                               Telephone: (214) 939-5659
                               E-mail: artoush.varshosaz@klgates.com

                               A. Lee Hogewood, III (*pro hac vice*)
                               4350 Lassiter at North Hills Ave., Suite 300
                               Raleigh, NC 27609
                               Telephone: (919) 743-7306
                               E-mail: lee.hogewood@klgates.com

                               *Counsel for Highland Income Fund,*
                               *NexPoint Strategic Opportunities Fund,*
                               *Highland Global Allocation Fund, and*
                               *NexPoint Capital, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2022, I caused the foregoing document to be served via first class United States mail, postage prepaid and/or electronic email through the Court's CM/ECF system to the parties that consented to such service.

Dated: September 27, 2022

                                                        */s/ Artoush Varshosaz*
                                                        Artoush Varshosaz