Davor Rukavina, Esq.
Tex. Bar No. 24030781
Julian P. Vasek, Esq.
Tex. Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500

COUNSEL FOR NEXPOINT ADVISORS, L.P.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, § | | Chapter 11 |
| L.P., § | | |
| § | | Case No. 19-34054-sgj11 |
| § | | |
| Debtor § | | |

## LIMITED OBJECTION OF THE ADVISORS TO MOTION TO CONFORM PLAN

COME NOW NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. (together, the "Advisors"), and file this their *Limited Objection* (the "Objection") to the *Motion to Conform Plan* [docket no. 3503] (the "Motion"), filed by Highland Capital Management, L.P. (the "Debtor"), respectfully stating as follows:

### I.    INCORPOATION OF FUNDS' RESPONSE

1.    The Advisors hereby adopt and incorporate the sections labeled "Introduction," "Background," and "Fifth Circuit Decision" of the *Funds' Response to the Motion to Conform Plan* [docket no. 3539] (the "Funds' Response").

### II.    OBJECTION

2.    The Debtor's proposed amendment is inadequate to conform the Plan to the Fifth Circuit's amended opinion dated September 7, 2022, Case No. 2110449, Document Number 00516462923 (the "Final Opinion"). That opinion explicitly states that more than a single Plan provision is unlawful. Slip op. at 22 ("We must reverse and strike the *few* unlawful parts of the

Plan's exculpation provision") (emphasis added). Therefore, more than a single change is necessarily required.

3. Moreover, although the Final Opinion employs the term "exculpated parties" frequently, its doing so is not in reference to or cabined by the defined term "Exculpated Parties" as used in the Plan. Neither does the opinion distinguish among the related terms "exculpate," "release," "discharge," and "absolve," using them instead synonymously to describe the effect of the "limited qualified immunity" the Plan purports to confer on various parties. *Id*. at 25; *cf id*. at 24 (declining to engage in "parsing between limited exculpation and full releases"); *id*. at 22 (invoking "the statutory bar on non-debtor discharge" as the basis for limiting non-debtor releases); *id*. at 25 (explaining that "absolv[ing] the [nondebtor] from" liability is prohibited, absent statutory authority, under *In re Pacific Lumber*, 584 F.3d 229, 252–53 (5th Cir. 2009).

4. Thus, the focus of the Final Opinion is the impermissible immunizing effect on non-debtors of the Plan's exculpation, injunction, and gatekeeping provisions. It instructs in no uncertain terms that the Plan can confer such immunity only on (1) the Debtor, (2) the members of the Creditors Committee "for actions within the scope of their statutory duties," slip op. at 25, and (3) the Independent Directors "for conduct within the scope of their duties," *id*. at 30. And it treats offending exculpation and injunction provisions alike, striking both from the Plan for violating 11 U.S.C. § 524(e). Slip op. at 30 ("In sum, the Plan violates § 524(e) but only insofar as it exculpates *and enjoins* certain non-debtors.") (emphasis added). True, the Fifth Circuit stated that it "otherwise affirm[s] the inclusion of the injunction and the gatekeeper provisions," but this sentence appears in the same paragraph in which the court stated that the Plan violates section 524(e) only insofar as it "exculpates and enjoins" certain non-debtors. Thus, the "otherwise affirm" language must mean that the injunction and gatekeeper provisions are affirmed to the same extent as the exculpation; *i.e.* the Debtor, committee members, and independent board.

5. Thus, amending the Plan only with respect to the definition of "Exculpated Parties" does not comport with the Fifth Circuit's holding because the Plan must also be changed with respect to its injunction and gatekeeper provisions in order to conform to the Final Opinion. As the Funds' Response explains, the Plan's permanent injunction provisions exculpate all included in the defined term "Protected Party." To conform with the Final Opinion, this definition too must change.

6. The Plan injunction also purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity under the Final Order:

> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against *any successors of the Debtor*, including, but not limited to, the Reorganized Debtor, *the Litigation Sub- Trust*, and *the Claimant Trust* and *their respective property and interests in property*.

Plan at Article IX of the Plan (emphasis added). Neither the successors to the Debtor, the referenced trusts, nor their property or interests are among those the Final Opinion authorizes the Plan to exculpate. This paragraph should be deleted to comply with the Final Opinion's directive that such non-debtors may not be discharged from liability.

7. The Court should also carve out from the gatekeeping provision of the injunction those suits that are expressly allowed by 28 U.S.C. § 959(a). Slip op. at 30 n.18 ("[W]e also leave the applicability of Barton's limited statutory exception to the bankruptcy and district courts in the first instance. See 28 U.S.C. § 959(a) (allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property')."). The failure to carve out such actions would render the gatekeeping injunction unenforceable, at least in part, due to its lack of notice to non-parties, its lack of definiteness and specificity, and its legal infirmity.

### III.  CONCLUSION

For these reasons, the Advisors (1) join the Debtor in asking this Court to modify the defined term "Exculpated Parties," (2) join the Funds in asking this Court to modify the defined term "Protected Parties," (3) ask this Court to delete the above-reproduced third paragraph of Article IX.F of the Plan, which impermissibly confers limited qualified immunity on the Debtor's successors, and (4) ask this Court to amend the fourth paragraph of Article IX.F of the Plan by excepting from the gatekeeping provisions actions that relate to the Independent Directors or Debtor "carrying on business connected with [their] property" as provided in § 959(a).

RESPECTFULLY SUBMITTED this 30th day of September, 2022.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/ *Davor Rukavina*
Davor Rukavina, Esq.
Tex. Bar No. 24030781
Julian P. Vasek, Esq.
Tex. Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVSIORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 30th day of September, 2022, he caused true and correct copies of this document to be served electronically on all parties entitled to CM/ECF service in this Bankruptcy Case by electronically filing said document through the Court's CM/ECF system.

By: /s/ *Davor Rukavina*
Davor Rukavina, Esq.