**KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

COUNSEL FOR CLO HOLDCO, LTD.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | Chapter 11 |
| | § | |
| Debtor | § | |

### REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE PROCEEDING

CLO HoldCo, Ltd. ("CLO HoldCo") files this *Reply* ("Reply") in support of CLO HoldCo's *Motion for Leave to File Proceeding* [**Dkt. No. 3507**] (the "Motion for Leave").[1] Highland Capital Management, L.P. ("HCM") filed that certain *Response* [**Dtk. No. 3550**] (the "Response") in which HCM characterizes CLO HoldCo's Motion for Leave as requesting an impermissible "advisory opinion," whilst simultaneously spending most of its Response arguing

---

[1] Capitalized terms not otherwise defined herein take their meaning from the Motion for Leave.

1

its opposing position on exactly the same "advisory opinion" point and moving for a finding and ruling on exactly the point that it argues CLO Holdco cannot obtain a ruling upon because of the advisory nature of our request. The Response wrongly argues that CLO HoldCo is impermissibly seeking a ruling on whether the term "Protected Parties" in the Plan includes HCM and HCMLP Investments in their capacity as members of HCLOF. *See* Response, ¶¶3,23. But, in fact, CLO HoldCo did not ask for the Court to rule on that question, because: "even if HCM and HCMLP Investments are Protected Parties, the Plan Injunction is not applicable to the Application or the Unfair Prejudice Proceeding." *See* Motion for Leave, ¶2. CLO HoldCo merely pointed out that it could be the case that an action could be brought against HCM and HCMLP Investments related to HCLOF because of the plain language of the Plan, written by counsel for HCM and proposed by HCM. It is interesting that counsel for HCM argues that its Plan language, if read plainly, would be absurd.

## INTRODUCTION

1. In e Motion for Leave, CLO HoldCo expressly stated that it was filed, "out of an extreme abundance of caution because in the Unfair Prejudice Proceeding, CLO HoldCo seeks no relief against the HCM Shareholders, even if they could be construed as Protected Parties in this context." *Id*., ¶5.

2. In the Response, HCM acknowledges that the Plan does not prevent CLO HoldCo from bringing suit solely against HCLOF. Response, ¶1. The Motion for Leave and the Application submitted therewith are clear that the Unfair Prejudice Proceeding is being brought solely against HCLOF. *See e.g.* Motion for Leave, ¶¶2 ("The Application seeks no relief against the HCM Shareholders"); 26 ("Importantly, ***neither the Applicant Exit Proposals nor any other relief requested seeks any relief against the HCM Shareholders.***") (emphasis in original). As

2

CLO HoldCo stated in the Motion for Leave and HCM stated in its Response, this should end the inquiry. Response, ¶14.

3. But when presented with the Unfair Prejudice Proceeding, not only did HCM **_not_** consent to the filing of the Unfair Prejudice Proceeding, but has now characterized it as tacit attempt to go around the Plan Injunction.

4. But the opposite is true: CLO HoldCo has filed the Motion for Leave expressly out an extreme abundance of caution to avoid any inference that CLO Holdco has not complied with the Plan Injunction.

5. This is not a request for an advisory opinion, but rather, a plainly permissible request for a ruling by this Court as gatekeeper, begot by HCM's refusal to consent to the filing of the Unfair Prejudice Proceeding or agree that in the form provided to it and the Court, the Unfair Prejudice Proceeding does not implicate the Plan Injunction.

### RELEVANT BACKGROUND

**A. The Unfair Prejudice Proceeding**

6. The proposed Unfair Prejudice Proceeding to be commenced by filing of the Application and supported by the Affidavit is clear that it does not name the HCM Shareholders and was provided to HCM prior to filing the Motion for Leave. But HCM did not consent to its filing and has opposed the Motion for Leave.

7. As discussed in the Motion for Leave at length, the Unfair Prejudice Proceeding seeks **_no relief_** against the HCM Shareholders. But the applicable Guernsey law does require CLO HoldCo provide the HCM Shareholders with notice of the Unfair Prejudice Proceeding and permit the HCM Shareholders to add themselves as parties thereto. *See* Royal Court Civil Procedural Rules (2007) (which apply in the Royal Guernsey Court), Rule 37(1)(b).

8. Additionally, the Affidavit contains sets forth numerous allegations concerning HCLOF's mismanagement (in part, by Highland HCF Advisor, Ltd.—of which HCM is the sole shareholder); HCLOF's improper relationship with the HCM Shareholders; and HCLOF's preference for the HCM Shareholders.

9. Under Guernsey law, HCM Shareholders, despite not being named parties and no relief being sought against them, could elect to join the Unfair Prejudice Proceeding as majority shareholders without any action of CLO Holdco.

10. But again, CLO HoldCo does not seek to commence or pursue a claim or cause of action against a Protected Party. Rather, the only relief sought is against HCLOF (which is expressly excluded from the definition of Protected Party).

### B. The HCM Response

11. HCM argues at the length that CLO HoldCo has requested an advisory opinion that the Court has no jurisdiction to issue. *See* Response, ¶19. In support, HCM argues that despite CLO HoldCo expressly moving the Court for an order finding that the Plan Injunction does not apply to the Application submitted with the Motion for Leave; CLO HoldCo is really after something else.

12. HCM interprets the Motion for Leave as a tacit request for a ruling that "CLO HoldCo could sue [the HCM Shareholders] wherever and whenever it desires …" Response, ¶19.

13. In response to this tacit request, HCM moves for its own advisory opinion confirming that "Highland and HCMLPI are protected, in all respects and in all capacities, by the [Plan Injunction]." Response, ¶25.

14. Nowhere in the Motion for Leave, nor the attachments thereto is there is a request for a ruling that the HCM Shareholders are not Protected Parties (although as set forth in the

4

Motion for Leave there is good reason to suggest they are not in this capacity, as HCM's Plan specifically excludes members of HCLOF from the definition of Protected Parties).

15. This is because "CLO HoldCo seeks no relief against the HCM Shareholders, even if they could be construed as Protected Parties in this context." Motion for Leave, ¶5.

16. But, CLO HoldCo needs a ruling from this Court that it can proceed with the Unfair Prejudice Action in the Royal Guernsey Court. This is because of the right of HCM and HCMLP Investments to make themselves parties upon notice, that CLO HoldCo will give as a component of the filing process. CLO HoldCo does not want to hear from HCM and its counsel that sending the notice is improper. And it does not want to hear that once HCM and HCMLP Investments make themselves parties, that any further proceedings would be adverse against them and therefore violative of the Plan Injunction and sanctionable.

17. CLO HoldCo has asked this Court, as gatekeeper, to rule that CLO HoldCo can proceed to completion with the Unfair Prejudice Action. CLO HoldCo is not seeking a ruling that HCM and HCMLP Investments are not Protected Parties under the Plan Injunction because they are members of HCLOF (despite the fact that members of HCLOF are not protected Parties under the Plan Injunction), and what is good for the goose is good for the gander—HCM and HCMLP Investments are not entitled to the same advisory opinion they admonish CLO HoldCo (wrongly) for seeking.

**LEGAL ARGUMENT**

18. HCM argues at the length that CLO HoldCo has requested an advisory opinion that the Court has no jurisdiction to issue. *See* Response, ¶19. In support, HCM argues that despite CLO HoldCo expressly moving the Court for an order finding that the Plan Injunction does not apply to the Application submitted with the Motion for Leave; CLO HoldCo is actually seeking a

5

much broader finding that CLO HoldCo can sue the HCM Shareholders wherever and whenever it desires. *Id*.

19. This is just plainly **_not_** what the Motion for Leave says, and HCM's unfounded guesses into the "tacit" motivations of CLO HoldCo are wrong.

20. The Motion for Leave asks the Court to consider if the attached form of Application and Affidavit, along with the form of notice to be used, implicates the Plan Injunction. This not request for an advisory opinion, but rather a request for permissible declaratory relief, given this Court's gatekeeper authority (that HCM is adamant about enforcing).

21. The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293–94 (5th Cir. 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting 28 U.S.C § 2201(a))).

22. Declaratory relief is appropriate where there is an actual controversy between the parties, meaning that a "definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

23. Importantly, "declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit." *Fry*, 953 F.3d at 294.

24. Here, CLO HoldCo seeks a specific finding, authorized by the confirmed Plan, that the Unfair Prejudice Proceeding, to be commenced by the Application and Affidavit and involving the form of notice to HCM and HCMLP Investments (given their right to be parties thereto) do not

implicate the Plan Injunction. This is exactly the type of definite and concrete declaratory relief that is permissible, and in fact, we think is required of responsible parties who seek not to violate the Plan Injunction.

25.    CLO HoldCo has filed the Motion for Leave expressly out of an abundance of caution (and after HCM did not consent to the filing of the Unfair Prejudice Proceeding in the exact form provided to the Court).

26.    Contrary to HCM's suggestions, CLO HoldCo's request for declaratory relief is not an attempt around the Plan Injunction, but rather, reverence for and to it.

## CONCLUSION

Had HCM consented to the filing of the Unfair Prejudice Proceeding in form provided (or agreed that it did not implicate the Plan Injunction), the Motion for Leave would have been unnecessary. HCM did not do so (and now opposes the Motion for Leave arguing it is a nefarious attempt around the Plan Injunction), so CLO Holdco moves this Court for an order finding that : "the Plan Injunction is inapplicable to the [Unfair Prejudice Proceeding, which includes the form of notice provided to the Court] to be commenced by the filing [of the Application] in [the Royal Guernsey Court]."[2]  Motion for Leave, p. 1.

[*signature block on following page*]

---

[2]    In the alternative, (CLO HoldCo thinks this would be incorrect), if the Court finds that the Plan Injunction is applicable, the Unfair Prejudice Proceeding presents a colorable claim within the meaning of the Plan Injunction and should be allowed.

7

**Respectfully submitted:**

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this October 11, 2022.

*/s/ Louis M. Phillips*
Louis M. Phillips