IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **THE DUGABOY INVESTMENT TRUST** and **GET GOOD TRUST,** § § § | |
| Appellants, § § | |
| v. § | Civil Action No. **3:21-CV-261-L** |
| § | |
| **HIGHLAND CAPITAL MANAGEMENT, LP,** § § § § | |
| Appellee. § | |

## ORDER

The Dugaboy Investment Trust ("Dugaboy") and Get Good Trust ("Get Good") (collectively, "Appellants") brought this action on February 5, 2021, to appeal the bankruptcy court's order granting Debtor Highland Capital Management, LP's Motion For Entry of an Order Approving Settlement with HarbourVest ("9019 Motion") (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith (Bankr. Doc. 1788), based on its finding that the 9019 Motion was in the best interest of the Debtor's estate, bankruptcy appeal. On January 13, 2022, Appellee Highland Capital Management, LP, ("Appellee" or "Highland Capital") filed its Motion to Dismiss Appeal as Constitutionally Moot (Doc. 33) which Appellants oppose in part. For the reasons herein explained, the court **grants** Highland Capital's Motion to Dismiss (Doc. 33) and **affirms** the bankruptcy court order appealed by Appellants.

Highland Capital contends that all claims asserted by Appellees are moot, as they were withdrawn after this appeal was taken. Highland Capital further asserts that Appellees lack standing as a result to pursue this appeal. Below is a summary of claims that Highland Capital contends were withdrawn for which standing is lacking:

**Order – Page 1**

| Summary of Appellants' Claims | | | |
|---|---|---|---|
| **Appellant** | **Claims at Time of Appeal** | **Disposition** | **Result** |
| Get Good | Claim No. 120 | Withdrawn / disallowed | No standing |
| | Claim No. 128 | Withdrawn / disallowed | No standing |
| | Claim No. 129 | Withdrawn / disallowed | No standing |
| Dugaboy | Claim No. 113 | Withdrawn / disallowed | No standing |
| | Claim No. 131 | Withdrawn / disallowed | No standing |
| | Claim No. 177 | Withdrawn / disallowed | No standing |

Appellee's Mot. 4.

Appellants concede that dismissal of Get Good is appropriate given the dismissal of its claims and "lack of an ownership interest in any of the non-debtor affiliates or the Debtor." Appellants' Resp. 1 & n.1. Appellants, therefore, "consent" to the dismissal of Get Good. *Id.* In light of this concession, the appeal as to Get Good will be dismissed by agreement.

Appellants nevertheless contend that, because Dugaboy has a direct pecuniary interest in the HarborVest Settlement, it continues to have standing to appeal the bankruptcy court's order granting the Debtor's 9019 Motion. Appellants argue that, "[w]ithout HarbourVest's 80 million in claims granted under the HarbourVest Settlement, Dugaboy's recovery would be much more likely." *Id.* at 2. For this reason, it contends that it has bankruptcy standing under the "person aggrieved" test.

Alternatively, it asserts that it has standing under section 1109 of the Bankruptcy Code, which provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Appellants contend that "Dugaboy, as an equity holder, defendant to multiple actions commenced by the Debtor, and a party enjoined under the Plan[,] is a 'party-in-interest.'" Appellants' Resp. 1 & n.13

**Order – Page 2**

As correctly noted by Highland Capital, however, the mere possibility of obtaining relief is insufficient for purposes of bankruptcy standing. As the Fifth Circuit in *In re Technicool Systems, Incorporated* aptly explained:

> The narrow inquiry for bankruptcy standing—known as the "person aggrieved" test—is "more exacting" than the test for Article III standing. Rather than showing the customary "fairly traceable" causal connection, a bankruptcy appellant must instead show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court." In essence, bankruptcy standing requires "a higher causal nexus between act and injury." This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it. Thus in bankruptcy litigation, as in life, "the more money we come across, the more problems we see."

*In re Technicool Sys., Inc.*, 896 F.3d 382, 385-86 (5th Cir. 2018) (footnotes and citations omitted).

The court in *Technicool* went on to conclude that the appellant in that case could not satisfy the narrow, more exacting test for bankruptcy standing because the prospect of harm was speculative rather than direct:

> Furlough cannot show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court." Furlough's primary contention is that, but for NOV's proof of claim, Technicool's assets would exceed its debt, and he would be entitled to any estate surplus. Because SBPC represents both NOV and the Trustee, Furlough argues, it might fail to disclose any problems with NOV's claim, robbing him of the possibility of recovering a surplus.
>
> This speculative prospect of harm is far from a direct, adverse, pecuniary hit. Furlough must clear a higher standing hurdle: The order must burden his pocket before he burdens a docket. SBPC was appointed to assist the Trustee in consolidating claims and piercing the corporate veil. That appointment does not directly affect whether the bankruptcy court approves or denies NOV's claim against the estate, and thus it does not directly affect Furlough's pecuniary interests. Furlough's argument is essentially that if NOV's claim ceased to exist or dramatically decreased, the estate's assets would exceed its debt, and he would benefit financially. This might be true but it would not be a direct result of this appeal. That Furlough feels grieved by SBPC's appointment does not make him a "person aggrieved" for purposes of bankruptcy standing.

*Id.* at 386 (citations and footnote omitted).

**Order – Page 3**

Notwithstanding Dugaboy's attempt at distinguishing *Technicool*, the court, for similar reasons, agrees with Highland Capital that Dugaboy's indirect interest in the order approving the HarbourVest Settlement and prospect of harm is speculative and insufficient to meet the strict requirements for bankruptcy standing. Further, Appellants acknowledge that "[t]he Fifth Circuit has not decided the issue of whether section 1109(b) confers appellate standing one way or the other." Appellants' Resp. 11. Accordingly, the court: (1) **dismisses by agreement** this appeal as to Get Good; (2) **dismisses for lack of bankruptcy standing** the appeal by Dugaboy; and **affirms** the bankruptcy court order appealed by Dugaboy.

**It is so ordered** this 26th day of September, 2022.

Sam A. Lindsay
United States District Judge