# EXHIBIT 1

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Debtor. | ) |
| | ) |

## DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN
## (A) DUPLICATE CLAIMS; (B) OVERSTATED CLAIMS;
## (C) LATE-FILED CLAIMS; (D) SATISFIED CLAIMS; (E) NO-
## LIABILITY CLAIMS; AND (F) INSUFFICIENT-DOCUMENTATION CLAIMS

## ***<u>CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR
## NAMES AND CLAIMS IN THE SCHEDULES ATTACHED
## TO THE PROPOSED ORDER ON THIS OBJECTION</u>***

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



1934054200730000000000003

**A COPY OF YOUR CLAIM IS AVAILABLE ONLINE AT
HTTP://WWW.KCCLLC.NET/HCMLP/CREDITOR/SEARCH
OR BY EMAIL REQUEST TO JONEILL@PSZJLAW.COM**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 10, 2020 AT 2:30 P.M. CENTRAL TIME.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 1, 2020 WHICH IS AT LEAST THIRTY-THREE (33) DAYS FROM THE DATE OF SERVICE HEREOF. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Highland Capital Management, L.P. (the "Debtor"), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) disallowing certain duplicate claims listed on **Schedule 1** to the Order (the "Duplicate Claims"), (ii) reducing and allowing certain overstated claims listed on **Schedule 2** (the "Overstated Claims") in amounts which comport with the Debtor's books and records, (iii) disallowing certain claims that were filed after the applicable bar date listed on **Schedule 3** to the Order (the "Late-Filed Claims"), (iv) disallowing certain claims that have already been satisfied listed on **Schedule 4** to the Order (the "Satisfied Claims"), (v) disallowing certain claims for which the Debtor's books and records show no liability listed on **Schedules 5** and **6** to the Order (the "No-Liability Claims"), and (vi) disallowing claims which contain insufficient documentation listed on **Schedule 7** to the Order (the "Insufficient-Documentation Claims," and together with the Duplicate Claims, the

2

Overstated Claims, the Late-Filed Claims, the Satisfied Claims, and the No-Liability Claims, the "<u>Disputed Claims</u>").  In support of this Objection, the Debtor respectfully represents as follows:

## I.    <u>JURISDICTION</u>

1.    The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>").

## II.    <u>BACKGROUND</u>

3.    On October 16, 2019 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "<u>Delaware Court</u>").

4.    On October 29, 2019, the Official Committee of Unsecured Creditors (the "<u>Committee</u>") was appointed by the United States Trustee in the Delaware Court.

5.    On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].[2]

---

[2]  All docket numbers refer to the docket maintained by this Court.

6.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

7.      On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "Bar Date Order").  The Bar Date Order fixed April 8, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for any person or entity, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim against the Debtor (the "General Bar Date").  For Governmental Units, the Bar Date Order fixed the deadline to file proofs of claim as April 13, 2020 at 5:00 p.m. (prevailing Central Time).  The Bar Date Order also set April 23, 2020 as the deadline to file claims for investors in funds managed by the Debtor (the "Fund Investor Bar Date").  The Debtor also sought and obtained the extended employee bar date of May 26, 2020 per the *Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims* [Docket No. 560].

8.      On March 3, 2020, the Debtor filed the *Notice of Bar Dates for Filing Claims* [Docket No. 498] (the "Bar Date Notice").  The Bar Date Notice was mailed to all known creditors and equity holders on March 5, 2020.  *See* Certificate of Service [Docket No. 530].

9.      The Debtor caused the Bar Date Notice to be published on two occasions each in *The New York Times* and *The Dallas Morning News*—once on March 12, 2020, and once on March 13, 2020.  *See Debtor's Notice of Affidavit of Publication of the Notice of Bar Dates for Filing Claims in The New York Times* [Docket No. 533] and *Debtor's Notice of Affidavit of Publication of the Notice of Bar Dates for Filing Claims in The Dallas Morning News* [Docket No. 534].

4

## The Claims Resolution Process

10.    In the ordinary course of business, the Debtor maintains books and records (the "Books and Records") that reflect, *inter alia*, the Debtor's liabilities and the amounts owed to its creditors.

11.    The Debtor's register of claims (the "Claims Register"), prepared and maintained by Kurtzman Carson Consultants LLC ("KCC")—the court-appointed notice and claims agent in this case—reflects that, as of the date of this Objection, 194 proofs of claim have been filed in the Debtor's chapter 11 case.

12.    The Debtor and its professionals have been reviewing and analyzing claims. This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction, and/or reclassification.

## III.    RELIEF REQUESTED

13.    The Debtor seeks entry of an order, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, (i) disallowing the Duplicate Claims listed on Schedule 1 to the Order, (ii) reducing and allowing the Overstated Claims listed on Schedule 2 to the Order in amounts which comport with the Books and Records; (iii) disallowing the Late-Filed Claims listed on Schedule 3 to the Order, (iv) disallowing the Satisfied Claims listed on Schedule 4 to the Order, (v) disallowing the No-Liability Claims listed on Schedules 5 and 6 to the Order, and (vi) disallowing the Insufficient-Documentation Claims listed on Schedule 7 to the Order.

## IV.    OBJECTIONS

14.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A chapter 11 debtor has the duty to object to the allowance of any

5

claim that is improper.  11 U.S.C. §§ 704(a)(5), 1106(a)(1), 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

15.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code.  *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998); *In re Texas Rangers Baseball Partners*, 10-43400 (DML), 2012 WL 4464550, at *2 (Bankr. N.D. Tex. Sept. 25, 2012).  To receive the benefit of *prima fac*ie validity, however, "[i]t is elemental that a proof of claim must assert facts or allegations . . . which would entitle the claimant to a recovery."  *In re Heritage Org., L.L.C.*, 04-35574 (BJH), 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006), *aff'd sub nom., Wilferth v. Faulkner*, 3:06 CV 510 K, 2006 WL 2913456 (N.D. Tex. Oct 11, 2006).   Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Am. Reit, Inc.*, 07-40308, 2008 WL 1771914, at *3 (Bankr. E.D. Tex. Apr. 15, 2008); *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. May 14, 2008).  "The ultimate burden of proof always lies with the claimant."  *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

16.     Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1).

## The Disputed Claims Should Be Disallowed and Expunged or Reduced

17.     For the reasons set forth below, the Disputed Claims are not enforceable and should be disallowed, expunged, or reduced as set forth herein.

6

### A. Duplicate Claims

18.    The Debtor has identified 3 proofs of claim—listed on Schedule 1 to the Order—where each claimant filed multiple proofs of claim representing a single obligation of the Debtor. The Debtor is requesting that the listed Duplicate Claims be disallowed such that only the surviving claims listed on Schedule 1 remain, subject to any other objection the Debtor may bring in the future. Disallowing and expunging these claims will prevent the claimants from receiving multiple recoveries for a single claim.

### B. Claims to be Reduced and Allowed

19.    The Debtor has examined the 4 proofs of claim listed on Schedule 2 to the Order and has determined that the amounts listed on the claims exceed the liability listed for each claimant on the Debtor's Books and Records. The Debtor is requesting that the amount of each claim be reduced so that it correctly reflects the amount of the Debtor's books and records.

### C. Late-Filed Claims

20.    The Debtor has identified 1 proof of claim listed on Schedule 3 to the Order that was filed after the passage of the applicable Bar Date.

### D. Satisfied Claims

21.    The Debtor has identified 11 proofs of claim listed on Schedule 4 to the Order that, according to the Debtor's books and records, were fully satisfied in the ordinary course of business. Disallowing and expunging such claims, therefore, will prevent the claimants from obtaining double-recovery on account of their claims.

### E. No-Liability Claims

22.    The Debtor has identified 63 proofs of claim listed on Schedules 5 and 6 to the Order that can be characterized as "No-Liability Claims"—*i.e.*, claims that erroneously assert a

liability that is not reflected in the Debtor's books and records.  Certain claims listed on Schedule 5 to the Order appear to be protective claims for claimants asserting claims related to agreements with the Debtor.  No amount is asserted on these claims and, although the claimants have indicated they would supplement the claims within ninety (90) days, that time has passed and no amendment or supplement has been filed and no additional documentation has been provided to support the claims.  Each claim listed on Schedule 6 to the Order erroneously asserts a claim against the Debtor which has no basis in the Books and Records and is not an obligation of the Debtor.  The Debtor has reviewed each No-Liability Claim listed on Schedules 5 and 6 to the Order and all supporting information and documentation provided therewith, made reasonable efforts to research each No-Liability Claim, and determined that the Debtor is not liable for such No-Liability Claims. Accordingly, the Debtor requests that each No-Liability Claim be disallowed and expunged.

F.  <u>Insufficient-Documentation Claims</u>

23.     The Debtor was not able to determine the validity of the 10 claims listed on Schedule 7 to the Order because such claims were not filed with sufficient accompanying documentation and provided no explanation for the bases of the claims.  Additionally, no liability for these claims appears on the Debtor's books and records.  Accordingly, the Debtor requests that the Insufficient-Documentation Claims be disallowed and expunged because the claimants have failed to carry their burden to support their claims.

**V.       RESPONSES TO OBJECTIONS**

24.     To contest an objection, a claimant must file and serve a written response to this Objection (each, a "<u>Response</u>") so that it is received no later than **<u>September 1, 2020 at 5:00 p.m. (Central Time)</u>** (the "<u>Response Deadline</u>").  Every Response must be filed with the Office

8

of the Clerk of the United States Bankruptcy Court for the Northern District of Texas (Dallas

Division), Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, TX

75242-1496 and served upon the following entities, so that the Response is received no later than

the Response Deadline, at the following addresses:

> **Pachulski Stang Ziehl & Jones LLP**
> Jeffrey N. Pomerantz
> Ira D. Kharasch
> Gregory V. Demo
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA  90067
> jpomerantz@pszjlaw.com
> ikharasch@pszjlaw.com
> gdemo@pszjlaw.com
> joneill@pszjlaw.com
>
> -and-
>
> **Hayward & Associates PLLC**
> Melissa S. Hayward
> Zachery Z. Annable
> 10501 N. Central Expy, Ste. 106
> Dallas, TX  75231
> mhayward@haywardfirm.com
> zannable@haywardfirm.com

25.    Every Response to this Objection must contain, at a minimum, the following

information:

i.    a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the objection to which the Response is directed;

ii.    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

iv.    any supporting documentation (to the extent it was not included with the proof of claim previously filed with the clerk of the Court or KCC) upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

v.      the name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

26.      If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtor will present to the Court an appropriate order disallowing such claimant's claim, as set forth in **Exhibit A**, without further notice to the claimant.

## VI.      REPLIES TO RESPONSES

27.      Consistent with Local Rules, the Debtor may, at its option, file and serve a reply to a Response by no later than 5:00 p.m. (prevailing Central Time) three (3) days prior to the hearing to consider the Objection.

## VII.      SEPARATE CONTESTED MATTERS

28.      To the extent that a Response is filed regarding any claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

## VIII.      RESERVATION OF RIGHTS

29.      The Debtor hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims.

DOCS_DE:229505.5 36027/001

30.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtor may have to exercise rights of setoff against the holders of such claims.

### IX.    NOTICE

31.     Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) each of the claimants whose claim is subject to this Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no further notice is required.

### X.    COMPLIANCE WITH LOCAL RULES

32.     This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection.  The Debtor objects to no more than 100 proofs of claim herein. The Debtor has served notice of this Objection on those persons whose names appear in the signature blocks on the proofs of claim and in accordance with Bankruptcy Rule 7004.  Moreover, the Debtor has notified claimants that a copy of their claim may be obtained from the Debtor upon request. Accordingly, the Debtor submits that this Objection satisfies Local Rule 3007-2.

WHEREFORE, the Debtor respectfully requests the entry of the proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

11

Dated: July 30, 2020

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:     jpomerantz@pszjlaw.com
           ikharasch@pcszjlaw.com
           gdemo@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

12

**EXHIBIT A**
**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) | **Re: Docket No. _____** |
|  | ) |  |

### ORDER SUSTAINING FIRST OMNIBUS OBJECTION TO CERTAIN (A) DUPLICATE CLAIMS; (B) OVERSTATED CLAIMS; (C) LATE-FILED CLAIMS; (D) SATISFIED CLAIMS; (E) NO-LIABILITY CLAIMS; AND (F) INSUFFICIENT-DOCUMENTATION CLAIMS

Having considered the *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* (the "Objection"),[2] the claims listed on Schedules 1-7 attached hereto, any responses thereto, and the arguments of counsel, the Court finds that (i) notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; (ii) the Objection is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) each holder of a claim listed on Schedules 1–7 attached hereto was properly and timely served with a copy of the Objection, the proposed form of this Order, the accompanying schedules, and the notice of hearing on the Objection; (iv) any entity known to have an interest in the claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and (v) the relief requested in the Objection is in the best interests of the Debtor's creditors, its estate, and other

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2]  Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Omnibus Objection.

parties-in-interest.  Accordingly, the Court finds and concludes that there is good and sufficient

cause to grant the relief set forth in this Order.  It is therefore **ORDERED THAT:**

1.      The Objection is **SUSTAINED** as set forth herein.

2.      Each of the claims listed as a Duplicative Claim on **Schedule 1** hereto is

disallowed and expunged in its entirety.

3.      Each of the claims listed as an Overstated Claim on **Schedule 2** hereto is reduced

and allowed in the amount as stated on Schedule 2.

4.      The claim listed as a Late-Filed Claim on **Schedule 3** hereto is disallowed and

expunged in its entirety.

5.      Each of the claims listed as a Satisfied Claim on **Schedule 4** hereto is disallowed

and expunged in its entirety.

6.      Each of the claims listed as a No-Liability Claim on **Schedule 5** and **Schedule 6**

hereto is disallowed and expunged in its entirety.

7.      Each of the claims listed as an Insufficient-Documentation Claim on **Schedule 7**

hereto is disallowed and expunged in its entirety.

8.      The official claims register in the Debtor's chapter 11 case shall be modified in

accordance with this Order.

9.      The Debtor's rights to amend, modify, or supplement the Objection, to file

additional objections to the Disputed Claims and any other claims (filed or not) which may be

asserted against the Debtor, and to seek further reduction of any claim to the extent such claim

has been paid, are preserved.  Additionally, should one or more of the grounds of objection

stated in the Objection be overruled, the Debtor's rights to object on other stated grounds or any

other grounds that the Debtor may discover are further preserved.

10.      Each claim and the objections by the Debtor to such claim, as addressed in the

Objection and set forth on **Schedule 1** through **Schedule 7** attached hereto, shall constitute a

separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be

deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal by

any claimant whose claims are subject to this Order shall only apply to the contested matter

which involves such claimant and shall not act to stay the applicability and/or finality of this

Order with respect to the other contested matters listed in the Objection or this Order.

2

11.     The Debtor is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

**###END OF ORDER###**

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 1 - Duplicate Claims*

| Sequence No. | Claimant's Name | Claim No. to be Disallowed | Date Filed | Claim Amount | Surviving Claim No. | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Daniel Sheehan and Associates, PLLC | 40 | 3/10/2020 | $ 32,433.75 | Claim 47 | 7 |
| 2 | Dun & Bradstreet | 18 | 12/27/2019 | $ 5,746.40 | Claim 25 | 7 |
| 3 | Eastern Point Trust Company, Inc. | 21 | 12/23/2019 | $ 34,875.91 | Claim 52 | 7 |

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 2 - Overstated Claims*

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Proposed Amount | Objection Page No. Reference |
|---|---|---|---|---|---|---|---|
| 1 | Collin County Tax Assessor/Collector | 34 | 2/24/2020 | $ 524.24 | Claim #34 includes an estimated fee of $300.00 for year 2020 property tax. In the ordinary course, the property tax for year 2020 would be due and payable in the calendar year 2021. | $ 224.24 | 7 |
| 2 | Collin County Tax Assessor/Collector | 35 | 2/24/2020 | $ 2,391.91 | Claim #34 includes an estimated fee of $400.00 for year 2020 property tax. In the ordinary course, the property tax for year 2020 would be due and payable in the calendar year 2021. | $ 1,991.91 | 7 |
| 3 | Dallas County | 6 | 11/6/2019 | $ 62,694.94 | Claim #6 includes tax statements for Highland Capital (5 Center Ave, Little Falls, NJ 07242). The Debtor is not affiliated with that party. | $ 60,592.37 | 7 |
| 4 | Opus 2 International Inc | 10 | 11/21/2019 | $ 51,156.88 | Claim #10 includes $11,943 of interest charges. Interest charges are not defined in The Amendment To Opus 2 Internationals Work Order signed on 9/19/2013 between an employee of the Debtor and Opus 2 International, Inc. | $ 39,214.00 | 7 |

***Highland Capital Management, L.P.***
***Case No. 19-34054-sgj11***
***Schedule 3 - Late Filed Claims***

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Parmentier, Andrew | 181 | 5/13/2020 | $ 150,000.00 | Claim #181 was filed past the April 8, 2020 bar date. | 7 |

**Highland Capital Management, L.P.**
*Case No. 19-34054-sgj11*
*Schedule 4 - Satisfied Claims*

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | 4CAST Inc | 12 | 11/26/2019 | $ 16,500.00 | Paid via wire on 2/14/2020 | 7 |
| 2 | Advent Software Inc | 29 | 12/30/2019 | $ 8,378.68 | Paid via wire on 3/20/2020 | 7 |
| 3 | ConvergeOne, Inc. | 61 | 03/24/2020 | $ 23,518.15 | Paid via wire on 5/19/2020 | 7 |
| 4 | Denton County | Scheduled | 12/13/2019 | $ 557.14 | Paid online on 2/5/2020 | 7 |
| 5 | Internal Revenue Service | 179 | 04/27/2020 | $ 10,386.87 | IRS assessed a late tax deposit penalty for the claim amount; Payroll provider Paylocity informed Debtor the penalty was removed. | 7 |
| 6 | Kaufman County | 9 | 11/06/2019 | $ 12,081.17 | Paid online on 2/4/2020 | 7 |
| 7 | Maples and Calder | Scheduled | 12/13/2019 | $ 25,800.11 | Paid via wire on 5/29/2020 | 7 |
| 8 | McLagen Partners, Inc. | 74 | 04/06/2020 | $ 16,400.00 | Paid via wire on 4/22/2020 | 7 |
| 9 | Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation | 76 | 04/03/2020 | $ 7,436.56 | Paid by NexBank via check | 7 |
| 10 | Moodys Analytics, Inc. | 91 | 04/08/2020 | $ 5,728.05 | Paid on 6/8/20 - Reference # 1259769 | 7 |
| 11 | Quintairos, Prieto Wood & Boyer | Scheduled | 12/13/2019 | $ 8,608.17 | Paid via wire on 5/13/2020 | 7 |

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 5 - No Liability Claims*

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Advisors Equity Group, LLC | 111 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 2 | Eagle Equity Advisors, LLC | 110 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 3 | HCRE Partner, LLC | 146 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 4 | Highland Capital Management Fund Advisors, | 95 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 5 | Highland Capital Management Fund Advisors, | 119 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 6 | Highland Capital Management Services, Inc. | 175 | 04/23/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 7 | Highland Capital Management Services, Inc. | 176 | 04/23/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 8 | Highland Energy MLP Fund | 102 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 9 | Highland Fixed Income Fund | 109 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 10 | Highland Floating Rate Fund | 125 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 11 | Highland Funds I | 106 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 12 | Highland Funds II | 114 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 13 | Highland Global Allocation Fund | 98 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 14 | Highland Healthcare Opportunities Fund | 116 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 15 | Highland iBoxx Senior Loan ETF | 122 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 16 | Highland Income Fund HFRO | 105 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 17 | Highland Long/Short Equity Fund | 112 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 18 | Highland Merger Arbitrage Fund | 132 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 19 | Highland Opportunistic Credit Fund | 100 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 20 | Highland Small-Cap Equity Fund | 127 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 21 | Highland Socially Responsible Equity Fund | 115 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 22 | Highland Tax-Exempt Fund | 101 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 23 | Highland Total Return Fund | 126 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 24 | NexBank SSB | 178 | 04/23/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 25 | NexPoint Advisors, L.P. | 104 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 26 | NexPoint Advisors, L.P. | 108 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 27 | NexPoint Capital, Inc. | 107 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 28 | NexPoint Capital, Inc. | 140 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 29 | NexPoint Discount Strategies Fund | 117 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 30 | NexPoint Energy and Material Opportunities | 124 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 31 | NexPoint Event-Driven Fund | 123 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 32 | NexPoint Healthcare Opportunities Fund | 121 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 33 | NexPoint Latin America Opportunities Fund | 130 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 34 | NexPoint Real Estate Strategies Fund | 118 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 35 | NexPoint Strategic Opportunities Fund | 103 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 36 | The Dugaboy Investment Trust | 131 | 04/08/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |
| 37 | The Dugaboy Investment Trust | 177 | 04/23/20 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7/8 |

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 6 - No Liability Claims*

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Callan, Bentley | 157 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records; claim is for a stock appreciation unit related to a Non-Debtor party | 7/8 |
| 2 | City of Garland | 19 | 12/16/2019 | $    254.58 | No liability on the Debtor's books and records; claim is filed against an entity with a similar name to Debtor, but not a Debtor party | 7/8 |
| 3 | Clay Callan | 162 | 04/08/2020 | $   55,125.60 | No liability on the Debtor's books and records | 7/8 |
| 4 | Eastern Point Trust Company, Inc. | 52 | 03/18/2020 | $   34,875.91 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 5 | Garland Independent School District | 20 | 12/16/2019 | $    459.81 | No liability on the Debtor's books and records; claim is filed against an entity with a similar name to Debtor, but not a Debtor party | 7/8 |
| 6 | Grayson County | 3 | 11/06/2019 | $   1,882.01 | No liability on the Debtor's books and records; claim is filed against an entity with a similar name to Debtor, but not a Debtor party | 7/8 |
| 7 | HarbourVest 2017 Global Fund L.P. | 143 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records | 7/8 |
| 8 | HarbourVest 2017 Global AIF L.P. | 147 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records | 7/8 |
| 9 | HarbourVest Partners L.P. on behalf of funds and accounts under management | 149 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records | 7/8 |
| 10 | HarbourVest Dover Street IX Investment L.P. | 150 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records | 7/8 |
| 11 | HarbourVest Skew Base AIF L.P. | 154 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records | 7/8 |
| 12 | Hartman Wanzor LLP | 42 | 03/10/2020 | $    701.25 | No liability on the Debtor's books and records; claim appears to be filed against Non-Debtor estate | 7/8 |
| 13 | Irving ISD | 5 | 11/06/2019 | $    827.96 | No liability on the Debtor's books and records; claim is filed against an entity with a similar name to Debtor, but not a Debtor party | 7/8 |
| 14 | John Morris | 60 | 03/23/2020 | $  500,000.00 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 15 | John R. Watkins | 89 | 04/07/2020 | $  322,701.12 | No liability on the Debtor's books and records; Never an employee of the Debtor and not an obligation of the Debtor | 7/8 |
| 16 | Linear Technologies, Inc. | 4 | 11/06/2019 | $    489.94 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 17 | Mass. Dept. of Revenue | 45 | 03/13/2020 | $   1,352.46 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 18 | Mediant Communications Inc. | 15 | 12/02/2019 | $   1,755.57 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 19 | Oklahoma Tax Commission | 28 | 02/03/2020 | $   2,706.93 | No liability on the Debtor's books and records; claim appears to be filed against Debtor affiliate, but not a Debtor obligation | 7/8 |
| 20 | Park, Jun | 73 | 04/06/2020 | $   32,676.61 | No liability on the Debtor's books and records; claimant is an employee of a subsidiary of the Debtor | 7/8 |
| 21 | Paul N. Adkins | 65 | 03/30/2020 | $   23,957.95 | No liability on the Debtor's books and records; claimant is an employee of a subsidiary of the Debtor | 7/8 |
| 22 | Paul N. Adkins | 66 | 03/31/2020 | $  249,230.48 | No liability on the Debtor's books and records; claimant is an employee of a subsidiary of the Debtor | 7/8 |
| 23 | Tarrant County | 2 | 11/06/2019 | $   8,267.52 | No liability on the Debtor's books and records; claim is filed against an entity with a similar name to Debtor, but not a Debtor party | 7/8 |
| 24 | Theodore N. Dameris | 85 | 04/07/2020 | Unliquidated | No liability on the Debtor's books and records; claimant does not list a proceeding that they are named as a deponent, witness, party, or any other type of participant in a proceeding. | 7/8 |
| 25 | Theodore N. Dameris | 174 | 04/08/2020 | Unliquidated | No liability on the Debtor's books and records; claim related to pension and should be asserted against pension, not the Debtor | 7/8 |
| 26 | Zang, Weijun | 170 | 04/09/2020 | $   25,000.00 | No liability on the Debtor's books and records; individual not employed at time of bonus payout and not entitled to receive bonus | 7/8 |

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 7 - Insufficient Documentation Claims*

| Sequence No. | Claimant's Name | Claim No. | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Anish Tailor | 56 | 03/20/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 2 | Boyce-Field, Mollie | 43 | 03/12/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 3 | Charles Byrne | 44 | 03/13/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 4 | Donald Salvino | 41 | 03/10/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 5 | Garcia, Ericka | 71 | 04/03/2020 | $    2,000.00 | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 6 | Garman Turner Gordon | 161 | 04/08/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 7 | Joe Kingsley | 171 | 04/10/2020 | BLANK | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 8 | Mason, Frederic | 63 | 03/25/2020 | Unliquidated | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 9 | TDA Associates, Inc. | 55 | 03/20/2020 | $    7,000.00 | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |
| 10 | Wilkinson Center | 54 | 03/20/2020 | $         - | No supporting documentation or explanation of the basis of the claim was provided.  No liability for this claimant on the Debtor's books and records. | 8 |