# EXHIBIT 79

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§ |

## DEBTOR'S PRELIMINARY REPLY IN FURTHER SUPPORT OF MOTION TO DISQUALIFY WICK PHILLIPS GOULD & MARTIN, LLP AS COUNSEL TO HCRE PARTNERS, LLC AND FOR RELATED RELIEF

Highland Capital Management, L.P., the debtor and debtor-in-possession (the "Debtor" or "Highland") in the above-captioned chapter 11 case ("Bankruptcy Case"), by and through its undersigned counsel, files this preliminary reply (the "Reply") in further

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:43131.2 36027/002



1934054210512000000000008

support of its *Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2196] (the "Motion").[2]

In support of its Reply, the Debtor respectfully as follows:

### I.     **PRELIMINARY STATEMENT**

1. In its Motion, the Debtor makes out a *prima facie* case that Wick Phillips' prior representation of the Debtor and current representation to HCRE constitutes a conflict of interest, and that, therefore, Wick Phillips should be disqualified as counsel to HCRE. Indeed, if this dispute is not summarily resolved, for the reasons set forth below, the Debtor intends to call Wick Phillips as a witness to testify about facts concerning its prior joint representation of the Debtor and HCRE that are directly related to the current dispute.

2. As set forth in the Motion, the undisputed facts already show that:

- The Allocation of the interests in SE Multifamily were set forth in the LLC Agreement (that was signed by James Dondero on behalf of both parties) as 51% to HCRE and 49% to HCMLP;

- Wick Phillips represented the Debtor (and the other Borrowers, including HCRE) in connection with the Loan Agreement, the proceeds of which were used to finance the purchase and development of real properties;

- Pursuant to the Loan Agreement, the Borrowers borrowed over $500,000,000, for which each of them was jointly and severally liable;

- In the Loan Agreement, the Debtor (and the other Borrowers, including HCRE) made a representation and warranty to the Lender about the equity ownership interests in the properties that were consistent with the Allocation in the LLC Agreement (i.e., 51/49);

- Wick Phillips was involved in insuring that 22 different organizational charts attached as a Schedule to the Loan Agreement in support of the Borrower's representation and warranty, and that reflected the Allocation, were accurate;

---

[2] Terms not defined herein shall have the meanings ascribed to them in the *Debtor's Memorandum of Law in Support of Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2197] (the "Memorandum of Law").

2

- HCRE, HCMLP, and a third party effectively ratified the Allocation set forth in the LLC Agreement and the Loan Agreement when amending the LLC Agreement; and

- HCRE's claim is based exclusively on its contention that the parties made a mutual mistake at least 23 different times (22 times in the Loan Document, and one final time in the amended LLC Agreement) when setting forth the Allocation.

3. In its opposition to the Motion [Docket No. 2279] (the "Opposition"), HCRE attempts to undermine the obvious connection between Wick Phillips' former representation of the Debtor and its current representation of HCRE, including by: (i) minimizing Wick Phillips' involvement in the drafting of the Loan Agreement and the issues concerning the Borrowers' representations and warranties therein; (ii) disavowing the relationship between the LLC Agreement, the Loan Agreement, and the Restated LLC Agreement; (iii) assuming there were no confidential communications shared between Wick Phillips and the Debtor in connection with the Loan Agreement; and (iv) disclaiming any role in connection with the preparation of the LLC Agreement or the Amended LCC Agreement.[3]

4. Based on the assertions in the Opposition, the Debtor intends to take discovery into Wick Phillips' contentions that no conflict exists between the subject matter of its prior representation of the Debtor and its current representation of HCRE. Accordingly, on May 10, 2021, the Debtor informed Wick Phillips of its intent to take discovery on the issues raised in the Opposition, and that it would submit a proposed scheduling order to that effect. Wick Phillips agreed to the Debtor's request.[4]

---

[3] Upon information and belief, Wick Phillips played a role in connection with the preparation of the LLC Agreement. Notably, despite the Debtor's specific request, Wick Phillips has not produced an engagement or retainer letter with respect to even the matter they admit to working on (*i.e.*, the Loan Agreement). The Debtor intends to seek discovery on these matters.

[4] The Debtor reserves the right to supplement its Reply to HCRE's various factual and legal contentions throughout the course of discovery.

3

Case 19-34054-sgj11 Doc 2390-79 Filed 05/12/21 Entered 05/12/21 16:52:57 Page 4 of 7
Case 19-34054-sgj11 Doc 2590-79 Filed 07/20/22 Entered 07/20/22 17:52:18 Page 5 of 7
Exhibit 79    Page 5 of 8

## II.    ARGUMENT

### A.    The Substantial Relationship Is Satisfied

5.    Wick Phillips previously represented the Debtor on an issue that is at the heart of HCRE's Proof of Claim, namely, ownership allocations in SE Multifamily. HCRE contends, however, that the substantial relationship is not satisfied and that that there is, therefore, no conflict, because Wick Phillips' previous representation of the Debtor and current representation of HCRE "do not overlap on subject matter, issues, or causes of action." [Opposition ¶ 19]. In support of this argument, HCRE claims that Wick Phillips' previous representation as counsel to the Debtor "was limited to the negotiation and drafting" of the Loan Agreement," and that "Wick Phillips' representation of [HCRE] in the Current Representation is limited to the proposed reformation, rescission, or modification of the SE Multifamily Amended LLC Agreement based on the improper allocation of ownership percentages of members." [*Id.*] In so arguing, HCRE minimizes both (i) Wick Phillips' attorney-client relationship with the Debtor, and (ii) the fact that the Loan Agreement is related to the facts surrounding HCRE's Proof of Claim.

6.    There is no dispute that the Borrowers (a) were represented by Wick Phillips, and (b) made a representation and warranty in the Loan Agreement regarding the Allocation and attached 22 organizational charts in Schedule 3.15, pursuant to which HCRE was allocated a 51% interest in SE Multifamily, and the Debtor was allocated 49%. [*See* Motion ¶ 13]. HCRE does not dispute this fact. [*See* Opposition ¶¶ 11-13].

7.    Wick Phillips represented the Debtor with respect to these organization charts to make sure they were accurate, a fact which HCRE also does not dispute. [*See* Opposition ¶ 10 ("HCMLP provided the SE Multifamily structures to Wick Phillips to relay to the respective lenders in connection with the Loans and the Bridge Loan documentation")].

4

8. Pursuant to the Restated LLC Agreement, a new member, BH Equities, acquired 6% of the interests in SE Multifamily, and accordingly, the Debtor's ownership was adjusted to 46.06%. [*See* Motion ¶ 17]; [Opposition ¶¶ 11-12]. This Revised Allocation mirrors the original structure provided for in the LLC Agreement and in the organization charts attached to the Loan Agreement and the LLC Agreement, but was adjusted to account for a new investor in SE Multifamily. [*See* Opposition ¶¶ 11-12].[5] This Revised Allocation, which is based on the Allocation in the LLC Agreement and the Loan Agreement, forms the basis of the Proof of Claim. Thus, the subject matter underlying Wick Phillips' prior representation of the Debtor, *i.e.*, the Loan Agreement, is substantially related to HCRE's Proof of Claim.

9. In a further attempt to undermine Wick Phillips' former representation of the Debtor in relation to HCRE's Proof of Claim, HCRE vaguely contends that Wick Phillips "did not comment on the appropriateness of the organization structure of SE Multifamily," but "simply confirmed that the organizations charts submitted in connection with the Loans and the Bridge Loan matched the organization structures the parties thereto contemplated." [Opposition ¶ 10]. There are documents that suggest otherwise. [*See*, *e.g.*, Motion Ex. C.][6] In addition, for the reasons discussed above, such a contention does not rebut the Debtor's *prima facie* case that there exists a substantial relationship between the prior and current representations, and that the Debtor shared a confidential relationship with Wick Phillips during its attorney-client relationship. *See In re Am. Airlines, Inc.* 972 F.2d 605, 614 (5th Cir. 1992) ("Once it is established that the prior matters are substantially related to the present case, the court will *irrebuttably* presume that relevant

---

[5] It does not appear that HCRE has given notice of its claim to the Lender and to BH Equities. Obviously their rights would be impacted by any change in the Allocation. The Debtor reserves the right to seek to dismiss the claim based on HCRE's failure to name indispensable parties.

[6] The Debtor intends to inquire as to what diligence Wick Phillips did, if any, on behalf of its clients to make sure the representations and warranties in the Loan Agreement were true and accurate.

5

confidential information was disclosed during the former period of representation.") (emphasis added).

10. The evidence will show that the two representations involve the same, or overlapping, subject matters, and are, therefore, "substantially related." *See In re Am. Airlines*, 972 F.2d at 625 (to be "substantially related," the "two representations need only involve the same subject matter."); *Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*, 384 F. Supp. 3d 644, 652 (E.D. La. 2018) (representations involve the same subject matter where, for instance, an issue is relevant or "common" to both).

### B. There Exists an Appearance of Impropriety

11. For these same reasons, HCRE fails to rebut the appearance of impropriety created by Wick Phillips' continued representation of HCRE.

12. Contrary to HCRE's assertions, there is a "reasonable possibility that some identifiable impropriety" occurred or will occur. [*See* Opposition ¶ 24]. As discussed *supra*, Wick Phillips advised the Debtor on the Loan Agreement and allocation structure referred to in the representation and warranty in Section 3.15—issues which are central to HCRE's Proof of Claim. There is, therefore, a reasonable possibility that Wick Phillips could use confidential information it learned from the Debtor to the Debtor's disadvantage in its current representation to HCRE.

13. Wick Phillips will be a key witness in this proceeding. Contrary to HCRE's assertions, Wick Phillips' testimony will relate to HCRE's claim there was a "mutual mistake" in the Allocation regarding the ownership structure of SE Multifamily.

### III. CONCLUSION

14. Given Wick Phillips' Opposition, the Debtor intends to take discovery and reserves the right to supplement this Reply in accordance with a schedule to be mutually agreed upon.

Dated: May 12, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
    ikharasch@pszjlaw.com
    jmorris@pszjlaw.com
    gdemo@pszjlaw.com
    hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*