# EXHIBIT 85

Case 19-34054-sgj11 Doc 2952 Filed 10/22/21 Entered 10/22/21 17:47:57 Page 1 of 10
Case 19-34054-sgj11 Doc 3529-85 Filed 10/12/23 Entered 10/12/23 01:09:40 Exhibit 85 Page 2 of 11
Docket #2952 Date Filed: 10/22/2021

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Kenneth Brown (CA Bar No. 100396) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |

## HIGHLAND'S REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO DISQUALIFY WICK PHILLIPS GOULD & MARTIN, LLP AS COUNSEL TO HCRE PARTNERS, LLC AND FOR RELATED RELIEF

Highland Capital Management, L.P., the reorganized debtor[1] ("Highland" or "HCMLP") in the above-captioned chapter 11 case ("Bankruptcy Case"), by and through its undersigned counsel, files this reply (the "Reply") in further support of its *Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief*

---

[1] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Docket No. 1808] (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

(the "Supplemental Motion") pursuant to the *Agreed First Amended Scheduling Order with Respect to Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC* [Docket No. 2757].  In further support of its Supplemental Motion, Highland states as follows:

### PRELIMINARY STATEMENT[2]

1.      Wick Phillips' Current Representation of HCRE presents a clear violation of ethical duties owed to its former client, Highland, under well-settled ethical standards and Fifth Circuit law warranting disqualification.  The undisputed facts demonstrate that Wick Phillips' Current Representation of HCRE is directly adverse to its Prior Representation of Highland because the two Representations involve the same core subject matter: Highland's and HCRE's respective ownership interests in SE Multifamily.

2.      HCRE attempts to minimize this obvious conflict of interest, including by disregarding the overwhelming connection between the Loan Agreement and the LLC Agreements, diminishing Wick Phillips' role as counsel to Highland in connection with the Loan Agreement, and raising facts that are entirely irrelevant to the issue at hand.

3.      HCRE maintains that there is "no similarity in facts" or "legal questions" among the two Representations, principally because:  (i) Wick Phillips was not involved in drafting the LLC Agreements; (ii) Wick Phillips did not render "transaction advice" or give "final sign-off" on the Organizational Charts; (iii) the Revised Allocation is not specifically referenced in the Loan Agreement; and (iv) the LLC Agreement was amended six months after the Loan Agreement was executed.  HCRE fails to rebut Highland's *prima facie* case that not only are the two Representations "substantially related," they are virtually identical.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Memorandum of Law in Support of Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2894] (the "Supplemental Brief").

2

Case 19-34054-sgj11 Doc 2959-85 Filed 10/27/22 Entered 10/27/22 13:52:17 Page 3 of 10
Case 19-34054-sgj11 Doc 2390 Filed 12/10/21 Entered 12/10/21 15:22:57 Page 4 of 10
Exhibit 85    Page 4 of 11

4.      In its Prior Representation of Highland, Wick Phillips worked with Highland to ensure that the ownership allocations set forth in the Organizational Charts were consistent with the ownership allocations set forth in the LLC Agreement. Wick Phillips' Current Representation of HCRE involves challenges to these same allocations in SE Multifamily under the Restated LLC Agreements. HCRE's attempt to distinguish the material terms of the two Agreements, and Wick Phillips' role in each, misrepresents the plain terms of each of the Agreements and the fact that they are all integrated components of one global transaction, Project Unicorn – a fact which Wick Phillips concedes.

5.      The question of whether Wick Phillips rendered "transaction" or business advice to Highland in connection with the Loan Agreement equally misses the point for purposes of this Motion. The relevant point is that Wick Phillips' Current Representation of HCRE is directly at odds with its Prior Representation of Highland. This is precisely the type of situation warranting disqualification under Texas Rule 1.09 and the "substantial relationship" test. Finally, the fact that the LLC Agreement was amended six months after the Loan Agreement was executed has no bearing on the question of whether the two Representations are the same or substantially related. HCRE provides no basis in fact or law to suggest otherwise.

6.      For the reasons set forth in its Supplemental Brief and below, the undisputed facts warrant disqualification of Wick Phillips as counsel to HCRE in connection with HCRE's Proof of Claim.

**ARGUMENT**

7.      Disqualification of Wick Phillips as counsel to HCRE is mandated under applicable ethical standards because the Prior Representation and Current Representation involve (i) the "same matter," and, (ii) at a minimum, are "substantially related."

A. **Wick Phillips' Prior Representation of Highland and Current Representation of HCRE Involve the Same Matter**

8. Wick Phillips' Current Representation of HCRE and Prior Representation of Highland involves the same matter under Texas Rule 1.09 because both Representations involve HCRE's and Highland's respective ownership interest in SE Multifamily.  It is undisputed that in its Prior Representation of Highland, Wick Phillips reviewed the Organizational Charts in the Loan Agreement to ensure the ownership interests in SE Multifamily were consistent with the allocations in the LLC Agreement.  *See* Response[3] ¶ 2.[4]  The Organization Charts allocated 49% to Highland and 51% to HCRE. **Morris Dec. Ex. B** § 3.15.  Wick Phillips' Current Representation of HCRE involves HCRE's challenges to the Revised Allocation set forth in the Revised LLC Agreement.  This Revised Allocation is based on the Allocation set forth in the LLC Agreement, as validated in the Loan Agreement, adjusting only for the addition of BH Equities. **Morris Dec. Ex. D**.  Thus, the Loan Agreement, the LLC Agreement, and the Restated LLC Agreement all constitute integrated components of one unitary transaction—Project Unicorn. *See* Kehr Transcript at 66:7-23 (the Agreements are "part of a single transaction" that "all existed for the single purpose of acquiring" property, and the Loan Agreement "wouldn't have existed except for the other agreements"); Wills Transcript at 5:5-9 ("Project Unicorn incorporates really all of the topics on the depo notice, the Loan Agreement, LLC Agreements. It's all sort of the same global project.") The two Representations, therefore, involve the same matter, warranting disqualification under Texas Rule 1.09.

---

[3] Refers to the *Response and Brief in Opposition to Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and Related Relief* [Docket No. 2927].

[4] *See also* Wills Transcript at 49:24-25; 50:2-25; *see also* emails between HCMLP and Rachel Sam, one of the Wick Phillips lawyers representing HCMLP and the other Borrowers with respect to the Loan Agreement. **Morris Dec. Ex. C** ("I made a couple of clean up changes to the DST Org Charts and am waiting for sign off from Baker Mackenzie. Once I hear back from Baker, I will circulate those updated Org charts.")

4

9. HCRE attempts to distinguish Wick Phillips' Prior Representation of Highland in connection with the Loan Agreement from its role in the LLC Agreements by arguing that "Wick Philips was not involved" in the "allocations in the [Restated] LLC Agreements." Response ¶ 12. For the reasons discussed *supra*, this argument ignores the unitary nature among the LLC Agreement, the Loan Agreement, and the Restated LLC Agreement. While HCRE's Claim is premised specifically on the Revised Allocation set forth in the Restated LLC Agreement, this Allocation is derived from the Allocations originally set forth in the Organization Charts. Wick Phillips is challenging (on behalf of HCRE) the very work it performed in its Prior Representation of Highland in connection with the Loan Agreement. Wick Phillips' role as counsel to Highland in connection with the Loan Agreements, therefore, cannot be separated from HCRE's current challenges to the Revised Allocations set forth in the Restated LLC Agreements.

10. For these same reasons, HCRE's argument that the "allocations in the [Restated] LLC Agreement were not referenced" in the Loan Agreement, Response at 1, is, on its face, not credible. Again, the allocations in the Organizational Charts are the foundation of the allocation figures set forth in the Restated LLC Agreement and form the basis for HCRE's Claim. *See* **Morris Dec. Ex. B § 3.15** (Organizational Charts attached to Loan Agreement setting forth allocation of HCRE's and Highland's respective ownership interest in SE Multifamily as 51% to HCRE and 49% to HCMLP); **Ex. D, Art. 1.7 and 6.1** (Restated LLC Agreement setting forth Parties' "Ownership" interest in SE Multifamily as 47.94% to HCRE, 46.06% to HCMLP, and 6% to BH Equities). HCRE's contention that the Revised Allocation was not specifically "transcribed" or "included" in the Organization Charts simply misrepresents the figures set forth in the Agreements and the overall context of this unitary transaction.

11. Accordingly, Wick Phillips' Prior Representation of Highland and Current Representation of HCRE constitute the "same matter," and for this reason alone, disqualification of Wick Phillips as counsel to HCRE is required by Texas Rule 1.09(a)(3).

B. **Wick Phillips' Prior Representation of Highland and Current Representation of HCRE are Substantially Related**

12. In the alternative, the two Representations are, at a minimum, "substantially related" because they both "share a common subject matter" and the same "critical issues:" HCRE's and Highland's respective ownership in SE Multifamily. *See Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*, 384 F. Supp. 3d 644, 653 (E.D. La. 2018). In its Prior Representation of Highland, Wick Phillips reviewed a core component of the Loan Agreements—the ownership allocations in SE Multifamily—which was itself the topic of a specific representation in the Loan Agreement. Wick Phillips' Current Representation of HCRE involves HCRE's challenges to these same allocations. Such Representation is directly adverse to its former client, Highland.

13. HCRE's conclusory assertion that there is "no similarity in facts, legal questions, or the nature and extent of Wick Phillips' involvement" in the Loan Agreement and HCRE Claim, *see* Response ¶ 11, is thus belied by the facts.

14. HCRE's remaining contentions are equally without merit.

15. HCRE attempts to minimize Wick Phillips' role as counsel to Highland in connection with the Loan Agreement, maintaining that while "Wick Phillips received, transcribed, and transmitted information regarding the ownership structure" and reviewed the Organizational Charts in the Loan Agreement to ensure the ownership interests in SE Multifamily were accurate, Wick Phillips did not give "final sign-off on the organizational charts" or render "transactional advice" to Highland. Response ¶ 3. Whether Wick Phillips rendered specific business advice in connection with its Prior Representation of Highland or gave the "final sign-off" on the

Organization Charts is irrelevant to the issue at hand. *See NCK Org. Ltd. v. Bregman*, 542 F.2d 128, 132 (2d Cir. 1976) (rejecting party's contention that attorney's "connection to the contracts was only peripheral and required no legal advice," finding, in pertinent part, "we cannot perceive a real distinction, in terms of the 'substantial relation' test, between legal work and non-legal work, or between a requisite minimum of legal advice and mere peripheral legal participation"); *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964) ("Lawyers customarily render both legal and non-legal services, without distinction, and bill their clients for those services on the basis that all of them are legal services. Clients repose special confidence in, and retain their lawyers because they are lawyers. They are entitled to expect that their lawyers will act as they are supposed to act, without quibble as to what particular services may have been technically legal services.") Wick Phillips' Current Representation of HCRE, in which HCRE challenges ownership allocations in SE Multifamily, is directly adverse to its Prior Representations of Highland, in which Wick Phillips worked to ensure that the ownership percentages of the Parties' interests in SE Multifamily were accurate and consistent with the percentages set forth in the LLC Agreement. This is precisely the type of situation warranting disqualification under the substantial relationship test. *See City of El Paso v. Sales-Porras Soule*, 6 F. Supp. 2d 616, 624 (W.D. Tex. 1998) (representations substantially related where former client relied on counsel's work and where "[i]t would be patently unfair to allow the same lawyer to represent interests adverse to a former client regarding the same business affairs.")[5] HCRE's arbitrary categorization of the legal work Wick Phillips performed for Highland simply has no place here. HCRE otherwise offers no legal basis in support of its conclusory arguments regarding Wick Phillips' "sign-off" or rendering of "transactional advice."

---

[5] *See also Green v. Adm'rs of Tulane Educ. Fund*, No. 97-1869, 1998 WL 24424, at *4 (E.D. La. Jan. 23, 1998); *In re Am. Airlines, Inc.*, 972 F.2d 605, 625-28 (5th Cir. 1992); *Grosser-Samuels v. Jacquelin Designs Enters, Inc.*, 448 F. Supp. 2d 772, 783 (N.D. Tex. 2006).

16.     The fact that the LLC Agreement was "amended six months after the [Loan Agreement,]" Response at 12, also has no bearing on whether Wick Phillips' Current Representation is the "same" or "substantially related" to its Prior Representation of HCRE. HCRE offers no authority in support of such a notion.[6]

17.     Finally, HCRE's case cites are inapposite. In *Microsoft Corp. v. Commonwealth Scientific and Industrial Research Organisation*, 6:06 CV 549, 2007 WL 4376104, at *7 (E.D. Tex. Dec. 13, 2007), two matters were not substantially related where the party "only offer[ed] broad statements that [attorney] worked on" the same general technology at issue in a current litigation, but did "not address how these products relate to the [current] litigation." Here, unlike in *Microsoft*, Highland delineates with specificity the subject matters and issues common to both Representations, and therefore easily satisfies its burden of showing the "substantial relationship" test is satisfied. *See Am. Airlines, Inc.*, 972 F.2d at 614.

18.     In *Suarez v. Campbell*, Civ. Action No. 4:05-cv-741, 2006 WL 8438381, *2 (N.D. Tex. July 18, 2006), the lawyer representing the plaintiff in a current matter previously worked on a case with a "claim similar to" the present matter and researched legal issues common to those in the current claim. The two matters were not "substantially related" because "although [the lawyer] worked on a similar issue" in the two matters, "there [was] insufficient evidence that the cases [were] *related*." 2006 WL 8438381 at *2 (emphasis in original). Here, unlike in *Suarez*, Wick Phillips did not simply work on another matter that involved "similar legal issues" to those in HCRE's Claim. Rather, Wick Phillips' Prior Representation of Highland in connection with the Loan Agreement involves precisely the same matter now at issue in HCRE's Claim against Highland, *i.e.*, HCRE's and Highland's ownership allocations in SE Multifamily. Accordingly,

---

[6] HCRE's statement that "SE Multifamily was not the direct owner of any of the properties acquired by the Bridge Loan funding," Response ¶ 12, likewise has no factual or legal significance to the instant issues.

8

the substantial relationship test is satisfied, and, for this additional reason, disqualification of Wick Phillips as counsel to HCRE is warranted.

## CONCLUSION

19.     For the foregoing reasons, Highland respectfully requests that the Court enter an order:

- Disqualifying Wick Phillips from serving as counsel to HCRE in connection with the prosecution of HCRE's Claim;

- Directing HCRE to reimburse Highland for all costs and fees incurred in making this Motion, including reasonable attorneys' fees;

- Directing HCRE to engage substitute counsel to represent it in connection with the prosecution of HCRE's Claim within fourteen (14) days from the entry of an Order granting the Motion; and

- Granting the Highland such other and further relief as the Court deems just and proper.

Dated: October 22, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Kenneth Brown (CA Bar No. 100396)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
    jmorris@pszjlaw.com
    kbrown@pszjlaw.com
    gdemo@pszjlaw.com
    hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110
Email: MHayward@HaywardFirm.com
    ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

10