# EXHIBIT 87



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 10, 2021

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

## ORDER GRANTING IN PART AND DENYING IN PART
## HIGHLAND'S SUPPLEMENTAL MOTION TO DISQUALIFY
## WICK PHILLIPS GOULD & MARTIN, LLP AS COUNSEL TO
## HCRE PARTNERS, LLC AND FOR RELATED RELIEF

The Court conducted a hearing on November 30, 2021 (the "Hearing") to consider

*Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to*

*HCRE Partners, LLC and for Related Relief* [Docket No. 2893] (the "Supplemental Motion")

which supplemented the *Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as*

*Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2196] (the "Original Motion",

and together with the Supplemental Motion, the "Motion") filed by Highland Capital Management,

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



1934054211210000000000027

L.P. ("Highland" or the "Reorganized Debtor") in the above-captioned chapter 11 case (the

"Bankruptcy Case").   In the Motion, Highland sought entry of an order (i) directing the

disqualification of Wick Phillips Gould & Martin, LLP ("Wick Phillips") as counsel to HCRE

Partners, LLC ("HCRE") in connection with the prosecution of HCRE's Claim;[2] (ii) directing

Wick Phillips to immediately turnover to Highland all files and records relating to the LLC

Agreement, the Loan Agreement, and the Restated LLC Agreement; and (iii) directing HCRE to

(a) reimburse Highland for all costs and fees incurred in making the Motion, including reasonable

attorneys' fees; (b) engage substitute counsel in connection with the prosecution of HCRE's Claim

within fourteen (14) days of the entry of an order of the Court; and (c) disclose all communications

it (or anyone purporting to act on its behalf, including Wick Phillips) has had with Mark Patrick

and Paul Broaddus concerning HCRE's Claim.  In considering the Motion, the Court has reviewed

the (i) Original Motion; (ii) *Debtor's Memorandum of Law in Support of Motion to Disqualify*

*Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief*

[Docket No. 2197]; (iii) the *Declaration of John A. Morris in Support of the Debtor's Motion to*

*Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related*

*Relief* [Docket No. 2198] and the exhibits attached thereto; (iv) the Supplemental Motion; (v)

*Highland's Memorandum of Law in Support of Supplemental Motion to Disqualify Wick Phillips*

*Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No.

2894]; (vi) the *Declaration of Kenneth H. Brown in Support of Supplemental Motion to Disqualify*

*Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief*

---

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in *Debtor's Memorandum of Law in Support of Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2197] and *Highland's Memorandum of Law in Support of Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2894].

2

[Docket No. 2895] and the exhibits attached thereto; (vii) the *Response to Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC* [Docket No. 2278]; (viii) the *Brief in Opposition to Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC* [Docket No. 2279]; (ix) the sealed *Appendix in Support of HCRE Partners, LLC Brief in Opposition to Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP* [Docket No. 2926]; (x) the *Response and Brief in Opposition to Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2927]; (xi) the *Supplemental Appendix in Support of NexPoint Real Estate Partners, LLC's Response and Brief in Opposition to Debtor's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP* [Docket No. 2928]; (xii) *Highland's Reply in Support of Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2952]; (xiii) the exhibits admitted at the Hearing on the Motion [Docket No. 3065]; and (xiv) the arguments of counsel at the Hearing. After considering the foregoing, the Court finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter constitutes a core proceeding under 28 U.S.C. § 157; (c) venue is proper in this judicial district pursuant to 28 U.S.C. § 1409; (d) notice of the Motion and the Hearing were appropriate and adequate; and (e) all persons with standing have been afforded the opportunity to be heard on the Motion.  As a result of the findings of fact and conclusions of law set forth on the record at the Hearing, the Court finds good cause to grant in part, and deny in part, the relief requested in the Motion.  Accordingly, **IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** in part and **DENIED** in part as set forth herein.

2.      Wick Phillips is **DISQUALIFIED** from serving as counsel to HCRE in connection with the prosecution of HCRE's Claim.

3.      Wick Phillips is directed to immediately turnover to Highland all files and records relating to the LLC Agreement, the Loan Agreement, and the Restated LLC Agreement.

4.      HCRE is directed to engage substitute counsel in connection with the prosecution of HCRE's Claim within thirty (30) days of the entry of this Order.

5.      Highland's request that HCRE disclose all communications it (or anyone purporting to act on its behalf, including Wick Phillips) has had with Mark Patrick and Paul Broaddus concerning HCRE's Claim is **DENIED**.

6.      Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### End of Order ###

4