# EXHIBIT 94

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.,** | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| **Debtor.** | § | |

---

**NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S
AMENDED RESPONSES AND OBJECTIONS TO DEBTOR'S
SECOND SET OF DISCOVERY REQUESTS**

---

To:    Debtor Highland Capital Management, L.P., through its attorneys, John A. Morris, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017.

Pursuant to the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure, NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP"), serves its Amended Responses and Objections to Highland Capital Management, LP's ("HCMLP") Second Set of Discovery Requests Directed to HCRE, Partners, LLC (the "Discovery Requests").

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:    (214) 765-6002
Telecopier:    (214) 559-4905
E-Mail          BGameros@LegalTexas.com
                    WCarvell@LegalTexas.com

**ATTORNEYS FOR
NEXPOINT REAL ESTATE PARTNERS, LLC,
F/K/A HCRE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record on July 8, 2022 by electronic mail.

John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email: jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

*Counsel for Debtor and Debtor-in-Possession*

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.

**GENERAL OBJECTIONS**

Unless otherwise specified, the following General Objections and caveats are applicable to each and every Response and are incorporated into each Response and shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth herein:

1.      The Responses contained herein are based upon information presently known and ascertained by NREP.

2.      NREP objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery. The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a waiver of any such privilege or immunity. All references in these objections and responses to NREP's agreement to produce documents shall be construed to mean non-privileged documents.

3.      NREP objects to the Requests to the extent they request information that is not reasonably or readily available to it, in its possession, custody or control, or is more readily available to HCMLP from another source or for which the burden of obtaining such information is not substantially greater for HCMLP than it is for NREP.

4.      All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the Responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such Responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

5.      NREP objects to the Requests to the extent they, or the instructions and definitions

served herewith, seek to expand on or conflict with the Federal Rules of Civil Procedure, the

Federal Rules of Bankruptcy Procedure, and/or the Local Rules of the Bankruptcy Court for the

Northern District of Texas.

6.      NREP's agreement to produce documents with respect to a specific Request shall

not be construed as a representation that such documents actually exist or are within Plaintiff's

possession, custody or control.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All drafts of the LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and
that it is not proportional to the needs of the case. NREP avers that it believes that documents
responsive to this Request may already be in the possession, custody, and control of the
Debtor (e.g., on its server), and that the requested documents are therefore more easily
obtained by the Debtor and that production by NREP is not proportional to the needs of the
case. To the extent that the documents in the Debtor's possession, custody, or control are
subject to any privilege or exemption from discovery, NREP reserves the right to object to
its use in this matter. Subject to and without waiving its General Objections and specific
objections, NREP avers that it will produce responsive, unprivileged, documents located
after a reasonable search.**

**REQUEST NO. 2:**

All Communications Concerning the drafting, negotiation, or execution of the LLC Agreement,
including any drafts of the LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to
communication), thereby imposing an undue burden, and that it is not proportional to the
needs of the case. NREP avers that it believes that documents responsive to this Request may
already be in the possession, custody, and control of the Debtor (e.g., on its server), and that
the requested documents are therefore more easily obtained by the Debtor and that**

**production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP will produce responsive documents based on the search parameters agreed upon by counsel.**

**REQUEST NO. 3:**

All drafts of the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it will produce responsive, unprivileged, documents located after a reasonable search.**

**REQUEST NO. 4:**

All Communications Concerning the drafting, negotiation, or execution of the Amended LLC Agreement, including any drafts of the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP will produce responsive documents based on the search parameters agreed upon by counsel.**

**REQUEST NO. 5:**

All Communications Concerning Schedule A.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it has electronic documents which may be responsive in its possession, custody, or control – having received such electronic documents from the Debtor – and that it will produce responsive, unprivileged, documents surrounding the drafting, amending, and execution of Schedule A, if any, located after a reasonable search to the extent that Debtor wishes to pursue such documents and after agreement with counsel for the Debtor regarding search terms to be used.**

**REQUEST NO. 6:**

All Communications Concerning (a) sections 1.7, 1.8, and 9.3, and (b) Article VI, of the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it has electronic documents which may be responsive in its possession, custody, or control – having received such electronic documents from the Debtor – and that it will produce responsive, unprivileged, documents surrounding the drafting, amending, and execution of those sections, if any, located after a reasonable search to the extent that Debtor wishes to pursue such documents and after agreement with counsel for the Debtor regarding search terms to be used.**

**REQUEST NO. 7:**

All Communications with Liberty Concerning the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it has electronic documents which may be responsive in its possession, custody, or control – having received such electronic documents from the Debtor – and that it will produce responsive, unprivileged, documents surrounding the drafting, amending, and execution of the Amended LLC Agreement, if any, located after a reasonable search to the extent that Debtor wishes to pursue such documents and after agreement with counsel for the Debtor regarding search terms to be used.**

**REQUEST NO. 8:**

All Communications with BH Equities Concerning the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time, parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it has electronic documents which may be responsive in its possession, custody, or control – having received such electronic documents from the Debtor – and that it will produce responsive, unprivileged, documents surrounding the drafting, amending, and execution of the Amended LLC Agreement, if any, located after a reasonable search to the extent that Debtor wishes to pursue such documents and after agreement with counsel for the Debtor regarding search terms to be used.**

**REQUEST NO. 9:**

All Documents and Communications Concerning Your contention that You "may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor." *See* Exhibit A.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time or scope, or parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, NREP will produce responsive, unprivileged, documents located after a reasonable search. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter.**

**REQUEST NO. 10:**

All Documents and Communications Concerning Your contention that "all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be property of" HCRE.  *See* Exhibit A.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time or scope, or parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, NREP will produce responsive, unprivileged, documents located after a reasonable search. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter.**

**REQUEST NO. 11:**

All Documents and Communications Concerning Your contention that You "requested information from the Debtor to ascertain the exact amount of [Your] claim."  *See* Exhibit A.

**RESPONSE:**

**NREP objects to the Request as it is overly broad (no restriction as to time or scope, or parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, NREP will produce responsive, unprivileged, documents located after a reasonable search. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor. To the extent**

**that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter.**

## REQUEST NO. 12:

All Documents and Communications Concerning Your contention that "the parties have attempted to resolve the Objection," as set forth in paragraph 3 of the Response.

## RESPONSE:

**NREP objects to the Request as it is overly broad (no restriction as to time or scope, or parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, NREP will produce responsive, unprivileged, documents located after a reasonable search. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter.**

## REQUEST NO. 13:

All Documents and Communications Concerning Your belief that "the organizational documents relating to SE Multifamily . . . improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," as set forth in paragraph 5 of the Response.

## RESPONSE:

**NREP objects to the Request as it is overly broad (no restriction as to time or scope, or parties to communication), thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, NREP will produce responsive, unprivileged, documents located after a reasonable search. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter.**

## REQUEST NO. 14:

All tax returns of SE Multifamily.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. Subject to and without waiving its General Objections and specific objections, NREP avers that it will produce responsive, unprivileged, documents located after a reasonable search.**

**REQUEST NO. 15:**

All of Your tax returns covering the period January 1, 2018 to present.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. Subject to and without waiving its General Objections and specific objections, NREP avers that it will produce responsive, unprivileged, documents located after a reasonable search.**

**REQUEST NO. 16:**

All Documents and Communications Concerning any distributions or allocations made to any of the Members at any time, including but not limited to distributions and allocations made to any of the Members pursuant to Article 6 of the Amended LLC Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to its use in this matter. Subject to and without waiving its General Objections and specific objections, NREP avers that it will produce responsive, unprivileged, documents located after a reasonable search.**

**REQUEST NO. 17:**

All Documents and Communications Concerning the disposition of any loan proceeds from any Keybank Loan.

**RESPONSE:**

**NREP objects to the Request on the as the request is overly broad, thereby imposing an undue burdensome, and that it is not proportional to the needs of the case. For example, responding to this request would involve the production of over 11 GB of data including over 6,000 documents. Particularly where the Debtor already has copies of such documents, the request is unduly burdensome and disproportional to the needs of the case. Counsel hopes to work with Debtor's counsel to narrow the scope of this request. Again, NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor.**

**REQUEST NO. 18:**

All Documents and Communications Concerning the allocation of any loan proceeds to or among any of the borrowers under the Loan Agreement.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. Subject to and without waiving its General Objections and this specific objection, after a reasonable search, NREP has not located responsive documents. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case.**

**REQUEST NO. 19:**

All Documents and Communications Concerning the removal of Highland as a borrower under the Loan Agreement, including any release of Highland's liability thereunder.

**RESPONSE:**

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and that it is not proportional to the needs of the case. NREP avers that it believes that documents responsive to this Request may already be in the possession, custody, and control of the Debtor (e.g., on its server), and that the requested documents are therefore more easily obtained by the Debtor and that production by NREP is not proportional to the needs of the case. To the extent that the documents in the Debtor's possession, custody, or control are subject to any privilege or exemption from discovery, NREP reserves the right to object to**

**its use in this matter. Subject to and without waiving its General Objections and specific
objections, NREP avers that it will produce responsive, unprivileged, documents located
after a reasonable search.**

## REQUEST NO. 20:

All of SE Multifamily's financial statements, including but not limited to income statements,
balance sheets, and statements of operations.

## RESPONSE:

**NREP objects to the Request as it is overly broad, thereby imposing an undue burden, and
that it is not proportional to the needs of the case. Subject to and without waiving its General
Objections and this specific objection, NREP will produce responsive, unprivileged,
documents located after a reasonable search. NREP avers that it believes that documents
responsive to this Request may already be in the possession, custody, and control of the
Debtor (e.g., on its server), and that the requested documents are therefore more easily
obtained by the Debtor and that production by NREP is not proportional to the needs of the
case.**

## INTERROGATORIES

### INTERROGATORY NO.1:

Identify each attorney (and the law firm with which each such attorney was affiliated, if any) who participated in the drafting of the Amended LLC Agreement.

### ANSWER:

**Mark Patrick**

**Shawn Raver**

**Tim Cournoyer**

**Matt McGraner**

**Hunton & Williams**

**Wick Phillips**

**Attorneys for BH Equities, LLC**

**Liberty CLO Holdco, Ltd**

### INTERROGATORY NO. 2:

Identify each attorney (and the law firm with which each such attorney was affiliated, if any) who represented each Member in connection with the drafting, negotiation, and execution of the Amended LLC Agreement.

### ANSWER:

**NREP incorporates its response to Interrogatory Number 1. NREP objects that it is unable to speak as to the beliefs and representations of third parties. Subject to and without waiving its General Objections and this specific objection, after a reasonable inquiry NREP is unable to provide a definitive response as to who represented each Member in connection with the drafting, negotiation, and execution of the Amended LLC Agreement the interrogatory.**

### INTERROGATORY NO. 3:

Identify the person who authorized You to enter into and execute the Amended LLC Agreement.

**ANSWER:**

**James D. Dondero, Manager**

**INTERROGATORY NO. 4:**

Identify the person who authorized Highland to enter into and execute the Amended LLC Agreement.

**ANSWER:**

**Strand Advisors, Inc., General Partner**

**INTERROGATORY NO. 5:**

Identify the date when you first formed Your belief that "the organizational documents relating to SE Multifamily . . . improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," as set forth in paragraph 5 of the Response.

**ANSWER:**

**NREP was aware prior to on or about the Petition Date.**

**INTERROGATORY NO. 6:**

Identify the date when you first informed Highland of Your belief that "the organizational documents relating to SE Multifamily . . . improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," as set forth in paragraph 5 of the Response.

**ANSWER:**

**NREP raised the issue on or about the Petition Date.**

**INTERROGATORY NO. 7:**

Identify the source(s) of funding that enabled You to make the capital contribution set forth on Schedule A, including the amount obtained from each source.

**ANSWER:**

**NREP objects to the interrogatory because it seeks information which is not relevant to the contested matter in which the discovery is served and that it is not proportional to the needs**

of the case and matter. **Subject to and without waiving its General Objections and this specific objection, NREP will produce documents from which the requested information may be obtained.**

### INTERROGATORY NO. 8:

Identify all distributions or allocations made by SE Multifamily to any of the Members, including the date(s), the amount(s), and the recipient(s) of each such distribution or allocation.

### ANSWER:

**NREP will produce documents from which the requested information may be obtained.**

### INTERROGATORY NO. 9:

Identify the provision or provisions of the Amended LLC Agreement that You contend were entered into by mistake or without consideration, as alleged in paragraph 5 of the Response.

### ANSWER:

**Paragraphs 1.7, 6.1, 6.4, 9.3, 10.1, 10.4, 10.9.**

### INTERROGATORY NO. 10:

Identify the individual who authorized HCRE allocate any loan proceeds to or among any of the borrowers under the Loan Agreement.

### ANSWER:

**NREP has not identified a single individual who was so authorized.**

### INTERROGATORY NO. 11:

Identify the benefit Highland received, if any, in exchange for being named a Borrower under the Keybank Loan.

### ANSWER:

**The Debtor received allocated income, direct and indirect fees, and closing fees.**

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Your Claim is based solely on the Amended LLC Agreement, and not on the LLC Agreement.

### RESPONSE:

**Denied.**

### REQUEST FOR ADMISSION NO. 2:

Admit that You never informed Highland of your belief that "the organizational documents relating to SE Multifamily . . . improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration" (see paragraph 5 of the Response) prior to filing the HCRE Claim.

### RESPONSE:

**Denied.**