# EXHIBIT 8

Appx. 02065

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT, L.P. | § | |
| | § | |
| In re: | § | |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-0879-K |
| | § | |
| HON. STACEY G. C. JERNIGAN, | § | |
| | § | |
| Appellee. | § | |

## ORDER

Before the Court is Debtor Highland Capital Management, L.P.'s Motion for Leave to Intervene in Appeal of Recusal Order ("Motion") (Doc. No. 2). The Court has considered the Motion, the Response, the Reply, the supporting documentation, and the applicable law. The Court **GRANTS** Debtor Highland Capital Management, L.P.'s Motion.

On March 18, 2021, Appellants James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get

ORDER – PAGE 1



Appx. 02066

Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC (collectively, "Appellants") filed a Motion to Recuse Pursuant to 28 U.S.C. § 455 ("Motion to Recuse"). R. on Appeal, Volume 10 (Doc. No. 9-10) at 2338. On March 22, 2021, United States Bankruptcy Judge Stacey G. C. Jernigan issued an order denying the Motion to Recuse ("Order"). *Id.*, Volume 1 (Doc. No. 9-1) at 31. Appellants filed their Notice of Appeal as to Judge Jernigan's Order on April 1, 2021, and their Amended Notice of Appeal on April 6, 2021. *Id.* at 1, 16. In their Notices of Appeal, Appellants named Judge Jernigan as the Appellee. *See id.* Debtor filed the instant Motion for Leave to Intervene seeking leave to intervene and to be treated as "Appellee" and also that Debtor be allowed to supplement the appellate record. Appellants filed a Response (Doc. No. 5), opposing Debtor's request to intervene and, alternatively, asking the Court to limit any permitted intervention to defending those reasons stated in the Order. Debtor then filed a Reply (Doc. No. 6).

Federal Rule of Bankruptcy Procedure 8013 addresses, in relevant part, intervening in a bankruptcy appeal. FED. R. BANKR. P. 8013. Rule 8013(g) provides:

> Unless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or BAP must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the

ORDER – PAGE 2

proceeding, and why participating in an amicus curiae would not be adequate.

FED. R. BANKR. P. 8013(g). Section 1109 of the Bankruptcy Code permits a "party of interest, including the debtor," to raise and appear and "be heard on any issue in a case under this chapter." 11 U.S.C. § 1109.

The Court finds that Debtor has established the requirements for intervening in this bankruptcy appeal. *See* Fed. R. Bankr. P. 8013(g). Therefore, the Court **grants** Debtor leave to intervene. Intervenor-Debtor may file a responsive brief, as accorded to an Appellee under the Bankruptcy Rules, in response to any appellate brief on the merits that Appellants may file. *See* Fed. R. Bank. P. 8018. Intervenor-Debtor may also designate additional items to be included in the appellate record. Intervenor-Debtor **must supplement the record within 14 days from the date of this Order**.

The Court **denies** all other relief.

**SO ORDERED.**

Signed June 10th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE