# EXHIBIT 10

Appx. 02074

IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00879-K |
| | § | |
| HON. STACEY G. C. JERNIGAN, | § | |
| | § | |
| Appellee. | § | |

**APPELLANTS' RESPONSE TO THE COURT'S DECEMBER 10, 2021
MEMORANDUM OPINION AND ORDER**

James Dondero ("Mr. Dondero"), Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware limited liability company (collectively, "Appellants") file this Response to the Court's December 10, 2021 Memorandum Opinion and Order [Dkt. 28]:

1.  Appellants recognize that, ordinarily, an order denying recusal is not a final, appealable order in civil litigation under 28 U.S.C. § 1291 and 1292, at least in the District Court, until "completion of the entire case, *i.e.*, when the decision terminates the action or ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[1]

---

[1] *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (In civil litigation generally, 28 U.S.C. § 1291 governs appeals from "final decisions." Under that provision, a party may appeal to a court of appeals as of right from "final decisions of the district courts." The provision on appeals to U. S. district courts from decisions of

Page 1

**Appx. 02075**

2. However, "[a] bankruptcy case embraces an aggregation of individual controversies," and "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."[2] It is therefore common for a bankruptcy court to resolve discrete disputes, thereby allowing separate appeals "from discrete, controversy-resolving decisions," even "while the umbrella bankruptcy case remains pending."[3]

3. In other words, bankruptcy is not one dispute susceptible to one final judgment, but rather a series of discrete disputes. When a bankruptcy order puts a discrete dispute to rest, it is therefore a final order for appellate purposes. Accordingly:

> This circuit has long rejected adoption of a rigid rule that a bankruptcy case can only be appealed as a single judicial unit at the end of the entire bankruptcy proceeding. Instead, an appealed bankruptcy order must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'[4]

4. This standard is "a lower threshold" for meeting the finality requirement than that which is ordinary applicable to District Court practice.[5] Thus, the rule for bankruptcy finality is considered "more liberally or flexibly."[6]

5. The reasoning for a more flexible finality standard in bankruptcy is demonstrated by the facts of this case: if the Court must await the Final Decree in a Chapter 11 case (the technical instrument that closes a Chapter 11 case) to determine an appeal of an order denying recusal, and the appeal is determined in favor of the appellants, then each and every subset of the Chapter 11

---

bankruptcy courts is 28 U.S.C. § 158(a). Under that provision, an appeal of right lies from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." By providing for appeals from final decisions in bankruptcy "proceedings," as distinguished from bankruptcy "cases," Congress made "orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.").
[2] *Id.*
[3] *Ritzen Grp.*, 140 S. Ct. at 586–87.
[4] *In re Bartree*, 212 F.3d 277, 282 (5th Cir. 2000) (internal quotations and citations omitted).
[5] *See In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999).
[6] *In re Bartree*, 212 F.3d at 282.

Page 2

**Appx. 02076**

proceeding will be subject to reversal. This could cause massive uncertainty and burden on bankruptcy courts and the parties. As the Fifth Circuit has explained:

> a determination that appellate jurisdiction arises only when the bankruptcy judge enters an order which ends the entire bankruptcy case, leaving nothing for the court to do but execute the judgment, would substantially frustrate the bankruptcy system. This is so particularly when, as here, one independent decision materially affects the rest of the bankruptcy proceedings. Separate and discrete orders in many bankruptcy proceedings determine the extent of the bankruptcy estate and influence creditors to expend or not to expend effort to recover monies due them. The reversal of such an order would waste exorbitant amounts of time, money, and labor and would likely require parties to start the entire bankruptcy process anew. This potential waste of judicial and other resources has influenced this Court and other courts of appeals to view finality in bankruptcy proceedings in a more practical and less technical light.[7]

6. Consequently, the question is whether the Bankruptcy Court's Recusal Order is a "final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case.'"[8] The United States Supreme Court has held that bankruptcy court rulings are final if the motion was: (1) a distinct proceeding which the bankruptcy court fully and unequivocally disposed of all issues and relief requested; and (2) separate from the adversary claims-adjudication process.[9]

7. Here, both elements are met. *First*, Appellants moved to recuse. The Bankruptcy Court denied Appellants' motion and the requested relief in its entirety.[10] There is nothing left for the Bankruptcy Court to do or to consider on the issue. Instead, there is a final disposition of the recusal dispute. Stated differently, the Recusal Order is "an order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment."[11] *Second*, the Motion to Recuse was separate from the adversary claims-adjudication process. As a result, the

---

[7] *In re England*, 975 F.2d 1168, 1171 (5th Cir. 1992).
[8] *In re Bartree*, 212 F.3d at 282.
[9] *Ritzen Grp., Inc.*, 140 S. Ct. at 586.
[10] R 31.
[11] *In re England*, 975 F.2d at 1172.

Recusal Order is final and appealable, and this Court has jurisdiction.

8.  Moreover, the Bankruptcy Court's reservation in the Recusal Order to supplement or amend its ruling does not change this conclusion. Similar to *Ritzen*, the Recusal Order "ended the [motion to recuse adjudication] and left nothing more for the Bankruptcy Court to do in that proceeding",[12] and "conclusively resolved the movant's entitlement to the requested relief."[13] Importantly, allowing catch-all reservation language in an order that conclusively ended the recusal adjudication to prevent finality would unnecessarily delay the appeal of a fully adjudicated issue. This is especially true here, where it is undisputed that the Recusal Order fully resolved all issues presented and relief requested in the Motion to Recuse.

9.  In fact, the Recusal Order itself suggests an expectation that Appellants would immediately appeal it (…"*if a movant appeals a decision not to disqualify and the district court finds the record and documents submitted to be inadequate for a determination, it may remand and direct another judge to conduct an evidentiary hearing to enlarge the record*.").[14] This indicates that the Bankruptcy Court intended for the Recusal Order to be a final order and, perhaps, included its catch-all reservation language in the event of remand (since the Bankruptcy Court did not conduct a hearing on the recusal motion).

10. Moreover, there is a question as to the Bankruptcy Court's ability to amend the Recusal Order after this appeal was perfected, since "the filing of a notice of appeal is an event of jurisdictional significance –it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[15] In a similar bankruptcy

---

[12] *Ritzen Grp., Inc.*, 140 S. Ct. at 592.
[13] *Id.* at 591.
[14] R 37 (Recusal Order at p. 7).
[15] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As the Fifth Circuit has held, "[t]his rule applies with equal force to bankruptcy cases." *In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002).

Page 4

appeal, this Court concluded that the Bankruptcy Court lacked jurisdiction to enter supplemental findings of fact and conclusions of law after the appeal of the underlying order had been perfected, holding: "[a]s a timely notice of appeal from the sanctions order had been filed, Judge Tillman was powerless—after December 1, 1987—to supplement, amend, or modify his November 17 sanctions order with additional findings of fact or conclusions of law."[16] Thus, if the Bankruptcy Court's reservation language had any application before this appeal, it no longer does, since the Bankruptcy Court is now without jurisdiction to supplement or amend the Recusal Order.

11. The cases cited in the December 10, 2021 Memorandum Order and Opinion do not change this analysis. For example, *In re Global Marine Inc.* involved a dispute regarding whether a debtor's counsel had a conflict of interest warranting a denial of interim compensation.[17] In that case, the bankruptcy court denied the motion to disqualify the law firm because: (1) it found that, at that time, there was not yet a conflict of interest (but reserved the right to review the issue should a conflict appear to arise in the future); and (2) the interim orders on professional compensation were subject to full review in the context of a final order awarding or denying compensation.[18] The *Global Marine* court effectively denied the motion to disqualify without prejudice.

12. Here, unlike in *Global Marine*, the Recusal Order is not an "interim" recusal ruling that is subject to a "final recusal application." While the Bankruptcy Court reserved the right to "supplement and amend" the Recusal Order, there are no adjustments of future awards, amendments, or anything for the court to supplement with respect to any relief requested in the Motion to Recuse.

13. The case *In re Dorsey*, which was also cited in the Recusal Order, involved an

---

[16] *Midwest Props. No. Two v. Big Hill Inv. Co.*, 93 B.R. 357, 360 (N.D. Tex. 1988).
[17] *In re Global Marine, Inc.*, 108 B.R. 1007 (S.D. Tex. 1988).
[18] *See id.* at 1008. *See also In re Teraforce Tech. Corp.*, 347 B.R. 838, 850 (Bankr. N.D. Tex. 2006) ("an interim fee award is interlocutory in nature and can be reexamined and adjusted by the awarding court").

Page 5

appeal from the district court to the Fifth Circuit Court of Appeals under 28 U.S.C. § 1291.[19] In that case, the bankruptcy court denied a motion to recuse.[20] The order denying the recusal was appealed to the district court, which found error and remanded the case back to the bankruptcy court.[21] On remand, the bankruptcy court again denied the motion to recuse, and another appeal followed.[22] The district court dismissed the appeal as moot because, at that time, the judge at issue no longer presided over the bankruptcy. However, the district court did not rule on a separate appeal of a "gatekeeper" injunction, which remained pending in the district court.[23] The district court's dismissal of the appeal on the motion to recuse was appealed to the Fifth Circuit. The Fifth Circuit expressly considered the "final order" requirement under 28 U.S.C. § 1291 and *not* the bankruptcy appellate statute of 28 U.S.C. § 158(a), which applies the more liberal and flexible standard discussed above.[24] Because the proceeding before the district court had not been concluded, the Fifth Circuit found that it lacked jurisdiction over the recusal decision under section 1291.[25]

14. In *Dorsey* or elsewhere, the Fifth Circuit has not addressed the question of the finality of an order denying recusal under the bankruptcy appellate statutes, *i.e.*, 28 U.S.C. § 158(a) (applicable to the district courts) or § 158(d) (applicable to the courts of appeal). The general rule for finality in the bankruptcy context should therefore control, especially considering the

---

[19] *In re Dorsey*, 489 Fed. Appx. 763 (5th Cir. 2012).
[20] *Id.* at 763-64 ("In a lengthy order from the bench, Judge Hunter denied the motion to disqualify without hearing any evidence. He then orally ruled on the § 727 objection and the injunction, leaving his previous decision on those issues unchanged. Friendly Finance appealed the decision on the injunction and § 727 objection and moved for rehearing of the motion to disqualify. After Judge Hunter denied rehearing, Friendly Finance appealed that decision as well. On appeal, Judge Robert G. James ruled that Judge Hunter erred in failing to give Friendly Finance an opportunity to present evidence to support its motion to disqualify. As a result, Judge James vacated Judge Hunter's order on disqualification and remanded the case for reconsideration.").
[21] *Id.*
[22] *Id.* at 764.
[23] *Id.*
[24] *Id.*
[25] *Id.*

potentially drastic consequences for all involved, including Debtor, if Appellants prevailed on appeal *after* the close of the bankruptcy case.[26] As the Supreme Court noted in *Ritzen*, the appropriate "judicial unit" in a bankruptcy case is not the overall case but the discrete issue.[27]

15. Alternatively, if the Recusal Order is not a final order, then the collateral order doctrine should apply. Under that doctrine, appellate jurisdiction lies "when an order: (1) conclusively determined the disputed question; (2) resolved an important issue separate from the merits of the case; and (3) is effectively unreviewable on appeal from a final judgment."[28] The collateral order doctrine has been applied to bankruptcy appeals,[29] and the elements of this doctrine, which are similar to the elements governing the finality of bankruptcy orders, are met here. ***First***, the Recusal Order fully determined the disputed question of recusal. ***Second***, the issue of a court's impartiality is certainly an important one and is separate from the merits of the underlying disputes. ***Third***, if the Recusal Order cannot be reviewed until the bankruptcy case itself is final and closed, the appeal might be years in the future. At that time, Debtor and others are certain to argue the doctrine of equitable mootness bars appellate review, as the Debtor will have already implemented its plan, paid its creditors, etc. (the estate being fully administered being the standard for the entry of a final decree).[30]

16. If the Court disagrees with the foregoing arguments and concludes that the Recusal

---

[26] *See In re England*, 975 F.2d at 1171; *see also Ritzen Grp., Inc.*, 140 S. Ct. at 591 ("Finally, Ritzen protests that the rule we adopt will encourage piecemeal appeals and unduly disrupt the efficiency of the bankruptcy process. As we see it, classifying as final all orders conclusively resolving stay-relief motions will avoid, rather than cause, 'delays and inefficiencies.' Immediate appeal, if successful, will permit creditors to establish their rights expeditiously outside the bankruptcy process, affecting the relief sought and awarded later in the bankruptcy case. The rule Ritzen urges 'would force creditors who lose stay-relief motions to fully litigate their claims in bankruptcy court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court.'").
[27] *Ritzen Grp., Inc.*, 140 S. Ct. at 586.
[28] *In re Deepwater Horizon*, 793 F.3d 479, 484 (5th Cir. 2015).
[29] *See, e.g., In re Tullius*, 500 Fed. Appx. 286, 291-92 (5th Cir. 2012) (applying collateral order doctrine to bankruptcy order, but denying application of the doctrine under the facts of the appeal).
[30] *See* FED. R. BANKR. P. 3022.

Order is an interlocutory order, then the Court nevertheless can and should review the Recusal Order either: (1) pursuant to its original jurisdiction (by withdrawing the reference of the recusal motion *sua sponte*);[31] (2) by granting a permissive appeal; or (3) by treating the appeal as a petition for a writ of mandamus.[32] The factors normally applicable to a permissive withdraw of the reference include: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[33] These factors support a withdrawal of the reference here. Appellants are not forum shopping. Appellants are seeking this Court's review of the Recusal Order. In addition, a prompt review of the Recusal Order would conserve the parties' and the bankruptcy court's resources and expedite the bankruptcy process, as opposed to the inevitable future proceedings that would occur if Appellants were forced to wait to appeal until the conclusion of the bankruptcy case.

17. With respect to a permissive appeal, this Court may treat Appellants' Notice of Appeal as a motion for leave to appeal.[34] Permissive appeals generally involve the following factors: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation."[35] Here, while not be a controlling issue of law in the traditional sense, judicial disqualification is solely an issue of law.[36] And, when a recusal

---

[31] *Maddox v. Cockrell*, 2003 U.S. App. LEXIS 28958 *2 (5th Cir. 2003) (*sua sponte* vacating judgment and ordering recusal and reassignment).

[32] *In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) (The question of disqualification is reviewable on a petition for writ of mandamus, but a writ will not lie in the absence of exceptional circumstances.).

[33] *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

[34] *See, e.g., Midwest Props. No. Two v. Big Hill Inv. Co.*, 93 B.R. 357, 359-60 (N.D. Tex. 1988) (treating notice of appeal of interlocutory order as a motion for permissive appeal and granting same). *See also* FED. R. BANKR. P. 8003(a)(2).

[35] *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[36] *Njie v. Lubbock County, Tex.*, 999 F.Supp. 858, 860 (N.D. Tex. 1998)

motion is based upon section 455 (as here), a failure to disqualify is reviewed by looking to whether it was an "abuse of sound judicial discretion."[37] A litigant's right to an impartial judge is fundamental. Here, there appears to be grounds for difference of opinion, and an immediate appeal will advance the ultimate termination of this discrete dispute. Indeed, there is nothing else that can.

18. With respect to a writ of mandamus, Appellants have presented the Court with a substantial case for recusal of the Bankruptcy Court. At present, the Bankruptcy Court is presiding over a dozen or more proceedings in which Debtor and a post-confirmation trustee are seeking hundreds of millions of dollars from Appellants and entities related to Mr. Dondero. As set forth above and in *Ritzen*, the inefficiencies that would result if Appellants prevailed on appeal *after* the close of the bankruptcy case create exceptional circumstances that warrant mandamus.[38]

19. Issues and concerns of such magnitude, made in good faith and with an extensive evidentiary record, merit this Court's review through whatever process is appropriate and available—and there are several. This review is not only to protect Appellants but to protect the integrity of this Court, whose jurisdiction its adjunct exercises.

## CONCLUSION

FOR THE FOREGOING REASONS, Appellants respectfully request the Court determine that the Recusal Order is a final and appealable order; reverse the Bankruptcy Court's order denying the motion to recuse; order that the Bankruptcy Court is recused from the Adversary Proceedings and any future contested matters involving Appellants or any entity connected to Mr.

---

[37] *Id.* at 861.
[38] *See In re England*, 975 F.2d at 1171; *see also Ritzen Grp., Inc.*, 140 S. Ct. at 591 ("Finally, Ritzen protests that the rule we adopt will encourage piecemeal appeals and unduly disrupt the efficiency of the bankruptcy process. As we see it, classifying as final all orders conclusively resolving stay-relief motions will avoid, rather than cause, 'delays and inefficiencies.' Immediate appeal, if successful, will permit creditors to establish their rights expeditiously outside the bankruptcy process, affecting the relief sought and awarded later in the bankruptcy case. The rule Ritzen urges 'would force creditors who lose stay-relief motions to fully litigate their claims in bankruptcy court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court.'").

Dondero; and grant Appellants all other further relief, at law or equity, to which they are justly entitled.

Dated: December 15, 2021                          Respectfully submitted,

                                                 By: */s/ Michael J. Lang*
                                                 Michael J. Lang
                                                 Texas State Bar No. 24036944
                                                 mlang@cwl.law
                                                 CRAWFORD, WISHNEW & LANG PLLC
                                                 1700 Pacific Ave, Suite 2390
                                                 Dallas, Texas 75201
                                                 Telephone: (214) 817-4500

                                                 *Counsel for Appellants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 15, 2021, a true and correct copy of the above and foregoing document was served on all parties of record via the Court's e-filing system.

                                                 */s/ Michael J. Lang*
                                                 Michael J. Lang