**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| | * | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | Case No. 19-34054 (SGJ) |
| | * | |
| | * | |
| Debtor | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THE DUGABOY INVESTMENT TRUST'S REPLY IN SUPPORT
OF ITS MOTION FOR DETERMINATION OF VALUE**

## I. INTRODUCTION

1.      In its Motion, The Dugaboy Investment Trust ("Dugaboy") seeks a determination by this Court of the current value of the estate (the "Estate") and an accounting of the assets currently held by the Claimant Trust and available for distribution to creditors and beneficiaries of the Claimant Trust (the "Beneficiaries").  In its Objection, the Reorganized Debtor (the "Debtor") argues that Dugaboy's Motion should be denied for four core reasons: (i) there is no legal or contractual basis for the requested relief; (ii) Dugaboy seeks the information for an improper purpose; (iii) the information is irrelevant; and (iv) Dugaboy's Motion is procedurally improper.  For the reasons stated below, the Debtor's objections lack merit and should be rejected.

## II.  THE DEBTOR'S OBJECTIONS ARE MERITLESS

**A.      Dugaboy Is Entitled To Disclosure Of The Requested Information**

2.      The Debtor initially argues that Dugaboy has no right to the information because it does not cite a specific statute, rule, or case supporting the relief it seeks.  The Debtor further argues that Dugaboy is not a beneficiary of the Claimant Trust and, even if it were, the Claimant Trust

Agreement would not require disclosure of valuation information to Dugaboy. The Debtor is wrong on all fronts.

3. First, it would make little sense to require litigants in bankruptcy to cite a statute, rule, or case specifically delineating entitlement to the relief sought as a precondition to awarding the relief. It is axiomatic that bankruptcy courts are courts of equity. And for that reason, parties in interest frequently ask the courts to award relief that is fair and equitable. What is more, this Court previously has explained its view that these bankruptcy proceedings should be an "open kimono." *See* Ex. A, Hr'g Tr. dated June 10, 2021, at 49:21-50:2. The Debtor asserts no reason why the value of the Estate and the Claimant Trust assets should be hidden from creditors and parties-in-interest. Indeed, the Debtor's insistence on secrecy flies in the face of this Court's directive and guidelines from the Executive Office of the United States Trustee ("EOUST") mandating transparency in bankruptcy proceedings. *See* http://justice.gov/ust/chapter-11-information; *see also* 85 Fed. Reg. 82906 (describing the EOUST's commitment to "uniformity and transparency regarding a debtor's financial condition and business activities" and "to inform creditors and other interested parties of the debtor's financial affairs").

4. Second, the Debtor's argument that Dugaboy is not entitled to relief it seeks because it is not a current beneficiary of the Claimant Trust is wrong. The Debtor does not dispute that the Claimant Trust Agreement expressly gives Dugaboy Contingent Trust Interests, making it a contingent beneficiary of the Claimant Trust.[1] And under Delaware law, contingent beneficiaries have equal entitlement to seek financial information from a trust. Delaware follows the RESTATEMENT (THIRD) OF TRUSTS, which requires trustees to account both to current beneficiaries

---

[1] *See* Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) ("Plan"), Article I, ¶ 27; Claimant Trust Agreement, §§ 1.1(h), (m) and 5.1(c).

{00379137-3}                                    2

and "also to other beneficiaries who will *or may* be entitled to income or principal in the future, including beneficiaries whose interests are contingent."[2] In short, it makes no difference that Dugaboy is a contingent beneficiary; it has a right to the same information as the Claimant Trust Beneficiaries.

5. Nor is there any merit to the Debtor's argument that the Claimant Trust Beneficiaries themselves have no right to obtain information regarding value. To the contrary, the Claimant Trust Agreement expressly entitles the Claimant Trust Beneficiaries to a broad range of information, including but not limited to the status of the trust's assets, the balance of cash held by the trust, the status of disputed claims, and the trust's operating expenses. Opp., Exh. A, § 3.12(b). That the Trustee may have the right to redact portions of those financials is not carte blanche for the Trustee to refuse to provide any information. This is because Delaware law requires every trustee to act in good faith in administering his duties. *In re Fruehauf Trailer Corp.*, 369 B.R. 817, 829-30 (Bankr. D. Del. 2007) ("[A] Trustee's duty to his trust and to his beneficiaries in administering the trust is to exercise the care and skill a man of ordinary prudence would exercise in dealing with his own property in the light of the situation existing at the time.") (internal citations and quotations omitted). Indeed, the Debtor does not even attempt to explain the Trustee's limited right of redaction should broadly preclude the disclosure of information contemplated by the Trust Agreement and now requested.

---

[2] RESTATEMENT (THIRD) OF TRUSTS, § 83, cmt. b. (emphasis added); *see also Frederick-Conaway v. Baird,* 159 A.3d 285, 298 n. 52 (Del. .2017) (citing to the Restatement and noting that the Court looks to the Restatement for guidance on Trust law); *J.P. Morgan Trust Co. of DE v. Fisher*, 2019 WL 6605863, at *6 (Del. Ch. Dec. 5, 2019) (citing the Restatement for the proposition that a trustee 'ordinarily has a duty promptly to respond to the request of ***any beneficiary*** for information concerning the trust and its administration, and to permit beneficiaries on a reasonable basis to inspect trust documents, records, and property holdings." (emphasis added)); Alan Newman et al., *Bogert's The Law of Trusts and Trustees*, Ch. 46, § 967 (June 2022 Update) ("[i]n most jurisdictions any beneficiary may petition the trustee to account, regardless of whether the beneficiary is a current beneficiary, a remainder beneficiary, whether the remainder interest is vested or contingent.") (citing RESTATEMENT (THIRD) OF TRUSTS, § 83, cmt. b).

6. To be sure, the Debtor's contention that the information requested by Dugaboy is confidential is curious at best. The information is the type that in most ordinary bankruptcy proceedings would be public, not confidential, and the Debtor has not provided any support for its assertion to the contrary. The assets of the Trust today are largely made up of cash, and disclosure of an entity's cash position cannot be confidential when the entity was created to distribute its cash to its beneficiaries. Nor is the information protected by any other privilege or protective order, and indeed the Debtor has not asserted any privilege or pointed to any other basis in law for protecting the information from disclosure. Additionally, because almost all of the Debtor's assets have already been monetized, the need to delve into the assets and obligations of ancillary entities is minimal. The Debtor's objection on this basis should be rejected.

**B. Dugaboy's Motion Was Filed For A Proper And Necessary Purpose, And Dugaboy Had Standing To File It**

7. The Debtor next contends that Dugaboy's Motion was filed for an "improper purpose," speculating that the sole purpose of the Motion was to establish Dugaboy's appellate standing. The Debtor then posits that Dugaboy lacks standing to pursue any relief in the Court because it cannot meet the "personal aggrieved" test for standing. The Debtor further argues that this Court lacks jurisdiction to determine Dugaboy's standing. Again, the Debtor is wrong on all fronts.

8. The Debtor's first argument ignores the relief requested in the Motion itself. As Dugaboy explained, its main purpose in filing the Motion is to obtain information that is critical to its ability to preserve and realize its contingent interests in this proceeding. *See* Mot., ¶¶ 1, 5-6, 33-36. Based on the Debtor's quarterly Post-Confirmation Reports and information that Dugaboy has been able to ascertain from public sources, the monetization of the Debtor's assets under the Plan will yield sufficient funds to both pay the allowed claims in full and to convert Dugaboy's

{00379137-3} 4

Contingent Trust Interest into an Equity Trust Interest. Again, if Dugaboy's estimations are true, that is information that this Court, all creditors of the estate, and parties-in-interest should know, because it could facilitate swift resolution of these proceedings, related adversary proceedings, and stop further erosion of estate assets.

9. Specifically, recent reporting makes clear that Dugaboy's "contingent" interest is much more likely than originally projected to be converted into a payable Equity Interest. Notably, at the Confirmation Hearing, the Debtor submitted amended projections [Doc. 1875-1], that reflected total funds available for distribution to unsecured creditors of 194,865,000 and a claims pool of $ 273,219,000 [Dkt 1875-1 p. 4), exclusive of subordinated claims. At the time, the Debtor estimated that holders of allowed claims would receive approximately $200,000,000.00. In its latest quarterly report, by contrast, the Debtor estimates that the unsecured creditors will receive $205,144,544.00 [Dkt. 3582 at p. 7]. Yet the same report shows that through September 30, 2022, the Debtor has actually distributed in excess of $255,201,228—an increase of over 25% than that which was projected at Plan confirmation. The report does not reveal the remaining assets held by the Debtor, which are comprised in a large part of cash and a mix of collateralized loan obligations and property. In short, it seems likely that the Debtor's available cash and other assets will be sufficient to pay all allowed claims with interest, putting Dugaboy in the money and giving it a cognizable interest in ensuring the Estate is managed in a way to prevent further erosion of its interest.

10. Further, the Debtor is simply wrong that Dugaboy seeks an order from this Court that it has standing in related appellate proceedings. To the contrary, Dugaboy has asked that the Court find that Dugaboy has standing in *these bankruptcy proceedings*, something that this Court unquestionably has jurisdiction to determine. Indeed, the Plan itself contemplates that the Court

{00379137-3}    5

would retain jurisdiction "with respect to all matters related to the Chapter 11 Case . . . to the maximum extent legally permissible," including "to decide or resolve any motions" and to "enter such orders as may be necessary to implement, effectuate, or consummate the provisions of th[e] Plan, the Plan Documents, and all other contracts . . . ." Plan, art. XI. Dugaboy cited to District Court rulings regarding its standing only to make the point that this Court's view of standing matters. Dugaboy does not seek to revisit those rulings in the context of the Motion at issue.[3]

11. In any event, the Debtor's argument that Dugaboy lacks standing under the "person aggrieved" test conflates bankruptcy court standing with the issue of standing on appeal. As set forth in Dugaboy's Motion, it has standing to pursue a hearing regarding value of the Estate and the Claimant Trust assets as a party-in-interest under the bankruptcy law and under Article III of the United States Constitution. Mot., ¶¶ 27-32. And as further explained above, at the very least, Dugaboy is entitled to seek the relief it now seeks under Delaware trust law, which vests contingent beneficiaries with the right to seek the very information sought here. *See* Section II.A, *supra*.

C. **The Information Sought By Dugaboy Is Highly Relevant**

12. The Debtor also makes the specious argument that evidence of value is irrelevant because the Debtor can never obtain sufficient funds to pay creditors in full in view of the threat of future litigation by Mr. Dondero. This argument not only contravenes the directives of the Plan (which contemplates a monetization of Debtor assets and an exit from bankruptcy within two years) but also makes no sense as a practical matter. Indeed, the fact that the Debtor apparently intends to hold reserves sufficient to prevent the payment in full of allowed claims makes the information sought by Dugaboy ***more relevant*** because the information would enable Dugaboy (and Hunter

---

[3] Drawing on its mistaken assertion that the sole purpose of Dugaboy's Motion is to establish its appellate standing, the Debtor also argues that the information Dugaboy seeks is irrelevant because, even if there is evidence that Dugaboy is "in the money," that evidence would not impact any related appeal.

{00379137-3}                                6

Mountain Investment Trust ("Hunter Mountain"), the other Contingent Trust Interest holder) to ascertain the amount of any potential indemnification obligations and whether there is any possible resolution that could obviate the need for such reserves, permitting the payment of all allowed claims and putting the equity interest holders "in the money."

13. The information is also relevant because, as discussed in Dugaboy's Motion, the manner in which the Estate is managed has the potential to affect Dugaboy's financial interests. It is now apparent that the funds available to the Estate and the Claimant Trust far exceed the projections on which Plan confirmation was based. It appears almost certain that the monetization of the Debtor's assets will yield enough to pay allowed claims in full. Thus, any recovery from litigation being pursued by the Litigation Sub-Trust will only inure to the benefit of Dugaboy and Hunter Mountain. This leaves Dugaboy and Hunter Mountain in the unique and untenable position of having to pay legal fees to the attorneys for the parties that are suing them. Accordingly, Dugaboy has a significant interest in the requested information in order to determine whether the funds realized from the monetization are or will be sufficient to pay the Allowed Claims in full so that the estate and its professionals do not need to incur substantial fees and costs to pursue unnecessary litigation.

D. **Dugaboy's Motion Is Procedurally Proper**

14. Finally, the Debtor argues that Dugaboy's Motion is procedurally improper because Dugaboy should have filed an adversary proceeding to obtain the information it seeks. This too is wrong.

15. In support of its argument, the Debtor cites only to Bankruptcy Rule 7001(2). Rule 7001(2) provides that any action to "determine the validity, priority, or extent of a lien or other interest in property…" is an adversary proceeding. But this is not an action to determine the validity, priority or extent of a lien or interest in property. Dugaboy is not claiming any lien on

property, and Dugaboy's interest in the Estate and the Claimant Trust are established by the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) (the "Plan"). Instead, Dugaboy's Motion seeks a hearing to determine the *value* of the property and assets held by the Estate and the Claimant Trust for distribution to creditors and beneficiaries. Dugaboy is not seeking any information that it would not be entitled to request in a Rule 2004 examination.

E. **Court Should Issue An Immediate Ruling On Dugaboy's Entitlement To Seek The Information Requested Based Upon the Briefs Submitted**

16. Dugaboy made its Motion more than four months ago. Since that time, the estate has continued to incur millions of dollars in fees and expenses in connection with the underlying bankruptcy proceedings and various adversary proceedings, including most notably the Kirschner litigation. Although the Court has set a status conference on the Motion for November 14, 2022, Dugaboy hereby requests that the Court make a determination on the parties' briefs that Dugaboy is entitled the information it seeks. As explained in Dugaboy's Motion and herein, that determination can be made as a matter of law, and recent, material changes to the Debtor's estate make an early determination critical.

17. Again, as a matter of Delaware trust law, even a contingent beneficiary like Dugaboy may seek information regarding estate value. And the Debtor proffers no legitimate reason—under Delaware trust law, bankruptcy law, the Claimant Trust Agreement, or otherwise—why the information sought should not be made available to creditors, Claimant Trust Beneficiaries, holders of Contingent Trust Interests, and any other parties-in-interest in bankruptcy.

18. Further, there is an urgent need to obtain the requested information now. Most of the Debtor's major assets have now been monetized. The value of assets available for distribution has proven higher than projected. It now appears that the combination of assets and cash held by

the Claimant Trust in its own name and held in the various funds, reserve accounts, and subsidiaries, will be sufficient to pay the allowed claims in full and to convert Dugaboy's Contingent Trust Interest into an Equity Trust Interest under § 5.1(c) of the Claimant Trust Agreement. Among other things, in particular:

- The Indemnity Subtrust holds liquid assets of not less than $25 million (*see* Motion for Entry of an Order Authorizing the Creation of an Indemnity Subtrust [Dkt. 2491]; Order Granting Motion [Dkt. 2599];

- The Debtor holds millions in reserve for professional fees;

- The Debtor recently told this Court that Acis Capital Management, L.P. holds approximately $53 million in liquidation proceeds and loans, more than half of which will be distributed to the Debtor (*See Statement of Interested Party*, Case No. 18-30264-sgj11, Dkt. 1235 at ¶ 2).

Yet prior to Plan confirmation, the Debtor paid $60,171,929.00 in professional fees and expenses, or approximately ***$3.1 million per month***. *See* Dkt. 3583. And since Plan confirmation, the Debtor continues to incur enormous legal fees, to the tune of millions of dollars per month.

19. Given these economic realities, a quick disposition of this Motion makes sense so that, if the Estate is solvent, the Court can determine if the Claimant Trust and the Debtor should continue to incur millions of dollars per month in professional fees, and whether the Litigation Trustee should continue to prosecute the *Kirschner v. Dondero et al.* adversary proceeding, when it appears increasingly likely that only the defendant equity holders stand to profit from that proceeding. In short, it is time to stop the extreme economic burn and to put this bankruptcy to rest. The Court should rule on whether Dugaboy and Hunter Mountain have a right to the information requested and, if so let the two parties obtain the information necessary to determine how to proceed from here.

## CONCLUSION

For all of the reasons stated in its Motion, as amended and supplemented by its Supplemental and Amended Motion for Determination of the Value of the Estate and for the reasons stated herein, Dugaboy Investment Trust requests that the Court reject the Reorganized Debtor's Objection to Motion for Determination of Value, enter an order that Dugaboy may pursue the information requested in its Motion, and grant all other relief requested in the Motion.

Dated:  November 2, 2022.

                              Respectfully submitted,

                              By:  /s/Douglas S. Draper
                                   Douglas S. Draper
                                   *Admitted Pro Hac Vice*
                                   HELLER, DRAPER & HORN, LLC
                                   650 Poydras Street, Suite 2500
                                   New Orleans, Louisiana 70130
                                   Telephone:  (504) 299-3300
                                    Email:  ddraper@hellerdraper.com

                                 *Counsel for the Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

I, Douglas S. Draper, the undersigned, hereby certify that on November 2nd, 2022, a true and correct copy of the above and foregoing was served via the Court's ECF system on counsel for the Debtor and on all other parties requesting or consenting to such service in this case as follows:

- **David G. Adams**    david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- **Michael P. Aigen**    michael.aigen@stinson.com, stephanie.gratt@stinson.com
- **Amy K. Anderson**    aanderson@joneswalker.com, lfields@joneswalker.com;amy-anderson-9331@ecf.pacerpro.com
- **Zachery Z. Annable**    zannable@haywardfirm.com
- **Bryan C. Assink**    bryan.assink@bondsellis.com

{00379137-3}    10

- **Asif Attarwala**  asif.attarwala@lw.com
- **Joseph E. Bain**  JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com;msalinas@joneswalker.com
- **Michael I. Baird**  baird.michael@pbgc.gov, efile@pbgc.gov
- **Sean M. Beach**  bankfilings@ycst.com, sbeach@ycst.com
- **Thomas Daniel Berghman**  tberghman@munsch.com
- **Jason Bernstein**  casey.doherty@dentons.com, dawn.brown@dentons.com;Melinda.sanchez@dentons.com;docket.general.lit.dal@dentons.com
- **Paul Richard Bessette**  pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com
- **Matthew G. Bouslog**  mbouslog@gibsondunn.com, nbrosman@gibsondunn.com
- **Larry R. Boyd**  lboyd@abernathy-law.com, ljameson@abernathy-law.com
- **Jonathan E. Bridges**  jeb@sbaitilaw.com
- **Jason S. Brookner**  jbrookner@grayreed.com, lwebb@grayreed.com;acarson@grayreed.com
- **Greta M. Brouphy**  gbrouphy@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com
- **M. David Bryant**  dbryant@dykema.com, csmith@dykema.com
- **Candice Marie Carson**  Candice.Carson@butlersnow.com
- **Annmarie Antoniette Chiarello**  achiarello@winstead.com
- **Shawn M. Christianson**  schristianson@buchalter.com, cmcintire@buchalter.com
- **Matthew A. Clemente**  mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russell@sidley.com;dtwomey@sidley.com
- **Megan F. Clontz**  mclontz@spencerfane.com, lvargas@spencerfane.com
- **Andrew Clubok**  andrew.clubok@lw.com, andrew-clubok-9012@ecf.pacerpro.com,nycourtmail@lw.com,dclitserv@lw.com
- **Leslie A. Collins**  lcollins@hellerdraper.com
- **John T. Cox**  tcox@gibsondunn.com, WCassidy@gibsondunn.com;twesley@gibsondunn.com
- **David Grant Crooks**  dcrooks@foxrothschild.com, etaylor@foxrothschild.com,rdietz@foxrothschild.com,plabov@foxrothschild.com,jmanfrey@foxrothschild.com
- **Debra A Dandeneau**  debra.dandeneau@bakermckenzie.com, blaire.cahn@bakermckenzie.com
- **Deborah Rose Deitsch-Perez**  deborah.deitschperez@stinson.com, patricia.tomasky@stinson.com;kinga.mccoy@stinson.com
- **Gregory V. Demo**  gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com;lsc@pszjlaw.com
- **Douglas S. Draper**  ddraper@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com;mlandis@hellerdraper.com;gbrouphy@hellerdraper.com
- **Lauren Kessler Drawhorn**  lkdrawhorn@gmail.com

- **Vickie L. Driver**    Vickie.Driver@crowedunlevy.com, crissie.stephenson@crowedunlevy.com;elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- **Jason Alexander Enright**    jenright@winstead.com
- **Robert Joel Feinstein**    rfeinstein@pszjlaw.com
- **Cameron A. Fine**    cameron.fine@us.dlapiper.com
- **Charles W. Gameros**    bgameros@legaltexas.com, lmilam@legaltexas.com;jrauch@legaltexas.com;wcarvell@legaltexas.com
- **Brian D. Glueckstein**    gluecksteinb@sullcrom.com
- **Matthew Gold**    courts@argopartners.net
- **Bojan Guzina**    bguzina@sidley.com
- **Eric Thomas Haitz**    ehaitz@gibsondunn.com, skoller@gibsondunn.com
- **Margaret Michelle Hartmann**    michelle.hartmann@bakermckenzie.com
- **Thomas G. Haskins**    thaskins@btlaw.com
- **Melissa S. Hayward**    MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- **Michael Scott Held**    mheld@jw.com, lcrumble@jw.com;kgradney@jw.com
- **Gregory Getty Hesse**    ghesse@huntonak.com, kkirk@huntonak.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- **Juliana Hoffman**    jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
- **A. Lee Hogewood**    lee.hogewood@klgates.com, matthew.houston@klgates.com;Sarah.bryant@klgates.com;Mary-Beth.pearson@klgates.com;litigation.docketing@klgates.com;Emily.mather@klgates.com;Artoush.varshosaz@klgates.com
- **Jason Michael Hopkins**    jason.hopkins@dlapiper.com, jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com
- **William R. Howell**    williamhowell@utexas.edu, williamhowell@utexas.edu
- **Kristin H. Jain**    KHJain@JainLaw.com, dskierski@skijain.com
- **John J. Kane**    jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- **Jason Patrick Kathman**    jkathman@spencerfane.com, gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- **Edwin Paul Keiffer**    pkeiffer@romclaw.com, bwallace@romclaw.com
- **Susheel Kirpalani**    susheelkirpalani@quinnemanuel.com, dian.gwinnup@haynesboone.com
- **Jordan A. Kroop**    jkroop@pszjlaw.com, tcorrea@pszjlaw.com
- **Jeffrey Kurtzman**    kurtzman@kurtzmansteady.com
- **Phillip L. Lamberson**    plamberson@winstead.com
- **Lisa L. Lambert**    lisa.l.lambert@usdoj.gov
- **Michael Justin Lang**    mlang@cwl.law, nvazquez@cwl.law;aohlinger@cwl.law;jgonzales@cwl.law;vpatterson@cwl.law
- **Edward J. Leen**    eleen@mkbllp.com
- **Paul M. Lopez**    bankruptcy@abernathy-law.com
- **Faheem A. Mahmooth**    mahmooth.faheem@pbgc.gov, efile@pbgc.gov
- **Ryan E. Manns**    ryan.manns@nortonrosefulbright.com
- **Brant C. Martin**    brant.martin@wickphillips.com, samantha.tandy@wickphillips.com

- **Brent Ryan McIlwain**  brent.mcilwain@hklaw.com, robert.jones@hklaw.com;brian.smith@hklaw.com
- **Thomas M. Melsheimer**  tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
- **Paige Holden Montgomery**  pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com
- **J. Seth Moore**  smoore@ctstlaw.com, jsteele@ctstlaw.com
- **John A. Morris**  jmorris@pszjlaw.com
- **Edmon L. Morton**  emorton@ycst.com
- **Holland N. O'Neil**  honeil@foley.com, jcharrison@foley.com;acordero@foley.com;holly-holland-oneil-3540@ecf.pacerpro.com
- **Rakhee V. Patel**  rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
- **Kevin Perkins**  kperkins@vanacourperkins.com
- **Charles Martin Persons**  cpersons@sidley.com, txefilingnotice@sidley.com;charles-persons-5722@ecf.pacerpro.com
- **Louis M. Phillips**  louis.phillips@kellyhart.com, june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com
- **Mark A. Platt**  mplatt@fbtlaw.com, dwilliams@fbtlaw.com,mluna@fbtlaw.com
- **Jeffrey Nathan Pomerantz**  jpomerantz@pszjlaw.com
- **Kimberly A. Posin**  kim.posin@lw.com, colleen.rico@lw.com
- **Jeff P. Prostok**  jprostok@forsheyprostok.com, tlevario@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com
- **Bennett Rawicki**  brawicki@gibsondunn.com
- **Linda D. Reece**  lreece@pbfcm.com, lreece@ecf.courtdrive.com
- **Penny Packard Reid**  preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com
- **Suzanne K. Rosen**  srosen@forsheyprostok.com, tlevario@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com
- **Michael A. Rosenthal**  mrosenthal@gibsondunn.com
- **Davor Rukavina**  drukavina@munsch.com
- **Amanda Rush**  asrush@jonesday.com
- **Alyssa Russell**  alyssa.russell@sidley.com, efilingnotice@sidley.com;alyssa-russell-3063@ecf.pacerpro.com
- **Mazin Ahmad Sbaiti**  mas@sbaitilaw.com, krj@sbaitilaw.com;jeb@sbaitilaw.com;mgp@sbaitilaw.com;mgp@sbaitilaw.com
- **Thomas C. Scannell**  tscannell@foley.com, acordero@foley.com;thomas-scannell-3441@ecf.pacerpro.com
- **Douglas J. Schneller**  douglas.schneller@rimonlaw.com
- **Sarah A. Schultz**  sschultz@akingump.com, mstamer@akingump.com;afreeman@akingump.com;dkazlow@akingump.com;aqureshi@

{00379137-3}                              13

akingump.com;dkrasa-berstell@akingump.com;bkemp@akingump.com;brenda-kemp-7410@ecf.pacerpro.com
- **Michelle E. Shriro** mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
- **Nicole Skolnekovich** nskolnekovich@hunton.com, astowe@huntonak.com;creeves@huntonak.com
- **Brian J. Smith** brian.smith@hklaw.com, robert.jones@hklaw.com;brent.mcilwain@hklaw.com
- **Frances Anne Smith** frances.smith@judithwross.com, michael.coulombe@judithwross.com
- **Eric A. Soderlund** eric.soderlund@judithwross.com
- **Martin A. Sosland** martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
- **Laurie A Spindler** Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com
- **Jonathan D. Sundheimer** jsundhimer@btlaw.com
- **Kesha Tanabe** kesha@tanabelaw.com
- **Clay M. Taylor** clay.taylor@bondsellis.com, krista.hillman@bondsellis.com
- **Cortney C. Thomas** cort@brownfoxlaw.com, korourke@brownfoxlaw.com
- **Chad D. Timmons** bankruptcy@abernathy-law.com
- **Alexandre J. Tschumi** alexandretschumi@quinnemanuel.com
- **Dennis M. Twomey** dtwomey@sidley.com
- **Basil A. Umari** BUmari@dykema.com, pelliott@dykema.com
- **United States Trustee** ustpregion06.da.ecf@usdoj.gov
- **Artoush Varshosaz** artoush.varshosaz@klgates.com, Julie.garrett@klgates.com
- **Julian Preston Vasek** jvasek@munsch.com
- **Donna K. Webb** donna.webb@usdoj.gov, brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- **Jaclyn C. Weissgerber** bankfilings@ycst.com, jweissgerber@ycst.com
- **Elizabeth Weller** Dora.Casiano-Perez@lgbs.com, dallas.bankruptcy@lgbs.com
- **Daniel P. Winikka** danw@ldsrlaw.com, craigs@ldsrlaw.com,dawnw@ldsrlaw.com,lindat@ldsrlaw.com
- **Hayley R. Winograd** hwinograd@pszjlaw.com
- **Megan Young-John** myoung-john@porterhedges.com

*/s/Douglas S. Draper*
Douglas S. Draper