PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 19-34054-sgj11 |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S
MOTION FOR LEAVE TO FILE POST-TRIAL BRIEF AND FOR RELATED RELIEF**

Highland Capital Management, L.P. ("Highland" or the "Debtor"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through its undersigned counsel, hereby files this motion (the "Motion") (a) for leave to file a post-trial brief, a copy of

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

which is attached hereto as **Exhibit A** (the "Post-Trial Brief"), in connection with the trial held in this Court on November 1, 2022 (the "Trial"), and (b) requesting that the Court set a briefing schedule for the Post-Trial Brief, as set forth below.

## PRELIMINARY STATEMENT[2]

1. After nearly two years of active litigation, HCRE asserted for the first time during the Trial that Highland's objection to HCRE's proof of claim should be overruled because the Amended Agreement was an executory contract that the Debtor did not assume and therefore should be deemed rejected (the "Defense"). At no time prior to the Trial did HCRE:

- File any pleading in which it asserted the Defense;

- Put Highland on notice that it intended to assert the Defense;

- Take any discovery concerning the Defense;

- Provide Highland with an opportunity to take discovery, address the legal issues, or prepare its witnesses in connection with the Defense;

- Offer any legal analysis or factual basis in support of the Defense; or

- Identify any obligation under the Amended Agreement that it contends renders it an "executory contract" under applicable law.

2. Indeed, HCRE's counsel did not even identify the provisions in the Amended Agreement that HCRE contends render it an "executory contract" until closing argument. On this issue, this was trial by ambush.

3. In order to remedy the substantial prejudice resulting from HCRE's last-second assertion of the Defense, Highland respectfully moves for leave to file its proposed Post-Trial Brief.

---

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

## RELEVANT BACKGROUND

4. On April 8, 2020, HCRE Partners, LLC ("HCRE") filed a general unsecured, non-priority claim that was denoted by the Debtor's claims agent as claim number 146 ("HCRE's Claim"). In an exhibit attached to HCRE's Claim, HCRE asserted that it:

> may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor. Additionally, [HCRE] contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be the property of [HCRE]. Accordingly, [HCRE] may have a claim against the Debtor. [HCRE] has requested information from the Debtor to ascertain the exact amount of its claim. This process is on-going. Additionally, this process has been delayed due to the outbreak of the Coronavirus. [HCRE] is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.

Highland Ex. 8.[3]

5. On July 30, 2020, the Debtor filed its *First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* [Docket No. 906] (the "Objection") in which the Debtor objected to HCRE's Claim on the ground that it has no liability. Highland Ex. 1.

6. On October 19, 2020, HCRE filed its response to the Objection [Docket No. 1212] (the "Response"). Highland Ex. 2. In its Response, HCRE asserted that the "organizational documents," namely, the *First Amended and Restated Limited Liability Company Agreement* (the "Amended Agreement") (Highland Ex. 7), relating to SE Multifamily "improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, HCRE[] has a claim to reform, rescind and/or modify the agreement." Highland Ex. 2 ¶ 5.

---

[3] Citations to "Highland Ex. __" refer to the exhibits filed in the *Reorganized Debtor's Witness and Exhibit List with Respect to Trial to Be Held on November 1, 2022* [Docket No. 3590].

7. By February 24, 2021, the Debtor had filed, and HCRE had access to, all of the documents HCRE now relies upon to assert the Defense (collectively, the "Executory Contract Exhibits").[4]

8. On June 21, 2022, the Court entered its *Order Approving Amended Stipulation and Proposed Scheduling Order Concerning Proof of Claim No. 146 Filed by HCRE Partners, LLC* [Docket No. 3368] (the "Scheduling Order"). The Scheduling Order set forth, *inter alia*, the deadlines for pre-trial discovery, the filing of witness and exhibit lists, and the trial date.

9. On October 27, 2022, HCRE filed its *Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held on November 1 and 2, 2022* [Docket No. 3591] ("HCRE's Exhibits"), including all of the Executory Contract Documents.

10. At Trial, HCRE argued for the first time the Amended Agreement is an executory contract and should be deemed rejected. HCRE's last-second assertion of the Defense severely prejudiced Highland because Highland had no notice of the Defense and therefore no opportunity to address the merits thereof prior to Trial, including by taking discovery, conducting legal research, or preparing its witnesses on the substance of the Defense.

## RELIEF REQUESTED

11. Highland respectfully requests that the Court (a) grant it leave to file the proposed Post-Trial Brief in order to mitigate the prejudice caused by HCRE's failure to assert the Defense prior to Trial, and (b) if the Motion is granted, fix the following briefing schedule for the Post-Trial Brief: (i) within ten (10) days from the entry of an order granting the Motion, HCRE shall

---

[4] *See NexPoint Real Estate Partners LLC f/k/a HCRE Partners, LLC Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held on November 1 and November 2, 2022*, [Docket No. 3591], Exhibits 2, 7-15.

file any response to the Post-Trial Brief (the "Response"), and (ii) within five (5) days of the filing of the Response, Highland shall file any reply to the Response.[5]

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion (including the proposed briefing schedule) and (b) grant any other relief as the Court deems just and proper.

[*Remainder of Page Intentionally Blank*]

---

[5] In light of HCRE's assertion of the Defense for the first time at Trial and with no prior notice to Highland, Highland should be granted the opportunity to have the last word on the issue so that it can respond to HCRE's arguments that it will be seeing for the first time in any Response.

Dated: November 10, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*