PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER
EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS
PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 1 of 11

DOCS_DE:241240.3 36027/003

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Highland Capital Management, L.P. (the "Reorganized Debtor" or the "Debtor", as temporally appropriate), the reorganized debtor in the above-captioned chapter 11 bankruptcy case (the "Case"), filing this *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion") seeking an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline through March 13, 2023 (a 91-day extension) by which the Reorganized Debtor may remove actions pursuant to 28 U.S.C. § 1452, without prejudice to the Reorganized Debtor's right to seek further extensions. In support of the Motion, the Reorganized Debtor respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 1452 of title 28 of the United States Code (the "Judicial Code").

## II.    BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"). On December 4,

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 2 of 11

DOCS_DE:241240.3 36027/003

2019, the Delaware Court entered an order transferring venue of the Reorganized Debtor's Case to this Court [Docket No. 186].[2]

3. On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1808] (the "Plan").

4. The Plan went effective on August 11, 2021 (the "Effective Date") and, on that same date, the Reorganized Debtor filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700]. The Reorganized Debtor has commenced making distributions to certain Allowed Claims in accordance with the terms of the Plan.

5. The Court has granted prior requests to extend the removal period deadline. Most recently, on August 30, 2022, the Court entered an order approving the ninth motion extending the deadline through and including December 12, 2022 [Docket No. 3474] (the "Ninth Extension Order"). The deadline set by the Ninth Extension Order has not yet lapsed as of the filing of this Motion.

6. The Reorganized Debtor is a party to several civil lawsuits and proceedings other than before the Bankruptcy Court and may become aware of such further lawsuits and proceedings before the closure of this Case (collectively, the "Actions").

7. In particular, as the Court is aware, James Dondero and entities owned and/or controlled by him (collectively, the "Dondero Entities") have filed a series of lawsuits during the

---

[2] All docket numbers refer to the docket maintained by this Court.

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 3 of 11

DOCS_DE:241240.3 36027/003

pendency of this Case in forums other than the Bankruptcy Court. Three of those actions were filed in the United States District Court for the Northern District of Texas (the "District Court"): (i) *Charitable DAF Fund, L.P. and CLO Holdco, Ltd. v. Highland Capital Management, L.P., Highland HCF Advisor, Ltd., and Highland CLO Funding, Ltd.*, Case No. 3:21-cv-00842-B (N.D. Tex. April 12, 2021) ("First DAF Action"); (ii) *PCMG Trading Partners XXIII, L.P. v. Highland Capital Management, L.P.*, Case No. 3:21-cv-01169-N (N.D. Tex. May 21, 2021) ("PCMG Action"); and (iii) *Charitable DAF Fund, LP v. Highland Capital Management, L.P.*, Case No. 3:21-cv-01710-N (N.D. Tex. July 22, 2021) ("Second DAF Action").[3] Another was filed in Texas state court: *Dondero v. Alvarez & Marsal CRF Mgmt., LLC and Farallon Capital Mgmt., LLC*, Cause No. DC-21-09534 (95th Judicial District Court of Dallas County, Texas) (the "Dondero Petition").[4] Now that the Effective Date of the Plan has occurred, parties are required by the terms of Article IX.F of the Plan to first seek permission from this Court to file any actions

---

[3] The District Court referred the First DAF Action to this Court for adjudication. *See Charitable DAF Fund, L.P. and CLO Holdco, Ltd. v. Highland Cap. Mgmt., L.P., Highland HCF Advisor, Ltd., and Highland CLO Funding, Ltd.*, Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex. Sept. 28, 2021). The Dondero Entities moved to stay the First DAF Action, Adv. Proc. No. 21-03067-sgj, Docket No. 55 (the "Motion to Stay"), and Highland moved to dismiss the First DAF Action, *id.*, Docket No. 26 (the "Motion to Dismiss").

The Bankruptcy Court denied the Motion to Stay, Adv. Proc. No. 21-03067-sgj, Docket No. 81 (the "Stay Order"), and dismissed the First DAF Action with prejudice, *id.*, Docket No. 99 (the "Dismissal Order"). On appeal, the District Court affirmed the Stay Order and reversed and remanded the Dismissal Order. Case No. 3:21-cv-03129-B, Docket No. 28. Highland filed a renewed motion to dismiss in the Bankruptcy Court. Adv. Proc. 21-03067-sgj, Docket No. 122 (the "Renewed Motion to Dismiss").

The PCMG Action and Second DAF Action were stayed in the District Court (the "Stays"). The Reorganized Debtor subsequently filed motions to reconsider the Stays (the "Motions to Reconsider"), as well as motions to dismiss both Actions (the "Motions to Dismiss"). The District Court granted the Motions to Reconsider, in which it lifted the Stays and referred the PCMG Action and Second DAF Action to this Court for adjudication. *See* Case Nos. 22-03052-sgj, Docket No. 18 and 22-03062-sgj, Docket No. 19. The Reorganized Debtor filed amended Motions to Dismiss in this Court. *See* Case Nos. 22-03052-sgj, Docket No. 19 and 22-03062-sgj, Docket No. 20. Pursuant to a stipulation entered on August 1, 2022, the PCMG Action was voluntarily dismissed with prejudice. *See* Case No. 22-03062-sgj, Docket No. 27. On August 3, 2022, a hearing was held on Highland's amended Motion to Dismiss the Second DAF Action. *See* Case No. 21-03052-sgj, Docket No. 37. The Bankruptcy Court granted Highland's amended Motion to Dismiss the Second DAF Action, *id.*, Docket No. 43 (the "Second DAF Action Dismissal Order"), which is currently on appeal, case no. 3:22-cv-02280-S (NDTX).

[4] The Dondero Petition was removed to this Court. *See Notice of Removal*, Adv. Pro. No. 21-03051-sgj, Docket No. 1 (Bankr. N.D. Tex. Aug. 9, 2021). This action has been remanded to state court. *Id.*, Docket No. 23.

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 4 of 11

DOCS_DE:241240.3 36027/003

against certain parties (the "Gatekeeper Provision"). The Reorganized Debtor expects the Dondero Entities to comply with the terms of the Gatekeeper Provision. However, the Dondero Entities have failed to comply with the Court's pre-Effective Date gatekeeper orders, and this Court has found certain parties in contempt in connection therewith. Extending the removal deadline under these circumstances is particularly important and appropriate to preserve the Reorganized Debtor's rights to remove to this Court litigation as appropriate.

### III.   RELIEF REQUESTED

8.   By this Motion, the Reorganized Debtor seeks entry of an order pursuant to Rule 9006(b) of the Bankruptcy Rules further extending, through March 13, 2023, the deadline by which the Reorganized Debtor may file notices of removal with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code, to the extent that the time period for filing any such notices of removal expires on December 12, 2022. The Reorganized Debtor requests that the proposed March 13, 2023 deadline to remove actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3). The Reorganized Debtor further requests that the order approving this Motion be without prejudice to the right of the Reorganized Debtor to seek further extensions of the period in which it may remove civil actions pursuant to Bankruptcy Rule 9027.

### IV.   ARGUMENT AND AUTHORITIES

9.   Section 1452 of the Judicial Code provides for the removal of pending civil claims with respect to which the district courts have jurisdiction under section 1334 of the Judicial Code. Section 1452 provides in pertinent part as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                                                                        Page 5 of 11

DOCS_DE:241240.3 36027/003

court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

28 U.S.C. § 1452.

10. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2). With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(3).

11. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice upon a showing of cause:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1).

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 6 of 11

DOCS_DE:241240.3 36027/003

12. It is well-settled that the Court is authorized, pursuant to Bankruptcy Rule 9006, to enlarge the removal period provided under section 1452 of the Judicial Code and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds*; *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding bankruptcy court's power to grant extension of removal deadline pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (holding Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (same). Courts in this district and elsewhere have regularly granted the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 12, 2018); *In re Life Partners Holding, Inc.*, Case No. 15-40289-RFN [Docket No. 1810] (Bankr. N.D. Tex. Apr. 7, 2016); *In re Pilgrim's Pride Corp.*, Case No. 08-45664-DML [Docket No. 964] (Bankr. N.D. Tex. Feb. 26, 2009); *In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 747 n. 8 (Bankr. N.D. Tex. 2009) (noting that the time for removal under 9027(a)(2) is subject to enlargement under Bankruptcy Rule 9006(b)); *In re CDX Gas, LLC*, Case No. 08-37922 (LZP) (Bankr. S.D. Tex. March 31, 2009) (extending the debtors' removal deadline for 90 days); *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Oct. 9, 2003) (extending the debtors' removal deadline through confirmation of a plan of reorganization).

13. Notably, bankruptcy courts, including various courts in the Fifth Circuit, regularly approve post-confirmation extensions sought by the reorganized debtor or other plan representative of the removal period where there is cause. *See, e.g.*, *In re Neiman Marcus Group*

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 7 of 11

DOCS_DE:241240.3 36027/003

*Ltd. LLC*, Case No. 20-32519 (DRJ), Docket Nos. 1976 & 2015 (Bankr. S.D. Tex. Oct. 22, 2020) (liquidating trustee's motion for broad extension of time to remove actions, filed after plan effective date but before lapse of previously extended deadline, approved by court); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (DRJ), Docket Nos. 984 & 1032 (Bankr. S.D. Tex. Dec. 5, 2016) (granting reorganized debtor's motion for extension of removal period, filed after plan effectiveness and prior to expiration of previously extended deadline); *In re RCS Cap. Holdings, LLC*, Case No. 16-10223 (MFW), Docket Nos. 1623 & 1626 (Bankr. D. Del. June 17, 2021) (granting reorganized debtor's motion for extension of removal period, filed after plan effectiveness and prior to expiration of previously extended deadline); *In re Revstone Indus., LLC*, Case No. 12-13262 (BLS), Docket Nos. 2703 & 2708 (Bankr. D. Del. Jan. 22, 2020) (similar); *In re AMR Corp.*, 2013 Bankr. LEXIS 5785, at *113-14 (Bankr. S.D.N.Y. Oct. 21, 2013) (confirming plan with provision extending removal period until one year after plan confirmation, subject to debtors' rights to seek further extensions); *see also In re Ernst*, 45 B.R. 700, 703 (Bankr. D. Minn. 1985) ("The Court's removal powers under 28 U.S.C. § 1452 and its injunctive powers under 11 U.S.C. § 105 are unaffected solely by confirmation of a plan of reorganization, and remain available upon proper application for as long as the Court has jurisdiction in the case.")

14. The extension sought will afford the Reorganized Debtor, who is focused on administering and implementing the Plan and monetizing the Reorganized Debtor's assets in accordance with the terms of the Plan, additional time to determine whether to remove any Action and will ensure that valuable rights under section 1452 of the Judicial Code are not forfeited. Critically, the rights of other parties to the Actions will not be prejudiced by the extension, because any party to an Action that is removed may seek to have it remanded to the state court

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE                                    Page 8 of 11

DOCS_DE:241240.3 36027/003

pursuant to section 1452(b) of the Judicial Code. Moreover, as explained above, the requested extension is especially important in this Case in order to preserve the Reorganized Debtor's rights to remove to this Court litigation as appropriate to facilitate the Plan's Gatekeeper Provision.

15. Given the circumstances described above, the Reorganized Debtor submits that there is good cause to grant the relief requested herein.

### V.    NOTICE

16. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Northern District of Texas; (c) the Debtor's principal secured parties; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002.

### VI.    PRIOR REQUEST

17. This is the Reorganized Debtor's tenth request for an extension of the removal deadline.

### VII.    PRAYER

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) granting the Motion and (ii) granting the Reorganized Debtor such other and further relief as may be appropriate.

*[Remainder of Page Intentionally Blank]*

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 9 of 11

DOCS_DE:241240.3 36027/003

| | |
|---|---|
| Dated: November 11, 2022. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>            ikharasch@pszjlaw.com<br>            gdemo@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH IT MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE    Page 10 of 11

DOCS_DE:241240.3 36027/003

## **EXHIBIT A**

DOCS_DE:241240.1 36027/003
DOCS_DE:241240.2 36027/003
DOCS_DE:241240.3 36027/003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 <br> ) |
| Reorganized Debtor. | ) **Re: Docket No.** \_\_\_\_\_ <br> ) |

**ORDER FURTHER EXTENDING PERIOD WITHIN WHICH THE REORGANIZED DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Court has considered the *Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion")[2] of the above-captioned

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1

DOCS_DE:241240.1 36027/003
DOCS_DE:241240.2 36027/003
DOCS_DE:241240.3 36027/003

Reorganized Debtor seeking entry of an order, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, extending the period within which the Reorganized Debtor may remove actions. The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances; and (d) cause exists under Bankruptcy Rule 9006(b)(1) to grant an extension of the removal periods established under Bankruptcy Rule 9027(a). After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion; it is therefore

**ORDERED** that the Motion is **GRANTED** as set forth herein; it is further

**ORDERED** that the time periods provided under Bankruptcy Rules 9027(a)(2) and (a)(3) within which the Reorganized Debtor may file notices of removal of any and all civil actions is extended to and includes March 13, 2023; it is further

**ORDERED** that this Order shall be without prejudice to the Reorganized Debtor's right to seek from the Court further extensions of the period within which the Reorganized Debtor may file notices of removal under Bankruptcy Rule 9027(a); and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### END OF ORDER ###