**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| | * | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | Case No. 19-34054 (SGJ) |
| | * | |
| | * | |
| Debtor | * | |
| | * | |

******************************************

**THE DUGABOY INVESTMENT TRUST'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR DETERMINATION OF VALUE**

**I.  INTRODUCTION**

1. Pursuant to the Court's November 15, 2022 order [Dkt. 3625], The Dugaboy Investment Trust ("Dugaboy") respectfully submits this Supplemental Brief on the issue of whether the relief sought in Dugaboy's Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust [Dkt. No. 3382] (the "Motion") requires an adversary proceeding.

2. Contrary to assertions made by Highland Capital Management, L.P (the "Debtor" or "HCMLP"), the relief sought in the Motion does not fall within any of the categories set forth in Federal Rule of Bankruptcy Procedure 7001.  Rather, the Motion merely seeks basic and readily available information regarding assets and liabilities belonging to the estate to enable Dugaboy to ascertain whether there is sufficient available cash to pay creditors in full such that Dugaboy should be converted from a Contingent Claimant Trust Beneficiary to a Claimant Trust Beneficiary under the terms of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) (the "Plan") and the Claimant Trust Agreement.  Thus, and as set forth more fully below, an adversary proceeding is not required, and the Court should hear and decide Dugaboy's Motion.

## II. THE RELIEF SOUGHT IN THE MOTION DOES NOT REQUIRE AN ADVERSARY PROCEEDING

3. In its Opposition to the Motion [Dkt. 3465], the Debtor argues that the Motion is procedurally improper because Dugaboy should have filed an adversary proceeding to obtain the information it seeks. The Debtor is wrong. Rule 7001 contains an exclusive list of matters that must be brought as adversary proceedings. *See In re Live Primary, LLC*, 626 B.R. 171, 197 (Bankr. S.D.N.Y. 2021) (holding that "an adversary proceeding is not required because recharacterization of debt does not fall under one of the ten exclusive categories identified in Bankruptcy Rule 7001 that require an adversary proceeding"). If a request for relief does not fall within one of these categories, an adversary proceeding is not required.

4. The Debtor incorrectly argued in its Opposition and during the November 15, 2022 status conference that the relief sought in the Motion falls within the categories listed in Rule 7001(2) and/or 7001(7).[1] As explained below, the Debtor is wrong on both fronts.

### A. Bankruptcy Rule 7001(2) Is Inapplicable

5. Bankruptcy Rule 7001(2) provides that any action to "determine the validity, priority, or extent of a lien or other interest in property…" is an adversary proceeding. But the Motion is not an action to determine the "validity, priority or extent" of Dugaboy's interest. Dugaboy's interest in the Estate and the Claimant Trust has already been established by the Plan. Instead, Dugaboy's Motion seeks a hearing requiring the Debtor to provide the Court and the other parties in interest (including Dugaboy) information regarding what property and assets are currently held by the Estate and the Claimant Trust. The purpose is not to establish Dugaboy's interest in the estate, but to ascertain whether there are currently sufficient funds held by the Estate and Claimant

---

[1] Notably, the Debtor did not argue in its briefing on the Motion that the relief sought fell within the ambit of Rule 7001(7). Instead, it raised that issue for the first time at the status conference before the Court on November 15, 2022.

Trust such that Dugaboy should be converted into Claimant Trust Beneficiary at this stage of proceedings.[2] Under these circumstances, the relief sought by Dugaboy is "'not an issue of validity in any guise' and therefore, does not require an adversary proceeding." *In re Pearl Res. LLC*, 2022 WL 4474131, at *8 (Bankr. S.D. Tex. Sept. 26, 2022) (citing 7 *Collier on Bankruptcy*, ¶ 7001.03 (16th ed. 2017)); *see also In re Oliver*, 483 B.R. 674, 678-79 (Bankr. N.D. Ill. 2012) (Rule 7001(2) "applies to efforts to establish whether a lien exists and to what it attaches, not to the separate, less complex issue of the value of the collateral supporting a lien.").

6. Accordingly, because Dugaboy's Motion does not seek a determination of the validity, priority, or extent of any interest in property, Rule 7001(2) is inapplicable.

**B.   Bankruptcy Rule 7001(7) Is Inapplicable**

7. Bankruptcy Rule 7001(7) is also inapplicable. Rule 7001(7) provides that "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief" is an adversary proceeding.

8. Dugaboy's Motion does not seek an injunction or equitable relief; it seeks *information* aimed at determining whether the Claimant Trustee should certify that Dugaboy is a Claimant Trust Beneficiary under the Plan and Claimant Trust Agreement. *See* Reply at ¶¶ 2-6. As Dugaboy explained in its briefing on the Motion, it is entitled to this relief under the terms of the Claimant Trust Agreement and Delaware trust law, which entitles contingent beneficiaries to the same type of financial information afforded to non-contingent beneficiaries. *See* Dugaboy Reply Brief, ¶¶ 4-5 [Dkt. 3603]. This type of relief is not what Rule 7001(7) contemplates.

---

[2] To be clear, Dugaboy does not ask the Court to determine that it is a Claimant Trust Beneficiary or otherwise to convert its contingent interest into a non-contingent interest. All of that must be done according to the terms of the Plan and the Claimant Trust Agreement. Thus, there is no need for the Court to take any action in this regard.

9. Critically, the Court's equitable power to enforce compliance with a confirmed plan—which is precisely what the Motion seeks—"is not based upon any inequitable conduct of a party that might be remedied by an injunction or some type of specific performance as contemplated by FED. R. BANKR. P. 7001(7)." *See In re Live Primary, LLC*, 626 B.R. at 190 (explaining that the court's "equitable power" to recharacterize a proof of claim is not the kind of relief contemplated by Rule 7001(7)); *see also In re Protea Biosciences, Inc.*, 2018 WL 5734464, at *4 (Bankr. N.D.W. Va. Oct. 30, 2018) (Rule 7007(7) did not require adversary proceeding where request was not based on remedying "inequitable conduct" through an injunction or other equitable relief).

10. Accordingly, courts routinely issue such "compliance orders" in the context of motion practice, not through adversary proceedings. *See, e.g.*, *In re Goldblatt Bros., Inc.*, 132 B.R. 736, 741 (Bankr. N.D. Ill. 1991) (granting motion for final distribution pursuant to court's "broad authority under §§ 105 and 1142(b) of the Bankruptcy Code to order parties to comply with reorganization plans."); *In re Chatham Parkway Self Storage, LLC*, 507 B.R. 13, 18 (Bankr. S.D. Ga. 2014) (granting motion to compel execution of loan documents pursuant to § 1142).

11. Further, contrary to the Debtor's assertions at the status conference held on November 15, Dugaboy's Motion does not assert an equitable cause of action for accounting, or any other cause of action against the Debtor for that matter.[3] While the Motion refers to the sought-after information as an "accounting," courts must look to the substance of a motion—not to titles

---

[3] An accounting is a specific equitable remedy that seeks disgorgement of ill-gotten profits. *See Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1942 (2020) (describing accounting as an "equitable remedy that deprives wrongdoers of their net profits from unlawful activity"). Dugaboy does not contend that the Debtor has obtained funds wrongfully. Further, typically an accounting is only necessary where the information sought cannot be obtained through regular discovery or where the financials are so complex that only an accounting would suffice to understand them. *See Brown v. Cooley Enters., Inc.*, 2011 WL 2200605, at *1-2 (N.D. Tex. June 7, 2011). Again, Dugaboy claims the opposite: that the information is straightforward and should be produced in an ordinary discovery process.

or labels—to determine the nature of the relief sought. *See Cunningham v. Nationwide Sec. Solutions, Inc.*, 2018 WL 5722669, *2 (N.D. Tex. Apr. 4, 2018); *see also Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 251 (5th Cir. 2004) ("a motion's substance, and not its form, controls.").

12. Here, the Motion does not seek an accounting as that term is typically understood in law but only seeks the disclosure of information that would allow Dugaboy to determine whether it is "in the money," such that its contingent interest should be converted to a non-contingent interest, as contemplated by the Claimant Trust Agreement. *See* Motion, ¶ 33 (requesting that the Court "conduct an evidentiary hearing and require disclosure by the Reorganized Debtor and Claimant Trustee of the value of the estate and all assets held by the Claimant Trust that are available for distribution to creditors and residual equity holders."); *see also* Reply at ¶ 19 ("The Court should rule on whether Dugaboy and Hunter Mountain have a right to the information requested and, if so, let the two parties obtain the information necessary to determine how to proceed from here."). Again, it is Dugaboy's contention that the Claimant Trust Agreement and Delaware law actually require disclosure of this information to Contingent Claimant Trust Beneficiaries and that any order issued by the Court requiring this disclosure would merely effectuate the terms of the confirmed Plan. Nowhere in the Motion does Dugaboy assert a cause of action for accounting or seek declaratory or any other relief sounding in equity.

### III. CONCLUSION

The issue to be decided by the Court is extraordinarily simple: should the Debtor produce basic information regarding its current cash position and liabilities such that parties in interest, including Dugaboy, can ascertain whether the estate is capable of paying all creditors in full and also paying some amount to residual equity holders, as contemplated by the Plan and Claimant

Trust Agreement? It makes no sense that Dugaboy should have to sue the Debtor in an adversary proceeding for that information, which is readily available, can be produced in ordinary discovery, and which the Claimant Trust Agreement actually contemplates should be provided to beneficiaries at regular intervals. Nothing in the Motion or the Bankruptcy Rules requires an adversary proceeding under these circumstances. Dugaboy respectfully requests that the Court adjudicate the Motion without delay and enter an order that Dugaboy may pursue the information requested in its Motion.

Dated: November 29, 2022.

Respectfully submitted,

By: /s/*Douglas S. Draper*
Douglas S. Draper
*Admitted Pro Hac Vice*
HELLER, DRAPER & HORN, LLC
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3300
Email: ddraper@hellerdraper.com

*Counsel for the Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

I, Douglas S. Draper, the undersigned, hereby certify that on November 29, 2022, a true and correct copy of the above and foregoing was served via the Court's ECF system on counsel for the Debtor and on all other parties requesting or consenting to such service in this case as follows:

- **David G. Adams**    david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- **Michael P. Aigen**    michael.aigen@stinson.com, stephanie.gratt@stinson.com
- **Amy K. Anderson**    aanderson@joneswalker.com, lfields@joneswalker.com;amy-anderson-9331@ecf.pacerpro.com

6

- **Zachery Z. Annable**  zannable@haywardfirm.com
- **Bryan C. Assink**  bryan.assink@bondsellis.com
- **Asif Attarwala**  asif.attarwala@lw.com
- **Joseph E. Bain**  JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com;msalinas@joneswalker.com
- **Sean M. Beach**  bankfilings@ycst.com, sbeach@ycst.com
- **Thomas Daniel Berghman**  tberghman@munsch.com
- **Jason Bernstein**  casey.doherty@dentons.com, dawn.brown@dentons.com;Melinda.sanchez@dentons.com;docket.general.lit.dal@dentons.com
- **Paul Richard Bessette**  pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com
- **Matthew G. Bouslog**  mbouslog@gibsondunn.com, nbrosman@gibsondunn.com
- **Larry R. Boyd**  lboyd@abernathy-law.com, ljameson@abernathy-law.com
- **Jonathan E. Bridges**  jeb@sbaitilaw.com
- **Jason S. Brookner**  jbrookner@grayreed.com, lwebb@grayreed.com;acarson@grayreed.com
- **Greta M. Brouphy**  gbrouphy@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com
- **M. David Bryant**  dbryant@dykema.com, csmith@dykema.com
- **Candice Marie Carson**  Candice.Carson@butlersnow.com
- **Annmarie Antoniette Chiarello**  achiarello@winstead.com
- **Shawn M. Christianson**  schristianson@buchalter.com, cmcintire@buchalter.com
- **Matthew A. Clemente**  mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russell@sidley.com;dtwomey@sidley.com
- **Megan F. Clontz**  mclontz@spencerfane.com, lvargas@spencerfane.com
- **Andrew Clubok**  andrew.clubok@lw.com, andrew-clubok-9012@ecf.pacerpro.com,ny-courtmail@lw.com,dclitserv@lw.com
- **Leslie A. Collins**  lcollins@hellerdraper.com
- **John T. Cox**  tcox@gibsondunn.com, WCassidy@gibsondunn.com;twesley@gibsondunn.com
- **David Grant Crooks**  dcrooks@foxrothschild.com, etaylor@foxrothschild.com,rdietz@foxrothschild.com,plabov@foxrothschild.com,jmanfrey@foxrothschild.com
- **Debra A Dandeneau**  debra.dandeneau@bakermckenzie.com, blaire.cahn@bakermckenzie.com
- **Deborah Rose Deitsch-Perez**  deborah.deitschperez@stinson.com, patricia.tomasky@stinson.com;kinga.mccoy@stinson.com
- **Gregory V. Demo**  gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com;lsc@pszjlaw.com
- **Douglas S. Draper**  ddraper@hellerdraper.com, dhepting@hellerdraper.com;vgamble@hellerdraper.com;mlandis@hellerdraper.com;gbrouphy@hellerdraper.com

- **Lauren Kessler Drawhorn** lkdrawhorn@gmail.com
- **Vickie L. Driver** Vickie.Driver@crowedunlevy.com, crissie.stephenson@crowedunlevy.com;elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- **Jason Alexander Enright** jenright@winstead.com
- **Robert Joel Feinstein** rfeinstein@pszjlaw.com
- **Cameron A. Fine** cameron.fine@us.dlapiper.com
- **Charles W. Gameros** bgameros@legaltexas.com, lmilam@legaltexas.com;jrauch@legaltexas.com;wcarvell@legaltexas.com
- **Brian D. Glueckstein** gluecksteinb@sullcrom.com
- **Matthew Gold** courts@argopartners.net
- **Bojan Guzina** bguzina@sidley.com
- **Eric Thomas Haitz** ehaitz@gibsondunn.com, skoller@gibsondunn.com
- **Margaret Michelle Hartmann** michelle.hartmann@bakermckenzie.com
- **Thomas G. Haskins** thaskins@btlaw.com
- **Melissa S. Hayward** MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- **Michael Scott Held** mheld@jw.com, lcrumble@jw.com;kgradney@jw.com
- **Gregory Getty Hesse** ghesse@huntonak.com, kkirk@huntonak.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- **Juliana Hoffman** jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
- **A. Lee Hogewood** lee.hogewood@klgates.com, matthew.houston@klgates.com;Sarah.bryant@klgates.com;Mary-Beth.pearson@klgates.com;litigation.docketing@klgates.com;Emily.mather@klgates.com;Artoush.varshosaz@klgates.com
- **Jason Michael Hopkins** jason.hopkins@dlapiper.com, jen.westin@dlapiper.com;jason-hopkins-2248@ecf.pacerpro.com
- **William R. Howell** williamhowell@utexas.edu, williamhowell@utexas.edu
- **Kristin H. Jain** KHJain@JainLaw.com, dskierski@skijain.com
- **John J. Kane** jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- **Jason Patrick Kathman** jkathman@spencerfane.com, gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- **Edwin Paul Keiffer** pkeiffer@romclaw.com, bwallace@romclaw.com
- **Susheel Kirpalani** susheelkirpalani@quinnemanuel.com, dian.gwinnup@haynesboone.com
- **Jordan A. Kroop** jkroop@pszjlaw.com, tcorrea@pszjlaw.com
- **Jeffrey Kurtzman** kurtzman@kurtzmansteady.com
- **Phillip L. Lamberson** plamberson@winstead.com
- **Lisa L. Lambert** lisa.l.lambert@usdoj.gov
- **Michael Justin Lang** mlang@cwl.law, aohlinger@cwl.law;mbrown@cwl.law
- **Edward J. Leen** eleen@mkbllp.com
- **Paul M. Lopez** bankruptcy@abernathy-law.com
- **Ryan E. Manns** ryan.manns@nortonrosefulbright.com
- **Brant C. Martin** brant.martin@wickphillips.com, samantha.tandy@wickphillips.com
- **Brent Ryan McIlwain** brent.mcilwain@hklaw.com, robert.jones@hklaw.com;brian.smith@hklaw.com

- **Thomas M. Melsheimer** tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
- **Paige Holden Montgomery** pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com;ebromagen@sidley.com;efilingnotice@sidley.com
- **J. Seth Moore** smoore@condontobin.com, jsteele@condontobin.com
- **John A. Morris** jmorris@pszjlaw.com
- **Edmon L. Morton** emorton@ycst.com
- **Holland N. O'Neil** honeil@foley.com, jcharrison@foley.com;acordero@foley.com;holly-holland-oneil-3540@ecf.pacerpro.com
- **Rakhee V. Patel** rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
- **Kevin Perkins** kperkins@vanacourperkins.com
- **Charles Martin Persons** cpersons@sidley.com, txefilingnotice@sidley.com;charles-persons-5722@ecf.pacerpro.com
- **Louis M. Phillips** louis.phillips@kellyhart.com, june.alcantara-davis@kellyhart.com;Amelia.Hurt@kellyhart.com
- **Mark A. Platt** mplatt@fbtlaw.com, dwilliams@fbtlaw.com,mluna@fbtlaw.com
- **Jeffrey Nathan Pomerantz** jpomerantz@pszjlaw.com
- **Kimberly A. Posin** kim.posin@lw.com, colleen.rico@lw.com
- **Jeff P. Prostok** jprostok@forsheyprostok.com, tlevario@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com
- **Bennett Rawicki** brawicki@gibsondunn.com
- **Linda D. Reece** lreece@pbfcm.com, lreece@ecf.courtdrive.com
- **Penny Packard Reid** preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com
- **Suzanne K. Rosen** srosen@forsheyprostok.com, tlevario@forsheyprostok.com;calendar@forsheyprostok.com;srosen@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com
- **Michael A. Rosenthal** mrosenthal@gibsondunn.com
- **Davor Rukavina** drukavina@munsch.com
- **Amanda Rush** asrush@jonesday.com
- **Alyssa Russell** alyssa.russell@sidley.com, efilingnotice@sidley.com;alyssa-russell-3063@ecf.pacerpro.com
- **Mazin Ahmad Sbaiti** mas@sbaitilaw.com, krj@sbaitilaw.com;jeb@sbaitilaw.com;mgp@sbaitilaw.com;mgp@sbaitilaw.com
- **Thomas C. Scannell** tscannell@foley.com, acordero@foley.com;thomas-scannell-3441@ecf.pacerpro.com
- **Douglas J. Schneller** douglas.schneller@rimonlaw.com
- **Sarah A. Schultz** sschultz@akingump.com, mstamer@akingump.com;afreeman@akingump.com;dkazlow@akingump.com;aqureshi@akingump.com;dkrasa-berstell@akingump.com;bkemp@akingump.com;brenda-kemp-7410@ecf.pacerpro.com

- **Michelle E. Shriro** mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
- **Nicole Skolnekovich** nskolnekovich@hunton.com, astowe@huntonak.com;creeves@huntonak.com
- **Brian J. Smith** brian.smith@hklaw.com, robert.jones@hklaw.com;brent.mcilwain@hklaw.com
- **Frances Anne Smith** frances.smith@judithwross.com, michael.coulombe@judithwross.com
- **Eric A. Soderlund** eric.soderlund@judithwross.com
- **Martin A. Sosland** martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
- **Laurie A Spindler** Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com
- **Jonathan D. Sundheimer** jsundhimer@btlaw.com
- **Kesha Tanabe** kesha@tanabelaw.com
- **Clay M. Taylor** clay.taylor@bondsellis.com, krista.hillman@bondsellis.com
- **Cortney C. Thomas** cort@brownfoxlaw.com, korourke@brownfoxlaw.com
- **Chad D. Timmons** bankruptcy@abernathy-law.com
- **Alexandre J. Tschumi** alexandretschumi@quinnemanuel.com
- **Dennis M. Twomey** dtwomey@sidley.com
- **Basil A. Umari** BUmari@dykema.com, pelliott@dykema.com
- **United States Trustee** ustpregion06.da.ecf@usdoj.gov
- **Artoush Varshosaz** artoush.varshosaz@klgates.com, Julie.garrett@klgates.com
- **Julian Preston Vasek** jvasek@munsch.com
- **Donna K. Webb** donna.webb@usdoj.gov, brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- **Jaclyn C. Weissgerber** bankfilings@ycst.com, jweissgerber@ycst.com
- **Elizabeth Weller** Dora.Casiano-Perez@lgbs.com, dallas.bankruptcy@lgbs.com
- **Daniel P. Winikka** dan@danwinlaw.com, dan@danwinlaw.com
- **Hayley R. Winograd** hwinograd@pszjlaw.com
- **Megan Young-John** myoung-john@porterhedges.com

*/s/ Douglas S. Draper*
Douglas S. Draper