| | |
|---|---|
| **KELLY HART PITRE** | **KELLY HART & HALLMAN** |
| Louis M. Phillips (#10505) | Hugh G. Connor II |
| One American Place | State Bar No. 00787272 |
| 301 Main Street, Suite 1600 | hugh.connor@kellyhart.com |
| Baton Rouge, LA 70801-1916 | Michael D. Anderson |
| Telephone: (225) 381-9643 | State Bar No. 24031699 |
| Facsimile: (225) 336-9763 | michael.anderson@kellyhart.com |
| Email: louis.phillips@kellyhart.com | Katherine T. Hopkins |
| Amelia L. Hurt (LA #36817, TX #24092553) | Texas Bar No. 24070737 |
| 400 Poydras Street, Suite 1812 | katherine.hopkins@kellyhart.com |
| New Orleans, LA 70130 | 201 Main Street, Suite 2500 |
| Telephone: (504) 522-1812 | Fort Worth, Texas 76102 |
| Facsimile: (504) 522-1813 | Telephone: (817) 332-2500 |
| Email: amelia.hurt@kellyhart.com | Telecopier: (817) 878-9280 |

**COUNSEL FOR HUNTER MOUNTAIN INVESTMENT TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Case No. 19-34054-sgj11 |
| | § | |
| **Highland Capital Management, L.P.** | § | Chapter 11 |
| | § | |
| **Reorganized Debtor** | § | |
| | § | |
| | § | |

**BRIEF OF HUNTER MOUNTAIN AS TO THE QUESTION WHETHER THE
"VALUATION MOTION" AND RELIEF REQUESTED THEREIN REQUIRES AN
ADVERSARY PROCEEDING OR CONSTITUTES RELIEF AVAILABLE THROUGH
A CONTESTED MATTER**

Pursuant to the instructions of the Court on November 15, 2022 [**Dkt. No. 3625**], Hunter Mountain Investment Trust ("Hunter Mountain") files this *Brief* (the "Brief") regarding whether the *Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [**Dkt. No. 3382**] (the "Initial Motion") filed by The Dugaboy Investment Trust ("Dugaboy"), as supplemented and amended by *Supplemental and Amended Motion for Determination of the Value of the Estate and Assets Held by the Claimant* Trust [**Dkt. No. 3533**] (the "Supplement," and

1

together with the Initial Motion, the "Valuation Motion") requires an adversary proceeding. Hunter Mountain has joined the Valuation Motion and therefore proposes this briefing, as to whether the Valuation Motion is an improper vehicle because the relief requested requires an adversary proceeding under FED. R. BANKR. P. 7001(2) (herein after, FED. R. BANKR. P., "Rule").

1. In the Reorganized Debtor's ("Highland" or the "Debtor," as applicable) *Objection* [**Dkt. No. 3465**] (the "Highland Objection") to the Valuation Motion, Highland asserted that the Valuation Motion was procedurally improper because pursuant to Rule 7001(2), an adversary proceeding is required. In Hunter Mountain's *Reply* [**Dkt. No. 3606**], Hunter Mountain briefed why Rule 7001(2) did not apply to the Valuation Motion. *See* Dkt. No. 3606, ¶¶17-20. At the Status Conference on November 15, 2022, the Court, seemingly referencing the existing briefing on Rule 7001(2) questioned whether an adversary proceeding was required. *Transcript Status Conference, November 15, 2022* (the "Transcript"); 23:11. But in response, Highland pointed the Court to Rule 7001(7), not the previously asserted basis of Rule 7001(2). Transcript, 23:16-20.

2. Therefore, Hunter Mountain will address both referenced subparts of Rule 7001 and why neither requires an adversary proceeding for the relief requested in the Valuation Motion. The relief requested in the Valuation Motion, as joined by Hunter Mountain, is an order to compel limited, readily available information regarding the value of the Assets[1] and Obligations at this time, to determine the possibility of the Dugaboy and Hunter Mountain interests receiving distributions as Beneficiaries of the Claimant Trust. So while entitled a "Motion for Valuation," the Valuation Motion, as joined by Hunter Mountain, is in fact a motion for information regarding the value of the Assets and Obligations to provide transparency and insight into the Equity

---

[1] Capitalized terms not otherwise defined herein take their meaning from the *Limited Response in Support of Certain Requested Relief* [**Dkt. No. 3467**] (the "HMIT Response").

2

Holders' Contingent Claimant Trust interests, and not a request for declaratory judgment as to the value of the Reorganized Debtor as of a certain moment in time. Also, as shown below, the Valuation Motion does not seek an accounting, as, despite the supposed arguments of Highland, an accounting is a term of art for a particular type of action, which the Valuation Motion is not.

A. **Rule 7001(2) is inapplicable to the Valuation Motion because Hunter Mountain's interest is not disputed.**

3. Rule 7001(2) provides that: an adversary proceeding is required for a proceeding to determine the validity, priority, or extent of a lien or other interest in property. FED. R. BANKR. P. 7001(2).

4. Highland characterizes the request for valuation information as a request for a determination as to the extent of Equity Holder's interests, but this is not so. The Equity Holder's interest is not disputed: they hold Contingent Claimant Trust interests.

5. Where a creditor's interest is "assertedly fixed," (i.e. the existence of a valid lien is assumed), but some underlying value is uncertain (i.e. the value of the collateral securing the lien), an adversary proceeding is **not** required by Rule 7001(2) for a valuation. *See Collier on Bankruptcy*, ¶7001.03[1] (collecting cases).

6. As Judge Rodriguez recently explained in *Pearl Resources*,

> [The Bankruptcy] Code does not define "validity" or "extent," however, this Court may consider the ordinary meaning of each in determining whether an adversary proceeding is required pursuant to Bankruptcy Rule 7001(2). ...**Valuation, however, is "not [an issue of] validity in any guise" and therefore, does not require an adversary proceeding.**

*In re Pearl Res. LLC*, No. 20-31585, 2022 WL 4474131, at *8 (Bankr. S.D. Tex. Sept. 26, 2022) (emphasis added) (quoting *Collier On Bankruptcy*, ¶ 7001.03 (16th ed. 2017)).

7. Analogously here, the Equity Holder's interest is assertedly fixed: a Contingent Claimant Trust interest. Rather, the sole issue is a valuation of the underlying Assets and

3

Liabilities that would inform the nature of the Contingent Claimant Trust interest. This is no different than a valuation of collateral informing the nature of a creditor's lien. There is no issue of validity of the interest in any guise. Therefore, an adversary proceeding is not required under Rule 7001(2).

**B.     Rule 7001(7) is inapplicable to the Valuation Motion because the relief sought is not the type contemplated by Rule 7001(7).**

8.     Rule 7001(7) provides that: an adversary proceeding is required to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief. FED. R. BANKR. P. 7001(d).

9.     "Other equitable relief" as used in Rule 7001(7) includes relief other than injunctions traditionally granted only by courts of equity. *See In re Live Primary, LLC*, 626 B.R. 171, 190 (Bankr. S.D.N.Y. 2021) (citing *Collier on Bankruptcy*, ¶7001.08).

10.    Hunter Mountain cites the Court to its equitable power pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code to issue "compliance orders," and specifically cases in which courts issued such orders to compel distributions on claims as required by the plan. *See Collier on Bankruptcy*, ¶ 1142.03[1] (citing *In re WorldCom, Inc.*, No. 02-13533(AJG), 2009 WL 2959457 (Bankr. S.D.N.Y. May 19, 2009); *In re Goldblatt Bros., Inc.*, 132 B.R. 736 (Bankr. N.D. Ill. 1991)).

11.    But a bankruptcy court's equitable power to issue compliance orders "is not based upon any inequitable conduct of a party that might be remedied by an injunction or some type of specific performance as contemplated by FED. R. BANKR. P. 7001(7)." *See Live Primary*, 626 at 190; *In re Protea Biosciences, Inc.*, No. 17-BK-1200, 2018 WL 5734464, at *4, n. (Bankr. N.D.W. Va. Oct. 30, 2018) (finding that a bankruptcy court's equitable power to recharacterize a proof of claim as an interest in the debtor "is not based upon any inequitable conduct of a party that might

4

be remedied by an injunction or some type of specific performance as contemplated by Fed. R. Bankr. P. 7001(7).").

12. In the cases in which bankruptcy courts issue such compliance orders, the orders are precipitated by a motion and contested matter, not an adversary proceeding. *See e.g. In re Goldblatt Bros., Inc.*, 132 B.R. 736 (Bankr. N.D. Ill. 1991) (movant brought motion for final distribution); *In re Chatham Parkway Self Storage, LLC*, 507 B.R. 13, 18 (Bankr. S.D. Ga. 2014) (movant filed a motion to compel execution of loan documents); *In re Riverside Nursing Home*, 137 B.R. 134, 138 (Bankr. S.D.N.Y. 1992) (movant filed a motion to appoint a receiver).

13. These motions were made pursuant to the Court's equitable powers to enter orders to effectuate a confirmed plan. None required an adversary proceeding because this type of relief is not the type contemplated by Rule 7001(7) to remedy some inequitable conduct of a party.

14. To find otherwise would read out the exception to Rule 7001(7) which provides that an adversary proceeding is not required when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief. FED. R. BANKR. P. 7001(d).

15. Highland interprets this provision to apply only to explicit relief provided for by the Plan, but case law permitting compliance orders instructs otherwise.

16. For instance, courts enter compliance orders to effectuate distributions as provided for in the plan in ways plainly not provided in the confirmed plan. *See Goldblatt Bros,* 132 B.R. at 741 (ordering the appointment of firm to find missing creditors); *In re Jorgensen*, 66 B.R. 104, 108 (B.A.P. 9th Cir. 1986) (ordering the appointment of different marketing agent than provided for in the plan); *Matter of Coral Air, Inc.*, 21 V.I. 7, 14 (D.V.I. 1984) (ordering numerous changes in management of the debtor entity including implementing reporting requirements).

5

17.     Highland also asserts that the Valuation Motion is an action seeking an accounting, and therefore under Rule 7001(7) requires an adversary proceeding because an action for an accounting is one for equitable relief under that subsection. Transcript, 19:5-7. An action that in fact seeks an accounting has been held to require an adversary proceeding. *Collier on Bankruptcy*, ¶7001.08 (citing to *In re Mitchell*, 44 B.R. 485, 490 (Bankr. N.D. Ala. 1984) (finding that a proceeding to obtain an accounting is generally an equitable proceeding).

18.     However, an accounting is a specific equitable remedy that seeks disgorgement of ill-gotten profits. *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods.*, 137 S.Ct. 954, 964, 197 L.Ed.2d 292 (2017); *Liu v. Sec. & Exch. Comm'n*, 207 L. Ed. 2d 401, 140 S. Ct. 1936, 1942 (2020) (describing accounting as where equity courts routinely depriving wrongdoers of their net profits from unlawful activity). The Valuation Motion in no way seeks an accounting, only information concerning the value of cash on hand and cash held at subsidiaries (including cash held in reserve, whether or not in specific accounts), claims yet paid, the amount of the exit facility balance, and the post-petition claims to be paid, the rate of post-petition "burn" (which would be limited to information not provided in quarterly public reporting).

19.     The point of the Valuation Motion is to help determine whether the interests of the Equity Holders could be or should be entitled to the status as beneficiaries of the Claimant Trust. What this Court has been told is that the amount of funds over and above obligations is irrelevant, because the obligation to indemnify precludes any discussion of whether there could be sufficient funds on hand to account for both indemnification and equity. The relief sought by the Valuation

6

Motion would not resolve the question, but the existence of the question means the relief requested—information —is not an accounting. [2]

20.     As Hunter Mountain has briefed, the Valuation Motion is proper under sections 105(a) and 1142(b) of the Bankruptcy Code to effectuate the terms of the Plan. Such motions are plainly not of the type governed by Rule 7001(7), rather such motions are governed by Rule 3020(d) and 9014(a). As the bankruptcy court in *WorldCom* explained:

> Section 1142(b) empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan. The clear intent of Section 1142(b) of the Bankruptcy Code is to assure that the terms and provisions of a confirmed chapter 11 plan are carried out until the plan is completed and the final decree is entered closing the case. Bankruptcy Rule 3020(d), also provides, "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." The Court has the power under § 1142 to order the Reorganized Debtors to carry out the Plan and its provisions…. If the Plan envisioned that the Reorganized Debtors would be responsible for satisfying certain claims then the Court has the power to enforce compliance with the Plan.

*In re WorldCom, Inc.*, No. 02-13533(AJG), 2009 WL 2959457, at *7 (Bankr. S.D.N.Y. May 19, 2009) (internal citations omitted).

21.     Because the Valuation Motion seeks an order to effectuate the terms of the Plan pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, Rule 7001(7) does not apply.

---

[2]     The Valuation Motion states that it seeks a "determination by this Court of the current value of the estate and an accounting of the assets currently held the Claimant Trust…" *See* Valuation Motion, ¶1. The use of term accounting in this context does not mean any action for an equitable accounting but rather access to information found in books and records. These are distinct concepts, though sometimes confused. *See* Peter Mahler, *Equitable Accounting vs. Access to Books and Records: Don't Confuse Them*, J.D. SUPRA (December 17, 2018) available at: https://www.jdsupra.com/legalnews/equitable-accounting-vs-access-to-books-30876/;  1A C.J.S. ACCOUNTING § 6 ("an accounting sounding in equity is essentially a legal action or equitable remedy, designed to compel a defendant to account for and pay over money owed to the plaintiff but held by the defendant."); 83 Causes of Action 2d 455 (Originally published in 2018) (an "equitable accounting is a distinct remedial cause of action, rooted in equity, which seeks an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due.").

**CONCLUSION**

For the reasons set forth herein, neither provisions of Rule 7001 mentioned by Highland applies to the Motion. An adversary proceeding is not required and the Court can adjudicate the Valuation Motion pursuant to Rules 9014 and 3020(d).

**Respectfully submitted:**

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this November 29, 2022.

*/s/ Louis M. Phillips*