BTXN 049 (rev. 03/15)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Highland Capital Management, L.P. | § | |
| | § | Case No.:  19−34054−sgj11 |
| Debtor(s) | § | Chapter No.:  11 |
| Highland Capital Management Fund Advisors, L.P. and | § | |
| NexPoint Advisors, L.P. | § | |
| Appellant(s) | § | |
| vs. | § | |
| Highland Capital Management, L.P. | § | |
| | § | |
| Appellee(s) | § | |
| | § | |
| | § | |
| | § | |

# NOTICE OF TRANSMITTAL

I am transmitting:

☐   The Motion for leave to Appeal 28 U.S.C. § (USDC Civil Action No. DNC Case).

☐   The Motion for Stay Pending Appeal (USDC Action No. − DNC Case).

☐   The Proposed Findings of Fact and Conclusions of Law.

☐   The Motion to Extend Time To File Designation (USDC Civil Action No DNC Case).

☐   On , the Record on Appeal was transmitted. The designation of record or item(s) designated by
were not filed when the record was transmitted. The item(s) were filed on awaiting instructions
from the assigned district judge.

☐   Other

☑   Copies of: Notice of appeal, appealed orders [3671, 3672] and supporting documents

**TO ALL ATTORNEYS**: File all subsequent papers captioned and numbered with the appropriate division of the
United States District Clerk's Office. Any questions concerning this proceeding should be directed to the U.S. District
Clerk's Office at (214) 753−2200.


DATED:  3/15/23                 FOR THE COURT:
                                      Robert P. Colwell, Clerk of Court

                                      by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 116 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS


# WITHDRAWAL OF REFERENCE SERVICE LIST

## Transmission of the Record

BK Case No.: ___19−34054−sgj11___

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G Jernigan
    Courtney Lauer
    Caroline Nowlin
    Attorney(s) for Appellant
    US Trustee


**Appellant**   : Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201−6659
Telephone: (214) 855−7587


**Appellee**   Highland Capital Management, L.P.

Attorneys:
Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277−6910

BTXN 150 (rev. 11/10)

In Re: § Case No.: 19−34054−sgj11
Highland Capital Management, L.P. § Chapter No.: 11
§
Debtor(s) §

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) APPELLANT**
Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.

**APPELLEE**
Highland Capital Management, L.P.

**(b)** County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201−6659
Telephone: (214) 855−7587

Attorney's (If Known)
Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277−6910

**II. BASIS OF JURISDICTION**

○ 1 U.S. Government Plaintiff    ○ 2 U.S. Government Defendant    ○ 3 Federal Question (U.S. Government Not a Party)    ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | |
|---|---|---|
| Citizen of This State ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State ○ 4 | ○ 4 |
| Citizen of Another State ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country ○ 3 | ○ 3 | Foreign Nation ○ 6 | ○ 6 |

**IV. NATURE OF SUIT**

◉ 422 Appeal 28 USC 158    ○ 423 Withdrawal 28 USC 157    ○ 890 Other Statutory Actions

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened
○ 5 Transferred from another district    ○ 6 Multidistrict Litigation    ○ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
422 Appeal 28 USC 158

Brief description of cause:
Notice of appeal of a bankruptcy court orde

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

Judge:    Docket Number: 20−cv−3408, 21−cv−0538 ,21−cv−0539 ,21−cv−546, 21−cv−550, 21−cv−261, 21−cv−1295 ,21−cv−1979, 21−cv−2268, 22−cv−335, 22−cv−2051, 21−cv−1169 ,21−cv−1710, 21−cv−1974, 21−cv−1590, 22−cv−02697

DATED: 3/15/23

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

## JOINT NOTICE OF APPEAL

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors,

L.P. (the "Appellants"), creditors and parties-in-interest in the above styled and numbered

bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"),

and, pursuant to 28 U.S.C. § 158(a), hereby appeal to the United States District Court for the

Northern District of Texas that certain *Memorandum Opinion and Order on Reorganized Debtor's*

*Motion to Conform Plan [DE #3503]* entered by the Bankruptcy Court on February 27, 2023 at

docket no. 3671 in the Bankruptcy Case (the "Order").[1]

A copy of the Order is attached hereto as Exhibit "A."

---

[1] The Order is also entered at docket number 3672, apparently once as an order and once as a memorandum opinion.  To the extent necessary, the Appellants also appeal by this notice the same Order as entered at docket number 3672 in addition to as entered at docket number 3671.

The names of the parties to the Order, and the contact information for their attorneys, is as

follows:

1.    <u>Appellants:</u>

    Highland Capital Management Fund Advisors, L.P.
    NexPoint Advisors, L.P.

    <u>Attorneys:</u>

        Davor Rukavina
        Julian P. Vasek
        MUNSCH HARDT KOPF & HARR, P.C.
        3800 Ross Tower
        500 N. Akard Street
        Dallas, Texas  75201-6659
        Telephone: (214) 855-7587
        Facsimile: (214) 855-7584
        Email: <u>drukavina@munsch.com</u>

2.    <u>Appellee:</u>

    Highland Capital Management, L.P.

    <u>Attorneys:</u>

        Jeffrey N. Pomerantz
        Ira D. Kharasch
        John A. Morris
        Gregory V. Demo
        Hayley R. Winograd
        PACHULSKI STANG ZIEHL & JONES LLP
        10100 Santa Monica Blvd., 13th Floor
        Los Angeles, CA 90067
        Telephone: (310) 277-6910
        Facsimile: (310) 201-0760
        Email: jpomerantz@pszjlaw.com
                ikharasch@pszjlaw.com
                jmorris@pszjlaw.com
                gdemo@pszjlaw.com
                hwinograd@pszjlaw.com

RESPECTFULLY SUBMITTED this 13th day of March, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      3800 Ross Tower
      500 N. Akard Street
      Dallas, Texas  75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584
      Email:   drukavina@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 13th day of March, 2023, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Appellee.

By: /s/ Davor Rukavina
      Davor Rukavina, Esq.



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2023**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §   Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | §   Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |
| | § |

## MEMORANDUM OPINION AND ORDER ON REORGANIZED DEBTOR'S MOTION TO CONFORM PLAN [DE # 3503]

### I.      INTRODUCTION

This Memorandum Opinion and Order addresses a *Motion to Conform Plan* [DE # 3503] ("*Motion*") filed by Highland Capital Management, L.P. ("Highland" or the "Reorganized Debtor").[1] The *Motion* was filed in response to a ruling of the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") in connection with an appeal of the confirmation order on

---

[1] The court will sometimes use the term "Debtor" when referring to Highland during the post-petition/pre-confirmation time period.

EXHIBIT "A"

Highland's Chapter 11 plan ("Plan"). As further explained herein, the Fifth Circuit affirmed the confirmation order in all respects except the following:  it determined that certain *exculpations* in the Plan, as to certain parties, were impermissible pursuant to section 524(e) of the Bankruptcy Code and should be stricken as to those parties.  More specifically, the Fifth Circuit held that the only parties properly entitled to Plan exculpations were:  the Debtor, the Official Committee of Unsecured Creditors (the "UCC") and its members, and the "Independent Directors"[2] (collectively, the "Properly Exculpated Parties").  The Fifth Circuit then remanded "to the Bankruptcy Court for further proceedings in accordance with the opinion of this Court."[3]

Accordingly, the Reorganized Debtor filed the *Motion*, proposing that the bankruptcy court approve a scaled down defined term for "Exculpated Parties" in the Plan.  This, says the Reorganized Debtor, is all that the Fifth Circuit's mandate required—i.e., a narrowing of the defined universe of persons who received exculpations under the Plan.

Three sets of parties objected to the *Motion*: (a) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (the "Funds") [DE # 3539]; (b) the Dugaboy Investment Trust ("Dugaboy")[4] [DE # 3540]; and (c) NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (the "Advisors") [DE # 3551].[5]  These objectors argue that the Fifth Circuit's ruling requires more surgery on the Plan than simply narrowing the defined term for "Exculpated Parties."  The Reorganized Debtor disagreed in a Reply [DE # 3566], and the court thereafter held a hearing to allow oral argument. The court gave an oral ruling from the bench at the hearing, stating that the Reorganized Debtor's

---

[2] The Independent Directors—consisting of James P. Seery, Jr., John Dubel, and Retired Bankruptcy Judge Russell Nelms—were appointed by the bankruptcy court and were comparable to "quasi-trustees."
[3] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[4] Dugaboy is a family trust of James Dondero ("Mr. Dondero"), the co-founder and former CEO of the Debtor.
[5] It has been conceded at prior hearings that the Advisors are controlled by Mr. Dondero. The court assumes that is still the case.

proposal of simply changing the defined term in the Plan for "Exculpated Parties" would seem to properly address the Fifth Circuit's ruling and mandate, but the parties asked the court to draft a formal written Order providing its reasoning, for the parties' benefit and in case there were appeals of the court's ruling on the *Motion*. This constitutes the court's written ruling.

## II.     RELEVANT BACKGROUND

On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 22, 2021, the bankruptcy court entered a Confirmation Order [DE # 1943] confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Docket No. 1808] (as subsequently modified, the "Plan"). The Confirmation Order was appealed by the Funds, the Advisors, Dugaboy, the Get Good Trust (the latter of which is another family trust of Mr. Dondero), and Mr. Dondero in his individual capacity ("Appellants") [DE ## 1957, 1966, 1970, 1972]. Appellants' appeal was certified for direct appeal to the Fifth Circuit.

On August 19, 2022, the Fifth Circuit issued an opinion (the "Initial Fifth Circuit Opinion")[6] and a judgment ("Judgment") affirming in substantial part the Confirmation Order, stating that it reversed "only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e)," and would "strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[7] The Fifth Circuit remanded to the bankruptcy court "for further proceedings in accordance with the opinion of this Court."[8]

---

[6] *NexPoint v. Highland Capital Management*, 2022 WL 3571094, Case No. 21-10449, slip opinion previously available at DE # 194 (5th Cir. Aug. 19, 2022). The Initial Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit A [DE # 3539].
[7] *Id.* at p. 2.
[8] *Id.*

On September 2, 2022, the Funds filed a short (four-and-one-half pages) motion for rehearing at the Fifth Circuit (the "Motion for Rehearing").[9]  This was on the Friday before Labor Day.  The Funds requested "that the Court narrowly amend the [Initial Fifth Circuit] Opinion in order to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the plan (in other words, that such parties cannot constitute 'Protected Parties')."  As later explained, the Plan contained distinct "Exculpation," "Injunctions," and "Gatekeeper" provisions.  On September 7, 2022 (the Tuesday after Labor Day), the Fifth Circuit granted the Motion for Rehearing and, without entertaining responses or oral argument, withdrew the Initial Fifth Circuit Opinion and entered a substituted opinion (the "Final Fifth Circuit Opinion").[10] The Final Fifth Circuit Opinion **replaced only one sentence** that had been in the Initial Fifth Circuit Opinion:

> **"The injunction and gatekeeper provisions are, on the other hand, perfectly lawful"** [11]

with the following sentence:

> **"We now turn to the Plan's injunction and gatekeeper provisions."** [12]

However, in the Final Fifth Circuit Opinion, same as the Initial Fifth Circuit Opinion, the Fifth Circuit stated that, with regard to the Confirmation Order, the panel would "reverse only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[13] To be clear, no

---

[9] DE # 3539, Exhibit C thereto.

[10] *NexPoint v. Highland Capital Management*, 48 F.4th 419, Case No. 21-10449, slip opinion at DE # 210 (5th Cir. Sep. 7, 2022). The Final Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit C [DE # 3539]. Most subsequent references to the Final Fifth Circuit Opinion will cite to the published version of it in the West Reporter Service, appearing at 48 F.4th 419.

[11] *See* slip opinion, at p. 27 [DE # 3539, Exhibit A thereto].

[12] *See* Final Fifth Circuit Opinion, slip opinion at p. 28 [DE # 3539, Exhibit C thereto]. 48 F.4th at 438.

[13] 48 F.4th at 424.

findings, discussion, or rulings regarding the injunction and gatekeeper provisions that were in the Initial Fifth Circuit Opinion were disturbed.

The Fifth Circuit's docket reflects that it issued its Judgment and a mandate on September 12, 2022, remanding "to the Bankruptcy Court for further proceedings in accordance with the opinion of this Court."[14]

On October 7, 2022, the Fifth Circuit denied a motion by certain Appellants for a stay of the mandate.[15]

Thereafter, on January 10 and 23, 2023, petitions for *writ of certiorari* to the United States Supreme Court were filed by the Reorganized Debtor and certain Appellants.[16]  There being no stay of the Final Fifth Circuit Opinion or the mandate, this court now issues this ruling on the *Motion*.

### III.    JURISDICTION

The bankruptcy court has jurisdiction to rule on the *Motion* pursuant to the mandate of the Fifth Circuit issued on September 12, 2022.  Furthermore, the underlying statutory authority that is applicable is 11 U.S.C. §§ 105(a) and 1142.

### IV.    THE PLAN PROVISIONS THAT ARE CONCEIVABLY AT ISSUE

To put the relief sought in the *Motion* and the objections thereto into proper context, a review of three sets of Plan provisions is appropriate.  First, the ***exculpation provisions***.  Second, the ***injunction provisions***.  Third, the ***gatekeeping provisions***.  These all had distinct functions;

---

[14] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[15] *Id.* at DE # 222 (5th Cir. Oct. 7, 2022).
[16] *Id.* at DE ## 227 & 228 (5th Cir. Jan. 10 & 23, 2023).

they were not in any way redundant. Sometimes they have been collectively referred to as the

"*Protection Provisions*."

**Exculpations**.  The Plan addressed Exculpation at Article IX.C thereof. The "Exculpation"

provision, in pertinent part, stated as follows:

> Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, *no Exculpated Party will have or incur*, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and *liability for conduct occurring on or after the Petition Date* in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); provided, however, *the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct* or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability. (Emphasis added.)

The Plan had a defined term for "Exculpated Parties," at Article I.B.62 that read as follows:

> "**Exculpated Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its

subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO
Funding, Ltd. (and any of its subsidiaries, members, and managed entities),
Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and
managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter
Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy
Investment Trust (or any trustee acting for the trust), or Grant Scott is included in
the term "Exculpated Party."

Simply stated, the Exculpation Provisions shielded a specified list of parties from any

***negligence liability*** for ***post-petition conduct*** in connection with the Highland Chapter 11 cases.

The provisions effectuated ***an absolution of liability*** for the Exculpated Parties—but, again, only

for mere negligent conduct occurring on or after the Petition Date and in connection with the case.

It is also notable that the Exculpation Provisions deal only with pre-Effective Date Parties (i.e.,

not any parties created by the terms of the Plan, such as the Litigation Trustee or Claimant Trustee).

**Injunctions.** The Plan addresses Injunctions at Article IX.F, in the first three paragraphs

thereof. The "Injunctions" provision, in pertinent part, stated as follows:

Upon entry of the Confirmation Order, all Enjoined Parties are and shall be
permanently enjoined, on and after the Effective Date, ***from taking any actions to
interfere with the implementation or consummation of the Plan***.

Except as expressly provided in the Plan, the Confirmation Order, or a
separate order of the Bankruptcy Court, all Enjoined Parties are and shall be
permanently enjoined, on and after the Effective Date, with respect to any Claims
and Equity Interests, from directly or indirectly (i) commencing, conducting, or
continuing in any manner any suit, action, or other proceeding of any kind
(including any proceeding in a judicial, arbitral, administrative or other forum)
against or affecting ***the Debtor or the property of the Debtor***, (ii) enforcing,
levying, attaching (including any prejudgment attachment), collecting, or otherwise
recovering, enforcing, or attempting to recover or enforce, by any manner or means,
any judgment, award, decree, or order ***against the Debtor or the property of the
Debtor***, (iii) creating, perfecting, or otherwise enforcing in any manner, any
security interest, lien or encumbrance of any kind ***against the Debtor or the
property of the Debtor***, (iv) asserting any right of setoff, directly or indirectly,
against any obligation due to the ***Debtor or against property or interests in property
of the Debtor***, except to the limited extent permitted under Sections 553 and 1141
of the Bankruptcy Code, and (v) ***acting or proceeding in any manner, in any place
whatsoever, that does not conform to or comply with the provisions of the Plan.***

The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, ***but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property***. (Emphasis added.)

The Plan had a defined term for "Enjoined Parties," at Article I.B.56 that read as follows:

"**Enjoined Parties**" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons[17] of each of the foregoing.

Simply stated, the injunctions were ***not*** a release, or absolution of liability, or exculpation

*per se*, but were, rather, an equitable device aimed at: (a) enforcing the discharge of the Debtor;

(b) protecting the Debtor's property dealt with by the Plan; and (c) preventing interference with

implementation of the Plan.  It was directed to claimants, equity interest holders, those who had

participated in the Chapter 11 Case (including Mr. Dondero) and parties related to them.  In sum—

similar to so many Chapter 11 plans that this court sees—this provision was "belts and suspenders"

to the Plan discharge and was essentially a ***policing mechanism to deter actions in violations of***

***the discharge or otherwise inconsistent with the Plan***.

**Gatekeeper Provisions**.  The Plan set forth gatekeeper provisions in the fourth paragraph

of Article IX.F, although the gatekeeper provision did not use this title.  This provision was very

---

[17] "Related Entity" and "Related Persons" were defined terms under the Plan, but the definitions will not be set forth herein, because they are not deemed relevant to the court's analysis.

Case 19-34054-sgj11   Doc 3685   Filed 03/25/23   Entered 03/25/23 10:23:54   Desc
Case 3:23-cv-00573-E   Main Document   Filed 03/25/23   Page 12 of 116   PageID 16
Page 12 of 120   Page 12 of 116   PageID 16

much part and parcel to the Injunctions (which explains why it is located in the same section of the Plan). The provision stated:

> Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party *that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing* without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; provided, however, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date. *The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action*. (Emphasis added.)

The Plan had a defined term for "Protected Parties" as follows:

> "**Protected Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy

Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

Notably, the list of "Protected Parties" was not identical to the list of "Exculpated Parties." Namely, the "Protected Parties" list included several parties that were not even in existence prior to confirmation—such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation Trustee. In any event, simply put, the Gatekeeper Provision was somewhat of a tool to deal with any future, potential lawsuits that might be deemed to run afoul of the Injunctions. It did not effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies, it simply provided that a plaintiff would have to *ask* the gatekeeper before bringing a claim. No one would be allowed to bring a claim against a defined universe of "Protected Parties" without first asking the bankruptcy court. The bankruptcy court would have to determine, after notice, that such claim or cause of action represents a colorable claim against a Protected Party and specifically authorize such plaintiff to bring such claim against any such Protected Party. If the bankruptcy court were to deny permission, then, presumably, such denial could be appealed.

The Confirmation Order addressed Exculpation, the Injunctions, and the Gatekeeper Provisions at length at pages 48-59.

## V.   THE RELIEF SOUGHT IN THE MOTION TO CONFORM PLAN

As noted earlier, in the *Motion*, the Reorganized Debtor proposes that only one change is needed to make the Plan compliant with the Fifth Circuit's ruling: narrow the defined term for "Exculpated Parties" to read as follows:

"Exculpated Parties" means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) members of the Committee (in their official capacities).

The Reorganized Debtor states that this one simple revision of this defined term "directly addresses all instances of exculpation deemed by the Fifth Circuit to violate section 524(e) of the Bankruptcy Code, and no other changes" are required to conform the Plan and Confirmation Order to the Final Fifth Circuit Opinion.[18]

<u>The Funds' Opposition</u>.  The Funds support the revision of the defined term "Exculpated Parties," as proposed by the Reorganized Debtor, but they argue that the defined term "Protected Parties" must likewise be revised to "fully implement[ ] the mandate of the Fifth Circuit . . . ." [19] The Funds point to their Motion for Rehearing filed at the Fifth Circuit, wherein they expressed concern that "the Court's statement that the injunction and gatekeeper provisions are 'perfectly lawful,' might be argued to mean that the injunction and gatekeeper provisions – without any tailoring – are allowed to stand."[20]  The Funds specifically asked the Fifth Circuit panel to revise its opinion to clarify and "to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the Plan (in other words, that such parties cannot constitute 'Protected Parties'), such that the injunction and gatekeeper provisions extend only to Highland Capital, the Committee and its members, and the Independent Directors."[21]  The Funds' argue that the fact that the panel granted the Motion for Rehearing and removed the "perfectly lawful" sentence (replacing it with the sentence noted above) and otherwise left the language unchanged means that the panel agreed with the Funds' interpretation of the Initial Fifth Circuit Opinion that "the parties protected by the injunction and

---

[18] DE # 3503, ¶ 11.
[19] DE # 3539, ¶ 3.
[20] DE # 3539, ¶ 5.
[21] DE # 3539, Exhibit B thereto, at ¶ 3.

gatekeeper provisions (the Protected Parties) must similarly be limited to the Properly Exculpated Parties – Highland, the Committee and its members, and the Independent Directors."[22] Accordingly, the Funds request that, in addition to narrowing the defined term "Exculpated Parties," the bankruptcy court order a similar narrowing of the defined term "Protected Parties" to read:

> "Protected Parties" means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) members of the Committee (in their official capacities).[23]

Dugaboy's Opposition.  Dugaboy filed a short Joinder simply adopting the arguments of the Funds.[24]

The Advisors' Opposition.  The Advisors filed an Objection adopting the Funds' Response but requesting two additional revisions to the Plan.[25]  First, the Advisors proposed fully deleting the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity under" the Final Fifth Circuit Opinion.[26]  Second, the Advisors proposed "carv[ing] out from the gatekeeping provision of the injunction those suits that are expressly allowed by 28 U.S.C. § 959(a)," by "amend[ing] the fourth paragraph of Article IX.F of the Plan by excepting from the gatekeeping provisions actions that relate to the Independent Directors or Debtor 'carrying on business connected with [their] property' as provided in § 959(a)." With respect to the "carve out" request, the Advisors point to footnote 18 of the Final Fifth Circuit Opinion, which states, "[W]e also leave

---

[22] DE # 3539, ¶ 14.
[23] DE # 3539, ¶ 19.
[24] DE # 3540.
[25] DE # 3551.
[26] *Id.* at ¶ 6.

the applicability of *Barton*'s[27] limited statutory exception to the bankruptcy and district courts in the first instance."[28]

    <u>Highland's Reply</u>.   Highland replied to all of this by arguing that the Motion for Rehearing—and what the Funds asked for therein—is hugely significant.  The Funds specifically requested, in their Motion for Rehearing, that the Fifth Circuit panel (a) limit the definition of "Protected Parties" in the same way that it did with respect to the parties entitled to exculpation, and (b) "tailor" the injunction and gatekeeper provisions, in order to confirm that the Fifth Circuit meant to narrow the parties covered by the injunctions and gatekeeper provisions of the Plan.  The Fifth Circuit did none of those things when it granted the Motion for Rehearing; it simply deleted the sentence stating that the gatekeeper provisions and injunction are "perfectly lawful" and otherwise left its initial affirmance of the gatekeeper provisions and injunctions intact. Highland argues that "the Fifth Circuit . . . clarified that the Injunction was 'sound' but not 'perfectly lawful'" and that nothing in the Final Fifth Circuit Opinion supports the position that the Fifth Circuit intended to limit the Protected Parties that are protected by the Gatekeeper Provision from "harassing and frivolous litigation." Highland further argues that, since the Gatekeeper Provision is not a release, it does not implicate § 524(e), but is necessary to prevent harassment.

## VI.    RULING ON MOTION TO CONFORM PLAN

    The court grants the request of the Reorganized Debtor, holding that the only thing that needs to be done in response to the Final Fifth Circuit Opinion and mandate is to change the defined term for "Exculpated Parties," at Art. I.B.62 of the Plan as follows:

---

[27] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[28] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).

"'Exculpated Parties' means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) the members of the Committee (in their official capacities)."

In so holding, this court has scoured the Final Fifth Circuit Opinion to be clear what language survived and to discern what the Court did or did not find problematic with the Plan Protections. In that regard, this court notes the following:

On Page 429, the Fifth Circuit states:

We then turn to the merits, conclude the Plan exculpates certain non-debtors beyond the bankruptcy court's authority, and affirm in all other respects.[29]

On Page 432, the Court states:

We do, however, agree with Appellants that the bankruptcy court exceeded its statutory authority under § 524(e) by exculpating certain non-debtors, and so we reverse and vacate the Plan only to that extent.[30]

On Page 435, the Fifth Circuit states, before launching into a discussion of the various type of Plan Protections:

The bankruptcy court deemed the provisions legal, necessary under the circumstances, and in the best interest of all parties. We agree, but only in part. Though the injunction and gatekeeping provisions are sound, the exculpation of certain non-debtors exceeds the bankruptcy court's authority. We reverse and vacate that limited portion of the Plan. . . . In a Chapter 11 bankruptcy proceeding, ''discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.'' 11 U.S.C. § 524(e). Contrary to the bankruptcy court's holding, the exculpation here partly runs afoul of that statutory bar on non-debtor discharge by reaching beyond Highland Capital, the Committee, and the Independent Directors. *See Pacific Lumber,* 584 F.3d at 251– 53. We must reverse and strike the few unlawful parts of the Plan's exculpation provision.[31]

---

[29] 48 F.4th at 429.
[30] *Id.* at 432.
[31] *Id.* at 435.

14

On pages 437-438, in wrapping up its discussion of the Exculpation Provisions, the Fifth
Circuit states:

> In sum, our precedent and § 524(e) require any exculpation in a Chapter 11
> reorganization plan be limited to the debtor, the creditors' committee and its
> members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the
> trustees within the scope of their duties, *see Baron*, 914 F.3d at 993. And so,
> excepting the Independent Directors and the Committee members, the exculpation
> of non-debtors here was unlawful. Accordingly, the other non-debtor exculpations
> must be struck from the Plan. *See Pacific Lumber*, 584 F.3d at 253.
>
> As it stands, the Plan's exculpation provision extends to Highland Capital
> and its employees and CEO; Strand; the Reorganized Debtor and HCMLP GP LLC;
> the Independent Directors; the Committee and its members; the Claimant Trust, its
> trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its
> trustee; professionals retained by the Highland Capital and the Committee in this
> case; and all ''Related Persons.'' Consistent with § 524(e), we strike all exculpated
> parties from the Plan except Highland Capital, the Committee and its members, and
> the Independent Directors.[32]

On page 438, immediately after the previously quoted language, the next section of the
Final Fifth Circuit Opinion has a subheading "Injunction & Gatekeeper Provisions,"
and then states:

> ***We now turn to the Plan's injunction and gatekeeper provisions.***
> Appellants object to the bankruptcy court's injunction as vague and the gatekeeper
> provision as overbroad. We are unpersuaded.[33]

Note that the bolded sentence above is the only new sentence in the Final Fifth Circuit
Opinion, and it replaced a previous sentence that read: "The injunction and gatekeeper provisions
are on the other hand, perfectly lawful."

---

[32] *Id.* at 437-38.
[33] *Id.* at 438 (emphasis added).

Finally, in the penultimate paragraph of the entire Final Fifth Circuit Opinion, the Fifth

Circuit states:

> In sum, the Plan violates § 524(e), but only insofar as it exculpates and enjoins certain non-debtors. The exculpatory order is therefore vacated as to all parties except Highland Capital, the Committee and its members, and the Independent Directors for conduct within the scope of their duties. We otherwise affirm the inclusion of the injunction and the gatekeeper provisions in the Plan.

On balance, this court does not know how it could be clearer, that the Fifth Circuit was

holding that the exculpations of certain parties violated section 524(e), but the other Plan

Protections were "sound."[34]

Of course, this still begs the question:  what might the Fifth Circuit have meant in replacing

the sentence ***"The injunction and gatekeeper provisions are on the other hand, perfectly lawful"***

with the sentence "***We now turn to the Plan's injunction and gatekeeper provisions"***?[35]

It is certainly awkward for this court to attempt to be a mind-reader regarding editorial or

wordsmithing decisions undertaken by the Fifth Circuit.  All this court can be sure of is that the

Fifth Circuit declined the Funds' request, in their Motion for Rehearing, to strike or modify the

defined term "Protected Parties" (that pertains to the Gatekeeper Provision) so that it would be

coterminous with the defined term "Exculpated Parties."  The Fifth Circuit did not modify the

Gatekeeper Provision or its applicable definition of "Protected Parties" in any way, let alone in the

manner that the Funds requested.  And the Fifth Circuit did not include anything in its Final Fifth

Circuit Opinion to indicate that the panel agreed with the Funds' analysis.

---

[34] *Id.* at 435.
[35] *Id.* at 438.

Moreover, limiting the definition of "Protected Parties" to be coterminous with the defined term "Exculpated Parties" would mean that the Gatekeeper Provision would have no effect on any conduct that occurs after the Plan Effective Date. Why? ***Because the persons included in the defined term "Exculpated Parties"—as now limited by the Fifth Circuit's ruling to include only the Debtor, the UCC, the UCC members, and Independent Directors—are all gone now.*** They all ceased to exist on the Effective Date. Additionally, the Debtor would not even need a Gatekeeper Provision for pre-Effective Date conduct because the Debtor was discharged. The Gatekeeper Provision is largely forward-looking, to prevent interference with post-Effective-Date management as they consummate the Plan, wind down the assets, and administer the Claimant Trust and the Litigation Sub-Trust. As noted, the defined term for "Protected Parties" includes several parties that did not even exist pre-confirmation such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation Trustee. It is mostly a tool to deal with any future, potential lawsuits that might be deemed to run afoul of Plan implementation. The Gatekeeper Provision did not effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies, it simply provided that a plaintiff would have to *ask* the gatekeeper before bringing a claim against the defined universe of "Protected Parties." If such a request is made, the bankruptcy court will determine, after notice, whether such claim or cause of action represents a colorable claim against a Protected Party and specifically authorize such plaintiff to bring such claim against any such Protected Party. If the bankruptcy court denies permission, then, presumably, such denial could be appealed.

The bankruptcy court humbly suggests that the Fifth Circuit well understood all of this. Perhaps they deleted the one sentence out of concern that there might be something in the Injunction Provisions that ran afoul of the new, narrowed defined term for "Exculpated Parties"—

for example, the catchall clause at Article IX.F(v) of the Injunction Provision.  Specifically, that catchall clause, appearing after the injunctions of all sorts of conduct **against the Debtor** or its property, also enjoins parties from "(v) **acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan."**  Perhaps the Fifth Circuit thought this injunctive language was a little vague or broad, but it had fixed any problem with it, by making clear that no one was absolved from any liability except the Debtor, the UCC, the UCC members, and the Independent Directors.  The Fifth Circuit had fixed any problem with the cause by ruling that the defined term "Exculpated Parties" was too broad.

But perhaps the Fifth Circuit was simply making a stylistic edit—maybe they thought the words "perfectly lawful" may have sounded a bit too rosy or glowing, with regard to gatekeeper provisions generally, and they did not want to suggest that they had blessed them for every plan in the future, no matter what the facts and circumstances were.  Perhaps the word "sound" seemed more measured and case-specific than the words "perfectly lawful."

In any event, in light of the Fifth Circuit keeping intact, in its Final Fifth Circuit Opinion, the language that the "the injunction and gatekeeping provisions are sound," this court sees no need to tailor those provisions in any manner.  This tailoring request was made to the Fifth Circuit in the Motion for Rehearing, and they declined.

Finally, with regard to the Advisors' request that this court delete the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity" pursuant to the Final Fifth Circuit Opinion and "carve out from the gatekeeping provision . . . those suits that are expressly allowed by 28 U.S.C. § 959(a)," the bankruptcy court declines this request.  This court does not read footnote 18 of the Fifth Circuit's Final Opinion, which states, "[W]e also leave the applicability of

18

*Barton*'s[36] limited statutory exception to the bankruptcy and district courts in the first instance,"[37] as necessitating any modification to the Plan whatsoever.

## VII.    CONCLUSION

The court grants the *Motion* and orders that one change be made to the Plan to conform it to the mandate of the Fifth Circuit:  revise the definition of "Exculpated Parties" as proposed in the *Motion* and no more.

### # # # END OF MEMORANDUM OPINION AND ORDER # # #

---

[36] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[37] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2023**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER ON REORGANIZED DEBTOR'S MOTION
### TO CONFORM PLAN [DE # 3503]

## I.      INTRODUCTION

This Memorandum Opinion and Order addresses a *Motion to Conform Plan* [DE # 3503]

("*Motion*") filed by Highland Capital Management, L.P. ("Highland" or the "Reorganized

Debtor").[1]  The *Motion* was filed in response to a ruling of the United States Court of Appeals for

the Fifth Circuit ("Fifth Circuit") in connection with an appeal of the confirmation order on

_____

[1] The court will sometimes use the term "Debtor" when referring to Highland during the post-petition/pre-confirmation time period.

1

Highland's Chapter 11 plan ("Plan"). As further explained herein, the Fifth Circuit affirmed the confirmation order in all respects except the following:  it determined that certain ***exculpations*** in the Plan, as to certain parties, were impermissible pursuant to section 524(e) of the Bankruptcy Code and should be stricken as to those parties.  More specifically, the Fifth Circuit held that the only parties properly entitled to Plan exculpations were:  the Debtor, the Official Committee of Unsecured Creditors (the "UCC") and its members, and the "Independent Directors"[2] (collectively, the "Properly Exculpated Parties").  The Fifth Circuit then remanded "to the Bankruptcy Court for further proceedings in accordance with the opinion of this Court."[3]

Accordingly, the Reorganized Debtor filed the *Motion*, proposing that the bankruptcy court approve a scaled down defined term for "Exculpated Parties" in the Plan.  This, says the Reorganized Debtor, is all that the Fifth Circuit's mandate required—i.e., a narrowing of the defined universe of persons who received exculpations under the Plan.

Three sets of parties objected to the *Motion*: (a) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (the "Funds") [DE # 3539]; (b) the Dugaboy Investment Trust ("Dugaboy")[4] [DE # 3540]; and (c) NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (the "Advisors") [DE # 3551].[5]  These objectors argue that the Fifth Circuit's ruling requires more surgery on the Plan than simply narrowing the defined term for "Exculpated Parties."  The Reorganized Debtor disagreed in a Reply [DE # 3566], and the court thereafter held a hearing to allow oral argument. The court gave an oral ruling from the bench at the hearing, stating that the Reorganized Debtor's

---

[2] The Independent Directors—consisting of James P. Seery, Jr., John Dubel, and Retired Bankruptcy Judge Russell Nelms—were appointed by the bankruptcy court and were comparable to "quasi-trustees."
[3] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[4] Dugaboy is a family trust of James Dondero ("Mr. Dondero"), the co-founder and former CEO of the Debtor.
[5] It has been conceded at prior hearings that the Advisors are controlled by Mr. Dondero. The court assumes that is still the case.

proposal of simply changing the defined term in the Plan for "Exculpated Parties" would seem to properly address the Fifth Circuit's ruling and mandate, but the parties asked the court to draft a formal written Order providing its reasoning, for the parties' benefit and in case there were appeals of the court's ruling on the *Motion*. This constitutes the court's written ruling.

## II.   RELEVANT BACKGROUND

On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 22, 2021, the bankruptcy court entered a Confirmation Order [DE # 1943] confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Docket No. 1808] (as subsequently modified, the "Plan"). The Confirmation Order was appealed by the Funds, the Advisors, Dugaboy, the Get Good Trust (the latter of which is another family trust of Mr. Dondero), and Mr. Dondero in his individual capacity ("Appellants") [DE ## 1957, 1966, 1970, 1972]. Appellants' appeal was certified for direct appeal to the Fifth Circuit.

On August 19, 2022, the Fifth Circuit issued an opinion (the "Initial Fifth Circuit Opinion")[6] and a judgment ("Judgment") affirming in substantial part the Confirmation Order, stating that it reversed "only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e)," and would "strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[7] The Fifth Circuit remanded to the bankruptcy court "for further proceedings in accordance with the opinion of this Court."[8]

---

[6] *NexPoint v. Highland Capital Management*, 2022 WL 3571094, Case No. 21-10449, slip opinion previously available at DE # 194 (5th Cir. Aug. 19, 2022). The Initial Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit A [DE # 3539].
[7] *Id.* at p. 2.
[8] *Id.*

On September 2, 2022, the Funds filed a short (four-and-one-half pages) motion for rehearing at the Fifth Circuit (the "Motion for Rehearing").[9]  This was on the Friday before Labor Day.  The Funds requested "that the Court narrowly amend the [Initial Fifth Circuit] Opinion in order to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the plan (in other words, that such parties cannot constitute 'Protected Parties')."  As later explained, the Plan contained distinct "Exculpation," "Injunctions," and "Gatekeeper" provisions.  On September 7, 2022 (the Tuesday after Labor Day), the Fifth Circuit granted the Motion for Rehearing and, without entertaining responses or oral argument, withdrew the Initial Fifth Circuit Opinion and entered a substituted opinion (the "Final Fifth Circuit Opinion").[10] The Final Fifth Circuit Opinion *replaced only one sentence* that had been in the Initial Fifth Circuit Opinion:

> ***"The injunction and gatekeeper provisions are, on the other hand, perfectly lawful"*** [11]

with the following sentence:

> ***"We now turn to the Plan's injunction and gatekeeper provisions."*** [12]

However, in the Final Fifth Circuit Opinion, same as the Initial Fifth Circuit Opinion, the Fifth Circuit stated that, with regard to the Confirmation Order, the panel would "reverse only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[13] To be clear, no

---

[9] DE # 3539, Exhibit C thereto.
[10] *NexPoint v. Highland Capital Management*, 48 F.4th 419, Case No. 21-10449, slip opinion at DE # 210 (5th Cir. Sep. 7, 2022). The Final Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit C [DE # 3539]. Most subsequent references to the Final Fifth Circuit Opinion will cite to the published version of it in the West Reporter Service, appearing at 48 F.4th 419.
[11] *See* slip opinion, at p. 27 [DE # 3539, Exhibit A thereto].
[12] *See* Final Fifth Circuit Opinion, slip opinion at p. 28 [DE # 3539, Exhibit C thereto]. 48 F.4th at 438.
[13] 48 F.4th at 424.

findings, discussion, or rulings regarding the injunction and gatekeeper provisions that were in the Initial Fifth Circuit Opinion were disturbed.

The Fifth Circuit's docket reflects that it issued its Judgment and a mandate on September 12, 2022, remanding "to the Bankruptcy Court for further proceedings in accordance with the opinion of this Court."[14]

On October 7, 2022, the Fifth Circuit denied a motion by certain Appellants for a stay of the mandate.[15]

Thereafter, on January 10 and 23, 2023, petitions for *writ of certiorari* to the United States Supreme Court were filed by the Reorganized Debtor and certain Appellants.[16]  There being no stay of the Final Fifth Circuit Opinion or the mandate, this court now issues this ruling on the *Motion*.

### III.    JURISDICTION

The bankruptcy court has jurisdiction to rule on the *Motion* pursuant to the mandate of the Fifth Circuit issued on September 12, 2022.  Furthermore, the underlying statutory authority that is applicable is 11 U.S.C. §§ 105(a) and 1142.

### IV.    THE PLAN PROVISIONS THAT ARE CONCEIVABLY AT ISSUE

To put the relief sought in the *Motion* and the objections thereto into proper context, a review of three sets of Plan provisions is appropriate.  First, the ***exculpation provisions***.  Second, the ***injunction provisions***.  Third, the ***gatekeeping provisions***.  These all had distinct functions;

---

[14] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[15] *Id.* at DE # 222 (5th Cir. Oct. 7, 2022).
[16] *Id.* at DE ## 227 & 228 (5th Cir. Jan. 10 & 23, 2023).

they were not in any way redundant.  Sometimes they have been collectively referred to as the

"***Protection Provisions***."

**Exculpations**.  The Plan addressed Exculpation at Article IX.C thereof.  The "Exculpation"

provision, in pertinent part, stated as follows:

> Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, ***no Exculpated Party will have or incur***, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and ***liability for conduct occurring on or after the Petition Date*** in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); provided, however, ***the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct*** or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability. (Emphasis added.)

The Plan had a defined term for "Exculpated Parties," at Article I.B.62 that read as follows:

> "**Exculpated Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its

subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

Simply stated, the Exculpation Provisions shielded a specified list of parties from any *negligence liability* for *post-petition conduct* in connection with the Highland Chapter 11 cases. The provisions effectuated *an absolution of liability* for the Exculpated Parties—but, again, only for mere negligent conduct occurring on or after the Petition Date and in connection with the case. It is also notable that the Exculpation Provisions deal only with pre-Effective Date Parties (i.e., not any parties created by the terms of the Plan, such as the Litigation Trustee or Claimant Trustee).

   **Injunctions.** The Plan addresses Injunctions at Article IX.F, in the first three paragraphs thereof. The "Injunctions" provision, in pertinent part, stated as follows:

   Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, *from taking any actions to interfere with the implementation or consummation of the Plan*.

   Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting *the Debtor or the property of the Debtor*, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order *against the Debtor or the property of the Debtor*, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind *against the Debtor or the property of the Debtor*, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the *Debtor or against property or interests in property of the Debtor*, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) *acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, ***but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property***. (Emphasis added.)

The Plan had a defined term for "Enjoined Parties," at Article I.B.56 that read as follows:

"**Enjoined Parties**" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons[17] of each of the foregoing.

Simply stated, the injunctions were ***not*** a release, or absolution of liability, or exculpation *per se*, but were, rather, an equitable device aimed at: (a) enforcing the discharge of the Debtor; (b) protecting the Debtor's property dealt with by the Plan; and (c) preventing interference with implementation of the Plan. It was directed to claimants, equity interest holders, those who had participated in the Chapter 11 Case (including Mr. Dondero) and parties related to them. In sum— similar to so many Chapter 11 plans that this court sees—this provision was "belts and suspenders" to the Plan discharge and was essentially a ***policing mechanism to deter actions in violations of the discharge or otherwise inconsistent with the Plan***.

**Gatekeeper Provisions**. The Plan set forth gatekeeper provisions in the fourth paragraph of Article IX.F, although the gatekeeper provision did not use this title. This provision was very

---

[17] "Related Entity" and "Related Persons" were defined terms under the Plan, but the definitions will not be set forth herein, because they are not deemed relevant to the court's analysis.

much part and parcel to the Injunctions (which explains why it is located in the same section of the Plan).  The provision stated:

> Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party *that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing* without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; provided, however, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date.  *The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action*.  (Emphasis added.)

The Plan had a defined term for "Protected Parties" as follows:

> "**Protected Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv)      the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy

Case 19-34054-sgj11    Doc 3685    Filed 03/15/23    Entered 03/15/23 14:13:54    Desc
Case 3:23-cv-00573-E    Main Document    Filed 03/16/23    Page 32 of 116    PageID 36
Page 32 of 120    Page 32 of 116    PageID 36

Investment Trust (or any trustee acting for the trust), or Grant Scott is included in
the term "Protected Party."

Notably, the list of "Protected Parties" was not identical to the list of "Exculpated Parties."

Namely, the "Protected Parties" list included several parties that were not even in existence prior

to confirmation—such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation

Trustee.  In any event, simply put, the Gatekeeper Provision was somewhat of a tool to deal with

any future, potential lawsuits that might be deemed to run afoul of the Injunctions. It did not

effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies,

it simply provided that a plaintiff would have to **ask** the gatekeeper before bringing a claim.  No

one would be allowed to bring a claim against a defined universe of "Protected Parties" without

first asking the bankruptcy court.  The bankruptcy court would have to determine, after notice, that

such claim or cause of action represents a colorable claim against a Protected Party and specifically

authorize such plaintiff to bring such claim against any such Protected Party.  If the bankruptcy

court were to deny permission, then, presumably, such denial could be appealed.

The Confirmation Order addressed Exculpation, the Injunctions, and the Gatekeeper

Provisions at length at pages 48-59.

## V.    THE RELIEF SOUGHT IN THE MOTION TO CONFORM PLAN

As noted earlier, in the *Motion*, the Reorganized Debtor proposes that only one change is

needed to make the Plan compliant with the Fifth Circuit's ruling: narrow the defined term for

"Exculpated Parties" to read as follows:

> "Exculpated Parties" means, collectively, (i) the Debtor, (ii) the
> Independent Directors, (iii) the Committee, and (iv) members of the Committee (in
> their official capacities).

The Reorganized Debtor states that this one simple revision of this defined term "directly addresses all instances of exculpation deemed by the Fifth Circuit to violate section 524(e) of the Bankruptcy Code, and no other changes" are required to conform the Plan and Confirmation Order to the Final Fifth Circuit Opinion.[18]

The Funds' Opposition.  The Funds support the revision of the defined term "Exculpated Parties," as proposed by the Reorganized Debtor, but they argue that the defined term "Protected Parties" must likewise be revised to "fully implement[ ] the mandate of the Fifth Circuit . . . ." [19] The Funds point to their Motion for Rehearing filed at the Fifth Circuit, wherein they expressed concern that "the Court's statement that the injunction and gatekeeper provisions are 'perfectly lawful,' might be argued to mean that the injunction and gatekeeper provisions – without any tailoring – are allowed to stand."[20]  The Funds specifically asked the Fifth Circuit panel to revise its opinion to clarify and "to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the Plan (in other words, that such parties cannot constitute 'Protected Parties'), such that the injunction and gatekeeper provisions extend only to Highland Capital, the Committee and its members, and the Independent Directors."[21]  The Funds' argue that the fact that the panel granted the Motion for Rehearing and removed the "perfectly lawful" sentence (replacing it with the sentence noted above) and otherwise left the language unchanged means that the panel agreed with the Funds' interpretation of the Initial Fifth Circuit Opinion that "the parties protected by the injunction and

---

[18] DE # 3503, ¶ 11.
[19] DE # 3539, ¶ 3.
[20] DE # 3539, ¶ 5.
[21] DE # 3539, Exhibit B thereto, at ¶ 3.

gatekeeper provisions (the Protected Parties) must similarly be limited to the Properly Exculpated

Parties – Highland, the Committee and its members, and the Independent Directors."[22]

Accordingly, the Funds request that, in addition to narrowing the defined term "Exculpated

Parties," the bankruptcy court order a similar narrowing of the defined term "Protected Parties" to

read:

> "Protected Parties" means, collectively, (i) the Debtor, (ii) the Independent
> Directors, (iii) the Committee, and (iv) members of the Committee (in their official
> capacities).[23]

> Dugaboy's Opposition.  Dugaboy filed a short Joinder simply adopting the arguments of

the Funds.[24]

> The Advisors' Opposition.  The Advisors filed an Objection adopting the Funds' Response

but requesting two additional revisions to the Plan.[25]  First, the Advisors proposed fully deleting

the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims

against successors of the Debtor who are not entitled to limited qualified immunity under" the

Final Fifth Circuit Opinion.[26]  Second, the Advisors proposed "carv[ing] out from the gatekeeping

provision of the injunction those suits that are expressly allowed by 28 U.S.C. § 959(a)," by

"amend[ing] the fourth paragraph of Article IX.F of the Plan by excepting from the gatekeeping

provisions actions that relate to the Independent Directors or Debtor 'carrying on business

connected with [their] property' as provided in § 959(a)." With respect to the "carve out" request,

the Advisors point to footnote 18 of the Final Fifth Circuit Opinion, which states, "[W]e also leave

---

[22] DE # 3539, ¶ 14.
[23] DE # 3539, ¶ 19.
[24] DE # 3540.
[25] DE # 3551.
[26] *Id.* at ¶ 6.

the applicability of *Barton*'s[27] limited statutory exception to the bankruptcy and district courts in the first instance."[28]

    <u>Highland's Reply</u>.  Highland replied to all of this by arguing that the Motion for Rehearing—and what the Funds asked for therein—is hugely significant.  The Funds specifically requested, in their Motion for Rehearing, that the Fifth Circuit panel (a) limit the definition of "Protected Parties" in the same way that it did with respect to the parties entitled to exculpation, and (b) "tailor" the injunction and gatekeeper provisions, in order to confirm that the Fifth Circuit meant to narrow the parties covered by the injunctions and gatekeeper provisions of the Plan.  The Fifth Circuit did none of those things when it granted the Motion for Rehearing; it simply deleted the sentence stating that the gatekeeper provisions and injunction are "perfectly lawful" and otherwise left its initial affirmance of the gatekeeper provisions and injunctions intact. Highland argues that "the Fifth Circuit . . . clarified that the Injunction was 'sound' but not 'perfectly lawful'" and that nothing in the Final Fifth Circuit Opinion supports the position that the Fifth Circuit intended to limit the Protected Parties that are protected by the Gatekeeper Provision from "harassing and frivolous litigation." Highland further argues that, since the Gatekeeper Provision is not a release, it does not implicate § 524(e), but is necessary to prevent harassment.

## VI.    RULING ON MOTION TO CONFORM PLAN

    The court grants the request of the Reorganized Debtor, holding that the only thing that needs to be done in response to the Final Fifth Circuit Opinion and mandate is to change the defined term for "Exculpated Parties," at Art. I.B.62 of the Plan as follows:

---

[27] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[28] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).

"'Exculpated Parties' means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) the members of the Committee (in their official capacities)."

In so holding, this court has scoured the Final Fifth Circuit Opinion to be clear what language survived and to discern what the Court did or did not find problematic with the Plan Protections. In that regard, this court notes the following:

On Page 429, the Fifth Circuit states:

We then turn to the merits, conclude the Plan exculpates certain non-debtors beyond the bankruptcy court's authority, and affirm in all other respects.[29]

On Page 432, the Court states:

We do, however, agree with Appellants that the bankruptcy court exceeded its statutory authority under § 524(e) by exculpating certain non-debtors, and so we reverse and vacate the Plan only to that extent.[30]

On Page 435, the Fifth Circuit states, before launching into a discussion of the various type of Plan Protections:

The bankruptcy court deemed the provisions legal, necessary under the circumstances, and in the best interest of all parties. We agree, but only in part. Though the injunction and gatekeeping provisions are sound, the exculpation of certain non-debtors exceeds the bankruptcy court's authority. We reverse and vacate that limited portion of the Plan. . . . In a Chapter 11 bankruptcy proceeding, ''discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.'' 11 U.S.C. § 524(e). Contrary to the bankruptcy court's holding, the exculpation here partly runs afoul of that statutory bar on non-debtor discharge by reaching beyond Highland Capital, the Committee, and the Independent Directors. *See Pacific Lumber,* 584 F.3d at 251– 53. We must reverse and strike the few unlawful parts of the Plan's exculpation provision.[31]

---

[29] 48 F.4th at 429.
[30] *Id.* at 432.
[31] *Id.* at 435.

On pages 437-438, in wrapping up its discussion of the Exculpation Provisions, the Fifth

Circuit states:

> In sum, our precedent and § 524(e) require any exculpation in a Chapter 11
> reorganization plan be limited to the debtor, the creditors' committee and its
> members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the
> trustees within the scope of their duties, *see Baron*, 914 F.3d at 993. And so,
> excepting the Independent Directors and the Committee members, the exculpation
> of non-debtors here was unlawful. Accordingly, the other non-debtor exculpations
> must be struck from the Plan. *See Pacific Lumber*, 584 F.3d at 253.
>
> As it stands, the Plan's exculpation provision extends to Highland Capital
> and its employees and CEO; Strand; the Reorganized Debtor and HCMLP GP LLC;
> the Independent Directors; the Committee and its members; the Claimant Trust, its
> trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its
> trustee; professionals retained by the Highland Capital and the Committee in this
> case; and all ''Related Persons.'' Consistent with § 524(e), we strike all exculpated
> parties from the Plan except Highland Capital, the Committee and its members, and
> the Independent Directors.[32]

On page 438, immediately after the previously quoted language, the next section of the

Final Fifth Circuit Opinion has a subheading "Injunction & Gatekeeper Provisions,"

and then states:

> ***We now turn to the Plan's injunction and gatekeeper provisions.***
> Appellants object to the bankruptcy court's injunction as vague and the gatekeeper
> provision as overbroad. We are unpersuaded.[33]

Note that the bolded sentence above is the only new sentence in the Final Fifth Circuit

Opinion, and it replaced a previous sentence that read:  "The injunction and gatekeeper provisions

are on the other hand, perfectly lawful."

---

[32] *Id.* at 437-38.
[33] *Id.* at 438 (emphasis added).

Finally, in the penultimate paragraph of the entire Final Fifth Circuit Opinion, the Fifth

Circuit states:

> In sum, the Plan violates § 524(e), but only insofar as it exculpates and enjoins certain non-debtors. The exculpatory order is therefore vacated as to all parties except Highland Capital, the Committee and its members, and the Independent Directors for conduct within the scope of their duties. We otherwise affirm the inclusion of the injunction and the gatekeeper provisions in the Plan.

On balance, this court does not know how it could be clearer, that the Fifth Circuit was

holding that the exculpations of certain parties violated section 524(e), but the other Plan

Protections were "sound."[34]

Of course, this still begs the question:  what might the Fifth Circuit have meant in replacing

the sentence ***"The injunction and gatekeeper provisions are on the other hand, perfectly lawful"***

with the sentence "***We now turn to the Plan's injunction and gatekeeper provisions"***?[35]

It is certainly awkward for this court to attempt to be a mind-reader regarding editorial or

wordsmithing decisions undertaken by the Fifth Circuit.  All this court can be sure of is that the

Fifth Circuit declined the Funds' request, in their Motion for Rehearing, to strike or modify the

defined term "Protected Parties" (that pertains to the Gatekeeper Provision) so that it would be

coterminous with the defined term "Exculpated Parties."  The Fifth Circuit did not modify the

Gatekeeper Provision or its applicable definition of "Protected Parties" in any way, let alone in the

manner that the Funds requested.  And the Fifth Circuit did not include anything in its Final Fifth

Circuit Opinion to indicate that the panel agreed with the Funds' analysis.

---

[34] *Id.* at 435.
[35] *Id.* at 438.

Moreover, limiting the definition of "Protected Parties" to be coterminous with the defined term "Exculpated Parties" would mean that the Gatekeeper Provision would have no effect on any conduct that occurs after the Plan Effective Date. Why? ***Because the persons included in the defined term "Exculpated Parties"—as now limited by the Fifth Circuit's ruling to include only the Debtor, the UCC, the UCC members, and Independent Directors—are all gone now.*** They all ceased to exist on the Effective Date. Additionally, the Debtor would not even need a Gatekeeper Provision for pre-Effective Date conduct because the Debtor was discharged. The Gatekeeper Provision is largely forward-looking, to prevent interference with post-Effective-Date management as they consummate the Plan, wind down the assets, and administer the Claimant Trust and the Litigation Sub-Trust. As noted, the defined term for "Protected Parties" includes several parties that did not even exist pre-confirmation such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation Trustee. It is mostly a tool to deal with any future, potential lawsuits that might be deemed to run afoul of Plan implementation. The Gatekeeper Provision did not effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies, it simply provided that a plaintiff would have to ***ask*** the gatekeeper before bringing a claim against the defined universe of "Protected Parties." If such a request is made, the bankruptcy court will determine, after notice, whether such claim or cause of action represents a colorable claim against a Protected Party and specifically authorize such plaintiff to bring such claim against any such Protected Party. If the bankruptcy court denies permission, then, presumably, such denial could be appealed.

The bankruptcy court humbly suggests that the Fifth Circuit well understood all of this. Perhaps they deleted the one sentence out of concern that there might be something in the Injunction Provisions that ran afoul of the new, narrowed defined term for "Exculpated Parties"—

17

for example, the catchall clause at Article IX.F(v) of the Injunction Provision.  Specifically, that catchall clause, appearing after the injunctions of all sorts of conduct **against the Debtor** or its property, also enjoins parties from "(v) **acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan."**  Perhaps the Fifth Circuit thought this injunctive language was a little vague or broad, but it had fixed any problem with it, by making clear that no one was absolved from any liability except the Debtor, the UCC, the UCC members, and the Independent Directors.  The Fifth Circuit had fixed any problem with the cause by ruling that the defined term "Exculpated Parties" was too broad.

But perhaps the Fifth Circuit was simply making a stylistic edit—maybe they thought the words "perfectly lawful" may have sounded a bit too rosy or glowing, with regard to gatekeeper provisions generally, and they did not want to suggest that they had blessed them for every plan in the future, no matter what the facts and circumstances were.  Perhaps the word "sound" seemed more measured and case-specific than the words "perfectly lawful."

In any event, in light of the Fifth Circuit keeping intact, in its Final Fifth Circuit Opinion, the language that the "the injunction and gatekeeping provisions are sound," this court sees no need to tailor those provisions in any manner.  This tailoring request was made to the Fifth Circuit in the Motion for Rehearing, and they declined.

Finally, with regard to the Advisors' request that this court delete the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity" pursuant to the Final Fifth Circuit Opinion and "carve out from the gatekeeping provision . . . those suits that are expressly allowed by 28 U.S.C. § 959(a)," the bankruptcy court declines this request.  This court does not read footnote 18 of the Fifth Circuit's Final Opinion, which states, "[W]e also leave the applicability of

18

*Barton*'s[36] limited statutory exception to the bankruptcy and district courts in the first instance,"[37] as necessitating any modification to the Plan whatsoever.

## VII.    CONCLUSION

The court grants the *Motion* and orders that one change be made to the Plan to conform it to the mandate of the Fifth Circuit:  revise the definition of "Exculpated Parties" as proposed in the *Motion* and no more.

### # # # END OF MEMORANDUM OPINION AND ORDER # # #

---

[36] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[37] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2023**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | §  Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |
| | § |

## MEMORANDUM OPINION AND ORDER ON REORGANIZED DEBTOR'S MOTION TO CONFORM PLAN [DE # 3503]

### I.      INTRODUCTION

This Memorandum Opinion and Order addresses a *Motion to Conform Plan* [DE # 3503]

("*Motion*") filed by Highland Capital Management, L.P. ("Highland" or the "Reorganized

Debtor").[1]  The *Motion* was filed in response to a ruling of the United States Court of Appeals for

the Fifth Circuit ("Fifth Circuit") in connection with an appeal of the confirmation order on

---

[1] The court will sometimes use the term "Debtor" when referring to Highland during the post-petition/pre-confirmation time period.

Highland's Chapter 11 plan ("Plan"). As further explained herein, the Fifth Circuit affirmed the

confirmation order in all respects except the following: it determined that certain ***exculpations*** in

the Plan, as to certain parties, were impermissible pursuant to section 524(e) of the Bankruptcy

Code and should be stricken as to those parties. More specifically, the Fifth Circuit held that the

only parties properly entitled to Plan exculpations were: the Debtor, the Official Committee of

Unsecured Creditors (the "UCC") and its members, and the "Independent Directors"[2] (collectively,

the "Properly Exculpated Parties"). The Fifth Circuit then remanded "to the Bankruptcy Court for

further proceedings in accordance with the opinion of this Court."[3]

Accordingly, the Reorganized Debtor filed the *Motion*, proposing that the bankruptcy court

approve a scaled down defined term for "Exculpated Parties" in the Plan. This, says the

Reorganized Debtor, is all that the Fifth Circuit's mandate required—i.e., a narrowing of the

defined universe of persons who received exculpations under the Plan.

Three sets of parties objected to the *Motion*: (a) Highland Income Fund, NexPoint Strategic

Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (the "Funds")

[DE # 3539]; (b) the Dugaboy Investment Trust ("Dugaboy")[4] [DE # 3540]; and (c) NexPoint

Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (the "Advisors") [DE #

3551].[5] These objectors argue that the Fifth Circuit's ruling requires more surgery on the Plan

than simply narrowing the defined term for "Exculpated Parties." The Reorganized Debtor

disagreed in a Reply [DE # 3566], and the court thereafter held a hearing to allow oral argument.

The court gave an oral ruling from the bench at the hearing, stating that the Reorganized Debtor's

---

[2] The Independent Directors—consisting of James P. Seery, Jr., John Dubel, and Retired Bankruptcy Judge Russell Nelms—were appointed by the bankruptcy court and were comparable to "quasi-trustees."
[3] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[4] Dugaboy is a family trust of James Dondero ("Mr. Dondero"), the co-founder and former CEO of the Debtor.
[5] It has been conceded at prior hearings that the Advisors are controlled by Mr. Dondero. The court assumes that is still the case.

proposal of simply changing the defined term in the Plan for "Exculpated Parties" would seem to properly address the Fifth Circuit's ruling and mandate, but the parties asked the court to draft a formal written Order providing its reasoning, for the parties' benefit and in case there were appeals of the court's ruling on the *Motion*. This constitutes the court's written ruling.

## II. RELEVANT BACKGROUND

On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 22, 2021, the bankruptcy court entered a Confirmation Order [DE # 1943] confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Docket No. 1808] (as subsequently modified, the "Plan"). The Confirmation Order was appealed by the Funds, the Advisors, Dugaboy, the Get Good Trust (the latter of which is another family trust of Mr. Dondero), and Mr. Dondero in his individual capacity ("Appellants") [DE ## 1957, 1966, 1970, 1972]. Appellants' appeal was certified for direct appeal to the Fifth Circuit.

On August 19, 2022, the Fifth Circuit issued an opinion (the "Initial Fifth Circuit Opinion")[6] and a judgment ("Judgment") affirming in substantial part the Confirmation Order, stating that it reversed "only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e)," and would "strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[7] The Fifth Circuit remanded to the bankruptcy court "for further proceedings in accordance with the opinion of this Court."[8]

---

[6] *NexPoint v. Highland Capital Management*, 2022 WL 3571094, Case No. 21-10449, slip opinion previously available at DE # 194 (5th Cir. Aug. 19, 2022). The Initial Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit A [DE # 3539].
[7] *Id.* at p. 2.
[8] *Id.*

On September 2, 2022, the Funds filed a short (four-and-one-half pages) motion for rehearing at the Fifth Circuit (the "Motion for Rehearing").[9]  This was on the Friday before Labor Day.  The Funds requested "that the Court narrowly amend the [Initial Fifth Circuit] Opinion in order to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the plan (in other words, that such parties cannot constitute 'Protected Parties')."  As later explained, the Plan contained distinct "Exculpation," "Injunctions," and "Gatekeeper" provisions.  On September 7, 2022 (the Tuesday after Labor Day), the Fifth Circuit granted the Motion for Rehearing and, without entertaining responses or oral argument, withdrew the Initial Fifth Circuit Opinion and entered a substituted opinion (the "Final Fifth Circuit Opinion").[10] The Final Fifth Circuit Opinion *replaced only one sentence* that had been in the Initial Fifth Circuit Opinion:

> ***"The injunction and gatekeeper provisions are, on the other hand, perfectly lawful"*** [11]
>
> with the following sentence:
>
> ***"We now turn to the Plan's injunction and gatekeeper provisions."*** [12]

However, in the Final Fifth Circuit Opinion, same as the Initial Fifth Circuit Opinion, the Fifth Circuit stated that, with regard to the Confirmation Order, the panel would "reverse only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), strike those few parties from the plan's exculpation, and affirm on all remaining grounds."[13] To be clear, no

---

[9] DE # 3539, Exhibit C thereto.
[10] *NexPoint v. Highland Capital Management*, 48 F.4th 419, Case No. 21-10449, slip opinion at DE # 210 (5th Cir. Sep. 7, 2022). The Final Fifth Circuit Opinion was attached to the Funds' objection to the *Motion* as an Exhibit C [DE # 3539]. Most subsequent references to the Final Fifth Circuit Opinion will cite to the published version of it in the West Reporter Service, appearing at 48 F.4th 419.
[11] *See* slip opinion, at p. 27 [DE # 3539, Exhibit A thereto].
[12] *See* Final Fifth Circuit Opinion, slip opinion at p. 28 [DE # 3539, Exhibit C thereto]. 48 F.4th at 438.
[13] 48 F.4th at 424.

findings, discussion, or rulings regarding the injunction and gatekeeper provisions that were in the Initial Fifth Circuit Opinion were disturbed.

The Fifth Circuit's docket reflects that it issued its Judgment and a mandate on September 12, 2022, remanding "to the Bankruptcy Court for further proceedings in accordance with the opinion of this Court."[14]

On October 7, 2022, the Fifth Circuit denied a motion by certain Appellants for a stay of the mandate.[15]

Thereafter, on January 10 and 23, 2023, petitions for *writ of certiorari* to the United States Supreme Court were filed by the Reorganized Debtor and certain Appellants.[16]  There being no stay of the Final Fifth Circuit Opinion or the mandate, this court now issues this ruling on the *Motion*.

### III.    JURISDICTION

The bankruptcy court has jurisdiction to rule on the *Motion* pursuant to the mandate of the Fifth Circuit issued on September 12, 2022.  Furthermore, the underlying statutory authority that is applicable is 11 U.S.C. §§ 105(a) and 1142.

### IV.    THE PLAN PROVISIONS THAT ARE CONCEIVABLY AT ISSUE

To put the relief sought in the *Motion* and the objections thereto into proper context, a review of three sets of Plan provisions is appropriate.  First, the ***exculpation provisions***.  Second, the ***injunction provisions***.  Third, the ***gatekeeping provisions***.  These all had distinct functions;

---

[14] *NexPoint v. Highland Capital Management*, Case No. 21-10449 at DE # 213 (5th Cir. Sep. 12, 2022).
[15] *Id.* at DE # 222 (5th Cir. Oct. 7, 2022).
[16] *Id.* at DE ## 227 & 228 (5th Cir. Jan. 10 & 23, 2023).

they were not in any way redundant. Sometimes they have been collectively referred to as the

"*Protection Provisions*."

**Exculpations**.  The Plan addressed Exculpation at Article IX.C thereof. The "Exculpation"

provision, in pertinent part, stated as follows:

> Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, *no Exculpated Party will have or incur*, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and *liability for conduct occurring on or after the Petition Date* in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); provided, however, *the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct* or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability. (Emphasis added.)

The Plan had a defined term for "Exculpated Parties," at Article I.B.62 that read as follows:

> "**Exculpated Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its

6

subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

Simply stated, the Exculpation Provisions shielded a specified list of parties from any *negligence liability* for *post-petition conduct* in connection with the Highland Chapter 11 cases. The provisions effectuated *an absolution of liability* for the Exculpated Parties—but, again, only for mere negligent conduct occurring on or after the Petition Date and in connection with the case. It is also notable that the Exculpation Provisions deal only with pre-Effective Date Parties (i.e., not any parties created by the terms of the Plan, such as the Litigation Trustee or Claimant Trustee).

**Injunctions.**  The Plan addresses Injunctions at Article IX.F, in the first three paragraphs thereof. The "Injunctions" provision, in pertinent part, stated as follows:

Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, *from taking any actions to interfere with the implementation or consummation of the Plan*.

Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting *the Debtor or the property of the Debtor*, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order *against the Debtor or the property of the Debtor*, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind *against the Debtor or the property of the Debtor*, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the *Debtor or against property or interests in property of the Debtor*, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) *acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

7

The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, ***but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property***. (Emphasis added.)

The Plan had a defined term for "Enjoined Parties," at Article I.B.56 that read as follows:

"**Enjoined Parties**" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons[17] of each of the foregoing.

Simply stated, the injunctions were ***not*** a release, or absolution of liability, or exculpation *per se*, but were, rather, an equitable device aimed at: (a) enforcing the discharge of the Debtor; (b) protecting the Debtor's property dealt with by the Plan; and (c) preventing interference with implementation of the Plan.  It was directed to claimants, equity interest holders, those who had participated in the Chapter 11 Case (including Mr. Dondero) and parties related to them.  In sum—similar to so many Chapter 11 plans that this court sees—this provision was "belts and suspenders" to the Plan discharge and was essentially a ***policing mechanism to deter actions in violations of the discharge or otherwise inconsistent with the Plan***.

**Gatekeeper Provisions**.  The Plan set forth gatekeeper provisions in the fourth paragraph of Article IX.F, although the gatekeeper provision did not use this title.  This provision was very

---

[17] "Related Entity" and "Related Persons" were defined terms under the Plan, but the definitions will not be set forth herein, because they are not deemed relevant to the court's analysis.

much part and parcel to the Injunctions (which explains why it is located in the same section of the Plan). The provision stated:

> Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party *that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing* without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; provided, however, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date. *The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action*. (Emphasis added.)

The Plan had a defined term for "Protected Parties" as follows:

> "**Protected Parties**" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv)    the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); provided, however, that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy

Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

Notably, the list of "Protected Parties" was not identical to the list of "Exculpated Parties." Namely, the "Protected Parties" list included several parties that were not even in existence prior to confirmation—such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation Trustee. In any event, simply put, the Gatekeeper Provision was somewhat of a tool to deal with any future, potential lawsuits that might be deemed to run afoul of the Injunctions. It did not effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies, it simply provided that a plaintiff would have to ***ask*** the gatekeeper before bringing a claim. No one would be allowed to bring a claim against a defined universe of "Protected Parties" without first asking the bankruptcy court. The bankruptcy court would have to determine, after notice, that such claim or cause of action represents a colorable claim against a Protected Party and specifically authorize such plaintiff to bring such claim against any such Protected Party. If the bankruptcy court were to deny permission, then, presumably, such denial could be appealed.

The Confirmation Order addressed Exculpation, the Injunctions, and the Gatekeeper Provisions at length at pages 48-59.

## V. THE RELIEF SOUGHT IN THE MOTION TO CONFORM PLAN

As noted earlier, in the *Motion*, the Reorganized Debtor proposes that only one change is needed to make the Plan compliant with the Fifth Circuit's ruling: narrow the defined term for "Exculpated Parties" to read as follows:

> "Exculpated Parties" means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) members of the Committee (in their official capacities).

The Reorganized Debtor states that this one simple revision of this defined term "directly addresses all instances of exculpation deemed by the Fifth Circuit to violate section 524(e) of the Bankruptcy Code, and no other changes" are required to conform the Plan and Confirmation Order to the Final Fifth Circuit Opinion.[18]

The Funds' Opposition.  The Funds support the revision of the defined term "Exculpated Parties," as proposed by the Reorganized Debtor, but they argue that the defined term "Protected Parties" must likewise be revised to "fully implement[ ] the mandate of the Fifth Circuit . . . ." [19] The Funds point to their Motion for Rehearing filed at the Fifth Circuit, wherein they expressed concern that "the Court's statement that the injunction and gatekeeper provisions are 'perfectly lawful,' might be argued to mean that the injunction and gatekeeper provisions – without any tailoring – are allowed to stand."[20]  The Funds specifically asked the Fifth Circuit panel to revise its opinion to clarify and "to confirm the Court's holding that the impermissibly exculpated parties are similarly struck from the protections of the injunction and gatekeeper provisions of the Plan (in other words, that such parties cannot constitute 'Protected Parties'), such that the injunction and gatekeeper provisions extend only to Highland Capital, the Committee and its members, and the Independent Directors."[21]  The Funds' argue that the fact that the panel granted the Motion for Rehearing and removed the "perfectly lawful" sentence (replacing it with the sentence noted above) and otherwise left the language unchanged means that the panel agreed with the Funds' interpretation of the Initial Fifth Circuit Opinion that "the parties protected by the injunction and

---

[18] DE # 3503, ¶ 11.
[19] DE # 3539, ¶ 3.
[20] DE # 3539, ¶ 5.
[21] DE # 3539, Exhibit B thereto, at ¶ 3.

gatekeeper provisions (the Protected Parties) must similarly be limited to the Properly Exculpated Parties – Highland, the Committee and its members, and the Independent Directors."[22] Accordingly, the Funds request that, in addition to narrowing the defined term "Exculpated Parties," the bankruptcy court order a similar narrowing of the defined term "Protected Parties" to read:

> "Protected Parties" means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) members of the Committee (in their official capacities).[23]

Dugaboy's Opposition.  Dugaboy filed a short Joinder simply adopting the arguments of the Funds.[24]

The Advisors' Opposition.  The Advisors filed an Objection adopting the Funds' Response but requesting two additional revisions to the Plan.[25]  First, the Advisors proposed fully deleting the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity under" the Final Fifth Circuit Opinion.[26]  Second, the Advisors proposed "carv[ing] out from the gatekeeping provision of the injunction those suits that are expressly allowed by 28 U.S.C. § 959(a)," by "amend[ing] the fourth paragraph of Article IX.F of the Plan by excepting from the gatekeeping provisions actions that relate to the Independent Directors or Debtor 'carrying on business connected with [their] property' as provided in § 959(a)." With respect to the "carve out" request, the Advisors point to footnote 18 of the Final Fifth Circuit Opinion, which states, "[W]e also leave

---

[22] DE # 3539, ¶ 14.
[23] DE # 3539, ¶ 19.
[24] DE # 3540.
[25] DE # 3551.
[26] *Id.* at ¶ 6.

the applicability of *Barton*'s[27] limited statutory exception to the bankruptcy and district courts in the first instance."[28]

<u>Highland's Reply</u>.   Highland replied to all of this by arguing that the Motion for Rehearing—and what the Funds asked for therein—is hugely significant.  The Funds specifically requested, in their Motion for Rehearing, that the Fifth Circuit panel (a) limit the definition of "Protected Parties" in the same way that it did with respect to the parties entitled to exculpation, and (b) "tailor" the injunction and gatekeeper provisions, in order to confirm that the Fifth Circuit meant to narrow the parties covered by the injunctions and gatekeeper provisions of the Plan.  The Fifth Circuit did none of those things when it granted the Motion for Rehearing; it simply deleted the sentence stating that the gatekeeper provisions and injunction are "perfectly lawful" and otherwise left its initial affirmance of the gatekeeper provisions and injunctions intact. Highland argues that "the Fifth Circuit . . . clarified that the Injunction was 'sound' but not 'perfectly lawful'" and that nothing in the Final Fifth Circuit Opinion supports the position that the Fifth Circuit intended to limit the Protected Parties that are protected by the Gatekeeper Provision from "harassing and frivolous litigation." Highland further argues that, since the Gatekeeper Provision is not a release, it does not implicate § 524(e), but is necessary to prevent harassment.

## VI.    RULING ON MOTION TO CONFORM PLAN

The court grants the request of the Reorganized Debtor, holding that the only thing that needs to be done in response to the Final Fifth Circuit Opinion and mandate is to change the defined term for "Exculpated Parties," at Art. I.B.62 of the Plan as follows:

---

[27] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[28] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).

"'Exculpated Parties' means, collectively, (i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) the members of the Committee (in their official capacities)."

In so holding, this court has scoured the Final Fifth Circuit Opinion to be clear what language survived and to discern what the Court did or did not find problematic with the Plan Protections.  In that regard, this court notes the following:

On Page 429, the Fifth Circuit states:

We then turn to the merits, conclude the Plan exculpates certain non-debtors beyond the bankruptcy court's authority, and affirm in all other respects.[29]

On Page 432, the Court states:

We do, however, agree with Appellants that the bankruptcy court exceeded its statutory authority under § 524(e) by exculpating certain non-debtors, and so we reverse and vacate the Plan only to that extent.[30]

On Page 435, the Fifth Circuit states, before launching into a discussion of the various type of Plan Protections:

The bankruptcy court deemed the provisions legal, necessary under the circumstances, and in the best interest of all parties. We agree, but only in part. Though the injunction and gatekeeping provisions are sound, the exculpation of certain non-debtors exceeds the bankruptcy court's authority. We reverse and vacate that limited portion of the Plan. . . . In a Chapter 11 bankruptcy proceeding, ''discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.'' 11 U.S.C. § 524(e). Contrary to the bankruptcy court's holding, the exculpation here partly runs afoul of that statutory bar on non-debtor discharge by reaching beyond Highland Capital, the Committee, and the Independent Directors. *See Pacific Lumber,* 584 F.3d at 251–53. We must reverse and strike the few unlawful parts of the Plan's exculpation provision.[31]

---

[29] 48 F.4th at 429.
[30] *Id.* at 432.
[31] *Id.* at 435.

On pages 437-438, in wrapping up its discussion of the Exculpation Provisions, the Fifth Circuit states:

> In sum, our precedent and § 524(e) require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties, *see Baron*, 914 F.3d at 993. And so, excepting the Independent Directors and the Committee members, the exculpation of non-debtors here was unlawful. Accordingly, the other non-debtor exculpations must be struck from the Plan. *See Pacific Lumber*, 584 F.3d at 253.
>
> As it stands, the Plan's exculpation provision extends to Highland Capital and its employees and CEO; Strand; the Reorganized Debtor and HCMLP GP LLC; the Independent Directors; the Committee and its members; the Claimant Trust, its trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its trustee; professionals retained by the Highland Capital and the Committee in this case; and all ''Related Persons.'' Consistent with § 524(e), we strike all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors.[32]

On page 438, immediately after the previously quoted language, the next section of the Final Fifth Circuit Opinion has a subheading "Injunction & Gatekeeper Provisions," and then states:

> ***We now turn to the Plan's injunction and gatekeeper provisions.*** Appellants object to the bankruptcy court's injunction as vague and the gatekeeper provision as overbroad. We are unpersuaded.[33]

Note that the bolded sentence above is the only new sentence in the Final Fifth Circuit Opinion, and it replaced a previous sentence that read: "The injunction and gatekeeper provisions are on the other hand, perfectly lawful."

---

[32] *Id.* at 437-38.

[33] *Id.* at 438 (emphasis added).

Finally, in the penultimate paragraph of the entire Final Fifth Circuit Opinion, the Fifth Circuit states:

> In sum, the Plan violates § 524(e), but only insofar as it exculpates and enjoins certain non-debtors. The exculpatory order is therefore vacated as to all parties except Highland Capital, the Committee and its members, and the Independent Directors for conduct within the scope of their duties. We otherwise affirm the inclusion of the injunction and the gatekeeper provisions in the Plan.

On balance, this court does not know how it could be clearer, that the Fifth Circuit was holding that the exculpations of certain parties violated section 524(e), but the other Plan Protections were "sound."[34]

Of course, this still begs the question: what might the Fifth Circuit have meant in replacing the sentence ***"The injunction and gatekeeper provisions are on the other hand, perfectly lawful"*** with the sentence "***We now turn to the Plan's injunction and gatekeeper provisions"***?[35]

It is certainly awkward for this court to attempt to be a mind-reader regarding editorial or wordsmithing decisions undertaken by the Fifth Circuit. All this court can be sure of is that the Fifth Circuit declined the Funds' request, in their Motion for Rehearing, to strike or modify the defined term "Protected Parties" (that pertains to the Gatekeeper Provision) so that it would be coterminous with the defined term "Exculpated Parties." The Fifth Circuit did not modify the Gatekeeper Provision or its applicable definition of "Protected Parties" in any way, let alone in the manner that the Funds requested. And the Fifth Circuit did not include anything in its Final Fifth Circuit Opinion to indicate that the panel agreed with the Funds' analysis.

---

[34] *Id.* at 435.
[35] *Id.* at 438.

Moreover, limiting the definition of "Protected Parties" to be coterminous with the defined term "Exculpated Parties" would mean that the Gatekeeper Provision would have no effect on any conduct that occurs after the Plan Effective Date.  Why?  ***Because the persons included in the defined term "Exculpated Parties"—as now limited by the Fifth Circuit's ruling to include only the Debtor, the UCC, the UCC members, and Independent Directors—are all gone now.***  They all ceased to exist on the Effective Date.  Additionally, the Debtor would not even need a Gatekeeper Provision for pre-Effective Date conduct because the Debtor was discharged. The Gatekeeper Provision is largely forward-looking, to prevent interference with post-Effective-Date management as they consummate the Plan, wind down the assets, and administer the Claimant Trust and the Litigation Sub-Trust. As noted, the defined term for "Protected Parties" includes several parties that did not even exist pre-confirmation such as the Claimant Trustee, Claimant Trust Oversight Board, and Litigation Trustee. It is mostly a tool to deal with any future, potential lawsuits that might be deemed to run afoul of Plan implementation. The Gatekeeper Provision did not effectuate a release or an absolution of any liability. Rather, as the "gatekeeper" nickname implies, it simply provided that a plaintiff would have to ***ask*** the gatekeeper before bringing a claim against the defined universe of "Protected Parties." If such a request is made, the bankruptcy court will determine, after notice, whether such claim or cause of action represents a colorable claim against a Protected Party and specifically authorize such plaintiff to bring such claim against any such Protected Party.  If the bankruptcy court denies permission, then, presumably, such denial could be appealed.

The bankruptcy court humbly suggests that the Fifth Circuit well understood all of this. Perhaps they deleted the one sentence out of concern that there might be something in the Injunction Provisions that ran afoul of the new, narrowed defined term for "Exculpated Parties"—

17

for example, the catchall clause at Article IX.F(v) of the Injunction Provision.  Specifically, that catchall clause, appearing after the injunctions of all sorts of conduct **against the Debtor** or its property, also enjoins parties from "(v) ***acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan."***  Perhaps the Fifth Circuit thought this injunctive language was a little vague or broad, but it had fixed any problem with it, by making clear that no one was absolved from any liability except the Debtor, the UCC, the UCC members, and the Independent Directors.  The Fifth Circuit had fixed any problem with the cause by ruling that the defined term "Exculpated Parties" was too broad.

But perhaps the Fifth Circuit was simply making a stylistic edit—maybe they thought the words "perfectly lawful" may have sounded a bit too rosy or glowing, with regard to gatekeeper provisions generally, and they did not want to suggest that they had blessed them for every plan in the future, no matter what the facts and circumstances were.  Perhaps the word "sound" seemed more measured and case-specific than the words "perfectly lawful."

In any event, in light of the Fifth Circuit keeping intact, in its Final Fifth Circuit Opinion, the language that the "the injunction and gatekeeping provisions are sound," this court sees no need to tailor those provisions in any manner.  This tailoring request was made to the Fifth Circuit in the Motion for Rehearing, and they declined.

Finally, with regard to the Advisors' request that this court delete the provision in the Injunctions section (Plan, Art. IX.F., third para.) that "purports to enjoin claims against successors of the Debtor who are not entitled to limited qualified immunity" pursuant to the Final Fifth Circuit Opinion and "carve out from the gatekeeping provision . . . those suits that are expressly allowed by 28 U.S.C. § 959(a)," the bankruptcy court declines this request.  This court does not read footnote 18 of the Fifth Circuit's Final Opinion, which states, "[W]e also leave the applicability of

*Barton*'s[36] limited statutory exception to the bankruptcy and district courts in the first instance,"[37] as necessitating any modification to the Plan whatsoever.

## VII.    CONCLUSION

The court grants the *Motion* and orders that one change be made to the Plan to conform it to the mandate of the Fifth Circuit:  revise the definition of "Exculpated Parties" as proposed in the *Motion* and no more.

### # # # END OF MEMORANDUM OPINION AND ORDER # # #

---

[36] This is, of course, a reference to *Barton v. Barbour*, 104 U.S. 126 (1881).
[37] 48 F.4th at 439 n.18 (citing 28 U.S.C. § 959(a) "(allowing suit, without leave of the appointing court, if the challenged acts relate to the trustee or debtor in possession 'carrying on business connected with [their] property'")).

SEALEDEXH, DirectAppeal, ADVAPL, 5thCircuitAppeal, APPEAL, SealedDocument, FUNDS, TRANSIN, REFORM, ClaimsAgent, EXHIBITS, COMPLEX

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
### Bankruptcy Petition #: 19-34054-sgj11

|  |  |
|---|---|
| *Date filed:* | 10/16/2019 |
| *Date Plan Confirmed:* | 02/22/2021 |
| *Date transferred:* | 12/04/2019 |
| *Plan confirmed:* | 02/22/2021 |
| *341 meeting:* | 01/09/2020 |
| *Deadline for filing claims:* | 04/08/2020 |
| *Deadline for filing claims (govt.):* | 04/13/2020 |

*Assigned to:* Chief Bankruptcy Jud Stacey G Jernigan
Chapter 11
Voluntary
Asset

**Debtor**
**Highland Capital Management, L.P.**
100 Crescent Court
Suite 1850
Dallas, TX 75201
DALLAS-TX

represented by **Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

**Kenneth H. Brown**
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
415-263-7000
Fax : 415-263-7010
Email: sdhibbard@JonesDay.com

**David Grant Crooks**
Fox Rothschild LLP
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
(972) 991-0889
Fax : (972) 404-0516
Email: dcrooks@foxrothschild.com

**Gregory V. Demo**
Pachulski Stang Ziehl & Jones L.L.P.
780 Third Avenue
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Email: gdemo@pszjlaw.com

**Jeffrey M. Dine**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017

212-561-7755
Fax : 212-561-7777

**Robert Joel Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Email: rfeinstein@pszjlaw.com

**Eric Thomas Haitz**
Gibson, Dunn & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002
346-718-6648
Email: ehaitz@gibsondunn.com
*TERMINATED: 12/09/2019*

**Melissa S. Hayward**
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

**Hayward & Associates PLLC**
10501 N. Central Expwy., Ste 106
Dallas, TX 75231

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

**Ira D Kharasch**
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067
310-227-6910
Fax : 310-201-0760
Email: ikharasch@pszjlaw.com

**Alan J. Kornfeld**
Pachulski Stang Ziehl & Jones LLPL
10100 Santa Monica Blvd., 13 Fl
Los Angeles, CA 90067
310-277-6910
Fax : 301-201-0760

3/15/23, 9:09 AM  Case 19-34054-sgj11   Doc 3685   Filed 03/15/23 - Northern District of Texas   Entered 03/15/23 14:13:54   Desc

Case 3:23-cv-00573-E   Main Document   Filed 05/28 of 120ge 63 of 116   PageID 67

**Jordan A. Kroop**
PACHULSKI STANG ZIEHL &
JONES LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024
212-561-7700
Fax : 212-561-7777
Email: jkroop@pszjlaw.com

**Maxim B Litvak**
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111
415-263-7000
Email: mlitvak@pszjlaw.com

**John A. Morris**
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Email: jmorris@pszjlaw.com

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: joneill@pszjlaw.com

**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
310-277-6910
Fax : 310-201-0760
Email: jpomerantz@pszjlaw.com

**Jeffrey Nathan Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
(310) 277-6910
Fax : (310) 201-0760
Email: jpomerantz@pszjlaw.com

**Elissa A. Wagner**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

310-277-6910
Fax : 310-201-0760

**Hayley R. Winograd**
Pachulski Stang Ziehl & Jones LLP
780 3rd Avenue #36
New York, NY 10017
(212) 561-7700
Fax : (212) 561-7777
Email: hwinograd@pszjlaw.com

*U.S. Trustee*
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967

represented by Lisa L. Lambert
Office of the United States Trustee
1100 Commerce St., Rm. 976
Dallas, TX 75242
(214) 767-8967 ext 1080
Fax : (214) 767-8971
Email: lisa.l.lambert@usdoj.gov

*Creditor Committee*
**Official Committee of Unsecured Creditors**

represented by Sean M. Beach
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: bankfilings@ycst.com

**Jessica Boelter**
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
212-839-5300
Fax : 212-839-5599
Email: jboelter@sidley.com

**Matthew A. Clemente**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7539
Email: mclemente@sidley.com

**David Grant Crooks**
(See above for address)

**Gregory V. Demo**
(See above for address)

**Bojan Guzina**
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7323

Fax : 312-853-7036
Email: bguzina@sidley.com

**Bojan Guzina**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
3128537323
Email: bguzina@sidley.com

**Juliana Hoffman**
(See above for address)

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
214-969-3500
Fax : 214-981-3400
Email: pmontgomery@sidley.com

**Edmon L. Morton**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
302-571-6637
Fax : 302-571-1253
Email: emorton@ycst.com

**Michael R. Nestor**
YOUNG CONAWAY STARGATT &
TAYLOR, LL
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: mnestor@ycst.com

**Charles Martin Persons, Jr.**
Sidley Austin LLP
2020 McKinney Avenue, Suite 2000
Dallas, TX 75210
(214) 981-3300
Fax : (214) 981-3400
Email: cpersons@sidley.com

**Jeffrey N. Pomerantz**
(See above for address)

**Penny Packard Reid**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000

Dallas, TX 73201
(214) 981-3413
Fax : (214) 981-3400
Email: preid@sidley.com

**Alyssa Russell**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7422
Fax : (312) 853-7036
Email: alyssa.russell@sidley.com

**Dennis M. Twomey**
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7438
Fax : (312) 853-7036
Email: dtwomey@sidley.com

**Jaclyn C. Weissgerber**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: bankfilings@ycst.com

**Sean M. Young Conway Stargatt &
Taylor, LLP**
Young Conway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: sbeach@ycst.com

| Filing Date | Docket Text |
|---|---|
| 12/04/2019 | 🔵 1  (2 pgs) Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.) |
| 12/04/2019 | 🔵 2  (15 pgs) DOCKET SHEET filed in 19-12239 in the U.S. Bankruptcy Court for Delaware . (Okafor, M.) |
| 12/04/2019 | 🔵 3  (106 pgs; 2 docs) Chapter 11 Voluntary Petition . Fee Amount $1717. Filed by Highland Capital Management, L.P.. (Attachments: # 1 Creditor Matrix) [ORIGINALLY FILED AS DOCUMENT #1 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 4  (31 pgs; 2 docs) Motion to Pay Employee Wages /Motion of the Debtors for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business |

Expenses, and Employee Benefit Obligations; and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief Filed Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #2 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)

| | |
|---|---|
| 12/04/2019 | 5 (23 pgs; 2 docs) Motion to Pay Critical Trade Vendor Claims /Motion of the Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Proposed Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #3 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 6 (9 pgs; 2 docs) Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #4 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 7 (24 pgs; 2 docs) Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 8 (32 pgs; 2 docs) **WITHDRAWN** - 10/29/2019. SEE DOCKET # 72. Motion to Approve Use of Cash Collateral /Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Order)(O'Neill, James) Modified on 10/30/2019 (DMC) [ORIGINALLY FILED AS DOCUMENT #6 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 9 (36 pgs; 4 docs) Application to Appoint Claims/Noticing Agent KURTZMAN CARSON CONSULTANTS, LLC Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Engagement Agreement # 2 Exhibit B - Gershbein Declaration # 3 Exhibit C - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #7 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 10 (10 pgs; 2 docs) Motion to File Under Seal/Motion of the Debtor for Entry of Interim and Final Orders Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #8 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 11 (44 pgs) Affidavit/Declaration in Support of First Day Motion /Declaration of Frank Waterhouse in Support of First Day Motions Filed By Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #9 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 12 (3 pgs) Notice of Hearing on First Day Motions (related document(s)2, 3, 5, 6, 7, 8, 9 [ON DELAWARE DOCKET]) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #11 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🔵 13 (15 pgs; 2 docs) Notice of Hearing // Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Exhibit A) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #12 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 14 (3 pgs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #13 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 15 (3 pgs) Notice of appearance Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #14 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 16 (1 pg) Motion to Appear pro hac vice of Marshall R. King of Gibson, Dunn & Crutcher LLP. Receipt Number 2757354, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #15 ON 10/1/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 17 (1 pg) Motion to Appear pro hac vice of Michael A. Rosenthal of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #16 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 18 (1 pg) Motion to Appear pro hac vice of Alan Moskowitz of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) ) [ORIGINALLY FILED AS DOCUMENT #17 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 19 (1 pg) Motion to Appear pro hac vice of Matthew G. Bouslog of Gibson, Dunn & Crutcher LLP. Receipt Number 2581894, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean)) [ORIGINALLY FILED AS DOCUMENT #18 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 20 (3 pgs) Notice of Appearance and Request for Notice by Louis J. Cisz filed by Interested Party California Public Employees Retirement System (CalPERS) . (Okafor, M.) [ORIGINALLY FILED AS DOCUMENT #19 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🔵 21 (1 pg) Motion to Appear pro hac vice (Jeffrey N. Pomerantz). Receipt Number 2564620, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #20 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 22 (1 pg) Motion to Appear pro hac vice (Maxim B. Litvak). Receipt Number 2564620, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #21 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 23 (1 pg) Motion to Appear pro hac vice (Ira D. Kharasch). Receipt Number DEX032537, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #22 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🔵 24 (1 pg) Motion to Appear pro hac vice (Gregory V. Demo). Receipt Number DEX032536, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #23 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 25 (1 pg) Motion to Appear pro hac vice of Marc B. Hankin. Receipt Number 2757358, Filed by Redeemer Committee of the Highland Crusader Fund. (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #24 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔵 26 (1 pg) Order Approving Motion for Admission pro hac vice Marshall R. King of Gibson(Related Doc # 15) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #25 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 27 (1 pg) Order Approving Motion for Admission pro hac vice Michael A. Rosenthal (Related Doc # 16) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #26 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 28 (1 pg) Order Approving Motion for Admission pro hac vice Alan Moskowitz (Related Doc # 17) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #27 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 29 (1 pg) Order Approving Motion for Admission pro hac vice Matthew G. Bouslog(Related Doc # 18) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #28 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 30 (1 pg) Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz (Related Doc # 20) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #29 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 31 (1 pg) Order Approving Motion for Admission pro hac vice Maxim B. Litvak (Related Doc # 21) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #30 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 32 (1 pg) Order Approving Motion for Admission pro hac vice Ira D. Kharasch (Related Doc # 22) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #31 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 33 (1 pg) Order Approving Motion for Admission pro hac vice Gregory V. Demo(Related Doc # 23) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #32 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 34 (1 pg) Order Approving Motion for Admission pro hac vice Marc B. Hankin(Related Doc # 24) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #33 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 35 (7 pgs) Certificate of Service of: 1) Notice of Hearing on First Day Motions; 2) Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing; and 3) Notice of Agenda for Hearing of First Day Motions Scheduled for October 18, 2019 at 10:00 a.m. (related document(s)11, 12, 13) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #34 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🔵 36 (1 pg) Motion to Appear pro hac vice (John A. Morris). Receipt Number 2635868, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #35 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔵 37 (3 pgs) Notice of Appearance and Request for Notice by Richard B. Levin , Marc B. Hankin , Kevin M. Coen , Curtis S. Miller filed by Interested Party Redeemer Committee of the Highland Crusader Fund . (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #36 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔵 38 (1 pg) Order Approving Motion for Admission pro hac vice John A. Morris(Related Doc # 35) Order Signed on 10/18/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #38 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 39 (5 pgs) Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief. (related document(s)2) Order Signed on 10/18/2019. (NAB) [ORIGINALLY FILED AS DOCUMENT #39 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 40 (9 pgs; 2 docs) Interim Order (A) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief (Related Doc 3) Order Signed on 10/18/2019 (Attachments: # 1 Agreement)) (NAB) Modified Text on 10/21/2019 (LB) [ORIGINALLY FILED AS DOCUMENT #40 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 41 (3 pgs) Notice of Appearance and Request for Notice by Eric Thomas Haitz filed by Debtor Highland Capital Management, L.P.. (Haitz, Eric) |
| 12/04/2019 | 🔵 42 (7 pgs) Interim Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief. (Related Doc 5) Order Signed on 10/18/2019. (JS) Modified Text on 10/21/2019 (LB). [ORIGINALLY FILED AS DOCUMENT #42 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 43 (6 pgs) Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (Related Doc # 7) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #43 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 44 (3 pgs) Interim Order Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information. (Related Doc # 8) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #44 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 45 (1 pg) Notice of Appearance and Request for Notice by Elizabeth Weller filed by Irving ISD , Grayson County , Upshur County , Dallas County , Tarrant County , Kaufman County , Rockwall CAD , Allen ISD , Fannin CAD , Coleman County TAD . (Okafor, M.) |
| 12/04/2019 | 🔵 46 (4 pgs) Notice of hearing/scheduling conference filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)). Status Conference to be held on 12/6/2019 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Haitz, Eric) |

3/15/23, 9:09 AM Case 19-34054-sgj11 Doc 3685 Filed 03/15/23 - Main Document - NextGen CM/ECF Live Filed 03/15/23 14:13:54 Desc

Case 3:23-cv-00573-E Main Document Filed Page 75 of 120 Page 71 of 116 PageID 75

| 12/04/2019 | 🌐 47 (40 pgs; 3 docs) Notice of Service // Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief (related document(s)2, 39) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #47 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
|---|---|
| 12/04/2019 | 🌐 48 (83 pgs; 4 docs) Notice of Service // Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (related document(s)7, 43) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #48 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/9/2019 (Okafor, M.). |
| 12/04/2019 | 🌐 49 (13 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019.(Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #49 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 50 (37 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #50 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 51 (36 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief (related document(s)5, 42) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #51 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 52 (22 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information (related document(s)8, 44) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #52 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 53 (36 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 10/31/2019. (Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS |

DOCUMENT #53 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)

| | |
|---|---|
| 12/04/2019 | 🌐 54 (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz [Docket No. 29]; (2) [Signed] Order Approving Motion for Admission pro hac vice Maxim B. Litvak [Docket No. 30]; (3) [Signed] Order Approving Motion for Admission pro hac vice Ira D. Kharasch [Docket No. 31]; (4) [Signed] Order Approving Motion for Admission pro hac vice Gregory V. Demo [Docket No. 32]; (5) [Signed] Order Approving Motion for Admission pro hac vice John A. Morris [Docket No. 38], (6) Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Docket No. 47]; (7) Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) [Docket No. 48]; (8) Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 49]; (9) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 50]; (10) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief [Docket No. 51]; (11) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information [Docket No. 52]; and (12) Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing [Docket No. 53] (related document(s)29, 30, 31, 32, 38, 47, 48, 49, 50, 51, 52, 53) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #55 ON 10/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M) |
| 12/04/2019 | 🌐 55 (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Josef W. Mintz , John E. Lucian , Phillip L. Lamberson , Rakhee V. Patel filed by Acis Capital Management, L.P. , Acis Capital Management GP, LLC . (Attachments: # 1 Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #56 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 56 (1 pg) Motion to Appear pro hac vice of Rakhee V. Patel of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #57 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 57 (1 pg) Motion to Appear pro hac vice of Phillip Lamberson of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #58 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 58 (1 pg) Motion to Appear pro hac vice of John E. Lucian of Blank Rome LLP. Receipt Number 3112548736, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #59 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 59 (4 pgs; 3 docs) Notice of Appearance and Request for Notice by Michael I. Baird filed by Interested Party Pension Benefit Guaranty Corporation . (Attachments: # 1 Certification of United States Government Attorney # 2 Certificate of Service) (Baird, Michael) [ORIGINALLY FILED AS |

DOCUMENT #60 ON 10/23/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.)

| | |
|---|---|
| 12/04/2019 | 🌐 60 (1 pg) Order Granting Motion for Admission pro hac vice for Rakhee V. Patel (Related Doc # 57) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #61 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 61 (1 pg) Order Granting Motion for Admission pro hac vice of John E. Lucian (Related Doc # 59) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #62 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 62 (1 pg) Order Granting Motion for Admission pro hac vice of Phillip Lamberson (Related Doc # 58) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #63 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 63 (2 pgs) Notice of Appearance and Request for Notice by Michael L. Vild filed by Creditor Patrick Daugherty . (Vild, Michael) [ORIGINALLY FILED AS DOCUMENT #64 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 64 (1 pg) Notice of Appointment of Creditors' Committee Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #65 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 65 (1 pg) Request of US Trustee to Schedule Section 341 Meeting of Creditors November 20,2019 at 9:30 a.m. Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #66 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 66 (2 pgs) Notice of Meeting of Creditors/Commencement of Case Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #67 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 67 (27 pgs; 4 docs) Motion to Authorize /Motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Form of Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #68 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 68 (48 pgs; 8 docs) Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 69 (37 pgs; 7 docs) **WITHDRAWN per #437. Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON |

| | |
|---|---|
| | 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/11/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 70 (35 pgs; 7 docs) Application/Motion to Employ/Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019(Attachments: # 1 Notice # 2 Rule 2016 Statement # 3 Declaration of Jeffrey N. Pomerantz in Support # 4 Declaration of Frank Waterhouse # 5 Proposed Form of Order # 6 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT 70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Main Document 70 replaced on 2/16/2022) (Okafor, Marcey). Additional attachment(s) added on 2/16/2022 (Okafor, Marcey). (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 71 (9 pgs; 2 docs) Notice of Withdrawal of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #72 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 72 (28 pgs; 4 docs) Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #73 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 73 (41 pgs; 5 docs) Application/Motion to Employ/Retain Kurtzman Carson Consultants as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Gershbein Declaration # 4 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #74 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 74 (48 pgs; 6 docs) Application/Motion to Employ/Retain Development Specialists, Inc. as Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc As of the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Engagement Letter # 3 Exhibit B - Sharp Declaration # 4 Exhibit C - Proposed Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #75 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 75 (37 pgs; 6 docs) Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - OCP List # 4 Exhibit C - Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 76 (99 pgs; 6 docs) **WITHDRAWN by # 360** Motion to Approve /Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary |

course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Appendix I # 3 Appendix II # 4 Proposed Form of Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #77 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 1/16/2020 (Ecker, C.). (Entered: 12/05/2019)

| 12/04/2019 | 🌐 77 (2 pgs) Notice of Appearance and Request for Notice by William A. Hazeltine filed by Interested Party Hunter Mountain Trust . (Okafor, M.) (Hazeltine, William) [ORIGINALLY FILED AS DOCUMENT #78 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 78 (2 pgs) Notice of Meeting of Creditors/Commencement of Case (Corrected) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #79 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 79 (1 pg) Motion to Appear pro hac vice of Brian P. Shaw of Rogge Dunn Group. Receipt Number 0311-27677, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #80 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 80 (4 pgs; 2 docs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # 1 Certificate of Service) (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #81 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 81 (3 pgs) Notice of Appearance and Request for Notice by Jessica Boelter , Alyssa Russell , Matthew A. Clemente , Bojan Guzina filed by Creditor Committee Official Committee of Unsecured Creditors . (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #82 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 82 (21 pgs; 2 docs) Initial Reporting Requirements /Initial Monthly Operating Report of Highland Capital Management, LP Filed by Highland Capital Management, L.P.. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #83 ON 10/31/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 83 (1 pg) Order Approving Motion for Admission pro hac vice Brian P. Shaw(Related Doc # 80) Order Signed on 11/1/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #84 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 84 (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Sarah E. Silveira , Michael J. Merchant , Asif Attarwala , Jeffrey E. Bjork filed by Interested Parties UBS AG London Branch , UBS Securities LLC . (Attachments: # 1 Certificate of Service) (Merchant, Michael) [ORIGINALLY FILED AS DOCUMENT #85 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 85 (159 pgs; 6 docs) Motion to Change Venue/Inter-district Transfer Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E - Certificate of Service) (Guzina, Bojan)[ORIGINALLY FILED AS DOCUMENT #86 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🔘 86 (15 pgs; 3 docs) Emergency Motion to Shorten Notice With Respect To The Motion Of Official Committee Of Unsecured Creditors To Transfer Venue Of This Case To The United States Bankruptcy Court For The Northern District Of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Certificate of Service) (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #87 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 87 (1 pg) Order Denying Emergency Motion to Shorten Notice With Respect to The Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District Of Texas (Related Doc # 87) Order Signed on 11/4/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #88 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 88 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #89 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 89 (1 pg) Motion to Appear pro hac vice of Patrick C. Maxcy. Receipt Number 2770240, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #90 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 90 (1 pg) Motion to Appear pro hac vice of Lauren Macksoud. Receipt Number 2770389, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #91 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 91 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by INTEGRATED FINANCIAL ASSOCIATES, INC. (Carlyon, Candace) [ORIGINALLY FILED AS DOCUMENT #92 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 92 (1 pg) Order Approving Motion for Admission pro hac vice Patrick C. Maxcy(Related Doc # 90) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #93 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 93 (1 pg) Order Approving Motion for Admission pro hac vice Lauren Macksoud(Related Doc # 91) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #94 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 94 (11 pgs; 2 docs) HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #95 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 95 (3 pgs; 2 docs) Notice of Appearance. The party has consented to electronic service. Filed by BET Investments, II, L.P.. (Attachments: # 1 Certificate of Service) (Kurtzman, Jeffrey) (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #96 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 96 (3 pgs; 2 docs) Certification of Counsel Regarding Order Scheduling Omnibus Hearing Date Filed by Highland Capital Management, L.P.. (Attachments: # 1 Proposed Form of Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #97 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🌐 98 (1 pg) Order Scheduling Omnibus Hearings. Omnibus Hearings scheduled for 12/17/2019 at 11:00 AM US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Signed on 11/7/2019. (CAS) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #98 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 101 (17 pgs; 4 docs) Exhibit(s) // Notice of Filing of Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #99 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 102 (8 pgs) Affidavit/Declaration of Service for service of [Signed] Order Scheduling Omnibus Hearing Date [Docket No. 98] (related document(s)98) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #100 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 103 (10 pgs) Notice of Deposition - Notice to Take Rule 30(b)(6) Deposition Upon Oral Examination of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #101 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 104 (2 pgs) Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #102 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 106 (2 pgs) Notice of Service - Notice of Intent to Serve Subpoena Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #103 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 107 (10 pgs; 2 docs) Notice of Substitution of Counsel Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Attachments: # 1 Certificate of Service) (Ryan, Jeremy) [ORIGINALLY FILED AS DOCUMENT #104 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 108 (3 pgs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Official Committee of Unsecured Creditors. (Beach, Sean) . [ORIGINALLY FILED AS DOCUMENT #105 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 110 (1 pg) Motion to Appear pro hac vice Of Bojan Guzina of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #106 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 111 (1 pg) Motion to Appear pro hac vice of Alyssa Russell of Sidley Austin LLP. Receipt Number 2620330, Filed by Official Committee of Unsecured Creditors. (Beach, Sean)[ORIGINALLY FILED AS DOCUMENT #107 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 112 (1 pg) Motion to Appear pro hac vice of Matthew A. Clemente of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY |

| | FILED AS DOCUMENT #108 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🌐 113 (1 pg) Motion to Appear pro hac vice of Paige Holden Montgomery. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #109 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 114 (1 pg) Motion to Appear pro hac vice of Penny P. Reid of Sidley Austin. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #110 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 115 (1 pg) Order Approving Motion for Admission pro hac vice Bojan Guzina(Related Doc # 106) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #111 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 116 (1 pg) Order Approving Motion for Admission pro hac vice Alyssa Russell (Related Doc # 107) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #112 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 117 (1 pg) Order Approving Motion for Admission pro hac vice Matthew A. Clemente (Related Doc # 108) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #113 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 118 (1 pg) Order Approving Motion for Admission pro hac vice Paige Holden(Related Doc # 109) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #114 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 119 (1 pg) Order Approving Motion for Admission pro hac vice Penny P. Reid(Related Doc # 110) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #115 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 120 (94 pgs; 11 docs) Limited Objection to the Debtors: (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #116 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 121 (26 pgs; 3 docs) Limited Objection and Reservation of Rights of Jefferies LLC to Debtor's Motion for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business (related document(s)77) Filed by Jefferies LLC (Attachments: # 1 Exhibit A # 2 Certificate of Service) (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #117 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 122 (27 pgs) Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas |

2 related document(s)86) Filed by Highland Capital Management L.P. (O'Neil, James) [ORIGINALLY
FILED AS DOCUMENT #118 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT
OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🌐 123  (5 pgs) Limited Objection to Motion of the Debtor for an Order Authorizing the Debtor to Retain, Employee, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (related document(s)76) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #119 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 124  (6 pgs) **WITHDRAWN per # 456** Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/19/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 125  (4 pgs) Limited Objection to the Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #121 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 126  (11 pgs) Joinder to Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #122 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 127  (12 pgs; 3 docs) Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 128 [SEALED in Delaware Bankruptcy Court] Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (related document(s)5, 75, 77, 123) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #124 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 130  (162 pgs; 6 docs) Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (Redacted) (related document(s)5, 75, 77, 123, 124) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)(Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #125 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | 131 (2 pgs) Notice of Service of Discovery Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #126 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | |
| 12/04/2019 | 132 (5 pgs) Objection Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)8) Filed by U.S. Trustee (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #127 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 133 (7 pgs) Certificate of Service of Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)118) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #128 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 134 (5 pgs) Certificate of Service of Acis's Joinder in Motion to Transfer Venue (related document(s)122) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #129 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 135 (7 pgs; 2 docs) Objection U.S. Trustee's Objection to the Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide a Chief Restructuring Officer, Additional Personnel and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date (related document(s)75) Filed by U.S. Trustee (Attachments: # 1 Certificate of Service)(Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #130 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 136 (1 pg) Certificate of Service of United States Trustees Objection to Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)127) Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #131 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 137 (17 pgs; 3 docs) Certification of Counsel Regarding Debtor's Motion Pursuant to Sections 105(A), 330 and 331 of the Bankruptcy Code for Administrative Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals (related document(s)73) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Blackline Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #132 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 138 (17 pgs; 2 docs) Certificate of No Objection Regarding Debtor's Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date (related document(s)74) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #133 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 139 (5 pgs; 2 docs) Certificate of No Objection Regarding Motion of the Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #134 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🔵 140 (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Crescent TC Investors, L.P.. (Held, Michael) [ORIGINALLY FILED AS DOCUMENT #135 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 141 (6 pgs) ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMI3URSEMENT OF EXPENSES OF PROFESSIONALS(Related Doc # 73) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #136 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 142 (14 pgs) ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 74) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #137 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 143 (2 pgs) ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTOF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF (Related Doc # 4) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #138 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 144 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Intertrust Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #139 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 145 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #140 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 146 (11 pgs) Notice of Deposition Upon Oral Examination Under Rules 30 and 30(b)(6) of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #141 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 147 (18 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #142 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 148 (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 136]; (2) [Signed] Order Authorizing the Debtor to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date [Docket No. 137]; and (3) [Signed] Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 138] (related document(s)136, 137, 138) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #143 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 149 (2 pgs) Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)86, 87, 88) Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, |

| | Delaware, (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #148 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🌐 150 (9 pgs; 2 docs) Notice of Rescheduled 341 Meeting (related document(s)67, 79) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 12/3/2019 at 10:30 AM (check with U.S. Trustee for location) (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #145 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 151 (17 pgs; 2 docs) Agenda of Matters Scheduled for Telephonic Hearing (related document(s)142) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware.(Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #146 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 152 (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Holdco, Ltd.. (Kane, John) [ORIGINALLY FILED AS DOCUMENT #149 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 153 (2 pgs) Amended Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #150 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 154 (3 pgs) Notice of Appearance and Request for Notice by Sally T. Siconolfi , Joseph T. Moldovan filed by Interested Party Meta-e Discovery, LLC . (Moldovan, Joseph)[ORIGINALLY FILED AS DOCUMENT #152 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 156 (4 pgs) Affidavit/Declaration of Service regarding Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)144) Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #153 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 158 (5 pgs; 2 docs) Motion to Appear pro hac vice of Annmarie Chiarello of Winstead PC. Receipt Number 0311-27843, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #154 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 159 (2 pgs; 2 docs) Order Approving Motion for Admission pro hac vice Annmarie Chiarello (Related Doc # 154) Order Signed on 11/21/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #155 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 162 (8 pgs) Reply in Support of Motion to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118) Filed by Official Committee of Unsecured Creditors (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #156 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 163 (7 pgs) Reply in Support of the Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118, 122, 156) Filed by Acis Capital Management GP LLC, Acis Capital |

Management, L.P. (Mintz, Joseph) [ORIGINALLY FILED AS DOCUMENT #157 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🌐 164 (4 pgs) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue (related document(s)86, 122) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #158 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 165 (265 pgs; 11 docs) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Nunc Pro Tunc to Petition Date (related document(s)69, 70, 116, 120) Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #159 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 166 (46 pgs; 5 docs) Omnibus Reply of the Debtor in Support of: (1) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)5, 75, 77) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Redline Order Approving Ordinary Course Protocols Motion # 2 Exhibit B - Redline Order Approving Cash Management Motion # 3 Exhibit C - Redline Order Approving DSI Retention Motion # 4 Exhibit D - Summary of Intercompany Transactions) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #160 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 168 (8 pgs) Certificate of Service of 1) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue; 2) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date, and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP; and 3) Omnibus Reply of the Debtor in Support of: (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)158, 159, 160) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #161 ON 11/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 169 (16 pgs; 4 docs) Exhibit(s) // Notice of Filing of Second Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #162 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 170 (15 pgs; 3 docs) Certification of Counsel Regarding Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P..(Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #163 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 171 (19 pgs; 3 docs) **WITHDRAWN** - 11/26/2019. SEE DOCKET # 165. Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) |

| | |
|---|---|
| | Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) Modified on 11/26/2019 (DMC). [ORIGINALLY FILED AS DOCUMENT #164 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 172 (2 pgs) Notice of Withdrawal of Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)164) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #165 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 173 (29 pgs; 3 docs) Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P (Attachments: # 1 Exhibit A # 2 Exhibit B)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #166 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 174 (17 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #167 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 175 (5 pgs) FINAL ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF (Related document(s) 3, 40) Signed on 11/26/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #168 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 176 (12 pgs; 2 docs) ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 177 (24 pgs; 3 docs) Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 178 (32 pgs; 3 docs) Supplemental Declaration in Support of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #171 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE(Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 179 (11 pgs; 3 docs) Certification of Counsel Regarding Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - |

| | |
|---|---|
| | Blackline Order](O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #172 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 180 (58 pgs; 6 docs) Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 181 (7 pgs) Certificate of Service and Service List for service of Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief [Docket No. 170] (related document(s)170) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #174 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 182 (18 pgs; 2 docs) Amended Notice of Agenda of Matters Scheduled for Hearing (related document(s)167) Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #175 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 183 (3 pgs) ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2414 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI TANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 71) Order Signed on 12/2/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #176 ON 12/02/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 184 (6 pgs) Certification of Counsel Regarding Order Transferring Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #182 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 185 (8 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Final Order (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 168]; (2) [Signed] Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business [Docket No. 169]; and (3) [Signed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date [Docket No. 176] (related document(s)168, 169, 176) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #183 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 186 (2 pgs) ORDER TRANSFERRING VENUE OF THIS CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS (related document(s)86) Order Signed on 12/4/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #184 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🔵 187 (118 pgs) Certificate of Service re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) [Corrected] Notice of Chapter 11 Bankruptcy Case (related document(s)67, 79) Filed by Kurtzman Carson Consultants LLC. (Kass, Albert) ( [ORIGINALLY FILED AS DOCUMENT #185 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/05/2019 | 🔵 97 (3 pgs) Motion to appear pro hac vice for Bojan Guzina. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228141, amount $ 100.00 (re: Doc# 97). (U.S. Treasury) |
| 12/05/2019 | 🔵 99 (2 pgs) Notice of Appearance and Request for Notice by Linda D. Reece filed by Wylie ISD, Garland ISD, City of Garland. (Reece, Linda) |
| 12/05/2019 | 🔵 100 (3 pgs) Motion to appear pro hac vice for Matthew A. Clemente. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | 🔵 105 (3 pgs) Motion to appear pro hac vice for Alyssa Russell. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 100). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 105). (U.S. Treasury) |
| 12/05/2019 | 🔵 109 (3 pgs) Motion to appear pro hac vice for Ira D. Kharasch. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228644, amount $ 100.00 (re: Doc# 109). (U.S. Treasury) |
| 12/05/2019 | 🔵 129 (1 pg) Notice of Appearance and Request for Notice by Laurie A. Spindler filed by City of Allen, Allen ISD, Dallas County, Grayson County, Irving ISD, Kaufman County, Tarrant County. (Spindler, Laurie) |
| 12/05/2019 | 🔵 155 (3 pgs) Notice of Appearance and Request for Notice by Mark A. Platt filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Platt, Mark) |
| 12/05/2019 | 🔵 157 (3 pgs) Motion to appear pro hac vice for Marc B. Hankin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | 🔵 160 (5 pgs; 2 docs) Motion to appear pro hac vice for Richard Levin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Addendum) (Platt, Mark) |
| 12/05/2019 | 🔵 161 (3 pgs) Motion to appear pro hac vice for Terri L. Mascherin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 157). (U.S. Treasury) |

| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 160). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 161). (U.S. Treasury) |
| 12/05/2019 | 167  (3 pgs) Motion to appear pro hac vice for Gregory V. Demo. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27230422, amount $ 100.00 (re: Doc# 167). (U.S. Treasury) |
| 12/05/2019 | 188  (4 pgs) Notice of Appearance and Request for Notice by Juliana Hoffman filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/06/2019 | 189  (3 pgs) Motion to appear pro hac vice for Jeffrey N. Pomerantz. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233957, amount $ 100.00 (re: Doc# 189). (U.S. Treasury) |
| 12/06/2019 | 190  (3 pgs) Amended Motion to appear pro hac vice for Jeffrey N. Pomerantz. (related document: 189) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | 191  (3 pgs) Motion to appear pro hac vice for John A. Morris. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233983, amount $ 100.00 (re: Doc# 191). (U.S. Treasury) |
| 12/06/2019 | 192  (2 pgs) INCORRECT ENTRY - Incorrect Event Used; Refiled as Document 220. Motion to withdraw as attorney (Eric T. Haitz) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) Modified on 12/9/2019 (Dugan, S.). Modified on 12/9/2019 (Dugan, S.). |
| 12/06/2019 | 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Edmond, Michael) |
| 12/06/2019 | 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomeranzt and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.) (Edmond, Michael) |
| 12/06/2019 | 195  (1 pg) Request for transcript regarding a hearing held on 12/6/2019. The requested turn-around time is hourly. (Edmond, Michael) |

| 12/06/2019 | 🖥 196 (1 pg) Order granting motion to appear pro hac vice adding Bojan Guzina for Official Committee of Unsecured Creditors (related document # 97) Entered on 12/6/2019. (Banks, Courtney) |
|---|---|
| 12/06/2019 | 🖥 197 (1 pg) Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document # 100) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 198 (1 pg) Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document # 105) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 199 (1 pg) Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document # 109) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 200 (1 pg) Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document # 160) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 201 (1 pg) Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document # 161) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 202 (1 pg) Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document # 167) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 203 (1 pg) Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document # 157) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🖥 204 (44 pgs) INCORRECT ENTRY: DRAFT OF MOTION. SEE DOCUMENT 206. Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 🖥 205 (37 pgs) Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/06/2019 | 🖥 206 (44 pgs) Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 🖥 220 (2 pgs) Withdrawal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)41 Notice of appearance and request for notice). (Dugan, S.) (Entered: 12/09/2019) |

| | |
|---|---|
| 12/08/2019 | 🔵 207 (27 pgs) Transcript regarding Hearing Held 12/6/19 RE: Status and scheduling conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/9/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Palmer Reporting Services, Telephone number PalmerRptg@aol.com, 800-665-6251. (RE: related document(s) 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1,, 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomeranzt and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Unsecured Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.)). Transcript to be made available to the public on 03/9/2020. (Palmer, Susan) |
| 12/08/2019 | 🔵 208 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)197 Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document 100) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 209 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)198 Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document 105) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 210 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)199 Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document 109) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 211 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)200 Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document 160) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 212 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)201 Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document 161) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 213 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)202 Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document 167) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🔵 214 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)203 Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document 157) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/09/2019 | 🔵 215 (1 pg) Acknowledgment of split/transfer case received FROM another district, Delaware, Delaware division, Case Number 19-12239. (Okafor, M.) |

| | |
|---|---|
| 12/09/2019 | 📄 216 (1 pg) Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document # 190) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 📄 217 (1 pg) Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document # 191) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 📄 218 (15 pgs; 3 docs) Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order) (Crooks, David) |
| 12/09/2019 | 📄 219 (3 pgs) Notice of Appearance and Request for Notice by Charles Martin Persons Jr. filed by Creditor Committee Official Committee of Unsecured Creditors. (Persons, Charles) |
| 12/09/2019 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27240994, amount $ 181.00 (re: Doc# 218). (U.S. Treasury) |
| 12/09/2019 | 📄 221 (2 pgs) Notice of Appearance and Request for Notice by Brian Patrick Shaw filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Shaw, Brian) |
| 12/09/2019 | 📄 222 (3 pgs) Motion to appear pro hac vice for Dennis M. Twomey. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/09/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27241671, amount $ 100.00 (re: Doc# 222). (U.S. Treasury) |
| 12/09/2019 | 📄 223 (10 pgs) Certificate of service re: *1) Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019; and 2) [Amended] Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to October 29, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/10/2019 | 📄 224 (1 pg) Certificate Certificate of Conference filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). (Crooks, David) |

| | |
|---|---|
| 12/10/2019 | 🔵 225 (4 pgs; 2 docs) Certificate of service re: Certificate of Service filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,, 224 Certificate (generic)). (Attachments: # 1 Service List) (Crooks, David) |
| 12/10/2019 | 🔵 226 (32 pgs) Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/10/2019 | 🔵 227 (2 pgs) INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.). |
| 12/10/2019 | 🔵 228 (2 pgs) Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.) |
| 12/10/2019 | 🔵 229 (2 pgs) Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020. (Neary, William) |
| 12/10/2019 | 🔵 230 (2 pgs) Notice of Appearance and Request for Notice by Melissa S. Hayward filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/10/2019 | 🔵 231 (2 pgs) Notice of Appearance and Request for Notice by Zachery Z. Annable filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2019 | 🔵 232 (11 pgs; 3 docs) Joint Motion to continue hearing on (related documents 194 Hearing held, Hearing set/continued)*Joint Motion to Continue Status Conference* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order # 2 Service List) (Hayward, Melissa) |
| 12/11/2019 | 🔵 233 (4 pgs; 2 docs) Motion to appear pro hac vice for Michael I. Baird. Fee Amount $100 Filed by Creditor Pension Benefit Guaranty Corporation (Attachments: # 1 Certificate of Service) (Baird, Michael) |
| 12/11/2019 | 🔵 234 (2 pgs) Order granting joint motion to continue hearing on (related document # 232) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019. (Banks, Courtney) |
| 12/11/2019 | 🔵 235 (80 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. (Pomerantz, Jeffrey) |
| 12/11/2019 | 🔵 236 (3 pgs) Motion to appear pro hac vice for Lauren Macksoud. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). |

| | |
|---|---|
| | Receipt number 27250064, amount $ 100.00 (re: Doc# 236). (U.S. Treasury) |
| 12/11/2019 | 📄 237  (3 pgs) Motion to appear pro hac vice for Patrick C. Maxcy. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27250165, amount $ 100.00 (re: Doc# 237). (U.S. Treasury) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] (0.00). Receipt Number KF - No Fee Due, amount $ 0.00 (re: Doc233). (Floyd) |
| 12/11/2019 | 📄 238  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)216 Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document 190) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/11/2019 | 📄 239  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)217 Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document 191) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/12/2019 | 📄 240  (3 pgs) Notice of Appearance and Request for Notice by J. Seth Moore filed by Creditor Siepe, LLC. (Moore, J.) |
| 12/12/2019 | 📄 241  (8 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 12/12/2019 | 📄 242  (1 pg) Order granting motion to appear pro hac vice adding Michael I. Baird for Pension Benefit Guaranty Corporation (related document # 233) Entered on 12/12/2019. (Okafor, M.) |
| 12/12/2019 | 📄 243  (4 pgs) BNC certificate of mailing. (RE: related document(s)227 INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.).) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/12/2019 | 📄 244  (4 pgs) BNC certificate of mailing. (RE: related document(s)228 Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.)) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/13/2019 | 📄 245  (9 pgs) Certificate of service re: *1) Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Nunc Pro Tunc to November 8, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/13/2019 | 📄 246  (10 pgs) Certificate of service re: *1) First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from October 16, 2019 Through October 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)235 Application for compensation *First Monthly Application for* |

*Compensation and Reimbursement of Expenses for Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 12/13/2019 | 🌐 247 (82 pgs; 2 docs) Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding schedules) (Hayward, Melissa) |
| 12/13/2019 | 🌐 248 (42 pgs; 2 docs) Statement of financial affairs for a non-individual . Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding SOFA) (Hayward, Melissa) |
| 12/13/2019 | 🌐 249 (4 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.) No. of Notices: 8. Notice Date 12/13/2019. (Admin.) |
| 12/13/2019 | 🌐 250 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)234 Order granting joint motion to continue hearing on (related document 232) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019.) No. of Notices: 1. Notice Date 12/13/2019. (Admin.) |
| 12/16/2019 | 🌐 251 (1 pg) Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document # 236) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🌐 252 (1 pg) Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document # 237) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🌐 253 (1 pg) Order rescheduling status conference (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Status Conference to be held on 12/18/2019 at 10:30 AM at Dallas Judge Jernigan Ctrm. Entered on 12/16/2019 (Dugan, S.) |
| 12/17/2019 | 🌐 254 (2 pgs) Notice of Appearance and Request for Notice by Jason Patrick Kathman filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 12/18/2019 | 🌐 255 (8 pgs) Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/18/2019 | 🌐 Hearing held on 12/18/2019. (RE: related document(s)1 Status/Scheduling Conference; Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Pomerantz and I. Kharasch for Debtor; M. Hayward, local counsel for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; M. Platt and T. Mascherin and M. Hankin (each telephonically) for Redeemer Committee; L. Spindler for taxing authorities; A. Chiarello and R. Patel (telephonically) for Acis; L. Lambert for UST; P. Maxcy (telephonically) for Jeffries. Nonevidentiary status conference. Court heard reports regarding continued negotiations between Debtor and UCC regarding a proposed management structure for Debtor and ordinary course protocols. Debtor expects to file a motion for approval of same (if agreements reached) by 12/27/19 for a 1/9/20 hearing. Otherwise, UCC will file a motion for a chapter 11 trustee (which, if filed, |

will be filed 12/30/19 and set 1/20/20-1/21/20). Scheduling order to be submitted. Also, US Trustee announced intention to move for a Chapter 11 Trustee.) (Edmond, Michael)

| | |
|---|---|
| 12/18/2019 | 🖥 256  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)251 Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document 236) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/18/2019 | 🖥 257  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)252 Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document 237) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/19/2019 | 🖥 258  (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Dechert LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Demo, Gregory) |
| 12/19/2019 | 🖥 259  (5 pgs) Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). (Hayward, Melissa) |
| 12/19/2019 | 🖥 260  (4 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (ASW Law Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/19/2019 | 🖥 261  (3 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)241 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/20/2019 | 🖥 262  (115 pgs) Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 12/20/2019 | 🖥 263  (8 pgs) Certificate of service re: *Supplemental Declaration of Bojan Guzina in Support of Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)255 Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). filed by Creditor Committee Official Committee of Unsecured Creditors*). (Kass, Albert) |
| 12/20/2019 | 🖥 264  (10 pgs) Certificate of service re: *Supplement to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related |

document(s)7 Motion to maintain bank accounts.) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| 12/22/2019 | 📄 265 (4 pgs) Objection to (related document(s): 176 Document)*Limited Objection of The Official Committee of Unsecured Creditors to the Retention of Harder LLP as Ordinary Course Professional* filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
|---|---|
| 12/23/2019 | 📄 266 (40 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 📄 267 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 📄 268 (10 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 📄 269 (6 pgs) Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.) |
| 12/23/2019 | 📄 270 (40 pgs; 2 docs) Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 12/23/2019 | 📄 271 (13 pgs) Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee (Lambert, Lisa) |
| 12/23/2019 | 📄 272 (5 pgs) Trustee's Objection to *Motion to Seal Official Committee's Omnibus Objection and Supporting Exhibits* (RE: related document(s)127 Document) (Lambert, Lisa) |
| 12/23/2019 | 📄 273 (7 pgs) Motion for leave *to Extend Deadline to Object to Motion for Relief of Stay of PensionDanmark* (related document(s) 218 Motion for relief from stay) Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/6/2020. (Hoffman, Juliana) |
| 12/24/2019 | 📄 274 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 📄 275 (30 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 📄 276 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/25/2019 | 📄 277 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)269 Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital |

Management, L.P.). Entered on 12/23/2019 (Blanco, S.) No. of Notices: 9. Notice Date 12/25/2019. (Admin.)

| 12/26/2019 | 🔘 278 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
|---|---|
| 12/26/2019 | 🔘 279 (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration of Ordinary Course Professional; 3) Declaration of Marc D. Katz* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)266 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 267 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 268 Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/27/2019 | 🔘 280 (13 pgs) Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/27/2019 | 🔘 281 (100 pgs; 4 docs) Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Hayward, Melissa) |
| 12/27/2019 | 🔘 282 (10 pgs; 2 docs) Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) (Hayward, Melissa) |
| 12/27/2019 | 🔘 283 (5 pgs; 2 docs) Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Hayward, Melissa) |
| 12/28/2019 | 🔘 284 (61 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/28/2019 | 🔘 285 (28 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)170 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF |

AWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) (Hayward, Melissa)

| | |
|---|---|
| 12/30/2019 | 286 (123 pgs) Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. (Pomerantz, Jeffrey) |
| 12/30/2019 | 287 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, (Hayward, Melissa) |
| 12/31/2019 | 288 (3 pgs) Certificate No Objection to Retention of Sidley Austin LLP filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/31/2019 | 289 (9 pgs) Debtor-in-possession monthly operating report for filing period November 1, 2019 to November 30, 2019 filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/31/2019 | 290 (3 pgs) Certificate No Objection to Retention of FTI Consulting, Inc. filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 12/31/2019 | 291 (2 pgs) Order granting motion for expedited hearing (Related Doc# 283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019. (Whitaker, Sheniqua) |
| 01/02/2020 | 292 (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration Alexander G. McGeoch in Support of Hunton Andrews Kurth LLP as Ordinary Course Professional; 3) Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)274 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 275 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 276 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 293 (5 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)278 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 01/02/2020 | 🔵 294 (3 pgs) Certificate Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc*). (Hoffman, Juliana) |
| 01/02/2020 | 🔵 295 (2 pgs) Notice of Appearance and Request for Notice by Edwin Paul Keiffer filed by Interested Party Hunter Mountain Trust. (Keiffer, Edwin) |
| 01/02/2020 | 🔵 296 (14 pgs) Certificate of service re: *Documents Served on December 27, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors, 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) filed by Debtor Highland Capital Management, L.P., 282 Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P., 283 Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 🔵 297 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)291 Order granting motion for expedited hearing (Related Doc283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.) No. of Notices: 2. Notice Date 01/02/2020. (Admin.) |
| 01/03/2020 | 🔵 298 (2 pgs) Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.) |
| 01/03/2020 | 🔵 299 (4 pgs) Motion to extend time to (RE: related document(s)273 Motion for leave) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/8/2020. (Hoffman, Juliana) |
| 01/03/2020 | 🔵 300 (1 pg) Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document # 222) Entered on 1/3/2020. (Okafor, M.) |
| 01/03/2020 | 🔵 301 (2 pgs) Order granting the joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (related document # 273). The Committee and the Debtor shall have until January 6, 2020 to object to PensionDanmarks Stay Relief Motion Entered on 1/3/2020. (Okafor, M.) |
| 01/05/2020 | 🔵 302 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)298 Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.)) No. of Notices: 45. Notice Date 01/05/2020. (Admin.) |
| 01/05/2020 | 🔵 303 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)300 Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document 222) Entered on 1/3/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/05/2020. (Admin.) |
| 01/06/2020 | 🔵 304 (2 pgs) Order granting 299 joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (Re: related document(s) 299 Motion to extend time to (RE: related document(s)273 Motion for leave)) Entered on 1/6/2020. (Okafor, M.) |

| | |
|---|---|
| 01/06/2020 | 🔵 305 (3 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Annable, Zachery) |
| 01/06/2020 | 🔵 306 (4 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Annable, Zachery) |
| 01/06/2020 | 🔵 307 (10 pgs) Trustee's Objection to *Joint Motion for Entry of an Order Approving the Agreed Protective Order* (RE: related document(s)280 Motion for protective order) (Lambert, Lisa) |
| 01/06/2020 | 🔵 308 (4 pgs) Motion to appear pro hac vice for Asif Attarwala. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🔵 309 (4 pgs) Motion to appear pro hac vice for Kimberly A. Posin. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🔵 310 (4 pgs) Motion to appear pro hac vice for Andrew Clubok. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🔵 311 (3 pgs) Motion to appear pro hac vice for Kuan Huang. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 308). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 309). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 310). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 311). (U.S. Treasury) |
| 01/06/2020 | 🔵 312 (25 pgs; 2 docs) Response opposed to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.) filed by Interested Party Jefferies LLC. (Attachments: # 1 Exhibit A) (Doherty, Casey) |
| 01/06/2020 | 🔵 313 (6 pgs) Trustee's Objection to *Motion to Approve Joint Agreement* (RE: related document(s)281 Motion to compromise controversy) (Lambert, Lisa) |

| | |
|---|---|
| 01/06/2020 | 🌐 314 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/06/2020 | 🌐 315 (6 pgs) Certificate of service re: *1) Notice of Hearing on Debtors Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to held on January 9, 2020 at 9:30 a.m. (CT); and 2) Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be held on January 9, 2020 at 9:30 a.m. (CT)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)284 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P.,285 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/06/2020 | 🌐 316 (12 pgs) Certificate of service re: *1) Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from November 1, 2019 through November 30, 2019; 2) Notice of Hearing re: Motion of the Debtor to Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course; to be Held on January 9, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. filed by Debtor Highland Capital Management, L.P., 287 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/07/2020 | 🌐 317 (1 pg) Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document # 308) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 🌐 318 (1 pg) Order granting motion to appear pro hac vice adding Kimberly A. Posin for UBS AG London Branch and UBS Securities LLC (related document # 309) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 🌐 319 (1 pg) Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.). |

| | |
|---|---|
| 01/07/2020 | 🖱 320  (1 pg) Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document # 311) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 🖱 321  (4 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/07/2020 | 🖱 322  (1 pg) Certificate of service re: Certificate of Service filed by Interested Party Jefferies LLC (RE: related document(s)312 Response). (Doherty, Casey) |
| 01/07/2020 | 🖱 323  (5 pgs) Notice of Appearance and Request for Notice *(Amended)* by Joseph E. Bain filed by Creditor Issuer Group. (Bain, Joseph) |
| 01/07/2020 | 🖱 324  (8 pgs) ***WITHDRAWN per docket # 467** Objection to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.*Limited Objection to Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group. (Bain, Joseph) Modified on 2/24/2020 (Ecker, C.) |
| 01/08/2020 | 🖱 325  (3 pgs) Motion to appear pro hac vice for James T. Bentley. Fee Amount $100 Filed by Creditor Issuer Group (Anderson, Amy) |
| 01/08/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27331269, amount $ 100.00 (re: Doc# 325). (U.S. Treasury) |
| 01/08/2020 | 🖱 326  (4 pgs) Notice *of Compliance with Local Bankruptcy Rule 2090-4* filed by Creditor Issuer Group. (Anderson, Amy) |
| 01/08/2020 | 🖱 327  (3 pgs) Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/08/2020 | 🖱 328  (3 pgs) Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, (Hoffman, Juliana) |
| 01/08/2020 | 🖱 329  (13 pgs; 2 docs) Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.) |
| 01/08/2020 | 🖱 330  (5 pgs) Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.) |
| 01/08/2020 | 🖱 331  (6 pgs) Certificate of service re: *Order Regarding Request for Expedited Hearing; to be Held on January 9, 2020 at 9:30 a.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson |

| | |
|---|---|
| | Consultants LLC (related document(s)291 Order granting motion for expedited hearing (Related Doc 283) (document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.). (Kass, Albert) |
| 01/08/2020 | 📄 332  (8 pgs) Certificate of service re: *1) Amended Notice of Hearing on Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to be Held on January 21, 2020 at 9:30 a.m. (Central Time); 2) Amended Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)305 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, filed by Debtor Highland Capital Management, L.P., 306 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/09/2020 | 📄 333  (1 pg) Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document # 325) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 📄 334  (3 pgs) Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document # 206) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 📄 335  (1 pg) Court admitted exhibits date of hearing 01/09/2020. DEBTOR EXHIBIT 1 ADMITTED. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) (Jeng, Hawaii) |
| 01/09/2020 | 📄 336  (4 pgs) Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document # 205) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 📄 337  (3 pgs) Order granting application to employ Young Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.) Modified to correct Firm name on 1/13/2020 (Ecker, C.) |
| 01/09/2020 | 📄 338  (8 pgs) Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Hayward, Melissa) |
| 01/09/2020 | 📄 339  (5 pgs) Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document # 281) Entered on 1/9/2020. (Okafor, M.) |

| 01/09/2020 | 🌐 340  (20 pgs; 3 docs) Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) (Annable, Zachery) |
|---|---|
| 01/09/2020 | 🌐 341  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)317 Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document 308) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/09/2020. (Admin.) |
| 01/09/2020 | 🌐  Hearing held on 1/9/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, I. Kharasch, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid and D. Tumi for Unsecured Creditors Committee; A. Chiarello and R. Patel for Asic; L. Lambert for UST; J. Bentley and J. Bain (both telephonically) for CLO and CDO Issuer Group; T. Mascherin and M. Hankin (telephonically) for Redeemer Committee; P. Maxcy (telephonically) for Jeffries. Evidentiary hearing. Motion granted. Counsel to upload appropriate form of order.) (Edmond, Michael) (Entered: 01/10/2020) |
| 01/10/2020 | 🌐 342  (13 pgs) Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document # 74) Entered on 1/10/2020. (Okafor, M.) |
| 01/10/2020 | 🌐 343  (70 pgs) Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. (Hoffman, Juliana) |
| 01/10/2020 | 🌐 344  (9 pgs) Certificate of service re: *Documents Served on January 8, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)327 Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 328 Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, filed by Creditor Committee Official Committee of Unsecured Creditors, 329 Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 330 Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/10/2020 | 🌐 345  (9 pgs) Certificate of service re: *Documents Served on January 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)334 Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document 206) Entered on 1/9/2020. (Okafor, M.), 336 Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document 205) Entered on 1/9/2020. (Okafor, M.), 337 Order granting application to employ Conway Stargatt & Taylor, LLP for Official |

Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.), 338 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 01/10/2020 | 346 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)319 Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.).) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/10/2020 | 347 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)320 Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document 311) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/11/2020 | 348 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)333 Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document 325) Entered on 1/9/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/11/2020. (Admin.) |
| 01/12/2020 | 349 (16 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/12/2020. (Admin.) |
| 01/13/2020 | 350 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/13/2020 | 351 (11 pgs; 2 docs) Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/13/2020 | 352 (1 pg) DOCKET IN ERROR: Request for transcript regarding a hearing held on 1/9/2020. The requested turn-around time is daily. (Edmond, Michael) Modified on 1/21/2020 REQUEST WAS CANCELLED THE SAME DATE AS REQUESTED OF 1/13/2020. (Edmond, Michael). |
| 01/13/2020 | 353 (7 pgs) Objection to (related document(s): 270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee) |
| 01/14/2020 | 354 (65 pgs; 2 docs) Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) (Annable, Zachery) |

| | |
|---|---|
| 01/14/2020 | 🖥 355 (5 pgs) Certificate of service re: *Summary and First Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from October 29, 2019 to and Including November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/14/2020 | 🖥 356 (10 pgs) Certificate of service re: *Debtor's Motion for Entry of an Order Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/14/2020 | 🖥 357 (3 pgs) Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)271 Trustee's Motion to appoint trustee). (Lambert, Lisa) |
| 01/14/2020 | 🖥 358 (3 pgs) Witness and Exhibit List *in connection with Motion to Seal and Joint Motion for an Agreed Protective Order* filed by U.S. Trustee United States Trustee (RE: related document(s)10 Motion to file document under seal., 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order*). (Lambert, Lisa) |
| 01/15/2020 | 🖥 359 (4 pgs) Agreed Motion to continue hearing on (related documents 218 Motion for relief from stay) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 01/15/2020 | 🖥 360 (2 pgs) Withdrawal *of Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)76 Motion by Highland Capital Management, L.P..). (Hayward, Melissa) |
| 01/15/2020 | 🖥 361 (4 pgs) Order granting motion to continue hearing on (related document # 359) (related documents Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). It is hereby ORDERED that a hearing on the Stay Relief Motion shall be continued to a later date provided by the Court and mutually acceptable to the Parties. Entered on 1/15/2020. (Okafor, M.) |
| 01/15/2020 | 🖥 362 (13 pgs) Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/15/2020 | 🖥 363 (4 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M., 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by |

FY) 2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.), 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, (Annable, Zachery)

| | |
|---|---|
| 01/15/2020 | 🖥 364  (4 pgs) Objection to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 01/16/2020 | 🖥 365  (5 pgs) Certificate of service re: Objection to First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From October 16, 2019 Through November 30, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*). (Chiarello, Annmarie) |
| 01/16/2020 | 🖥 366  (4 pgs) Amended Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)357 List (witness/exhibit/generic)). (Lambert, Lisa) |
| 01/16/2020 | 🖥 367  (5 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, 69 Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). (Chiarello, Annmarie) |
| 01/16/2020 | 🖥 368  (11 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/17/2020 | 🖥 369  (47 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital |

Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) (Annable, Zachery)

| | |
|---|---|
| 01/17/2020 | 🌐 370 (9 pgs; 2 docs) Joint Motion to continue hearing on (related documents 68 Application to employ, 69 Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 01/17/2020 | 🌐 371 (2 pgs) Order granting joint motion to continue hearing on (related document # 370) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.) |
| 01/17/2020 | 🌐 372 (3 pgs) Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response). (Annable, Zachery) |
| 01/19/2020 | 🌐 373 (12 pgs) Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 01/20/2020 | 🌐 374 (13 pgs) Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..).). (Annable, Zachery) |
| 01/21/2020 | 🌐 375 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/21/2020 | 🌐 Hearing held on 1/21/2020. (RE: related document(s)271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.) (Edmond, Michael) |
| 01/21/2020 | 🌐 Hearing held on 1/21/2020. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY |

DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.) (Edmond, Michael)

| 01/21/2020 | 🌐 376   (8 pgs) Certificate of service re: *Notice of Final Term Sheet* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)354 Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| 01/21/2020 | 🌐   Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Directing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.) (Edmond, Michael) |

| 01/21/2020 | 🌐   Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.) (Edmond, Michael) |

| 01/21/2020 | 🌐 377   (8 pgs) Certificate of service re: *1) Objection of the Debtor to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee; and 2) Notice of Hearing; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)362 Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 363 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) |

(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.)., 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee, 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

|  |  |
|---|---|
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 378 (27 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. (Hoffman, Juliana) |

| 01/21/2020 | 🔘 383 (1 pg) Court admitted exhibits date of hearing January 21, 2020 (RE: related document(s)271 Trustee's Motion to appoint trustee filed by Lisa Lambert representing the U.S. Trustee) (Court Admitted U.S. Trustee's Exhibits #4, #5, #7, #8, #9, #10 and Took Judicial Notice of Exhibit #11) (Edmond, Michael) (Entered: 01/22/2020) |
|---|---|
| 01/22/2020 | 🔘 379 (6 pgs) Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document # 7) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🔘 380 (3 pgs) Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document # 177) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🔘 381 (3 pgs) Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document # 180) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🔘 382 (10 pgs) Agreed Order Granting Motion for Protective Order (related document # 280) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🔘 384 (3 pgs) Declaration re: *Notice / Declaration of Conor P. Tully in Support of the Retention of FTI Consulting, Inc.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 01/22/2020 | 🔘 385 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). (Annable, Zachery) |
| 01/22/2020 | 🔘 386 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). (Annable, Zachery) |
| 01/22/2020 | 🔘 387 (1 pg) Request for transcript regarding a hearing held on 1/21/2020. The requested turn-around time is hourly. (Edmond, Michael) (Entered: 01/23/2020) |
| 01/23/2020 | 🔘 388 (1 pg) Certificate of service re: First Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019 filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)384 Declaration). (Hoffman, Juliana) |
| 01/23/2020 | 🔘 389 (60 pgs) Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. (Hoffman, Juliana) |
| 01/23/2020 | 🔘 390 (2 pgs) Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 |

Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). (Hoffman, Juliana)

| | |
|---|---|
| 01/23/2020 | 🔵 391 (1 pg) Certificate of service re: Final Fee Application *on behalf of Young Conaway Stargatt & Taylor, LLP* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
| 01/24/2020 | 🔵 392 (103 pgs) Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. (Pomerantz, Jeffrey) |
| 01/24/2020 | 🔵 393 (140 pgs) Transcript regarding Hearing Held 01/21/2020 (140 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/23/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) Hearing held on 1/21/2020. (RE: related document(s)271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.), Hearing held on 1/21/2020. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. |

Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.)). Transcript to be made available to the public on 04/23/2020. (Rehling, Kathy)

| | |
|---|---|
| 01/24/2020 | 🔵 394 (28 pgs) Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland) |
| 01/24/2020 | 🔵 395 (11 pgs; 2 docs) Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/24/2020 | 🔵 396 (8 pgs) Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/24/2020 | 🔵 397 (17 pgs; 3 docs) Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence) (Annable, Zachery) |
| 01/24/2020 | 🔵 398 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/24/2020. (Admin.) |
| 01/24/2020 | 🔵 399 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment |

Requirements, and (D) Granting Related Relief filed by Highland Capital Management, L.P. (related document 7) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 44. Notice Date 01/24/2020. (Admin.)

| | |
|---|---|
| 01/27/2020 | 🌐 400 (10 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/09/2020.). (Kass, Albert) |
| 01/27/2020 | 🌐 401 (8 pgs) Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🌐 402 (9 pgs) Certificate of service re: *Documents Served on January 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)369 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) filed by Debtor Highland Capital Management, L.P., 370 Joint Motion to continue hearing on (related documents 68 Application to employ, 69 Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 371 Order granting joint motion to continue hearing on (related document 370) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.), 372 Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🌐 403 (13 pgs) Certificate of service re: *Documents Served on or before January 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.). filed by Debtor Highland Capital Management, L.P., 374 Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.).). filed by Debtor Highland Capital Management, L.P., 378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |

3/15/23, 9:09 AM Case 19-34054-sgj11 Doc 3685 Filed 03/15/23 - Northern District of Texas Entered 03/15/23 14:13:54 Desc

Case 3:23-cv-00573-E Document Filed 03/15/23 Main Document Page 114 of 116 Page 513 of 120 PageID 118

| | |
|---|---|
| 01/27/2020 | 🔘 404 (11 pgs) Certificate of service re: *Documents Served on January 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.), 380 Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document 177) Entered on 1/22/2020. (Okafor, M.), 381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.), 382 Agreed Order Granting Motion for Protective Order (related document 280) Entered on 1/22/2020. (Okafor, M.), 385 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). filed by Debtor Highland Capital Management, L.P., 386 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🔘 405 (11 pgs) Debtor-in-possession monthly operating report for filing period 10/16/2019 to 10/31/2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/27/2020 | 🔘 406 (10 pgs; 3 docs) Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) (Annable, Zachery) |
| 01/27/2020 | 🔘 407 (4 pgs) Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 01/27/2020 | 🔘 408 (3 pgs) Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 01/28/2020 | 🔘 409 (3 pgs) Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document and 127 Motion ). Entered on 1/28/2020 (Okafor, M.). Modified linkage on 2/11/2020 (Okafor, M.) |
| 01/28/2020 | 🔘 410 (3 pgs) Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc# 396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.) |
| 01/28/2020 | 🔘 411 (2 pgs) Notice of Appearance and Request for Notice by Shawn M. Christianson Filed by Creditor Oracle America, Inc.. (Christianson, Shawn) |

| | |
|---|---|
| 01/28/2020 | 🌐 412  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, (Annable, Zachery) |
| 01/29/2020 | 🌐 413  (5 pgs) Certificate of service re: *1) First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co- Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020; 2) Notice of First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 390 Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/29/2020 | 🌐 414  (11 pgs) Certificate of service re: *Documents Served on January 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. filed by Debtor Highland Capital Management, L.P., 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland), 395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 396 Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | 🌐 415  (10 pgs) Certificate of service re: *Documents Served on January 27, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)406 Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) filed by Debtor Highland Capital Management, L.P., 407 Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 408 Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related |

document(s)395 Motion to enforce/*motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings*) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 01/30/2020 | 🌐 416 (6 pgs) Certificate of service re: *Documents Served on January 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)409 Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document). Entered on 1/28/2020 (Okafor, M.), 410 Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.), 412 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/31/2020 | 🌐 417 (47 pgs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 01/31/2020 | 🌐 418 (9 pgs) Debtor-in-possession monthly operating report for filing period December 1, 2019 to December 31, 2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/31/2020 | 🌐 419 (10 pgs; 2 docs) Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 🌐 420 (82 pgs; 3 docs) Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail |