PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj |
| Reorganized Debtor. | |

## RESPONSE TO MOTION FOR LEAVE TO FILE PROCEEDING

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-referenced bankruptcy case, and the Highland Claimant Trust (the "Trust", and together with HCMLP, "Highland"), by and through their undersigned counsel, hereby submit this response (the "Response") to the *Motion for Leave to File Proceeding* [Docket No. 3662] (the "Motion") filed

1

by The Dugaboy Investment Trust ("Dugaboy") and Hunter Mountain Investment Trust ("HMIT", and together with Dugaboy, the "Movants"). In support of its Response, Highland represents as follows:

**RESPONSE**

1. On June 30, 2022, Dugaboy filed its *Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382] (the "Initial Valuation Motion") in which Dugaboy sought a determination of the value of the estate and an accounting of Highland's assets. HMIT joined Dugaboy's Initial Valuation Motion [Docket No. 3467], which Dugaboy subsequently amended to, among other things, request an evidentiary hearing and the disclosure of certain information. *See Supplemental and Amended Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3533] (together with the Initial Valuation Motion, the "Valuation Motion").

2. In their Valuation Motion, the Movants generally alleged that the information sought would support their allegation that the value of the Claimant Trust's assets exceeds the amount of the Class 8 and Class 9 claims such that—as Contingent Claimant Trust Beneficiaries—they will become "in the money." After briefing and argument, the Court denied the Valuation Motion as procedurally improper, finding, among other things, that the Movants' request for equitable relief could only be obtained in an adversary proceeding. *Order Denying Motion [DE # 3382] and Supplemental Motion [DE #3533] of Dugaboy Investment Trust Due to Procedural Deficiency: Adversary Proceeding Required* [Docket No. 3645] (the "Order").

3. Two months after the Order was entered, with new counsel,[1] the Movants filed the Motion. However, unlike the Valuation Motion, the Motion and the proposed Complaint do not

---

[1] Douglas Draper has represented Dugaboy throughout Highland's bankruptcy case, including in connection with the Valuation Motion. Louis Phillips has represented HMIT since the spring of 2021, including in connection with the

2

simply seek a determination that Movants are entitled to information from the Claimant Trust under the Claimant Trust Agreement or applicable law. If that is what the Movants actually wanted, the Complaint would be no more than a handful of pages. Instead, in lengthy, rambling pleadings, Movants attempt to portray Dondero as a helpless and tragic victim, betrayed by the bankruptcy process, the judiciary, and a bunch of conniving thieves, led—of course—by the antagonist-in-chief, management of the Claimant Trust and reorganized HCMLP.

4.  Naturally, the Movants ignore that fact that Dondero and those acting in concert with him are serial litigators[2] who have left a trail of destruction in their wake.[3] But more importantly, the Movants' litany of baseless conspiracy theories are irrelevant to the Motion.

5.  The Movants have no legal right to the "valuation" information they purportedly seek; that is exactly why they must seek equitable relief. Stymied by the law, the Movants apparently intend to use their Complaint as a vehicle to spew venom, engage in groundless character assassination, re-litigate matters decided years ago, and seek information that they surely will try to use to commence further litigation that will be subject to the Gatekeeper in the Plan.[4] Accordingly, if Movants want to continue to pursue their request for information, the Court should

---

Valuation Motion. However, neither lawyer represents the Movants in connection with the Motion. Instead, the Stinson firm—James Dondero's long-time, personal counsel—has taken the reins and filed the Motion on behalf of the Movants, thereby re-affirming Dondero's ultimate control of the Movants.

[2] *See generally Highland Capital Management, L.P.'s Memorandum of Law in Support of its Motion to Deem the Dondero Entities Vexatious Litigants*, a copy of which was attached as Exhibit A to *Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limit*, Case No. 3:21-cv-00881-X (N.D. Tex.) (the "Vexatious Litigant Motion"). A copy of the Vexatious Litigant Motion is annexed as **Exhibit 1**.

[3] *See, e.g.*, *Special Turnover Petition* filed in *UBS Securities LLC v. Dondero*, Index No. 650744/2023, NYSCEF No. 1 (Sup. Ct. N.Y. County Feb. 8, 2023) (the "UBS Special Petition"). A copy of the UBS Special Petition is annexed as **Exhibit 2**.

[4] In fact, Dondero's vexatiousness is continuing even before the Motion is adjudicated. On Friday afternoon, March 24, Highland was advised that—notwithstanding the dismissal of *two* separate section 202 proceedings in Texas state court—HMIT will file (through yet another lawyer) another baseless Gatekeeper motion in this Court in an attempt to attack management of the Claimant Trust and HCMLP and certain stakeholders.

3

require the Movants to modify the Complaint to eliminate the *ad hominem* attacks and efforts to re-litigate all that has transpired since the Independent Board's appointment in January 2020. Otherwise, the Complaint will lead to a full-fledged circus.[5]

6. The proposed Complaint seeks equitable relief in the form of information disclosures, an accounting, and judicial declarations concerning the value of the Claimant Trust and the Movants' interests therein. Movants seek no damages of any kind, nor do they seek to hold any Protected Party liable for anything. Accordingly, to the limited extent that litigation of the Complaint will concern Movants' entitlement (or lack thereof) to information, Highland does not object to Movants seeking the relief requested in the Motion from this Court on the ground that the Gatekeeper was not intended to apply to equitable requests of this type. And while the Claimant Trust certainly disputes Movants' claims to the equitable relief sought, the Claimant Trust does not believe the Court needs to make a colorability determination in connection therewith. The merits of Movants' equitable claims will be determined in due course in the adversary proceeding.

7. In sum, while Highland does not object to the Movants commencing an action in this Court seeking the equitable relief set forth in the draft Complaint attached to the Motion, if the Complaint is not modified as set forth above prior to filing, Highland reserves the right to seek sanctions under Rule 11 (because a substantial number of the allegations will never have any evidentiary support) and to strike under Rule 12(f) (because a substantial number of the allegations are immaterial, impertinent, and scandalous).

---

[5] Dondero's never-disputed threat to "burn the place down" if he did not get his way, and his later, written message to "[be] careful what you do – last warning" hang like pall over this bankruptcy case and serve as a clear warning for more to come, unless appropriately restrained by the courts, regulators, or the Department of Justice.

## **CONCLUSION**

WHEREFORE, Highland does not object to the filing of a complaint in this Court requesting the equitable relief described in the draft Complaint (and only such relief), but Highland specifically reserves the right to seek sanctions under Rule 11 and to strike under Rule 12 if Movants file their Complaint in its current form.

Dated: March 27, 2023          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*