MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq.
Texas Bar No. 24030781
3800 Ross Tower
500 N. Akard Street
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ11) |
| Debtor. | |

### STATEMENT BY NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. OF ISSUES ON APPEAL

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (the "Appellants"), creditors and parties-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), and, with respect to their *Joint Notice of Appeal* [docket no. 3682], hereby file their *Statement of Issues on Appeal* (the "Statement").

With respect to the Bankruptcy Court's *Memorandum Opinion and Order on Reorganized Debtor's Motion to Conform Plan* [docket no. 3671] (the "Plan Conforming Order"), where the Bankruptcy Court ordered the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [docket no. 1808], as further modified (the "Plan"), be revised as to its definition of "Exculpated Parties":

1.      Whether the Bankruptcy Court erred as a matter of law, and in contravention to the mandate of the Fifth Circuit Court of Appeals, when it failed to order that, in addition to revising the definition of "Exculpated Parties" in the Plan, the definition of "Protected Parties" in the Plan should also be revised to include only "(i) the Debtor, (ii) the Independent Directors, (iii) the Committee, and (iv) members of the Committee (in their official capacities)" (each as defined in the Plan).

2.      Whether the Bankruptcy Court erred as a matter of law, and in contravention to the mandate of the Fifth Circuit Court of Appeals, when it failed to order the revision of the Plan to remove the Plan's provision conferring limited qualified immunity on the Debtor's successors (the third paragraph of Article IX.F of the Plan).

3.      Whether the Bankruptcy Court erred as a matter of law, and in contravention to the mandate of the Fifth Circuit Court of Appeals, when it failed to order the revision of the gatekeeper provisions (the fourth paragraph of Article IX.F of the Plan) as provided for in said mandate.

RESPECTFULLY SUBMITTED this 27th day of March, 2021.

        **MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     3800 Ross Tower
     500 N. Akard Street
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584
     Email: drukavina@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on this the 27th day of March, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Appellee.

                                       By: /s/ Davor Rukavina
                                              Davor Rukavina, Esq.

Case 19-34054-sgj11    Doc 3693    Filed 03/27/23    Entered 03/27/23 16:34:14    Desc
Main Document    Page 3 of 3

STATEMENT BY NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. OF ISSUES ON APPEAL—Page 3
4849-6635-7984v.1 019717.00001