Brent R. McIlwain, TSB 24013140
David C. Schulte    TSB 24037456
Christopher Bailey TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Tel.:    (214) 964-9500
Fax:    (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC,
JESSUP HOLDINGS LLC,
FARALLON CAPITAL MANAGEMENT, L.L.C., AND
STONEHILL CAPITAL MANAGEMENT LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>Highland Capital Management, L.P.[1]<br><br>Debtor. | Case No. 19-34054 (SGJ)<br><br>Chapter 11<br><br>(Jointly Administered) |

**MUCK HOLDINGS, LLC, JESSUP HOLDINGS LLC, FARALLON CAPITAL MANAGEMENT, L.L.C., AND STONEHILL CAPITAL MANAGEMENT LLC'S OBJECTION TO HUNTER MOUNTAIN INVESTMENT TRUST'S OPPOSED APPLICATION FOR EXPEDITED HEARING ON EMERGENCY MOTION FOR <u>LEAVE TO FILE VERIFIED ADVERSARY PROCEEDING</u>**

Muck Holdings, LLC ("<u>Muck</u>"), Jessup Holdings LLC ("<u>Jessup</u>"), Farallon Capital Management, L.L.C. ("<u>Farallon</u>"), and Stonehill Capital Management LLC ("<u>Stonehill</u>", and collectively, with Muck, Jessup, and Farallon, the "<u>Claims Purchasers</u>") hereby file this *Objection*

---

[1] The last four digits of Debtor's taxpayer identification number are (6725). The headquarters and service address for Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

*to Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* (the "Objection").[2] In further support of the Objection, the Claims Purchasers respectfully state as follows:

## OBJECTION

1. This proceeding is yet another attempt by James Dondero ("Dondero") and his affiliates to exact revenge on any person or entity that obtains a recovery from the company he sought to destroy as his control was wrested away. In the process, he has wasted countless judicial resources as he forum shopped to try and find any court but this Court to address his complaints. Now, without any further options, Dondero, through HMIT, seeks to burden this Court with an emergency hearing that deprives the Claims Purchasers of their procedural rights.

2. Dondero's first attempt began in July 2021 with a pre-suit discovery request, targeting Farallon and Alvarez & Marsal, under Texas Rule of Civil Procedure 202 ("Rule 202"): *In Re: James Dondero*, Cause No. DC-21-09534, in the 95th Judicial District Court of Dallas County Texas (the "First 202"). This Court is well aware of the First 202, as Farallon and Alvarez & Marsal removed the case to this Court. After extensive briefing and a hearing, due to misalignment of the caselaw to the uniqueness of a Rule 202 proceeding as applied to a bankruptcy case, the Court remanded the First 202 to the Texas state court "with grave misgivings." The state court ultimately denied and dismissed the First 202 on June 1, 2022.

---

[2] Hunter Mountain Investment Trust ("HMIT") filed its *Emergency Motion for Leave to File Verified Adversary Proceeding* [Dkt. No. 3699] (the "Motion for Leave") on March 28, 2023. The Motion for Leave was coupled with HMIT's *Opposed Application for Expedited Hearing on Emergency Motion for Leave to file Verified Adversary Proceed* [Dkt. No. 3700] (the "Motion to Expedite"). This Objection is limited to the Motion to Expedite and will not address in detail the substantive issues raised in the Motion for Leave. Rather, as explained below, the Claims Purchasers should have a reasonable period of time, on a normal briefing schedule, to fully address the Motion for Leave.

2

#205075243

3. Rather than come back to this Court to seek pre-suit discovery under Rule 2004, Dondero waited more than six months and filed a new Rule 202 petition through his affiliate HMIT—raising the exact same issues related to claims trading as in the First 202, based on the same allegations of misconduct by Seery—but now in a different Texas state court: *In re: Hunter Mountain Investment Trust*, Cause No. DC-23-01004, in the 191st Judicial District of Dallas County Texas (the "Second 202"). The target of the Second 202 was once again Farallon, with the addition of Stonehill.  HMIT, undeterred by the dismissal of the First 202, carefully avoided not only this Court (through a proper request for discovery under Rule 2004), but also the 95th Judicial District Court that dismissed the First 202, and sought to convince yet another state court judge that it had a valid basis to "investigate" claims purchases in a bankruptcy proceeding.  The Second 202 met the same fate as the first: it was denied and dismissed on March 8, 2023.

4. It is against this backdrop that now, after more than a year from the date this Court issued its opinion on the First 202, stating that "[t]his court is not only familiar with the facts and parties, but there is a mechanism in the bankruptcy rules (Fed. R. Bankr. Pro. 2004; *see also* Fed. R. Civ. Pro. 27) to seek pre-suit discovery," and further stated that "Dondero's standing in filing the Rule 202 Proceeding would appear to be highly questionable and his motives highly suspect,"[3] HMIT is requesting that this Court treat its Motion for Leave as an emergency.  It simply is not.

5. The Motion for Leave is hundreds of pages long (inclusive of exhibits), with detailed, self-serving affidavits and reports from lawyers who Dondero and his affiliates have employed in his solipsistic effort to resurrect a recovery from the company he destroyed. But the

---

[3] *Memorandum Opinion and Order Granting James Dondero's Motion to Remand Adversary Proceeding to State Court, Denying Fee Reimbursement Request, and Related Rulings, Dondero v. Alvarez & Marsal CRF Management, LLC and Farallon Capital Management LLC,* Dkt. No. 22, 21-03051 (January 4, 2022), pg. 21 [emphasis added].

3

only emergency here is one of Dondero and HMIT's own making. They had every opportunity to seek discovery in this Court, and file the Motion for Leave on a reasonable timeframe. Instead, fixated on avoiding the scrutiny that this Court would apply, and the warranted skepticism as to the potential merits of the claims that this Court has already expressed, they "ran out the clock" and now seek to burden Claims Purchasers, the other targets, and this Court with an "emergency." As but one recent example of this approach, HMIT waited 20 days after the dismissal of the Second 202 to file the Motion for Leave, seeking expedited consideration on an "emergency" basis.

6. The Claims Purchasers are entitled to a reasonable opportunity to respond to the Motion for Leave. While HMIT's allegations are baseless,[4] responding to the scattershot Motion for Leave will require substantial time. Indeed, the standard under the "Gatekeeper Order" for a "colorable claim" requires a more detailed analysis than would be required by a typical motion heard on an emergency basis. While perhaps not perfectly analogous, the response will be similar to motion to dismiss under Fed. R. Civ. 12(b)(6). Requiring the Claims Purchasers to prepare and argue what is tantamount to a dispositive motion on anything less than regular notice would be prejudicial to the Claims Purchasers. Prejudice is exactly what Dondero and HMIT are seeking. They should not be rewarded for their obstreperous behavior.

WHEREFORE, the Claims Purchasers respectfully request that the Court deny the Motion to Expedite and grant the Claims Purchasers such other and further relief as is just and proper.

---

[4] While the underlying allegations of HMIT's Motion for Leave will be addressed by separate pleading, the Claims Purchasers will demonstrate that the factual predicates for the allegations are objectively false. Moreover, the "evidence" that forms the basis for the Motion for Leave and its associated verified pleading is largely based upon affidavits from Dondero and his counsel, which on its face should call into question the credibility of the assertions. Finally, it should be noted that the Office of the United States Trustee has had the allegations of Dondero—now HMIT—in the form of an alleged "investigatory" letter for more than a year, and no action has been taken.

#205075243

Dated:   March 30, 2023

HOLLAND & KNIGHT LLP

By: /s/ *Christopher A. Bailey*
Brent R. McIlwain, TSB 24013140
David C. Schulte, TSB 24037456
Christopher Bailey, TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Tel.:   (214) 964-9500
Fax:   (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC, JESSUP HOLDINGS LLC, FARALLON CAPITAL MANAGEMENT, L.L.C., AND STONEHILL CAPITAL MANAGEMENT LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served upon all parties receiving notice pursuant to the CM/ECF system on this the 30th day of March, 2023.

/s/ *Christopher A. Bailey*
Chris Bailey

#205075243