PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P., the Highland Claimant Trust, and James P. Seery, Jr., solely in his capacity as Chief Executive Officer of Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj |
| Reorganized Debtor. | |

**THE HIGHLAND PARTIES' OBJECTION
TO HUNTER MOUNTAIN INVESTMENT TRUST'S OPPOSED APPLICATION FOR
EXPEDITED HEARING ON EMERGENCY MOTION FOR LEAVE TO FILE
<u>VERIFIED ADVERSARY PROCEEDING</u>**

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-referenced bankruptcy case, the Highland Claimant Trust (the "Trust"), and James P. Seery, Jr.,

1

solely in his capacities as Chief Executive Officer of HCMLP and the Claimant Trustee ("Mr. Seery", and together with HCMLP and the Trust, the "Highland Parties"), by and through their undersigned counsel, hereby submit this response (the "Response") to the *Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* [Docket No. 3700] (the "Motion to Expedite") filed by Hunter Mountain Investment Trust ("HMIT"). In support of the Response, the Highland Parties represents as follows:

**OBJECTION**

1. Through its Motion to Expedite, HMIT desperately seeks a lifeline, asking this Court to (a) hold a hearing on three days' notice (or as soon thereafter as counsel can be heard) of its separate motion for leave to commence an adversary proceeding,[1] and (b) require the putative defendants to provide substantive responses to the Underlying Motion twenty-four hours before the hearing. Given that the so-called "emergency" is entirely of HMIT's own making and the putative defendants would be severally prejudiced by the granting of the Motion to Expedite, the Court should enforce Rule 7007-1(e) of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* ("Local Rule 7007-1"), grant defendants 21 days (*i.e.*, until April 18, 2023) to respond to the Underlying Motion, and otherwise deny the Motion to Expedite.[2]

2. HMIT baldly contends that "[g]ood cause exists because of a fast-approaching date (April 16, 2023) that one or more of the Respondents, as identified in the Emergency Motion, *may* argue constitutes the expiration of the statute of limitation concerning some of the common law

---

[1] *See Hunter Mountain Investment Trust's Emergency Motion for Leave to File an Adversary Proceeding* [Docket No. 2699] (the "Underlying Motion").

[2] Given the scope of the pleadings (and attachments), allegations, and claims, the Highland Parties reserve the right to seek additional time beyond that provided under Local Rule 7007-1 and to seek discovery prior to any hearing on the Underlying Motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (collectively, the "Reservations").

2

claims available to the Movant." Motion to Expedite ¶ 4 (emphasis in original, footnote omitted). But courts do not exist to protect litigants from the consequences of their own considered, deliberate decisions.

3. Here, it is indisputable that by June 2021, Mark Patrick (HMIT's titular head) and James Dondero (HMIT's actual control person) knew that gatekeeping orders existed because they were held in contempt of court at that time for violating them.[3] Thus, Messrs. Patrick and Dondero have known for nearly two years that obtaining leave of court is a prerequisite to pursuing claims against Mr. Seery.

4. It is also indisputable that Mr. Dondero and his myriad lawyers[4] had all the alleged "information" and formed all the supposed "beliefs" needed to prepare the proposed Complaint attached to the Underlying Motion because they were the foundation of (a) two self-serving and materially false letters sent in 2021 to the Executive Office for U.S. Trustees in Washington, D.C., and (b) separate petitions filed by Mr. Dondero and HMIT pursuant to Texas Rule of Civil Procedure 202, each of which was denied.

5. In light of the forgoing, the so-called "emergency" is entirely of Mr. Dondero's (and HMIT's) own making. He decided to "commission investigations," send irresponsible and false letters to the U.S. Trustee's office, and file petitions in Texas state court rather than timely seeking leave of this Court under the "gatekeeper" to pursue claims against Mr. Seery. The Court

---

[3] HMIT is a supposed investment trust created by Mr. Dondero in 2015 and effectively controlled by him since that time. HMIT was created to, among other things, accept the transfer of Mr. Dondero and Mark Okada's interests in HCMLP and shield the former HCMLP partners from substantial tax liabilities. HMIT is a defendant in the Litigation Trustee's action and owes the estate more than $90 million.

[4] Parsons McEntire McCleary PLLC is the third law firm to appear on behalf of HMIT in just the last four months, following Kelly Hart Pitre [*see, e.g.*, Docket No. 3638] and Mr. Dondero's long-time personal counsel at Stinson LLP [*see, e.g.*, Docket No. 3662].

should not save Mr. Dondero, Mr. Patrick, and HMIT from the consequences of their own deliberate, strategic decisions.

6. To do so would be highly prejudicial to the putative defendants for two simple reasons. First, because the Underlying Motion is voluminous and seeks permission to assert numerous and significant (although meritless) claims, the putative defendants should not be deprived of their rights under Local Rule 7007-1 to have adequate time to analyze the issues and consider and prepare their responses on the "colorability" issues, and those responses are expected to be significant. Second, and more fundamentally, the putative defendants would be severely prejudiced if this Court effectively interfered with affirmative defenses that will ripen shortly.

7. For the forgoing reasons, and those set forth below, the Highland Parties respectfully request that the Court enter an order enforcing Local Rule 7007-1 and denying the Motion to Expedite, subject to the Reservations.

**ARGUMENT**

**A.    Messrs. Dondero and Patrick Have Long Known of the Gatekeeper**

8. Messrs. Dondero and Patrick have long known that "gatekeeping" provisions exist requiring leave of this Court before claims can be pursued against Mr. Seery because:

- In June 2021, each of them was found in contempt of court for violating "gatekeeper" provisions;[5] and

- Entities controlled by Mr. Dondero are using all available means to overturn the "gatekeeper" provision in Highland's Plan.[6]

---

[5] *See Memorandum Opinion and Order Holding Certain Parties and Their Attorneys in Civil Contempt of Court for Violation of Bankruptcy Court Orders* [Docket No. 2660], *aff'd*, Case No. 3:21-cv-01974-X [Docket No. 49] (N.D. Tex. 2022).

[6] *See, e.g.*, *Statement by NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. of Issues on Appeal* [Docket No. 3693] ¶3. *See generally NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, No. 22-669 (U.S. Sup. Ct.).

4

9. Consequently, HMIT cannot claim that it was unaware of the need to seek leave of this Court before pursuing claims against Mr. Seery.

**B.** **HMIT's Alleged "Information and Beliefs" Have Long Been Known**

10. HMIT's alleged "information and beliefs" that are the foundation of the Complaint subject of the Underlying Motion have been known since 2021:

- On December 17, 2020, in violation of an existing temporary restraining order, Mr. Dondero (then no longer an employee of HCMLP) sent an unsolicited email to Mr. Seery (and others) disclosing what he claims was "material, non-public inside information" that he obtained in his capacity as a member of the MGM board;[7]

- In July 2021, Mr. Dondero personally verified a petition in Texas state court in which he baselessly alleged that Mr. Seery used material, non-public information to entice his "age-old" friends at Farallon to unlawfully purchase claims in order to enrich himself [**Morris Dec. Ex. A ¶¶20-23**];

- In October 2021, Douglas Draper sent a 12-page letter (with dozens of pages of attachments) to the Executive Office of U.S. Trustees requesting an investigation into, among other things, "the circumstances surrounding the sale of claims" by UCC members and whether "non-public inside information was furnished to claims purchasers" [**Morris Dec. Ex. D**];

- In November 2021, Davor Rukavina sent a 19-page letter (with dozens of pages of attachments) to the Executive Office of U.S. Trustee providing more "information" about alleged unlawful claims trading, insider trading, and breaches of fiduciary duties [**Morris Dec. Ex. E**];

- In May 2022, Mr. Dondero personally verified an amended petition (the "First 202 Petition") which added more baseless allegations of supposed wrongdoing that ultimately formed the basis for the Complaint subject to the Underlying Motion [**Morris Dec. Ex. B ¶¶ 17-29**];

- On June, 1, 2022, the First 202 Petition was denied and the case was dismissed [**Morris Dec. Ex. C**];

- In January 2023, HMIT filed a petition (verified by Mr. Patrick) in Texas state court (the "Second 202 Petition") that laid out even more allegations of unlawful claims

---

[7] *See Declaration of James Dondero, sworn to February 15, 2023* [¶ 3, Ex. 1] attached as **Exhibit G** to the *Declaration of John A. Morris in Support of the Highland Parties' Objection to Hunter Mountain Investment Trust's Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* ("Morris Dec.") being filed simultaneously with this Response.

5

trading, insider trading, and breaches of fiduciary duties that formed the basis for the Complaint subject to the Underlying Motion [**Morris Dec. Ex. F ¶¶16-24**];

- In January 2023, Mr. Dondero filed a declaration in support of the Second 202 Petition in which he swore under oath to seemingly significant facts that were curiously omitted from his original verified petition or his verified amended petition [*Compare* **Morris Dec. Ex. G** *with* **Morris Dec. Exs. A and B**]; and

- On March, 8, 2023, the Second 202 Petition was denied and the case was dismissed [**Morris Dec. Ex. C**].

11. Based on the forgoing, it is indisputable that Mr. Dondero knew of the bases of HMIT's alleged claims no later than 2021. Rather than seeking leave to pursue claims against Mr. Seery, Mr. Dondero knowingly and intentionally chose to press his allegations to the Executive Office of the U.S. Trustees and before two different state courts, albeit to no avail.[8]

## C. The Defendants Would Be Severely Prejudiced if the Motion to Expedite Were Granted

12. The putative defendants would be severely prejudiced if the Motion to Expedite were granted because it would (a) deprive them of the time needed to prepare, and (b) would likely impair what will otherwise be valid affirmative defenses.

### 1. The Underlying Motion Is Substantial

13. While baseless, the Underlying Motion is substantial, with the main pleading measuring 36 pages long, including 61 footnotes. There are approximately 350 pages of exhibits, including the draft *Verified Adversary Complaint* (the "Complaint").

14. The Complaint itself is 28 pages long and purports to assert six causes against five different defendants. For added measure, HMIT seeks punitive damages and purports to bring claims derivatively on behalf of HCMLP and the Trust.

---

[8] To date, the Highland Parties have never received any communications or requests for information from the Executive Office of the U.S. Trustees or any other branch or office of the United States Trustee concerning any of the false allegations at issue.

6

15. The "gatekeeper" exists for a reason. It is intended to prevent third parties from bringing frivolous claims. The purpose of the "gatekeeper" will be eviscerated if the Highland Parties are not given adequate time to analyze the potential claims and provide a detailed response. The Highland Parties will be severely prejudiced if forced to respond on a tightened time frame—prejudice that cannot possibly be justified under "emergency" circumstances of HMIT's own making.

### 2. **The Defendants Will Be Prejudiced if the Court Effectively Strips an Affirmative Defense from Them**

16. The sole basis for the Motion to Expedite is that HMIT's failure to timely bring its action will supposedly cause the statute of limitations to run on certain causes of action. The Court should decline HMIT's plea for a lifeline.

17. According to HMIT, the statute of limitations may run on certain causes of action if the Motion to Expedite is not granted. It is hard to imagine a greater prejudice that could be imposed on a putative defendant than a court intervening to thwart a complete and valid affirmative defense that is on the cusp of ripening—particularly where, as here, the "emergency" is of the plaintiff's own doing.

### CONCLUSION

WHEREFORE, the Highland Parties respectfully request that the Court enter an order enforcing Local Rule 7007-1 and denying the Motion to Expedite, subject to the Reservations.

| | |
|---|---|
| Dated: March 30, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Jeffrey N. Pomerantz (CA Bar No. 143717) |
| | John A. Morris (NY Bar No. 2405397) |
| | Gregory V. Demo (NY Bar No. 5371992) |
| | Hayley R. Winograd (NY Bar No. 5612569) |
| | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-6910 |
| | Facsimile: (310) 201-0760 |
| | Email: jpomerantz@pszjlaw.com |
| |    jmorris@pszjlaw.com |
| |    gdemo@pszjlaw.com |
| |    hwinograd@pszjlaw.com |
| | |
| | -and- |
| | |
| | **HAYWARD PLLC** |
| | */s/ Zachery Z. Annable* |
| | Melissa S. Hayward (Texas Bar No. 24044908) |
| | Zachery Z. Annable (Texas Bar No. 24053075) |
| | 10501 N. Central Expy, Ste. 106 |
| | Dallas, Texas 75231 |
| | Telephone: (972) 755-7100 |
| | Facsimile: (972) 755-7110 |
| | Email: MHayward@HaywardFirm.com |
| |    ZAnnable@HaywardFirm.com |
| | |
| | *Counsel for the Highland Parties* |