Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Petitioner Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |

### HUNTER MOUNTAIN INVESTMENT TRUST'S REPLY IN SUPPORT OF ITS OPPOSED APPLICATION FOR EXPEDITED HEARING AND RESPONSE TO OBJECTIONS FILED BY RESPONDENTS

Hunter Mountain Investment Trust ("HMIT"), Movant, on behalf of itself and derivatively on behalf of the Reorganized Debtor and the Highland Capital Trust, files this Reply in Support of its Opposed Application for Expedited Hearing and Response to the Objections filed by Respondents ("Reply"), which responds to the (1) Objection to

1

Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding (Doc. 3704) filed by Muck Holdings, LLC ("Muck"), Jessup Holdings, LLC ("Jessup"), Farallon Capital Management, LLC ("Farallon"), and Stonehill Capital Management, LLC ("Stonehill") (collectively the "Muck/Jessup Objection") and (2) Objection to Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding (Doc. 3707) which states that it is filed by Highland Capital Management, L.P. ("HCMLP"), the Reorganized Debtor, and the Highland Claimant Trust (the "Trust"), as well as James P. Seery, Jr. solely in his capacities as Chief Executive Officer of HCMLP and the Claimant Trustee ("Seery") (collectively, the "Objection").[1] By this Reply in Support of its Opposed Application for Expedited Hearing ("Application") (Doc. 3700), HMIT seeks an accelerated hearing on its Emergency Motion for Leave to File Verified Adversary Proceeding ("Motion") (Doc. 3699), and states as follows:

**A.     Objection Filed by The "Highland Parties"**

1.     The Objection filed on behalf of the so-called "Highland Parties" distorts the reality and nature of the proposed Adversary Proceeding. HMIT seeks leave to represent the Reorganized Debtor, Highland Capital Management, L.P. ("Reorganized

---

[1] The Objection incorrectly and expediently attempts to recharacterize or limit the capacity in which Mr. Seery may be sued in the proposed Adversary Proceedings.

2

Debtor") and the Highland Capital Trust ("Claimant Trust") in a derivative capacity. They are not defendants against whom any relief is sought; rather, HMIT seeks damages and other relief *on behalf of* both the Reorganized Debtor and the Claimant Trust.

2. Mr. Morris and the Pachulski law firm should consider whether they have an apparent conflict in their attempt to represent the Reorganized Debtor and the Claimant Trust while concurrently representing Mr. Seery in proceedings relating to the proposed Adversary Proceeding. To the extent Mr. Morris seeks to represent the Reorganized Debtor and the Claimant Trust in these current proceedings, his attempt to do so confirms the futility of any further demand to the representatives of the Claimant Trust or the Reorganized Debtor to prosecute the claims (as set forth in the proposed Adversary Proceeding) against Mr. Seery and others. No further proof of futility is needed. The Objection, on its face, reinforces and further confirms the need and propriety of HMIT's request to bring this action as a derivative action against Mr. Seery and others.

**B.   Weaponized Gatekeeping Order**

3. One of the principal arguments advanced in the Objection is stunning. The Objection urges this Court to delay a ruling on HMIT's Application so Mr. Seery can develop a potential statute of limitations defense. In essence, counsel is using the Court's Gatekeeping orders as a sword to create an opportunity (where none currently exists) to assert that one or more of the proposed claims are time-barred. To be clear, HMIT is

seeking to comply with the Court's Gatekeeping orders, and counsel seeks to punish HMIT for doing so.

4. There should be no doubt that HMIT's proposed Adversary Proceeding would be filed already *but for* HMIT's efforts to comply with the Court's Gatekeeping requirements and the injunction provisions of the Plan.[2] Thus, the Objection is attempting to abuse the Court's gatekeeping procedures in a way that betrays any concept of fairness and justice.

5. Furthermore, the Objection, if indulged, will potentially injure the Reorganized Debtor and the Claimant Trust further indicating an apparent conflict of interest.

6. Mr. Seery's Objection also continues to distort the relationship between Mr. Dondero and HMIT. Mr. Dondero is a fact witness in HMIT's proposed Adversary Proceeding. The rhetoric about Mr. Dondero and Mr. Patrick is irrelevant and a mere distraction in the context of the pending Application.

C. The "Muck, Jessup" Objection

7. The Muck/Jessup Objection consists of four pages, three of which are devoted to rhetoric regarding Jim Dondero that is irrelevant to the issues before the Court. The Muck/Jessup Objection also states that HMIT's Rule 202 Proceedings should

---

[2] Doc. 1943, The Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified).

4

not have been filed, and that HMIT should have requested discovery in these bankruptcy proceedings. However, as reflected in the transcript attached to HMIT's Motion for Leave, at Exhibit 4-B, the decision to pursue Rule 202 discovery in Texas state court was based on the notion that the process and procedures in state court would be comparatively less time consuming. Now, Muck, Jessup, Farallon, and Stonehill seek further unwarranted, self-serving delays.

8. Muck, Jessup, Farallon, and Stonehill are familiar with the exhibits attached to HMIT's Motion; they are also acutely familiar with the claims identified in HMIT's Motion and the proposed Adversary Proceeding. This is because they defended the recent Rule 202 Proceedings which involved many of the same issues and exhibits. Any suggestion they need substantially more time to respond is yet another thinly veiled attempt to fabricate a statute of limitations defense—where none should exist.

D. **Good Cause for an Expedited Hearing**

As outlined in the Application and Motion, good causes exists under Rule 9006 of the Federal Rules of Bankruptcy Procedure to authorize a shortened time for a response and hearing. The objections focus on criticisms rather than providing the Court with any compelling arguments against an expedited hearing. Again, an expedited hearing is intended to benefit the Reorganized Debtor and the Claimant Trust.

5

**E.     Request for Expedited Hearing**

HMIT again requests that the Court schedule HMIT's Motion for Leave for the earliest time convenient to the Court during the week of April 3. HMIT's request is reasonable, and it seeks an expedited hearing to avoid creating a potential defense that would not otherwise exist. Accordingly, HMIT requests its Application be granted.

DATED: March 31, 2023.                    Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: /s/ *Sawnie A. McEntire*
    Sawnie A. McEntire
    Texas State Bar No. 13590100
    smcentire@pmmlaw.com
    1700 Pacific Avenue, Suite 4400
    Dallas, Texas 75201
    Telephone: (214) 237-4300
    Facsimile: (214) 237-4340

    Roger L. McCleary
    Texas State Bar No. 13393700
    rmccleary@pmmlaw.com
    One Riverway, Suite 1800
    Houston, Texas 77056
    Telephone: (713) 960-7315
    Facsimile: (713) 960-7347

    *Attorneys for Hunter Mountain Investment Trust*

**CERTIFICATE OF SERVICE**

I certify that on the 31st day of March 2023, a true and correct copy of the foregoing Amended Certificate of Conference was served on all counsel of record via the Court's CM/ECF system or, as appropriate, on the Respondents directly.

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire