Sawnie A. McEntire

Texas State Bar No. 13590100

smcentire@pmmlaw.com

1700 Pacific Avenue, Suite 4400

Dallas, Texas 75201

Telephone: (214) 237-4300

Facsimile: (214) 237-4340

Roger L. McCleary

Texas State Bar No. 13393700

rmccleary@pmmlaw.com

One Riverway, Suite 1800

Houston, Texas 77056

Telephone: (713) 960-7315

Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |

## HUNTER MOUNTAIN INVESTMENT TRUST'S EMERGENCY MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Hunter Mountain Investment Trust ("HMIT" or "Movant") files this Emergency Motion for Leave to File Interlocutory Appeal ("Emergency Motion") of this Court's orders: (1) denying Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on its Emergency Motion for Leave to File Verified Adversary

[1]

Proceeding (Doc. 3700)[1] ("Expedited Hearing Request"), and (2) requiring HMIT to contact the Court's clerk to set a hearing no sooner than April 19, 2023, both of which are contained in the "Order Denying Application for Expedited Hearing [DE #3700]" (Doc. 3713) ("Order") entered in this matter on March 31, 2023,[2] and respectfully shows as follows:

## BACKGROUND

1. Under the Fifth Amended Plan of Reorganization of Highland Capital Management, the Bankruptcy Court holds a gatekeeping role with exclusive authority to predetermine the colorability of any civil action to be brought against "Protected Parties" (as defined in the confirmed Plan) before such an action can be filed ("Gatekeeping Order").[3] The gatekeeping protocol requires the Bankruptcy Court, after notice, to conduct a hearing upon a motion for leave to file an action, if there is a dispute.[4]

2. After first attempting to conduct related discovery on an expedited basis in Texas state court, which was denied, on March 8, 2023, HMIT filed its Emergency Motion for Leave to File Verified Adversary Proceeding (Doc. 3699) ("Emergency Motion For

---

[1] Unless otherwise referenced, all references to evidence involving documents filed in the Debtor's bankruptcy proceedings (Case No. 19-34054-sgj11 (Bankr. N.D. Tex.)) are cited by "Doc." reference. HMIT asks the Court to take judicial notice of the documents identified by such entries.

[2] A copy of the Order is attached hereto as an exhibit to the Notice of Appeal attached hereto as Exhibit 1.

[3] Fifth Amended Plan of Reorganization of Highland Capital Management (Doc. 1808) at Article IX(F), pp. 51-52.

[4] *Id*.

[2]

Leave"), attaching thereto the proposed Verified Adversary Proceeding as Exhibit 1 (Doc. 3699-1) (the "Adversary Proceeding").[5] The Emergency Motion For Leave and proposed Adversary Proceeding included lengthy and detailed allegations and evidence supporting HMIT's proposed claims. In the proposed Adversary Proceeding, HMIT seeks to sue in its individual capacity and in a derivative capacity on behalf of the Reorganized Debtor, Highland Capital Management, L.P. ("HCM" or "Reorganized Debtor") and the Highland Claimant Trust ("Claimant Trust") against Muck Holdings, LLC ("Muck"), Jessup Holdings, LLC ("Jessup"), Farallon Capital Management, LLC ("Farallon"), Stonehill Capital Management, LLC ("Stonehill"), James P. Seery, Jr. ("Seery") and John Doe Defendant Nos. 1-10 (Muck, Jessup, Stonehill, Farallon, Seery and the John Doe Defendant Nos. 1-10 (collectively, "Proposed Defendants")) asserting, *inter alia*, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and fraud.[6]

3. On March 28, 2023, HMIT filed its Application for Expedited Hearing on the Emergency Motion for Leave to File Verified Adversary Proceeding (Doc. 3700) ("Application"). The principal justification for the emergency hearing requested in the Application was because of a fast-approaching date (April 16, 2023) that one or more of

---

[5] HMIT's Emergency Motion for Leave to File Verified Adversary Proceeding (Doc. 3699), including the proposed Verified Adversary Proceeding attached as Exhibit 1 (Doc. 3699-1) to that motion, are on file in this matter and are incorporated herein by reference.

[6] *See* the proposed Adversary Proceeding.

[3]

the Proposed Defendants will argue constitutes the expiration of the statute of limitations concerning some of the common law claims available to Movant. Although HMIT previously offered to enter into tolling agreements with each of the Proposed Defendants with whom they have successfully contacted, this offer was either rejected or HMIT did not receive an affirmative agreement to do so. While conferring regarding this Emergency Motion and HMIT's related application for expedited hearing on Monday, April 3, 2023, HMIT reiterated its request for a tolling agreement – but the Proposed Defendants have either rejected this request or not responded (and are presumed to have rejected it per the related correspondence) as of the filing of this Emergency Motion. *See* e-mail correspondence from Mr. John Morris dated April 2, 2023, with included e-mail chain, a true and correct copy of which is attached to and incorporated in this Emergency Motion as Exhibit 2;[7] *see also* e-mail correspondence from HMIT counsel Roger McCleary to counsel for Farallon, Stonehill, Muck, and Jessup, dated April 2, 2023, with included e-mail chain, a true and correct copy of which is attached to and incorporated in this Emergency Motion as Exhibit 3.

---

[7] In light of the nature of the proposed proceedings, whereby HMIT proposes to represent the Reorganized Debtor or the Highland Claimant Trust derivatively, HMIT does not agree with (and does not admit) the propriety of, the substantive content of, or any procedural need for Mr. Morris's request to be identified as counsel for the Reorganized Debtor and Highland Claimant Trust in the certificate of conference related to this Emergency Motion. Exhibit 2 is attached for the limited purposes of this Emergency Motion and HMIT makes no admission of any kind in this regard to Exhibit 2.

[4]

4.    Accordingly, this Emergency Motion has become necessary. Because the Emergency Motion For Leave is necessary, given the Bankruptcy Court's Gatekeeping Order and the injunction provisions of the Plan, emergency leave is required. Expedited consideration of the Emergency Motion For Leave and of this Emergency Motion seeking interlocutory appeal is necessary and appropriate to protect and preserve the rights of the Reorganized Debtor, the Highland Claimant Trust, and HMIT.[8]

5.    On March 30, 2023, Muck, Jessup, Farallon, and Stonehill filed objections claiming they needed time to evaluate the claims. The Objection filed on behalf of Mr. Seery argued that the Court should not grant the Application or agree to an expedited hearing on the Emergency Motion for Leave, and invited the Court to allow an argument that limitations bars some of HMIT's claims without considering the merits (together, "Objections").[9]

6.    On March 31, 2023, HMIT filed its Reply In Support of Its Opposed Application for Expedited Hearing and Response to Objections Filed by Respondents

---

[8] HMIT respectfully requests that this Emergency Motion be addressed and decided on an expedited basis that provides HMIT sufficient time to bring the proposed action or to seek review/relief timely. In the event the Court denies the requested relief, HMIT respectfully requests prompt notice of the Court's ruling to allow HMIT sufficient time to seek, if necessary, appropriate review/relief. In order to have a fair opportunity to seek such relief on a timely basis and protect HMIT's rights and the rights of the Reorganized Debtor, HMIT anticipates it will need to seek review/relief as soon as possible in the event HMIT's application for expedited hearing on this Emergency Motion is not granted on or before April 5, 2023, or in the event this Emergency Motion has not been or cannot be resolved by on or before Monday, April 10, 2023. However, HMIT reserves its rights to pursue appropriate review/relief at any time.

[9] As stated, despite claiming that they needed more time to evaluate the claims, the Proposed Defendants refused to enter into a tolling agreement.

(Doc. 3712) ("Reply"), stating in reply to the Objections that the Proposed Defendants had ample notice of the proposed claims because they were the subject of pre-litigation discovery requests and that the Proposed Defendants should not be allowed to weaponize the Gatekeeping Order and gatekeeping protocol to fashion a possible limitations defense (as an attempt to avoid a merits-based consideration of the claims).[10]

7. Within an hour after HMIT filed its Reply, the Bankruptcy Court entered the Order denying HMIT's emergency request and *sua sponte* ordering HMIT to contact the Court's clerk to schedule the hearing no sooner than April 19, 2023.[11]

## PRELIMINARY STATEMENT

8. Since the filing of the Emergency Motion for Leave, HMIT has become aware of authority holding that the filing of the Emergency Motion for Leave, with the attached proposed Adversary Proceeding, likely tolls the applicable statutes of limitations as to at least one of the Proposed Defendants, so that the hearing date set by the Bankruptcy Court may be irrelevant as to that Proposed Defendant. However, it is also clear that at least one of the Proposed Defendants does not agree. HMIT still has a valid concern about the need for an expedited hearing because counsel for Mr. Seery is aggressively arguing that all Proposed Defendants should be given the advantage of an

---

[10] HMIT's Reply is incorporated herein by reference in its entirety.

[11] As stated, one or more of the Proposed Defendants will argue that HMIT's claims will be barred by limitations as of April 16, 2023.

[6]

opportunity to argue the running of the applicable statute of limitations.[12] It is also clear that all of the Proposed Defendants have refused HMIT's request for a tolling agreement or refused to respond to the request to do so.

9.  HMIT therefore finds itself in an incongruous situation. On the one hand, the filing of the Emergency Motion for Leave likely tolls the running of any applicable limitations periods as to at least one of the Proposed Defendants. On the other hand, HMIT's concerns about the limitations defense are clearly well founded, as Proposed Defendants' counsel is otherwise arguing that the Bankruptcy Court should provide all Proposed Defendants the affirmative defense of limitations by scheduling the gatekeeping hearing on a date that they claim constitutes the expiration of the limitations period on various common law claims.

## QUESTIONS PRESENTED

10.  Does the threat of a potential limitations defense potentially barring some of HMIT's proposed Adversary Proceeding claims justify an interlocutory appeal of the Order denying an expedited hearing upon the HMIT Motion for Leave?

11.  Does the threat of a potential limitations defense potentially barring some of HMIT's proposed Adversary Proceeding claims justify an interlocutory appeal of the Bankruptcy Court's Order requiring that a hearing be set no sooner than April 19, 2023,

---

[12] This argument could be extended, of course, to include the assertion that the Bankruptcy Court should withhold ruling on the Emergency Motion for Leave until all applicable limitations periods have run, and then deny leave to file the proposed Adversary Proceeding due to the running of the limitations period.

[7]

when it is clear that the Proposed Defendants will argue that at least certain of the claims in the proposed Adversary Proceeding must be dismissed because of the running of applicable statutes of limitations as of April 16, 2023 (three days before the Bankruptcy Court's scheduled hearing date)?

12. Does *Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) require a finding by the Honorable District Court that the filing of the Motion for Leave tolled the applicable statutes of limitations so that (i) the date of the Bankruptcy Court's scheduled hearing on the Emergency Motion for Leave is irrelevant and (ii) therefore, this Emergency Motion for leave to appeal should be denied?

## STANDARD

13. An appeal from an interlocutory order or decree of a bankruptcy court is governed by 28 U.S.C. §158(a)(3). Section 158(a)(3) does not articulate the standard a district court must use in deciding whether to grant leave in its discretion, but "[c]ourts in the Fifth Circuit ... have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally." *In re Hallwood Energy, L.P.*, Civ. Action No. 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013)(*citing In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)). The decision whether to grant an interlocutory appeal is firmly within the district court's discretion. *Id.*; *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-24 (N.D. Tex. 2006) (internal citation omitted).

14. "Section 1292(b) expressly permits a district court to certify an order for interlocutory appeal only if it 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C.A. § 1292(b) (1994 & Supp. 2005). This terminology was intended to restrict the category of cases suitable for permissive appeal, but courts have not always agreed on the contours of the stated limitations. *See* 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3929 at 366–67 (2d ed.1996). *See generally Ahrenholz v. Bd. of Trustees of the Univ. of Illinois,* 219 F.3d 674, 676 (7th Cir. 2000) ("The [§ 1292(b) criteria, unfortunately, are not as crystalline as they might be...."). For example, at times, courts including the Fifth Circuit have held that § 1292(b) appeals are appropriate under only "exceptional" circumstances or in "big" cases. *Clark–Dietz and Associates-Engineers v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir.1983) (explaining that interlocutory appeals are permitted only under "exceptional" circumstances); *see Gottesman v. Gen. Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959) (clarifying that certification should be "strictly limited to the precise conditions stated in the law"); WRIGHT & MILLER, *supra,* § 3929 at 365 & n. 10 (internal citations omitted) (collecting cases holding interlocutory appeal appropriate only in "big" or "exceptional" cases). Conversely, at other times courts—the Fifth Circuit included—have employed a more flexible approach to § 1292(b) appeals." *Ryan*, 444 F. Supp. at 721.

15. For more clarification, courts have found substantial ground for difference of opinion (justifying an interlocutory appeal) where a court order determines a matter which appears contrary to the rulings of Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not yet spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *Id.* at 723-24 (internal citation omitted). Here, in a case substantially similar to this case, the Fifth Circuit has found that a court order which requires a proposed claim to be filed more than 21-days in advance of the limitations date is improper. *See, e.g.*, *Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008).

### RIGHT TO INTERLOCUTORY APPEAL SHOULD BE GRANTED, OR, ALTERNATIVELY, SHOULD BE DENIED BASED UPON *NEWBY v. ENRON CORP.*, 542 F.3d 463, 470 (5th Cir. 2008)

16. The controlling issue of law is whether good cause exists to require an emergency hearing on HMIT's proposed Adversary Proceeding. Fed. R. Bank P. 9006 (c)(1) authorizes a shortened time for a response and hearing for good cause. As set forth in its Application seeking an expedited hearing upon its Emergency Motion For Leave, in addition to a potential limitations consideration, good cause exists and separately justifies expedited action on the Emergency Motion For Leave, to hasten HMIT's right to

pursue prompt relevant discovery (which the Proposed Defendants refused in pre-litigation), and reduce the threat of loss of potentially key evidence.[13]

17. The proposed Adversary Proceeding alleges claims which are substantially more than "colorable" based upon plausible allegations that the Proposed Defendants, acting in concert, perpetrated a fraud, including a fraud upon innocent stakeholders, as well as breaches of fiduciary duties and knowing participation in (or aiding and abetting) breaches of fiduciary duty. The proposed Adversary Proceeding also alleges that the Proposed Defendants did so collectively by falsely representing the value of the Debtor's Estate, failing to timely disclose accurate values of the Debtor's Estate, and trading on material non-public information regarding such values. HMIT also alleges that the Proposed Defendants colluded to manipulate the Debtor's Estate—providing Seery the opportunity to plant close business allies into positions of control to approve Seery's compensation demands following the Effective Date.

18. Relief upon this Emergency Motion is justified because it is now clear that one or more of the Proposed Defendants will argue, depending upon choice of law, that the statute of limitations may bar some of the common law claims, and further that the Bankruptcy Court should act to assist them in creating a statute of limitations defenses.[14]

---

[13] Upon information and belief, Proposed Defendant Seery has been deleting text messages on his personal iPhone via a rolling, automatic deletion setting.

[14] The first insider trade at issue involved the sale and transfer of Claim 23 in the amount of $23 million held by ACMLD Claim, LLC to Muck on April 16, 2021 (Doc. 2215).

[11]

The proposed Adversary Proceeding seeks to benefit all innocent stakeholders while working within the terms and provisions of the Plan. Allowing any potential limitations to bar any of the claims would result in a substantial injustice which far outweighs any potential harm to the Proposed Defendants.[15] *See Newby*, 542 F.3d at 470.

19. *Newby v. Enron* held that the district court erred when finding it would not adjudicate a motion for leave before the applicable statute of limitations ran. In other words, as shown below, *Newby v. Enron* held that a motion for leave should be heard prior to any applicable limitations deadline. While HMIT is under no illusion that the Bankruptcy Court grounded its ruling in *Newby*, it is the position of HMIT that perhaps, in fact, the scheduled hearing date is irrelevant. Counsel for Proposed Defendants has clearly threatened (i) that the running of the limitations periods continues and (ii) that Proposed Defendants should be given access to the affirmative defenses through scheduling (which as stated could easily extend to date of ruling).[16]

---

[15] As of December 31, 2022, the Claimant Trust has distributed $255,201,228.[15] On a *pro rata* basis, that means that innocent creditors have received approximately $22,373,000 in distributions against the stated value of their allowed claims. That leaves a remaining unpaid balance of approximately $9,627,000. Muck and Jessup already have received approximately $232.8 million on their Claims. Assuming and original investment of approximately $160 million, this represents over $72 million in ill-gotten profits that, if disgorged, would be far more than what is required to fully pay all other innocent creditors - immediately placing HMIT in the status of a vested Claimant Trust Beneficiary. The benefits to the Reorganized Debtor, the Claimant Trust and innocent stakeholders are undeniable. Further, under the present circumstances and time constraints, an interlocutory appeal should be granted to avoid the prospect of the loss of some of HMIT's and the Claimant Trust's claims and denial of due process.

[16] *See* Highland Parties' Objection to Expedited Hearing on the Emergency Motion for Leave (Doc. 3707).

20. Therefore, HMIT briefs the issue of whether the Bankruptcy Court could facilitate a defendant's affirmative defense of statute of limitations by delaying adjudication of HMIT's motion.

21. In *Newby v. Enron*, a district court enjoined a law firm from filing any new actions related to a Chapter 11 debtor without leave of court. The law firm then moved to file 34 lawsuits in state court. There, the motion for leave was filed on October 14, 2005 and the statute of limitations of some of the claims expired on October 17, 2005. The district court denied the motion, in part finding that these claims would be barred by the applicable statute of limitations by the time the motion was considered on November 3, 2005. The law firm appealed. The Fifth Circuit explained that:

> The district court was incorrect, however, in denying the motion for leave to file suit for the claims that have a four-year statute of limitations. The court did not cite any authority for using its own local rules to dictate the state's filing date for purposes of Texas's relation-back principle. In effect, the district court was requiring the Fleming Firm either to file a motion for leave at least twenty days before the statute of limitations expired—or perhaps even earlier if the district court did not rule on the motion in time— or to violate the injunction by filing in state court within the limitations period. *Cf. Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005) ("The logic underlying [using the date of filing for limitations purposes as opposed to the date the court rules on the motion] is that defendants are on notice of the amendment when the motion is filed and it would be unfair to plaintiffs if a trial court waited months or years to rule."). Thus, the district court should have allowed the Texas state courts to decide whether the filing of the state petitions relates back to the filing of the motion for leave to file suit (for the claims that have a four-year statute of limitations), meaning that these claims might not be futile. Because the Fleming Firm sought to file these claims before the statute of limitations expired, it is up to the state court to determine how to proceed. In sum, the district court improperly denied the motion for leave to file the claims involving common

law fraud and fraud-on-the-market (Count I), statutory fraud (Count III), and aiding and abetting common law fraud (Count VI), because these claims all have a four-year statute of limitations, and the Fleming Firm submitted its motion for leave to file suit before that limitations period expired.

*Newby v. Enron Corp.*, 542 F.3d at 470.

24. Despite binding precedent that precludes a Bankruptcy Court from effectively shortening a state law statute of limitations based on its local practice for setting motions, this is exactly what the Proposed Defendants have asked the Bankruptcy Court to do (in fact, arguing that if the Bankruptcy Court did not do so, it would fundamentally prejudice the Proposed Defendants). The Bankruptcy Court did what the Proposed Defendants asked of it, and therefore, this raises the issue of whether an interlocutory appeal should be granted to correct any assertion that the Bankruptcy Court could provide an affirmative defense of statute of limitations through its local motion practice, or, should be denied on the basis that the Fifth Circuit has already instructed that it cannot.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Hunter Mountain Investment Trust respectfully requests this Court grant HMIT leave to file an interlocutory appeal of the Order, and all such other and further relief to which HMIT may be justly entitled.

Dated: April 4, 2023.

[14]

Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: /s/ *Sawnie A. McEntire*
Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

### CERTIFICATE OF CONFERENCE

Counsel for Mr. Seery, who also claims to represent the Reorganized Debtor and the Highland Claimant Trust in these instant proceedings, states that he is opposed to this Emergency Motion. In light of the nature of the proposed proceedings, whereby HMIT proposes to represent the Reorganized Debtor and the Highland Claimant Trust derivatively, HMIT does not agree with (and does not admit) the propriety of or the substantive content of Mr. Mr. Morris's requested identification as counsel for the Reorganized Debtor and the Highland Claimant Trust, but HMIT is filing this certificate in this manner solely to accommodate Mr. Morris's request.

Although we conferred with counsel for the other respondents on April 3, 2023, we were told they would try to respond by the afternoon of April 3, 2023, but they have not done so. We, therefore, assume they are opposed to this Emergency Motion.

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire

### CERTIFICATE OF SERVICE

I certify that on the 4th day of April 2023, a true and correct copy of the foregoing motion was served on all counsel of record or, as appropriate, on the Respondents directly.

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire