PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**OMNIBUS REPLY IN FURTHER SUPPORT OF
HIGHLAND CAPITAL MANAGEMENT. L.P.'S OBJECTION
TO SCHEDULED CLAIMS 3.65 and 3.66 OF HIGHLAND CLO MANAGEMENT, LTD.**

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-referenced bankruptcy case, by and through its undersigned counsel, hereby submits this reply (the "Reply") (a) in further support of its *Objection to Scheduled Claims 3.65 and 3.66 of Highland*

1

*CLO Management, Ltd.* [Docket No. 3657] (the "Objection"), and (b) as a reply to the responses to the Objection filed by (i) Highland CLO Management, Ltd. ("HCLOM") [Docket No. 3715] ("HCLOM's Response"), and (ii) Acis Capital Management, L.P. ("Acis") [Docket No. 3717] ("Acis' Response", and together with the HCLOM Response, the "Responses"). In support of its Reply, Highland represents as follows:

## REPLY[1]

1. In HCLOM's Response, HCLOM disputes HCMLP's contentions that (a) HCLOM failed to provide consideration for the Note and the Note is therefore unenforceable, (b) HCLOM breached its obligations under the Assignment and otherwise thereby relieving HCMLP of any obligation to perform under the Note that it otherwise allegedly had, and (c) alternatively, any obligation HCMLP may have had to perform under the Note is subject to an offset of those Servicer Fees that HCLOM and/or Acis failed to remit to HCMLP.

2. In light of these disputed facts, HCLOM contends that it needs discovery. *See, e.g.*, HCLOM's Response ¶24. HCMLP agrees that discovery is appropriate here.

3. For its part, Acis recently moved to intervene in this contested matter.[2] HCMLP will not object to the Acis Motion to Intervene or to Acis' participation in this contested matter. In Acis' Response, Acis generally contends that the Note was the subject of a fraudulent conveyance and that—in all events—it owes nothing to HCMLP because the parties exchanged general releases as part of a broader settlement of all claims asserted against each other in the Highland and Acis bankruptcy cases (the "Settlement").

---

[1] Capitalized terms not defined in this Reply shall have the meanings ascribed to them in the Objection.

[2] *See Acis Capital Management, L.P.'s Motion to Intervene and Brief in Support* [Docket No. 3691] (the "Acis Motion to Intervene").

2

4. HCMLP (a) recognizes the complaint of a fraudulent conveyance, (b) recognizes that it and Acis previously exchanged general releases as part of the Settlement, and (c) confirms—for the avoidance of doubt—that HCMLP does not seek any direct recovery from Acis. Rather, the "setoff" issues raised in the Objection are asserted solely as an affirmative defense to any claim by HCLOM under the Note.

5. Since HCLOM's Response was filed, HCLOM and HCMLP have reached an agreement in principle to stay litigation of this contested matter (including Acis' Motion to Intervene) until September 30, 2023, which stay will continue thereafter until HCLOM or HCMLP provides 30 days' written notice to each other, Acis, and the Court of their intent to resume this contested matter (the "Stay Agreement"). Counsel for HCMLP and HCLOM will work in good faith, and confer with counsel for Acis, to reach a consensual, written Stay Agreement.

6. If a Stay Agreement is entered and subsequently terminated, HCMLP agrees with HCLOM that factual disputes exist that will warrant the imposition of an appropriate discovery and scheduling order and HCMLP reserves all rights to seek such an order (consensually or otherwise) when, as, and if it deems necessary and appropriate.

## CONCLUSION

WHEREFORE, HCMLP respectfully requests that the parties be given an opportunity to negotiate and present a Stay Agreement and to report back to the Court by April 24, 2023, if, for whatever reason, they are unable to do so.

Dated: April 10, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*