Thomas Cooke
Texas Bar No. 24124818
**AHMAD, ZAVITSANOS & MENSING PLLC**
1221 McKinney St., Suite 2500
Houston, Texas 77010
(713) 600-4925 Telephone
(713) 655-0062 Facsimile
tcooke@azalaw.com

Attorney for Acis Capital Management, L.P.
and Acis Capital Management GP, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| **HIGHLAND CAPITAL MANGEMENT,** § | | Case No. 19-34054-sgj11 |
| **L.P.,** § | | |
| § | | Re: Docket 247 |
| Debtor. § | | |
| § | | |

## BRIEF IN SUPPORT OF ACIS CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS F AND K TO ITS RESPONSE

On April 3, 2023, Intervenor Acis Capital Management, L.P. ("Acis") filed its Response to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd. in the above-styled Bankruptcy Case ("Response") [Dkt. 3717]. Acis also filed a motion seeking leave to file Exhibits F and K to the Response under seal (the "Motion") [Dkt. 3722]. Acis now files this Brief in Support of the Motion explaining the bases for its request to file these exhibits under seal.

Pursuant to § 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9077-1, Acis requests that the Court permit Acis to file under seal unredacted copies of Exhibits F and K to its Response.

1

## I.  RELEVANT BACKGROUND

1. Acis is engaged in an Adversary Proceeding with James Dondero, the former President of both Acis and Highland Capital, for breach of fiduciary duty.[1] One of the claims concerns Dondero's transfer of a $9.5 million promissory note (the "Note") that belonged to Acis.[2] That same Note is the basis of Highland CLO Management, Ltd. ("HCLOM")'s Claims 3.65 and 3.66 in the above-styled Bankruptcy Case. Accordingly, Acis has filed a Motion to Intervene [Dkt. 3695] and a Response [Dkt. 3717].

## II.  BASIS FOR RELIEF REQUESTED

2. Confidential information may be sealed by a bankruptcy court from the public record pursuant to § 107(b) of the Bankruptcy Code, which provides in relevant part that:

> On request of a party in interest, the bankruptcy court shall, and on bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

3. Section 107(b) is implemented through Bankruptcy Rule 9018. In pertinent part, that rule reads:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

4. Once the court determines that information falls within one of the categories enumerated in § 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures*

---

[1] *See* Original Complaint of Acis Capital Management, L.P. and Acis Capital Management GP, LLC [Case No. 18-30264-SGJ-11, Dkt. 1148].
[2] *Id.* at pp. 30-31 ¶¶ 89-92.

2

*Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (citing COLLIER ON BANKRUPTCY, ¶ 107.01, at 107-2 ("Protection is mandatory when requested by an [interested party].")).

5. Section 107(c) provides that the Court may protect an individual with respect to information the disclosure of which "would create undue risk of identity theft or other unlawful injury to the individual or the individual's property[.]"

6. Acis is filing this Motion out of an abundance of caution and out of respect for the other persons, parties, and entities involved in this Bankruptcy Case.

7. Exhibit F is a portion of the transcript from a hearing held in Case No. 18-30264-sgj7 on March 23, 2018. This portion of the transcript was filed under seal as Docket Entry No. 100. Admittedly, Acis is not certain of the basis on which the transcript was initially sealed. However, because the transcript contains potentially "scandalous or defamatory matter" at page 8, lines 17-20, Acis submits that it should remain sealed. 11 U.S.C. Section 107(b)(2).

8. Exhibit K is a general ledger that Highland Capital Management, L.P. ("Highland Capital") produced to Acis during Acis's bankruptcy. Acis is only relying on Rows 733 and 740 in its Motion, but the ledger shows transactions from 2011 through 2018. Without a thorough review of the entire ledger, Acis cannot be certain that the ledger does not contain confidential commercial information, *see* 11 U.S.C. § 107(b), or identifying information that could put one or more individuals or entities at undue risk of identity theft, *see* 11 U.S.C. § 107(c). Broad publication of any business's entire general ledger spanning years of transactions would be inappropriate and possibly harmful to that business. Again, out of an abundance of caution and respect for all persons involved, Acis submits that this sensitive financial document should be filed under seal.

9. No previous request for the relief sought herein has been made by Acis to this or any other court.

**WHEREFORE**, Acis requests that the Court grant the relief requested in the Motion and grant Acis such other or further relief as the Court deems proper.

DATED: April 10, 2023

Respectfully submitted,

*/s/ Thomas Cooke*
AHMAD, ZAVITSANOS & MENSING, PLLC
Joseph Y. Ahmad
Texas Bar No. 00941100
Federal Bar No. 11604
Shawn M. Bates
Texas Bar No. 24027287
Federal Bar No. 30758
Alex Dvorscak
Texas Bar No. 24120461
Thomas Cooke
Texas Bar No. 24124818
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com
tcooke@azalaw.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 10, 2023, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case.

*/s/  Thomas Cooke*
Thomas Cooke
