PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj |
| Reorganized Debtor. | |

**STIPULATION STAYING
CONTESTED MATTER CONCERNING HIGHLAND CAPITAL MANAGEMENT,
L.P.'S OBJECTION TO SCHEDULED CLAIMS 3.65 and 3.66 OF HIGHLAND CLO
MANAGEMENT, LTD. [DE # 3657] AND RELATED MATTERS [DE # 3691]**

This stipulation (the "Stipulation") is made by and among Highland Capital Management,

L.P. ("HCMLP"), the reorganized debtor in the above-referenced bankruptcy case, Highland CLO

1

Management, Ltd. ("HCLOM"), and Acis Capital Management, L.P. ("Acis" and together with HCMLP and HCLOM, the "Parties") by and through their respective undersigned counsel.

## RECITALS

**WHEREAS**, on February 2, 2023, HCMLP filed its *Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd.* [Docket No. 3657] (the "Objection");

**WHEREAS**, on March 21, 2023, the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") entered an order approving a scheduling stipulation entered into between HCMLP and HCLOM [Docket No. 3686] (the "Scheduling Order");

**WHEREAS**, on March 25, 2023, Acis filed its *Motion to Intervene and Brief in Support* [Docket No. 3691] (the "Acis Intervention Motion");

**WHEREAS**, on April 3, 2023, in accordance with the Scheduling Order, HCLOM timely filed its response (and supporting Appendix) to the Objection [Docket Nos. 3715 and 3716] thereby initiating a contest matter under Federal Rule of Bankruptcy Procedure 9014 (the "Contested Matter");

**WHEREAS**, on April 3, 2023, in accordance with the Scheduling Order, Acis timely filed its response to the Objection [Docket No. 3717] (the "Acis Response");

**WHEREAS**, on April 10, 2023, Acis and HCLOM filed a stipulation extending HCLOM's time to respond to the Acis Intervention Motion and fixing Acis' time to file a reply [Docket No. 3732];

**WHEREAS**, on April 10, 2023, in accordance with the Scheduling Order, HCMLP timely filed an omnibus reply in further support of its Objection [Docket No. 3733]; and

**WHEREAS**, after conferring in good faith, and for the sole purpose of deferring (and potentially eliminating) the expenses associated with litigating the Contested Matter and the Acis

Intervention Motion, subject to the Court's approval, the Parties have agreed to stay these matters on the following terms:

IT IS HEREBY JOINTLY STIPULATED AND AGREED as follows:

1. Litigation of the Contested Matter (including the Acis Response) and the Acis Intervention Motion (together, the "Litigated Matters") are hereby stayed through and including September 30, 2023, which stay shall continue thereafter until HCMLP or HCLOM provides 30 days' written notice (a "Notice") to all other Parties and the Court of its intent to resume the Litigated Matters.

2. Upon receipt of a Notice, counsel for the Parties shall work in good faith on a scheduling order that provides reasonable time for the taking of discovery; if they cannot agree on a scheduling order within 30 days of the Notice, any Party may request a status conference with the Court for the purpose of entering a scheduling order with respect to the Litigated Matters.

3. Upon receipt of a Notice, counsel for the Parties shall also work in good faith on a briefing schedule for the Acis Intervention Motion; if they cannot agree on a briefing schedule within 30 days of the Notice, any Party may request a status conference with the Court for the purpose of entering a briefing schedule with respect to the Acis Intervention Motion.

4. Except to the extent specifically set forth herein, each of the Parties reserves all rights, claims, and defenses in connection with the Litigated Matters.

.

Dated: April 12, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com
      hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
      ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

-and-

4

**AHMAD, ZAVITSANOS & MENSING PLLC**

*/s/ Shawn Bates*
Joseph Y. Ahmad
Texas Bar No. 00941100
Shawn M. Bates
Texas Bar No. 24027287
Alex Dvorscak
Texas Bar No. 24120461
Thomas Cooke
Texas Bar No. 24124818
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com

*Counsel for Acis Capital Management, L.P.*

-and-

**STINSON LLP**

By:  */s/ Michael P. Aigen*
Deborah Deitsch-Perez (Texas Bar No. 24036072)
Michael P. Aigen (Texas Bar No. 24012196)
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email:  deborah.deitschperez@stinson.com
           michael.aigen@stinson.com

*Counsel for Highland CLO Management, LTD.*

5