IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**DECLARATION OF DAVOR RUKAVINA IN SUPPORT OF THE DONDERO
DEFENDANTS' MOTION TO STAY AND TO COMPEL MEDIATION**

I, Davor Rukavina, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am a partner in the law firm Munsch Hardt Kopf & Harr, P.C. and served as counsel of record to NexPoint Advisors, L.P. ("NexPoint"), among other entities, during the chapter 11 bankruptcy case of Highland Capital Management, L.P. ("HCMLP" or the "Debtor"). I make this declaration in support of the Motion to Stay and to Compel Mediation being filed by James D. Dondero, The Dugaboy Investment Trust, and Get Good Trust, although I have not seen a draft of the motion and make no comment on it personally except to the extent testified to in this Declaration. I have personal knowledge of the matters stated herein and, if called as a witness to testify, I could and would do so competently.

2. On January 25, 2021, I filed in the HCMLP bankruptcy case an Emergency Motion to File Competing Plan and Disclosure Statement and for Procedure to File Publicly ("Emergency Motion"). *See* Dkt. 1836. As I explained in the Emergency Motion, the plan to be filed was akin to a "pot" plan suggested by Mr. Dondero in open court, except that the plan (1) substantially

increased the monetary compensation to be paid by Mr. Dondero, (2) provided for the assumption of tens of millions of dollars in liability, and (3) included a voluntary subordination of more than ten million dollars of liability, including asserted administrative claims. *Id.* at ¶ 2.

3. After obtaining Court permission to file the competing plan, on January 28, 2021, I filed a sealed Plan of Reorganization of James Dondero, NexPoint Advisors, L.P. (the "Competing Plan") as well as a sealed Disclosure Statement in Support of Plan of Reorganization, both of which I drafted in close collaboration with former Bankruptcy Judge D. Michael Lynn, who was counsel to Mr. Dondero personally. *See* Dkts. 1859, 1860. The Competing Plan contained significant guarantees, promised to pay creditors and holders of allowed claims more than the plan proposed by the Debtor, and preserved HCMLP's business as a going concern.

4. I never felt that the Debtor ever gave serious consideration to the Competing Plan. Instead, Debtor's counsel, Mr. Pomerantz, told me that the Debtor would defer to the judgment of the Unsecured Creditors Committee ("UCC") regarding which plan to adopt, and that, only if the UCC supported the Competing Plan, would the Debtor then consider it.

5. Counsel for the UCC, Mr. Clemente, in turn told me that he would not negotiate the Competing Plan with me but that I was free to discuss the Competing Plan with the individual members of the UCC.

6. Thereafter, I had multiple conversations with counsel to two of the individual UCC members, but neither the UCC members nor their counsel ever engaged in any meaningful negotiation regarding the Competing Plan. Instead, the UCC members, through counsel, told me that Mr. Dondero would have to "do more." I informed counsel that Mr. Dondero was prepared to "do more" but that it was not feasible to negotiate against oneself, and I sought input into what "more" they were interested in, including as between up-front cash consideration and back-end

guarantees and securities. In fact, during these discussions, Mr. Dondero did agree to significantly increase both the consideration and the protections in the Competing Plan as a sign of good faith, which I communicated to counsel. The response back was that it was still not enough and that Mr. Dondero would still have to "do more." Nobody ever explained to me what that "more" entailed, making further discussions impossible.

7. Through the foregoing communications with Debtor's counsel, counsel for the UCC, and counsel for the two committee members I discussed the Competing Plan with, I formed the strong impression that none of them was ever interested in the Competing Plan or any form of a competing plan and were more or less going through the motions of a discussion.

I declare under penalty of perjury of the laws of the State of Texas and the United States of America that the foregoing is true and correct.

Dated: April 20, 2023                    Signed:  s/ *Davor Rukavina*
                                                  Davor Rukavina