Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| **Debtor.** | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S OBJECTION REGARDING
EVIDENTIARY HEARING AND BRIEF CONCERNING GATEKEEPER
<u>PROCEEDINGS RELATING TO "COLORABILITY"</u>**

Hunter Mountain Investment Trust ("HMIT"), Movant, files this Objection Regarding Evidentiary Hearing and Brief Concerning Gatekeeper Proceedings Relating to "Colorability," and respectfully shows:

[1]

## OVERVIEW

1. HMIT objects to any evidentiary hearing regarding its Emergency Motion for Leave to file Adversary Proceeding (Doc. 3699), and the related attached declarations (Docs. 3699-2, 3699-3, and 3699-4) and the proposed Adversary Complaint (Doc. 3699-1) ("Adversary Complaint") (collectively the "Emergency Motion for Leave").[1]

2. The Emergency Motion for Leave does *not* involve a summary judgment standard; it does *not* involve a substantive inquiry into the merits; it is *not* a test of the credibility of witnesses. Rather, as the Fifth Circuit, the Northern District of Texas and circuit courts outside of Texas have concluded: it is a threshold determination involving a standard that is *not stringent*.

3. Here, HMIT need show nothing more than some possible validity of its claims. *At most*, courts analogize "colorable" to a FED. R. CIV. P. 12(b)(6) ("12(b)(6)") standard. In assessing a complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Courts do not consider evidence outside of the pleadings under 12(b)(6) and, if they do so, then the motion is converted to one under FED. R. CIV. P. 56, and "the parties must be allowed to fully develop the facts, through discovery or otherwise, to support their record." *Hilgeman v. Nat'l Ins. Co. of Am.*, 444 F.2d 446, 448 (5th Cir. 1971); *see* FED. R. CIV. P. 56(d)(2). Yet here, the Court proposes to

---

[1] The proposed Adversary Complaint is attached as Exhibit 1 to the Emergency Motion for Leave.

[2]

conduct an evidentiary hearing on "colorableness"—not just before discovery has been fully developed, but before the case is even *filed*.

4. "Colorableness" must be construed according to its ordinary meaning which, at the highest standard, is analogous to a 12(b)(6) standard which is expressly *not* evidentiary. The Emergency Motion for Leave readily satisfies this standard.

## ARGUMENT AND AUTHORITIES

*The Plan Does Not Require An Evidentiary Hearing.*

5. The Fifth Amended Plan of Reorganization of Highland Capital Management includes various "gatekeeping" provisions ("Gatekeeping Provisions").[2] These Gatekeeping Provisions provide for a determination, after notice and hearing, whether certain claims are "colorable."[3] Pursuant to these Gatekeeping Provisions, HMIT filed its Emergency Motion for Leave, attaching the proposed Adversary Complaint as Exhibit 1 to the Motion. The Emergency Motion for Leave and proposed Adversary Complaint include substantial, detailed allegations demonstrating that the potential adversary claims are more than "colorable"—that is, the claims exceed the minimal *gatekeeping* threshold for filing.

---

[2] Fifth Amended Plan of Reorganization of Highland Capital Management (Doc. 1808) at Article IX(F), pp. 51-52.

[3] *Id*.

[3]

6. A "gatekeeping" protocol, by its own terms, occurs in advance of filing a claim and prior to any Fed. R. Civ. P. 12(b)(6) motion. A Rule 12(b)(6) motion is grounded on whether a Complaint "fails to state a claim upon which relief can be granted" and is considered prior to any discovery **and without an evidentiary hearing**. *See Broyles v. Torres*, 2009 WL 2215781 (S.D. Tex. 2009) (distinguishing Rule 12(b)(6) standard from "frivolous" standard and finding that frivolous standard is a lower bar than Rule 12(b)(6) and does not require discovery or an evidentiary hearing), *aff'd*, 381 Fed. Appx. 370, 373 (5th Cir. 2010) (affirming that discovery and evidentiary hearing were not necessary under either a "frivolous" or Rule 12(b)(6) determination).

7. Similarly here, as required under Rule 12(b)(6), the Court's determination of whether HMIT's proposed claims are "colorable" should be made in advance of any discovery and without an evidentiary hearing. *See Broyles v. Torres*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009) (Rule 12(b)(6) only requires a complaint to allege facts showing the pleader is entitled to relief). As a general rule, when considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The court may consider documents attached to or referred to in the complaint without converting the motion to one for summary judgment. *See id*.

8. Nothing in the Gatekeeping Provisions of the Plan provides for, much less requires, an evidentiary hearing on whether a proposed claim is "colorable." Further,

[4]

HMIT objects that any requirement of an evidentiary hearing or evidentiary basis for HMIT's "gatekeeping" motion is contrary to applicable legal standards.

***An Evidentiary Hearing on Colorablility is Improper and an Abuse of Discretion.***

9. The Fifth Circuit quoted *Richardson v. United States*, 468 U.S. 317 (1984), for a definition of a "colorable claim" as one with "***some possible validity***." *See In re Deepwater Horizon*, 732 F.3d 326, 340 (5th Cir. 2013) (quoting *Richardson*, 468 U.S. at 326 n. 6). The Fifth Circuit also has made clear that whether a claim is colorable is based on *allegations* rather than merits-based proof: "There is a distinction here between whether a claim is colorable and whether it is meritorious. A plaintiff's claim is colorable if he can *allege* standing and the elements necessary to state a claim on which relief can be granted—whether or not his claim is ultimately meritorious—whether he can *prove* his case." *Id*. at 341 (emphasis in original, bold emphasis added).

10. A court need not conduct an evidentiary hearing, but must ensure that the claims do not lack any merit whatsoever. To put it another way, the Court need not be satisfied there is an evidentiary basis on the merits of the claims to be asserted. *See Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 252-53 and n. 15 (5th Cir. 1988) (allegations were sufficient, and no evidentiary hearing was necessary, to determine that breach of fiduciary duty claim against bankruptcy estate's officers and directors for

[5]

mismanagement of estate was colorable claim).[4] In *Louisiana World Exposition*, the Fifth Circuit explained: "In light of our analysis, we find that the debtor-in-possession's refusal to pursue LWE's cause of action against its officers and directors for negligent management was indeed unjustified. The Committee outlined a colorable claim which, if pursued successfully, could have greatly increased the value of the estate." *Id*.

11. "To determine whether a plaintiff has stated a valid or colorable claim, the Fifth Circuit has **instructed district courts to utilize a similar standard applied to a motion to dismiss under Rule 12(b)(6)**." *Trippodo v. SP Plus Corp.*, No. 4:20-CV-04063, 2021 WL 2446204, at *3 (S.D. Tex. May 21, 2021), *report and recommendation adopted*, No. 4:20-CV-04063, 2021 WL 2446191 (S.D. Tex. June 15, 2021) (emphasis added); *Reyes v. Vanmatre*, No. 4:21-CV-01926, 2021 WL 5905557, at *3 (S.D. Tex. Dec. 14, 2021)(quoting the same); *see also Family Rehabilitation, Incorporated v. Azar*, 886 F.3d 496, 504 n. 15 (5th Cir. 2018) (quoting *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1129 (5th Cir. 1996) ("the requirement of a colorable claim is not a stringent one"). "A plaintiff need show nothing more than "some possible validity." *Id*. (quoting *Richardson*, 468 U.S. at 326 n. 6).

12. Other circuit courts have reached similar conclusions. For example, the Eighth Circuit held that "creditors' claims are colorable if they would survive a motion to dismiss." *In Re Foster*, 516 B.R. 537, 542 (B.A.P. 8th Cir. 2014), *aff'd* 602 Fed. Appx. 356

---

[4] In *Louisiana World Exposition*, when stating that an evidentiary hearing was unnecessary, the court noted that there were no objections to the claim other than the debtor-in- possession's "grave" conflict of interest and his unjustified refusal to bring the claims. *Id*.

[6]

(8th Cir. 2015) (per curiam); *see also Sabhari v. Mukasy*, 522 F.3d 842, 844 (8th Cir. 2008). The Ninth Circuit also has held that a claim is considered colorable when it has "some possible validity."); *See Stanley v. Gonzalez*, 476 F.3d 653, 657 (9th Cir. 2007) ("A colorable claim is one which is not 'wholly insubstantial, immaterial, or frivolous.'"). The Sixth and Seventh Circuits have adopted a similar test requiring that the court look only to the face of the complaint to determine if claims are colorable. *See In re The Gibson Group, Inc.*, 66 F.3d 1436, 1446 (6th Cir. 1995) (relying on similar standard applied in the Second Circuit); *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996)("The requirement of a colorable claim is not a stringent one. This circuit has noted that 'jurisdiction depends on an arguable claim, not on success' and that only if 'any claim ... must be frivolous is jurisdiction lacking.'")

13. In the non-bankruptcy context, the Northern District of Texas District Court also explained that "[t]he requirement of a 'colorable claim' means only that the plaintiff must have an 'arguable claim' and not that the plaintiff must be able to succeed on that claim." *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 577 (N.D. Tex. 2002). Other district courts have reached similar conclusions. *Harry v. Colvin* 2013 WL 12174300, at *5 (W.D. Tex., Nov. 6, 2013, No. 1:13-CV-490-LY)("a claim is considered colorable when it has some possible validity" and "is not wholly insubstantial, immaterial, or frivolous"); *American Medical Hospice Care, LLC v. Azar*, 2020

WL 9814144, at *5 (W.D. Tex., Dec. 9, 2020, No. 5:20-CV-757 DAE) ("The requirement of a colorable claim is not a stringent one.").

14. There is good reason for a non-evidentiary standard. If this Court were to allow evidence, then the issue turns from whether the underlying proposed complaint presents colorable claims to whether HMIT will ultimately be successful in its prosecution of the asserted claims. But, as the cited authority makes clear, that would turn the judicial process on its head. Both proposed plaintiffs and potential defendants must have access to all discovery that would be available in the event of a live adversary proceeding or civil action. Here, this means the Court should not place itself and the parties in the position of having a full pre-trial process and trial to determine whether a complaint can be filed in the first instance. Such an approach would be clear error and an abuse of discretion, constituting a ruling far afield from the standards articulated by the Fifth Circuit.

15. For these reasons, HMIT objects that an evidentiary hearing on the "colorability" of HMIT's prospective adversary proceeding would be inappropriate and contrary to established law. It would involve introduction of evidence that is not only unnecessary and irrelevant to the "colorability" determination, but also would have to be of broadest scope, so as not to deny HMIT of its right to present its full case on the merits after discovery (if the decision is to be evidence based). Further, HMIT objects that an evidentiary approach would irrationally require putative trial to determine mere

colorability, which would subject HMIT to higher burdens (both from a legal standard standpoint and from a burden - including associated costs – standpoint) than legally required.

Respectfully Submitted,
**PARSONS MCENTIRE MCCLEARY PLLC**

By: /s/ *Sawnie A. McEntire*
Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of April 2023, a true and correct copy of the foregoing Motion was served on all counsel of record or, as appropriate, on the Respondents directly.

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire