Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S EMERGENCY MOTION
FOR EXPEDITED DISCOVERY OR, ALTERNATIVELY,
<u>FOR CONTINUACE OF JUNE 8, 2023 HEARING</u>**

Hunter Mountain Investment Trust ("<u>HMIT</u>"), as Movant, files this Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of June 8, 2023 Hearing ("Motion") concerning HMIT's Motion for Leave to File Adversary Complaint

1

(Doc. 3699) and related Supplement (Doc. 3760) (Docs. 3699 and 3760 collectively "Motion for Leave"), and would respectfully show:

### A. Summary of Motion

1. This Motion seeks discovery on an expedited basis to prepare for the evidentiary hearing on the Motion for Leave currently scheduled for June 8, 2023.

2. HMIT submits that the colorable nature of the claims asserted in HMIT's proposed adversary proceeding is evident on the face of HMIT's proposed Complaint. HMIT previously objected and continues to object that any evidentiary hearing relating to the Motion for Leave is inappropriate. *See* HMIT'S Reply Brief in Support of its Motion for Leave (Doc. 3785) at paras. 12-17.

3. Nevertheless, on May 22, 2023, the Court ruled that it intends to conduct an evidentiary hearing on the Motion for Leave. As a result, HMIT faces the untenable prospect of attempting to prepare for this evidentiary hearing, and attempting to respond to voluminous evidence that one or more of the Respondents intends to offer at the hearing, without a reasonable opportunity to obtain meaningful and timely discovery. HMIT therefore files this Motion seeking to protect its due process rights, of which HMIT

will be deprived unless HMIT is granted expedited discovery as requested in this Motion.[1]

### B. Summary of Procedural Background

4. On April 24, 2023, this Court conducted a status conference regarding a briefing and hearing schedule for HMIT's Motion for Leave and whether the hearing on HMIT's Motion for Leave would be evidentiary. *See* Order Fixing Briefing Schedule (Doc. 3781).

5. At the April 24, 2023, status conference, HMIT also objected that an evidentiary hearing on HMIT's Motion for Leave was improper. HMIT also provided notice at that time that it intended to withdraw all affidavits and other materials attached to its Motion for Leave.[2] However, in the event this Court elected to hold an evidentiary hearing on its Motion for Leave, HMIT reserved all rights to conduct merits-based discovery relating to the Motion for Leave before the hearing – without waiving its substantive or procedural rights, and without conceding the propriety of an evidentiary hearing (which HMIT continues to deny).

---

[1] This Motion and HMIT's related discovery requests are related to HMIT's Motion for Leave and the Court's May 22, 2023, order (Doc. 3787) ("Order") ruling that the June 8 hearing on HMIT's Motion for Leave will be evidentiary. HMIT reserves all and does not waive any of its substantive or procedural rights and objections in connection with its Motion for Leave, this Motion, and the discovery HMIT seeks to obtain. Further, and not by way of limitation, HMIT's discovery requests are subject to and without waiver of HMIT's objections that the hearing on HMIT's Motion is not properly an evidentiary hearing.

[2] This withdrawal was subject to HMIT's reservation of rights that, in the event the Court concludes it will conduct an evidentiary hearing on the Motion for Leave, HMIT reserved the right to offer the same at any such hearing.

6. On May 11, 2023, the Claim Purchasers filed their Objection to HMIT's Motion for Leave; (Doc. 3783) and Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr. filed their Joint Opposition to HMIT's Motion for Leave (Doc. 3780) with the Declaration of John A. Morris and the exhibits thereto (Doc. 3784) ("Morris Declaration") (Objection, Joint Opposition, and Declaration collectively filed by the "Respondents").

7. On May 22, 2023, the Court entered its Order granting Respondents' request for an evidentiary hearing. Therefore, subject to and without waiving its objections, HMIT requests immediate leave to obtain all of its requested discovery on or before the specific dates identified in each deposition notice (with duces tecum), failing which the hearing on HMIT's Motion for Leave should be continued until HMIT has obtained such discovery. The requested discovery is generally described in this Motion, but is set forth with particularity in the Deposition Notices with Duces Tecum attached as Exhibits A-E.

8. In summary, HMIT seeks expedited depositions of corporate representatives of Farallon Capital Management, LLC ("Farallon"), Stonehill Capital Management, LLC ("Stonehill"), Muck Holdings, LLC ("Muck"), Jessup Holdings, LLC ("Jessup") and also seeks the deposition of James A. Seery, Jr. ("Seery"). Without limitation, the following topics and documents are generally addressed in the requested discovery:

4

- The factual background related to the proposed Adversary Complaint, including the facts relevant to the objections to the Motion for Leave filed by the Respondents, including but not limited to HMIT's standing to bring the claims;

- Communications between Respondents related to the claims made the basis of the proposed Adversary Complaint;

- Any due diligence undertaken by the Claims Purchases related to the Claims purchased and the value of the Debtor's Estate;

- Information regarding Seery's compensation and communications with the Oversight Board;

- Communications or information related to the Respondents' knowledge of the MGM sale and related emails and communications with James Dondero ("Dondero");

- Relationship between Seery and Farallon, Stonehill, or any of the Claims Purchasers or Sellers;

- Communications between the Claims Sellers and the Claims Purchasers, including, but not limited to, the Claims purchase agreements;

- Communications with Dondero;

- Litigation hold notices and document retention protocols.

**B.  Argument**

9. The Respondents should not be allowed to play fast and loose with the rules by using purported evidence as a sword while seeking to shield documents from discovery. Consideration of John Morris' Declaration, which is attached to the Joint

5

Opposition and the related Exhibits (Nos. 1 – 44) is not only inappropriate, but to do so without allowing discovery denies HMIT due process.[3]

10. The Morris Declaration was filed on May 11, 2023, making it impossible for HMIT to conduct discovery on any basis other than on an expedited basis. Accordingly, HMIT requests an expedited discovery schedule for all requested depositions and document productions with a completion date on the deadlines identified in each discovery device. Alternatively, HMIT requests a continuance of the June 8, 2023, hearing date so it can timely conduct all of the requested discovery in advance of any hearing.

**Reservation of Rights**

11. HMIT reserves its substantive and procedural rights and objections concerning any discovery requests (document requests and interrogatories) propounded to HMIT as well as to the date, time and scope of any deposition notices relating to HMIT. HMIT also reserves its right to supplement this Motion or otherwise seek to compel production of specific documents to which objections have been or may be asserted.

WHEREFORE PREMISES CONSIDERED, Hunter Mountain Investment Trust respectfully requests this Court grant its Emergency Motion for Expedited Discovery or,

---

[3] HMIT filed objections as part of its Reply Brief in Support of its Motion for Leave (Doc. 3785) at paras. 12-17.

6

Alternatively, for a Continuance of the June 8, 2023, Hearing on HMIT's Motion for Leave to File Adversary Complaint, and seeks further relief to which HMIT may be justly entitled.

Dated: May 24, 2023.

                                                  Respectfully Submitted,

                                                  **PARSONS MCENTIRE MCCLEARY PLLC**

                                                  By: /s/ *Sawnie A. McEntire*
                                                         Sawnie A. McEntire
                                                         Texas State Bar No. 13590100
                                                         smcentire@pmmlaw.com
                                                         1700 Pacific Avenue, Suite 4400
                                                         Dallas, Texas 75201
                                                         Telephone: (214) 237-4300
                                                         Facsimile: (214) 237-4340

                                                         Roger L. McCleary
                                                         Texas State Bar No. 13393700
                                                         rmccleary@pmmlaw.com
                                                         One Riverway, Suite 1800
                                                         Houston, Texas 77056
                                                         Telephone: (713) 960-7315
                                                         Facsimile: (713) 960-7347

                                                         *Attorneys for Hunter Mountain Investment Trust*

### CERTIFICATE OF CONFERENCE

On May 24, 2023, counsel for HMIT and counsel for all Respondents conferred during a conference call regarding the substance of this Motion. Counsel for Farallon Capital Management, L.L.C., Stonehill Capital Management LLC, Jessup Holdings LLC,

and Muck Holdings, LLC, are opposed to any discovery related to their clients. Counsel for James P. Seery, Jr., generally agrees to participate in expedited discovery, however, there may be disagreements concerning specific document production requests. Counsel for Highland Capital Management, L.P. and Highland Claimant Trust is generally not opposed to conducting expedited discovery; however, it is opposed to producing any currently redacted documents except by in-camera tender to the Court. Counsel for all Respondents are opposed to postponing the hearing currently set for June 8, 2023.

       */s/ Sawnie A. McEntire*
       Sawnie A. McEntire

## CERTIFICATE OF SERVICE

I certify that on the 24th day of May 2023, a true and correct copy of the foregoing Motion was served on all counsel of record or, as appropriate, on the Respondents directly.

       */s/ Sawnie A. McEntire*
       Sawnie A. McEntire