Brent R. McIlwain, TSB 24013140
David C. Schulte    TSB 24037456
Christopher Bailey TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Tel.:    (214) 964-9500
Fax:    (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC,
JESSUP HOLDINGS LLC,
FARALLON CAPITAL MANAGEMENT, L.L.C., AND
STONEHILL CAPITAL MANAGEMENT LLC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Highland Capital Management, L.P.[1]<br><br>Debtor. | Case No. 19-34054 (SGJ)<br><br>Chapter 11<br><br>(Jointly Administered) |

**CLAIM PURCHASERS' OBJECTION TO HUNTER MOUNTAIN INVESTMENT TRUST'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY OR, ALTERNATIVELY, FOR CONTINUANCE OF JUNE 8, 2023 HEARING**

Muck Holdings, LLC ("Muck"), Jessup Holdings LLC ("Jessup"), Farallon Capital Management, L.L.C. ("Farallon"), and Stonehill Capital Management LLC ("Stonehill", and collectively, with Muck, Jessup, and Farallon, the "Claims Purchasers") file this objection (the "Objection") to the motion (the "Motion")[2] of Hunter Mountain Investment Trust ("HMIT") for

---

[1] The last four digits of Debtor's taxpayer identification number are (6725). The headquarters and service address for Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] The Motion was originally filed on May 24, 2023 at Dkt. No. 3788. On May 25, 2023, HMIT filed a substantially similar motion at Dkt. No. 3791. The Objection should be considered a response to both filings.

#220271494_v6 199408.00013

expedited discovery, or alternatively, for a continuance of the June 8, 2023 hearing (as may be rescheduled or continued, the "Hearing") on HMIT's motion for leave to file an adversary complaint (the "Motion to File Complaint"). In support, the Claims Purchasers state as follows:

## OBJECTION

1. The Motion seeks inappropriate and burdensome discovery against the Claim Purchasers on an expedited basis, and should be denied. HMIT was required to file the Motion to File Complaint under the "gatekeeper provision" of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Dkt. No. 1472] (the "Plan"),[3] which provision was intended to protect the Protected Parties (which include the Claim Purchasers) from vexatious litigation brought by any "Enjoined Party," including HMIT (the "Gatekeeper Provision").[4] By the Motion, HMIT seeks to conduct extensive, roving discovery—including 30(b)(6) depositions of each of the Claims Purchasers on an eye-popping 30 topics each, along with 19 categories of document requests (not including sub-parts, *i.e.*, document request nos. 1 and 2 include 13 sub-parts each)— that impose on the Claim Purchasers the very burdens that the Plan's Gatekeeper Provision was designed to prevent, prior to a determination by the Court that HMIT's Proposed Complaint is colorable and not without foundation.[5] Accordingly, for the reasons set forth herein, the Motion should be denied.

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Plan.
[4] *See* Plan, Art. IV(f) ("Subject in all respects to ARTICLE XII.D, no Entity may commence or pursue a claim or cause of action of any kind against any Protected Party that arose from or is related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice, that such claim or cause of action represents a colorable claim of bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Entity to bring such claim against any such Protected Party . . . .").
[5] "Proposed Complaint" means the complaint attached as Exhibit 1-A to HMIT's *Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding* [Dkt. No. 3760].

2

**A. The Motion is an attempted end-run around the Gatekeeper Provision of the Plan.**

2. The Gatekeeper Provision was incorporated into the Plan specifically to prevent Enjoined Parties from filing abusive litigation and imposing significant costs and burdens on the Protected Parties.[6] The Motion is an attempt to circumvent the Gatekeeper Provision by imposing those same costs and burdens on the Claim Purchasers prior to the Court's ruling on the Motion to File Complaint. HMIT had the opportunity to seek pre-suit discovery in this Court via Federal Rule of Bankruptcy Procedure (the "Rules") 2004, and chose, instead, to pursue pre-suit discovery in two different state courts using Texas Rule of Civil Procedure 202.[7] In both instances, the discovery sought by HMIT was denied.[8] Instead of then seeking discovery under Rule 2004, HMIT chose to advance the Motion to File Complaint, and has repeatedly advanced the argument that no evidence is necessary to proceed with its Motion to File Complaint.

3. As a practical matter, the operation of the Gatekeeper Provision should not provide HMIT with the opportunity to take discovery seeking information in support of its alleged claims prior to a final ruling on the Motion to File a Complaint. The Gatekeeper Provision was intended to limit the ability of Enjoined Parties to impose these costs and burdens on the Protected Parties, not expand such ability. HMIT should not be able to pursue wide-ranging discovery in an attempt to find support for the allegations in the Proposed Complaint unless and until this Court determines

---

[6] *See* Confirmation Order, ¶ 79 ("The Bankruptcy Court further finds that unless the Bankruptcy Court approves the Gatekeeper Provision, the Claimant Trustee and the Claimant Trust Oversight Board will not be able to obtain D&O insurance, the absence of which will present unacceptable risks to parties currently willing to serve in such roles. The Bankruptcy Court heard testimony from Mark Tauber, a Vice President with AON Financial Services, the Debtor's insurance broker ('AON'), regarding his efforts to obtain D&O insurance. Mr. Tauber credibly testified that of all the insurance carriers that AON approached to provide D&O insurance coverage after the Effective Date, the only one willing to do so without an exclusion for claims asserted by Mr. Dondero and his affiliates otherwise requires that this Order approve the Gatekeeper Provision.").

[7] *See Objection to Hunter Mountain Investment Trust's (i) Emergency Motion for Leave to File Verified Adversary Proceeding; and (ii) Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding* [Dkt. No. 3780], ¶¶ 15-17.

[8] *Id.*

3

that the Proposed Complaint asserts claims that are colorable and "not without foundation." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232-33 (3d Cir. 2012). HMIT has stated multiple times that it is prepared to satisfy its burden based on information already in its possession, and it cannot now take the opposite position that it needs discovery.

4. To that end, HMIT asserts that "the colorable nature of the claims asserted in HMIT's proposed adversary proceeding is evident on the face of HMIT's proposed complaint." Motion, ¶ 2. Accordingly, HMIT's own position is that the requested discovery is unnecessary to show the colorability of the claims in its Proposed Complaint, and thus the Claim Purchasers should not be subject to unnecessary and unduly burdensome discovery.

**B. The Claim Purchasers have not put any facts in dispute.**

5. Recognizing that the Motion to File Complaint and the Proposed Complaint are facially deficient, the Claim Purchasers did not put any facts in dispute in filing their Objection to Motion to File Complaint. The Claim Purchasers believe that the Court can dispense with the Motion to File Complaint based solely on the papers filed with the Court, and that an evidentiary hearing is not necessary with respect to the proposed claims against the Claim Purchasers. Accordingly, the Claim Purchasers do not intend to put on any evidence at the Hearing, including any witness testimony or documentary evidence, and thus (i) there is no basis to seek discovery at all from the Claim Purchasers in advance of the Hearing, and (ii) HMIT will not be prejudiced by the denial of discovery against the Claim Purchasers.[9]

6. To the extent that there are any facts in dispute, such dispute will be solely between HMIT on the one hand, and the Claimant Trustee, the Claimant Trust, and James P. Seery, in his individual capacity (collectively, the "Highland Defendants"), on the other. In that regard, to the

---

[9] The Claim Purchasers reserve all rights to cross-examine any witnesses that testify at the Hearing.

4

extent discovery is permitted, it should be limited to the parties who have presented evidence in connection with their briefing on the Motion to File Complaint, and who intend to present evidence at the Hearing. HMIT has not presented, and will not present, any such evidence.[10]

### C. HMIT bears the burden to establish the Proposed Complaint is colorable and not without foundation.

7. The Proposed Complaint makes no specific factual allegations that Stonehill (or Jessup) was involved in any wrongdoing, and what allegations there are against Farallon (or Muck) relied solely on the affidavits of James Dondero ("Dondero"), which affidavits have now purportedly been withdrawn by HMIT. *See* Motion, ¶ 5 ("HMIT also provided notice at that time that it intended to withdraw all affidavits and other materials attached to its Motion for Leave."). It is nonsensical to allow HMIT to file a Proposed Complaint that makes baseless and unsupported allegations and then seek discovery in hopes of finding some basis to support those allegations. HMIT's shoot first, ask questions later approach is unprecedented. As set forth in the Objection to Motion to File Complaint and *Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr.'s Joint Opposition to Hunter Mountain Investment Trust's Motion for Leave to File Verified Adversary Proceeding* [Dkt. No. 3783] (the "Joint Response"), the burden is on HMIT to establish that the Proposed Complaint is colorable and not without foundation. *See, e.g.*, Joint Response, ¶¶ 93-98. By filing the Motion to File Complaint, HMIT represented to the Court that it had a good faith factual basis for the claims in its Proposed Complaint. HMIT should already have sufficient information in its possession to meet this burden—indeed, it already took the

---

[10] The Court's *Order Pertaining to the Hearing on Hunter Mountain Investment Trust's Motion for Leave to File Adversary Proceeding* [Dkt. No. 3787] supports the Claim Purchasers' position, indicating that "parties will be permitted to present evidence (including witness testimony) at the Jun 8, 2023 hearing if they so choose. This may include examining any witness for whom a Declaration or Affidavit has already been filed." The Claim Purchasers (i) are choosing not to offer any evidence at the hearing; and (ii) did not attach any evidence, including in the form of an affidavit or declaration, to their response to the Motion to File Complaint.

5

position that an evidentiary hearing on the Motion to File Complaint was not necessary—or else the Motion to File Complaint should never have been filed in the first place.[11]

### D. Threshold issues exist that require resolution before HMIT is entitled to discovery.

8. To allow discovery now puts the cart before the horse. There are threshold issues that must be resolved before HMIT is entitled to the discovery it seeks. These issues include, but are not limited to, (i) whether HMIT has standing to pursue the relevant causes of action; (ii) whether the relevant claims purchased by the Claim Purchasers constitute "securities;" and (iii) whether the relief requested by HMIT is helpful, or even available, to HMIT. Given HMIT and its affiliates' history of weaponizing litigation, both before and during the Debtor's bankruptcy proceeding, the requested discovery at this stage is inappropriate and puts the Claim Purchasers at risk of further harassment by Dondero and his affiliates, including HMIT.

### E. The Claims Purchasers reserve their rights to object to the proposed deposition topics and the proposed document requests.

9. Aside from the fundamental defects associated with the proposed discovery HMIT seeks to conduct against the Claims Purchasers, the proposed discovery is flawed. Out of an abundance of caution, the Claims Purchasers share some preliminary objections to the proposed discovery. The proposed deposition topics—30 topics to each of the Claims Purchasers—are overbroad in time and scope, they seek testimony that is not relevant to the parties' claims and defenses, and they are unduly burdensome. The Claims Purchasers expressly reserve their rights to serve appropriate objections in response to HMIT's deposition topics. Further, the Claim Purchasers reserve their rights to object to the treatment of Stonehill/Jessup and Farallon/Muck, respectively, as separate parties for deposition purposes.

---

[11] The fact that the Highland Defendants requested an evidentiary hearing does not shift the burden to establish colorability away from HMIT.

10. In addition, the Claims Purchasers expressly reserve their rights to serve appropriate objections in response to the proposed document requests—19 categories of document requests (not including sub-parts, *i.e.*, document request nos. 1 and 2 include 13 sub-parts each). Many of the requests are objectionable because, among other things, they are overbroad as to time and scope, they seek documents that are not relevant to the parties' claims and defenses, and they are unduly burdensome. If the Court allows document production in connection with the requested depositions of the Claims Purchasers, the Claims Purchasers will serve objections and responses at the appropriate time and more fully state their specific objections to the individual requests.

**F. Continuing the Hearing is unnecessary.**

11. For the reasons set forth above, the Claim Purchasers assert that HMIT is not entitled to, and does not need, additional discovery, and thus continuing the Hearing to a later date is unnecessary under the circumstances.

*[remainder of the page intentionally left blank]*

WHEREFORE, the Claims Purchasers respectfully request that the Court deny the Motion and grant the Claims Purchasers such other and further relief as is just and proper.

Dated: May 25, 2023

HOLLAND & KNIGHT LLP

By: */s/ Christopher Bailey*
Brent R. McIlwain, TSB 24013140
David C. Schulte, TSB 24037456
Christopher Bailey, TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel.: (214) 964-9500
Fax (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC, JESSUP HOLDINGS LLC, FARALLON CAPITAL MANAGEMENT, L.L.C., AND STONEHILL CAPITAL MANAGEMENT LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served upon all parties receiving notice pursuant to the CM/ECF system on this the 25th day of May, 2023.

*/s/ Christopher Bailey*
Christopher Bailey