PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris *(*admitted *pro hac vice)*
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

REED SMITH LLP
Omar J. Alaniz
Texas Bar No. 24040402
Lindsey L. Robin
Texas Bar No. 24091422
2850 N. Harwood St., Ste. 1500
Dallas, Texas 75201
(469) 680-4292

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

*Counsel for James P. Seery, Jr.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 )|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 ) |
| Reorganized Debtor. | ) ) |

**HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CLAIMANT TRUST, AND JAMES P. SEERY, JR.'S JOINT MOTION TO EXCLUDE TESTIMONY AND <u>DOCUMENTS OF SCOTT VAN METER AND STEVE PULLY</u>**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... I

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 2

ARGUMENT .............................................................................................................................. 6

I.   THIS COURT SHOULD REJECT HMIT'S ELEVENTH-HOUR ATTEMPT TO
     INTRODUCE EXPERT TESTIMONY AND DOCUMENTS. ........................................ 6

     A.   Expert Testimony And Documents Are Inconsistent With This Court's
          Orders Regarding The Hearing. .............................................................................. 6

     B.   HMIT Is Trying To Conduct An Impermissible "Trial By Ambush." .................. 7

II.  THE PURPORTED EXPERTS SHOULD BE EXCLUDED UNDER RULE 702
     AND *DAUBERT*. ............................................................................................................ 8

CONCLUSION ......................................................................................................................... 11

CERTIFICATE OF CONFERENCE ....................................................................................... 13

# TABLE OF AUTHORITIES

**Cases** *Page(s)*

*Ahlberg v. Chrysler Corp.*,
  481 F.3d 630 (8th Cir. 2007) ..................................................................................................10

*Anderson v. Techtronic Indus. N. Am., Inc.*,
  2015 WL 12843836 (M.D. Fla. Apr. 14, 2015)........................................................................11

*In re Blankenship*,
  2013 WL 3712428 (Bankr. N.D. Miss. July 12, 2013).............................................................11

*Burst v. Shell Oil Co.*,
  650 F. App'x 170 (5th Cir. 2016) ............................................................................................10

*Buttross Props. v. Underwriters at Lloyds London*,
  2017 WL 9362700 (W.D. Tex. Sept. 12, 2017).........................................................................8

*In re Cathey*,
  2021 WL 2492851 (Bankr. N.D. Miss. June 17, 2021).............................................................7

*Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993): (1) ..............................................................................................2, 8, 9, 10

*In re Dernick*,
  2019 WL 5078632 (Bankr. S.D. Tex. Sept. 10, 2019) ..............................................................6

*Guillory v. Domtar Indus., Inc.*,
  95 F.3d 1320 (5th Cir. 1996) ...................................................................................................10

*Hernandez v. Results Staffing, Inc.*,
  907 F.3d 354 (5th Cir. 2018) .....................................................................................................7

*LeBlanc ex rel. Estate of LeBlanc v. Chevron USA, Inc.*,
  396 F. App'x 94 (5th Cir. 2010) ................................................................................................9

*Loy v. Rehab Synergies, LLC*,
  558 F. Supp. 3d 402 (S.D. Tex. 2021) .....................................................................................10

*Pipitone v. Biomatrix, Inc.*,
  288 F.3d 239 (5th Cir. 2002) .....................................................................................................8

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
  2017 WL 1319553 (E.D. Tex. Apr. 10, 2017).........................................................................11

*In re USA Promlite Tech. Inc.*,
  2022 WL 12025687 (Bankr. S.D. Tex. Oct. 20, 2022)..................................................8, 9, 10

**Other Authorities**

8A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2029 (3d ed. 2023) ...................................................................................................................7

Fed R. Bankr. P. 7026 ....................................................................................................................7

Fed. R. Bankr. P. 9014(b) ..............................................................................................................7

Fed. R. Bankr. P. 9014(c) ..............................................................................................................6

Fed. R. Civ. P. 26(b)(4)(A) ............................................................................................................7

Fed. R. Evid. 702(a) .....................................................................................................................10

Fed. R. Evid. 702(c) .......................................................................................................................9

Federal Rule of Evidence 702 ........................................................................................................9

Wright & Miller, Federal Practice and Procedure § 6265.2 ........................................................11

29 Wright & Miller, Federal Practice and Procedure § 6264.2 .....................................................9

Highland Capital Management, L.P. ("HCMLP" or "Debtor"), the reorganized debtor in the above-referenced action, the Highland Claimant Trust (the "Trust"; together with HCMLP, "Highland"), and James P. Seery, Jr., HCMLP's Chief Executive Officer and the Claimant Trustee of the Trust ("Seery"; together with Highland, the "Highland Parties"), by and through their undersigned counsel, hereby file this joint motion to exclude the testimony and documents of Scott Van Meter ("Van Meter") and Steve Pully ("Pully"; together with Van Meter, the "Purported Experts") from the June 8, 2023 hearing (the "Hearing") regarding Hunter Mountain Investment Trust's ("HMIT") Emergency Motion for Leave to File Verified Adversary Petition ("Motion for Leave"; Dkt. No. 3699). In support of their Joint Motion, the Highland Parties state as follows:

**PRELIMINARY STATEMENT**

1. HMIT filed its Motion for Leave on an emergency basis on March 28, 2023. During more than two months of litigation on this Motion, which included five briefs and two Court conferences, HMIT repeatedly sought to limit this Court's analysis to the "four corners" of HMIT's proposed complaint, and no party made any mention of expert witnesses. On June 5, 2023, at 10:12 PM, less than 60 hours before the Hearing, HMIT disclosed for the first time Van Meter and Pully as expert witnesses with 14 accompanying documents. This Court should not permit HMIT to engage in such obvious gamesmanship and conduct a "trial by ambush."

2. ***First,*** HMIT's attempt to introduce expert testimony flies in the face of this Court's May 22 and 26, 2023 Orders regarding the Hearing and the scope of discovery. HMIT has been trying to have it both ways. HMIT submitted more than 300 pages of exhibits with its Motion for Leave, including a declaration from James Dondero ("Dondero"), but has sought to prevent any discovery or cross-examination of Dondero, claiming this Court can review only the "four corners" of the document. To ensure a fair Hearing while addressing HMIT's concern, this Court held that it would hold an evidentiary hearing, including testimony from declarants, and permitted

-1-

depositions of Dondero and Seery, but no other discovery. HMIT's attempt to vastly expand the scope of testimony with two Purported Expert directly contradicts its own positions and is contrary to the Hearing contemplated by this Court's Orders.

3. **Second,** HMIT's eleventh-hour disclosure of two Purported Experts and 14 accompanying documents is an attempt to conduct a "trial by ambush." HMIT never mentioned any experts in five briefs or two Court conferences. By strategically waiting until three days before the Hearing to disclose these Purported Experts, HMIT has insulated its Purported Experts from any discovery and deprived the Highland Parties of the opportunity to retain their own experts.

4. **Finally,** the Purported Experts are inadmissible because they do not satisfy the requirements of Federal Rule of Evidence 702 and *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993): (1) Van Meter is not qualified to opine about compensation or claims trading; (2) HMIT failed to carry its burden to show that the Purported Expert's opinions are based on a reliable methodology; (3) the Purported Experts' analysis is unreliable; (4) the Purported Experts' opinions are not proper expert testimony because they parrot the allegations of HMIT's proposed complaint and their analysis consists of arithmetic; and (5) the Purported Experts offer improper legal conclusions.

5. Accordingly, this Court should exclude the Purported Experts and HMIT's Exhibits 39 to 52 from the Hearing.

**RELEVANT BACKGROUND**

6. On March 28, 2023, HMIT filed its Motion for Leave, which totaled 387 pages with exhibits, including sworn declarations from Dondero. HMIT expressly relied on Dondero's declarations and other exhibits throughout its Motion for Leave. (*See, e. g.*, Motion for Leave ¶¶ 32, 44, 46.) HMIT argued that this "objective evidence" and "HMIT's proposed Verified Adversary Proceeding" complaint supported its Motion. (*Id.* ¶ 1 & n.2.)

7. On April 21, 2023, HMIT filed Objections Regarding Evidentiary Hearing and Brief Concerning Gatekeeper Proceeding Relating to "Colorability." (Dkt. No. 3758.) HMIT objected to "any evidentiary hearing" regarding its Motion for Leave, including "the related attached declarations." (*Id.* ¶ 1.) HMIT argued that, to decide its Motion, this Court should consider only HMIT's proposed complaint the Proposed Complaint and "documents attached to or referred to" therein. (*Id.* ¶ 7.)

8. On April 23, 2023, HMIT filed a Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding (Dkt. No. 3760), which appended a revised proposed adversary complaint ("<u>Proposed Complaint</u>" or "<u>Compl</u>."; Dkt. No. 3760-1).

9. On April 24, 2023, this Court held a conference regarding HMIT's Motion for Leave. During the conference, counsel for HMIT argued that this Court does not "need to consider the Dondero affidavits" or "any of the documents that are actually associated with [HMIT's] motion," and this Court is "relegated to the four corners of the actual complaint itself." (Ex. A (Apr. 24, 2023 Conf. Tr.) at 20:3–19.)[2] When this Court asked whether HMIT was seeking to withdraw the Dondero declarations and other supporting evidence, HMIT's counsel responded that "[i]f the Court is suggesting that if [HMIT] leave[s] the affidavits attached to the motion that the Court is going to allow this to become, effectively, a trial on the merits . . . then the answer is we would not want to withdraw them but we will." (*Id.* at 21:11–20.) HMIT did not withdraw any exhibits or re-file its Motion.

10. On May 11, 2023, the Highland Parties filed their joint response to HMIT's Motion for Leave, which appended additional documents to respond to the allegations in the Proposed Complaint and HMIT's exhibits. (Dkt. No. 3783.) On May 18, 2023, HMIT filed its Reply in

---

[2] All references to "Ex." refer to the accompanying declaration of Joshua S. Levy.

-3-

support of its Motion for Leave. ("Reply"; Dkt. No. 3785.) HMIT purported to "provide[] notice that it withdraws all affidavits and other evidence attached to its Motion for Leave," but this was "subject to a reservation of rights that, in the event the Court concludes it will conduct an evidentiary hearing, HMIT may offer the same evidence at the hearing," and also "reserve[d] all rights "to conduct merits-based discovery before the hearing." (Reply ¶ 17.) HMIT's Reply did not reference any expert testimony or discovery.

11. On May 22, 2023, this Court issued an Order ("May 22 Order"; Dkt. No. 3787) holding that "there may be mixed questions of fact and law implicated by the Motion for Leave," so "the parties will be permitted to present evidence (including witness testimony) at the June 8, 2023 hearing if they so choose. This may include examining any witness for whom a Declaration or Affidavit has already been filed." (May 22 Order at 1-2.)

12. On May 24, 2023, HMIT filed an Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of the June 8, 2023 Hearing ("Discovery Motion"; Dkt. No. 3788). HMIT stated that it "continues to object that any evidentiary hearing relating to the Motion for Leave is inappropriate," but requested that this Court permit HMIT to obtain extensive document discovery from and take depositions of the Claims Purchasers[3] and the Highland Parties. (Discovery Motion ¶ 8.)

13. On May 26, 2023, this Court held a conference on HMIT's Discovery Motion. During the conference, this Court noted that HMIT had not actually withdrawn the Dondero declarations or other evidence and explained, "[i]f you want to refile the motion, merely redacting those sentences that refer to the Dondero affidavit and not filing the Dondero affidavit, I'll let you." (Ex. B (May 26, 2023 Conf. Tr.) at 48:17–22, 59:9–17.) This Court also asked HMIT's

---

[3] The "Claims Purchasers" refers to, collectively, Muck Holdings, LLC, Jessup Holdings, LLC, Farallon Capital Management, LLC ("Farallon"), and Stonehill Capital Management, LLC ("Stonehill").

-4-

counsel multiple times how HMIT would prefer this Court conduct the Hearing. (*Id.* at 9:20–10:1 ("Tell me what is your first choice of what you want here, okay? I'm just trying to understand."); *id.* at 12:7-13 ("I'm trying to get at how we do what you want the Court to do."); *id.* at 13:6–12 ("I'm asking what . . . you want, okay? Quit saying if that's what the Court wants. . . . Tell me what you want, okay?").) HMIT's counsel responded that HMIT "believes the [Hearing] should be conducted on the pleading only and no extraneous evidence offered, including Mr. Dondero's affidavit. That is what we want.").

14. After the conference, this Court issued an Order (the "May 26 Order"; Dkt No. 3798) holding that "Mr. Seery and Mr. Dondero shall be made available for depositions," "no discovery or depositions of any other party or witness will be permitted prior to the June 8 hearing," and "[n]one of the parties shall be entitled to any other discovery, including the production of documents from Mr. Seery or Mr. Dondero, or any other party or witness . . . prior to the conduct of the Depositions or to the court's ruling on the Motion for Leave following the June 8, 2023 hearing." (May 26 Order at 2.)

15. On June 5, 2023, HMIT filed a revised version of its Motion for Leave redacting certain citations to the Dondero declarations and other exhibits, but not redacting the factual assertions based on those exhibits. (Dkt. No. 3815.) After Mr. Seery's counsel informed HMIT's counsel of this deficiency (Ex. C), HMIT filed another revised version of its Motion to Leave with additional redactions (Dkt. No. 3816.) However, HMIT refused to redact the factual assertions based on the Dondero declarations it purported to withdraw. (Ex. C.)

16. On June 5, 2023, at 10:12 PM Central Time, HMIT filed its witness and exhibit list for the Hearing ("HMIT List"; Dkt. No. 3818) disclosing Van Meter, Pully, and 14 accompanying

-5-

documents. This is the first time HMIT disclosed it intended to use expert testimony and documents at the Hearing.

## ARGUMENT

I. **This Court Should Reject HMIT's Eleventh-Hour Attempt To Introduce Expert Testimony And Documents.**

    A. **Expert Testimony And Documents Are Inconsistent With This Court's Orders Regarding The Hearing.**

17.    It is settled law that this Court has "broad discretion" to determine the scope of discovery for a contested matter, because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *In re Dernick*, 2019 WL 5078632, at *4 (Bankr. S.D. Tex. Sept. 10, 2019) (cleaned up); *see also* Fed. R. Bankr. P. 9014(c) (providing rules governing discovery in contested matters "unless the court directs otherwise"). "Based on the court's review of all the parties' pleadings and briefing," this Court permitted the parties "to present evidence (including witness testimony) at the June 8, 2023 hearing," which "may include examining any witness for whom a Declaration or Affidavit has already been filed." (May 22 Order at 1–2.) At HMIT's request, this Court limited the scope of discovery to depositions of Seery and Dondero, holding that "[n]one of the parties shall be entitled to any other discovery." (May 26 Order at 2.) Thus, this Court did not contemplate any expert discovery, testimony, or documents in connection with the Hearing.

18.    This is unsurprising because no party ever mentioned that it planned to use any experts at the Hearing. To the contrary, HMIT repeatedly represented to this Court that it should limit its analysis to the "four corners" of the proposed complaint. (*See supra* ¶¶ 6–16.) HMIT now seeks to vastly expand the scope of the Hearing by introducing testimony and 14 exhibits from two Purported Experts. HMIT "hid[] the ball" regarding its Purported Experts, secured an Order limiting the scope of discovery, and now seeks to sandbag the Highland Parties with

-6-

Purported Experts from whom the Highland Parties had no opportunity to take discovery. *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) (cleaned up). This Court should reject HMIT's "gamesmanship and deception" by excluding the Purported Experts and related documents from the Hearing. *Id.* ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.") (cleaned up).

### B. HMIT Is Trying To Conduct An Impermissible "Trial By Ambush."

19. Under Fifth Circuit precedent, "each party is entitled to know what is being tried, or at least to the means to find out. Notice remains a first-reader element of procedural due process, and trial by ambush is no more favored here than elsewhere." *In re Cathey*, 2021 WL 2492851, at *2 (Bankr. N.D. Miss. June 17, 2021) (quoting *Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 420 (5th Cir. 1981)). HMIT "ambushed" the Highland Parties with expert materials it never mentioned in five briefs or two Court conferences. *Id.* Had HMIT timely disclosed the Purported Experts, the Highland Parties would have had the opportunity to depose them and to retain their own experts. *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."); Fed. R. Bankr. P. 9014(b) (applying Rule 26(b)(4)(A) to contested matters); Fed R. Bankr. P. 7026. Indeed, the purpose of these Rules is "to make depositions of testifying experts routinely available." 8A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2029 (3d ed. 2023). But HMIT strategically waited to disclose the Purported Experts until after 10 PM three days before the Hearing, making it effectively impossible for the Highland Parties to depose them or to retain their own experts.

20. Worse, as discussed above, HMIT obtained an Order from this Court limiting discovery to the depositions of Seery and Dondero and precluding any document discovery.

-7-

(May 26 Order at 2.) Thus, HMIT ensured that it could insulate its Purported Experts from any discovery and ambush the Highland Parties at the Hearing. This Court should not reward HMIT's gamesmanship by admitting expert material or permitting further delay on HMIT's Motion for Leave. This Court should exclude HMIT's Purported Experts and accompanying documents and conduct the Hearing on June 8, 2023 consistent with its May 22 and 26 Orders.

II. **The Purported Experts Should Be Excluded Under Rule 702 And *Daubert*.**

21. Federal Rule of Evidence 702 "assign[s] to the trial judge" the "gatekeeping role" of ensuring that only reliable expert testimony is admitted. *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "[T]rial courts [] act as 'gate-keepers,' making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (quoting *Daubert*, 509 U.S. at 592–93). "Qualification of an expert is a central part of the court's determination." *Buttross Props. v. Underwriters at Lloyds London*, 2017 WL 9362700, at *1 (W.D. Tex. Sept. 12, 2017) (collecting cases). "[T]he party putting forth the expert testimony has the burden of showing that the testimony is reliable" pursuant to *Daubert*. *In re USA Promlite Tech. Inc.*, 2022 WL 12025687, at *5 (Bankr. S.D. Tex. Oct. 20, 2022). HMIT fails to satisfy its burden for the Purported Experts.

22. ***First***, Van Meter is not qualified to opine about "Seery's compensation and claims trading." (HMIT List at 2.) Van Meter has never worked as a compensation consultant, has never conducted any compensation "market study," and has never before opined about "incentive-based compensation." (*Id.* at 2–3; *see* HMIT Ex. 39 (Van Meter CV).) Van Meter likewise has neither traded any bankruptcy claims nor analyzed any claims trading. (*Id.*) Van Meter thus lacks the "knowledge, skill, experience, training, or education" to opine about these issues. Fed. R. Evid. 702. Van Meter is an accountant and lawyer who bills himself "as an independent expert on

matters of economic damages/quantum, accounting and auditing standards, corporate governance and forensic accounting." (HMIT Ex. 39 (Van Meter CV) at 1.) Van Meter's limited bankruptcy experience consists of serving as a "[s]olvency and damages expert," "financial advisor," or "counsel," not analyzing compensation or claims trading. (*Id.* at 5–7.) "[Q]ualification to testify as an expert [] requires that the area of the witness's competence ***matches*** the subject matter of the witness's testimony," and "courts will prevent a witness from testifying as an expert where the witness has specialized knowledge on one subject but offers to testify on a different subject." 29 Wright & Miller, Federal Practice and Procedure § 6264.2 (emphasis added) (collecting cases).

23. ***Second***, HMIT does not even try to satisfy its burden to show that the Purported Experts' opinions are "the product of reliable principles and methods." Fed. R. Evid. 702(c). "To establish reliability under *Daubert*, an expert must provide objective, independent support for his methodology." *USA Promlite*, 2022 WL 12025687, at *7 (collecting cases). Neither of the Purported Experts provide any methodology at all. Van Meter claims to have "identified red flags" without explaining what they are, why they are "red flags," or how he determined they were "red flags." (HMIT List at 3.) Nor does Van Meter provide any basis for his assertion that Seery's compensation "was not reasonable and is excessive." (*Id.*) Pully speculates about "economic returns [Farallon and Stonehill] would normally hope to realize," the "likelihood that inappropriate information was provided to the[m]," and their "investment requirements," but never explains how he arrived at these opinions. (*Id.* at 4.) "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a [bankruptcy] court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *LeBlanc ex rel. Estate of LeBlanc v. Chevron USA, Inc.*, 396 F. App'x 94, 100 (5th Cir. 2010) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "Because no methodology for the conclusion was provided, the Court cannot determine whether

that methodology was reasonable, and thus, the conclusion itself is not admissible under Rule 702 and *Daubert*." *USA Promlite*, 2022 WL 12025687, at *7; *see also Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 635 (8th Cir. 2007) ("The proffer of [expert]'s testimony was properly rejected because [expert] employed no methodology whatsoever—reliable or otherwise.").

24. ***Third***, the Purported Experts' opinions are unreliable. "[T]he expert's testimony must be reliable at each and every step or else it is inadmissible," and "cherry-picked data" "belie[s] the reliability of [an expert's] methodology." *Burst v. Shell Oil Co.*, 650 F. App'x 170, 174 (5th Cir. 2016) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354–55 (5th Cir. 2007)). Pully's "Analysis of Farallon and Stonehill Claims Purchase" do not use actual data but instead rely on HMIT's complaint appended as "Exhibit 1-A to Emergency Motion filed on 4/23/23." (HMIT Exs. 49–50.) And HMIT admits that the Purported Experts have not "review[ed] Mr. Seery's deposition testimony" (HMIT List at 3–4)—the only testimony proffered in connection with the Motion for Leave—which suggests they were hired ***after*** the deposition to blindside the Highland Parties at the Hearing. "[W]hen," as here, "an expert's testimony is 'not based upon the facts in the record but on altered facts and speculation designed to bolster [a party's] position,' it should be excluded." *Loy v. Rehab Synergies, LLC*, 558 F. Supp. 3d 402, 415 (S.D. Tex. 2021) (quoting *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996)) (excluding as unreliable expert analysis based "on the spreadsheet created by Plaintiffs' counsel").

25. ***Fourth***, the Proposed Experts' opinions simply repeat the allegations in HMIT's proposed complaint and their analysis (*see* HMIT Exs. 41–45, 48–52) consist entirely of arithmetic, which is not proper expert testimony. *See* Fed. R. Evid. 702(a) (requiring expert testimony to "help the trier of fact to understand the evidence or to determine a fact in issue"). "An expert who parrots an out-of-court statement is not giving expert testimony; he is a

-10-

ventriloquist's dummy." *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) (quoting *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir. 2014) (Posner, J.)). And "simple calculations can be easily accomplished by the trier of fact, and therefore, even if they are reliable, they are not helpful." *Anderson v. Techtronic Indus. N. Am., Inc.*, 2015 WL 12843836, at *4 (M.D. Fla. Apr. 14, 2015) (excluding expert's opinion regarding economic feasibility); *see also* Wright & Miller, Federal Practice and Procedure § 6265.2 ("[E]xpert testimony does not help where the jury has no need for an opinion because the jury can easily reach reliable conclusions based on common sense, common experience, the jury's own perceptions, or simple logic."). Indeed, HMIT included some of these same calculations in its Proposed Complaint. (*See, e.g.*, Compl. ¶ 42.)

26. ***Finally***, the Purported Experts seek to offer improper legal opinions about the ultimate issues in HMIT's Motion for Leave. "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *In re Blankenship*, 2013 WL 3712428, at *2 (Bankr. N.D. Miss. July 12, 2013) (quoting *Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983)). Both Purported Experts opine about whether HMIT has "plausibly" alleged that Farallon and Stonehill purchased claims with "inappropriate information" (HMIT List at 3–4), which is precisely what HMIT seeks to show in its Motion (*see, e.g.*, Motion for Leave ¶ 42 ("[T]his Court's gatekeeping inquiry is properly limited to whether HMIT has stated a plausible claim on the face of the proposed pleadings involving 'bad faith,' 'willful misconduct,' or 'fraud.'")).

## CONCLUSION

27. For the foregoing reasons, the Highland Parties respectfully request that this Court exclude from the Hearing the Purported Experts' testimony and HMIT's Exhibits 39 to 52.

Dated: June 7, 2023

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **WILLKIE FARR & GALLAGHER LLP** |
| */s/ John A. Morris* | */s/ Mark T. Stancil* |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | Mark T. Stancil (admitted *pro hac vice*) |
| John A. Morris (admitted *pro hac vice*) | Joshua S. Levy (admitted *pro hac vice*) |
| Gregory V. Demo (admitted *pro hac vice*) | 1875 K Street, N.W. |
| Hayley R. Winograd (admitted *pro hac vice*) | Washington, D.C. 20006 |
| 10100 Santa Monica Boulevard, 13th Floor | (202) 303-1000 |
| Los Angeles, CA 90067 | mstancil@willkie.com |
| Tel: (310) 277-6910 | jlevy@willkie.com |
| Fax: (310) 201-0760 | |
| Email:  jpomerantz@pszjlaw.com | -and- |
|    jmorris@pszjlaw.com | |
|    gdemo@pszjlaw.com | |
|    hwinograd@pszjlaw.com | |

-and-

| | |
|---|---|
| **HAYWARD PLLC** | **REED SMITH LLP** |
| Melissa S. Hayward | Omar J. Alaniz |
| Texas Bar No. 24044908 | Texas Bar No. 24040402 |
| MHayward@HaywardFirm.com | Lindsey L. Robin |
| Zachery Z. Annable | Texas Bar No. 24091422 |
| Texas Bar No. 24053075 | 2850 N. Harwood St., Ste. 1500 |
| ZAnnable@HaywardFirm.com | Dallas, Texas 75201 |
| 10501 N. Central Expy, Ste. 106 | (469) 680-4292 |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |
| | |
| *Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | *Counsel for James P. Seery, Jr.* |

## CERTIFICATE OF CONFERENCE

On June 6, 2023, counsel for Seery emailed counsel for HMIT objecting to HMIT's intention to call expert witnesses and introduce expert materials at the Hearing and requesting that HMIT's counsel inform the Highland Parties whether HMIT would consent to remove these witnesses and materials from HMIT's witness and exhibit lists. On June 7, 2023, counsel for HMIT responded that, without waiving its prior objections concerning the evidentiary format of the Hearing, HMIT did not agree to withdraw its experts or the expert materials identified on its witness and exhibit list.

*/s/ Joshua S. Levy*
Joshua S. Levy