Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347
*Attorneys for Petitioner Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| **Debtor.** | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S RESPONSE
TO HIGHLAND CLAIMANT TRUST AND JAMES P. SEERY, JR.'S JOIINT
MOTION TO EXCLUDE TESTIMONY AND DOCUMENTS OF EXPERTS SCOTT
<u>VAN METER AND SETVE PULLY</u>**

[1]

Hunter Mountain Investment Trust ("HMIT") submits this Response to Highland

Claimant Trust and James P. Seery, Jr.'s Joint Motion to Exclude Testimony and

Documents of Scott Van Meter and Steve Pully ("Joint Motion").[1]

### A.     HMIT's Expert Disclosures are Timely and Exceed Procedural Requirements.

1.      Bankruptcy Rule of Procedure 9014 governs this contested matter, and 9014

specifically excludes Rule 26(a)(2)(b) requirements regarding expert witness disclosures

and reports. *See* Bank. R. Proc. 9014 ("The following subdivisions of Fed. R. Civ. P. 26, as

incorporated by Rule 7026, shall not apply in a contested matter unless the court directs

otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (*disclosures regarding expert*

*testimony*) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting

---

[1] HMIT files this Response subject to and without waiving its prior objections concerning the evidentiary format of the June 8 hearing, including, , but not limited to, HMIT's objections to the evidentiary format of the Motion for Leave Hearing, including as ordered by the Court's May 22, 2023, Order Pertaining to the Hearing on Hunter Mountain Investment Trust's Motion for Leave to File Adversary Proceeding [DE ## 3699 & 3760] (Doc. 3787) ("May 22 Order"). HMIT's prior objections to an evidentiary hearing on "colorability," and applying an evidentiary burden of proof to HMIT's Motion for Leave, were asserted by HMIT during the April 24, 2023, Status Conference, and were further set forth in HMIT'S Reply Brief in Support of its Motion for Leave (Doc. 3785) and during the May 26, 2023, hearing regarding Hunter Mountain Investment Trust's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of the June 8, 2023 Hearing (Doc 3788), all of which objections are incorporated herein for all purposes ("HMIT's Evidentiary Hearing Objections"). HMIT objects that all of the Highland Parties' proposed exhibits are irrelevant because the "colorability" issue should be decided per a standard no more stringent than that applied under a Rule 12(b)(6) motion. *See In re Deepwater Horizon*, 732 F.3d 326, 340 (5th Cir. 2013) (quoting *Richardson v. United States*, 468 U.S. 317, 326 n. 6 (1984)); *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 252-53 and n. 15 (5th Cir. 1988).

before scheduling conference/discovery plan) (emphasis added)). Moreover, this Court's

local rules do not require expert disclosures.

2.      Here, the Court specifically explained the limited pre-hearing discovery

which would be allowed during the May 26, 2023 on HMIT's Motion for Expedited

Discovery (Doc. 3788). The Court stated:

> "Here's what I'm going to do. We'll have yet another order regarding what
> kind of hearing we're going to have on June 8th, and it will clarify that Mr.
> Seery can testify and Mr. Dondero can testify, and both of them shall be
> made available for depositions before June 8th but not sooner than next
> Wednesday. And that is the evidence that the Court will consider. No other
> deposi... No other -- I'm still talking. No other depositions will happen
> between now and June 8th. You can make your legal arguments, *you can
> put on your witnesses*, and the Court is going to rule." May 26, 2023 Hr. Tr.
> at 51:3-14 (emphasis added).

Nothing in the Court's statements limited any parties' rights to call other witnesses. The

only limitation concerned discovery. As such, the Highland Parties' and Seery's

statements to the contrary should be recognized for what it is: the paradigm of

doublespeak. Indeed, they also designated Mark Patrick as a witness.

3.      The Court further explained that there would be no pre-hearing document

production among the parties. *See id*. at 52:10-17 ("I'm denying that request [to compel

document productions]. Okay. And I'm going to go back to the cart-before-the-horse

analogy. You know something, you have something that makes you think you have

colorable claims. Okay? ***You can put on your witness and try to convince me***. You can

cross-examine Mr. Seery and try to convince me. Okay? But if you convince me, then

[3]

there'll be a normal lawsuit and discovery. But at this point, I think it's a very improper

request." (emphasis added)).

4.      Finally, the Court made clear that other than pursuant to Local Rule 9014-

1(c) (providing for witness and exhibit lists to be exchanged three days before the

hearing) and the depositions of Mr. Dondero and/or Mr. Seery, there would be no other

required pre-hearing disclosures. *See* May 26, 2023 Order on HMIT's Emergency Motion

for Expedited Discovery (Doc. 3800) ("None of the parties shall be entitled to any other

discovery [other than the depositions of Mr. Dondero and/or Mr. Seery], including the

production of documents from Mr. Seery or Mr. Dondero, *or any other party or witness*

*pursuant to a subpoena duces tecum, or otherwise*, prior to the conduct of the Depositions

or to the court's ruling on the Motion for Leave following the June 8, 2023 hearing."

(emphasis added)). Again, this makes clear that other witnesses were contemplated.

5.      Again, contrary to the position taken in the Joint Motion, the Highland

Parties identified Mark Patrick as a witness—though he was not specifically discussed as

a witness at the May 26, 2023 hearing.

6.      HMIT's expert witness disclosures were timely and provided more detail

than required. While HMIT has consistently taken the position (and still does) that the

Court should only consider the four corners of its proposed Adversary Proceeding

pursuant to the governing Supreme Court and Fifth Circuit standard for "colorability" of

a claim, this Court clearly and unequivocally has rejected that standard in favor of an

evidentiary hearing with expressly limited pre-hearing discovery. To the extent a representative of Stonehill Capital Management, LLC or Farallon Capital Management, LLC could offer expert testimony regarding their claims trading, so should HMIT have the same opportunity. The fact that they chose not to do so does not create a "trial by ambush" situation.

7.     None of the cases cited in the Joint Motion involves a pre-hearing disclosures prior to a contested bankruptcy proceeding—and certainly none is analogous to the facts of the Court's order in this case (which involve a gatekeeping colorability determination). *In re Dernick*, 2019 WL 5078632 (Bankr. S.D. Tex. September 10, 2019) (relating to discovery served in an adversary proceeding after the discovery deadline expired and discovery served while trial was ongoing); *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354 (5th Cir. 2018) (failure to disclose updated medical records in Uniformed Services Employment and Reemployment Rights Act matter); *In re Cathey*, 2021 WL 2492851 at *2 (Bankr. N.D. Miss. June 17, 2021) (involving improper, late, and jurisdictionally prohibited form of request for relief) ("Rather than appearing for the state court proceeding at the time or pursuing the state court appeals process, the debtor asks this Court to essentially overturn a judgment of the state court that is now final and non-appealable. This position is expressly prohibited by the *Rooker-Feldman* doctrine.").

**B.      The Opinions of Mr. Pully and Mr. Van Meter Survive *Daubert* Scrutiny.**

8.      The Joint Motion's authority related to the substance of HMIT's experts is similarly inapposite. Far from exercising a *Daubert* analysis—a pre-trial motion practice under the Federal Rules of Civil Procedure—this Court is making a colorability determination under Rule 9014 contested proceeding, which expressly excludes disclosures regarding experts. HMIT produced the resumes and testifying history for its experts; neither of whom have ever been precluded from testifying. Both are abundantly qualified. HMIT also produced exhibits that in detail explained the experts' forensic analysis and methodology of their computations, which are well within their focused expertise.

9.      Mr. Van Meter has served as bankruptcy trustee and is very familiar with claims trading. He has not only worked as a post-confirmation trustee himself (a role he currently holds), he also has worked with other post-confirmation trustees, has dealt with claims traders, and in over 30 years of experience in bankruptcy matters is highly qualified to express the his opinions.

10.      As to his compensation analysis, Mr. Van Meter's opinions similarly are based on knowledge of post-confirmation trustee compensation as that provided to Mr. Seery. He also has personal experience as post confirm trustee and as an attorney and financial advisor. He has been involved in dozens of bankruptcy cases which have resulted in post-confirmation in which the compensation of the post-confirmation trustee

[6]

has to be resolved. Simply put, Mr. Van Meter is very familiar with post-confirmation compensation of a trustee.

11.      This is a bench hearing on colorability—not a trial where "junk science" is a concern. The *Daubert* standards and policies are not applicable. The policies and principles in the cases cited in the Joint Motion simply do not apply to this proceeding. Indeed, none of the cases cited in the Joint Motion is in a bankruptcy contested proceeding matter (much less involving a gatekeeping colorability determination). The Joint Motion takes a kitchen sink approach to criticize HMIT's expert opinions by throwing out abbreviated complaints which lack any valid reasoning or detail. In the unlikely event the Court finds the Joint Motion persuasive, then it can consider the kitchen-sink arguments in what weight to give the testimony.

WHEREFORE, Hunter Mountain Investment Trust respectfully requests this Court to deny the Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully and to grant HMIT all such other and further relief as is just and proper.

DATED: June 7, 2023

[7]

Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: _/s/ Sawnie A. McEntire_

Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

## CERTIFICATE OF SERVICE

I certify that on the 7th day of June 2023, a true and correct copy of the foregoing Motion was served on all counsel of record or, as appropriate, on the Respondents directly.

_/s/ Sawnie A. McEntire_
Sawnie A. McEntire

[8]