| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | WILLKIE FARR & GALLAGHER LLP |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | Mark T. Stancil (admitted *pro hac vice*) |
| John A. Morris *(*admitted *pro hac vice)* | Joshua S. Levy (admitted *pro hac vice*) |
| Gregory V. Demo (admitted *pro hac vice*) | 1875 K Street, N.W. |
| Hayley R. Winograd (admitted *pro hac vice*) | Washington, D.C. 20006 |
| 10100 Santa Monica Blvd., 13th Floor | (202) 303-1000 |
| Los Angeles, CA 90067 | mstancil@willkie.com |
| Tel: (310) 277-6910 | jlevy@willkie.com |
| Fax: (310) 201-0760 | |
| | |
| HAYWARD PLLC | REED SMITH LLP |
| Melissa S. Hayward | Omar J. Alaniz |
| Texas Bar No. 24044908 | Texas Bar No. 24040402 |
| MHayward@HaywardFirm.com | Lindsey L. Robin |
| Zachery Z. Annable | Texas Bar No. 24091422 |
| Texas Bar No. 24053075 | 2850 N. Harwood St., Ste. 1500 |
| ZAnnable@HaywardFirm.com | Dallas, Texas 75201 |
| 10501 N. Central Expy, Ste. 106 | (469) 680-4292 |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |
| | |
| *Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | *Counsel for James P. Seery, Jr.* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Reorganized Debtor. | ) |

**HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CLAIMANT TRUST, AND JAMES P. SEERY, JR.'S RESPONSE TO HUNTER MOUNTAIN INVESTMENT TRUST'S REQUEST FOR ORAL ARGUMENT OR, ALTERNATIVELY, <u>A SCHEDULE FOR EVIDENTIARY PROFFER</u>**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

The Highland Parties respond to HMIT's Request for Oral Hearing or, Alternatively, a Schedule for Evidentiary Proffer ("Request"; Dkt. No. 3845) as follows:[2]

1. In response to HMIT's request for oral argument on the Motion, the Highland Parties are available at this Court's convenience if this Court determines that oral argument would be helpful. In the event this Court holds such argument, however, the Highland Parties respectfully request that it be held remotely to minimize further expense due to HMIT's belated attempt to introduce expert testimony.

2. The Highland Parties oppose HMIT's request "to present both Mr. Pully and Mr. Van Meter for an oral hearing to establish their qualifications . . . as well as the relevance and reliability of their opinions and methodologies." (Request ¶ 3.) At the Hearing, this Court held that HMIT cannot buttress its showing regarding the Purported Experts' admissibility. Indeed, counsel for the Highland Parties raised this issue explicitly: "We would ask that Your Honor's ruling on the ultimate admissibility of this be limited to what they've actually put in front of us. . . . So we would just ask that they live or die with what they've said in the way of methodology, disclosures, and the like." (Hr'g Tr. at 22:21–23:3.) This Court ultimately agreed, making clear that it would "go back and read the motion, the response, and make my ruling on are we coming back for another day of experts." (*Id.* at 24:20–25:12.) This Court specifically addressed the Highland Parties' request to preclude HMIT from attempting to buttress its showing regarding the admissibility of the Purported Experts: "And with regard to the comment about not adding to, I think that's a fair point. You can't add new exhibits that the expert might talk about or that you might want me to consider between now and whenever the tentative day two is." (*Id.*) HMIT expressly acknowledged and consented to that limitation: "Understand. We agree with that." (*Id.* at 25:13.)

---

[2] Capitalized terms have the same meaning as in the Motion (Dkt. No. 3820) unless otherwise indicated.

3. Yet HMIT now contends that it is entitled to another hearing—after this Court has already held two conferences and a full-day evidentiary Hearing—at which it would present the very same sort of evidence this Court expressly held would not be considered. Tellingly, HMIT cites no authority for its purported entitlement, much less authority that could overcome HMIT's concession in open court. The fate of HMIT's expert-witness ambush should, as this Court and all parties agreed at the hearing, rise or fall on what HMIT has already filed.

Dated: June 13, 2023

| **PACHULSKI STANG ZIEHL & JONES LLP** | **WILLKIE FARR & GALLAGHER LLP** |
|---|---|
| */s/ John A. Morris* | */s/ Mark T. Stancil* |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | Mark T. Stancil (admitted *pro hac vice*) |
| John A. Morris (admitted *pro hac vice*) | Joshua S. Levy (admitted *pro hac vice*) |
| Gregory V. Demo (admitted *pro hac vice*) | 1875 K Street, N.W. |
| Hayley R. Winograd (admitted *pro hac vice*) | Washington, D.C. 20006 |
| 10100 Santa Monica Boulevard, 13th Floor | (202) 303-1000 |
| Los Angeles, CA 90067 | mstancil@willkie.com |
| Tel: (310) 277-6910 | jlevy@willkie.com |
| Fax: (310) 201-0760 | |
| Email:  jpomerantz@pszjlaw.com | -and- |
| jmorris@pszjlaw.com | |
| gdemo@pszjlaw.com | |
| hwinograd@pszjlaw.com | |

-and-

| **HAYWARD PLLC** | **REED SMITH LLP** |
|---|---|
| Melissa S. Hayward | Omar J. Alaniz |
| Texas Bar No. 24044908 | Texas Bar No. 24040402 |
| MHayward@HaywardFirm.com | Lindsey L. Robin |
| Zachery Z. Annable | Texas Bar No. 24091422 |
| Texas Bar No. 24053075 | 2850 N. Harwood St., Ste. 1500 |
| ZAnnable@HaywardFirm.com | Dallas, Texas 75201 |
| 10501 N. Central Expy, Ste. 106 | (469) 680-4292 |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*     *Counsel for James P. Seery, Jr.*