Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347
*Attorneys for Hunter Mountain Investment Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| **Debtor.** | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S REPLY TO**
**THE HIGHLAND PARTIES' RESPONSE TO REQUEST FOR ORAL HEARING**

Hunter Mountain Investment Trust ("HMIT"), Movant in these Contested Proceedings, submits this Reply ("Reply") to the Response to Hunter Mountain Investment Trust's Request for Oral Argument or, Alternatively, a Schedule for Evidentiary Proffer ("Response") filed by Highland Capital Management, L.P., Highland

1

Claimant Trust, and James P. Seery, Jr. (collectively, the "Highland Parties"), and would show:[1]

1. HMIT's Request for Hearing for Oral Hearing or, Alternatively, a Schedule for Evidentiary Proffer (Doc. 3845) ("Request") is consistent both with the Court's rulings during the hearing on June 8, 2023, and the relevant rules relating to discovery and rules of evidence related to expert testimony.

2. HMIT is not asking to add "new exhibits" or to have its experts testify about "new exhibits." Rather, HMIT seeks a proper *Daubert* hearing to address the admissibility of expert testimony under Fed. R. Evid. 702 and 703. Nothing the Court said about "new exhibits" affects HMIT's right to be heard and present evidence during a proper *Daubert* inquiry. The Record does *not* support any other conclusion:

> Mr. McEntire: If you even want to consider a *Daubert* challenge, the proper procedure is to put the witnesses on the stand and have an opportunity to have a proffer of evidence and a cross-examination. That's the proper procedure. Throwing something and innuendo and rhetoric and conclusions is not a proper

---

[1] This Reply is filed subject to and without waiving any of HMIT's substantive and procedural rights including, but not limited to, HMIT's objections to the evidentiary format of the June 8, 2023, hearing ("June 8 Hearing") on HMIT's Emergency Motion for Leave to File Verified Adversary Proceeding [Doc. 3699] and Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding [Doc. 3760] (together the "Motion for Leave"), including objections to the Court's May 22, 2023 order [Doc. 3787] ("May 22 Order"). HMIT's prior objections to an evidentiary hearing were asserted by HMIT during the April 24, 2023, Status Conference, and were further set forth in HMIT'S Reply Brief in Support of its Motion for Leave [Doc. 3785], during the May 26, 2023, hearing regarding Hunter Mountain Investment Trust's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of the June 8, 2023 Hearing [Doc 3788], and during the June 8 Hearing, all of which objections are incorporated herein for all purposes ("HMIT's Evidentiary Hearing Objections").

*Daubert* motion at all. The Court could deny their *Daubert* motion just on those grounds.[2]

3. HMIT's Request for Oral Hearing is also consistent with Fifth Circuit authority, which requires the Court, at a minimum, to perform a *Daubert* inquiry and "articulate its basis" on the record for excluding or admitting expert testimony. *Rodriguez v. Riddell Sports, Inc.*, 242 S.W.3d 567, 581-82 (5th Cir. 2001). A failure to conduct a proper *Daubert* inquiry and "articulate" the basis for a ruling based on a sufficiently developed record, would be error. *See id.*; *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) ("A natural requirement of the [*Daubert*] gatekeeper function is the creation of 'a sufficiently developed record in order to allow a determination of whether the district court properly applied the relevant law.'") (citation omitted). There cannot be a "sufficiently developed record" to make any *Daubert* inquiry when the experts have not even been granted the opportunity to offer their opinions, the bases of their opinions, and the methodology they employed in arriving at their opinions.

4. In any event, if the Court excludes the experts' opinions on any basis, HMIT is still entitled to make an offer of proof on what the experts would opine for purposes of appellate review—a requirement for error preservation that a *Daubert* hearing ordinarily would fulfill. Fed. R. Evid. 103(c) ("The court may direct that an offer of proof be made

---

[2] Hearing Transcript at 17:5-11.

3

in question-and-answer form."). Thus, if the Court denies a *Daubert* hearing, HMIT is entitled to submit an offer of proof for the record. Fed. R. Evid. 103(a)(2).

Dated: June 14, 2023.

        Respectfully Submitted,

        **PARSONS MCENTIRE MCCLEARY PLLC**

        By: /s/ *Sawnie A. McEntire*
            Sawnie A. McEntire
            Texas State Bar No. 13590100
            smcentire@pmmlaw.com
            1700 Pacific Avenue, Suite 4400
            Dallas, Texas 75201
            Telephone: (214) 237-4300
            Facsimile: (214) 237-4340

            Roger L. McCleary
            Texas State Bar No. 13393700
            rmccleary@pmmlaw.com
            One Riverway, Suite 1800
            Houston, Texas 77056
            Telephone: (713) 960-7315
            Facsimile: (713) 960-7347

            *Attorneys for Hunter Mountain Investment Trust*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of June 2023, a true and correct copy of the foregoing motion was served on all counsel of record or, as appropriate, on the Respondents directly.

        /s/ *Sawnie A. McEntire*
        Sawnie A. McEntire