PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**DECLARATION OF JOHN A. MORRIS IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM 146**

I, John A. Morris, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1.  I am a partner in the law firm Pachulski, Stang, Ziehl & Jones LLP (the "Firm"), counsel to Highland Capital Management, L.P. ("Highland"), the Reorganized Debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"). I submit this Declaration in support of *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners LLC) in Connection with Proof of Claim 146* (the "Motion").[2]

2.  I have overseen my Firm's representation of Highland in all aspects of the litigation concerning HCRE's Proof of Claim. This Declaration is based on my personal knowledge and review of the documents listed below.

**A.    Exhibits A-E**

3.  Attached as **Exhibit A** is a true and correct copy of HCRE's Proof of Claim.

4.  Attached as **Exhibit B** is a true and correct copy of the *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* [Docket No. 906].

5.  Attached as **Exhibit C** is a true and correct copy of *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* [Docket No. 1212].

6.  Attached as **Exhibit D** is a true and correct copy of the Court's *Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* [Docket No. 3767].

---

[2] Capitalized terms not defined in this Declaration shall have the meanings ascribed to them in the Motion.

2

7. Attached as **Exhibit E** is a true and correct copy of the transcript of the hearing held on the Proof of Claim on November 1, 2022.

B. **Attorneys' Fees Charged by Pachulski Stang Ziehl & Jones LLP**

8. I and others working at my direction have reviewed invoices related to the attorneys' fees and expenses charged to Highland in connection with the litigation of HCRE's Proof of Claim and calculated the amount of attorneys' fees and expenses incurred in connection therewith.

9. In the ordinary course of business, timekeepers (including attorneys and legal assistants) at my Firm record billable time in increments of one-tenth of an hour. Timekeepers are also required to classify their work by task codes and/or matter numbers to differentiate between individual tasks conducted for the same client.

10. For the period August 1, 2021 through December 31, 2022, the Firm's timekeepers recorded their time entries relating to the Proof of Claim under matter number ".003" and task code "MFCO" (short for "Multi Family Claim Objection"). Attached as **Exhibit F** are the Firm's invoices for the period August 1, 2021 through December 31, 2022 that reflect all of the Firm's time billed to the litigation of HCRE's Proof of Claim (collectively, the "PSZJ Invoices").

11. The Court previously denied Highland's request for attorneys' fees incurred in connection with the *Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* [Docket No. 2196] (the "Disqualification Motion"). *See Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* (the "DQ Order") [Docket No. 3106]. In compliance with the DQ Order, we reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of

3

doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.

12. We have also redacted all entries that we concluded were inadvertently coded to "MFCO" or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation (in particular, in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM)).

13. Subject to the foregoing, for the period August 1, 2021 through December 31, 2022, the attorneys' fees billed by the Firm's timekeepers with respect to HCRE's Proof of Claim and charged to Highland are in the aggregate amount of $782,476.50 (the "PSZJ Fees").

**C.     Third-Party Expenses Incurred in Connection with the Proof of Claim**

14. Highland took and defended numerous depositions in connection with the Proof of Claim litigation. Attached as **Exhibit G** are invoices rendered by TSG Reporting, Inc. for court reporting services provided in connection with the Proof of Claim litigation (the "Expenses"). For the period August 1, 2021 through December 31, 2022, the Expenses incurred by the Firm and charged to Highland with respect to the Proof of Claim are in the total aggregate amount of $16,164.05.

**D.     Attorneys' Fees Charged by the Law Office of David Agler**

15. In the summer of 2022, with discovery approaching, Highland retained David Agler, at the Law Office of David Agler, to provide specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim. Attached as **Exhibit H** is an invoice for services rendered by Mr. Agler during the period August 10, 2022 through August 18, 2022

4

for services rendered in connection with the Proof of Claim in the aggregate amount of $27,300.00 (the "Agler Fees," and together with the PSZJ Fees, the "Fees").

16. As reflected in Exhibit H, Mr. Agler worked at my direction and those of my colleagues. I am familiar with Mr. Agler's charges and recommended that Highland pay the Agler Fees, which it did. Given the amounts involved, my personal knowledge of Mr. Agler's services and their relationship to the Proof of Claim litigation, and the detailed time entries, I saw no need to charge Highland even more in fees to obtain a separate declaration from Mr. Agler, but Highland reserves the right to do so if HCRE challenges the authenticity of Exhibit H.

E. **Summary of Fees and Expenses Incurred by Highland in Connection with the Proof of Claim**

17. Attached as **Exhibit I** is a chart showing that the aggregate amount of Fees and Expenses charged to (and paid by) Highland in connection with the Proof of Claim is $825,940.55.

18. I declare under penalty of perjury that the forgoing is true and correct.

Dated: June 16, 2023.

                                                         */s/ John A. Morris*
                                                          John A. Morris