PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris *(admitted pro hac vice)*
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

REED SMITH LLP
Omar J. Alaniz
Texas Bar No. 24040402
Lindsey L. Robin
Texas Bar No. 24091422
2850 N. Harwood St., Ste. 1500
Dallas, Texas 75201
(469) 680-4292

*Counsel for James P. Seery, Jr.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) ) ) |

**THE HIGHLAND PARTIES' OBJECTIONS TO AND MOTION TO STRIKE HUNTER
MOUNTAIN INVESTMENT TRUST'S PURPORTED PROFFER**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Highland Capital Management, L.P., the Highland Claimant Trust, and James P. Seery, Jr. (collectively, the "Highland Parties") object to and hereby move to strike (the "Motion") *Hunter Mountain Investment Trust's Evidentiary Proffer Pursuant To Rule 103(a)(2)* ("Proffer"; Dkt. No. 3858), and in support thereof state as follows:[2]

1. HMIT's submission is improper and should be stricken from the record. HMIT already proffered the substance of the purported experts' testimony and associated exhibits on the pre-hearing witness list. (*See* Dkt. No. 3818 ¶¶ 4–5.) This Court issued a detailed opinion and order ("Opinion" or "Op."; Dkt No. 3854) rejecting the proffered testimony, finding both that HMIT's disclosure "came far too late" *and* that the proffered testimony would not aid the Court's analysis. What is more, HMIT acknowledged at the Hearing that admissibility would be determined on the basis of HMIT's pre-hearing submission; this Court then affirmed that understanding and specifically forbade HMIT from filing additional materials in support of its motion.

2. Nevertheless, displaying open contempt for this Court's orders, HMIT has lobbed in yet another filing in a transparent attempt to create a misleading record in furtherance of its inevitable appeal. HMIT cites no authority suggesting that it is entitled to submit a *second* offer of proof, much less one that is offered *after the close of evidence*. Enough is enough. This Court should strike the submission for at least four reasons.[3]

3. **First**, as this Court previously held, the Proffer is untimely, since HMIT "wait[ed] until roughly 60 hours before the hearing to disclose the Proposed Experts." (Op. at 13–14.) HMIT's Proffer—filed 11 days after the Hearing—is even *more* untimely. Courts in this Circuit

---

[2] Capitalized terms have the meanings ascribed to them in the Highland Parties' earlier motion to exclude purported expert testimony (Dkt. No. 3820) and response ("Response"; Dkt No. 3846) to HMIT's request for oral hearing or, alternatively, a schedule for evidentiary proffer ("Request"; Dkt No. 3845), unless otherwise indicated.

[3] The Highland Parties reserve the right to seek sanctions against HMIT and/or its counsel in connection with this Motion.

-1-

routinely strike untimely expert disclosures. *See, e.g.*, *Lucero v. Federated Mut. Ins. Co.*, 2023 WL 2287240, at *15–16 (N.D. Tex. Feb. 10, 2023) (striking "late designation of expert witnesses" and excluding testimony) (collecting cases), *adopted by* 2023 WL 2290780 (N.D. Tex. Feb. 28, 2023); *Smotherman v. Bayview Loan Serv'g, LLC*, 2022 WL 656198, at *3–4 (W.D. Tex. Jan. 26, 2022) (striking "untimely submission of [plaintiffs'] designation of expert witnesses and expert report"); *Ortiz v. Minn. Life Ins. Co.*, 2022 WL 4376406, at *4 (E.D. Tex. Mar. 11, 2022) (striking expert report that "was not timely disclosed").

4. Worse, HMIT waited until after the close of evidence at the Hearing to make its (second) Proffer. "The purposes of requiring offers of proof" pursuant to Federal Rule of Evidence 103(a)(2) "include providing a chance for the trial judge to reevaluate h[er] decision . . . ." 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 1:13 (4th ed. 2023). HMIT already made its proffer. And, as explained in the Highland Parties' Response (at 1), HMIT agreed at the Hearing—and this Court affirmed—that the admissibility of the experts' testimony would be determined on the basis of the pre-Hearing proffer. Materials submitted ***after*** the Court excluded the testimony on the basis of the first proffer and ***after*** the close of evidence were not before the court when it reached its decision and thus do not serve Rule 103(a)(2)'s essential purpose. That is why an "offer of proof" must be "made in pretrial hearing" or during trial. 1 Mueller & Kirkpatrick, Federal Evidence § 1:14 (collecting cases); *see also Pedigo v. UNUM Life Ins. Co. of Am.*, 145 F.3d 804, 807–08 (6th Cir. 1998) (affirming exclusion of expert testimony for inadequate disclosure where "offer of the proof" was submitted "after the July 2, 1996, trial").

5. ***Second***, HMIT engaged in "gamesmanship and deception" to paper the appellate record by deliberately withholding its expert reports before the Hearing and filing them shortly

-2-

thereafter. *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) (cleaned up). HMIT argued in both briefing and at the Hearing that it "was under no obligation to provide expert reports or other expert disclosures." (Request ¶ 3; *see also* June 8, 2023 Hr'g Tr. at 8:1–5 (arguing that "we do not" have "a duty under 9014 to provide a report"); *id.* at 13:23–25 ("The Rules do not require me to provide any more disclosure than I have."); HMIT's Resp. to Motion ¶ 1, Dkt. No. 3828 ("Bankruptcy Rule of Procedure 9014" and "this Court's local rules do not require expert disclosures.").) During the Hearing, the Highland Parties proposed that, "to avoid another raft of submissions," HMIT "live or die with what they've said in the way of methodology, disclosures, and the like," which both this Court and HMIT's counsel called "the best of all worlds." (June 8, 2023 Hr'g Tr. at 23:1–7.) This Court should reject HMIT's efforts to "hide[] the ball" by strategically withholding its expert reports before the Hearing (and, indeed, before the Opinion was issued), but then submitting them after the Hearing and the close of evidence for reliance on any forthcoming appeal. *Hernandez*, 907 F.3d at 363 ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.") (cleaned up).

6.    Nor should HMIT be permitted to use its (second) Proffer to seek *de facto* reconsideration of this Court's Opinion. Reconsideration "cannot be used to raise arguments which could, and should, have been made before the [decision] issued." *Implicit Oil & Gas, L.P. v. GoMex Energy Offshore, Ltd.*, 2012 WL 13094056, at *1 (N.D. Tex. Feb. 21, 2012) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). HMIT could have submitted expert reports before the Hearing, and reconsideration (which HMIT does not actually seek) cannot be "based on evidence available to the movant at the time the original motion was filed." *Id.* at *2.

-3-

7.  ***Third***, the (second) Proffer is contrary to both this Court's Orders and the Federal Rules. HMIT admits that this "Court instructed HMIT that it was not allowed to file a sur-reply concerning these expert witness issues." (Request ¶ 2 (citing June 8, 2023 Hr'g Tr. at 25:3–12, 26:14–18).) HMIT nonetheless filed its Request, a reply in support of its Request, and now this Proffer, which marks HMIT's ***thirty-first filing*** with this Court in the "sideshow" of HMIT's Motion for Leave. (Op. at 3; *see also id.* at 8–10.) This must stop. The purpose of Rule 103(a)(2) is "providing adequate procedural opportunities for parties to vindicate their rights in court proceedings, while ***not providing endless opportunities***" to litigate the exclusion of evidence. 1 Mueller & Kirkpatrick, Federal Evidence § 1:13 (emphasis added). Similarly, the purpose of the Gatekeeper Provision is to "prevent baseless litigation" and "avoid abuse of the Court system and preempt the use of judicial time." (Feb. 22, 2021 Order ¶ 79, Dkt. No. 1943.) HMIT's efforts to bury both the parties and this Court with a "deluge of activity" on the docket (Op. at 8) runs counter to these principles. Accordingly, the Highland Parties respectfully request that this Court enter the Proposed Order, appended as Exhibit A hereto, precluding further briefing on HMIT's Motion for Leave and limiting all parties in this bankruptcy proceeding to "motion, response, reply," which is "all our Rules permit." (June 8, 2023 Hr'g Tr. at 26:16–17.)

8.  ***Finally***, HMIT's (second) Proffer is unnecessary. Rule 103(a)(2) applies only if the excluded evidence "affects a substantial right of the party" and does not apply if "the substance" of the excluded evidence "was apparent from the context." Fed. R. Evid. 103(a)(2). HMIT bears the burden "to show that excluding evidence affected a substantial right (meaning it likely affected the judgment)." 1 Mueller & Kirkpatrick, Federal Evidence § 1:13 & n.6 (collecting cases). But HMIT's bare-bones Proffer does not even try to explain how the Purported Experts' testimony affects HMIT's "substantial rights." HMIT also appears to admit that the excluded evidence "was

-4-

apparent from the context," because the Purported Experts' declarations simply re-attach the same exhibits this Court already reviewed and excluded. (*See* Op. at 11, 16.) "Where," as here, "litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Implicit*, 2012 WL 13094056, at *1 (cleaned up); *see also id.* ("'A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments.'") (quoting *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005)).

9. For the foregoing reasons, this Court should strike HMIT's Proffer and accompanying declarations from the record and remove them from the docket.

Dated: June 23, 2023

| **PACHULSKI STANG ZIEHL & JONES LLP** | **WILLKIE FARR & GALLAGHER LLP** |
|---|---|
| */s/ John A. Morris* | */s/ Mark T. Stancil* |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | Mark T. Stancil (admitted *pro hac vice*) |
| John A. Morris (admitted *pro hac vice*) | Joshua S. Levy (admitted *pro hac vice*) |
| Gregory V. Demo (admitted *pro hac vice*) | 1875 K Street, N.W. |
| Hayley R. Winograd (admitted *pro hac vice*) | Washington, D.C. 20006 |
| 10100 Santa Monica Boulevard, 13th Floor | (202) 303-1000 |
| Los Angeles, CA 90067 | mstancil@willkie.com |
| Tel: (310) 277-6910 | jlevy@willkie.com |
| Fax: (310) 201-0760 | |
| Email: jpomerantz@pszjlaw.com | -and- |
| jmorris@pszjlaw.com | |
| gdemo@pszjlaw.com | |
| hwinograd@pszjlaw.com | |

-and-

| **HAYWARD PLLC** | **REED SMITH LLP** |
|---|---|
| Melissa S. Hayward | Omar J. Alaniz |
| Texas Bar No. 24044908 | Texas Bar No. 24040402 |
| MHayward@HaywardFirm.com | Lindsey L. Robin |
| Zachery Z. Annable | Texas Bar No. 24091422 |
| Texas Bar No. 24053075 | 2850 N. Harwood St., Ste. 1500 |
| ZAnnable@HaywardFirm.com | Dallas, Texas 75201 |
| 10501 N. Central Expy., Ste. 106 | (469) 680-4292 |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |
| | |
| *Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | *Counsel for James P. Seery, Jr.* |

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., ) | Case No. 19-34054-sgj11 |
| ) | |
| Reorganized Debtor. ) | |
| ) | |
| ) | |

**[PROPOSED] ORDER STRIKING HMIT'S EVIDENTIARY PROFFER PURSUANT TO RULE 103(a)(2) AND LIMITING BRIEFING**

The Court has reviewed Hunter Mountain Investment Trust's ("HMIT") *Evidentiary Proffer Pursuant to Rule 103(a)(2)* ("Proffer"; Dkt. No. 3858) and the *Highland Parties' Joint Objections To And Motion To Strike HMIT's Evidentiary Proffer Pursuant to Rule 103(a)(2)* (the "Motion") filed by Highland Capital Management, L.P., the Highland Claimant Trust, and James P. Seery, Jr. (collectively, the "Highland Parties"; together with HMIT, the "Parties"). After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion. It is therefore **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Proffer and its accompanying declarations are stricken from the record. The Court directs the Clerk to remove docket entry 3858 from the docket.

3. With the exception of the Motion, HMIT's response to the Motion, and the Highland Parties' reply in further support of the Motion, the Parties shall not file any additional briefs, motions, proffers, or other submissions with the Court in connection with HMIT's *Motion*

Case 19-34054-sgj11 Doc 3860 Filed 06/23/23 Entered 06/23/23 09:18:01 Desc
Main Document Page 10 of 10

*for Leave to File Verified Adversary Proceeding* (Dkt. No. 3699) or the Highland Parties' *Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully* (Dkt. No. 3820).

4. Briefing on all motions in the above-captioned action shall be limited to an opening brief, a response brief, and a reply brief, unless the Court orders otherwise.

### END OF ORDER ###

-2-