

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 1, 2023

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) |

**ORDER
(A) CONTINUING HEARING ON MOTION TO STAY AND TO COMPEL MEDIATION
[DKT. 3752] AND (B) DIRECTING CERTAIN ACTIONS IN ADVANCE OF CONTINUED
HEARING**

Having considered (a) the *Motion to Stay and to Compel Mediation* [Docket No. 3752] (the "Motion") filed by James D. Dondero, The Dugaboy Investment Trust, the Get Good Trust, and Strand Advisors, Inc. (collectively, the "Movants"), (b) the *Objection to Motion to Stay and Motion to Compel Mediation* [Docket No. 3796] (the "Objection") filed by Highland Capital Management, L.P. and the Highland Claimant Trust (collectively, the "Highland Parties") (including the

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

supporting documentation lodged at Docket No. 3797), (c) the *Limited Joinder of Hunter Mountain Investment Trust in, to, and with the Motion to Stay and Motion to Compel Mediation and Incorporated Memorandum in Support [Doc. 3752] to Support Mediation as Sought Therein (Only)* [Docket No. 3862] (the "Limited Joinder") filed by Hunter Mountain Investment Trust ("HMIT", and collectively with the Movants and the Highland Parties, the "Parties"), (d) the statements and arguments of counsel regarding the Motion, the Objection, and the Limited Joinder at the hearing on the Motion held before the Court on June 26, 2023 (the "Hearing"), and (e) the record of proceedings in the above-captioned bankruptcy case (the "Bankruptcy Case") and its related adversary proceedings, the Court finds and concludes that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) good and sufficient cause exists to grant the relief set forth in this Order. Accordingly, it is therefore,

**ORDERED** that the Hearing on the Motion is continued to **Friday, July 21, 2023, at 1:00 p.m. (Central Time)**. The continued Hearing on the Motion will be held via WebEx videoconference; it is further

**ORDERED** that, on or before **Thursday, July 6, 2023, at 9:00 a.m. (Central Time)** (the "Disclosure Deadline"), the Highland Parties shall file with the Clerk of the Court (a) a current balance sheet showing general categories of assets and liabilities of the Highland Claimant Trust and (b) a list of all relevant pending litigation involving and/or affecting the Highland Parties and their current or former officers, directors, employees, affiliates, or other related entities; it is further

**ORDERED** that, on or before **Wednesday, July 19, 2023, at 12:00 p.m. (Central Time)**,

the Dondero Parties[2] shall provide to counsel for the Highland Parties a good faith, written offer of settlement of all pending and prospective litigation involving and/or affecting the Highland Parties (and their current or former officers, directors, employees, affiliates, or other affiliated entities) and the Dondero Parties (and their current and former respective officers, directors, employees, affiliates, or other affiliated entities) (the "Offer"); and it is further

**ORDERED** that if the Offer is not made on behalf of all of the Dondero Parties, then the Highland Parties shall be entitled in their sole discretion to decline to participate in mediation; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### End of Order ###

---

[2] "Dondero Parties" refers, collectively, to (a) Mr. Dondero, (b) NexPoint Advisors, L.P., (c) Highland Capital Management Fund Advisors, L.P., n/k/a NexPoint Asset Management, L.P., (d) HCRE Partners LLC n/k/a NexPoint Real Estate Partners LLC, (e) Highland Capital Management Services, Inc., (f) Nancy Dondero, and (g) any entity directly or indirectly controlled by, or acting in concert with, Mr. Dondero, including, without limitation, (i) The Charitable DAF Fund, L.P., (ii) CLO HoldCo, Ltd., (iii) The Dugaboy Investment Trust, (iv) Get Good Investment Trust, (v) Hunter Mountain Investment Trust, (vi) NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate, (vii) Highland Income Fund, (viii) Highland Fixed Income Fund, (ix) Highland Global Allocation Fund, (x) NexPoint Capital, Inc., (xi) Strand Advisors, Inc., (xii) The Get Good Non-Exempt Trust 1; (xiii) The Get Good Non-Exempt Trust 2; and (xiv) PCMG Trading Partners XXIII, L.P. and each of their respective successors, assigns, and transferees.