

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed August 2, 2023

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| HIGHLAND CAPITAL | § | Chapter 11 |
| MANAGEMENT, L.P., | § | |
| | § | |
| Reorganized Debtor. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY AND TO COMPEL MEDIATION [DKT. NO. 3752]

Upon consideration of the *Motion to Stay and to Compel Mediation* [Dkt. No. 3752] (the "Mediation Motion")[1] filed by James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, and Get Good Trust (collectively, the "Dondero Parties") in the above-captioned chapter 11 case; (a) the arguments and evidence in support of the Mediation Motion (including the *Declaration of Davor Rukavina in Support of the Dondero Defendants' Motion to Stay and Compel Mediation* [Dkt. 3753]; (b) the *Highland Parties' Objection to Motion to Stay and Motion to Compel Mediation* [Dkt. 3796] (the "Objection") filed by Highland Capital Management, L.P. and

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Mediation Motion.

DOCS_NY:48032.9 36027/003

Highland Claimant Trust (together, the "Highland Parties"); (c) the arguments and evidence in support of the Objection (including the *Declaration of John A. Morris in Support of Highland Parties' Objection to Motion to Stay and Motion to Compel Mediation* and the exhibits annexed thereto) [Dkt. 3797]; (d) the *Limited Joinder of Hunter Mountain Investment Trust In, the Motion to Stay and Motion to Compel Mediation and Incorporated Memorandum in Support [Doc. 3752] to Support Mediation as Sought Therein* [Dkt. 3862]; (e) the arguments and presentations made during hearings conducted on June 26, 2023, and July 21, 2023; and (f) the balance sheet and list of active litigation (as amended) filed by the Highland Parties [Dkt. 3872, 3873, and 3880, respectively] in accordance with this Court's instructions; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal, equitable, and factual bases set forth in the Mediation Motion establish sufficient cause only for the relief specifically granted herein; and adequate notice of the Motion having been given; it is hereby **ORDERED** that:

1. The parties identified on **Exhibit A** annexed hereto (each, a "Party" and collectively, the "Parties") are directed to participate in a mediation (the "Mediation") to be conducted by former Judge Layn Phillips and Mr. Greg Danilow of Phillips ADR Enterprises, P.C. (together, the "Mediator") pursuant to the terms of this Order. Each Party shall designate a client representative with authority to settle on behalf of the respective Party and who will attend the Mediation and must continue participating in the Mediation as requested by the Mediator.

2. Subject to the terms of this Order, the Mediator shall determine the structure of the Mediation and which Parties should be invited or required to participate in any particular

Mediation session depending upon the content of such session. The Parties acknowledge that the Mediator may have *ex parte* communications with one or more Parties prior to or during the course of the Mediation.

3. The Dondero Parties, on the one hand, and the Highland Parties, on the other hand, shall each timely pay one-half of the costs and expenses related to the Mediator and the Mediation as and when required by the Mediator.

4. Each of the Parties and their client representatives will participate in the Mediation in good faith.

5. The Mediator may request information from any Party but cannot compel any Party to provide any information.

6. The Mediation shall be completed within 90 days of the entry of this Order. Within five (5) business days after the conclusion of the Mediation, the Mediator will file a report with the Court stating only whether a settlement, in whole or in part, has been reached (the "Report").

7. The following matters shall be stayed (collectively, the "Stayed Matters") until the Mediator files his Report:

- Highland Capital Management L.P.'s *Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* [Dkt. 3851];

- The Dugaboy Investment Trust's ("Dugaboy") and HMIT's *Complaint to (I) Compel Disclosures about the Assets of the Highland Claimant Trust and (II) Determine (A) Relative Value of Those Assets, and (B) Nature of Plaintiffs' Interests in the Claimant Trust* [Adv. Pro. No. 23-03038, Dkt. 1]; and

- Dugaboy's *Motion to Preserve Evidence and Compel Forensic Imaging of James P. Seery, Jr.'s iPhone* [Dkt. 3802].

8. Unless the Parties jointly otherwise agree in writing, other than the Stayed Matters, no other contested matter, motion, adversary proceeding, action, or proceeding in this or any other

3

court shall be stayed or suspended as a result of this Order. Unless the Parties jointly agree in writing, this Order shall not be (a) filed with, or disclosed to, any court other than the this Court; or (b) used or relied upon by any Party to seek a stay, suspension, or delay of any litigation pending outside of the this Court.

9. If the Mediation does not result in the dismissal with prejudice of any of the Stayed Matters, then counsel for the Parties in each applicable Stayed Matter shall (a) confer in good faith to adopt a new scheduling order, and (b) if they are unable to jointly adopt a new scheduling order, seek a status conference with the Court to be conducted within 14 days of the Mediator's filing of the Report or as soon thereafter as this Court is available.

10. Regardless of the outcome of the Mediation, it is the order of this Court that the contents of the Mediation, including any statements or representations made by the Mediator, any Party, or any client representative (or attorney or agent of a client representative), agent, or attorney of a Party during the course of the Mediation, are confidential and privileged. Unless permitted or required by applicable law, none of the Parties, their client representatives (or attorney or agent of a client representative), agents, or attorneys, or the Mediator, may reveal such information to any non-party or to any court, including, without limitation, in any pleadings or submissions, and none may be examined in any judicial or administrative proceeding (or any discovery relating to such a proceeding) regarding anything they may have said, seen, or heard during the course of the Mediation. No term sheet or other document or draft thereof prepared in the course of the Mediation will ever be the subject of discovery nor will such documents ever be admissible at any trial. "In the course of the mediation" includes the Mediation sessions themselves, as well as materials submitted to the Mediator in advance of or during the Mediation, verbal or written communications with the Mediator (or including the Mediator) before or after the Mediation

4

sessions, and communications among the Parties specifically denominated as "in the course of mediation" and memorialized as such via electronic mail or otherwise among the Parties contemporaneously or in advance of that communication. Without limiting any provision of this Order, all communications occurring, and information exchanged, in the course of the Mediation will be entitled to all protections applicable under Federal Rule of Evidence 408 or any other protections afforded to settlement and compromise communications under other applicable law.

11. Except as specifically set forth herein, all relief requested in the Mediation Motion is **DENIED**.

12. The Court shall retain jurisdiction to hear and determine all matters and disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

### END OF ORDER ###

**AGREED AS TO FORM:**

*/s/ Amy L Ruhland*　　　　　　　　　　*/s/ John A Morris*
Amy L. Ruhland　　　　　　　　　　　　John A. Morris
*Counsel to the Dondero Parties*　　　　　*Counsel to the Highland Parties*


*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
*Counsel to Limited Joiner, Hunter Mountain Investment Trust*

# EXHIBIT A: Mediation Parties

| Alleged Dondero-Related Parties ("Dondero Parties") |
|---|
| Charitable DAF Fund, L.P. |
| Charitable DAF Holdco, Ltd. |
| CLO HoldCo Ltd. |
| Dondero, James ("Dondero") |
| Dondero, Nancy |
| Ellington, Scott |
| Get Good Non-Exempt Trust 1 |
| Get Good Non-Exempt Trust 2 |
| Highland Capital Management Fund Advisors, L.P. |
| Highland Dallas Foundation |
| Highland Fixed Income Fund |
| Highland Global Allocation Fund |
| Highland Income Fund |
| Hunter Mountain Investment Trust |
| Leventon, Isaac |
| Mark & Pamela Okada Family Trust – Exempt Trust #1 |
| Mark & Pamela Okada Family Trust – Exempt Trust #2 |
| NexPoint Advisors, L.P. |
| NexPoint Capital, Inc. |
| NexPoint Diversified Real Estate Trust (f/k/a NexPoint Strategic Opportunities Fund) |
| NexPoint Real Estate Partners LLC (f/k/a HCRE Partners LLC) |
| Okada, Mark |
| PCMG Trading Partners XXIII, L.P. |
| Rand PE Fund I, LP |
| Scott, Grant |
| SE Multifamily Holdings LLC |
| Strand Advisors, Inc. |
| The Dugaboy Investment Trust |

| Highland-Related Parties ("Highland Parties") |
|---|
| Dubel, John |
| Farallon Capital Management |
| HCMLPGP LLC |
| Highland Capital Management, L.P. |
| Highland Claimant Trust |
| Highland Indemnity Trust |
| Highland Litigation Sub-Trust |
| Jessup Holdings |
| Kirschner, Marc S., as Trustee of the Litigation Sub-Trust |

| |
|---|
| Muck Holdings |
| Nelms, Russell |
| Seery, James P. ("Seery") |
| Stonehill Capital Management |