Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | Chapter 11 |
| **MANAGEMENT, L.P.** | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S MOTION TO
ALTER OR AMEND ORDER, TO AMEND OR MAKE ADDITIONAL FINDINGS, FOR
RELIEF FROM ORDER, OR, ALTERNATIVELY, FOR NEW TRIAL UNDER
FEDERAL RULES OF BANKRUPTCY PROCEDURE 7052, 9023, AND 9024 AND
INCORPORATED BRIEF**

Hunter Mountain Investment Trust ("HMIT"), both in its individual capacity and derivatively on behalf of the Reorganized Debtor, Highland Capital Management, L.P. ("HCM" or "Debtor") and the Highland Claimant Trust,[1] files this Motion to Alter or Amend Order, to

---

[1] And, in all capacities and alternative derivative capacities asserted in the Emergency Motion (as defined herein) [Bankr. Dkt. Nos. 3699, 3815, and 3816], and the supplement to the Emergency Motion [Bankr. Dkt. No. 3760] and the draft Complaint attached to the same [Bankr. Dkt. No. 3760-1].

Amend or Make Additional Findings, for Relief from Order,[2] or, Alternatively, for New Trial Under Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 and Incorporated Brief (the "Motion"), and respectfully states as follows:

1. HMIT filed an Emergency Motion for Leave to File Verified Adversary Proceeding ("Emergency Motion") [Bankr. Dkt. Nos. 3699, 3815, and 3816], which was supplemented on April 23, 2023 [Bankr. Dkt. No. 3760]. By way of its Emergency Motion, HMIT sought leave to file an Adversary Proceeding pursuant to the Court's gatekeeping order and the injunction and exculpation provisions in the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. [Bankr. Dkt. 1943], as modified (the "Plan").

2. A hearing on the Emergency Motion was held on June 8, 2023. On August 25, 2023, the Court issued its Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding (the "Order") [Bankr. Dkt. Nos. 3903 and 3904]. In the Order, among other things, the Court concluded that HMIT lacked standing to bring the proposed claims and therefore denied the Emergency Motion. Specifically, the Court found that "HMIT's allegations of injury are, without a doubt, 'merely conjectural or hypothetical' and are only speculative of possible future injury if its Contingent Claimant Trust Interest ever vests." [Bankr. Dkt. No. 3903 at 72].

3. This Motion seeks alteration of, or a new trial to re-consider, these and associated findings and conclusions relating to standing, because post-hearing financial disclosure filings in

---

[2] The "Order" refers to this Court's Order Denying HMIT's Emergency Motion for Leave to File Adversary Proceeding. [Bankr. Dkt. Nos. 3903, 3904].

[2]

the bankruptcy matter further evidence that the Court's standing determinations are incorrect and should be corrected.[3]

4. On July 6, 2023, while the Emergency Motion was pending, the Debtor and the Highland Claimant Trust filed a Notice of Filing of the Current Balance Sheet of the Highland Claimant Trust, showing the "general categories of assets and liabilities of the Highland Claimant Trust, subject to the accompanying notes." [Bankr. Dkt. No. 3872; a copy of which is attached as Exhibit 1 to this Motion]. And on July 21, 2023, the Debtor filed its Post-Confirmation Report for Highland Capital Management, LP for the Quarter Ending June 30, 2023 [Bankr. Dkt. No. 3888; a copy of which is attached as Exhibit 2 to this Motion] and the Highland Claimant Trust filed its Post-Confirmation Report for Highland Capital Management, LP for the Quarter Ending June 30, 2023 [Bankr. Dkt. No. 3889; a copy of which is attached as Exhibit 3 to this Motion].

5. As explained below, these financial documents further demonstrate that HMIT's alleged injuries are not "conjectural or hypothetical," and, instead, demonstrate that its Contingent Claimant Trust Interest will vest, or put colloquially, it is "in the money." Stated otherwise, the financial documents further establish HMIT's standing and alleged non-speculative injury.

6. In support of this request, HMIT points the Court to the financial disclosures, which further demonstrates that HMIT is now "in the money."

---

[3] HMIT contests and disagrees with other adverse rulings in the Court's order, including but not limited to (1) the Court's determination that the "colorability" question presents "mixed questions of law and fact" and its associated decision to hold an evidentiary hearing; (2) the Court's holding an evidentiary hearing without allowing HMIT to obtain discovery and/or admit expert testimony, and (3) the Court's determination that HMIT's claims are not "colorable" for reasons other than standing. HMIT intends to raise these and other issues on appeal and HMIT reserves its rights accordingly. [*See, e.g.*, Bankr. Dkt. Nos. 3790, 3853, 3903-04].

[3]

**Highland Claimant Trust**
**Summarized Consolidated Balance Sheet** [1]
**As of May 31, 2023**
The accompanying notes are integral to understanding this balance sheet
(Estimated and unaudited, $ in millions)

| | Balance per books | | adjustments (see notes) | | Adjusted balance |
|---|---|---|---|---|---|
| **Assets** | | | | | |
| Cash and equivalents | $ | 13 | $ | - | $ | 13 |
| Disputed claims reserve [2] | | 12 | | - | | 12 |
| Other restricted cash | | 12 | | - | | 12 |
| Investments [3] | | 118 | | (12) [6] | | 106 |
| Notes receivable, net [4] | | 86 | | (83) [4] | | 3 |
| Other assets | | 6 | | - | | 6 |
| **Total assets** | $ | 247 | $ | (95) | $ | 152 |
| | | | | | |
| **Liabilities** | | | | | |
| Secured and other debt | $ | - | $ | - | $ | - |
| Distribution payable [2] | | 12 | | - | | 12 |
| Additional indemnification reserves | | - | | 90 [5] | | 90 |
| Other liabilities | | 15 | | 13 [5] | | 28 |
| **Total liabilities** [5] | $ | 27 | $ | 103 | $ | 130 |
| | | | | | |
| Book/adjusted book equity (see accompanying notes) [5] | | 220 | | (198) | | 22 |
| | | | | | |
| Total liabilities and book/adjusted book equity | $ | 247 | $ | (95) | $ | 152 |

**Supplemental Info:** [7]
| | | |
|---|---|---|
| Sum of remaining allowed Class 8 Trust Beneficiaries, excluding interest | $ | 27 |
| Sum of remaining allowed Class 9 Trust Beneficiaries, excluding interest | | 99 |
| Sum of face amount of pending Class 8/9 potential Trust Beneficiaries, excluding interest | | 13 |
| Sub-total | $ | 139 |

[*See* Exhibit 1, Bankr. Dkt. 3872, at Ex. A].

7. As this balance sheet demonstrates, even without pursuing the *Kirschner* Adversary, the Claimant Trust has $247 million in assets and $139 million in Class 8 and 9 claims. Moreover, the Claimant Trust's balance sheet assets do not include a fully cash-funded $35 million indemnity account that presumably may be used to pay creditors in the event it is not consumed by the indemnity-related expenses. [*See* Exhibit 1, Bankr. Dkt. 3872 at Ex. A, n. 1]. While the balance sheet includes "non-book" adjustments, they do not change HMIT's "in the money" status. One adjustment gives zero asset value to the notes payable by affiliates of Jim Dondero. [*See id.* at Ex. A]. However, $70 million of those notes are (or shortly will be) fully bonded by cash deposited in the registry of the district court. *See* N.D. Tex. Case No. 3:31-cv-00881-X, Dkt. Nos. 149, 151, and 152. Another "adjustment" creates a $90 million "additional indemnification reserve," on top of the $35 million cash indemnity reserve. [*See* Exhibit 1, Bankr.

[4]

Dkt. 3872 at Ex. A]. It is unlikely, however, that these extensive indemnity reserves will ever be expended or necessary for indemnity.[4] Additionally, as the Post-Confirmation reports reveal, all of the administrative claims, secured claims, and priority claims have been paid in full. [Exhibit 2, Bankr. Dkt. No. 3888, and Exhibit 3, Bankr. Dkt. No. 3889].

8. For all these reasons, HMIT is "in the money" under Claimant Trust's recently disclosed balance sheet and disclosures.[5] Moreover, as this Court noted in a prior unrelated matter, HMIT must only show "significant indicia of solvency" to have standing. *See In re ADPT DFW Holdings, LLC*, Bankr. N.D. Tex. Case No. 17-31432, Dkt. No. 303 at Hrg. Trans. 131:22 – 132:6. HMIT has made the showing and, this showing is further evidenced by the Claimant Trust's own unadjusted balance sheet.

9. HMIT, along with the other Contingent Trust Interest holders are, as discussed above, "in the money." In other words, HMIT has both constitutional and prudential standing to bring its asserted claims.

10. For the foregoing reasons, HMIT has standing and a cognizable injury to support the claims in its Emergency Motion. Thus, pursuant to Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024, HMIT requests that the Court alter or amend its findings and judgment that HMIT lacks standing or a cognizable alleged injury. Alternatively, HMIT requests that the

---

[4] Per the Plan, any indemnity is limited to fees and expenses, as no indemnity right would lie for a judgment entered on a claim for which a plaintiff could assert or recover under the gatekeeper order and applicable law. Nor is it likely that the Claimant Trust will incur even close to the reserved amounts for fees and expenses. For the bankruptcy case as a whole, for example, the debtor's bankruptcy and non-bankruptcy professional fees and expenses totaled only approximately $40 million, pre-confirmation. [Exhibits 2, 3; Bankr. Dkt. Nos. 3888, 3889]. Also, as is clear from the Motion and Order authorizing the creation of the Indemnity Trust Agreement, the projected indemnity reserve was contemplated to be $25 Million, so the cash amount apparently set aside for indemnification amounts to $100 Million more than contemplated. [Bankr. Dkt. Nos. 2491, 2599, attached as Exhibits 4-5].

[5] [*See* Exhibits 1 – 3, Bankr. Dkt. Nos. 3888, 3889].

Court grant a new trial or hearing pursuant to Federal Rule of Bankruptcy Procedure 9023 due to the impact of the financial documents on HMIT's standing and ability to assert the claims.

## PRAYER

HMIT respectfully requests that the Court grant this Motion and alter or amend its findings or Order to rule that HMIT has constitutional and prudential standing and a cognizable injury or, alternatively, order a new trial/hearing.

Dated: September 8, 2023               Respectfully Submitted,

                                               PARSONS MCENTIRE MCCLEARY PLLC

By: */s/ Sawnie A. McEntire*
    Sawnie A. McEntire
    Texas State Bar No. 13590100
    smcentire@pmmlaw.com
    1700 Pacific Avenue, Suite 4400
    Dallas, Texas 75201
    Telephone: (214) 237-4300
    Facsimile: (214) 237-4340

    Roger L. McCleary
    Texas State Bar No. 13393700
    rmcleary@pmmlaw.com
    One Riverway, Suite 1800
    Houston, Texas 77056
    Telephone: (713) 960-7315
    Facsimile: (713) 960-7347

    ***Attorneys for Hunter Mountain Investment Trust***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the undersigned conferred with John Morris, counsel for Debtor and the Highland Claimant Trust, and that, while Mr. Morris' clients oppose the relief requested in this motion, Mr. Morris and his clients have no objection to the making of this motion (*i.e.*, Mr. Morris and his clients agreed that this motion is not precluded by the stay in place or other order of the Court).

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire

The undersigned hereby certifies that the undersigned conferred with Mr. Brent McIlwain, counsel for Respondents Muck Holdings, LLC ("Muck"), Jessup Holdings LLC ("Jessup"), Farallon Capital Management, L.L.C. ("Farallon"), and Stonehill Capital Management LLC ("Stonehill," and collectively, with Muck, Jessup, and Farallon, the "Claims Purchasers"), and Mr. Mark T. Stancil, counsel for Respondent James P. Seery, Jr., and that, while Mr. McIlwain and Mr. Stancil's clients oppose the relief requested in this motion, Mr. McIlwain and Mr. Stancil and their respective clients have no objection to the making of this motion (*i.e.*, they also agree that this motion it is not precluded by the stay in place or other order of the Court).

*/s/ Roger L. McCleary*
Roger L. McCleary

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2023, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof.

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire