# Exhibit 3



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed March 31, 2023

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | § <br> § Chapter 11 <br> § <br> § Case No. 19-34054-sgj11 <br> § <br> § |

### ORDER DENYING APPLICATION FOR EXPEDITED HEARING [DE # 3700]

This Order is issued in response to the *Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* ("Expedited Haring Request") [DE # 3700] filed by Hunter Mountain Investment Trust ("HMIT" or "Movant") on March 28, 2023, at 4:09 p.m. C.D.T. The Expedited Hearing Request seeks a hearing within three days, or as soon thereafter as counsel can be heard, on HMIT's *Emergency Motion for Leave to File Verified Adversary Proceeding* ("Motion for Leave") which was filed on March 28, 2023, at 4:02 p.m. C.D.T.

1

The court has concluded that no emergency or other good cause exists, pursuant to Fed. R. Bankr. Proc. 9006, and the *Expedited Hearing Request* will be denied. The *Motion for Leave* will be set in the ordinary course (after 21 days' notice to affected parties)—i.e., after April 18, 2023.

The *Motion for Leave* is 37 pages in length and contains 350 pages of attachments. It seeks leave from the bankruptcy court—pursuant to the bankruptcy court's "gatekeeping" role[1] under the confirmed Chapter 11 plan of Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor")—to sue at least the following parties: Muck Holdings, LLC ("Muck"); Jessup Holdings, LLC ("Jessup"); Farallon Capital Management, LLC ("Farallon"); Stonehill Capital Management, LLC ("Stonehill"); James P. Seery, Jr. ("Seery"); and John Doe Defendant Nos. 1-10 (collectively, the "Affected Parties"). The conduct that is described as a basis for the desired lawsuit is certain trading of unsecured claims that occurred in 2021 during the Highland bankruptcy case.[2] It appears that millions of dollars of damages are sought by Movant, who was formerly the largest indirect (ultimate) equity holder of Highland. The legal theories (e.g., breaches of fiduciary duties; fraud; conspiracy; equitable disallowance) are novel in the bankruptcy claims trading context. The bankruptcy court, pursuant to the Highland plan, will need to analyze whether such claims are "colorable" such that leave to sue should be granted.

The Affected Parties—and other parties in interest in the underlying bankruptcy case, for that matter—should be afforded a reasonable opportunity to respond to the *Motion for Leave*. While Movant, HMIT, has alleged that it may be facing a statute of limitations defense as to

---

[1] The bankruptcy court's "gatekeeping" role was recently affirmed by the Fifth Circuit in *In re Highland Capital Management, L.P.*, 48 F.4th 419, 438 (5th Cir. 2022).
[2] Notice of the claims trading was provided in filings in Highland bankruptcy case, as follows: Claim No. 23 (DE ## 2211, 2212, and 2215), Claim Nos. 190 and 191 (DE ## 2697 and 2698), Claim Nos. 143, 147, 149, 150, 153 and 154 (DE # 2263), Claim No. 81 (DE # 2262), Claim No. 72 (DE # 2261).

some claims after April 16, 2023, it appears that Movant has known about the conduct underlying the desired lawsuit for well over a year, based on activity that has occurred in the bankruptcy court. *See, e.g., Memorandum Opinion and Order Granting James Dondero's Motion to Remand Adversary Proceeding to State Court, Denying Fee Reimbursement Request, and Related Rulings, Dondero v. Alvarez & Marsal CRF Management, LLC and Farallon Capital Management LLC* [DE # 22], in Adv. Proc. # 21-03051 (January 4, 2022). Thus, the need for an emergency hearing is dubious. Accordingly

    IT IS ORDERED that the Expedited Hearing Request is denied.

    Counsel shall contact the Courtroom Deputy for a setting on the *Motion for Leave*, which setting shall be no sooner than April 19, 2023.

* * * END OF ORDER * * *