# Exhibit 8



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 1, 2023**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

## ORDER STRIKING HMIT'S EVIDENTIARY PROFFER PURSUANT TO
## RULE 103(a)(2) AND LIMITING BRIEFING

The Court has reviewed Hunter Mountain Investment Trust's ("HMIT") *Evidentiary Proffer Pursuant to Rule 103(a)(2)* ("Proffer"; Dkt. No. 3858), the *Highland Parties' Joint Objections To And Motion To Strike HMIT's Evidentiary Proffer Pursuant to Rule 103(a)(2)* ("Motion"; Dkt. No. 3860) filed by Highland Capital Management, L.P., the Highland Claimant Trust, and James P. Seery, Jr. (collectively, the "Highland Parties"), and the *Claims Purchasers' Joinder to the Highland Parties' Objections and Motion to Strike HMIT's Purported Proffer* (Dkt. No. 3861) filed by Muck Holdings, LLC, Jessup Holdings LLC, Farallon Capital Management,

L.L.C., and Stonehill Capital Management LLC (collectively with HMIT and the Highland Parties, the "Parties"). After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion. It is therefore **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Proffer and its accompanying declarations are stricken from the record for the reasons set forth in the Court's June 27, 2023 email (attached hereto as Exhibit A). The Court directs the Clerk to remove docket entry 3858 from the docket.

3. The Parties shall not file any additional briefs, motions, pleadings, proffers, or other submissions with the Court in connection with the Motion, the Highland Parties' *Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully* (Dkt. No. 3820), or any proposed/excluded expert evidence relative to HMIT's *Motion for Leave to File Verified Adversary Proceeding* (Dkt. No. 3699).

### END OF ORDER ###

# Exhibit A

From: Traci Ellison <Traci_Ellison@txnb.uscourts.gov>
Date: June 27, 2023
To: "Stancil, Mark" <MStancil@willkie.com>, "John Morris" <jmorris@pszjlaw.com>, Zachery Annable <zannable@haywardfirm.com>, "Sawnie A. McEntire" <smcentire@pmmlaw.com>, "Roger L. McCleary" <rmccleary@pmmlaw.com>, "Omar J. Alaniz" <OAlaniz@reedsmith.com>, "McIlwain, Brent R (DAL - X59481)" <Brent.McIlwain@hklaw.com>
Subject: 19-34054-sgj11 Highland Capital Management, L.P.

Dear Counsel:

Please see the following message from Judge Jernigan:

"With regard to the Evidentiary Proffer ("Proffer") of Hunter Mountain Investment Trust ("HMIT") filed at DE # 3858 on 6/19/23 (i.e., after the 6/8/23 hearing on HMIT's Motion for Leave to File Verified Adversary Proceeding [DE # 3699] and after the court's written 6/16/23 ruling regarding the admissibility of the proposed expert evidence), the court has determined that the Proffer is unnecessary. Rule 103(a)(2) does not apply if "the substance" of the excluded evidence "was apparent from the context." Fed. R. Evid. 103(a)(2).  Here, "the substance" of the excluded evidence was quite apparent from the "context"--more specifically, the witness and exhibit list filed by HMIT, the proposed exhibits offered [see DE # 3818], and the statements of HMIT's counsel on the record at the 6/8/23 hearing.

The court is aware of the motion to strike the Proffer [DE # 3860] and the Joinder therein [DE # 3861].  The court concludes it is appropriate to grant the motion to strike.  The court directs counsel for movants to upload a form of order that grants their motion to strike. The order shall direct the Clerk to mark DE # 3858 as stricken from the record as both filed without authority and unnecessary pursuant to FRE 103(a)(2).

The parties are directed to file no more pleadings in the bankruptcy court regarding this issue of the proposed/excluded expert evidence relative to DE # 3699. The court has ruled [at DE # 3854]."

Thank you,
Traci