PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**THE HIGHLAND PARTIES' RESPONSE TO TRUSTEE'S MOTION TO BE
INCLUDED IN MEDIATION**

Highland Capital Management, L.P. ("Highland") and the Highland Claimant Trust (the

"Claimant Trust," and together with Highland, the "Highland Parties"), by and through their

undersigned counsel, hereby file their response to *Trustee's Motion to Be Included in Mediation*

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[Docket No. 3911] (the "Motion") filed by Scott Seidel, as Chapter 7 trustee (the "Trustee") of Highland Select Equity Master Fund, L.P. (the "Select Fund") and Highland Select Equity Fund GP, L.P. ("Select GP," and together with the Select Fund, the "Select Debtors").[2] In support of this Response, the Highland Parties represent as follows:

**RESPONSE**

1. On August 2, 2023, this Court ordered the Highland Parties, James Dondero, and certain entities owned, controlled, and/or affiliated with Mr. Dondero into mediation [Docket No. 3897] (the "Mediation Order"). The Mediation Order was entered as a final attempt to achieve a global resolution of the Highland bankruptcy case.

2. Prior to filing the Motion, the Trustee asked Highland if it would consent to the Trustee's participation in the mediation. Contrary to the Trustee's characterization (Motion at 2-3), Highland opposed the Trustee's request on the specific grounds that (a) the collective value of the Select Debtors was less than $700,000, a relatively immaterial amount compared to the Highland case and (b) neither the Trustee nor Dugaboy could identify a potential claim against the

---

[2] The Select Debtors are two special purpose entities that held a single fund managed by Highland. The Select Debtors never had any employees or independent operations. At the time of Highland's chapter 11 filing, the only investors (indirect) in the Select Debtors' fund were Highland and a Dondero and Okada owned and controlled entity. Except for Highland, Dugaboy, and the Bermudian directors/service providers, we are not aware of any other purported creditors of the Select Debtors. After the Select Debtors' bankruptcy cases (Case No. 23-31037; Case No. 23-31039) were randomly assigned to Judges Everett and Larson, respectively, the Select Debtors moved to have their cases reassigned to this Court on the ground (among others) that if claims were ever brought against Highland Parties or their management, such claims would need to be brought before this Court under the "gatekeeper" provision, among others, in Highland's Plan. Case No. 23-31037, Docket No. 9; Case No. 23-31039; Docket No. 9 (together, the "Transfer Motions"). While the Trustee did not oppose the Transfers Motion (Case No. 23-31037, Docket No. 21; Case No. 23-31039, Docket No. 19), Dugaboy—ignoring that its proofs of claim against Highland for the alleged mismanagement of the Select Debtors were disallowed with prejudice (*See, e.g.*, Docket Nos. 2966, 2967)—opposed the Transfer Motions on the ground that this Court was allegedly too biased against Dugaboy and Mr. Dondero to impartially adjudicate the Select Debtors' cases (Case No. 23-31037, Docket No. 17; Case No. 23-31039, Docket No. 20). Dugaboy's argument is premised on the same allegations of bias previously adjudicated multiple times in this Court, yet Dugaboy is apparently seeking an evidentiary hearing on those same issues, including expert testimony, in connection with the Transfer Motions (Case No. 23-31037, Docket Nos. 19, 20; Case No. 23-31039, Docket No. 21, 22). Highland will address these matters in the Select Debtors' cases in the near future.

Highland Parties that warranted settlement or compromise, such that (c) the Trustee's participation in the mediation would likely be an unnecessary cost and a potential distraction.

3. The Trustee now acknowledges that the Select Debtors' cases are "inexplicably [sic] intertwined" with Highland's bankruptcy but contends he has "colorable claims against [Highland] arising after the [February 2021] Confirmation Order." The only example the Trustee identifies are transfers from one of the Select Debtors to Highland that allegedly occurred between May 2, 2019 and October 7, 2019 (*i.e.*, prior to Highland's October 16, 2019, petition date when Mr. Dondero was in exclusive control of Highland and the Select Debtors).

4. But claims that arose prior to confirmation of Highland's plan of reorganization [Docket No. 1808] (the "Plan") were discharged by 11 U.S.C. § 1141 and Article IX.B of the Plan. The Plan's exculpation and injunction provisions, as well as various bar dates, provide further barriers to potential claims against the Highland Parties. The Plan was confirmed on February 22, 2021 [Docket No. 1943].

5. Based on the foregoing, the Highland Parties remain concerned that without a viable claim to compromise, the Trustee's participation in the mediation will be an unnecessary cost and a potential distraction.

6. Despite those concerns, the Highland Parties take no position as to whether the Trustee should be admitted into the mediation and defer to this Court's judgment.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: September 22, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*