Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust and Hunter Mountain Investment Trust*

Amy L. Ruhland (Rudd)
REICHMAN JORGENSON LEHMAN &
FELDBERG LLP
901 S. Mopac Expressway
Building 1, Suite 300
Austin, Texas 78746
Telephone: (650) 623-1401
Email: aruhland@reichmanjorgensen.com

*Counsel for James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, and Get Good Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P. <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-34054 (SGJ) |

**RESPONSE OF HUNTER MOUNTAIN INVESTMENT TRUST, THE DUGABOY INVESTMENT TRUST, JAMES D. DONDERO, STRAND ADVISORS, INC., AND GET GOOD TRUST TO HIGHLAND SELECT TRUSTEE'S MOTION TO BE INCLUDED IN MEDIATION**

CORE/3522697.0002/184683089.12

The Dugaboy Investment Trust ("Dugaboy"), Hunter Mountain Investment Trust ("HMIT"), James D. Dondero ("Dondero"), Strand Advisors, Inc. ("Strand"), and Get Good Trust ("Get Good") (all, collectively "Dondero-related Respondents") file this Response to Motion by the Trustee for the Bankruptcy Estates of Highland Select Equity Master Fund LP (Case No. 23-31037-swe7) and Highland Select Equity Fund LP (Case No. 23-31039-mvl7) (the "Select Debtors") to be Included in Mediation [Dkt 3911] (the "Motion"):

A.      **Highland Estate Issues**

1.      On August 2, 2023, this Court entered its Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation [Dkt 3897] (the "Order"), in which it directed 28 "Dondero Parties" and 13 "Highland-Related Parties" (all identified in Exhibit A to the Order) to participate in a global mediation.

2.      At the time of its Chapter 11 filing, Highland Capital Management, L.P. (the "Debtor") scheduled assets of over $400 million [Dkt. 1943] which in retrospect were worth more than $600 million, not including related party notes.[1]   As of June 30, 2022, the Highland estate was worth between $663.72 and $688.84 million, including $550 million in cash and approximately $120 million of other assets.  Dkt. 3533 at sec. 19.  Pursuant to the Post Confirmation Quarterly Reports for the Second Quarter of 2023, the Reorganized Debtor and the Claimant Trust have made distributions to creditors totaling approximately $276 million on a total of $403 million in allowed claims.  *See* Dkt. 3889 at ECF p. 7.  These distributions, made within 14 months of the Effective Date of the Plan, far outstrip projections given by Debtor's management at the time of Plan confirmation.  Holders of administrative, secured, and priority claims have now received 100% of their allowed claims, while unsecured creditors have already received

---

[1] *Dugaboy Investment Trust and Hunter Mountain Investment Trust v. Highland Capital Management, L.P. and Highland Claimant Trust,* Adversary No. 23-03038-sgj, Dkt. 1 at pp. 8-10.

$270,205,592, representing 68% of their allowed claims of $397,485,568. *See* Dkts. 3888 and 3889 at p.7.

3. Based on a consolidated balance sheet filed on July 6, 2023, even without pursuing the Kirschner Action that Debtor spent millions pursuing, the Claimant Trust has about $250 million in assets (of which $180 million is cash) and only about $129 million in non-Dondero-related Class 8 and 9 claims. Notably, the Claimant Trust's balance sheet assets do not include a fully cash-funded $35 (or more) million indemnity account that presumably may be used to pay creditors in the event it is not consumed by the estate's professionals. *See* Dkt. 3872 at Ex. A, Note 1. Moreover, the Debtor purports to make negative $198 million in "non-book" adjustments to its balance sheet, to manipulate whether HMIT and Dugaboy are in the money.

4. One such adjustment gives zero asset value to the notes payable by affiliates of Jim Dondero. *See id.* at Ex. A. However, $70 million of those notes are (or shortly will be) fully bonded by cash deposited into the registry of the District Court. *See* Case No. 3:31-cv-00881-X (N.D. Tex.), Dkts. 149, 151, and 152. Another such accounting "adjustment" creates a $90 million "additional indemnification reserve," on top of a $35 million cash indemnity reserve, with no explanation. *See* Dkt. 3872 at Ex. A. Indeed, were it not for $125 million in indemnity reserves – which now total $100 million more than the originally proposed insurance coverage sought by Debtor – Debtor's creditors could have been paid, the estate closed, and the residual estate returned to equity months if not years ago. Obviously, unlike the relatively minor disputes at issue in the Highland Select bankruptcy, a serious remaining dispute includes whether the Highland Claimant Trustee can continue to hold creditors and former equity hostage by holding in excess of $125 million for supposed "indemnity" obligations.

2

5. Pursuant to the Order, the 41 parties described in paragraph 1 above have scheduled the mediation to be held October 10-12, 2023, in New York City, New York (the "Mediation").

B. **Highland Select Issues**

6. On June 15, 2023, the Select Debtors filed their bankruptcy schedules. The Select Debtors have approximately $635,267.93 in assets, collectively, set forth on their schedules,[2] and Dugaboy and the Highland estate are the principal creditors. Dugaboy's claim is scheduled as $4,539,006.94,[3] and Highland's claims are scheduled as $3,350,922.21.[4] Dugaboy and Highland have already discussed potential resolutions, but nothing has been finalized.

7. On September 13, 2023, Scott Seidel (the "Trustee"), as Chapter 7 Trustee for the Select Debtors, filed the Motion now at issue, asking the Court to allow the Trustee to participate in the Mediation on behalf of the Select Debtors.

8. The issues likely to arise in the Select Debtors' cases appear modest compared to the complexity of the matters remaining in the Highland case.

C. **Suggested Resolution of this Motion**

9. Given the current assets of the Select Debtors, a three-day mediation would expend a significant portion of the Select Debtors remaining asset balance. Accordingly, the Dondero-related Respondents do not oppose the Motion but question the utility of three days of in-person participation by the Trustee (at significant cost to the Select Debtors' estates) in light of the limited impact of the Select Debtors' bankruptcy on the global issues to be resolved in Mediation. Instead, the Dondero-related Respondents propose that the Trustee participate on an as-needed basis via video conferencing, such as Zoom. As the Highland-related Respondents noted in their response

---

[2] *In re Highland Select Equity Master Fund LP* (Case No. 23-31037-swe7) at Dkt 10; *In re Highland Select Equity Fund LP* (Case No. 23-31039-mvl7) at Dkt 11.
[3] *Id.* Dugaboy contends that the amount is higher.
[4] *Id.*

3

to the Motion, they "remain concerned that without a viable claim to compromise, the Trustee's participation in the mediation will be an unnecessary cost and a potential distraction." The Dondero and Highland-related Respondents collectively represent the sole material creditors in the Select proceedings. Accordingly, the Dondero-related Respondents request the Court give deference to the expressed concerns about unnecessary accumulation of Select estate expenses.

Dated: September 27, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust and Hunter Mountain Investment Trust*

Amy L. Ruhland (Rudd)
State Bar No. 24043561
REICHMAN JORGENSON LEHMAN & FELDBERG LLP
901 S. Mopac Expressway
Building 1, Suite 300
Austin, Texas 78746
Telephone: (650) 623-1401
Email: aruhland@reichmanjorgensen.com

*Counsel for James D. Dondero, Strand Advisors, Inc., The Dugaboy Investment Trust, and Get Good Trust*

4

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2023, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this proceeding.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
