

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 4, 2023

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj-11 |
| Reorganized Debtor. | § | |

## ORDER DENYING MOTION OF HUNTER MOUNTAIN INVESTMENT TRUST SEEKING RELIEF PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7052, 9023, AND 9024

On September 8, 2023, Hunter Mountain Investment Trust ("HMIT") filed its *Motion to Alter or Amend Order, To Amend or Make Additional Findings, for Relief from Order, or, Alternatively, for New Trial Under Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 and Incorporated Brief* (hereinafter, the "Motion").[1]  In the Motion, HMIT requests that the court alter or amend its findings set forth in its 105-page Memorandum Opinion and Order, dated August

---

[1] Bankr. Dkt. No. 3905

25, 2023 (hereinafter, the "Order Denying HMIT's Motion for Leave")[2] in which this court, in the exercise of its "gatekeeping" function pursuant to the Gatekeeper Provision[3] of the Debtors' confirmed Plan[4] and pre-confirmation Gatekeeper Orders, denied HMIT's *Emergency Motion for Leave To File Verified Adversary Proceeding*.[5]  The Order Denying HMIT's Motion for Leave was issued following an evidentiary hearing on June 8, 2023.

HMIT now wants the bankruptcy court to reconsider certain findings and conclusions (or make additional ones—or even grant a new hearing) with regard to the Order Denying HMIT's Motion for Leave—specifically pertaining to the subject of HMIT's lack of standing (which was one of multiple reasons the court gave for issuing the Order Denying HMIT's Motion for Leave). The ground articulated by HMIT is as follows: "because post-hearing financial disclosure filings in the bankruptcy matter further evidence [sic] that the court's standing determinations are incorrect and should be corrected." Motion, at ¶ 3.[6]  In other words, HMIT suggests that certain "post-hearing financial disclosure filings" filed in the main Highland bankruptcy case by the Reorganized Debtor (on July 6, 2023[7] and July 21, 2023[8]) somehow now demonstrate that HMIT, indeed, has standing to pursue the adversary proceeding that it sought leave to file.

The Motion is denied.  First, the court sees no reasonable grounds to reopen the record with these "post-hearing financial disclosures."  For one thing, the "post-hearing financial disclosure filings" are not materially different than information that was already on file in the bankruptcy

---

[2] Bankr. Dkt. Nos. 3903 & 3904.
[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order Denying HMIT's Motion for Leave.
[4] The court entered its *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* [Bankr. Dkt. No. 1943] on February 22, 2021.
[5] Bankr. Dkt. Nos. 3699, 3815, 3816, and 3760.
[6] HMIT attached the "post-hearing financial disclosure filings in the bankruptcy matter" as exhibits to the Motion. *See* Exhibits 2 and 3 to the Motion.
[7] Bankr. Dkt. No. 3872.
[8] Bankr. Dkt. Nos. 3888 and 3889.

case for all to see, before the June 8, 2023 hearing. *See* Bankr. Dkt. Nos. 3756 & 3757 (routine Post-Confirmation Reports, filed by the Reorganized Debtor on April 21, 2023, which show liabilities, disbursements, and "Remaining investments, notes, and other assets"—albeit without specific values ascribed to the latter). So, to the extent HMIT is arguing that the "post-hearing financial disclosure filings" are something akin to newly discovered evidence or otherwise a ground for granting a new hearing or altering findings, HMIT's argument lacks merit. Moreover, even if this court were to consider the "post-hearing financial disclosure filings," the court disagrees with HMIT's central argument that they demonstrate that HMIT's contingent interest is "in the money" and, thus, that it has both constitutional and prudential standing to pursue the adversary proceeding it wants to file. Notably, HMIT does not give proper attention to the voluminous supplemental notes in the "post-hearing financial disclosure filings" that are integral to understanding the numbers therein. For example, as mentioned in Note 5 therein, the administrative expenses and legal fees of the Reorganized Highland and the post-confirmation trust continue to deplete their assets, due to the fact that "(b) approximately twenty (20) matters are being actively litigated in at least 9 different forums; and (c) based on history, new litigation can be expected." This significant and widespread litigation results in massive indemnification obligations, as well as massive, continuing legal fees and expenses. The assets shown in the "post-hearing financial disclosure filings" will only be available for distribution after satisfaction of all legal fees and expenses and indemnity obligations. As also noted in Note 5 therein, it is expected that the Highland post-confirmation trust and its subsidiaries will operate at an operating loss prospectively. The information in the "adjustments" column of the assets section of the post-hearing financial disclosures "does not assume any expected future operating cash burn, which is expected to be significant." Additionally, as indicated in Note 6, sometimes Highland has been

unable to obtain full and complete information regarding asset values for inclusion in the post-hearing financial disclosures—thus impacting the accuracy of some valuations used. For example,

> The value of SE Multifamily Holdings LLC maintained on this balance sheet is $15.7 million, which is a component of the "Investments" line item and is based on a several years stale book-basis balance sheet. Notwithstanding Dondero-entities' previous disclosures of this interest at values of $20 million and $12 million, Highland also received interest from Dondero to acquire the interest for $3.8 million, among other assets. . . . Highland has initiated proceedings in Delaware to receive books and records relating to SE Multifamily Holdings LLC, for which it has the contractual right and has been seeking for approximately a year, but for which Dondero controlled entities have not provided to date.

In summary, HMIT argues no reasonable grounds to justify any of the relief sought in the Motion. Accordingly,

**IT IS ORDERED** that the Motion be, and hereby is, **DENIED**.

### ###END OF ORDER###