James J. Lee
  State Bar No. 12074550
  jimlee@velaw.com
Michael C. Lee
  State Bar No. 24109461
  mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700

*Attorneys for Lynn Pinker Hurst & Schwegmann, LLP and The Pettit Law Firm*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 19-34054-SGJ11 |
| HIGHLAND CAPITAL MANAGEMENT, § | |
| L.P.,[1] § | CHAPTER 11 |
| § | |
| *Reorganized Debtor* § | |

**LYNN PINKER HURST & SCHWEGMANN, LLP AND THE PETTIT LAW FIRM'S OBJECTION TO THE JOINDER OF PATRICK DAUGHERTY**

TO THE HONORABLE STACEY G.C. JERNIGAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:

**I.   Patrick Daugherty Lacks Standing to Join Movants' Motion Seeking an Order to Show Cause and His Baseless Eleventh Hour Attempt to do so Should be Stricken**

Daugherty has belatedly filed a Joinder (Doc. 3975) (the "Joinder") to Movants' Motion (Doc. 3910) seeking to gain an advantage in the State Court Action[2] by persuading this Court to interfere with discovery there, possibly giving Daugherty a second bite at the apple on discovery issues previously decided by the State Court Judge. Notably, Daugherty has already sought to use

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Undefined capitalized terms have the meanings set forth in Lynn Pinker and the Pettit Firm's Motion to Strike and Response Subject Thereto (Doc. 3957).

Movants' overly-broad interpretation of the Gatekeeper Orders and Gatekeeper Provision to revisit issues in that litigation and to resist legitimate discovery there. This alone demonstrates the pitfalls of attempting to apply the Gatekeeper Orders and Gatekeeper Provision to discovery matters in the State Court Action. The Joinder is further motivated by Daugherty's desire to prejudice this Court against the State Court Law Firms and Scott Ellington. As this Court well knows, Daugherty is Ellington's long-time adversary and the defendant in the State Court Action brought by Ellington, not to mention countless other litigation between them.

The Joinder is filled with misstatements and half-truths, unsupported by sworn affidavit beyond Daugherty's lawyer simply identifying nearly 700 pages of attached documents that constitute inadmissible hearsay in this proceeding. In recognition of that, and as proof that the sole purpose of the Joinder is to prejudice this Court against the State Court Law Firms and Ellington, Daugherty failed to timely file a witness and exhibit list for the hearing such that none of the exhibits to his Joinder can even be offered into evidence.[3]

Importantly, even though Movants' Motion has been on file since September 13, 2023, Daugherty chose to lay behind the log, waiting over two and one half months, until the eve of the December 4, 2023 hearing, to file his Joinder. Clearly, he did this to preclude the State Court Law Firms from presenting a wholesome response.

While the State Court Law Firms cannot say if the Joinder was filed independently or at the request of Movants and/or their counsel, what is clear is that it is a blatant attempt to prejudice this Court against the State Court Law Firms and distract from the limited legal issues now before it. The Joinder is akin to a sniper attack – a pure litigation tactic instituted at the eleventh hour and

---

[3] *See* N.D. Tex. L.B.R. 9014-1(c) (requiring parties to exchange exhibits with opposing parties "at least 3 calendar days before the scheduled hearing date.") Daugherty failed to exchange any exhibits before the November 30, 2023 deadline ahead of the December 4, 2023 hearing.

intended to help Movants, and thereby Daugherty, at the expense of the State Court Law Firms and Mr. Ellington.

But such attempt must fail as Daugherty lacks standing. Daugherty is not a Protected Party under the Plan's Gatekeeper Provision, nor was he an intended beneficiary of the Court's two prior Gatekeeper Orders. Thus, he lacks the standing required to have brought a show cause motion for contempt on his own behalf with respect to the conduct of the State Court Law Firms currently at issue. *See In re Wilkinson*, No. ADV 11-05056, 2012 WL 112945, at *10 (Bankr. W.D. Tex. Jan. 12, 2012) ("The Wilkinsons lack standing to bring a claim for violation of this sale order. 'To enforce an order of the court through contempt proceedings, ***the moving party must be a party to that order.***'")(internal citation omitted) (emphasis added).

Since Daugherty could not bring such a motion on his own, he cannot execute an end-around and do so by Joinder which, by definition, incorporates Movants' Motion as though it was his own. *See* Joinder, ¶ 4 ("Daugherty herby joins in Movants' Joint Motion for Contempt."). Daugherty clearly recognizes this or he would have filed such a motion long ago, further demonstrating that this is but a litigation tactic which this Court should not condone.

## CONCLUSION AND PRAYER

For all the foregoing reasons, Daugherty's Joinder to Movants' Motion should be stricken from the record and not considered by the Court in connection with the hearing on that motion and any relief requested in the Joinder should be summarily denied. Moreover, Daugherty and his counsel should not be allowed to participate in the hearing on Movants' Motion in any fashion - whether by the examination of witnesses, the offering of exhibits, or the presentation of argument.

Respectfully submitted,

*/s/  James J. Lee*
James J. Lee
  State Bar No. 12074550
  jimlee@velaw.com
Michael C. Lee
  State Bar No. 24109461
  mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700

*Attorneys for Lynn Pinker Hurst &
Schwegmann, LLP and The Pettit Law Firm*


# CERTIFICATE OF SERVICE

I certify that on December 1, 2023, a true and correct copy of the foregoing instrument was served on all counsel of record using the Court's electronic filing system.

*/s/  James J. Lee*
James J. Lee