PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

*Counsel for Pachulski Stang Ziehl & Jones LLP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**DECLARATION OF HAYLEY R. WINOGRAD IN SUPPORT OF PSZJ'S AMENDED OPPOSITION TO MOTION OF JAMES D. DONDERO AND STRAND ADVISORS, INC. FOR LEAVE TO FILE ADVERSARY COMPLAINT**

I, Hayley R. Winograd, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1. I am an attorney at the law firm of Pachulski, Stang, Ziehl & Jones LLP ("PSZJ"), restructuring counsel to Highland Capital Management, L.P., the reorganized debtor in this chapter 11 case ("Highland"). I submit this declaration (the "Declaration") in support of PSZJ's amended opposition (the "Opposition") to the *Motion of James D. Dondero and Strand Advisors, Inc. for Leave to File Adversary Complaint* [Docket No. 3981] (the "Motion for Leave"), being filed

1

simultaneously with this Declaration by PSZJ.[1] This Declaration is based on my personal knowledge and review of the documents listed below.

2. Attached as **Exhibit 1** is a true and correct copy of the *Retention Agreement* between PSZJ and Highland, dated October 1, 2019.

3. Attached as **Exhibit 2** is a true and correct copy of the *Memorandum* sent from PSZJ to Highland regarding "Potential Risks of Chapter Filing (Preliminary Review)," dated October 2, 2019.

4. Attached as **Exhibit 3** is a true and correct copy of the voluntary chapter 11 petition filed by Highland in the Bankruptcy Court for the District of Delaware, filed on October 16, 2019 [Docket No. 3] (the Creditor Matrix is omitted because it is voluminous and not directly relevant to the Motion for Leave or the Opposition, but it is available on the Court's docket or upon request).

5. Attached as **Exhibit 4** is a true and correct copy of the *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 70] (the "Employment Application").

6. Attached as **Exhibit 5** are true and correct copies of (i) the *Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date*, attached to the Employment Application; (ii) the *Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Opposition.

*327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 178]; and (iii) *Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 2079].

7. Attached as **Exhibit 6** is a true and correct copy of the *Transcript of Proceedings Before the Honorable Stacey G.C. Jernigan, United States Bankruptcy Judge,* January 21, 2020, *In re Highland Capital Management, L.P.,* Case No. 19-34054-sgj-11.

8. Attached as **Exhibit 7** is a true and correct copy of the *Notice of Appearance and Request for Service* [Docket No. 505], filed by Bonds Ellis on March 6, 2020.

9. Attached as **Exhibit 8** is a true and correct copy of *Plaintiff James Dondero's Original Petition* in the case captioned *James Dondero v. Bonds Ellis Eppich Schafer Jones LLP et al.*, Docket No. DC-22-08142 (Tex. Dist. Ct. July 15, 2022), commenced by Parsons McEntire McCleary PLLC on Mr. Dondero's behalf.

10. Attached as **Exhibit 9** is a true and correct copy of the *Summary of Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period from October 16, 2019 Through August 10, 2021* [Docket No. 2906] (the exhibits from the Final Fee Application are omitted here because they are voluminous and not directly relevant to the Motion for Leave or the Opposition, but they are available on the Court's docket or upon request).

3

11. Attached as **Exhibit 10** is a true and correct copy of (i) a letter from Amy L. Ruhland to Jeff Pomerantz, dated February 3, 2022, and (ii) an email from Jeff Pomerantz to Amy L. Ruhland, dated February 11, 2022.

12. Attached as **Exhibit 11** is a true and correct copy of the letter sent to the EOUST from Amy L. Ruhland, dated September 8, 2023, attaching letters sent to the EOUST from (i) Douglas S. Draper, dated October 4, 2021, and (ii) Davor Rukavina, dated (a) November 3, 2021 and (b) May 11, 2022.

Dated: December 26, 2023

                 */s/ Hayley R. Winograd*
                 Hayley R. Winograd