PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

## HIGHLAND'S MOTION TO STAY
## CONTESTED MATTER [DKT NO. 4000] OR FOR ALTERNATIVE RELIEF

Highland Capital Management, L.P., the reorganized debtor in this chapter 11 case ("**HCMLP**"), and the Highland Claimant Trust (the "**Claimant Trust**" and, together with HCMLP, "**Highland**"), move the Court for an order staying all proceedings (the "**Stay Motion**") in connection with the *Motion for Leave to File a Delaware Complaint* [Docket No. 4000], filed by Hunter Mountain Investment Trust ("**HMIT**") on January 1, 2024 (the "**Delaware Motion for Leave**").

## I. PRELIMINARY STATEMENT[1]

1.      The relief HMIT seeks in the Delaware Motion for Leave depends on the Court's determination of whether HMIT is a beneficiary of the Plan-created Claimant Trust. That issue is already squarely before this Court in Adversary Proceeding No. 23-03038 (the "**Valuation Proceeding**"), in which HMIT is a plaintiff and in which Highland moved to dismiss HMIT's complaint on the basis that HMIT is not entitled to any of the relief it seeks in the complaint because, among other reasons, HMIT is not a beneficiary of the Claimant Trust under the plain terms of the Plan and Claimant Trust Agreement and under applicable law. Briefing on Highland's motion to dismiss the Valuation Proceeding will be complete by January 19, 2024, and oral argument is scheduled for February 14, 2024, just a month from now.

2.      As explained more fully below, if this Court rules that HMIT is not a beneficiary of the Claimant Trust as a matter of law—and if HMIT does not prevail on its likely appeal of such a ruling—then the ruling will necessarily dispose of the Delaware Motion for Leave. It would be needlessly duplicative and wasteful of judicial and estate resources to litigate the same threshold issue in the Valuation Proceeding and again in this matter, particularly since the issue will be *sub judice* in the Valuation Proceeding in several weeks. Accordingly, Highland respectfully requests the Court stay all proceedings in connection with the Delaware Motion for Leave until there is a final, non-appealable determination in the Valuation Proceeding regarding whether or not HMIT

---

[1] This Court has jurisdiction over this case and this contested matter under 28 U.S.C. §§ 157(b) and 1334.  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409 because, among other things, this dispute is a contested matter under the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1943-1] (the "**Plan**") and involves the enforcement and construction of any right or remedy under the Claimant Trust Agreement or any act or omission of the Claimant Trustee acting in his capacity as such.  Claimant Trust Agreement § 11.11. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

is a beneficiary of the Claimant Trust under the plain terms of the Plan and Claimant Trust

Agreement and under applicable law.[2]

## II. BACKGROUND

3.      On December 7, 2022, the Court issued an order [Docket No. 3645] finding that an

adversary proceeding was necessary with regard to the relief sought in a motion filed by The

Dugaboy Investment Trust ("**Dugaboy**") [Docket No. 3382 and Docket No. 3533] (the "**Valuation**

**Motion**"), which sought a "determination by this Court of the current value of the estate and an

accounting of the assets currently held by the Claimant Trust and available for distribution to

creditors."[3]

4.      On May 10, 2023, Dugaboy and HMIT commenced the Valuation Proceeding by

filing a complaint seeking essentially the same relief originally sought in the Valuation Motion.

Highland filed a motion to dismiss the Valuation Proceeding on November 22, 2023 [Adv. Proc.

23-03038, Docket No. 13] (the "**Motion to Dismiss Valuation Complaint**"), asserting, among

other arguments, that neither Dugaboy nor HMIT are beneficiaries of the Trust and, therefore, are

not entitled to any of the relief sought in the Valuation Proceeding. Briefing on the Motion to

Dismiss Valuation Complaint will be completed with the filing of Highland's reply in support on

January 19, 2024, and oral argument is scheduled for February 14, 2024 [Adv. Proc. 23-03038,

Docket No. 19], after which this Court will determine, among other things, whether HMIT is a

beneficiary of the Trust.[4]

---

[2] Alternatively, if the Court denies the Stay Motion (a "**Denial Order**"), Highland respectfully requests that the Court
simultaneously enter an order granting Highland an extension of time to respond to the Delaware Motion for Leave
equal to 21 days from the date any Denial Order is entered.

[3] HMIT filed various pleadings in support of Dugaboy's Valuation Motion. *See* Docket Nos. 3467, 3605, 3606, and
3638.

[4] On March 28, 2023, HMIT filed a separate *Emergency Motion for Leave to File Verified Adversary Proceeding*
[Docket No. 3699], which was later supplemented and modified [Docket Nos. 3760, 3815, and 3816] (collectively,
the "**First Motion for Leave**"). On August 25, 2023, this Court denied the First Motion for Leave on the ground

5.      This Court's ruling on whether HMIT is a Claimant Trust beneficiary in the Valuation Proceeding (and following the inevitably ensuing appeals if HMIT does not prevail in this Court) will necessarily directly affect the viability of the Delaware Motion for Leave.

6.      The Delaware Motion for Leave seeks leave under the Plan's gatekeeper provision to file the five-count complaint attached to the Delaware Motion for Leave (the "**Proposed Delaware Complaint**") in the Delaware Court of Chancery, principally to remove James Seery as trustee of the Claimant Trust. HMIT explicitly bases each of the five counts in the Proposed Delaware Complaint on HMIT's allegation that, notwithstanding the plain terms of the Claimant Trust Agreement, it is somehow a beneficiary of the Claimant Trust under Delaware law.[5]

7.      But whether HMIT is a Claimant Trust beneficiary under applicable law is already squarely before this Court in the Valuation Proceeding. A determination of HMIT's status vis-à-vis the Claimant Trust is coming, and it is coming undoubtedly sooner than it would come were the Delaware Motion for Leave fully litigated and then appealed. Instead, such a determination in the Valuation Proceeding that HMIT is *not* a beneficiary would necessarily dispose of the Delaware Motion for Leave. This Court should stay all proceedings related to the Delaware Motion for Leave pending a final, non-appealable determination regarding whether or not HMIT is a

---

(among others) that HMIT lacked standing to assert the claims because it is not a beneficiary under the Claimant Trust. Docket No. 3903; *In re Highland Cap. Mgmt., L.P.*, 2023 Bankr. LEXIS 2104, 2023 WL 5523949 (Bankr. N.D. Tex. Aug. 25, 2023) (the "**Order Denying Leave**"). HMIT has appealed the Order Denying Leave to the United States District Court for the Northern District of Texas (Case No. 3:23-cv-02071-E) along with seven (7) related interlocutory orders entered in connection with the First Motion for Leave. Given the scope of the appeal, it is unclear whether the District Court will address the Bankruptcy Court's determination that HMIT is not a beneficiary under the Claimant Trust.

[5] On January 19, 2024, Highland will file a reply in further support of its motion to dismiss the Valuation Proceeding that will establish conclusively that HMIT—the holder of a mere unvested, contingent interest in the Trust—is not a beneficiary of the Claimant Trust for any purpose under the plain terms of the Plan, the Claimant Trust Agreement, or applicable law.

beneficiary of the Claimant Trust under the plain terms of the Plan, the Claimant Trust Agreement, and applicable law.

### III. RELIEF REQUESTED AND BASIS FOR IT

8.     Because this Court (or, ultimately, the Fifth Circuit Court of Appeals) will determine conclusively whether HMIT is a beneficiary of the Claimant Trust, and because such a determination—if adverse to HMIT—will dispose of the Delaware Motion for Leave, Highland respectfully urges the Court to conserve judicial resources and the time, effort, and expense of the litigants and stay all proceedings in connection with the Delaware Motion for Leave until a final, non-appealable order determines HMIT's status vis-à-vis the Claimant Trust.[6]

9.     Federal courts, including this Court, have the inherent power to control their own dockets and to stay proceedings when appropriate.[7] The Fifth Circuit Court of Appeals has also recognized the power to stay proceedings as part of the court's power to control its own docket and avoid wasting time and effort.[8] Courts are sensitive to the prejudice a stay would have on the non-moving party, such as "the hardship of being forced to wait for an indefinite and … lengthy time before their causes are heard."[9]

10.     Here, HMIT will not be harmed by a stay of its latest (third) motion for leave to sue under the gatekeeper provision. HMIT is litigating, right now, the issue of whether it is a beneficiary of the Claimant Trust in the Valuation Proceeding before this Court. Staying the Delaware Motion for Leave will not force HMIT to wait *any* time for that issue to be litigated and

---

[6] Again, if the Court issues a Denial Order, Highland requests as alternative relief that its deadline to respond to the Delaware Motion for Leave be extended to the date that is 21 days after a Denial Order is entered.  *See supra* n.2.

[7] *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

[8] *See, e.g.*, *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014).

[9] *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254–55).

decided, much less an "indefinite" or even "lengthy" time. Staying the Delaware Motion for Leave will have no effect on HMIT's ability to litigate the issue of its contingent, unvested interest in the Claimant Trust. HMIT will not be harmed by a stay.

11.    A stay will, however, significantly conserve resources for this Court and for these parties. There is no good reason to require the parties to brief and argue during the course of (likely) months of litigation an issue that will be determined by this Court in the Valuation Proceeding after argument on February 14, 2024. A final, non-appealable order on the fundamental, threshold issue of whether HMIT is a beneficiary under the Claimant Trust will apply to the Delaware Motion for Leave, either by disposing of that motion because HMIT is not a Claimant Trust beneficiary or by precluding Highland from arguing that HMIT is not a Claimant Trust beneficiary in opposing the Delaware Motion for Leave.[10]

12.    A stay of the Delaware Motion for Leave serves common sense, is well within this Court's discretion, and will allow HMIT full reign to litigate and appeal and appeal again the issue of whether it is a beneficiary of the Claimant Trust in the Valuation Proceeding already underway and significantly further along than the nascent Delaware Motion for Leave.

### IV. CONCLUSION

13.    For these reasons, the Court should grant this motion and stay all proceedings on the Delaware Motion for Leave until entry of a final, non-appealable order determining whether HMIT is or is not a beneficiary of the Claimant Trust under the plain terms of the Plan, the Claimant Trust Agreement, and applicable law.

---

[10] In such case, Highland reserves, and does not waive, all other defenses available to it.

Dated: January 16, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:     jpomerantz@pszjlaw.com
           jmorris@pszjlaw.com
           gdemo@pszjlaw.com
           jkroop@pszjlaw.com
           hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.,
and the Highland Claimant Trust*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, on January 14, 2024, John A. Morris, counsel for Highland Capital Management, L.P., wrote to HMIT's counsel and requested that counsel let Mr. Morris know by January 16, 2024 at 2:00 p.m. Central Time whether HMIT was opposed or unopposed to the relief requested in the foregoing Motion.  HMIT is **OPPOSED** to the relief requested in the Motion.

*/s/ Zachery Z. Annable*
Zachery Z. Annable