**STINSON LLP**
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Hunter Mountain Investment Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION



| | |
|---|---|
| *In re* § | Chapter 11 |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor.[1] § | |

## HUNTER MOUNTAIN INVESTMENT TRUST'S RESPONSE IN OPPOSITION TO HIGHLAND'S MOTION TO STAY CONTESTED MATTER [DKT. NO. 4000] OR FOR ALTERNATIVE RELIEF

---

[1] The *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., (As Modified)* [Dkt. No. 1808] ("***Plan***"), filed by Highland Capital Management, L.P. ("***HCMLP***") became effective on August 11, 2021 (the "***Effective Date***").

CORE/3529447.0003/186884912.9

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | PERTINENT BACKGROUND | 1 |
| III. | ARGUMENT | 3 |
| | A. Highland Does Not Even Attempt to and Cannot Satisfy the Legal Standard for Seeking a Stay | 3 |
| | B. A Stay Would Unduly Harm HMIT and a Denial of a Stay Would Not Harm Highland | 6 |
| | C. The Standing Issues Raised in the Valuation Proceeding and the Motion for Leave Are Not Identical | 9 |
| | D. HMIT will be Prejudiced by Denial of its Right to have the Substantive Issues Resolved by a Delaware Court. | 10 |
| IV. | CONCLUSION | 11 |

CORE/3529447.0003/186884912.9

## I. INTRODUCTION

1. To avoid consideration on the merits of Hunter Mountain Investment Trust's ("HMIT") well-founded motion for leave ("Motion for Leave") to bring suit in Delaware (the "Delaware Complaint") to remove James Seery ("Seery") as Claimant Trustee because of his conflicts of interest and hostility towards HMIT, Highland Capital Management, L.P., the reorganized debtor in this chapter 11 case ("HCMLP"), and the Highland Claimant Trust ("Claimant Trust") (collectively, "Highland") filed a motion ("Motion to Stay") requesting the Court to indefinitely stay all proceedings in connection with HMIT's Motion for Leave.[2] In short, Highland is attempting to insulate Seery from having to justify his conduct to the Delaware court tasked with protecting Delaware trusts from conflicted hostile trustees. Even worse, Highland seeks to prevent prompt effective appellate review of this matter by preventing this Court from resolving its merits.

## II. PERTINENT BACKGROUND

2. The Delaware Complaint seeks to remove Seery because he continues to breach his fiduciary duties, including his duty of loyalty, by, among other things, using an exorbitant amount of the Clamant Trust to fund a separate indemnity sub-trust (to pay his own legal expenses), and hold still other funds in reserve, rather than using those funds to pay the claims of Claimant Trust beneficiaries. The only plausible explanation for Seery's refusal to pay the Class 8 and 9 creditors is an effort to try to prevent the Contingent Interest Holders' interests (including those held by HMIT) from being recognized as vested under terms of the Claimant Trust Agreement ("CTA"), an action that is clearly not in the best interests of the unsecured creditors or equity (*i.e.* Classes 8, 9, 10 and 11).[3]

---

[2] Motion to Stay at ¶ 13.
[3] Motion for Leave at pp. 23-29.

1

3. In support of its position that it has standing to prosecute the claims in the Delaware Complaint, HMIT asserts in its Motion for Leave that it is actually "in the money" or, alternatively, should be recognized as being "in the money" and a vested beneficiary because Seery's failure to file a GUC Certification declaring HMIT's status as such breaches his duty of good faith and fair dealing.[4] HMIT also argues that it has standing as an intended contingent beneficiary under Delaware law.[5] However, it is Seery's actions as a fiduciary, not the valuation of estate itself, that is the core of claim to be asserted under the Motion for Leave.

4. Highland argues in its Motion to Stay that all proceedings related to the Motion for Leave should be indefinitely stayed until entry of a final, non-appealable order in a separately filed adversary proceeding commenced by Dugaboy Investment Trust ("Dugaboy") and HMIT ("Valuation Proceeding"). In the Valuation Proceeding, the parties seek a determination by the Court of the value of the estate and an accounting of the assets held by the Clamant Trust. Highland moved to dismiss the Valuation Proceeding, arguing, among other things, that both Dugaboy and HMIT lack standing because they are purportedly not beneficiaries of the Claimant Trust.[6] Highland alternatively argued that the claims in the Valuation Proceeding should be dismissed because: (1) the Court lacks subject matter jurisdiction, (2) HMIT improperly seeks an advisory opinion, (3) the claims are barred by collateral estoppel, and (4) the claims fail as a matter of law.[7] Dugaboy and HMIT opposed the motion to dismiss.[8]

5. Highland argues in its Motion to Stay that the Motion for Leave should be indefinitely stayed until the Valuation Proceeding is finally concluded, including appeals, because a ruling on

---

[4] Motion for Leave at pp. 18-19.

[5] Motion for Leave at pp. 16-22.

[6] Memorandum of Law in Support of Highland Capital Management L.P. and the Highland Claimant Trust's Motion to Dismiss Complaint, Adv. Proc. 23-03038, Dkt. No. 14 ("Motion to Dismiss") at p. 3.

[7] See Motion to Dismiss.

[8] The Dugaboy Investment Trust and Hunter Mountain Investment Trust's Response to the Highland Parties' Motion to Dismiss Complaint, Adv. Proc. 23-03038, Dkt. No. 17.

2

whether HMIT is a beneficiary of the Claimant Trust in the Valuation Proceeding will "necessarily dispose" of the Motion for Leave. Highland also argues that HMIT will not be harmed by a stay because a stay will not force HMIT to "wait *any* time for that issue to be litigated."[9] Highland is incorrect and its Motion should be denied for two primary reasons. First, HMIT will be prejudiced by an indefinite stay of the Motion for Leave and Highland will not be harmed by a denial of the requested stay. Second, the standing issues in the Delaware Complaint and the Valuation Proceeding are not identical because the two proceedings assert different bases for the claims asserted in each proceeding. Thus, the Court should deny the Motion.

### III.   ARGUMENT

####   A.   Highland Does Not Even Attempt to and Cannot Satisfy the Legal Standard for Seeking a Stay

6.   When asked to consider whether to grant a stay of litigation, this Court must determine "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies." *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019)); *see also McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2022 WL 164537, at *1 (M.D. La. Jan. 18, 2022) (applying these four factors to deny motion to stay pending resolution of related action). The applicant's "burden is a substantial one, as a stay is an 'extraordinary remedy.'" *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019). "The Supreme Court has characterized the circumstances in which a stay is appropriate as 'rare.'" *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

---

[9] Motion to Stay at pp. 5-6.

7. Notably, the Motion to Stay lacks this standard (or any standard at all), and Highland fails to even attempt to satisfy it in their brief other than to recount a superficial and incorrect analysis of the harm that would be suffered by HMIT if the stay is granted (as discussed below). This alone is fatal to the Motion to Stay being granted.

8. Rather than addressing the appropriate factors, Highland instead cites to one irrelevant criminal case in which the Fifth Circuit denied a stay of an appeal that the government requested based on its position that it would eventually dismiss the appeal if a superseding indictment survived dismissal. In doing so, the Fifth Circuit cited *Landis* for the unremarkable proposition that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[10]

9. A stay is not appropriate simply because other litigation pends involving a similar or even the same standing question. *See Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016). For example, in *Jamison*, the defendant requested a stay pending the Supreme Court's rulings on two separate cases addressing standing and mootness questions that were also present in the *Jamison* case. *Id.* at *1. The Northern District of Texas rejected the request, finding, that "[b]ecause standing is a subject matter jurisdiction question, it can be raised at any time during the litigation." *Id.* at *4. Accordingly, "[a]llowing the case to proceed inflict[ed] no significant hardship" because the defendant could raise the standing issue after the Supreme Court's ruling, if applicable. *Id.* Thus, the court denied the defendant's motion to stay. *Id.*; *see also Alexander v. Navient Sols., Inc.*, No. 5:15-CV-00837-RP, 2016 WL 11588317, at *2 (W.D. Tex. Feb. 19, 2016) (denying motion to stay, which sought to stay proceeding pending resolution of standing

---

[10] Motion to Stay at ¶ 9, fn 8.

issue in U.S. Supreme Court case, because "[s]tanding is jurisdictional, and Defendant can reassert at any time that this Court lacks the jurisdiction to hear Plaintiffs' claim").

10. The Supreme Court has held that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. For example, in *Landis*, respondents sought to enjoin enforcement of the Public Utility Holding Company Act of 1935 by arguing that it was unconstitutional. *Id.* at 249. After respondents filed suit, several other lawsuits seeking the same relief were filed throughout the country. *Id.* at 250. The Government filed a motion to stay in order to secure an early determination of its rights by proceeding with certain test cases. *Id.* at 250-51. Although the stay was initially granted, the Supreme Court granted certiorari and vacated the "unreasonable" stay order because "the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court will be able to pass upon the Act." *Id.* at 256. Here, a cursory examination of the various appeals in this bankruptcy establishes that it will take several years for proceedings and their later appeals to be finally concluded.[11]

---

[11] For example, while the Court issued its final reports recommending summary judgment in the Notes Cases on December 5, 2022, and January 17, 2023, the District Court did not issue its orders adopting the reports until July 6, 2023, and the briefing schedule in the Fifth Circuit has not even been issued, yet. *Highland Capital Mgmt., L.P. v. Dondero, et al.*, Consol. Case No. 3:21-cv-00881-x (N. D. Tex.), Dkts. 89, 97, 135; *In the Matter of Highland Capital Management, L.P.*, Case No. 23-10911 (5th Cir.). As another example, with respect to the appeal of the HarbourVest settlement order, the notice of appeal was filed on February 1, 2021, and the Fifth Circuit did not issue its decision until July 31, 2023, 910 days later. Dkt. 1870; *Matter of Highland Capital Management, L.P.*, No. 22-10960, 2023 WL 4861770 (5th Cir. July 31, 2023). With respect to the appeal of the UBS settlement order, the notice of appeal was filed on May 27, 2021, and the Fifth Circuit did not issue its decision until July 28, 2023, 792 days later. Dkt. 2398; *Matter of Highland Capital Mgmt., L.P.*, No. 22-10983, 2023 WL 4842320 (5th Cir. July 28, 2023). With respect to the appeal of the Plan order, the notice of appeal was filed on March 1, 2021, and the Fifth Circuit did not issue its decision until August 19, 2022, 536 days later. Dkt. 1957; *In re Highland Capital Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 3959550 (Bankr. N.D. Tex. Aug. 30, 2022). With respect to the appeal of the Order approving the trust, the notice of appeal was filed on August 4, 2021, and the Fifth Circuit did not issue its decision until January 11, 2023, 525 days later. Dkt. 2673; *Matter of Highland Capital Mgmt., L.P.*, 57 F.4th 494 (5th Cir. 2023).

### B. A Stay Would Unduly Harm HMIT and a Denial of a Stay Would Not Harm Highland

11. Highland's Motion to Stay should be denied because HMIT will suffer irreparable harm as a result of an indefinite stay of the Motion for Leave (and, by extension, its prosecution of the claims in the Delaware Complaint). Highland ignores the delay that will necessarily occur if a stay is ordered and instead focuses on the fact that a stay "will not force HMIT to wait *any* time for that issue [of whether it is a beneficiary of the Claimant Trust] to be litigated and decided, much less an 'indefinite' or even 'lengthy' time."[12] Highland misses the point. It is not the delay of a decision on this one issue that matters, it is the delay of HMIT's ability to move forward with its claims in the Delaware Complaint so that can Seery can be removed that matters.

12. As detailed in its Motion for Leave, HMIT has pleaded serious allegations against Seery that require his immediate removal as trustee. These allegations, include, but are not limited to, breaching his duty of loyalty by failing to pay creditors, failing to file the GUC Certification, failing to certify that equity holders are vested under the CTA, failing to maximize the value of the Claimant Trust for the benefit of its beneficiaries by filing unnecessary proceedings, and spending inordinate amounts of cash on unnecessary professional fees.[13] Seery has also used the Claimant Trust to his own pecuniary advantage by funding an increasingly sizable indemnification reserve that enables Seery to remain employed at $150,000 a month, and is the excuse for Seery to avoid certifying that HMIT and other Class 10 and 11 holders are Claimant Trust Beneficiaries.[14] These actions (and inactions) by Seery are ongoing and will continue to prejudice and harm HMIT as long as they continue. For example, Seery will continue to unnecessarily spend funds as a false cover for Seery's

---

[12] Motion to Stay at pp. 5-6.
[13] Motion for Leave at pp. 23-24.
[14] Motion for Leave at pp. 10-11.

failure to certify that HMIT is "in the money," a tactic also intended to prevent HMIT from ever challenging Seery's tenure as trustee.

13. In other words, it is not the delay in having the specific standing issue decided, as Highland suggests, that could harm HMIT. The harm to HMIT is the delay in having the allegations in the Delaware Complaint addressed by a court because Seery's unlawful behavior continues without effective oversight. There is no visibility into precisely what is being paid from the Indemnity Sub-trust, enabling excessive spending to go unchecked. One only needs to look at the hearing participants list for nearly every hearing, no matter how minor, to see the huge number of lawyers attending in addition to the already large number appearing. With the burn rate shown by the last several quarterly reports (averaging approximately $5.4 million a month for 2023),[15] the harm of a multi-year delay is manifest. Highland's Motion to Stay fails to address these issues or any of the allegations raised related to Seery in the Motion for Leave.

14. What this means is that HMIT will be severely harmed regardless of this Court's ultimate decision on the standing issue if the stay is granted. If the Court denies Highland's request for a stay, HMIT will be able to immediately appeal if this Court agrees with Highland and finds that HMIT lacks standing in the Valuation Proceeding and in the Motion for Leave. But if the stay is granted and the Court agrees with Highland and finds that the HMIT lacks standing in the Valuation Proceeding, Highland will argue that HMIT must wait years (through all appeals of the Valuation Proceeding decision) to have the standing issue in the Motion for Leave addressed by an appellate court, which is exactly what Highland seeks in bringing its Motion to Stay.

15. Even worse, if an indefinite stay is granted, as Highland requests, and if this Court, the District Court, or the Fifth Circuit agrees with HMIT and finds that it has standing in the Valuation Proceeding, HMIT still would be unable to move forward with its Motion for Leave until *all* appeals

---

[15] Dkt. Nos. 3756, 3757, 3888, 3889, 3955 and 3956.

7

in the Valuation Proceeding are concluded under the requested stay. In other words, even if HMIT is correct and successful at every level of appeal in the Valuation Proceeding, it will still be prejudiced by being forced to delay the Motion for Leave and prosecuting the Delaware Complaint for several years while the Valuation Proceeding works its way through the appellate process. And as the Fifth Circuit held in *In re Ramu Corp.*, "[e]ven discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'" 903 F.2d 312, 318 (5th Cir. 1990) (citing *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir. 1982)). While it is obvious that Highland and Seery would prefer this outcome, it is unfair and prejudicial to HMIT, and therefore impermissible. The only way to avoid this possible outcome is for the Motion for Leave to proceed as scheduled.

16. On the other hand, a denial of the requested stay will not harm Highland, let alone irreparably harm Highland as required by the standards set forth above. Highland's premise for its Motion to Stay, that a stay will "conserve judicial resources and the time, effort, and expense of the litigants,"[16] is not true. As Highland recognizes, it has already briefed whether HMIT is a beneficiary of the Trust in the Valuation Proceeding.[17] Nowhere in its Motion to Stay does Highland explain how it would be prejudiced or harmed by briefing an issue that it has already briefed and that it contends is identical in both proceedings.

17. Highland also waited two weeks before making its Motion for Stay and set the motion for its hearing ***after the deadline for its response to the Motion for Leave.*** It surely then had at least partially prepared a response – or is it really going to admit it was so certain of this Court's decision that it did nothing?

18. If Highland argues that the Motion for Leave constitutes an unnecessary expense to the estate, that argument fails for multiple reasons. First, it is the almost entirely opaque expenditure

---

[16] Motion to Stay at ¶ 8.
[17] Motion to Stay at ¶ 1.

8

of $5.4 million per month by the Seery-directed estate that is the issue in the motion for leave. Sunlight will be the best disinfectant. Second, this argument rings hollow, as it can be made any time that Highland faces a motion it does not want to defend, even though Highland regularly insists that its own offensive motions (such as the Motion for Sanctions brought against Scott Ellington that was abruptly abandoned in mid-hearing and which could have been resolved by Highland with a phone call) are entirely necessary. Third, if there is anything that the estate should be spending its money on, it is explaining to the Claimant Trust beneficiaries and contingent beneficiaries what exactly is being done with their money by their fiduciaries.

### C. The Standing Issues Raised in the Valuation Proceeding and the Motion for Leave Are Not Identical

19. Even if Highland satisfied the above standard, which it did not, Highland's Motion to Stay turns on its mistaken belief that whether HMIT has standing is identical in both the Valuation Proceeding and the Motion for Leave/Delaware Complaint. Highland is incorrect.

20. As discussed above, while HMIT seeks information about the Claimant Trust's assets in the Valuation Proceeding, it seeks to have Seery removed as Trustee as part of the Delaware Complaint because he has breached his fiduciary duties and because he has breached the duties of good faith and fair dealing. As a result, not only is standing in the Delaware Complaint based on HMIT's status as a beneficiary under Delaware law, but it is also based on Seery's failure to file a GUC Certification declaring HMIT's status and confirming that HMIT is "in the money" so that Seery can use this manipulation to, among other self-serving things, argue against HMIT's standing. In its Motion for Leave, HMIT seeks to remove Seery and alleges that it has standing to do so not only because it should be recognized as being "in the money," but also because HMIT must be treated as a beneficiary under applicable Delaware law, lest Seery's conflicted position and breaches of the duty of good faith and fair dealing give him the opportunity to unilaterally deprive HMIT of what should

9

be recognized as HMIT's status as a beneficiary.[18] The very claims sought to be brought in the Delaware Complaint turn on an analysis of Seery's conflicts and conduct.[19]

21. The claims asserted by HMIT in the Valuation Proceeding, on the other hand, are not mainly premised on Seery's breaches and failure to allow HMIT's interest to vest. That suit instead largely seeks information to enable the proposed plaintiffs to protect their interests. In other words, although similar, the reasoning and bases for HMIT's standing is not identical in the two proceedings, and therefore a decision on HMIT's standing in the Valuation Proceeding will not be identical to the issue as it is framed in the Motion for Leave. Indeed, because of the multiple arguments in each of the cases, the Valuation Proceeding decision may not address the issues in the Motion for Leave to file the Delaware Complaint at all. And if the Court does make a ruling on standing in the Valuation Proceeding that Highland wishes to rely upon in this proceeding, it could attempt to make that argument at that time, as discussed above in *Jamison*. Therefore, a stay of the proceedings related to the Motion for Leave is inappropriate.[20]

**D. HMIT will be Prejudiced by Denial of its Right to have the Substantive Issues Resolved by a Delaware Court.**

22. As set forth in the Motion for Leave, HMIT's rights under the Claimant Trust Agreement are subject to Delaware law to be decided by a Delaware Court. *See* Motion for Leave at ¶¶ 47–48 (*citing* Del. Code Ann. Tit. 12, § 3804(e)). HMIT has the right to have its asserted claims

---

[18] Motion for Leave at pp. 19-20.
[19] Motion for Leave at pp. 23-29.

[20] As an alternative to a stay, Highland requests that the Court give Highland a 21-day extension of time to respond to the Motion for Leave if the Court denies the Motion to Stay. Motion to Stay at fn 2. Initially, Highland has already asked for and received a one-week extension to respond to the Motion for Leave, therefore no further extension should be necessary. Additionally, given that Highland's eight-page Motion could have been made within days of the filing of the Motion for Leave, this Court should not condone Highland's arrogant effort to force delay with the timing of its Motion to Stay. Either Highland really has partially prepared its response to the Motion for Leave, making its argument that it is seeking to save the estate money disingenuous, or it deliberately decided to wait until the last minute to seek its relief, thereby attempting to achieve prejudicial delay, regardless of the Court's decision. Either way Highland is acting in bad faith and that too is reason to deny the Motion to Stay, and to allow only the most minimal time to respond to the Motion for Leave, if any.

decided by a Delaware Court. This is because the removal of a trustee is a "matter[] relating to the organization or internal affairs of a statutory trust." *United Bhd. of Carpenters Pension Plan v. Fellner*, C.A. No. 9475-VCN, 2015 WL 894810, at *2 n. 13 (Del. Ch. Feb. 26, 2015). Where a company's internal affairs are involved, Delaware law disregards the forum selection clause in the parties' trust agreement. *Id.* The Claimant Trust Agreement's governing Delaware law squarely rejects Highland's assertion that a determination of the Valuation Proceeding by a Texas court serves as an adequate substitute for a Delaware court adjudicating HMIT's substantive rights under the Claimant Trust Agreement.

23. Highland, not HMIT, chose to make the Claimant Trust a Delaware entity governed by both Delaware law *and* the Delaware courts under the internal affairs doctrine. *See id.* Accordingly, both HMIT as putative plaintiff and Highland as the author of the Claimant Trust have selected Delaware as the proper forum for adjudication of their substantive rights regarding HMIT's claims in this case. *See In re Volkswagen of Am., Inc.* 545 F.3d 304, 314 (5th Cir. 2010) (courts generally should give deference to a plaintiff's choice of forum). The Motion to Stay is nothing but a transparent attempt, formulated years after the approval of the Claimant Trust Agreement's provisions, to prevent a substantive determination of HMIT's rights by the Claimant Trust-mandated Delaware court.

## IV. CONCLUSION

24. As the court stated in *Gold v. Johns-Manville Sales Corp.*, the case cited by Highland in support of its Motion to Stay, a party must demonstrate "a clear case of hardship or inequity" if there is "even a fair possibility" that a stay would damage the other party before a stay will be issued. 723 F.2d 1068, 1075-76 (3d Cir. 1983). And as Highland recognized in its Motion, "Courts are sensitive to the prejudice a stay would have on the non-moving party, such as 'the hardship of

being forced to wait an indefinite and … lengthy time before their causes are heard.'"[21] This is exactly the case here. An indefinite stay of the Motion for Leave will harm HMIT, and a denial of the stay will not impact Highland in any meaningful way, let alone irreparably harm Highland as required under the law set forth above. Therefore, the Motion to Stay should be denied in its entirety.

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email:  deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com
*Counsel for The Hunter Mountain Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

---

[21] Motion at ¶ 9, fn 9 (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

12