Amy L. Ruhland
Texas Bar No. 24043561
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com


Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
**HOGE & GAMEROS. L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
        wcarvell@legaltexas.com


*Attorneys for NexPoint Real Estate Partners
LLC (f/k/a HCRE Partners, LLC)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case N. 19-34054 (SGJ) |
| Debtor. | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER</u>**

## I.    INTRODUCTION

Pursuant to Federal Rule of Bankruptcy Procedure 9024, NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE") files its Motion for Relief from Order ("Motion") to seek reconsideration of and relief from the Bankruptcy Court's Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim # 146 ("Order").  Reconsideration of and relief from the Order is warranted for several independent reasons.

First, one of the core premises of the Court's Order is contrary to the testimony of record. Specifically, the Court concluded that HCRE was acting in "bad faith" in part because it was "unwilling to withdraw the Proof of Claim with prejudice to asserting its claims again in any future litigation in any forum."  Order at 2, 27.  This is not true.  To the contrary, two lawyers for HCRE and James Dondero himself repeatedly represented on the record that HCRE was willing to withdraw its Proof of Claim ("POC") *with prejudice* and to waive any right to appeal.  And true to their word, HCRE did not file an appeal of the Court's order disallowing the POC.  *Id.* at 5.

Second, because the Court's finding of bad faith is based on an erroneous premise of fact (HCRE's supposed refusal to withdraw the POC with prejudice), the Court's conclusion—that "but for" HCRE's refusal to withdraw the POC, Highland would not have incurred additional attorneys' fees and costs continuing to fight it—is wrong and should be corrected.

Finally, there are other problems with the Court's Order as well.  For example, the Court purports to take judicial notice of "information" unrelated to HCRE contained in the legal argument section of a brief filed by Highland in another case.  *See id.* at 5 n.8.  This is improper for several reasons, including because the Court did not give HCRE an opportunity to be heard on

1

the information about which the Court took judicial notice and because the "information" is unsubstantiated legal argument.  The Court also bases its finding that HCRE acted in bad faith in part on the action of its former counsel, Wick Phillips Gould & Martin, LLP ("Wick Phillips"), in contesting a motion filed by Highland seeking to disqualify Wick Phillips from its representation of HCRE.  But the Court previously denied Highland its fees in connection with this fight, and not even Highland sought a "bad faith" finding or attorneys' fees on this basis.  In any event, the law is clear that a finding of "bad faith" cannot be premised on a party's taking a reasonable but ultimately unsuccessful position in court.

The Court should revisit its finding of "bad faith" in light of the actual testimony of record, correct the mistakes in its Order, eliminate or reduce the fee award consistent with those corrections, and issue an amended order in its place.  HCRE's Motion should be granted.

## II.      BACKGROUND

### A.      HCRE Files a Single Proof of Claim, and Highland Objects

With the assistance of outside counsel, HCRE filed its proof of claim (Claim #146) on April 8, 2020.  Order at 2 & n. 3.  Both Mr. Dondero, HCRE's sole manager, and Matt McGraner, HCRE's vice president, testified that outside counsel (Bonds Ellis Eppich Shafer Jones, LLP ("Bonds Ellis"), led by former bankruptcy judge Mike Lynn) prepared the POC, including Exhibit A describing the POC, and that HCRE relied on counsel's advice that filing the POC was necessary to protect HCRE's interests.  *See* Nov. 1, 2022 Hr'g Tr., Ex. A, at 54:24-55:25, 59:11-60:5, 62:9-15, 74:23-75:8, 109:10-110:6.   Highland never sought to depose Bonds Ellis about the investigation it performed before filing the POC, nor did Highland seek to elicit the testimony of D.C. Sauter, the in-house counsel responsible for communicating with Bonds Ellis about the POC.[1]

---

[1] It defies belief that former Judge Lynn would have agreed to file a POC without performing a proper investigation.

Highland objected to HCRE's POC on July 30, 2020. It did not do so in isolation but instead filed a First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No Liability Claims; and (F) Insufficient-Documentation Claims ("Omnibus Objection"). Dkt. 906. In its Omnibus Objection, Highland explained that it had identified 63 proofs of claim that were "no liability claims" because the claimed liability was not reflected in Highland's books and records. *Id.* at ¶ 22. HCRE's POC was among those 63 claims, which also included a multitude of other claims filed by individuals and entities, including various "unliquidated" claims asserted by the HarbourVest entities and even a claim for $500,000 asserted by Highland's attorney, John Morris. *See id.* at Schedule 6. Notably, although many of the "no liability claims" identified by Highland were either unliquidated, not specified, or later withdrawn, HCRE is the only party that Highland has accused of acting in "bad faith" for filing its POC.

In the meantime, HCRE hired new outside bankruptcy counsel, Wick Phillips, to pursue the POC. On October 19, 2020, Wick Phillips filed a Response to Debtor's Omnibus Objection ("Response") which further explained the basis for the POC. Dkt. 1212. Specifically, Wick Phillips explained:

> After reviewing what documentation is available to HCRE[] with the Debtor, HCRE[] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, HCRE[] has a claim to reform, rescind and/or modify the agreement.

*Id.* at ¶ 5. Wick Phillips also clarified that HCRE required "additional discovery . . . to determine what happened in connection with the memorialization of the parties' agreement and improper

---

In any event, it was impossible after Judge Lynn's death for anyone (including Messrs. Dondero and McGraner) to question him about that investigation.

distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement." *Id.* at ¶ 6. Nobody has suggested that Wick Phillips filed the Response in bad faith or violated its duties under Federal Rule of Bankruptcy Procedure 9011 by failing to perform a proper investigation or otherwise before filing the Response.

**B.**     **Highland Belatedly Moves to Disqualify Wick Phillips**

After Wick Phillips filed its Response, the Court entered the parties' stipulated scheduling order in the contested matter on December 14, 2020. Dkt. 1568. Thereafter, the parties exchanged written discovery and served deposition notices. But Highland subsequently adjourned the scheduled depositions. Claiming to have discovered that Wick Phillips represented Highland in one or more transactions underlying the POC, on April 14, 2021, Highland filed a motion to disqualify Wick Phillips. *See* Dkt. 2197 at ¶ 4.

The Court suggests that HCRE "initiated a more than six-month period of expensive discovery and side litigation" in opposing Highland's motion to disqualify. *See* Order at 16. But that fight was "initiated" by Highland, not HCRE, well more than a year after Wick Phillips initially appeared in the case on behalf of HCRE. *Id.* At that point, it made little sense for HCRE to dispense with its chosen counsel well into the process of prosecuting the POC especially if, as Wick Phillips reasonably believed, the conflict was not one requiring its disqualification. Indeed, Texas ethics expert Ben Selman testified that the alleged conflict did not require the firm's disqualification. *See* Deposition of Ben Selman dated Sept. 17, 2021, Ex. B, at 57:7-59:17. Nor has anyone (including this Court) ever suggested that Wick Phillips took an unethical or sanctionable position in opposing Highland's disqualification motion. After all, had anyone believed as much, they could have sought or threatened sanctions against Wick Phillips under Federal Rule of Bankruptcy Procedure 9011, as Highland has threatened to do on several occasions

4

during these bankruptcy proceedings.  It is unclear how Wick Phillips' defense of its representation could be in "bad faith" under these circumstances.  Yet that is what the Court concluded in fashioning its "bad faith" finding.  *See* Order at 20.

In any event, on May 24, 2021, the Court—at the urging of both parties—entered a scheduling order permitting limited discovery into the circumstances of Wick Phillips' prior representation of Highland and requiring the parties to file additional briefing following discovery. Dkt. 2361.[2]  At the end of that process, on December 10, 2021, the Court ultimately entered an order granting in part and denying in part Highland's motion for disqualification.  Dkt. 3106 at 3-4.  Notably, the Court denied Highland's request for reimbursement of its costs and attorneys' fees incurred in connection with the motion for disqualification, *see id.* at ¶ 6, and Highland did not renew that request for fees as part of its "bad faith" motion.

### C.     HCRE Retains New Counsel and the Parties Engage in Discovery

After the disqualification of Wick Phillips, HCRE retained the law firm of Hoge & Gameros, L.L.P. to pursue the POC, and on June 9, 2022, the Court entered a new, agreed scheduling order in the matter.  *See* Dkt. 3356.  The scheduling order was subsequently twice amended by agreement of the parties, first on June 17, 2022, and again on August 9, 2022.  Dkt. 3368, Dkt. 3438.  The schedule entered on June 17 contemplated that the parties would complete fact discovery by August 1, 2022, expert discovery by August 19, 2022, and attend a two-day evidentiary hearing on November 1 and 2, 2022.  *See* Dkt. 3368.  However, after HCRE timely disclosed its expert on August 5, 2022, Highland indicated that it would seek to strike that expert, so the parties agreed to amend the scheduling order to allow the parties to brief, and the Court to hear, Highland's expected motion to strike.  *See* Dkt. 3438.  The remainder of the schedule was

---

[2] The Court subsequently amended the agreed scheduling order on August 23, 2021.  Dkt. 2757.

pushed back to accommodate that motion.  The amended schedule contemplated that briefing on

the motion to strike would be complete on September 9, 2022 (*see* Dkt. 3438 at ¶ 1); that Highland

would file a motion for summary judgment within 14 days of any order granting the motion to

strike (*id.* at ¶ 2); that Highland would file a rebuttal expert report within 21 days of any order

denying the motion to strike and also make its expert available for deposition thereafter (*id.* at ¶

3); and that the parties would confer as necessary on a new date for the evidentiary hearing (*id.*).

In addition, when the Court entered its last amended scheduling order in the matter, two fact

depositions remained to be taken—a deposition of James Dondero, and a deposition of Matt

McGraner, both in his individual capacity and as a 30(b)(6) witness for HCRE.  *See* Dkts. 3415,

3416, 3418.

        In other words, much remained to be done in the case, by both parties, and the case was

still months away from any evidentiary hearing.

> **D.**      **HCRE Files Its Motion to Withdraw the POC, Highland Objects, and the
>              Court Denies the Motion**

        Three days after the Court entered an order amending the scheduling order to accommodate

a briefing schedule on Highland's contemplated motion to strike, on August 12, 2022, HCRE filed

its Motion to Withdraw Proof of Claim ("Motion to Withdraw").  HCRE did so after consultation

with its outside counsel, and "in consideration of the cost and uncertainty of continuing to pursue

the Claim in the face of Debtor's objection."  *See* Dkt. 3443 at 2.  Again, the tasks to be completed

and the costs still to be incurred included fact and expert depositions, motion practice (including a

motion to strike and a motion for summary judgment), potential rebuttal expert discovery,

preparations for an evidentiary hearing, and a two-day evidentiary hearing.  *See* Dkts. 3368, 3438.

Thus, the Court's statement that the Motion to Withdraw was filed "just prior to a trial on the

merits" is simply wrong.  *See* Order at 3.

Highland opposed the Motion to Withdraw, arguing among other things that HCRE's "true intent" in filing the Motion was to "avoid[] depositions now, leav[e] the specter of future litigation hanging over Highland's head, and preserv[e] the ability to re-file its claim later."  *See* Dkt. 3487 at ¶ 67.[3]  The Court held a hearing on HCRE's Motion to Withdraw on September 12, 2022.  Dkt. 3511.

The Court repeatedly cites as evidence of HCRE's "bad faith"—and Highland's entitlement to attorneys' fees—HCRE's "gamesmanship" in refusing to withdraw its POC with prejudice and instead trying preserve its right to fight Highland's ownership in SE Multifamily Holdings, LLC ("SE Multifamily") for another day.  *See* Order at 3, 18, 27.  But the record demonstrates that no such gamesmanship occurred.

In fact, two lawyers for HCRE and HCRE's sole manager, Mr. Dondero, all represented on the record to the Court that HCRE was willing to withdraw its POC *with prejudice* and to refrain from challenging Highland's interest in SE Multifamily.  At the hearing on HCRE's Motion to Withdraw Proof of Claim, the following exchanges occurred:

> The Court:         . . . .Would you agree to a condition on the withdrawal of your proof of claim that your client agrees that Highland has a 46-point whatever it was percent interest in SE Multifamily Holdings and your client waives any right in the future to challenge that interest?
>
> Mr. Gameros[4]:    Your Honor, if that's what the Court wants to put in an order and I have a chance to confer with my client on it,

---

[3] Highland also argued that HCRE's "concerns about costs" were "not credible," since "all that remains is a few depositions and a short trial." Dkt. 3487 at ¶ 65.  But as we know from the scheduling orders entered in the case, that was not "all that remain[ed]." *See* Dkts. 3368, 3438.  Indeed, in the same breath that Highland claimed there was almost nothing left to do, Highland made clear its intention to file a summary judgment motion, which alone would have caused both parties to incur substantial additional cost. *See* Dkt. 3487 at ¶ 1.

[4] Mr. Gameros, as counsel for HCRE and as an attorney licensed in the state of Texas and admitted to practice in the Bankruptcy Court for the Northern District of Texas, was an officer of the court with authority to bind HCRE.  Indeed, the Supreme Court of the United States has recognized this principle for more than a century. *See Ex Parte Garland*, 731 U.S. 333 (1866) ("Attorneys and counselors are not officers of the United States; they are officers of the court, admitted as such by its order upon evidence of their possessing sufficient legal learning and fair private character.").

7

|  | I'm pretty sure that would be agreeable. |
| The Court: | Today's the day.  I'm not going to continue. |
| Mr. Gameros: | Your Honor, we'd agree with that. |
| Mr. Morris: | Your Honor, I'm sorry to interrupt, but waiver of any appeal too. . . . |
|  | And what the debtor needs in order to avoid legal prejudice is the complete elimination of any uncertainty that it owns 46.06 percent of SE Multifamily. . . . |
| Mr. Gameros: | Your Honor, we'll agree to it. |
| The Court: | Well, you know what, this is such a big deal I really need a client representative to say that. . . . |

September 12, 2022 Hearing Transcript ("Sept. Hr'g Tr."), Ex. C, at 33:23-34:5.  At that point,

the Court took at recess so that HCRE's counsel could get a client representative on the phone to

make the same representation Mr. Gameros had just made:

| Mr. Gameros: | Your Honor wanted me to get a representative of NexPoint Real Estate Partners to state that they agree that the estate has its 46 percent interest in the company agreement subject to the company agreement.  And I've got Mr. Sauter here who has authority to speak on behalf of NexPoint Real Estate Partners. |
| The Court: | All right.  Well so what is his position with HCRE? |
| Mr. Sauter: | Your Honor, I don't have – this is D.C. Sauter.  I don't have an official position with HCRE, but I have spoken with Mr. Dondero and he has authorized me to appear here today and agree to the conditions that Mr. Gameros just outlined. |

*Id.* at 35:16-36:3.  Still this was not sufficient for the Court, which characterized Mr. Sauter's

representation on the record in open court as "hearsay."  *Id.* at 36:4-8.[5]  Although counsel for

---

[5] As Mr. Gameros pointed out in response to the Court's comment, Mr. Sauter (who also is an attorney licensed in the state of Texas representing HCRE) was also an officer of the Court with authority to bind HCRE.  Sept. Hr'g Tr. at 36:12-23.

HCRE disagreed with the Court's characterization, to further assuage the Court's concern, he then

elicited the following testimony from Mr. Dondero:

DIRECT EXAMINATION

By Mr. Gameros:

Q    Mr. Dondero, on behalf of HCRE, do you agree as a condition for withdrawing the proof of claim that HCRE will not challenge the estate's ownership or equity interest in SE Multifamily subject to the company agreement?

A    Yes.

Q    Do you agree that you will not appeal and that, therefore, HCRE is waiving any appeal right to that determination as a condition of withdrawing the proof of claim?

A    Yes.

*Id*. at 40:8-17.

By Mr. Gameros:

Q    Mr. Dondero, you desire to withdraw the proof of claim.  Correct?

A    Yes.

Q    ***And you agree to an order denying the proof of claim with prejudice. Correct?***

A    ***Yes.***

Q    ***And you agree that HCRE will not challenge the equity interest of its member in SE Multifamily?***

A    ***Yes.***

*Id*. at 43:23-44:6 (emphases added).  In short, there can be no doubt from this record that:

- HCRE was willing to withdraw its claim *with prejudice*;

- HCRE agreed to waive any right to appeal any order relating to its POC (to the extent that is even a legally permissible concession to extract from a party); and

9

- HCRE agreed not to challenge the equity interest of Highland in SE Multifamily.[6]

Nonetheless, the Court refused to accept these concessions. The Court's refusal stemmed from Mr. Dondero's testimony that Highland's interest in SE Multifamily was "subject to" the company agreement—i.e., the LLC agreement governing that entity. But of course that statement is true: every member of SE Multifamily is bound by the company's LLC agreement, which sets forth their rights and obligations vis-à-vis the company.[7] Mr. Dondero's only point was that the LLC agreement could in the future be amended to reflect different ownership percentages, which often happens as a result of capital calls, new investment dollars, and the like. *Id.* at 43:2-13. To be clear, what Highland and the Court were demanding was a concession that, even if SE Multifamily later made a capital call that was funded by other members but not by Highland, Highland's ownership percentage would not change. Nothing in law or equity requires a party to agree to such a restriction.

In short, the Court's repeated conclusion that HCRE refused to withdraw its POC with prejudice (and attempted to preserve its fight for another day) is wrong.

### E.     The Court Denies HCRE's Motion to Withdraw and Forces HCRE to Defend Itself in an Evidentiary Hearing

Two days after the September 12, 2022 hearing, the Court issued an order denying HCRE's Motion to Withdraw "for the reasons set forth on the record." Order at 18; *see also* Dkt. 3518. Subsequently, Highland took remaining fact depositions, and the parties prepared for and attended

---

[6] Mr. Gameros further expressly represented that HCRE would agree "not to challenge [Highland's interest] on the basis of anything asserted in the proof of claim, that being mistake, lack of consideration, or failure of consideration. Their 46 percent is their ownership interest in SE Multifamily and HCRE won't challenge that." Sept. Hr'g Tr. at 42:13-19.

[7] Even Highland's lawyer, John Morris, agreed—as he must—that Highland's "rights and obligations as a member of SE Multifamily are subject to the [LLC] agreement." Sept. Hr'g Tr. at 41:10-14. Mr. Morris argued, however, that Highland's "ownership interest" in SE Multifamily somehow exists independently of the LLC agreement. *Id.* This makes no sense and is contrary to arguments made by Mr. Morris at the evidentiary hearing on HCRE's POC. *See id.* at 16:24-17:10.

the evidentiary hearing ordered by the Court.  The Court criticizes HCRE's counsel for arguing at the close of that hearing that the Court should "grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."  Order at 20.  It is unclear what else HCRE's counsel was supposed to do in a circumstance where it was being forced to defend HCRE's position in an evidentiary hearing it did not want and sought to avoid by withdrawing its POC months earlier.  In that very unusual procedural posture, counsel did the only logical and ethical thing he could do—he zealously defended his client's position.  The Court's criticism is misplaced.

### F.      The Court Disallows HCRE's POC, and Highland Files its Bad Faith Motion

The Court entered an order disallowing HCRE's POC on April 28, 2023.  On June 16, 2023, Highland filed the Bad Faith Motion.  *See generally* Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim # 146 ("Bad Faith Motion"), Dkt. 3851.  The Bad Faith Motion contained only two pages of legal argument.  The first argument was titled "HCRE's Proof of Claim Was Filed in Bad Faith," and posits that Mr. Dondero conducted no diligence and had no basis to believe that the POC was truthful.  *See id.* at ¶ 21.  The only other legal argument made in Highland's Bad Faith Motion concerned its entitlement to a sanction in the form of recoupment of its attorneys' fees and expenses, citing as evidence various invoices and summaries of fees and expenses incurred.  *Id.*, ¶ 24-26.

Notably, the Bad Faith Motion contained a single paragraph regarding Wick Phillips, which merely recounted that Wick Phillips represented HCRE until it was disqualified in

11

December 2021.  *Id.* at ¶ 8.  Highland did not argue that the Wick Phillips fight constituted bad faith on HCRE's part.[8]

On December 22, 2023, HCRE filed its Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees ("Opposition Brief").  Dkt. 3995.  In its Opposition Brief, HCRE responded directly to Highland's two legal arguments, explaining why HCRE had a good faith basis to file the POC and contending that the fees sought by Highland are excessive.  *Id.* at ¶¶ 50-63.

On January 19, 2024, Highland filed its Reply Brief.  Dkt. 4018. The Reply Brief was 15 pages long (four pages longer than Highland's Bad Faith Motion) and contained new arguments that could not fairly be characterized as responsive to HCRE's Opposition Brief.  For example, Highland argued for the first time in its Reply Brief that HCRE and its principals acted in bad faith by opposing Highland's motion to disqualify Wick Phillips and asks the Court to "find that HCRE's opposition to Highland's Disqualification Motion was made in bad faith."  Reply Brief, Dkt. 4018, at ¶¶ 2, 12-14.  In support of this new argument, Highland cited the Court to seven pages of "Exhibit 5."  That citation does not correlate to any exhibits of record, much less to a citation from Highland's Bad Faith Motion.[9]  And because this argument did not feature at all in Highland's Bad Faith Motion, HCRE had no reason to address or oppose it.

In addition, Highland argued for the first time in its Reply Brief that HCRE did not just *file* its POC in bad faith, it *tried to preserve the substance of its claim* in bad faith.  Bad Faith Motion, Dkt. 4018, at ¶¶ 18-20.  As explained extensively above, the parties sharply disagree about whether

---

[8] As a result, HCRE did not address the Wick Phillips disqualification issue in its opposition brief.

[9] HCRE assumes that Highland intended to cite to Exhibit E, which appears as docket entry 3852-5, but again the page citations appear nowhere in the Bad Faith Motion (nor could Highland's mere attachment of a 203-page transcript have alerted HCRE that Highland intended to rely on the newly cited testimony).

HCRE and its counsel adequately represented on the record before the Court that HCRE sought to withdraw its POC with prejudice and to forego any right of appeal. But regardless, this new legal argument was absent from Highland's Bad Faith Motion, and so again, HCRE had no notice that Highland's request for sanctions was also premised on HCRE's actions taken through the closing argument at the evidentiary hearing on HCRE's POC.

Because Highland's Reply Brief raised new arguments, HCRE told Highland it intended to file a motion to strike or for surreply. Ultimately, Highland agreed to file an amended brief striking the Wick Phillips argument but would not agree to strike the other new arguments raised in its Reply Brief. *See* Amended Reply, Dkt. 4023, at ¶¶ 11-14.

Nonetheless, the Court's Order adopted *all* of Highland's new arguments, including its stricken argument relating to Wick Phillips. Not only did the Court conclude that actions taken by HCRE (with the advice of counsel) throughout the contested matter on HCRE's POC constituted "bad faith" by HCRE, but the Court also concluded that HCRE acted in "bad faith" by contesting Highland's motion to disqualify Wick Phillips. *See* Order at 19-20, 23, 31.

## III.   THE BANKRUPTCY COURT SHOULD GRANT THIS MOTION

Pursuant to Federal Rule of Bankruptcy Procedure 9024 (which incorporates by reference Federal Rule of Civil Procedure 60), the Court may relieve a party from an order on one of several grounds, including because the Court made a "mistake" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). As explained above, the Court's conclusion that HCRE refused to withdraw its POC with prejudice was mistaken, rendering its Order erroneous in critical ways. In addition, relief from the Court's order is warranted because the Court reached other conclusions that are either based on a mistaken premise or were inappropriate and unjust under the circumstances of this case. HCRE's Motion should be granted and a new order issued.

### A.    The Court's Conclusion that HCRE Refused to Withdraw its POC With Prejudice Is Mistaken

In its Order, the Court repeatedly cites HCRE's supposed refusal to withdraw its POC with prejudice as a basis for the Court's finding of "bad faith."  *See* Order at 3 (explaining that the Court would not allow HCRE to withdraw its POC because HCRE "was unwilling to withdraw the Proof of Claim **with prejudice** to asserting its claims again in any future litigation in any forum") (emphasis in original); *id.* at 18-19 (citing HCRE's "repeated attempts to preserve it claims against Highland for use against Highland in the future," as evidenced by HCRE's supposed "refus[al] to agree, at the September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily").  But as the actual testimony at the September 12, 2022 hearing demonstrates, HCRE repeatedly attempted to withdraw its POC *with prejudice*, agreed *not to challenge* the equity interest of Highland in SE Multifamily, and even agreed to *waive* any right to appeal of an order denying its POC.  *See supra* at Section II.D, pp. 7-9.  The truth is, the Court and Highland simply refused to accept these concessions.

Instead, the Court and Highland insisted that HCRE and its counsel stipulate to something that was improper and made no sense: that Highland would *always* have a 46.06% interest in SE Multifamily, regardless of what happens in the future, and regardless of what the SE Multifamily LLC agreement might someday say.  That is something HCRE had no obligation to agree to, because HCRE has no way to predict what might happen to SE Multifamily in the future, whether new investments in the company might someday be made or be required, and how those investments could change the relative ownership interests in the company.  In short, the Court and Highland set up a straw man to ensure that HCRE would not be able to withdraw its POC.

14

The Court's Order should be corrected.  HCRE *did* seek to withdraw its claim with prejudice.  It *did* agree not to assert any of the bases for its POC in the future or to challenge Highland's ownership interest in SE Multifamily.  And it agreed not to appeal any order disallowing the POC, a promise that HCRE ultimately fulfilled.  The Court's order concluding otherwise is wrong, and a new Order should issue on this basis alone.

**B.    The Court's Conclusion that "But For" HCRE's Conduct, Highland Would Not Have Incurred Additional Attorneys' Fees, Is Based on a Mistaken Premise**

The Court also premised its award of attorneys' fees and costs on the erroneous conclusion that HCRE "would not agree to [the POC's] withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future." Order at 27.  Specifically, the Court concluded that the fees and costs Highland incurred to continue fighting the POC after HCRE's attempted withdrawal would not have been incurred "but for" HCRE's bad faith attempted withdrawal.  *Id.*[10]  But again, the Court's finding that HCRE refused to withdraw its POC "with prejudice" is mistaken.  HCRE most certainly tried to and desired to withdraw its claim with prejudice, as both its counsel and its sole manager testified.  *See supra*, Section II.D, at pp. 7-9.

To bolster its "but for" conclusion on attorneys' fees post-dating HCRE's motion to withdraw, the Court also surmised that Highland is somehow in a different position today than it would have been had it simply "accepted a 'win'" and agreed to the withdrawal of HCRE's POC in September 2022.  The Court does not explain what is different, except to default to its erroneous refrain that HCRE refused to withdraw its POC with prejudice.  Order at 27.

---

[10] Notably, approximately $375,000 of the total $809,000 in fees incurred by Highland were incurred *after* the Court denied HCRE's motion to withdraw the POC.  Dkt. 3852-5 and Dkt. 3995 at ¶ 43.

15

The record belies the Court's conclusion.  Indeed, not even the Court's Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 ("Order Denying POC") goes as far as the Court insisted that HCRE needed to go to avoid a full evidentiary hearing on the POC.  Specifically, the Court's Order Denying POC *does not* hold that Highland will retain a 46.06% interest in SE Multifamily in perpetuity (which the Court must realize it does not have the power to order).  To the contrary, the Court in its Order Denying POC *acknowledged* that, "under section 2.1 of the Amended LLC Agreement, Members may make future capital contributions to SE Multifamily . . . ."  Order Denying POC, Dkt. 3767, at 36.  And that is precisely why Mr. Dondero testified in September 2022 that he could not agree that Highland would hold a fixed 46.06% interest in SE Multifamily in perpetuity; it stands to reason that future capital contributions by Highland or others could change that percentage.  The Court's Order Denying POC also does not purport to prevent HCRE from contesting Highland's interest in SE Multifamily in the future (for reasons other than those rejected by the Court).  And for all the Court's (and Highland's) insistence about the importance of HCRE's withdrawal of its POC "with prejudice," the Court's own order does not disallow the claim "with prejudice."  Instead, the actual Order merely states that Highland's objection to the POC is sustained and that the claim is disallowed "for all purposes."  Order Denying POC at 39.  In other words, the parties *are indeed in the exact same position* as they would have been had Highland just "taken the win" when HCRE sought to withdraw its POC over 17 months ago.

Under these circumstances, the Court's conclusion that "but for" HCRE's refusal to withdraw the POC with prejudice, Highland would not have incurred an additional $375,000 in attorneys' fees is wrong.  The Court should amend the Order to eliminate the sanction or, at the very least, reduce the sanction by the amount of fees and costs incurred after HCRE expressly

16

agreed to withdraw the POC with prejudice.

**C.    There Are Other Problems With The Court's Order That Should Be Corrected**

Finally, the Court should revise its Order to correct other mistakes and errors.  In particular: (1) the Order purports to take judicial notice of an irrelevant and disputed issue contained in a brief filed by Highland in an unrelated proceeding; and (2) the Order adopts arguments made by Highland for the first time in its reply brief (including arguments about HCRE's "bad faith" in permitting Wick Phillips to contest Highland's disqualification motion) that HCRE never had an opportunity to respond to and should not have been considered by the Court in issuing its Order.

**1.    Taking Judicial Notice of Disputed "Information" Contained in the Argument Section of One Party's Brief Is Impermissible**

While admitting that it "has not counted the exact number of appeals filed by Dondero and and/or Dondero-related entities in this bankruptcy case and related proceedings," the Court purports to take judicial notice of "information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals."  Order at 5 n.8 (citing *Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12 at ¶ 24, filed on February 9, 2024, Dkt. No. 189 (NDTX Case No. 3:21-cv-0881-X)).  There are several problems with judicial notice under these circumstances.

First, the judicial notice does not comport with the Federal Rules of Evidence.  Specifically, Rule 201 states that a court may only take judicial notice of "a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  Neither circumstance exists here.  Clearly, the number of appeals

17

filed by "Dondero or Dondero-related entities" is not "generally known": as the Court admits, even the Court does not know the number of appeals that fall into this category, and it is the Court that is closest to the bankruptcy and related proceedings.  Nor is there any source that could "accurately and readily" convey this information in such a way that "cannot reasonably be questioned."  There is no readily ascertainable definition of "Dondero-related entities," and several entities have repeatedly disputed that they are "Dondero-related" or "Dondero-controlled," including in the very proceeding from which the Court purports to draw its judicial notice.  *See, e.g.*, *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P. et. al.*, Cause No. 3:21-cv-00881-x (N.D. Tex.), Dkt. 173 at p. 23.

Moreover, it is axiomatic that a court may not take judicial notice of argument contained in one party's brief, which is inherently untrustworthy and subject to dispute.  *See Eastbourne Arlington One, LP v. JPMorgan Chase Bank, N.A.*, 2011 WL 3165683, at * 2 (N.D. Tex. July 27, 2011) (while a court may take judicial notice of court records "to establish the fact of their having been filed," it may not take judicial notice of such records "to establish the facts asserted therein.").  In this case, the Court purports to take judicial notice of "information" contained in a reply brief filed by Highland.  That information appears in an argumentative section of Highland's brief titled "The Dondero Entities Are Individually and Collectively Vexatious," and the particular paragraph itself cites no evidence to support the assertion.  *See Highland Capital Mgmt., L.P. v. Highland Fund Advisors, L.P., et al.*, Case No. 3:21-cv-00881-x (N.D. Tex.), Dkt. 189 at p. 8 & ¶ 24.  There is nothing about the noticed information that comports with the requirements of Rule 201.

Finally, the Court took judicial notice without giving HCRE an opportunity to be heard on the "fact" to be noticed, which is required.  Under Rule 201, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial

18

notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Civ. P. 201(e). Had the Court given HCRE the opportunity to be heard, HCRE would have pointed out that the "information" is not reliable for the reasons stated above. In addition, HCRE would have taken issue with being lumped together with other "Dondero-related entities" that have filed appeals because HCRE *has had no involvement in the overwhelming majority of those appeals*, making the judicial notice (presumably offered up to bolster the Court's "bad faith" finding) particularly inappropriate in this contested matter.

The judicial notice was improper, and the Court should strike that notice from its Order.

## 2. The Court's Order Improperly Adopts Arguments Made for the First Time In Highland's Reply Brief

The Court's Order also should be revised because, as set forth above, it improperly adopts arguments made by Highland that HCRE never had an opportunity to address and should not have factored into the Court's conclusion that HCRE acted in "bad faith." *See* Section II.F, *supra* at pp. 11-13.

It is black-letter law that "the scope of the reply brief must be limited to addressing the arguments raised by the response. The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.'" *Staton Holdings, Inc. v. First Data Corp.*, No. 3:04-cv-2321-P, 2005 WL 2219249, at *4 n.1 (N.D. Tex. Sept. 9, 2005) (quoting *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996)). As a result, "[a] court need not consider late-filed evidence or new facts that are raised for the first time in a reply brief." *In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2022 WL 468065, at *4 (Bankr. N.D. Tex. Feb. 15, 2022) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990).

Highland's Reply Brief is replete with new argument not mentioned in the Bad Faith Motion. This is highly prejudicial to HCRE, which had no opportunity to address the new

arguments in the briefing before the Court despite requesting the opportunity to do so at the hearing on Highland's Bad Faith Motion. *See* Jan. 24, 2024 Hr'g Tr., Ex. D, at 69:12-16, 81:22-82:2. The prejudice is particularly acute where, as here, the movant's new arguments formed much of the basis for this Court's finding that various actions (not previously identified in the movant's opening brief) constituted "bad faith" meriting a multi-hundred-thousand-dollar sanction. The Court's wholesale adoption of Highland's arguments in its Order is proof positive that HCRE was prejudiced by Highland's tactics.

The Court's Order should be revised to account for this prejudice and to eliminate its reliance on the arguments raised by Highland for the first time in its Reply Brief.

## IV.    CONCLUSION

The Court's order sanctioning HCRE to the tune of more than $825,000 is severe and should be based on evidence that is "clear and convincing" and not mistaken or unfair. Unfortunately, the Court's order is premised on a core mistake of fact—that HCRE refused to withdraw its POC with prejudice and not contest Highland's equity interest in SE Multifamily. Contrary to the Court's conclusion, HCRE did agree to that relief. And other key parts of the Court's order are premised on flawed evidence or arguments that HCRE never had the opportunity to brief. The finding of "bad faith" and the sanction awarded under these circumstances are inappropriate. The Court should revisit its Order, correct the mistakes, and reissue an Order consistent with the record and the fairly made arguments of the parties. HCRE's Motion should be granted.

Dated: March 18, 2024                    Respectfully Submitted, .

                                         REICHMAN JORGENSEN LEHMAN &
                                         FELDBERG

*/s/ Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
aruhland@reichmanjorgensen.com
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102

HOGE & GAMEROS. L.L.P

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
bgameros@legaltexas.com
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
wcarvell@legaltexas.com
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002

*Attorneys for NexPoint Real Estate Partners*
*LLC (f/k/a HCRE Partners, LLC)*

21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 18, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.


/s/ *Amy L. Ruhland*
Amy L. Ruhland