# EXHIBIT D

```
                      IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE NORTHERN DISTRICT OF TEXAS
                                  DALLAS DIVISION

                                      )    Case No. 19-34054-sgj-11
In Re:                                )    Chapter 11
                                      )
HIGHLAND CAPITAL                      )    Dallas, Texas
MANAGEMENT, L.P.,                     )    January 24, 2024
                                      )    9:30 a.m. Docket
     Reorganized Debtor.              )
                                      )    - HIGHLAND'S MOTION FOR
                                      )      BAD FAITH FINDING [3851]
                                      )    - HIGHLAND'S MOTION TO STAY
                                      )      CONTESTED MATTER [4013]
                                      )

                          TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE STACEY G.C. JERNIGAN,
                      UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

For the Reorganized          John A. Morris
Debtor:                      PACHULSKI STANG ZIEHL & JONES, LLP
                             780 Third Avenue, 34th Floor
                             New York, NY  10017-2024
                             (212) 561-7760

For NexPoint Real Estate     Charles William "Bill" Gameros,
Partners, LLC:                 Jr.
                             HOGE & GAMEROS, LLP
                             6116 N. Central Expressway,
                               Suite 1400
                             Dallas, TX  75206
                             (214) 765-6002

For Hunter Mountain          Deborah Rose Deitsch-Perez
Investment Trust, The        Michael P. Aigen
Dugaboy Investment Trust:    STINSON, LLP
                             2200 Ross Avenue, Suite 2900
                             Dallas, TX  75201
                             (214) 560-2201

Recorded by:                 Michael F. Edmond, Sr.
                             UNITED STATES BANKRUPTCY COURT
                             1100 Commerce Street, 12th Floor
                             Dallas, TX  75242
                             (214) 753-2062
```

1  'but for' test in *Lopez* and the cases that it cites.
2       So, our conclusion, Your Honor. First, the reply doesn't
3  change anything. They don't give you any new authority or any
4  basis to award sanctions or bad faith analysis, if for no
5  other reason than the record is already closed. You've seen
6  this all before. And when asked repeatedly for a bad faith
7  finding, you didn't give it to them. No bad faith in the
8  filing of the claim.
9       The requested fees are reasonable and necessary. Your
10 Honor, so they flunk the *Johnson* factors. They fail the 'but
11 for' test.
12      Respectfully, Your Honor, their motion should be denied.
13 If it's not going to be denied, we would like an opportunity
14 to file supplemental briefing addressing the new authorities
15 in the reply brief. Your Honor, I don't think we need to go
16 there. I think you should deny it outright.
17      Subject to questions from the Court, that concludes my
18 presentation.
19           THE COURT: All right. A few follow-up questions.
20 In arguing about the size of the potential fees if I get to
21 bad faith, you've had a little bit of a theme of: It was just
22 a proof of claim, it was not difficult, and this was not some
23 "slapdash proof of claim." So you emphasize not reasonable
24 fees for addressing the proof of claim, and you also stress
25 can't find any authority where attorneys' fees have been

1  Morris argued.  I remember very well the evidence was that
2  Highland put in $49,000 to get its membership interest in SE
3  Multifamily Holdings, but I already heard that it was required
4  ultimately to be a cosigner on a $500 million loan from Key
5  Bank.  It provided resources, at least until some point during
6  the bankruptcy, to SE Multifamily.  And again, the tax benefit
7  of absorbing the income from the entity, which, again, it's
8  nothing to sneeze at here.
9      All of that I think was addressed pretty thoroughly in my
10 earlier opinion, but again, I'm going to go back and look at
11 it and the evidence and give you a thorough ruling one way or
12 another on the indicia of bad faith as well as the
13 reasonableness of fee-shifting.
14     All right.  It sounds like I'm going to see you on
15 February 14th, or some of you, and so I shall see you then.
16 We're adjourned.
17         THE CLERK:  All rise.
18         MR. GAMEROS:  Your Honor?
19         THE COURT:  I'm sorry?
20         MR. GAMEROS:  Your Honor?
21         THE COURT:  Yes.
22         MR. GAMEROS:  Yeah, I'm sorry.  I did ask, if you
23 weren't going to deny it outright, if I could file a brief
24 surreply.  Is that allowed?
25         THE COURT:  No.  I've got enough on briefing on this.

1  Thank you.

2          MR. GAMEROS:  All right.  Thank you.

3      (Proceedings concluded at 11:41 a.m.)

4                        --oOo--

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20                        CERTIFICATE

21     I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the
22 above-entitled matter.

23   **/s/ Kathy Rehling**                                **01/24/2024**

24 _____    _____
   Kathy Rehling, CETD-444                              Date
25 Certified Electronic Court Transcriber

83

```
                              INDEX

 1
      PROCEEDINGS                                                    3
 2
      WITNESSES
 3
      -none-
 4
      EXHIBITS
 5
      -none-
 6
      RULINGS
 7
      Highland's Motion to Stay Contested Matter (4013) -           36
 8    Granted
 9
      Highland's Motion for (A) Bad Faith Finding and (B)           78
10    Attorneys' Fees Against NexPoint Real Estate Partners,
      LLC (3851) - Taken Under Advisement
11
      END OF PROCEEDINGS                                            82
12
      INDEX                                                         83
13
```