PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

## HIGHLAND'S OPPOSITION TO
## MOTION FOR RELIEF FROM ORDER

Highland Capital Management, L.P., the reorganized debtor in this chapter 11 case ("**Highland**"), opposes the *Motion for Relief from Order* [Docket No. 4040] filed by NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC, "**HCRE**") (the "**Reconsideration Motion**").[1]

---

[1] This opposition is timely. *See Stipulation Regarding Briefing Schedule [Docket No. 4040]* [Docket No. 4046], dated April 2, 2024.

# I. PRELIMINARY STATEMENT

1. After admitting that, without any review whatsoever, it executed a proof of claim that **in bold print** warns claimants that a fraudulent claim could subject them to imprisonment or a large fine, or both, and after further admitting that its Proof of Claim lacked any legal or factual basis, HCRE audaciously mischaracterizes the evidence this Court considered, how it considered it, and how that evidence and HCRE's counsel's own statements led to the Court's ruling on Highland's Sanctions Motion.[2] Building on its own sophistry, HCRE then attempts to persuade this Court that it made "mistakes"—centrally, that the Court was "mistaken" in finding that HCRE refused to withdraw the Proof of Claim with prejudice and not contest Highland's equity interest in SE Multifamily.

2. The only mistakes are HCRE's.[3] Overwhelming evidence existed and was presented to support the Court's findings of bad faith against HCRE and for assessing attorney fees as compensation to the Highland estate. The Court elucidated those bases—most of which constituted this Court's findings of fact after an evidentiary hearing—in a 39-page, scrupulously-detailed Sanctions Order. That HCRE does not like the result or the consequences of its many ill-considered actions does not mean the Court was wrong or "mistaken." HCRE has not—and cannot—meet the high standard for reconsideration under Bankruptcy Rule 9024.

---

[2] Capitalized terms used but not defined in this opposition retain the meanings given to them in the *Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) In Connection with Proof of Claim #146* [Docket No. 4039] (the "**Sanctions Order**").

[3] Among them is HCRE's bizarre allegation that "Highland's attorney, John Morris" asserted a $500,000 claim against Highland. Reconsideration Motion at 3. Given the ubiquity of the name "John Morris" (and the disabling conflict his filing of a proof of claim would have created under Bankruptcy Rule 2014) one would have expected HCRE's counsel—especially Ms. Ruhland who, only weeks earlier, was forced to withdraw a major pleading in this case on Rule 11 grounds due to her abject failure to investigate the merits of salacious but false claims against Highland's counsel—to be concerned enough about preserving their reputation and credibility with this Court to have undertaken even one minute's worth of diligence. Had they done so, they would have quickly determined that the John Morris who filed the proof of claim is not the same John Morris who has served as Highland's lead litigation counsel in every adversary proceeding and nearly every contested matter since the Petition Date. It's not hard—and it's mandatory under Rule 11.

3. HCRE is using Rule 60(b)(1) improperly. That rule cannot be used to "correct" some alleged "mistake" in a court's findings of fact. Rule 60(b)(1) may only be invoked when the court has made an obvious error of law. HCRE does not even allege that kind of mistake here.

4. Instead, the Reconsideration Motion is a collateral attack on this Court's final, non-appealable order denying HCRE's motion to withdraw the Proof of Claim, all in the guise of a motion to reconsider a separate, collateral order (*i.e.*, the Sanctions Order). HCRE's improper collateral attack ignores at least these undisputed facts:

    a. Without justification or even explanation, HCRE filed its motion to withdraw the baseless Proof of Claim immediately *after* taking Highland's depositions but immediately *before* subjecting their witnesses to examination—one of the facts this Court considered when raising concerns about HCRE's abuse of the judicial process;

    b. The Court ended the hearing on HCRE's motion to withdraw its proof of claim (the "**Withdrawal Hearing**") by affirming that, notwithstanding the Court's stated concerns about HCRE's conduct, it was still open to signing a mutually acceptable order that would have fully resolved the bad faith litigation,[4] yet HCRE never tendered a proposed order;[5]

---

[4] *See* Docket No. 3767 at 10–11 n.36: "In announcing its ruling from the bench, the court noted its concerns regarding the integrity of the bankruptcy system and claims process if it allowed HCRE to withdraw its Proof of Claim after two and a half years of litigation, causing the Debtor to spend hundreds of thousands of dollars litigating its Objection to a proof of claim  The court expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties 'without the pressure of the Court hovering over you.'"

[5] It is indisputable that in its Motion to Withdraw, HCRE expressly sought to preserve its claims for another day. Docket No. 3443 at 5 and n.8. Moreover, HCRE violated Local Rule 7007-1(c) (made applicable to contested matters under Local Rule 9013-1(a)) by not including a proposed form of order with the Motion to Withdraw. Had HCRE included such a proposed form of order as required, it could have eliminated any doubt that HCRE intended

      c.      The primary basis for the Reconsideration Motion—that the Court could not find "bad faith" because HCRE offered to withdraw the Proof of Claim—is legally irrelevant because the Court denied the Motion to Withdraw only after making extensive factual findings that HCRE failed to meet *any* of the five *Manchester* factors;[6]

      d.      Validating the Court's concerns about "gamesmanship" during the Withdrawal Hearing, and contrary to the snippets of argument HCRE quotes in the Reconsideration Motion, HCRE's counsel clearly and unambiguously once again tried to preserve HCRE's baseless claims for another day during closing arguments at the November 1, 2022 hearing on Highland's objection to the Proof of Claim (the "**POC Hearing**").[7]

5.      But none of it ultimately matters. HCRE cannot convince this Court of something the Court already knows to be false—the argument that HCRE's willingness to withdraw the Proof of Claim in September 2022 was the sole (or even primary) ground for the Court's bad faith findings. It wasn't. And the Court said so clearly in the Sanctions Order, citing numerous factual bases to find that HCRE's filing and prosecution of the Proof of Claim was in bad faith, irrespective of what occurred during the Withdrawal Hearing. HCRE's last-minute attempt to withdraw the Proof of Claim was relevant only to whether HCRE and Mr. Dondero would be

---

to withdraw the claim *with* prejudice and without condition. Indeed, HCRE failed to include the words "with prejudice" in its original motion, and its reply and failed to accept the Court's invitation to proffer a clean, unconditional proposed form of order following the Withdrawal Hearing. These are HCRE's "mistakes" and no one else's.

[6] *See* Transcript from Withdrawal Hearing, Docket No. 3519 at 50:14-55:21.

[7] *See Transcript of the Hearing on Debtor's Objection to HCRE's Proof of Claim,* November 1, 2022, Docket No. 3852-5 at 180:17–24 (HCRE counsel's closing argument): "They want you to make findings that we can't raise any of these other issues, recissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."

forced to sit for depositions and whether there would be a hearing on the merits, *not* whether HCRE had previously engaged in bad faith conduct during the preceding two and a half years.

6. The Reconsideration Motion is disingenuous and meritless and should be denied.

## II. APPLICABLE STANDARD

7. HCRE's Reconsideration Motion omits even a cursory discussion of the applicable standard for reconsideration or relief from an order under Bankruptcy Rule 9024. That Rule incorporates Federal Rule of Civil Procedure 60 ("**Rule 60**") and provides that the court may relieve a party from an order for, among other things, "mistake." But the Fifth Circuit has emphasized that Rule 60(b)(1)

> may be invoked for the correction of judicial error, but **only** to rectify an **obvious error of law**, apparent on the record. Thus, it may be employed when the judgment **obviously** conflicts with a clear statutory mandate or when the judicial error involves a **fundamental misconception of the law**.[8]

This Court has noted that courts characterize "the standard under Rule 60(b)(1) as a 'nearly insurmountable hurdle.' *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994)."[9] In *Spears,* the only "mistake" alleged was a litigant's mistake, not the court's and, critically, **not an "obvious error of law."**[10]

8. Here, HCRE does not allege that the Court committed an "obvious error of law" or that the "mistake" involved a legal question at all, much less a "fundamental misconception of the law." Instead, HCRE simply quibbles with how the Court characterized the tortuous exchange between the Court and HCRE's counsel at the Withdrawal Hearing, ultimately and

---

[8] *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987), quoted in *In re Afamia, Inc.*, 2007 Bankr. LEXIS 2329 *8–9 (Bankr. N.D. Tex. July 16, 2007) (emphasis added).

[9] *In re Spears*, 352 B.R. 79, 82 (Bankr. N.D. Tex. 2006).

[10] For example, Rule 60(b)(1) was properly used to vacate a discharge order in *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1196 (10th Cir. 2003), because the bankruptcy court had mistakenly disregarded the legal effect of Bankruptcy Code § 1328(e).

falsely accusing the Court of having committed a "mistake" (for Rule 60(b)(1) purposes) of **fact**, not law.[11]

9. Even if the Court had explicitly found that HCRE had refused to withdraw the Proof of Claim with prejudice that day—of course, the Court made no such finding of fact—that would have been a "mistake" of fact, not of law. Alleged mistakes of fact are redressed by ordinary appeal—something HCRE has simultaneously begun—not by a Rule 60 motion. And HCRE cites no case discussing Rule 60, let alone one standing for the proposition that Rule 60(b)(1) can be used to "correct" a factual finding the moving party believes is wrong.

10. The Reconsideration Motion is also improper for another reason: it is composed mostly of arguments HCRE never made in its objection to Highland's motion for sanctions.[12] Even if the Reconsideration Motion were not really a collateral attack on the Court's final, non-appealable order denying HCRE's cynical Motion to Withdraw, HCRE still would not be entitled to raise new arguments for the first time in the Reconsideration Motion. It is improper.[13]

---

[11] Nothing in the Reconsideration Motion indicates that HCRE is basing its request for relief on Rule 60(a), which can only be used to correct a clerical oversight or omission. What HCRE alleges here is that the Court made a mistake in weighing evidence and finding facts. That's not a clerical oversight.

[12] HCRE's *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* [Docket No. 3995] set forth three objections to the Sanctions Motion: (a) "NREP Had a Good Faith Basis to File Proof of Claim No. 146" (*id*. ¶¶15-25); (b) "NREP's Proof of Claim Sought to Reallocate Equity Holdings" (*id*. ¶¶ 26-32); and (c) "The Debtor's Fee Demand is Excessive" (*id*. ¶¶33-45). HCRE referenced the Motion to Withdraw only as part of its recitation of background facts and made no argument based on anything that occurred during the Withdrawal Hearing. *Id*. ¶9.

[13] "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb,* 419 F.3d 405, 412 n. 13 (5th Cir. 2005). *See also Encompass Office Solutions, Inc. v. La. Health Serv. & Indem. Co.*, 2017 U.S. Dist. LEXIS 206064, at *14 (N.D. Tex. 2017) ("introducing new arguments is improper in a motion for reconsideration"). This is a critical point. Based on the high legal standard and the underlying facts, HCRE must know the Reconsideration Motion is very likely to be denied. The only plausible explanation for filing the Motion (with new counsel, Ms. Ruhland) is that HCRE is attempting to raise new arguments for appellate review. Highland respectfully requests that the Court specifically address this issue in any order determining the Reconsideration Motion.

### III. BAD FAITH BASED ON FACTS OTHER THAN TERMS OF WITHDRAWAL

11. Ultimately, it does not matter. This Court did not base its findings of bad faith or its imposition of compensatory sanctions on the peculiar colloquy between HCRE's counsel and the Court at the Withdrawal Hearing.

12. This Court could not have been clearer in its Sanctions Order about what it *did* rely on to find that HCRE had engaged in bad faith conduct for two and a half years. The Sanctions Order specifies that "HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim." [Sanctions Order at 4]. The Court makes no mention of what was or was not said at the Withdrawal Hearing about the terms of the Proof of Claim's withdrawal, yet HCRE bases its entire Reconsideration Motion on that insignificant epilogue to years of needless litigation. Instead, citing "overwhelming" evidence adduced at the Trial, this Court cited a litany of misdeeds, none of which concerned the back-and-forth at the Withdrawal Hearing:

- Mr. Dondero signed the Proof of Claim, which "was not in a liquidated amount and was somewhat ambiguous." [Sanctions Order at 2].

- HCRE assured the Court "that it would update the Proof of Claim to provide the exact amount of it 'in the next ninety days' but never did." [*Id.*]

- HCRE hired conflicted counsel, Wick Phillips, to represent it, then "vigorously fought the disqualification of Wick Phillips … initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with" the Disqualification Order. [*Id.* at 16].

- HCRE made "an eleventh-hour attempt … to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits." [*Id.* at 3].

- "HCRE was unwilling to withdraw the Proof of Claim *with prejudice* to asserting its claims again in any future litigation in any forum." [*Id.*, emphasis in original].[14]

- Mr. Dondero executed and authorized "the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence" despite "acknowledging that 'I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct' and that 'I declare under penalty of perjury that the foregoing is true and correct.' **The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it … which supports a finding that Donder's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.**" [Sanctions Order at 11–12, bold emphasis added].

- Mr. Dondero failed to conduct any diligence or uncover any basis to believe the Proof of Claim was truthful or grounded in facts.

- Mr. Dondero, Mr. McGraner and BH Equities, LLC all acknowledged that the SE Multifamily LLC agreement accurately reflected the parties' intent at the time it was signed, thereby rendering HCRE's claims for reformation and recission meritless. [Docket No. 3852-5 at 53:25–54:23, 93:24–94:20, 95:3–103:20, 105:11-107:22; Docket No. 3590, Ex. 3 at 45:20-48:14; 49-5-51:7; 52:4-53:4; 54:4-19; 55:12-19].

- "HCRE's *litigation strategy and actions* taken in the course of prosecuting its Proof of Claim over the next two and half years, after filing it, *provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process.*" [Sanctions Order at 14, emphasis in original].

- "[J]ust two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of … Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim … the timing of it all—just two business days *after* completing Highland's depositions but two business days *before* the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE …." [*Id.* at 17, emphasis in original].

- "HCRE's *litigation strategy and actions* in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the

---

[14] The Court had previously instructed the parties to work out an order providing for the withdrawal of the Proof of Claim "with prejudice." Given several opportunities for HCRE to put in writing its withdrawal with prejudice, HCRE never did.

- Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process …. [*Id.* at 19–20, emphasis in original].

- Noting that, at Trial, HCRE "did not produce any evidence, much less clear and convincing evidence" of a "mistake" or "lack of consideration," HCRE "doubled-down on its request of the court 'to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contributions[s].' This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request." [*Id.* at 20–21].

13. All of this and more[15]—entirely ignored in the Reconsideration Motion—comprises the tapestry of transgressions that this Court found constituted bad faith and a willful abuse of the judicial process. None of it depends on HCRE's efforts to wiggle itself off the hook at the Withdrawal Hearing after literally years of games-playing and after several hundred thousand dollars in unnecessary fees being charged to Highland's creditors. Again, the sole significance of HCRE's tap dance about withdrawing the Proof of Claim was whether HCRE and Mr. Dondero were going to have to sit for sworn depositions and, ultimately, participate in a Trial that merely *proved* the acts and omissions that had already constituted bad faith.[16] Had HCRE and Mr. Dondero given the Court the unequivocal commitments the Court sought, they may have avoided the depositions and the Trial, but HCRE would not have avoided a bad faith finding or the assessment of Highland's legal fees as a remedial sanction. The conduct giving

---

[15] Highland's opposition to HCRE's motion to withdraw [Docket No. 3487] demonstrated how highly prejudicial withdrawal under those circumstances would have been in all events, how Highland offered terms for withdrawal that would mitigate that prejudice but that HCRE ignored, and how HCRE made no attempt to meet the *Manchester* factors.

[16] HCRE characterizes that subsequent Trial as a "hearing it did not want and sought to avoid …." But if HCRE really wanted to avoid a trial and was really prepared to abandon not just its Proof of Claim but the theories upon which it was based (*e.g.*, reformation and recission), HCRE would have (a) filed its motion to withdraw *before* taking Highland's depositions, (b) complied with Local Rule 7007-1(c) and submitted a proposed form of order withdrawing its Proof of Claim with prejudice, (c) filed pleadings that stated it intended to withdraw its Proof of Claim with prejudice, (d) accepted the Court's offer and tendered a proposed form of order withdrawing its Proof of Claim with prejudice, and (e) directed its counsel *not* to argue that the Court should disallow the Proof of Claim but leave HCRE's claims for recission and reformation alone.

rise to that finding and that remedy was already a *fait accompli* before the POC Hearing was ever called to order.

14. Even if HCRE were right that the Court was "mistaken" at the Withdrawal Hearing in not fully crediting HCRE's offer to withdraw the Proof of Claim with prejudice—it's not—that "mistake" would be insignificant in the face of evidentiarily proven bad faith conduct and abuse of process occurring over the course of two and half years that cost Highland's creditors more than a million dollars in unnecessary fees.[17]

15. The Reconsideration Motion says nothing about the Court being "mistaken" when it found that HCRE signed the Proof of Claim under penalty of perjury without even reading it, much less investigating its merits. The Reconsideration Motion says nothing about the Court being "mistaken" when it found that, for two and a half years, HCRE prosecuted the meritless Proof of Claim in bad faith or petulantly opposed Wick Phillips' disqualification or refused to give up its claims for reformation or recission despite no factual or legal basis for those claims, or the cynical attempt to withdraw the Proof of Claim after forcing Highland's deposition but just before Messrs. Dondero and McGraner would have to sit for depositions. The Reconsideration Motion is silent about the Court's conclusions regarding the bringing and prosecuting of meritless claims, years of contumacious litigation, the games, lack of circumspection, and dishonesty.

16. How seriously the Court chose to take the colloquy HCRE quotes so extensively in its Reconsideration Motion has nothing to do with the unchallenged body of evidence supporting the Court's finding of bad faith. There's nothing to "reconsider."

---

[17] Highland incurred but did not seek, and was not awarded, fees in connection with disqualifying HCRE's conflicted counsel.

## IV. THERE ARE NO "OTHER PROBLEMS"

17. The Reconsideration Motion attempts to make much of the Court's noting of the dozens of appeals the Dondero entities have taken in this case over the last three years. HCRE implies that the Court's taking note of the Dondero entities' vexatiousness was used "to bolster the Court's 'bad faith' finding." But no honest reading of the Sanctions Order would lead anyone to believe that the Court's noting of the number of Dondero appeals informed the Court's finding of bad faith. The Court took note of the appeals in a footnote and then never mentioned them again in the Sanctions Order.

18. The Court also did not "adopt" arguments made for the first time in Highland's reply brief in support of its motion seeking sanctions (the "**Reply**"). Highland merely directed the Court's attention to evidence HCRE itself already put into the record. The Court did not even base its Sanctions Order on HCRE's oral testimony at the Trial. Rather, it was Mr. McGraner's testimony at a previous hearing that formed a part of the basis for the Court's finding of bad faith. It's difficult even to understand what HCRE's concern is when it argues that the Court should not have adopted arguments made in Highland's reply brief [Reconsideration Motion at 20–21]. No matter what their intent, HCRE does not even bother to ask the Court to vacate its bad faith findings or give HCRE relief from the Sanctions Order on that basis.

19. And, of course, HCRE never raised any objection to (or even mentioned) purportedly "new arguments" or "new evidence" included in Highland's Reply. The time to raise an objection was when the Reply was filed on January 19, 2024, some four months ago. HCRE did not. This Court should not consider HCRE's now-waived objections.

## V. CONCLUSION

20. The Reconsideration Motion improperly invokes Rule 60 in a vain attempt to get the Court to see the facts differently from the way HCRE sees them. That is not what Rule 60 does. Regardless, the Court did not commit a "mistake" of fact any more than it committed a "mistake" of law. HCRE is not entitled to relief from the Sanctions Order and should be left to pursue its already-filed umpteenth appeal in the District Court. The Court should deny the Reconsideration Motion.

Dated: April 22, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:	jpomerantz@pszjlaw.com
	jmorris@pszjlaw.com
	gdemo@pszjlaw.com
	jkroop@pszjlaw.com
	hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*