Amy L. Ruhland
Texas Bar No. 24043561
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr.
Texas Bar No. 00796956
Douglas Wade Carvell
Texas Bar No. 00796316
**HOGE & GAMEROS. L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
        wcarvell@legaltexas.com

*Attorneys for NexPoint Real Estate Partners
LLC (f/k/a HCRE Partners, LLC)*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case N. 19-34054 (SGJ) |
| Debtor. | |

### REPLY IN SUPPORT OF MOTION FOR RELIEF FROM ORDER

## I.    INTRODUCTION

Highland's Opposition to Motion for Relief From Order ("Opposition") is rife with inaccuracies, irrelevant arguments, and misstatements of law.[1]  More importantly, it ignores (or fails to rebut) critical facts of record and legal argument set forth in HCRE's Motion.  Stripped of all its vitriol, accusations, and aspersions, Highland's Opposition offers very little in the way of a meaningful response to HCRE's Motion.  The Motion should be granted.

## II.    HIGHLAND'S OPPOSITION ARGUMENTS PROVIDE NO LEGITIMATE BASIS TO DENY THE RELIEF SOUGHT IN HCRE'S MOTION

Highland makes four core arguments in its Opposition, each of which is wrong or irrelevant, and many of which rely on mischaracterizations of the record and the facts.  None of these arguments merit a denial of HCRE's Motion.

### A.    HCRE's Motion Directly and Clearly Seeks Relief from the Bankruptcy Court's "Bad Faith" Order and Is Not a Collateral Attack

Highland initially bizarrely suggests that HCRE's Motion is an improper "collateral attack" on the Bankruptcy Court's Order Denying Motion to Withdraw Proof of Claim as Moot (the "Withdrawal Order"), Opposition at ¶¶ 3-4.  It is unclear how that could be so, when the entirety of HCRE's legal argument is devoted to explaining why the Bankruptcy Court's "bad faith" Order contained critical mistakes that should be corrected.  Indeed, the only reference to the Withdrawal Order in HCRE's 20-page brief is a "*see also*" cite on page 10, where HCRE merely mentioned, as a matter of background, that the "Court issued an order denying HCRE's Motion to Withdraw 'for the reasons set forth in the record.'"  Motion at 10.

To the extent Highland perceives HCRE's Motion as a "collateral attack" on the

---

[1] For example, in the very first sentence of its Opposition, Highland argues that HCRE "admitt[ed] that, without any review whatsoever, it executed a proof of claim," and also "admitt[ed] that is Proof of Claim lacked any factual or legal basis," but these are allegations that HCRE has repeatedly and consistently *disputed*.  *See, e.g.*, Motion at 2-3 & n.1; Dkt. 3995 at 5-9.

1

Withdrawal Order, that may be because the Court's "bad faith" Order relies heavily on statements made at the hearing on HCRE's motion to withdraw its POC. As HCRE's Motion explains, the Court's iteration in the "bad faith" Order of what happened at the withdrawal hearing is wrong, which is precisely why HCRE's Motion was necessary. There is nothing improper about HCRE's referencing the very evidence the Bankruptcy Court relied upon in making its decision to sanction HCRE, and Highland's suggestion to the contrary misses the point.[2]

Highland also implies that HCRE's arguments about its willingness to withdraw its POC with prejudice are disingenuous because HCRE allegedly "never tendered a proposed order" and "failed to accept the Court's invitation to proffer a clean, unconditional proposed form of order following the Withdrawal Hearing." Opposition at ¶ 4(b) & n.5. Both of these contentions, while irrelevant to the relief sought in HCRE's Motion, are also highly misleading. At the withdrawal hearing, the Court invited *the parties* to attempt to agree on a proposed order that resolved Highland's objections to withdrawal of HCRE's POC. *See* Sept. 12, 2022 Hr'g Tr., Ex. C, at 32:22-33:4. Immediately after the hearing, counsel for HCRE attempted to confer with counsel for Highland to do just that. In response, Highland's counsel made a counteroffer containing a variety of additional, overreaching demands that went well beyond the type of order the Court invited the parties to propose. *See* Email from John Morris to Bill Gameros, Ex. E. HCRE could not agree to these additional demands, and the parties reached an impasse. That is why HCRE never filed a proposed order with the Court. Highland's statements that HCRE never attempted to reach an agreed, proposed order with Highland are false.

---

[2] Despite criticizing HRCE's invocation of the events that transpired at the withdrawal hearing, Highland devotes much of its brief to rearguing its positions taken in response to the motion to withdraw (*see, e.g.*, Opposition at ¶¶ 4(a)-(c), 5, 12, 13), all of which are irrelevant to whether the Court should reconsider its separate "bad faith" finding and sanctions order for the reasons set forth in HCRE's Motion.

**B.      Highland HCRE's Motion Properly Invokes Bankruptcy Rule 9024**

Highland next argues that HCRE's Motion "omits even a cursory discussion of the applicable standard for reconsideration or relief from an order under Bankruptcy Rule 9024" and also gets the standard wrong (which is an odd argument to make if HCRE really did omit "even a cursory discussion" of the applicable standard). Opposition at ¶ 7. Again, Highland is wrong.

The very first sentence of the legal argument section in HCRE's Motion invokes the legal standard to be applied to motions for relief from an order under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. *See* Motion at 13. As HCRE explained, the Court "may relieve a party from an order on one of several grounds, including because the Court made a 'mistake' or for 'any other reason that justifies relief.'" *Id.* (quoting Fed. R. Civ. Proc. 60(b)(1), (6)). In other words, HCRE's Motion does contain an iteration of the applicable standard under Rule 9024, which Highland just ignores.

Highland's argument that HCRE misapplies the Rule 60(b)(1) standard is also wrong. According to Highland, the "mistake" referenced in Rule 60(b)(1) only refers to an "obvious error of law" and not the type of mistake of fact discussed in HCRE's Motion. Opposition at ¶¶ 7-8. To support this proposition, Highland cites a Fifth Circuit opinion, *Hill v. McDermott, Inc.*, 827 F.2d 1040 (5th Cir. 1987). There are two problems with Highland's reliance on *Hill*: the case is entirely inapposite, and the Supreme Court of the United States has rejected *Hill*'s core holding.

In *Hill*, an injured seaman filed a lawsuit under the Jones Act against the vessel owner, seeking damages for his injury. *Id.* at 1041. The vessel owner moved to dismiss the lawsuit, arguing that the plaintiff was not a citizen or permanent resident of the United States with a right to file suit under the Jones Act. *Id.* The court agreed but gave the plaintiff an opportunity to clarify whether his claim was covered by other maritime law and to assert new claims. *Id.* at 1042. The

3

plaintiff did neither, and the court dismissed the lawsuit. *Id.* Thereafter, rather than filing an

appeal, the plaintiff hired new counsel to file a motion for relief from order under Rule 60(b), nine

months after the time for appeal had passed. *Id.* The motion argued simply that the court erred in

dismissing the claim, rather than arguing that there was any change in circumstance or any aspect

of the district court's ruling was wrong. *Id.* The district court denied the motion. *Id.* In addressing

the narrow question of whether a Rule 60(b)(1) motion could be used to upend a legal ruling after

the time for appeal has passed, the Fifth Circuit emphasized that Rule 60(b) was not designed to

rectify the failure to file a timely appeal. *Id.* at 1042-43. Instead, in the context of a litigant

claiming judicial error outside of the time to appeal, the error must be "an obvious error of law,

apparent on the record." *Id.* at 1043. In other words, in *Hill*, the Fifth Circuit was not asked, and

did not decide, whether an obvious mistake of fact is the type of error that could be rectified by a

Rule 60(b) motion filed within the time for appeal. *Hill* does not preclude the relief HCRE seeks.

More importantly, the Supreme Court's opinion in *Kent v. United States* precludes the

position Highland takes. In that case, the Court rejected the appellant's contention that the term

"mistake" in Rule 60(b)(1) "encompasses only so-called 'obvious' legal errors." 596 U.S. 528,

535-36 (2022). The Court further clarified that "in its legal usage, 'mistake' includes errors 'of

law or fact.'" *Id.* 534 (quoting Black's Law Dictionary 1195 (3d ed. 1933)). As the Court

explained:

> Had the drafters of Rule 60(b)(1) intended a narrower meaning, they "easily could
> have drafted language to that effect." The difference between "mistake of fact" and
> "mistake of law" was well known at the time. Both lay and legal dictionaries
> identified them as distinct categories. Thus, Rule 60(b)(1)'s drafters had at their
> disposal readily available language that could have connoted a narrower
> understanding of "mistake." Yet they chose to include "mistake" unqualified.

*Id.* (internal citations omitted). And as the Fifth Circuit has repeatedly held, "the rule should be

liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396,

4

401 (5th Cir. 1981) (citing *Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n*, 507

F.2d 227, 228-29 (5th Cir. 1975); *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965);

*In re Casco Chem. Co.*, 335 F.2d 645, 651 n.18 (5th Cir. 1964); *Serio v. Badger Mutual Ins. Co.*,

266 F.2d 418, 421 (5th Cir.), *cert. denied*, 361 U.S. 832, 80 S. Ct. 81, 4 L.Ed.2d 73 (1959)).

Highland's argument about the scope of Rule 60(b)(1) is wrong.[3]

Finally, Highland suggests that HCRE's Motion is improper because it raises arguments

never made in response to Highland's motion for sanctions.  Opposition at ¶ 10.  This argument

makes no sense.  Highland obviously could not have raised an argument about factual errors made

in the Bankruptcy Court's "bad faith" Order before the Court issued the Order.  Nor could HCRE

have anticipated what the Order would say at the time HCRE filed its objection to Highland's

sanctions motion.  If Highland means to suggest that HCRE needed to reiterate its willingness to

withdraw its POC with prejudice as part of its response to Highland's sanctions motion, that too

makes no sense.  Highland's sanctions motion contained only two legal arguments: (1) that

HCRE's POC was *filed* in bad faith; and (2) that an award of attorneys' fees and costs was an

appropriate sanction.  Motion at 11.  As a result, HCRE had no reason to argue about whether its

attempted withdrawal of the POC was in bad faith, because that was not a basis for the relief

Highland sought.  If anything, HCRE's failure to raise that issue was a problem of Highland's

making.[4]

---

[3] Further, Highland just ignores that HCRE sought relief under *both* Rule 60(b)(1) and Rule 60(b)(6).  The Northern District of Texas has previously granted relief from orders under Rule 60(b)(6) based on equitable factors, even where the Court found relief could not be awarded under Rule 60(b)(1).  *See, e.g.*, *Hartline Dacus Barger Dreyer LLP v. Hoist Liftruck Mfg., Inc.*, 2017 WL 394526, at *2 (N.D. Tex. Jan. 6, 2017), report and recommendation adopted sub nom., *Hartline Dacus Barger Dreyer LLP v. Hoist Liftruck Mfg., Inc.*, 2017 WL 366372 (N.D. Tex. Jan. 25, 2017).

[4] As HCRE's Motion also explains, Highland argued for the first time in its reply brief on the motion for sanctions that HCRE did not just *file* the POC in bad faith, it *tried to preserve* the claim in bad faith.  *See* Motion at 12; *see also* Highland Reply Brief, Dkt. 4023, at ¶ 2.  Because Highland waited until its reply to raise this argument, HCRE had no opportunity to respond to it.

5

In short, HCRE properly invoked Rule 60(b) in its Motion, and Highland's arguments to the contrary are baseless.

### C.    Highland's Arguments About the Court's Reasoning Are Wrong and Irrelevant

Highland next argues that the Bankruptcy Court did not base its bad faith finding on "the peculiar colloquy between HCRE's counsel and the Court at the withdrawal hearing" but instead based that finding on a "litany" of other misdeeds.  Opposition at ¶¶ 11-12.  The "peculiar colloquy" that Highland references is a lengthy discussion on the record involving not just HCRE's counsel and the Court, but Highland's counsel, an in-house lawyer representing HCRE, and Mr. Dondero.  *See* Motion at 7-9.  The discussion occurred at the insistence of the Court and Highland's counsel, who both repeatedly demanded that HCRE withdraw its POC "with prejudice."[5]

In any event, Highland's suggestion that the Court *did not* base its finding of bad faith on HCRE's supposed refusal at the withdrawal hearing to withdraw its POC "with prejudice" ignores the record and the Court's Order.  Indeed, Highland admits (as it must) that the Court's finding of bad faith (and its resulting sanction) *was* based, at least in part, on the Court's erroneous conclusion that "HCRE was unwilling to withdraw the Proof of Claim ***with prejudice*** to asserting its claims again in any future litigation in any forum."  Order at (emphasis in original) (cited in Highland's Opposition at ¶ 12, p. 8).  And this erroneous conclusion must have formed a core basis for the Court's sanctions order, because more than $375,000 of the $809,000 sanction was incurred *after* HCRE supposedly refused (in bad faith) to withdraw its claim with prejudice.  To argue that this was not an important aspect of the Court's opinion is disingenuous at best.[6]

---

[5] As HCRE pointed out in its Motion, this demand made little sense.  The Federal Rules of Bankruptcy Procedure do not require that a party seeking to withdraw a proof of claim do so "with prejudice," and not even the Court's order rejecting HCRE's proof of claim contains this language.  *See* Motion at 16; Fed. R. Bankr. P. 3006.

[6] Notably, Highland also fails to address HCRE's argument that the Court's mistaken conclusion that HCRE refused

Finally, Highland criticizes HCRE for "entirely ignor[ing]" the other aspects of the Court's Order supporting its bad faith finding, but again Highland misapprehends the purpose of HCRE's Motion. To be sure, HCRE disagrees with much of the Court's Order, including the various factual findings supporting the Court's "bad faith" ruling. But those are issues for another day: HCRE filed a notice of appeal of the Court's Order, and HCRE will challenge the factual findings and conclusions mentioned by Highland at the appropriate time in the District Court. As a result, HCRE's Motion is not focused on those issues; instead, it is focused on the significant error the Court made in concluding that HCRE refused to withdraw its claim with prejudice at the withdrawal hearing (which was the core basis for the Court's conclusion that HCRE continued to pursue its POC in bad faith and that Highland continued to incur fees fighting the POC). That conclusion radically increased the sanction awarded—Highland spent another $375,000 fighting the POC after the withdrawal hearing.[7] Highland may wish to focus on what other aspects of the Court's ruling, but those are not at issue at this point. The majority of Highland's arguments are thus irrelevant.

### D. Highland's Opposition Largely Ignores (or Fails to Meaningfully Defend) the Other Problems with the Court's Order

Finally, Highland does little to dispute the other issues raised in HCRE's Motion. Highland does not dispute the legal arguments made by HCRE about why the Court should not have taken judicial notice of a statement contained in an unrelated legal brief filed by Highland in another court. *See* Motion at 17-19 (explaining why judicial notice was inappropriate and citing the Federal Rules of Evidence and case law). Instead, Highland takes issue with HCRE's argument

---

to withdraw its POC "with prejudice" also infects (and renders erroneous) the Court's conclusion that "but for" Highland's refusal to withdraw the POC with prejudice, Highland would not have continued to incur fees and costs fighting the POC. *See* Motion at 15-16 (citing Order at 27).

[7] As a result, the error is by no means "insignificant," as Highland alternatively suggests. See Opposition at ¶ 14.

that the reason the Court took judicial notice was to bolster the Court's bad faith finding. Opposition at ¶ 17.  If, as Highland contends, the judicial notice has nothing to do with the Court's conclusion that HCRE acted in bad faith, then Highland should not have any issue with the Court's retraction of the improper judicial notice.  In any event, Highland provides no answer to HCRE's arguments about why judicial notice was improper, and the Court should grant this aspect of HCRE's Motion.

Highland next argues that the Court did not improperly adopt arguments made for the first time in Highland's reply brief, but Highland again fails to directly address the arguments made by HCRE.  HCRE argued in its Motion that Highland raised several arguments for the first time in its reply brief—including (1) that HCRE acted in bad faith because it fought Highland's efforts to disqualify Wick Phillips and (2) that HCRE acted in bad faith because it continued *to pursue* its POC in bad faith.  Motion at 19-20.  Highland does not dispute that these arguments appeared for the first time in its reply brief or that HCRE did not have an opportunity to address these arguments. Instead, Highland contends that it does not matter because Highland's reply brief merely pointed to evidence that HCRE put into the record at trial, and the Court relied on different evidence in concluding that HCRE acted in bad faith.  These arguments are meritless.

First, it does not matter than HCRE may have introduced some piece of evidence at the trial on HCRE's POC.[8]  In filing a motion for sanctions after trial, it was Highland's burden as movant to marshal the evidence and arguments it was relying upon in seeking the relief at issue in the motion.  That is precisely why, as HCRE pointed out in its Motion, "'[a] court need not consider late-filed evidence or new facts that are raised for the first time in a reply brief.'"  Motion at 19

---

[8] Highland's argument lacks any citation to the supposed evidence introduced by HCRE, so there is no way to verify whether this is in fact the case.

(quoting *In re Reagor-Dykes Motors, LP*, 2022 WL 468065, at *4 (Bankr. N.D. Tex. Feb. 15, 2022)).  Highland ignores this principle.

Second, Highland's contention that the Court did not rely on arguments and evidence raised for the first time in Highland's reply brief is demonstrably false.  In its Opposition, Highland itself argues that the "Court *did* rely on" a "litany" of facts to support its bad faith finding, including that "HCRE hired conflicted counsel, Wick Phillips, to represent it, then 'vigorously fought the disqualification of Wick Phillips . . . initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion with' the Disqualification Order."  Opposition at ¶ 12, p. 7 (quoting Order at 2).  Notably, as HCRE explained in its Motion, HCRE threatened a motion to strike because this argument was raised by Highland for the first time in its reply brief.  Motion at 13.  As a result, Highland agreed to file an amended reply brief that excluded the argument.  *Id.* (citing Amended Reply, Dkt. 4023, at ¶¶ 11-14).  Yet the argument still featured prominently in the Court's Order, and incredibly, Highland now doubles down on it as a basis to deny HCRE's Motion.  HCRE had no opportunity to address this argument in the context of Highland's motion for sanctions, and the Court's (and Highland's) reliance on it is inappropriate and inequitable.

For all the same reasons, Highland is flatly wrong that the Court did not rely on Highland's argument—also raised for the first time in reply—that HCRE acted in bad faith by *continuing to pursue* its POC.  Again, Highland's own arguments belie this contention.  Among the "litany" of supposed facts that Highland says the Court relied on it issuing its Order is the following: "'HCRE's ***litigation strategy and actions*** in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in

connection with the Motion to Withdraw) demonstrates bad faith and willful abuse of the judicial process . . . .'" Opposition at ¶ 12, pp. 8-9 (quoting Order at 19-20). In other words, Highland admits that the Court relied, at least in part, on arguments made by Highland for the first time in its reply brief, which is impermissible.[9]

Highland also argues that "HCRE never raised any objection to (or even mentioned) purportedly 'new arguments' or 'new evidence' included in Highland's Reply." Opposition at ¶ 19. That too is false. As set forth in the Motion and above, after receiving the reply brief, HCRE immediately raised these issues with Highland's counsel and threatened to file a motion to strike or for leave to file a sur-reply. Motion at 13; *see also* Email exchange between Bill Gameros and John Morris, Ex. F. As a result of this exchange, Highland agreed to remove the arguments regarding Wick Phillips but refused to remove the new argument related to HCRE's alleged bad faith pursuit of its POC. As a result, at the close of the hearing on Highland's sanctions motion, counsel for HCRE sought leave to file additional briefing. *See* Motion at 20 (citing Jan. 24, 2020 Hr'g Tr., Ex. D, at 69:12-16, 81:22-82:2). The Court rejected HCRE's request. As a result, Highland's specious argument that HCRE somehow "waived" its objections is wrong.

## III.    CONCLUSION

Highland's Opposition proffers no legitimate basis for the Court to deny HCRE's Motion. Highland does not dispute that HCRE and its counsel repeatedly offered to withdraw the POC "with prejudice," that the Court's Order concluding otherwise was wrong, or that the Court took improper judicial notice of legal argument and relied on evidence and argument raised for the first time in Highland's reply brief. All of this warrants the relief sought. HCRE's Motion should be

---

[9] Highland also inexplicably argues that "HCRE does not even bother to ask the Court to vacate its bad faith findings or give HCRE relief from the Sanctions Order on th[is] basis." Opposition at ¶ 18. But HCRE's Motion very clearly states that "[t]he Court's Order should be revised to account for this prejudice and to eliminate its reliance on the arguments raised by Highland for the first time in its Reply Brief." Motion at 20.

granted.

 Dated: May 1, 2024                          Respectfully Submitted,

                                             REICHMAN JORGENSEN LEHMAN &
                                             FELDBERG

                                             */s/ Amy L. Ruhland*
                                             Amy L. Ruhland
                                             Texas Bar No. 24043561
                                             aruhland@reichmanjorgensen.com
                                             901 S. Mopac Expwy, Suite 300
                                             Austin, TX 78746
                                             Tel.: ( 737) 227-3102

                                             HOGE & GAMEROS. L.L.P

                                             Charles W. Gameros, Jr.
                                             Texas Bar No. 00796956
                                             bgameros@legaltexas.com
                                             Douglas Wade Carvell
                                             Texas Bar No. 00796316
                                             wcarvell@legaltexas.com
                                             6116 North Central Expressway, Suite 1400
                                             Dallas, Texas 75206
                                             Tel.: 214-765-6002


                                             *Attorneys for NexPoint Real Estate Partners*
                                             *LLC (f/k/a HCRE Partners, LLC)*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 1, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland