STINSON LLP
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
Counsel for Highland CLO Management, Ltd.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § | Chapter 11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | Case No. 19-34054 (sgj) |
| | § | |
| | § | |

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 5

IV. ARGUMENT ................................................................................................................... 6

    A. Acis Does Not Have an Interest in the Note. ....................................................... 6

    B. Acis Failed to Pursue Their Claims for Years, Not Days. ................................... 8

        1. Acis Knew About the Note and HCLOM Claims 3.65 and 3.66 in Which It Allegedly Had an Interest and Yet Waited Years to Intervene. ......................... 9

        2. Acis' Late Intervention Would Unfairly Prejudice both HCLOM and Debtor. 11

        3. This Court's Order Denying Acis' Intervention Will Not Prejudice Acis Because It Has No Interest in the Proceedings. ................................................. 13

        4. There Are No Unusual Circumstances That Would Justify Acis' Three-Year Delay. .................................................................................................................. 13

    C. This Court Should Not Grant Permissive Intervention Because Acis' Claim Is Unrelated to the Debtor's Obligation on the Note to HCLOM. ................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acis Cap. Mgmt, L.P. v. James Dondero, et al.*,
   Case No. 20-03060-SGJ (N.D. Tex. Bankr.) ..................................................3, 10, 12

*In re Acis Capital Management, L.P. and Acis Capital Management GP, LLC*,
   Case No. 18-30264........................................................................................................3

*Ass'n of Professional Flight Attendants v. Gibbs*,
   804 F.2d 318 (5th Cir.1986) ......................................................................................11

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) ..................................................................................10, 11

*Field v. Andarko Petrol. Corp.*,
   35 F.4th 1013 (5th Cir. 2022) .......................................................................................9

*Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of The Orleans
   Levee Dist.*,
   493 F3d 570 (5th Cir. 2007) .........................................................................................6

*John Doe No. 1 v. Glickman*,
   256 F.3d 371 (5th Cir. 2001) ......................................................................................11

*Jones v. Caddo Parish Sch. Bd.*,
   735 F.2d 923 (5th Cir. 1984) ......................................................................................11

*Lelsz v. Kavanagh*,
   710 F.2d 1040 (5th Cir. 1983) ....................................................................................13

*Lucas v. McKeithen*,
   102 F.3d 171 (5th Cir. 1996) .....................................................................................8, 9

*McDonald v. E.J. Lavino Co.*,
   430 F.2d 1065 (5th Cir. 1970) ....................................................................................12

*Rotstain v. Mendez*,
   986 F.3d 931 (5th Cir. 2021) ....................................................................11, 12, 14, 15

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) ......................................................................................11

*St. Bernard Par. v. Lafarge N. Am., Inc.*,
   914 F.3d 969 (5th Cir. 2019) ........................................................................................9

*Stallworth v. Monsanto Co.*,
    558 F.2d 257 (5th Cir. 1977) ...........................................................................5, 12, 13, 14, 15

**Statutes**

11 U.S.C. §§ 101 – 1532.......................................................................................................1

**Other Authorities**

Fed. R. Civ. Proc. 24.................................................................................................5, 6, 14

Highland CLO Management, Ltd. ("HCLOM"), by and through its undersigned attorneys, submits this objection to *Acis Capital Management, L.P.'s Motion to Intervene and Brief in Support* [Dkt. 3695] ("Motion"). In support of its objection, HCLOM states the following:

## I.    INTRODUCTION

1.    In its Motion, Acis Capital Management, L.P. ("Acis") seeks to intervene in the underlying proceeding based on its unfounded assertion that it is the proper payee of the $9,541,446.00 Promissory Note at issue in HCLOM's Claims 3.65 and 3.66 ("Note"). Acis asserts it has a right to intervene to protect its interest in the Note. As discussed below, however, Acis has given up all interest in Claims 3.65 and 3.66 through a Settlement Agreement, in which Acis specifically disclaimed and released all claims for payment with respect to the Note. By filing this Motion, Acis inexplicably ignores the Settlement Agreement and seeks double payment under the Note in defiance of this Court's Order dismissing with prejudice Acis' claims against Debtor and HCLOM relating to the Note. The Motion is also untimely. Therefore, the Motion should be denied.

## II.    FACTUAL BACKGROUND

2.    On October 16, 2019 ("Petition Date"), Highland Capital Management, L.P. ("Highland" or "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 in the United States Bankruptcy Court for the District of Delaware. Acis was listed as a creditor on the Voluntary Petition for Non-Individuals Filing for Bankruptcy [Dkt. 3] and entered an appearance on October 22, 2019 [Dkt. 55]. Pursuant to an *Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas*, the resulting bankruptcy case was transferred to this Court on December 4, 2019 [Dkt. 1].

3. On December 13, 2019, the Debtor filed its schedule of liabilities. The schedule of creditors who have unsecured claims included a claim for "Interest payable" in the amount of $599,187.26, and a claim for "Note payable" in the amount of $9,541,446.00. The schedule incorrectly listed the promissory note principal and interest as payable to the similarly named Highland CLO Holdco.[1] The Debtor corrected its mistake by filing amended schedules on September 22, 2020 ("Amended Schedules"), in which Debtor amended Claims 3.65 and 3.66 by changing claimant name to HCLOM but leaving the amounts owed the same.[2]

4. The Debtor's note principal and interest obligations to HCLOM arose under the Note in the original principal amount of $12,666,446 with Highland as the maker and Acis as the payee.[3]

5. The Note originated as part of a transaction in October 2016 under which Acis agreed to pay fifty percent (50%) of its collateralized loan obligation ("CLO") servicing fees over several years to the Debtor under an Agreement for Purchase and Sale of CLO Participation Interests ("CLO Participation Agreement"). In exchange, the Debtor promised to pay Acis the principal amount of the Note over three years.[4]

6. The Debtor was to make principal amortization payments under the Note in May of each of the three scheduled payment years, and Acis was to pay the Debtor its portion of the CLO servicing fees quarterly ("Servicer Fees").[5]

---

[1] *See* Official Form 206Sum, dated December 13, 2019 ("Original Schedules"), Dkt. 247, Schedule E/F, §§ 3.64 and 3.65, annexed hereto as Exhibit 1 ("Ex. 1") at App. 027.
[2] Notice of Filing of Debtor's Amended Schedules, dated September 22, 2020, Dkt. 1082, Schedule E/F, §§ 3.65 and 3.66 ("HCLOM Scheduled Claims"), annexed hereto as Exhibit 2 ("Ex. 2") at App. 105.
[3] Promissory Note from Highland Capital Management, L.P. to Acis Capital Management, L.P. in the amount of $12,666,446, dated October 2016, Dkt. 3695-3, annexed hereto as Exhibit 3 ("Ex. 3") at App. 115-120.
[4] *Id.* at Exhibit A, Amortization Schedule, App.120.
[5] Agreement for Purchase and Sale of CLO Participation Interests by and between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated October 7, 2016, Dkt. 3716-4, annexed hereto as Exhibit 4 ("Ex. 4") at App. 122-135.

7. The Note was assigned to HCLOM under an Assignment and Transfer Agreement between Acis, HCMLP, and HCLOM dated November 3, 2017 ("Transfer Agreement").[6]

8. Following execution of the Transfer Agreement, an involuntary bankruptcy petition was filed against Acis in this Court on January 30, 2018, leading to the entry of an order for relief on April 16, 2018 in *In re Acis Capital Management, L.P. and Acis Capital Management GP, LLC*, Case No. 18-30264 ("Acis Bankruptcy Case").

9. Acis filed an Adversary Proceeding against Debtor and HCLOM on April 11, 2020, asserting claims for fraudulent transfer with respect to the Note.[7] Subsequently, Debtor settled for a $23 million allowed claim amount on the Acis Proof of Claim ("Settlement Agreement").[8] As part of the Settlement Agreement, Acis specifically disclaimed and released all claims for payment with respect to the Note.[9] Acis further agreed to withdraw its claims against the Debtor-controlled defendants:

> [T]his is a general release, meaning the Parties intend hereby to release any and all Claims which the Parties can release, and the Parties are unaware of any Claims between them which are not being released herein[10]

….

---

[6] Agreement for Assignment and Transfer of Promissory Note between Acis Capital Management, L.P. and Highland Capital Management, L.P., dated October 7, 2016, Dkt. 3695-3, annexed hereto as Exhibit 5 ("Ex. 5") at App. 137-142.
[7] *See Acis Cap. Mgmt, L.P. v. James Dondero, et al.,* Case No. 20-03060-SGJ (N.D. Tex. Bankr.).
[8] Settlement Agreement between Highland Capital Management LP, Acis Capital Management LP, Acis Capital Management GP LLC, Joshua Terry i/f/b/o individual retirement accounts, and Jennifer G. Terry, i/f/b/o individual retirement accounts, dated September 9, 2020 ("Acis Settlement Agreement"), Dkt. 1088-1 at §1(a), annexed hereto as Exhibit 6 ("Ex. 6"), at App. 144. ("The proof of claim filed by Acis in the HCMLP Bankruptcy Case on December 31, 2019 [Claim No. 23] will be allowed in the amount of $23,000,000 as a general unsecured claim.")
[9] See Ex. 6 at App. 144 ("[T]he Parties have negotiated and executed that certain General Release, dated as of even date herewith (the 'Release'), which, among other things, releases the Acis Released Claims and the HCMLP Released Claims"); and the General Release between Highland Capital Management LP, Acis Capital Management LP, Acis Capital Management GP LLC, Joshua N. Terry i/f/b/o individual retirement accounts, and Jennifer G. Terry, i/f/b/o individual retirement accounts and as trustee as the Terry Family 401-K Plan, dated September 9, 2020 ("Acis Release Agreement"), Dkt. 1088-2, annexed hereto as Exhibit 7 ("Ex. 7"), at App. 0153-0162 (releasing, among other claims, all debts, liabilities, and obligations against any Debtor-controlled party, which included HCLOM).
[10] Ex. 7 at p. 1, "Recitals" (App. 153).

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION**
**TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 3

> [E]ach of the Acis Parties …. hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, (A)(i) HCMLP; (ii) Strand; (iii) any entity of which greater than fifty percent of the voting ownership is held directly or indirectly by HCMLP and any entity otherwise controlled by HCMLP; and (iv) any entity managed by either HCMLP or a direct or indirect subsidiary of HCMLP (the foregoing (A)(i) through (A)(iv) the "HCMLP Entities") and (B) with respect to each such HCMLP Entity, such HCMLP Entity's respective current advisors, trustees, directors, officers, managers, members, partners, current or former employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, affiliates, successors, designees, and assigns, except as expressly set forth below (the "HCMLP Parties," and together with the HCMLP Entities, the "HCMLP Released Parties"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, including, without limitation, those which were or could have been asserted in, in connection with, or with respect to **the Filed Cases, including the proofs of claim [Claim No. 23; 156; 159] filed by the Acis Parties in the HCMLP Bankruptcy Case** and **any objections or potential objections to the Plan or the confirmation thereof (collectively, the "Acis Released Claims")**.[11]

….

> "Filed Cases" means **(a) the HCMLP Bankruptcy Case**, (b) Acis Capital Management, L.P., et al. v. Highland Capital Management, L.P., et al, Case No. 18-03078 (Bankr. N.D. Tex. 2018); (c) Motion for Relief from the Automatic Stay to Allow Pursuit of Motion for Order to Show Cause for Violations of the Acis Plan Injunction, Case No. 19-34054-sgj-11 [Dkt. 593] (Bankr. N.D. Tex. 2020); (d) Joshua and Jennifer Terry v. Highland Capital Management, L.P., James Dondero and Thomas Surgent, Case No. DC-16-11396, pending in the 162nd District Court of Dallas County Texas; (e) Acis Capital Management, L.P., et al v. James Dondero, et al., Case No. 20-0360 (Bankruptcy N.D. Tex. 2020); (f) Acis Capital Management, L.P., et al v. Gary Cruciani, et al., Case No. DC-20-05534, pending in the 162nd District Court of Dallas County Texas; (g) Highland CLO Funding v. Joshua Terry, [No Case Number], pending in the Royal Court of the Island of Guernsey; and (h) the Acis Bankruptcy Case.[12]

---

[11] *Id*. §1 (App. 154).
[12] *Id.* §4(d) (App. 157).

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 4

10. Consistent with such agreement, on November 3, 2020, Acis moved to dismiss all claims against Debtor and HCLOM, among other Debtor-controlled parties and the motion was promptly approved by this Court.[13] In its Order of Dismissal, this Court ordered that "[a]ll of claims that were brought, or could have been brought, by and between Acis and Defendants Highland Capital Management, L.P., Highland HCF Advisor, Ltd, Highland CLO Management, Ltd., and Highland CLO Holdings, Ltd. (collectively the 'Highland Released Parties') are dismissed with prejudice to the re-filing of same."[14]

11. On February 2, 2023, Debtor objected to Scheduled Claims 3.65 and 3.66. *Highland Capital Management, L.P.'s Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd.* [Dkt. 3657] ("Objection"). Debtor asserted that HCLOM materially breached the Transfer Agreement and asserted that such prior material breach is both itself a defense and gives rise to a failure of consideration.

12. On March 25, 2023, nearly three years after Debtor filed its Amended Schedules naming HCLOM as claimant to Claims 3.65 and 3.66, Acis filed its Motion to Intervene ("Motion").

### III. LEGAL STANDARD

13. The purpose of a motion to intervene is to allow for judicial economy and to protect nonparties from having their interest adversely affected. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). A court must allow anyone to intervene who either has an unconditional right to intervene by a federal statute or satisfies four requirements. Fed. R. Civ. Proc. 24(a).

---

[13] See Acis Motion to Dismiss Less than All Defendants, dated November 3, 2010, Dkt. 215 in Case No. 18-03078-sgj, annexed hereto as Exhibit 8 ("Ex. 8") at App. 164-167; and Order Dismissing Less than All Defendants, dated November 6, 2020, Dkt. 216 in Case No. 18-03078-sgj, annexed hereto as Exhibit 9 ("Ex. 9") at App. 169-170.
[14] *Id.* §2 (App. 170).

14. In order to intervene as a matter of right under Rule 24, the proposed intervener must meet all four requirements: 1) the motion to intervene must be timely; 2) the proposed intervener must have an interest in the property or transaction subject to the action; 3) the proposed intervener must be in a position that the disposition of the action may impair or impede his ability to protect his interest; and 4) the proposed intervener's interest must be inadequately represented by the existing parties to the suit. *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of The Orleans Levee Dist.*, 493 F3d 570, 578 (5th Cir. 2007).

### IV.    ARGUMENT

15. Acis cannot intervene as a matter of right because Acis has no interest in the proceedings. Acis gave up all interest in the Note in exchange for $23 million. Acis now seeks to double-dip payment by seeking to intervene in the Debtor's Objection in defiance of this Court's Order dismissing with prejudice all claims contemplated by the Settlement Agreement. Acis has also waited years to attempt to intervene. Therefore, the Motion should be dismissed.

**A.    Acis Does Not Have an Interest in the Note.**

16. Acis gave up any interest in any claims related to the Note in the Settlement Agreement. Acis cannot now intervene in an attempt to receive payment under the Note again after this Court dismissed with prejudice Acis' claims against the Debtor and HCLOM in regards to the Note. Even if this Court were to find the Settlement Agreement or its Order of Dismissal, Acis does not have any interest in the Note because it validly transferred its interest to HCLOM. Acis' underlying claim lacks merit, and therefore it does not have an interest in these proceedings.

17. The proposed intervenor must have an interest in the property or transaction subject to the action. *Haspel & Davis Milling & Planting Co.*, 493 F3d at 578.

18. First, as described above, Acis disclaimed any interest in the Note at issue in Claims 3.65 and 3.66. As part of the Settlement Agreement, Acis specifically disclaimed and released all claims for payment with respect to the Note.[15] Acis further agreed to withdraw its claims against the Debtor-controlled defendants, including HCLOM.[16] This Court dismissed with prejudice "[a]ll of claims that were brought, or could have been brought, by and between Acis and Defendants Highland Capital Management, L.P., Highland HCF Advisor, Ltd, Highland CLO Management, Ltd., and Highland CLO Holdings, Ltd. (collectively the 'Highland Released Parties')."[17] Despite this Court's Order, Acis has represented to this Court that it has an interest in these proceedings, one that it expressly gave up in the Settlement Agreement.

19. Second, Acis no longer has any interest in the Note because of the Transfer Agreement. Acis signed a valid Transfer Agreement on November 3, 2017, which arose after Highland notified Acis it would no longer provide support personnel or critical services to Acis and therefore Acis "could no longer fulfill its duties as portfolio manager in the CLOs …"[18] As such, Acis contracted with HCLOM to accept Acis' responsibility to act as the portfolio manager of the CLOs and HCLOM would pay Highland the servicer fees.[19]

20. In its Motion, Acis claims it is paying for the privilege of losing its business.[20] Instead, Acis transferred the Note in return for relinquishing its requirements under the CLO Purchase Agreement, that is managing the CLOs (something it could no longer do), and paying the Debtor a portion of the CLO management fee.

---

[15] See Ex. 6 at (App. 144-151) and Ex. 7 at (App. 154-156) (Acis Release Agreement releasing, among other claims, all debts, liabilities, and obligations against any Debtor-controlled party, which included HCLOM).
[16] Ex. 7 at §2 (App. 156).
[17] Ex. 9 at App. 170.
[18] Ex. 5 at App. 137.
[19] Ex. 4 at § 4.2 (App. 129).
[20] Motion at p. 8.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 7

21.　　As already recognized by the Debtor, Acis previously received payment, plus a windfall, on the Note. Acis received payment on the Note via an allowed claim from Debtor and at the hearing to approve the Acis settlement, Mr. Seery testified, "That transfer was done without consideration, was about $10 million. We would have been liable on that note."[21]

22.　　Because Acis gave up its claims to the Note in the Settlement Agreement, it cannot now claim to have an interest in the Note. Nevertheless, Acis also transferred away its interest in the Note to HCLOM through the Transfer Agreement. **Twice-over**, Acis has zero interest in these proceedings, and, therefore, the Motion should be denied.

### B.　　Acis Failed to Pursue Their Claims for Years, Not Days.

23.　　Acis waited years, not days, to pursue its claims. Acis claims that it waited less than a month to move to intervene even though on September 20, 2020 Debtor filed the Amended Schedules in which it listed HCLOM as the claimant owed $9,541,446.00 in principal and $599,187.26 in interest on the Note.[22] To let Acis intervene and muddy the waters with argument and discovery unrelated to the proceedings at this late date would be unjust to HCLOM as well as the Debtor.

24.　　A party seeking to intervene must file a motion timely. *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996). Timeliness is to be determined from all the circumstances, and the court determines timeliness from four factors: (1) how long the "proposed interveners actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed interveners' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the

---

[21] Transcript of October 20, 2021 Hearing on Motion to Compromise Controversy with Acis Capital Management, annexed hereto as Exhibit 10 ("Ex. 10"), at 191:13-15 (App. 172-174).
[22] Ex 2 at App. 105.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 8

case; (3) the extent of the prejudice that the proposed interveners may suffer if the motion is denied; and (4) the existence of unusual circumstances militating for or against the termination is timely." *Id.*

### 1. Acis Knew About the Note and HCLOM Claims 3.65 and 3.66 in Which It Allegedly Had an Interest and Yet Waited Years to Intervene.

25. While Acis was on notice that it had an interest in the proceedings since Debtor's Bankruptcy Petition, *at the very least*, Acis sat on its hands and waited nearly three years to act following the Debtor's filing of Amended Schedules on September 22, 2020.

26. For the first factor, a court must determine when the intervener *knew or should have known* it had an interest in the case, not when its interest would be adversely affected. *Field v. Andarko Petrol. Corp.*, 35 F.4th 1013, 1018 (5th Cir. 2022) (citing *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) ("The question is not when [an intervener] knew or should have known that [its] interests would be adversely affected but, instead, when [it] knew that it had an interest in the case.").

27. Highland filed for voluntary bankruptcy on October 16, 2019, a matter of public record that Acis knew or should have known about.[23] Acis indisputably gained knowledge of its interest when Acis was listed as a creditor on the Voluntary Petition for Non-Individuals Filing for Bankruptcy [Dkt. 3]. Acis entered an appearance on October 22, 2019 [Dkt. 0056] and thus has or should have had notice and knowledge of all developments in the bankruptcy. And Acis knew of HCLOM's claims when Highland filed its amended schedules in September 2020 [Docket 1082] because Highland served Acis' counsel with notice of the Amended Schedule on September 24, 2020, as shown on the Certificate of Service [Docket 1098]. Even before that, Acis made claims

---

[23] https://www.wsj.com/articles/highland-capital-management-files-for-bankruptcy-11571235329

about the Note Transfer Agreement in April 2020 by filing its adversary proceeding. *See Acis Cap. Mgmt*, *L.P. v. James Dondero, et al.*, No. 20-03060-SGJ, Dkt. 1 (N.D. Tex. Bankr. Filed Apr. 11, 2020) ("Additionally, the Note Assignment and Transfer Agreement also purports to initiate the transfer of the PMAs between Acis and the CLOs to Highland Management. Again, Acis LP was to receive no consideration for transferring its most significant assets, the PMAs.") As shown above, Acis settled its claims against Debtor and HCLOM in regards to the Note, and moved to dismiss its claims against Debtor and HCLOM, which this Court granted on November 6, 2020.[24] Thus, Acis' argument that it has timely moved to intervene lacks merit.

28.    In its Motion, Acis claims that it waited a mere month to attempt to intervene and notes that courts have found interventions timely when the delay in filing was over a month. Motion at 7 (citing *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (delays of 37 and 47 days)). But *Edwards* notes that "timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest, or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit." *Id.* As shown above, Acis has waited almost three years to pursue its claims here. Therefore, Acis cannot compare itself to the intervenors in *Edwards*. The Debtor's objection to the claim did not start the clock for Acis to pursue their claims. Instead, the clock started when Acis knew it had an interest in the claim: at the date the Amended Schedule was filed. Finally, Acis could never have reasonably believed that HCLOM represented Acis' interests: Acis sued Debtor and HCLOM, claiming fraudulent transfer in respect to the Note. *See Acis Cap. Mgmt, L.P. v. James Dondero, et al.,* No. 20-03060-SGJ, Dkt. 1 (N.D.Tex. Bankr. Filed Apr. 11, 2020). Subsequently, Acis entered into a Settlement Agreement, disclaiming its interest in the Note. Acis has essentially abandoned any claim in this bankruptcy

---

[24] Ex. 9 at App. 169-170.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 10

matter by waiting years to attempt to intervene. *See Edwards*, 78 F.3d at 1000 ("The timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit.") (cleaned up).

29. The Fifth Circuit has consistently ruled that waiting to intervene for time periods of a much smaller or similar duration are far outside the bounds of timeliness. *See Rotstain v. Mendez*, 986 F.3d 931, 938 (5th Cir. 2021) (delay of 18 months); *Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923 (5th Cir. 1984) (delay of six years). When the Fifth Circuit has allowed intervention, the parties waited months at most. *See Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (delay of three weeks); *Edwards*, 78 F.3d at 1000 (delays of 37 and 47 days); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (delay of one month); *Ass'n of Professional Flight Attendants v. Gibbs,* 804 F.2d 318 (5th Cir.1986) (five-month lapse).

### 2. Acis' Late Intervention Would Unfairly Prejudice both HCLOM and Debtor.

30. If this Court allowed Acis to intervene, additional discovery would be required. Acis claims that it is entitled to the Note at issue under a theory of fraudulent transfer, despite releasing all claims for payment with respect to the Note.[25] This claim would drastically alter the proceedings as currently the only issue is the Debtor's obligation to HCLOM on the Note. Instead, the proceedings would at least partially focus on the enforceability of this Court's Order dismissing with prejudice Acis' claims against Debtor and HCLOM, and the Acis Settlement Agreement, which this Court approved.

---

[25] *See* Ex. 6 at App. 144-151.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION**
**TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 11

31. The second factor in evaluating timeliness is "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case." *Rotstain*, 986 F.3d at 938 (quoting *Stallworth*, 558 F.2d at 265). "This factor is the 'most important consideration.'" *Id.* (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970)).

32. If this Court would allow Acis to intervene, Acis would seek discovery on each procedural and substantive issue on Acis' allegation of fraudulent transfer and attempt to re-litigate this issue. Each of these parties has litigated the validity of the Note and Transfer agreement in Acis' adversarial proceeding against Debtor and HCMOL. *See Acis Cap. Mgmt*, *L.P. v. James Dondero, et al.*, No. 20-03060-SGJ, Dkt. 1 (N.D. Tex. Bankr. Filed Apr. 11, 2020). Subsequently, Acis released all claims for payment with respect to the Note,[26] and on November 3, 2020, Acis moved to voluntarily dismiss all claims against HCLOM, which this Court promptly granted.[27]

33. If Acis had intervened around September 2020 when Debtor amended the schedules, but before the Order of Dismissal, then the intervention would not have entailed litigating the enforceability of the Order of Dismissal and the Settlement Agreement. Instead, if this Court allows Acis to intervene, Acis would seek to have this Court determine the validity of its prior Order of Dismissal and the Settlement Agreement, which it already approved. Therefore, HCLOM and Debtor would be prejudiced by Acis' untimely intervention by needing to respond to this added discovery or needing to object to and seek to quash it.

---

[26] *Id.*
[27] *See* Ex. 8 at App. 164-167 and Ex. 9 at App. 169-170.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 12

### 3. This Court's Order Denying Acis' Intervention Will Not Prejudice Acis Because It Has No Interest in the Proceedings.

34. The third timeliness factor is "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied." *Stallworth*, 558 F.2d at 265. We have held that "critical to the third *Stallworth* inquiry is adequacy of representation. If the proposed intervenors' interests are adequately represented, then the prejudice from keeping them out will be slight." *Lelsz v. Kavanagh*, 710 F.2d 1040, 1046 (5th Cir. 1983).

35. HCLOM does not claim to represent Acis' interest. In any event, this Court should find that Acis does not have an interest in the proceeding because Acis has given up that interest in the Settlement Agreement, and therefore it has no interest that could be prejudiced.

### 4. There Are No Unusual Circumstances That Would Justify Acis' Three-Year Delay.

36. There are no unusual circumstances present in the bankruptcy proceedings that would have led Acis to wait three years to attempt to intervene. In fact, the only unusual circumstance is Acis' attempt to intervene after three years and disclaiming any payment under the Note.

37. The last timeliness factor is "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." *Stallworth*, 558 F.2d at 266. "For example, if a would-be intervenor who had failed to apply for intervention promptly after he became aware of his interest in the case could advance a convincing justification for his tardiness, such as that for reasons other than lack of knowledge he was unable to intervene sooner, this would militate in favor of a finding that his petition was timely." *Id.*

38. There have been no intervening forces like those described in *Stallworth* that have prevented Acis from moving to intervene until now. Instead, Acis has freely chosen to wait years

to attempt to intervene, and therefore there are no unusual circumstances that excuse Acis for its untimely motion.

### C. This Court Should Not Grant Permissive Intervention Because Acis' Claim Is Unrelated to the Debtor's Obligation on the Note to HCLOM.

39. As for Acis' request for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure, Acis has failed to show on a timely motion they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.24(b). "Timeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain*, 986 F.3d at 942 (citing *Stallworth*, 558 F.2d at 266).

40. Acis has filed to meet its burden to show a common question of law or fact with any controversy between the Debtor and HCLOM. In Debtor's Objection to Scheduled Claims 3.65 and 3.66, Debtor claimed that (a) HCLOM materially breached the Transfer Agreement, which relieved Debtor of its obligations under the Note; and (b) the breach resulted in a failure of consideration under the Transfer Agreement.[28]

41. Acis' claims that Debtor and HCLOM participated in a fraudulent transfer which deprived Acis of its interest in the Note. Motion at 7. Acis also claims that there is a lack of consideration flowing out of the Transfer Agreement to itself. Because of these alleged defects, Acis claims that it is due payment under the Note. These claims are incongruent with the main action and do not share a common question of law or fact based on three reasons. As stated above, (1) because Acis previously gave up its claims to the Note in the Settlement Agreement, it cannot now claim to have an interest in the Note. The validity of this Court's Order of Dismissal and Settlement Agreement is not currently part of the proceeding, and, therefore there is no common

---

[28] Highland Capital Management, L.P.'s Objection to Scheduled Claims 3.65 and 3.66 of Highland CLO Management, Ltd., dated February 2, 2023, Dkt. 3657, annexed hereto as Exhibit 11 ("Ex. 11") at App. 176-199.

**HIGHLAND CLO MANAGEMENT, LTD.'S OBJECTION
TO ACIS CAPITAL MANAGEMENT, L.P.'S MOTION TO INTERVENE** - Page 14

question of law or fact. (2) The Debtor takes issue with HCLOM's alleged material breach of the Transfer Agreement. Acis claims that the Transfer Agreement itself is void under a theory fraudulent transfer. The fraudulent transfer claim is not currently part of the proceeding, and therefore there is no common question of law or fact. (3) The Debtor also claims that there is a lack of consideration flowing to *Debtor* under the Transfer Agreement. Acis claims that there was a lack of consideration flowing to *Acis* under the Transfer Agreement. The sufficiency of consideration to Acis under the Transfer Agreement is not currently part of the proceeding, and therefore there is no common question of law or fact. Because none of these three overlap with any claim or defense in the current proceeding, Acis has struck out, and this Court should not permit Acis to intervene.

42. Finally, "[t]imeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain*, 986 F.3d at 942 (citing *Stallworth*, 558 F.2d at 266). Because Acis waited nearly three years after Debtor's filing of the Amended Schedules, this Court should find that the Acis may not intervene under permissive intervention.

WHEREFORE, HCLOM requests that this Court enter an Order (i) denying the Motion to Intervene; (ii) barring Acis from filing a response to the Claim Objection; and (iii) granting any other relief that this Court may consider equitable and proper.

Dated: June 7, 2024                              Respectfully submitted,

                                                      **STINSON LLP**

                                                     */s/ Deborah Deitsch-Perez*
                                                     Deborah Deitsch-Perez
                                                     Texas Bar No. 24036072
                                                     Michael P. Aigen
                                                     Texas Bar No. 24012196
                                                     2200 Ross Avenue, Suite 2900
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 560-2201
                                                     Facsimile: (214) 560-2203
                                                     Email:  deborah.deitschperez@stinson.com
                                                     Email:  michael.aigen@stinson.com

                                                     *Counsel for Highland CLO Management, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices.

                                                     */s/ Deborah Deitsch-Perez*
                                                   Deborah Deitsch-Perez