# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 21, 2024
Lyle W. Cayce
Clerk

———————

No. 23-10660

———————

IN THE MATTER OF HIGHLAND CAPITAL MANAGEMENT LP

*Debtor*,

CLO HOLDCO, LIMITED,

*Appellant*,

*versus*

MARC KIRSCHNER, *the Litigation Trustee for* THE HIGHLAND LITIGATION SUBTRUST,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2051

———————————————————

Before SMITH, HAYNES, and DOUGLAS, *Circuit Judges*.

HAYNES, *Circuit Judge*:

This is an appeal of an order denying creditor CLO HoldCo Ltd.'s second amended proof of claim that was filed after debtor Highland Capital Management, L.P.'s Chapter 11 reorganization plan was confirmed. For the reasons set forth below, we AFFIRM.

No. 23-10660

## I. Background

### A. Facts

In the midst of the 2008 financial crisis, Highland Capital Management, L.P. ("Highland Capital"), the investment manager for the Highland Crusader Fund (the "Crusader Fund" or "Fund"), was flooded with redemption requests from Fund investors. Shortly thereafter, the Fund was placed in wind-down, and Highland Capital sought to liquidate the remaining assets and distribute the proceeds to investors.

However, after disputes over the appropriate distribution of assets arose among investors and another investor levied an allegation of misconduct against Highland Capital, a wind-down petition was filed in the Supreme Court of Bermuda. This culminated in the adoption of the Joint Plan of Distribution of the Crusader Fund and the Scheme Arrangement ("Plan and Scheme") between the Fund and its former investors. Part of this Plan and Scheme included the appointment of a Redeemer Committee, which was tasked with overseeing Highland Capital's management and wind-down of the Fund.

Eventually disputes also arose between the Redeemer Committee and Highland Capital, which then devolved into arbitration. In particular, the Redeemer Committee asserted that Highland Capital breached its fiduciary duty and its contractual obligations under the Plan and Scheme by purchasing the redemption claims of former Crusader Fund investors for itself. The arbitration panel ultimately found in favor of the Redeemer Committee and issued a Final Award, as subsequently modified and finalized, ordering Highland Capital to (1) pay the Redeemer Committee approximately $3 million, plus interest, and (2) either transfer the redemption claims to the Redeemer Committee or cancel the redemption claims.

Case 19-34054-sgj11 Doc 4142 Filed 06/27/24 Entered 06/27/24 15:35:04 Desc
Case 3:22-cv-02051-B Document 28 Filed 08/27/24 Page 3 of 9 PageID 4966

No. 23-10660

## B. Procedural History

Before the Redeemer committee could obtain entry of a judgment for the Award in the Delaware Chancery Court, Highland Capital filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The bankruptcy court set April 8, 2020, as the general bar date for filing proof of claims.

On the eve of the bar date, CLO HoldCo filed a general unsecured, non-priority claim for approximately $11 million, asserting that it had purchased participation and tracking interests in the redemption claims purchased by Highland Capital. For the participation interests, Highland Capital agreed to pay to CLO HoldCo "an amount equal to [CLO HoldCo's] share of . . . each amount received and applied by [Highland Capital] in payment of distributions, Plan Claims[,] . . . and proceeds of any sale, assignment or other disposition of any interest." For the tracking interests, Highland Capital agreed to pay CLO HoldCo "an amount equal to each amount received and applied by [Highland Capital] in payment of distributions, Plan Claims[,] and proceeds of any sale, assignment or other disposition of any interest."

The Redeemer Committee and the Crusader Funds also filed their own general unsecured claims in the amounts of approximately $190 million and $23 million, respectively. After negotiations, Highland Capital entered into a settlement agreement with the Redeemer Committee and the Crusader Funds. The settlement agreement provided in pertinent part that Highland Capital agreed to the cancellation of the redemption claims and that the cancellation was intended to implement the section of the Final Award that involved the redemption claims. The bankruptcy court approved the settlement agreement.

3

No. 23-10660

Thereafter, CLO HoldCo filed its first amended proof of claim, reducing the amount it sought to zero dollars—this amendment was consistent with CLO HoldCo's prior representations to opposing counsel that it would waive its claim against Highland Capital. The Official Committee of Unsecured Creditors then filed an adversary proceeding against CLO HoldCo seeking to avoid certain transactions and recover funds. Subsequently, Highland Capital's Fifth Amended Plan of Reorganization was confirmed by the bankruptcy court. The Trustee succeeded the Official Committee in pursuing the claims as plaintiff in the adversary proceeding.

During a hearing regarding the adversary proceeding, after the Trustee's counsel informed the bankruptcy court that CLO HoldCo had a pending proof of claim against Highland Capital for zero dollars, CLO HoldCo disputed this assertion:

> There is no pending proof[] of claim. The only proof of claim on file is for zero amount on behalf of CLO Holdco because the very interests that the complaint complains about having been transferred to ultimately CLO HoldCo were canceled; therefore, [they are] of no value. And CLO HoldCo had previously had a proof of claim on file, but amended that proof of claim to reflect a zero amount.

During this hearing, CLO HoldCo further represented to the bankruptcy court that the amended proof of claim would be withdrawn:

> Well, I can withdraw it. It was done before . . . I became counsel here. And it was done . . . on the basis of a resolution of issues regarding the Crusader Redeemer litigation and . . . because the ultimate result was that the basis for the proof of claim was extinguished, the proof of claim was . . . amended to reflect a zero amount. And I can certainly withdraw it because it is a zero amount.

No. 23-10660

The Trustee then dismissed the adversary proceeding, but that same day, commenced a different adversary proceeding, seeking hundreds of millions of dollars against various parties, including CLO HoldCo. The Trustee further filed an objection to certain amended and superseded claims, including CLO HoldCo's first amended proof of claim for zero dollars.

On January 11, 2022, CLO HoldCo filed its second amended proof of claim. The second amended proof of claim asserted a claim on the same basis as the first amended proof of claim—the participation and tracking interests—but advanced a new theory of recovery. More specifically, the second amended proof of claim posited that when the redemption claims were cancelled pursuant to the settlement agreement, Highland Capital effectively received a credit equal to the purchase price of the redemption claims, and therefore Highland Capital owed this amount to CLO HoldCo. CLO HoldCo also simultaneously filed a motion styled as a motion to ratify the second amended proof of claim. In response, the Trustee filed an objection to the motion to ratify. CLO HoldCo replied.

The bankruptcy court held a hearing on the motion to ratify and ultimately denied it. The district court affirmed the bankruptcy court's order denying CLO HoldCo's motion to ratify and dismissed the appeal with prejudice. CLO HoldCo filed a timely notice of appeal to this court.

## II. Jurisdiction & Standard of Review

The district court had jurisdiction over the appeal under 28 U.S.C. § 158(a) as an appeal from a final order of the bankruptcy court. We have jurisdiction over this appeal under § 158(d)(1).

We review for an abuse of discretion a bankruptcy court's order refusing to allow a late filed amended proof of claim. *See In re Waindel*, 65 F.3d 1307, 1311–12 (5th Cir. 1995). Although the appeal is from the district

5

Case 19-34054-sgj11 Doc 4142 Filed 06/27/24 Entered 06/27/24 12:37:50 Desc
Case 3:22-cv-02051-B Document 23 Filed 08/07/24 Page 6 of 9 PageID 4969

No. 23-10660

court, we review the bankruptcy court's decision independently and apply the abuse of discretion standard as to the bankruptcy court's ruling. *In re Hawk*, 871 F.3d 287, 290 (5th Cir. 2017) ("As a second review court, [o]ur review is properly focused on the actions of the bankruptcy court." (internal quotation marks and citation omitted)). Further, while "we may benefit from the district court's analysis of the issues presented, the amount of persuasive weight, if any, to be accorded the district court's conclusions is entirely subject to our discretion." *Id.* (quotation omitted).

"Th[e] abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *In re Barron*, 325 F.3d 690, 692 (5th Cir. 2003) (internal quotation marks and citations omitted). "Consistent with this review, this court reviews a bankruptcy court's conclusions of law de novo." *Id.*

### III.    Discussion

CLO HoldCo's main contention on appeal is that the bankruptcy court abused its discretion when it denied CLO HoldCo's second attempt to amend proof of claim. It contends the bankruptcy court erred as a matter of law because it applied the incorrect legal standard by not strictly adhering to the alleged two-factor test set forth in *In re Kolstad*, 928 F.2d 171 (5th Cir. 1991) but instead weighed multiple factors and required compelling circumstances to justify a post-confirmation amendment. We disagree that the bankruptcy court abused its discretion.

CLO HoldCo's relies on *In re Kolstad* which we can certainly consider but we conclude it is not dispositive of this case for at least two reasons. First, *In re Kolstad* involved an amendment to a proof of claim that was filed after the bar date but *prior to* plan confirmation. *Id.* at 176 (noting the amended proof of claim was not filed "until virtually the eve of the confirmation hearing"). Thus, *In re Kolstad* did not address or even consider whether a

Case 19-34054-sgj11 Doc 4142 Filed 06/27/24 Entered 06/27/24 15:35:02 Desc
Case 3:22-cv-02051-B Document 28 Filed 06/27/24 Page 7 of 9 PageID 4970

No. 23-10660

*post-confirmation amendment*, like CLO HoldCo's attempted amendment here, warrants a heightened showing as other circuits have. *See, e.g.*, *Holstein v. Brill*, 987 F.2d 1268, 1270–71 (7th Cir. 1993) (explaining that "[c]onfirmation of the plan of reorganization is . . . equivalent to final judgment in ordinary civil litigation" and therefore post-confirmation amendments "should be allowed only for compelling reasons"); *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011) (reasoning that "amendment of a creditor's claim after confirmation of a plan can render a plan infeasible or alter the distribution to other creditors" and therefore concluding "only . . . compelling circumstances justify" post-confirmation amendment). We hold that in circumstances like the case at bar—a post-confirmation amendment—more is required.

To be explicit, by "more" we mean "compelling circumstances." Post-confirmation amendments warrant a heightened showing because a confirmed plan of reorganization is equivalent to a final judgment in civil litigation. *See CHS, Inc. v. Plaquemines Holdings, L.L.C.*, 735 F.3d 231, 239 (5th Cir. 2013) (explaining "[t]he legal ramifications of a confirmed reorganization plan are highly significant" because "a bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes" (quotation omitted)). This potential res judicata effect justifies ratcheting up the legal standard because post confirmation amendments may "mak[e] the plan infeasible," "disrupt the orderly process of adjudication," and "alter the distribution[s] to other creditors." *See Holstein*, 987 F.2d at 1270–71; *In re Winn-Dixie Stores, Inc.*, 639 F.3d at 1056.

Second, contrary to CLO HoldCo's contention, even if we had to apply *In re Kolstad*, it did not hold that a bankruptcy court must rigidly apply two factors in determining whether a proof of claim may be amended. Instead, we observed in a footnote in that case that other courts have weighed

7

Case 19-34054-sgj11 Doc 4142 Filed 06/27/24 Entered 07/25/24 12:35:02 Desc
Case 3:22-cv-02051-B Document 23 Filed 06/27/24 Page 8 of 9 PageID 4971

No. 23-10660

several equitable considerations when ruling on the permissibility of amendments to proofs of claims, and then noted that these factors "***seem*** to subsume two general questions": (1) "whether [the litigant] is attempting to stray beyond the perimeters of the original proof of claim and effectively file a 'new' claim that could not have been foreseen from the earlier claim or events; and (2) the degree and incidence of prejudice, if any, caused by [the litigant's] delay." 928 F.2d at 175 n.7 (emphasis added). We then went on to weigh multiple factors in concluding that the lower court did not abuse its discretion in allowing the amendment. *Id.* at 175–76. Thus, while the two central factors identified in *In re Kolstad* were relevant to that case, we did not rule out a more holistic approach, which comports with the equitable nature of bankruptcy courts. *See In re Commonwealth Corp.*, 617 F.2d 415, 421 (5th Cir. 1980) ("The reason for liberality in permitting a late-filed amendment to a proof of claim [prior to plan confirmation], . . . is that a bankruptcy court . . . sits as a court of equity, duty bound to examine each claim to see that injustice is not done and that all claims are fairly considered." (quotation omitted)).

Based on the foregoing principles, the bankruptcy court did not apply the incorrect legal standard when it denied CLO HoldCo's motion to ratify the second amended proof of claim. Instead, it considered several equitable factors, including the fact that CLO HoldCo did not identify any appropriate reason—let alone a compelling reason—for its nearly year-long delay in seeking a post-confirmation amendment. This unexcused delay would have been sufficient by itself for the bankruptcy court to deny the post-confirmation amendment. *See Holstein*, 987 F.2d at 1271 (concluding a creditor could not amend its proof of claim post confirmation because the creditor did not provide an adequate justification for the delay). As such, the bankruptcy court did not abuse its discretion in denying CLO HoldCo's motion to ratify the second amended proof of claim.

No. 23-10660

## IV. Conclusion

For the reasons set forth above, we AFFIRM.