# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| THE CHARITABLE DAF FUND, L.P., and CLO HOLDCO, LTD. | § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-1585-S |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § § | |
| IN RE: | § § § | BANKRUPTCY CASE No. 19-34054-SGJ11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § | Chapter No.: 11 |

## **ORDER**

This Order addresses Appellee Highland Capital Management, L.P.'s Motion to Dismiss for Failure to Prosecute ("Motion") [ECF No. 35]. The Court has reviewed the Motion and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

On October 6, 2021, the Court abated and administratively closed this case pending the resolution of a related appeal, *NexPoint Advisors, L.P., et al. v. Highland Capital Management, L.P.*, No. 21-10449 (5th Cir. 2021). *See* ECF No. 21. That appeal was resolved; however, on November 9, 2022, the Court continued the case's abatement pending the resolution of a second related appeal, *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P.*, No. 22-11036 (5th Cir. 2022). *See* ECF No. 34. The Court ordered Appellants The Charitable DAF Fund, L.P., and CLO Holdco, Ltd., to "file their opening brief on or before 14 days after a final mandate issues or the appeal is otherwise resolved." *Id.* at 1.

On June 26, 2024, the second appeal was resolved. *See* Mot. 7. Appellants had 14 days after that date to file their opening brief, but to date they have not done so. Accordingly, Appellee

filed the Motion, seeking to dismiss this appeal for want of prosecution. Appellants have not responded to the Motion, and their deadline to do so has passed.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Additionally, Federal Rule of Bankruptcy Procedure 8018(a)(4) states that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court . . ., an appellee may move to dismiss the appeal."

Appellants have failed to diligently prosecute this appeal. Appellants have taken no action since the resolution of the related appeals and have not responded to the Motion. And Appellee is within its right to request dismissal due to Appellants' failure to file their opening brief by the deadline set by the Court. Under these circumstances, dismissal is warranted.

For the foregoing reasons, Appellee's Motion to Dismiss for Failure to Prosecute [ECF No. 35] is **GRANTED**, and this appeal is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

SIGNED February 13, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

2