# Exhibit A

**Proposed Order**

LA:4911-7411-2063.9 36027.002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

**ORDER APPROVING SETTLEMENT WITH THE HMIT ENTITIES AND
AUTHORIZING ACTIONS CONSISTENT THEREWITH**

This matter having come before the Court on the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. []] (the "Motion")[2] filed by the Movants; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions of the Plan; and the Court having found that this is a

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

LA:4911-7411-2063.9 36027.002

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, the materials submitted in support of the Motion, all responses to the Motion, and the arguments presented by counsel at the hearing on the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest, and is supported by sound business reasons and justifications; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor,

**THE COURT FINDS THAT:**

    1.    The Settlement Agreement was negotiated and entered into by the HMIT Entities without collusion or fraud, in good faith, and was the product of arm's-length negotiations.

    2.    The HMIT Entities are not "insiders" or "affiliates" of Highland as those terms are defined in Bankruptcy Code sections 101(3) and 101(2).

    3.    The HMIT Entities entered into the Settlement Agreement and are acquiring the Transferred Claims and Dugaboy Note in good faith and have proceeded with all aspects of the Settlement Agreement in good faith.

    4.    The Highland Entities have demonstrated a sufficient basis and compelling circumstances to enter into the Settlement Agreement, and entry into the Settlement Agreement is an appropriate exercise of the Highland Entities' business judgment and in the best interests of Highland, its estate, and its creditors.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

    5.    The Motion is **GRANTED**.

6. The Settlement Agreement attached as **Exhibit 1** to the Demo Declaration is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 363(b) of the Bankruptcy Code.

7. The HMIT Entities, as good faith purchasers of Estate assets in the Settlement, are entitled to the protections contained in section 363(m) of the Bankruptcy Code.

8. The Highland Entities and their agents are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement without further notice or further Court approval.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### END OF ORDER ###