| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris (admitted *pro hac vice*)<br>Gregory V. Demo (admitted *pro hac vice*)<br>Hayley R. Winograd (admitted *pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910 | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>Deborah J. Newman (admitted *pro hac vice*)<br>Robert S. Loigman (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000 |
| HAYWARD PLLC<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100 | SIDLEY AUSTIN LLP<br>Paige Holden Montgomery<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300 |
| *Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust* | *Co-Counsel for Marc S. Kirschner, as Litigation Trustee of The Highland Litigation Sub-Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**RESPONSE TO (I) EMERGENCY MOTION FOR AN ORDER EXTENDING DURATION OF TIME TO RESPOND TO TRUSTS' MOTION AND (II) MOTION FOR EXPEDITED HEARING ON EMERGENCY MOTION FOR AN ORDER EXTENDING DURATION OF TIME TO RESPOND TO TRUSTS' MOTION**

Highland Capital Management, L.P., the reorganized debtor ("Highland") in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Highland Claimant Trust (the "Claimant

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust" and together with Highland and the Claimant Trust, the "Movants") file this response (the "Response") to (i) the *Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion* [Docket No. 4227] (the "Emergency Motion") and (ii) *Motion for Expedited Hearing on Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion* [Docket No. 4228] (the "Motion for Expedited Hearing" and together with the Emergency Motion, the "Dugaboy Motions") filed by The Dugaboy Investment Trust ("Dugaboy"). In support of their Response, the Movants respectfully represent as follows:

## PRELIMINARY STATEMENT[2]

1. The Emergency Motion is disingenuous and the relief sought is unjustified. **There is no risk that Dugaboy will be left without counsel** since Stinson (i) has represented Dugaboy for years, (ii) filed an objection and served discovery in another motion to be heard on the same day as the 9019 Motion, and (iii) continues to represent Dugaboy in this case, as evidenced by the lack of any notice of withdrawal from any pending matter. For this reason and those set forth below, the Dugaboy Motions should be denied.

## RESPONSE

2. On May 19, 2025, the Movants filed their *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "9019 Motion") in which they sought approval of a settlement between the Highland Entities, Hunter Mountain Investment Trust ("HMIT"), and certain entities affiliated with HMIT.

3. On May 22, 2025, the Movants filed an amended notice of hearing [Docket No. 4221] (the "Notice") for (i) the 9019 Motion and (ii) the *Motion for Entry of an Order Further*

---

[2] Capitalized Terms not defined herein shall have the meanings ascribed to them below or in the 9019 Motion.

*Extending Duration of Trusts* [Docket No. 4213] (the "Trusts Motion" and together with the 9019 Motion, the "Movants Motions"). The Notice set a June 9, 2025 deadline to object to the Movants Motions.

4. Dugaboy has been exceedingly active in this case since 2020 and has been represented by Stinson LLP ("Stinson") as its primary counsel since mid-2021.

5. On May 29, 2025, Dugaboy, through Stinson, objected to the Trusts Motion. Docket No. 4223.

6. On June 6, 2025, one business day before the deadline to object to the 9019 Motion, Hunton Andrews Kurth LLP ("Hunton") contacted Movants' counsel and requested an extension of time to object to both the 9019 Motion and the Trusts Motion. Movant's Counsel informed Hunton that Movants would not consent to an extension of time nor would they consent to Hunton representing Dugaboy because Hunton represented Highland prior to and during its bankruptcy. Among other engagements, Hunton represented Highland in connection with HMIT's acquisition of its Highland partnership interests and was retained as Highland's special tax counsel during the bankruptcy, first, in January 2020 as an ordinary course professional, [Docket No. 275], and then pursuant to 11 U.S.C. § 327(e) [Docket Nos. 604, 763, 1169, 2596, 2872, 3046].[3]

7. On June 9, 2025, the due date for any objections, Dugaboy filed the Dugaboy Motions asking this Court to delay the adjudication of the 9019 Motion—a seminal moment in this case—to allow Hunton more time to diligence its conflict of interest and to prepare an objection to the 9019 Motion. The only justifications for the requested extension are that (a)

---

[3] In July 2021, Hunton disclosed its representation of The Charitable DAF Holdco, Ltd., in connection with its transfer of membership interests in Charitable DAF GP, LLC, to Mark Patrick and confirmed that Hunton was withdrawing from that representation due to the conflict with Highland. Docket No. 2596 ¶ 9. The transfer of those interests is the foundation of the non-parties Dallas Foundation and Crown Global Life Insurance, Ltd.'s objection to the 9019 Motion and the Cayman proceeding referenced therein. *See, e.g.,* Docket No. 4321 ¶ 6.

Hunton was retained by Dugaboy on June 6, and (b) in the absence of the requested relief, Dugaboy is supposedly "at risk of not having counsel." *See, e.g.*, Emergency Motion ¶¶1, 3.

8. Within hours of filing the Dugaboy Motions, Hunton filed the *Preliminary Objection of the Dugaboy Investment Trust to the Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities* [Docket No. 4230] (the "Objection"). The Objection included a detailed—albeit flawed—factual and legal analysis of the alleged defects in the 9019 Motion and is, in sum and substance, an objection to the 9019 Motion on the merits. Neither Hunton nor Dugaboy address the dissonance between their ability to timely file a substantive objection to the 9019 Motion and their contentions that it would be impossible to prepare and file a substantive objection to the 9019 Motion on the schedule included in the Notice.[4]

9. Nowhere does Dugaboy address how it is at "risk of not having counsel" when Stinson—Dugaboy's long-time and current counsel—already objected to the Trusts Motion and has not withdrawn from its representation of Dugaboy.[5]

10. Dugaboy's purported justifications for the Motions ring hollow and smack of gamesmanship. The Dugaboy Motions are a transparent attempt to delay adjudication of the Movants' Motions.

11. Dugaboy's unexplained decision to hire new counsel at the zero hour—particularly in light of Dugaboy's timely objection to the Trusts Motion and ability to file the Objection (even though Hunton supposedly has not completed its evaluation of its serious

---

[4] Hunton's decision to file a substantive, "preliminary" objection without having completed its purported evaluation of serious conflict issues (Emergency Motion ¶3) is troubling and will be addressed in due course; a firm should resolve conflict questions **before** taking adverse positions against a former client who paid it handsomely, for years. Highland reserves all rights at law and in equity on these matters.

[5] How Dugaboy can square its objection to the Trusts Motion (seeking to prevent the Trusts from being extended an additional year), with the Objection and Dugaboy Motions (seeking to prevent or delay the consummation of a settlement with a significant litigation counterparty, which would bring the case closer to resolution) is baffling.

LA:4902-5329-5692.7 36027.002

conflict issues)—does not justify delaying adjudication of the 9019 Motion or to giving Hunton more time to diligence a conflict that is readily apparent. The Dugaboy Motions should be denied.

## **PRAYER**

**WHEREFORE**, the Movants respectfully request denial of the Dugaboy Motions and such additional and further relief as the Court deems just and proper.

LA:4902-5329-5692.7 36027.002

June 10, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris (admitted *pro hac vice*)<br>Gregory V. Demo (admitted *pro hac vice*)<br>Hayley R. Winograd (admitted *pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910<br>Fax: (310) 201-0760<br>Email:    jpomerantz@pszjlaw.com<br>                jmorris@pszjlaw.com<br>                gdemo@pszjlaw.com<br>                hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br><br>*/s/ Robert S. Loigman*<br>Deborah J. Newman (admitted *pro hac vice*)<br>Robert S. Loigman (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br><br>-and-<br><br>**SIDLEY AUSTIN LLP**<br>Paige Holden Montgomery<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br><br>*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust* |

LA:4902-5329-5692.7 36027.002