Gregory G. Hesse, Esq.
State Bar No. 09549419
HUNTON ANDREWS KURTH, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone:  (214) 979-3000
Telecopy:   (214) 880-0011

**ATTORNEYS FOR DUGABOY INVESTMENT TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § | Case No. 19-34054-sgj-11 |
| Reorganized Debtor. | § § | |

**REPLY TO TRUSTS' RESPONSE TO (I) EMERGENCY MOTION
FOR AN ORDER EXTENDING DURATION OF TIME TO
RESPOND TO TRUSTS' MOTION AND (II) MOTION FOR EXPEDITED
HEARING ON EMERGENCY MOTION FOR AN ORDER
<u>EXTENDING DURATION OF TIME TO RESPOND TO TRUSTS' MOTION</u>**

COMES NOW, Gregory G. Hesse of Hunton Andrews Kurth, LLP, recently retained counsel for The Dugaboy Investment Trust ("Dugaboy"), respectfully files this Response to Highland Capital Management, L.P. ("Highland") and related parties' *Response to (I) the Emergency Motion for an Order Extending Duration of Time to Respond to Trusts' Motion (the "Emergency Motion") and (II) Motion for Expedited Hearing on Emergency Motion For An Order Extending Duration of Time to Respond to Trusts' Motion* [Docket No. 4232] (the "Response"), and in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1.      Highland's Response fundamentally misconstrues the reasons behind Dugaboy's Emergency Motion. Dugaboy did not retain Hunton Andrews Kurth LLP ("Hunton") to evade deadlines, to delay adjudication of the 9019 Motion, or to otherwise engage in gamesmanship. Hunton was retained because Dugaboy's long-time counsel, Stinson LLP ("Stinson"), disclosed to Dugaboy that it had represented Hunter Mountain Investment Trust ("HMIT") in at least one of the transactions that is the subject of the 9019 Motion. Rather than risk an objection or distraction based on that potential conflict, Dugaboy requested Hunton to represent it for purposes of participating in the 9019 Motion.

2.      Highland suggests that Stinson should have simply filed the objection, but Highland cannot have it both ways. Highland cannot simultaneously accuse Hunton of conflicts while ignoring that Stinson sought to avoid participating in 9019 motion as to which it represented one of the settling parties in one of the cases being settled, precisely to prevent a potential unnecessary dispute that would have cost Dugaboy (and potentially others) needless time and expense.

## RESPONSE

3.      Stinson raised its prior representation of HMIT in one of the matters being settled in good faith and recommended that Dugaboy obtain separate counsel to appear regarding the 9019 Motion. Dugaboy did exactly that, engaging Hunton to represent Dugaboy for this purpose.

4.      Highland's objection to Hunton's participation is not about conflicts or procedural fairness. It is about attempting to deprive Dugaboy of any counsel in connection with the 9019

---

[1] Capitalized Terms not defined herein shall have the meanings ascribed to them below or in the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "9019 Motion").

Motion. Dugaboy chose Hunton to represent it precisely to avoid any unnecessary cost and delay, the very cost and delay Highland is seeking to impose now.

5.  Regardless of Highland's assertion that Hunton managed to file a preliminary objection, the reality is that conflict diligence and substantive preparation take time. Hunton did the responsible thing by filing a preliminary objection to preserve Dugaboy's position while continuing its diligence regarding any potential conflicts.

6.  Highland's attempt to characterize Dugaboy's request as a delay tactic is disingenuous. Dugaboy is not asking to derail these proceedings but merely to ensure that it is properly and adequately represented. Highland's insistence on rushing this issue when it knows that Dugaboy's counsel is navigating these complexities is unjustified.

## CONCLUSION

7.  Highland Response seemingly seeks to deprive Dugaboy of representation and to proceed with settlement approval without providing Dugaboy with a meaningful opportunity to analyze the settlement. Dugaboy respectfully submits that it has acted responsibly by retaining Hunton in these circumstances. Dugaboy's request for a short extension was modest, prudent, and necessary under the circumstances.

WHEREFORE, Dugaboy respectfully requests that the Court grant the Emergency Motion, permit Hunton to appear as Dugaboy's counsel in this matter, extend the applicable deadlines to allow meaningful representation, and grant Dugaboy such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| **DATED:** June 10, 2025 | Respectfully submitted,<br><br>HUNTON ANDREWS KURTH LLP<br><br>By:   */s/  Gregory G. Hesse*<br>         Gregory G. Hesse (Texas Bar No.09549419)<br>         1445 Ross Avenue, Suite 3700<br>         Dallas, Texas  75202-2799<br>         Telephone:  (214) 979-3000<br>         Telecopy:    (214) 880-0011<br>         GHesse@hunton.com<br><br>**ATTORNEYS FOR DUGABOY INVESTMENT TRUST** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of June, 2025, a true and correct copy of the foregoing was served on ECF participants, electronically through the Court's ECF System.

*/s/  Gregory G. Hesse*
Gregory G. Hesse

087737.0000003 DMS 351567564v3