

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed June 10, 2025

_____
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | §  Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |

## ORDER DENYING EMERGENCY MOTION AND REQUEST FOR EXPEDITED HEARING FILED BY DUGABOY INVESTMENT TRUST ON JUNE 9, 2025

### [DE ## 4227 & 4228]

On May 8, 2025, the Reorganized Debtor and Highland Claimant Trust filed a Motion for an Order Further Extending Duration of Trusts ("Motion to Extend Trust Duration') [DE # 4213]—seeking an extension of the life of the trusts created pursuant to the Reorganized Debtor's confirmed plan. The confirmed plan went effective August 2021. The trusts are currently set to terminate on August 11, 2025. The movants are seeking a one-year extension on the Trusts' duration, due to still-unfinished administration required of the trusts.

1

On May 29, 2025, Dugaboy Investment Trust ("Dugaboy") filed an Objection [DE # 4223] to the Motion to Extend Trust Duration.  Dugaboy's Objection was filed by the Stinson LLP law firm which has represented Dugaboy and numerous other entities affiliated with James Dondero ("Dondero"), including Dondero, for several years in the above-referenced case and related adversary proceedings.

In between these two filings—on May 19, 2025—the Reorganized Debtor and Highland Claimant Trust filed a Motion pursuant to Bankruptcy Rule 9019 ("Settlement Motion"), seeking approval of a settlement with what they refer to as the "HMIT Entities" (i.e., Hunter Mountain Investment Trust, and related entities).  DE # 4216.  Notably, the Objection filed by Dugaboy on May 29, 2025 (to the extension of the duration of the trusts) makes a reference to the Settlement Motion in paragraph 9 of the Objection.  Both the Motion to Extend Trust Duration and the Settlement Motion are set for hearing on June 25, 2025.

Now, on June 9, 2025, Dugaboy—through different counsel (Hunton Andrews Kurth, LLP ("HAK")—has filed an Emergency Motion for an Order Extending Time to Respond to the Settlement Motion ("Dugaboy Emergency Motion").  DE # 4227.  HAK, during the Chapter 11 case, was special counsel to the Debtor-in-Possession Highland.  DE # 604.  In its employment application, which was approved by this court [DE # 763], HAK disclosed that it was paid $790,962.49 by Highland in the year before the bankruptcy, had a prepetition unpaid, unsecured claim against the Debtor of $895,200.01, and HAK was ultimately awarded $1,147,059.42 in final fees during the case. DE ## 2872 & 3046.  In any event, the Dugaboy Emergency Motion states that "Counsel was formally retained on June 6, 2025 to represent Dugaboy in the above-captioned matter.  Given the recent engagement, counsel requires additional time to review the motion pending before the court and prepare a meaningful and informed response to the 9019 Motion,

2

which was filed on May 19, 2025." DE # 4227, at para. 1. The Dugaboy Emergency Motion was filed at 4:23 pm on the deadline for responses to the Settlement Motion. It sought a two-week extension of the response deadline and sought an emergency hearing apparently on the afternoon of June 9, 2025. DE # 4228. Assuming an emergency hearing was warranted, the court was unavailable for a hearing because of a family medical emergency.

Dugaboy, through HAK, filed a "Preliminary Objection" to the Settlement Motion two hours later, on June 9, 2025 at 6:25 pm. [DE # 4230]. The court initially assumed that this mooted the Dugaboy Emergency Motion. But on close reading, the Preliminary Objection states at paragraph 17, that "In the event the Court grants Dugaboy's motion to extend response deadline to the Settlement Motion, Dugaboy reserves its right to supplement this Objection."

The Reorganized Debtor and Claimant Trust have objected to the Dugaboy Emergency Motion, pointing out that Dugaboy has never been without counsel in this matter (Stinson LLP has not withdrawn). Moreover, they point out additional possible conflicts of HAK, besides those which have been observed and mentioned by the court herein. Maybe HAK's extensive representation of the Debtor-in-Possession during and before its Chapter 11 case is not a problem. But it raises eyebrows, to say the least, and may require explanation.

Accordingly, this court will rule on the Dugaboy Emergency Motion as follows:

(a) the Dugaboy Emergency Motion, and accompanying request for an emergency hearing, are denied;

(b) Dugaboy has shown no good cause for an extension of time to respond to the Settlement Motion, when it has had counsel all along in this bankruptcy case that has been kept well-apprised of case matters;

3

(c) The court will only allow supplemental pleadings by Dugaboy relating to the Settlement Motion to the extent HAK wishes to address its possible conflicts of interest relating to the Settlement Motion.

# # # **END OF ORDER** # # #