PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of The Highland Litigation Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Debtor. | ) |

**MOTION TO QUASH SUBPOENAS SERVED BY PATRICK DAUGHERTY**

Highland Capital Management, L.P., the reorganized debtor ("Highland") in the above-captioned chapter 11 case (the "Bankruptcy Case") and the Highland Claimant Trust (the "Claimant Trust," and together with Highland, the "Movants"), by and through their undersigned counsel, hereby file this motion (the "Motion to Quash") pursuant to Federal Rule of Civil

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4919-6510-9327.3 36027.003

Procedure ("FRCP") 45(d), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016, to (a) quash the subpoenas served by Patrick Daugherty ("Daugherty") directed to (i) James P. Seery, Jr. (the "Seery Subpoena"), (ii) Mark Patrick (the "Patrick Subpoena"), and (iii) Highland's corporate representative (the "Rule 30(b)(6) Subpoena," and collectively with the Seery Subpoena and Patrick Subpoena, the "Subpoenas"). In support of the Motion to Quash, Movants state as follows:

I. **JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion to Quash pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, FRCP 45 and Bankruptcy Rule 9016. The statutory predicates for the relief requested in this Motion to Quash are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014, 9016, and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

II. **RELEVANT BACKGROUND**

2. On May 19, 2025, Highland, the Claimant Trust, and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust") filed the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 US.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "9019 Motion"),[2] pursuant to which Highland, the Claimant Trust, the Litigation Sub-Trust, and the Highland Indemnity Trust (the "Indemnity Trust," and together with Highland, the Claimant Trust, and the Litigation Sub-Trust, the "Highland Entities") sought approval of a settlement with Hunter Mountain Investment Trust ("HMIT") and its affiliated entities (the "HMIT Settlement").

---

[2] Any terms capitalized but not defined herein shall take on the meanings ascribed thereto in the 9019 Motion.

4919-6510-9327.3 36027.003                     2

3. Daugherty has no meaningful economic interest in the outcome of the 9019 Motion. His allowed Class 8 and Class 9 Claims have been paid in full, and his pending disputed Class 8 Claim has been fully reserved in an amount he agreed to and in accordance with the Disputed Claims Reserve requirements in the Plan (Plan, Art. I.B.49, I.B.50, VI.E). Nevertheless, on June 9, 2025, Daugherty filed his *Objection to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4229] (the "Daugherty Objection"). Pursuant to his Objection, Daugherty lodges a host of extensive, meritless, and unsupported objections to the 9019 Motion, asserting, for instance, that no settlement with HMIT can be reached until his disputed Class 8 claim has been resolved to Daugherty's satisfaction.

4. Objections to the 9019 Motion were also filed by The Dugaboy Investment Trust ("Dugaboy"), [Docket No. 4230] (the "Dugaboy Objection"), and the Dallas Foundation (on behalf of Empower Dallas Foundation and The Okada Family Foundation), and Crown Global Life Insurance, Ltd., "not individually, but solely in respect of Segregated Accounts," [Docket No. 4231] (the "Crown Obj." and together with the Daugherty Objection and the Dugaboy Objection, the "Objections").

5. In connection with the Dugaboy Objection, Dugaboy timely served reasonable discovery requests and agreed to a two-hour time limit on the four different depositions it sought. In response, Highland has produced over 4,000 documents to Dugaboy, and Highland and HMIT have made (or will make) their witnesses available for deposition. Daugherty's counsel attended the first three of those depositions.

6. On June 19, 2025 (a federal holiday), ten days after filing his Objection, and four business days before the hearing on the 9019 Motion, Daugherty served the Subpoenas. The Rule

30(b)(6) Subpoena—served with one business day notice—identified nearly 40 separate deposition topics and nearly 40 separate document requests (certain of the topics and requests appear to concern unrelated litigation). The Subpoenas are attached to the Morris Declaration[3] as **Exhibits 1** (the Seery Subpoena), **Exhibit 2** (the Patrick Subpoena), and **Exhibit 3** (the Rule 30(b)(6) Subpoena), respectively.

7.     Within an hour of receiving the Subpoenas, counsel for Movants offered to provide Daugherty with *all* documents previously produced to Dugaboy—which includes over 4,000 documents—and to make Mr. Seery and Mr. Patrick available for additional one-hour depositions.[4] Daugherty refused Movants' offer; without agreeing to accept the documents, Mr. Daugherty insisted that Mr. Seery and Mr. Patrick sit for two hours, rather than one, and that Highland produce a Rule 30(b)(6) witness to respond to Daugherty's wide ranging, largely unrelated topics. In response, Highland agreed to (a) produce all documents to Mr. Daugherty that Highland produced to Dugaboy, and (b) make Mr. Seery and Mr. Patrick available for two-hour depositions (with Mr. Seery even agreeing to appear on Sunday), if Mr. Daugherty withdrew the Rule 30(b)(6) Subpoena. Mr. Daugherty rejected Movants' second offer. *See* **Exhibit 4** (June 19-20, 2025 email chain between Daugherty's counsel and Movants' counsel).

### III.    ARGUMENT

#### A.    Legal Standard

8.     Rule 45(d)(1) mandates that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and that "[t]he court for the district where compliance is required

---

[3] "Morris Declaration" refers to the *Declaration of John A. Morris in Support of Motion to Quash Subpoenas Served by Patrick Daugherty*, filed concurrently herewith.

[4] Together, Highland and HMIT were willing to make four witnesses available (Mr. Seery twice, once by Dugaboy and once by Mr. Daugherty) *for a total of twelve hours*.

4919-6510-9327.3 36027.003            4

must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1).

9. The target of a Rule 45 subpoena may file a motion to quash or modify the subpoena. Under Rule 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

10. In analyzing whether a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed….Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents [or information] and the nature and importance of the litigation." *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, No. 6:20-0581, 2022 U.S. Dist. LEXIS 99837, at *4 (W.D. La. June 3, 2022). "The trial court has broad discretion in determining whether to grant a motion to quash a subpoena." *Id.* at *7.

B. **The Subpoenas Should Be Quashed**

11. The Subpoenas should be quashed under Rule 45 because they fail to allow Movants a reasonable amount of time to comply; they are grossly overly broad and unduly burdensome; they seek information entirely irrelevant to the 9019 Motion, and they were served by a party, Mr. Daugherty, who does not have a legitimate economic interest in the outcome of the 9019 Motion.

12. There is no excuse for Daugherty's delay in serving the Subpoenas, with one business day's notice, or serving Subpoenas that are facially overbroad—including nearly 40 Rule 30(b)6) topics and nearly 40 discovery requests—regardless of the severe time constraints.

13. As shown in Exhibit 4, the Movants tried to compromise with Daugherty to narrow the scope of his discovery requests and offered to produce thousands of documents previously produced to Dugaboy, but Daugherty unreasonably refused multiple offers. Daugherty's Subpoenas are plainly overly broad, impose significant burden and expense on three witnesses and Movants, and seek extensive and irrelevant discovery information. This is especially true given Daugherty's lack of meaningful economic interest in the outcome of the 9019 Motion—his allowed Class 8 and 9 interests have been paid in full; his disputed claim is reserved in full. In light of the last-minute nature of his overbroad and burdensome discovery and deposition requests, the Movants request that the Court quash the Subpoenas.

## CONCLUSION

14. WHEREFORE, for the reasons set forth above, the Movants respectfully request that the Court grant the Motion, quash the Subpoenas, and grant Movants such further and additional relief as they may be justly entitled.

June 20, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris (admitted *pro hac vice*)<br>Gregory V. Demo (admitted *pro hac vice*)<br>Jordan A. Kroop (admitted *pro hac vice*)<br>Hayley R. Winograd (admitted *pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910<br>Fax: (310) 201-0760<br>Email:   jpomerantz@pszjlaw.com<br>             jmorris@pszjlaw.com<br>             gdemo@pszjlaw.com<br>             jkroop@pszjlaw.com<br>             hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Deborah J. Newman (admitted *pro hac vice*)<br>Robert S. Loigman (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br><br>-and-<br><br>**SIDLEY AUSTIN LLP**<br>Paige Holden Montgomery<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br><br>*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust* |