**EXHIBIT 2**

## PROMISSORY NOTE

$24,268,621.69 May 31, 2017

THIS PROMISSORY NOTE (this "**Note**") is in substitution for and supersedes in its entirety that certain promissory note dated May 31, 2017, in the original face amount of **$24,198,069.28** (the "**Amended Note**"), which was in substitution for and superseded in its entirety that certain promissory note dated December 28, 2016, in the original face amount of **$23,817,639.58** (the "**Original Note**"), from The Dugaboy Investment Trust, as Maker, and The Get Good Non-Exempt Trust as Payee (collectively, the "**Prior Notes**"), together with the aggregate outstanding principal and accrued and unpaid interested represented thereby.
WHEREAS, The Get Good Non-Exempt Trust sold, transferred and assigned 97.6835% of its interest in the Original Note to Highland Capital Management, L.P. pursuant to that Purchase and Sale Agreement dated December 28, 2016 between Highland Capital Management, L.P. and The Get Good Non-Exempt Trust.

FOR VALUE RECEIVED, THE DUGABOY INVESTMENT TRUST ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, L.P. and THE GET GOOD NON-EXEMPT TRUST (collectively, the "**Payee**"), in legal and lawful tender of the United States of America, the principal sum of TWENTY FOUR MILLION, TWO HUNDRED SIXTY-EIGHT THOUSAND, SIX HUNDRED TWENTY ONE AND 69/100 DOLLARS ($24,268,621.69), together with interest, on the terms set forth below. All sums hereunder are payable to Payee at 300 Crescent Court, Suite 700, Dallas, Texas 75201, or such other address as Payee may specify to Maker in writing from time to time.

1. Interest Rate. The unpaid principal balance of this Note from time to time outstanding shall bear interest at the rate of three and twenty-six hundredths percent (3.26%) per annum from the date hereof until Maturity Date (hereinafter defined), compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable annually.

2. Payment of Principal and Interest. Principal and interest under this Note shall be payable as follows:

2.1 Annual Payment Dates. During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. 97.6835% of each Annual Installment shall be paid to Highland Capital Management, L.P. and the remaining 2.3165% shall be paid to The Get Good Non-Exempt Trust. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

2.2 Final Payment Date. The final payment in the aggregate amount of the then outstanding and unpaid Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable in full on December 31, 2047 (the "**Maturity Date**").

3. <u>Prepayment Allowed; Renegotiation Discretionary</u>. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4. <u>Acceleration Upon Default</u>. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5. <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6. <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7. <u>Limitation on Agreements</u>. All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8. <u>Governing Law</u>. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

9. <u>Prior Notes</u>. The original of each of the Original Note and the Amended Note superseded hereby shall be marked "VOID" by Payee.

MAKER:

THE DUGABOY INVESTMENT TRUST

By: _____
Name: Nancy Dondero
Title: Trustee

2

HCMLPDT000002