**EXHIBIT 15**

BTXN 049 (rev. 03/15)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Highland Capital Management, L.P. | § | |
| | § | Case No.:   19–34054–sgj11 |
| Debtor(s) | § | Chapter No.:   11 |
| NexPoint Real Estate Partners, LLC (f/k/a HCRE | § | |
| Partners, LLC) | § | |
| Appellant(s) | § | |
| vs. | § | |
| Highland Capital Management, L.P. | § | |
| Appellee(s) | § | |
| | § | |
| | § | |
| | § | |

## NOTICE OF TRANSMITTAL

I am transmitting:

☐  The Motion for leave to Appeal 28 U.S.C. § (USDC Civil Action No. DNC Case).

☐  The Motion for Stay Pending Appeal (USDC Action No. – DNC Case).

☐  The Proposed Findings of Fact and Conclusions of Law.

☐  The Motion to Extend Time To File Designation (USDC Civil Action No DNC Case).

☐  On , the Record on Appeal was transmitted. The designation of record or item(s) designated by
were not filed when the record was transmitted. The item(s) were filed on awaiting instructions
from the assigned district judge.

☐  Other

☑  Copies of: Notice of appeal, appealed order [4038,4039, 4069] and supporting documents

**TO ALL ATTORNEYS**: File all subsequent papers captioned and numbered with the appropriate division of the
United States District Clerk's Office. Any questions concerning this proceeding should be directed to the U.S. District
Clerk's Office at (214) 753–2200.

DATED:  6/14/24                    FOR THE COURT:
                                   Kevin McNatt, Clerk of Court

                                   by: /s/Sheniqua Whitaker, Deputy Clerk

1934054240620000000000002

HCMLPDT000358

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## APPEAL SERVICE LIST

## Transmission of the Record

BK Case No.: __19–34054–sgj11__

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G Jernigan
    Courtney Lauer
    Nick Olivencia
    Attorney(s) for Appellant
    US Trustee

**Appellant**   NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: ( 737) 227–3102

Charles W. Gameros, Jr., P.C.
Douglas Wade Carvell, P.C.
HOGE & GAMEROS. L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214–765–6002

**Appellee**   Highland Capital Management, L.P.

Jeffery N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277–6910

HCMLPDT000359

BTXN 150 (rev. 11/10)

| | | |
|---|---|---|
| In Re: | § | |
| Highland Capital Management, L.P. | § | Case No.:   19–34054–sgj11 |
| | § | Chapter No.:   11 |
| Debtor(s) | § | |

## CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.** (a) **APPELLANT**
NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

**APPELLEE**
Highland Capital Management, L.P.

(b) County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: ( 737) 227–3102

Charles W. Gameros, Jr., P.C.
Douglas Wade Carvell, P.C.
HOGE & GAMEROS. L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214–765–6002

Attorney's (If Known)
Jeffery Pomerantz,
Ira Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277–6910

### II. BASIS OF JURISDICTION

○ 1 U.S. Government Plaintiff  ○ 2 U.S. Government Defendant  ◉ 3 Federal Question (U.S. Government Not a Party)  ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. NATURE OF SUIT

◉ 422 Appeal 28 USC 158    ○ 423 Withdrawal 28 USC 157    ○ 890 Other Statutory Actions

### V. ORIGIN

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened
○ 5 Transferred from another district  ○ 6 Multidistrict Litigation  ○ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
422 Appeal 28 USC 158

Brief description of cause:
Notice of appeal of a bankruptcy court order

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

Judge:

Docket Number:    21-0538-N,21-0539-N,21-0546, 21-0550, 21-1585, 22-0335, 22-2051, 22-0573, 23-207

DATED:  6/14/24

FOR THE COURT:
Kevin McNatt, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

HCMLPDT000360

Amy L. Ruhland
Texas Bar No. 24043561
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
**HOGE & GAMEROS. L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
        wcarvell@legaltexas.com

*Attorneys for NexPoint Real Estate Partners,*
*LLC (f/k/a HCRE Partners, LLC)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case N. 19-34054 (SGJ) |
| Debtor. | |

## <u>SECOND AMENDED NOTICE OF APPEAL</u>

NOTICE IS HEREBY GIVEN THAT, pursuant to 28 U.S.C. § 158(a) and Rules 8002 and

8003 of the Federal Rules of Bankruptcy Procedure, NexPoint Real Estate Partners, LLC (f/k/a

HCRE Partners, LLC) hereby appeals to the United States District for the Northern District of

Texas from the *Memorandum Opinion and Order Granting Highland Capital Management,*

HCMLPDT000361

*L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection With Proof of Claim # 146* [Dkt. Nos. 4038 and 4039], entered by the United States Bankruptcy Court for the Northern District of Texas on March 5, 2024 and *Order Denying Motion of NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) Seeking Relief From Order Pursuant to Fed. R. of Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) & (6)* [Dkt. 4069] entered by the United States Bankruptcy Court for the Northern District of Texas on May 21, 2024 (collectively referred to as the "Orders"). True and correct copies of the Orders are attached hereto as Exhibit A, Exhibit B, and Exhibit C. The parties to the appeal are as follows:

Appellant/Respondent: NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

Attorneys:
Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG
901 S. Mopac Expwy, Suite 300
Austin, TX  78746
Tel.: ( 737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Douglas Wade Carvell, P.C.
HOGE & GAMEROS. L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
          wcarvell@legaltexas.com

Appellee/Movant: Highland Capital Management, L.P.

Attorneys:
Jeffery N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor

HCMLPDT000362

Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinofrad@pszjlaw.com


Dated: June 4, 2024                          Respectfully Submitted,

                                             REICHMAN JORGENSEN LEHMAN &
                                             FELDBERG

                                             */s/Amy L. Ruhland*
                                             Amy L. Ruhland
                                             Texas Bar No. 24043561
                                             aruhland@reichmanjorgensen.com
                                             901 S. Mopac Expwy, Suite 300
                                             Austin, TX 78746
                                             Tel.: (737) 227-3102

                                             HOGE & GAMEROS. L.L.P

                                             Charles W. Gameros, Jr., P.C.
                                             Texas Bar No. 00796956
                                             bgameros@legaltexas.com
                                             Douglas Wade Carvell, P.C.
                                             Texas Bar No. 00796316
                                             wcarvell@legaltexas.com
                                             6116 North Central Expressway, Suite 1400
                                             Dallas, Texas 75206
                                             Tel.: 214-765-6002

                                             *Attorneys for NexPoint Real Estate Partners,
                                             LLC (f/k/a HCRE Partners, LLC)*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland

HCMLPDT000364

# EXHIBIT A

HCMLPDT000365



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2024**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor | § | |

### MEMORANDUM OPINION AND ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM # 146

### I.    INTRODUCTION

Before this court is a sanctions motion[1] filed by Highland Capital Management, L.P.

("Highland," the "Debtor," or the "Reorganized Debtor"). [2]  The motion seeks sanctions against

---

[1] *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in connection with Proof of Claim 146* ("Sanctions Motion"). Dkt. No. 3851.

[2] Highland is a reorganized debtor under the confirmed *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). Dkt. No. 1808. *See Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("Confirmation Order"). Dkt. No. 1943.



HCMLPDT000366

NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("NexPoint/HCRE") for its filing, prosecution, and then abrupt attempt to withdraw a meritless proof of claim (after almost three years of protracted litigation).

NexPoint/HCRE filed the subject proof of claim, #146 on the claims register ("Proof of Claim"), on April 8, 2020.[3]  The Proof of Claim was signed electronically by James D. Dondero ("Dondero") and was prepared and filed by a law firm that was representing him personally at that time.[4]  The Proof of Claim was not in a liquidated amount and was somewhat ambiguous.  It stated in an Exhibit A thereto, that NexPoint/HCRE, which was a limited partner, along with Highland, in a limited liability company called SE Multifamily Holdings, LLC ("SE Multifamily")—an entity which owned valuable real estate—"may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor" and added that Highland's equity interest "may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor."  NexPoint/HCRE stated that it would update the Proof of Claim to provide the exact amount of it "in the next ninety days" but never did.

Highland objected to the Proof of Claim.  Thereafter, NexPoint/HCRE (while still not providing any liquidated amount of its Proof of Claim) refined its position therein to argue that the organizational documents relating to SE Multifamily improperly allocated the ownership percentages of the equity members, due to mutual mistake, lack of consideration, and/or failure of consideration. NexPoint/HCRE essentially sought to reform, rescind, and/or modify the SE Multifamily limited liability company agreement (and possibly other documentation) to give Highland less ownership (or no ownership interest) in SE Multifamily and, accordingly,

---

[3] Claim No. 146.

[4] Bonds Ellis Eppich Schafer Jones LLP.

HCMLPDT000367

NexPoint/HCRE would have a larger ownership interest in SE Multifamily.  Next, there occurred years of litigation between the parties, including:  (a) a skirmish over Highland's motion to disqualify NexPoint/HCRE's newest counsel (*i.e.,* a law firm that had represented both Highland and NexPoint/HCRE in transactions involving SE Multifamily), which was ultimately granted, and (b) an eleventh-hour attempt by NexPoint/HCRE to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits.  Highland objected to the withdrawal. The court held a hearing on that, as required by Bankruptcy Rule 3006.  The court declined to allow withdrawal of the Proof of Claim, when the parties could not stipulate to an agreed form of order (*i.e.,* NexPoint/HCRE was unwilling to withdraw the Proof of Claim ***with prejudice*** to asserting its claims again in any future litigation in any forum).

Painfully, after all this, an evidentiary hearing was held on the merits of the Proof of Claim ("Trial") on November 1, 2022.  During the Trial, Highland made an oral motion for a bad faith finding and assessment of attorneys' fees against NexPoint/HCRE in connection with its filing and prosecution of the Proof of Claim ("Oral Sanctions Motion"), which this court took under advisement, along with the consideration of the Proof of Claim as a whole.

On April 28, 2023, this court entered a 39-page memorandum opinion and order[5] sustaining Highland's objection to NexPoint/HCRE's Proof of Claim, but denying Highland's Oral Sanctions Motion, without prejudice, ***as procedurally deficient in that it was made orally and for the first time during the Trial.***  Thus, the Oral Sanctions Motion failed to provide NexPoint/HCRE sufficient notice and an opportunity to respond and, therefore, did not satisfy concerns of due process.

---

[5] *See Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* ("Proof of Claim Disallowance Order"). Dkt. No. 3767.

HCMLPDT000368

On June 16, 2023, Highland filed the instant Sanctions Motion, setting forth the legal and factual bases for the relief sought. The Sanctions Motion specifically seeks a finding of bad faith against NexPoint/HCRE and reimbursement of Highland's attorneys' fees and costs, as a sanction for NexPoint/HCRE's filing and prosecution of the Proof of Claim.

After due notice to NexPoint/HCRE, and a hearing held January 24, 2024 on the Sanctions Motion ("<u>Sanctions Motion Hearing</u>"), and after consideration of the pleadings filed, evidence in the record, and arguments of counsel, the court finds, for the reasons detailed in the findings of fact and conclusions of law below,[6] that NexPoint/HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim. Accordingly, NexPoint/HCRE will be required, as a sanction, to reimburse Highland's attorneys' fees and costs (totaling **$825,940.55**) incurred in connection with its objection to the Proof of Claim.

## II.    JURISDICTION

This court has jurisdiction and authority to determine and enter a final order in this matter, pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O) and 1334.[7]

## III.    BACKGROUND, PROCEDURAL HISTORY, AND FINDINGS OF FACT

### A.  *Incorporation Herein of Proof of Claim Disallowance Order*

As noted above, this court, on April 28, 2023, issued its 39-page Proof of Claim Disallowance Order, sustaining Highland's objection to NexPoint/HCRE's Proof of Claim

---

[6] To the extent that any of the findings of fact should be construed as a conclusion of law, it shall be construed as such. To the extent that any of the conclusions of law should be construed as a finding of fact, it shall be construed as such.

[7] The Fifth Circuit recently confirmed the jurisdiction and authority of bankruptcy courts to issue sanctions orders in connection with bankruptcy cases and proceedings over which they exercise jurisdiction, because they are in the nature of *civil contempt* orders—which are considered "part of the underlying case" – "because the bankruptcy court had jurisdiction over the [ ] bankruptcy case, it had jurisdiction to enter the sanctions order, too." *Kreit v. Quinn (In re Cleveland Imaging and Surgical Hospital, L.L.C.)*, 26 F.4th 285, 294 (5th Cir. 2022) (cleaned up).

HCMLPDT000369

following the Trial on same. The Proof of Claim Disallowance Order sets forth extensive

procedural history, findings of fact, and conclusions of law pertaining to NexPoint/HCRE's filing

and prosecution of its Proof of Claim, which Highland alleges in the instant Sanctions Motion was

conducted in bad faith. NexPoint/HCRE did not appeal the Proof of Claim Disallowance Order.

Thus, it is a final and non-appealable order.[8] The court hereby incorporates by reference the Proof

of Claim Disallowance Order (and all of the findings and conclusions therein), as if set forth

verbatim herein.[9]

### B. Highland Files Sanctions Motion

On June 16, 2023, Highland filed the instant Sanctions Motion. It was supported with a

Declaration of John A. Morris in support of the Sanctions Motion ("Morris Declaration")[10] and

431 pages of attached exhibits as set forth in the following table:

| Exhibit A | NexPoint/HCRE's Proof of Claim[11] |
|-----------|-------------------------------------|
| Exhibit B | Highland's Objection to NexPoint/HCRE's Proof of Claim[12] |
| Exhibit C | NexPoint/HCRE's Response to Objection to Claim[13] |

---

[8] The Proof of Claim Disallowance Order is one of the few bankruptcy court orders issued in this bankruptcy case that was not appealed by Dondero or a Dondero-controlled entity. Although the court has not counted the exact number of appeals filed by Dondero and/or Dondero-controlled entities in this bankruptcy case and related proceedings, this court takes judicial notice of information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals." *See Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12, at ¶ 24, filed on February 9, 2024. Dkt. No. 189 (NDTX Case No. 3:21-cv-00881-X).

[9] The Proof of Claim Disallowance Order was attached as Exhibit D to the Declaration of John A. Morris, Dkt. No. 3852, which was filed by Highland in connection with, and in support of, the relief requested in the Sanctions Motion.

[10] Dkt. No. 3852.

[11] Claim No. 146, filed April 8, 2020.

[12] *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Objection to Claim"), filed July 30, 2020. Dkt. No. 906.

[13] *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Response to Objection to Claim"), filed October 19, 2020. Dkt. No. 1212.

HCMLPDT000370

| Exhibit D | Proof of Claim Disallowance Order |
| Exhibit E | Transcript of November 1, 2022 Trial (on NexPoint/HCRE's Proof of Claim) |
| Exhibit F | Attorneys' Fees of Pachulski Stang Ziehl & Jones LLP ("PSZJ") for the period of August 1, 2021 through December 31, 2022 incurred in connection with the litigation on the NexPoint/HCRE Proof of Claim |
| Exhibit G | Invoices for court reporting services provided in connection with depositions taken and defended during the course of the Proof of Claim litigation |
| Exhibit H | Invoice for services rendered by David Agler, who provided specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim |
| Exhibit I | Summary of Fees and Expenses Incurred by Highland in Connection with NexPoint/HCRE's Proof of Claim |

The Sanctions Motion (unlike the Oral Sanctions Motion made during the Trial) provided NexPoint/HCRE with due and appropriate notice of the legal and factual bases for Highland's request for a bad faith finding and reimbursement of attorneys' fees and costs incurred by it in litigating the Proof of Claim. As stated in the Sanctions Motion, the legal basis for Highland's request for reimbursement of its attorneys' fees as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim is the bankruptcy court's "inherent authority under section 105 of the Bankruptcy Code to issue sanctions after making a finding of bad faith."[14] Highland referred to specific documentary and testimonial evidence adduced during the Trial that it alleges supports a finding that NexPoint/HCRE filed and prosecuted its Proof of Claim in bad faith, and attached invoices evidencing its attorneys' fees and costs incurred as a direct result of this alleged bad faith.

---

[14] *See* Sanctions Motion, 10, ¶25.

HCMLPDT000371

Before NexPoint/HCRE filed its response to the Sanctions Motion, the matter was stayed on August 2, 2023, pending court-ordered global mediation.[15] The mediation ultimately proved to be unsuccessful.[16] Thereafter, NexPoint/HCRE filed its *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* ("Response")[17] on December 22, 2023. NexPoint/HCRE denies that it filed and prosecuted its Proof of Claim in bad faith and argues it should not be sanctioned at all. It further argues that, even if the filing and prosecution of the Proof of Claim are found to have been in bad faith, the amount of the fees incurred by Highland in connection with the Proof of Claim litigation is "*per se* excessive for a single proof of claim objection"[18] and "extraordinarily high given that this dispute could have been brought to a swift close many months ago"—if only NexPoint/HCRE had been allowed to withdraw its Proof of Claim in September of 2022.[19] Highland's has sought reimbursement of more than $800,000 in attorneys' fees and more than $16,000 in expenses, identified in Exhibits F through H (and summarized in Exhibit I) of the Morris Declaration as having been incurred by Highland in connection with its litigation of the Proof of Claim.

Highland filed its *Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in*

---

[15] *See Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation*. Dkt. No. 3897. This was not the first time the bankruptcy court has ordered global mediation in the Highland case.

[16] *See Joint Notice of Mediation Report* filed on November 7, 2023. Dkt. No. 3995.

[17] Dkt. No. 3995.

[18] Response, 10, ¶34.

[19] Response, 13, ¶45. NexPoint/HCRE argues that, because it had sought to withdraw its Proof of Claim, any fees incurred by Highland after the filing of NexPoint/HCRE's motion to withdraw cannot be attributable to NexPoint/HCRE's alleged bad faith filing and prosecution of its Proof of Claim; rather, such fees were incurred by Highland as a result of Highland's decision to object to NexPoint/HCRE's withdrawal of its Proof of Claim and to proceed with the litigation, including taking depositions, and proceeding to "trial" on the merits instead of "taking a win" with NexPoint/HCRE's withdrawal of its Proof of Claim. *See* Response, 2.

HCMLPDT000372

*Connection with Proof of Claim 146*[20] on January 19, 2024, and filed an *Amended Reply in Further*

*Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real*

*Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146*

("<u>Reply</u>")[21] on January 23, 2024. Highland argues that "[n]othing in the Response warrants the

denial of the [Sanctions] Motion or its requested award of attorneys' fees" and that "the record

makes clear" that NexPoint/HCRE and its principals "clearly and convincingly acted in bad faith

by (a) knowingly filing and prosecuting a baseless Proof of Claim, . . . ([b]) seeking an unfair

litigation advantage by trying to withdraw its Proof of Claim ***after*** taking Highland's depositions

but ***before*** subjecting its own witnesses to questioning, and ([c]) trying at all times to preserve for

another day the claims it asserted (*i.e.*, to "reform, rescind and/or modify the agreement")."[22]

The court held a hearing on the Sanctions Motion ("<u>Hearing</u>") on January 24, 2024, during

which NexPoint/HCRE was given a full opportunity to respond to Highland's allegations of bad

faith and request for sanctions.

## IV.  CONCLUSIONS OF LAW

### A.  *The Sanctions Motion Satisfies Due Process Considerations*

In invoking its inherent power to sanction bad faith conduct or a willful abuse of the judicial

process, "[a] court must exercise caution . . . , and it must comply with the mandates of due process,

both in determining that the requisite bad faith exists and in assessing fees." *In re Correra*, 589

B.R. 76, 125 (Bankr. N.D. Tex. 2018). As noted above, the court entered its Proof of Claim

Disallowance Order on April 28, 2023, in which it sustained Highland's objection to, and

disallowed, the Proof of Claim but denied, without prejudice, Highland's Oral Sanctions Motion

---

[20] Dkt. No. 4018.

[21] Dkt. No. 4023.

[22] Reply, 2, ¶2.

HCMLPDT000373

as being procedurally defective because, having been raised for the first time during Trial and not having been made in writing, it had not given NexPoint/HCRE adequate notice and an opportunity to respond to the specific allegations of bad faith being made against it. The court pointed out that it did not address or make any determination regarding the substance of Highland's requests in the Oral Sanctions Motion for a bad faith finding and sanctions against NexPoint/HCRE, subject to Highland's right seek a bad faith finding and sanctions against NexPoint/HCRE upon and after giving it proper notice and an opportunity to respond:

> Here, where the Reorganized Debtor's generic oral request for a finding of bad faith and for "an award costs for a bad faith filing" did not articulate the legal basis for such an award and was raised for the first time during the Trial, HCRE was not given sufficient notice and an opportunity to respond, and, therefore, the court will deny, without prejudice, [Highland's] request for reimbursement of its costs incurred in connection with its objection to HCRE's Proof of Claim.

Proof of Claim Disallowance Order, 38-39 (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) ("[A] person facing possible sanctions is entitled to due process. . . . At a minimum, the respondent is entitled to notice of the authority for the sanctions, notice of the specific conduct or omission that forms the basis of possible sanctions and the opportunity to respond."); *In re Magari*, 2010 WL 817327 at **2-3 (Bankr. N.D. Tex. Mar. 4, 2010) ("By requesting the sanctions award, the Trustee has raised due process concerns that can only be satisfied by providing to the affected party sufficient notice and opportunity to respond.")).

The court concludes that the instant Sanctions Motion and Hearing have provided NexPoint/HCRE with the due process that was lacking in connection with the Oral Sanctions Motion. NexPoint/HCRE was given adequate notice of the legal authority invoked for sanctions (the bankruptcy court's inherent powers under section 105 of the Bankruptcy Code) and NexPoint/HCRE's specific conduct (the filing and prosecution of its Proof of Claim) that Highland

9

HCMLPDT000374

alleges to have been in bad faith, and NexPoint/HCRE was given adequate opportunity to respond through briefing and at the Hearing on the Sanctions Motion.

With due process concerns having been now addressed and satisfied, the court is able to address the substantive questions raised in the instant Sanctions Motion of (1) whether NexPoint/HCRE did, indeed, act in bad faith in the filing and prosecution of its Proof of Claim and (2) if so, whether an award of reimbursement of Highland's attorneys' fees and costs incurred in connection with its litigation of the Proof of Claim is an appropriate sanction for such bad faith.

### B. *NexPoint/HCRE Filed and Prosecuted its Proof of Claim in Bad Faith and Willfully Abused the Judicial Process*

A bankruptcy court may sanction a litigant for bad faith filing or litigation if the court makes specific findings, based on clear and convincing evidence, of bad faith or willful abuse of the judicial process. *See Cleveland Imaging*, 26 F.4th at 292 (A bankruptcy court may only sanction a party using its inherent authority if "(1) the bankruptcy court finds that the party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence.") (citing *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729-30 (5th Cir. 2014)). The bankruptcy court's power to sanction bad faith or willful abuse of the judicial process derives from its inherent authority under 11 U.S.C. § 105(a) to issue civil contempt orders. *Id.* at 294, 294 n.14 (quoting the "relevant part" of Bankruptcy Code section 105(a), which provides that bankruptcy courts may "sua sponte, tak[e] any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") (cleaned up).

Having reviewed the record and the evidence adduced at Trial and NexPoint/HCRE's response to the Sanctions Motion (both in its Response and at the hearing on the Sanctions Motion), the court finds and concludes that there is clear and convincing evidence here that

10

HCMLPDT000375

NexPoint/HCRE filed and prosecuted is Proof of Claim in bad faith and that it willfully abused the
judicial process.

1. *Dondero's Execution and Authorization of the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence Was in Bad Faith and a Willful Abuse of the Judicial Process*

As noted in the Proof of Claim Disallowance Order, NexPoint/HCRE filed its Proof of
Claim in this Highland bankruptcy case on April 8, 2020, several months after the post-petition
"nasty breakup" between Highland and its co-founder and president and chief executive officer,
Dondero.  NexPoint/HCRE described the basis of its claim in Exhibit A attached to its Proof of
Claim:[23]

## Exhibit A

HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an
entity called SE Multifamily Holdings, LLC ("SE Multifamily").  Claimant may be
entitled to distributions out of SE Multifamily, but such distributions have not been
made because of the actions or inactions of the Debtor.  Additionally, Claimant
contends that all or a portion of Debtor's equity, ownership, economic rights,
equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor
or may be the property of Claimant.  Accordingly, Claimant may have a claim
against the Debtor.  Claimant has requested information from the Debtor to
ascertain the exact amount of its claim.  This process is on-going.  Additionally,
this process has been delayed due to the outbreak of the Coronavirus.  Claimant is
continuing to work to ascertain the exact amount of its claim and will update its
claim in the next ninety days.

NexPoint/HCRE was one of the many non-debtor Dondero-controlled entities affiliated
with Highland. Dondero was the president and sole manager of NexPoint/HCRE, and an individual
named Matt McGraner ("McGraner") was NexPoint/HCRE's vice president and secretary.
NexPoint/HCRE had no employees of its own but instead relied on Highland's employees (and
employees of other entities controlled by Dondero) to conduct business on its behalf.  Dondero
executed the Proof of Claim as the "person who is completing and signing this claim," checking

---

[23] Claim No. 146.

11

HCMLPDT000376

the box that indicates he is "the creditor's attorney or authorized agent" and acknowledging that "I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct" and that "I declare under penalty of perjury that the foregoing is true and correct."[24] The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it and without conducting any due diligence on, or investigation into, whether the statements made in the Proof of Claim were truthful and accurate, which supports a finding that Dondero's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.

At Trial, Dondero testified that he had authorized his electronic signature to be affixed to the document and to be filed on behalf of NexPoint/HCRE and admitted that he had not reviewed the document before doing so.[25] He further testified that he could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed,"[26] and, more specifically, that he did not, prior to authorizing his law firm (Bonds Ellis) to affix his electronic signature on, and to file, the Proof of Claim, review or provide comments to the Proof of Claim or its Exhibit A, review the SE Multifamily Amended LLC Agreement or any documents,[27] "check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it," or do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of

---

[24] Proof of Claim, 3.

[25] Transcript of the November 1, 2022 Trial on Debtor's Objection to HCRE's Proof of Claim ("Trial Tr.")[Dkt. No. 3616] 55:2-22.

[26] Trial Tr. 56:20-23.

[27] Trial Tr. 55:10-22, 56:15-57:6.

HCMLPDT000377

HCRE."[28]  Moreover, he testified that he did not know whose idea it was to file the Proof of Claim,[29] who at NexPoint/HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, what information was given to Bonds Ellis that enabled them to formulate the Proof of Claim, or whether "Bonds Ellis ever communicated with anybody in the real estate group regarding [the Proof of Claim]."[30]

Dondero has argued that he had a good faith basis to sign and file the Proof of Claim on behalf of NexPoint/HCRE because "he had a host of responsibilities across a sprawling and sophisticated corporate structure and relied on numerous individuals within that structure to help manage the day-to-day operations of Highland and its subsidiaries and managed funds"[31] and that he "ha[d] to rely on systems and processes[,]" because "[he] can't be directly involved in everything."[32]  Dondero further testified that "[he] sign[s] a lot of high-risk documents and [has] to rely on the process and the people and internally and externally as part of the process to sign it without direct validation from or verification from me, and this [Proof of Claim] is another one of those items."[33]

Dondero's "I'm-a-very-busy-person/too-busy-to-be-bothered-to-investigate" excuse is not a defense, as a matter of law, to his bad faith and willful abuse of the judicial process in connection with the filing of the Proof of Claim.  Nor is Dondero's claimed reliance on systems and processes in connection with the execution and filing of this Proof of Claim, as a matter of fact, supported by the evidence.  The court notes that the Proof of Claim is not a complex, lengthy legal or

---

[28] Trial Tr. 57:25-58:16.

[29] Trial Tr. 57:7-9.

[30] Trial Tr. 56:1-14.

[31] Response, 7, ¶16.

[32] Trial Tr. 57:25-58:7.

[33] Trial Tr. 57:25-59:2.

HCMLPDT000378

corporate document; Exhibit A to the Proof of Claim, which set forth the basis for the claim, is only one paragraph long, yet Dondero did not even bother to read it before signing under penalty of perjury that the information contained in the Proof of Claim, including Exhibit A, was truthful and accurate. And, Dondero's own testimony contradicts his assertion that he relied on "systems and processes" and on other people within the "sprawling and sophisticated corporate structure" and his outside counsel to ensure the accuracy of the Proof of Claim. He had no reasonable or justifiable basis to rely on anyone or any "process" that was allegedly in place in connection with his signing of "high risk" documents, because he asked no questions, conducted no due diligence, and made no effort, whatsoever, to verify that the information that he was swearing was accurate under penalty of perjury was, in fact, truthful.

The court finds and concludes that the foregoing admissions by NexPoint/HCRE, through Dondero, provide clear and convincing evidence that ***NexPoint/HCRE filed its Proof of Claim*** in bad faith and willfully abused the judicial process.

2. *NexPoint/HCRE's Litigation Strategy and Actions in the Prosecution of Its Proof of Claim Are Further Evidence of Its Bad Faith and Willful Abuse of the Judicial Process*

Moreover, NexPoint/HCRE's **litigation strategy and actions** taken in the course of prosecuting its Proof of Claim over the next two and a half years, after filing it, ***provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process***.

HCMLPDT000379

As noted in the Proof of Claim Disallowance Order, six months after Dondero signed and filed the Proof of Claim in April 2020, and in response to Highland's objection to its Proof of Claim,[34] NexPoint/HCRE fleshed-out the legal and factual bases for its claim:[35]

> After reviewing what documentation is available to [NexPoint/HCRE] with the Debtor, [NexPoint/HCRE] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, [NexPoint/HCRE] has a claim to reform, rescind and/or modify the agreement.

> However, [NexPoint/HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

The Response was filed by a new law firm—Wick Phillips Gould & Martin, LLP ("Wick Phillips") – not the law firm of Bonds Ellis, which had handled the filing of the Proof of Claim. In the course of discovery, Highland became aware that Wick Phillips had jointly represented NexPoint/HCRE and Highland in connection with at least some of the underlying transactions that were the subject of the Proof of Claim, and, on April 14, 2021, more than a year after NexPoint/HCRE filed its Proof of Claim, Highland moved to disqualify Wick Phillips.[36] Notably, Highland's Plan had been confirmed on February 22, 2021, over the objections of Dondero and his related entities (including NexPoint/HCRE).[37] The effective date ("Effective Date") of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan.

---

[34] On July 30, 2020, Highland filed an objection to the allowance of the Proof of Claim, contending it had no liability under the Proof of Claim. *See Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims, (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*, Dkt. No. 906.

[35] Response to Objection to Claim, 2-3, ¶¶ 5-6.

[36] Dkt. Nos. 2196-2198. On October 1, 2021, Highland filed a supplemental disqualification motion. Dkt. No. 2893.

[37] NexPoint/HCRE, represented by Wick Phillips, filed its *Objection to Debtor's Fifth Amended Plan of Reorganization* on January 5, 2021. Dkt. No. 1673.

HCMLPDT000380

Pursuant to the Plan, on or after the Effective Date, all or substantially all of the Debtor's assets vested in the Reorganized Debtor or the claimant trust ("Claimant Trust") created under the terms of the Plan, including Highland's 46.06% membership interest in SE Multifamily.

Meanwhile, NexPoint/HCRE vigorously fought the disqualification of Wick Phillips, filing its opposition to the disqualification motion on May 6, 2021,[38] and initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with the entry by this court on December 10, 2021, of its *Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP As Counsel to HCRE Partners, LLC and for Related Relief* ("Disqualification Order"),[39] resolving the disqualification motion by, among other things, disqualifying Wick Phillips from representing NexPoint/HCRE in the contested matter concerning the Proof of Claim, but specifically denying Highland's request that NexPoint/HCRE reimburse it all costs and fees incurred in making and prosecuting the disqualification motion.[40]

In the instant Sanctions Motion, Highland acknowledged that the court denied Highland's specific request for sanctions of reimbursement of Highland's costs and fees in making the Disqualification Motion in its December 2021 Disqualification Order.[41] The court notes that the denial was not "with prejudice"[42] to Highland's right to bring a sanctions motion in the future in connection with allegations that NexPoint/HCRE's filing and prosecution of its Proof of Claim, including its vigorous defense of the Disqualification Motion. Notably, while Highland includes

---

[38] Dkt. Nos. 2278 and 2279.

[39] Dkt. No. 3106.

[40] Disqualification Order, 4.

[41] *See* Sanctions Motion, 4, ¶8.

[42] The Disqualification Order stated, in relevant part, "Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**."

HCMLPDT000381

a reference in the instant Sanctions Motion to the lengthy and expensive proceedings on the Disqualification Motion in its recitation of evidence in the record that supports Highland's allegations that NexPoint/HCRE engaged in bad faith conduct in the filing and prosecution of its Proof of Claim, it did *not* include them as part of the fees and costs for which Highland is seeking to be reimbursed by NexPoint/HCRE as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.[43]

In any event, following the disqualification of Wick Phillips, NexPoint/HCRE hired yet a third law firm, Hoge & Gameros, LLP, in connection with this matter, and the parties engaged in a second round of extensive discovery, which included the exchange of written discovery and document production and the service of various deposition notices and subpoenas. On August 12, 2022, just two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of NexPoint/HCRE's witnesses, Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim ("Motion to Withdraw").[44] By this point, Highland had spent hundreds of thousands of dollars objecting to the Proof of Claim.

Query why might NexPoint/HCRE have done this? Just six months earlier, Dondero's family trust, The Dugaboy Investment Trust, had represented to the bankruptcy court that

---

[43] *See* Morris Declaration, 3-4, at ¶11 (Referencing the court's denial in its Disqualification Order of Highland's previous request for attorneys' fees incurred in connection with the Disqualification Motion, Morris stated "[W]e reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.").

[44] *See Motion to Withdraw Proof of Claim* [Dkt. No. 3442].

HCMLPDT000382

Highland's 46.06% interest in SE Multifamily was worth $20 million,[45] and now, NexPoint/HCRE (which presumably also spent substantial sums prosecuting its Proof of Claim during the nearly two and a half years of litigation) appeared willing to walk away from its multi-million dollar challenge to Highland's 46.06% interest in SE Multifamily. Highland objected to NexPoint/HCRE's Motion to Withdraw, and the court held a hearing on September 12, 2022 (as required by Bankruptcy Rule 3006), following which the court entered an order denying NexPoint/HCRE's Motion to Withdraw, for the reasons set forth on the record,[46] and directing the parties to "confer in good faith to complete the depositions" of Dondero, McGraner, and NexPoint/HCRE and otherwise comply with the scheduling order that had been entered by the court on this matter, which included appearing for an evidentiary hearing on November 1, 2022.[47] The court denied NexPoint/HCRE's Motion to Withdraw, in part, because it was concerned that the timing of it all–just two business days *after* completing Highland's depositions but two business days *before* the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE (*i.e.,* NexPoint/HCRE prosecuted its Proof of Claim for two and a half years, through and including the taking of depositions of Highland's witness, while shielding its own witnesses from testifying). The court was also concerned by NexPoint/HCRE's repeated attempts to preserve its claims against Highland for use against Highland in the future. In fact, the court entered its order denying NexPoint/HCRE's Motion to Withdraw only after: (1) NexPoint/HCRE refused to agree, at the

---

[45] *See Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382]. As pointed out by Highland in its Response, "[t]here is no dispute that HCRE is the manager of SE Multifamily and therefore—through Mr. Dondero—would be best positioned to opine on the value of Highland's interest in SE Multifamily." Response, 9, at ¶27 n. 4.

[46] The court noted in its order denying HCRE's Motion to Withdraw that, under the Bankruptcy Rules, a creditor does not have an absolute right to withdraw a proof of claim.

[47] Dkt. No. 3525.

18

September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily, and (2) counsel were thereafter unable, in the day or two after the hearing, to work out mutually acceptable language in an agreed order that protected both parties.[48]  As noted in its order denying NexPoint/HCRE's Motion to Withdraw, the court had expressed concerns, during the hearing on the Motion to Withdraw, relating to the integrity of the bankruptcy system and claims process if it allowed NexPoint/HCRE to withdraw its Proof of Claim after two and a half years of litigation, and having caused Highland to spend hundreds of thousands of dollars litigating the Proof of Claim, while at the same time allowing NexPoint/HCRE to preserve its challenges to Highland's ownership interest in SE Multifamily to be used against Highland in the future.  The court did not, at the time, make any express findings regarding NexPoint/HCRE's bad faith or abuse of the judicial process, only because Highland's mid-hearing Oral Sanctions Motion had not provided NexPoint/HCRE with adequate notice and an opportunity to respond.[49]  With the instant Sanctions Motion, those due process concerns have been satisfied.

Having considered the evidence and argument of counsel at both the Trial on NexPoint/HCRE's Proof of Claim and the hearing on the Sanctions Motion, and the pleadings filed in connection with the Sanctions Motion, including NexPoint/HCRE's written Response, and based on the record as a whole, the court expressly finds and concludes that NexPoint/HCRE's

---

[48] At the end of the September 12 hearing, the court had expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties "without the pressure of the Court hovering over you." See Transcript of Hearing on Motion to Withdraw, Dkt. No. 3519, 50:14-59:14. Apparently, counsel were unable to reach an agreement on the terms of an agreed order, and so the court signed the order at docket number 3525, denying NexPoint/HCRE's Motion to Withdraw.

[49] As noted below, NexPoint/HCRE persisted to the end in arguing that the disallowance of its Proof of Claim could not bar NexPoint/HCRE from making future challenges to Highland's 46.06% membership interest in SE Multifamily.

HCMLPDT000384

*litigation strategy and actions* in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process on the part of NexPoint/HCRE.

### 3. NexPoint/HCRE's Admissions at Trial Are Further Evidence of its Bad Faith Filing and Willful Abuse of the Judicial Process

Following the denial of NexPoint/HCRE's Motion to Withdraw, the parties complied with the court's order to schedule the depositions of Dondero and McGraner at mutually agreeable times to complete discovery and then appeared at Trial on November 1, 2022. At the conclusion of the Trial, NexPoint/HCRE doubled-down on its request of the court "to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[50] This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request. Nevertheless, NexPoint/HCRE continued to the end to try to limit any order disallowing its Proof of Claim so as to preserve its right to assert the very claims asserted in its Proof of Claim (for rescission, reformation and/or modification of the SE Multifamily Amended LLC Agreement to reallocate the membership percentages) for use in the future.[51]

The Trial testimony of Dondero and McGraner revealed that NexPoint/HCRE had no factual basis to claim that a mistake was made by any of the parties, much less a mutual mistake

---

[50] Trial Tr. 179:23-25; 180:8-9.

[51] Trial Tr. 179:21-24 ("They want you to make findings that we can't raise any of these other issues, rescissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."); 200:8-12 ("If Your Honor's going to deny the proof of claim, I would ask that you simply deny the proof of claim. We don't have an adversary proceeding here. There wasn't one started. Mr. Morris considered that and then didn't follow that path, because all we have here today is a proof of claim.").

HCMLPDT000385

of the parties, regarding the allocation of ownership percentages in SE Multifamily in corporate documentation,[52] and, in fact, "the evidence overwhelmingly point[ed] to the conclusion that both Mr. Dondero and Mr. McGraner understood that the allocation of 46.06% membership interest to Highland, and a total capital contribution by Highland of $49,000 in the Amended LLC Agreement, reflected the intent of the parties prior to, and at the time of, the execution of the Amended LLC Agreement."[53] The court specifically noted in the Proof of Claim Disallowance Order that Dondero admitted that he had not read or reviewed the Amended LLC Agreement or any drafts of it before he signed it—apparently the Amended LLC Agreement was one of those important, high-risk documents that Dondero was too busy to read or investigate before signing (like the Proof of Claim)—but he nevertheless testified that "the capital contributions and membership allocations contained in Schedule A of the Amended LLC Agreement comported with his understanding and intent when he signed the Amended LLC Agreement on behalf of HCRE and Highland."[54] NexPoint/HCRE was also unable to produce any evidence at Trial to support its factual allegation that there was a "lack of consideration" or a "failure of consideration" with respect to the Amended LLC Agreement, such that NexPoint/HCRE would be entitled to a

---

[52] The court concluded, specifically, that

> HCRE did not produce any evidence, much less clear and convincing evidence, that the parties to the Amended LLC Agreement – HCRE, Highland, BH Equities, and Liberty – had come to a specific and understanding, prior to the execution of the Amended LLC Agreement in March 2019, that the allocation of percentage membership interests in SE Multifamily was different from the percentage allocations contained in the Amended LLC Agreement. When asked on cross-examination, Mr. McGraner, HCRE's officer and co-owner who was most involved in the negotiations of the terms of the Amended LLC Agreement, was unable to identify any specific mistake made in the drafting of the Amended LLC Agreement. Neither he nor NexPoint/HCRE's other witness, Mr. Dondero, were able to point to a specific meeting of the minds of the members of SE Multifamily prior to (or after, for that matter) the execution of the Amended LLC Agreement that the parties intended Highland's allocation of SE Multifamily membership interests to be any percentage other than the 46.06% allocation attributed to Highland in the written Amended LLC Agreement.

Proof of Claim Disallowance Order, 30.

[53] *Id.*, 30-31.

[54] *Id.*, 31 n. 119.

HCMLPDT000386

reformation,[55] rescission,[56] or modification of it, to re-allocate the ownership percentages that the parties agreed to at the time of the execution of it.[57]

In fact, McGraner ultimately admitted in his Trial testimony that the only reason NexPoint/HCRE had for filing its Proof of Claim, which challenged Highland's title to its 46.06% membership interest in SE Multifamily, was, essentially, ***that NexPoint/HCRE was frustrated with the consequences of Dondero's decision in 2019 to seek bankruptcy protection for Highland (notably, the bankruptcy case was filed just a few months after the Amended LLC Agreement was executed), which resulted in Dondero losing control over Highland***, such that, as far as NexPoint/HCRE was concerned, its "partner" [in SE Multifamily] was no longer its "partner."  The court noted in the Proof of Claim Disallowance Order that McGraner

> could not point to any provision of the Amended LLC Agreement that was either "wrong" or a "mistake;" rather, he testified that the "mistake" was "when the bankruptcy was filed and we can't amend it" because "[o]ur partners aren't our partners" – "if you have good partners and you're working with partners that are –

---

[55] After noting that "neither lack of consideration nor failure of consideration are bases for reformation of a contract under Delaware law (which is what NexPoint/HCRE is seeking in its Proof of Claim)," the court concluded that "HCRE is not entitled to reformation of the Amended LLC Agreement to reallocate the members' membership interests as requested based on its allegations of lack of consideration and/or failure of consideration." Proof of Claim Disallowance Order, 32 n. 120.

[56] The court noted in the Proof of Claim Disallowance Order that NexPoint/HCRE had not actually stated a claim for rescission of the Amended LLC Agreement with respect to its Proof of Claim, but that, if it had,

> Mr. Dondero's admission that he did not read the Amended LLC Agreement (or even have the terms explained to him by counsel or anyone else) prior to signing it on behalf of HCRE and Highland would bar any claim by HCRE for rescission of the Amended LLC Agreement.  Moreover, even if HCRE's claim for rescission was not barred by Mr. Dondero's failure to read the Amended LLC Agreement prior to signing it, HCRE did not present any evidence of the other elements of a rescission claim:  that the parties were mistaken as to a basic assumption on which the Amended LLC Agreement was made and that the mistake had a material effect on the agreed-upon exchange of performances.

Proof of Claim Disallowance Order, 33-34.

[57] *See* Proof of Claim Disallowance Order, 32-33 n. 120 (where the court found that "HCRE has not shown that there was a lack or failure of consideration on behalf of Highland in connection with the Amended LLC Agreement. . . . Under Delaware law, the courts 'limit [their] inquiry into consideration to its existence and not whether it is fair or adequate,' . . . . '[E]ven if the consideration exchanged is grossly unequal or of dubious value, the parties to a contract are free to make their bargain.' (citations omitted). Here, it is undisputed that Highland made a cash capital contribution of $49,000, that Highland was a jointly and severally liable coborrower under the KeyBank Loan, and that SE Multifamily (and HCRE), having no employees of their own, relied on Highland's employees to conduct business.  Thus, HCRE's claim, to the extent it is based on alleged lack and/or failure of consideration fails.").

HCMLPDT000387

that are known to you, then you make amendments to reflect the contributions of
those partners, whether monetary or otherwise . . . [a]nd my understanding is I can't
do that right now."[58]

McGraner testified that "despite Mr. Dondero being in control of both HCRE and Highland prior

to the bankruptcy filing, and despite 'all of the fears [he] had [related to Highland's bankruptcy

filing],' HCRE made no effort to amend the agreement before the bankruptcy or post-bankruptcy

(because 'we didn't think it would be worth it')[ ][59] [and] 'because [it] hoped that the issues that

caused the bankruptcy filing would resolve themselves.'"[60] This is not a good-faith basis for filing

and prosecuting the Proof of Claim, and it exhibits a willful abuse of the bankruptcy claims process

by NexPoint/HCRE.

In summary, the admissions by Dondero and McGraner in their Trial testimony made clear

that NexPoint/HCRE never had a factual or legal basis for the Proof of Claim. NexPoint/HCRE's

principals knew, at the time of filing and through its prosecution of the Proof of Claim, that there

was no factual basis for its claim of rescission, reformation, and/or modification of the Amended

LLC Agreement to dispossess Highland of some or all of its 46.06% membership interest in SE

Multifamily. This clearly and convincingly constitutes bad faith by NexPoint/HCRE and a willful

abuse of the judicial process.

### C. Reimbursement of Attorneys' Fees and Costs Incurred by Highland in the Proof of Claim Litigation Is an Appropriate Sanction for NexPoint/HCRE's Bad Faith

Having found and concluded by clear and convincing evidence that NexPoint/HCRE filed

and prosecuted (and attempted withdrawal of) its Proof of Claim in bad faith and willfully abused

the judicial process, this court may use its inherent powers under Bankruptcy Code section 105(a)

---

[58] Proof of Claim Disallowance Order, 27 (citing Trial Tr. 114:24-115:16, 118:6-15).

[59] *Id.* (citing Trial Tr. 121:24-122:9).

[60] *Id.* at 28 (citing Trial Tr. 122:20-125:21).

HCMLPDT000388

to sanction it for such conduct. Reimbursement of the opposing party's fees and costs incurred in responding to a bad faith filing or willful abuse of the judicial process has been upheld as an appropriate form of sanctions. *See Cleveland Imaging*, 26 F.4th at 294 (upholding the bankruptcy court's sanction order that required the parties who were found to have filed bankruptcy petitions in bad faith to reimburse the fees incurred by a post-confirmation litigation trust in responding to the bad faith filing); *Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (bankruptcy court did not abuse its discretion in ordering the debtors to "pay $49,432, which represents the amount of attorneys' fees incurred by [the bankruptcy trustee] in responding to certain instances of the [debtors'] bad faith conduct."); *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's use of its inherent powers to issue monetary sanctions for bad faith filing that were, in part, based upon the opposing parties' attorneys' fees and costs "following an extensive hearing in which the bankruptcy court heard testimony from the parties and witnesses and made certain credibility determinations," and "made specific findings that Appellants acted in bad faith."); *In re Paige*, 365 B.R. 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys' fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*, 576 B.R. 84, 93 (S.D. Tex. 2017) (same). Any sanction imposed pursuant to a bankruptcy court's inherent powers for bad faith conduct or willful abuse of the judicial process "must be compensatory rather than punitive in nature." *In re Lopez*, 576 B.R. at 93 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)). "[A] sanction counts as compensatory only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based[,]" and "[a] fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber*, 581 U.S.

24

HCMLPDT000389

at 108 (quoting *Bagwell*, 512 U.S. at 834).  The fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. at 104).  The "'causal link' between the sanctionable conduct and the opposing party's attorney's fees" must be established "through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct." *Id.* (citing *Goodyear Tire & Rubber*, 581 U.S. at 108-109 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, as earlier noted, Highland has requested, as a sanction, reimbursement of its attorneys' fees and costs incurred by it in responding to NexPoint/HCRE's filing and prosecution of its Proof of Claim.  Specifically, Highland seeks reimbursement of an aggregate amount of **$825,940.55**, consisting of

- **$782,476.50** in attorneys' fees charged by its primary bankruptcy counsel, PSZJ, for the period August 1, 2021 through December 31, 2022, for work performed in connection with the litigation of the Proof of Claim;[61]

- **$16,164.05** in third-party expenses for court reporting services provided in connection with the Proof of Claim litigation;[62] and,

---

[61] *See* Morris Declaration, 3-4, at ¶¶ 8-13, and Ex. F. As stated in the Morris Declaration, the $782,476.50 amount does not include any fees relating to the Disqualification Motion or any fees that PSZJ concluded were inadvertently coded by a timekeeper to the NexPoint/HCRE Claim Objection category "or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation." *Id.*, 3-4, at ¶¶ 11 and 12. By way of specific example, Morris stated that "in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM))." *Id.*, 4, at ¶ 12.

[62] *See id.*, 4, at ¶ 14, and Ex. G.

HCMLPDT000390

- **$27,300.00** in attorneys' fees charged by David Agler for providing Highland with specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim.[63]

NexPoint/HCRE challenges Highland's request for reimbursement of its fees on several bases. ***First***, it argues that it cannot be ordered to reimburse the fees and expenses incurred by Highland ***after*** NexPoint/HCRE attempted to withdraw its Proof of Claim because they do not satisfy the "but for" test for establishing a "causal link" between those fees and costs and NexPoint/HCRE's filing and pursuit of its Proof of Claim—that Highland cannot show that "but for" NexPoint/HCRE's filing and prosecution of its Proof of Claim, Highland would not have incurred those fees and costs. NexPoint/HCRE urges the court to adopt its narrative of the proceedings that "instead of taking a win, [Highland] and its lawyers chose to generate fees to get the same result" and thus Highland's attorneys' efforts were "totally unnecessary" and a "waste of time and resources" that was "the fault of [Highland], not [NexPoint/HCRE]."[64] NexPoint/HCRE states in its Response that "[h]ere, ***it is undisputed*** that, had [Highland] agreed to the withdrawal of the Proof of Claim many months ago – before engaging in costly additional discovery and preparing for and attending a trial on the merits of the claim – [Highland] would have been exactly in the same position that it is in now, but at far less expense" and further that "[t]he real, practical difference between refusing to consent to the withdrawal of [NexPoint/HCRE]'s Proof of Claim and instead prosecuting the Objection to its end is several hundred thousand dollars in attorneys' fees" and, thus, "[t]he Motion abjectly fails any 'but–for' analysis."[65]

---

[63] *See id.*, 4-5, at ¶¶ 15 and 16, and Ex. H. A summary of the aggregate fees and expenses of which Highland is seeking reimbursement in the Sanctions Motion is attached as Exhibit I to the Morris Declaration. *See id.*, 5, at ¶ 17, and Ex. I.

[64] Response, 2.

[65] Response, 20, at ¶60 (emphasis added).

26

HCMLPDT000391

The court disagrees with NexPoint/HCRE's "narrative" and its view of the evidence established at Trial. Highland **does** dispute NexPoint/HCRE's contention that, if only it had allowed it to withdraw its Proof of Claim and accepted a "win," that Highland would have been "exactly in the same position that it is in now [after a Trial and ruling on the merits of the Proof of Claim], but at far less expense." The court does as well. As Highland has argued, NexPoint/HCRE's Motion to Withdraw was itself filed in bad faith. Highland was forced to oppose the withdrawal of the Proof of Claim because NexPoint/HCRE would not agree to a withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future.[66] The evidence clearly and convincingly established that any "win" or "victory" that Highland would have obtained through the withdrawal of the Proof of Claim[67]

> would have been pyrrhic because **HCRE—in a clear act of bad faith—tried to withdraw its Proof of Claim while preserving the substance of it claims for another day**. Had HCRE's duplicitous strategy been successful, Highland's interest in SE Multifamily would have remained subject to challenge—an untenable result for anyone, let alone a post-confirmation entity seeking to implement a court-approved asset monetization plan.

The court finds and concludes, as argued by Highland, that there is clear and convincing evidence here that the fees and costs incurred by it, after NexPoint/HCRE sought to withdraw its Proof of Claim (*i.e.,* to prepare for the Trial and prosecute its objection to the Proof of Claim through a trial and ruling on the merits), would not have been incurred "but for" NexPoint/HCRE's bad faith. As pointed out by Highland and as noted above,[68] the court did not enter the Proof of Claim Disallowance Order in December 2022 in a vacuum. Rather, the court denied

---

[66] *See supra* note 45 and accompanying text.

[67] Response, 5, at ¶18.

[68] *See supra* at pages 16-17.

HCMLPDT000392

NexPoint/HCRE's Motion to Withdraw only *after:* (1) the court had expressed concerns that the timing and context of its filing of its Motion to Withdraw suggested gamesmanship on its part, and that the integrity of the bankruptcy system and claims process would be in jeopardy if the court were to simply allow withdrawal, without protecting Highland from future challenges to its membership interest in SE Multifamily (particularly, after Highland had spent hundreds of thousands of dollars to that point in objecting to the Proof of Claim); and (2) NexPoint/HCRE refused to agree to language in an order that would alleviate these expressed concerns. The court—having now made an express finding that NexPoint/HCRE's filing of its Motion to Withdraw was in bad faith and part of its willful abuse of the bankruptcy claims process that began with the filing of its Proof of Claim in April 2020—now expressly finds that the fees and costs incurred by Highland after NexPoint/HCRE filed its Motion to Withdraw were necessary for Highland to protect its interests and would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

*Second*, NexPoint/HCRE objects to Highland's fees ($809,776.50) and expenses ($16,164.05) as being "*per se* excessive for a single proof of claim objection."[69] Highland argues that "[s]pending less than 5% of the value of an asset (according to Mr. Dondero's family trust) to obtain good, clear title is economically rational and consistent with the Claimant Trust's duty to maximize value for the benefit of the Claimant Trust's beneficiaries." Per the Morris Declaration, Highland only seeks reimbursement of expenses and fees charged to Highland for expenses incurred and work performed in litigating the Proof of Claim (but—as noted earlier—specifically excluding any fees charged relating to the Disqualification Motion). The court agrees with Highland and finds that the fees and expenses incurred by it in objecting to the Proof of Claim,

---

[69] Response, 10, ¶34.

HCMLPDT000393

including the fees incurred **after** NexPoint/HCRE sought to withdraw its Proof of Claim, were reasonable and necessary for Highland to protect a valuable asset—it's 46.06% interest in SE Multifamily—and, thus, they are not excessive.

**Third**, NexPoint/HCRE complains, in its Response, that the fees charged by PSZJ were unreasonable and excessive because the PSZJ invoices show that it was seeking reimbursement for fees charged by "layers of timekeepers whose identities and roles have not been disclosed."[70] NexPoint/HCRE points out three professionals (two of whom billed one hour or less) who were identified in PSZJ's invoices only by their initials.[71] In its Reply, Highland identified the timekeepers by name—as a litigator who billed one hour of time; a bankruptcy attorney who billed 0.6 hours of time; and a bankruptcy partner who billed 15.1 hours of time—all of whom were "called upon to provide discrete support."[72] Collectively, the three previously "unidentified" attorneys charged just 0.023% of the total fee request.[73] PSZJ's identification of the "unidentified timekeepers" and explanation of the work performed by them satisfies the court that these fees were reasonable and necessary fees incurred as a direct result of NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim. The court rejects NexPoint/HCRE's suggestion that PSZJ overstaffed and overbilled the file because there were "layers of timekeepers." As pointed out in Highland's Reply, "over 82% of the charges related to one litigation partner . . . , one litigation associate . . . , and one paralegal" and "[t]wo other lawyers who have been on the Pachulski team since the inception of this engagement . . . billed relatively modest amounts of time over the course

---

[70] *Id.*, 13, ¶45.

[71] *Id.*, 12, ¶38.

[72] Reply, 9, ¶28.

[73] *Id.*

HCMLPDT000394

of this prolonged litigation."[74] There is simply no factual basis to support a conclusion that the matter was overstaffed.

**Fourth**, NexPoint/HCRE objects to $9,840 charged by two attorneys for travel time,[75] while acknowledging that those attorneys' non-working travel time was billed at half of the attorneys' regular hourly rate.[76] As pointed out by Highland in its Reply, Highland agreed to pay for travel time in its pre-petition engagement letter, so those "charges cannot come as a surprise to Mr. Dondero."[77] The court takes judicial notice of the fact that attorneys charging half of their hourly rates for non-working travel time, as PSZJ did here, pursuant to its engagement letter with Highland that was approved when the court authorized the retention of PSZJ as counsel for the Debtor, is common practice and is a commonly approved term of engagement of professionals in bankruptcy cases. The $9,840 charged by two attorneys for travel time in this matter was a reasonable and necessary expense incurred by Highland in responding to NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.

**Fifth**, and finally, NexPoint/HCRE objects to the fees charged by David Agler (39 hours of work performed at $700 per hour) for providing Highland with tax advice in August 2022, on the basis that the invoice attached as Exhibit H to the Morris Declaration "indicated that it was 'unbilled' work" and that "[w]hatever work he did, it did not manifest itself in the proceedings."[78] Highland pointed out that it **had** explained, in the Morris Declaration, that Mr. Agler provided "specialized tax advice concerning SE Multifamily and other matters related to the Proof of

---

[74] *Id.*, 9, ¶28 n. 5.

[75] Response, 12, ¶37.

[76] *Id.*, 11, ¶36 (Table 1).

[77] Reply, 9-10, ¶29.

[78] Response, 12, ¶42.

HCMLPDT000395

Claim."[79]  Highland provided a more detailed description of the services provided by Mr. Agler and why those services were necessary in its Reply:  "Mr. Agler provided his services in August 2022 in conjunction with Highlands's deposition preparation, including the deposition of SE Multifamily's accountant. These services were necessary because—as Mr. Dondero and Mr. McGraner admitted and as the evidence showed—Highland's participation in SE Multifamily was expected to provide substantial tax benefits."[80]  The court finds that the fees charged by David Agler for work performed for Highland that are set forth in Exhibit H to the Morris Declaration were reasonable and necessary expenses incurred by Highland in responding to HCRE's bad faith conduct and that they would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

The court has determined that the full amount of fees – $809,776.50 – and costs – $16,164.05 – that are set forth in detail in Exhibits F through H (and summarized on Exhibit I) of the Morris Declaration were reasonable and necessary for Highland to respond to, and would not have been incurred "but for," NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim, which the court has found to have been a willful abuse by NexPoit/HCRE of the judicial process.  Under Fifth Circuit precedent, it is appropriate for the court, in the use of its inherent power under Bankruptcy Code § 105(a), to order NexPoint/HCRE, as a compensatory sanction for its bad faith conduct and willful abuse of the judicial process, to reimburse Highland the full amount of fees and costs requested by Highland, which, in the aggregate, total $825,940.55.  NexPoint/HCRE's objections to such amounts as excessive, unnecessary, unreasonable, or unrelated to NexPoint/HCRE's bad faith conduct, are overruled.

---

[79] Reply, 10, ¶30 (citing Morris Declaration, ¶15).

[80] *See id.* (citing Morris Declaration, Ex. [E] (Trial Transcript) 43:2-14; 83:17-84:2; 191:23-193:21 (citing to testimony and tax returns that were admitted into evidence)).

HCMLPDT000396

## V.  CONCLUSION AND ORDER

In summary, the court has determined that NexPoint/HCRE was given adequate notice and an opportunity to respond to the Sanctions Motion and that there is clear and convincing evidence that it filed and prosecuted its Proof of Claim, including its eleventh-hour attempt to withdraw its Proof of Claim, in bad faith and that it willfully abused the judicial process. Such conduct directly caused Highland to incur $825,940.55 in fees and expenses. In the exercise of its inherent power under Bankruptcy Code § 105(a), the court will grant Highland's Sanctions Motion and order NexPoint/HCRE to reimburse Highland for those fees and expenses as an appropriate sanction for NexPoint/HCRE's bad faith or willful abuse of the judicial process.

Accordingly, and based on the foregoing findings of fact and conclusions of law, including those findings and conclusions in this court's Proof of Claim Disallowance Order, which has been incorporated herein by reference,

**IT IS ORDERED** that the Sanctions Motion [Dkt. No. 3851] be, and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that, in order to compensate Highland for loss and expense resulting from NexPoint/HCRE's bad faith and willful abuse of the judicial process, in filing and prosecuting its Proof of Claim, NexPoint/HCRE is hereby directed to pay Highland the compensatory sum of **$825,940.55**.

### ###End of Memorandum Opinion and Order###

HCMLPDT000397

# EXHIBIT B

HCMLPDT000398



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor | § | |

**MEMORANDUM OPINION AND ORDER GRANTING HIGHLAND CAPITAL
MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING
AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC
(F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM # 146**

## I.    INTRODUCTION

Before this court is a sanctions motion[1] filed by Highland Capital Management, L.P.

("Highland," the "Debtor," or the "Reorganized Debtor"). [2]  The motion seeks sanctions against

---

[1] *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in connection with Proof of Claim 146* ("Sanctions Motion"). Dkt. No. 3851.

[2] Highland is a reorganized debtor under the confirmed *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). Dkt. No. 1808. *See Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("Confirmation Order"). Dkt. No. 1943.



1934054240305000000000002

HCMLPDT000399

NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("NexPoint/HCRE") for its filing, prosecution, and then abrupt attempt to withdraw a meritless proof of claim (after almost three years of protracted litigation).

NexPoint/HCRE filed the subject proof of claim, #146 on the claims register ("Proof of Claim"), on April 8, 2020.[3] The Proof of Claim was signed electronically by James D. Dondero ("Dondero") and was prepared and filed by a law firm that was representing him personally at that time.[4] The Proof of Claim was not in a liquidated amount and was somewhat ambiguous. It stated in an Exhibit A thereto, that NexPoint/HCRE, which was a limited partner, along with Highland, in a limited liability company called SE Multifamily Holdings, LLC ("SE Multifamily")—an entity which owned valuable real estate—"may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor" and added that Highland's equity interest "may be the property of Claimant. Accordingly, Claimant may have a claim against the Debtor." NexPoint/HCRE stated that it would update the Proof of Claim to provide the exact amount of it "in the next ninety days" but never did.

Highland objected to the Proof of Claim. Thereafter, NexPoint/HCRE (while still not providing any liquidated amount of its Proof of Claim) refined its position therein to argue that the organizational documents relating to SE Multifamily improperly allocated the ownership percentages of the equity members, due to mutual mistake, lack of consideration, and/or failure of consideration. NexPoint/HCRE essentially sought to reform, rescind, and/or modify the SE Multifamily limited liability company agreement (and possibly other documentation) to give Highland less ownership (or no ownership interest) in SE Multifamily and, accordingly,

---

[3] Claim No. 146.

[4] Bonds Ellis Eppich Schafer Jones LLP.

HCMLPDT000400

NexPoint/HCRE would have a larger ownership interest in SE Multifamily. Next, there occurred years of litigation between the parties, including: (a) a skirmish over Highland's motion to disqualify NexPoint/HCRE's newest counsel (*i.e.,* a law firm that had represented both Highland and NexPoint/HCRE in transactions involving SE Multifamily), which was ultimately granted, and (b) an eleventh-hour attempt by NexPoint/HCRE to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits. Highland objected to the withdrawal. The court held a hearing on that, as required by Bankruptcy Rule 3006. The court declined to allow withdrawal of the Proof of Claim, when the parties could not stipulate to an agreed form of order (*i.e.,* NexPoint/HCRE was unwilling to withdraw the Proof of Claim **with prejudice** to asserting its claims again in any future litigation in any forum).

Painfully, after all this, an evidentiary hearing was held on the merits of the Proof of Claim ("Trial") on November 1, 2022. During the Trial, Highland made an oral motion for a bad faith finding and assessment of attorneys' fees against NexPoint/HCRE in connection with its filing and prosecution of the Proof of Claim ("Oral Sanctions Motion"), which this court took under advisement, along with the consideration of the Proof of Claim as a whole.

On April 28, 2023, this court entered a 39-page memorandum opinion and order[5] sustaining Highland's objection to NexPoint/HCRE's Proof of Claim, but denying Highland's Oral Sanctions Motion, without prejudice, ***as procedurally deficient in that it was made orally and for the first time during the Trial.*** Thus, the Oral Sanctions Motion failed to provide NexPoint/HCRE sufficient notice and an opportunity to respond and, therefore, did not satisfy concerns of due process.

---

[5] *See Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* ("Proof of Claim Disallowance Order"). Dkt. No. 3767.

HCMLPDT000401

On June 16, 2023, Highland filed the instant Sanctions Motion, setting forth the legal and factual bases for the relief sought. The Sanctions Motion specifically seeks a finding of bad faith against NexPoint/HCRE and reimbursement of Highland's attorneys' fees and costs, as a sanction for NexPoint/HCRE's filing and prosecution of the Proof of Claim.

After due notice to NexPoint/HCRE, and a hearing held January 24, 2024 on the Sanctions Motion ("<u>Sanctions Motion Hearing</u>"), and after consideration of the pleadings filed, evidence in the record, and arguments of counsel, the court finds, for the reasons detailed in the findings of fact and conclusions of law below,[6] that NexPoint/HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim. Accordingly, NexPoint/HCRE will be required, as a sanction, to reimburse Highland's attorneys' fees and costs (totaling **$825,940.55**) incurred in connection with its objection to the Proof of Claim.

## II.    JURISDICTION

This court has jurisdiction and authority to determine and enter a final order in this matter, pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O) and 1334.[7]

## III.    BACKGROUND, PROCEDURAL HISTORY, AND FINDINGS OF FACT

### A.  *Incorporation Herein of Proof of Claim Disallowance Order*

As noted above, this court, on April 28, 2023, issued its 39-page Proof of Claim Disallowance Order, sustaining Highland's objection to NexPoint/HCRE's Proof of Claim

---

[6] To the extent that any of the findings of fact should be construed as a conclusion of law, it shall be construed as such. To the extent that any of the conclusions of law should be construed as a finding of fact, it shall be construed as such.

[7] The Fifth Circuit recently confirmed the jurisdiction and authority of bankruptcy courts to issue sanctions orders in connection with bankruptcy cases and proceedings over which they exercise jurisdiction, because they are in the nature of *civil contempt* orders—which are considered "part of the underlying case" – "because the bankruptcy court had jurisdiction over the [ ] bankruptcy case, it had jurisdiction to enter the sanctions order, too." *Kreit v. Quinn (In re Cleveland Imaging and Surgical Hospital, L.L.C.)*, 26 F.4th 285, 294 (5th Cir. 2022) (cleaned up).

HCMLPDT000402

following the Trial on same. The Proof of Claim Disallowance Order sets forth extensive

procedural history, findings of fact, and conclusions of law pertaining to NexPoint/HCRE's filing

and prosecution of its Proof of Claim, which Highland alleges in the instant Sanctions Motion was

conducted in bad faith. NexPoint/HCRE did not appeal the Proof of Claim Disallowance Order.

Thus, it is a final and non-appealable order.[8] The court hereby incorporates by reference the Proof

of Claim Disallowance Order (and all of the findings and conclusions therein), as if set forth

verbatim herein.[9]

### B. Highland Files Sanctions Motion

On June 16, 2023, Highland filed the instant Sanctions Motion. It was supported with a

Declaration of John A. Morris in support of the Sanctions Motion ("Morris Declaration")[10] and

431 pages of attached exhibits as set forth in the following table:

| Exhibit A | NexPoint/HCRE's Proof of Claim[11] |
| Exhibit B | Highland's Objection to NexPoint/HCRE's Proof of Claim[12] |
| Exhibit C | NexPoint/HCRE's Response to Objection to Claim[13] |

---

[8] The Proof of Claim Disallowance Order is one of the few bankruptcy court orders issued in this bankruptcy case that was not appealed by Dondero or a Dondero-controlled entity. Although the court has not counted the exact number of appeals filed by Dondero and/or Dondero-controlled entities in this bankruptcy case and related proceedings, this court takes judicial notice of information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals." *See Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12, at ¶ 24, filed on February 9, 2024. Dkt. No. 189 (NDTX Case No. 3:21-cv-00881-X).

[9] The Proof of Claim Disallowance Order was attached as Exhibit D to the Declaration of John A. Morris, Dkt. No. 3852, which was filed by Highland in connection with, and in support of, the relief requested in the Sanctions Motion.

[10] Dkt. No. 3852.

[11] Claim No. 146, filed April 8, 2020.

[12] *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Objection to Claim"), filed July 30, 2020. Dkt. No. 906.

[13] *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Response to Objection to Claim"), filed October 19, 2020. Dkt. No. 1212.

HCMLPDT000403

| Exhibit D | Proof of Claim Disallowance Order |
| Exhibit E | Transcript of November 1, 2022 Trial (on NexPoint/HCRE's Proof of Claim) |
| Exhibit F | Attorneys' Fees of Pachulski Stang Ziehl & Jones LLP ("PSZJ") for the period of August 1, 2021 through December 31, 2022 incurred in connection with the litigation on the NexPoint/HCRE Proof of Claim |
| Exhibit G | Invoices for court reporting services provided in connection with depositions taken and defended during the course of the Proof of Claim litigation |
| Exhibit H | Invoice for services rendered by David Agler, who provided specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim |
| Exhibit I | Summary of Fees and Expenses Incurred by Highland in Connection with NexPoint/HCRE's Proof of Claim |

The Sanctions Motion (unlike the Oral Sanctions Motion made during the Trial) provided NexPoint/HCRE with due and appropriate notice of the legal and factual bases for Highland's request for a bad faith finding and reimbursement of attorneys' fees and costs incurred by it in litigating the Proof of Claim. As stated in the Sanctions Motion, the legal basis for Highland's request for reimbursement of its attorneys' fees as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim is the bankruptcy court's "inherent authority under section 105 of the Bankruptcy Code to issue sanctions after making a finding of bad faith."[14] Highland referred to specific documentary and testimonial evidence adduced during the Trial that it alleges supports a finding that NexPoint/HCRE filed and prosecuted its Proof of Claim in bad faith, and attached invoices evidencing its attorneys' fees and costs incurred as a direct result of this alleged bad faith.

---

[14] *See* Sanctions Motion, 10, ¶25.

HCMLPDT000404

Before NexPoint/HCRE filed its response to the Sanctions Motion, the matter was stayed on August 2, 2023, pending court-ordered global mediation.[15]  The mediation ultimately proved to be unsuccessful.[16]  Thereafter, NexPoint/HCRE filed its *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* ("<u>Response</u>")[17] on December 22, 2023. NexPoint/HCRE denies that it filed and prosecuted its Proof of Claim in bad faith and argues it should not be sanctioned at all.  It further argues that, even if the filing and prosecution of the Proof of Claim are found to have been in bad faith, the amount of the fees incurred by Highland in connection with the Proof of Claim litigation is "*per se* excessive for a single proof of claim objection"[18] and "extraordinarily high given that this dispute could have been brought to a swift close many months ago"—if only NexPoint/HCRE had been allowed to withdraw its Proof of Claim in September of 2022.[19]  Highland's has sought reimbursement of more than $800,000 in attorneys' fees and more than $16,000 in expenses, identified in Exhibits F through H (and summarized in Exhibit I) of the Morris Declaration as having been incurred by Highland in connection with its litigation of the Proof of Claim.

Highland filed its *Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in*

---

[15] *See Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation*. Dkt. No. 3897.  This was not the first time the bankruptcy court has ordered global mediation in the Highland case.

[16] *See Joint Notice of Mediation Report* filed on November 7, 2023. Dkt. No. 3995.

[17] Dkt. No. 3995.

[18] Response, 10, ¶34.

[19] Response, 13, ¶45. NexPoint/HCRE argues that, because it had sought to withdraw its Proof of Claim, any fees incurred by Highland after the filing of NexPoint/HCRE's motion to withdraw cannot be attributable to NexPoint/HCRE's alleged bad faith filing and prosecution of its Proof of Claim; rather, such fees were incurred by Highland as a result of Highland's decision to object to NexPoint/HCRE's withdrawal of its Proof of Claim and to proceed with the litigation, including taking depositions, and proceeding to "trial" on the merits instead of "taking a win" with NexPoint/HCRE's withdrawal of its Proof of Claim. *See* Response, 2.

HCMLPDT000405

*Connection with Proof of Claim 146*[20] on January 19, 2024, and filed an *Amended Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* ("<u>Reply</u>")[21] on January 23, 2024. Highland argues that "[n]othing in the Response warrants the denial of the [Sanctions] Motion or its requested award of attorneys' fees" and that "the record makes clear" that NexPoint/HCRE and its principals "clearly and convincingly acted in bad faith by (a) knowingly filing and prosecuting a baseless Proof of Claim, . . . ([b]) seeking an unfair litigation advantage by trying to withdraw its Proof of Claim *after* taking Highland's depositions but *before* subjecting its own witnesses to questioning, and ([c]) trying at all times to preserve for another day the claims it asserted (*i.e.*, to "reform, rescind and/or modify the agreement")."[22]

The court held a hearing on the Sanctions Motion ("<u>Hearing</u>") on January 24, 2024, during which NexPoint/HCRE was given a full opportunity to respond to Highland's allegations of bad faith and request for sanctions.

## IV. CONCLUSIONS OF LAW

### A. *The Sanctions Motion Satisfies Due Process Considerations*

In invoking its inherent power to sanction bad faith conduct or a willful abuse of the judicial process, "[a] court must exercise caution . . . , and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *In re Correra*, 589 B.R. 76, 125 (Bankr. N.D. Tex. 2018). As noted above, the court entered its Proof of Claim Disallowance Order on April 28, 2023, in which it sustained Highland's objection to, and disallowed, the Proof of Claim but denied, without prejudice, Highland's Oral Sanctions Motion

---

[20] Dkt. No. 4018.

[21] Dkt. No. 4023.

[22] Reply, 2, ¶2.

8

as being procedurally defective because, having been raised for the first time during Trial and not having been made in writing, it had not given NexPoint/HCRE adequate notice and an opportunity to respond to the specific allegations of bad faith being made against it. The court pointed out that it did not address or make any determination regarding the substance of Highland's requests in the Oral Sanctions Motion for a bad faith finding and sanctions against NexPoint/HCRE, subject to Highland's right seek a bad faith finding and sanctions against NexPoint/HCRE upon and after giving it proper notice and an opportunity to respond:

> Here, where the Reorganized Debtor's generic oral request for a finding of bad faith and for "an award costs for a bad faith filing" did not articulate the legal basis for such an award and was raised for the first time during the Trial, HCRE was not given sufficient notice and an opportunity to respond, and, therefore, the court will deny, without prejudice, [Highland's] request for reimbursement of its costs incurred in connection with its objection to HCRE's Proof of Claim.

Proof of Claim Disallowance Order, 38-39 (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) ("[A] person facing possible sanctions is entitled to due process. . . . At a minimum, the respondent is entitled to notice of the authority for the sanctions, notice of the specific conduct or omission that forms the basis of possible sanctions and the opportunity to respond."); *In re Magari*, 2010 WL 817327 at **2-3 (Bankr. N.D. Tex. Mar. 4, 2010) ("By requesting the sanctions award, the Trustee has raised due process concerns that can only be satisfied by providing to the affected party sufficient notice and opportunity to respond.")).

The court concludes that the instant Sanctions Motion and Hearing have provided NexPoint/HCRE with the due process that was lacking in connection with the Oral Sanctions Motion. NexPoint/HCRE was given adequate notice of the legal authority invoked for sanctions (the bankruptcy court's inherent powers under section 105 of the Bankruptcy Code) and NexPoint/HCRE's specific conduct (the filing and prosecution of its Proof of Claim) that Highland

HCMLPDT000407

alleges to have been in bad faith, and NexPoint/HCRE was given adequate opportunity to respond through briefing and at the Hearing on the Sanctions Motion.

With due process concerns having been now addressed and satisfied, the court is able to address the substantive questions raised in the instant Sanctions Motion of (1) whether NexPoint/HCRE did, indeed, act in bad faith in the filing and prosecution of its Proof of Claim and (2) if so, whether an award of reimbursement of Highland's attorneys' fees and costs incurred in connection with its litigation of the Proof of Claim is an appropriate sanction for such bad faith.

### B. NexPoint/HCRE Filed and Prosecuted its Proof of Claim in Bad Faith and Willfully Abused the Judicial Process

A bankruptcy court may sanction a litigant for bad faith filing or litigation if the court makes specific findings, based on clear and convincing evidence, of bad faith or willful abuse of the judicial process. *See Cleveland Imaging*, 26 F.4th at 292 (A bankruptcy court may only sanction a party using its inherent authority if "(1) the bankruptcy court finds that the party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence.") (citing *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729-30 (5th Cir. 2014)). The bankruptcy court's power to sanction bad faith or willful abuse of the judicial process derives from its inherent authority under 11 U.S.C. § 105(a) to issue civil contempt orders. *Id.* at 294, 294 n.14 (quoting the "relevant part" of Bankruptcy Code section 105(a), which provides that bankruptcy courts may "sua sponte, tak[e] any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") (cleaned up).

Having reviewed the record and the evidence adduced at Trial and NexPoint/HCRE's response to the Sanctions Motion (both in its Response and at the hearing on the Sanctions Motion), the court finds and concludes that there is clear and convincing evidence here that

HCMLPDT000408

NexPoint/HCRE filed and prosecuted is Proof of Claim in bad faith and that it willfully abused the

judicial process.

1. *Dondero's Execution and Authorization of the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence Was in Bad Faith and a Willful Abuse of the Judicial Process*

As noted in the Proof of Claim Disallowance Order, NexPoint/HCRE filed its Proof of

Claim in this Highland bankruptcy case on April 8, 2020, several months after the post-petition

"nasty breakup" between Highland and its co-founder and president and chief executive officer,

Dondero.  NexPoint/HCRE described the basis of its claim in Exhibit A attached to its Proof of

Claim:[23]

## Exhibit A

HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an entity called SE Multifamily Holdings, LLC ("SE Multifamily").  Claimant may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor.  Additionally, Claimant contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor.  Claimant has requested information from the Debtor to ascertain the exact amount of its claim.  This process is on-going.  Additionally, this process has been delayed due to the outbreak of the Coronavirus.  Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.

NexPoint/HCRE was one of the many non-debtor Dondero-controlled entities affiliated

with Highland. Dondero was the president and sole manager of NexPoint/HCRE, and an individual

named Matt McGraner ("McGraner") was NexPoint/HCRE's vice president and secretary.

NexPoint/HCRE had no employees of its own but instead relied on Highland's employees (and

employees of other entities controlled by Dondero) to conduct business on its behalf.  Dondero

executed the Proof of Claim as the "person who is completing and signing this claim," checking

---

[23] Claim No. 146.

HCMLPDT000409

the box that indicates he is "the creditor's attorney or authorized agent" and acknowledging that "I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct" and that "I declare under penalty of perjury that the foregoing is true and correct."[24] The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it and without conducting any due diligence on, or investigation into, whether the statements made in the Proof of Claim were truthful and accurate, which supports a finding that Dondero's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.

At Trial, Dondero testified that he had authorized his electronic signature to be affixed to the document and to be filed on behalf of NexPoint/HCRE and admitted that he had not reviewed the document before doing so.[25] He further testified that he could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed,"[26] and, more specifically, that he did not, prior to authorizing his law firm (Bonds Ellis) to affix his electronic signature on, and to file, the Proof of Claim, review or provide comments to the Proof of Claim or its Exhibit A, review the SE Multifamily Amended LLC Agreement or any documents,[27] "check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it," or do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of

---

[24] Proof of Claim, 3.

[25] Transcript of the November 1, 2022 Trial on Debtor's Objection to HCRE's Proof of Claim ("Trial Tr.")[Dkt. No. 3616] 55:2-22.

[26] Trial Tr. 56:20-23.

[27] Trial Tr. 55:10-22, 56:15-57:6.

HCMLPDT000410

HCRE."[28]  Moreover, he testified that he did not know whose idea it was to file the Proof of Claim,[29] who at NexPoint/HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, what information was given to Bonds Ellis that enabled them to formulate the Proof of Claim, or whether "Bonds Ellis ever communicated with anybody in the real estate group regarding [the Proof of Claim]."[30]

Dondero has argued that he had a good faith basis to sign and file the Proof of Claim on behalf of NexPoint/HCRE because "he had a host of responsibilities across a sprawling and sophisticated corporate structure and relied on numerous individuals within that structure to help manage the day-to-day operations of Highland and its subsidiaries and managed funds"[31] and that he "ha[d] to rely on systems and processes[,]" because "[he] can't be directly involved in everything."[32]  Dondero further testified that "[he] sign[s] a lot of high-risk documents and [has] to rely on the process and the people and internally and externally as part of the process to sign it without direct validation from or verification from me, and this [Proof of Claim] is another one of those items."[33]

Dondero's "I'm-a-very-busy-person/too-busy-to-be-bothered-to-investigate" excuse is not a defense, as a matter of law, to his bad faith and willful abuse of the judicial process in connection with the filing of the Proof of Claim.  Nor is Dondero's claimed reliance on systems and processes in connection with the execution and filing of this Proof of Claim, as a matter of fact, supported by the evidence.  The court notes that the Proof of Claim is not a complex, lengthy legal or

---

[28] Trial Tr. 57:25-58:16.

[29] Trial Tr. 57:7-9.

[30] Trial Tr. 56:1-14.

[31] Response, 7, ¶16.

[32] Trial Tr. 57:25-58:7.

[33] Trial Tr. 57:25-59:2.

HCMLPDT000411

Case 19-34054-sgj11 Doc 4253-15 Filed 03/05/25 Entered 03/05/25 19:55:42 Desc
Case 3:24-cv-01479-S   Doc 4253-15 Filed 03/05/25 Page 52 of 328   PageID 55
Main Document en Page 56 of 332

corporate document; Exhibit A to the Proof of Claim, which set forth the basis for the claim, is only one paragraph long, yet Dondero did not even bother to read it before signing under penalty of perjury that the information contained in the Proof of Claim, including Exhibit A, was truthful and accurate.  And, Dondero's own testimony contradicts his assertion that he relied on "systems and processes" and on other people within the "sprawling and sophisticated corporate structure" and his outside counsel to ensure the accuracy of the Proof of Claim.  He had no reasonable or justifiable basis to rely on anyone or any "process" that was allegedly in place in connection with his signing of "high risk" documents, because he asked no questions, conducted no due diligence, and made no effort, whatsoever, to verify that the information that he was swearing was accurate under penalty of perjury was, in fact, truthful.

The court finds and concludes that the foregoing admissions by NexPoint/HCRE, through Dondero, provide clear and convincing evidence that ***NexPoint/HCRE filed its Proof of Claim*** in bad faith and willfully abused the judicial process.

> 2. *NexPoint/HCRE's Litigation Strategy and Actions in the Prosecution of Its Proof of Claim Are Further Evidence of Its Bad Faith and Willful Abuse of the Judicial Process*

Moreover, NexPoint/HCRE's ***litigation strategy and actions*** taken in the course of prosecuting its Proof of Claim over the next two and a half years, after filing it, ***provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process***.

HCMLPDT000412

As noted in the Proof of Claim Disallowance Order, six months after Dondero signed and filed the Proof of Claim in April 2020, and in response to Highland's objection to its Proof of Claim,[34] NexPoint/HCRE fleshed-out the legal and factual bases for its claim:[35]

> After reviewing what documentation is available to [NexPoint/HCRE] with the Debtor, [NexPoint/HCRE] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, [NexPoint/HCRE] has a claim to reform, rescind and/or modify the agreement.

> However, [NexPoint/HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

The Response was filed by a new law firm—Wick Phillips Gould & Martin, LLP ("Wick Phillips") – not the law firm of Bonds Ellis, which had handled the filing of the Proof of Claim. In the course of discovery, Highland became aware that Wick Phillips had jointly represented NexPoint/HCRE and Highland in connection with at least some of the underlying transactions that were the subject of the Proof of Claim, and, on April 14, 2021, more than a year after NexPoint/HCRE filed its Proof of Claim, Highland moved to disqualify Wick Phillips.[36] Notably, Highland's Plan had been confirmed on February 22, 2021, over the objections of Dondero and his related entities (including NexPoint/HCRE).[37] The effective date ("Effective Date") of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan.

---

[34] On July 30, 2020, Highland filed an objection to the allowance of the Proof of Claim, contending it had no liability under the Proof of Claim. *See Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims, (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*, Dkt. No. 906.

[35] Response to Objection to Claim, 2-3, ¶¶ 5-6.

[36] Dkt. Nos. 2196-2198. On October 1, 2021, Highland filed a supplemental disqualification motion. Dkt. No. 2893.

[37] NexPoint/HCRE, represented by Wick Phillips, filed its *Objection to Debtor's Fifth Amended Plan of Reorganization* on January 5, 2021. Dkt. No. 1673.

HCMLPDT000413

Pursuant to the Plan, on or after the Effective Date, all or substantially all of the Debtor's assets vested in the Reorganized Debtor or the claimant trust ("Claimant Trust") created under the terms of the Plan, including Highland's 46.06% membership interest in SE Multifamily.

Meanwhile, NexPoint/HCRE vigorously fought the disqualification of Wick Phillips, filing its opposition to the disqualification motion on May 6, 2021,[38] and initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with the entry by this court on December 10, 2021, of its *Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP As Counsel to HCRE Partners, LLC and for Related Relief* ("Disqualification Order"),[39] resolving the disqualification motion by, among other things, disqualifying Wick Phillips from representing NexPoint/HCRE in the contested matter concerning the Proof of Claim, but specifically denying Highland's request that NexPoint/HCRE reimburse it all costs and fees incurred in making and prosecuting the disqualification motion.[40]

In the instant Sanctions Motion, Highland acknowledged that the court denied Highland's specific request for sanctions of reimbursement of Highland's costs and fees in making the Disqualification Motion in its December 2021 Disqualification Order.[41]  The court notes that the denial was not "with prejudice"[42] to Highland's right to bring a sanctions motion in the future in connection with allegations that NexPoint/HCRE's filing and prosecution of its Proof of Claim, including its vigorous defense of the Disqualification Motion.  Notably, while Highland includes

---

[38] Dkt. Nos. 2278 and 2279.

[39] Dkt. No. 3106.

[40] Disqualification Order, 4.

[41] *See* Sanctions Motion, 4, ¶8.

[42] The Disqualification Order stated, in relevant part, "Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**."

HCMLPDT000414

a reference in the instant Sanctions Motion to the lengthy and expensive proceedings on the Disqualification Motion in its recitation of evidence in the record that supports Highland's allegations that NexPoint/HCRE engaged in bad faith conduct in the filing and prosecution of its Proof of Claim, it did *not* include them as part of the fees and costs for which Highland is seeking to be reimbursed by NexPoint/HCRE as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.[43]

In any event, following the disqualification of Wick Phillips, NexPoint/HCRE hired yet a third law firm, Hoge & Gameros, LLP, in connection with this matter, and the parties engaged in a second round of extensive discovery, which included the exchange of written discovery and document production and the service of various deposition notices and subpoenas. On August 12, 2022, just two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of NexPoint/HCRE's witnesses, Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim ("Motion to Withdraw").[44] By this point, Highland had spent hundreds of thousands of dollars objecting to the Proof of Claim.

Query why might NexPoint/HCRE have done this? Just six months earlier, Dondero's family trust, The Dugaboy Investment Trust, had represented to the bankruptcy court that

---

[43] *See* Morris Declaration, 3-4, at ¶11 (Referencing the court's denial in its Disqualification Order of Highland's previous request for attorneys' fees incurred in connection with the Disqualification Motion, Morris stated "[W]e reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.").

[44] *See Motion to Withdraw Proof of Claim* [Dkt. No. 3442].

HCMLPDT000415

Highland's 46.06% interest in SE Multifamily was worth $20 million,[45] and now, NexPoint/HCRE (which presumably also spent substantial sums prosecuting its Proof of Claim during the nearly two and a half years of litigation) appeared willing to walk away from its multi-million dollar challenge to Highland's 46.06% interest in SE Multifamily.    Highland objected to NexPoint/HCRE's Motion to Withdraw, and the court held a hearing on September 12, 2022 (as required by Bankruptcy Rule 3006), following which the court entered an order denying NexPoint/HCRE's Motion to Withdraw, for the reasons set forth on the record,[46] and directing the parties to "confer in good faith to complete the depositions" of Dondero, McGraner, and NexPoint/HCRE and otherwise comply with the scheduling order that had been entered by the court on this matter, which included appearing for an evidentiary hearing on November 1, 2022.[47] The court denied NexPoint/HCRE's Motion to Withdraw, in part, because it was concerned that the timing of it all–just two business days **after** completing Highland's depositions but two business days **before** the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE (*i.e.,* NexPoint/HCRE prosecuted its Proof of Claim for two and a half years, through and including the taking of depositions of Highland's witness, while shielding its own witnesses from testifying).  The court was also concerned by NexPoint/HCRE's repeated attempts to preserve its claims against Highland for use against Highland in the future.  In fact, the court entered its order denying NexPoint/HCRE's Motion to Withdraw only after: (1) NexPoint/HCRE refused to agree, at the

---

[45] *See Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382]. As pointed out by Highland in its Response, "[t]here is no dispute that HCRE is the manager of SE Multifamily and therefore—through Mr. Dondero—would be best positioned to opine on the value of Highland's interest in SE Multifamily." Response, 9, at ¶27 n. 4.

[46] The court noted in its order denying HCRE's Motion to Withdraw that, under the Bankruptcy Rules, a creditor does not have an absolute right to withdraw a proof of claim.

[47] Dkt. No. 3525.

HCMLPDT000416

September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily, and (2) counsel were thereafter unable, in the day or two after the hearing, to work out mutually acceptable language in an agreed order that protected both parties.[48]   As noted in its order denying NexPoint/HCRE's Motion to Withdraw, the court had expressed concerns, during the hearing on the Motion to Withdraw, relating to the integrity of the bankruptcy system and claims process if it allowed NexPoint/HCRE to withdraw its Proof of Claim after two and a half years of litigation, and having caused Highland to spend hundreds of thousands of dollars litigating the Proof of Claim, while at the same time allowing NexPoint/HCRE to preserve its challenges to Highland's ownership interest in SE Multifamily to be used against Highland in the future.  The court did not, at the time, make any express findings regarding NexPoint/HCRE's bad faith or abuse of the judicial process, only because Highland's mid-hearing Oral Sanctions Motion had not provided NexPoint/HCRE with adequate notice and an opportunity to respond.[49]  With the instant Sanctions Motion, those due process concerns have been satisfied.

Having considered the evidence and argument of counsel at both the Trial on NexPoint/HCRE's Proof of Claim and the hearing on the Sanctions Motion, and the pleadings filed in connection with the Sanctions Motion, including NexPoint/HCRE's written Response, and based on the record as a whole, the court expressly finds and concludes that NexPoint/HCRE's

---

[48] At the end of the September 12 hearing, the court had expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties "without the pressure of the Court hovering over you." See Transcript of Hearing on Motion to Withdraw, Dkt. No. 3519, 50:14-59:14. Apparently, counsel were unable to reach an agreement on the terms of an agreed order, and so the court signed the order at docket number 3525, denying NexPoint/HCRE's Motion to Withdraw.

[49] As noted below, NexPoint/HCRE persisted to the end in arguing that the disallowance of its Proof of Claim could not bar NexPoint/HCRE from making future challenges to Highland's 46.06% membership interest in SE Multifamily.

HCMLPDT000417

*litigation strategy and actions* in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process on the part of NexPoint/HCRE.

### 3. NexPoint/HCRE's Admissions at Trial Are Further Evidence of its Bad Faith Filing and Willful Abuse of the Judicial Process

Following the denial of NexPoint/HCRE's Motion to Withdraw, the parties complied with the court's order to schedule the depositions of Dondero and McGraner at mutually agreeable times to complete discovery and then appeared at Trial on November 1, 2022. At the conclusion of the Trial, NexPoint/HCRE doubled-down on its request of the court "to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[50] This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request. Nevertheless, NexPoint/HCRE continued to the end to try to limit any order disallowing its Proof of Claim so as to preserve its right to assert the very claims asserted in its Proof of Claim (for rescission, reformation and/or modification of the SE Multifamily Amended LLC Agreement to reallocate the membership percentages) for use in the future.[51]

The Trial testimony of Dondero and McGraner revealed that NexPoint/HCRE had no factual basis to claim that a mistake was made by any of the parties, much less a mutual mistake

---

[50] Trial Tr. 179:23-25; 180:8-9.

[51] Trial Tr. 179:21-24 ("They want you to make findings that we can't raise any of these other issues, rescissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."); 200:8-12 ("If Your Honor's going to deny the proof of claim, I would ask that you simply deny the proof of claim. We don't have an adversary proceeding here. There wasn't one started. Mr. Morris considered that and then didn't follow that path, because all we have here today is a proof of claim.").

HCMLPDT000418

of the parties, regarding the allocation of ownership percentages in SE Multifamily in corporate

documentation,[52] and, in fact, "the evidence overwhelmingly point[ed] to the conclusion that both

Mr. Dondero and Mr. McGraner understood that the allocation of 46.06% membership interest to

Highland, and a total capital contribution by Highland of $49,000 in the Amended LLC

Agreement, reflected the intent of the parties prior to, and at the time of, the execution of the

Amended LLC Agreement."[53] The court specifically noted in the Proof of Claim Disallowance

Order that Dondero admitted that he had not read or reviewed the Amended LLC Agreement or

any drafts of it before he signed it—apparently the Amended LLC Agreement was one of those

important, high-risk documents that Dondero was too busy to read or investigate before signing

(like the Proof of Claim)—but he nevertheless testified that "the capital contributions and

membership allocations contained in Schedule A of the Amended LLC Agreement comported with

his understanding and intent when he signed the Amended LLC Agreement on behalf of HCRE

and Highland."[54]   NexPoint/HCRE was also unable to produce any evidence at Trial to support

its factual allegation that there was a "lack of consideration" or a "failure of consideration" with

respect to the Amended LLC Agreement, such that NexPoint/HCRE would be entitled to a

---

[52] The court concluded, specifically, that

> HCRE did not produce any evidence, much less clear and convincing evidence, that the parties to the
> Amended LLC Agreement – HCRE, Highland, BH Equities, and Liberty – had come to a specific and
> understanding, prior to the execution of the Amended LLC Agreement in March 2019, that the allocation of
> percentage membership interests in SE Multifamily was different from the percentage allocations contained
> in the Amended LLC Agreement.  When asked on cross-examination, Mr. McGraner, HCRE's officer and
> co-owner who was most involved in the negotiations of the terms of the Amended LLC Agreement, was
> unable to identify any specific mistake made in the drafting of the Amended LLC Agreement.  Neither he
> nor NexPoint/HCRE's other witness, Mr. Dondero, were able to point to a specific meeting of the minds of
> the members of SE Multifamily prior to (or after, for that matter) the execution of the Amended LLC
> Agreement that the parties intended Highland's allocation of SE Multifamily membership interests to be any
> percentage other than the 46.06% allocation attributed to Highland in the written Amended LLC Agreement.

Proof of Claim Disallowance Order, 30.

[53] Id., 30-31.

[54] Id., 31 n. 119.

HCMLPDT000419

reformation,[55] rescission,[56] or modification of it, to re-allocate the ownership percentages that the
parties agreed to at the time of the execution of it.[57]

In fact, McGraner ultimately admitted in his Trial testimony that the only reason
NexPoint/HCRE had for filing its Proof of Claim, which challenged Highland's title to its 46.06%
membership interest in SE Multifamily, was, essentially, ***that NexPoint/HCRE was frustrated
with the consequences of Dondero's decision in 2019 to seek bankruptcy protection for
Highland (notably, the bankruptcy case was filed just a few months after the Amended LLC
Agreement was executed), which resulted in Dondero losing control over Highland***, such that,
as far as NexPoint/HCRE was concerned, its "partner" [in SE Multifamily] was no longer its
"partner."  The court noted in the Proof of Claim Disallowance Order that McGraner

> could not point to any provision of the Amended LLC Agreement that was either
> "wrong" or a "mistake;" rather, he testified that the "mistake" was "when the
> bankruptcy was filed and we can't amend it" because "[o]ur partners aren't our
> partners" – "if you have good partners and you're working with partners that are –

---

[55] After noting that "neither lack of consideration nor failure of consideration are bases for reformation of a contract
under Delaware law (which is what NexPoint/HCRE is seeking in its Proof of Claim)," the court concluded that
"HCRE is not entitled to reformation of the Amended LLC Agreement to reallocate the members' membership
interests as requested based on its allegations of lack of consideration and/or failure of consideration." Proof of Claim
Disallowance Order, 32 n. 120.

[56] The court noted in the Proof of Claim Disallowance Order that NexPoint/HCRE had not actually stated a claim for
rescission of the Amended LLC Agreement with respect to its Proof of Claim, but that, if it had,

> Mr. Dondero's admission that he did not read the Amended LLC Agreement (or even have the terms
> explained to him by counsel or anyone else) prior to signing it on behalf of HCRE and Highland
> would bar any claim by HCRE for rescission of the Amended LLC Agreement.  Moreover, even if
> HCRE's claim for rescission was not barred by Mr. Dondero's failure to read the Amended LLC
> Agreement prior to signing it, HCRE did not present any evidence of the other elements of a
> rescission claim:  that the parties were mistaken as to a basic assumption on which the Amended
> LLC Agreement was made and that the mistake had a material effect on the agreed-upon exchange
> of performances.

Proof of Claim Disallowance Order, 33-34.

[57] *See* Proof of Claim Disallowance Order, 32-33 n. 120 (where the court found that "HCRE has not shown that there
was a lack or failure of consideration on behalf of Highland in connection with the Amended LLC Agreement. . . .
Under Delaware law, the courts 'limit [their] inquiry into consideration to its existence and not whether it is fair or
adequate,' . . . . '[E]ven if the consideration exchanged is grossly unequal or of dubious value, the parties to a contract
are free to make their bargain.' (citations omitted). Here, it is undisputed that Highland made a cash capital
contribution of $49,000, that Highland was a jointly and severally liable coborrower under the KeyBank Loan, and
that SE Multifamily (and HCRE), having no employees of their own, relied on Highland's employees to conduct
business.  Thus, HCRE's claim, to the extent it is based on alleged lack and/or failure of consideration fails.").

22

that are known to you, then you make amendments to reflect the contributions of those partners, whether monetary or otherwise . . . [a]nd my understanding is I can't do that right now."[58]

McGraner testified that "despite Mr. Dondero being in control of both HCRE and Highland prior to the bankruptcy filing, and despite 'all of the fears [he] had [related to Highland's bankruptcy filing],' HCRE made no effort to amend the agreement before the bankruptcy or post-bankruptcy (because 'we didn't think it would be worth it')[ ][59] [and] 'because [it] hoped that the issues that caused the bankruptcy filing would resolve themselves.'"[60] This is not a good-faith basis for filing and prosecuting the Proof of Claim, and it exhibits a willful abuse of the bankruptcy claims process by NexPoint/HCRE.

In summary, the admissions by Dondero and McGraner in their Trial testimony made clear that NexPoint/HCRE never had a factual or legal basis for the Proof of Claim. NexPoint/HCRE's principals knew, at the time of filing and through its prosecution of the Proof of Claim, that there was no factual basis for its claim of rescission, reformation, and/or modification of the Amended LLC Agreement to dispossess Highland of some or all of its 46.06% membership interest in SE Multifamily. This clearly and convincingly constitutes bad faith by NexPoint/HCRE and a willful abuse of the judicial process.

### C. Reimbursement of Attorneys' Fees and Costs Incurred by Highland in the Proof of Claim Litigation Is an Appropriate Sanction for NexPoint/HCRE's Bad Faith

Having found and concluded by clear and convincing evidence that NexPoint/HCRE filed and prosecuted (and attempted withdrawal of) its Proof of Claim in bad faith and willfully abused the judicial process, this court may use its inherent powers under Bankruptcy Code section 105(a)

---

[58] Proof of Claim Disallowance Order, 27 (citing Trial Tr. 114:24-115:16, 118:6-15).

[59] *Id.* (citing Trial Tr. 121:24-122:9).

[60] *Id.* at 28 (citing Trial Tr. 122:20-125:21).

HCMLPDT000421

to sanction it for such conduct. Reimbursement of the opposing party's fees and costs incurred in responding to a bad faith filing or willful abuse of the judicial process has been upheld as an appropriate form of sanctions. *See Cleveland Imaging*, 26 F.4th at 294 (upholding the bankruptcy court's sanction order that required the parties who were found to have filed bankruptcy petitions in bad faith to reimburse the fees incurred by a post-confirmation litigation trust in responding to the bad faith filing); *Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (bankruptcy court did not abuse its discretion in ordering the debtors to "pay $49,432, which represents the amount of attorneys' fees incurred by [the bankruptcy trustee] in responding to certain instances of the [debtors'] bad faith conduct."); *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's use of its inherent powers to issue monetary sanctions for bad faith filing that were, in part, based upon the opposing parties' attorneys' fees and costs "following an extensive hearing in which the bankruptcy court heard testimony from the parties and witnesses and made certain credibility determinations," and "made specific findings that Appellants acted in bad faith."); *In re Paige*, 365 B.R. 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys' fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*, 576 B.R. 84, 93 (S.D. Tex. 2017) (same). Any sanction imposed pursuant to a bankruptcy court's inherent powers for bad faith conduct or willful abuse of the judicial process "must be compensatory rather than punitive in nature." *In re Lopez*, 576 B.R. at 93 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)). "[A] sanction counts as compensatory only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based[,]" and "[a] fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber*, 581 U.S.

HCMLPDT000422

at 108 (quoting *Bagwell*, 512 U.S. at 834).  The fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. at 104).  The "'causal link' between the sanctionable conduct and the opposing party's attorney's fees" must be established "through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct." *Id.* (citing *Goodyear Tire & Rubber*, 581 U.S. at 108-109 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, as earlier noted, Highland has requested, as a sanction, reimbursement of its attorneys' fees and costs incurred by it in responding to NexPoint/HCRE's filing and prosecution of its Proof of Claim.  Specifically, Highland seeks reimbursement of an aggregate amount of **$825,940.55**, consisting of

- **$782,476.50** in attorneys' fees charged by its primary bankruptcy counsel, PSZJ, for the period August 1, 2021 through December 31, 2022, for work performed in connection with the litigation of the Proof of Claim;[61]

- **$16,164.05** in third-party expenses for court reporting services provided in connection with the Proof of Claim litigation;[62] and,

---

[61] *See* Morris Declaration, 3-4, at ¶¶ 8-13, and Ex. F. As stated in the Morris Declaration, the $782,476.50 amount does not include any fees relating to the Disqualification Motion or any fees that PSZJ concluded were inadvertently coded by a timekeeper to the NexPoint/HCRE Claim Objection category "or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation." *Id.*, 3-4, at ¶¶ 11 and 12. By way of specific example, Morris stated that "in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM))." *Id.*, 4, at ¶ 12.

[62] *See id.*, 4, at ¶ 14, and Ex. G.

HCMLPDT000423

- **$27,300.00** in attorneys' fees charged by David Agler for providing Highland with specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim.[63]

NexPoint/HCRE challenges Highland's request for reimbursement of its fees on several bases. ***First***, it argues that it cannot be ordered to reimburse the fees and expenses incurred by Highland ***after*** NexPoint/HCRE attempted to withdraw its Proof of Claim because they do not satisfy the "but for" test for establishing a "causal link" between those fees and costs and NexPoint/HCRE's filing and pursuit of its Proof of Claim—that Highland cannot show that "but for" NexPoint/HCRE's filing and prosecution of its Proof of Claim, Highland would not have incurred those fees and costs. NexPoint/HCRE urges the court to adopt its narrative of the proceedings that "instead of taking a win, [Highland] and its lawyers chose to generate fees to get the same result" and thus Highland's attorneys' efforts were "totally unnecessary" and a "waste of time and resources" that was "the fault of [Highland], not [NexPoint/HCRE]."[64] NexPoint/HCRE states in its Response that "[h]ere, ***it is undisputed*** that, had [Highland] agreed to the withdrawal of the Proof of Claim many months ago – before engaging in costly additional discovery and preparing for and attending a trial on the merits of the claim – [Highland] would have been exactly in the same position that it is in now, but at far less expense" and further that "[t]he real, practical difference between refusing to consent to the withdrawal of [NexPoint/HCRE]'s Proof of Claim and instead prosecuting the Objection to its end is several hundred thousand dollars in attorneys' fees" and, thus, "[t]he Motion abjectly fails any 'but–for' analysis."[65]

---

[63] *See id.*, 4-5, at ¶¶ 15 and 16, and Ex. H. A summary of the aggregate fees and expenses of which Highland is seeking reimbursement in the Sanctions Motion is attached as Exhibit I to the Morris Declaration. *See id.*, 5, at ¶ 17, and Ex. I.

[64] Response, 2.

[65] Response, 20, at ¶60 (emphasis added).

HCMLPDT000424

The court disagrees with NexPoint/HCRE's "narrative" and its view of the evidence established at Trial. Highland *does* dispute NexPoint/HCRE's contention that, if only it had allowed it to withdraw its Proof of Claim and accepted a "win," that Highland would have been "exactly in the same position that it is in now [after a Trial and ruling on the merits of the Proof of Claim], but at far less expense." The court does as well. As Highland has argued, NexPoint/HCRE's Motion to Withdraw was itself filed in bad faith. Highland was forced to oppose the withdrawal of the Proof of Claim because NexPoint/HCRE would not agree to a withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future.[66] The evidence clearly and convincingly established that any "win" or "victory" that Highland would have obtained through the withdrawal of the Proof of Claim[67]

> would have been pyrrhic because *HCRE—in a clear act of bad faith—tried to withdraw its Proof of Claim while preserving the substance of it claims for another day*. Had HCRE's duplicitous strategy been successful, Highland's interest in SE Multifamily would have remained subject to challenge—an untenable result for anyone, let alone a post-confirmation entity seeking to implement a court-approved asset monetization plan.

The court finds and concludes, as argued by Highland, that there is clear and convincing evidence here that the fees and costs incurred by it, after NexPoint/HCRE sought to withdraw its Proof of Claim (*i.e.,* to prepare for the Trial and prosecute its objection to the Proof of Claim through a trial and ruling on the merits), would not have been incurred "but for" NexPoint/HCRE's bad faith. As pointed out by Highland and as noted above,[68] the court did not enter the Proof of Claim Disallowance Order in December 2022 in a vacuum. Rather, the court denied

---

[66] *See supra* note 45 and accompanying text.

[67] Response, 5, at ¶18.

[68] *See supra* at pages 16-17.

HCMLPDT000425

NexPoint/HCRE's Motion to Withdraw only ***after:*** (1) the court had expressed concerns that the timing and context of its filing of its Motion to Withdraw suggested gamesmanship on its part, and that the integrity of the bankruptcy system and claims process would be in jeopardy if the court were to simply allow withdrawal, without protecting Highland from future challenges to its membership interest in SE Multifamily (particularly, after Highland had spent hundreds of thousands of dollars to that point in objecting to the Proof of Claim); and (2) NexPoint/HCRE refused to agree to language in an order that would alleviate these expressed concerns. The court— having now made an express finding that NexPoint/HCRE's filing of its Motion to Withdraw was in bad faith and part of its willful abuse of the bankruptcy claims process that began with the filing of its Proof of Claim in April 2020—now expressly finds that the fees and costs incurred by Highland after NexPoint/HCRE filed its Motion to Withdraw were necessary for Highland to protect its interests and would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

***Second***, NexPoint/HCRE objects to Highland's fees ($809,776.50) and expenses ($16,164.05) as being "*per se* excessive for a single proof of claim objection."[69] Highland argues that "[s]pending less than 5% of the value of an asset (according to Mr. Dondero's family trust) to obtain good, clear title is economically rational and consistent with the Claimant Trust's duty to maximize value for the benefit of the Claimant Trust's beneficiaries." Per the Morris Declaration, Highland only seeks reimbursement of expenses and fees charged to Highland for expenses incurred and work performed in litigating the Proof of Claim (but—as noted earlier—specifically excluding any fees charged relating to the Disqualification Motion). The court agrees with Highland and finds that the fees and expenses incurred by it in objecting to the Proof of Claim,

---

[69] Response, 10, ¶34.

HCMLPDT000426

including the fees incurred *after* NexPoint/HCRE sought to withdraw its Proof of Claim, were reasonable and necessary for Highland to protect a valuable asset—it's 46.06% interest in SE Multifamily—and, thus, they are not excessive.

*Third*, NexPoint/HCRE complains, in its Response, that the fees charged by PSZJ were unreasonable and excessive because the PSZJ invoices show that it was seeking reimbursement for fees charged by "layers of timekeepers whose identities and roles have not been disclosed."[70] NexPoint/HCRE points out three professionals (two of whom billed one hour or less) who were identified in PSZJ's invoices only by their initials.[71] In its Reply, Highland identified the timekeepers by name—as a litigator who billed one hour of time; a bankruptcy attorney who billed 0.6 hours of time; and a bankruptcy partner who billed 15.1 hours of time—all of whom were "called upon to provide discrete support."[72] Collectively, the three previously "unidentified" attorneys charged just 0.023% of the total fee request.[73] PSZJ's identification of the "unidentified timekeepers" and explanation of the work performed by them satisfies the court that these fees were reasonable and necessary fees incurred as a direct result of NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim. The court rejects NexPoint/HCRE's suggestion that PSZJ overstaffed and overbilled the file because there were "layers of timekeepers." As pointed out in Highland's Reply, "over 82% of the charges related to one litigation partner . . . , one litigation associate . . . , and one paralegal" and "[t]wo other lawyers who have been on the Pachulski team since the inception of this engagement . . . billed relatively modest amounts of time over the course

---

[70] *Id.*, 13, ¶45.

[71] *Id.*, 12, ¶38.

[72] Reply, 9, ¶28.

[73] *Id.*

HCMLPDT000427

of this prolonged litigation."[74] There is simply no factual basis to support a conclusion that the matter was overstaffed.

**Fourth**, NexPoint/HCRE objects to $9,840 charged by two attorneys for travel time,[75] while acknowledging that those attorneys' non-working travel time was billed at half of the attorneys' regular hourly rate.[76] As pointed out by Highland in its Reply, Highland agreed to pay for travel time in its pre-petition engagement letter, so those "charges cannot come as a surprise to Mr. Dondero."[77] The court takes judicial notice of the fact that attorneys charging half of their hourly rates for non-working travel time, as PSZJ did here, pursuant to its engagement letter with Highland that was approved when the court authorized the retention of PSZJ as counsel for the Debtor, is common practice and is a commonly approved term of engagement of professionals in bankruptcy cases. The $9,840 charged by two attorneys for travel time in this matter was a reasonable and necessary expense incurred by Highland in responding to NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.

**Fifth**, and finally, NexPoint/HCRE objects to the fees charged by David Agler (39 hours of work performed at $700 per hour) for providing Highland with tax advice in August 2022, on the basis that the invoice attached as Exhibit H to the Morris Declaration "indicated that it was 'unbilled' work" and that "[w]hatever work he did, it did not manifest itself in the proceedings."[78] Highland pointed out that it **had** explained, in the Morris Declaration, that Mr. Agler provided "specialized tax advice concerning SE Multifamily and other matters related to the Proof of

---

[74] *Id.*, 9, ¶28 n. 5.

[75] Response, 12, ¶37.

[76] *Id.*, 11, ¶36 (Table 1).

[77] Reply, 9-10, ¶29.

[78] Response, 12, ¶42.

HCMLPDT000428

Claim."[79]  Highland provided a more detailed description of the services provided by Mr. Agler and why those services were necessary in its Reply:  "Mr. Agler provided his services in August 2022 in conjunction with Highlands's deposition preparation, including the deposition of SE Multifamily's accountant. These services were necessary because—as Mr. Dondero and Mr. McGraner admitted and as the evidence showed—Highland's participation in SE Multifamily was expected to provide substantial tax benefits."[80]  The court finds that the fees charged by David Agler for work performed for Highland that are set forth in Exhibit H to the Morris Declaration were reasonable and necessary expenses incurred by Highland in responding to HCRE's bad faith conduct and that they would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

The court has determined that the full amount of fees – $809,776.50 – and costs – $16,164.05 – that are set forth in detail in Exhibits F through H (and summarized on Exhibit I) of the Morris Declaration were reasonable and necessary for Highland to respond to, and would not have been incurred "but for," NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim, which the court has found to have been a willful abuse by NexPoit/HCRE of the judicial process.  Under Fifth Circuit precedent, it is appropriate for the court, in the use of its inherent power under Bankruptcy Code § 105(a), to order NexPoint/HCRE, as a compensatory sanction for its bad faith conduct and willful abuse of the judicial process, to reimburse Highland the full amount of fees and costs requested by Highland, which, in the aggregate, total $825,940.55. NexPoint/HCRE's objections to such amounts as excessive, unnecessary, unreasonable, or unrelated to NexPoint/HCRE's bad faith conduct, are overruled.

---

[79] Reply, 10, ¶30 (citing Morris Declaration, ¶15).

[80] *See id.* (citing Morris Declaration, Ex. [E] (Trial Transcript) 43:2-14; 83:17-84:2; 191:23-193:21 (citing to testimony and tax returns that were admitted into evidence)).

HCMLPDT000429

## V.  CONCLUSION AND ORDER

In summary, the court has determined that NexPoint/HCRE was given adequate notice and an opportunity to respond to the Sanctions Motion and that there is clear and convincing evidence that it filed and prosecuted its Proof of Claim, including its eleventh-hour attempt to withdraw its Proof of Claim, in bad faith and that it willfully abused the judicial process.  Such conduct directly caused Highland to incur $825,940.55 in fees and expenses.  In the exercise of its inherent power under Bankruptcy Code § 105(a), the court will grant Highland's Sanctions Motion and order NexPoint/HCRE to reimburse Highland for those fees and expenses as an appropriate sanction for NexPoint/HCRE's bad faith or willful abuse of the judicial process.

Accordingly, and based on the foregoing findings of fact and conclusions of law, including those findings and conclusions in this court's Proof of Claim Disallowance Order, which has been incorporated herein by reference,

**IT IS ORDERED** that the Sanctions Motion [Dkt. No. 3851] be, and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that, in order to compensate Highland for loss and expense resulting from NexPoint/HCRE's bad faith and willful abuse of the judicial process, in filing and prosecuting its Proof of Claim, NexPoint/HCRE is hereby directed to pay Highland the compensatory sum of **$825,940.55**.

### ###End of Memorandum Opinion and Order###

HCMLPDT000430

# EXHIBIT C

HCMLPDT000431

Case 19-34054-sgj11 Doc 4069-15 Filed 06/20/25 Entered 06/20/25 19:05:52 Desc
Case 3:24-cv-01479-S Document 15 Page 76 of 332 Page 72 of 328 PageID 75

Docket #4069 Date Filed: 05/21/2024



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 21, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor. | § | |

### ORDER DENYING MOTION OF NEXPOINT REAL ESTATE PARTNERS, LLC (F/K/A HCRE PARTNERS, LLC) SEEKING RELIEF FROM ORDER PURSUANT TO FED. R. OF BANKR. P. 9024 AND FED. R. CIV. P. 60(b)(1) & (6)

On March 18, 2024, NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

("HCRE") filed its *Motion for Relief from Order* (hereinafter, the "Rule 60(b) Motion"),[1] seeking

reconsideration of and relief from this court's *Memorandum Opinion and Order Granting*

*Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees*

*against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in connection with Proof*

---

[1] Bankr. Dkt. No. 4040.

1

1934054240521000000000001

HCMLPDT000432

*of Claim # 146* ("HCRE Sanctions Order").[2]  The parties stipulated to a briefing schedule and that

the parties would seek a setting for a hearing ("Hearing") on the Rule 60(b) Motion.  On April 22,

2024, Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor") filed its

response ("Response") in opposition to the Rule 60(b) Motion,[3] and HCRE filed its reply

("Reply") thereto on May 1, 2024.[4]  The parties presented oral argument at the Hearing that was

held on May 16, 2024.

**HCRE and its Proof of Claim.**  By way of background, HCRE is an entity whose sole

manager is James D. Dondero, the former Chief Executive Officer of the Reorganized Debtor.

HCRE and Highland were essentially friendly business partners prepetition—not terribly

surprising, as they each had the same chief executive.  In any event, HCRE and Highland were

equity owners/members of a limited liability company named SE Multifamily Holdings, LLC

("SE").[5]  SE owned valuable real estate.  SE was only formed in March 2019 and was governed

by an amended LLC Agreement ("SE's LLC Agreement").  After Highland filed Chapter 11 in

October 2019, and later became managed by three new independent directors and a new CRO and

then new CEO, James Seery, Highland and HCRE were no longer amicable business partners.   In

fact, HCRE filed a proof of claim in Highland's bankruptcy case (on April 8, 2020), for an

unliquidated sum, which was electronically signed by Mr. Dondero.  The proof of claim asserted

that HCRE had a claim against Highland to reduce Highland's equity ownership and rights in SE

and, further, that it had grounds to reform, rescind, or modify SE's LLC Agreement based on a

mutual mistake.[6]  Two years and four months after HCRE filed the proof of claim, on August 12,

---

[2] Bankr. Dkt. Nos. 4038 & 4039.
[3] Bankr. Dkt. No. 4052.
[4] Bankr. Dkt. No. 4055.
[5] Note that there was also an unrelated minority owner (6%) in SE called BH Equities, LLC.
[6] Claim No. 146 & Bankr. Dkt. No. 1212.

HCMLPDT000433

2022, and after significant discovery and litigation regarding the proof of claim, HCRE moved to withdraw the proof of claim.

**HCRE's Motion to Withdraw its Proof of Claim.**  There's a rule for withdrawing a proof of claim:  Fed. R. Bankr. P. 3006.  The bankruptcy court set a hearing, on September 12, 2022, as required by this rule, on HCRE's motion to withdraw the proof of claim ("Sept. 12, 2022 Proof of Claim Withdrawal Hearing").[7]  After extensive discussion on the record, the bankruptcy court denied HCRE permission to withdraw its proof of claim—primarily because HCRE declined to withdraw the proof of claim with prejudice to any future litigation in any forum pertaining to the issues raised in the proof of claim.  In other words, HCRE would not state unequivocally that it would not re-urge in the future its alleged present entitlement to reform or rescind SE's LLC Agreement.  To be clear, HCRE expressed that it would withdraw its proof of claim with prejudice to re-asserting it in the bankruptcy court, and with prejudice to filing any appeal of a bankruptcy court order on same.  ***But this type of withdrawal meant little—because the deadline/bar date for filing proofs of claim in the Highland bankruptcy case had passed 16 months earlier anyway***.  HCRE would be time-barred from asserting its proof of claim at this late stage in the Highland bankruptcy case.  The bankruptcy court was concerned that HCRE was attempting to preserve its present claims against Highland for use in the future in a different forum.[8]  If there was going to be litigation over these issues, Highland thought it was time to get on with such litigation.  The bankruptcy court was persuaded that, indeed, Highland would be prejudiced if HCRE were allowed to withdraw its proof of claim without clear and unequivocal language in the order that HCRE would not be able to assert its claims and/or theories regarding rescission and/or

---

[7] Bankr. Dkt. No. 3519 (Transcript).
[8] At the time, it appeared that litigation might be on the horizon in state court involving these parties and regarding business records production.

HCMLPDT000434

reformation of the SE LLC Agreement in any future litigation in any court or forum (after all, future litigation is not what a "fresh start" of bankruptcy is about). Thus, the bankruptcy court issued its Order denying withdrawal of the HCRE proof of claim on September 14, 2022 ("Order Denying Withdrawal of HCRE Proof of Claim").[9]

**Trial on the HCRE Proof of Claim.** Thereafter, the bankruptcy court held a trial on November 1, 2022, on the merits of HCRE's proof of claim and ultimately disallowed the proof of claim ("Claim Disallowance Order").[10] There was no evidence presented of any sort of mistake, mutual or otherwise, in connection with SE's LLC Agreement or any other basis for reformation or rescission of SE's LLC Agreement. Moreover, Mr. Dondero testified that he had not even read the HCRE proof of claim or conducted any due diligence regarding the HCRE proof of claim before authorizing his electronic signature to be affixed to it. HCRE did not appeal the Claim Disallowance Order.

**Highland Motion for Sanctions Against HCRE.** Highland thereafter filed a written motion for sanctions pertaining to HCRE conduct surrounding the proof of claim—seeking a bad faith finding and reimbursement of Highland's attorney's fees caused by HCRE's actions. Several months later (after, among other things, renewed attempts at global mediation of the remaining issues in the Highland bankruptcy case), the bankruptcy court granted Highland's motion for sanctions, after a contested hearing ("Order Imposing Sanctions").[11] The Order Imposing Sanctions (which shifted to HCRE approximately $825,000 of the Reorganized Debtor's attorney's fees and expenses incurred by Highland in connection with the HCRE proof of claim—which was less than the entire amount that the Reorganized Debtor had incurred regarding the HCRE proof

---

[9] Bankr. Dkt. No. 3518.
[10] Bankr. Dkt. No. 3766 & 3767.
[11] Bankr. Dkt. No. 4039.

HCMLPDT000435

of claim during the more than three years since it was filed)[12] is the order now subject to HCRE's Rule 60(b) Motion.

**The Rule 60(b) Motion.** HCRE argues, primarily, that the bankruptcy court made two core, related "mistakes" in connection with its Order Imposing Sanctions that it should correct pursuant to Rule 60(b)(1). First, the bankruptcy court allegedly made a "mistake" in refusing to permit HCRE to withdraw its proof of claim based on a mistaken belief by the bankruptcy court that HCRE was not willing to withdraw it with prejudice for all purposes. HCRE now stresses that it was, indeed, willing to withdraw the proof of claim with prejudice to any future litigation in any court—not just in the bankruptcy court. Second, HCRE further argues that the bankruptcy court's mistake of fact on this point caused it to erroneously require an unnecessary trial on the proof of claim—the result of which was Highland incurring/billing unnecessary fees relating to the proof of claim. The bankruptcy court then shifted those fees to HCRE in the Order Imposing Sanctions. HCRE asserts that it is incorrect as a matter of law to conclude that these fees would not have been incurred "but for" HCRE's bad faith conduct. *See Goodyear Tire & Rubber v. Haeger*, 581 U.S. 101, 108 (2017). Therefore, the bankruptcy court should not have shifted them to HCRE as part of the Order Imposing Sanctions.

The court denies the Rule 60(b) Motion. To be sure, this court does not disagree with HCRE that a mistake of fact *or* mistake of law can be grounds for granting a Rule 60(b) motion. *See Kemp v. United States*, 596 U.S. 528, 535-36 (2022). The court also does not disagree with

---

[12] Highland sought attorney's fees and expenses incurred relating to the HCRE proof of claim from the time period of August 1, 2021 through December 31, 2022. The HCRE proof of claim was filed April 8, 2020. Highland not only did not seek any reimbursement for any time and expense for the first 16 months after HCRE filed its proof of claim, but Highland ultimately did not seek (and the bankruptcy court did not allow) any fees that Highland incurred in successfully moving to disqualify HCRE's counsel in this matter, Wick Phillips (note: Wick Phillips was actually the second law firm that HCRE retained pertaining to its proof of claim; a different law firm originally filed the HCRE proof of claim (Bonds Ellis), followed by Wick Philips, and then the Hoge & Gameros, L.L.P. law firm took over, and now the law firm of Reichman Jergensen Lehman & Feldberg LLP is representing HCRE in this matter.

HCMLPDT000436

HCRE that an award of fees relating to sanctionable conduct must be limited to fees that would not have been incurred "but for" the sanctionable conduct. *Goodyear Tire*, 581 U.S. 101 at 104, 108 (the "causal link" between the sanctionable conduct and the opposing party's attorney's fees must be established through a "but-for" test; the complaining party may only recover the portion of fees that would not have been paid but-for the sanctionable conduct). However, the bankruptcy court does not believe it made a mistake of fact or of law with regard to either of these points.

First, the bankruptcy court does not believe it made a mistake of fact in interpreting what HCRE was and was not willing to do in connection with its motion to withdraw its proof of claim at the Sept. 12, 2022 Proof of Claim Withdrawal Hearing. HCRE used hedging language, to the extent that it appeared to be willfully obtuse on this point. It was not willing to withdraw the proof of claim *with prejudice to ever litigating the issues raised in the proof of claim*. It was not future conduct and future theories that HCRE was worried about preserving in future litigation, and the bankruptcy court was certainly not engaging in a mission to ban all future litigation between these parties in perpetuity. The sole concern was about *claims/theories in the HCRE proof of claim* being resurrected somewhere else in the future. The transcript of the September 12, 2022 hearing is clear that there was much discussion on this point, and the court even gave the parties a 24-hour break to go talk outside the presence of the court—to hopefully wordsmith an agreed order withdrawing the proof of claim. Apparently, the parties could not reach an agreement on this relatively simple concept. So, the court would not allow withdrawal of the HCRE proof of claim without clarity that the proof of claim issues would not be raised in future litigation somewhere. The court set a trial on the merits of the proof of claim a few weeks later, as the parties were close to being trial-ready. Moreover, a review of the September 12, 2022 Transcript reflects that the bankruptcy court focused on multiple factors in disallowing withdrawal of the HCRE proof of

6

HCMLPDT000437

claim—the so-called *Manchester* factors—not simply the failure of HCRE to withdraw the proof of claim with prejudice to all future litigation. *Manchester, Inc. v. Lyle (In re Manchester, Inc.)*, 2008 Bankr. LEXIS 3312, *11-12 (Bankr. N.D. Tex. Dec. 19, 2008) (the *Manchester* factors include: (1) the movant's diligence in bringing the motion to withdraw, (2) any "undue vexatiousness" on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim). In other words, there were several factors that caused the bankruptcy court to deny withdrawal of the HCRE proof of claim.

Moreover, even if the court did make a mistake of fact in interpreting what HCRE was and was not willing to do (i.e., in deciphering what "with prejudice" did or did not mean)—and, in relying on this as a basis to deny HCRE permission to withdraw its proof of claim--wouldn't this have been an error of the bankruptcy court in entering its Order Denying Withdrawal of HCRE Proof of Claim? This order—entered September 14, 2023—was not appealed. Nor was the subsequent Order Disallowing Claim. In some ways, the Rule 60(b) Motion smacks of being a collateral attack on the Order Denying Withdrawal of Proof of Claim which was never appealed. Had there been an appeal of it, it would have been apparent that it was a multi-faceted decision, based on many factors (i.e., the *Manchester* factors)—not merely the "with prejudice" issues.[13]

Which leads to the last issue—was there a mistake of law in allowing reimbursement of Highland's fees and expense incurred *after* the Order Denying Withdrawal of HCRE Proof of Claim? In particular, over $300,000 of fees were incurred by Highland (and shifted by the court in the Order Imposing Sanctions) associated with the preparation for and trial on the HCRE proof

---

[13] Bankr. Dkt. No. 3519 (Transcript, pp. 51-55).

7

of claim. Was this a mistake of law? Only if the bankruptcy court made a mistake in ordering that there would be a trial on the HCRE proof of claim (i.e., only if the bankruptcy court erred in entering its Order Denying Withdrawal of HCRE Proof of Claim, and, as noted above, that order was not appealed by HCRE). The court never would have ordered trial on the merits if not for HCRE's conduct (beginning with its bad faith filing of its proof of claim and including refusing to withdraw its proof of claim with prejudice to all future litigation on the issues raised in the proof of claim). Thus, Highland would not have incurred this $300,000+ in fees and expenses "but-for" HCRE's conduct.

Having considered the Rule 60(b) Motion, the Response, the Reply, and the argument of the parties, the court finds that there is no basis or justification for granting HCRE the relief requested in its Rule 60(b) Motion. Any arguments made in the Rule 60(b) Motion not herein addressed are denied.

Accordingly,

**IT IS ORDERED** that the Rule 60(b) Motion be, and hereby is, **DENIED**.

### ###END OF ORDER###

8

HCMLPDT000439

Amy L. Ruhland
Texas Bar No. 24043561
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
**HOGE & GAMEROS. L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
        wcarvell@legaltexas.com

*Attorneys for NexPoint Real Estate Partners,*
*LLC (f/k/a HCRE Partners, LLC)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case N. 19-34054 (SGJ) |
| Debtor. | |

## SECOND AMENDED NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT, pursuant to 28 U.S.C. § 158(a) and Rules 8002 and

8003 of the Federal Rules of Bankruptcy Procedure, NexPoint Real Estate Partners, LLC (f/k/a

HCRE Partners, LLC) hereby appeals to the United States District for the Northern District of

Texas from the *Memorandum Opinion and Order Granting Highland Capital Management,*

1

HCMLPDT000440

*L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate*

*Partners LLC (f/k/a HCRE Partners, LLC) in Connection With Proof of Claim # 146* [Dkt. Nos.

4038 and 4039], entered by the United States Bankruptcy Court for the Northern District of Texas

on March 5, 2024 and *Order Denying Motion of NexPoint Real Estate Partners, LLC (f/k/a HCRE*

*Partners, LLC) Seeking Relief From Order Pursuant to Fed. R. of Bankr. P. 9024 and Fed. R.*

*Civ. P. 60(b)(1) & (6)* [Dkt. 4069] entered by the United States Bankruptcy Court for the

Northern District of Texas on May 21, 2024 (collectively referred to as the "Orders").  True and

correct copies of the Orders are attached hereto as Exhibit A, Exhibit B, and Exhibit C.  The

parties to the appeal are as follows:

Appellant/Respondent: NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

Attorneys:
Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG
901 S. Mopac Expwy, Suite 300
Austin, TX  78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Douglas Wade Carvell, P.C.
HOGE & GAMEROS. L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
          wcarvell@legaltexas.com

Appellee/Movant: Highland Capital Management, L.P.

Attorneys:
Jeffery N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor

2

HCMLPDT000441

Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
      ikharasch@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com
      hwinofrad@pszjlaw.com

Dated: June 4, 2024

Respectfully Submitted,

REICHMAN JORGENSEN LEHMAN &
FELDBERG

*/s/Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
aruhland@reichmanjorgensen.com
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102

HOGE & GAMEROS. L.L.P

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
bgameros@legaltexas.com
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
wcarvell@legaltexas.com
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002

*Attorneys for NexPoint Real Estate Partners,*
*LLC (f/k/a HCRE Partners, LLC)*

HCMLPDT000442

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland

HCMLPDT000443

# EXHIBIT A

HCMLPDT000444



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2024**

_____
**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor | § | |

### MEMORANDUM OPINION AND ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM # 146

### I.    INTRODUCTION

Before this court is a sanctions motion[1] filed by Highland Capital Management, L.P.

("Highland," the "Debtor," or the "Reorganized Debtor").[2]  The motion seeks sanctions against

---

[1] *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in connection with Proof of Claim 146* ("Sanctions Motion"). Dkt. No. 3851.

[2] Highland is a reorganized debtor under the confirmed *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). Dkt. No. 1808. *See Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("Confirmation Order"). Dkt. No. 1943.


1934054240305000000000001

HCMLPDT000445

NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("NexPoint/HCRE") for its filing, prosecution, and then abrupt attempt to withdraw a meritless proof of claim (after almost three years of protracted litigation).

NexPoint/HCRE filed the subject proof of claim, #146 on the claims register ("Proof of Claim"), on April 8, 2020.[3] The Proof of Claim was signed electronically by James D. Dondero ("Dondero") and was prepared and filed by a law firm that was representing him personally at that time.[4] The Proof of Claim was not in a liquidated amount and was somewhat ambiguous. It stated in an Exhibit A thereto, that NexPoint/HCRE, which was a limited partner, along with Highland, in a limited liability company called SE Multifamily Holdings, LLC ("SE Multifamily")—an entity which owned valuable real estate—"may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor" and added that Highland's equity interest "may be the property of Claimant. Accordingly, Claimant may have a claim against the Debtor." NexPoint/HCRE stated that it would update the Proof of Claim to provide the exact amount of it "in the next ninety days" but never did.

Highland objected to the Proof of Claim. Thereafter, NexPoint/HCRE (while still not providing any liquidated amount of its Proof of Claim) refined its position therein to argue that the organizational documents relating to SE Multifamily improperly allocated the ownership percentages of the equity members, due to mutual mistake, lack of consideration, and/or failure of consideration. NexPoint/HCRE essentially sought to reform, rescind, and/or modify the SE Multifamily limited liability company agreement (and possibly other documentation) to give Highland less ownership (or no ownership interest) in SE Multifamily and, accordingly,

---

[3] Claim No. 146.

[4] Bonds Ellis Eppich Schafer Jones LLP.

HCMLPDT000446

NexPoint/HCRE would have a larger ownership interest in SE Multifamily. Next, there occurred years of litigation between the parties, including: (a) a skirmish over Highland's motion to disqualify NexPoint/HCRE's newest counsel (*i.e.,* a law firm that had represented both Highland and NexPoint/HCRE in transactions involving SE Multifamily), which was ultimately granted, and (b) an eleventh-hour attempt by NexPoint/HCRE to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits. Highland objected to the withdrawal. The court held a hearing on that, as required by Bankruptcy Rule 3006. The court declined to allow withdrawal of the Proof of Claim, when the parties could not stipulate to an agreed form of order (*i.e.,* NexPoint/HCRE was unwilling to withdraw the Proof of Claim **with prejudice** to asserting its claims again in any future litigation in any forum).

Painfully, after all this, an evidentiary hearing was held on the merits of the Proof of Claim ("Trial") on November 1, 2022. During the Trial, Highland made an oral motion for a bad faith finding and assessment of attorneys' fees against NexPoint/HCRE in connection with its filing and prosecution of the Proof of Claim ("Oral Sanctions Motion"), which this court took under advisement, along with the consideration of the Proof of Claim as a whole.

On April 28, 2023, this court entered a 39-page memorandum opinion and order[5] sustaining Highland's objection to NexPoint/HCRE's Proof of Claim, but denying Highland's Oral Sanctions Motion, without prejudice, *as procedurally deficient in that it was made orally and for the first time during the Trial.* Thus, the Oral Sanctions Motion failed to provide NexPoint/HCRE sufficient notice and an opportunity to respond and, therefore, did not satisfy concerns of due process.

---

[5] *See Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* ("Proof of Claim Disallowance Order"). Dkt. No. 3767.

HCMLPDT000447

On June 16, 2023, Highland filed the instant Sanctions Motion, setting forth the legal and factual bases for the relief sought.  The Sanctions Motion specifically seeks a finding of bad faith against NexPoint/HCRE and reimbursement of Highland's attorneys' fees and costs, as a sanction for NexPoint/HCRE's filing and prosecution of the Proof of Claim.

After due notice to NexPoint/HCRE, and a hearing held January 24, 2024 on the Sanctions Motion ("Sanctions Motion Hearing"), and after consideration of the pleadings filed, evidence in the record, and arguments of counsel, the court finds, for the reasons detailed in the findings of fact and conclusions of law below,[6] that NexPoint/HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim.  Accordingly, NexPoint/HCRE will be required, as a sanction, to reimburse Highland's attorneys' fees and costs (totaling **$825,940.55**) incurred in connection with its objection to the Proof of Claim.

## II.      JURISDICTION

This court has jurisdiction and authority to determine and enter a final order in this matter, pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O) and 1334.[7]

## III.      BACKGROUND, PROCEDURAL HISTORY, AND FINDINGS OF FACT

### A.  *Incorporation Herein of Proof of Claim Disallowance Order*

As noted above, this court, on April 28, 2023, issued its 39-page Proof of Claim Disallowance Order, sustaining Highland's objection to NexPoint/HCRE's Proof of Claim

---

[6] To the extent that any of the findings of fact should be construed as a conclusion of law, it shall be construed as such.  To the extent that any of the conclusions of law should be construed as a finding of fact, it shall be construed as such.

[7] The Fifth Circuit recently confirmed the jurisdiction and authority of bankruptcy courts to issue sanctions orders in connection with bankruptcy cases and proceedings over which they exercise jurisdiction, because they are in the nature of ***civil contempt*** orders—which are considered "part of the underlying case" – "because the bankruptcy court had jurisdiction over the [ ] bankruptcy case, it had jurisdiction to enter the sanctions order, too." *Kreit v. Quinn (In re Cleveland Imaging and Surgical Hospital, L.L.C.)*, 26 F.4th 285, 294 (5th Cir. 2022) (cleaned up).

HCMLPDT000448

following the Trial on same. The Proof of Claim Disallowance Order sets forth extensive procedural history, findings of fact, and conclusions of law pertaining to NexPoint/HCRE's filing and prosecution of its Proof of Claim, which Highland alleges in the instant Sanctions Motion was conducted in bad faith. NexPoint/HCRE did not appeal the Proof of Claim Disallowance Order. Thus, it is a final and non-appealable order.[8] The court hereby incorporates by reference the Proof of Claim Disallowance Order (and all of the findings and conclusions therein), as if set forth verbatim herein.[9]

### B. Highland Files Sanctions Motion

On June 16, 2023, Highland filed the instant Sanctions Motion. It was supported with a Declaration of John A. Morris in support of the Sanctions Motion ("Morris Declaration")[10] and 431 pages of attached exhibits as set forth in the following table:

| Exhibit A | NexPoint/HCRE's Proof of Claim[11] |
| Exhibit B | Highland's Objection to NexPoint/HCRE's Proof of Claim[12] |
| Exhibit C | NexPoint/HCRE's Response to Objection to Claim[13] |

---

[8] The Proof of Claim Disallowance Order is one of the few bankruptcy court orders issued in this bankruptcy case that was not appealed by Dondero or a Dondero-controlled entity. Although the court has not counted the exact number of appeals filed by Dondero and/or Dondero-controlled entities in this bankruptcy case and related proceedings, this court takes judicial notice of information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals." *See Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12, at ¶ 24, filed on February 9, 2024. Dkt. No. 189 (NDTX Case No. 3:21-cv-00881-X).

[9] The Proof of Claim Disallowance Order was attached as Exhibit D to the Declaration of John A. Morris, Dkt. No. 3852, which was filed by Highland in connection with, and in support of, the relief requested in the Sanctions Motion.

[10] Dkt. No. 3852.

[11] Claim No. 146, filed April 8, 2020.

[12] *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Objection to Claim"), filed July 30, 2020. Dkt. No. 906.

[13] *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Response to Objection to Claim"), filed October 19, 2020. Dkt. No. 1212.

HCMLPDT000449

| Exhibit D | Proof of Claim Disallowance Order |
|---|---|
| Exhibit E | Transcript of November 1, 2022 Trial (on NexPoint/HCRE's Proof of Claim) |
| Exhibit F | Attorneys' Fees of Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>") for the period of August 1, 2021 through December 31, 2022 incurred in connection with the litigation on the NexPoint/HCRE Proof of Claim |
| Exhibit G | Invoices for court reporting services provided in connection with depositions taken and defended during the course of the Proof of Claim litigation |
| Exhibit H | Invoice for services rendered by David Agler, who provided specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim |
| Exhibit I | Summary of Fees and Expenses Incurred by Highland in Connection with NexPoint/HCRE's Proof of Claim |

The Sanctions Motion (unlike the Oral Sanctions Motion made during the Trial) provided NexPoint/HCRE with due and appropriate notice of the legal and factual bases for Highland's request for a bad faith finding and reimbursement of attorneys' fees and costs incurred by it in litigating the Proof of Claim. As stated in the Sanctions Motion, the legal basis for Highland's request for reimbursement of its attorneys' fees as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim is the bankruptcy court's "inherent authority under section 105 of the Bankruptcy Code to issue sanctions after making a finding of bad faith."[14] Highland referred to specific documentary and testimonial evidence adduced during the Trial that it alleges supports a finding that NexPoint/HCRE filed and prosecuted its Proof of Claim in bad faith, and attached invoices evidencing its attorneys' fees and costs incurred as a direct result of this alleged bad faith.

---

[14] *See* Sanctions Motion, 10, ¶25.

HCMLPDT000450

Before NexPoint/HCRE filed its response to the Sanctions Motion, the matter was stayed on August 2, 2023, pending court-ordered global mediation.[15]  The mediation ultimately proved to be unsuccessful.[16]  Thereafter, NexPoint/HCRE filed its *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* ("Response")[17] on December 22, 2023. NexPoint/HCRE denies that it filed and prosecuted its Proof of Claim in bad faith and argues it should not be sanctioned at all.  It further argues that, even if the filing and prosecution of the Proof of Claim are found to have been in bad faith, the amount of the fees incurred by Highland in connection with the Proof of Claim litigation is "*per se* excessive for a single proof of claim objection"[18] and "extraordinarily high given that this dispute could have been brought to a swift close many months ago"—if only NexPoint/HCRE had been allowed to withdraw its Proof of Claim in September of 2022.[19]  Highland's has sought reimbursement of more than $800,000 in attorneys' fees and more than $16,000 in expenses, identified in Exhibits F through H (and summarized in Exhibit I) of the Morris Declaration as having been incurred by Highland in connection with its litigation of the Proof of Claim.

Highland filed its *Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in*

---

[15] *See Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation*. Dkt. No. 3897.  This was not the first time the bankruptcy court has ordered global mediation in the Highland case.

[16] *See Joint Notice of Mediation Report* filed on November 7, 2023. Dkt. No. 3995.

[17] Dkt. No. 3995.

[18] Response, 10, ¶34.

[19] Response, 13, ¶45. NexPoint/HCRE argues that, because it had sought to withdraw its Proof of Claim, any fees incurred by Highland after the filing of NexPoint/HCRE's motion to withdraw cannot be attributable to NexPoint/HCRE's alleged bad faith filing and prosecution of its Proof of Claim; rather, such fees were incurred by Highland as a result of Highland's decision to object to NexPoint/HCRE's withdrawal of its Proof of Claim and to proceed with the litigation, including taking depositions, and proceeding to "trial" on the merits instead of "taking a win" with NexPoint/HCRE's withdrawal of its Proof of Claim. *See* Response, 2.

7

Connection with Proof of Claim 146[20] on January 19, 2024, and filed an *Amended Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* ("Reply")[21] on January 23, 2024. Highland argues that "[n]othing in the Response warrants the denial of the [Sanctions] Motion or its requested award of attorneys' fees" and that "the record makes clear" that NexPoint/HCRE and its principals "clearly and convincingly acted in bad faith by (a) knowingly filing and prosecuting a baseless Proof of Claim, . . . ([b]) seeking an unfair litigation advantage by trying to withdraw its Proof of Claim *after* taking Highland's depositions but *before* subjecting its own witnesses to questioning, and ([c]) trying at all times to preserve for another day the claims it asserted (*i.e.*, to "reform, rescind and/or modify the agreement")."[22]

The court held a hearing on the Sanctions Motion ("Hearing") on January 24, 2024, during which NexPoint/HCRE was given a full opportunity to respond to Highland's allegations of bad faith and request for sanctions.

## IV. CONCLUSIONS OF LAW

### A. *The Sanctions Motion Satisfies Due Process Considerations*

In invoking its inherent power to sanction bad faith conduct or a willful abuse of the judicial process, "[a] court must exercise caution . . . , and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *In re Correra*, 589 B.R. 76, 125 (Bankr. N.D. Tex. 2018). As noted above, the court entered its Proof of Claim Disallowance Order on April 28, 2023, in which it sustained Highland's objection to, and disallowed, the Proof of Claim but denied, without prejudice, Highland's Oral Sanctions Motion

---

[20] Dkt. No. 4018.

[21] Dkt. No. 4023.

[22] Reply, 2, ¶2.

HCMLPDT000452

as being procedurally defective because, having been raised for the first time during Trial and not having been made in writing, it had not given NexPoint/HCRE adequate notice and an opportunity to respond to the specific allegations of bad faith being made against it. The court pointed out that it did not address or make any determination regarding the substance of Highland's requests in the Oral Sanctions Motion for a bad faith finding and sanctions against NexPoint/HCRE, subject to Highland's right seek a bad faith finding and sanctions against NexPoint/HCRE upon and after giving it proper notice and an opportunity to respond:

> Here, where the Reorganized Debtor's generic oral request for a finding of bad faith and for "an award costs for a bad faith filing" did not articulate the legal basis for such an award and was raised for the first time during the Trial, HCRE was not given sufficient notice and an opportunity to respond, and, therefore, the court will deny, without prejudice, [Highland's] request for reimbursement of its costs incurred in connection with its objection to HCRE's Proof of Claim.

Proof of Claim Disallowance Order, 38-39 (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) ("[A] person facing possible sanctions is entitled to due process. . . . At a minimum, the respondent is entitled to notice of the authority for the sanctions, notice of the specific conduct or omission that forms the basis of possible sanctions and the opportunity to respond."); *In re Magari*, 2010 WL 817327 at **2-3 (Bankr. N.D. Tex. Mar. 4, 2010) ("By requesting the sanctions award, the Trustee has raised due process concerns that can only be satisfied by providing to the affected party sufficient notice and opportunity to respond.")).

The court concludes that the instant Sanctions Motion and Hearing have provided NexPoint/HCRE with the due process that was lacking in connection with the Oral Sanctions Motion. NexPoint/HCRE was given adequate notice of the legal authority invoked for sanctions (the bankruptcy court's inherent powers under section 105 of the Bankruptcy Code) and NexPoint/HCRE's specific conduct (the filing and prosecution of its Proof of Claim) that Highland

9

alleges to have been in bad faith, and NexPoint/HCRE was given adequate opportunity to respond through briefing and at the Hearing on the Sanctions Motion.

With due process concerns having been now addressed and satisfied, the court is able to address the substantive questions raised in the instant Sanctions Motion of (1) whether NexPoint/HCRE did, indeed, act in bad faith in the filing and prosecution of its Proof of Claim and (2) if so, whether an award of reimbursement of Highland's attorneys' fees and costs incurred in connection with its litigation of the Proof of Claim is an appropriate sanction for such bad faith.

### B. *NexPoint/HCRE Filed and Prosecuted its Proof of Claim in Bad Faith and Willfully Abused the Judicial Process*

A bankruptcy court may sanction a litigant for bad faith filing or litigation if the court makes specific findings, based on clear and convincing evidence, of bad faith or willful abuse of the judicial process. *See Cleveland Imaging*, 26 F.4th at 292 (A bankruptcy court may only sanction a party using its inherent authority if "(1) the bankruptcy court finds that the party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence.") (citing *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729-30 (5th Cir. 2014)). The bankruptcy court's power to sanction bad faith or willful abuse of the judicial process derives from its inherent authority under 11 U.S.C. § 105(a) to issue civil contempt orders. *Id.* at 294, 294 n.14 (quoting the "relevant part" of Bankruptcy Code section 105(a), which provides that bankruptcy courts may "sua sponte, tak[e] any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") (cleaned up).

Having reviewed the record and the evidence adduced at Trial and NexPoint/HCRE's response to the Sanctions Motion (both in its Response and at the hearing on the Sanctions Motion), the court finds and concludes that there is clear and convincing evidence here that

HCMLPDT000454

NexPoint/HCRE filed and prosecuted is Proof of Claim in bad faith and that it willfully abused the

judicial process.

1. *Dondero's Execution and Authorization of the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence Was in Bad Faith and a Willful Abuse of the Judicial Process*

As noted in the Proof of Claim Disallowance Order, NexPoint/HCRE filed its Proof of

Claim in this Highland bankruptcy case on April 8, 2020, several months after the post-petition

"nasty breakup" between Highland and its co-founder and president and chief executive officer,

Dondero.  NexPoint/HCRE described the basis of its claim in Exhibit A attached to its Proof of

Claim:[23]

## Exhibit A

> HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an entity called SE Multifamily Holdings, LLC ("SE Multifamily").  Claimant may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor.  Additionally, Claimant contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor.  Claimant has requested information from the Debtor to ascertain the exact amount of its claim.  This process is on-going.  Additionally, this process has been delayed due to the outbreak of the Coronavirus.  Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.

NexPoint/HCRE was one of the many non-debtor Dondero-controlled entities affiliated

with Highland. Dondero was the president and sole manager of NexPoint/HCRE, and an individual

named Matt McGraner ("McGraner") was NexPoint/HCRE's vice president and secretary.

NexPoint/HCRE had no employees of its own but instead relied on Highland's employees (and

employees of other entities controlled by Dondero) to conduct business on its behalf.  Dondero

executed the Proof of Claim as the "person who is completing and signing this claim," checking

---

[23] Claim No. 146.

11

HCMLPDT000455

the box that indicates he is "the creditor's attorney or authorized agent" and acknowledging that "I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct" and that "I declare under penalty of perjury that the foregoing is true and correct."[24] The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it and without conducting any due diligence on, or investigation into, whether the statements made in the Proof of Claim were truthful and accurate, which supports a finding that Dondero's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.

At Trial, Dondero testified that he had authorized his electronic signature to be affixed to the document and to be filed on behalf of NexPoint/HCRE and admitted that he had not reviewed the document before doing so.[25] He further testified that he could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed,"[26] and, more specifically, that he did not, prior to authorizing his law firm (Bonds Ellis) to affix his electronic signature on, and to file, the Proof of Claim, review or provide comments to the Proof of Claim or its Exhibit A, review the SE Multifamily Amended LLC Agreement or any documents,[27] "check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it," or do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of

---

[24] Proof of Claim, 3.

[25] Transcript of the November 1, 2022 Trial on Debtor's Objection to HCRE's Proof of Claim ("Trial Tr.")[Dkt. No. 3616] 55:2-22.

[26] Trial Tr. 56:20-23.

[27] Trial Tr. 55:10-22, 56:15-57:6.

HCMLPDT000456

HCRE."[28]   Moreover, he testified that he did not know whose idea it was to file the Proof of Claim,[29] who at NexPoint/HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, what information was given to Bonds Ellis that enabled them to formulate the Proof of Claim, or whether "Bonds Ellis ever communicated with anybody in the real estate group regarding [the Proof of Claim]."[30]

Dondero has argued that he had a good faith basis to sign and file the Proof of Claim on behalf of NexPoint/HCRE because "he had a host of responsibilities across a sprawling and sophisticated corporate structure and relied on numerous individuals within that structure to help manage the day-to-day operations of Highland and its subsidiaries and managed funds"[31] and that he "ha[d] to rely on systems and processes[,]" because "[he] can't be directly involved in everything."[32]   Dondero further testified that "[he] sign[s] a lot of high-risk documents and [has] to rely on the process and the people and internally and externally as part of the process to sign it without direct validation from or verification from me, and this [Proof of Claim] is another one of those items."[33]

Dondero's "I'm-a-very-busy-person/too-busy-to-be-bothered-to-investigate" excuse is not a defense, as a matter of law, to his bad faith and willful abuse of the judicial process in connection with the filing of the Proof of Claim.  Nor is Dondero's claimed reliance on systems and processes in connection with the execution and filing of this Proof of Claim, as a matter of fact, supported by the evidence.  The court notes that the Proof of Claim is not a complex, lengthy legal or

---

[28] Trial Tr. 57:25-58:16.

[29] Trial Tr. 57:7-9.

[30] Trial Tr. 56:1-14.

[31] Response, 7, ¶16.

[32] Trial Tr. 57:25-58:7.

[33] Trial Tr. 57:25-59:2.

HCMLPDT000457

corporate document; Exhibit A to the Proof of Claim, which set forth the basis for the claim, is only one paragraph long, yet Dondero did not even bother to read it before signing under penalty of perjury that the information contained in the Proof of Claim, including Exhibit A, was truthful and accurate. And, Dondero's own testimony contradicts his assertion that he relied on "systems and processes" and on other people within the "sprawling and sophisticated corporate structure" and his outside counsel to ensure the accuracy of the Proof of Claim. He had no reasonable or justifiable basis to rely on anyone or any "process" that was allegedly in place in connection with his signing of "high risk" documents, because he asked no questions, conducted no due diligence, and made no effort, whatsoever, to verify that the information that he was swearing was accurate under penalty of perjury was, in fact, truthful.

The court finds and concludes that the foregoing admissions by NexPoint/HCRE, through Dondero, provide clear and convincing evidence that ***NexPoint/HCRE filed its Proof of Claim*** in bad faith and willfully abused the judicial process.

2. *NexPoint/HCRE's Litigation Strategy and Actions in the Prosecution of Its Proof of Claim Are Further Evidence of Its Bad Faith and Willful Abuse of the Judicial Process*

Moreover, NexPoint/HCRE's ***litigation strategy and actions*** taken in the course of prosecuting its Proof of Claim over the next two and a half years, after filing it, ***provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process***.

14

HCMLPDT000458

As noted in the Proof of Claim Disallowance Order, six months after Dondero signed and filed the Proof of Claim in April 2020, and in response to Highland's objection to its Proof of Claim,[34] NexPoint/HCRE fleshed-out the legal and factual bases for its claim:[35]

> After reviewing what documentation is available to [NexPoint/HCRE] with the Debtor, [NexPoint/HCRE] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, [NexPoint/HCRE] has a claim to reform, rescind and/or modify the agreement.

> However, [NexPoint/HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

The Response was filed by a new law firm—Wick Phillips Gould & Martin, LLP ("Wick Phillips") – not the law firm of Bonds Ellis, which had handled the filing of the Proof of Claim. In the course of discovery, Highland became aware that Wick Phillips had jointly represented NexPoint/HCRE and Highland in connection with at least some of the underlying transactions that were the subject of the Proof of Claim, and, on April 14, 2021, more than a year after NexPoint/HCRE filed its Proof of Claim, Highland moved to disqualify Wick Phillips.[36] Notably, Highland's Plan had been confirmed on February 22, 2021, over the objections of Dondero and his related entities (including NexPoint/HCRE).[37] The effective date ("Effective Date") of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan.

---

[34] On July 30, 2020, Highland filed an objection to the allowance of the Proof of Claim, contending it had no liability under the Proof of Claim. *See Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims, (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*, Dkt. No. 906.

[35] Response to Objection to Claim, 2-3, ¶¶ 5-6.

[36] Dkt. Nos. 2196-2198. On October 1, 2021, Highland filed a supplemental disqualification motion. Dkt. No. 2893.

[37] NexPoint/HCRE, represented by Wick Phillips, filed its *Objection to Debtor's Fifth Amended Plan of Reorganization* on January 5, 2021. Dkt. No. 1673.

15

Pursuant to the Plan, on or after the Effective Date, all or substantially all of the Debtor's assets vested in the Reorganized Debtor or the claimant trust ("Claimant Trust") created under the terms of the Plan, including Highland's 46.06% membership interest in SE Multifamily.

Meanwhile, NexPoint/HCRE vigorously fought the disqualification of Wick Phillips, filing its opposition to the disqualification motion on May 6, 2021,[38] and initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with the entry by this court on December 10, 2021, of its *Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP As Counsel to HCRE Partners, LLC and for Related Relief* ("Disqualification Order"),[39] resolving the disqualification motion by, among other things, disqualifying Wick Phillips from representing NexPoint/HCRE in the contested matter concerning the Proof of Claim, but specifically denying Highland's request that NexPoint/HCRE reimburse it all costs and fees incurred in making and prosecuting the disqualification motion.[40]

In the instant Sanctions Motion, Highland acknowledged that the court denied Highland's specific request for sanctions of reimbursement of Highland's costs and fees in making the Disqualification Motion in its December 2021 Disqualification Order.[41] The court notes that the denial was not "with prejudice"[42] to Highland's right to bring a sanctions motion in the future in connection with allegations that NexPoint/HCRE's filing and prosecution of its Proof of Claim, including its vigorous defense of the Disqualification Motion. Notably, while Highland includes

---

[38] Dkt. Nos. 2278 and 2279.

[39] Dkt. No. 3106.

[40] Disqualification Order, 4.

[41] *See* Sanctions Motion, 4, ¶8.

[42] The Disqualification Order stated, in relevant part, "Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**."

HCMLPDT000460

a reference in the instant Sanctions Motion to the lengthy and expensive proceedings on the Disqualification Motion in its recitation of evidence in the record that supports Highland's allegations that NexPoint/HCRE engaged in bad faith conduct in the filing and prosecution of its Proof of Claim, it did **not** include them as part of the fees and costs for which Highland is seeking to be reimbursed by NexPoint/HCRE as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.[43]

In any event, following the disqualification of Wick Phillips, NexPoint/HCRE hired yet a third law firm, Hoge & Gameros, LLP, in connection with this matter, and the parties engaged in a second round of extensive discovery, which included the exchange of written discovery and document production and the service of various deposition notices and subpoenas. On August 12, 2022, just two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of NexPoint/HCRE's witnesses, Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim ("Motion to Withdraw").[44] By this point, Highland had spent hundreds of thousands of dollars objecting to the Proof of Claim.

Query why might NexPoint/HCRE have done this? Just six months earlier, Dondero's family trust, The Dugaboy Investment Trust, had represented to the bankruptcy court that

---

[43] *See* Morris Declaration, 3-4, at ¶11 (Referencing the court's denial in its Disqualification Order of Highland's previous request for attorneys' fees incurred in connection with the Disqualification Motion, Morris stated "[W]e reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.").

[44] *See Motion to Withdraw Proof of Claim* [Dkt. No. 3442].

17

HCMLPDT000461

Highland's 46.06% interest in SE Multifamily was worth $20 million,[45] and now, NexPoint/HCRE (which presumably also spent substantial sums prosecuting its Proof of Claim during the nearly two and a half years of litigation) appeared willing to walk away from its multi-million dollar challenge to Highland's 46.06% interest in SE Multifamily. Highland objected to NexPoint/HCRE's Motion to Withdraw, and the court held a hearing on September 12, 2022 (as required by Bankruptcy Rule 3006), following which the court entered an order denying NexPoint/HCRE's Motion to Withdraw, for the reasons set forth on the record,[46] and directing the parties to "confer in good faith to complete the depositions" of Dondero, McGraner, and NexPoint/HCRE and otherwise comply with the scheduling order that had been entered by the court on this matter, which included appearing for an evidentiary hearing on November 1, 2022.[47] The court denied NexPoint/HCRE's Motion to Withdraw, in part, because it was concerned that the timing of it all–just two business days *after* completing Highland's depositions but two business days *before* the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE (*i.e.,* NexPoint/HCRE prosecuted its Proof of Claim for two and a half years, through and including the taking of depositions of Highland's witness, while shielding its own witnesses from testifying). The court was also concerned by NexPoint/HCRE's repeated attempts to preserve its claims against Highland for use against Highland in the future. In fact, the court entered its order denying NexPoint/HCRE's Motion to Withdraw only after: (1) NexPoint/HCRE refused to agree, at the

---

[45] *See Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382]. As pointed out by Highland in its Response, "[t]here is no dispute that HCRE is the manager of SE Multifamily and therefore—through Mr. Dondero—would be best positioned to opine on the value of Highland's interest in SE Multifamily." Response, 9, at ¶27 n. 4.

[46] The court noted in its order denying HCRE's Motion to Withdraw that, under the Bankruptcy Rules, a creditor does not have an absolute right to withdraw a proof of claim.

[47] Dkt. No. 3525.

HCMLPDT000462

September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily, and (2) counsel were thereafter unable, in the day or two after the hearing, to work out mutually acceptable language in an agreed order that protected both parties.[48]  As noted in its order denying NexPoint/HCRE's Motion to Withdraw, the court had expressed concerns, during the hearing on the Motion to Withdraw, relating to the integrity of the bankruptcy system and claims process if it allowed NexPoint/HCRE to withdraw its Proof of Claim after two and a half years of litigation, and having caused Highland to spend hundreds of thousands of dollars litigating the Proof of Claim, while at the same time allowing NexPoint/HCRE to preserve its challenges to Highland's ownership interest in SE Multifamily to be used against Highland in the future.  The court did not, at the time, make any express findings regarding NexPoint/HCRE's bad faith or abuse of the judicial process, only because Highland's mid-hearing Oral Sanctions Motion had not provided NexPoint/HCRE with adequate notice and an opportunity to respond.[49]  With the instant Sanctions Motion, those due process concerns have been satisfied.

Having considered the evidence and argument of counsel at both the Trial on NexPoint/HCRE's Proof of Claim and the hearing on the Sanctions Motion, and the pleadings filed in connection with the Sanctions Motion, including NexPoint/HCRE's written Response, and based on the record as a whole, the court expressly finds and concludes that NexPoint/HCRE's

---

[48] At the end of the September 12 hearing, the court had expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties "without the pressure of the Court hovering over you." *See* Transcript of Hearing on Motion to Withdraw, Dkt. No. 3519, 50:14-59:14. Apparently, counsel were unable to reach an agreement on the terms of an agreed order, and so the court signed the order at docket number 3525, denying NexPoint/HCRE's Motion to Withdraw.

[49] As noted below, NexPoint/HCRE persisted to the end in arguing that the disallowance of its Proof of Claim could not bar NexPoint/HCRE from making future challenges to Highland's 46.06% membership interest in SE Multifamily.

HCMLPDT000463

***litigation strategy and actions*** in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process on the part of NexPoint/HCRE.

### 3. *NexPoint/HCRE's Admissions at Trial Are Further Evidence of its Bad Faith Filing and Willful Abuse of the Judicial Process*

Following the denial of NexPoint/HCRE's Motion to Withdraw, the parties complied with the court's order to schedule the depositions of Dondero and McGraner at mutually agreeable times to complete discovery and then appeared at Trial on November 1, 2022. At the conclusion of the Trial, NexPoint/HCRE doubled-down on its request of the court "to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[50] This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request. Nevertheless, NexPoint/HCRE continued to the end to try to limit any order disallowing its Proof of Claim so as to preserve its right to assert the very claims asserted in its Proof of Claim (for rescission, reformation and/or modification of the SE Multifamily Amended LLC Agreement to reallocate the membership percentages) for use in the future.[51]

The Trial testimony of Dondero and McGraner revealed that NexPoint/HCRE had no factual basis to claim that a mistake was made by any of the parties, much less a mutual mistake

---

[50] Trial Tr. 179:23-25; 180:8-9.

[51] Trial Tr. 179:21-24 ("They want you to make findings that we can't raise any of these other issues, rescissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."); 200:8-12 ("If Your Honor's going to deny the proof of claim, I would ask that you simply deny the proof of claim. We don't have an adversary proceeding here. There wasn't one started. Mr. Morris considered that and then didn't follow that path, because all we have here today is a proof of claim.").

HCMLPDT000464

of the parties, regarding the allocation of ownership percentages in SE Multifamily in corporate

documentation,[52] and, in fact, "the evidence overwhelmingly point[ed] to the conclusion that both

Mr. Dondero and Mr. McGraner understood that the allocation of 46.06% membership interest to

Highland, and a total capital contribution by Highland of $49,000 in the Amended LLC

Agreement, reflected the intent of the parties prior to, and at the time of, the execution of the

Amended LLC Agreement."[53] The court specifically noted in the Proof of Claim Disallowance

Order that Dondero admitted that he had not read or reviewed the Amended LLC Agreement or

any drafts of it before he signed it—apparently the Amended LLC Agreement was one of those

important, high-risk documents that Dondero was too busy to read or investigate before signing

(like the Proof of Claim)—but he nevertheless testified that "the capital contributions and

membership allocations contained in Schedule A of the Amended LLC Agreement comported with

his understanding and intent when he signed the Amended LLC Agreement on behalf of HCRE

and Highland."[54]   NexPoint/HCRE was also unable to produce any evidence at Trial to support

its factual allegation that there was a "lack of consideration" or a "failure of consideration" with

respect to the Amended LLC Agreement, such that NexPoint/HCRE would be entitled to a

---

[52] The court concluded, specifically, that

> HCRE did not produce any evidence, much less clear and convincing evidence, that the parties to the Amended LLC Agreement – HCRE, Highland, BH Equities, and Liberty – had come to a specific and understanding, prior to the execution of the Amended LLC Agreement in March 2019, that the allocation of percentage membership interests in SE Multifamily was different from the percentage allocations contained in the Amended LLC Agreement.  When asked on cross-examination, Mr. McGraner, HCRE's officer and co-owner who was most involved in the negotiations of the terms of the Amended LLC Agreement, was unable to identify any specific mistake made in the drafting of the Amended LLC Agreement.  Neither he nor NexPoint/HCRE's other witness, Mr. Dondero, were able to point to a specific meeting of the minds of the members of SE Multifamily prior to (or after, for that matter) the execution of the Amended LLC Agreement that the parties intended Highland's allocation of SE Multifamily membership interests to be any percentage other than the 46.06% allocation attributed to Highland in the written Amended LLC Agreement.

Proof of Claim Disallowance Order, 30.

[53] *Id.*, 30-31.

[54] *Id.*, 31 n. 119.

HCMLPDT000465

reformation,[55] rescission,[56] or modification of it, to re-allocate the ownership percentages that the

parties agreed to at the time of the execution of it.[57]

In fact, McGraner ultimately admitted in his Trial testimony that the only reason

NexPoint/HCRE had for filing its Proof of Claim, which challenged Highland's title to its 46.06%

membership interest in SE Multifamily, was, essentially, ***that NexPoint/HCRE was frustrated***

***with the consequences of Dondero's decision in 2019 to seek bankruptcy protection for***

***Highland (notably, the bankruptcy case was filed just a few months after the Amended LLC***

***Agreement was executed), which resulted in Dondero losing control over Highland***, such that,

as far as NexPoint/HCRE was concerned, its "partner" [in SE Multifamily] was no longer its

"partner."  The court noted in the Proof of Claim Disallowance Order that McGraner

> could not point to any provision of the Amended LLC Agreement that was either
> "wrong" or a "mistake;" rather, he testified that the "mistake" was "when the
> bankruptcy was filed and we can't amend it" because "[o]ur partners aren't our
> partners" – "if you have good partners and you're working with partners that are –

---

[55] After noting that "neither lack of consideration nor failure of consideration are bases for reformation of a contract under Delaware law (which is what NexPoint/HCRE is seeking in its Proof of Claim)," the court concluded that "HCRE is not entitled to reformation of the Amended LLC Agreement to reallocate the members' membership interests as requested based on its allegations of lack of consideration and/or failure of consideration." Proof of Claim Disallowance Order, 32 n. 120.

[56] The court noted in the Proof of Claim Disallowance Order that NexPoint/HCRE had not actually stated a claim for rescission of the Amended LLC Agreement with respect to its Proof of Claim, but that, if it had,

> Mr. Dondero's admission that he did not read the Amended LLC Agreement (or even have the terms explained to him by counsel or anyone else) prior to signing it on behalf of HCRE and Highland would bar any claim by HCRE for rescission of the Amended LLC Agreement.  Moreover, even if HCRE's claim for rescission was not barred by Mr. Dondero's failure to read the Amended LLC Agreement prior to signing it, HCRE did not present any evidence of the other elements of a rescission claim:  that the parties were mistaken as to a basic assumption on which the Amended LLC Agreement was made and that the mistake had a material effect on the agreed-upon exchange of performances.

Proof of Claim Disallowance Order, 33-34.

[57] *See* Proof of Claim Disallowance Order, 32-33 n. 120 (where the court found that "HCRE has not shown that there was a lack or failure of consideration on behalf of Highland in connection with the Amended LLC Agreement. . . . Under Delaware law, the courts 'limit [their] inquiry into consideration to its existence and not whether it is fair or adequate,' . . . . '[E]ven if the consideration exchanged is grossly unequal or of dubious value, the parties to a contract are free to make their bargain.' (citations omitted).  Here, it is undisputed that Highland made a cash capital contribution of $49,000, that Highland was a jointly and severally liable coborrower under the KeyBank Loan, and that SE Multifamily (and HCRE), having no employees of their own, relied on Highland's employees to conduct business.  Thus, HCRE's claim, to the extent it is based on alleged lack and/or failure of consideration fails.").

HCMLPDT000466

that are known to you, then you make amendments to reflect the contributions of those partners, whether monetary or otherwise . . . [a]nd my understanding is I can't do that right now."[58]

McGraner testified that "despite Mr. Dondero being in control of both HCRE and Highland prior to the bankruptcy filing, and despite 'all of the fears [he] had [related to Highland's bankruptcy filing],' HCRE made no effort to amend the agreement before the bankruptcy or post-bankruptcy (because 'we didn't think it would be worth it')[ ][59] [and] 'because [it] hoped that the issues that caused the bankruptcy filing would resolve themselves.'"[60] This is not a good-faith basis for filing and prosecuting the Proof of Claim, and it exhibits a willful abuse of the bankruptcy claims process by NexPoint/HCRE.

In summary, the admissions by Dondero and McGraner in their Trial testimony made clear that NexPoint/HCRE never had a factual or legal basis for the Proof of Claim. NexPoint/HCRE's principals knew, at the time of filing and through its prosecution of the Proof of Claim, that there was no factual basis for its claim of rescission, reformation, and/or modification of the Amended LLC Agreement to dispossess Highland of some or all of its 46.06% membership interest in SE Multifamily. This clearly and convincingly constitutes bad faith by NexPoint/HCRE and a willful abuse of the judicial process.

### C. Reimbursement of Attorneys' Fees and Costs Incurred by Highland in the Proof of Claim Litigation Is an Appropriate Sanction for NexPoint/HCRE's Bad Faith

Having found and concluded by clear and convincing evidence that NexPoint/HCRE filed and prosecuted (and attempted withdrawal of) its Proof of Claim in bad faith and willfully abused the judicial process, this court may use its inherent powers under Bankruptcy Code section 105(a)

---

[58] Proof of Claim Disallowance Order, 27 (citing Trial Tr. 114:24-115:16, 118:6-15).

[59] *Id.* (citing Trial Tr. 121:24-122:9).

[60] *Id.* at 28 (citing Trial Tr. 122:20-125:21).

HCMLPDT000467

to sanction it for such conduct. Reimbursement of the opposing party's fees and costs incurred in responding to a bad faith filing or willful abuse of the judicial process has been upheld as an appropriate form of sanctions. *See Cleveland Imaging*, 26 F.4th at 294 (upholding the bankruptcy court's sanction order that required the parties who were found to have filed bankruptcy petitions in bad faith to reimburse the fees incurred by a post-confirmation litigation trust in responding to the bad faith filing); *Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (bankruptcy court did not abuse its discretion in ordering the debtors to "pay $49,432, which represents the amount of attorneys' fees incurred by [the bankruptcy trustee] in responding to certain instances of the [debtors'] bad faith conduct."); *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's use of its inherent powers to issue monetary sanctions for bad faith filing that were, in part, based upon the opposing parties' attorneys' fees and costs "following an extensive hearing in which the bankruptcy court heard testimony from the parties and witnesses and made certain credibility determinations," and "made specific findings that Appellants acted in bad faith."); *In re Paige*, 365 B.R. 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys' fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*, 576 B.R. 84, 93 (S.D. Tex. 2017) (same). Any sanction imposed pursuant to a bankruptcy court's inherent powers for bad faith conduct or willful abuse of the judicial process "must be compensatory rather than punitive in nature." *In re Lopez*, 576 B.R. at 93 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)). "[A] sanction counts as compensatory only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based[,]" and "[a] fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber*, 581 U.S.

24

HCMLPDT000468

at 108 (quoting *Bagwell*, 512 U.S. at 834). The fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. at 104). The "'causal link' between the sanctionable conduct and the opposing party's attorney's fees" must be established "through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct." *Id.* (citing *Goodyear Tire & Rubber*, 581 U.S. at 108-109 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, as earlier noted, Highland has requested, as a sanction, reimbursement of its attorneys' fees and costs incurred by it in responding to NexPoint/HCRE's filing and prosecution of its Proof of Claim. Specifically, Highland seeks reimbursement of an aggregate amount of **$825,940.55**, consisting of

- **$782,476.50** in attorneys' fees charged by its primary bankruptcy counsel, PSZJ, for the period August 1, 2021 through December 31, 2022, for work performed in connection with the litigation of the Proof of Claim;[61]

- **$16,164.05** in third-party expenses for court reporting services provided in connection with the Proof of Claim litigation;[62] and,

---

[61] *See* Morris Declaration, 3-4, at ¶¶ 8-13, and Ex. F. As stated in the Morris Declaration, the $782,476.50 amount does not include any fees relating to the Disqualification Motion or any fees that PSZJ concluded were inadvertently coded by a timekeeper to the NexPoint/HCRE Claim Objection category "or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation." *Id.*, 3-4, at ¶¶ 11 and 12. By way of specific example, Morris stated that "in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM))." *Id.*, 4, at ¶ 12.

[62] *See id.*, 4, at ¶ 14, and Ex. G.

HCMLPDT000469

- **$27,300.00** in attorneys' fees charged by David Agler for providing Highland with specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim.[63]

NexPoint/HCRE challenges Highland's request for reimbursement of its fees on several bases. ***First***, it argues that it cannot be ordered to reimburse the fees and expenses incurred by Highland ***after*** NexPoint/HCRE attempted to withdraw its Proof of Claim because they do not satisfy the "but for" test for establishing a "causal link" between those fees and costs and NexPoint/HCRE's filing and pursuit of its Proof of Claim—that Highland cannot show that "but for" NexPoint/HCRE's filing and prosecution of its Proof of Claim, Highland would not have incurred those fees and costs. NexPoint/HCRE urges the court to adopt its narrative of the proceedings that "instead of taking a win, [Highland] and its lawyers chose to generate fees to get the same result" and thus Highland's attorneys' efforts were "totally unnecessary" and a "waste of time and resources" that was "the fault of [Highland], not [NexPoint/HCRE]."[64] NexPoint/HCRE states in its Response that "[h]ere, ***it is undisputed*** that, had [Highland] agreed to the withdrawal of the Proof of Claim many months ago – before engaging in costly additional discovery and preparing for and attending a trial on the merits of the claim – [Highland] would have been exactly in the same position that it is in now, but at far less expense" and further that "[t]he real, practical difference between refusing to consent to the withdrawal of [NexPoint/HCRE]'s Proof of Claim and instead prosecuting the Objection to its end is several hundred thousand dollars in attorneys' fees" and, thus, "[t]he Motion abjectly fails any 'but–for' analysis."[65]

---

[63] *See id.*, 4-5, at ¶¶ 15 and 16, and Ex. H. A summary of the aggregate fees and expenses of which Highland is seeking reimbursement in the Sanctions Motion is attached as Exhibit I to the Morris Declaration. *See id.*, 5, at ¶ 17, and Ex. I.

[64] Response, 2.

[65] Response, 20, at ¶60 (emphasis added).

26

HCMLPDT000470

The court disagrees with NexPoint/HCRE's "narrative" and its view of the evidence established at Trial. Highland *does* dispute NexPoint/HCRE's contention that, if only it had allowed it to withdraw its Proof of Claim and accepted a "win," that Highland would have been "exactly in the same position that it is in now [after a Trial and ruling on the merits of the Proof of Claim], but at far less expense." The court does as well. As Highland has argued, NexPoint/HCRE's Motion to Withdraw was itself filed in bad faith. Highland was forced to oppose the withdrawal of the Proof of Claim because NexPoint/HCRE would not agree to a withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future.[66] The evidence clearly and convincingly established that any "win" or "victory" that Highland would have obtained through the withdrawal of the Proof of Claim[67]

> would have been pyrrhic because *HCRE—in a clear act of bad faith—tried to withdraw its Proof of Claim while preserving the substance of it claims for another day*. Had HCRE's duplicitous strategy been successful, Highland's interest in SE Multifamily would have remained subject to challenge—an untenable result for anyone, let alone a post-confirmation entity seeking to implement a court-approved asset monetization plan.

The court finds and concludes, as argued by Highland, that there is clear and convincing evidence here that the fees and costs incurred by it, after NexPoint/HCRE sought to withdraw its Proof of Claim (*i.e.,* to prepare for the Trial and prosecute its objection to the Proof of Claim through a trial and ruling on the merits), would not have been incurred "but for" NexPoint/HCRE's bad faith. As pointed out by Highland and as noted above,[68] the court did not enter the Proof of Claim Disallowance Order in December 2022 in a vacuum. Rather, the court denied

---

[66] *See supra* note 45 and accompanying text.

[67] Response, 5, at ¶18.

[68] *See supra* at pages 16-17.

HCMLPDT000471

NexPoint/HCRE's Motion to Withdraw only *after:* (1) the court had expressed concerns that the timing and context of its filing of its Motion to Withdraw suggested gamesmanship on its part, and that the integrity of the bankruptcy system and claims process would be in jeopardy if the court were to simply allow withdrawal, without protecting Highland from future challenges to its membership interest in SE Multifamily (particularly, after Highland had spent hundreds of thousands of dollars to that point in objecting to the Proof of Claim); and (2) NexPoint/HCRE refused to agree to language in an order that would alleviate these expressed concerns. The court—having now made an express finding that NexPoint/HCRE's filing of its Motion to Withdraw was in bad faith and part of its willful abuse of the bankruptcy claims process that began with the filing of its Proof of Claim in April 2020—now expressly finds that the fees and costs incurred by Highland after NexPoint/HCRE filed its Motion to Withdraw were necessary for Highland to protect its interests and would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

*Second*, NexPoint/HCRE objects to Highland's fees ($809,776.50) and expenses ($16,164.05) as being "*per se* excessive for a single proof of claim objection."[69] Highland argues that "[s]pending less than 5% of the value of an asset (according to Mr. Dondero's family trust) to obtain good, clear title is economically rational and consistent with the Claimant Trust's duty to maximize value for the benefit of the Claimant Trust's beneficiaries." Per the Morris Declaration, Highland only seeks reimbursement of expenses and fees charged to Highland for expenses incurred and work performed in litigating the Proof of Claim (but—as noted earlier—specifically excluding any fees charged relating to the Disqualification Motion). The court agrees with Highland and finds that the fees and expenses incurred by it in objecting to the Proof of Claim,

---

[69] Response, 10, ¶34.

HCMLPDT000472

including the fees incurred ***after*** NexPoint/HCRE sought to withdraw its Proof of Claim, were reasonable and necessary for Highland to protect a valuable asset—it's 46.06% interest in SE Multifamily—and, thus, they are not excessive.

    ***Third***, NexPoint/HCRE complains, in its Response, that the fees charged by PSZJ were unreasonable and excessive because the PSZJ invoices show that it was seeking reimbursement for fees charged by "layers of timekeepers whose identities and roles have not been disclosed."[70] NexPoint/HCRE points out three professionals (two of whom billed one hour or less) who were identified in PSZJ's invoices only by their initials.[71]  In its Reply, Highland identified the timekeepers by name—as a litigator who billed one hour of time; a bankruptcy attorney who billed 0.6 hours of time; and a bankruptcy partner who billed 15.1 hours of time—all of whom were "called upon to provide discrete support."[72]  Collectively, the three previously "unidentified" attorneys charged just 0.023% of the total fee request.[73]  PSZJ's identification of the "unidentified timekeepers" and explanation of the work performed by them satisfies the court that these fees were reasonable and necessary fees incurred as a direct result of NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.  The court rejects NexPoint/HCRE's suggestion that PSZJ overstaffed and overbilled the file because there were "layers of timekeepers."  As pointed out in Highland's Reply, "over 82% of the charges related to one litigation partner . . . , one litigation associate . . . , and one paralegal" and "[t]wo other lawyers who have been on the Pachulski team since the inception of this engagement . . . billed relatively modest amounts of time over the course

---

[70] *Id.*, 13, ¶45.

[71] *Id.*, 12, ¶38.

[72] Reply, 9, ¶28.

[73] *Id.*

HCMLPDT000473

of this prolonged litigation."[74] There is simply no factual basis to support a conclusion that the matter was overstaffed.

**Fourth**, NexPoint/HCRE objects to $9,840 charged by two attorneys for travel time,[75] while acknowledging that those attorneys' non-working travel time was billed at half of the attorneys' regular hourly rate.[76] As pointed out by Highland in its Reply, Highland agreed to pay for travel time in its pre-petition engagement letter, so those "charges cannot come as a surprise to Mr. Dondero."[77] The court takes judicial notice of the fact that attorneys charging half of their hourly rates for non-working travel time, as PSZJ did here, pursuant to its engagement letter with Highland that was approved when the court authorized the retention of PSZJ as counsel for the Debtor, is common practice and is a commonly approved term of engagement of professionals in bankruptcy cases. The $9,840 charged by two attorneys for travel time in this matter was a reasonable and necessary expense incurred by Highland in responding to NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.

**Fifth**, and finally, NexPoint/HCRE objects to the fees charged by David Agler (39 hours of work performed at $700 per hour) for providing Highland with tax advice in August 2022, on the basis that the invoice attached as Exhibit H to the Morris Declaration "indicated that it was 'unbilled' work" and that "[w]hatever work he did, it did not manifest itself in the proceedings."[78] Highland pointed out that it **had** explained, in the Morris Declaration, that Mr. Agler provided "specialized tax advice concerning SE Multifamily and other matters related to the Proof of

---

[74] *Id.*, 9, ¶28 n. 5.

[75] Response, 12, ¶37.

[76] *Id.*, 11, ¶36 (Table 1).

[77] Reply, 9-10, ¶29.

[78] Response, 12, ¶42.

HCMLPDT000474

Claim."[79]  Highland provided a more detailed description of the services provided by Mr. Agler and why those services were necessary in its Reply:  "Mr. Agler provided his services in August 2022 in conjunction with Highlands's deposition preparation, including the deposition of SE Multifamily's accountant. These services were necessary because—as Mr. Dondero and Mr. McGraner admitted and as the evidence showed—Highland's participation in SE Multifamily was expected to provide substantial tax benefits."[80]  The court finds that the fees charged by David Agler for work performed for Highland that are set forth in Exhibit H to the Morris Declaration were reasonable and necessary expenses incurred by Highland in responding to HCRE's bad faith conduct and that they would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

The court has determined that the full amount of fees – $809,776.50 – and costs – $16,164.05 – that are set forth in detail in Exhibits F through H (and summarized on Exhibit I) of the Morris Declaration were reasonable and necessary for Highland to respond to, and would not have been incurred "but for," NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim, which the court has found to have been a willful abuse by NexPoit/HCRE of the judicial process.  Under Fifth Circuit precedent, it is appropriate for the court, in the use of its inherent power under Bankruptcy Code § 105(a), to order NexPoint/HCRE, as a compensatory sanction for its bad faith conduct and willful abuse of the judicial process, to reimburse Highland the full amount of fees and costs requested by Highland, which, in the aggregate, total $825,940.55. NexPoint/HCRE's objections to such amounts as excessive, unnecessary, unreasonable, or unrelated to NexPoint/HCRE's bad faith conduct, are overruled.

---

[79] Reply, 10, ¶30 (citing Morris Declaration, ¶15).

[80] *See id.* (citing Morris Declaration, Ex. [E] (Trial Transcript) 43:2-14; 83:17-84:2; 191:23-193:21 (citing to testimony and tax returns that were admitted into evidence)).

HCMLPDT000475

## V. CONCLUSION AND ORDER

In summary, the court has determined that NexPoint/HCRE was given adequate notice and an opportunity to respond to the Sanctions Motion and that there is clear and convincing evidence that it filed and prosecuted its Proof of Claim, including its eleventh-hour attempt to withdraw its Proof of Claim, in bad faith and that it willfully abused the judicial process. Such conduct directly caused Highland to incur $825,940.55 in fees and expenses. In the exercise of its inherent power under Bankruptcy Code § 105(a), the court will grant Highland's Sanctions Motion and order NexPoint/HCRE to reimburse Highland for those fees and expenses as an appropriate sanction for NexPoint/HCRE's bad faith or willful abuse of the judicial process.

Accordingly, and based on the foregoing findings of fact and conclusions of law, including those findings and conclusions in this court's Proof of Claim Disallowance Order, which has been incorporated herein by reference,

**IT IS ORDERED** that the Sanctions Motion [Dkt. No. 3851] be, and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that, in order to compensate Highland for loss and expense resulting from NexPoint/HCRE's bad faith and willful abuse of the judicial process, in filing and prosecuting its Proof of Claim, NexPoint/HCRE is hereby directed to pay Highland the compensatory sum of **$825,940.55**.

### ###End of Memorandum Opinion and Order###

HCMLPDT000476

# EXHIBIT B

HCMLPDT000477



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor | § | |

<u>**MEMORANDUM OPINION AND ORDER GRANTING HIGHLAND CAPITAL
MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING
AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC
(F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM # 146**</u>

## I. INTRODUCTION

Before this court is a sanctions motion[1] filed by Highland Capital Management, L.P.

("<u>Highland</u>," the "<u>Debtor</u>," or the "<u>Reorganized Debtor</u>"). [2] The motion seeks sanctions against

---

[1] *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in connection with Proof of Claim 146* ("<u>Sanctions Motion</u>"). Dkt. No. 3851.

[2] Highland is a reorganized debtor under the confirmed *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "<u>Plan</u>"). Dkt. No. 1808. *See Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("<u>Confirmation Order</u>"). Dkt. No. 1943.



1934054240305000000000002

HCMLPDT000478

NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("NexPoint/HCRE") for its filing, prosecution, and then abrupt attempt to withdraw a meritless proof of claim (after almost three years of protracted litigation).

NexPoint/HCRE filed the subject proof of claim, #146 on the claims register ("Proof of Claim"), on April 8, 2020.[3]  The Proof of Claim was signed electronically by James D. Dondero ("Dondero") and was prepared and filed by a law firm that was representing him personally at that time.[4]  The Proof of Claim was not in a liquidated amount and was somewhat ambiguous.  It stated in an Exhibit A thereto, that NexPoint/HCRE, which was a limited partner, along with Highland, in a limited liability company called SE Multifamily Holdings, LLC ("SE Multifamily")—an entity which owned valuable real estate—"may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor" and added that Highland's equity interest "may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor."  NexPoint/HCRE stated that it would update the Proof of Claim to provide the exact amount of it "in the next ninety days" but never did.

Highland objected to the Proof of Claim.  Thereafter, NexPoint/HCRE (while still not providing any liquidated amount of its Proof of Claim) refined its position therein to argue that the organizational documents relating to SE Multifamily improperly allocated the ownership percentages of the equity members, due to mutual mistake, lack of consideration, and/or failure of consideration. NexPoint/HCRE essentially sought to reform, rescind, and/or modify the SE Multifamily limited liability company agreement (and possibly other documentation) to give Highland less ownership (or no ownership interest) in SE Multifamily and, accordingly,

---

[3] Claim No. 146.

[4] Bonds Ellis Eppich Schafer Jones LLP.

HCMLPDT000479

NexPoint/HCRE would have a larger ownership interest in SE Multifamily. Next, there occurred years of litigation between the parties, including: (a) a skirmish over Highland's motion to disqualify NexPoint/HCRE's newest counsel (*i.e.,* a law firm that had represented both Highland and NexPoint/HCRE in transactions involving SE Multifamily), which was ultimately granted, and (b) an eleventh-hour attempt by NexPoint/HCRE to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits. Highland objected to the withdrawal. The court held a hearing on that, as required by Bankruptcy Rule 3006. The court declined to allow withdrawal of the Proof of Claim, when the parties could not stipulate to an agreed form of order (*i.e.,* NexPoint/HCRE was unwilling to withdraw the Proof of Claim **with prejudice** to asserting its claims again in any future litigation in any forum).

Painfully, after all this, an evidentiary hearing was held on the merits of the Proof of Claim ("Trial") on November 1, 2022. During the Trial, Highland made an oral motion for a bad faith finding and assessment of attorneys' fees against NexPoint/HCRE in connection with its filing and prosecution of the Proof of Claim ("Oral Sanctions Motion"), which this court took under advisement, along with the consideration of the Proof of Claim as a whole.

On April 28, 2023, this court entered a 39-page memorandum opinion and order[5] sustaining Highland's objection to NexPoint/HCRE's Proof of Claim, but denying Highland's Oral Sanctions Motion, without prejudice, *as procedurally deficient in that it was made orally and for the first time during the Trial.* Thus, the Oral Sanctions Motion failed to provide NexPoint/HCRE sufficient notice and an opportunity to respond and, therefore, did not satisfy concerns of due process.

---

[5] *See Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* ("Proof of Claim Disallowance Order"). Dkt. No. 3767.

HCMLPDT000480

On June 16, 2023, Highland filed the instant Sanctions Motion, setting forth the legal and factual bases for the relief sought. The Sanctions Motion specifically seeks a finding of bad faith against NexPoint/HCRE and reimbursement of Highland's attorneys' fees and costs, as a sanction for NexPoint/HCRE's filing and prosecution of the Proof of Claim.

After due notice to NexPoint/HCRE, and a hearing held January 24, 2024 on the Sanctions Motion ("Sanctions Motion Hearing"), and after consideration of the pleadings filed, evidence in the record, and arguments of counsel, the court finds, for the reasons detailed in the findings of fact and conclusions of law below,[6] that NexPoint/HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim. Accordingly, NexPoint/HCRE will be required, as a sanction, to reimburse Highland's attorneys' fees and costs (totaling **$825,940.55**) incurred in connection with its objection to the Proof of Claim.

## II.     JURISDICTION

This court has jurisdiction and authority to determine and enter a final order in this matter, pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O) and 1334.[7]

## III.     BACKGROUND, PROCEDURAL HISTORY, AND FINDINGS OF FACT

### A. *Incorporation Herein of Proof of Claim Disallowance Order*

As noted above, this court, on April 28, 2023, issued its 39-page Proof of Claim Disallowance Order, sustaining Highland's objection to NexPoint/HCRE's Proof of Claim

---

[6] To the extent that any of the findings of fact should be construed as a conclusion of law, it shall be construed as such. To the extent that any of the conclusions of law should be construed as a finding of fact, it shall be construed as such.

[7] The Fifth Circuit recently confirmed the jurisdiction and authority of bankruptcy courts to issue sanctions orders in connection with bankruptcy cases and proceedings over which they exercise jurisdiction, because they are in the nature of *civil contempt* orders—which are considered "part of the underlying case" – "because the bankruptcy court had jurisdiction over the [ ] bankruptcy case, it had jurisdiction to enter the sanctions order, too." *Kreit v. Quinn (In re Cleveland Imaging and Surgical Hospital, L.L.C.)*, 26 F.4th 285, 294 (5th Cir. 2022) (cleaned up).

HCMLPDT000481

following the Trial on same.   The Proof of Claim Disallowance Order sets forth extensive

procedural history, findings of fact, and conclusions of law pertaining to NexPoint/HCRE's filing

and prosecution of its Proof of Claim, which Highland alleges in the instant Sanctions Motion was

conducted in bad faith.  NexPoint/HCRE did not appeal the Proof of Claim Disallowance Order.

Thus, it is a final and non-appealable order.[8]  The court hereby incorporates by reference the Proof

of Claim Disallowance Order (and all of the findings and conclusions therein), as if set forth

verbatim herein.[9]

### B.  Highland Files Sanctions Motion

On June 16, 2023, Highland filed the instant Sanctions Motion.  It was supported with a

Declaration of John A. Morris in support of the Sanctions Motion ("Morris Declaration")[10] and

431 pages of attached exhibits as set forth in the following table:

| Exhibit A | NexPoint/HCRE's Proof of Claim[11] |
|---|---|
| Exhibit B | Highland's Objection to NexPoint/HCRE's Proof of Claim[12] |
| Exhibit C | NexPoint/HCRE's Response to Objection to Claim[13] |

---

[8] The Proof of Claim Disallowance Order is one of the few bankruptcy court orders issued in this bankruptcy case that was not appealed by Dondero or a Dondero-controlled entity.  Although the court has not counted the exact number of appeals filed by Dondero and/or Dondero-controlled entities in this bankruptcy case and related proceedings, this court takes judicial notice of information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals." *See Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12, at ¶ 24, filed on February 9, 2024. Dkt. No. 189 (NDTX Case No. 3:21-cv-00881-X).

[9] The Proof of Claim Disallowance Order was attached as Exhibit D to the Declaration of John A. Morris, Dkt. No. 3852, which was filed by Highland in connection with, and in support of, the relief requested in the Sanctions Motion.

[10] Dkt. No. 3852.

[11] Claim No. 146, filed April 8, 2020.

[12] *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Objection to Claim"), filed July 30, 2020. Dkt. No. 906.

[13] *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Response to Objection to Claim"), filed October 19, 2020. Dkt. No. 1212.

HCMLPDT000482

| Exhibit D | Proof of Claim Disallowance Order |
| Exhibit E | Transcript of November 1, 2022 Trial (on NexPoint/HCRE's Proof of Claim) |
| Exhibit F | Attorneys' Fees of Pachulski Stang Ziehl & Jones LLP ("PSZJ") for the period of August 1, 2021 through December 31, 2022 incurred in connection with the litigation on the NexPoint/HCRE Proof of Claim |
| Exhibit G | Invoices for court reporting services provided in connection with depositions taken and defended during the course of the Proof of Claim litigation |
| Exhibit H | Invoice for services rendered by David Agler, who provided specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim |
| Exhibit I | Summary of Fees and Expenses Incurred by Highland in Connection with NexPoint/HCRE's Proof of Claim |

The Sanctions Motion (unlike the Oral Sanctions Motion made during the Trial) provided NexPoint/HCRE with due and appropriate notice of the legal and factual bases for Highland's request for a bad faith finding and reimbursement of attorneys' fees and costs incurred by it in litigating the Proof of Claim. As stated in the Sanctions Motion, the legal basis for Highland's request for reimbursement of its attorneys' fees as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim is the bankruptcy court's "inherent authority under section 105 of the Bankruptcy Code to issue sanctions after making a finding of bad faith."[14] Highland referred to specific documentary and testimonial evidence adduced during the Trial that it alleges supports a finding that NexPoint/HCRE filed and prosecuted its Proof of Claim in bad faith, and attached invoices evidencing its attorneys' fees and costs incurred as a direct result of this alleged bad faith.

---

[14] *See* Sanctions Motion, 10, ¶25.

HCMLPDT000483

Before NexPoint/HCRE filed its response to the Sanctions Motion, the matter was stayed on August 2, 2023, pending court-ordered global mediation.[15]  The mediation ultimately proved to be unsuccessful.[16]  Thereafter, NexPoint/HCRE filed its *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* ("Response")[17] on December 22, 2023. NexPoint/HCRE denies that it filed and prosecuted its Proof of Claim in bad faith and argues it should not be sanctioned at all.  It further argues that, even if the filing and prosecution of the Proof of Claim are found to have been in bad faith, the amount of the fees incurred by Highland in connection with the Proof of Claim litigation is "*per se* excessive for a single proof of claim objection"[18] and "extraordinarily high given that this dispute could have been brought to a swift close many months ago"—if only NexPoint/HCRE had been allowed to withdraw its Proof of Claim in September of 2022.[19]  Highland's has sought reimbursement of more than $800,000 in attorneys' fees and more than $16,000 in expenses, identified in Exhibits F through H (and summarized in Exhibit I) of the Morris Declaration as having been incurred by Highland in connection with its litigation of the Proof of Claim.

Highland filed its *Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in*

---

[15] *See Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation*. Dkt. No. 3897.  This was not the first time the bankruptcy court has ordered global mediation in the Highland case.

[16] *See Joint Notice of Mediation Report* filed on November 7, 2023. Dkt. No. 3995.

[17] Dkt. No. 3995.

[18] Response, 10, ¶34.

[19] Response, 13, ¶45. NexPoint/HCRE argues that, because it had sought to withdraw its Proof of Claim, any fees incurred by Highland after the filing of NexPoint/HCRE's motion to withdraw cannot be attributable to NexPoint/HCRE's alleged bad faith filing and prosecution of its Proof of Claim; rather, such fees were incurred by Highland as a result of Highland's decision to object to NexPoint/HCRE's withdrawal of its Proof of Claim and to proceed with the litigation, including taking depositions, and proceeding to "trial" on the merits instead of "taking a win" with NexPoint/HCRE's withdrawal of its Proof of Claim. *See* Response, 2.

HCMLPDT000484

*Connection with Proof of Claim 146*[20] on January 19, 2024, and filed an *Amended Reply in Further*

*Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real*

*Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146*

("<u>Reply</u>")[21] on January 23, 2024. Highland argues that "[n]othing in the Response warrants the

denial of the [Sanctions] Motion or its requested award of attorneys' fees" and that "the record

makes clear" that NexPoint/HCRE and its principals "clearly and convincingly acted in bad faith

by (a) knowingly filing and prosecuting a baseless Proof of Claim, . . . ([b]) seeking an unfair

litigation advantage by trying to withdraw its Proof of Claim **after** taking Highland's depositions

but **before** subjecting its own witnesses to questioning, and ([c]) trying at all times to preserve for

another day the claims it asserted (*i.e.*, to "reform, rescind and/or modify the agreement")."[22]

The court held a hearing on the Sanctions Motion ("<u>Hearing</u>") on January 24, 2024, during

which NexPoint/HCRE was given a full opportunity to respond to Highland's allegations of bad

faith and request for sanctions.

## IV.     CONCLUSIONS OF LAW

### A.  *The Sanctions Motion Satisfies Due Process Considerations*

In invoking its inherent power to sanction bad faith conduct or a willful abuse of the judicial

process, "[a] court must exercise caution . . . , and it must comply with the mandates of due process,

both in determining that the requisite bad faith exists and in assessing fees." *In re Correra*, 589

B.R. 76, 125 (Bankr. N.D. Tex. 2018). As noted above, the court entered its Proof of Claim

Disallowance Order on April 28, 2023, in which it sustained Highland's objection to, and

disallowed, the Proof of Claim but denied, without prejudice, Highland's Oral Sanctions Motion

---

[20] Dkt. No. 4018.

[21] Dkt. No. 4023.

[22] Reply, 2, ¶2.

HCMLPDT000485

as being procedurally defective because, having been raised for the first time during Trial and not having been made in writing, it had not given NexPoint/HCRE adequate notice and an opportunity to respond to the specific allegations of bad faith being made against it. The court pointed out that it did not address or make any determination regarding the substance of Highland's requests in the Oral Sanctions Motion for a bad faith finding and sanctions against NexPoint/HCRE, subject to Highland's right seek a bad faith finding and sanctions against NexPoint/HCRE upon and after giving it proper notice and an opportunity to respond:

> Here, where the Reorganized Debtor's generic oral request for a finding of bad faith and for "an award costs for a bad faith filing" did not articulate the legal basis for such an award and was raised for the first time during the Trial, HCRE was not given sufficient notice and an opportunity to respond, and, therefore, the court will deny, without prejudice, [Highland's] request for reimbursement of its costs incurred in connection with its objection to HCRE's Proof of Claim.

Proof of Claim Disallowance Order, 38-39 (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) ("[A] person facing possible sanctions is entitled to due process. . . . At a minimum, the respondent is entitled to notice of the authority for the sanctions, notice of the specific conduct or omission that forms the basis of possible sanctions and the opportunity to respond."); *In re Magari*, 2010 WL 817327 at **2-3 (Bankr. N.D. Tex. Mar. 4, 2010) ("By requesting the sanctions award, the Trustee has raised due process concerns that can only be satisfied by providing to the affected party sufficient notice and opportunity to respond.")).

The court concludes that the instant Sanctions Motion and Hearing have provided NexPoint/HCRE with the due process that was lacking in connection with the Oral Sanctions Motion. NexPoint/HCRE was given adequate notice of the legal authority invoked for sanctions (the bankruptcy court's inherent powers under section 105 of the Bankruptcy Code) and NexPoint/HCRE's specific conduct (the filing and prosecution of its Proof of Claim) that Highland

HCMLPDT000486

alleges to have been in bad faith, and NexPoint/HCRE was given adequate opportunity to respond through briefing and at the Hearing on the Sanctions Motion.

With due process concerns having been now addressed and satisfied, the court is able to address the substantive questions raised in the instant Sanctions Motion of (1) whether NexPoint/HCRE did, indeed, act in bad faith in the filing and prosecution of its Proof of Claim and (2) if so, whether an award of reimbursement of Highland's attorneys' fees and costs incurred in connection with its litigation of the Proof of Claim is an appropriate sanction for such bad faith.

### B. NexPoint/HCRE Filed and Prosecuted its Proof of Claim in Bad Faith and Willfully Abused the Judicial Process

A bankruptcy court may sanction a litigant for bad faith filing or litigation if the court makes specific findings, based on clear and convincing evidence, of bad faith or willful abuse of the judicial process. *See Cleveland Imaging*, 26 F.4th at 292 (A bankruptcy court may only sanction a party using its inherent authority if "(1) the bankruptcy court finds that the party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence.") (citing *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729-30 (5th Cir. 2014)).  The bankruptcy court's power to sanction bad faith or willful abuse of the judicial process derives from its inherent authority under 11 U.S.C. § 105(a) to issue civil contempt orders. *Id.* at 294, 294 n.14 (quoting the "relevant part" of Bankruptcy Code section 105(a), which provides that bankruptcy courts may "sua sponte, tak[e] any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") (cleaned up).

Having reviewed the record and the evidence adduced at Trial and NexPoint/HCRE's response to the Sanctions Motion (both in its Response and at the hearing on the Sanctions Motion), the court finds and concludes that there is clear and convincing evidence here that

HCMLPDT000487

NexPoint/HCRE filed and prosecuted is Proof of Claim in bad faith and that it willfully abused the

judicial process.

1. *Dondero's Execution and Authorization of the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence Was in Bad Faith and a Willful Abuse of the Judicial Process*

As noted in the Proof of Claim Disallowance Order, NexPoint/HCRE filed its Proof of

Claim in this Highland bankruptcy case on April 8, 2020, several months after the post-petition

"nasty breakup" between Highland and its co-founder and president and chief executive officer,

Dondero. NexPoint/HCRE described the basis of its claim in Exhibit A attached to its Proof of

Claim:[23]

### Exhibit A

HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an entity called SE Multifamily Holdings, LLC ("SE Multifamily"). Claimant may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor. Additionally, Claimant contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be the property of Claimant. Accordingly, Claimant may have a claim against the Debtor. Claimant has requested information from the Debtor to ascertain the exact amount of its claim. This process is on-going. Additionally, this process has been delayed due to the outbreak of the Coronavirus. Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.

NexPoint/HCRE was one of the many non-debtor Dondero-controlled entities affiliated

with Highland. Dondero was the president and sole manager of NexPoint/HCRE, and an individual

named Matt McGraner ("McGraner") was NexPoint/HCRE's vice president and secretary.

NexPoint/HCRE had no employees of its own but instead relied on Highland's employees (and

employees of other entities controlled by Dondero) to conduct business on its behalf. Dondero

executed the Proof of Claim as the "person who is completing and signing this claim," checking

---

[23] Claim No. 146.

HCMLPDT000488

the box that indicates he is "the creditor's attorney or authorized agent" and acknowledging that "I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct" and that "I declare under penalty of perjury that the foregoing is true and correct."[24] The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it and without conducting any due diligence on, or investigation into, whether the statements made in the Proof of Claim were truthful and accurate, which supports a finding that Dondero's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.

At Trial, Dondero testified that he had authorized his electronic signature to be affixed to the document and to be filed on behalf of NexPoint/HCRE and admitted that he had not reviewed the document before doing so.[25] He further testified that he could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed,"[26] and, more specifically, that he did not, prior to authorizing his law firm (Bonds Ellis) to affix his electronic signature on, and to file, the Proof of Claim, review or provide comments to the Proof of Claim or its Exhibit A, review the SE Multifamily Amended LLC Agreement or any documents,[27] "check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it," or do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of

---

[24] Proof of Claim, 3.

[25] Transcript of the November 1, 2022 Trial on Debtor's Objection to HCRE's Proof of Claim ("Trial Tr.")[Dkt. No. 3616] 55:2-22.

[26] Trial Tr. 56:20-23.

[27] Trial Tr. 55:10-22, 56:15-57:6.

12

HCMLPDT000489

HCRE."[28]  Moreover, he testified that he did not know whose idea it was to file the Proof of Claim,[29] who at NexPoint/HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, what information was given to Bonds Ellis that enabled them to formulate the Proof of Claim, or whether "Bonds Ellis ever communicated with anybody in the real estate group regarding [the Proof of Claim]."[30]

Dondero has argued that he had a good faith basis to sign and file the Proof of Claim on behalf of NexPoint/HCRE because "he had a host of responsibilities across a sprawling and sophisticated corporate structure and relied on numerous individuals within that structure to help manage the day-to-day operations of Highland and its subsidiaries and managed funds"[31] and that he "ha[d] to rely on systems and processes[,]" because "[he] can't be directly involved in everything."[32]  Dondero further testified that "[he] sign[s] a lot of high-risk documents and [has] to rely on the process and the people and internally and externally as part of the process to sign it without direct validation from or verification from me, and this [Proof of Claim] is another one of those items."[33]

Dondero's "I'm-a-very-busy-person/too-busy-to-be-bothered-to-investigate" excuse is not a defense, as a matter of law, to his bad faith and willful abuse of the judicial process in connection with the filing of the Proof of Claim.  Nor is Dondero's claimed reliance on systems and processes in connection with the execution and filing of this Proof of Claim, as a matter of fact, supported by the evidence.  The court notes that the Proof of Claim is not a complex, lengthy legal or

---

[28] Trial Tr. 57:25-58:16.

[29] Trial Tr. 57:7-9.

[30] Trial Tr. 56:1-14.

[31] Response, 7, ¶16.

[32] Trial Tr. 57:25-58:7.

[33] Trial Tr. 57:25-59:2.

HCMLPDT000490

corporate document; Exhibit A to the Proof of Claim, which set forth the basis for the claim, is only one paragraph long, yet Dondero did not even bother to read it before signing under penalty of perjury that the information contained in the Proof of Claim, including Exhibit A, was truthful and accurate. And, Dondero's own testimony contradicts his assertion that he relied on "systems and processes" and on other people within the "sprawling and sophisticated corporate structure" and his outside counsel to ensure the accuracy of the Proof of Claim. He had no reasonable or justifiable basis to rely on anyone or any "process" that was allegedly in place in connection with his signing of "high risk" documents, because he asked no questions, conducted no due diligence, and made no effort, whatsoever, to verify that the information that he was swearing was accurate under penalty of perjury was, in fact, truthful.

The court finds and concludes that the foregoing admissions by NexPoint/HCRE, through Dondero, provide clear and convincing evidence that ***NexPoint/HCRE filed its Proof of Claim*** in bad faith and willfully abused the judicial process.

2. *NexPoint/HCRE's Litigation Strategy and Actions in the Prosecution of Its Proof of Claim Are Further Evidence of Its Bad Faith and Willful Abuse of the Judicial Process*

Moreover, NexPoint/HCRE's ***litigation strategy and actions*** taken in the course of prosecuting its Proof of Claim over the next two and a half years, after filing it, ***provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process***.

HCMLPDT000491

As noted in the Proof of Claim Disallowance Order, six months after Dondero signed and filed the Proof of Claim in April 2020, and in response to Highland's objection to its Proof of Claim,[34] NexPoint/HCRE fleshed-out the legal and factual bases for its claim:[35]

> After reviewing what documentation is available to [NexPoint/HCRE] with the Debtor, [NexPoint/HCRE] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, [NexPoint/HCRE] has a claim to reform, rescind and/or modify the agreement.

> However, [NexPoint/HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

The Response was filed by a new law firm—Wick Phillips Gould & Martin, LLP ("Wick Phillips") – not the law firm of Bonds Ellis, which had handled the filing of the Proof of Claim. In the course of discovery, Highland became aware that Wick Phillips had jointly represented NexPoint/HCRE and Highland in connection with at least some of the underlying transactions that were the subject of the Proof of Claim, and, on April 14, 2021, more than a year after NexPoint/HCRE filed its Proof of Claim, Highland moved to disqualify Wick Phillips.[36] Notably, Highland's Plan had been confirmed on February 22, 2021, over the objections of Dondero and his related entities (including NexPoint/HCRE).[37] The effective date ("Effective Date") of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan.

---

[34] On July 30, 2020, Highland filed an objection to the allowance of the Proof of Claim, contending it had no liability under the Proof of Claim. *See Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims, (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*, Dkt. No. 906.

[35] Response to Objection to Claim, 2-3, ¶¶ 5-6.

[36] Dkt. Nos. 2196-2198. On October 1, 2021, Highland filed a supplemental disqualification motion. Dkt. No. 2893.

[37] NexPoint/HCRE, represented by Wick Phillips, filed its *Objection to Debtor's Fifth Amended Plan of Reorganization* on January 5, 2021. Dkt. No. 1673.

HCMLPDT000492

Pursuant to the Plan, on or after the Effective Date, all or substantially all of the Debtor's assets vested in the Reorganized Debtor or the claimant trust ("Claimant Trust") created under the terms of the Plan, including Highland's 46.06% membership interest in SE Multifamily.

Meanwhile, NexPoint/HCRE vigorously fought the disqualification of Wick Phillips, filing its opposition to the disqualification motion on May 6, 2021,[38] and initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with the entry by this court on December 10, 2021, of its *Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP As Counsel to HCRE Partners, LLC and for Related Relief* ("Disqualification Order"),[39] resolving the disqualification motion by, among other things, disqualifying Wick Phillips from representing NexPoint/HCRE in the contested matter concerning the Proof of Claim, but specifically denying Highland's request that NexPoint/HCRE reimburse it all costs and fees incurred in making and prosecuting the disqualification motion.[40]

In the instant Sanctions Motion, Highland acknowledged that the court denied Highland's specific request for sanctions of reimbursement of Highland's costs and fees in making the Disqualification Motion in its December 2021 Disqualification Order.[41]  The court notes that the denial was not "with prejudice"[42] to Highland's right to bring a sanctions motion in the future in connection with allegations that NexPoint/HCRE's filing and prosecution of its Proof of Claim, including its vigorous defense of the Disqualification Motion.  Notably, while Highland includes

---

[38] Dkt. Nos. 2278 and 2279.

[39] Dkt. No. 3106.

[40] Disqualification Order, 4.

[41] *See* Sanctions Motion, 4, ¶8.

[42] The Disqualification Order stated, in relevant part, "Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**."

HCMLPDT000493

a reference in the instant Sanctions Motion to the lengthy and expensive proceedings on the Disqualification Motion in its recitation of evidence in the record that supports Highland's allegations that NexPoint/HCRE engaged in bad faith conduct in the filing and prosecution of its Proof of Claim, it did *not* include them as part of the fees and costs for which Highland is seeking to be reimbursed by NexPoint/HCRE as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.[43]

In any event, following the disqualification of Wick Phillips, NexPoint/HCRE hired yet a third law firm, Hoge & Gameros, LLP, in connection with this matter, and the parties engaged in a second round of extensive discovery, which included the exchange of written discovery and document production and the service of various deposition notices and subpoenas.  On August 12, 2022, just two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of NexPoint/HCRE's witnesses, Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim ("Motion to Withdraw").[44]  By this point, Highland had spent hundreds of thousands of dollars objecting to the Proof of Claim.

Query why might NexPoint/HCRE have done this?  Just six months earlier, Dondero's family trust, The Dugaboy Investment Trust, had represented to the bankruptcy court that

---

[43] *See* Morris Declaration, 3-4, at ¶11 (Referencing the court's denial in its Disqualification Order of Highland's previous request for attorneys' fees incurred in connection with the Disqualification Motion, Morris stated "[W]e reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.").

[44] *See Motion to Withdraw Proof of Claim* [Dkt. No. 3442].

17

HCMLPDT000494

Highland's 46.06% interest in SE Multifamily was worth $20 million,[45] and now, NexPoint/HCRE (which presumably also spent substantial sums prosecuting its Proof of Claim during the nearly two and a half years of litigation) appeared willing to walk away from its multi-million dollar challenge to Highland's 46.06% interest in SE Multifamily. Highland objected to NexPoint/HCRE's Motion to Withdraw, and the court held a hearing on September 12, 2022 (as required by Bankruptcy Rule 3006), following which the court entered an order denying NexPoint/HCRE's Motion to Withdraw, for the reasons set forth on the record,[46] and directing the parties to "confer in good faith to complete the depositions" of Dondero, McGraner, and NexPoint/HCRE and otherwise comply with the scheduling order that had been entered by the court on this matter, which included appearing for an evidentiary hearing on November 1, 2022.[47] The court denied NexPoint/HCRE's Motion to Withdraw, in part, because it was concerned that the timing of it all–just two business days *after* completing Highland's depositions but two business days *before* the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE (*i.e.,* NexPoint/HCRE prosecuted its Proof of Claim for two and a half years, through and including the taking of depositions of Highland's witness, while shielding its own witnesses from testifying). The court was also concerned by NexPoint/HCRE's repeated attempts to preserve its claims against Highland for use against Highland in the future. In fact, the court entered its order denying NexPoint/HCRE's Motion to Withdraw only after: (1) NexPoint/HCRE refused to agree, at the

---

[45] *See Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382]. As pointed out by Highland in its Response, "[t]here is no dispute that HCRE is the manager of SE Multifamily and therefore—through Mr. Dondero—would be best positioned to opine on the value of Highland's interest in SE Multifamily." Response, 9, at ¶27 n. 4.

[46] The court noted in its order denying HCRE's Motion to Withdraw that, under the Bankruptcy Rules, a creditor does not have an absolute right to withdraw a proof of claim.

[47] Dkt. No. 3525.

18

HCMLPDT000495

September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily, and (2) counsel were thereafter unable, in the day or two after the hearing, to work out mutually acceptable language in an agreed order that protected both parties.[48]  As noted in its order denying NexPoint/HCRE's Motion to Withdraw, the court had expressed concerns, during the hearing on the Motion to Withdraw, relating to the integrity of the bankruptcy system and claims process if it allowed NexPoint/HCRE to withdraw its Proof of Claim after two and a half years of litigation, and having caused Highland to spend hundreds of thousands of dollars litigating the Proof of Claim, while at the same time allowing NexPoint/HCRE to preserve its challenges to Highland's ownership interest in SE Multifamily to be used against Highland in the future.  The court did not, at the time, make any express findings regarding NexPoint/HCRE's bad faith or abuse of the judicial process, only because Highland's mid-hearing Oral Sanctions Motion had not provided NexPoint/HCRE with adequate notice and an opportunity to respond.[49]  With the instant Sanctions Motion, those due process concerns have been satisfied.

Having considered the evidence and argument of counsel at both the Trial on NexPoint/HCRE's Proof of Claim and the hearing on the Sanctions Motion, and the pleadings filed in connection with the Sanctions Motion, including NexPoint/HCRE's written Response, and based on the record as a whole, the court expressly finds and concludes that NexPoint/HCRE's

---

[48] At the end of the September 12 hearing, the court had expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties "without the pressure of the Court hovering over you." See Transcript of Hearing on Motion to Withdraw, Dkt. No. 3519, 50:14-59:14. Apparently, counsel were unable to reach an agreement on the terms of an agreed order, and so the court signed the order at docket number 3525, denying NexPoint/HCRE's Motion to Withdraw.

[49] As noted below, NexPoint/HCRE persisted to the end in arguing that the disallowance of its Proof of Claim could not bar NexPoint/HCRE from making future challenges to Highland's 46.06% membership interest in SE Multifamily.

HCMLPDT000496

***litigation strategy and actions*** in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process on the part of NexPoint/HCRE.

### 3. *NexPoint/HCRE's Admissions at Trial Are Further Evidence of its Bad Faith Filing and Willful Abuse of the Judicial Process*

Following the denial of NexPoint/HCRE's Motion to Withdraw, the parties complied with the court's order to schedule the depositions of Dondero and McGraner at mutually agreeable times to complete discovery and then appeared at Trial on November 1, 2022. At the conclusion of the Trial, NexPoint/HCRE doubled-down on its request of the court "to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[50] This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request. Nevertheless, NexPoint/HCRE continued to the end to try to limit any order disallowing its Proof of Claim so as to preserve its right to assert the very claims asserted in its Proof of Claim (for rescission, reformation and/or modification of the SE Multifamily Amended LLC Agreement to reallocate the membership percentages) for use in the future.[51]

The Trial testimony of Dondero and McGraner revealed that NexPoint/HCRE had no factual basis to claim that a mistake was made by any of the parties, much less a mutual mistake

---

[50] Trial Tr. 179:23-25; 180:8-9.

[51] Trial Tr. 179:21-24 ("They want you to make findings that we can't raise any of these other issues, rescissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."); 200:8-12 ("If Your Honor's going to deny the proof of claim, I would ask that you simply deny the proof of claim. We don't have an adversary proceeding here. There wasn't one started. Mr. Morris considered that and then didn't follow that path, because all we have here today is a proof of claim.").

HCMLPDT000497

of the parties, regarding the allocation of ownership percentages in SE Multifamily in corporate documentation,[52] and, in fact, "the evidence overwhelmingly point[ed] to the conclusion that both Mr. Dondero and Mr. McGraner understood that the allocation of 46.06% membership interest to Highland, and a total capital contribution by Highland of $49,000 in the Amended LLC Agreement, reflected the intent of the parties prior to, and at the time of, the execution of the Amended LLC Agreement."[53] The court specifically noted in the Proof of Claim Disallowance Order that Dondero admitted that he had not read or reviewed the Amended LLC Agreement or any drafts of it before he signed it—apparently the Amended LLC Agreement was one of those important, high-risk documents that Dondero was too busy to read or investigate before signing (like the Proof of Claim)—but he nevertheless testified that "the capital contributions and membership allocations contained in Schedule A of the Amended LLC Agreement comported with his understanding and intent when he signed the Amended LLC Agreement on behalf of HCRE and Highland."[54]   NexPoint/HCRE was also unable to produce any evidence at Trial to support its factual allegation that there was a "lack of consideration" or a "failure of consideration" with respect to the Amended LLC Agreement, such that NexPoint/HCRE would be entitled to a

---

[52] The court concluded, specifically, that

> HCRE did not produce any evidence, much less clear and convincing evidence, that the parties to the Amended LLC Agreement – HCRE, Highland, BH Equities, and Liberty – had come to a specific and understanding, prior to the execution of the Amended LLC Agreement in March 2019, that the allocation of percentage membership interests in SE Multifamily was different from the percentage allocations contained in the Amended LLC Agreement.  When asked on cross-examination, Mr. McGraner, HCRE's officer and co-owner who was most involved in the negotiations of the terms of the Amended LLC Agreement, was unable to identify any specific mistake made in the drafting of the Amended LLC Agreement.  Neither he nor NexPoint/HCRE's other witness, Mr. Dondero, were able to point to a specific meeting of the minds of the members of SE Multifamily prior to (or after, for that matter) the execution of the Amended LLC Agreement that the parties intended Highland's allocation of SE Multifamily membership interests to be any percentage other than the 46.06% allocation attributed to Highland in the written Amended LLC Agreement.

Proof of Claim Disallowance Order, 30.

[53] *Id.*, 30-31.

[54] *Id.*, 31 n. 119.

HCMLPDT000498

reformation,[55] rescission,[56] or modification of it, to re-allocate the ownership percentages that the parties agreed to at the time of the execution of it.[57]

In fact, McGraner ultimately admitted in his Trial testimony that the only reason NexPoint/HCRE had for filing its Proof of Claim, which challenged Highland's title to its 46.06% membership interest in SE Multifamily, was, essentially, ***that NexPoint/HCRE was frustrated with the consequences of Dondero's decision in 2019 to seek bankruptcy protection for Highland (notably, the bankruptcy case was filed just a few months after the Amended LLC Agreement was executed), which resulted in Dondero losing control over Highland***, such that, as far as NexPoint/HCRE was concerned, its "partner" [in SE Multifamily] was no longer its "partner." The court noted in the Proof of Claim Disallowance Order that McGraner

> could not point to any provision of the Amended LLC Agreement that was either "wrong" or a "mistake;" rather, he testified that the "mistake" was "when the bankruptcy was filed and we can't amend it" because "[o]ur partners aren't our partners" – "if you have good partners and you're working with partners that are –

---

[55] After noting that "neither lack of consideration nor failure of consideration are bases for reformation of a contract under Delaware law (which is what NexPoint/HCRE is seeking in its Proof of Claim)," the court concluded that "HCRE is not entitled to reformation of the Amended LLC Agreement to reallocate the members' membership interests as requested based on its allegations of lack of consideration and/or failure of consideration." Proof of Claim Disallowance Order, 32 n. 120.

[56] The court noted in the Proof of Claim Disallowance Order that NexPoint/HCRE had not actually stated a claim for rescission of the Amended LLC Agreement with respect to its Proof of Claim, but that, if it had,

> Mr. Dondero's admission that he did not read the Amended LLC Agreement (or even have the terms explained to him by counsel or anyone else) prior to signing it on behalf of HCRE and Highland would bar any claim by HCRE for rescission of the Amended LLC Agreement. Moreover, even if HCRE's claim for rescission was not barred by Mr. Dondero's failure to read the Amended LLC Agreement prior to signing it, HCRE did not present any evidence of the other elements of a rescission claim: that the parties were mistaken as to a basic assumption on which the Amended LLC Agreement was made and that the mistake had a material effect on the agreed-upon exchange of performances.

Proof of Claim Disallowance Order, 33-34.

[57] *See* Proof of Claim Disallowance Order, 32-33 n. 120 (where the court found that "HCRE has not shown that there was a lack or failure of consideration on behalf of Highland in connection with the Amended LLC Agreement. . . . Under Delaware law, the courts 'limit [their] inquiry into consideration to its existence and not whether it is fair or adequate,' . . . . '[E]ven if the consideration exchanged is grossly unequal or of dubious value, the parties to a contract are free to make their bargain.' (citations omitted). Here, it is undisputed that Highland made a cash capital contribution of $49,000, that Highland was a jointly and severally liable coborrower under the KeyBank Loan, and that SE Multifamily (and HCRE), having no employees of their own, relied on Highland's employees to conduct business. Thus, HCRE's claim, to the extent it is based on alleged lack and/or failure of consideration fails.").

HCMLPDT000499

that are known to you, then you make amendments to reflect the contributions of those partners, whether monetary or otherwise . . . [a]nd my understanding is I can't do that right now."[58]

McGraner testified that "despite Mr. Dondero being in control of both HCRE and Highland prior to the bankruptcy filing, and despite 'all of the fears [he] had [related to Highland's bankruptcy filing],' HCRE made no effort to amend the agreement before the bankruptcy or post-bankruptcy (because 'we didn't think it would be worth it')[ ][59] [and] 'because [it] hoped that the issues that caused the bankruptcy filing would resolve themselves.'"[60] This is not a good-faith basis for filing and prosecuting the Proof of Claim, and it exhibits a willful abuse of the bankruptcy claims process by NexPoint/HCRE.

In summary, the admissions by Dondero and McGraner in their Trial testimony made clear that NexPoint/HCRE never had a factual or legal basis for the Proof of Claim. NexPoint/HCRE's principals knew, at the time of filing and through its prosecution of the Proof of Claim, that there was no factual basis for its claim of rescission, reformation, and/or modification of the Amended LLC Agreement to dispossess Highland of some or all of its 46.06% membership interest in SE Multifamily. This clearly and convincingly constitutes bad faith by NexPoint/HCRE and a willful abuse of the judicial process.

### C. Reimbursement of Attorneys' Fees and Costs Incurred by Highland in the Proof of Claim Litigation Is an Appropriate Sanction for NexPoint/HCRE's Bad Faith

Having found and concluded by clear and convincing evidence that NexPoint/HCRE filed and prosecuted (and attempted withdrawal of) its Proof of Claim in bad faith and willfully abused the judicial process, this court may use its inherent powers under Bankruptcy Code section 105(a)

---

[58] Proof of Claim Disallowance Order, 27 (citing Trial Tr. 114:24-115:16, 118:6-15).

[59] *Id.* (citing Trial Tr. 121:24-122:9).

[60] *Id.* at 28 (citing Trial Tr. 122:20-125:21).

HCMLPDT000500

to sanction it for such conduct. Reimbursement of the opposing party's fees and costs incurred in responding to a bad faith filing or willful abuse of the judicial process has been upheld as an appropriate form of sanctions. *See Cleveland Imaging*, 26 F.4th at 294 (upholding the bankruptcy court's sanction order that required the parties who were found to have filed bankruptcy petitions in bad faith to reimburse the fees incurred by a post-confirmation litigation trust in responding to the bad faith filing); *Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (bankruptcy court did not abuse its discretion in ordering the debtors to "pay $49,432, which represents the amount of attorneys' fees incurred by [the bankruptcy trustee] in responding to certain instances of the [debtors'] bad faith conduct."); *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's use of its inherent powers to issue monetary sanctions for bad faith filing that were, in part, based upon the opposing parties' attorneys' fees and costs "following an extensive hearing in which the bankruptcy court heard testimony from the parties and witnesses and made certain credibility determinations," and "made specific findings that Appellants acted in bad faith."); *In re Paige*, 365 B.R. 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys' fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*, 576 B.R. 84, 93 (S.D. Tex. 2017) (same). Any sanction imposed pursuant to a bankruptcy court's inherent powers for bad faith conduct or willful abuse of the judicial process "must be compensatory rather than punitive in nature." *In re Lopez*, 576 B.R. at 93 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)). "[A] sanction counts as compensatory only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based[,]" and "[a] fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber*, 581 U.S.

24

HCMLPDT000501

at 108 (quoting *Bagwell*, 512 U.S. at 834). The fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. at 104). The "'causal link' between the sanctionable conduct and the opposing party's attorney's fees" must be established "through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct." *Id.* (citing *Goodyear Tire & Rubber*, 581 U.S. at 108-109 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, as earlier noted, Highland has requested, as a sanction, reimbursement of its attorneys' fees and costs incurred by it in responding to NexPoint/HCRE's filing and prosecution of its Proof of Claim. Specifically, Highland seeks reimbursement of an aggregate amount of **$825,940.55**, consisting of

- **$782,476.50** in attorneys' fees charged by its primary bankruptcy counsel, PSZJ, for the period August 1, 2021 through December 31, 2022, for work performed in connection with the litigation of the Proof of Claim;[61]

- **$16,164.05** in third-party expenses for court reporting services provided in connection with the Proof of Claim litigation;[62] and,

---

[61] *See* Morris Declaration, 3-4, at ¶¶ 8-13, and Ex. F. As stated in the Morris Declaration, the $782,476.50 amount does not include any fees relating to the Disqualification Motion or any fees that PSZJ concluded were inadvertently coded by a timekeeper to the NexPoint/HCRE Claim Objection category "or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation." *Id.*, 3-4, at ¶¶ 11 and 12. By way of specific example, Morris stated that "in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM))." *Id.*, 4, at ¶ 12.

[62] *See id.*, 4, at ¶ 14, and Ex. G.

HCMLPDT000502

- **$27,300.00** in attorneys' fees charged by David Agler for providing Highland with specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim.[63]

NexPoint/HCRE challenges Highland's request for reimbursement of its fees on several bases. ***First***, it argues that it cannot be ordered to reimburse the fees and expenses incurred by Highland ***after*** NexPoint/HCRE attempted to withdraw its Proof of Claim because they do not satisfy the "but for" test for establishing a "causal link" between those fees and costs and NexPoint/HCRE's filing and pursuit of its Proof of Claim—that Highland cannot show that "but for" NexPoint/HCRE's filing and prosecution of its Proof of Claim, Highland would not have incurred those fees and costs. NexPoint/HCRE urges the court to adopt its narrative of the proceedings that "instead of taking a win, [Highland] and its lawyers chose to generate fees to get the same result" and thus Highland's attorneys' efforts were "totally unnecessary" and a "waste of time and resources" that was "the fault of [Highland], not [NexPoint/HCRE]."[64] NexPoint/HCRE states in its Response that "[h]ere, ***it is undisputed*** that, had [Highland] agreed to the withdrawal of the Proof of Claim many months ago – before engaging in costly additional discovery and preparing for and attending a trial on the merits of the claim – [Highland] would have been exactly in the same position that it is in now, but at far less expense" and further that "[t]he real, practical difference between refusing to consent to the withdrawal of [NexPoint/HCRE]'s Proof of Claim and instead prosecuting the Objection to its end is several hundred thousand dollars in attorneys' fees" and, thus, "[t]he Motion abjectly fails any 'but–for' analysis."[65]

---

[63] *See id.*, 4-5, at ¶¶ 15 and 16, and Ex. H. A summary of the aggregate fees and expenses of which Highland is seeking reimbursement in the Sanctions Motion is attached as Exhibit I to the Morris Declaration. *See id.*, 5, at ¶ 17, and Ex. I.

[64] Response, 2.

[65] Response, 20, at ¶60 (emphasis added).

HCMLPDT000503

The court disagrees with NexPoint/HCRE's "narrative" and its view of the evidence established at Trial. Highland *does* dispute NexPoint/HCRE's contention that, if only it had allowed it to withdraw its Proof of Claim and accepted a "win," that Highland would have been "exactly in the same position that it is in now [after a Trial and ruling on the merits of the Proof of Claim], but at far less expense." The court does as well. As Highland has argued, NexPoint/HCRE's Motion to Withdraw was itself filed in bad faith. Highland was forced to oppose the withdrawal of the Proof of Claim because NexPoint/HCRE would not agree to a withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future.[66] The evidence clearly and convincingly established that any "win" or "victory" that Highland would have obtained through the withdrawal of the Proof of Claim[67]

> would have been pyrrhic because *HCRE—in a clear act of bad faith—tried to withdraw its Proof of Claim while preserving the substance of it claims for another day*. Had HCRE's duplicitous strategy been successful, Highland's interest in SE Multifamily would have remained subject to challenge—an untenable result for anyone, let alone a post-confirmation entity seeking to implement a court-approved asset monetization plan.

The court finds and concludes, as argued by Highland, that there is clear and convincing evidence here that the fees and costs incurred by it, after NexPoint/HCRE sought to withdraw its Proof of Claim (*i.e.,* to prepare for the Trial and prosecute its objection to the Proof of Claim through a trial and ruling on the merits), would not have been incurred "but for" NexPoint/HCRE's bad faith. As pointed out by Highland and as noted above,[68] the court did not enter the Proof of Claim Disallowance Order in December 2022 in a vacuum. Rather, the court denied

---

[66] *See supra* note 45 and accompanying text.

[67] Response, 5, at ¶18.

[68] *See supra* at pages 16-17.

HCMLPDT000504

NexPoint/HCRE's Motion to Withdraw only *after:* (1) the court had expressed concerns that the timing and context of its filing of its Motion to Withdraw suggested gamesmanship on its part, and that the integrity of the bankruptcy system and claims process would be in jeopardy if the court were to simply allow withdrawal, without protecting Highland from future challenges to its membership interest in SE Multifamily (particularly, after Highland had spent hundreds of thousands of dollars to that point in objecting to the Proof of Claim); and (2) NexPoint/HCRE refused to agree to language in an order that would alleviate these expressed concerns. The court—having now made an express finding that NexPoint/HCRE's filing of its Motion to Withdraw was in bad faith and part of its willful abuse of the bankruptcy claims process that began with the filing of its Proof of Claim in April 2020—now expressly finds that the fees and costs incurred by Highland after NexPoint/HCRE filed its Motion to Withdraw were necessary for Highland to protect its interests and would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

*Second*, NexPoint/HCRE objects to Highland's fees ($809,776.50) and expenses ($16,164.05) as being "*per se* excessive for a single proof of claim objection."[69] Highland argues that "[s]pending less than 5% of the value of an asset (according to Mr. Dondero's family trust) to obtain good, clear title is economically rational and consistent with the Claimant Trust's duty to maximize value for the benefit of the Claimant Trust's beneficiaries." Per the Morris Declaration, Highland only seeks reimbursement of expenses and fees charged to Highland for expenses incurred and work performed in litigating the Proof of Claim (but—as noted earlier—specifically excluding any fees charged relating to the Disqualification Motion). The court agrees with Highland and finds that the fees and expenses incurred by it in objecting to the Proof of Claim,

---

[69] Response, 10, ¶34.

HCMLPDT000505

including the fees incurred ***after*** NexPoint/HCRE sought to withdraw its Proof of Claim, were

reasonable and necessary for Highland to protect a valuable asset—it's 46.06% interest in SE

Multifamily—and, thus, they are not excessive.

    ***Third***, NexPoint/HCRE complains, in its Response, that the fees charged by PSZJ were

unreasonable and excessive because the PSZJ invoices show that it was seeking reimbursement

for fees charged by "layers of timekeepers whose identities and roles have not been disclosed."[70]

NexPoint/HCRE points out three professionals (two of whom billed one hour or less) who were

identified in PSZJ's invoices only by their initials.[71]   In its Reply, Highland identified the

timekeepers by name—as a litigator who billed one hour of time; a bankruptcy attorney who billed

0.6 hours of time; and a bankruptcy partner who billed 15.1 hours of time—all of whom were

"called upon to provide discrete support."[72]   Collectively, the three previously "unidentified"

attorneys charged just 0.023% of the total fee request.[73]  PSZJ's identification of the "unidentified"

timekeepers" and explanation of the work performed by them satisfies the court that these fees

were reasonable and necessary fees incurred as a direct result of NexPoint/HCRE's bad faith filing

and prosecution of its Proof of Claim.  The court rejects NexPoint/HCRE's suggestion that PSZJ

overstaffed and overbilled the file because there were "layers of timekeepers."  As pointed out in

Highland's Reply, "over 82% of the charges related to one litigation partner . . . , one litigation

associate . . . , and one paralegal" and "[t]wo other lawyers who have been on the Pachulski team

since the inception of this engagement . . . billed relatively modest amounts of time over the course

---

[70] *Id.*, 13, ¶45.

[71] *Id.*, 12, ¶38.

[72] Reply, 9, ¶28.

[73] *Id.*

HCMLPDT000506

of this prolonged litigation."[74] There is simply no factual basis to support a conclusion that the matter was overstaffed.

**Fourth**, NexPoint/HCRE objects to $9,840 charged by two attorneys for travel time,[75] while acknowledging that those attorneys' non-working travel time was billed at half of the attorneys' regular hourly rate.[76] As pointed out by Highland in its Reply, Highland agreed to pay for travel time in its pre-petition engagement letter, so those "charges cannot come as a surprise to Mr. Dondero."[77] The court takes judicial notice of the fact that attorneys charging half of their hourly rates for non-working travel time, as PSZJ did here, pursuant to its engagement letter with Highland that was approved when the court authorized the retention of PSZJ as counsel for the Debtor, is common practice and is a commonly approved term of engagement of professionals in bankruptcy cases. The $9,840 charged by two attorneys for travel time in this matter was a reasonable and necessary expense incurred by Highland in responding to NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.

**Fifth**, and finally, NexPoint/HCRE objects to the fees charged by David Agler (39 hours of work performed at $700 per hour) for providing Highland with tax advice in August 2022, on the basis that the invoice attached as Exhibit H to the Morris Declaration "indicated that it was 'unbilled' work" and that "[w]hatever work he did, it did not manifest itself in the proceedings."[78] Highland pointed out that it **had** explained, in the Morris Declaration, that Mr. Agler provided "specialized tax advice concerning SE Multifamily and other matters related to the Proof of

---

[74] *Id.*, 9, ¶28 n. 5.

[75] Response, 12, ¶37.

[76] *Id.*, 11, ¶36 (Table 1).

[77] Reply, 9-10, ¶29.

[78] Response, 12, ¶42.

HCMLPDT000507

Claim."[79]  Highland provided a more detailed description of the services provided by Mr. Agler and why those services were necessary in its Reply:  "Mr. Agler provided his services in August 2022 in conjunction with Highlands's deposition preparation, including the deposition of SE Multifamily's accountant. These services were necessary because—as Mr. Dondero and Mr. McGraner admitted and as the evidence showed—Highland's participation in SE Multifamily was expected to provide substantial tax benefits."[80]  The court finds that the fees charged by David Agler for work performed for Highland that are set forth in Exhibit H to the Morris Declaration were reasonable and necessary expenses incurred by Highland in responding to HCRE's bad faith conduct and that they would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

The court has determined that the full amount of fees – $809,776.50 – and costs – $16,164.05 – that are set forth in detail in Exhibits F through H (and summarized on Exhibit I) of the Morris Declaration were reasonable and necessary for Highland to respond to, and would not have been incurred "but for," NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim, which the court has found to have been a willful abuse by NexPoit/HCRE of the judicial process.  Under Fifth Circuit precedent, it is appropriate for the court, in the use of its inherent power under Bankruptcy Code § 105(a), to order NexPoint/HCRE, as a compensatory sanction for its bad faith conduct and willful abuse of the judicial process, to reimburse Highland the full amount of fees and costs requested by Highland, which, in the aggregate, total $825,940.55.  NexPoint/HCRE's objections to such amounts as excessive, unnecessary, unreasonable, or unrelated to NexPoint/HCRE's bad faith conduct, are overruled.

---

[79] Reply, 10, ¶30 (citing Morris Declaration, ¶15).

[80] *See id.* (citing Morris Declaration, Ex. [E] (Trial Transcript) 43:2-14; 83:17-84:2; 191:23-193:21 (citing to testimony and tax returns that were admitted into evidence)).

HCMLPDT000508

## V.    CONCLUSION AND ORDER

In summary, the court has determined that NexPoint/HCRE was given adequate notice and an opportunity to respond to the Sanctions Motion and that there is clear and convincing evidence that it filed and prosecuted its Proof of Claim, including its eleventh-hour attempt to withdraw its Proof of Claim, in bad faith and that it willfully abused the judicial process. Such conduct directly caused Highland to incur $825,940.55 in fees and expenses. In the exercise of its inherent power under Bankruptcy Code § 105(a), the court will grant Highland's Sanctions Motion and order NexPoint/HCRE to reimburse Highland for those fees and expenses as an appropriate sanction for NexPoint/HCRE's bad faith or willful abuse of the judicial process.

Accordingly, and based on the foregoing findings of fact and conclusions of law, including those findings and conclusions in this court's Proof of Claim Disallowance Order, which has been incorporated herein by reference,

**IT IS ORDERED** that the Sanctions Motion [Dkt. No. 3851] be, and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that, in order to compensate Highland for loss and expense resulting from NexPoint/HCRE's bad faith and willful abuse of the judicial process, in filing and prosecuting its Proof of Claim, NexPoint/HCRE is hereby directed to pay Highland the compensatory sum of **$825,940.55**.

### ###End of Memorandum Opinion and Order###

32

HCMLPDT000509

# EXHIBIT C

HCMLPDT000510

Case 19-34054-sgj11 Doc 4069-15 Filed 06/20/25 Entered 06/20/25 21:55:52 Desc
Case 3:24-cv-01479-S Exhibit 15 Page 155 of 332 Page 151 of 328 PageID 154

Docket #4069 Date Filed: 05/21/2024



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 21, 2024**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor. | § | |

### ORDER DENYING MOTION OF NEXPOINT REAL ESTATE PARTNERS, LLC (F/K/A HCRE PARTNERS, LLC) SEEKING RELIEF FROM ORDER PURSUANT TO FED. R. OF BANKR. P. 9024 AND FED. R. CIV. P. 60(b)(1) & (6)

On March 18, 2024, NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

("HCRE") filed its *Motion for Relief from Order* (hereinafter, the "Rule 60(b) Motion"),[1] seeking

reconsideration of and relief from this court's *Memorandum Opinion and Order Granting*

*Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees*

*against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in connection with Proof*

_____

[1] Bankr. Dkt. No. 4040.

1

1934054240521000000000001

*of Claim # 146* ("HCRE Sanctions Order").[2]  The parties stipulated to a briefing schedule and that the parties would seek a setting for a hearing ("Hearing") on the Rule 60(b) Motion.  On April 22, 2024, Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor") filed its response ("Response") in opposition to the Rule 60(b) Motion,[3] and HCRE filed its reply ("Reply") thereto on May 1, 2024.[4]  The parties presented oral argument at the Hearing that was held on May 16, 2024.

**HCRE and its Proof of Claim.**  By way of background, HCRE is an entity whose sole manager is James D. Dondero, the former Chief Executive Officer of the Reorganized Debtor. HCRE and Highland were essentially friendly business partners prepetition—not terribly surprising, as they each had the same chief executive.  In any event, HCRE and Highland were equity owners/members of a limited liability company named SE Multifamily Holdings, LLC ("SE").[5]  SE owned valuable real estate.  SE was only formed in March 2019 and was governed by an amended LLC Agreement ("SE's LLC Agreement").  After Highland filed Chapter 11 in October 2019, and later became managed by three new independent directors and a new CRO and then new CEO, James Seery, Highland and HCRE were no longer amicable business partners.   In fact, HCRE filed a proof of claim in Highland's bankruptcy case (on April 8, 2020), for an unliquidated sum, which was electronically signed by Mr. Dondero.  The proof of claim asserted that HCRE had a claim against Highland to reduce Highland's equity ownership and rights in SE and, further, that it had grounds to reform, rescind, or modify SE's LLC Agreement based on a mutual mistake.[6]  Two years and four months after HCRE filed the proof of claim, on August 12,

---

[2] Bankr. Dkt. Nos. 4038 & 4039.
[3] Bankr. Dkt. No. 4052.
[4] Bankr. Dkt. No. 4055.
[5] Note that there was also an unrelated minority owner (6%) in SE called BH Equities, LLC.
[6] Claim No. 146 & Bankr. Dkt. No. 1212.

HCMLPDT000512

2022, and after significant discovery and litigation regarding the proof of claim, HCRE moved to withdraw the proof of claim.

**HCRE's Motion to Withdraw its Proof of Claim.** There's a rule for withdrawing a proof of claim: Fed. R. Bankr. P. 3006. The bankruptcy court set a hearing, on September 12, 2022, as required by this rule, on HCRE's motion to withdraw the proof of claim ("Sept. 12, 2022 Proof of Claim Withdrawal Hearing").[7] After extensive discussion on the record, the bankruptcy court denied HCRE permission to withdraw its proof of claim—primarily because HCRE declined to withdraw the proof of claim with prejudice to any future litigation in any forum pertaining to the issues raised in the proof of claim. In other words, HCRE would not state unequivocally that it would not re-urge in the future its alleged present entitlement to reform or rescind SE's LLC Agreement. To be clear, HCRE expressed that it would withdraw its proof of claim with prejudice to re-asserting it in the bankruptcy court, and with prejudice to filing any appeal of a bankruptcy court order on same. ***But this type of withdrawal meant little—because the deadline/bar date for filing proofs of claim in the Highland bankruptcy case had passed 16 months earlier anyway***. HCRE would be time-barred from asserting its proof of claim at this late stage in the Highland bankruptcy case. The bankruptcy court was concerned that HCRE was attempting to preserve its present claims against Highland for use in the future in a different forum.[8] If there was going to be litigation over these issues, Highland thought it was time to get on with such litigation. The bankruptcy court was persuaded that, indeed, Highland would be prejudiced if HCRE were allowed to withdraw its proof of claim without clear and unequivocal language in the order that HCRE would not be able to assert its claims and/or theories regarding rescission and/or

---

[7] Bankr. Dkt. No. 3519 (Transcript).
[8] At the time, it appeared that litigation might be on the horizon in state court involving these parties and regarding business records production.

HCMLPDT000513

reformation of the SE LLC Agreement in any future litigation in any court or forum (after all, future litigation is not what a "fresh start" of bankruptcy is about). Thus, the bankruptcy court issued its Order denying withdrawal of the HCRE proof of claim on September 14, 2022 ("Order Denying Withdrawal of HCRE Proof of Claim").[9]

**Trial on the HCRE Proof of Claim.** Thereafter, the bankruptcy court held a trial on November 1, 2022, on the merits of HCRE's proof of claim and ultimately disallowed the proof of claim ("Claim Disallowance Order").[10] There was no evidence presented of any sort of mistake, mutual or otherwise, in connection with SE's LLC Agreement or any other basis for reformation or rescission of SE's LLC Agreement. Moreover, Mr. Dondero testified that he had not even read the HCRE proof of claim or conducted any due diligence regarding the HCRE proof of claim before authorizing his electronic signature to be affixed to it. HCRE did not appeal the Claim Disallowance Order.

**Highland Motion for Sanctions Against HCRE.** Highland thereafter filed a written motion for sanctions pertaining to HCRE conduct surrounding the proof of claim—seeking a bad faith finding and reimbursement of Highland's attorney's fees caused by HCRE's actions. Several months later (after, among other things, renewed attempts at global mediation of the remaining issues in the Highland bankruptcy case), the bankruptcy court granted Highland's motion for sanctions, after a contested hearing ("Order Imposing Sanctions").[11] The Order Imposing Sanctions (which shifted to HCRE approximately $825,000 of the Reorganized Debtor's attorney's fees and expenses incurred by Highland in connection with the HCRE proof of claim—which was less than the entire amount that the Reorganized Debtor had incurred regarding the HCRE proof

---

[9] Bankr. Dkt. No. 3518.
[10] Bankr. Dkt. No. 3766 & 3767.
[11] Bankr. Dkt. No. 4039.

4

HCMLPDT000514

of claim during the more than three years since it was filed)[12] is the order now subject to HCRE's Rule 60(b) Motion.

**The Rule 60(b) Motion.** HCRE argues, primarily, that the bankruptcy court made two core, related "mistakes" in connection with its Order Imposing Sanctions that it should correct pursuant to Rule 60(b)(1). First, the bankruptcy court allegedly made a "mistake" in refusing to permit HCRE to withdraw its proof of claim based on a mistaken belief by the bankruptcy court that HCRE was not willing to withdraw it with prejudice for all purposes. HCRE now stresses that it was, indeed, willing to withdraw the proof of claim with prejudice to any future litigation in any court—not just in the bankruptcy court. Second, HCRE further argues that the bankruptcy court's mistake of fact on this point caused it to erroneously require an unnecessary trial on the proof of claim—the result of which was Highland incurring/billing unnecessary fees relating to the proof of claim. The bankruptcy court then shifted those fees to HCRE in the Order Imposing Sanctions. HCRE asserts that it is incorrect as a matter of law to conclude that these fees would not have been incurred "but for" HCRE's bad faith conduct. *See Goodyear Tire & Rubber v. Haeger*, 581 U.S. 101, 108 (2017). Therefore, the bankruptcy court should not have shifted them to HCRE as part of the Order Imposing Sanctions.

The court denies the Rule 60(b) Motion. To be sure, this court does not disagree with HCRE that a mistake of fact *or* mistake of law can be grounds for granting a Rule 60(b) motion. *See Kemp v. United States*, 596 U.S. 528, 535-36 (2022). The court also does not disagree with

---

[12] Highland sought attorney's fees and expenses incurred relating to the HCRE proof of claim from the time period of August 1, 2021 through December 31, 2022. The HCRE proof of claim was filed April 8, 2020. Highland not only did not seek any reimbursement for any time and expense for the first 16 months after HCRE filed its proof of claim, but Highland ultimately did not seek (and the bankruptcy court did not allow) any fees that Highland incurred in successfully moving to disqualify HCRE's counsel in this matter, Wick Phillips (note: Wick Phillips was actually the second law firm that HCRE retained pertaining to its proof of claim; a different law firm originally filed the HCRE proof of claim (Bonds Ellis), followed by Wick Philips, and then the Hoge & Gameros, L.L.P. law firm took over, and now the law firm of Reichman Jergensen Lehman & Feldberg LLP is representing HCRE in this matter.

HCMLPDT000515

HCRE that an award of fees relating to sanctionable conduct must be limited to fees that would not have been incurred "but for" the sanctionable conduct. *Goodyear Tire*, 581 U.S. 101 at 104, 108 (the "causal link" between the sanctionable conduct and the opposing party's attorney's fees must be established through a "but-for" test; the complaining party may only recover the portion of fees that would not have been paid but-for the sanctionable conduct). However, the bankruptcy court does not believe it made a mistake of fact or of law with regard to either of these points.

First, the bankruptcy court does not believe it made a mistake of fact in interpreting what HCRE was and was not willing to do in connection with its motion to withdraw its proof of claim at the Sept. 12, 2022 Proof of Claim Withdrawal Hearing. HCRE used hedging language, to the extent that it appeared to be willfully obtuse on this point. It was not willing to withdraw the proof of claim *with prejudice to ever litigating the issues raised in the proof of claim*. It was not future conduct and future theories that HCRE was worried about preserving in future litigation, and the bankruptcy court was certainly not engaging in a mission to ban all future litigation between these parties in perpetuity. The sole concern was about *claims/theories in the HCRE proof of claim* being resurrected somewhere else in the future. The transcript of the September 12, 2022 hearing is clear that there was much discussion on this point, and the court even gave the parties a 24-hour break to go talk outside the presence of the court—to hopefully wordsmith an agreed order withdrawing the proof of claim. Apparently, the parties could not reach an agreement on this relatively simple concept. So, the court would not allow withdrawal of the HCRE proof of claim without clarity that the proof of claim issues would not be raised in future litigation somewhere. The court set a trial on the merits of the proof of claim a few weeks later, as the parties were close to being trial-ready. Moreover, a review of the September 12, 2022 Transcript reflects that the bankruptcy court focused on multiple factors in disallowing withdrawal of the HCRE proof of

HCMLPDT000516

claim—the so-called *Manchester* factors—not simply the failure of HCRE to withdraw the proof of claim with prejudice to all future litigation. *Manchester, Inc. v. Lyle (In re Manchester, Inc.)*, 2008 Bankr. LEXIS 3312, *11-12 (Bankr. N.D. Tex. Dec. 19, 2008) (the *Manchester* factors include: (1) the movant's diligence in bringing the motion to withdraw, (2) any "undue vexatiousness" on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim). In other words, there were several factors that caused the bankruptcy court to deny withdrawal of the HCRE proof of claim.

Moreover, even if the court did make a mistake of fact in interpreting what HCRE was and was not willing to do (i.e., in deciphering what "with prejudice" did or did not mean)—and, in relying on this as a basis to deny HCRE permission to withdraw its proof of claim--wouldn't this have been an error of the bankruptcy court in entering its Order Denying Withdrawal of HCRE Proof of Claim? This order—entered September 14, 2023—was not appealed. Nor was the subsequent Order Disallowing Claim. In some ways, the Rule 60(b) Motion smacks of being a collateral attack on the Order Denying Withdrawal of Proof of Claim which was never appealed. Had there been an appeal of it, it would have been apparent that it was a multi-faceted decision, based on many factors (i.e., the *Manchester* factors)—not merely the "with prejudice" issues.[13]

Which leads to the last issue—was there a mistake of law in allowing reimbursement of Highland's fees and expense incurred ***after*** the Order Denying Withdrawal of HCRE Proof of Claim? In particular, over $300,000 of fees were incurred by Highland (and shifted by the court in the Order Imposing Sanctions) associated with the preparation for and trial on the HCRE proof

---

[13] Bankr. Dkt. No. 3519 (Transcript, pp. 51-55).

HCMLPDT000517

of claim. Was this a mistake of law? Only if the bankruptcy court made a mistake in ordering that there would be a trial on the HCRE proof of claim (i.e., only if the bankruptcy court erred in entering its Order Denying Withdrawal of HCRE Proof of Claim, and, as noted above, that order was not appealed by HCRE). The court never would have ordered trial on the merits if not for HCRE's conduct (beginning with its bad faith filing of its proof of claim and including refusing to withdraw its proof of claim with prejudice to all future litigation on the issues raised in the proof of claim). Thus, Highland would not have incurred this $300,000+ in fees and expenses "but-for" HCRE's conduct.

Having considered the Rule 60(b) Motion, the Response, the Reply, and the argument of the parties, the court finds that there is no basis or justification for granting HCRE the relief requested in its Rule 60(b) Motion. Any arguments made in the Rule 60(b) Motion not herein addressed are denied.

Accordingly,

**IT IS ORDERED** that the Rule 60(b) Motion be, and hereby is, **DENIED**.

**###END OF ORDER###**

8

HCMLPDT000518

Amy L. Ruhland
Texas Bar No. 24043561
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
**HOGE & GAMEROS. L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
        wcarvell@legaltexas.com

*Attorneys for NexPoint Real Estate Partners,
LLC (f/k/a HCRE Partners, LLC)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case N. 19-34054 (SGJ) |
| Debtor. | |

## <u>NOTICE OF APPEAL</u>

NOTICE IS HEREBY GIVEN THAT, pursuant to 28 U.S.C. § 158(a) and Rules 8002 and

8003 of the Federal Rules of Bankruptcy Procedure, NexPoint Real Estate Partners, LLC (f/k/a

HCRE Partners, LLC) hereby appeals to the United States District for the Northern District of

Texas from the *Memorandum, Opinion and Order Granting Highland Capital Management,*

1

HCMLPDT000519

*L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (F/K/A HCRE Partners, LLC) in Connection With Proof of Claim # 146* [Dkt. Nos. 4038 and 4039] (the "Order"), entered by the United States Bankruptcy Court for the Northern District on March 5, 2024.  A true and correct copy of the Order is attached hereto as Exhibit A.

The parties to the appeal are as follows:

Appellant/Respondent: NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

Attorneys:
Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG
901 S. Mopac Expwy, Suite 300
Austin, TX  78746
Tel.: (737) 227-3102
Email: aruhland@reichmanjorgensen.com

Charles W. Gameros, Jr., P.C.
Douglas Wade Carvell, P.C.
HOGE & GAMEROS. L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002
Email: bgameros@legaltexas.com
wcarvell@legaltexas.com

Appellee/Movant: Highland Capital Management, L.P.

Attorneys:
Jeffery N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinofrad@pszjlaw.com

HCMLPDT000520

Dated: March 18, 2024

Respectfully Submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG

*/s/ Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
aruhland@reichmanjorgensen.com
901 S. Mopac Expwy, Suite 300
Austin, TX 78746
Tel.: (737) 227-3102

HOGE & GAMEROS. L.L.P

Charles W. Gameros, Jr., P.C.
Texas Bar No. 00796956
bgameros@legaltexas.com
Douglas Wade Carvell, P.C.
Texas Bar No. 00796316
wcarvell@legaltexas.com
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Tel.: 214-765-6002

*Attorneys for NexPoint Real Estate Partners,*
*LLC (f/k/a HCRE Partners, LLC)*

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 18, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland

3

HCMLPDT000522



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2024**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| **Reorganized Debtor** | § | |

### MEMORANDUM OPINION AND ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM # 146

### I.   INTRODUCTION

Before this court is a sanctions motion[1] filed by Highland Capital Management, L.P.

("Highland," the "Debtor," or the "Reorganized Debtor"). [2]  The motion seeks sanctions against

---

[1] *Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in connection with Proof of Claim 146* ("Sanctions Motion"). Dkt. No. 3851.

[2] Highland is a reorganized debtor under the confirmed *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). Dkt. No. 1808. *See Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("Confirmation Order"). Dkt. No. 1943.

NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("NexPoint/HCRE") for its filing, prosecution, and then abrupt attempt to withdraw a meritless proof of claim (after almost three years of protracted litigation).

NexPoint/HCRE filed the subject proof of claim, #146 on the claims register ("Proof of Claim"), on April 8, 2020.[3] The Proof of Claim was signed electronically by James D. Dondero ("Dondero") and was prepared and filed by a law firm that was representing him personally at that time.[4] The Proof of Claim was not in a liquidated amount and was somewhat ambiguous. It stated in an Exhibit A thereto, that NexPoint/HCRE, which was a limited partner, along with Highland, in a limited liability company called SE Multifamily Holdings, LLC ("SE Multifamily")—an entity which owned valuable real estate—"may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor" and added that Highland's equity interest "may be the property of Claimant. Accordingly, Claimant may have a claim against the Debtor." NexPoint/HCRE stated that it would update the Proof of Claim to provide the exact amount of it "in the next ninety days" but never did.

Highland objected to the Proof of Claim. Thereafter, NexPoint/HCRE (while still not providing any liquidated amount of its Proof of Claim) refined its position therein to argue that the organizational documents relating to SE Multifamily improperly allocated the ownership percentages of the equity members, due to mutual mistake, lack of consideration, and/or failure of consideration. NexPoint/HCRE essentially sought to reform, rescind, and/or modify the SE Multifamily limited liability company agreement (and possibly other documentation) to give Highland less ownership (or no ownership interest) in SE Multifamily and, accordingly,

---

[3] Claim No. 146.

[4] Bonds Ellis Eppich Schafer Jones LLP.

HCMLPDT000524

NexPoint/HCRE would have a larger ownership interest in SE Multifamily.  Next, there occurred years of litigation between the parties, including:  (a) a skirmish over Highland's motion to disqualify NexPoint/HCRE's newest counsel (*i.e.,* a law firm that had represented both Highland and NexPoint/HCRE in transactions involving SE Multifamily), which was ultimately granted, and (b) an eleventh-hour attempt by NexPoint/HCRE to withdraw its Proof of Claim (by its newest law firm—this one #3 regarding the Proof of Claim), on the eve of depositions of its principals, including Dondero, and just prior to a trial on the merits.  Highland objected to the withdrawal. The court held a hearing on that, as required by Bankruptcy Rule 3006.  The court declined to allow withdrawal of the Proof of Claim, when the parties could not stipulate to an agreed form of order (*i.e.,* NexPoint/HCRE was unwilling to withdraw the Proof of Claim **with prejudice** to asserting its claims again in any future litigation in any forum).

Painfully, after all this, an evidentiary hearing was held on the merits of the Proof of Claim ("Trial") on November 1, 2022.  During the Trial, Highland made an oral motion for a bad faith finding and assessment of attorneys' fees against NexPoint/HCRE in connection with its filing and prosecution of the Proof of Claim ("Oral Sanctions Motion"), which this court took under advisement, along with the consideration of the Proof of Claim as a whole.

On April 28, 2023, this court entered a 39-page memorandum opinion and order[5] sustaining Highland's objection to NexPoint/HCRE's Proof of Claim, but denying Highland's Oral Sanctions Motion, without prejudice, ***as procedurally deficient in that it was made orally and for the first time during the Trial.*** Thus, the Oral Sanctions Motion failed to provide NexPoint/HCRE sufficient notice and an opportunity to respond and, therefore, did not satisfy concerns of due process.

---

[5] *See Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* ("Proof of Claim Disallowance Order"). Dkt. No. 3767.

HCMLPDT000525

On June 16, 2023, Highland filed the instant Sanctions Motion, setting forth the legal and factual bases for the relief sought.  The Sanctions Motion specifically seeks a finding of bad faith against NexPoint/HCRE and reimbursement of Highland's attorneys' fees and costs, as a sanction for NexPoint/HCRE's filing and prosecution of the Proof of Claim.

After due notice to NexPoint/HCRE, and a hearing held January 24, 2024 on the Sanctions Motion ("Sanctions Motion Hearing"), and after consideration of the pleadings filed, evidence in the record, and arguments of counsel, the court finds, for the reasons detailed in the findings of fact and conclusions of law below,[6] that NexPoint/HCRE acted in bad faith and willfully abused the judicial process in filing, prosecuting, and then pursuing an eleventh-hour withdrawal of its Proof of Claim.  Accordingly, NexPoint/HCRE will be required, as a sanction, to reimburse Highland's attorneys' fees and costs (totaling **$825,940.55**) incurred in connection with its objection to the Proof of Claim.

## II.      JURISDICTION

This court has jurisdiction and authority to determine and enter a final order in this matter, pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (O) and 1334.[7]

## III.      BACKGROUND, PROCEDURAL HISTORY, AND FINDINGS OF FACT

### A.  *Incorporation Herein of Proof of Claim Disallowance Order*

As noted above, this court, on April 28, 2023, issued its 39-page Proof of Claim Disallowance Order, sustaining Highland's objection to NexPoint/HCRE's Proof of Claim

---

[6] To the extent that any of the findings of fact should be construed as a conclusion of law, it shall be construed as such.  To the extent that any of the conclusions of law should be construed as a finding of fact, it shall be construed as such.

[7] The Fifth Circuit recently confirmed the jurisdiction and authority of bankruptcy courts to issue sanctions orders in connection with bankruptcy cases and proceedings over which they exercise jurisdiction, because they are in the nature of *civil contempt* orders—which are considered "part of the underlying case" – "because the bankruptcy court had jurisdiction over the [ ] bankruptcy case, it had jurisdiction to enter the sanctions order, too." *Kreit v. Quinn (In re Cleveland Imaging and Surgical Hospital, L.L.C.)*, 26 F.4th 285, 294 (5th Cir. 2022) (cleaned up).

4

following the Trial on same.  The Proof of Claim Disallowance Order sets forth extensive

procedural history, findings of fact, and conclusions of law pertaining to NexPoint/HCRE's filing

and prosecution of its Proof of Claim, which Highland alleges in the instant Sanctions Motion was

conducted in bad faith.  NexPoint/HCRE did not appeal the Proof of Claim Disallowance Order.

Thus, it is a final and non-appealable order.[8]  The court hereby incorporates by reference the Proof

of Claim Disallowance Order (and all of the findings and conclusions therein), as if set forth

verbatim herein.[9]

### B.  Highland Files Sanctions Motion

On June 16, 2023, Highland filed the instant Sanctions Motion.  It was supported with a

Declaration of John A. Morris in support of the Sanctions Motion ("Morris Declaration")[10] and

431 pages of attached exhibits as set forth in the following table:

| Exhibit A | NexPoint/HCRE's Proof of Claim[11] |
|-----------|-------------------------------------|
| Exhibit B | Highland's Objection to NexPoint/HCRE's Proof of Claim[12] |
| Exhibit C | NexPoint/HCRE's Response to Objection to Claim[13] |

---

[8] The Proof of Claim Disallowance Order is one of the few bankruptcy court orders issued in this bankruptcy case that was not appealed by Dondero or a Dondero-controlled entity.  Although the court has not counted the exact number of appeals filed by Dondero and/or Dondero-controlled entities in this bankruptcy case and related proceedings, this court takes judicial notice of information contained in a vexatious litigant motion filed by Highland in the district court (before Judge Brantley Starr), reflecting that Dondero and his controlled entities have "filed over 35 total appeals." *See Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*, 12, at ¶ 24, filed on February 9, 2024. Dkt. No. 189 (NDTX Case No. 3:21-cv-00881-X).

[9] The Proof of Claim Disallowance Order was attached as Exhibit D to the Declaration of John A. Morris, Dkt. No. 3852, which was filed by Highland in connection with, and in support of, the relief requested in the Sanctions Motion.

[10] Dkt. No. 3852.

[11] Claim No. 146, filed April 8, 2020.

[12] *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Objection to Claim"), filed July 30, 2020. Dkt. No. 906.

[13] *NexPoint Real Estate Partners LLC's Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* ("Response to Objection to Claim"), filed October 19, 2020. Dkt. No. 1212.

HCMLPDT000527

| Exhibit D | Proof of Claim Disallowance Order |
|---|---|
| Exhibit E | Transcript of November 1, 2022 Trial (on NexPoint/HCRE's Proof of Claim) |
| Exhibit F | Attorneys' Fees of Pachulski Stang Ziehl & Jones LLP ("PSZJ") for the period of August 1, 2021 through December 31, 2022 incurred in connection with the litigation on the NexPoint/HCRE Proof of Claim |
| Exhibit G | Invoices for court reporting services provided in connection with depositions taken and defended during the course of the Proof of Claim litigation |
| Exhibit H | Invoice for services rendered by David Agler, who provided specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim |
| Exhibit I | Summary of Fees and Expenses Incurred by Highland in Connection with NexPoint/HCRE's Proof of Claim |

The Sanctions Motion (unlike the Oral Sanctions Motion made during the Trial) provided NexPoint/HCRE with due and appropriate notice of the legal and factual bases for Highland's request for a bad faith finding and reimbursement of attorneys' fees and costs incurred by it in litigating the Proof of Claim.  As stated in the Sanctions Motion, the legal basis for Highland's request for reimbursement of its attorneys' fees as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim is the bankruptcy court's "inherent authority under section 105 of the Bankruptcy Code to issue sanctions after making a finding of bad faith."[14]  Highland referred to specific documentary and testimonial evidence adduced during the Trial that it alleges supports a finding that NexPoint/HCRE filed and prosecuted its Proof of Claim in bad faith, and attached invoices evidencing its attorneys' fees and costs incurred as a direct result of this alleged bad faith.

---

[14] *See* Sanctions Motion, 10, ¶25.

HCMLPDT000528

Before NexPoint/HCRE filed its response to the Sanctions Motion, the matter was stayed on August 2, 2023, pending court-ordered global mediation.[15]  The mediation ultimately proved to be unsuccessful.[16]  Thereafter, NexPoint/HCRE filed its *Response to Debtor's Motion for (A) Bad Faith Finding and (B) Attorneys' Fees* ("Response")[17] on December 22, 2023. NexPoint/HCRE denies that it filed and prosecuted its Proof of Claim in bad faith and argues it should not be sanctioned at all.  It further argues that, even if the filing and prosecution of the Proof of Claim are found to have been in bad faith, the amount of the fees incurred by Highland in connection with the Proof of Claim litigation is "*per se* excessive for a single proof of claim objection"[18] and "extraordinarily high given that this dispute could have been brought to a swift close many months ago"—if only NexPoint/HCRE had been allowed to withdraw its Proof of Claim in September of 2022.[19]  Highland's has sought reimbursement of more than $800,000 in attorneys' fees and more than $16,000 in expenses, identified in Exhibits F through H (and summarized in Exhibit I) of the Morris Declaration as having been incurred by Highland in connection with its litigation of the Proof of Claim.

Highland filed its *Reply in Further Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in*

---

[15] *See Order Granting in Part and Denying in Part Motion to Stay and to Compel Mediation*. Dkt. No. 3897.  This was not the first time the bankruptcy court has ordered global mediation in the Highland case.

[16] *See Joint Notice of Mediation Report* filed on November 7, 2023. Dkt. No. 3995.

[17] Dkt. No. 3995.

[18] Response, 10, ¶34.

[19] Response, 13, ¶45. NexPoint/HCRE argues that, because it had sought to withdraw its Proof of Claim, any fees incurred by Highland after the filing of NexPoint/HCRE's motion to withdraw cannot be attributable to NexPoint/HCRE's alleged bad faith filing and prosecution of its Proof of Claim; rather, such fees were incurred by Highland as a result of Highland's decision to object to NexPoint/HCRE's withdrawal of its Proof of Claim and to proceed with the litigation, including taking depositions, and proceeding to "trial" on the merits instead of "taking a win" with NexPoint/HCRE's withdrawal of its Proof of Claim. *See* Response, 2.

HCMLPDT000529

*Connection with Proof of Claim 146*[20] on January 19, 2024, and filed an *Amended Reply in Further
Support of Its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees against NexPoint Real
Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146*
("Reply")[21] on January 23, 2024.  Highland argues that "[n]othing in the Response warrants the
denial of the [Sanctions] Motion or its requested award of attorneys' fees" and that "the record
makes clear" that NexPoint/HCRE and its principals "clearly and convincingly acted in bad faith
by (a) knowingly filing and prosecuting a baseless Proof of Claim, . . . ([b]) seeking an unfair
litigation advantage by trying to withdraw its Proof of Claim **after** taking Highland's depositions
but **before** subjecting its own witnesses to questioning, and ([c]) trying at all times to preserve for
another day the claims it asserted (*i.e.*, to "reform, rescind and/or modify the agreement")."[22]

The court held a hearing on the Sanctions Motion ("Hearing") on January 24, 2024, during
which NexPoint/HCRE was given a full opportunity to respond to Highland's allegations of bad
faith and request for sanctions.

## IV.    CONCLUSIONS OF LAW

### A.  *The Sanctions Motion Satisfies Due Process Considerations*

In invoking its inherent power to sanction bad faith conduct or a willful abuse of the judicial
process, "[a] court must exercise caution . . . , and it must comply with the mandates of due process,
both in determining that the requisite bad faith exists and in assessing fees." *In re Correra*, 589
B.R. 76, 125 (Bankr. N.D. Tex. 2018). As noted above, the court entered its Proof of Claim
Disallowance Order on April 28, 2023, in which it sustained Highland's objection to, and
disallowed, the Proof of Claim but denied, without prejudice, Highland's Oral Sanctions Motion

---

[20] Dkt. No. 4018.

[21] Dkt. No. 4023.

[22] Reply, 2, ¶2.

HCMLPDT000530

as being procedurally defective because, having been raised for the first time during Trial and not

having been made in writing, it had not given NexPoint/HCRE adequate notice and an opportunity

to respond to the specific allegations of bad faith being made against it.  The court pointed out that

it did not address or make any determination regarding the substance of Highland's requests in the

Oral Sanctions Motion for a bad faith finding and sanctions against NexPoint/HCRE, subject to

Highland's right seek a bad faith finding and sanctions against NexPoint/HCRE upon and after

giving it proper notice and an opportunity to respond:

> Here, where the Reorganized Debtor's generic oral request for a finding of bad faith
> and for "an award costs for a bad faith filing" did not articulate the legal basis for
> such an award and was raised for the first time during the Trial, HCRE was not
> given sufficient notice and an opportunity to respond, and, therefore, the court will
> deny, without prejudice, [Highland's] request for reimbursement of its costs
> incurred in connection with its objection to HCRE's Proof of Claim.

Proof of Claim Disallowance Order, 38-39 (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr.

S.D.N.Y. 2010) ("[A] person facing possible sanctions is entitled to due process. . . .  At a

minimum, the respondent is entitled to notice of the authority for the sanctions, notice of the

specific conduct or omission that forms the basis of possible sanctions and the opportunity to

respond."); *In re Magari*, 2010 WL 817327 at **2-3 (Bankr. N.D. Tex. Mar. 4, 2010) ("By

requesting the sanctions award, the Trustee has raised due process concerns that can only be

satisfied by providing to the affected party sufficient notice and opportunity to respond.")).

The court concludes that the instant Sanctions Motion and Hearing have provided

NexPoint/HCRE with the due process that was lacking in connection with the Oral Sanctions

Motion.  NexPoint/HCRE was given adequate notice of the legal authority invoked for sanctions

(the bankruptcy court's inherent powers under section 105 of the Bankruptcy Code) and

NexPoint/HCRE's specific conduct (the filing and prosecution of its Proof of Claim) that Highland

HCMLPDT000531

alleges to have been in bad faith, and NexPoint/HCRE was given adequate opportunity to respond through briefing and at the Hearing on the Sanctions Motion.

With due process concerns having been now addressed and satisfied, the court is able to address the substantive questions raised in the instant Sanctions Motion of (1) whether NexPoint/HCRE did, indeed, act in bad faith in the filing and prosecution of its Proof of Claim and (2) if so, whether an award of reimbursement of Highland's attorneys' fees and costs incurred in connection with its litigation of the Proof of Claim is an appropriate sanction for such bad faith.

### B. *NexPoint/HCRE Filed and Prosecuted its Proof of Claim in Bad Faith and Willfully Abused the Judicial Process*

A bankruptcy court may sanction a litigant for bad faith filing or litigation if the court makes specific findings, based on clear and convincing evidence, of bad faith or willful abuse of the judicial process. *See Cleveland Imaging*, 26 F.4th at 292 (A bankruptcy court may only sanction a party using its inherent authority if "(1) the bankruptcy court finds that the party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence.") (citing *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729-30 (5th Cir. 2014)). The bankruptcy court's power to sanction bad faith or willful abuse of the judicial process derives from its inherent authority under 11 U.S.C. § 105(a) to issue civil contempt orders. *Id.* at 294, 294 n.14 (quoting the "relevant part" of Bankruptcy Code section 105(a), which provides that bankruptcy courts may "sua sponte, tak[e] any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") (cleaned up).

Having reviewed the record and the evidence adduced at Trial and NexPoint/HCRE's response to the Sanctions Motion (both in its Response and at the hearing on the Sanctions Motion), the court finds and concludes that there is clear and convincing evidence here that

HCMLPDT000532

NexPoint/HCRE filed and prosecuted is Proof of Claim in bad faith and that it willfully abused the

judicial process.

1. *Dondero's Execution and Authorization of the Filing of the Proof of Claim Without First Having Read the Document or Conducting Any Due Diligence Was in Bad Faith and a Willful Abuse of the Judicial Process*

As noted in the Proof of Claim Disallowance Order, NexPoint/HCRE filed its Proof of

Claim in this Highland bankruptcy case on April 8, 2020, several months after the post-petition

"nasty breakup" between Highland and its co-founder and president and chief executive officer,

Dondero.  NexPoint/HCRE described the basis of its claim in Exhibit A attached to its Proof of

Claim:[23]

## Exhibit A

HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an entity called SE Multifamily Holdings, LLC ("SE Multifamily").  Claimant may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor.  Additionally, Claimant contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does [not] belong to the Debtor or may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor.  Claimant has requested information from the Debtor to ascertain the exact amount of its claim.  This process is on-going.  Additionally, this process has been delayed due to the outbreak of the Coronavirus.  Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.

NexPoint/HCRE was one of the many non-debtor Dondero-controlled entities affiliated

with Highland. Dondero was the president and sole manager of NexPoint/HCRE, and an individual

named Matt McGraner ("McGraner") was NexPoint/HCRE's vice president and secretary.

NexPoint/HCRE had no employees of its own but instead relied on Highland's employees (and

employees of other entities controlled by Dondero) to conduct business on its behalf.  Dondero

executed the Proof of Claim as the "person who is completing and signing this claim," checking

---

[23] Claim No. 146.

HCMLPDT000533

the box that indicates he is "the creditor's attorney or authorized agent" and acknowledging that "I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct" and that "I declare under penalty of perjury that the foregoing is true and correct."[24] The evidence overwhelmingly supports a finding that Dondero signed and authorized the filing of the Proof of Claim (that the court ultimately determined was lacking in any factual or legal support) without having even read it and without conducting any due diligence on, or investigation into, whether the statements made in the Proof of Claim were truthful and accurate, which supports a finding that Dondero's signing and filing of the Proof of Claim on behalf of NexPoint/HCRE was done in bad faith and constituted a willful abuse of the judicial process.

At Trial, Dondero testified that he had authorized his electronic signature to be affixed to the document and to be filed on behalf of NexPoint/HCRE and admitted that he had not reviewed the document before doing so.[25] He further testified that he could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed,"[26] and, more specifically, that he did not, prior to authorizing his law firm (Bonds Ellis) to affix his electronic signature on, and to file, the Proof of Claim, review or provide comments to the Proof of Claim or its Exhibit A, review the SE Multifamily Amended LLC Agreement or any documents,[27] "check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it," or do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of

---

[24] Proof of Claim, 3.

[25] Transcript of the November 1, 2022 Trial on Debtor's Objection to HCRE's Proof of Claim ("Trial Tr.")[Dkt. No. 3616] 55:2-22.

[26] Trial Tr. 56:20-23.

[27] Trial Tr. 55:10-22, 56:15-57:6.

HCMLPDT000534

HCRE."[28]   Moreover, he testified that he did not know whose idea it was to file the Proof of Claim,[29] who at NexPoint/HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, what information was given to Bonds Ellis that enabled them to formulate the Proof of Claim, or whether "Bonds Ellis ever communicated with anybody in the real estate group regarding [the Proof of Claim]."[30]

Dondero has argued that he had a good faith basis to sign and file the Proof of Claim on behalf of NexPoint/HCRE because "he had a host of responsibilities across a sprawling and sophisticated corporate structure and relied on numerous individuals within that structure to help manage the day-to-day operations of Highland and its subsidiaries and managed funds"[31] and that he "ha[d] to rely on systems and processes[,]" because "[he] can't be directly involved in everything."[32]   Dondero further testified that "[he] sign[s] a lot of high-risk documents and [has] to rely on the process and the people and internally and externally as part of the process to sign it without direct validation from or verification from me, and this [Proof of Claim] is another one of those items."[33]

Dondero's "I'm-a-very-busy-person/too-busy-to-be-bothered-to-investigate" excuse is not a defense, as a matter of law, to his bad faith and willful abuse of the judicial process in connection with the filing of the Proof of Claim.  Nor is Dondero's claimed reliance on systems and processes in connection with the execution and filing of this Proof of Claim, as a matter of fact, supported by the evidence.  The court notes that the Proof of Claim is not a complex, lengthy legal or

---

[28] Trial Tr. 57:25-58:16.

[29] Trial Tr. 57:7-9.

[30] Trial Tr. 56:1-14.

[31] Response, 7, ¶16.

[32] Trial Tr. 57:25-58:7.

[33] Trial Tr. 57:25-59:2.

HCMLPDT000535

corporate document; Exhibit A to the Proof of Claim, which set forth the basis for the claim, is only one paragraph long, yet Dondero did not even bother to read it before signing under penalty of perjury that the information contained in the Proof of Claim, including Exhibit A, was truthful and accurate.  And, Dondero's own testimony contradicts his assertion that he relied on "systems and processes" and on other people within the "sprawling and sophisticated corporate structure" and his outside counsel to ensure the accuracy of the Proof of Claim.  He had no reasonable or justifiable basis to rely on anyone or any "process" that was allegedly in place in connection with his signing of "high risk" documents, because he asked no questions, conducted no due diligence, and made no effort, whatsoever, to verify that the information that he was swearing was accurate under penalty of perjury was, in fact, truthful.

The court finds and concludes that the foregoing admissions by NexPoint/HCRE, through Dondero, provide clear and convincing evidence that ***NexPoint/HCRE filed its Proof of Claim*** in bad faith and willfully abused the judicial process.

2. *NexPoint/HCRE's Litigation Strategy and Actions in the Prosecution of Its Proof of Claim Are Further Evidence of Its Bad Faith and Willful Abuse of the Judicial Process*

Moreover, NexPoint/HCRE's ***litigation strategy and actions*** taken in the course of prosecuting its Proof of Claim over the next two and a half years, after filing it, ***provide further support for a finding that NexPoint/HCRE engaged in bad faith and willfully abused the judicial process***.

14

HCMLPDT000536

As noted in the Proof of Claim Disallowance Order, six months after Dondero signed and filed the Proof of Claim in April 2020, and in response to Highland's objection to its Proof of Claim,[34] NexPoint/HCRE fleshed-out the legal and factual bases for its claim:[35]

> After reviewing what documentation is available to [NexPoint/HCRE] with the Debtor, [NexPoint/HCRE] believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, [NexPoint/HCRE] has a claim to reform, rescind and/or modify the agreement.

> However, [NexPoint/HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

The Response was filed by a new law firm—Wick Phillips Gould & Martin, LLP ("Wick Phillips") – not the law firm of Bonds Ellis, which had handled the filing of the Proof of Claim. In the course of discovery, Highland became aware that Wick Phillips had jointly represented NexPoint/HCRE and Highland in connection with at least some of the underlying transactions that were the subject of the Proof of Claim, and, on April 14, 2021, more than a year after NexPoint/HCRE filed its Proof of Claim, Highland moved to disqualify Wick Phillips.[36] Notably, Highland's Plan had been confirmed on February 22, 2021, over the objections of Dondero and his related entities (including NexPoint/HCRE).[37] The effective date ("Effective Date") of the Plan occurred on August 11, 2021, and Highland became the Reorganized Debtor under the Plan.

---

[34] On July 30, 2020, Highland filed an objection to the allowance of the Proof of Claim, contending it had no liability under the Proof of Claim. *See Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims, (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims*, Dkt. No. 906.

[35] Response to Objection to Claim, 2-3, ¶¶ 5-6.

[36] Dkt. Nos. 2196-2198. On October 1, 2021, Highland filed a supplemental disqualification motion. Dkt. No. 2893.

[37] NexPoint/HCRE, represented by Wick Phillips, filed its *Objection to Debtor's Fifth Amended Plan of Reorganization* on January 5, 2021. Dkt. No. 1673.

HCMLPDT000537

Pursuant to the Plan, on or after the Effective Date, all or substantially all of the Debtor's assets vested in the Reorganized Debtor or the claimant trust ("Claimant Trust") created under the terms of the Plan, including Highland's 46.06% membership interest in SE Multifamily.

Meanwhile, NexPoint/HCRE vigorously fought the disqualification of Wick Phillips, filing its opposition to the disqualification motion on May 6, 2021,[38] and initiating a more than six-month period of expensive discovery and side litigation that culminated, after a lengthy hearing on the disqualification motion, with the entry by this court on December 10, 2021, of its *Order Granting in Part and Denying in Part Highland's Supplemental Motion to Disqualify Wick Phillips Gould & Martin, LLP As Counsel to HCRE Partners, LLC and for Related Relief* ("Disqualification Order"),[39] resolving the disqualification motion by, among other things, disqualifying Wick Phillips from representing NexPoint/HCRE in the contested matter concerning the Proof of Claim, but specifically denying Highland's request that NexPoint/HCRE reimburse it all costs and fees incurred in making and prosecuting the disqualification motion.[40]

In the instant Sanctions Motion, Highland acknowledged that the court denied Highland's specific request for sanctions of reimbursement of Highland's costs and fees in making the Disqualification Motion in its December 2021 Disqualification Order.[41]  The court notes that the denial was not "with prejudice"[42] to Highland's right to bring a sanctions motion in the future in connection with allegations that NexPoint/HCRE's filing and prosecution of its Proof of Claim, including its vigorous defense of the Disqualification Motion.  Notably, while Highland includes

---

[38] Dkt. Nos. 2278 and 2279.

[39] Dkt. No. 3106.

[40] Disqualification Order, 4.

[41] *See* Sanctions Motion, 4, ¶8.

[42] The Disqualification Order stated, in relevant part, "Highland's request that HCRE reimburse it all costs and fees incurred in making and prosecuting the Motion, including reasonable attorneys' fees, is **DENIED**."

HCMLPDT000538

a reference in the instant Sanctions Motion to the lengthy and expensive proceedings on the Disqualification Motion in its recitation of evidence in the record that supports Highland's allegations that NexPoint/HCRE engaged in bad faith conduct in the filing and prosecution of its Proof of Claim, it did *not* include them as part of the fees and costs for which Highland is seeking to be reimbursed by NexPoint/HCRE as a sanction for NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.[43]

In any event, following the disqualification of Wick Phillips, NexPoint/HCRE hired yet a third law firm, Hoge & Gameros, LLP, in connection with this matter, and the parties engaged in a second round of extensive discovery, which included the exchange of written discovery and document production and the service of various deposition notices and subpoenas. On August 12, 2022, just two business days after NexPoint/HCRE completed the depositions of Highland's witnesses, and a day after NexPoint/HCRE made a supplemental production of more than 4,000 pages of documentation, and two business days before the consensually scheduled depositions of NexPoint/HCRE's witnesses, Dondero and McGraner, were set to occur, NexPoint/HCRE filed a motion to withdraw its Proof of Claim ("<u>Motion to Withdraw</u>").[44] By this point, Highland had spent hundreds of thousands of dollars objecting to the Proof of Claim.

Query why might NexPoint/HCRE have done this? Just six months earlier, Dondero's family trust, The Dugaboy Investment Trust, had represented to the bankruptcy court that

---

[43] *See* Morris Declaration, 3-4, at ¶11 (Referencing the court's denial in its Disqualification Order of Highland's previous request for attorneys' fees incurred in connection with the Disqualification Motion, Morris stated "[W]e reviewed the PSZJ Invoices and redacted all entries relating to the Disqualification Motion; thus, for the avoidance of doubt, Highland does not seek any fee award with respect to any work done in connection with the Disqualification Motion.").

[44] *See Motion to Withdraw Proof of Claim* [Dkt. No. 3442].

HCMLPDT000539

Highland's 46.06% interest in SE Multifamily was worth $20 million,[45] and now, NexPoint/HCRE (which presumably also spent substantial sums prosecuting its Proof of Claim during the nearly two and a half years of litigation) appeared willing to walk away from its multi-million dollar challenge to Highland's 46.06% interest in SE Multifamily.    Highland objected to NexPoint/HCRE's Motion to Withdraw, and the court held a hearing on September 12, 2022 (as required by Bankruptcy Rule 3006), following which the court entered an order denying NexPoint/HCRE's Motion to Withdraw, for the reasons set forth on the record,[46] and directing the parties to "confer in good faith to complete the depositions" of Dondero, McGraner, and NexPoint/HCRE and otherwise comply with the scheduling order that had been entered by the court on this matter, which included appearing for an evidentiary hearing on November 1, 2022.[47] The court denied NexPoint/HCRE's Motion to Withdraw, in part, because it was concerned that the timing of it all–just two business days **after** completing Highland's depositions but two business days **before** the consensually-scheduled depositions of NexPoint/HCRE's witnesses were to take place—reflected gamesmanship on the part of NexPoint/HCRE (*i.e.,* NexPoint/HCRE prosecuted its Proof of Claim for two and a half years, through and including the taking of depositions of Highland's witness, while shielding its own witnesses from testifying).  The court was also concerned by NexPoint/HCRE's repeated attempts to preserve its claims against Highland for use against Highland in the future.  In fact, the court entered its order denying NexPoint/HCRE's Motion to Withdraw only after: (1) NexPoint/HCRE refused to agree, at the

---

[45] *See Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382]. As pointed out by Highland in its Response, "[t]here is no dispute that HCRE is the manager of SE Multifamily and therefore—through Mr. Dondero—would be best positioned to opine on the value of Highland's interest in SE Multifamily." Response, 9, at ¶27 n. 4.

[46] The court noted in its order denying HCRE's Motion to Withdraw that, under the Bankruptcy Rules, a creditor does not have an absolute right to withdraw a proof of claim.

[47] Dkt. No. 3525.

HCMLPDT000540

September 12 hearing, to language in an order allowing withdrawal of the Proof of Claim that stated, unequivocally, that NexPoint/HCRE waived the right to relitigate or challenge the issue of Highland's 46.06% ownership interest in SE Multifamily, and (2) counsel were thereafter unable, in the day or two after the hearing, to work out mutually acceptable language in an agreed order that protected both parties.[48]   As noted in its order denying NexPoint/HCRE's Motion to Withdraw, the court had expressed concerns, during the hearing on the Motion to Withdraw, relating to the integrity of the bankruptcy system and claims process if it allowed NexPoint/HCRE to withdraw its Proof of Claim after two and a half years of litigation, and having caused Highland to spend hundreds of thousands of dollars litigating the Proof of Claim, while at the same time allowing NexPoint/HCRE to preserve its challenges to Highland's ownership interest in SE Multifamily to be used against Highland in the future.   The court did not, at the time, make any express findings regarding NexPoint/HCRE's bad faith or abuse of the judicial process, only because Highland's mid-hearing Oral Sanctions Motion had not provided NexPoint/HCRE with adequate notice and an opportunity to respond.[49]   With the instant Sanctions Motion, those due process concerns have been satisfied.

Having considered the evidence and argument of counsel at both the Trial on NexPoint/HCRE's Proof of Claim and the hearing on the Sanctions Motion, and the pleadings filed in connection with the Sanctions Motion, including NexPoint/HCRE's written Response, and based on the record as a whole, the court expressly finds and concludes that NexPoint/HCRE's

---

[48] At the end of the September 12 hearing, the court had expressed concerns about gamesmanship, but, at the same time, assured the parties that it was still open to signing an agreed order regarding withdrawal of the Proof of Claim, if counsel could work out mutually acceptable language that protected both parties "without the pressure of the Court hovering over you." *See* Transcript of Hearing on Motion to Withdraw, Dkt. No. 3519, 50:14-59:14. Apparently, counsel were unable to reach an agreement on the terms of an agreed order, and so the court signed the order at docket number 3525, denying NexPoint/HCRE's Motion to Withdraw.

[49] As noted below, NexPoint/HCRE persisted to the end in arguing that the disallowance of its Proof of Claim could not bar NexPoint/HCRE from making future challenges to Highland's 46.06% membership interest in SE Multifamily.

HCMLPDT000541

***litigation strategy and actions*** in prosecution of its Proof of Claim (including vigorous opposition to the Disqualification Motion, the timing of the Motion to Withdraw, and its repeated and overt attempts to preserve the very claims upon which its Proof of Claim was based in connection with the Motion to Withdraw) demonstrates bad faith and a willful abuse of the judicial process on the part of NexPoint/HCRE.

### 3. NexPoint/HCRE's Admissions at Trial Are Further Evidence of its Bad Faith Filing and Willful Abuse of the Judicial Process

Following the denial of NexPoint/HCRE's Motion to Withdraw, the parties complied with the court's order to schedule the depositions of Dondero and McGraner at mutually agreeable times to complete discovery and then appeared at Trial on November 1, 2022. At the conclusion of the Trial, NexPoint/HCRE doubled-down on its request of the court "to grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[50] This was despite admissions by Dondero and McGraner in their Trial testimony that made it clear that NexPoint/HCRE did not, and never did, have a factual or legal basis for its request. Nevertheless, NexPoint/HCRE continued to the end to try to limit any order disallowing its Proof of Claim so as to preserve its right to assert the very claims asserted in its Proof of Claim (for rescission, reformation and/or modification of the SE Multifamily Amended LLC Agreement to reallocate the membership percentages) for use in the future.[51]

The Trial testimony of Dondero and McGraner revealed that NexPoint/HCRE had no factual basis to claim that a mistake was made by any of the parties, much less a mutual mistake

---

[50] Trial Tr. 179:23-25; 180:8-9.

[51] Trial Tr. 179:21-24 ("They want you to make findings that we can't raise any of these other issues, rescissions, stays, et cetera, going forward. That's not proper relief on a proof of claim."); 200:8-12 ("If Your Honor's going to deny the proof of claim, I would ask that you simply deny the proof of claim. We don't have an adversary proceeding here. There wasn't one started. Mr. Morris considered that and then didn't follow that path, because all we have here today is a proof of claim.").

HCMLPDT000542

of the parties, regarding the allocation of ownership percentages in SE Multifamily in corporate documentation,[52] and, in fact, "the evidence overwhelmingly point[ed] to the conclusion that both Mr. Dondero and Mr. McGraner understood that the allocation of 46.06% membership interest to Highland, and a total capital contribution by Highland of $49,000 in the Amended LLC Agreement, reflected the intent of the parties prior to, and at the time of, the execution of the Amended LLC Agreement."[53] The court specifically noted in the Proof of Claim Disallowance Order that Dondero admitted that he had not read or reviewed the Amended LLC Agreement or any drafts of it before he signed it—apparently the Amended LLC Agreement was one of those important, high-risk documents that Dondero was too busy to read or investigate before signing (like the Proof of Claim)—but he nevertheless testified that "the capital contributions and membership allocations contained in Schedule A of the Amended LLC Agreement comported with his understanding and intent when he signed the Amended LLC Agreement on behalf of HCRE and Highland."[54]  NexPoint/HCRE was also unable to produce any evidence at Trial to support its factual allegation that there was a "lack of consideration" or a "failure of consideration" with respect to the Amended LLC Agreement, such that NexPoint/HCRE would be entitled to a

---

[52] The court concluded, specifically, that

> HCRE did not produce any evidence, much less clear and convincing evidence, that the parties to the Amended LLC Agreement – HCRE, Highland, BH Equities, and Liberty – had come to a specific and understanding, prior to the execution of the Amended LLC Agreement in March 2019, that the allocation of percentage membership interests in SE Multifamily was different from the percentage allocations contained in the Amended LLC Agreement.  When asked on cross-examination, Mr. McGraner, HCRE's officer and co-owner who was most involved in the negotiations of the terms of the Amended LLC Agreement, was unable to identify any specific mistake made in the drafting of the Amended LLC Agreement.  Neither he nor NexPoint/HCRE's other witness, Mr. Dondero, were able to point to a specific meeting of the minds of the members of SE Multifamily prior to (or after, for that matter) the execution of the Amended LLC Agreement that the parties intended Highland's allocation of SE Multifamily membership interests to be any percentage other than the 46.06% allocation attributed to Highland in the written Amended LLC Agreement.

Proof of Claim Disallowance Order, 30.

[53] *Id.*, 30-31.

[54] *Id.*, 31 n. 119.

HCMLPDT000543

reformation,[55] rescission,[56] or modification of it, to re-allocate the ownership percentages that the

parties agreed to at the time of the execution of it.[57]

In fact, McGraner ultimately admitted in his Trial testimony that the only reason

NexPoint/HCRE had for filing its Proof of Claim, which challenged Highland's title to its 46.06%

membership interest in SE Multifamily, was, essentially, ***that NexPoint/HCRE was frustrated***

***with the consequences of Dondero's decision in 2019 to seek bankruptcy protection for***

***Highland (notably, the bankruptcy case was filed just a few months after the Amended LLC***

***Agreement was executed), which resulted in Dondero losing control over Highland***, such that,

as far as NexPoint/HCRE was concerned, its "partner" [in SE Multifamily] was no longer its

"partner."  The court noted in the Proof of Claim Disallowance Order that McGraner

> could not point to any provision of the Amended LLC Agreement that was either
> "wrong" or a "mistake;" rather, he testified that the "mistake" was "when the
> bankruptcy was filed and we can't amend it" because "[o]ur partners aren't our
> partners" – "if you have good partners and you're working with partners that are –

---

[55] After noting that "neither lack of consideration nor failure of consideration are bases for reformation of a contract under Delaware law (which is what NexPoint/HCRE is seeking in its Proof of Claim)," the court concluded that "HCRE is not entitled to reformation of the Amended LLC Agreement to reallocate the members' membership interests as requested based on its allegations of lack of consideration and/or failure of consideration." Proof of Claim Disallowance Order, 32 n. 120.

[56] The court noted in the Proof of Claim Disallowance Order that NexPoint/HCRE had not actually stated a claim for rescission of the Amended LLC Agreement with respect to its Proof of Claim, but that, if it had,

> Mr. Dondero's admission that he did not read the Amended LLC Agreement (or even have the terms explained to him by counsel or anyone else) prior to signing it on behalf of HCRE and Highland would bar any claim by HCRE for rescission of the Amended LLC Agreement.  Moreover, even if HCRE's claim for rescission was not barred by Mr. Dondero's failure to read the Amended LLC Agreement prior to signing it, HCRE did not present any evidence of the other elements of a rescission claim:  that the parties were mistaken as to a basic assumption on which the Amended LLC Agreement was made and that the mistake had a material effect on the agreed-upon exchange of performances.

Proof of Claim Disallowance Order, 33-34.

[57] *See* Proof of Claim Disallowance Order, 32-33 n. 120 (where the court found that "HCRE has not shown that there was a lack or failure of consideration on behalf of Highland in connection with the Amended LLC Agreement. . . . Under Delaware law, the courts 'limit [their] inquiry into consideration to its existence and not whether it is fair or adequate,' . . . . '[E]ven if the consideration exchanged is grossly unequal or of dubious value, the parties to a contract are free to make their bargain.' (citations omitted). Here, it is undisputed that Highland made a cash capital contribution of $49,000, that Highland was a jointly and severally liable coborrower under the KeyBank Loan, and that SE Multifamily (and HCRE), having no employees of their own, relied on Highland's employees to conduct business.  Thus, HCRE's claim, to the extent it is based on alleged lack and/or failure of consideration fails.").

HCMLPDT000544

that are known to you, then you make amendments to reflect the contributions of those partners, whether monetary or otherwise . . . [a]nd my understanding is I can't do that right now."[58]

McGraner testified that "despite Mr. Dondero being in control of both HCRE and Highland prior to the bankruptcy filing, and despite 'all of the fears [he] had [related to Highland's bankruptcy filing],' HCRE made no effort to amend the agreement before the bankruptcy or post-bankruptcy (because 'we didn't think it would be worth it')[ ][59] [and] 'because [it] hoped that the issues that caused the bankruptcy filing would resolve themselves.'"[60] This is not a good-faith basis for filing and prosecuting the Proof of Claim, and it exhibits a willful abuse of the bankruptcy claims process by NexPoint/HCRE.

In summary, the admissions by Dondero and McGraner in their Trial testimony made clear that NexPoint/HCRE never had a factual or legal basis for the Proof of Claim. NexPoint/HCRE's principals knew, at the time of filing and through its prosecution of the Proof of Claim, that there was no factual basis for its claim of rescission, reformation, and/or modification of the Amended LLC Agreement to dispossess Highland of some or all of its 46.06% membership interest in SE Multifamily. This clearly and convincingly constitutes bad faith by NexPoint/HCRE and a willful abuse of the judicial process.

### C. Reimbursement of Attorneys' Fees and Costs Incurred by Highland in the Proof of Claim Litigation Is an Appropriate Sanction for NexPoint/HCRE's Bad Faith

Having found and concluded by clear and convincing evidence that NexPoint/HCRE filed and prosecuted (and attempted withdrawal of) its Proof of Claim in bad faith and willfully abused the judicial process, this court may use its inherent powers under Bankruptcy Code section 105(a)

---

[58] Proof of Claim Disallowance Order, 27 (citing Trial Tr. 114:24-115:16, 118:6-15).

[59] *Id.* (citing Trial Tr. 121:24-122:9).

[60] *Id.* at 28 (citing Trial Tr. 122:20-125:21).

HCMLPDT000545

to sanction it for such conduct.  Reimbursement of the opposing party's fees and costs incurred in responding to a bad faith filing or willful abuse of the judicial process has been upheld as an appropriate form of sanctions. *See Cleveland Imaging*, 26 F.4th at 294 (upholding the bankruptcy court's sanction order that required the parties who were found to have filed bankruptcy petitions in bad faith to reimburse the fees incurred by a post-confirmation litigation trust in responding to the bad faith filing); *Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (bankruptcy court did not abuse its discretion in ordering the debtors to "pay $49,432, which represents the amount of attorneys' fees incurred by [the bankruptcy trustee] in responding to certain instances of the [debtors'] bad faith conduct.");  *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's use of its inherent powers to issue monetary sanctions for bad faith filing that were, in part, based upon the opposing parties' attorneys' fees and costs "following an extensive hearing in which the bankruptcy court heard testimony from the parties and witnesses and made certain credibility determinations," and "made specific findings that Appellants acted in bad faith."); *In re Paige*, 365 B.R. 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys' fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*, 576 B.R. 84, 93 (S.D. Tex. 2017) (same).  Any sanction imposed pursuant to a bankruptcy court's inherent powers for bad faith conduct or willful abuse of the judicial process "must be compensatory rather than punitive in nature." *In re Lopez*, 576 B.R. at 93 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)).  "[A] sanction counts as compensatory only if it is 'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based[,]" and "[a] fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber*, 581 U.S.

HCMLPDT000546

at 108 (quoting *Bagwell*, 512 U.S. at 834).  The fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. at 104).  The "'causal link' between the sanctionable conduct and the opposing party's attorney's fees" must be established "through a 'but-for test:' to wit, the complaining party may only recover the portion of fees that they would not have paid 'but-for' the sanctionable conduct." *Id.* (citing *Goodyear Tire & Rubber*, 581 U.S. at 108-109 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, as earlier noted, Highland has requested, as a sanction, reimbursement of its attorneys' fees and costs incurred by it in responding to NexPoint/HCRE's filing and prosecution of its Proof of Claim.  Specifically, Highland seeks reimbursement of an aggregate amount of **$825,940.55**, consisting of

- **$782,476.50** in attorneys' fees charged by its primary bankruptcy counsel, PSZJ, for the period August 1, 2021 through December 31, 2022, for work performed in connection with the litigation of the Proof of Claim;[61]

- **$16,164.05** in third-party expenses for court reporting services provided in connection with the Proof of Claim litigation;[62] and,

---

[61] *See* Morris Declaration, 3-4, at ¶¶ 8-13, and Ex. F. As stated in the Morris Declaration, the $782,476.50 amount does not include any fees relating to the Disqualification Motion or any fees that PSZJ concluded were inadvertently coded by a timekeeper to the NexPoint/HCRE Claim Objection category "or that were otherwise unrelated to services rendered in connection with the Proof of Claim litigation." *Id.*, 3-4, at ¶¶ 11 and 12. By way of specific example, Morris stated that "in 2022 and 2023 we charged Highland for services rendered in connection with our unsuccessful attempts to obtain SE Multifamily's books and records but excluded those charges here because they do not directly relate to the litigation of HCRE's Proof of Claim; Highland is seeking those fees in the Delaware Chancery Court where Highland was forced to commence an action against HCRE for specific performance (Case No. 2023-0493-LM))." *Id.*, 4, at ¶ 12.

[62] *See id.*, 4, at ¶ 14, and Ex. G.

HCMLPDT000547

- **$27,300.00** in attorneys' fees charged by David Agler for providing Highland with specialized tax advice concerning SE Multifamily and other matters related to the Proof of Claim.[63]

NexPoint/HCRE challenges Highland's request for reimbursement of its fees on several bases. ***First***, it argues that it cannot be ordered to reimburse the fees and expenses incurred by Highland ***after*** NexPoint/HCRE attempted to withdraw its Proof of Claim because they do not satisfy the "but for" test for establishing a "causal link" between those fees and costs and NexPoint/HCRE's filing and pursuit of its Proof of Claim—that Highland cannot show that "but for" NexPoint/HCRE's filing and prosecution of its Proof of Claim, Highland would not have incurred those fees and costs. NexPoint/HCRE urges the court to adopt its narrative of the proceedings that "instead of taking a win, [Highland] and its lawyers chose to generate fees to get the same result" and thus Highland's attorneys' efforts were "totally unnecessary" and a "waste of time and resources" that was "the fault of [Highland], not [NexPoint/HCRE]."[64] NexPoint/HCRE states in its Response that "[h]ere, ***it is undisputed*** that, had [Highland] agreed to the withdrawal of the Proof of Claim many months ago – before engaging in costly additional discovery and preparing for and attending a trial on the merits of the claim – [Highland] would have been exactly in the same position that it is in now, but at far less expense" and further that "[t]he real, practical difference between refusing to consent to the withdrawal of [NexPoint/HCRE]'s Proof of Claim and instead prosecuting the Objection to its end is several hundred thousand dollars in attorneys' fees" and, thus, "[t]he Motion abjectly fails any 'but–for' analysis."[65]

---

[63] *See id.*, 4-5, at ¶¶ 15 and 16, and Ex. H. A summary of the aggregate fees and expenses of which Highland is seeking reimbursement in the Sanctions Motion is attached as Exhibit I to the Morris Declaration. *See id.*, 5, at ¶ 17, and Ex. I.

[64] Response, 2.

[65] Response, 20, at ¶60 (emphasis added).

HCMLPDT000548

The court disagrees with NexPoint/HCRE's "narrative" and its view of the evidence established at Trial.  Highland *does* dispute NexPoint/HCRE's contention that, if only it had allowed it to withdraw its Proof of Claim and accepted a "win," that Highland would have been "exactly in the same position that it is in now [after a Trial and ruling on the merits of the Proof of Claim], but at far less expense."  The court does as well.  As Highland has argued, NexPoint/HCRE's Motion to Withdraw was itself filed in bad faith.  Highland was forced to oppose the withdrawal of the Proof of Claim because NexPoint/HCRE would not agree to a withdrawal, with prejudice, to NexPoint/HCRE's right to challenge Highland's title to its 46.06% membership interest in SE Multifamily in the future.[66]  The evidence clearly and convincingly established that any "win" or "victory" that Highland would have obtained through the withdrawal of the Proof of Claim[67]

> would have been pyrrhic because ***HCRE—in a clear act of bad faith—tried to withdraw its Proof of Claim while preserving the substance of it claims for another day***. Had HCRE's duplicitous strategy been successful, Highland's interest in SE Multifamily would have remained subject to challenge—an untenable result for anyone, let alone a post-confirmation entity seeking to implement a court-approved asset monetization plan.

The court finds and concludes, as argued by Highland, that there is clear and convincing evidence here that the fees and costs incurred by it, after NexPoint/HCRE sought to withdraw its Proof of Claim (*i.e.,* to prepare for the Trial and prosecute its objection to the Proof of Claim through a trial and ruling on the merits), would not have been incurred "but for" NexPoint/HCRE's bad faith.  As pointed out by Highland and as noted above,[68] the court did not enter the Proof of Claim Disallowance Order in December 2022 in a vacuum.  Rather, the court denied

---

[66] *See supra* note 45 and accompanying text.

[67] Response, 5, at ¶18.

[68] *See supra* at pages 16-17.

HCMLPDT000549

NexPoint/HCRE's Motion to Withdraw only ***after:*** (1) the court had expressed concerns that the timing and context of its filing of its Motion to Withdraw suggested gamesmanship on its part, and that the integrity of the bankruptcy system and claims process would be in jeopardy if the court were to simply allow withdrawal, without protecting Highland from future challenges to its membership interest in SE Multifamily (particularly, after Highland had spent hundreds of thousands of dollars to that point in objecting to the Proof of Claim); and (2) NexPoint/HCRE refused to agree to language in an order that would alleviate these expressed concerns.  The court—having now made an express finding that NexPoint/HCRE's filing of its Motion to Withdraw was in bad faith and part of its willful abuse of the bankruptcy claims process that began with the filing of its Proof of Claim in April 2020—now expressly finds that the fees and costs incurred by Highland after NexPoint/HCRE filed its Motion to Withdraw were necessary for Highland to protect its interests and would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

***Second***, NexPoint/HCRE objects to Highland's fees ($809,776.50) and expenses ($16,164.05) as being "*per se* excessive for a single proof of claim objection."[69]  Highland argues that "[s]pending less than 5% of the value of an asset (according to Mr. Dondero's family trust) to obtain good, clear title is economically rational and consistent with the Claimant Trust's duty to maximize value for the benefit of the Claimant Trust's beneficiaries."  Per the Morris Declaration, Highland only seeks reimbursement of expenses and fees charged to Highland for expenses incurred and work performed in litigating the Proof of Claim (but—as noted earlier—specifically excluding any fees charged relating to the Disqualification Motion).  The court agrees with Highland and finds that the fees and expenses incurred by it in objecting to the Proof of Claim,

---

[69] Response, 10, ¶34.

HCMLPDT000550

including the fees incurred **after** NexPoint/HCRE sought to withdraw its Proof of Claim, were reasonable and necessary for Highland to protect a valuable asset—it's 46.06% interest in SE Multifamily—and, thus, they are not excessive.

**Third**, NexPoint/HCRE complains, in its Response, that the fees charged by PSZJ were unreasonable and excessive because the PSZJ invoices show that it was seeking reimbursement for fees charged by "layers of timekeepers whose identities and roles have not been disclosed."[70] NexPoint/HCRE points out three professionals (two of whom billed one hour or less) who were identified in PSZJ's invoices only by their initials.[71]   In its Reply, Highland identified the timekeepers by name—as a litigator who billed one hour of time; a bankruptcy attorney who billed 0.6 hours of time; and a bankruptcy partner who billed 15.1 hours of time—all of whom were "called upon to provide discrete support."[72]   Collectively, the three previously "unidentified" attorneys charged just 0.023% of the total fee request.[73]   PSZJ's identification of the "unidentified timekeepers" and explanation of the work performed by them satisfies the court that these fees were reasonable and necessary fees incurred as a direct result of NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.   The court rejects NexPoint/HCRE's suggestion that PSZJ overstaffed and overbilled the file because there were "layers of timekeepers."   As pointed out in Highland's Reply, "over 82% of the charges related to one litigation partner . . . , one litigation associate . . . , and one paralegal" and "[t]wo other lawyers who have been on the Pachulski team since the inception of this engagement . . . billed relatively modest amounts of time over the course

---

[70] *Id.*, 13, ¶45.

[71] *Id.*, 12, ¶38.

[72] Reply, 9, ¶28.

[73] *Id.*

HCMLPDT000551

of this prolonged litigation."[74] There is simply no factual basis to support a conclusion that the matter was overstaffed.

**Fourth**, NexPoint/HCRE objects to $9,840 charged by two attorneys for travel time,[75] while acknowledging that those attorneys' non-working travel time was billed at half of the attorneys' regular hourly rate.[76] As pointed out by Highland in its Reply, Highland agreed to pay for travel time in its pre-petition engagement letter, so those "charges cannot come as a surprise to Mr. Dondero."[77] The court takes judicial notice of the fact that attorneys charging half of their hourly rates for non-working travel time, as PSZJ did here, pursuant to its engagement letter with Highland that was approved when the court authorized the retention of PSZJ as counsel for the Debtor, is common practice and is a commonly approved term of engagement of professionals in bankruptcy cases. The $9,840 charged by two attorneys for travel time in this matter was a reasonable and necessary expense incurred by Highland in responding to NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim.

**Fifth**, and finally, NexPoint/HCRE objects to the fees charged by David Agler (39 hours of work performed at $700 per hour) for providing Highland with tax advice in August 2022, on the basis that the invoice attached as Exhibit H to the Morris Declaration "indicated that it was 'unbilled' work" and that "[w]hatever work he did, it did not manifest itself in the proceedings."[78] Highland pointed out that it **had** explained, in the Morris Declaration, that Mr. Agler provided "specialized tax advice concerning SE Multifamily and other matters related to the Proof of

---

[74] *Id.*, 9, ¶28 n. 5.

[75] Response, 12, ¶37.

[76] *Id.*, 11, ¶36 (Table 1).

[77] Reply, 9-10, ¶29.

[78] Response, 12, ¶42.

HCMLPDT000552

Claim."[79]  Highland provided a more detailed description of the services provided by Mr. Agler and why those services were necessary in its Reply:  "Mr. Agler provided his services in August 2022 in conjunction with Highlands's deposition preparation, including the deposition of SE Multifamily's accountant. These services were necessary because—as Mr. Dondero and Mr. McGraner admitted and as the evidence showed—Highland's participation in SE Multifamily was expected to provide substantial tax benefits."[80]  The court finds that the fees charged by David Agler for work performed for Highland that are set forth in Exhibit H to the Morris Declaration were reasonable and necessary expenses incurred by Highland in responding to HCRE's bad faith conduct and that they would not have been incurred "but for" NexPoint/HCRE's bad faith conduct and willful abuse of the judicial process.

The court has determined that the full amount of fees – $809,776.50 – and costs – $16,164.05 – that are set forth in detail in Exhibits F through H (and summarized on Exhibit I) of the Morris Declaration were reasonable and necessary for Highland to respond to, and would not have been incurred "but for," NexPoint/HCRE's bad faith filing and prosecution of its Proof of Claim, which the court has found to have been a willful abuse by NexPoit/HCRE of the judicial process.  Under Fifth Circuit precedent, it is appropriate for the court, in the use of its inherent power under Bankruptcy Code § 105(a), to order NexPoint/HCRE, as a compensatory sanction for its bad faith conduct and willful abuse of the judicial process, to reimburse Highland the full amount of fees and costs requested by Highland, which, in the aggregate, total $825,940.55. NexPoint/HCRE's objections to such amounts as excessive, unnecessary, unreasonable, or unrelated to NexPoint/HCRE's bad faith conduct, are overruled.

---

[79] Reply, 10, ¶30 (citing Morris Declaration, ¶15).

[80] *See id.* (citing Morris Declaration, Ex. [E] (Trial Transcript) 43:2-14; 83:17-84:2; 191:23-193:21 (citing to testimony and tax returns that were admitted into evidence)).

HCMLPDT000553

## V.    CONCLUSION AND ORDER

In summary, the court has determined that NexPoint/HCRE was given adequate notice and an opportunity to respond to the Sanctions Motion and that there is clear and convincing evidence that it filed and prosecuted its Proof of Claim, including its eleventh-hour attempt to withdraw its Proof of Claim, in bad faith and that it willfully abused the judicial process.  Such conduct directly caused Highland to incur $825,940.55 in fees and expenses.  In the exercise of its inherent power under Bankruptcy Code § 105(a), the court will grant Highland's Sanctions Motion and order NexPoint/HCRE to reimburse Highland for those fees and expenses as an appropriate sanction for NexPoint/HCRE's bad faith or willful abuse of the judicial process.

Accordingly, and based on the foregoing findings of fact and conclusions of law, including those findings and conclusions in this court's Proof of Claim Disallowance Order, which has been incorporated herein by reference,

**IT IS ORDERED** that the Sanctions Motion [Dkt. No. 3851] be, and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that, in order to compensate Highland for loss and expense resulting from NexPoint/HCRE's bad faith and willful abuse of the judicial process, in filing and prosecuting its Proof of Claim, NexPoint/HCRE is hereby directed to pay Highland the compensatory sum of **$825,940.55**.

### ###End of Memorandum Opinion and Order###

HCMLPDT000554



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 21, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Case No. 19-34054-sgj-11** |
| Reorganized Debtor. | § | |

## ORDER DENYING MOTION OF NEXPOINT REAL ESTATE PARTNERS, LLC (F/K/A HCRE PARTNERS, LLC) SEEKING RELIEF FROM ORDER PURSUANT TO FED. R. OF BANKR. P. 9024 AND FED. R. CIV. P. 60(b)(1) & (6)

On March 18, 2024, NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)

("HCRE") filed its *Motion for Relief from Order* (hereinafter, the "Rule 60(b) Motion"),[1] seeking

reconsideration of and relief from this court's *Memorandum Opinion and Order Granting*

*Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees*

*against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in connection with Proof*

---

[1] Bankr. Dkt. No. 4040.

1

HCMLPDT000555

*of Claim # 146* ("HCRE Sanctions Order").[2]   The parties stipulated to a briefing schedule and that

the parties would seek a setting for a hearing ("Hearing") on the Rule 60(b) Motion.  On April 22,

2024, Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor") filed its

response ("Response") in opposition to the Rule 60(b) Motion,[3] and HCRE filed its reply

("Reply") thereto on May 1, 2024.[4]  The parties presented oral argument at the Hearing that was

held on May 16, 2024.

**HCRE and its Proof of Claim.**  By way of background, HCRE is an entity whose sole

manager is James D. Dondero, the former Chief Executive Officer of the Reorganized Debtor.

HCRE and Highland were essentially friendly business partners prepetition—not terribly

surprising, as they each had the same chief executive.  In any event, HCRE and Highland were

equity owners/members of a limited liability company named SE Multifamily Holdings, LLC

("SE").[5]  SE owned valuable real estate.  SE was only formed in March 2019 and was governed

by an amended LLC Agreement ("SE's LLC Agreement").  After Highland filed Chapter 11 in

October 2019, and later became managed by three new independent directors and a new CRO and

then new CEO, James Seery, Highland and HCRE were no longer amicable business partners.   In

fact, HCRE filed a proof of claim in Highland's bankruptcy case (on April 8, 2020), for an

unliquidated sum, which was electronically signed by Mr. Dondero.  The proof of claim asserted

that HCRE had a claim against Highland to reduce Highland's equity ownership and rights in SE

and, further, that it had grounds to reform, rescind, or modify SE's LLC Agreement based on a

mutual mistake.[6]  Two years and four months after HCRE filed the proof of claim, on August 12,

---

[2] Bankr. Dkt. Nos. 4038 & 4039.
[3] Bankr. Dkt. No. 4052.
[4] Bankr. Dkt. No. 4055.
[5] Note that there was also an unrelated minority owner (6%) in SE called BH Equities, LLC.
[6] Claim No. 146 & Bankr. Dkt. No. 1212.

2

HCMLPDT000556

2022, and after significant discovery and litigation regarding the proof of claim, HCRE moved to withdraw the proof of claim.

**HCRE's Motion to Withdraw its Proof of Claim.**  There's a rule for withdrawing a proof of claim:  Fed. R. Bankr. P. 3006.  The bankruptcy court set a hearing, on September 12, 2022, as required by this rule, on HCRE's motion to withdraw the proof of claim ("Sept. 12, 2022 Proof of Claim Withdrawal Hearing").[7]  After extensive discussion on the record, the bankruptcy court denied HCRE permission to withdraw its proof of claim—primarily because HCRE declined to withdraw the proof of claim with prejudice to any future litigation in any forum pertaining to the issues raised in the proof of claim.  In other words, HCRE would not state unequivocally that it would not re-urge in the future its alleged present entitlement to reform or rescind SE's LLC Agreement.  To be clear, HCRE expressed that it would withdraw its proof of claim with prejudice to re-asserting it in the bankruptcy court, and with prejudice to filing any appeal of a bankruptcy court order on same.  ***But this type of withdrawal meant little—because the deadline/bar date for filing proofs of claim in the Highland bankruptcy case had passed 16 months earlier anyway.***  HCRE would be time-barred from asserting its proof of claim at this late stage in the Highland bankruptcy case.  The bankruptcy court was concerned that HCRE was attempting to preserve its present claims against Highland for use in the future in a different forum.[8]  If there was going to be litigation over these issues, Highland thought it was time to get on with such litigation.  The bankruptcy court was persuaded that, indeed, Highland would be prejudiced if HCRE were allowed to withdraw its proof of claim without clear and unequivocal language in the order that HCRE would not be able to assert its claims and/or theories regarding rescission and/or

---

[7] Bankr. Dkt. No. 3519 (Transcript).

[8] At the time, it appeared that litigation might be on the horizon in state court involving these parties and regarding business records production.

HCMLPDT000557

reformation of the SE LLC Agreement in any future litigation in any court or forum (after all, future litigation is not what a "fresh start" of bankruptcy is about). Thus, the bankruptcy court issued its Order denying withdrawal of the HCRE proof of claim on September 14, 2022 ("Order Denying Withdrawal of HCRE Proof of Claim").[9]

**Trial on the HCRE Proof of Claim.** Thereafter, the bankruptcy court held a trial on November 1, 2022, on the merits of HCRE's proof of claim and ultimately disallowed the proof of claim ("Claim Disallowance Order").[10] There was no evidence presented of any sort of mistake, mutual or otherwise, in connection with SE's LLC Agreement or any other basis for reformation or rescission of SE's LLC Agreement. Moreover, Mr. Dondero testified that he had not even read the HCRE proof of claim or conducted any due diligence regarding the HCRE proof of claim before authorizing his electronic signature to be affixed to it. HCRE did not appeal the Claim Disallowance Order.

**Highland Motion for Sanctions Against HCRE.** Highland thereafter filed a written motion for sanctions pertaining to HCRE conduct surrounding the proof of claim—seeking a bad faith finding and reimbursement of Highland's attorney's fees caused by HCRE's actions. Several months later (after, among other things, renewed attempts at global mediation of the remaining issues in the Highland bankruptcy case), the bankruptcy court granted Highland's motion for sanctions, after a contested hearing ("Order Imposing Sanctions").[11] The Order Imposing Sanctions (which shifted to HCRE approximately $825,000 of the Reorganized Debtor's attorney's fees and expenses incurred by Highland in connection with the HCRE proof of claim—which was less than the entire amount that the Reorganized Debtor had incurred regarding the HCRE proof

---

[9] Bankr. Dkt. No. 3518.
[10] Bankr. Dkt. No. 3766 & 3767.
[11] Bankr. Dkt. No. 4039.

HCMLPDT000558

of claim during the more than three years since it was filed)[12] is the order now subject to HCRE's Rule 60(b) Motion.

**The Rule 60(b) Motion.** HCRE argues, primarily, that the bankruptcy court made two core, related "mistakes" in connection with its Order Imposing Sanctions that it should correct pursuant to Rule 60(b)(1). First, the bankruptcy court allegedly made a "mistake" in refusing to permit HCRE to withdraw its proof of claim based on a mistaken belief by the bankruptcy court that HCRE was not willing to withdraw it with prejudice for all purposes. HCRE now stresses that it was, indeed, willing to withdraw the proof of claim with prejudice to any future litigation in any court—not just in the bankruptcy court. Second, HCRE further argues that the bankruptcy court's mistake of fact on this point caused it to erroneously require an unnecessary trial on the proof of claim—the result of which was Highland incurring/billing unnecessary fees relating to the proof of claim. The bankruptcy court then shifted those fees to HCRE in the Order Imposing Sanctions. HCRE asserts that it is incorrect as a matter of law to conclude that these fees would not have been incurred "but for" HCRE's bad faith conduct. *See Goodyear Tire & Rubber v. Haeger*, 581 U.S. 101, 108 (2017). Therefore, the bankruptcy court should not have shifted them to HCRE as part of the Order Imposing Sanctions.

The court denies the Rule 60(b) Motion. To be sure, this court does not disagree with HCRE that a mistake of fact *or* mistake of law can be grounds for granting a Rule 60(b) motion. *See Kemp v. United States*, 596 U.S. 528, 535-36 (2022). The court also does not disagree with

---

[12] Highland sought attorney's fees and expenses incurred relating to the HCRE proof of claim from the time period of August 1, 2021 through December 31, 2022. The HCRE proof of claim was filed April 8, 2020. Highland not only did not seek any reimbursement for any time and expense for the first 16 months after HCRE filed its proof of claim, but Highland ultimately did not seek (and the bankruptcy court did not allow) any fees that Highland incurred in successfully moving to disqualify HCRE's counsel in this matter, Wick Phillips (note: Wick Phillips was actually the second law firm that HCRE retained pertaining to its proof of claim; a different law firm originally filed the HCRE proof of claim (Bonds Ellis), followed by Wick Philips, and then the Hoge & Gameros, L.L.P. law firm took over, and now the law firm of Reichman Jergensen Lehman & Feldberg LLP is representing HCRE in this matter.

HCMLPDT000559

HCRE that an award of fees relating to sanctionable conduct must be limited to fees that would not have been incurred "but for" the sanctionable conduct. *Goodyear Tire*, 581 U.S. 101 at 104, 108 (the "causal link" between the sanctionable conduct and the opposing party's attorney's fees must be established through a "but-for" test; the complaining party may only recover the portion of fees that would not have been paid but-for the sanctionable conduct). However, the bankruptcy court does not believe it made a mistake of fact or of law with regard to either of these points.

First, the bankruptcy court does not believe it made a mistake of fact in interpreting what HCRE was and was not willing to do in connection with its motion to withdraw its proof of claim at the Sept. 12, 2022 Proof of Claim Withdrawal Hearing. HCRE used hedging language, to the extent that it appeared to be willfully obtuse on this point. It was not willing to withdraw the proof of claim **with prejudice to ever litigating the issues raised in the proof of claim**. It was not future conduct and future theories that HCRE was worried about preserving in future litigation, and the bankruptcy court was certainly not engaging in a mission to ban all future litigation between these parties in perpetuity. The sole concern was about **claims/theories in the HCRE proof of claim** being resurrected somewhere else in the future. The transcript of the September 12, 2022 hearing is clear that there was much discussion on this point, and the court even gave the parties a 24-hour break to go talk outside the presence of the court—to hopefully wordsmith an agreed order withdrawing the proof of claim. Apparently, the parties could not reach an agreement on this relatively simple concept. So, the court would not allow withdrawal of the HCRE proof of claim without clarity that the proof of claim issues would not be raised in future litigation somewhere. The court set a trial on the merits of the proof of claim a few weeks later, as the parties were close to being trial-ready. Moreover, a review of the September 12, 2022 Transcript reflects that the bankruptcy court focused on multiple factors in disallowing withdrawal of the HCRE proof of

HCMLPDT000560

claim—the so-called *Manchester* factors—not simply the failure of HCRE to withdraw the proof of claim with prejudice to all future litigation. *Manchester, Inc. v. Lyle (In re Manchester, Inc.)*, 2008 Bankr. LEXIS 3312, *11-12 (Bankr. N.D. Tex. Dec. 19, 2008) (the *Manchester* factors include:  (1) the movant's diligence in bringing the motion to withdraw, (2) any "undue vexatiousness" on the part of the movant, (3) the extent to which the suit has progressed, including the effort and expense undertaken by the non-moving party to prepare for trial, (4) the duplicative expense of re-litigation, and (5) the adequacy of the movant's explanation for the need to withdraw the claim).  In other words, there were several factors that caused the bankruptcy court to deny withdrawal of the HCRE proof of claim.

Moreover, even if the court did make a mistake of fact in interpreting what HCRE was and was not willing to do (i.e., in deciphering what "with prejudice" did or did not mean)—and, in relying on this as a basis to deny HCRE permission to withdraw its proof of claim--wouldn't this have been an error of the bankruptcy court in entering its Order Denying Withdrawal of HCRE Proof of Claim?  This order—entered September 14, 2023—was not appealed.  Nor was the subsequent Order Disallowing Claim.  In some ways, the Rule 60(b) Motion smacks of being a collateral attack on the Order Denying Withdrawal of Proof of Claim which was never appealed. Had there been an appeal of it, it would have been apparent that it was a multi-faceted decision, based on many factors (i.e., the *Manchester* factors)—not merely the "with prejudice" issues.[13]

Which leads to the last issue—was there a mistake of law in allowing reimbursement of Highland's fees and expense incurred ***after*** the Order Denying Withdrawal of HCRE Proof of Claim?  In particular, over $300,000 of fees were incurred by Highland (and shifted by the court in the Order Imposing Sanctions) associated with the preparation for and trial on the HCRE proof

---

[13] Bankr. Dkt. No. 3519 (Transcript, pp. 51-55).

HCMLPDT000561

of claim.  Was this a mistake of law?  Only if the bankruptcy court made a mistake in ordering that there would be a trial on the HCRE proof of claim (i.e., only if the bankruptcy court erred in entering its Order Denying Withdrawal of HCRE Proof of Claim, and, as noted above, that order was not appealed by HCRE). The court never would have ordered trial on the merits if not for HCRE's conduct (beginning with its bad faith filing of its proof of claim and including refusing to withdraw its proof of claim with prejudice to all future litigation on the issues raised in the proof of claim).  Thus, Highland would not have incurred this $300,000+ in fees and expenses "but-for" HCRE's conduct.

Having considered the Rule 60(b) Motion, the Response, the Reply, and the argument of the parties, the court finds that there is no basis or justification for granting HCRE the relief requested in its Rule 60(b) Motion.  Any arguments made in the Rule 60(b) Motion not herein addressed are denied.

Accordingly,

**IT IS ORDERED** that the Rule 60(b) Motion be, and hereby is, **DENIED**.

**###END OF ORDER###**

8

HCMLPDT000562

Exhibit 15 Page 204 of 332

**SEALEDEXH, DirectAppeal, ADVAPL, 5thCircuitAppeal, APPEAL, SealedDocument, FUNDS,
TRANSIN, REFORM, ClaimsAgent, EXHIBITS, COMPLEX**

# U.S. Bankruptcy Court
# Northern District of Texas (Dallas)
# Bankruptcy Petition #: 19-34054-sgj11

| | |
|---|---|
| *Date filed:* | 10/16/2019 |
| *Date Plan Confirmed:* | 02/22/2021 |
| *Date transferred:* | 12/04/2019 |
| *Plan confirmed:* | 02/22/2021 |
| *341 meeting:* | 01/09/2020 |
| *Deadline for filing claims:* | 04/08/2020 |
| *Deadline for filing claims (govt.):* | 04/13/2020 |

*Assigned to:* Chief Bankruptcy Jud Stacey G Jernigan
Chapter 11
Voluntary
Asset

*Debtor*
**Highland Capital Management, L.P.**
100 Crescent Court
Suite 1850
Dallas, TX 75201
DALLAS-TX

represented by **Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

**Kenneth H. Brown**
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
415-263-7000
Fax : 415-263-7010
Email: sdhibbard@JonesDay.com

**David Grant Crooks**
Fox Rothschild LLP
Saint Ann Court
2501 N. Harwood Street
Ste 1800
Dallas, TX 75201
972-991-0889
Fax : 972-404-0516
Email: dcrooks@foxrothschild.com

**Gregory V. Demo**
Pachulski Stang Ziehl & Jones L.L.P.
780 Third Avenue
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Email: gdemo@pszjlaw.com

**Jeffrey M. Dine**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue

9th Floor
New York, NY 10017
212-561-7735
Fax : 212-561-7777

**Robert Joel Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
(212) 561-7700
Fax : (212) 561-7777
Email: rfeinstein@pszjlaw.com

**Eric Thomas Haitz**
Gibson, Dunn & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002
346-718-6648
Email: eric.haitz@bondsellis.com
*TERMINATED: 12/09/2019*

**Melissa S. Hayward**
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

**Hayward & Associates PLLC**
10501 N. Central Expwy., Ste 106
Dallas, TX 75231

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

**Ira D Kharasch**
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067
310-227-6910
Fax : 310-201-0760
Email: ikharasch@pszjlaw.com

**Alan J. Kornfeld**
Pachulski Stang Ziehl & Jones LLPL
10100 Santa Monica Blvd., 13 Fl
Los Angeles, CA 90067
310-277-6910

HCMLPDT000564

Fax : 302-201-0760

**Jordan A. Kroop**
PACHULSKI STANG ZIEHL &
JONES LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024
212-561-7700
Fax : 212-561-7777
Email: jkroop@pszjlaw.com

**Maxim B Litvak**
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111
415-263-7000
Email: mlitvak@pszjlaw.com

**John A Morris**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Ste 34th Floor
New York, NY 10017
212-561-7760
Fax : 212-561-7777
Email: jmorris@pszjlaw.com

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: joneill@pszjlaw.com

**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
310-277-6910
Fax : 310-201-0760
Email: jpomerantz@pszjlaw.com

**Jeffrey Nathan Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
(310) 277-6910
Fax : (310) 201-0760
Email: jpomerantz@pszjlaw.com

**Mark Stancil**

Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
202-303-1133
Fax : 202-303-2133
Email: mstancil@willkie.com

**Elissa A. Wagner**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
310-277-6910
Fax : 310-201-0760

**Hayley R Winograd**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7733
Email: hayleywinograd@gmail.com

| | | |
|---|---|---|
| *U.S. Trustee* <br> **United States Trustee** <br> 1100 Commerce Street <br> Room 976 <br> Dallas, TX 75202 <br> 214-767-8967 | represented by | **Lisa L. Lambert** <br> Office of the United States Trustee <br> 1100 Commerce St., Rm. 976 <br> Dallas, TX 75242 <br> (214) 767-8967 ext 1080 <br> Fax : (214) 767-8971 <br> Email: lisa.l.lambert@usdoj.gov |

| | | |
|---|---|---|
| *Creditor Committee* <br> **Official Committee of Unsecured Creditors** | represented by | **Sean M. Beach** <br> YOUNG CONAWAY STARGATT & <br> TAYLOR, LLP <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> 302-571-6600 <br> Email: bankfilings@ycst.com |

**Jessica Boelter**
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
212-839-5300
Fax : 212-839-5599
Email: jboelter@sidley.com

**Matthew A. Clemente**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7539
Email: mclemente@sidley.com

**David Grant Crooks**

HCMLPDT000566

(See above for address)

**Gregory V. Demo**
(See above for address)

**Bojan Guzina**
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7323
Fax : 312-853-7036
Email: bguzina@sidley.com

**Bojan Guzina**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
3128537323
Email: bguzina@sidley.com

**Juliana Hoffman**
(See above for address)

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
214-969-3500
Fax : 214-981-3400
Email: pmontgomery@sidley.com

**Edmon L. Morton**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
302-571-6637
Fax : 302-571-1253
Email: emorton@ycst.com

**Michael R. Nestor**
YOUNG CONAWAY STARGATT &
TAYLOR, LL
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: mnestor@ycst.com

**Charles Martin Persons, Jr.**
Sidley Austin LLP
2020 McKinney Avenue, Suite 2000
Dallas, TX 75210

(214) 981-3300
Fax : (214) 981-3400
Email: cpersons@sidley.com

**Jeffrey N. Pomerantz**
(See above for address)

**Penny Packard Reid**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981-3413
Fax : (214) 981-3400
Email: preid@sidley.com

**Alyssa Russell**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7422
Fax : (312) 853-7036
Email: alyssa.russell@sidley.com

**Dennis M. Twomey**
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7438
Fax : (312) 853-7036
Email: dtwomey@sidley.com

**Jaclyn C. Weissgerber**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: bankfilings@ycst.com

**Sean M. Young Conway Stargatt &
Taylor, LLP**
Young Conway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
Email: sbeach@ycst.com

| Filing Date | Docket Text |
|---|---|
| 12/04/2019 | 🔍 1  (2 pgs) Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.) |

HCMLPDT000568

| | |
|---|---|
| 12/04/2019 | 🔘 **2** (15 pgs) DOCKET SHEET filed in 19-12239 in the U.S. Bankruptcy Court for Delaware . (Okafor, M.) |
| 12/04/2019 | 🔘 **3** (106 pgs; 2 docs) Chapter 11 Voluntary Petition . Fee Amount $1717. Filed by Highland Capital Management, L.P.. (Attachments: # **1** Creditor Matrix) [ORIGINALLY FILED AS DOCUMENT #1 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔘 **4** (31 pgs; 2 docs) Motion to Pay Employee Wages /Motion of the Debtors for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief Filed Filed by Debtor Highland Capital Management, L.P. (Attachments: # **1** Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #2 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔘 **5** (23 pgs; 2 docs) Motion to Pay Critical Trade Vendor Claims /Motion of the Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # **1** Exhibit A - Proposed Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #3 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🔘 **6** (9 pgs; 2 docs) Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Highland Capital Management, L.P.(Attachments: # **1** Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #4 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔘 **7** (24 pgs; 2 docs) Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # **1** Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔘 **8** (32 pgs; 2 docs) **WITHDRAWN** - 10/29/2019. SEE DOCKET # 72. Motion to Approve Use of Cash Collateral /Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing Filed By Highland Capital Management, L.P. (Attachments: # **1** Exhibit A - Order)(O'Neill, James) Modified on 10/30/2019 (DMC) [ORIGINALLY FILED AS DOCUMENT #6 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🔘 **9** (36 pgs; 4 docs) Application to Appoint Claims/Noticing Agent KURTZMAN CARSON CONSULTANTS, LLC Filed By Highland Capital Management, L.P. (Attachments: # **1** Exhibit A - Engagement Agreement # **2** Exhibit B - Gershbein Declaration # **3** Exhibit C - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #7 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔘 **10** (10 pgs; 2 docs) Motion to File Under Seal/Motion of the Debtor for Entry of Interim and Final Orders Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information Filed by Highland Capital Management, L.P.. (Attachments: # **1** Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #8 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔘 **11** (44 pgs) Affidavit/Declaration in Support of First Day Motion /Declaration of Frank Waterhouse in Support of First Day Motions Filed By Highland Capital Management, L.P. (O'Neill, James) |

| | [ORIGINALLY FILED AS DOCUMENT #10 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
|---|---|
| 12/04/2019 | 🔵 12 (3 pgs) Notice of Hearing on First Day Motions (related document(s)2, 3, 5, 6, 7, 8, 9 [ON DELAWARE DOCKET]) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #11 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 13 (15 pgs; 2 docs) Notice of Hearing // Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Exhibit A) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #12 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 14 (3 pgs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #13 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 15 (3 pgs) Notice of appearance Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #14 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 16 (1 pg) Motion to Appear pro hac vice of Marshall R. King of Gibson, Dunn & Crutcher LLP. Receipt Number 2757354, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #15 ON 10/1/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 17 (1 pg) Motion to Appear pro hac vice of Michael A. Rosenthal of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #16 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 18 (1 pg) Motion to Appear pro hac vice of Alan Moskowitz of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) ) [ORIGINALLY FILED AS DOCUMENT #17 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 19 (1 pg) Motion to Appear pro hac vice of Matthew G. Bouslog of Gibson, Dunn & Crutcher LLP. Receipt Number 2581894, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean)) [ORIGINALLY FILED AS DOCUMENT #18 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 20 (3 pgs) Notice of Appearance and Request for Notice by Louis J. Cisz filed by Interested Party California Public Employees Retirement System (CalPERS) . (Okafor, M.) [ORIGINALLY FILED AS DOCUMENT #19 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 🔵 21 (1 pg) Motion to Appear pro hac vice (Jeffrey N. Pomerantz). Receipt Number 2564620, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #20 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🌐 22 (1 pg) Motion to Appear pro hac vice (Maxim B. Litvak). Receipt Number 2564620, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #21 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 23 (1 pg) Motion to Appear pro hac vice (Ira D. Kharasch). Receipt Number DEX032537, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #22 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 24 (1 pg) Motion to Appear pro hac vice (Gregory V. Demo). Receipt Number DEX032536, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #23 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 25 (1 pg) Motion to Appear pro hac vice of Marc B. Hankin. Receipt Number 2757358, Filed by Redeemer Committee of the Highland Crusader Fund. (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #24 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 26 (1 pg) Order Approving Motion for Admission pro hac vice Marshall R. King of Gibson(Related Doc # 15) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #25 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 27 (1 pg) Order Approving Motion for Admission pro hac vice Michael A. Rosenthal (Related Doc # 16) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #26 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 28 (1 pg) Order Approving Motion for Admission pro hac vice Alan Moskowitz (Related Doc # 17) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #27 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 29 (1 pg) Order Approving Motion for Admission pro hac vice Matthew G. Bouslog(Related Doc # 18) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #28 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 30 (1 pg) Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz (Related Doc # 20) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #29 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 31 (1 pg) Order Approving Motion for Admission pro hac vice Maxim B. Litvak (Related Doc # 21) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #30 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 32 (1 pg) Order Approving Motion for Admission pro hac vice Ira D. Kharasch (Related Doc # 22) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #31 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 33 (1 pg) Order Approving Motion for Admission pro hac vice Gregory V. Demo(Related Doc # 23) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #32 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 34 (1 pg) Order Approving Motion for Admission pro hac vice Marc B. Hankin(Related Doc # 24) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #33 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

HCMLPDT000571

| | |
|---|---|
| 12/04/2019 | 🔵 35 (7 pgs) Certificate of Service of: 1) Notice of Hearing on First Day Motions; 2) Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing; and 3) Notice of Agenda for Hearing of First Day Motions Scheduled for October 18, 2019 at 10:00 a.m. (related document)11, 12, 13) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #34 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 36 (1 pg) Motion to Appear pro hac vice (John A. Morris). Receipt Number 2635868, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #35 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔵 37 (3 pgs) Notice of Appearance and Request for Notice by Richard B. Levin , Marc B. Hankin , Kevin M. Coen , Curtis S. Miller filed by Interested Party Redeemer Committee of the Highland Crusader Fund . (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #36 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🔵 38 (1 pg) Order Approving Motion for Admission pro hac vice John A. Morris(Related Doc # 35) Order Signed on 10/18/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #38 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 39 (5 pgs) Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief. (related document(s)2) Order Signed on 10/18/2019. (NAB) [ORIGINALLY FILED AS DOCUMENT #39 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 40 (9 pgs; 2 docs) Interim Order (A) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief (Related Doc 3) Order Signed on 10/18/2019 (Attachments: # 1 Agreement)) (NAB) Modified Text on 10/21/2019 (LB) [ORIGINALLY FILED AS DOCUMENT #40 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 41 (3 pgs) Notice of Appearance and Request for Notice by Eric Thomas Haitz filed by Debtor Highland Capital Management, L.P.. (Haitz, Eric) |
| 12/04/2019 | 🔵 42 (7 pgs) Interim Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief. (Related Doc 5) Order Signed on 10/18/2019. (JS) Modified Text on 10/21/2019 (LB). [ORIGINALLY FILED AS DOCUMENT #42 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 43 (6 pgs) Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (Related Doc # 7) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #43 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 44 (3 pgs) Interim Order Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information. (Related Doc # 8) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #44 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🔵 45 (1 pg) Notice of Appearance and Request for Notice by Elizabeth Weller filed by Irving ISD , Grayson County , Upshur County , Dallas County , Tarrant County , Kaufman County , Rockwall CAD , |

| 12/04/2019 | 💿 46  (4 pgs) Notice of hearing/*scheduling conference* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)). Status Conference to be held on 12/6/2019 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Haitz, Eric) |
|---|---|
| 12/04/2019 | 💿 47  (40 pgs; 3 docs) Notice of Service // Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief (related document(s)22, 39) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #47 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 💿 48  (83 pgs; 4 docs) Notice of Service // Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) (related document(s)7, 43) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #48 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/9/2019 (Okafor, M.). |
| 12/04/2019 | 💿 49  (13 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019.(Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #49 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 💿 50  (37 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #50 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 💿 51  (36 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief (related document(s)5, 42) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #51 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 💿 52  (22 pgs; 3 docs) Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information (related document(s)8, 44) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #52 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🌐 **53** (36 pgs; 2 docs) Notice of Hearing // Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 10/31/2019. (Attachments: # <u>1</u> Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #53 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 **54** (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz [Docket No. 29]; (2) [Signed] Order Approving Motion for Admission pro hac vice Maxim B. Litvak [Docket No. 30]; (3) [Signed] Order Approving Motion for Admission pro hac vice Ira D. Kharasch [Docket No. 31]; (4) [Signed] Order Approving Motion for Admission pro hac vice Gregory V. Demo [Docket No. 32]; (5) [Signed] Order Approving Motion for Admission pro hac vice John A. Morris [Docket No. 38]; (6) Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Docket No. 47]; (7) Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002-1(F) [Docket No. 48]; (8) Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 49]; (9) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 50]; (10) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief [Docket No. 51]; (11) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information [Docket No. 52]; and (12) Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing [Docket No. 53] (related document(s)29, 30, 31, 32, 38, 47, 48, 49, 50, 51, 52, 53) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #55 ON 10/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M) |
| 12/04/2019 | 🌐 **55** (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Josef W. Mintz , John E. Lucian , Phillip L. Lamberson , Rakhee V. Patel filed by Acis Capital Management, L.P. , Acis Capital Management GP, LLC . (Attachments: # <u>1</u> Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #56 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🌐 **56** (1 pg) Motion to Appear pro hac vice of Rakhee V. Patel of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #57 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 **57** (1 pg) Motion to Appear pro hac vice of Phillip Lamberson of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #58 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🌐 **58** (1 pg) Motion to Appear pro hac vice of John E. Lucian of Blank Rome LLP. Receipt Number 3112548736, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) |

| | |
|---|---|
| 12/04/2019 | 🖱 **59** (4 pgs; 3 docs) Notice of Appearance and Request for Notice by Michael I. Baird filed by Interested Party Pension Benefit Guaranty Corporation . (Attachments: # **1** Certification of United States Government Attorney # **2** Certificate of Service) (Baird, Michael) [ORIGINALLY FILED AS DOCUMENT #60 ON 10/23/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 🖱 **60** (1 pg) Order Granting Motion for Admission pro hac vice for Rakhee V. Patel (Related Doc # 57) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #61 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **61** (1 pg) Order Granting Motion for Admission pro hac vice of John E. Lucian (Related Doc # 59) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #62 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **62** (1 pg) Order Granting Motion for Admission pro hac vice of Phillip Lamberson (Related Doc # 58) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #63 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **63** (2 pgs) Notice of Appearance and Request for Notice by Michael L. Vild filed by Creditor Patrick Daugherty . (Vild, Michael) [ORIGINALLY FILED AS DOCUMENT #64 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **64** (1 pg) Notice of Appointment of Creditors' Committee Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #65 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **65** (1 pg) Request of US Trustee to Schedule Section 341 Meeting of Creditors November 20,2019 at 9:30 a.m. Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #66 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **66** (2 pgs) Notice of Meeting of Creditors/Commencement of Case Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #67 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **67** (27 pgs; 4 docs) Motion to Authorize /Motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # **1** Notice # **2** Exhibit A - Proposed Form of Order # **3** Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #68 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 🖱 **68** (48 pgs; 8 docs) Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # **1** Notice # **2** Exhibit A # **3** Exhibit B # **4** Exhibit C - Proposed Order # **5** 2016 Statement # **6** Declaration Frank Waterhouse # **7** Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 🌐 69 (37 pgs; 7 docs) **WITHDRAWN per #437. Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/11/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 70 (35 pgs; 7 docs) Application/Motion to Employ/Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019(Attachments: # 1 Notice # 2 Rule 2016 Statement # 3 Declaration of Jeffrey N. Pomerantz in Support # 4 Declaration of Frank Waterhouse # 5 Proposed Form of Order # 6 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #71 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Main Document 70 replaced on 2/16/2022) (Okafor, Marcey). Additional attachment(s) added on 2/16/2022 (Okafor, Marcey). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 71 (9 pgs; 2 docs) Notice of Withdrawal of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #72 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 72 (28 pgs; 4 docs) Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #73 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 73 (41 pgs; 5 docs) Application/Motion to Employ/Retain Kurtzman Carson Consultants as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Gershbein Declaration # 4 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #74 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 74 (48 pgs; 6 docs) Application/Motion to Employ/Retain Development Specialists, Inc. as Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc As of the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Engagement Letter # 3 Exhibit B - Sharp Declaration # 4 Exhibit C - Proposed Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #75 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 75 (37 pgs; 6 docs) Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - OCP List # 4 Exhibit |

[ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

---

🌐 76  (99 pgs; 6 docs) **WITHDRAWN by # 360** Motion to Approve /Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Appendix I # 3 Appendix II # 4 Proposed Form of Order # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #77 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 1/16/2020 (Ecker, C.). (Entered: 12/05/2019)

12/04/2019

---

🌐 77  (2 pgs) Notice of Appearance and Request for Notice by William A. Hazeltine filed by Interested Party Hunter Mountain Trust . (Okafor, M.) (Hazeltine, William) [ORIGINALLY FILED AS DOCUMENT #78 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 78  (2 pgs) Notice of Meeting of Creditors/Commencement of Case (Corrected) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #79 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 79  (1 pg) Motion to Appear pro hac vice of Brian P. Shaw of Rogge Dunn Group. Receipt Number 0311-27677, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #80 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 80  (4 pgs; 2 docs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # 1 Certificate of Service) (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #81 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 81  (3 pgs) Notice of Appearance and Request for Notice by Jessica Boelter , Alyssa Russell , Matthew A. Clemente , Bojan Guzina filed by Creditor Committee Official Committee of Unsecured Creditors . (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #82 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 82  (21 pgs; 2 docs) Initial Reporting Requirements /Initial Monthly Operating Report of Highland Capital Management, LP Filed by Highland Capital Management, L.P.. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #83 ON 10/31/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

12/04/2019

---

🌐 83  (1 pg) Order Approving Motion for Admission pro hac vice Brian P. Shaw(Related Doc # 80) Order Signed on 11/1/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #84 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

---

🌐 84  (4 pgs; 2 docs) Notice of Appearance and Request for Notice by Sarah E. Silveira , Michael J. Merchant , Asif Attarwala , Jeffrey E. Bjork filed by Interested Parties UBS AG London Branch , UBS Securities LLC . (Attachments: # 1 Certificate of Service) (Merchant, Michael) [ORIGINALLY FILED AS DOCUMENT #85 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019)

12/04/2019

| | |
|---|---|
| 12/04/2019 | 🔘 85  (159 pgs; 6 docs) Motion to Change Venue/Inter-district Transfer Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E - Certificate of Service) (Guzina, Bojan)[ORIGINALLY FILED AS DOCUMENT #86 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 86  (15 pgs; 3 docs) Emergency Motion to Shorten Notice With Respect To The Motion Of Official Committee Of Unsecured Creditors To Transfer Venue Of This Case To The United States Bankruptcy Court For The Northern District For Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Certificate of Service) (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #87 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 87  (1 pg) Order Denying Emergency Motion to Shorten Notice With Respect to The Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District Of Texas (Related Doc # 87) Order Signed on 11/4/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #88 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 88  (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #89 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 89  (1 pg) Motion to Appear pro hac vice of Patrick C. Maxcy. Receipt Number 2770240, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #90 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 90  (1 pg) Motion to Appear pro hac vice of Lauren Macksoud. Receipt Number 2770389, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #91 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 91  (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by INTEGRATED FINANCIAL ASSOCIATES, INC. (Carlyon, Candace) [ORIGINALLY FILED AS DOCUMENT #92 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 92  (1 pg) Order Approving Motion for Admission pro hac vice Patrick C. Maxcy(Related Doc # 90) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #93 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 93  (1 pg) Order Approving Motion for Admission pro hac vice Lauren Macksoud(Related Doc # 91) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #94 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 94  (11 pgs; 2 docs) HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #95 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 95  (3 pgs; 2 docs) Notice of Appearance. The party has consented to electronic service. Filed by BET Investments, II, L.P.. (Attachments: # 1 Certificate of Service) (Kurtzman, Jeffrey) (Attachments: # 1 |

Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #96 ON 11/07/2019 IN U.S.
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| 12/04/2019 | 96 (3 pgs; 2 docs) Certification of Counsel Regarding Order Scheduling Omnibus Hearing Date Filed by Highland Capital Management, L.P.. (Attachments: # 1 Proposed Form of Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #97 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 98 (1 pg) Order Scheduling Omnibus Hearings. Omnibus Hearings scheduled for 12/17/2019 at 11:00 AM US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Signed on 11/7/2019. (CAS) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #98 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 101 (17 pgs; 4 docs) Exhibit(s) // Notice of Filing of Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #99 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 102 (8 pgs) Affidavit/Declaration of Service for service of [Signed] Order Scheduling Omnibus Hearing Date [Docket No. 98] (related document(s)98) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #100 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 103 (10 pgs) Notice of Deposition - Notice to Take Rule 30(b)(6) Deposition Upon Oral Examination of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #101 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 104 (2 pgs) Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #102 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 106 (2 pgs) Notice of Service - Notice of Intent to Serve Subpoena Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #103 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 107 (10 pgs; 2 docs) Notice of Substitution of Counsel Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Attachments: # 1 Certificate of Service) (Ryan, Jeremy) [ORIGINALLY FILED AS DOCUMENT #104 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 108 (3 pgs) Amended Notice of Appearance. The party has consented to electronic service. Filed by Official Committee of Unsecured Creditors. (Beach, Sean) . [ORIGINALLY FILED AS DOCUMENT #105 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 110 (1 pg) Motion to Appear pro hac vice Of Bojan Guzina of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #106 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🖥 **111** (1 pg) Motion to Appear pro hac vice of Alyssa Russell of Sidley Austin LLP. Receipt Number 2620330, Filed by Official Committee of Unsecured Creditors. (Beach, Sean)[ORIGINALLY FILED AS DOCUMENT #107 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🖥 **112** (1 pg) Motion to Appear pro hac vice of Matthew A. Clemente of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #108 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **113** (1 pg) Motion to Appear pro hac vice of Paige Holden Montgomery. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #109 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **114** (1 pg) Motion to Appear pro hac vice of Penny P. Reid of Sidley Austin. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #110 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **115** (1 pg) Order Approving Motion for Admission pro hac vice Bojan Guzina(Related Doc # 106) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #111 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **116** (1 pg) Order Approving Motion for Admission pro hac vice Alyssa Russell (Related Doc # 107) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #112 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **117** (1 pg) Order Approving Motion for Admission pro hac vice Matthew A. Clemente (Related Doc # 108) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #113 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **118** (1 pg) Order Approving Motion for Admission pro hac vice Paige Holden(Related Doc # 109) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #114 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **119** (1 pg) Order Approving Motion for Admission pro hac vice Penny P. Reid(Related Doc # 110) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #115 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖥 **120** (94 pgs; 11 docs) Limited Objection to the Debtors: (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # **1** Exhibit A # **2** Exhibit B # **3** Exhibit C # **4** Exhibit D # **5** Exhibit E # **6** Exhibit F # **7** Exhibit G # **8** Exhibit H # **9** Exhibit I # **10** Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #116 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| 12/04/2019 | 🌐 121  (26 pgs; 3 docs) Limited Objection and Reservation of Rights of Jefferies LLC to Debtor's Motion for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business (related document(s)77) Filed by Jefferies LLC (Attachments: # 1 Exhibit A # 2 Certificate of Service) (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #117 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🌐 122  (27 pgs) Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #118 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 123  (5 pgs) Limited Objection to Motion of the Debtor for an Order Authorizing the Debtor to Retain, Employee, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (related document(s)76) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #119 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 124  (6 pgs) **WITHDRAWN per # 456** Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/19/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 125  (4 pgs) Limited Objection to the Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #121 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 126  (11 pgs) Joinder to Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #122 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 127  (12 pgs; 3 docs) Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 128 [SEALED in Delaware Bankruptcy Court] Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (related document(s)5, 75, 77, 123) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #124 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 🌐 130 (162 pgs; 6 docs) Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (Redacted) (related document(s)5, 75, 77, 123, 124) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)(Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #125 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 131 (2 pgs) Notice of Service of Discovery Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #126 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 132 (5 pgs) Objection Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)8) Filed by U.S. Trustee (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #127 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 133 (7 pgs) Certificate of Service of Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)118) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #128 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.). Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 134 (5 pgs) Certificate of Service of Acis's Joinder in Motion to Transfer Venue (related document(s)122) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #129 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 135 (7 pgs; 2 docs) Objection U.S. Trustee's Objection to the Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide a Chief Restructuring Officer, Additional Personnel and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date (related document(s)75) Filed by U.S. Trustee (Attachments: # 1 Certificate of Service)(Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #130 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 136 (1 pg) Certificate of Service of United States Trustees Objection to Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)127) Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #131 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 137 (17 pgs; 3 docs) Certification of Counsel Regarding Debtor's Motion Pursuant to Sections 105(A), 330 and 331 of the Bankruptcy Code for Administrative Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals (related document(s)73) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Blackline Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #132 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 138 (17 pgs; 2 docs) Certificate of No Objection Regarding Debtor's Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date (related document(s)74) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT |

| | |
|---|---|
| | Exhibit 15...IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 139 (5 pgs; 2 docs) Certificate of No Objection Regarding Motion of the Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #134 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 140 (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Crescent TC Investors, L.P.. (Held, Michael) [ORIGINALLY FILED AS DOCUMENT #135 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 141 (6 pgs) ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMI3URSEMENT OF EXPENSES OF PROFESSIONALS(Related Doc # 73) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #136 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 142 (14 pgs) ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 74) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #137 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 143 (2 pgs) ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTOF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF (Related Doc # 4) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #138 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 144 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by Intertrust Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #139 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 145 (3 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #140 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 146 (11 pgs) Notice of Deposition Upon Oral Examination Under Rules 30 and 30(b)(6) of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #141 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 147 (18 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #142 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖰 148 (7 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 136]; (2) [Signed] Order Authorizing the Debtor to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date [Docket No. 137]; and (3) [Signed] Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts |

Exhibit 15 - Page 228 of 332

and Unexpired Leases, and Statement of Financial Affairs, and any voting Related (Related Docket No. 138] (related document(s)136, 137, 138) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #143 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019)

| 12/04/2019 | 🌐 149  (2 pgs) Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)86, 87, 88) Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #144 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🌐 150  (9 pgs; 2 docs) Notice of Rescheduled 341 Meeting (related document(s)67, 79) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 12/3/2019 at 10:30 AM (check with U.S. Trustee for location) (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #145 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 151  (17 pgs; 2 docs) Agenda of Matters Scheduled for Telephonic Hearing (related document(s)142) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware.(Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #146 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 152  (2 pgs) Notice of Appearance. The party has consented to electronic service. Filed by CLO Holdco, Ltd.. (Kane, John) [ORIGINALLY FILED AS DOCUMENT #149 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 153  (2 pgs) Amended Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #150 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 154  (3 pgs) Notice of Appearance and Request for Notice by Sally T. Siconolfi , Joseph T. Moldovan filed by Interested Party Meta-e Discovery, LLC . (Moldovan, Joseph)[ORIGINALLY FILED AS DOCUMENT #152 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 156  (4 pgs) Affidavit/Declaration of Service regarding Notice of Hearing regarding Motion to Change Venue/Inter-district Transfer (related document(s)144) Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #153 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 158  (5 pgs; 2 docs) Motion to Appear pro hac vice of Annmarie Chiarello of Winstead PC. Receipt Number 0311-27843, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #154 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 159  (2 pgs; 2 docs) Order Approving Motion for Admission pro hac vice Annmarie Chiarello (Related Doc # 154) Order Signed on 11/21/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #155 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🌐 162  (8 pgs) Reply in Support of Motion to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118) Filed by Official |

| | |
|---|---|
| | Committee of Unsecured Creditors (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #156 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 163 (7 pgs) Reply in Support of the Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118, 122, 156) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #157 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 164 (4 pgs) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue (related document(s)86, 122) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #158 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 165 (265 pgs; 11 docs) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Nunc Pro Tunc to Petition Date (related document(s)69, 70, 116, 120) Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #159 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 166 (46 pgs; 5 docs) Omnibus Reply of the Debtor in Support of: (1) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)5, 75, 77) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A - Redline Order Approving Ordinary Course Protocols Motion # 2 Exhibit B - Redline Order Approving Cash Management Motion # 3 Exhibit C - Redline Order Approving DSI Retention Motion # 4 Exhibit D - Summary of Intercompany Transactions) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #160 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 168 (8 pgs) Certificate of Service of 1) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue; 2) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date, and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP; and 3) Omnibus Reply of the Debtor in Support of: (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)158, 159, 160) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #161 ON 11/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 169 (16 pgs; 4 docs) Exhibit(s) // Notice of Filing of Second Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #162 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 170 (15 pgs; 3 docs) Certification of Counsel Regarding Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P..(Attachments: # 1 |

Exhibit A # 2 Exhibit B) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #163 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019)

| | |
|---|---|
| 12/04/2019 | 🖳 171 (19 pgs; 3 docs) **WITHDRAWN** - 11/26/2019. SEE DOCKET # 165. Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) Modified on 11/26/2019 (DMC). [ORIGINALLY FILED AS DOCUMENT #164 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 172 (2 pgs) Notice of Withdrawal of Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)164) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #165 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 173 (29 pgs; 3 docs) Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P (Attachments: # 1 Exhibit A # 2 Exhibit B)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #166 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 174 (17 pgs; 2 docs) Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #167 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 175 (5 pgs) FINAL ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF (Related document(s) 3, 40) Signed on 11/26/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #168 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 176 (12 pgs; 2 docs) ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 177 (24 pgs; 3 docs) Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🖳 178 (32 pgs; 3 docs) Supplemental Declaration in Support of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 |

HCMLPDT000586

| | 2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE(Okafor, M.) (Entered: 12/05/2019) |
|---|---|
| 12/04/2019 | 🔘 179  (11 pgs; 3 docs) Certification of Counsel Regarding Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Blackline Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #172 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 180  (58 pgs; 6 docs) Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 181  (7 pgs) Certificate of Service and Service List for service of Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief [Docket No. 170] (related document(s)170) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #174 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 182  (18 pgs; 2 docs) Amended Notice of Agenda of Matters Scheduled for Hearing (related document(s)167) Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #175 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 183  (3 pgs) ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2414 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI TANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 71) Order Signed on 12/2/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #176 ON 12/02/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 184  (6 pgs) Certification of Counsel Regarding Order Transferring Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #182 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔘 185  (8 pgs) Affidavit/Declaration of Service for service of (1) [Signed] Final Order (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 168]; (2) [Signed] Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business [Docket No. 169]; and (3) [Signed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date [Docket No. 176] (related document(s)168, 169, 176) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY |

| | |
|---|---|
| | OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 186 (2 pgs) ORDER TRANSFERRING VENUE OF THIS CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS (related document(s)86) Order Signed on 12/4/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #184 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 🔵 187 (118 pgs) Certificate of Service re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) [Corrected] Notice of Chapter 11 Bankruptcy Case (related document(s)67, 79) Filed by Kurtzman Carson Consultants LLC. (Kass, Albert) ( [ORIGINALLY FILED AS DOCUMENT #185 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/05/2019 | 🔵 97 (3 pgs) Motion to appear pro hac vice for Bojan Guzina. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228141, amount $ 100.00 (re: Doc# 97). (U.S. Treasury) |
| 12/05/2019 | 🔵 99 (2 pgs) Notice of Appearance and Request for Notice by Linda D. Reece filed by Wylie ISD, Garland ISD, City of Garland. (Reece, Linda) |
| 12/05/2019 | 🔵 100 (3 pgs) Motion to appear pro hac vice for Matthew A. Clemente. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | 🔵 105 (3 pgs) Motion to appear pro hac vice for Alyssa Russell. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 100). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 105). (U.S. Treasury) |
| 12/05/2019 | 🔵 109 (3 pgs) Motion to appear pro hac vice for Ira D. Kharasch. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27228644, amount $ 100.00 (re: Doc# 109). (U.S. Treasury) |
| 12/05/2019 | 🔵 129 (1 pg) Notice of Appearance and Request for Notice by Laurie A. Spindler filed by City of Allen, Allen ISD, Dallas County, Grayson County, Irving ISD, Kaufman County, Tarrant County. (Spindler, Laurie) |
| 12/05/2019 | 🔵 155 (3 pgs) Notice of Appearance and Request for Notice by Mark A. Platt filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Platt, Mark) |
| 12/05/2019 | 🔵 157 (3 pgs) Motion to appear pro hac vice for Marc B. Hankin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | 🔵 160 (5 pgs; 2 docs) Motion to appear pro hac vice for Richard Levin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Addendum) (Platt, Mark) |

| 12/05/2019 | 🔘 161  (3 pgs) Motion to appear pro hac vice for Terri L. Mascherin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 157). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 160). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 161). (U.S. Treasury) |
| 12/05/2019 | 🔘 167  (3 pgs) Motion to appear pro hac vice for Gregory V. Demo. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27230422, amount $ 100.00 (re: Doc# 167). (U.S. Treasury) |
| 12/05/2019 | 🔘 188  (3 pgs) Notice of Appearance and Request for Notice by Juliana Hoffman filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/06/2019 | 🔘 189  (3 pgs) Motion to appear pro hac vice for Jeffrey N. Pomerantz. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233957, amount $ 100.00 (re: Doc# 189). (U.S. Treasury) |
| 12/06/2019 | 🔘 190  (3 pgs) Amended Motion to appear pro hac vice for Jeffrey N. Pomerantz. (related document: 189) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | 🔘 191  (3 pgs) Motion to appear pro hac vice for John A. Morris. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27233983, amount $ 100.00 (re: Doc# 191). (U.S. Treasury) |
| 12/06/2019 | 🔘 192  (2 pgs) INCORRECT ENTRY - Incorrect Event Used; Refiled as Document 220. Motion to withdraw as attorney (Eric T. Haitz) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) Modified on 12/9/2019 (Dugan, S.). Modified on 12/9/2019 (Dugan, S.). |
| 12/06/2019 | 🔘 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Edmond, Michael) |
| 12/06/2019 | 🔘 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomerantz and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status |

conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.) (Edmond, Michael)

| | |
|---|---|
| 12/06/2019 | 🔵 195  (1 pg) Request for transcript regarding a hearing held on 12/6/2019. The requested turn-around time is hourly. (Edmond, Michael) |
| 12/06/2019 | 🔵 196  (1 pg) Order granting motion to appear pro hac vice adding Bojan Guzina for Official Committee of Unsecured Creditors (related document # 97) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 197  (1 pg) Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document # 100) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 198  (1 pg) Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document # 105) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 199  (1 pg) Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document # 109) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 200  (1 pg) Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document # 160) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 201  (1 pg) Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document # 161) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 202  (1 pg) Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document # 167) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 203  (1 pg) Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document # 157) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | 🔵 204  (44 pgs) INCORRECT ENTRY: DRAFT OF MOTION. SEE DOCUMENT 206. Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 🔵 205  (37 pgs) Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/06/2019 | 🔵 206  (44 pgs) Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO* |

| | Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
|---|---|
| 12/06/2019 | 🖰 **220** (2 pgs) Withdrawal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)41 Notice of appearance and request for notice). (Dugan, S.) (Entered: 12/09/2019) |
| 12/08/2019 | 🖰 **207** (27 pgs) Transcript regarding Hearing Held 12/6/19 RE: Status and scheduling conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/9/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Palmer Reporting Services, Telephone number PalmerRptg@aol.com, 800-665-6251. (RE: related document(s) 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1,, 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/19/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomerantz and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.)). Transcript to be made available to the public on 03/9/2020. (Palmer, Susan) |
| 12/08/2019 | 🖰 **208** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)197 Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document 100) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **209** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)198 Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document 105) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **210** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)199 Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document 109) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **211** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)200 Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document 160) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **212** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)201 Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document 161) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **213** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)202 Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document 167) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 🖰 **214** (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)203 Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document 157) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |

| | |
|---|---|
| 12/09/2019 | 🌐 215  (1 pg) Acknowledgment of split/transfer case received FROM another district, Delaware, Delaware division, Case Number 19-12239. (Okafor, M.) |
| 12/09/2019 | 🌐 216  (1 pg) Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document # 190) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 🌐 217  (1 pg) Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document # 191) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 🌐 218  (15 pgs; 3 docs) Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order) (Crooks, David) |
| 12/09/2019 | 🌐 219  (3 pgs) Notice of Appearance and Request for Notice by Charles Martin Persons Jr. filed by Creditor Committee Official Committee of Unsecured Creditors. (Persons, Charles) |
| 12/09/2019 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27240994, amount $ 181.00 (re: Doc# 218). (U.S. Treasury) |
| 12/09/2019 | 🌐 221  (2 pgs) Notice of Appearance and Request for Notice by Brian Patrick Shaw filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Shaw, Brian) |
| 12/09/2019 | 🌐 222  (3 pgs) Motion to appear pro hac vice for Dennis M. Twomey. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/09/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27241671, amount $ 100.00 (re: Doc# 222). (U.S. Treasury) |
| 12/09/2019 | 🌐 223  (10 pgs) Certificate of service re: *1) Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019; and 2) [Amended] Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to October 29, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/10/2019 | 🌐 224  (1 pg) Certificate Certificate of Conference filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF* |

FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT Fee amount $181,). (Crooks, David)

| | |
|---|---|
| 12/10/2019 | 🌐 225  (4 pgs; 2 docs) Certificate of service re: Certificate of Service filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,, 224 Certificate (generic)). (Attachments: # 1 Service List) (Crooks, David) |
| 12/10/2019 | 🌐 226  (32 pgs) Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/10/2019 | 🌐 227  (2 pgs) INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.). |
| 12/10/2019 | 🌐 228  (2 pgs) Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.) |
| 12/10/2019 | 🌐 229  (2 pgs) Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020. (Neary, William) |
| 12/10/2019 | 🌐 230  (2 pgs) Notice of Appearance and Request for Notice by Melissa S. Hayward filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/10/2019 | 🌐 231  (2 pgs) Notice of Appearance and Request for Notice by Zachery Z. Annable filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2019 | 🌐 232  (11 pgs; 3 docs) Joint Motion to continue hearing on (related documents 194 Hearing held, Hearing set/continued)*Joint Motion to Continue Status Conference* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order # 2 Service List) (Hayward, Melissa) |
| 12/11/2019 | 🌐 233  (4 pgs; 2 docs) Motion to appear pro hac vice for Michael I. Baird. Fee Amount $100 Filed by Creditor Pension Benefit Guaranty Corporation (Attachments: # 1 Certificate of Service) (Baird, Michael) |
| 12/11/2019 | 🌐 234  (2 pgs) Order granting joint motion to continue hearing on (related document # 232) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019. (Banks, Courtney) |
| 12/11/2019 | 🌐 235  (80 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. (Pomerantz, Jeffrey) |
| 12/11/2019 | 🌐 236  (3 pgs) Motion to appear pro hac vice for Lauren Macksoud. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |

| | |
|---|---|
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27250084, amount $ 100.00 (re: Doc# 236). (U.S. Treasury) |
| 12/11/2019 | 237 (3 pgs) Motion to appear pro hac vice for Patrick C. Maxcy. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27250165, amount $ 100.00 (re: Doc# 237). (U.S. Treasury) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] (0.00). Receipt Number KF - No Fee Due, amount $ 0.00 (re: Doc233). (Floyd) |
| 12/11/2019 | 238 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)216 Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document 190) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/11/2019 | 239 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)217 Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document 191) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/12/2019 | 240 (3 pgs) Notice of Appearance and Request for Notice by J. Seth Moore filed by Creditor Siepe, LLC. (Moore, J.) |
| 12/12/2019 | 241 (8 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 12/12/2019 | 242 (1 pg) Order granting motion to appear pro hac vice adding Michael I. Baird for Pension Benefit Guaranty Corporation (related document # 233) Entered on 12/12/2019. (Okafor, M.) |
| 12/12/2019 | 243 (4 pgs) BNC certificate of mailing. (RE: related document(s)227 INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 - Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.).) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/12/2019 | 244 (4 pgs) BNC certificate of mailing. (RE: related document(s)228 Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non-individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.)) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/13/2019 | 245 (9 pgs) Certificate of service re: *1) Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Nunc Pro Tunc to November 8, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/13/2019 | 246 (10 pgs) Certificate of service re: *1) First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period* |

*from October 16, 2019 Through October 31, 2019* filed by Claims Agent Kurtzman Carson Consultants
LLC (related document(s)235 Application for compensation *First Monthly Application for Compensation
and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the
Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P.,
Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by
Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. filed by Debtor Highland Capital
Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 12/13/2019 | 🔘 247  (82 pgs; 2 docs) Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding schedules) (Hayward, Melissa) |
| 12/13/2019 | 🔘 248  (42 pgs; 2 docs) Statement of financial affairs for a non-individual . Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)228 Notice of deficiency). (Attachments: # 1 Global notes regarding SOFA) (Hayward, Melissa) |
| 12/13/2019 | 🔘 249  (4 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.) No. of Notices: 8. Notice Date 12/13/2019. (Admin.) |
| 12/13/2019 | 🔘 250  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)234 Order granting joint motion to continue hearing on (related document 232) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019.) No. of Notices: 1. Notice Date 12/13/2019. (Admin.) |
| 12/16/2019 | 🔘 251  (1 pg) Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document # 236) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🔘 252  (1 pg) Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document # 237) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | 🔘 253  (1 pg) Order rescheduling status conference (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Status Conference to be held on 12/18/2019 at 10:30 AM at Dallas Judge Jernigan Ctrm. Entered on 12/16/2019 (Dugan, S.) |
| 12/17/2019 | 🔘 254  (2 pgs) Notice of Appearance and Request for Notice by Jason Patrick Kathman filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 12/18/2019 | 🔘 255  (8 pgs) Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/18/2019 | 🔘   Hearing held on 12/18/2019. (RE: related document(s)1 Status/Scheduling Conference; Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Pomerantz and I. Kharasch for Debtor; M. Hayward, local counsel for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; M. Platt and T. Mascherin and M. Hankin (each telephonically) for Redeemer Committee; L. Spindler for taxing authorities; A. Chiarello and R. Patel (telephonically) for Acis; L. Lambert for UST; P. Maxcy (telephonically) for Jeffries. Nonevidentiary status conference. Court heard reports regarding continued negotiations between Debtor and UCC regarding a proposed management structure for Debtor and ordinary course protocols. Debtor expects to file a motion for approval of same (if agreements reached) by |

| | 12/17/19 to discuss otherwise. Debtor will file a motion for a chapter 11 trustee within, if filed, will be filed 12/30/19 and set 1/20/20-1/21/20). Scheduling order to be submitted. Also, US Trustee announced intention to move for a Chapter 11 Trustee.) (Edmond, Michael) |
|---|---|
| 12/18/2019 | 🌐 256 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)251 Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document 236) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/18/2019 | 🌐 257 (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)252 Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document 237) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/19/2019 | 🌐 258 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Dechert LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Demo, Gregory) |
| 12/19/2019 | 🌐 259 (5 pgs) Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). (Hayward, Melissa) |
| 12/19/2019 | 🌐 260 (4 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (ASW Law Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/19/2019 | 🌐 261 (3 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)241 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/20/2019 | 🌐 262 (115 pgs) Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 12/20/2019 | 🌐 263 (8 pgs) Certificate of service re: *Supplemental Declaration of Bojan Guzina in Support of Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)255 Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/20/2019 | 🌐 264 (10 pgs) Certificate of service re: *Supplement to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related |

document.). Motion to maintain bank accounts). filed by Debtor Highland Capital Management, L.P.).
(Kass, Albert)

| | |
|---|---|
| 12/22/2019 | 🌐 265 (4 pgs) Objection to (related document(s): 176 Document)*Limited Objection of The Official Committee of Unsecured Creditors to the Retention of Harder LLP as Ordinary Course Professional* filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/23/2019 | 🌐 266 (40 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 🌐 267 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 🌐 268 (10 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 🌐 269 (6 pgs) Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.) |
| 12/23/2019 | 🌐 270 (40 pgs; 2 docs) Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 12/23/2019 | 🌐 271 (13 pgs) Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee (Lambert, Lisa) |
| 12/23/2019 | 🌐 272 (5 pgs) Trustee's Objection to *Motion to Seal Official Committee's Omnibus Objection and Supporting Exhibits* (RE: related document(s)127 Document) (Lambert, Lisa) |
| 12/23/2019 | 🌐 273 (7 pgs) Motion for leave *to Extend Deadline to Object to Motion for Relief of Stay of PensionDanmark* (related document(s) 218 Motion for relief from stay) Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/6/2020. (Hoffman, Juliana) |
| 12/24/2019 | 🌐 274 (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 🌐 275 (30 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 🌐 276 (6 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/25/2019 | 🌐 277 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)269 Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital |

| | |
|---|---|
| | Management, L.P.). Entered on 12/25/2019 (Balance, N/A). No. of Notices: 1. Notice Date 12/23/2019. (Admin.) |
| 12/26/2019 | 🔘 278  (5 pgs) Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/26/2019 | 🔘 279  (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration of Ordinary Course Professional; 3) Declaration of Marc D. Katz* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)266 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 267 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 268 Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/27/2019 | 🔘 280  (13 pgs) Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/27/2019 | 🔘 281  (100 pgs; 4 docs) Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Hayward, Melissa) |
| 12/27/2019 | 🔘 282  (10 pgs; 2 docs) Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) (Hayward, Melissa) |
| 12/27/2019 | 🔘 283  (5 pgs; 2 docs) Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Hayward, Melissa) |
| 12/28/2019 | 🔘 284  (61 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/28/2019 | 🔘 285  (28 pgs; 2 docs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF |

| | |
|---|---|
| | JERNIGAN (Hayward, Melissa)]. Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/30/2019 | 📄 286 (123 pgs) Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. (Pomerantz, Jeffrey) |
| 12/30/2019 | 📄 287 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, (Hayward, Melissa) |
| 12/31/2019 | 📄 288 (3 pgs) Certificate No Objection to Retention of Sidley Austin LLP filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/31/2019 | 📄 289 (9 pgs) Debtor-in-possession monthly operating report for filing period November 1, 2019 to November 30, 2019 filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/31/2019 | 📄 290 (3 pgs) Certificate No Objection to Retention of FTI Consulting, Inc. filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 12/31/2019 | 📄 291 (2 pgs) Order granting motion for expedited hearing (Related Doc# 283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019. (Whitaker, Sheniqua) |
| 01/02/2020 | 📄 292 (5 pgs) Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration Alexander G. McGeoch in Support of Hunton Andrews Kurth LLP as Ordinary Course Professional; 3) Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)274 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 275 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 276 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 📄 293 (5 pgs) Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)278 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| 01/02/2020 | 🌐 294  (3 pgs) Certificate Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document)226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co-Counsel) Nunc Pro Tunc)*. (Hoffman, Juliana) |
|---|---|
| 01/02/2020 | 🌐 295  (2 pgs) Notice of Appearance and Request for Notice by Edwin Paul Keiffer filed by Interested Party Hunter Mountain Trust. (Keiffer, Edwin) |
| 01/02/2020 | 🌐 296  (14 pgs) Certificate of service re: *Documents Served on December 27, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)280 Motion for protective order*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors, 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) filed by Debtor Highland Capital Management, L.P., 282 Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P., 283 Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | 🌐 297  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)291 Order granting motion for expedited hearing (Related Doc283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.) No. of Notices: 2. Notice Date 01/02/2020. (Admin.) |
| 01/03/2020 | 🌐 298  (2 pgs) Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.) |
| 01/03/2020 | 🌐 299  (4 pgs) Motion to extend time to (RE: related document(s)273 Motion for leave) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/8/2020. (Hoffman, Juliana) |
| 01/03/2020 | 🌐 300  (1 pg) Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document # 222) Entered on 1/3/2020. (Okafor, M.) |
| 01/03/2020 | 🌐 301  (2 pgs) Order granting the joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (related document # 273). The Committee and the Debtor shall have until January 6, 2020 to object to PensionDanmarks Stay Relief Motion Entered on 1/3/2020. (Okafor, M.) |
| 01/05/2020 | 🌐 302  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)298 Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.)) No. of Notices: 45. Notice Date 01/05/2020. (Admin.) |
| 01/05/2020 | 🌐 303  (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)300 Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document 222) Entered on 1/3/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/05/2020. (Admin.) |
| 01/06/2020 | 🌐 304  (2 pgs) Order granting 299 joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (Re: related document(s) 299 Motion to extend time to (RE: related document(s)273 Motion for leave)) Entered on 1/6/2020. (Okafor, M.) |

| | |
|---|---|
| 01/06/2020 | 🌐 305  (3 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Annable, Zachery) |
| 01/06/2020 | 🌐 306  (4 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Annable, Zachery) |
| 01/06/2020 | 🌐 307  (10 pgs) Trustee's Objection to *Joint Motion for Entry of an Order Approving the Agreed Protective Order* (RE: related document(s)280 Motion for protective order) (Lambert, Lisa) |
| 01/06/2020 | 🌐 308  (4 pgs) Motion to appear pro hac vice for Asif Attarwala. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 309  (4 pgs) Motion to appear pro hac vice for Kimberly A. Posin. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 310  (4 pgs) Motion to appear pro hac vice for Andrew Clubok. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 🌐 311  (3 pgs) Motion to appear pro hac vice for Kuan Huang. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 308). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 309). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 310). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 311). (U.S. Treasury) |
| 01/06/2020 | 🌐 312  (25 pgs; 2 docs) Response opposed to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.) filed by Interested Party Jefferies LLC. (Attachments: # 1 Exhibit A) (Doherty, Casey) |
| 01/06/2020 | 🌐 313  (6 pgs) Trustee's Objection to *Motion to Approve Joint Agreement* (RE: related document(s)281 Motion to compromise controversy) (Lambert, Lisa) |

| | |
|---|---|
| 01/06/2020 | 314 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/06/2020 | 315 (6 pgs) Certificate of service re: *1) Notice of Hearing on Debtors Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to held on January 9, 2020 at 9:30 a.m. (CT); and 2) Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be held on January 9, 2020 at 9:30 a.m. (CT)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)284 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P., 285 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/06/2020 | 316 (12 pgs) Certificate of service re: *1) Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from November 1, 2019 Through November 30, 2019; 2) Notice of Hearing re: Motion of the Debtor to Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course; to be Held on January 9, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. filed by Debtor Highland Capital Management, L.P., 287 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/07/2020 | 317 (1 pg) Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document # 308) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 318 (1 pg) Order granting motion to appear pro hac vice adding Kimberly A. Posin for UBS AG London Branch and UBS Securities LLC (related document # 309) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 319 (1 pg) Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.). |

| | |
|---|---|
| 01/07/2020 | 🌐 320  (1 pg) Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document # 311) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | 🌐 321  (4 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/07/2020 | 🌐 322  (1 pg) Certificate of service re: Certificate of Service filed by Interested Party Jefferies LLC (RE: related document(s)312 Response). (Doherty, Casey) |
| 01/07/2020 | 🌐 323  (5 pgs) Notice of Appearance and Request for Notice *(Amended)* by Joseph E. Bain filed by Creditor Issuer Group. (Bain, Joseph) |
| 01/07/2020 | 🌐 324  (8 pgs) ***WITHDRAWN per docket # 467** Objection to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.*Limited Objection to Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group. (Bain, Joseph) Modified on 2/24/2020 (Ecker, C.). |
| 01/08/2020 | 🌐 325  (3 pgs) Motion to appear pro hac vice for James T. Bentley. Fee Amount $100 Filed by Creditor Issuer Group (Anderson, Amy) |
| 01/08/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27331269, amount $ 100.00 (re: Doc# 325). (U.S. Treasury) |
| 01/08/2020 | 🌐 326  (4 pgs) Notice *of Compliance with Local Bankruptcy Rule 2090-4* filed by Creditor Issuer Group. (Anderson, Amy) |
| 01/08/2020 | 🌐 327  (3 pgs) Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/08/2020 | 🌐 328  (3 pgs) Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, (Hoffman, Juliana) |
| 01/08/2020 | 🌐 329  (13 pgs; 2 docs) Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | 🌐 330  (5 pgs) Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | 🌐 331  (6 pgs) Certificate of service re: *Order Regarding Request for Expedited Hearing; to be Held on January 9, 2020 at 9:30 a.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson |

| | Consultants LLC (related document(s)291 Order granting Motion for expedited hearing(Related Doc 283) (document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019.). (Kass, Albert) |
|---|---|
| 01/08/2020 | 🌐 332 (8 pgs) Certificate of service re: *1) Amended Notice of Hearing on Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to be Held on January 21, 2020 at 9:30 a.m. (Central Time); 2) Amended Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)305 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, filed by Debtor Highland Capital Management, L.P., 306 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/09/2020 | 🌐 333 (1 pg) Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document # 325) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 334 (3 pgs) Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document # 206) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 335 (1 pg) Court admitted exhibits date of hearing 01/09/2020. DEBTOR EXHIBIT 1 ADMITTED. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) (Jeng, Hawaii) |
| 01/09/2020 | 🌐 336 (4 pgs) Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document # 205) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | 🌐 337 (3 pgs) Order granting application to employ Young Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.) Modified to correct Firm name on 1/13/2020 (Ecker, C.). |
| 01/09/2020 | 🌐 338 (8 pgs) Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Hayward, Melissa) |
| 01/09/2020 | 🌐 339 (5 pgs) Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document # 281) Entered on 1/9/2020. (Okafor, M.) |

HCMLPDT000604

| | |
|---|---|
| 01/09/2020 | 340  (20 pgs; 3 docs) Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) (Annable, Zachery) |
| 01/09/2020 | 341  (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)317 Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document 308) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/09/2020. (Admin.) |
| 01/09/2020 | 🌐  Hearing held on 1/9/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, I. Kharasch, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid and D. Tumi for Unsecured Creditors Committee; A. Chiarello and R. Patel for Asic; L. Lambert for UST; J. Bentley and J. Bain (both telephonically) for CLO and CDO Issuer Group; T. Mascherin and M. Hankin (telephonically) for Redeemer Committee; P. Maxcy (telephonically) for Jeffries. Evidentiary hearing. Motion granted. Counsel to upload appropriate form of order.) (Edmond, Michael) (Entered: 01/10/2020) |
| 01/10/2020 | 342  (13 pgs) Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document # 74) Entered on 1/10/2020. (Okafor, M.) |
| 01/10/2020 | 343  (70 pgs) Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. (Hoffman, Juliana) |
| 01/10/2020 | 344  (9 pgs) Certificate of service re: *Documents Served on January 8, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)327 Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 328 Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, filed by Creditor Committee Official Committee of Unsecured Creditors, 329 Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 330 Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/10/2020 | 345  (9 pgs) Certificate of service re: *Documents Served on January 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)334 Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document 206) Entered on 1/9/2020. (Okafor, M.), 336 Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document 205) Entered on 1/9/2020. (Okafor, M.), 337 Order granting application to employ Conway Stargatt & Taylor, LLP for Official |

Committee of Unsecured Creditors as Attorney (Co-Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.), 338 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Melissa S. Hayward # 2 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 01/10/2020 | 346 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)319 Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.).) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/10/2020 | 347 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)320 Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document 311) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/11/2020 | 348 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)333 Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document 325) Entered on 1/9/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/11/2020. (Admin.) |
| 01/12/2020 | 349 (16 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/12/2020. (Admin.) |
| 01/13/2020 | 350 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/13/2020 | 351 (11 pgs; 2 docs) Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/13/2020 | 352 (1 pg) DOCKET IN ERROR: Request for transcript regarding a hearing held on 1/9/2020. The requested turn-around time is daily. (Edmond, Michael) Modified on 1/21/2020 REQUEST WAS CANCELLED THE SAME DATE AS REQUESTED OF 1/13/2020. (Edmond, Michael). |
| 01/13/2020 | 353 (7 pgs) Objection to (related document(s): 270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee) |
| 01/14/2020 | 354 (65 pgs; 2 docs) Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) (Annable, Zachery) |

| 01/14/2020 | 🌐 355 (5 pgs) Certificate of service re: *Summary and First Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from October 29, 2019 to and Including November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
|---|---|
| 01/14/2020 | 🌐 356 (10 pgs) Certificate of service re: *Debtor's Motion for Entry of an Order Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/14/2020 | 🌐 357 (3 pgs) Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)271 Trustee's Motion to appoint trustee). (Lambert, Lisa) |
| 01/14/2020 | 🌐 358 (3 pgs) Witness and Exhibit List *in connection with Motion to Seal and Joint Motion for an Agreed Protective Order* filed by U.S. Trustee United States Trustee (RE: related document(s)10 Motion to file document under seal., 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order*). (Lambert, Lisa) |
| 01/15/2020 | 🌐 359 (4 pgs) Agreed Motion to continue hearing on (related documents 218 Motion for relief from stay) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 01/15/2020 | 🌐 360 (2 pgs) Withdrawal *of Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)76 Motion by Highland Capital Management, L.P..). (Hayward, Melissa) |
| 01/15/2020 | 🌐 361 (4 pgs) Order granting motion to continue hearing on (related document # 359) (related documents Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). It is hereby ORDERED that a hearing on the Stay Relief Motion shall be continued to a later date provided by the Court and mutually acceptable to the Parties. Entered on 1/15/2020. (Okafor, M.) |
| 01/15/2020 | 🌐 362 (13 pgs) Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/15/2020 | 🌐 363 (4 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by |

11/28/2019 (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Proposed Order # 4 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.), 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, (Annable, Zachery)

| | |
|---|---|
| 01/15/2020 | 364 (4 pgs) Objection to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 01/16/2020 | 365 (5 pgs) Certificate of service re: Objection to First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From October 16, 2019 Through November 30, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*). (Chiarello, Annmarie) |
| 01/16/2020 | 366 (4 pgs) Amended Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)357 List (witness/exhibit/generic)). (Lambert, Lisa) |
| 01/16/2020 | 367 (5 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, 69 Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). (Chiarello, Annmarie) |
| 01/16/2020 | 368 (11 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/17/2020 | 369 (47 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital |

Management, LP. (RE: related document(s)[912] Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document [74]) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # [1] Exhibit A--Staffing Report) (Annable, Zachery)

| 01/17/2020 | 🖱 [370] (9 pgs; 2 docs) Joint Motion to continue hearing on (related documents [68] Application to employ, [69] Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # [1] Proposed Order) (Annable, Zachery) |
|---|---|
| 01/17/2020 | 🖱 [371] (2 pgs) Order granting joint motion to continue hearing on (related document # [370]) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.) |
| 01/17/2020 | 🖱 [372] (3 pgs) Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)[362] Response). (Annable, Zachery) |
| 01/19/2020 | 🖱 [373] (12 pgs) Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)[368] Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 01/20/2020 | 🖱 [374] (13 pgs) Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)[368] Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.., [373] Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)[368] Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..).). (Annable, Zachery) |
| 01/21/2020 | 🖱 [375] (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to Be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)[229] Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/21/2020 | 🖱  Hearing held on 1/21/2020. (RE: related document(s)[271] Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.) (Edmond, Michael) |
| 01/21/2020 | 🖱  Hearing held on 1/21/2020. (RE: related document(s)[7] Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: [1] Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY |

FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.) (Edmond, Michael)

| | |
|---|---|
| 01/21/2020 | 🔵 376 (8 pgs) Certificate of service re: *Notice of Final Term Sheet* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)354 Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A--Final Term Sheet) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/21/2020 | 🔵 Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🔵 Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🔵 377 (8 pgs) Certificate of service re: *1) Objection of the Debtor to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee; and 2) Notice of Hearing; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)362 Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 363 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) |

(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #68 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.)., 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 01/21/2020 | 🌐  Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin & A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🌐  Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | 🌐 378  (27 pgs) Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. (Hoffman, Juliana) |

| | |
|---|---|
| 01/21/2020 | 🖱 383 (1 pg) Court admitted exhibits date of hearing January 21, 2020 (RE: related document(s)271 Trustee's Motion to appoint trustee filed by Lisa Lambert representing the U.S. Trustee) (Court Admitted U.S. Trustee's Exhibits #4, #5, #7, #8, #9, #10 and Took Judicial Notice of Exhibit #11) (Edmond, Michael) (Entered: 01/22/2020) |
| 01/22/2020 | 🖱 379 (6 pgs) Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document # 7) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🖱 380 (3 pgs) Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document # 177) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🖱 381 (3 pgs) Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document # 180) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🖱 382 (10 pgs) Agreed Order Granting Motion for Protective Order (related document # 280) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | 🖱 384 (3 pgs) Declaration re: *Notice / Declaration of Conor P. Tully in Support of the Retention of FTI Consulting, Inc.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 01/22/2020 | 🖱 385 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). (Annable, Zachery) |
| 01/22/2020 | 🖱 386 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). (Annable, Zachery) |
| 01/22/2020 | 🖱 387 (1 pg) Request for transcript regarding a hearing held on 1/21/2020. The requested turn-around time is hourly. (Edmond, Michael) (Entered: 01/23/2020) |
| 01/23/2020 | 🖱 388 (1 pg) Certificate of service re: First Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019 filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)384 Declaration). (Hoffman, Juliana) |
| 01/23/2020 | 🖱 389 (60 pgs) Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. (Hoffman, Juliana) |
| 01/23/2020 | 🖱 390 (2 pgs) Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of* |

*Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). (Hoffman, Juliana)

| 01/23/2020 | 🔵 [391](#) (1 pg) Certificate of service re: Final Fee Application *on behalf of Young Conaway Stargatt & Taylor, LLP* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)[389](#) Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
|---|---|
| 01/24/2020 | 🔵 [392](#) (103 pgs) Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. (Pomerantz, Jeffrey) |
| 01/24/2020 | 🔵 [393](#) (140 pgs) Transcript regarding Hearing Held 01/21/2020 (140 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/23/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) Hearing held on 1/21/2020. (RE: related document(s)[271](#) Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.), Hearing held on 1/21/2020. (RE: related document(s)[7](#) Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # [1](#) Exhibit A - Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)[177](#) Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A - Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)[180](#) Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A - Proposed Order # 3 Exhibit B - Declaration of John Dempsey in Support # 4 Exhibit C - Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; |

A. Attarwala (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.)). Transcript to be made available to the public on 04/23/2020. (Rehling, Kathy)

| | |
|---|---|
| 01/24/2020 | 394 (28 pgs) Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland) |
| 01/24/2020 | 395 (11 pgs; 2 docs) Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 01/24/2020 | 396 (8 pgs) Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/24/2020 | 397 (17 pgs; 3 docs) Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence) (Annable, Zachery) |
| 01/24/2020 | 398 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/24/2020. (Admin.) |
| 01/24/2020 | 399 (8 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment |

| | |
|---|---|
| | requirements, and (ii) Granting Related Relief Filed by Highland Capital Management, L.P. (related document 7) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 44. Notice Date 01/24/2020. (Admin.) |
| 01/27/2020 | 🌐 400  (10 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/27/2020 | 🌐 401  (8 pgs) Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🌐 402  (9 pgs) Certificate of service re: *Documents Served on January 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)369 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) filed by Debtor Highland Capital Management, L.P., 370 Joint Motion to continue hearing on (related documents 68 Application to employ, 69 Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 371 Order granting joint motion to continue hearing on (related document 370) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.), 372 Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 🌐 403  (13 pgs) Certificate of service re: *Documents Served on or before January 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.). filed by Debtor Highland Capital Management, L.P., 374 Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.).). filed by Debtor Highland Capital Management, L.P., 378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |

| | |
|---|---|
| 01/27/2020 | 404 (11 pgs) Certificate of service re: *Documents Served on January 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.), 380 Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document 177) Entered on 1/22/2020. (Okafor, M.), 381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.), 382 Agreed Order Granting Motion for Protective Order (related document 280) Entered on 1/22/2020. (Okafor, M.), 385 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). filed by Debtor Highland Capital Management, L.P., 386 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 405 (11 pgs) Debtor-in-possession monthly operating report for filing period 10/16/2019 to 10/31/2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/27/2020 | 406 (10 pgs; 3 docs) Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) (Annable, Zachery) |
| 01/27/2020 | 407 (4 pgs) Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 01/27/2020 | 408 (3 pgs) Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 01/28/2020 | 409 (3 pgs) Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document and 127 Motion ). Entered on 1/28/2020 (Okafor, M.). Modified linkage on 2/11/2020 (Okafor, M.). |
| 01/28/2020 | 410 (3 pgs) Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc# 396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.) |
| 01/28/2020 | 411 (2 pgs) Notice of Appearance and Request for Notice by Shawn M. Christianson Filed by Creditor Oracle America, Inc.. (Christianson, Shawn) |

| | |
|---|---|
| 01/28/2020 | 🌐 412 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, (Annable, Zachery) |
| 01/29/2020 | 🌐 413 (5 pgs) Certificate of service re: *1) First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co- Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020; 2) Notice of First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 390 Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co-Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/29/2020 | 🌐 414 (11 pgs) Certificate of service re: *Documents Served on January 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. filed by Debtor Highland Capital Management, L.P., 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland), 395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 396 Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B-- Email Correspondence) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | 🌐 415 (10 pgs) Certificate of service re: *Documents Served on January 27, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)406 Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1--Updated OCP List # 2 Exhibit 2--Blackline OCP List) filed by Debtor Highland Capital Management, L.P., 407 Declaration re: *(Disclosure Declaration of Ordinary Course Professional--Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 408 Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the* |

| | |
|---|---|
| | *Setting Motion" and/or Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | 416 (6 pgs) Certificate of service re: *Documents Served on January 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)409 Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document). Entered on 1/28/2020 (Okafor, M.), 410 Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.), 412 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/31/2020 | 417 (47 pgs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 01/31/2020 | 418 (9 pgs) Debtor-in-possession monthly operating report for filing period December 1, 2019 to December 31, 2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/31/2020 | 419 (10 pgs; 2 docs) Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 420 (82 pgs; 3 docs) Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) (Hoffman, Juliana) |
| 01/31/2020 | 421 (36 pgs; 4 docs) Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 422 (7 pgs) Motion for expedited hearing(related documents 421 Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 02/02/2020 | 423 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $7). (Hoffman, Juliana) |

| | |
|---|---|
| 02/03/2020 | 🖱 424 (3 pgs) Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/04/2020 | 🖱 425 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associate). (Hayward, Melissa)* |
| 02/04/2020 | 🖱 426 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, (Annable, Zachery) |
| 02/05/2020 | 🖱 427 (2 pgs) Order granting motion for expedited hearing (Related Doc# 422)(document set for hearing: 421 Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, Entered on 2/5/2020. (Okafor, M.) |
| 02/05/2020 | 🖱 428 (2 pgs) Order denying motion to appoint trustee. (related document # 271) Entered on 2/5/2020. (Okafor, M.) |
| 02/06/2020 | 🖱 429 (2 pgs) Order granting 419 Motion to Extend Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.) |
| 02/06/2020 | 🖱 430 (11 pgs) Certificate of service re: *Documents Served on January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)417 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 419 Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 420 Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) filed by Creditor Committee Official Committee of Unsecured Creditors, 421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order) filed by Debtor Highland Capital Management, L.P., 422 Motion for expedited hearing(related documents 421 Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/06/2020 | 🖱 431 (6 pgs) Certificate of service re: *Notice of Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and* |

| | Manner of Notice Thereof) Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)426 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Form of Bar Date Notice # 2 Exhibit B--Form of Publication Notice # 3 Exhibit C--Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 02/06/2020 | 🖫 432  (5 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/07/2020 | 🖫 433  (1 pg) Clerk's correspondence requesting an order or a notice of hearing from attorney for debtor. (RE: related document(s)Application for compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019 for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)) Responses due by 2/14/2020. (Ecker, C.) |
| 02/10/2020 | 🖫 434  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure)). (Hayward, Melissa) |
| 02/10/2020 | 🖫 435  (3 pgs) Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document # 340) Entered on 2/10/2020. (Okafor, M.) |
| 02/10/2020 | 🖫 436  (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/10/2020 | 🖫 437  (3 pgs) Notice *(Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 02/10/2020 | 🖫 438  (3 pgs) **WITHDRAWN by document # 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019 for* Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 |

| | Counsel to O'Neil (Donald)). Hearing to be held on 3/11/2020 at 9:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). |
|---|---|
| 02/11/2020 | 🌎 439  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)67 Motion by Highland Capital Management, L.P..). (Annable, Zachery) |
| 02/12/2020 | 🌎 440  (6 pgs) Certificate of service re: *1) Order Granting Motion for Expedited Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and Manner of Notice Thereof; to be Held on February 19, 2020 at 9:30 a.m. (Central Time); 2) Order Denying United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)427 Order granting motion for expedited hearing (Related Doc422)(document set for hearing: 421 Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, Entered on 2/5/2020. (Okafor, M.), 428 Order denying motion to appoint trustee. (related document 271) Entered on 2/5/2020. (Okafor, M.)). (Kass, Albert) |
| 02/12/2020 | 🌎 441  (6 pgs) Certificate of service re: *Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)429 Order granting 419 Motion to Extend Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.)). (Kass, Albert) |
| 02/12/2020 | 🌎 442  (32 pgs) Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. (Hoffman, Juliana) |
| 02/12/2020 | 🌎 443  (3 pgs) Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). (Annable, Zachery) |
| 02/12/2020 | 🌎 444  (3 pgs) Certificate No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $32). (Hoffman, Juliana) |
| 02/13/2020 | 🌎 445  (6 pgs) Certificate of service re: *1) Order Authorizing and Approving Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel; 2) Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date; and 3) Notice of Hearing re: First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through November 30, 2019; to be Held on March 11, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)435 Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document 340) Entered on 2/10/2020. (Okafor, M.), 437 Notice *(Notice of Withdrawal of Debtor's* |

*Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A - Hurst Declaration # 3 Exhibit B - Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 438 **WITHDRAWN by document 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 02/13/2020 | 446 (6 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel. (Chiarello, Annmarie) |
| 02/13/2020 | 447 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period). (Annable, Zachery) |
| 02/13/2020 | 448 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)*). (Annable, Zachery) |
| 02/13/2020 | 449 (10 pgs) Certificate of service re: *1) Second Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2019 to and Including December 31, 2019; 2) Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor from the Period from October 16, 2019 Through November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, Financial Advisor FTI Consulting, Inc., 443 Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation - *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/14/2020 | 450 (7 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as* |

| | *co-counsel for Official Committee of Unsecured Creditors, Creditor Comm. Key, Perng (Hoffman, Juliana)* |
|---|---|
| 02/14/2020 | 🖥 451  (49 pgs; 4 docs) Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration)) (Shaw, Brian) |
| 02/14/2020 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27457656, amount $ 181.00 (re: Doc# 451). (U.S. Treasury) |
| 02/14/2020 | 🖥 452  (2 pgs) Notice of hearing filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)451 Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration))). Preliminary hearing to be held on 3/11/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Shaw, Brian) |
| 02/14/2020 | 🖥 453  (8 pgs) Objection to (related document(s): 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee)* |
| 02/14/2020 | 🖥 454  (4 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). (Annable, Zachery) |
| 02/17/2020 | 🖥 455  (10 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/18/2020 | 🖥 456  (4 pgs) Notice *of Withdrawal of Objection* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)124 Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Hoffman, Juliana) |
| 02/18/2020 | 🖥 457  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/). (Annable, Zachery) |
| 02/19/2020 | 🖥 458  (3 pgs) Order granting first and final application for compensation (related document # 389) granting for Young Conaway Stargatt & Taylor, LLP as co-counsel for Official Committee of Unsecured Creditors, fees awarded: $272300.00, expenses awarded: $8855.56 Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 🖥 459  (2 pgs) Order granting 351 Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 🖥 460  (2 pgs) Order granting 395 Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 🖥 461  (4 pgs) Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related |

| | Relief (related document #42) Entered on 2/19/2020. (Okafor, Ada) |
|---|---|
| 02/19/2020 | 🌐 462 (1 pg) Court admitted exhibits date of hearing February 19, 2020 (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P., (Court Admitted Debtors/Plaintiffs Exhibits #1, #2, #3, #4, #5, #6, #7 #8, & #9; Also Admitted Defendant/Respondent Exhibits #16 & #27 only). (Edmond, Michael) |
| 02/19/2020 | 🌐 463 (1 pg) Request for transcript regarding a hearing held on 2/19/2020. The requested turn-around time is hourly (Jeng, Hawaii) |
| 02/19/2020 | 🌐 Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted.(Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | 🌐 Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court heard reports that carryover issues are being resolved.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | 🌐 Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Discussion of prior order on sealing motion and court clarified its intent.) (Edmond, Michael) (Entered: 02/25/2020)* |
| 02/19/2020 | 🌐 Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.,) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 02/25/2020) |

| | |
|---|---|
| 02/19/2020 | 🔘 Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/20/2020 | 🔘 464  (119 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. (Pomerantz, Jeffrey) |
| 02/20/2020 | 🔘 465  (27 pgs; 2 docs) Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.60. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A December 2019 Fee Statement) (Annable, Zachery) |
| 02/21/2020 | 🔘 466  (30 pgs; 3 docs) Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document 281) Entered on 1/9/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Amended Operating Protocols # 2 Exhibit B--Redline of Amended Operating Protocols) (Annable, Zachery) |
| 02/21/2020 | 🔘 467  (4 pgs) Withdrawal *of Limited Objection to Motion of the Debtor for Approval of Settlement with The Official Committee Of Unsecured Creditors regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group (RE: related document(s)324 Objection). (Bain, Joseph) |
| 02/21/2020 | 🔘 468  (5 pgs) Certificate of service re: Objection to Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From December 1, 2019 through December 31, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20). (Chiarello, Annmarie)* |
| 02/21/2020 | 🔘 469  (6 pgs) Certificate of service re: *Debtor's Witness and Exhibit List in Connection with its Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)454 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/21/2020 | 🔘 470  (10 pgs) Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)455 Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 02/21/2020 | 🌐 471 (8 pgs) Certificate of service re: *1) Order Extending Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; 2) Order Granting Debtors Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(D) and Local Rule 3016-1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 3) Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. § 1505 and (II) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)459 Order granting 351 Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.), 460 Order granting 395 Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.), 461 Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief (related document 67) Entered on 2/19/2020. (Okafor, M.)). (Kass, Albert) |
| 02/23/2020 | 🌐 472 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)420 Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee). (Hoffman, Juliana) |
| 02/24/2020 | 🌐 473 (4 pgs) Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document # 218) Entered on 2/24/2020. (Okafor, M.) |
| 02/24/2020 | 🌐 474 (866 pgs; 8 docs) Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Annable, Zachery) |
| 02/24/2020 | 🌐 475 (8 pgs; 2 docs) Motion for expedited hearing(related documents 474 Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 02/24/2020 | 🌐 476 (3 pgs) Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/25/2020 | 🌐 477 (2 pgs) Order granting motion for expedited hearing (Related Doc# 475)(document set for hearing: 474 Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, Entered on 2/25/2020. (Okafor, M.) |
| 02/25/2020 | 🌐 478 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, (Annable, Zachery) |
| 02/26/2020 | 🌐 479 (188 pgs) Transcript regarding Hearing Held 02/19/2020 (188 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel |

filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted., Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court heard reports that carryover issues are being resolved.), Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Discussion of prior order on sealing motion and court clarifies its intent.), Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.), Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.)). Transcript to be made available to the public on 05/26/2020. (Rehling, Kathy)*

| | |
|---|---|
| 02/26/2020 | 480 (5 pgs) Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; 2) First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 1, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. filed by Debtor Highland Capital Management, L.P., 465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the* |

| | |
|---|---|
| | *Debtor Joint Fee Period from December 10 to December 31, 2019* filing fee of $1,859.00. H&A Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.60. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A December 2019 Fee Statement)). (Kass, Albert) |
| 02/26/2020 | 🔘 481 (6 pgs) Certificate of service re: *Notice of Debtor's Amended Operating Protocols* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)466 Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document 281) Entered on 1/9/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Amended Operating Protocols # 2 Exhibit B--Redline of Amended Operating Protocols) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/26/2020 | 🔘 482 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)473 Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document 218) Entered on 2/24/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 02/26/2020. (Admin.) |
| 02/27/2020 | 🔘 483 (79 pgs; 3 docs) Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Crawford Declaration # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 02/28/2020 | 🔘 484 (5 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). (Annable, Zachery) |
| 02/28/2020 | 🔘 485 (4 pgs; 2 docs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit A--OCP Tracking Report) (Annable, Zachery) |
| 03/02/2020 | 🔘 486 (39 pgs; 3 docs) Response opposed to (related document(s): 474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Interested Party California Public Employees Retirement System (CalPERS). (Attachments: # 1 Exhibit A - Purchase and Sale Agreement # 2 Exhibit B - Assignment and Assumption Agreement) (Shriro, Michelle) |
| 03/02/2020 | 🔘 487 (14 pgs) Objection to (related document(s): 474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 03/02/2020 | 🔘 488 (18 pgs) Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor Highland Capital Management, L.P.(related document # 421) The General Bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.) |

HCMLPDT000628

| 03/02/2020 | 489 (9 pgs) Joinder by *Acis Capital Management, L.P. and Acis Capital Management GP, LLC to the Committee's Objection to the Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities," and Comment to the Same* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)487 Objection). (Enright, Jason) |
|---|---|
| 03/02/2020 | 490 (4 pgs) Motion to appear pro hac vice for Louis J. Cisz, III. Fee Amount $100 Filed by Interested Party California Public Employees Retirement System (CalPERS) (Shriro, Michelle) |
| 03/02/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27511024, amount $ 100.00 (re: Doc# 490). (U.S. Treasury) |
| 03/02/2020 | 491 (6 pgs) Certificate of service re: *1) Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A-- Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., 475 Motion for expedited hearing(related documents 474 Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | 492 (6 pgs) Certificate of service re: *1) Order Granting Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Notice of Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; to be Held on March 4, 2020 at 1:30 p.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)477 Order granting motion for expedited hearing (Related Doc475)(document set for hearing: 474 Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, Entered on 2/25/2020. (Okafor, M.), 478 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | 493 (6 pgs) Certificate of service re: *1) Witness and Exhibit List for March 4, 2020 Hearing; 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)484 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). filed by Debtor Highland Capital Management, L.P., 485 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit A--OCP Tracking Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | |

| | |
|---|---|
| 03/02/2020 | 🔘 494 (4 pgs) Objection to (related document(s): 451 Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)*(Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/02/2020 | 🔘 495 (3 pgs) Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)487 Objection). (Hoffman, Juliana) |
| 03/02/2020 | 🔘 496 (5 pgs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). (Enright, Jason) |
| 03/03/2020 | 🔘 497 (9 pgs) Debtor-in-possession monthly operating report for filing period January 1, 2020 to January 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/03/2020 | 🔘 498 (6 pgs) Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 03/04/2020 | 🔘 499 (10 pgs) Reply to (related document(s): 487 Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 03/04/2020 | 🔘 500 (1 pg) Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document # 490) Entered on 3/4/2020. (Okafor, M.) |
| 03/04/2020 | 🔘 501 (65 pgs) Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. (Hoffman, Juliana) |
| 03/04/2020 | 🔘 Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception- Mark Okada may be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/04/2020 | 🔘 504 (1 pg) Court admitted exhibits date of hearing March 4, 2020 (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") Filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, & #12) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/05/2020 | 🔘 502 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)442 Application for compensation *Second Monthly Application for* |

*Allowance of Compensation and Reimbursement of Expenses for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12). (Hoffman, Juliana)*

| 03/05/2020 | 🔊 503 (1 pg) Request for transcript regarding a hearing held on 3/4/2020. The requested turn-around time is daily (Jeng, Hawaii) |
|---|---|
| 03/06/2020 | 🔊 505 (3 pgs) Notice of Appearance and Request for Notice by John Y. Bonds III filed by Interested Party James Dondero. (Bonds, John) |
| 03/06/2020 | 🔊 506 (3 pgs) Notice of Appearance and Request for Notice by Bryan C. Assink filed by Interested Party James Dondero. (Assink, Bryan) |
| 03/06/2020 | 🔊 507 (3 pgs) Motion to appear pro hac vice for Jeffrey Bjork. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) Modified to correct attorney name on 3/6/2020 (Ecker, C.). |
| 03/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27531772, amount $ 100.00 (re: Doc# 507). (U.S. Treasury) |
| 03/06/2020 | 🔊 508 (2 pgs) Witness and Exhibit List filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)451 Motion for relief from stay Fee amount $181,). (Shaw, Brian) |
| 03/06/2020 | 🔊 509 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)500 Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document 490) Entered on 3/4/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/06/2020. (Admin.) |
| 03/10/2020 | 🔊 510 (1 pg) Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document # 507) Entered on 3/10/2020. (Okafor, M.) |
| 03/11/2020 | 🔊 511 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | 🔊 512 (4 pgs) Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc # 474) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | 🔊 513 (4 pgs) Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document # 68) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | 🔊 514 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | 🔊 Hearing held on 3/11/2020. (RE: related document(s)451 Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (Appearances: M. Hayward for Debtor; B Shaw for Movants; J. Hoffman for UCC; M. Platt (and M. Hankin telephonically) for Redeemer Committee; J. Bonds for J. Dondero; A. |

4 (Orders for certain issuers: Evidentiary hearing: Motion granted. Counsel to upload order.) (Edmond, Michael)

| 03/11/2020 | 📄 515 (55 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI January 2020 Staffing Report) (Annable, Zachery) |
|---|---|
| 03/11/2020 | 📄 516 (1 pg) Court admitted exhibits date of hearing March 11, 2020 (RE: related document(s)451 Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (COURT ADMITTED PLAINTIFF EXHIBIT'S #M1, #M2 & #M3). (Edmond, Michael) |
| 03/12/2020 | 📄 517 (44 pgs) Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. (Hoffman, Juliana) |
| 03/12/2020 | 📄 518 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)510 Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document 507) Entered on 3/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/12/2020. (Admin.) |
| 03/13/2020 | 📄 519 (2 pgs) Order granting motion for relief from stay by Jennifer G. Terry , Joshua Terry (related document # 451) Entered on 3/13/2020. (Okafor, M.) |
| 03/13/2020 | 📄 520 (4 pgs) BNC certificate of mailing. (RE: related document(s)511 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C - Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 📄 521 (4 pgs) BNC certificate of mailing. (RE: related document(s)514 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 📄 522 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 📄 523 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/14/2020 | 📄 524 (6 pgs) Certificate of service re: *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)488 Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor |

| | Highland Capital Management, L.P.. (related document(s) 229) General bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.)). (Kass, Albert) |
|---|---|
| 03/14/2020 | 525 (10 pgs) Certificate of service re: *Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 494 Objection to (related document(s): 451 Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)(*Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/14/2020 | 526 (5 pgs) Certificate of service re: *Third Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/16/2020 | 527 (2 pgs) Notice of Appearance and Request for Notice by David G. Adams filed by Creditor United States (IRS). (Adams, David) |
| 03/16/2020 | 528 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland C). (Annable, Zachery) |
| 03/17/2020 | 529 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward). (Annable, Zachery) |
| 03/17/2020 | 530 (163 pgs) Certificate of service re: *Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 531 (6 pgs) Certificate of service re: *1) Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain Related Entities; 2) Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; 3) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 Through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.), 513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.), 515 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI January 2020 Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 532 (5 pgs) Certificate of service re: *Third Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s) 517 |

| | |
|---|---|
| | Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 03/18/2020 | 🖱 533 (5 pgs) Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/18/2020 | 🖱 534 (5 pgs) Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/19/2020 | 🖱 535 (119 pgs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. (Pomerantz, Jeffrey) |
| 03/19/2020 | 🖱 536 (53 pgs; 2 docs) Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--January 2020 Invoice) (Annable, Zachery) |
| 03/19/2020 | 🖱 537 (81 pgs) Notice *of Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 03/20/2020 | 🖱 538 (33 pgs; 2 docs) Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🖱 539 (34 pgs; 2 docs) Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🖱 540 (35 pgs; 2 docs) Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | 🖱 541 (31 pgs; 2 docs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley |

as Debtor's Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $8602.50, Expenses: $1,794.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)

| | |
|---|---|
| 03/20/2020 | 🌐 542 (52 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. (Hoffman, Juliana) |
| 03/22/2020 | 🌐 543 (5 pgs) Stipulation by Highland Capital Management, L.P., UBS AG London Branch, UBS Securities LLC and. filed by Debtor Highland Capital Management, L.P., Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)488 Order on motion for leave). (Manns, Ryan) |
| 03/23/2020 | 🌐 544 (36 pgs) Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. (Hoffman, Juliana) |
| 03/23/2020 | 🌐 545 (4 pgs) Motion to extend time to file objection (Agreed Motion) (RE: related document(s)483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 03/23/2020 | 🌐 546 (3 pgs) Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/25/2020 | 🌐 547 (5 pgs) Joint Stipulation and Order Extending Bar Date for UBS Securities LLC and UBS AG London Branch (RE: related document(s)543 Stipulation filed by Debtor Highland Capital Management, L.P., Interested Party UBS Securities LLC, Interested Party UBS AG London Branch). Entered on 3/25/2020 (Okafor, M.) |
| 03/25/2020 | 🌐 548 (3 pgs) Agreed Order Extending the Deadline to Object to the Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief (Related documents # 545 Motion to extend and 483 Application to employ Deloitte Tax LLP) Entered on 3/25/2020. (Okafor, M.) |
| 03/26/2020 | 🌐 549 (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569). (Hoffman, Juliana) |
| 03/26/2020 | 🌐 550 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)483 Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date;).* (Annable, Zachery) |
| 03/27/2020 | 🌐 551 (6 pgs) Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document # 483) Entered on 3/27/2020. (Okafor, M.) |
| 03/27/2020 | 🌐 552 (3 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |

| | |
|---|---|
| | 🖥 <u>553</u> (10 pgs) Certificate of service re: *1) Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 Through February 29, 2020; 2) Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; and 3) Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>535</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. filed by Debtor Highland Capital Management, L.P., <u>536</u> Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A--January 2020 Invoice), <u>537</u> Notice of *Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/27/2020 | |
| | 🖥 <u>554</u> (8 pgs) Certificate of service re: *Documents Served on or Before March 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>538</u> Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, <u>539</u> Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, <u>540</u> Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, <u>541</u> Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $86,276.50, Expenses: $1,994.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, <u>542</u> Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/27/2020 | |
| 03/27/2020 | 🖥 <u>555</u> (10 pgs) Certificate of service re: *1) Fourth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2020 to and Including February 29, 2020; 2) Agreed Motion to Extend Objection Deadline for the Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>544</u> Application for compensation |

| | |
|---|---|
| | Fourth Monthly Application for Compensation and Reimbursement of Expenses for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. filed by Financial Advisor FTI Consulting, Inc., 545 Motion to extend time to file objection (Agreed Motion) (RE: related document(s)483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/31/2020 | 556  (6 pgs) Order approving stipulation permitting Brown Rudnick LLP to file a proof of claim after general bar date (RE: related document(s)552 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.) |
| 03/31/2020 | 557  (10 pgs; 2 docs) Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s)488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 04/02/2020 | 558  (9 pgs) Debtor-in-possession monthly operating report for filing period 02/01/2020 to 02/29/2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 04/02/2020 | 559  (5 pgs) Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/03/2020 | 560  (2 pgs) Order granting 557 Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.) |
| 04/03/2020 | 561  (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)517 Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00.). (Hoffman, Juliana) |
| 04/03/2020 | 562  (3 pgs) Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 563  (3 pgs) Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 564  (6 pgs) Certificate of service re: *1) Agreed Order: (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief; 2) Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.), 552 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/03/2020 | 565  (6 pgs) Certificate of service re: *1) Order Approving Stipulation Permitting Brown Rudnick LLP to File a Proof of Claim After the General Bar Date; 2) Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)556 Order approving stipulation permitting Brown Rudnick LLP to file a proof |

| | |
|---|---|
| | of Claim after general bar date (RE: related document(s)455 Stipulation) Filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.). 557 Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s)488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/06/2020 | 566 (4 pgs) Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |
| 04/06/2020 | 567 (49 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) (Annable, Zachery) |
| 04/07/2020 | 568 (3 pgs) Notice of hearing*(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/07/2020 | 569 (248 pgs) Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/07/2020 | 570 (110 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/08/2020 | 571 (121 pgs) Transcript regarding Hearing Held 03/04/20 RE: Motion hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 07/7/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; J. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception-Mark Okada will be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.)). Transcript to be made available to the public on 07/7/2020. (Bowen, James) |
| 04/08/2020 | 572 (4 pgs) Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)488 Order on motion for leave). (Bain, Joseph) |

| | |
|---|---|
| 04/09/2020 | 🌐 573  (34 pgs; 2 docs) Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--February 2020 Fee Statement) (Annable, Zachery) |
| 04/09/2020 | 🌐 574  (3 pgs) Certificate No Objection Regarding Fifth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From February 1, 2020 Through February 29, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)535 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nat). (Pomerantz, Jeffrey) |
| 04/10/2020 | 🌐 575  (6 pgs) Certificate of service re: *1) Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims; 2) Notice of May 26, 2020 Omnibus Hearing Date; to be Held on May 26, 2020 at 9:30 a.m. (Central Time); and 3) Notice of June 15, 2020 Omnibus Hearing Date; to be Held on June 15, 2020 at 1:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)560 Order granting 557 Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.), 562 Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 563 Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 🌐 576  (6 pgs) Certificate of service re: *1) First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date; and 2) Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)566 Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor Highland Capital Management, L.P., 567 Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 🌐 577  (5 pgs) Certificate of service re: *1) Summary Sheet and First Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019 Through and Including February 29, 2020; and 2) Summary Sheet and First Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019 Through and Including February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: |

| | 43.19,953.70, Expenses: 930,231.47. Filed by Objections due by 4/28/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
|---|---|
| 04/10/2020 | 🖰 578   (6 pgs) Certificate of service re: *Notice of July 8, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)568 Notice of hearing*(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 🖰 579   (6 pgs) Certificate of service re: *Joint Stipulation and [Proposed] Order Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)572 Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)488 Order on motion for leave). filed by Creditor Issuer Group). (Kass, Albert) |
| 04/10/2020 | 🖰 580   (12 pgs) Objection to (related document(s): 538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 539 Amended application for compensation Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 540 Application for compensation Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020< filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 541 Application for compensation Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20 filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie)* |
| 04/11/2020 | 🖰 581   (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)542 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: ◆). (Hoffman, Juliana) |
| 04/13/2020 | 🖰 582   (8 pgs; 2 docs) Motion for relief from stay - agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order) (Skolnekovich, Nicole) |
| 04/14/2020 | 🖰 583   (3 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62.). (Hoffman, Juliana) |
| 04/14/2020 | 🖰 584   (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)536 Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward &). (Annable, Zachery) |
| 04/14/2020 | 🖰 585   (1 pg) Notice of Appearance and Request for Notice Filed by Creditor American Express National Bank. (Bharatia, Shraddha) |

| | |
|---|---|
| 04/14/2020 | 🔘 586 (122 pgs) Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/5/2020. (Pomerantz, Jeffrey) |
| 04/15/2020 | 🔘 587 (5 pgs) Certificate of service re: *Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)573 Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--February 2020 Fee Statement) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 04/15/2020 | 🔘 588 (13 pgs) Certificate of service re: Omnibus Limited Objection to Applications for Compensation and Reimbursement of Expense of Foley Gardere, Foley & Lardner LLP as Special Counsel for the Period From October 16, 2019 Through February 29, 2020 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November,* 539 Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through,* 540 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020<,* 541 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20).* (Chiarello, Annmarie) |
| 04/15/2020 | 🔘 589 (2 pgs) Notice of hearing filed by Interested Party Hunton Andrews Kurth LLP (RE: related document(s)582 Motion for relief from stay - agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order)). Hearing to be held on 5/7/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 582, (Skolnekovich, Nicole) |
| 04/15/2020 | 🔘 590 (265 pgs; 12 docs) Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List) (Kane, John) |
| 04/17/2020 | 🔘 591 (3 pgs) Certificate of service re: *1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/17/2020 | 🔘 592 (54 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for March 2020) (Annable, Zachery) |
| 04/17/2020 | 🔘 593 (106 pgs; 7 docs) Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft |

| | |
|---|---|
| | Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order) (Shaw, Brian) |
| 04/17/2020 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27675692, amount $ 181.00 (re: Doc# 593). (U.S. Treasury) |
| 04/20/2020 | 594  (50 pgs) Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. (Hoffman, Juliana) |
| 04/21/2020 | 595  (5 pgs) Certificate of service re: *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)586 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/5/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/21/2020 | 596  (5 pgs) Certificate of service re: *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 04/21/2020 | 597  (6 pgs) Certificate of service re: *Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)592 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for March 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/22/2020 | Receipt Number 00338531, Fee Amount $3,601,018.59 (RE: Related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd,K) (Entered: 08/10/2020) |
| 04/23/2020 | Receipt Number 00338532, Fee Amount $898,075.53 (RE: related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 04/24/2020 | 598  (31 pgs; 2 docs) Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) (Annable, Zachery) |

| | |
|---|---|
| 04/24/2020 | 🔘 599 (53 pgs; 2 docs) Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax Engagement Letters) (Annable, Zachery) |
| 04/28/2020 | 🔘 600 (3 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 04/28/2020 | 🔘 601 (30 pgs; 2 docs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 04/28/2020 | 🔘 602 (108 pgs; 4 docs) Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland) |
| 04/28/2020 | 🔘 603 (10 pgs) Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax Engagement Letters) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/28/2020 | 🔘 604 (56 pgs; 3 docs) Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 🔘 605 (23 pgs; 3 docs) Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 🔘 606 (15 pgs; 2 docs) Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |

| 04/28/2020 | ⬤ 607 (587 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
|---|---|
| 04/28/2020 | ⬤ 608 (25 pgs) Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
| 04/28/2020 | ⬤ 609 (118 pgs; 2 docs) Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements) (Annable, Zachery) |
| 04/28/2020 | ⬤ 610 (5 pgs) Notice of hearing*Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 569 and for 607 and for 609 and for 570 and for 602 and for 608, (Pomerantz, Jeffrey) |
| 04/28/2020 | ⬤ 611 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B-- Proposed Order), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by |

| | |
|---|---|
| | for Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order), 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 605 and for 604 and for 606, (Annable, Zachery) |
| 04/28/2020 | 🔘 612  (3 pgs) Certificate of service re: *(Supplemental) 1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/29/2020 | 🔘 613  (1 pg) Clerk's correspondence requesting a notice of hearing from attorney for debtor. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland)) Responses due by 5/13/2020. (Ecker, C.) |
| 04/29/2020 | 🔘 614  (6 pgs) Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.) |
| 04/29/2020 | 🔘 615  (8 pgs) Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 04/30/2020 | 🔘 616  (3 pgs) Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.) |
| 05/01/2020 | 🔘 617  (3 pgs) Response unopposed to (related document(s): 593 Motion for relief from stay Fee amount $181, filed by Creditor Acis Capital Management GP, LLC, Creditor Acis Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 05/05/2020 | 🔘 618  (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 05/05/2020 | 🔘 619  (14 pgs) Certificate of service re: *Documents Served on April 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)600 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 602 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed |

Docket Order Entry #7 on claims of Atlas IDF, LP; claims of Foley Gardere, Foley &
Lardner LLP, 603 Certificate of service re: *1) Fourth Monthly Application for Compensation and
Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the
Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided
by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598
Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of
Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1,
2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to
3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates
PLLC (Attachments: # 1 Exhibit A--H&A March 2020 Invoice) filed by Other Professional Hayward &
Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by
Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting
application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related
document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--Deloitte Tax
Engagement Letters) filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent
Kurtzman Carson Consultants LLC, 604 Application to employ Hunton Andrews Kurth LLP as Special
Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton
Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland
Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B-
-Proposed Order) filed by Debtor Highland Capital Management, L.P., 605 Application to employ Wilmer
Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e)
and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the
Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc
Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1
Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order) filed by Debtor Highland Capital
Management, L.P., 606 Motion to extend or limit the exclusivity period (RE: related document(s)460
Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections
due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital
Management, L.P., 607 Application for compensation *First Interim Application for Compensation and
Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor
in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan
Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses:
$118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. filed by Debtor
Highland Capital Management, L.P., 608 Application for compensation *First Interim Application for
Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the
Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc.,
Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant
Mercer (US) Inc. Objections due by 5/19/2020. filed by Consultant Mercer (US) Inc., 609 Application for
compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and
Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for
Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00,
Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit
A--H&A Fee Statements) filed by Other Professional Hayward & Associates PLLC, 610 Notice of
hearing*Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of
Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related
document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for
Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor
Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by
Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for
Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period:
10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI
Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application
for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel
to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley &
Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04.
Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit
B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland), 607 Application for compensation
*First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl &
Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019
Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to
3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz

Objections due by 5/19/2020., *608* Application for compensation *Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., *609* Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A Fee Statements)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for *569* and for *607* and for *609* and for *570* and for *602* and for *608*, filed by Debtor Highland Capital Management, L.P., *611* Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)*604* Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Alexander McGeoch # 2 Exhibit B--Proposed Order), *605* Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order), *606* Motion to extend or limit the exclusivity period (RE: related document(s)*460* Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for *605* and for *604* and for *606*, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 05/05/2020 | 🔵 *620* (8 pgs; 2 docs) Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)*488* Order on motion for leave). (Attachments: # *1* Exhibit A--Employee Letter) (Annable, Zachery) |
| 05/05/2020 | 🔵 *621* (3 pgs) Certificate of No Objection Regarding Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020 filed by Other Professional Hayward & Associates PLLC (RE: related document(s)*573* Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward &). (Annable, Zachery) |
| 05/05/2020 | 🔵 *622* (3 pgs) Certificate No Objection Regarding Sixth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)*586* Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Po). (Pomerantz, Jeffrey) |
| 05/06/2020 | 🔵 *623* (4 pgs) Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document # *582*) Entered on 5/6/2020. (Okafor, M.) |
| 05/06/2020 | 🔵 *624* (16 pgs) Objection to (related document(s): *590* Motion to reclaim funds from the registry *[Motion for Remittance of Funds Held in Registry of Court]* filed by Creditor CLO Holdco, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 05/06/2020 | 🔵 *625* (2 pgs) Certificate of service re: Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)*624* Objection). (Hoffman, Juliana) |
| 05/06/2020 | 🔵 *626* (9 pgs) Certificate of service re: *1) Order Approving Second Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim after the General Bar Date; and 2) Agreed Motion to Extend by Sixty Days the* |

Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)614 Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.), 615 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| 05/06/2020 | 627 (7 pgs) Certificate of service re: *Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Property Lease by Sixty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)616 Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.)). (Kass, Albert) |
|---|---|
| 05/08/2020 | 628 (11 pgs) Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.) |
| 05/12/2020 | 629 (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,). (Hoffman, Juliana) |
| 05/13/2020 | 630 (16 pgs; 2 docs) Reply to (related document(s): 624 Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Service List) (Kane, John) |
| 05/13/2020 | 631 (7 pgs) Certificate of service re: *1) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020; and 2) Joint Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors Modifying the Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)618 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). filed by Debtor Highland Capital Management, L.P., 620 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Attachments: # 1 Exhibit A--Employee Letter) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/13/2020 | 632 (7 pgs) Certificate of service re: *Stipulation and Agreed Order Permitting Hunton Andrew Kurth LLP to Apply Prepetition Retaine* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)623 Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document 582) Entered on 5/6/2020. (Okafor, M.) filed by Interested Party Hunton Andrews Kurth LLP). (Kass, Albert) |
| 05/13/2020 | 633 (6 pgs) Certificate of service re: *Order Approving Joint Stipulation of the Debtor and the Official Committee of Unsecured Creditors Modifying Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)628 Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.)). (Kass, Albert) |

| | |
|---|---|
| 05/14/2020 | 📄 634  (9 pgs) Debtor-in-possession monthly operating report for filing period March 1, 2020 to March 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/15/2020 | 📄 635  (6 pgs; 2 docs) Notice of hearing filed by Creditor CLO Holdco, Ltd. (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List)). Hearing to be held on 6/30/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 590, (Attachments: # 1 Service List) (Kane, John) |
| 05/19/2020 | 📄 636  (3 pgs) Notice of Appearance and Request for Notice by Martin A. Sosland filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 05/19/2020 | 📄 637  (3 pgs) Notice of Appearance and Request for Notice by Candice Marie Carson filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Carson, Candice) |
| 05/19/2020 | 📄 638  (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 05/19/2020 | 📄 639  (51 pgs) Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | 📄 640  (52 pgs) Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | 📄 641  (19 pgs) Objection to (related document(s): 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie) |
| 05/20/2020 | 📄 642  (4 pgs) Trustee's Objection to *Foley & Lardner, LLP's First Interim Application for Fees and Expenses* (RE: related document(s)602 Application for compensation) (Lambert, Lisa) |
| 05/20/2020 | 📄 643  (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Asso). (Annable, Zachery) |
| 05/20/2020 | 📄 644  (373 pgs; 12 docs) Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K) (Sosland, Martin) |
| 05/20/2020 | 📄 645  (3 pgs) Notice of hearing filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic* |

| | |
|---|---|
| | Notice was filed with Adverse Court Action) (Received from Foley, see related parties Davis, London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 644, (Sosland, Martin) |
| 05/20/2020 | Receipt of filing fee for Motion for relief from stay(19-34054-sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27774088, amount $ 181.00 (re: Doc# 644). (U.S. Treasury) |
| 05/20/2020 | 646  (7 pgs) Order approving third stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/20/2020 (Okafor, M.) |
| 05/20/2020 | 647  (508 pgs; 18 docs) Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere,, 602 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit 9 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 20 # 13 Exhibit 21 # 14 Exhibit 22 # 15 Exhibit 23 # 16 Exhibit 24 # 17 Exhibit 25) (Chiarello, Annmarie) |
| 05/21/2020 | 648  (125 pgs) Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 6/11/2020. (Pomerantz, Jeffrey) |
| 05/22/2020 | 649  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20). (Annable, Zachery)* |
| 05/22/2020 | 650  (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (). (Annable, Zachery) |
| 05/22/2020 | 651  (7 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,). (Hoffman, Juliana) |
| 05/22/2020 | 652  (7 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09.). (Hoffman, Juliana) |
| 05/22/2020 | 653  (4 pgs) Declaration re: *(Second Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |

| | |
|---|---|
| 05/22/2020 | 🌐 654 (89 pgs) Witness and Exhibit List *for May 26, 2020 Hearing* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga, 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*, 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment, 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time), 607 Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20, 608 Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer (, 609 Application for compensation (Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At.* (Annable, Zachery) |
| 05/22/2020 | 🌐 655 (2 pgs) COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.) |
| 05/22/2020 | 🌐 656 (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's At). (Annable, Zachery) |
| 05/22/2020 | 🌐 657 (7 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time)). (Annable, Zachery) |
| 05/22/2020 | 🌐 658 (8 pgs) Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/23/2020 | 🌐 659 (3 pgs) Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment). (Annable, Zachery)* |
| 05/25/2020 | 🌐 660 (8 pgs) Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 05/26/2020 | 🌐 661 (3 pgs) Order granting application for compensation (related document # 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 🌐 662 (3 pgs) Order granting application for compensation (related document # 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. |

| | |
|---|---|
| 05/26/2020 | 663 (2 pgs) Order granting application for compensation (related document # 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 664 (2 pgs) Order granting application for compensation (related document # 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 665 (2 pgs) Amended Order granting application for compensation (related document # 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 666 (2 pgs) Amended Order granting application for compensation (related document # 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 667 (2 pgs) Order granting application for compensation (related document # 609) granting for Hayward & Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 668 (3 pgs) Order granting 606 Motion to extend or limit the exclusivity period. (Re: related document(s) Chapter 11 Plan due by 7/13/2020, Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 669 (3 pgs) Order granting application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document # 605) Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 670 (4 pgs) Order granting application for compensation (related document # 602) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded: $10,455.04 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; |

| | A. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order. (Edmond, Michael) (Entered: 05/27/2020) |
|---|---|
| 05/27/2020 | 🌐 671  (1 pg) Request for transcript (ruling only) regarding a hearing held on 5/26/2020. The requested turn-around time is daily (Jeng, Hawaii) |
| 05/28/2020 | 🌐 675  (40 pgs) Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. (Hoffman, Juliana) |
| 05/28/2020 | 🌐 676  (7 pgs) Transcript regarding Hearing Held 05/26/2020 (7 pgs.) RE: Fee Applications, Applications to Employ Nunc Pro Tunc, Motion to Extend Exclusivity (Excerpt: 10:00-10:06 a.m. Only). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.), 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.), 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order.). Transcript to be made available to the public on 08/26/2020. (Rehling, Kathy) |
| 05/28/2020 | 🌐 677  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)663 Order granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 05/28/2020. (Admin.) |
| 06/01/2020 | 🌐 678  (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 06/01/2020 | 🌐 679  (52 pgs; 2 docs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory |

amended Hearing-Related Exhibits for Standalone Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for April 2020) (Annable, Zachery)

| 06/01/2020 | 🌐 680 (16 pgs) Certificate of service re: *1) Third Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; 2) Summary Sheet and Sixth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020; and 3) Summary Sheet and Fifth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2020 to and Including March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)638 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 639 Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 6/9/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 640 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020. filed by Financial Advisor FTI Consulting, Inc.) (Kass, Albert) |
|---|---|
| 06/01/2020 | 🌐 681 (6 pgs) Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; and 2) Instructions for any counsel and parties who wish to participate in the Hearing [Attached hereto as Exhibit B]* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 660 Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/01/2020 | 🌐 682 (5 pgs) Certificate of service re: *Cover Sheet and Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 6/11/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/01/2020 | 🌐 683 (12 pgs) Certificate of service re: *Documents Served on May 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)653 Declaration re: *(Second Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor Highland Capital Management, L.P., 654 Witness and Exhibit List *for May 26, 2020 Hearing* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09., 602 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to* |

*the Debtor for the Period from October 16, 2019 through March 31, 20, Application to employ Hunton Andrews Kurth LLP as Special Counsel (Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment, 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time), 607 Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20, 608 Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer (, 609 Application for compensation (Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At). filed by Debtor Highland Capital Management, L.P., 655 COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.), 658 Notice (Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)*

---

06/02/2020 | 684 (1 pg) Clerk's correspondence requesting a notice of hearing from attorney for creditor. (RE: related document(s)593 Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order)) Responses due by 6/9/2020. (Ecker, C.)

---

06/02/2020 | 685 (7 pgs) Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.)

---

06/02/2020 | 686 (9 pgs) Debtor-in-possession monthly operating report for filing period April 1, 2020 to April 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery)

---

06/03/2020 | 687 (29 pgs) Response opposed to (related document(s): 644 Motion for relief from stay (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery)

---

06/03/2020 | 688 (149 pgs; 13 docs) Support/supplemental document(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)687 Response). (Attachments: # 1 Exhibit 1--UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # 2 Exhibit 2--UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # 3 Exhibit 3--UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # 4 Exhibit 4--NY D.I. 411: March 13, 2017 Decision # 5 Exhibit 5--NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # 6 Exhibit 6--NY D.I. 472: UBSs Pre-Trial Brief in Support of Bifurcation # 7 Exhibit 7--Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # 8 Exhibit 8--December 2, 2019 Email from the Debtors Pre-Petition Counsel to Counsel for UBS # 9 Exhibit 9--March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # 10 Exhibit 10--NY D.I. 320: UBSs Note of Issue Without Jury # 11 Exhibit 11--March 22, 2020 New York Administrative Order AO/78/20 # 12 Exhibit 12--May 26, 2020 Law360 Article (Excerpt Only)) (Annable, Zachery)

---

06/03/2020 | 689 (21 pgs; 3 docs) Motion to file document under seal.(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B--Protective Order Filed in State Court Litigation) (Annable, Zachery)

| | |
|---|---|
| 06/03/2020 | 🔘 690 (7 pgs) Objection to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 06/03/2020 | 🔘 691 (38 pgs; 5 docs) Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 06/03/2020 | 🔘 692 (106 pgs; 14 docs) Objection to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version (Pending Ruling on Motion to Seal at D.I. 691) of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit A (slip sheet, pending ruling on motion to seal) # 2 Exhibit Exhibit B slip sheet (pending ruling on motion to seal) # 3 Exhibit Exhibit C slip sheet (pending ruling on motion to seal) # 4 Exhibit Exhibit D slip sheet (pending ruling on motion to seal) # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H slip sheet (pending ruling on motion to seal) # 9 Exhibit Exhibit I slip sheet (pending ruling on motion to seal) # 10 Exhibit Exhibit J # 11 Exhibit Exhibit L # 12 Exhibit Exhibit M # 13 Exhibit Exhibit N) (Platt, Mark) |
| 06/03/2020 | 🔘 693 (48 pgs) Support/supplemental document*Exhibit K* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)692 Objection). (Platt, Mark) |
| 06/03/2020 | 🔘 694 (4 pgs) Joinder by filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)692 Objection). (Shaw, Brian) |
| 06/04/2020 | 🔘 695 (3 pgs) Motion to appear pro hac vice for Robert J. Feinstein. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27814231, amount $ 100.00 (re: Doc# 695). (U.S. Treasury) |
| 06/04/2020 | 🔘 696 (37 pgs; 5 docs) Amended Motion to file document under seal.*AMENDED MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 06/04/2020 | 🔘 697 (9 pgs) Certificate of service re: *Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)660 Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/04/2020 | 🔘 698 (10 pgs) Certificate of service re: *Documents Served on May 26, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)661 Order granting application for compensation (related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.), 662 Order granting application for compensation (related document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.), 663 Order |

granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones
LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded:
$118,198.81 Entered on 5/26/2020. (Ecker, C.), 664 Order granting application for compensation (related
document 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69
Entered on 5/26/2020. (Ecker, C.), 665 Amended Order granting application for compensation (related
document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded:
$8,781.09 Entered on 5/26/2020. (Ecker, C.), 666 Amended Order granting application for compensation
(related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured
Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.),
667 Order granting application for compensation (related document 609) granting for Hayward &
Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker,
C.), 668 Order granting application for compensation (related document 606) Motion to extend or limit the exclusivity period. (Re: related document(s)
Chapter 11 Plan due by 7/13/2020, Entered on 5/26/2020. (Ecker, C.), 669 Order granting application to
employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document 605) Entered
on 5/26/2020. (Ecker, C.), 670 Order granting application for compensation (related document 602)
granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded:
$10,455.04 Entered on 5/26/2020. (Ecker, C.)). (Kass, Albert)

| | |
|---|---|
| 06/04/2020 | 699  (5 pgs) Certificate of service re: *Summary Sheet and Sixth Monthly Application of FTI Consulting for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 06/04/2020 | 700  (4 pgs; 2 docs) Motion to redact/restrict Restrict From Public View (related document(s):692) (Fee Amount $25) Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Proposed Order) (Platt, Mark) |
| 06/04/2020 | Receipt of filing fee for Motion to Redact/Restrict From Public View(19-34054-sgj11) [motion,mredact] ( 25.00). Receipt number 27815698, amount $ 25.00 (re: Doc# 700). (U.S. Treasury) |
| 06/04/2020 | 701  (138 pgs; 15 docs) Objection to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H slip sheet # 9 Exhibit Exhibit I slip sheet # 10 Exhibit Exhibit J # 11 Exhibit Exhibit K # 12 Exhibit Exhibit L # 13 Exhibit Exhibit M # 14 Exhibit Exhibit N) (Platt, Mark) |
| 06/04/2020 | 702  (4 pgs) Notice of Appearance and Request for Notice by Thomas M. Melsheimer filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent. (Melsheimer, Thomas) |
| 06/04/2020 | 703  (3 pgs) Motion to appear pro hac vice for David Neier. Fee Amount $100 Filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (Melsheimer, Thomas) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27816362, amount $ 100.00 (re: Doc# 703). (U.S. Treasury) |
| 06/05/2020 | 704  (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE |

| | |
|---|---|
| | 💻 COMPENSATE, OR ALTERNATIVELY, REIMBURSE AND/OR COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 06/05/2020 | 💻 705  (1 pg) Order granting motion to appear pro hac vice adding David Neier for Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (related document # 703) Entered on 6/5/2020. (Okafor, M.) |
| 06/05/2020 | 💻 706  (1 pg) Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document # 695) Entered on 6/5/2020. (Okafor, M.) |
| 06/05/2020 | 💻 707  (8 pgs) Certificate of service re: *1) Fourth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; and 2) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)678 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 679 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A--DSI Staffing Report for April 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/05/2020 | 💻 708  (8 pgs) Certificate of service re: *Order Approving Fourth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)685 Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.)). (Kass, Albert) |
| 06/05/2020 | 💻 709  (11 pgs) Certificate of service re: *1) Debtor's Objection to UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action; 2) Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay; and 3) Debtor's Motion for Entry of an Order Authorizing Filing Under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)687 Response opposed to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 688 Support/supplemental document*(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)687 Response). (Attachments: # 1 Exhibit 1--UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # 2 Exhibit 2--UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # 3 Exhibit 3--UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # 4 Exhibit 4--NY D.I. 411: March 13, 2017 Decision # 5 Exhibit 5--NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # 6 Exhibit 6--NY D.I. 472: UBSs Pre-Trial Brief in Support of Bifurcation # 7 Exhibit 7--Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # 8 Exhibit 8--December 2, 2019 Email from the Debtors Pre-Petition Counsel to Counsel for UBS # 9 Exhibit 9--March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # 10 Exhibit 10--NY D.I. 320: UBSs Note of Issue Without Jury # 11 Exhibit 11--March 22, 2020 New York Administrative Order AO/78/20 # 12 Exhibit 12--May 26, 2020 Law360 Article (Excerpt Only)) filed by Debtor Highland Capital Management, L.P., 689 Motion to file document under seal.*(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order # 2 Exhibit B-- |

| | Preceive Urder Filed in State Court Litigation) Filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 06/07/2020 | 🌐 710 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)706 Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document 695) Entered on 6/5/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/07/2020. (Admin.) |
| 06/08/2020 | 🌐 711 (2 pgs) Order granting motion to seal documents (related document # 696) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 🌐 712 (2 pgs) Certificate of No Objection filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)593 Motion for relief from stay Fee amount $181,). (Shaw, Brian) |
| 06/08/2020 | 🌐 713 (1 pg) Order granting Motion to Redact (Related Doc # 700) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 🌐 714 SEALED document regarding: Redeemer Committee's Objection to UBS's Motion for Relief From The Automatic Stay (unredacted version) per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 715 SEALED document regarding: Exhibit A, Original Synthetic Warehouse Agreement per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 716 SEALED document regarding: Exhibit B, Original Engagement Ltr. per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 717 SEALED document regarding: Exhibit C, Original Cash Warehouse Agreement per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 718 SEALED document regarding: Exhibit D, Expert Report of Louis G. Dudney per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 719 SEALED document regarding: Exhibit E, 3/20/2009 Termination, Settlement, and Release Agreement per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 720 SEALED document regarding: Exhibit H, UBS and Crusader Fund Settlement Agreement per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 721 SEALED document regarding: Exhibit I, UBS and Credit Strategies Fund Settlement Agreement per court order filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 🌐 722 (2 pgs) Order granting motion to seal documents (related document # 689) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 🌐 723 SEALED document regarding: Appendix B of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay per court order filed by Debtor Highland Capital |

Management, L.P. (RE: related document(s)922 Order on motion to seal). (Annable, Zachery)

| | |
|---|---|
| 06/08/2020 | 🔘 724 (7 pgs) Certificate of service re: *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)704 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/10/2020 | 🔘 725 (3 pgs) Motion to appear pro hac vice for Sarah Tomkowiak. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 06/10/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27830926, amount $ 100.00 (re: Doc# 725). (U.S. Treasury) |
| 06/10/2020 | 🔘 726 (4 pgs) Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 06/10/2020 | 🔘 727 (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)639 Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.). (Hoffman, Juliana) |
| 06/10/2020 | 🔘 728 (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)640 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66.). (Hoffman, Juliana) |
| 06/10/2020 | 🔘 729 (11 pgs) Notice *of Subpoena of Highland Capital Management, L.P.* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/11/2020 | 🔘 730 (3 pgs) Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27834758, amount $ 100.00 (re: Doc# 730). (U.S. Treasury) |
| 06/11/2020 | 🔘 731 (1 pg) Order granting motion to appear pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document # 725) Entered on 6/11/2020. (Okafor, M.) |
| 06/11/2020 | 🔘 732 (7 pgs) Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/11/2020 (Okafor, M.) Modified text on 6/11/2020 (Okafor, M.). |
| 06/11/2020 | 🔘 733 (237 pgs; 17 docs) Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 |

| | |
|---|---|
| | 16 Exhibit 14) (Sosland, Martin) |
| 06/11/2020 | 🔗 734  (23 pgs; 3 docs) INCORRECT EVENT USED: See # 746 for correction. Motion for leave *to File Documents Under Seal with UBS's Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 733 Motion for leave) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - State Court Protective Stipulation) (Sosland, Martin) Modified on 6/15/2020 (Ecker, C.). |
| 06/11/2020 | 🔗 746  (23 pgs) Motion to file document under seal. Filed by Interested Parties UBS AG London Branch , UBS Securities LLC (Ecker, C.) (Entered: 06/15/2020) |
| 06/12/2020 | 🔗 735  (2 pgs) COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.) |
| 06/12/2020 | 🔗 736  (1 pg) Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document # 730) Entered on 6/12/2020. (Okafor, M.) |
| 06/12/2020 | 🔗 737  (17 pgs; 2 docs) Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 06/12/2020 | 🔗 738  (3 pgs) Certificate of No Objection Regarding Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan. (Annable, Zachery) |
| 06/12/2020 | 🔗 739  (4 pgs) Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 🔗 740  (5 pgs) Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 🔗 741  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, (Annable, Zachery) |
| 06/12/2020 | 🔗 742  (5 pgs) Witness and Exhibit List *for June 15, 2020 Hearing* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)644 Motion for relief from stay *(UBS's* |

*Motion for Relief From the Automatic Stay to Proceed With State Court Action)* (Sosland, Martin).
(Sosland, Martin)

| | |
|---|---|
| 06/12/2020 | 🌐 743 (5 pgs) Amended Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND FIRST AMENDED WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)740 List (witness/exhibit/generic)). (Platt, Mark) |
| 06/13/2020 | 🌐 744 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)731 Order granting motion to appear pro hac vice adding Sarah pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document 725) Entered on 6/11/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/13/2020. (Admin.) |
| 06/14/2020 | 🌐 745 (2 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/14/2020. (Admin.) |
| 06/15/2020 | 🌐 747 (12 pgs; 2 docs) Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 06/15/2020 | 🌐 748 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, (Annable, Zachery) |
| 06/15/2020 | 🌐 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annable for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 06/17/2020) |
| 06/15/2020 | 🌐 770 (1 pg) Court admitted exhibits date of hearing June 15, 2020 (RE: related document(s)644 Motion for relief from stay (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC., (COURT ADMITTED ALL EXHIBIT'S TO ALL THE ATTACHED OBJECTOR'S OBJECTION ALL EXCEPT FOR EXHIBIT #D (EXPERT REPORT OF LOUIS G. DUDLEY; THAT IS FILED UNDER SEAL); ON THE REDEEMER COMMITTEE OBJECTION; THE FOLLOWING EXHIBIT'S ATTACHED TO THE MOTION OF UBS'S MOTION TO LIFT STAY ALL ADMITTED; # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K; ALSO PLEASE SEE WITNESS AND EXHIBIT LIST OF DEBTOR; CREDITOR UBS AND REDEEMER COMMITTEE) (Edmond, Michael) (Entered: 06/23/2020) |
| 06/16/2020 | 🌐 749 ENTER AN ERROR; NO PDF ATTACHED: Request for transcript regarding a hearing held on 6/15/2020. The requested turn-around time is daily (Edmond, Michael) Modified on 6/16/2020 (Edmond, Michael). |

| | |
|---|---|
| 06/16/2020 | 750 (1 pg) Request for transcript regarding a hearing held on 6/15/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 06/16/2020 | 751 (22 pgs; 2 docs) Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 06/16/2020 | 752 (3 pgs) Notice of hearing*(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 06/16/2020 | 753 (3 pgs) Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 06/17/2020 | 755 (127 pgs) Transcript regarding Hearing Held 06/15/2020 (127 pages) RE: Motion for Relief from the Automatic Stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number ON 972-786-3063. (RE: related document(s) 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.)). Transcript to be made available to the public on 09/15/2020. (Rehling, Kathy) |
| 06/17/2020 | 756 (10 pgs) Certificate of service re: *1) WebEx Meeting Invitation to participate electronically in the hearing on Monday, June 15, 2020 at 1:30 p.m. Central Time before the Honorable Stacey G. Jernigan; and 2) Instructions for any counsel and parties who wish to participate in the Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)735 COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.)). (Kass, Albert) |
| 06/17/2020 | 757 (9 pgs) Certificate of service re: *Fifth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)726 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 758 (9 pgs) Certificate of service re: *1) Motion for Admission Pro Hac Vice of Alan J. Kornfeld to Represent Highland Capital Management, L.P.; and 2) Order Approving Fifth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)730 Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 732 Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)638 Stipulation filed by Debtor Highland Capital |

Management, L.P.). Entered on 6/17/2020 (Okafor, M.) Modified text on 6/18/2020 (Okafor, M.). (Kass, Albert)

🔵 759   (7 pgs) Certificate of service re: *Documents Served on June 12, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.), 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 739 Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 741 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

06/17/2020

🔵 760   (11 pgs) Certificate of service re: *1) Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; and 2) Notice of Hearing Regarding Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; to be Held on July 8, 2020 at 1:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order) filed by Debtor Highland Capital Management, L.P., 748 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A--Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

06/17/2020

🔵 761   (9 pgs) Certificate of service re: *1) Cover Sheet and Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020; 2) Notice of August 6, 2020 Omnibus Hearing Date; and 3) Notice of July 14, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 752 Notice of hearing*(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 753 Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

06/17/2020

06/18/2020

🔵 762   (20 pgs; 2 docs) Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special

| | |
|---|---|
| | Counsel, Period: 5/1/2020 to 5/31/2020. Fee: $27,822.00, Expenses: $489.80 Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 06/18/2020 | 🌐 763  (6 pgs) Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document # 604) Entered on 6/18/2020. (Bradden, T.) |
| 06/18/2020 | 🌐 764  (3 pgs) Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document # 593) Entered on 6/18/2020. (Bradden, T.) |
| 06/19/2020 | 🌐 765  (2 pgs) Order denying motion for relief from stay by Interested Parties UBS AG London Branch , UBS Securities LLC (related document # 644) Entered on 6/19/2020. (Okafor, M.) |
| 06/20/2020 | 🌐 766  (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)764 Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document 593) Entered on 6/18/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 06/20/2020. (Admin.) (Entered: 06/21/2020) |
| 06/22/2020 | 🌐 767  (42 pgs) Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. (Hoffman, Juliana) |
| 06/22/2020 | 🌐 768  (3 pgs) Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95.). (Hoffman, Juliana) |
| 06/22/2020 | 🌐 769  (9 pgs) Certificate of service re: *1) Cover Sheet and Seventh Monthly Application for Compensation and Reimbursement of Expenses of Foley Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 Through May 31, 2020; and 2) Agreed Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 5/1/2020 to 5/31/2020, Fee: $27,822.00, Expenses: $489.80. Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 763 Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document 604) Entered on 6/18/2020. (Bradden, T.)). (Kass, Albert) |
| 06/23/2020 | 🌐 771  (65 pgs) Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. (Annable, Zachery) |
| 06/23/2020 | 🌐 772  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 06/23/2020 | 🌐 773  (104 pgs) Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: |

HCMLPDT000665

| | 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94 filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. (Pomerantz, Jeffrey) |
|---|---|
| 06/23/2020 | 🖳 774  (33 pgs) Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/23/2020 | 🖳 775  (22 pgs) Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/23/2020 | 🖳 776  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, (Annable, Zachery) |
| 06/23/2020 | 🖳 777  (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 775, (Annable, Zachery) |
| 06/24/2020 | 🖳 778  (5 pgs) Certificate of service re: *Summary Sheet and Seventh Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 06/24/2020 | 🖳 779  (15 pgs) Certificate of service re: *Documents Served on 23, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. filed by Debtor Highland Capital Management, L.P., 772 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P., 773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. filed by Debtor Highland Capital Management, L.P., 774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 776 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James |

| | |
|---|---|
| | *Seery, Jr., as Other Professional Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, filed by Debtor Highland Capital Management, L.P., 777 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 775, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/25/2020 | 780  (5 pgs) Notice *of Subpoena of David Klos* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/26/2020 | 781  (48 pgs) Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 06/26/2020 | 782  (372 pgs; 26 docs) Witness and Exhibit List filed by Creditor CLO Holdco, Ltd. (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 1-A # 3 Exhibit 1-B # 4 Exhibit 1-C # 5 Exhibit 1-D # 6 Exhibit 1-E # 7 Exhibit 1-F # 8 Exhibit 1-G # 9 Exhibit 1-H # 10 Exhibit 1-I # 11 Exhibit 2 # 12 Exhibit 3 # 13 Exhibit 4 # 14 Exhibit 5 # 15 Exhibit 6 # 16 Exhibit 7 # 17 Exhibit 8 # 18 Exhibit 9 # 19 Exhibit 10 # 20 Exhibit 11 # 21 Exhibit 12 # 22 Exhibit 13 # 23 Exhibit 14 # 24 Exhibit 15 # 25 Exhibit 16) (Kane, John) |
| 06/26/2020 | 783 **SEALED document regarding: Exhibit 11 - AROF MUFG Bank Statement June 2018_ Highland_PEO-032620 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 784 **SEALED document regarding: Exhibit 12 - GG and HCM Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 785 **SEALED document regarding: Exhibit 13 - GG and HCM Amendment to Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 786 **SEALED document regarding: Exhibit 14 - Exercise of Discretion by Trustee The Get Good Nonexempt Trust (Fully Executed) dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 787 **SEALED document regarding: Exhibit 15 - Dynamic Income CLO Holdco Side Letter ($2M Subscription) dated January 10, 2017 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 06/26/2020 | 788 **SEALED document regarding: Exhibit 16 - Highland Capital Management, L.P. December 31, 2016 Final Opinion per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |

| | |
|---|---|
| 06/27/2020 | 🔘 789 (172 pgs; 4 docs) Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)590 Motion to reclaim funds from the registry[*Motion for Remittance of Funds Held in Registry of Court*]). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Hoffman, Juliana) |
| 06/29/2020 | 🔘 790 (2 pgs) COURTS NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON June 30, 2020 at 09:30 AM; (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List)). (Edmond, Michael) |
| 06/30/2020 | 🔘 791 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C - Proposed Order) (O'Neil, Holland)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 🔘 792 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 🔘 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary proceeding, requiring further holding of the funds in the registry of the court (subject to requests/agreements for extension of this 90-day deadline). Also, court registry will be receiving further funds that Debtor is due to disburse to CLO Holdco and Highland Capital Management Services, Inc. imminently (separate order is to be submitted by Debtors counsel; UCC counsel to submit an order on todays ruling on CLO Holdcos motion). (Edmond, Michael) |
| 06/30/2020 | 🔘 794 (1 pg) Court admitted exhibits date of hearing June 30, 2020 (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (COURT ADMITTED MOVANT'S CLO HOLDCO, LTD., EXHIBITS #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15 & #16; ALSO ADMITTED DEFENDANT'S UNSECURED CREDITOR'S COMMITTEE EXHIBIT'S #1, #2 & #3) (Edmond, Michael) |
| 06/30/2020 | 🔘 795 (29 pgs; 2 docs) Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A April 2020 Invoice) (Annable, Zachery) |
| 07/01/2020 | 🔘 796 (1 pg) Request for transcript regarding a hearing held on 6/30/2020. The requested turn-around time is daily. (Edmond, Michael) |

| | |
|---|---|
| 07/01/2020 | 🌐 [797](#) (7 pgs) Certificate of service re: *re: Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 Through May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)781 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/01/2020 | 🌐 [798](#) (7 pgs) Certificate of service re: *re: The Official Committee of Unsecured Creditors' Witness and Exhibit List for the June 30, 2020 Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)789 Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/01/2020 | 🌐 [799](#) (5 pgs) Certificate of service re: *Cover Sheet and Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A April 2020 Invoice) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 07/02/2020 | 🌐 [800](#) (9 pgs) Debtor-in-possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/02/2020 | 🌐 [801](#) (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 07/02/2020 | 🌐 [802](#) (100 pgs) Transcript regarding Hearing Held 06/30/2020 (100 pages) RE: Motion for Remittance of Funds (590). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/30/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary proceeding, requiring further holding of the funds in the registry of the court (subject to requests/agreements for extension of this 90-day deadline). Also, court registry will be receiving further funds that Debtor is due to disburse to CLO Holdco and Highland Capital Management Services, Inc. imminently (separate order to be submitted by Debtors counsel; UCC counsel to submit an order on |

days filing on CEO Holdco's motion)). Transcript to be made available to the public on 09/30/2020. (Rehling, Kathy)

| 07/02/2020 | 803 (4 pgs) BNC certificate of mailing. (RE: related document(s)792 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Declaration of Timothy Silva # 2 Exhibit B--Proposed Order)) Responses due by 7/14/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/02/2020. (Admin.) |
|---|---|
| 07/03/2020 | 804 (3 pgs) Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 07/06/2020 | 805 (3 pgs) Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 07/07/2020 | 806 (10 pgs) Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)801 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/07/2020 | 807 (7 pgs) Certificate of service re: *Statement of the Official Committee of Unsecured Creditors in Response to the Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016-1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)804 Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/08/2020 | 808 (17 pgs) Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020. (Montgomery, Paige) |
| 07/08/2020 | 809 (7 pgs) Certificate of service re: *Notice of September 10, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)805 Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/08/2020 | 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. |

| | |
|---|---|
| | Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30-day extension). Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/08/2020 | 🖱 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/09/2020 | 🖱 810 (15 pgs) Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 07/09/2020 | 🖱 811 (97 pgs; 8 docs) Declaration re: *(Declaration of John A. Morris in Support of Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Annable, Zachery)* |
| 07/09/2020 | 🖱 814 (6 pgs) Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 07/09/2020 | 🖱 815 (1 pg) Request for transcript regarding a hearing held on 7/8/2020. The requested turn-around time is hourly. (Edmond, Michael) |
| 07/09/2020 | 🖱 816 (2 pgs) Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.) |
| 07/10/2020 | 🖱 817 (58 pgs) Transcript regarding Hearing Held 07/08/2020 (58 pages) RE: Motions to Extend Time. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/8/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30-day extension). Debtors counsel to upload order.), 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. |

| | |
|---|---|
| | _Tender (J. Bjork for UBS Evidentiary Hearing. Motion granted to upload order.))._ Transcript to be made available to the public on 10/8/2020. (Rehling, Kathy) |
| 07/10/2020 | 818 (2 pgs) Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)751 Application for compensation _Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020_ for Foley Gardere,). (O'Neil, Holland) |
| 07/10/2020 | 819 (2 pgs) Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)762 Application for compensation _Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020_ for Foley Gardere). (O'Neil, Holland) |
| 07/10/2020 | 820 (3 pgs) Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | 821 (5 pgs) Agreed order regarding deposit of funds into the registry of the Court. (Related Doc # 474) Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | 822 (3 pgs) Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional _Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr,_ 775 Application to employ Development Specialists, Inc. as Other Professional _Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct)._ (Annable, Zachery) |
| 07/13/2020 | 823 (7 pgs) Certificate of service re: _Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor_ Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/13/2020 | 824 (17 pgs) Certificate of service re: _Documents Served on July 9, 2020_ Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)810 Motion for protective order _(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)_ Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 811 Declaration re: _(Declaration of John A. Morris in Support of Debtor's Motion for Entry of a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)_ filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order _(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs)._ (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., 814 Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors Filed by Creditor Committee Official Committee of Unsecured Creditors, 816 Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.)). (Kass, Albert) |
| 07/13/2020 | 825 (3 pgs) Order denying motion to reclaim funds from the registry (Related Doc # 590) Entered on 7/13/2020. (Okafor, M.) |

| | |
|---|---|
| 07/13/2020 | 📄 826 (5 pgs) Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs, 814 Motion for expedited hearing(related documents 808 Motion to compel) ).* (Annable, Zachery) |
| 07/13/2020 | 📄 827 (8 pgs) Objection to claim(s) 3 of Creditor(s) Acis Capital Management, L.P. and Acis Capital Management GP, LLC.. Filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/13/2020 | 📄 828 (7 pgs) Certificate of service re: *1) Order Granting Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016-1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 2) Agreed Order Regarding Deposit of Funds into the Registry of the Court; and 3) Debtors Witness and Exhibit List with Respect to (A) the Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to May 15, 2020, and (B) the Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363 (b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring Related Services Nunc Pro Tunc to March 15* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)820 Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.), 821 Agreed order regarding deposit of funds into the registry of the Court. (Related Doc 474) Entered on 7/10/2020. (Okafor, M.), 822 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr, 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct).* filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/14/2020 | 📄 829 (4 pgs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $34). (Hoffman, Juliana) |
| 07/14/2020 | 📄 830 (29 pgs) Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. (Hoffman, Juliana) |
| 07/14/2020 | 📄 831 (138 pgs; 7 docs) Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Hoffman, Juliana) |
| 07/14/2020 | 📄 832 (9 pgs) Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/14/2020 | 📄 833 (1 pg) Request for transcript regarding a hearing held on 7/14/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 07/14/2020 | 📄 836 (2 pgs) Court admitted exhibits date of hearing July 14, 2020 (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, |

| | |
|---|---|
| | Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P., And 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020 filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6 & #7) (Edmond, Michael) (Entered: 07/15/2020) |
| 07/14/2020 | 🌐 862 Hearing held on 7/14/2020. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/14/2020 | 🌐 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/15/2020 | 🌐 834 (3 pgs) Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan P.). (Annable, Zachery) |
| 07/15/2020 | 🌐 835 (7 pgs) Motion to appear pro hac vice for James A. Wright III. Fee Amount $100 Filed by Interested Parties NexPoint Real Estate Strategies Fund, Highland Global Allocation Fund, Highland Income Fund, NexPoint Strategic Opportunities Fund, NexPoint Capital, Inc., Highland Total Return Fund, Highland Fixed Income Fund, Highland Socially Responsible Equity Fund, Highland Small-Cap Equity Fund, Highland Funds II and its series, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland/iBoxx Senior Loan ETF, Highland Healthcare Opportunities Fund, Highland Funds I and its series, NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P. (Varshosaz, Artoush) |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27927823, amount $ 100.00 (re: Doc# 835). (U.S. Treasury) |
| 07/15/2020 | 🌐 837 (8 pgs) Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.)* filed by John Honis, Rand PE Fund Management, LLC, Rand PE Fund I, LP, Rand Advisors, LLC, Hunter Mountain Investment Trust, Beacon Mountain, LLC, Atlas IDF, LP, Atlas IDF, GP, LLC. (Keiffer, Edwin) |
| 07/15/2020 | 🌐 838 (7 pgs) INCORRECT ENTRY: Attorney to amend and refile. Motion to appear pro hac vice for Stephen G. Topetzes. Fee Amount $100 Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income |

| | |
|---|---|
| | Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) MODIFIED on 7/16/2020 (Ecker, C.). |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27928069, amount $ 100.00 (re: Doc# 838). (U.S. Treasury) |
| 07/15/2020 | 839 (11 pgs) Response opposed to (related document(s): 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige)* |
| 07/15/2020 | 840 (2 pgs) INCORRECT ENTRY: FILED WITHOUT EXHIBITS. Notice of Appearance and Request for Notice by Paul Richard Bessette filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) Modified on 7/15/2020 (Rielly, Bill). |
| 07/15/2020 | 841 (8 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush)* |
| 07/15/2020 | 842 (3 pgs) Notice of Appearance and Request for Notice by Amanda Melanie Rush filed by Interested Party CCS Medical, Inc.. (Rush, Amanda) |
| 07/15/2020 | 843 (4 pgs) Motion to appear pro hac vice for Tracy K. Stratford. Fee Amount $100 Filed by Interested Party CCS Medical, Inc. (Rush, Amanda) |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27928305, amount $ 100.00 (re: Doc# 843). (U.S. Treasury) |
| 07/15/2020 | 844 (4 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Interested Party CCS Medical, Inc.. (Rush, Amanda)* |
| 07/15/2020 | 845 (17 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/15/2020 | 846 (22 pgs; 2 docs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Exhibit A) (Kane, John) |
| 07/15/2020 | 847 (9 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Parties NexPoint |

| | |
|---|---|
| | Real Estate Advisors, NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors, L.P., VineBrook Homes, Trust, Inc., NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Partners, LLC, NexPoint Hospitality Trust, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, NexPoint Real Estate Finance Inc.. (Drawhorn, Lauren) |
| 07/15/2020 | 🌐 848 (20 pgs; 2 docs) Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) (Annable, Zachery) |
| 07/16/2020 | 🌐 849 (7 pgs) Amended Motion to appear pro hac vice for Stephen G. Topetzes. (related document: 838) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) |
| 07/16/2020 | 🌐 850 (3 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 810 and for 808, (Annable, Zachery) |
| 07/16/2020 | 🌐 851 (3 pgs) Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 07/16/2020 | 🌐 852 (8 pgs) Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)826 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.) |
| 07/16/2020 | 🌐 853 (3 pgs) Order granting application to employ Development Specialists, Inc. as Other Professional (related document # 775) Entered on 7/16/2020. (Ecker, C.) |
| 07/16/2020 | 🌐 854 (12 pgs) Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document 774) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.). |
| 07/16/2020 | 🌐 855 (6 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party MGM Holdings, Inc.. (Drawhorn, Lauren) |
| 07/16/2020 | 🌐 856 (5 pgs) Notice of Appearance and Request for Notice by Artoush Varshosaz filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland |

| | |
|---|---|
| | Court Fund, Highland Fixed Income Fund LP11, NexPoint Advisors L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush) |
| 07/16/2020 | 🌐 857  (3 pgs) Motion to appear pro hac vice for Mark M. Maloney. Fee Amount $100 Filed by Interested Party Highland CLO Funding, Ltd. (Bessette, Paul) |
| 07/16/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19-34054-sgj11) [motion,mprohac] ( 100.00). Receipt number 27932614, amount $ 100.00 (re: Doc# 857). (U.S. Treasury) |
| 07/16/2020 | 🌐 858  (10 pgs) Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) |
| 07/16/2020 | 🌐 859  (8 pgs; 2 docs) Declaration re: 858 Objection filed by Interested Party Highland CLO Funding, Ltd. (RE: related document(s)808 Motion to compel Production by the Debtor. ). (Attachments: # 1 Exhibit A) (Bessette, Paul) |
| 07/16/2020 | 🌐 860  (7 pgs) Certificate of service re: *1) Order Denying Motion for Remittance of Funds Held in Registry of Court; and 2) Stipulation by and Between the Debtor and the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)825 Order denying motion to reclaim funds from the registry (Related Doc 590) Entered on 7/13/2020. (Okafor, M.), 826 Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs*, 814 *Motion for expedited hearing(related documents 808 Motion to compel) ). filed by Debtor Highland Capital Management, L.P.).* (Kass, Albert) |
| 07/16/2020 | 🌐 861  (5 pgs) Certificate of service re: *1) Summary Sheet and Seventh Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020; and 2) Summary Sheet and Second Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2020 Through and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)830 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. filed by Financial Advisor FTI Consulting, Inc., 831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/17/2020 | 🌐 864  (134 pgs) Transcript regarding Hearing Held 07/14/2020 (134 pages) RE: Applications to Employ. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring-Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for |

| | Appellee committee, or. Not to various employees. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.)). Transcript to be made available to the public on 10/15/2020. (Rehling, Kathy) |
|---|---|
| 07/17/2020 | 🔘 865  (1 pg) Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document # 843) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 🔘 866  (1 pg) Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 835) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 🔘 867  (1 pg) Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 849) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 🔘 868  (10 pgs) Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. (Annable, Zachery) |
| 07/17/2020 | 🔘 869  (9 pgs) Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's Discovery Motion)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/17/2020 | 🔘 870  (17 pgs) Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). (Annable, Zachery)* |
| 07/17/2020 | 🔘 871  (3 pgs) Declaration re: *First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)). (Hesse, Gregory)* |
| 07/17/2020 | 🔘 872  (23 pgs) Response opposed to (related document(s): 841 Objection filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Funds I and its series, Interested Party Highland Healthcare Opportunities Fund, Interested Party Highland/iBoxx Senior Loan ETF, Interested Party Highland Opportunistic Credit Fund, Interested Party Highland Merger Arbitrage Fund, Interested Party Highland Funds II and its series, Interested Party Highland Small-Cap Equity Fund, Interested Party Highland Fixed Income Fund, Interested Party Highland Socially Responsible Equity Fund, Interested Party Highland Total Return Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, Interested Party NexPoint Real Estate Strategies Fund, 844 Objection filed by Interested Party CCS Medical, Inc., 845 Objection filed by Debtor Highland Capital Management, L.P., 846 Objection filed by Creditor CLO Holdco, Ltd., 847 Objection |

filed by Interested Party NexPoint Real Estate Finance, Inc., Interested Party NexPoint Real Estate Capital, LLC, Interested Party NexPoint Residential Trust, Inc., Interested Party NexPoint Hospitality Trust, Interested Party NexPoint Real Estate Partners, LLC, Interested Party NexPoint Multifamily Capital Trust, Inc., Interested Party VineBrook Homes, Trust, Inc., Interested Party NexPoint Real Estate Advisors, L.P., Interested Party NexPoint Real Estate Advisors II, L.P., Interested Party NexPoint Real Estate Advisors III, L.P., Interested Party NexPoint Real Estate Advisors IV, L.P., Interested Party NexPoint Real Estate Advisors V, L.P., Interested Party NexPoint Real Estate Advisors VI, L.P., Interested Party NexPoint Real Estate Advisors VII, L.P., Interested Party NexPoint Real Estate Advisors VIII, L.P., 855 Objection filed by Interested Party MGM Holdings, Inc., 858 Objection filed by Interested Party Highland CLO Funding, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige)

| | |
|---|---|
| 07/17/2020 | 873 (4 pgs) Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, (Annable, Zachery) |
| 07/19/2020 | 874 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)865 Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document 843) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/19/2020 | 875 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)866 Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 835) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/19/2020 | 876 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)867 Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 849) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/20/2020 | 877 (50 pgs) Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. (Hoffman, Juliana) |
| 07/20/2020 | 878 (25 pgs) Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |
| 07/20/2020 | 879 (114 pgs) Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |

| 07/20/2020 | 🔘 880  (7 pgs) Certificate of service re: *1) Debtor's Objection to Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor; and 2) Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)845 Objection to (related document(s): 808 Motion to compel Production by the Debtor) filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 848 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 07/20/2020 | 🔘 881  (11 pgs) Certificate of service re: *Documents Served on July 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)850 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 810 and for 808, filed by Debtor Highland Capital Management, L.P., 851 Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 852 Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)826 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.), 854 Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document 774) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.).). (Kass, Albert) |
| 07/21/2020 | 🔘 882  (1 pg) Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document # 857) Entered on 7/21/2020. (Okafor, M.) |
| 07/21/2020 | 🔘 883  (98 pgs) Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. (Hoffman, Juliana) |
| 07/21/2020 | 🔘 894 Hearing held on 7/21/2020. (RE: related document(s)808 Motion to compel Production by the Debtor, filed by Creditor Committee Official Committee of Unsecured Creditors.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion granted in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM communications, and as to Atlass communications with outside law firms. Counsel to submit order. ) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/21/2020 | 🔘 895 Hearing held on 7/21/2020. (RE: related document(s)810 Motion for protective order (Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034), filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint |

Texas Counsel for Atlass; P. Keiffer for Atlass; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion denied in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM, and as to Atlass communications with outside law firms. Counsel to submit order.) (Edmond, Michael) (Entered: 07/24/2020)

| | |
|---|---|
| 07/21/2020 | 🔘 896 Hearing held on 7/21/2020. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law and, perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/22/2020 | 🔘 884 (22 pgs; 2 docs) Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 07/22/2020 | 🔘 885 (11 pgs; 2 docs) INCORRECT ENTRY: EVENT CODE. Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) Modified on 7/22/2020 (Rielly, Bill). |
| 07/22/2020 | 🔘 886 (11 pgs; 2 docs) Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 07/22/2020 | 🔘 887 (3 pgs) Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 07/22/2020 | 🔘 888 (1 pg) Request for transcript regarding a hearing held on 7/21/2020. The requested turn-around time is daily. (Edmond, Michael) |
| 07/22/2020 | 🔘 889 (3 pgs) Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 07/22/2020 | 🔘 890 (12 pgs) Certificate of service re: *Documents Served on July 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. filed by Debtor Highland Capital Management, L.P., 869 Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's Discovery Motion)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 870 Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official* |

*Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 9019 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). filed by Debtor Highland Capital Management, L.P., 871 Declaration re: First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel (Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)). filed by Interested Party Hunton Andrews Kurth LLP, Spec. Counsel Hunton Andrews Kurth LLP, 873 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)*

| | |
|---|---|
| 07/23/2020 | 🔘 891  (7 pgs) Objection to claim(s) 3 of Creditor(s) ACIS Capital Management L.P. and ACIS Capital Management GP, LLC.. Filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 07/23/2020 | 🔘 892  (5 pgs) Certificate of service re: *Amended Ninth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 Through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)879 Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/23/2020 | 🔘 893  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)882 Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document 857) Entered on 7/21/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 07/23/2020. (Admin.) |
| 07/24/2020 | 🔘 897  (125 pgs) Transcript regarding Hearing Held 07/21/20 RE: DOCS 808 and 810. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/22/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Transcripts Plus, Inc., Telephone number 215-862-1115 CourtTranscripts@aol.com. (RE: related document(s) 896 Hearing held on 7/21/2020. (RE: related document(s)1 Order transferring case number 19-12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law and, perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.)). Transcript to be made available to the public on 10/22/2020. (Hartmann, Karen) |
| 07/24/2020 | 🔘 898  (5 pgs) Certificate of service re: *1) Summary Cover Sheet and Eighth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2020 to and Including June 30, 2020; and 2) Summary Cover Sheet and Second Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2020 Through* |

| | |
|---|---|
| | *for including May 21, 2020.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)877 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 07/27/2020 | 🌐 899  (3 pgs) Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Assoc). (Annable, Zachery) |
| 07/27/2020 | 🌐 900  (14 pgs) Certificate of service re: *Documents Served on July 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)884 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 886 Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 887 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 889 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/28/2020 | 🌐 901 INCORRECT ENTRY: See # 902 for correction. Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) Modified on 7/28/2020 (Ecker, C.). |
| 07/28/2020 | 🌐 902  (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s)687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) |
| 07/28/2020 | 🌐 903  (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)746 Motion to file document under seal. Filed by Interested Parties UBS AG London Branch , UBS Securities LLC (Ecker, C.)) Responses due by 8/4/2020. (Ecker, C.) |

HCMLPDT000683

| | |
|---|---|
| 07/28/2020 | Receipt Number 00338615, Fee Amount $30,715.92 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/28/2020 | Receipt Number 00338617, Fee Amount $20,830.29 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/28/2020 | Receipt Number 00338616, Fee Amount $84,062.32 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/30/2020 | 904 (3 pgs) Notice of Appearance and Request for Notice *Chad Timmons, Emily M. Hahn, Larry R. Boyd* by Chad D. Timmons filed by Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR. (Timmons, Chad) |
| 07/30/2020 | 905 (9 pgs) Amended Debtor-in-possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)800 Operating report). (Annable, Zachery) |
| 07/30/2020 | 906 (23 pgs; 2 docs) Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7) (Annable, Zachery) |
| 07/30/2020 | 907 (3 pgs) Notice of hearing *(Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, |

4. Subsidiary of Microsoft Corporation; Moody's Analytics, Inc.; Guillaume, Rico; Dondero, Boyer;
Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital
Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital
Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund;
Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II;
Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan
ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund;
Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible
Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint
Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint
Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven
Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint
Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The
Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company,
Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.;
HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under
management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman
Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of
Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N.
Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie
Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley;
Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management,
L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7)).
Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 906, (Annable, Zachery)

| | |
|---|---|
| 07/31/2020 | 908 (271 pgs; 5 docs) Response opposed to (related document(s): 771 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Patel, Rakhee) |
| 08/03/2020 | 909 (3 pgs) Agreed Order Granting 886 Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 910 (3 pgs) Order granting motion for leave to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action (related document # 733) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 911 (3 pgs) Order granting motion to seal documents (related document # 746) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 912 (6 pgs) Order directing mediation (RE: related document(s)3 Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.) |
| 08/03/2020 | 913 (9 pgs) Debtor-in-possession monthly operating report for filing period June 1, 2020 to June 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 08/03/2020 | 914 (156 pgs; 3 docs) Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held) Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Kane, John) |
| 08/04/2020 | 915 (6 pgs) Joinder by *NexPoint RE Entities' Joinder to CLO Holdco, Ltd.'s Motion for Clarification of Ruling* filed by Interested Parties NexPoint Hospitality Trust, NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Finance Inc., NexPoint Real Estate Partners, LLC, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, VineBrook Homes, Inc. (RE: related document(s)914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related |

document(s) 888 Motion to Compel; 846 Objection; 9/2 Response; 914 Hearing held)) (Brawborn, Lauren)

| | |
|---|---|
| 08/04/2020 | 🌐 916  (16 pgs) Certificate of service re: *1) Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims; and 2) Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7) filed by Debtor Highland Capital Management, L.P., 907 Notice of hearing *(Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small-Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax-Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event-Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds |

| | |
|---|---|
| | investments under management; Harbour Vest Over Sixes Fund; Harbour Vest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce-Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A--Proposed Order and Schedules 1-7)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 906, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/05/2020 | 🖥 917 (26 pgs; 2 docs) Application for compensation *(Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $17,667.50, Expenses: $37.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A May 2020 Invoice) (Annable, Zachery) |
| 08/05/2020 | 🖥 918 (6 pgs; 2 docs) Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,5). (Attachments: # 1 Exhibit) (Hoffman, Juliana) |
| 08/05/2020 | 🖥 919 (9 pgs) Certificate of service re: *1) Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by Sixty Days; and 2) Order Directing Mediation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)909 Agreed Order Granting 886 Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.), 912 Order directing mediation (RE: related document(s)3 Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.)). (Kass, Albert) |
| 08/05/2020 | 🖥 920 (3 pgs) Certificate of No Objection (Amended) filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)918 Certificate (generic)). (Hoffman, Juliana) |
| 08/05/2020 | 🖥 921 (5 pgs) Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 08/06/2020 | 🖥 922 (20 pgs; 2 docs) Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 7/1/2020 to 7/31/2020, Fee: $6,264.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 08/06/2020 | 🖥 923 (4 pgs) Notice of Appearance and Request for Notice by Jared M. Slade filed by Interested Party NexBank. (Slade, Jared) |
| 08/06/2020 | 🖥 924 (45 pgs; 3 docs) Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A - Invoices # 2 Proposed Order Exhibit B - Proposed Order) (O'Neil, Holland) |

| | |
|---|---|
| 08/06/2020 | 🌐 925 (11 pgs) Certificate of service re: *re: 1) Cover Sheet and Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 Through May 31, 2020; and 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)917 Application for compensation *(Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $17,667.50, Expenses: $37.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A--H&A May 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 921 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/06/2020 | 🌐 926 (2 pgs) Withdrawal of claim(s) Claim has been satisfied. Claim: 9 Filed by Creditor Gray Reed & McGraw LLP. (Brookner, Jason) |
| 08/07/2020 | 🌐 927 (5 pgs) Joinder by filed by Interested Party NexBank (RE: related document(s)914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held)). ( |

HCMLPDT000688