**EXHIBIT 16**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Counsel for Highland Capital Management,
L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of The Highland
Litigation Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019
AND 11 U.S.C. § 363 APPROVING SETTLEMENT WITH THE HMIT ENTITIES AND
AUTHORIZING ACTIONS CONSISTENT THEREWITH**

Highland Capital Management, L.P., the reorganized debtor (the "<u>Debtor</u>" or "<u>Highland</u>,"

as applicable) in the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>"), the Highland

Claimant Trust (the "<u>Claimant Trust</u>"), and the Highland Litigation Sub-Trust (the "<u>Litigation</u>

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and
service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



1934054250519000000000002

Sub-Trust" and together with Highland and the Claimant Trust, the "<u>Movants</u>") file this Motion

(the "<u>Motion</u>") for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), substantially in the form attached hereto as **Exhibit A**,

approving a settlement agreement (the "<u>Settlement Agreement</u>")[2] between Highland, the

Claimant Trust, the Litigation Sub-Trust, and the Highland Indemnity Trust (the "<u>Indemnity</u>

<u>Trust</u>", and together with Highland, the Claimant Trust, and the Litigation Sub-Trust, the

"<u>Highland Entities</u>"), on the one hand, and Hunter Mountain Investment Trust ("<u>HMIT</u>"),

Beacon Mountain LLC ("<u>Beacon Mountain</u>"), Rand Advisors, LLC ("<u>Rand Advisors</u>"), Rand PE

Fund I, LP ("<u>Rand PE Fund</u>"), Rand PE Fund Management, LLC ("<u>Rand GP</u>"), Atlas IDF, LP

("<u>Atlas IDF</u>"), and Atlas IDF GP, LLC ("<u>Atlas GP</u>" and together with HMIT, Beacon Mountain,

Rand Advisors, Rand PE Fund, Rand GP, and Atlas IDF, the "<u>HMIT Entities</u>"), on the other

hand. A copy of the Settlement Agreement is attached as **Exhibit 1** to the *Declaration of*

*Gregory V. Demo in Support of the Motion for Entry of an Order Pursuant to Bankruptcy Rule*

*9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions*

*Consistent Therewith* (the "<u>Demo Declaration</u>"), filed concurrently herewith. In support of this

Motion, the Movants respectfully state as follows:

## <u>INTRODUCTION</u>

1.       Following extensive, arm's-length, good faith negotiations, the Highland Entities

and the HMIT Entities, acting through their duly authorized representatives, executed the

Settlement Agreement that will result in, among other things: (a) the dismissal with prejudice of

all pending litigation between and among them; (b) the disposition of Estate Claims asserted

against certain of the HMIT Entities by the Litigation Trustee of the Litigation Sub-Trust and the

---

[2]  Capitalized terms used herein, but not defined, have the meanings ascribed to them in the Settlement Agreement
or elsewhere in this Motion, as applicable.

assignment of the balance of the remaining Estate Claims (as defined in the Plan) to the HMIT Entities; (c) the allowance of the HMIT Class 10 Interest in the Claimant Trust in a fixed amount; (d) distributions to HMIT on account of its Class 10 interest, including the assignment of the Dugaboy Note, a long-term note with no ready market, at times and in amounts, and subject to the conditions, set forth in the Settlement Agreement; and (e) the exchange of mutual general and broad releases and other protections consistent with the parties' intent to end all current, and avoid all future litigation, between and among them (except for any alleged breach of the Settlement Agreement).

2.      The parties' entry into the Settlement Agreement is one of the most significant developments in the long-running Highland Bankruptcy Case. As this Court is aware, until now, HMIT has used its position as a holder of an unallowed, unvested, contingent interest in Class 10 of the Claimant Trust to commence litigation demanding books and records, seeking judicial declarations as to its claimed status as a beneficiary of the Claimant Trust, and asserting various other claims against the Highland Entities and their Court-appointed fiduciaries. The HMIT Entities have been made subject to a motion filed by Highland in the District Court seeking an adjudication that they or some of them are vexatious litigants. While that motion was denied by the District Court, Highland could bring the same type of motion before this Court. Also certain of the HMIT Entities have been named as defendants by the Liquidation Sub-Trust in the Amended Kirschner Complaint.

3.      No more. The parties' willingness to resolve all disputes and settle all claims among them will finally end that portion of the protracted and value-destructive litigation that has impeded the Highland Entities' ability to distribute their assets to their constituents and fully implement the Plan. The Settlement Agreement will also remove substantial hurdles to the

HCMLPDT002919

eventual windup of the Highland Entities.[3] Indeed, among the many benefits that will accrue to the Highland Entities from the Settlement Agreement are: (a) the cessation of costly, time-consuming, and disruptive litigation; (b) the disposition of two significant Estate assets—the Estate Claims and another illiquid asset, the Dugaboy Note—via distribution, assignment, and sale in furtherance of the ultimate winding up of the Claimant Trust's affairs; (c) the resolution of all disputes in connection with the HMIT Class 10 interest in the Claimant Trust, which was not previously allowed; and (d) the protection against future value-destructive litigation.

4.      The proposed Settlement Agreement is clearly in the best interests of the Highland Entities and their stakeholders and results from a sound exercise of their business judgment. The Motion should be granted.

## RELEVANT BACKGROUND

### I.      HMIT's Partnership Interest in Highland

5.      In December 2015, HMIT acquired 100% of Highland's Class B and Class C limited partnership interests (the "Class B/C Interests") from James Dondero, Mark Okada, and certain entities affiliated with them. Mr. Dondero—through the Dugaboy Investment Trust ("Dugaboy") and Strand Advisors, Inc. ("Strand")—and Mr. Okada, directly and indirectly, retained Highland's Class A limited partnership interests (the "Class A Interests").

6.      The Class B/C Interests represented 99.50% of the Debtor's prepetition total equity. The Class A Interests, in aggregate, represented the remaining 0.50%.

7.      Concurrently with its acquisition of the Class B/C Interests, HMIT executed that certain *Secured Promissory Note* dated December 21, 2015, in the original face amount of

---

[3] Assuming the Settlement Agreement is approved, the only unresolved Claims or Equity Interests will be Patrick Daugherty's claim (Adv. Proc. No. 25-03055-sgj, Docket No. 1 (Bankr. N.D. Tex. May 2, 2025) (the "Daugherty Claim")), and the disputed, out-of-the-money, *de minimis* Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand.

HCMLPDT002920

$63,000,000 in favor of Highland (the "HMIT Note"), which, as of the Petition Date, had an outstanding principal balance of $57,690,640.95 (the "HMIT Note Balance").

8. On December 24, 2015, the Debtor and its limited partners, including HMIT, entered into that certain *Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.* (as subsequently amended, the "LPA"). Pursuant to the LPA, each limited partner had a capital account at the Debtor on account of its limited partnership interests.

9. As of the Petition Date, HMIT's capital account balance on account of its Class B/C Interests was $394,630,871.53 (the "HMIT Capital Account Balance"), and the capital account for all Class A Interests in aggregate was $1,983,069.70.[4]

## II.    **The Bankruptcy Case**

10. The Debtor commenced the Bankruptcy Case in the District of Delaware on October 16, 2019, by filing its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Bankruptcy Case was subsequently transferred to this Court.

11. On February 22, 2021, the Bankruptcy Court entered the *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* [Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1943-1] (the "Plan"). The Plan went effective on August 11, 2021 [Docket No. 2700] (the "Effective Date").

12. On the Effective Date, in accordance with the Plan: (a) the Claimant Trust and Litigation Sub-Trust were created; (b) the Class B/C Interests and the Class A Interests were extinguished; (c) holders of allowed Class 10 interests, consisting of Class B/C Interests, would receive contingent and unvested Class 10 Interests if and when their claims or interests were

---

[4] As of the Petition Date, Dugaboy's capital account was $740,081.61; Strand's capital account was $994,707.76; and Mr. Okada's and his affiliates entities' capital accounts, in aggregate, was $248,280.33.

HCMLPDT002921

allowed in amounts determined under the Plan; (d) holders of allowed Class 11 interests, consisting of the Class A Interests, would receive contingent and unvested Class 11 Interests if and when their claims or interests were allowed in amounts under the Plan; (e) James P. Seery, Jr., was appointed the Claimant Trustee of the Claimant Trust; and (f) Marc Kirschner was appointed the Litigation Trustee of the Litigation Sub-Trust.

13.     Presently, neither the HMIT Class 10 Interest nor any of the Class 11 Interests have been Allowed (as such term is defined in the Plan).

## III.     The Kirschner Litigation

14.     On October 15, 2021, the Litigation Trustee filed his *Complaint and Objection to Claims* (Adv. Proc. No. 21-03076-sgj, Docket No. 1 (Bankr. N.D. Tex. Oct. 15, 2021)) (the "Kirschner Complaint") which asserted, among other things, various claims against (a) Rand PE Fund and (b) HMIT, including a cause of action to collect amounts owed to Highland by HMIT pursuant to the HMIT Note.

15.     On May 19, 2022, the Litigation Trustee amended the Kirschner Complaint (Adv. Proc. No. 21-03076-sgj, Docket No. 158 (Bankr. N.D. Tex. May 19, 2022)) (the "Amended Kirschner Complaint"). The Amended Kirschner Complaint asserted substantially similar claims against HMIT and Rand PE Fund, including claims to collect the amounts owed under the HMIT Note.

16.     On April 4, 2023, upon the motion of the Litigation Trustee, this Court stayed prosecution of the Amended Kirschner Complaint, among other proceedings. Adv. Proc. No. 21-03076-sgj, Docket No. 338 (Bankr. N.D. Tex. April 4, 2023). As of the issuance of the stay, none of the HMIT Entities named a defendant had filed answers and therefore had not been required to file any counterclaims.

HCMLPDT002922

## IV.    The Pending HMIT Litigation

17.    On March 28, 2023, HMIT filed *Hunter Mountain Investment Trust's Emergency
Motion for Leave to File Verified Adversary Proceeding* [Docket Nos. 3699, 3760, 3815, 3816]
(as amended and supplemented, the "Second Motion for Leave") in which HMIT asserted, *inter
alia*, claims for breach of fiduciary duty, conspiracy, and unjust enrichment against Highland, the
Claimant Trust, and Mr. Seery, among others. On August 25, 2023, this Court denied the First
Motion for Leave. *In re Highland Cap. Mgmt., L.P.*, 2023 Bankr. LEXIS 2104 (Bankr. S.D. Tex
Aug. 25, 2023). HMIT appealed to the District Court for the Northern District of Texas (the
"District Court"), and, on March 21, 2025, the District Court remanded to this Court for further
proceedings. *Hunter Mountain Inv. Tr. v. Highland Cap. Mgmt., L.P.*, Case No. 3:23-cv-02071-
E, Docket No. 44 (N.D. Tex. Mar. 21, 2025).

18.    On May 10, 2023, Dugaboy Investment Trust ("Dugaboy") and HMIT filed that
certain *Complaint to (i) Compel Disclosures About the Assets of Highland Claimant Trust and
(ii) Determine (a) Relative Value of Those Assets, and (b) Nature of Plaintiffs' Interests in the
Claimant Trust*, Adv. Proc. No. 23-03038-sgj, Docket No. 1 (the "Valuation Complaint"),
seeking an order (a) compelling the Claimant Trust to provide information about its assets, (b)
valuing those assets, and (c) deeming Dugaboy and HMIT "Claimant Trust Beneficiaries." On
May 24, 2024, this Court dismissed the Valuation Complaint with prejudice [Docket No. 27].
Dugaboy and HMIT appealed to the District Court (Case No. 3:24-cv-01531-X (N.D. Tex.)), and
the appeal is fully briefed and *sub judice*.

19.    On January 1, 2024, HMIT filed its *Motion for Leave to File a Delaware
Complaint* [Docket. No. 4000] (the "Second Motion for Leave," and together with the First
Motion for Leave and the Valuation Complaint, the "Pending HMIT Litigation"). On January 16,
2024, Highland and the Claimant Trust moved to stay the Second Motion for Leave pending

HCMLPDT002923

appellate review of the dismissal of the Valuation Complaint [Docket No. 4013] (the "Stay Motion"). On June 22, 2024, this Court granted the Stay Motion [Docket No. 4104]. HMIT subsequently appealed to the District Court (Case No. 3:24-cv-01786-L (N.D. Tex.)), and the appeal is fully briefed and *sub judice*.

## V.    Summary of the Salient Terms of the Settlement Agreement

20.    To resolve the disputes between the Highland Entities and the HMIT Entities, including the Pending HMIT Litigation, the parties and their counsel engaged in extensive arm's-length, good faith negotiations over the last several months. These negotiations resulted in the Settlement Agreement, which provides for, *inter alia*, the sale and transfer of certain Estate Claims and other Estate assets to the HMIT Entities, the dismissal of the Pending HMIT Litigation, and the exchange of broad mutual releases.

21.    Subject to the terms of the Settlement Agreement, the principal terms of the Settlement Agreement are set forth below:[5]

- Within five (5) business days after the Court issues an order approving the allowance of HMIT Class 10 Interest (the "Bankruptcy Court Approval Date"), the HMIT Entities will dismiss the Pending HMIT Litigation with prejudice;[6]

- Within five (5) business days after the Bankruptcy Court Approval Date, the Litigation Trustee will dismiss HMIT and Rand PE Fund from Counts I, II, III, and XXIV (which relates to the HMIT Note) of the Amended Kirschner Complaint with prejudice;

- Within five (5) business days after the Bankruptcy Court Approval Date, Highland will pay $500,000 to HMIT;

- Subject to the Court's approval and the terms and conditions set forth in the Settlement Agreement, the HMIT's Class 10 Interests will be allowed in the amount of

---

[5] In the event of any inconsistency between this Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control.

[6] The Valuation Complaint will only be dismissed as to HMIT; Dugaboy's claims in the Valuation Complaint will not be impaired.

HCMLPDT002924

$336,940,230.58, which represents the HMIT Capital Account Balance, less the HMIT Note Balance;[7]

- Within five (5) business days after the Bankruptcy Court Approval Date, (a) the Indemnity Trust will distribute $10 million Pro Rata to the Holders of allowed Class 10 Claims or Equity Interests and (b)(i) the Highland Entities will cause the portion of that certain *Promissory Note*, dated May 31, 2017, in the original face amount of $24,268,621.69, from Dugaboy, as Maker, and Highland Capital Management, L.P. and The Get Good Non-Exempt Trust, collectively as Payee (the "Dugaboy Note") held by the Highland Entities to be distributed in-kind to HMIT and (ii) the Indemnity Trust will distribute to HMIT cash in the aggregate amount of all principal and interest payments actually received on the Dugaboy Note by the Highland Entities, including the Indemnity Trust, from the date of the Settlement Agreement to the date of such assignment of the Dugaboy Note;[8]

- Subject to certain conditions precedent, the Indemnity Trust will make subsequent distributions Pro Rata to the Holders of allowed Class 10 Claims or Equity Interests with a final distribution date estimated to be on or about April 1, 2029;

- Within five (5) business days after the Bankruptcy Court Approval Date, the Litigation Trustee will, solely to the extent permitted by the Plan, the Litigation Sub-Trust Agreement, and applicable law, transfer, sell and assign to the HMIT Entities all Claims and causes of action that were asserted or could have been asserted by the Litigation Trustee in the Amended Kirschner Complaint (the "Transferred Claims"); and

- On the Bankruptcy Court Approval Date, the HMIT Releasors will provide broad, general releases to the Highland Released Parties and the Highland Releasors will provide broad, general releases to the HMIT Released Parties.

If the Settlement Agreement is approved, the only unresolved Claims or Equity Interests will be the Daugherty Claim and the Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand—that have no value but, if they did, their aggregate maximum value, if allowed, would not exceed approximately $1.7 million.

---

[7] Notwithstanding anything to the contrary in the Plan or the Claimant Trust Agreement, HMIT shall not be deemed, and no holder of the HMIT Class 10 Interest shall be, a Claimant Trust Beneficiary or a "Beneficiary" under the Claimant Trust Agreement, and the Highland Released Parties, individually and collectively, shall owe no duty to any HMIT Releasor (whether contractual, fiduciary, equitable, statutory or otherwise), including with respect to the HMIT Class 10 Interest, in each case, except as expressly set forth in the Settlement Agreement.

[8] Pursuant to the Settlement Agreement, HMIT will engage an independent valuation service provider to value the Dugaboy Note for purposes of determining the magnitude of reduction to the outstanding allowed Class 10 Interests on account of such in-kind distribution, which shall not be less than 50% of the current balance owed under the Dugaboy Note. Contemporaneously with the assignment of the Dugaboy Note, the Indemnity Trust will make a *pro rata* cash distribution to any other Holder of an Allowed Class 10 Claim or Equity Interest based on such valuation.

HCMLPDT002925

**RELIEF REQUESTED**

22.  Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 363(b), the

Movants request entry of an order substantially in the form attached hereto as **Exhibit A**, granting

the Motion, approving the Settlement Agreement, and authorizing the Highland Entities and their

agents to take all actions necessary or desirable to implement the Settlement Agreement without

the need for further notice or approval by the Court.

**BASIS FOR RELIEF REQUESTED**

23.  Bankruptcy Rule 9019 provides that "[o]n motion … and after notice and a

hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).

Settlements are favored in the bankruptcy context to "minimize litigation and expedite the

administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir.

1996). The approval of a settlement is within the "sound discretion" of the Court. *In re Jackson

Brewing Co.*, 624 F.2d 599, 603 (5th Cir. 1980).

24.  Pursuant to Bankruptcy Rule 9019(a), the Court may approve a settlement if it is

fair, reasonable, and in the best interests of the estate. *See, e.g., Official Comm. of Unsecured

Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015). A settlement should

be approved unless it falls below the lowest point in the range of reasonableness, based on a

comparison between the terms of the settlement and the costs and benefits of further litigation. *See,

e.g., Jackson Brewing Co.*, 624 F.2d at 602 (court must compare the "terms of the compromise

with the likely rewards of litigation"); *Cook v. Waldron*, 2006 U.S. Dist. LEXIS 31411, at *10

(S.D. Tex. April 18, 2006) (court should "canvass the issues" to decide if settlement falls "below

the lowest point in the range of reasonableness").

25.  In evaluating a proposed settlement, courts consider (i) the "probability of success

in the litigation, with due consideration for the uncertainty in fact and law," (ii) the "complexity

HCMLPDT002926

and likely duration of the litigation and any attendant expense, inconvenience and delay," and (iii)

"[a]ll other factors bearing on the wisdom of the compromise." *Official Comm. of Unsecured*

*Creditors v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.)*, 119 F.3d 349, 356 (5th

Cir. 1997) (quoting *Jackson Brewing Co.*, 624 F.2d at 602). Assessing the first factor—success on

the merits—does not require a "mini-trial" on the merits. *Cajun Elec. Power Coop.*, 119 F.3d at

356. The "other factors" include "the best interests of the creditors, 'with proper deference to their

reasonable views,'" as well as "'the extent to which the settlement is truly the product of arms-

length bargaining, and not of fraud or collusion.'" *Id.* (quoting *Conn. Gen. Life Ins. Co. v. United*

*Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917-18 (5th Cir. 1995)).

26.     A trustee also "is permitted to settle lawsuits pursuant to section 363(b)" of the

Bankruptcy Code. *Id*. at 354. Section 363(b) provides that "[t]he trustee, after notice and a hearing,

may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11

U.S.C. 363(b)(1). A settlement involving a transaction outside the ordinary course of business

"'must be supported by an articulated business justification, good business judgment, or sound

business reasons.'" *Gluckstadt Holdings, L.L.C. v. VCR I, L.L.C. (In re VCR I, L.L.C.)*, 922 F.3d

323, 327 (5th Cir. 2019) (quoting *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir.

2010)).

27.     As discussed in detail below, the factors to be considered pursuant to Bankruptcy

Rule 9019 and Bankruptcy Code section 363(b) weigh in favor of approving the Settlement

Agreement in this case.

28.     First, although the Highland Entities believe they have strong and meritorious

defenses to all of the Pending HMIT Litigation, history has shown that defending the Pending

HMIT Litigation, including the appeals that could result therefrom, will be costly, time-consuming

and value-destructive to the estate and creditor recoveries. Further, there is no guarantee that the

HCMLPDT002927

Highland Entities would continue to be successful in defending the Pending HMIT Litigation—or that the HMIT Entities will not file additional litigation against the Highland Entities and their indemnified parties.

29.     The second factor—complexity, duration, and costs of litigation—also weighs heavily in favor of approval of the Settlement Agreement. As this Court is aware, the cost of defending against the litigation in this case, including the Pending HMIT Litigation, has been significant. The litigation and its attendant costs have also significantly delayed and reduced distributions to the Debtor's constituents. The Pending HMIT Litigation began in 2023 and, although HMIT has lost in this Court, the Pending HMIT Litigation is subject to at least two pending appeals and has no signs of resolving absent this settlement. If the Settlement Agreement is not approved, the Highland Entities will be faced with significant appellate litigation and potentially additional litigation in this Court and other courts to resolve the Pending HMIT Litigation as well as any other litigation that may be brought by the HMIT Entities if the Settlement Agreement—and the Litigation Protections, including the releases—are not approved.

30.     Third, approval of the Settlement Agreement is justified by the paramount interest of Highland's creditors and constituents. The Settlement Agreement resolves the Pending HMIT Litigation, resolves all disputes in connection with the HMIT Class 10 claim; sells, transfers, and assigns the Estate Claims asserted in the Amended Kirschner Complaint—which has been pending since 2021 at significant cost to the estate—to the HMIT Entities; and provides for broad mutual releases and a cessation of the litigation and acrimony that has delayed consummation of the Plan. In exchange the Highland Entities are paying $500,000 and the Indemnity Trust is agreeing to scheduled distributions from the Indemnity Trust to the Holders of Allowed Class 10 Claims and Equity Interests. The Settlement Agreement is clearly a rational exercise of the Highland Entities' business judgment.

HCMLPDT002928

31.     Finally, the Settlement Agreement was unquestionably negotiated in good faith and at arm's length. The Highland Entities' and HMIT Entities' relationship to date has been defined by hostility. Notwithstanding that history, the Highland Entities and HMIT Entities, with their advisors, negotiated the Settlement Agreement over the last several months, which, although not perfect for any party, finally resolves the years of active litigation and acrimony between the Highland Entities and HMIT Entities.

32.     While this Motion is the motion of the Highland Entities, undersigned counsel for the HMIT Entities appears below to evidence the approval by the HMIT Entities of the form and content of this Motion.

**NO PRIOR REQUEST**

33.     No previous request for the relief sought herein has been made to this Court or any other court.

**PRAYER**

**WHEREFORE**, the Movants respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the Motion and the relief requested herein, and granting them such other and further relief as the Court deems just and proper.

[remainder of page intentionally blank]

HCMLPDT002929

May 19, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:        jpomerantz@pszjlaw.com
              jmorris@pszjlaw.com
              gdemo@pszjlaw.com
              hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P., and
the Highland Claimant Trust*

Appearing to Evidence Approval of Form and Content:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

*Counsel for the HMIT Entities*

---

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

*/s/ Robert S. Loigman*
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

-and-

**SIDLEY AUSTIN LLP**

*/s/ Paige Holden Montgomery*
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Co-Counsel for Marc S. Kirschner, as Litigation
Trustee of the Highland Litigation Sub-Trust*

HCMLPDT002930

**Exhibit A**

**Proposed Order**

HCMLPDT002931

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |

## ORDER APPROVING SETTLEMENT WITH THE HMIT ENTITIES AND
## AUTHORIZING ACTIONS CONSISTENT THEREWITH

This matter having come before the Court on the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. []] (the "Motion")[2] filed by the Movants; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions of the Plan; and the Court having found that this is a

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

HCMLPDT002932

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, the

materials submitted in support of the Motion, all responses to the Motion, and the arguments

presented by counsel at the hearing on the Motion; and the Court having found that the relief

requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

parties-in-interest, and is supported by sound business reasons and justifications; and the Court

having determined that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief granted herein; and adequate notice of the Motion having been given; and

after due deliberation and good cause appearing therefor,

**THE COURT FINDS THAT:**

1.      The Settlement Agreement was negotiated and entered into by the HMIT Entities

without collusion or fraud, in good faith, and was the product of arm's-length negotiations.

2.      The HMIT Entities are not "insiders" or "affiliates" of Highland as those terms

are defined in Bankruptcy Code sections 101(3) and 101(2).

3.      The HMIT Entities entered into the Settlement Agreement and are acquiring the

Transferred Claims and Dugaboy Note in good faith and have proceeded with all aspects of the

Settlement Agreement in good faith.

4.      The Highland Entities have demonstrated a sufficient basis and compelling

circumstances to enter into the Settlement Agreement, and entry into the Settlement Agreement

is an appropriate exercise of the Highland Entities' business judgment and in the best interests of

Highland, its estate, and its creditors.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

5.      The Motion is **GRANTED**.

HCMLPDT002933

6.      The Settlement Agreement attached as **Exhibit 1** to the Demo Declaration is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 363(b) of the Bankruptcy Code.

7.      The HMIT Entities, as good faith purchasers of Estate assets in the Settlement, are entitled to the protections contained in section 363(m) of the Bankruptcy Code.

8.      The Highland Entities and their agents are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement without further notice or further Court approval.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### END OF ORDER ###

HCMLPDT002934