**EXHIBIT 28**

# UNITED STATES BANKRUPTCY COURT

Northern DISTRICT OF Texas

Case number 19-34054-sgj11

| | | | |
|---|---|---|---|
| In re: Highland Capital Management, LP | § | Case No. | 19-34054 |
| | § | | |
| | § | | |
| Debtor(s) | § | ☐ Jointly Administered | |

## Post-confirmation Report

Chapter 11

Quarter Ending Date: 09/30/2021

Petition Date: 10/16/2019

Plan Confirmed Date: 02/22/2021

Plan Effective Date: 08/11/2021

This Post-confirmation Report relates to: ◉ Reorganized Debtor

○ Other Authorized Party or Entity: _____

Name of Authorized Party or Entity

/s/ Zachery Z. Annable
_____
Signature of Responsible Party

10/21/2021
_____
Date

Zachery Z. Annable, Hayward PLLC
_____
Printed Name of Responsible Party

10501 N. Central Expressway, Suite 106
Dallas TX 75231
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.



1934054211021000000000010

HCMLPDT002440

Debtor's Name Highland Capital Management, LP                                  Case No. 19-34054

## Part 1: Summary of Post-confirmation Transfers

|  | Current  Quarter | Total Since Effective  Date |
|---|---|---|
| a. Total cash disbursements | $33,868,509 | $28,496,358 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $33,868,509 | $28,496,358 |

## Part 2: Preconfirmation Professional Fees and Expenses

| a. | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor      *Aggregate Total* | | $2,632,365 | $31,771,605 | $6,150,655 | $30,888,237 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Pachulski Stang Ziehl & Jones L | Lead Counsel | $2,519,827 | $23,611,818 | $4,843,118 | $22,789,658 |
| ii | Development Specialists, Inc. | Financial Professional | $0 | $5,658,299 | $813,227 | $5,658,299 |
| iii | Kurtzman Carson Consultants | Other | $0 | $1,857,660 | $330,712 | $1,857,660 |
| iv | Hayward & Associates PLLC | Local Counsel | $112,538 | $643,827 | $163,599 | $582,621 |

| b. | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor      *Aggregate Total* | | $536,506 | $6,183,667 | $1,032,709 | $5,073,192 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Hunton Andrews Kurth LLP | Other | $520,023 | $1,149,807 | $416,394 | $1,009,864 |
| ii | Foley Gardere, Foley & Lardne | Other | $0 | $629,088 | $0 | $629,088 |
| iii | Deloitte | Financial Professional | $16,482 | $428,361 | $0 | $206,336 |
| iv | Mercer (US) Inc. | Other | $0 | $170,284 | $0 | $170,284 |
| v | Teneo Capital, LLC | Financial Professional | $0 | $1,364,823 | $616,315 | $616,315 |
| vi | Wilmer Cutler Pickering Hale a | Other | $0 | $1,389,667 | $0 | $1,389,667 |
| vii | Carey Olsen | Other | $0 | $280,264 | $0 | $280,264 |
| viii | ASW Law | Other | $0 | $4,976 | $0 | $4,976 |
| ix | Houlihan Lokey Financial Advi | Other | $0 | $766,397 | $0 | $766,397 |
| c. | All professional fees and expenses (debtor & committees) | | $4,408,326 | $56,849,059 | $8,572,805 | $54,651,118 |

## Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan

| | Total Anticipated Payments Under Plan | Paid  Current Quarter | Paid  Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $15,750 | $15,750 | $15,750 | 100% |
| b. Secured claims | $5,843,261 | $691,367 | $691,367 | $5,886,018 | 12% |
| c. Priority claims | $16,498 | $19,683 | $19,683 | $19,683 | 100% |
| d. General unsecured claims | $205,144,544 | $6,168,473 | $6,168,473 | $376,622,019 | 2% |
| e. Equity interests | $0 | $0 | $0 | | |

HCMLPDT002441

Debtor's Name Highland Capital Management, LP                                    Case No. 19-34054

**Part 4: Questionnaire**

a. Is this a final report?                                                            Yes ○   No ◉

    If yes, give date Final Decree was entered:                              _____

    If no, give date when the application for Final Decree is anticipated:     _____

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?    Yes ◉   No ○

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.</u>**

/s/ James Seery                                                James Seery
_____                               _____
Signature of Responsible Party                                Printed Name of Responsible Party

Chief Operating Officer                                       10/21/2021
_____                               _____
Title                                                         Date

UST Form 11-PCR (06/07/2021)                           3

HCMLPDT002442

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) |  |

## GLOBAL NOTES TO POST-CONFIRMATION REPORT

The Reorganized Debtor has filed the attached post-confirmation report (the "PCR") in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on behalf of debtor Highland Capital Management, L.P., Case No. 19-34054 (SGJ) (the "Bankruptcy Case"). The Reorganized Debtor prepared the PCR with the assistance of the Reorganized Debtor's employees, advisors, and professionals. The PCR was prepared solely for the purpose of complying with the post-confirmation quarterly reporting requirements established by the United States Trustee Program (see https://www.justice.gov/ust/chapter-11-operating-reports). The PCR should not be relied upon by any persons for any information in connection with current or future financial conditions or events relating to the Reorganized Debtor or its estate.

The financial information contained in the PCR is preliminary, unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with other applicable non-bankruptcy law. In preparing the PCR, the Reorganized Debtor relied on financial data from the books and records available to it at the time of such preparation, as well as certain filings on the docket in the Bankruptcy Case. Although the Reorganized Debtor made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist. The Reorganized Debtor reserves the right to amend and supplement the PCR as may be necessary or appropriate.

## Part 2: Preconfirmation Professional Fees and Expenses

In Section A of the PCR, the Reorganized Debtor listed the bankruptcy related professionals employed as result of the Bankruptcy Case.

In Section B of the PCR, the Reorganized Debtor listed non-bankruptcy professionals, those that would have been retained absent the Bankruptcy Case, and the ordinary course professionals

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

HCMLPDT002443

("OCP"). Hunton Andrews Kurth LLP ("Hunton") and Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") were originally ordinary course professionals but were later employed professionals. The amounts listed for Hunton and Wilmer Hale include the OCP payments and employed professional payments.

In Section C of the PCR, the Reorganized Debtor totals all payments included in Sections A and B, along with payments made to professional employed by the official committee of unsecured creditors (the "Committee").

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

General unsecured claims in Section 3(d) include claims in classes 7, 8 and 9.  100% of the Allowed Claims in Class 7 have been paid. Allowed Claims in Classes 8 and 9 have received non-cash distributions in to form of Claimant Trust Interests in accordance with the terms of the Plan. The Reorganized Debtor also made payments in approximate amount of $1.080 million on the effective date that were not classified under the Plan. The Debtor has estimated the amount of Allowed Claims for purposes of this PCR.  The Debtor reserves all right to object to any claim in accordance with the terms of the Plan.

HCMLPDT002444