**EXHIBIT 42**

Case 19-34054-sgj11 Doc 4253-42 Filed 06/20/25 Entered 06/20/25 19:55:52 Desc
Exhibit 42 Page 2 of 16

Case 19-34054-sgj11 Doc 3756 Filed 04/21/23 Entered 04/21/23 19:45:52 Desc Main Document Page 2 of 15 Docket #3756 Date Filed: 04/21/2023

# UNITED STATES BANKRUPTCY COURT

Northern DISTRICT OF Texas

Case number 19-34054 sgj11

In re: Highland Capital Management, LP  §  Case No. 19-34054
§
§
Debtor(s)  §  ☐ Jointly Administered

# Post-confirmation Report

Chapter 11

Quarter Ending Date: 03/31/2023     Petition Date: 10/16/2019

Plan Confirmed Date: 02/22/2021     Plan Effective Date: 08/11/2021

This Post-confirmation Report relates to:   ⦿ Reorganized Debtor

○ Other Authorized Party or Entity: _____

Name of Authorized Party or Entity

/s/ Zachery Z. Annable                Zachery Z. Annable, Hayward PLLC
Signature of Responsible Party         Printed Name of Responsible Party

04/21/2023
Date

                                       10501 N. Central Expressway, Suite 106
                                       Dallas TX 75231
                                       Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-PCR (12/01/2021)          1


1934054230421000000000017

HCMLPDT002568

Debtor's Name Highland Capital Management, LP                                    Case No. 19-34054

**Part 1: Summary of Post-confirmation Transfers**

|  | Current Quarter | Total Since Effective Date |
|---|---:|---:|
| a. Total cash disbursements | $15,817,995 | $115,423,961 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $573,888 | $5,194,652 |
| d. Total transferred (a+b+c) | $16,391,883 | $120,618,613 |

**Part 2: Preconfirmation Professional Fees and Expenses**

| | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---:|---:|---:|---:|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | $0 | $33,005,136 | $0 | $33,005,136 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Pachulski Stang Ziehl & Jones | Lead Counsel | $0 | $24,312,860 | $0 | $24,312,860 |
| ii | Development Specialists, Inc. | Financial Professional | $0 | $5,765,448 | $0 | $5,765,448 |
| iii | Kurtzman Carson Consultants | Other | $0 | $2,054,716 | $0 | $2,054,716 |
| iv | Hayward & Associates PLLC | Local Counsel | $0 | $872,112 | $0 | $872,112 |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |

| Debtor's Name Highland Capital Management, LP | | | | | | Case No. 19-34054 |
|---|---|---|---|---|---|---|
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |
| xxxvii | | | | | | |
| xxxviii | | | | | | |
| xxxix | | | | | | |
| xl | | | | | | |
| xli | | | | | | |
| xlii | | | | | | |
| xliii | | | | | | |
| xliv | | | | | | |
| xlv | | | | | | |
| xlvi | | | | | | |
| xlvii | | | | | | |
| xlviii | | | | | | |
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |
| lvii | | | | | | |
| lviii | | | | | | |
| lix | | | | | | |
| lx | | | | | | |
| lxi | | | | | | |
| lxii | | | | | | |
| lxiii | | | | | | |
| lxiv | | | | | | |
| lxv | | | | | | |
| lxvi | | | | | | |
| lxvii | | | | | | |
| lxviii | | | | | | |
| lxix | | | | | | |
| lxx | | | | | | |
| lxxi | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxviii | | | | | | |
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor | | *Aggregate Total* | $0 | $7,604,472 | $0 | $7,604,472 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| i | Hunton Andrews Kurth LLP | | Other | $0 | $1,149,807 | $0 | $1,149,807 |
| ii | Foley Gardere, Foley & Lardne | | Other | $0 | $629,088 | $0 | $629,088 |
| iii | Deloitte | | Financial Professional | $0 | $553,413 | $0 | $553,413 |
| iv | Mercer (US) Inc. | | Other | $0 | $204,767 | $0 | $204,767 |
| v | Teneo Capital, LLC | | Financial Professional | $0 | $1,364,823 | $0 | $1,364,823 |
| vi | Wilmer Cutler Pickering Hale | | Other | $0 | $2,650,937 | $0 | $2,650,937 |

UST Form 11-PCR (12/01/2021)    4

| Debtor's Name Highland Capital Management, LP | | | | | | | Case No. 19-34054 |
|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | vii | Carey Olsen | Other | | $0 | $280,264 | $0 | $280,264 |
| | viii | ASW Law | Other | | $0 | $4,976 | $0 | $4,976 |
| | ix | Houlihan Lokey Financial Advi | Other | | $0 | $766,397 | $0 | $766,397 |
| | x | | | | | | | |
| | xi | | | | | | | |
| | xii | | | | | | | |
| | xiii | | | | | | | |
| | xiv | | | | | | | |
| | xv | | | | | | | |
| | xvi | | | | | | | |
| | xvii | | | | | | | |
| | xviii | | | | | | | |
| | xix | | | | | | | |
| | xx | | | | | | | |
| | xxi | | | | | | | |
| | xxii | | | | | | | |
| | xxiii | | | | | | | |
| | xxiv | | | | | | | |
| | xxv | | | | | | | |
| | xxvi | | | | | | | |
| | xxvii | | | | | | | |
| | xxviii | | | | | | | |
| | xxix | | | | | | | |
| | xxx | | | | | | | |
| | xxxi | | | | | | | |
| | xxxii | | | | | | | |
| | xxxiii | | | | | | | |
| | xxxiv | | | | | | | |
| | xxxv | | | | | | | |
| | xxxvi | | | | | | | |
| | xxxvii | | | | | | | |
| | xxxvii | | | | | | | |
| | xxxix | | | | | | | |
| | xl | | | | | | | |
| | xli | | | | | | | |
| | xlii | | | | | | | |
| | xliii | | | | | | | |
| | xliv | | | | | | | |
| | xlv | | | | | | | |
| | xlvi | | | | | | | |
| | xlvii | | | | | | | |
| | xlviii | | | | | | | |

Case 19-34054-sgj11 Doc 4375-42 Filed 04/02/25 Entered 04/02/25 19:55:32 Desc
Exhibit 42 Page 6 of 16

UST Form 11-PCR (12/01/2021)        5

| | | | | | | |
|---|---|---|---|---|---|---|
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |
| lvii | | | | | | |
| lviii | | | | | | |
| lix | | | | | | |
| lx | | | | | | |
| lxi | | | | | | |
| lxii | | | | | | |
| lxiii | | | | | | |
| lxiv | | | | | | |
| lxv | | | | | | |
| lxvi | | | | | | |
| lxvii | | | | | | |
| lxviii | | | | | | |
| lxix | | | | | | |
| lxx | | | | | | |
| lxxi | | | | | | |
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxviii | | | | | | |
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvii | | | | | | |
| lxxxviii | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |

Debtor's Name Highland Capital Management, LP    Case No. 19-34054

|     |       |       |       |       |       |       |
|-----|-------|-------|-------|-------|-------|-------|
|     | xci   |       |       |       |       |       |
|     | xcii  |       |       |       |       |       |
|     | xciii |       |       |       |       |       |
|     | xciv  |       |       |       |       |       |
|     | xcv   |       |       |       |       |       |
|     | xcvi  |       |       |       |       |       |
|     | xcvii |       |       |       |       |       |
|     | xcviii|       |       |       |       |       |
|     | xcix  |       |       |       |       |       |
|     | c     |       |       |       |       |       |
|     | ci    |       |       |       |       |       |
| c.  | All professional fees and expenses (debtor & committees) | | $0 | $60,171,929 | $0 | $60,171,929 |

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

|                              | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|------------------------------|---------------------------------------|----------------------|-----------------|----------------|--------------------------|
| a. Administrative claims     | $0                                    | $0                   | $15,750         | $15,750        | 100%                     |
| b. Secured claims            | $5,843,261                            | $0                   | $5,274,477      | $5,274,477     | 100%                     |
| c. Priority claims           | $16,498                               | $0                   | $1,213,832      | $1,213,832     | 100%                     |
| d. General unsecured claims  | $205,144,544                          | $15,044,364          | $270,205,592    | $397,485,568   | 68%                      |
| e. Equity interests          | $0                                    | $0                   | $0              |                |                          |

**Part 4: Questionnaire**

a. Is this a final report?    Yes ◯   No ⦿

   If yes, give date Final Decree was entered: _____

   If no, give date when the application for Final Decree is anticipated: _____

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?    Yes ⦿   No ◯

UST Form 11-PCR (12/01/2021)                                    7

HCMLPDT002574

Debtor's Name Highland Capital Management, LP    Case No. 19-34054

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

| /s/ James Seery | James Seery |
|---|---|
| Signature of Responsible Party | Printed Name of Responsible Party |
| CEO | 04/21/2023 |
| Title | Date |

UST Form 11-PCR (12/01/2021)    8

HCMLPDT002575

Debtor's Name Highland Capital Management, LP    Case No. 19-34054


Page 1


Other Page 1


Page 2 Minus Tables


Bankruptcy Table 1-50

UST Form 11-PCR (12/01/2021)    9

HCMLPDT002576

Debtor's Name Highland Capital Management, LP         Case No. 19-34054

UST Form 11-PCR (12/01/2021)


Bankruptcy Table 51-100


Non-Bankruptcy Table 1-50


Non-Bankruptcy Table 51-100


Part 3, Part 4, Last Page

10

HCMLPDT002577

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] ) | Case No. 19-34054-sgj11 |
| ) | |
| Reorganized Debtor. ) | |

## GLOBAL NOTES TO POST CONFIRMATION REPORT

The Reorganized Debtor has filed the attached post-confirmation report (the "PCR") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), on behalf of debtor Highland Capital Management, L.P., Case No. 19-34054 (SGJ) (the "Bankruptcy Case"). The Reorganized Debtor prepared the PCR with the assistance of the Reorganized Debtor's employees, advisors, and professionals. The PCR was prepared solely for the purpose of complying with the post-confirmation quarterly reporting requirements established by the United States Trustee Program (*see* https://www.justice.gov/ust/chapter-11-operating-reports). The PCR should not be relied upon by any persons for any information in connection with current or future financial conditions or events relating to the Reorganized Debtor or its estate.

The financial information contained in the PCR is preliminary, unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with other applicable non-bankruptcy law. In preparing the PCR, the Reorganized Debtor relied on financial data from the books and records available to it at the time of such preparation, as well as certain filings on the docket in the Bankruptcy Case. Although the Reorganized Debtor made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist. The Reorganized Debtor reserves the right to amend and supplement the PCR as may be necessary or appropriate.

**Part 2: Preconfirmation Professional Fees and Expenses**

In Section A of the PCR, the Reorganized Debtor listed the bankruptcy related professionals employed in connection with the Bankruptcy Case.

In Section B of the PCR, the Reorganized Debtor listed non-bankruptcy professionals, those that would have been retained absent the Bankruptcy Case, and the ordinary course professionals ("OCP"). Hunton Andrews Kurth LLP ("Hunton") and Wilmer Cutler Pickering Hale and Dorr

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_DE:236683.1 36027/003
DOCS_NY:46165.3 36027/003

LLP ("Wilmer Hale") were originally ordinary course professionals but were later employed professionals. The amounts listed for Hunton and Wilmer Hale include the OCP payments and employed professional payments.

In Section C of the PCR, the Reorganized Debtor totals all payments included in Sections A and B, along with payments made to professional employed by the official committee of unsecured creditors (the "Committee").

The approved current quarter, approved cumulative, and paid cumulative will have the same amount listed due to approval and payment of final fee applications.

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

The payments made to holders of General Unsecured Claims were disbursed from the Claimant Trust, but for presentation purposes, have been included in Part 3 of the post-confirmation report for the Reorganized Debtor.

The presentation contained in this PCR does not reflect the material and necessary reserves that will be taken in accordance with Reorganized Debtor's governing documents and the Plan.

The Debtor reserves all right to object to any claim in accordance with the terms of the Plan.

# Addendum to Global Notes for March 31, 2023 Quarterly Operating Report
## Summary of Highland Claimant Trust ("Claimant Trust") & Highland Capital Management, L.P. ("HCMLP"), Effectuation of Plan as of March 31, 2023

**Item 1: Quarter-ending cash, Disputed Claims Reserve, and Indemnity Trust summary (in $ millions)**

| Quarter End Date | Quarter End Cash and Equivalents balances [1][2] | Cumulative Funding – Disputed Claims Reserve | Cumulative Funding – Indemnity Trust [2] |
|---|---|---|---|
| 3/31/2021 | $27.9 | n/a | n/a |
| 6/30/2021 | $17.9 | n/a | n/a |
| 9/30/2021 | $33.6 | n/a | $2.5 |
| 12/31/2021 | $19.8 | n/a | $2.5 |
| 3/31/2022 | $21.1 | n/a | $2.5 |
| 6/30/2022 | $85.2 | n/a | $2.5 |
| 9/30/2022 | $31.8 | $11.0 | $20.0 |
| 12/31/2022 | $36.6 | $11.0 | $20.0 |
| 3/31/2023 | $25.0 | $11.6 | $32.0 |

[1] Bank cash for Claimant Trust, HCMLP (debtor up to August 11, 2021; re-organized from August 11, 2021), Highland Litigation Trust Sub-Trust ("Litigation Trust"), HCMLP GP LLC and including cash at brokerage account(s), cash equivalents as well as cash or equivalent reserves for earned operating obligations, if applicable. All amounts herein EXCLUDE the Highland Indemnity Trust ("Indemnity Trust") and the cash held within the Disputed Claims Reserve, which are described separately, as well as any other segregated agency or shareholder representative account(s) for which cash is held solely for the benefit of others.

[2] Based upon the baseless filed motion seeking to litigate against indemnified parties and threats from vexatious parties, the Claimant Trustee expects to fund significant additional amounts into the Indemnity Trust.


**Item 2: Class 8 / Class 9 Summary (in $ millions)**

Note that payments described within Part 3 of the quarterly operating report include payments to classes 6, 7, 8, and 9, whereas payments below only include payments to classes 8 and 9, as applicable.

| Class 8 / 9 Summary (in $ millions) | Cash Payments through March 31, 2023 | Disputed Claims Reserve | Remaining [3] |
|---|---|---|---|
| Class 8 | $263.4 | $11.6 | $28.7 |
| Class 9 | $0.0 | $0.0 | $98.8 |
| Classes 8 + 9 | $263.4 | $11.6 | $127.4 |

[3] Face amount of allowed class 8/9 claims PLUS face amount of pending class 8/9 claims LESS cumulative payments to classes 8/9 LESS cumulative reserves for classes 8/9. Amounts EXCLUDE accrued interest on claim balances as well as amounts of pending admin priority claims, and unliquidated pending class 8/9 claims. Any future distributions to classes 8 and 9 are subject to satisfaction of Claimant Trust senior obligations.

## Item 3: Remaining disputed/expunged or pending claims (in $ millions)

Amounts reserved within the Disputed Claims Reserve are in no way indicative of the value or validity of the claim, but rather are simply established based on the face amount of the claim and the proportionate calculation of amounts already distributed to actual allowed claimholders.

| Party | Claim number(s) | Face amount | Reserved in Disputed Claims Reserve | Unreserved |
|---|---|---|---|---|
| Highland CLO Management, Ltd. | Scheduled/Disputed | $10.1 | ($9.2) | $1.0 |
| Patrick Daugherty [4] | 205 | $2.7 | ($2.4) | $0.3 |
| CLO Holdco, Ltd. [5] | 254 | Unliquidated | $0.0 | See note |
| HCRE Partners, LLC [6] | 146 | Unliquidated | $0.0 | See note |
| Hunter Covitz [7] | 186 | Unliquidated | $0.0 | See note |
| Highland Capital Management Fund Advisors, LP and NexPoint Advisors, LP [8] | 239 | $6.7 | $0.0 | $6.7 |
| Total | | $19.5 | ($11.6) | $7.9 |

[4] Proof of claim has been partially settled, with the exception of the Reserved Claim as described in the settlement agreement with Mr. Daugherty [Docket No. 3298]. Claimant may assert additional amounts may be owed.

[5] CLO Holdco, Ltd., initially filed proof of claim 133 and subsequently amended that claim to $0.00 in open court and then by filing proof of claim 198. HCMLP relied on that agreement and amendment. Subsequently, CLO Holdco, Ltd., sought to amend claim 198 to an estimated amount of $3.8 million by filing proof of claim 254. The Litigation Trust objected to the attempted amended claim, and CLO Holdco, Ltd.'s claim was adjudicated at $0.00. CLO HoldCo, Ltd., has appealed.

[6] HCRE Partners, LLC filed a motion to withdraw proof of claim 146. HCMLP contested that the withdrawal of the claim. The matter is sub judice.

[7] Proof of claim 186 was expunged, but alleged transferee of expunged claim has appealed; appeal pending.

[8] Proof of claim 239, which is an administrative priority claim, was expunged and judgment was granted against alleged creditor, but alleged creditor has appealed.

## Item 4: Interest-bearing debt outstanding as of March 31, 2023 (in $ millions)

No interest-bearing debt outstanding. Exit Facility retired in 2022. [9]

[9] Encompasses Claimant Trust, HCMLP (re-organized), Litigation Trust, HCMLP GP LLC, but does not look-through to their respective subsidiaries and/or private funds or companies held by private funds.

**Item 5: Remaining investments, notes, and other assets [10]**

| Asset (alphabetic sorting, except "Other misc.") | Description |
|---|---|
| Breach of contract judgment | Direct asset. Bonded judgment against Highland Capital Management Fund Advisors, LP and NexPoint Advisors, LP, pending appeal. |
| Contempt civil penalty | Direct asset. Civil penalty owed by Mr. Dondero from the first of two contempt orders against him (his second contempt civil penalty was already received from subsidiary of DAF). |
| Contingent rights, post-sale | Residual contingent rights tied to milestones from a company that was sold Pre-Petition – direct and indirect interests through managed fund(s). |
| Highland CLO Funding, Ltd. ("HCLOF") | Majority-owned by HCMLP or Claimant Trust (directly or indirectly) but controlled by two independent Guernsey-based directors – investments of this entity are predominantly subordinated notes of Acis-managed CLOs, whose remaining value is predominantly cash. Remaining distributions are held up due to litigation against Acis-related entities and HCLOF by Mr. Dondero's entities. |
| NHT.U (TSXV exchange) | Direct asset. Hospitality REIT managed by a subsidiary of NexPoint Advisors, LP. |
| NHT Holdco LLC | Hospitality REIT managed by a subsidiary of NexPoint Advisors, LP. Indirect interests held through a Delaware LLC created for the sole purpose of holding shares of the hospitality REIT. Mr. Dondero is the manager of the entity. HCMLP has demanded shares as provided in the LLC agreement but has yet to receive delivery of the shares. |
| Note from Hunter Mountain Investment Trust | Direct asset. Defaulted note. Subject to Litigation Trustee collecting. |
| Note from The Dugaboy Investment Trust ("Dugaboy") | Direct asset. Term note. Last receipt in December 2022. Next scheduled receipt in December 2023. |
| Notes from Mr. Dondero + his affiliates (except Dugaboy) | Direct asset. Demand notes and accelerated term notes, plus costs of collection. Subject to Claimant Trust collection litigation. |
| Post-sale escrows | Residual escrow(s) remaining related to the monetizations of two private companies. Direct and indirect interests through managed fund(s). |
| Private companies | Direct and indirect interests in two privately held companies. |
| Private equity fund interests | Direct or indirect interests in two private funds that make Oil & Gas and Healthcare-related investments, respectively. |
| SE Multifamily Holdings LLC | Direct asset. Membership interests. Subject to Claimant Trust litigation. |
| Other misc. | Future revenue streams; receivables; misc. investments; cash (unrestricted and reserved); litigation claims of the Litigation Trust; indemnification claims. |

[10] Listing is not comprehensive, but rather is intended to capture potentially significant asset categories that have yet to be fully monetized. Listing includes assets of the Claimant Trust, HCMLP (re-organized), Litigation Trust, and HCMLP GP LLC. Descriptions herein indicate whether the asset is directly owned by one or more of these entities and/or whether the asset is indirectly beneficially owned.