**EXHIBIT 64**

Trustee, Oversight Board, or Member acted with gross negligence or willful misconduct in the selection, retention, or supervision of such employee, agent or professional of the Litigation Sub-Trust.

8.2 <u>Indemnification</u>. The Litigation Trustee (including each former Litigation Trustee), Oversight Board, and all past and present Members (collectively, the "<u>Indemnified Parties</u>") shall be indemnified by the Litigation Sub-Trust against and held harmless by the Litigation Sub-Trust from any losses, claims, damages, liabilities or expenses (including, without limitation, attorneys' fees, disbursements, and related expenses) to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought or threatened against any of the Indemnified Parties in their capacity as Litigation Trustee, Oversight Board, or Member, or in connection with any matter arising out of or related to the Plan, this Agreement, or the affairs of the Litigation Sub-Trust, unless it is ultimately determined by order of the Bankruptcy Court or other court of competent jurisdiction that the Indemnified Party's acts or omissions constituted willful fraud, willful misconduct, or gross negligence. If the Indemnified Party becomes involved in any action, proceeding, or investigation in connection with any matter arising out of or in connection with the Plan, this Agreement or the affairs of the Litigation Sub-Trust for which an indemnification obligation could arise, the Indemnified Party shall promptly notify the Litigation Trustee and/or Oversight Board, as applicable; <u>provided</u>, <u>however</u>, that the failure of an Indemnified Party to promptly notify the Litigation Trustee and/or Oversight Board of an indemnification obligation will not excuse the Litigation Sub-Trust from indemnifying the Indemnified Party unless such delay has caused the Litigation Sub-Trust material harm. The Litigation Sub-Trust shall periodically advance or otherwise reimburse on demand the Indemnified Party's reasonable legal and other expenses (including, without limitation, the cost of any investigation and preparation and attorney fees, disbursements, and related expenses) incurred in connection therewith as a Litigation Sub-Trust Expense, but the Indemnified Party shall be required to repay promptly to the Litigation Sub-Trust the amount of any such advanced or reimbursed expenses paid to the Indemnified Party to the extent that it shall be ultimately determined by Final Order that the Indemnified Party engaged in willful fraud, misconduct, or negligence in connection with the affairs of the Litigation Sub-Trust with respect to which such expenses were paid. The Litigation Sub-Trust shall indemnify and hold harmless the employees, agents and professionals of the Litigation Sub-Trust and Indemnified Parties to the same extent as provided in this Section 8.2 for the Indemnified Parties. For the avoidance of doubt, the provisions of this Section 8.2 shall remain available to any former Litigation Trustee or Member or the estate of any decedent Litigation Trustee or Member. The indemnification provided hereby shall be a Litigation Sub-Trust Expense.

8.3 To the extent applicable, the provisions and protections set forth in Article IX of the Plan will apply to the Litigation Sub-Trust, the Litigation Trustee, Oversight Board, and the Members.

**<u>ARTICLE IX.</u>**
**<u>TERMINATION</u>**

9.1 <u>Duration</u>. The Litigation Trustee, the Litigation Sub-Trust, and the Oversight Board shall be discharged or dissolved, as the case may be, at such time as the Litigation Trustee determines that the Estate Claims is not likely to yield sufficient additional proceeds to justify

further pursuit of such Estate, and all Distributions required to be made by the Litigation Trustee to the Litigation Sub-Trust Beneficiary under the Plan and this Agreement have been made, but in no event shall the Litigation Sub-Trust be dissolved later than [three years] from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions) is necessary to facilitate or complete the recovery on, and liquidation of, the Litigation Sub-Trust Assets.

9.2     Continuance of the Litigation Trustee for Winding Up.  After dissolution of the Litigation Sub-Trust and for purpose of liquidating and winding up the affairs of the Litigation Sub-Trust, the Litigation Trustee shall continue to act as such until the Litigation Trustee's duties have been fully performed.  Prior to the final distribution of all remaining Litigation Sub-Trust Assets, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for the Litigation Trustee's own costs and expenses, including a reserve to fund any potential indemnification or similar obligations of the Litigation Sub-Trust, until such time as the winding up of the Litigation Sub-Trust is completed.  Upon the dissolution of the Litigation Sub-Trust and completion of the winding up of the assets, liabilities and affairs of the Litigation Sub-Trust pursuant to the Delaware Statutory Trust Act, the Litigation Trustee shall file a certificate of cancellation with the State of Delaware to terminate the Litigation Sub-Trust pursuant to Section 3810 of the Delaware Statutory Trust Act (such date upon which the certificate of cancellation is filed shall be referred to as the "Termination Date").  Subject in all respects to 3.11, upon the Termination date, the Litigation Trustee shall retain for a period of two (2) years, as a Litigation Sub-Trust Expense, the books, records, and certificated and other documents and files that have been delivered to or created by the Litigation Trustee.  Subject in all respects to Section 3.11, at the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the Termination Date.

9.3     Termination of Duties.  Except as otherwise specifically provided herein, upon the Termination Date of the Litigation Sub-Trust, the Litigation Trustee, the Oversight Board, and its Members shall have no further duties or obligations hereunder.

## ARTICLE X.
## AMENDMENTS AND WAIVER

The Litigation Trustee, with the consent of a simple majority of the Oversight Board, may amend this Agreement to correct or clarify any non-material provisions.  This Agreement may not otherwise be amended, supplemented, otherwise modified, or waived in any respect except by an instrument in writing signed by the Litigation Trustee and with the unanimous approval of the Oversight Board, and the approval of the Bankruptcy Court, after notice and a hearing; provided that the Litigation Trustee must provide the Oversight Board with prior written notice of any non-material amendments, supplements, modifications, or waivers of this Agreement.