**EXHIBIT 22**

|  |  |
|---:|:---|
| **From:** | "Louis M. Phillips" <Louis.Phillips@kellyhart.com> |
| **To:** | "John A. Morris" <jmorris@pszjlaw.com>, "Jeff Pomerantz" <jpomerantz@pszjlaw.com> |
| **Cc:** | "Amelia L. Hurt" <Amelia.Hurt@kellyhart.com> |
| **Subject:** | Remittance Agreement |
| **Date:** | Tue, 8 Apr 2025 13:17:06 +0000 |
| **Importance:** | Normal |
| **Attachments:** | HCLOM__Remittance_Agreement_(Charitable_DAF_Liberty_CLO)(706141854.2).pdf; Remittance_Agreement.pdf |
| **Inline-Images:** | image001.png |

---

John and Jeff,

Please find the Remittance Agreement, executed version.

**Louis M. Phillips**
*Partner*



KELLY HART & PITRE
301 MAIN STREET SUITE 1600
BATON ROUGE, LOUISIANA 70801
TELEPHONE: 225-381-9643
FAX: 225-336-9763
DIRECT:  225-338-5308

[louis.phillips@kellyhart.com](louis.phillips@kellyhart.com)
[www.kellyhart.com](www.kellyhart.com)

*Licensed to Practice in the State of Louisiana*

Confidentiality Notice: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (225) 381-9643 and return the original message to us at louis.phillips@kellyhart.com.

IRS Circular 230 Disclosure: Any tax advice contained in this email including any attachments, was not intended to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code or other law or for the purpose of marketing or recommending to any other party any transaction or other matter.

# REMITTANCE AGREEMENT

This Remittance Agreement (the "Agreement") is entered into as of January 10, 2025 (the "Effective Date") by and between NREA SB II Holdings, LLC (together with its successors and assigns in such capacities, "NexPoint Small Bay."), Charitable DAF Holdings Corp. (together with its successors and assigns in such capacities, "Charitable DAF"), and Liberty CLO Holdco, Ltd. (together with its successors and assigns in such capacities, "Liberty CLO"). NexPoint Small Bay, Charitable DAF, and Liberty CLO are each referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, the Charitable DAF and Liberty CLO jointly previously provided temporary bridge funding and equity to NexPoint Small Bay, with repayment required in accordance with the Limited Liability Company Agreement of NexPoint Small Bay (the "DAF Bridge Equity"); and

WHEREAS, NexPoint Small Bay currently owes $8,265,050.74 to Charitable DAF and Liberty CLO, jointly, as repayment for the DAF Bridge Equity;

THEREFORE, for and in consideration of the payment, promises, covenants, conditions, stipulations, benefits, and obligations described and provided herein, the sufficiency and adequacy of which is expressly hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.  **Payment to DAF.** On or before January 14, 2025, NexPoint Small Bay shall pay to Charitable DAF and Liberty CLO, jointly, the amount of $8,265,050.74 (the "DAF Bridge Equity Payment").

2.  **Satisfaction and Release of Claims.** Charitable DAF and Liberty CLO each stipulates and agrees that the DAF Bridge Equity Payment will fully and completely satisfy all obligations arising out of or relating to the DAF Bridge Equity, that they each, upon receipt of the DAF Bridge Equity Payment, automatically and forever release and discharge NexPoint Small Bay and its affiliates, members, successors, and assigns, of and from all claims, demands, damages, liability, and responsibility, of any type or kind arising from or relating to the DAF Bridge Equity and/or their membership in NexPoint Small Bay, and Charitable DAF and Liberty CLO shall cease to be Members of NexPoint Small Bay and cease to have any rights under the Limited Liability Company Agreement of NexPoint Small Bay. Charitable DAF and Liberty CLO hereby provide any consent that is required by them under the Limited Liability Company Agreement of NexPoint Small Bay.

3.  **Choice of Law; Jurisdiction; Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to conflict of law provisions. Each Party to hereby consents and agrees that the courts located in Texas shall have sole and exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Agreement or to any matter arising out of or relating to this Agreement. Each Party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such court, and each Party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue, or *forum non conveniens*.

4. **Amendments; Waivers.** No amendment, modification, or waiver of any of the provisions of this Agreement shall be deemed to be made unless the same shall be in writing signed on behalf of each Party, and each waiver, if any, shall be a waiver only with respect to the specific instance involved and shall in no way impair the rights of the Party making such waiver or the obligations of the other Party in any other respect or at any other time.

5. **Binding Effect.** Except as otherwise expressly provided herein, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective successors, assigns, executors, representatives, and administrators.

6. **Entire Agreement.** The Agreement contains the entire understanding of the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, with respect to such matters, which the Parties acknowledge have been merged into this Agreement.

7. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Signature by facsimile or other similar electronic transmission shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Remittance Agreement as of the Effective Date set forth above and in the capacities set forth below.

NREA SB II Holdings, LLC,
a Delaware limited liability company

By: _____
Name: Anthony Scavo
Title: Authorized Signatory

CHARITABLE DAF HOLDINGS CORP.

By:_____
Name:_____
Title:_____

LIBERTY CLO HOLDCO, LTD.

By:_____
Name:_____
Title:_____

ACTIVE 706141854v2

HCMLPHMIT00000110

# REMITTANCE AGREEMENT

This Remittance Agreement (the "Agreement") is entered into as of January 10, 2025 (the "Effective Date") by and between NREA SB II Holdings, LLC (together with its successors and assigns in such capacities, "NexPoint Small Bay."), Charitable DAF Holdings Corp. (together with its successors and assigns in such capacities, "Charitable DAF"), and Liberty CLO Holdco, Ltd. (together with its successors and assigns in such capacities, "Liberty CLO"). NexPoint Small Bay, Charitable DAF, and Liberty CLO are each referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, the Charitable DAF and Liberty CLO jointly previously provided temporary bridge funding and equity to NexPoint Small Bay, with repayment required in accordance with the Limited Liability Company Agreement of NexPoint Small Bay (the "DAF Bridge Equity"); and

WHEREAS, NexPoint Small Bay currently owes $8,265,050.74 to Charitable DAF and Liberty CLO, jointly, as repayment for the DAF Bridge Equity;

THEREFORE, for and in consideration of the payment, promises, covenants, conditions, stipulations, benefits, and obligations described and provided herein, the sufficiency and adequacy of which is expressly hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Payment to DAF.** On or before January 14, 2025, NexPoint Small Bay shall pay to Charitable DAF and Liberty CLO, jointly, the amount of $8,265,050.74 (the "DAF Bridge Equity Payment").

2. **Satisfaction and Release of Claims.** Charitable DAF and Liberty CLO each stipulates and agrees that the DAF Bridge Equity Payment will fully and completely satisfy all obligations arising out of or relating to the DAF Bridge Equity, that they each, upon receipt of the DAF Bridge Equity Payment, automatically and forever release and discharge NexPoint Small Bay and its affiliates, members, successors, and assigns, of and from all claims, demands, damages, liability, and responsibility, of any type or kind arising from or relating to the DAF Bridge Equity and/or their membership in NexPoint Small Bay, and Charitable DAF and Liberty CLO shall cease to be Members of NexPoint Small Bay and cease to have any rights under the Limited Liability Company Agreement of NexPoint Small Bay. Charitable DAF and Liberty CLO hereby provide any consent that is required by them under the Limited Liability Company Agreement of NexPoint Small Bay.

3. **Choice of Law; Jurisdiction; Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to conflict of law provisions. Each Party to hereby consents and agrees that the courts located in Texas shall have sole and exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Agreement or to any matter arising out of or relating to this Agreement. Each Party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such court, and each Party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue, or *forum non conveniens*.

4. **Amendments; Waivers.** No amendment, modification, or waiver of any of the provisions of this Agreement shall be deemed to be made unless the same shall be in writing signed on behalf of each Party, and each waiver, if any, shall be a waiver only with respect to the specific instance involved and shall in no way impair the rights of the Party making such waiver or the obligations of the other Party in any other respect or at any other time.

5. **Binding Effect.** Except as otherwise expressly provided herein, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective successors, assigns, executors, representatives, and administrators.

6. **Entire Agreement.** The Agreement contains the entire understanding of the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, with respect to such matters, which the Parties acknowledge have been merged into this Agreement.

7. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Signature by facsimile or other similar electronic transmission shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Remittance Agreement as of the Effective Date set forth above and in the capacities set forth below.

NREA SB II Holdings, LLC

By: _____
Name: _____
Title: _____


CHARITABLE DAF HOLDINGS CORP.

By: _*/s/ Mark Patrick*_____
Name: Mark Patrick
Title: President


LIBERTY CLO HOLDCO, LTD.

By: _*/s/ Mark Patrick*_____
Name: Mark Patrick
Title: Director

ACTIVE 706141854v2

HCMLPHMIT00000112