**EXHIBIT 24**

**From:** "Louis M. Phillips" <Louis.Phillips@kellyhart.com>
**To:** "John A. Morris" <jmorris@pszjlaw.com>, "Jeff Pomerantz" <jpomerantz@pszjlaw.com>
**Cc:** "Amelia L. Hurt" <Amelia.Hurt@kellyhart.com>
**Subject:** FW: Joinder to Confidentiality Agreement
**Date:** Thu, 17 Apr 2025 17:33:36 +0000
**Importance:** Normal
**Attachments:** James_D._Shields_Joinder_to_CA.pdf
**Inline-Images:** image001.png

---

John,

Please see attached Joinder from Jim Shields.  Please have Mr. Seery execute and then return it to me so I can forward to Mr. Shields.  Thank you.

**Louis M. Phillips**
*Partner*



KELLY HART & PITRE
301 MAIN STREET SUITE 1600
BATON ROUGE, LOUISIANA 70801
TELEPHONE: 225-381-9643
FAX: 225-336-9763
DIRECT:  225-338-5308

louis.phillips@kellyhart.com
www.kellyhart.com

*Licensed to Practice in the State of Louisiana*

Confidentiality Notice: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (225) 381-9643 and return the original message to us at louis.phillips@kellyhart.com.

IRS Circular 230 Disclosure: Any tax advice contained in this email including any attachments, was not intended to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code or other law or for the purpose of marketing or recommending to any other party any transaction or other matter.

**From:** Jim Shields <jshields@shieldslegal.com>
**Sent:** Wednesday, April 16, 2025 11:53 AM
**To:** Louis M. Phillips <Louis.Phillips@kellyhart.com>

**Cc:** Kasey Rose <krose@shieldslegal.com>
**Subject:** RE: Joinder to Confidentiality Agreement

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

## JOINDER TO CONFIDENTIALITY AGREEMENT

This JOINDER TO CONFIDENTIALITY AGREEMENT (this "**Joinder**") is entered into as of March 18, 2025 (the "**Effective Date**") by and between Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**"), and James D. Shields (the "**Joining Party**"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Confidentiality Agreement (as hereinafter defined).

WHEREAS, reference is made to that certain Confidentiality Agreement as of March 18, 2025 by and among Highland, on the one hand, and Mark Patrick, a United States citizen and resident of Dallas, Texas, Hunter Mountain Investment Trust, a Delaware statutory trust, Charitable DAF Holdco, Ltd., a Cayman Islands exempted company, CDH GP, Ltd., a Cayman Islands exempted company, Charitable DAF Fund, L.P., a Cayman Islands exempted limited partnership, and CLO Holdco, Ltd., a Cayman Islands exempted company, Rand Advisors, LLC, a Delaware limited liability company, Rand PE Fund I, LP, a Delaware series limited partnership, Rand PE Fund Management, LLC, a Delaware limited liability company, Atlas IDF, LP, a Delaware limited partnership, Atlas IDF GP, LLC, a Delaware limited liability company, on the other hand (the "**Confidentiality Agreement**");

WHEREAS, the Joining Party is a Representative of Recipients and desires to receive certain Confidential Information for the sole limited purpose of advising Recipients in connection with its evaluation, negotiation and consummation of a Proposed Settlement; and

WHEREAS, in accordance with Section 4 of the Confidentiality Agreement and as a condition to Highland providing, or permitting Recipients to provide, such Confidential Information to the Joining Party, the Joining Party agrees to the terms and conditions set forth in this Joinder.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, the parties hereto, intending to be legally bound, hereby agree as follows:

1.      The Joining Party acknowledges that it has received and reviewed a copy of the Confidentiality Agreement.  The Joining Party hereby joins as a Party to, and agrees to be bound by all of the terms, provisions and conditions set forth in, the Confidentiality Agreement as a "Recipient" thereunder, with the same force and effect as if originally named therein as a "Recipient."

2.      Without limiting the generality of the foregoing, the Joining Party hereby (a) makes each of the representations and warranties set forth in Section 1 of the Confidentiality Agreement to Highland and (b) represents and warrants to Highland that such Joining Party (i) does not currently represent any Dondero Related Party and (ii) has no duty or obligation to provide any Confidential Information to any Person not a party to this Agreement, whether through a common or joint interest agreement or otherwise, and does not represent any Person with such a duty or obligation.

James D. Shields Joinder to CA (002)

3.     Each of the terms, provisions and conditions set forth in Section 9 of the Confidentiality Agreement are incorporated herein by reference in their entirety and shall apply to this Agreement *mutatis mutandis*.

4.     A true and correct copy of the Confidentiality Agreement, as modified in paragraph 9(f) by agreement of Highland and Joining Party, is attached hereto as Exhibit "A".

IN WITNESS WHEREOF, the parties hereto have executed this Joinder to be effective as of the Effective Date.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**JOINING PARTY:**

Name: James D. Shields

James D. Shields Joinder to CA (002)

HCMLPHMIT00000138

*Joinder of confidentility Agreement*

**Execution Version**

# CONFIDENTIALITY AGREEMENT

This CONFIDENTIALITY AGREEMENT (this "**Agreement**") is entered into as of March 18, 2025 (the "**Effective Date**") by and among Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**" or the "**Disclosing Party**"), on the one hand, and Mark Patrick, a United States citizen and resident of Dallas, Texas ("**Mr. Patrick**"), Hunter Mountain Investment Trust, a Delaware statutory trust ("**Hunter Mountain**"), Charitable DAF Holdco, Ltd., a Cayman Islands exempted company ("**DAF Holdco**"), CDH GP, Ltd., a Cayman Islands exempted company ("**DAF GP**"), Charitable DAF Fund, L.P., a Cayman Islands exempted limited partnership ("**DAF Fund**"), and CLO Holdco, Ltd., a Cayman Islands exempted company ("**CLO Holdco**", and together with DAF Holdco, DAF GP and DAF Fund, the "**DAF Entities**"), Rand Advisors, LLC, a Delaware limited liability company ("**Rand Advisors**"), Rand PE Fund I, LP, a Delaware series limited partnership ("**Rand PE Fund**"), Rand PE Fund Management, LLC, a Delaware limited liability company ("**Rand GP**"), Atlas IDF, LP, a Delaware limited partnership ("**Atlas IDF**"), Atlas IDF GP, LLC, a Delaware limited liability company ("**Atlas GP**" and together with Rand Advisors, Rand PE Fund, Rand GP and Atlas IDF, the "**Rand Entities**"), and the Rand Entities together with Mr. Patrick, Hunter Mountain and the DAF Entities, the "**Recipients**"), on the other hand.  Highland and the Recipients are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## Recitals

WHEREAS, Mr. Patrick hereby represents and warrants that he is a control person for each of Hunter Mountain, the DAF Entities and the Rand Entities;

WHEREAS, there are several active litigations to which Highland or one of its affiliates, on the one hand, and one or more of the Recipients, on the other hand, are parties, including, without limitation, the matters set forth on <u>Exhibit A</u> hereto (collectively, the "**Pending Litigations**");

WHEREAS, the Parties desire to enter into good faith settlement discussions in an effort to reach a mutually acceptable global resolution to the Pending Litigations and all potential claims and causes of action against each other (the "**Potential Settlement**");

WHEREAS, in connection with negotiating the Potential Settlement, it is anticipated that Highland will provide the Recipients with certain Confidential Information (as hereinafter defined); and

WHEREAS, as a condition to Highland providing Recipients with any such Confidential Information, the Recipients agree to the terms and conditions set forth in this Agreement.

## Agreement

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and agreed, the Parties, intending to be legally bound, hereby agree as follows:

HCMLPHMIT00000139

1.     **Representations and Warranties**

    (a)    Each Party hereby represents and warrants to the other Parties as follows:

        (i)    <u>Existence and Good Standing</u>. Such Party is a legal entity duly organized, validly existing and, to the extent applicable in such jurisdiction, in good standing under the Laws (as hereinafter defined) of the jurisdiction in which it is incorporated or formed. Such Party has all requisite corporate or similar right, power, authority and capacity to own, lease and operate the properties and assets it owns, leases and operates. Each Party is qualified to do business as a foreign entity in each jurisdiction in which its ownership of property or the conduct of its business as now conducted requires it to qualify.

        (ii)    <u>Authority; Enforceability</u>. Such Party has the full power and authority to execute this Agreement and to perform its obligations under this Agreement. The execution, delivery and performance of this Agreement have been duly and validly authorized by all required action on behalf of such Party in accordance with its respective Organizational Documents (as hereinafter defined) and applicable Law. This Agreement constitute the valid and binding obligations of, and enforceable against, such Party.

        (iii)    <u>No Violations</u>. The execution and delivery by such Party of this Agreement, the performance and compliance with the terms and conditions hereof and thereof by such Party, and the performance by such Parent of its obligations contemplated hereby, in each case, will not (with or without notice or passage of time, or both):

            (1) violate, conflict with, result in a breach of or constitute a default under any of the provisions of the Organizational Documents of such Party; or

            (2) breach, violate or conflict with any provision of any Law or Permit applicable to such Party.

        (iv)    <u>Legal Proceedings</u>. There are no judicial, administrative or arbitral actions, suits, hearings, inquiries, charges, investigations, administrative proceedings, grievances or formal complaints or other proceedings (public or private) commenced, brought, conducted or heard before, or otherwise involving, any Governmental Entity or arbitrator, in each case, pending nor threatened that (i) challenge the validity or enforceability of Party's obligations under this Agreement or (b) seek to prevent or delay, or otherwise would reasonably be expected to adversely affect, the performance by such Party of its obligations hereunder.

    (b)    Each Recipient hereby represents and warrants to Highland as follows:

        (i) None of James Dondero, nor any Person directly or indirectly owned or controlled by Mr. Dondero (including, without limitation, Dugaboy Investment Trust) nor any attorney, agent, employee, or representative engaged or working for benefit of Mr. Dondero nor any Person directly or indirectly owned or controlled by him (collectively, the "**Dondero Related Parties**") directly or indirectly owns any interest in, or directly or indirectly has any control over, such Recipient, including, without limitation, as the result of any written or oral contract, agreement, arrangement or obligation.

2

(ii) Such Recipient does not represent and is not acting on behalf of any Dondero Related Party.

(iii) Such Recipient has no duty or obligation to provide any Confidential Information to any Person not a party to this Agreement, whether through a common or joint interest agreement or otherwise, and is not representing or acting on behalf of any Person with such a duty or obligation.

## 2.   Confidential and Proprietary Nature of the Information

Recipients acknowledge the confidential and proprietary nature of the Confidential Information, agree to hold and keep the Confidential Information in strict confidence as provided in this Agreement, agree that the use of any such Confidential Information is expressly limited to the pursuit of a Potential Settlement and shall not be used for any other purpose or in any other manner except as expressly provided in this Agreement, and otherwise agree to each and every restriction and obligation in this Agreement.

## 3.   Confidential Information

As used in this Agreement, the term "**Confidential Information**" means and includes (a) any and all of the following items that will be disclosed to any Recipient or any of their respective Representatives (as hereinafter defined) by or on behalf of Highland, whether orally or in writing and without regard to whether Highland has specifically designated such item as confidential, proprietary or non-public: any and all confidential, proprietary or non-public information concerning the business or affairs of Highland or any of its affiliates or related accounts, or other Persons (as hereinafter defined) (which includes, for the avoidance of doubt and without limitation, Highland Claimant Trust, Highland Litigation Sub-Trust, Highland Indemnity Trust, each of their and Highland's direct and indirect subsidiaries, and each of their respective affiliates, and its and their respective parent entities, beneficiaries, members, shareholders, owners, creditors, trustees, oversight boards, directors, managers, officers, employees, agents, advisors and representatives (collectively, the "**Highland Related Parties**")), including, without limitation, any written or oral information, reports and data concerning financial statements, assets, liabilities, indemnity and other obligations, cash flow, income, and expenses; past, current or planned investment or portfolio information; contracts and agreements; know-how, inventions and ideas, whether past, current or planned; partner, beneficiary, owner or investor lists; partner, beneficiary, owner or investor information; business plans; entity structure details; all compliance-related reports, records and information; and any other information, however documented, that is proprietary or non-public or is a trade secret within the meaning of applicable state trade secret Law, and (b) any and all statements or representations made in the course of discussing, negotiating or evaluating a Potential Settlement, including, without limitation, the terms of any Potential Settlement and the fact that (i) Confidential Information has been disclosed to Recipient and (ii) any discussions or negotiations are taking place concerning a Potential Settlement.

To the extent that any Confidential Information includes information or materials subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege concerning pending or threatened legal proceedings or governmental investigations, the Parties understand and agree that they have a commonality of interest with respect to such matters, and it

3

HCMLPHMIT00000141

is their desire, intention, and mutual understanding that the sharing of such information or materials is not intended to, and shall not, waive or diminish in any way the confidentiality of such information or material or its continued protection under the attorney-client privilege, work-product doctrine, or other applicable privilege. Accordingly, all Confidential Information disclosed by or on behalf of Highland that is entitled to protection under the attorney-client privilege, work-product doctrine, or other applicable privilege shall remain entitled to such protection under these privileges and this Agreement.

**4.    Restricted Use of Confidential Information**

Recipients agree that the Confidential Information (a) shall be kept strictly confidential by each Recipient and (b) without limiting the foregoing, shall not be disclosed by or on behalf of any Recipient to any Person (as hereinafter defined) except as otherwise expressly permitted by this Agreement. It is understood and the Recipients agree that Confidential Information may only be disclosed to Mr. Patrick and such specific legal counsel, accountants and financial advisors of the Recipients to whom such disclosure has been consented to in writing by Highland in its sole discretion (which consent may be given via email) (collectively "**Representatives**") and who (i) require such Confidential Information for the purpose of evaluating, negotiating or consummating a Proposed Settlement (ii) are informed by Recipient of the confidential nature of the Confidential Information and the obligations set forth in this Agreement, and (iii) execute a written joinder in the form annexed hereto as Exhibit B pursuant to which the Representative agrees to be bound to this Agreement as if they were an original Party hereto, with such joinder including, without limitation, a representation and warranty that such Representative (1) does not currently represent any Dondero Related Party and (2) has no duty or obligation to provide any Confidential Information to any Person not a party to this Agreement, whether through a common or joint interest agreement or otherwise, and does not represent any Person with such a duty or obligation. Recipients further agree that Recipients and their Representatives shall not use any of the Confidential Information to the detriment of Highland or any Highland Related Party or for any reason or purpose other than evaluating, negotiating or consummating a Proposed Settlement. Recipients shall enforce this Agreement as to its Representatives and take such action, legal or otherwise, to the extent necessary to cause them to comply with this Agreement and thereby prevent any disclosure of Confidential Information by any of its Representatives (including, without limitation, all actions that any Recipient would take to protect its own confidential information).

Without limiting the generality of the foregoing and for the avoidance of doubt, the Recipients and their Representatives shall not disclose or refer to any Confidential Information to (a) subject to Section 5 below, any Governmental Entity (as hereinafter defined), including, without limitation, in any pleadings or submissions, or (b) any Dondero Related Party. The Parties acknowledge that it is their collective intent that no Confidential Information disclosed hereunder may be examined in any proceeding of a Governmental Entity (or any discovery relating to any such proceeding), and all Confidential Information shall be entitled to all protections applicable under Federal Rule of Evidence 408 and any other protections afforded to settlement and compromise communications under any other applicable Law.

4

HCMLPHMIT00000142

5.      **Legally Compelled Disclosure**

If any Recipient or any of its Representatives becomes compelled by Law (whether by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand, or similar process) to make any disclosure that is prohibited or otherwise constrained by this Agreement, such Recipient or its Representative, as the case may be, shall provide Highland with immediate notice of such legal proceedings, including all related documentation, so Highland may (a) seek an appropriate protective order or other appropriate relief, or (b) waive compliance with the provisions of this Agreement. In the absence of a protective order or Recipients receiving a written waiver from Highland, Recipients or their Representatives are permitted (with Highland's cooperation but at Recipient's expense) to disclose that portion (and only that portion) of the Confidential Information that Recipient or its Representative is legally compelled by an order of an applicable Governmental Entity of competent jurisdiction to disclose; provided, however, that Recipient and its Representatives must use best efforts to obtain reliable assurance that confidential treatment will be accorded by any Person to whom any Confidential Information is so disclosed.

6.      **Return or Destruction of Confidential Information**

If Highland notifies Recipients that it wishes Recipients to return all Confidential Information, then Recipients (i) shall promptly deliver to Highland all documents or other materials disclosed by or on behalf of Highland to Recipient or its Representatives constituting Confidential Information, together with all copies and summaries thereof in the possession or under the control of Recipients or their Representatives, and (ii) will destroy materials generated by Recipients or their Representatives that include or refer to any part of the Confidential Information, without retaining any copies, including, without limitation, any electronically stored copies or attachments to emails, of any such documents or materials. Written notice of return or destruction shall constitute a valid termination of access to Confidential Information and shall be deemed to have been given at the time Highland sends such notice. Such notice may be sent in any manner reasonably calculated to notify Recipients of the termination.

7.      **No Obligation to Negotiate a Potential Settlement**

None of the Parties shall have rights or obligations of any kind whatsoever with respect to any Potential Settlement by virtue of this Agreement other than for the matters specifically agreed to herein. Without limiting the preceding sentence, nothing in this Agreement requires any Party to enter into any Potential Settlement or to negotiate the same for any specified period of time or on any specific terms.

8.      **No Representations or Warranties**

Highland shall have no obligation to provide any information—confidential or otherwise—to the Recipients and retains the right to determine, in its sole discretion, what information, if any, it wishes to make available to Recipients, and neither Highland nor any Highland Related Party makes any representation or warranty (express or implied) concerning the completeness or accuracy of the Confidential Information.

HCMLPHMIT00000143

9.      **Miscellaneous**

        (a)      <u>Modification</u>.  This Agreement may only be modified or waived by a separate writing signed by the Party or Parties expressly modifying or waiving this Agreement.

        (b)      <u>Waiver</u>.  Neither the failure nor any delay by any Party in exercising any right, power, or privilege under this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege.

        (c)      <u>Certain Definitions</u>.

                (i)  The term **"Governmental Entity"** means any federal, national, state, foreign, provincial, local or other government or any governmental, regulatory, administrative or self-regulatory authority, agency, bureau, board, commission, court, judicial or arbitral body, department, political subdivision, tribunal or other instrumentality thereof, including any fiscal intermediary or administrative contractor acting on behalf of any of the foregoing.

                (ii)  The term **"Law"** means any law, rule, regulation, statute, code, ordinance, decree or other restriction of any Governmental Entity or any order, injunction, judgment, decree, ruling, writ, assessment or award of a Governmental Entity.

                (iii)  The term **"Organizational Documents"** means certificates of incorporation, bylaws, certificates of formation, certificates of trust, limited liability company agreements, limited liability partnership agreements, partnership or limited partnership agreements, trust agreements or other similar formation or governing documents of any Person, in each case, as amended, restated or otherwise modified to date.

                (iv)  The term **"Person"** means any individual, corporation (including any non-profit corporation), general or limited partnership, limited liability company, joint venture, estate, trust, association, organization, labor union, any other business entity, or a Governmental Entity.

        (d)      <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.  If any of the terms, covenants or provisions of this Agreement are determined to be unenforceable by reason of its extent, duration, scope or otherwise, then the Parties contemplate and intend that the authority making such determination shall reduce such extent, duration, scope or other provision and enforce them in their reduced form for all purposes contemplated by this Agreement.

        (e)      <u>Breach</u>.  Recipients agree that Highland will be irreparably injured by a breach of this Agreement by any Recipient or its Representatives, that monetary remedies will be inadequate to protect Highland against any actual or threatened breach of this Agreement by any Recipient or by its Representatives, and that Highland shall be entitled to an injunction or other equitable relief as a remedy for any breach as a matter of right and without the necessity of having to post a bond. Such remedy shall not be deemed to be the exclusive remedy for a breach of this Agreement, but

6

HCMLPHMIT00000144

shall be in addition to all other remedies available at law or equity. The non-prevailing Party shall pay the other Party's costs and expenses in any action to enforce the terms of this Agreement.

(f) <u>Liability and Indemnity</u>. Recipients shall, ~~jointly and severally~~, be liable to and shall indemnify and hold Highland and the Highland Related Parties harmless from and against any and all claims, suits, losses, damages, costs or expenses, including reasonable attorney fees, incurred or suffered by Highland or any Highland Related Party as a ~~result of any~~ Recipient ~~or its Representatives~~ violation of this Agreement, including, without limitation, using or disclosing any Confidential Information other than in accordance with this Agreement, whether such use or disclosure is performed negligently or otherwise.

(g) <u>Notices</u>. All notices, requests, demands, claims, and other communications hereunder shall be in writing. Any notice, request, demand, claim or other communication hereunder shall be deemed duly delivered: (a) four (4) business days after it is sent by registered or certified mail, return receipt requested, postage prepaid; (b) one (1) business day after it is sent for next business day delivery via a reputable nationwide overnight courier service; (c) when sent, if emailed on a business day; and (d) the next business day following the day on which the email is sent if emailed on a day that is not a business day, in each case to the intended recipient as set forth below:

If to Highland:

Highland Capital Management, L.P.
100 Crescent Court, Suite 1850
Dallas, Texas 75201
Attention: James P. Seery, Jr.
Email: jpseeryjr@gmail.com AND notices@highlandcapital.com

With copies to:

Pachulski Stang Ziehl & Jones LLP
780 3rd Avenue #34
New York, New York 10017
Attention: John A. Morris
Email: jmorris@pszjlaw.com

If to Recipients:

c/o Mark Patrick
6716 Glenhurst Dr.
Dallas, Texas 75254
Email: mpatrick@dafholdco.com

With copies to:

Kelly Hart & Pitre
301 Main Street Suite 1600
Baton Rouge, Louisiana 70801
Attention: Louis M. Phillips
Email: Louis.Phillips@kellyhart.com

7

(h)    <u>Governing Law; Jurisdiction</u>.  This Agreement shall be interpreted and construed in accordance with the laws of the State of Delaware, without regard to conflict of laws provisions. Each Party hereby irrevocably submits and acknowledges and recognizes the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (which court, for purposes of this Agreement, is the only court of competent jurisdiction), over any suit, action or other proceeding arising out of, under or in connection with this Agreement or its subject matter.  Each Party irrevocably consents to service of process in any action or proceeding arising out of or relating to this Agreement in the manner provided for notices in <u>Section 9(g)</u> above. Nothing in this Agreement shall affect the right of any Party to serve process in any manner permitted by law.

(i)    <u>Execution of Agreement</u>.  This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement, and all of which, when taken together, shall be deemed to constitute one and the same agreement.  The exchange of copies of this Agreement and of signature pages by email shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes.  Signatures of the Parties transmitted by email shall be deemed to be their original signatures for any purpose whatsoever.

(j)    <u>Headings</u>.  The headings of the sections of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning or construction of any of the terms of this Agreement in any manner.

(k)    <u>Construction</u>.  This Agreement has been fully negotiated by the Parties. Accordingly, in interpreting this Agreement, no weight shall be placed on which Party to this Agreement or its counsel drafted the provision being interpreted.

[SIGNATURES ON FOLLOWING PAGE]

8

HCMLPHMIT00000146

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the Effective Date.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

_____
MARK PATRICK

HUNTER MOUNTAIN INVESTMENT TRUST

By: _____
Name: Mark Patrick
Title: Administrator

CHARITABLE DAF HOLDCO, LTD.

By: _____
Name: Mark Patrick
Title: Director

CDH GP, LTD.

By: _____
Name: Mark Patrick
Title: Director

HCMLPHMIT00000147

CHARITABLE DAF FUND, L.P.
By: CDH GP, Ltd., its General Partner

By: _____
Name: Mark Patrick
Title: Managing Member


CLO HOLDCO, LTD.

By: _____
Name: Mark Patrick
Title: Director


RAND ADVISORS, LLC

By: _____
Name: Mark Patrick
Title: President


RAND PE FUND I, L.P.
By: Rand PE Fund Management, LLC, its General Partner

By: _____
Name: Mark Patrick
Title: President


RAND PE FUND MANAGEMENT, LLC

By: _____
Name: Mark Patrick
Title: President


Type text here


SIGNATURE PAGE TO CONFIDENTIALITY AGREEMENT

HCMLPHMIT00000148

ATLAS IDF, LP
By: Atlas IDF GP, LLC its General Partner

By: _____
Name: Mark Patrick
Title: President

Type text here

ATLAS IDF GP, LLC

By: _____
Name: Mark Patrick
Title: President

SIGNATURE PAGE TO CONFIDENTIALITY AGREEMENT

HCMLPHMIT00000149

## EXHIBIT A

## PENDING LITIGATION

1.    DAF/CLOH appeal of Seery Retention Order (21-cv-01585-S)

2.    HMIT appeal of Order denying leave to file Claims Trading Complaint (23-cv-02071-E)

3.    HMIT appeal of Order dismissing Valuation Complaint (24-cv-01531-X)

4.    HMIT appeal of Order staying motion for leave to remove Seery (24-cv-01786)

5.    DAF appeal of decision affirming dismissal of HarbourVest Complaint (24-10880)

4910-0725-4050.6 36027.003

HCMLPHMIT00000150