**EXHIBIT 43**

**From:** "John A. Morris" <jmorris@pszjlaw.com>
**To:** "Louis Phillips" <Louis.Phillips@kellyhart.com>
**Cc:** "Jeff Pomerantz" <jpomerantz@pszjlaw.com>, "amelia.hurt@kellyhart.com" <Amelia.Hurt@kellyhart.com>
**Subject:** Highland/DAF/HMIT: Follow up
**Date:** Fri, 4 Apr 2025 20:54:20 +0000
**Importance:** Normal
**Attachments:** 4923-0508-6766.v3_Litigation_Protections_M._Patrick.docx
**Inline-Images:** image001.jpg

---

Louis:

I'm writing to follow up on several things.

1. Litigation Protections.  Attached are the "Litigation Protections" I mentioned.  They are still subject to review and material change but wanted to share them now.

2. Follow up information.  It sounds like yesterday's Zoom meeting was helpful.  Please let us know if there is any other information your clients need to assess the situation.

3. HCMLP's diligence.  We'll have some questions on our end, but for now, please send us the Remittance Agreement referred to in the Intercreditor Agreement.

4. Joinder signature.  For completeness, please send us Shawn's signature page.

5. Preliminary terms/structure.  We hope to provide over the weekend a set of bullet points concerning possible terms and structure of an agreement.

6. Further meeting.  Some or all of us are prepared to meet in Dallas on Tuesday at a time to be determined (some may participate by Zoom).  Please let us know if that is possible as soon as you're able so we can make travel arrangements.

Please let me know if you have any questions and thank you for your continued cooperation.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

HCMLPHMIT00000622

**PREAMBLE**

The provisions below are collectively referred to as the "Litigation Protections." The Parties agree that the intent of the Litigation Protections is to enact a permanent cessation of all litigation concerning or related to the Highland Entities through and including the Effective Date.

**GENERAL AND UNCONDITIONAL RELEASE**

Upon the Effective Date, and to the maximum extent permitted by law, each of the DAF/HMIT Entities[1] on behalf of himself, herself, or itself and each of its respective current or former advisors, trustees, directors, officers, managers, members, partners (including limited and general partners), employees, beneficiaries, direct and indirect shareholders and other equity holders, agents, participants, direct and indirect subsidiaries and parents, affiliates (including affiliated and/or controlled funds and other investment vehicles), successors, predecessors, designees, and assigns (whether by operation of law or otherwise) (collectively with the DAF/HMIT Entities, the "DAF/HMIT Releasors") hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, discharges, remises, and exonerates each Highland Released Party from, and waives and relinquishes, any and all Claims, which the DAF/HMIT Releasors, or any person or entity claiming through, under, or on behalf of any of the DAF/HMIT Releasors, ever had, now has, or hereafter can, shall, or may have against any of the Highland Released Parties by reason of, arising from, relating to, or in connection with, any fact, matter, or transaction that occurred prior to the Effective Date, including any fact, matter, transaction, or occurrence in connection with, relating to, or with respect to the Bankruptcy Case, the management of the Highland Entities, or the Highland Entities' property and including any defense, affirmative defenses, and right to setoff arising out of, or otherwise related to, any of the foregoing (collectively, the "DAF/HMIT Entity Released Claims").

Upon the Effective Date, and to the maximum extent permitted by law, each of the Highland Entities on behalf of itself and each of its respective current or former advisors, trustees, directors, officers, managers, members, partners (including limited and general partners), employees, beneficiaries, direct and indirect shareholders and other equity holders, agents, participants, direct and indirect subsidiaries and parents, affiliates (including affiliated and/or controlled funds and other investment vehicles), successors, predecessors, designees, and assigns (whether by operation of law or otherwise) in each case from and including August 11, 2021 (collectively with the Highland Entities, the "Highland Releasors") hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, discharges, remises, and exonerates each DAF/HMIT Released Party from, and waives and relinquishes, any and all Claims, which the Highland Releasors, or any person or entity claiming through, under, or on behalf of any of the Highland Releasors, ever had, now has, or hereafter can, shall, or may have against any of the DAF/HMIT

---

[1] The "DAF/HMIT Entities" means, individually and collectively, Mr. Mark Patrick, Mr. Shawn Raver, Mr. Paul Murphy, Hunter Mountain Investment Trust, a Delaware statutory trust, Beacon Mountain LLC, a Delaware limited liability compay, Charitable DAF Holdco, Ltd., a Cayman Islands exempted company, CDH GP, Ltd., a Cayman Islands exempted company, Charitable DAF Fund, L.P., a Cayman Islands exempted limited partnership, Liberty CLO Holdco, Ltd, [a Cayman Islands, exempted company], and CLO Holdco, Ltd., a Cayman Islands exempted company, Rand Advisors, LLC, a Delaware limited liability company, Rand PE Fund I, LP, a Delaware series limited partnership, Rand PE Fund Management, LLC, a Delaware limited liability company, Atlas IDF, LP, a Delaware limited partnership, and Atlas IDF GP, LLC, a Delaware limited liability company.

Released Parties by reason of, arising from, relating to, or in connection with, any fact, matter, or transaction that occurred prior to the Effective Date, including any fact, matter, transaction, or occurrence in connection with, relating to, or with respect to the Bankruptcy Case, the management of the Highland Entities, or the Highland Entities' property and including any defense, affirmative defenses, and right to setoff arising out of, or otherwise related to, any of the foregoing (collectively, the "Highland Entity Released Claims" and together with the DAF/HMIT Entity Released Claims, the "Released Claims"). *Notwithstanding the forgoing*, "Highland Releasors" does not include James Dondero, Scott Ellington, Isaac Leventon, or any entity directly or indirectly owned (in whole or in part) and/or controlled by Mr. Dondero or Mr. Ellington or Mr. Leventon.

**FOR THE AVOIDANCE OF DOUBT, THE FOREGOING RELEASE IS INTENDED TO BE GENERAL AND INCLUDES, WITHOUT LIMITATION, A RELEASE OF ALL RELEASED CLAIMS, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, ARISING OR EXISTING FROM THE BEGINNING OF TIME THROUGH AND INCLUDING THE EFFECTIVE DATE.**

To the maximum extent permitted by law, each of the DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, waives the benefit of any statute or other principle of law or equity that limits the applicability of a release with respect to claims that the releasing party does not know or suspect to exist in his, her or its favor at the time of executing the release.

Without limiting the scope of the foregoing waiver, in connection with the foregoing release, each of the DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, waive the benefits of Section 1542 of the California Civil Code (to the extent, if any, that Section 1542 might apply to the foregoing release), which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each of the DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, hereby agrees that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state law, rights, rules or legal principles, legal or equitable, in each case solely to the extent such provisions apply, **ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY EACH OF THE DAF/HMIT ENTITIES AND THE HIGHLAND ENTITIES, ON THEIR OWN BEHALF AND ON BEHALF OF THE OTHER DAF/HMIT RELEASORS AND HIGHLAND RELEASORS, RESPECTIVELY,** in each and every capacity, to the full extent that such rights and benefits pertaining to the matters released herein may be waived, and each of the DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, hereby

agrees and acknowledges that this waiver and relinquishment is an essential term of this Agreement, without which the consideration provided would not have been given.

In connection with such waiver and relinquishment, each of the DAF/HMIT Entities and Highland Entities acknowledges that it is aware that it may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which it now knows or believes to be true, with respect to the matters released herein.  Nevertheless, it is the intent of each of the DAF/HMIT Entities and the Highland Entities in executing this Agreement fully, finally, and forever to settle and release all such matters, and all claims related thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action) which are the subject to the releases granted above.

As an integral component of this Agreement, and notwithstanding the Parties' intent set forth in the preamble hereto and the general nature of the releases in Section [_] hereof, should:

(a) any DAF/HMIT Releasor contend or assert that any Claim of any kind whatsoever held by any DAF/HMIT Releasor against any Highland Released Party survives this Agreement and is in any way related to or arising from or in connection with any DAF/HMIT Entity Released Claim (such claim or cause of action, a "<u>Patrick Alleged Claim</u>"), such DAF/HMIT Releasor will be deemed to have irrevocably, fully, and finally assigned such Patrick Alleged Claim to the Highland Claimant Trust and the Highland Claimant Trust will be deemed to have forever, finally, full, unconditionally, and irrevocably, and completely released such Patrick Alleged Claim.

(b) any Highland Releasor contend or assert that any Claim of any kind whatsoever held by any Highland Releasor against any DAF/HMIT Released Party survives this Agreement and is in any way related to or arising from or in connection with any Highland Entity Released Claim (such claim or cause of action, a "<u>Highland Alleged Claim</u>"), such Highland Releasor will be deemed to have irrevocably, fully, and finally assigned such Highland Alleged Claim to Mr. Mark Patrick and Mr. Mark Patrick will be deemed to have forever, finally, full, unconditionally, and irrevocably, and completely released such Highland Alleged Claim.

**THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES, AND NO RIGHTS ARE CREATED IN FAVOR OF EITHER PARTY OTHER THAN AS SPECIFIED OR EXPRESSLY SET FORTH IN THIS AGREEMENT.  THERE ARE NO REPRESENTATIONS, CONDITIONS, WARRANTIES, STATEMENTS, OR UNDERSTANDINGS (COLLECTIVELY, "<u>REPRESENTATIONS</u>"), EITHER ORAL OR WRITTEN, BETWEEN THE PARTIES OTHER THAN THOSE EXPRESSLY SET FORTH IN THIS AGREEMENT.  THE PARTIES EXPRESSLY AGREE THAT THEY HAVE NOT BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY ANY REPRESENTATIONS NOT SET FORTH IN THIS AGREEMENT; AND THE PARTIES EXPRESSLY AGREE THAT THEY HAVE NOT RELIED ON ANY REPRESENTATIONS NOT EXPRESSLY SET FORTH IN THIS AGREEMENT. THE PARTIES EXPRESSLY AGREE THAT THEY ARE ENTERING INTO THIS AGREEMENT RELYING SOLELY ON THEIR OWN JUDGMENT AND NOT ON ANY REPRESENTATIONS BY ANY PARTY, EXCEPT FOR THOSE REPRESENTATIONS EXPRESSLY SET FORTH IN THIS AGREEMENT.  THE PARTIES AGREE THAT REPRESENTATIONS NOT EXPRESSLY SET FORTH IN THIS AGREEMENT SHALL NOT BE USED IN THE INTERPRETATION OR CONSTRUCTION OF THIS AGREEMENT, AND NEITHER THE DAF/HMIT RELEASED PARTIES NOR THE HIGHLAND RELEASED PARTIES SHALL HAVE ANY LIABILITY FOR ANY CONSEQUENCES ARISING AS A RESULT OF ANY REPRESENTATIONS NOT SET FORTH IN THIS AGREEMENT.**

HCMLPHMIT00000625

**COVENANT NOT TO SUE; LIMITATION ON STANDING**

Subject to the occurrence of the Effective Date:

(a) each of the DAF/HMIT Releasors covenants and agrees that it will not institute or prosecute any action, suit, or proceeding, in law, in equity or otherwise, against any of the Highland Released Parties, to recover, enforce, or collect any DAF/HMIT Entity Released Claim and will not (i) induce, encourage or direct any other party to do so or (ii) act in concert with or assist (financially or otherwise) any other party in doing so.

(b) each of the Highland Releasors covenants and agrees that it will not institute or prosecute any action, suit, or proceeding, in law, in equity or otherwise, against any of the DAF/HMIT Released Parties, to recover, enforce, or collect any Highland Entity Released Claim and will not (i) induce, encourage or direct any other party to do so or (ii) act in concert with or assist (financially or otherwise) any other party in doing so.

(c) For the avoidance of doubt, (i) except for the limited purpose of seeking Court approval of this Agreement (including with respect to any appeal concerning any order entered granting or denying such approval), no DAF/HMIT Entity shall file any pleading, motion, adversary proceeding, or other paper in the Bankruptcy Case (or in connection with any appeal arising from any order entered by the Bankruptcy Court expect with respect to any order granting or denying the motion to approve this Settlement), including but not limited to, in connection with HMIT's status as a holder of a Class 10 interest; and (ii) this Agreement shall not operate to give any Patrick Party standing for any purpose in connection with the Bankruptcy Case (or in connection with any appeal arising from any order entered by the Bankruptcy Court), except for the limited purpose of seeking Court approval of this Agreement (including with respect to any appeal concerning any order entered granting or denying such approval).

**NO PRIOR ASSIGNMENT OF CLAIMS**

Each of the DAF/HMIT Entities hereby represents and warrants that every DAF/HMIT Entity Released Claim has not heretofore been assigned or encumbered, and is not the subject of a transfer (as such term is defined in 11 U.S.C. § 101(54)), by any DAF/HMIT Releasor.

Each of the Highland Entities hereby represents and warrants that every Highland Entity Released Claim has not heretofore been assigned or encumbered, and is not the subject of a transfer (as such term is defined in 11 U.S.C. § 101(54)), by any Highland Releasor.

**ACKNOWLEDGEMENT OF IRREVOCABLY BINDING AND ENFORCEABLE NATURE OF ALL PLAN PROTECTIONS; DISMISSAL WITH PREJUDICE BY DAF/HMIT ENTITIES OF ALL PENDING LITIGATION**

The DAF/HMIT Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors, acknowledge and agree that each Plan Provision is lawful, effective, and binding on the DAF/HMIT Releasors. The DAF/HMIT Entities further agree, on their own behalf and on behalf of the other DAF/HMIT Releasors, that the DAF/HMIT Releasors will never, in any way, challenge or seek to modify, nullify, vacate, or revoke, or induce, encourage or direct any other party to do so or act in concert with or assist (financially or otherwise) any other party in doing so the Confirmation Order, the Plan, the Plan Protections, or any Plan Document, including the Trust

Agreement, the LPA, or the Sub-Trust Agreement, in the Bankruptcy Court, in any other state or federal court, in any other forum or tribunal, or otherwise, including administrative or regulatory tribunals and foreign courts.

Within two Business Days following the Effective Date, the DAF/HMIT Entities will dismiss, or cause to be dismissed, with prejudice any action, suit, or proceeding, in law, in equity or otherwise, or withdraw, or cause to be withdrawn, with prejudice any claim or cause of action against, affecting, or related to any Released Party or any DAF/HMIT Entity Released Claim, including (i) *Charitable DAF Fund v. Highland Capital Management, L.P.*, 24-10880 (Fifth Circuit), (ii) *Charitable DAF Fund, L.P., et al v. Highland Cap. Mgmt., L.P.*, Case No. 3:21-cv-01585-S (N.D. Tex.), (iii) *Hunter Mountain Investment Trust v. Highland Capital Management, L.P.*, 3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court; (iv) *Dugaboy Investment Trust v. Highland Capital Management, L.P.*, 3:24-cv-01531-X (N.D. Tex.) (dismissal only of plaintiff Hunter Mountain Investment Trust); and (v) *Hunter Mountain Investment Trust v. Highland Capital Management, L.P.*, 3:24-cv-01786-L (N.D. Tex.).

**NO INDEPENDENT DUTY OWED**

The Highland Entities, individually and collectively, shall owe no duty to the DAF/HMIT Entities, individually and collectively, whether contractual, fiduciary, equitable, statutory or otherwise, except as arising out of this Agreement.

**GATEKEEPER STANDARD**

The DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, acknowledge and agree that, notwithstanding the United States Court of Appeals for the Fifth Circuit's decision in *Highland Capital Management Fund Advisors, L.P. v. Highland Capital Management, L.P.*, No. 23-10534 (5th Cir. Mar. 18, 2025), the "Gatekeeper" provisions contained in Highland's Original Plan is forever binding on each of the DAF/HMIT Entities and for a claim or cause of action to be "colorable" for purposes of the Gatekeeper, it must be found by final order of the Bankruptcy Court (the "Gatekeeper Court"), which order shall be subject to appeal to a court of competent jurisdiction, to have satisfied the "Gatekeeper Colorability Test" as such term is defined in *In re Highland Capital Management, L.P.*, 2023 Bankr. LEXIS 2104 at *124-36 (Bankr. N.D. Tex. Aug. 24, 2023).

The DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, acknowledge and agree that compliance with the Gatekeeper requires (i) a motion seeking leave to sue an Exculpated Party (as that term is defined in Highland's Original Plan) and a finding that the litigant's claims and causes of action are "colorable" attaching a complaint setting forth the basis for such claims or causes of action and (ii), in the Gatekeeper Court's sole discretion, an evidentiary hearing (during which the Gatekeeper Court may, among other things, hear testimony and assess the credibility of any witness(es)) to determine whether a proposed claim or cause of action is "colorable."

The DAF/HMIT Entities and the Highland Entities, on their own behalf and on behalf of the other DAF/HMIT Releasors and Highland Releasors, respectively, further acknowledge and agree that

the moving party under the Gatekeeper has the burden of satisfying the "Gatekeeper Colorability Test."

**INDEMNIFICATION**

Without in any manner limiting the available remedies for any breach of this Agreement, the DAF/HMIT Entities, severally but not jointly, agree to indemnify, defend, and hold the Highland Released Parties harmless from and against any and all liability, actions, claims, demands, liens, losses, damages, judgments, and expenses, including attorneys' fees and costs, that may arise or result from or on account of, or that are otherwise related or attributable to (x) any breach of this Agreement or of any representation or warranty contained in the Agreement, including the representations and warranties set forth in [NON-ASSIGNMENT PROVISION] or (y) any suits, proceedings, or other actions brought or prosecuted by or on behalf of, any DAF/HMIT Releasor or that are induced, encouraged, assisted or directed by any DAF/HMIT Releasor or brought or prosecuted in concert with any DAF/HMIT Releasor against any Highland Released Party with respect to or related to any DAF/HMIT Entity Released Claims. Without in any manner limiting the scope of the foregoing, any DAF/HMIT Entity that breaches Section [COVENANT NOT TO SUE] of this Agreement shall be liable to the Highland Released Party against whom the applicable suit, action, or other proceeding has been brought or prosecuted in violation of Section [_] for the reasonable attorneys' fees and costs incurred by such Highland Released Party in defending against or otherwise responding to such suit, action, or proceeding. Each DAF/HMIT Entity acknowledges and agrees that the DAF/HMIT Entities are and shall be severally but not jointly liable for any costs, liabilities, or damages arising from or out of any breach of this Agreement or of any representation or warranty set forth in this Agreement as set forth in this Section [_].

Without in any manner limiting the available remedies for any breach of this Agreement, the Highland Entities, severally but not jointly, agree to indemnify, defend, and hold the DAF/HMIT Released Parties harmless from and against any and all liability, actions, claims, demands, liens, losses, damages, judgments, and expenses, including attorneys' fees and costs, that may arise or result from or on account of, or that are otherwise related or attributable to (x) any breach of this Agreement or of any representation or warranty contained in the Agreement, including the representations and warranties set forth in [NON-ASSIGNMENT PROVISION] or (y) any suits, proceedings, or other actions brought or prosecuted by or on behalf of, any Highland Releasor or that are induced, encouraged, assisted or directed by any Highland Releasor or brought or prosecuted in concert with any Highland Releasor against any DAF/HMIT Released Party with respect to or related to any Highland Entity Released Claims. Without in any manner limiting the scope of the foregoing, any Highland Entity that breaches Section [COVENANT NOT TO SUE] of this Agreement shall be liable to the DAF/HMIT Released Party against whom the applicable suit, action, or other proceeding has been brought or prosecuted in violation of Section [_] for the reasonable attorneys' fees and costs incurred by such DAF/HMIT Released Party in defending against or otherwise responding to such suit, action, or proceeding. Each Highland Entity acknowledges and agrees that the Highland Entities are and shall be severally but not jointly liable for any costs, liabilities, or damages arising from or out of any breach of this Agreement or of any representation or warranty set forth in this Agreement as set forth in this Section [_].

**DEFINITIONS**

"Bankruptcy Case" means *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj (Bankr. N.D. Tex.) and its related proceedings.

"Bankruptcy Court" means the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.

"Business Day" means any day other than (i) a Saturday or a Sunday, (ii) a day on which the Federal Reserve Bank of New York or the New York Stock Exchange is closed, or (iii) a day on which banks in the States of Texas are required, or authorized by law, to close.

"Claims" means any claims, debts, liabilities, demands, obligations, breaches of contract, breaches of duty or any relationship, misfeasance, malfeasance, promises, acts, omissions, agreements, liens, losses, costs and expenses (including attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whenever and however, arising, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise.

"Committee" means the official committee of unsecured creditors appointed in the Bankruptcy Case.

"Confirmation Order" means that certain *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943], as conformed in accordance with the Fifth Circuit's rulings.

"DAF/HMIT Released Parties" means [PATRICK TO PROVIDE].

"Effective Date" means the date on which the Bankruptcy Court enters an order approving the material terms of this Agreement.

"Gatekeeper" means the gatekeeping provision contained in Article IX. F of the Plan as of August 11, 2021.

"Highland" means Highland Capital Management, L.P.

"Highland Entities" means collectively Highland, the Highland Claimant Trust, the Highland Litigation Sub-Trust, and the Highland Indemnity Trust.

"Highland Released Parties" means collectively (i) the Highland Entities, (ii) any entity directly or indirectly majority-owned and/or controlled by any Highland Entity, (iii) any entity directly or indirectly managed by any Highland Entity whether by contract or otherwise (the entities described in clauses (i)-(iii), collectively, the "Highland Parties"), (iv) each of the Highland Parties' trustees and administrators (including the trustees of the Highland Claimant Trust, Highland Litigation Sub-Trust, and Highland Indemnity Trust), current and former officers, executives, agents, directors, advisors, administrators, managers, members, partners (including limited and general partners), employees, beneficiaries, shareholders, other equityholders, participants, direct and indirect subsidiaries and parents, affiliates, successors, designees, and assigns, (v) the current and

former members of the Oversight Board of the Highland Claimant Trust and their affiliates, including Farallon Capital Management, LLC, Stonehill Capital Management, LLC, Muck Holdings LLC, and Jessup Holdings LLC, (vi) the Independent Board and its members John Dubel, James P. Seery, Jr., and Russell Nelms, (vii) James P. Seery, Jr., individually and in all capacities for any Highland Released Party or Covered Party, including, but not limited to, as Chief Executive Officer of Highland Capital Management, L.P., Claimant Trustee of the Highland Claimant Trust, and the Indemnity Trust Administrator of the Highland Indemnity Trust, (viii) the Committee and each of its members, (ix) the professionals (and their respective firms) (a) retained by Highland or the Committee during the Bankruptcy Case or which provided services to Highland or the Committee during the Bankruptcy Case and (b) retained by any Highland Party on or after August 11, 2021, (x) any person or entity indemnified by any Highland Entity (the entities described in clauses (i)-(x), collectively, the "Covered Parties"), and (xi) each Covered Party's current and former officers, executives, agents, directors, advisors, managers, members, partners (including limited and general partners), employees, beneficiaries, shareholders, other equityholders, participants, direct and indirect subsidiaries and parents, affiliates, successors, designees, and assigns, if not otherwise included in the defined term "Covered Parties;" provided, however, and for the avoidance of doubt, and without in any way limiting the scope of the foregoing, "Covered Parties" include Highland CLO Funding Ltd., Highland Multi Strategy Credit Fund, L.P., Highland Multi Strategy Credit Fund GP, L.P., Highland Multi Strategy Credit Fund, Ltd., Highland Select Equity Master Fund, L.P., Highland Select Equity Fund GP, L.P., Highland Select Equity Fund, L.P., Highland Restoration Capital Partners Master, L.P., Highland Restoration Capital Partners GP, LLC, Highland Restoration Capital Partners, L.P., Gleneagles CLO, Ltd., Aberdeen Loan Funding, Ltd. Argentina Regional Opportunity Fund, Highland Offshore Partners, L.P. (Diversified), Brentwood CLO, Ltd., Eastland CLO, Ltd., Bristol Bay Funding Ltd., Jasper CLO Ltd., Highland Legacy Limited, Grayson CLO, Ltd., Greenbriar CLO, Ltd., Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Liberty CLO, Ltd., Valhalla CLO, Ltd., Stratford CLO Ltd., South fork CLO, Ltd., Pam Capital Funding, L.P., Stonebridge-Highland Healthcare Private Equity Fund, Pamco Cayman Ltd., Red River CLO, Ltd., Rockwall CDO II Ltd., Rockwall CDO, Ltd., Westchester CLO, Ltd. Longhorn Credit Funding A, Longhorn Credit Funding B, PensionDanmark Pensionsforsikringsaktieselskab, Highland Dynamic Income Master Fund L.P., Highland Prometheus Master Fund, L.P., Highland Flexible Income UCITS Fund, and Acis CLO 2017-7, Ltd. *Notwithstanding the forgoing*, "Highland Released Parties" does not include James Dondero, Scott Ellington, Isaac Leventon, or any entity directly or indirectly owned (in whole or in part) and/or controlled by Mr. Dondero or Mr. Ellington or Mr. Leventon.

"Indemnity Trust Administrator" has the meaning given to it in the Indemnity Trust Agreement.

"Indemnity Trust Agreement" means that certain *Indemnity Trust Agreement*, effective as of August 16, 2021.

"Independent Board" means the independent board appointed by the Bankruptcy Court on January 9, 2020, pursuant to that certain *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 339].

"LPA" means that certain *Fifth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.*

"Original Plan" means that certain *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* attached as Exhibit A to the *Order (A) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as modified) and (B) Granting Related Relief*, filed at Docket No. 1943 on the Bankruptcy Court's docket.

"Oversight Board" means the oversight board of the Highland Claimant Trust.

"Parties" means [insert signatories].

"Plan" means that certain *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* as conformed in accordance with the Fifth Circuit's rulings.

"Plan Documents" has the meaning given to it in the Plan.

"Plan Protections" means, collectively, the provisions of the Plan contained in Article IX thereof.

"Sub-Trust Agreement" means that certain *Highland Litigation Sub-Trust Agreement*.

"Trust Agreement" means that certain *Highland Claimant Trust Agreement.*