**EXHIBIT 45**

**From:** "John A. Morris" <jmorris@pszjlaw.com>
**To:** "Louis Phillips" <Louis.Phillips@kellyhart.com>
**Cc:** "Jeff Pomerantz" <jpomerantz@pszjlaw.com>, "amelia.hurt@kellyhart.com" <Amelia.Hurt@kellyhart.com>
**Subject:** Highland: Privileged and confidential settlement communication and materials
**Date:** Tue, 8 Apr 2025 20:22:22 +0000
**Importance:** Normal
**Attachments:** Privileged_and_confidential_-_DRAFT_4.8.25_discussion_materials.pdf; PRIVILEGED_AND_CONFIDENTIAL_DRAFT_SETTLEMENT_STRUCTURE_4.8.25.pdf; HFP_-_Entity_Chart_-_2011.pdf
**Inline-Images:** image001.jpg

---

E-MAIL AND ATTACHMENTS DELIVERED PURSUANT TO FED. R. EVID. 408
AND APPLICABLE CONFIDENTIALITY AGREEMENT

Louis,

Thank you and your team for your time today.

As a follow up, attached are the following:

1. Discussion materials from today (draft numbers)
2. Discussion materials from today (draft structure)
3. HFP entity chart from 2011

On your end, please send us the following at your earliest convenience:

1. Copy of settlement agreement circa 2022 between HMIT and Dugaboy/Okada entities
2. Copy of operative document relating to the [redemption] of the Dolomiti/Hakusan entities limited partnership interest in Rand PE Fund I
3. Copy of operative document providing for the [extinguishment] of participating shares of the supporting organizations of Charitable DAF Holdco, Ltd.

Let's confer as soon as you've had a chance to consider these matters with your team.

Please let us know if you have any questions in the interim.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

HCMLPHMIT00000657

**Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties**

**Current Snapshot - remaining assets [1]**
*in USD millions, except percentages*

| Asset description | Ref | Claimant Trust [2] | Indemnity Trust [3] | Combined |
|---|---|---|---|---|
| Cash/treasuries | [4] | $ 20.3 | $ 67.9 | $ 88.1 |
| Disputed Claims Reserve | [5] | 2.7 | - | 2.7 |
| Dugaboy Note receivable | [6] | - | 17.6 | 17.6 |
| HCM Korea (note and equity) | [7] | 3.0 | - | 3.0 |
| HCLOF shares | [8] | 2.5 | - | 2.5 |
| HCRE bad faith sanction | [9] | 0.9 | - | 0.9 |
| Kirschner Litigation (main adversary) | [10] | *See footnote* | - | - |
| HMIT note | [11] | *See footnote* | - | - |
| **Total assets** | | **$ 29.4** | **$ 85.5** | **$ 114.8** |

[1] As of April 3, 2025.  This disclosure is NOT a balance sheet prepared in accordance with US GAAP.  In some instances, values are estimated and actual amounts realized may ultimately differ materially.  No liabilities are included herein, including existing liabilities, contingent liabilities, indemnification obligations, or considerations for future expenses, including costs of liquidation that have not yet been, but will be incurred.

[2] Claimant Trust, including consolidation of the various "Plan" entities other than the Indemnity Trust (HCMLP GP, LLC, Highland Capital Management, LP, Litigation Sub-Trust), each on a standalone basis, with intercompany balances eliminated.

[3] Stand-alone assets retained by the Indemnity Trust.  Other than less than <$1M retained in cash, remainder of cash is invested in US treasuries with maturities less than 1 year.  Excludes <$1M of cash/treasuries on account of the Okada settlement.  Pursuant to the Okada settlement, these funds are segregated and are to be repaid to Okada as first-out funds to the extent that any excess exists in the Indemnity Trust.  Accordingly, in a settlement scenario, these funds would not be available to Class 10 interest holders.

[4] Cash and treasuries includes full face amount of treasuries maturing within 6 months and has also been adjusted up to assume the near-term receipt of approximately $5 million from Highland CLO Funding, Ltd.

[5] Segregated funds invested in US treasuries with near-term maturities.  Funds are reserved for the Daugherty tax proof of claim, which remains pending.  If Highland successfully objects to the proof of claim, funds would be released from the Disputed Claims Reserve.  If the claim is ultimately allowed in full or in part, funds would be paid to Daugherty on account of the allowed claim and any excess remaining would be released from the Disputed Claims Reserve.

[6] Note receivable from The Dugaboy Investment Trust ("Dugaboy").  ~$17.4M principal and ~$0.2M interest currently outstanding, accruing at approximately $1,553/day.  Fair value is less than face value as the note is long-dated, accruing interest at 3.26% and makes annual principal and interest payments through 2046, with the last of such payments due December 31, 2046.  Dugaboy is current on its payments, including with the most recent payment completed for year-end 2024.  Principal payments due are $790,215 yearly, plus accrued interest, which declines each year as principal declines.  The next interest payment due December 31, 2025 is $566,677.  No assurance that Dugaboy will continue making the annual principal and interest payments when due, although the holder of the note could accelerate and pursue collection in that event.

[7] 100% equity interest in Highland Capital Management Korea Limited ("HCM Korea"), plus $2.5 million note from HCM Korea.  Ultimate value dependent on the monetization of the Caris Life Sciences investment through an expected 2025 IPO, which is expected to be in the range of $2 million to $5 million, but could also exceed or fall short of this range.

[8] Shares of Highland CLO Funding, Ltd. ("HCLOF"), a Guernsey company.  Value has been adjusted down to assume a near-term cash dividend of approximately $5 million.  Remaining value is primarily tied up in the "Acis 6" asset, for which a NexPoint entity has recently initiated an appeal in the 2nd Circuit Court of Appeals.  Ultimate value dependent on the Acis 6 litigation and costs of winding down HCLOF and expected to be in the range of $2 million to $4 million, but could also exceed or fall short of this range.

[9] Bad faith sanction against HCRE of $825,940.55, currently on appeal in the District Court.  Fully briefed since November 2024.  Award was posted in the court registry and is accruing post-judgment interest at a rate of $118.80/day.  Approximately $870k is outstanding, including post-judgment interest currently.  No assurance that the appeal will resolve favorably and as a result, there is no assurance that any amounts will ultimately be collected.

[10] Litigation brought by Marc Kirschner as Litigation Trustee to the Litigation Sub-Trust.  Adversary proceeding is currently stayed.  The value of the claims, their collectibility, and the costs of their continued pursuit is ultimately unknown.  For purposes of aggregating the current value of assets for this illustrative presentation, no value has been ascribed.

[11] Within the litigation brought by Marc Kirschner as Litigation Trustee to the Litigation Sub-Trust were claims against HMIT relating to the "HMIT note" receivable, which had originally been a portion of the consideration HMIT paid for acquiring limited partnership interests in Highland in 2015.  These claims are also stayed as part of the overall stay in the case.  The value of the note, its collectibility, and the costs of their continued pursuit is ultimately unknown.  For purposes of aggregating the current value of assets for this illustrative presentation, no value has been ascribed.

1

HCMLPHMIT00000658

**Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties**

**Uses: how much could be left after satisfying Class 9 claims?**
*in USD millions*

| | | |
|---|---:|---|
| **Total combined assets** | $ 114.8 | *see "current snapshot"* |
| Less: | | |
| Oustanding Class 9, including interest | (21.0) | |
| Existing Incentive Compensation triggered through full payment of Class 9 | (2.5) | |
| Long-dated assets - Dugaboy Note receivable | (17.6) | [1] |
| Wind down expenses and accrued liabilities | (20.0) | [2] |
| Pending Class 8 claims (Daugherty tax) | *See footnote* | [3] |
| Indemnification obligations | *See footnote* | [4] |
| **Net expected cash prior to any indemnification considerations and necessary reserves** | $ 53.7 | [5] |
| **Plus: Non-cash assets - Dugaboy Note receivable** | $ 17.6 | |

[1] Note receivable from The Dugaboy Investment Trust ("Dugaboy").  ~$17.4M principal and ~$0.2M interest currently outstanding, accruing at approximately $1,553/day.   Fair value is less than face value as the note is long-dated, accruing interest at 3.26% and makes annual principal and interest payments through 2046, with the last of such payments due December 31, 2046.  Dugaboy is current on its payments, including with the most recent payment completed for year-end 2024.  Principal payments due are $790,215 yearly, plus accrued interest, which declines each year as principal declines.  The next interest payment due December 31, 2025 is $566,677.  No assurance that Dugaboy will continue making the annual principal and interest payments when due, although the holder of the note could accelerate and pursue collection in that event.

[2] Amount is ultimately TBD and will ultimately depend on litigation, timing of monetization of remaining assets, and operational needs.  For example, if additional litigation is brought forth, outside counsel will incur additional time and expense and certain employees may need to be retained for a longer period of time.  If actual expenses exceed $20 million, less cash would be potentially available after Class 9; if actual expenses fall short of $20 million, more cash would be potentially available after Class 9.

[3] For illustrative purposes of this presentation, $0 is assumed.  However, if the claim is ultimately allowed in full or in part, funds would be paid to Daugherty on account of the allowed claim, which would reduce cash potentially available after Class 9.  No assurances can be provided that the claim will be completely disallowed.

[4] For illustrative purposes of this presentation, $0 is assumed.  Thus, all funds utilized for purposes of satisfying indemnification obligations will reduce the funds available dollar for dollar.  Under current conditions, it is believed that at least $100 million may be needed for indemnification obligations and as a result, there is not sufficient liquidity at this time to even make any further payments to Class 9 interest holders.  Assuming a final/non-appealable order, providing for among other things, a complete cessation of litigation and comprehensive releases from the HMIT/DAF parties, the need for indemnification reserves could be greatly reduced.

[5] Assumes HCM Korea, HCLOF, and HCRE bad faith sanctions are monetized for the amounts described on the "current snapshot" ($6.4 million in aggregate).  Monetization in excess of these amounts would result in more cash remaining; monetization below those amounts would result in less cash remaining.

DRAFT - SUBJECT TO CONFIDENTIALITY AGREEMENT

2

*Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties*
**Information request made April 7, 2025**

### (i) Accrued liabilities

| | Entity | Amount | |
|---|---|---:|---|
| End of case/severance bonuses - remaining employees | HCMLP | $ 1,230,000 | |
| Accounts payable book balance (as of March 31, 2025) | HCMLP | 576,207 | |
| Estimate of other incurred, but not invoiced for work performed | HCMLP | 500,000 | general estimate |
| **Sub-total (i)** | | **$ 2,306,207** | A |

| Other liabilities not included in section totals above | Entity | Amount | |
|---|---|---:|---|
| Distribution payable | HCT | $ 2,656,732 | previously authorized distributions related to pending Daugherty claim (has offsetting cash reserve; see current snapshot); to be released following resolution of the pending claim |
| Okada settlement payable | Indemnity Trust | $ 870,000 | first-out dollars in treasuries (amount is face of such treasuries) - for purposes of settlement discussions, the cash reserved related to the Okada settlement and the potential first-out dollars are excluded as irrelevant |

### (ii) Anticipated success or severance (or completion) payments or bonuses

| | Entity | Amount | |
|---|---|---:|---|
| Incentive Compensation Plan | HCMLP/HCT | $ 2,480,088 | assuming full payment of the Class 9's; calc'd as 14.71516% on remaining distributions to Class 9 with a time discount applied to the gross dollars distributed |
| Retention Date payments - employees | HCMLP | 925,000 | Retention Date is 9/30/2025 |
| Nate Burns (employee) incentive comp | HCMLP | - | Nate receives a portion of the performance fees earned related to HCM Korea; assuming zero for presentation purposes as amounts would be a percentage of incremental value received from HCM Korea |
| **Sub-total (ii)** | | **$ 3,405,088** | B |

### (iii) Continuing admin budget for the Claimant Trust, Indemnification sub trust and/or litigation sub trust

| | | Amount | |
|---|---|---:|---|
| **See subsequent page; Sub-total (iii)** | | **$ 16,768,874** | C - additional detail contained on separate page |

| | | | |
|---|---|---:|---|
| **Sum of A, B, and C** | | **$ 22,480,169** | |

### (iv) Identity and amount and basis for any holdback(s)

| Identity: | | Amount | Basis for amount |
|---|---|---:|---|
| Sum of A, B, and C from above | | $ 22,480,169 | from above; See notes and assumptions related to items A, B, and C |
| Incremental operational reserve | | 5,000,000 | Excess cash to retain to cover potential cost overages - largest risk is incremental litigation and resulting time and expense of PSZJ plus longer retention of employees/CEO to assist with litigation, if applicable |
| Indemnification reserves | | 35,000,000 | Assumes comprehensive releases and settlement amongst the HMIT/DAF Parties; at least $100 million if no settlement |
| Sum of items above | | $ 62,480,169 | to below |

| Calc of estimated cash available for a prelim distribution to Class 10, assuming settlement | $ millions | |
|---|---:|---|
| Current cash/treasuries (see previous page) | $ 88.1 | Cash and treasuries (including all Plan entities) |
| Assets expected to monetize in next 12 months | 6.4 | HCM Korea, remainder of HCLOF, bad faith sanction (but excluding near-term Dugaboy Note P&I amortization due December 2025) |
| **Sub-total** | **$ 94.5** | |
| less: outstanding Class 9, including interest | (21.0) | current outstanding Class 9 with interest |
| less: holdbacks (from above) | (62.5) | from above |
| Remaining cash available for initial distribution to Class 10 | $ 11.1 | [1] |
| **Round to nearest million** | **$ 11.0** | |

[1] Possibility of incremental amount of up to $2.7 million in the event of a successful opposition to the pending Daugherty tax POC, along with incremental interim cash received from Dugaboy Note P&I amortization. Amount also does not include non-cash assets (litigation, oustanding Dugaboy Note, etc).

DRAFT - SUBJECT TO CONFIDENTIALITY AGREEMENT

3

*Privileged and confidential - provided pursuant to Rule 408 and the binding Confidentiality Agreement executed amongst the Parties*
**Projected Budget Build-Up**

**Remaining expected budget assuming a comprehensive settlement with HMIT/DAF Parties (excluding accrued liabilities and contingencies separately discussed)**

| Description | Total for budget | *Notes and assumptions* |
|---|---:|---|
| Pachulski Stang and other litigation or BK-related | $ 5,000,000 | *Primary issues: expected new litigation to defend (actual causes of action unknown) from Dondero parties, incorporation of HMIT/DAF settlement and approval/appeals of same, appeals of "valuation complaint" and "HCRE bad faith", extension of the Trust for 1 yr. and dissolution issues. Ultimate amount required could vary materially higher or lower.* |
| HCMLP employees salary and benefits (other than CEO) | 4,084,354 | *Assumes declining headcount from 6 to 3, ending August 2026 (monthly trending from approx. $300k/month currently to approx. $200k/month at end)* |
| Claimant Trustee/CEO salary | 2,700,000 | *Assumes 18 months at $150k/month* |
| Litigation Trustee | 360,000 | *Assumes 18 months at $20k/month* |
| Independent Member | 225,000 | *Assumes 18 months at $12.5k/month* |
| Litigation trust (other than Trustee) | 250,000 | *Assuming minimal time and expense other than in conjunction with transfer of main case* |
| Incentive Compensation on distributions to Cl. 10 | TBD | *Provide for alignment in regards to quantum and timing of distributions and management of costs* |
| | | |
| <u>Overhead related</u> | | |
| Facilities/offsite storage and related | 1,079,121 | *Office space through end of 2026 and offsite document retention through 2028* |
| External tax | 1,000,000 | *Declining each year with final year for tax year 2027* |
| IT costs | 701,760 | *Cloud storage, network infrastructure through 2027, email storage through 2030* |
| Accounting systems and information | 331,045 | *General retention and maintenance through 2028 (primarily Oracle maintenance)* |
| Other professionals | 200,000 | *Misc reserve for other professionals* |
| Other misc overhead | 200,000 | *Misc reserve for other overhead, T&E, entity wind-up costs, etc* |
| Indemnification expenses | 200,000 | *Assuming misc. expenses from misc. matters* |
| US Trustee | 437,594 | *Assuming 0.8% of budget + accruals + distributions (assuming $30M total)* |
| **Grand total** | **$ 16,768,874** | *to previous page* |

*DRAFT - SUBJECT TO CONFIDENTIALITY AGREEMENT*

4

HCMLPHMIT00000661