**EXHIBIT 59**

# WRITTEN CONSENT
# OF THE
# HOLDERS OF CLASS 9 SUBORINDATED CLAIM TRUST INTERESTS
# IN THE
# HIGHLAND CLAIMANT TRUST

May 16, 2025

The undersigned, constituting all of the holders of the Class 9 Subordinated Claim Trust Interests (as defined in the Claimant Trust Agreement (as hereinafter defined)) in the Highland Claimant Trust, a Delaware statutory trust (the "**Claimant Trust**"), except for Mr. Patrick Hagaman Daugherty (such holders, the "**Consenting Holders**"), having waived any requirement for or notice of a meeting, hereby adopt and approve the following written consent:

WHEREAS, on October 16, 2019, Highland Capital Management, L.P. (the "**Debtor**" or "**HCMLP**") filed with the United States Bankruptcy Court for the District of Delaware, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case was subsequently transferred to the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") and captioned In re Highland Capital Management, L.P., Case No. 19-34054-sgj11 (the "**Chapter 11 Case**");

WHEREAS, on January 22, 2021, the Debtor filed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as may be amended, supplemented, or otherwise modified from time to time, the "**Plan**"), which was confirmed by the Bankruptcy Court on February 22, 2021, pursuant to the *Findings of Fact and Order Confirming Plan of Reorganization for the Debtor* [ Docket No. 1943] (the "**Confirmation Order**");

WHEREAS, pursuant to the terms of the Plan, each of the Consenting Holders hold Allowed Class 9 Subordinated Claims entitled to the treatment provided in the Plan or such other less favorable treatment as such Holder and the Claimant Trustee may agree in writing;

WHEREAS, on August 11, 2021, the Effective Date as defined in the Plan occurred, the Debtor emerged from bankruptcy and the Claimant Trust was established pursuant to the Plan and that certain Claimant Trust Agreement, effective as of August 11, 2021 (as may be amended, supplemented, or otherwise modified from time to time, the "**Claimant Trust Agreement**"), by and among the Debtor, as settlor, James P. Seery, Jr. as trustee, and Wilmington Trust, National Association, as Delaware trustee;

WHEREAS, capitalized terms used but not otherwise defined herein or obvious from the context in which they are used have the meanings ascribed to such terms in the Plan and the Claimant Trust Agreement, as applicable.

**Payment in Satisfaction of Mr. Daugherty's Subordinated Claim Trust Interest**

WHEREAS, Mr. Patrick Hagaman Daugherty is the holder of a Class 9 Subordinated Claim Trust Interest in the Claimant Trust in the original amount of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000) with the current aggregate outstanding amount of Seven Hundred Eighty-One Thousand Seven Hundred Seven and 29/100 DOLLARS ($781,707.29), exclusive of interest (the "**Daugherty Class 9 Interest**");

WHEREAS, interest of Fifteen Thousand Five Hundred Fifty-Three and 71/100 Dollars ($15,553.71) has accrued in respect of the Daugherty Class 9 Interest as of May 15, 2025 and interest continues to accrue at approximately $1.71 per calendar day.

WHEREAS, the Claimant Trust desires to make a non-ratable distribution in respect of the Daugherty Class 9 Interest in order to pay such Daugherty Class 9 Interest in full, along with applicable interest (the "**Final Daugherty Distribution**"); and

WHEREAS, none of the Consenting Holders will receive a distribution at the time the Final Daugherty Distribution is made, but such Consenting Holders will retain all other rights related to their respective Subordinated Claim Trust Interests as set forth in the Plan and the Claimant Trust Agreement.

NOW, THEREFORE, BE IT RESOLVED AND CONSENTED TO that notwithstanding anything in the Plan or the Claimant Trust Agreement to the contrary, the Consenting Holders hereby approve, consent to and waive the Final Daugherty Distribution.

**Payments to Holders of Allowed Class 10 Interests**

WHEREAS, reference is made to the Settlement Agreement & General Release materially in the form attached hereto as Exhibit A (the "**HMIT Settlement Agreement**") to be entered into by and among HCMLP, the Claimant Trust, the Highland Litigation Sub-Trust, a Delaware statutory trust, and the Highland Indemnity Trust, a Delaware statutory trust (the "**Indemnity Trust**"), Hunter Mountain Investment Trust, a Delaware statutory trust ("**HMIT**"), Rand Advisors, LLC, a Delaware limited liability company, Rand PE Fund I, LP, a Delaware series limited partnership, Rand PE Fund Management, LLC, a Delaware limited liability company, Atlas IDF, LP, a Delaware limited partnership, and Atlas IDF GP, LLC, a Delaware limited liability company;

WHEREAS, as of the Petition Date, HMIT held the only Class B and Class C Limited Partnership Interests in HCMLP;

WHEREAS, on December 21, 2015, HMIT entered into the HMIT Note (as defined in the HMIT Settlement Agreement) with HCMLP, which had a total outstanding principal balance of Fifty-Seven Million Six Hundred Ninety Thousand Six Hundred Forty and 95/100 Dollars ($57,690,640.95) as of the Petition Date (the "**HMIT Note Balance**");

WHEREAS, HMIT's Class B and Class C Limited Partnership Interests in HCMLP were extinguished on August 11, 2021, in accordance with the Plan;

HCMLPHMIT00002678

WHEREAS, pursuant to the Limited Partnership Agreement, HMIT's capital account balance at HCMLP on account of its Class B and Class C Limited Partnership Interests on the Petition Date was Three Hundred Ninety-Four Million Six Hundred Thirty Thousand Eight Hundred Seventy-One and 53/100 Dollars ($394,630,871.53) (the "**HMIT Capital Account Balance**");

WHEREAS, pursuant to the terms and subject to the conditions set forth in the HMIT Settlement Agreement, including, without limitation, the entry of the Bankruptcy Court Order (as defined in the HMIT Settlement Agreement), the HMIT Class 10 Interest (as defined in the HMIT Settlement Agreement) will be deemed allowed in the amount of Three Hundred Thirty-Six Million Nine Hundred Forty Thousand Two Hundred Thirty and 58/100 Dollars (US$336,940,230.58), which amount represents the HMIT Capital Account Balance, less the HMIT Note Balance; and

WHEREAS, pursuant to the HMIT Settlement Agreement and subject to the conditions set forth therein, the Indemnity Trust will make certain distributions to the Holders of allowed Class 10 Claims or Equity Interests prior to the Claimant Trust having repaid in full with applicable interest the holders of Class 9 Subordinated Claim Trust Interests (all of whom are Consenting Holders), including, the Initial Interim Cash Distribution Amount, the assignment of the Dugaboy Note in-kind to HMIT and a corresponding pro rata cash distribution to the other Holder of an allowed Class 10 Claim or Equity Interest, the First Subsequent Distribution, and the Second Subsequent Distribution (each as defined in the HMIT Settlement Agreement, and any such payment pursuant to the HMIT Settlement Agreement, a "**Class 10 Distribution**").

NOW, THEREFORE, BE IT RESOLVED AND CONSENTED TO that notwithstanding anything in the Plan or the Claimant Trust Agreement to the contrary, the Consenting Holders hereby approve, consent to all Class 10 Distributions, in each case, in accordance with the terms and conditions set forth in the HMIT Settlement Agreement; provided, that, and such consent by the Consenting Holders being expressly conditioned upon, at the time each Class 10 Distribution is made, if any, the Claimant Trust or the Indemnity Trust, as applicable, shall make the corresponding distribution set forth on Exhibit B on a pro rata basis to the holders of Class 9 Subordinated Claim Trust Interests.

[*Signature Page Follows*.]

Exhibit 59    Page 5 of 7

IN WITNESS WHEREOF, the undersigned Consenting Holders have executed this Written Consent to be effective as of the date first written above.

MUCK HOLDINGS, LLC

By: *[signature]*
Name: Michael Linn
Title:  Michael Linn

JESSUP HOLDINGS, LLC

By: *[signature]*
Name: Paul Malek
Title: Authorized Signatory

UBS SECURITIES LLC

By: *[signature]*
Name: Michael Parniawski
Title: Authorized Signatory

By: *Nader Attalla*
Name: Nader Attalla
Title: Authorized Signatory

UBS AG LONDON BRANCH

By: *[signature]*
Name: Michael Parniawski
Title: Authorized Signatory

ACCEPTED AND AGREED:

By: *Nader Attalla*
Name: Nader Attalla
Title: Authorized Signatory

*[signature]*
James P. Seery, Jr., solely in his capacity as Claimant Trustee of the Highland Claimant Trust

Written Consent of the Holders of Class 9 Subordinated Claim Trust Interests

# EXHIBIT A

## Form of HMIT Settlement Agreement

[*Attached*.]

HCMLPHMIT00002681

**EXHIBIT B**

**Class 9/10 Distribution Schedule**

| General description | Event | Amount to Class 9 | Amount to Class 10 |
|---|---|---|---|
| Retirement of Daugherty Class 9 | After receipt of written consent | $797,261, plus daily interest if applicable [1] | - |
| Disputed Claims Reserve distribution | Resolution of pending "Daugherty tax claim" | Up to $2,656,732.31 [2] | - |
| Initial Interim Distribution (cash) | Within 5 Business Days after Bankruptcy Court Approval | $10,000,000.00 | $10,000,000.00 |
| Initial Interim Distribution (in-kind) | Within 5 Business Days after Bankruptcy Court Approval | n/a | Assignment of Dugaboy Note [3] |
| First Subsequent Distribution | December 1, 2027, subject to Section 6(c) of settlement agreement | Remaining outstanding w/interest | $6,500,000.00 |
| Second Subsequent Distribution | December 1, 2028, subject to Section 6(c) of settlement agreement | n/a | $6,500,000.00 |
| Final Distribution | April 1, 2029, subject to Section 7(c) of settlement agreement | n/a | Remaining assets |

[1] Payable to Daugherty only in respect of his allowed Class 9 claim, pursuant to the written consent.

[2] Disputed Claims Reserve of up to $2,656,732.31 (representing the reserved Class 8 Daugherty tax claim, including interest) will be released upon resolution of the claim. Payment of the reserve to allowed claimholders will follow the terms of the Plan. For example, if the claim is completely disallowed, the entire reserve will be promptly paid to holders of Class 9 interests up to the holders' remaining unpaid face amount plus interest. Similarly, if the claim is partially allowed, any excess of the reserve over the partially allowed amount will be promptly paid to holders of Class 9 interests up to the holders' remaining unpaid face amount plus interest.

[3] Dugaboy Note to be assigned to HMIT. Cash of up to $550k to be distributed pro rata to other Class 10 holder.

HCMLPHMIT00002682