# EXHIBIT 60

*EXECUTION VERSION*

## TOLLING AGREEMENT EXTENDING CLAIM
## OBJECTION DEADLINE

This Tolling Agreement (the "<u>Agreement</u>") is made as of July 27, 2022 (the "<u>Effective Date</u>"), by and between Patrick Hagaman Daugherty ("<u>Mr. Daugherty</u>"), on the one hand, and Highland Capital Management, L.P. ("<u>Highland</u>" or the "<u>Debtor</u>," as applicable) and the Highland Claimant Trust (the "<u>Claimant Trust</u>," and together with Highland, the "<u>Highland Parties</u>"), on the other.  Each of Mr. Daugherty, Highland, and the Claimant Trust are individually referred to herein as a "<u>Party</u>" and collectively as the "<u>Parties</u>."

## <u>RECITALS</u>

WHEREAS, Mr. Daugherty is a former employee and limited partner of Highland and served in other positions with affiliates and former affiliates of Highland from time to time;

WHEREAS, on October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Case</u>"), which is pending in the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>");

WHEREAS, on April 1, 2020, Mr. Daugherty filed a general, unsecured, non-priority claim against Highland in the amount of at "least $37,483,876.59," and such claim was denoted by Highland's claims agent as Proof of Claim No. 67 ("<u>Claim No. 67</u>");

WHEREAS, on April 6, 2020, Mr. Daugherty filed a general, unsecured, non-priority claim against Highland in the amount of at "least $37,482,876.62" that superseded Claim No. 67 and that was denoted by Highland's claims agent as Proof of Claim No. 77 ("<u>Claim No. 77</u>");

WHEREAS, on August 31, 2020, Highland commenced an adversary proceeding, Adv. Proc. No. 20-03107-sgj (Bankr. N.D. Tex.) (the "<u>Adversary Proceeding</u>"), against Mr. Daugherty by filing a complaint [Adv. Dkt. No. 1][1] (the "<u>Complaint</u>") in which Highland (a) objected to Claim No. 77 on various grounds, and (b) asserted a cause of action for the subordination of part of Mr. Daugherty's claim pursuant to 11 U.S.C. § 510(b);

WHEREAS, on September 29, 2020, Mr. Daugherty filed his answer to the Complaint [Adv. Dkt. No. 8] in the Adversary Proceeding;

WHEREAS, on October 23, 2020, Mr. Daugherty filed a motion seeking leave to amend Claim No. 77 [Bankr. Dkt. No. 1280][2] (the "<u>POC Amendment Motion</u>") and attached an amended proof of claim to the POC Amendment Motion increasing Mr. Daugherty's general, unsecured, non-priority claim against Highland to the amount of at "least $40,410,819.42" and sought to supersede Claim No. 67 and Claim No. 77;

---

[1] Adv. Dkt. No. refers to the docket maintained in the Adversary Proceeding.

[2] Bankr. Dkt. No. refers to the docket maintained in the Bankruptcy Case.

WHEREAS, on December 10, 2020, the Bankruptcy Court entered an order [Bankr. Dkt. No. 1533] granting the POC Amendment Motion, and Mr. Daugherty was permitted to file an amendment to his proof of claim;

WHEREAS, on December 23, 2020, Mr. Daugherty filed an amended proof of claim, designated by Highland's claims agent as Proof of Claim No. 205 ("Claim No. 205," and together with Claim No. 67 Claim No. 77, the "Daugherty Claim");

WHEREAS, Claim No. 205 superseded Claim No. 77 and increased the Daugherty Claim to $40,710,819.42;

WHEREAS, on February 22, 2021, the Bankruptcy Court entered its *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Bankr. Dkt. No. 1943] (the "Confirmation Order") confirming the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Bankr. Dkt. No. 1808] (as amended, supplemented, or modified, the "Plan");

WHEREAS, on August 11, 2021, the Effective Date (as defined in the Plan) occurred [Bankr. Dkt. No. 2700];

WHEREAS, on or about November 22, 2021, Highland and Mr. Daugherty executed that certain Settlement Agreement (the "Settlement Agreement") attached as Exhibit 1 to the *Declaration of John A. Morris in Support of the Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Bankr. Dkt. No. 3089] filed in support of the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Bankr. Dkt. No. 3088] (the "Settlement Motion");

WHEREAS, following an evidentiary hearing on the Settlement Motion held on March 1, 2022, the Bankruptcy Court entered its order [Bankr. Dkt. No. 3298] (the "Settlement Order") approving the Settlement Motion and the Parties' entry into the Settlement Agreement;

WHEREAS, pursuant to the Settlement Order, the Daugherty Claim, excluding the Reserved Claim,[3] was satisfied in its entirety;

WHEREAS, the Highland Parties dispute the validity and amount of the Reserved Claim and, pursuant to Section 9 of the Settlement Agreement, Mr. Daugherty and Highland reserved all rights with respect to the Reserved Claim; *provided, however*, that any litigation between Highland and Mr. Daugherty concerning the Reserved Claim was stayed until the IRS makes a final determination with respect to the dispute between the Debtor and the IRS (the "IRS Dispute") or the Highland Parties and Mr. Daugherty otherwise agree;

---

[3] "Reserved Claim" means the contingent and unliquidated claim as referenced in Proof of Claim No. 205 that related to an alleged claim for compensation and an audit/dispute between the Debtor and the Internal Revenue Service (the "IRS") in an amount estimated to be $2,650,353.00 as of October 23, 2020.

WHEREAS, pursuant to the Confirmation Order, the deadline to object to claims was 180 days after the Effective Date, *i.e.*, February 7, 2022, unless extended by the Bankruptcy Court (the "Claim Objection Deadline");

WHEREAS, the Claim Objection Deadline was extended by order of the Bankruptcy Court [Bankr. Dkt. No. 3198] to August 8, 2022;

WHEREAS, the Highland Parties were vested with the exclusive authority to compromise, settle, withdrew, or resolve all claims against the Debtor, including the Reserved Claim, without further order of the Bankruptcy Court pursuant to Article VII.B of the Plan;

WHEREAS, on July 6, 2022, the Highland Parties filed the *Reorganized Debtor and Claimant Trustee Joint Motion for Entry of an Order Further Extending the Claim Objection Deadline Pursuant to Confirmed Chapter 11 Plan by which Reorganized Debtor May Object to Certain Claims* [Bankr. Dkt. No. 3387] (the "Second Extension Motion");

WHEREAS, Mr. Daugherty and the Highland Parties continue to consider potential resolutions of the Reserved Claim in the absence of a resolution of the IRS Dispute;

WHEREAS, it is unknown when the IRS Dispute may be resolved; and

WHEREAS, solely to avoid the expense, inconvenience, and uncertainty associated with litigation, and without any Party admitting liability, fault, or wrongdoing, or releasing or waiving any rights or defenses with respect to the Reserved Claim, the Parties desire to enter into this Agreement to extend the Claim Objection Deadline, solely with respect to the Reserved Claim, to January 11, 2023, at 5:00 p.m. (Central Time) (the "Objection Deadline").

NOW, THEREFORE, effective as of the Effective Date, each of the Parties agrees as follows:

1.      Covenant to Reserve.  In consideration of Mr. Daugherty's agreement to extend the Claim Objection Deadline (as set forth in paragraph 2 of this Agreement), the Highland Parties agree not to commence any lawsuit, action or proceeding to further object to the Reserved Claim at any time until the Objection Deadline (notwithstanding Mr. Daugherty's position that the Highland Parties would have no right to do so in any event under the Settlement Agreement until such time that the IRS resolves the IRS Dispute) and further agree to reserve $2,650,353.00 on account of the Reserved Claim in the "Disputed Claim Reserve" as such term is defined in the Plan until the Parties resolve the Reserved Claim pursuant to a signed agreement, or, alternatively, an order of the Bankruptcy Court.

2.      Extension of Claim Objection Deadline.  In consideration of the Highland Parties' "Covenant to Reserve" (as set forth in paragraph 1 of this Agreement), Mr. Daugherty agrees that the Claim Objection Deadline applicable to the Reserved Claim is hereby tolled as of, and extended from, the Effective Date to the Objection Deadline.

3.      Acknowledgement and Waiver.  Mr. Daugherty acknowledges and agrees that:

a.     Regardless of whether the Second Extension Motion is approved by the Bankruptcy Court, Mr. Daugherty waives any right or ability to argue (x) that the terms of this Agreement and the extension of the Claim Objection Deadline required an order of the Bankruptcy Court; or (y) the application of the expiration of the Claims Objection Deadline to the Reserved Claim; and

b.     Mr. Daugherty is estopped from arguing that this Agreement is ineffective to extend the time within which the Highland Parties must object to the Reserved Claim.

4.     <u>Acknowledgement and Waiver</u>.  The Highland Parties acknowledge and agree that regardless of whether the Second Extension Motion is approved by the Bankruptcy Court, the Highland Parties waive any right or ability to argue that the terms of this Agreement and the extension of the Claim Objection Deadline required an order of the Bankruptcy Court.

5.     <u>Representations and Warranties</u>.

a.     Mr. Daugherty represents and warrants that he has not sold, transferred, hypothecated, pledged, or assigned the Reserved Claim to any other person or entity, and that no person or entity other than Mr. Daugherty has been, is, or will be authorized to bring, pursue, or enforce the Reserved Claim on behalf of, for the benefit of, or in the name of (whether directly or derivatively) Mr. Daugherty.

b.     Each Party represents and warrants to the other Party that such Party is fully authorized to enter into and perform the terms of this Agreement and that, as of the Effective Date, this Agreement will be fully binding upon each Party in accordance with its terms.

6.     <u>Miscellaneous</u>.

a.     <u>Binding Effect; Successors-in-Interest</u>.  Each of the Parties agrees that this Agreement will be binding upon the Parties, and, as applicable, upon their predecessors, successors, subsidiaries, divisions, alter egos, affiliated and related entities, and their past or present officers, directors, partners, employees, attorneys, assigns, agents, representatives, and any or all of them.

b.     <u>No Admission of Liability</u>.  The Parties acknowledge that there is a bona fide dispute with respect to the validity and amount of the Reserved Claim.  Nothing in this Agreement will imply an admission of liability, fault or wrongdoing by the Highland Parties, Mr. Daugherty, or any other person and the execution of this Agreement does not constitute an admission of liability, fault, or wrongdoing on the part of the Highland Parties, Mr. Daugherty, or any other person.

c.     <u>Notice</u>.  Each notice and other communication hereunder will be in writing and will be sent by email and delivered or mailed by registered mail, receipt requested, and will be deemed to have been given on the date of its delivery, if delivered, and on the fifth full business day following the date of the mailing, if mailed to each of the Parties thereto at the following respective addresses or such other address as may be specified in any notice delivered or mailed as set forth below:

**Mr. Daugherty**

Patrick Hagaman Daugherty
3621 Cornell Avenue, Suite 830
Dallas, TX  75205
Email:  pdaugherty@glacierlakecap.com

with a copy (which shall not constitute notice) to:

McCollom D'Emilio Smith Uebler LLC
Attn: Thomas Uebler, Esquire
2751 Centerville Road, Suite 401
Wilmington, DE 19808
E-mail: tuebler@mdsulaw.com

**Highland Parties**

Highland Capital Management, L.P.
100 Crescent Court, Suite 1850
Dallas, Texas 75201
Attention: David Klos
E-mail: dklos@HighlandCapital.com

Highland Claimant Trust
100 Crescent Court, Suite 1850
Dallas, Texas 75201
Attention: David Klos
E-mail: dklos@HighlandCapital.com

with a copy (which shall not constitute notice) to:

Pachulski Stang Ziehl & Jones LLP
Attention: Gregory Demo, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
E-mail: gdemo@pszjlaw.com

d.     Advice of Counsel.  Each of the Parties represents that such Party has: (a) been adequately represented by independent legal counsel of its own choice, in the negotiation of this Agreement; (b) executed this Agreement upon the advice of such counsel; (c) read this Agreement, and understands and assents to all the terms and conditions contained herein without reservation; and (d) had the opportunity to have the terms and conditions of this Agreement explained by independent counsel, who has answered any and all questions asked of such counsel, or which could have been asked of such counsel, including, but not limited to, with regard to the meaning and effect of any of the provisions of this Agreement.

e.      <u>Counterparts</u>.  This Agreement may be signed in counterparts and such signatures may be delivered by facsimile or other electronic means.

f.      <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous written and oral agreements and discussions.  This Agreement may only be amended by an agreement in writing signed by the Parties.

g.      <u>No Waiver and Reservation of Rights</u>.  Except as otherwise provided herein, nothing in this Agreement shall be, or deemed to be, a waiver of any rights, remedies or privileges of any of the Parties, and each Party hereby reserves all of such rights, privileges and remedies under applicable law.

h.      <u>No Waiver if Breach</u>.  The Parties agree that no breach of any provision hereof can be waived except in writing.  The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

i.      <u>Governing Law</u>.  This Agreement will be exclusively governed by and construed and enforced in accordance with the laws of the State of Delaware, without regard to its conflicts of law principles, and all claims relating to or arising out of this Agreement, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be governed by the laws of the State of Delaware, excluding Delaware's conflicts of law principles.

j.      <u>Jurisdiction</u>.  The Bankruptcy Court will retain exclusive jurisdiction over disputes relating to this Agreement.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

**IT IS HEREBY AGREED.**

**PATRICK HAGAMAN DAUGHERTY**

_____

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By: _____
Name: _____
Its: _____

**HIGHLAND CLAIMANT TRUST**

By: _____
Name: _____
Its: _____

**IT IS HEREBY AGREED.**

**PATRICK HAGAMAN DAUGHERTY**

_____

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By: _____
Name: _____
Its: _____

**HIGHLAND CLAIMANT TRUST**

By: _____
Name: _____
Its: _____