**EXHIBIT 69**

# INTERCREDITOR AND PARTICIPATION AGREEMENT

This Intercreditor and Participation Agreement (the "Agreement") is entered into as of January 10, 2025 (the "Effective Date") by and between Highland CLO Management, Ltd. (together with its successors and assigns in such capacities, "HCLOM Ltd.") and Hunter Mountain Investment Trust (together with its successors and assigns in such capacities, "HMIT"). HCLOM Ltd. and HMIT are each referred to herein individually as a "Party" and jointly as the "Parties."

## RECITALS

WHEREAS, on September 22, 2020, Highland Capital Management, L.P. filed a Notice of Filing of Debtor's Amended Schedules in its pending Chapter 11 Case No. 19-34054-sgj11 (the "Bankruptcy Case") in which it, among other things, scheduled a creditor's claim by HCLOM Ltd. (the "HCLOM Claim"); and

WHEREAS, on December 27, 2024, the Bankruptcy Court entered a Stipulated and Agreed Order Resolving (A) HCLOM, Ltd.'s Scheduled Claims 3.65 and 3.66; and (B) Highland Capital Management, L.P.'s (1) Objection and (2) Motion for a Bad Faith Finding and an Award of Attorneys' Fees Against HCLOM, Ltd. and James Dondero in Connection Therewith [Docket Nos. 3657, 4176] in the Bankruptcy Case (the "Stipulation and Agreed Order"); and

WHEREAS, the Stipulation and Agreed Order converted the HCLOM Claim to a Class 10 interest/claim (as such is defined in Article III.H. ¶ 10 of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) in the Bankruptcy Case) (the "Plan") in the amount of $10,140,633.26; and

WHEREAS, the Parties have agreed to certain rights and priorities solely as between themselves regarding HCLOM Ltd.'s participation in the payment of Class 10 interests/claims;

THEREFORE, for and in consideration of the promises, covenants, conditions, stipulations, benefits, and obligations described and provided herein, the sufficiency and adequacy of which is expressly hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **HMIT Payment Obligation to HCLOM Ltd.** Upon HMIT's receipt of distributions on account of its Class 10 interest/claim (the "Distributions"), HMIT will pay to HCLOM Ltd. an amount equal to five percent (5%) of the funds received by HMIT within two (2) business days after receipt of indefeasible funds by HMIT (the "HMIT Payment Obligation"). HMIT shall be entitled to deduct from the Distributions the fees and expenses billed by Kelly Hart Hallman, LLP which directly relate to the Stipulation and Agreed Order or this Agreement (the "HMIT Expenses") until all HMIT Expenses are paid in full.

2. **No Additional Duties to HCLOM Ltd.** HMIT shall retain and have the sole discretion to act with respect to its Class 10 interest/claim, and shall owe no additional duties to HCLOM Ltd. or any other person or entity, including without limitation, with respect to (i) the amount of Distributions or recovery by HMIT on account of its Class 10 interests/claims,

1

(ii) the amount of Distributions that could be received by any holder of Class 10 interests/claims, (iii) the rights of any holder of Class 10 interests/claims, or (iv) any pleading or document that could or should be filed in any way related to the Bankruptcy Case, the Plan, or the HMIT Class 10 interests/claims.

3. **No Liens or Encumbrances**. HMIT will not take any action that could reasonably be expected to encumber HMIT's Class 10 interests/claims, limit or affect HMIT's right or ability to fulfil and perform the HMIT Payment Obligation, or limit or affect HCLOM Ltd.'s right to receive the Distributions.

4. **This Agreement Supersedes the Effects of the Stipulated and Agreed Order Among the Parties**. HCLOM acknowledges and agrees that, notwithstanding the Stipulated and Agreed Order, the terms of this Agreement amends and supersedes the effect of the Stipulation and Agreed Order as between the Parties and HCLOM's rights to payment under the Plan are limited solely to the HMIT Payment Obligation.

5. **Non-Interference; No Cause of Action**. Notwithstanding Paragraph 3, HCLOM will not have any rights to object to or otherwise interfere with the rights of HMIT as a holder of Class 10 interest to reach a settlement with Highland Capital Management, LP ("Highland"). HCLOM acknowledges that it shall have no right to notice or approval of such a settlement nor will it have any cause of action against HMIT arising out of any such settlement.

6. **Remittance Agreement**. The Parties acknowledge that contemporaneously herewith NREA SB II Holdings, LLC (together with its successors and assigns in such capacities, "NexPoint Small Bay."), Charitable DAF Holdings Corp. (together with its successors and assigns in such capacities, "Charitable DAF"), and Liberty CLO Holdco, Ltd. (together with its successors and assigns in such capacities, "Liberty CLO") have entered into that certain Remittance Agreement effective January 10, 2025 (the "Remittance Agreement"). HCLOM agrees that if NexPoint Small Bay fails to make the DAF Bridge Equity Payment (as defined in the Remittance Agreement) pursuant to the terms of the Remittance Agreement, HMIT will have no obligations to make the HMIT Payment Obligation, and HMIT shall not receive any distribution from HMIT or any other party related to any Class 10 interest/claim. Notwithstanding any failure of NexPoint Small Bay to adhere to the terms of the Remittance Agreement, HCLOM acknowledges that by executing this Agreement, it shall have no other recourse or rights to payment under the Plan other than the terms of this Agreement.

7. **Choice of Law; Jurisdiction; Venue**. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to conflict of law provisions. Each Party to hereby consents and agrees that the courts located in Texas shall have sole and exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Agreement or to any matter arising out of or relating to this Agreement. Each Party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such court, and each Party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue, or *forum non conveniens*.

8. **Amendments; Waivers**. No amendment, modification, or waiver of any of the provisions of this Agreement shall be deemed to be made unless the same shall be in writing signed on behalf of each Party, and each waiver, if any, shall be a waiver only with respect to the specific instance involved and shall in no way impair the rights of the Party making such waiver or the obligations of the other Party in any other respect or at any other time.

HCMLPHMIT00003869

9. **Binding Effect**. Except as otherwise expressly provided herein, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective successors, assigns, executors, representatives, and administrators.

10. **Entire Agreement**. The Agreement contains the entire understanding of the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, with respect to such matters, which the parties acknowledge have been merged into this Agreement.

11. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Signature by facsimile or other similar electronic transmission shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Intercreditor and Participation Agreement as of the Effective Date set forth above and in the capacities set forth below.

HCMLPHMIT00003870

HIGHLAND CLO MANAGEMENT, LTD.

By: _____
Name: James Dondero
Title: President


HUNTER MOUNTAIN INVESTMENT TRUST

By: _____
Name: Mark Patrick
Title: Administrator

HCMLPHMIT00003871