**EXHIBIT 78**

# AGREEMENT OF LIMITED PARTNERSHIP

## OF

## RAND PE FUND I, L.P.

This Agreement of Limited Partnership (this "**Agreement**") of Rand PE Fund I, L.P., is entered into as of October 29, 2015 by and among: (i) Rand PE Fund Management, LLC, a Delaware limited liability company (the "**General Partner**"), and (ii) John Honis (collectively with any individuals who may become limited partners of the Partnership in the future, the "**Limited Partners**"; and, collectively with the General Partner, the "**Partners**") pursuant to and in accordance with the Delaware Revised Uniform Limited Partnership Act (6 Del.C. § 17-101, et seq.), as amended from time to time (the "**Act**").

1. **Name**. The name of the partnership governed hereby is Rand PE Fund I, L.P. (the "**Partnership**").

2. **Certificate of Limited Partnership**. The General Partner filed a Certificate of Limited Partnership for the Partnership with the Secretary of State of the State of Delaware on September 18, 2015, and the Partners shall take such further actions as shall be appropriate to comply with all requirements of law for the formation and operation of a limited partnership in the State of Delaware, and all other counties and states where the Partnership may elect to do business.

3. **Purpose**. The Partnership is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Partnership is, engaging in all lawful activities for which partnerships may be formed under the Act, including, without limitation of the foregoing, serving as a private insurance-dedicated investment fund.

4. **Powers**. The Partnership shall have the power to do any and all acts reasonably necessary, appropriate, proper, advisable, incidental or convenient to or for the furtherance of the purpose and business described herein and for the protection and benefit of the Partnership and shall have, without limitation, any and all of the powers that may be exercised on behalf of the Partnership by the General Partner pursuant to this Agreement.

5. **Principal Business Office**. The principal place of business and office of the Partnership shall be located at, and the Partnership's business shall be conducted from, such place or places as may hereafter be determined by the General Partner.

6. **Registered Office**. The address of the registered office of the Partnership in the State of Delaware is: c/o The Corporation Trust Company, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801.

7. **Registered Agent**. The name and address of the registered agent of the Partnership for service of process on the Partnership in the State of Delaware is: The Corporation Trust Company, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801.

8. **Term**. The term of the Partnership commenced on the date of filing of the Certificate of Limited Partnership of the Partnership in accordance with the Act and shall continue until dissolution of the Partnership in accordance with **Section 21** of this Agreement.

9. **Limitation on Liabilities of Limited Partners**. Notwithstanding any provision

of this Agreement, the Limited Partners shall not be liable for any of the losses, debts or liabilities of the Partnership in excess of their respective capital contributions.

10. **Capital Contributions**. Each Partner is deemed admitted as a Partner of the Partnership upon his, her or its execution and delivery of this Agreement. The initial capital contributions of the Partners consist of the assets set forth on Schedule A attached hereto.

11. **Additional Contributions**. The Partners are not required to make additional capital contributions to the Partnership, beyond their initial contributions.

12. **Capital Accounts**. Separate capital accounts shall be maintained for each Partner on the books of the Partnership. Each capital account shall be adjusted to reflect such Partner's shares of allocations and distributions as provided in **Section 13** of this Agreement, and any additional capital contributions to the Partnership or withdrawals of capital from the Partnership. Such capital accounts shall further be adjusted to conform to the Treasury Regulations under Section 704(b) of the U.S. Internal Revenue Code of 1986, as amended (the "**Code**"), as interpreted in good faith by the General Partner.

13. **Allocations and Distributions**.

(i) *Allocations of Profit and Loss*. All items of income, gain, loss, deduction and credit shall be allocated among the Partners in accordance with their Percentage Interests (as indicated on Schedule A attached hereto).

(ii) *Distributions*. Distributions shall be made to the Partners at such times and in such amounts as may be determined in the sole discretion of the General Partner. Distributions shall be shared among the Partners in accordance with their Percentage Interests. Notwithstanding any provision to the contrary contained in this Agreement, the Partnership shall not make a distribution to the Partners on account of their interest in the Partnership if such distribution would violate Section 17-607 of the Act or other applicable law.

14. **Management**.

(i) The business and affairs of the Partnership shall be managed by the General Partner. Subject to the express limitations contained in any provision of this Agreement, the General Partner shall have complete and absolute control of the affairs and business of the Partnership, and shall possess all powers necessary, convenient or appropriate to carrying out the purposes and business of the Partnership, including, without limitation, doing all things and taking all actions necessary to carrying out the terms and provisions of this Agreement. The General Partner has the authority to bind the Partnership.

(ii) Subject to the rights and powers of the General Partner and the limitations thereon contained herein, the General Partner may delegate to any person any or all of its powers, rights and obligations under this Agreement and may appoint, contract or otherwise deal with any person to perform any acts or services for the Partnership as the General Partner may reasonably determine.

(iii) No Partner (other than the General Partner) shall participate in the management or control of the business of, or shall have any rights or powers with respect to, the Partnership except those expressly granted to it by the terms of this Agreement, or those conferred on it by law.

HCMLPHMIT00003888

(iv) The General Partner shall remain general partner of the Partnership until the earliest to occur of its termination, dissolution or other inability to act in such capacity, at which time a majority in Percentage Interests of the Limited Partners shall appoint a successor general partner. Upon the termination, dissolution or other inability of such successor General Partner to act in such capacity, a successor general partner will be appointed by the designee of the General Partner.

15. **Officers**. The General Partner may, from time to time as it deems advisable, appoint officers of the Partnership (the "**Officers**") and assign in writing titles (including, without limitation, President, Vice President, Secretary and Treasurer) to any such person. Unless the General Partner decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office. Any delegation pursuant to this **Section 15** may be revoked at any time by the General Partner.

16. **Other Business**. The Partners may engage in or possess an interest in other business ventures (unconnected with the Partnership) of every kind and description, independently or with others. The Partnership shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

17. **Liability of General Partner**.

(i) None of the General Partner or the Officers shall be liable, responsible or accountable in damages to the Limited Partner or the Partnership for: (x) any act or omission on behalf of the Partnership performed or omitted to be taken by it in good faith and in a manner reasonably believed by it to be within the scope of the authority granted to it by this Agreement and in, or not opposed to, the best interests of the Partnership; *provided* that the General Partner is not guilty of gross negligence or willful misconduct, (y) any action or omission taken or suffered by any other Partner, or (z) any mistake, negligence, dishonesty or bad faith of any broker or other agent of the Partnership selected by the General Partner with reasonable care. To the extent that, at law or in equity, the General Partner has duties (including fiduciary duties) and liabilities relating thereto to the Partnership or to another Partner, the General Partner acting under this Agreement shall not be liable to the Partnership or such other Partner for its good faith reliance on the provisions of this Agreement. The provisions of this Agreement, to the extent that they expand or restrict the duties and liabilities of the General Partner otherwise existing at law or in equity, are agreed by the Partners to modify to that extent such other duties and liabilities of the General Partner. To the fullest extent permitted by law, the Partnership shall indemnify the General Partner against any loss, damage or expense (including amounts paid in satisfaction of judgments, in settlements, as fines and penalties and legal and other costs and expenses of investigation or defense) incurred by it by reason of any act or omission so performed or omitted by it (and not involving gross negligence or willful misconduct) and any such amount shall be paid by the Partnership to the extent assets are available, but the Limited Partner shall not have any personal liability to the General Partner or the Partnership on account of such loss, damage or expense.

(ii) The General Partner may consult with legal counsel, accountants and other professional experts selected by it and any act or omission suffered or taken by it on behalf of the Partnership or in furtherance of the interests of the Partnership in good faith in reliance upon and in accordance with the advice of such counsel, accountants or other professional experts shall be full justification for any such act or omission, and the General Partner shall be fully protected in so acting or omitting to act; *provided* that such counsel, accountants or other professional experts were selected with reasonable care.

(iii) To the fullest extent permitted by law, expenses incurred by the General Partner

in defense or settlement of any claim that may, at the determination of the General Partner, be subject to a right of indemnification hereunder may be paid by the Partnership in advance of the final disposition thereof upon receipt of an undertaking by or on behalf of the General Partner to repay such amount to the Partnership if it shall be determined, by a court of competent jurisdiction pursuant to a final non-appealable judgment, order or decree, that the General Partner is not entitled to be indemnified hereunder.

18. **Admission of Additional Partners**. One (1) or more additional persons may be admitted to the Partnership as Partners with the written consent of the General Partner.

19. **Dissolution of Partners**. Subject to **Section 21**, the termination, dissolution, death, bankruptcy or adjudicated incompetency of a Partner shall not cause a dissolution of the Partnership, but the rights of such Partner to share in the allocations and distributions pursuant to the terms hereof and to assign his, her or its interest in the Partnership pursuant to the terms hereof shall, on the happening of such an event, devolve on his, her or its legal representative for the purpose of settling his estate or administering its property.

20. **Assignments**. A Partner may not transfer, assign, pledge or hypothecate, in whole or in part, his, her or its limited partnership interest without the prior written consent of the General Partner.

21. **Dissolution**.

(i) The Partnership shall dissolve, and its affairs shall be wound-up upon the first to occur of the following: (A) the written consent of the General Partner, (B) the death, disability, termination, dissolution, bankruptcy or withdrawal of the last remaining General Partner (subject to **Section 14(iv)**), and (C) the entry of a decree of judicial dissolution under Section 17-802 of the Act.

(ii) In the event of dissolution, the Partnership shall conduct only such activities as are necessary to wind-up its affairs (including the sale of the assets of the Partnership in an orderly manner).

22. **Tax Matters Partner**. The General Partner shall be the tax matters partner within the meaning of Section 6231(a)(7) of the Code. All expenses incurred by the tax matters partner in connection with its duties as tax matters partner shall be expenses of the Partnership.

23. **Elections**. The General Partner shall determine the accounting methods and conventions under the tax laws of any and all applicable jurisdictions as to the treatment of income, gain, loss, deduction and credit of the Partnership or any other method or procedure related to the preparation of such tax returns. The General Partner may cause the Partnership to make or refrain from making any and all elections permitted by such tax laws, and the General Partner shall not be liable for any consequences to any previously admitted or subsequently admitted Partners resulting from their making or failing to make any such elections.

24. **Separability of Provisions**. Each provision of this Agreement shall be considered separable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

25. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original of this Agreement.

26. **Entire Agreement**. This Agreement constitutes the entire agreement of the Partners with respect to the subject matter hereof and shall supersede all prior and contemporaneous agreements, understandings and discussions with respect thereto.

27. **Governing Law, Personal Jurisdiction and Venue**. The parties acknowledge and agree that any claim, controversy, dispute or action relating in any way to this Agreement or the subject matter of this Agreement shall be governed solely by the laws of the State of Delaware, without regard to any conflict of laws doctrines. The parties irrevocably consent to and submit to being served with legal process issued from the state and federal courts located in the State of New York and irrevocably consent to the exclusive personal jurisdiction of the federal and state courts situated in the State of New York. The parties irrevocably waive any objections to the personal jurisdiction of these courts. The federal and state courts of the State of New York in New York County shall have sole and exclusive jurisdiction over any and all claims, controversies, disputes and actions which in any way relate to this Agreement or the subject matter of this Agreement. Any such claim, controversy, dispute or action must first be brought in the federal court of the State of New York in New York County, unless the federal courts do not have subject matter jurisdiction as a matter of law, in which case it must first be brought in the Commercial Division of the New York State Supreme Court in New York County (and can only proceed in New York County outside the Commercial Division if the Commercial Division rejects it). The parties also irrevocably waive any objections that these courts constitute an oppressive, unfair, or inconvenient forum and agree not to seek to change venue on these grounds or any other grounds.

28. **Amendments**. This Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by the Partners.

*[remainder of page intentionally left blank]*

{00269496.DOC; 2}         5

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Agreement of Limited Partnership as of the date first written above.

GENERAL PARTNER:

Rand PE Fund Management, LLC

By: _____
Name: John Honis
Title: Managing Member

LIMITED PARTNER:

_____
Name: John Honis

Schedule A

As of October 29, 2015

| NAME | MAILING ADDRESS | INITIAL CAPITAL CONTRIBUTION | PERCENTAGE INTEREST |
|---|---|---|---|
| John Honis | 87 Railroad Place, Suite 403 Saratoga Springs, NY 12866 | $99 | 99% |
| Rand PE Fund Management, LLC | 87 Railroad Place, Suite 403 Saratoga Springs, NY 12866 | $1 | 1% |