**EXHIBIT 97**

**BYLAWS**

**OF**

**EMPOWER DALLAS FOUNDATION, INC.**

## TABLE OF CONTENTS

**Page**

ARTICLE I.   OFFICES..................................................................................................................1

    Section 1.1  Registered Office ...................................................................................1
    Section 1.2  Other Offices..........................................................................................1

ARTICLE II.  MEMBERSHIP.......................................................................................................1

    Section 2.1  Classes and Number................................................................................1
    Section 2.2  Voting ....................................................................................................1
    Section 2.3  Transfer of Membership ........................................................................1
    Section 2.4  Resignation of Member...........................................................................2
    Section 2.5  Place of Meetings...................................................................................2
    Section 2.6  Annual Meetings....................................................................................2
    Section 2.7  Special Meetings....................................................................................2
    Section 2.8  Notice of Meetings of Members .............................................................2
    Section 2.9  Quorum...................................................................................................3
    Section 2.10  Voting ...................................................................................................3
    Section 2.11  Proxies..................................................................................................3
    Section 2.12  Action by Written Consent ...................................................................3
    Section 2.13  Control of Investments.........................................................................3

ARTICLE III. DIRECTORS ..........................................................................................................4

    Section 3.1  General Powers.......................................................................................4
    Section 3.2  Number of Directors...............................................................................4
    Section 3.3  Vacancies...............................................................................................4
    Section 3.4  Place of Meetings...................................................................................5
    Section 3.5  Committees of Directors.........................................................................5
    Section 3.6  Compensation of Directors .....................................................................5
    Section 3.7  Annual Meeting .....................................................................................5
    Section 3.8  Additional Regular Meetings..................................................................5
    Section 3.9  Special Meetings....................................................................................5
    Section 3.10  Method and Timing of Notice...............................................................5
    Section 3.11  Purpose not Required in Notice .............................................................6
    Section 3.12  Waiver of Notice..................................................................................6
    Section 3.13  Action by Written Consent ...................................................................6
    Section 3.14  Validation of Action by Consent ..........................................................6
    Section 3.15  Quorum and Manner of Acting.............................................................6
    Section 3.16  Resignation and Removal of Directors .................................................7

ARTICLE IV. OFFICERS..............................................................................................................7

    Section 4.1  Officers..................................................................................................7
    Section 4.2  Election, Term of Office and Eligibility.................................................7
    Section 4.3  Subordinate Officers..............................................................................7

Section 4.4  Removal ...................................................................................................7
Section 4.5  The President ...........................................................................................7
Section 4.6  The Secretary ...........................................................................................8
Section 4.7  The Assistant Secretaries ........................................................................8
Section 4.8  Chairman ..................................................................................................8
Section 4.9  The Chief Financial Officer ....................................................................8
Section 4.10  The Assistant Chief Financial Officers .................................................9
Section 4.11  Delegation of Duties ..............................................................................9

ARTICLE V.  BOOKS AND RECORDS ...........................................................................9

Section 5.1  Location ...................................................................................................9
Section 5.2  Inspection .................................................................................................9

ARTICLE VI. MISCELLANEOUS PROVISIONS ............................................................9

Section 6.1  Fiscal Year ...............................................................................................9
Section 6.2  Depositories .............................................................................................9
Section 6.3  Checks, Drafts and Notes ........................................................................9
Section 6.4  Contracts and Other Instruments ............................................................9
Section 6.5  Conflicts of Interest ...............................................................................10
Section 6.6  Waivers of Notice ..................................................................................10
Section 6.7  Ownership Interests in Other Entities ...................................................10
Section 6.8  Indemnification ......................................................................................10
Section 6.9  Amendment of Bylaws ..........................................................................12

010036 000016 14282559.2

BYLAWS

OF

EMPOWER DALLAS FOUNDATION, INC.

## ARTICLE I.

## OFFICES

Section 1.1    <u>Registered Office</u>.    The registered office of EMPOWER DALLAS FOUNDATION, INC. (the "Corporation") shall be maintained in the County of New Castle, State of Delaware, and the registered agent in charge thereof is The Corporation Trust Company.

Section 1.2    <u>Other Offices</u>.    The Corporation may also have an office in the City of Dallas, State of Texas, and also offices at such other places as the Board of Directors may from time to time determine or the business of the Corporation may require.

## ARTICLE II.

## MEMBERSHIP

Section 2.1    <u>Classes and Number</u>.    The Corporation shall have two classes of members and one member in each such class: the Institutional Member, which shall be The Dallas Foundation, and the Individual Member, which shall be Grant Scott or an individual designated as the Individual Member in accordance with these Bylaws.

Section 2.2    <u>Voting</u>.    Except as otherwise provided in these Bylaws, the Institutional Member shall be entitled to two (2) votes upon each matter submitted to a vote of the members, and the Individual Member shall be entitled to one (1) vote upon each matter submitted to a vote of the members, In addition to any voting rights provided in these Bylaws, members shall be entitled to vote upon any matter with respect to which the General Corporation Law of the State of Delaware, or its successor statute, as amended (the "Law"), requires a vote of the members.

Section 2.3    <u>Transfer of Membership</u>.    Institutional Membership in the Corporation is not transferable or assignable. The Individual Membership is transferable or assignable as provided herein only upon the approval of the Institutional Member, with such approval not to be unreasonably withheld by the Institutional Member. Subject to the approval of the Institutional Member, Mr. Scott, as the initial Individual Member, may at any time pursuant to a written notice delivered to the Institutional Member during his lifetime or by a provision in his Will or other testamentary document, transfer his Individual Member interest to an individual, or designate an individual, or series of individuals, to whom such Individual Member interest is to be transferred upon the occurrence of a future contingency, such as the death or failure to act of a current or future Individual Member. Each successor Individual Member shall succeed to the rights of the initial Individual Member. Subject to the approval of the Institutional Member, each successor Individual Member may in the same manner transfer his Individual Member interest to an individual, or designate an individual, or series of individuals, to whom such Individual Member interest is to be transferred upon the occurrence of a future contingency, such as the

-1-

death or failure to act of a current or future Individual Member. In the event of a conflict between such transfer documents, the one bearing the latest date shall control. Each Individual Member may at any time revoke his transfer document that is to be effective in the future, in whole or in part, by written notice delivered to the Institutional Member. If at any time an Individual Member shall be disabled and no transfer of such member's interest is to occur as a result of such disability in accordance with the foregoing provisions of this Section, then such member's attorney-in-fact under a valid, effective power of attorney instrument may act for such member hereunder. In the event of the death of an Individual Member, such member's personal representative of his estate, or trustee of a trust to which the Individual Member transferred his interest, may, if necessary, act as the Individual Member hereunder until such time as the Individual Member interest is transferred from the estate or trust.

Section 2.4    <u>Resignation of Member</u>.  A member may resign at any time upon written notice to the Secretary.

Section 2.5    <u>Place of Meetings</u>.  All meetings of the members be held shall by means of remote communication as authorized by the Law, unless the Board of Directors decides to hold such a meeting by another permitted means.

Section 2.6    <u>Annual Meetings</u>.  Except as otherwise provided by these Bylaws, annual meeting of the members, commencing with the year 2015, shall be held at such date and time in the month of December as shall be provided by resolution of the Board of Directors, at which the members shall elect a Board of Directors, and transact such other business as may properly be brought before the meeting. The Secretary shall provide notice of each such meeting to each member consistent with the requirements of Section 2.8 below.

Section 2.7    <u>Special Meetings</u>.  Special meetings of the members, for any purpose or purposes, unless otherwise prescribed by the Law or by the Certificate of Incorporation, may be called by the President and shall he called by the Secretary at the request of a majority of the Board of Directors, or at the request in writing of a member entitled to vote at such meeting. Such request shall state the purpose or purposes of the proposed meeting. The Secretary shall provide notice of each such meeting to each member consistent with the requirements of Section 2.8 below.

Section 2.8    <u>Notice of Meetings of Members</u>.  When notice is required to be given for a meeting of the members, such notice shall specify the date, time, and location of the meeting and shall be given to each member at least ten (10) days prior to the meeting (at least three (3) days in the case of a special meeting). Notice shall be given (a) by written notice delivered personally, (b) by written notice sent by mail, email, or facsimile to the member's mailing address, email address, or facsimile number as shown by the records of the Corporation, or (c) by telephone. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail so addressed, with postage thereon prepaid. If notice is delivered by email, such notice shall be deemed to be delivered when the email is sent, provided that the sender does not subsequently receive notice that the email transmission was not delivered to the designated email address. If delivered by facsimile, such notice shall be deemed to be delivered when the facsimile transmission indicates that the facsimile has been sent without error to the designated facsimile number. If delivered by telephone, such notice shall be deemed to be given at the time the

-2-

telephone message shall reach and be communicated to a responsible individual at the phone number listed for a member's residence or place of business.

Section 2.9    Quorum.  Both the Institutional Member and the Individual Member must be present in person or represented by proxy in order to constitute a quorum at all meetings of the members for the transaction of business, except as otherwise required by Law, the Certificate of Incorporation or these Bylaws. lf, however, such quorum shall not be present or represented at any meeting of the members, the member entitled to vote thereat, present in person or represented by proxy, shall have the power to adjourn the meeting from time to time, without notice other than announcement at the meeting, of the place, date and hour of the adjourned meeting, until a quorum shall be present or represented by proxy. At the adjourned meeting at which a quorum shall be present or represented by proxy, the Corporation may transact any business which might have been transacted at the original meeting, if the adjournment is for more than 30 days, a notice of the adjourned meeting shall be given to each member of record entitled to vote at the meeting.

Section 2.10    Voting.  When a quorum is present at any meeting, the vote of a majority of the number of votes held by the members, present in person or represented by proxy, shall be the act of the members, unless the act of a greater number is required by Law or expressly by these Bylaws.

Section 2.11    Proxies.  At any meeting of the members, any member entitled to vote, consent or approve any action or matter may do so in person or by proxy authorized by an instrument in writing or by a transmission permitted by law. Any member represented by proxy shall be counted as present at such meeting for all purposes. Any copy, facsimile telecommunication or other reliable reproduction of the writing or transmission created pursuant to these Bylaws may be substituted or used in lieu of the original writing or transmission that could be used, provided that the copy, facsimile telecommunication or other reproduction shall be a complete reproduction of the entire original writing or transmission.

Section 2.12    Action by Written Consent.  Any action required to be, or which may be, voted on, consented to or approved by the members may be taken without a meeting, without prior notice and without taking a vote if a consent or consents in writing, setting forth the action so taken, are signed by the member(s) holding the number of votes necessary to authorize or take such action at a meeting at which all members entitled to vote thereon were present and voted. A consent transmitted by electronic transmission shall be deemed to be written and signed for purposes of this Section 2.12. Prompt notice of the taking of an action by the members without a meeting by less than unanimous written consent shall be given to each member who did not consent in writing to the action. Each such consent must state the date of each member's signature. Such consent shall be placed in the minute book of the Corporation, and shall have the same force and effect as if approved by vote of the members at an actual meeting,

Section 2.13    Control of Investments.  Notwithstanding any other provision contained in these Bylaws to the contrary, the Institutional Member shall have the sole and exclusive power and authority to direct the management and investment of the assets of the Corporation. Such power and authority shall be exercised by the Institutional Member in its sole discretion and shall be separate and independent of any power and authority of the Board of Directors and officers of

-3-

the Corporation which have no power or authority with respect to the matters delegated hereby to the Institutional Member with respect to investments. Such power and authority of the Institutional Member shall include, but not be limited to: [a] the power to purchase, sell and retain assets of the Corporation; [b] the power to exercise voting, subscription, conversion, redemption, withdrawal, cancellation, option and similar rights with respect to such assets; [c] the power to participate in and consent to any voting trust, reorganization, merger, dissolution or other action affecting any such property; [d] the power to acquire life insurance policies, annuities, and/or other insurance or similar products (including the exercise or non-exercise or any rights, or the prosecution or defense of any disputes with the issuer or other parties regarding legal, regulatory, contractual, or other matters, arising under or relating to such products) and [e] the power to direct, and delegate to, the officers of the Corporation the taking of such acts and the execution of such documents as may be necessary to effectuate the decisions of the Institutional Member with respect to investments.  The Corporation shall furnish the Institutional Member with such information as is necessary or desirable for it to fulfill its responsibilities. The Corporation shall furnish the Institutional Member with such clerical and other assistance as the Institutional Member may need to carry out its powers and authority. The Institutional Member shall advise the Board of Directors periodically of the investments of the assets of the Corporation and changes thereto.  The Institutional Member shall have the sole power to retain investment advisors and custodians to assist it in carrying out its powers and authority under this Section 2.13 and it may delegate to any such investment advisors and custodians any and all such powers and authority subject to limitations on such delegation provided under the law, if any. The Corporation shall be responsible for all costs and expenses incurred by the Institutional Member in carrying out its powers and authority under this Section 2.13.

## ARTICLE III.

## DIRECTORS

Section 3.1    <u>General Powers</u>.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors, which may exercise all such powers of the Corporation and do all such acts and things as are not by the Law, the Certificate of Incorporation or these Bylaws directed or required to be exercised or done by the members, so long as the exercise of such powers and doing of such acts are consistent with the Corporation's prescribed purposes.

Section 3.2    <u>Number of Directors</u>.  The number of Directors that shall constitute the Board of Directors shall be three (3). Two (2) Directors (the "Institutional Directors") shall be elected annually by the institutional Member and one (1) Director (the "Individual Director") shall be elected annually by the Individual Member. Each Director shall hold office until such Director's successor is elected and qualified or until such Director's earlier death, resignation, retirement, disqualification or removal.

Section 3.3    <u>Vacancies</u>.  If the office of any Director becomes vacant by reason of death, resignation, retirement, disqualification, removal from office, or otherwise, then (i) with respect to a vacancy of an Institutional Director seat, the Institutional Member shall elect a person to fill such vacancy, and (ii) with respect to a vacancy of an Individual Director seat, the Individual Member shall elect a person to fill such vacancy. If at any time there is no Individual

Member who is able to fill a vacancy of an Individual Director seat, then the Institutional Member shall elect a successor Individual Director. Each Director elected to fill a vacancy shall hold office for the unexpired term of such Director's predecessor in office.

Section 3.4    Place of Meetings.    The Board of Directors may hold its meetings outside of the State of Delaware, at the office of the Corporation or at such other places as they may from time to time determine, or as shall be fixed in the respective notices or waivers of notice of such meetings.

Section 3.5    Committees of Directors.    The Corporation shall have no committees unless the Board of Directors, by resolution or resolutions passed by the unanimous vote of the Board, designates one or more committees.

Section 3.6    Compensation of Directors.    Except to the extent prohibited by section 4958(c)(3) of the Internal Revenue Code of 1986 (the "Code"), Directors, as such, may receive such stated salary for their services and/or such fixed sums and expenses for attendance at each regular or special meeting of the Board of Directors as may be established by resolution of the Board; provided that nothing contained in this Section shall be construed to preclude any Director from serving the Corporation in any other capacity and receiving compensation therefor.

Section 3.7    Annual Meeting.    The annual meeting of the Board of Directors shall be held at such place and at such time as may be determined by the Board of Directors. If the date, time and location of the annual meeting are specified by a resolution adopted by the Board of Directors, no further notice of such annual meeting shall be required. If the date, time and location of an annual meeting are specified in another manner, then notice shall be provided consistent with the requirements of Section 3.10 below.

Section 3.8    Additional Regular Meetings.    The Board of Directors may hold additional regular meetings for the purpose of taking any action and conducting any business that may properly come before the Board of Directors. If the date, time and location of the regular meeting are specified by a resolution adopted by the Board of Directors, no further notice of such regular meeting shall be required. If the date, time and location of a regular meeting are specified in another manner, then notice shall be provided consistent with the requirements of Section 3.10 below.

Section 3.9    Special Meetings.    Special meetings of the Board of Directors may be held at any time on the call of the President or at the request in writing of any one or more Directors upon not less than three (3) days' notice to each director. The person or persons calling a special meeting of the Board of Directors shall fix a date, time and location for holding such special meeting, which shall be specified in a notice provided for such special meeting consistent with the requirements of Section 3.10 below.

Section 3.10    Method and Timing of Notice.    Unless otherwise provided herein, when notice is required to be given for a meeting of the Board of Directors, such notice shall be given to each Director at least ten (10) days prior to the meeting. Any notice given herein shall specify the date, time, and location of the meeting. Notice shall be given (a) by written notice delivered

personally, or (b) by written notice sent by mail, email, or facsimile to the Director's mailing address, email address, or facsimile number as shown by the records of the Corporation. If mailed, such notice shall he deemed to be delivered when deposited in the United States mail so addressed, with postage thereon prepaid. If notice is delivered by email, such notice shall be deemed to be delivered when the email is sent, provided that the sender does not subsequently receive notice that the email transmission was not delivered to the designated email address. If delivered by facsimile, such notice shall be deemed to be delivered when the facsimile transmission indicates that the facsimile has been sent without error to the designated facsimile number.

Section 3.11    <u>Purpose not Required in Notice</u>.  Unless specifically required by the Law or these Bylaws for a particular action, the purpose of and business to be transacted at a meeting need not be specified in the notice of such meeting or in a waiver of notice of such meeting.

Section 3.12    <u>Waiver of Notice</u>.  Any Director may waive notice of any meeting by a writing signed by the Director, whether signed before or after the holding of such meeting, and such signed written waiver shall he deemed the equivalent of the Director having received notice. A Director's attendance at any meeting shall constitute a waiver of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business of such meeting on the ground that the meeting is not lawfully called or convened.

Section 3.13    <u>Action by Written Consent</u>.  Any action required to be, or which may be, voted on, consented to or approved by the Board of Directors may be taken without a meeting if a consent or consents in writing, setting forth the action so taken, are signed by all of the then-serving Directors. A consent transmitted by electronic transmission shall be deemed to be written and signed for purposes of this Section 3.13. Such consent shall be placed in the minute book of the Corporation, and shall have the same force and effect as if approved by vote of the Board of Directors at an actual meeting.

Section 3.14    <u>Validation of Action by Consent</u>.  All actions taken at a meeting of the Board of Directors which is not regularly called or noticed shall be valid as if taken at a meeting regularly called and noticed if each Director either consents in writing or is present at such meeting and does not object to the meeting being held. At such meeting any business may be transacted which is not excepted from the written consent or which is not objected to at such meeting for want of notice. If any meeting of the Board of Directors is irregular for want of notice, the proceedings of such meeting may be ratified, approved and rendered valid, and the irregularity or defect therein waived, by a writing signed by all Directors, provided a quorum was present at such meeting.

Section 3.15    <u>Quorum and Manner of Acting</u>.  A quorum for the transaction of business at any meeting of the Board of Directors shall consist of a majority of the then serving Directors. Except as otherwise provided by the Law, the Certificate of Incorporation or these Bylaws, the vote of a majority of the Directors present at any meeting at which a quorum is present shall he the act of the Board of Directors. Any Director may participate in a meeting of the Board of Directors or committee by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other and such

participation shall constitute presence in person at the meeting. In the absence of a quorum, a majority of the Directors present may adjourn the meeting from time to time until a quorum shall be present. Notice of any adjourned meeting need not be given, except that notice shall be given to all Directors if the adjournment is for more than thirty days.

Section 3.16    <u>Resignation and Removal of Directors</u>.  Each Director may resign at any time by written notice delivered to the member that appointed such Director and to the President and Secretary of the Corporation. A resignation is effective when the resignation is delivered unless the resignation specifies a later effective date or an effective date determined upon the happening of an event or events. A resignation that is conditioned upon the director failing to receive a specified vote for reelection as a director may provide that it is irrevocable. The Institutional Member may remove an Institutional Director at any time, with or without cause. The Individual Member may remove an Individual Director at any time, with or without cause.

## ARTICLE IV.

## OFFICERS

Section 4.1    <u>Officers</u>.  The officers of the Corporation shall include a President  and a Secretary, and may include a Chairman and a Chief Financial Officer. A person may hold multiple offices.

Section 4.2    <u>Election, Term of Office and Eligibility</u>.  The officers of the Corporation shall be elected annually by the Board of Directors at its annual meeting or at a special meeting held in lieu thereof Each officer, except such officers as may be appointed in accordance with the provisions of Section 4.3, shall hold office until such officer's successor shall have been duly elected and qualified or until such officer's death, resignation or removal. None of the officers other than the Chairman need be members of the Board of Directors.

Section 4.3    <u>Subordinate Officers</u>.  The Board of Directors may appoint such Vice Presidents, Assistant Secretaries, Assistant Chief Financial Officers, Controller and other officers, and such agents as the Board may determine, to hold office for such period and with such authority and to perform such duties as the Board of Directors may from time to time determine. The Board of Directors may, by specific resolution, empower the President or another officer of the Corporation to appoint any such subordinate officers or agents.

Section 4.4    <u>Removal</u>.  The President, the Secretary, the Chairman and/or the Chief Financial Officer may be removed at any time by the Board of Directors with or without cause. Any subordinate officer appointed pursuant to Section 4.3 may be removed at any time, with or without cause, by the Board of Directors or by the person holding the officer position by which the subordinate officer was appointed.

Section 4.5    <u>The President</u>.  The President shall be the chief executive officer of the Corporation. He or she shall have executive authority to see that all orders and resolutions of the Board of Directors are carried into effect and, subject to the control vested in the Board of Directors by the Law, the Certificate of Incorporation, or these Bylaws, shall administer and be responsible for the management of the business and affairs of the Corporation. In general the

010036 000016 14282559.2

President shall perform all duties incident to the office of the President and such other duties as from time to time may be assigned to him or her by the Board of Directors.

Section 4.6    The Secretary.  The Secretary shall:

(a)    keep the minutes of the meetings of the members and of the Board of Directors;

(b)    see that all notices are duly given in accordance with the provisions of these Bylaws or as required by law;

(c)    be custodian of the records and of the seal of the Corporation and see that the seal or a facsimile or equivalent thereof is affixed to or reproduced on all documents, the execution of which on behalf of the Corporation under its seal is duly authorized; and

(d)    in general, perform all duties incident to the office of Secretary, and such other duties as are provided by these Bylaws and as from time to time are assigned to him or her by the Board of Directors or by the President of the Corporation.

Section 4.7    The Assistant Secretaries.  If one or more Assistant Secretaries shall be appointed pursuant to the provisions of Section 4,3 respecting subordinate officers, then, at the request of the Secretary, or in his or her absence or disability, the Assistant Secretary designated by the Secretary (or in the absence of such designations, then any one of such Assistant Secretaries) shall perform the duties of the Secretary and when so acting shall have all the powers of, and be subject to all the restrictions upon, the Secretary.

Section 4.8    Chairman.  The Chairman, if any, shall preside when present at meetings of the Board of Directors; advise and counsel the other officers of the Corporation; and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

Section 4.9    The Chief Financial Officer.  The Chief Financial Officer, if any, shall:

(a)    receive and he responsible for all funds of and securities owned or held by the Corporation and, in connection therewith, among other things: keep or cause to be kept full and accurate records and accounts for the Corporation; deposit or cause to be deposited to the credit of the Corporation all moneys, funds and securities so received in such bank or other depository as the Board of Directors or an officer designated by the Board may from time to time establish; and disburse or supervise the disbursement of the funds of the Corporation as may be properly authorized;

(b)    render to the Board of Directors at any meeting thereof, or from time to time whenever the Board of Directors or the chief executive officer of the Corporation may require, financial and other appropriate reports on the condition of the Corporation; and

(c)    in general, perform all the duties incident to the office of Chief Financial Officer and such other duties as from time to time may be assigned to the Chief Financial Officer by the Board of Directors or by the chief executive officer of the Corporation.

-8-

Section 4.10   <u>The Assistant Chief Financial Officers</u>.   If one or more Assistant Chief Financial Officers shall be appointed pursuant to the provisions of Section 4.3 respecting subordinate officers, then, at the request of the Chief Financial Officer, or in the Chief Financial Officer's absence or disability, the Assistant Chief Financial Officer designated by the Chief Financial Officer (or in the absence of such designation, then any one of such Assistant Chief Financial Officers) shall perform all the duties of the Chief Financial Officer and when so acting shall have all the powers of and be subject to all the restrictions upon, the Chief' Financial Officer.

Section 4.11   <u>Delegation of Duties</u>.   In case of the absence of any officer of the Corporation or for any other reason which may seem sufficient to the Board of Directors, the Board of Directors may, for the time being, delegate his powers and duties, or any of them, to any other officer or to any director.

## ARTICLE V.

## BOOKS AND RECORDS

Section 5.1   <u>Location</u>.   The books, accounts and records of the Corporation may be kept at such place or places within or without the State of Delaware as the Board of Directors may from time to time determine.

Section 5.2   <u>Inspection</u>.   The books, accounts, and records of the Corporation shall be open to inspection at all times by any member and by any member of the Board of Directors.

## ARTICLE VI.

## MISCELLANEOUS PROVISIONS

Section 6.1   <u>Fiscal Year</u>.   The fiscal year of the Corporation shall be the calendar year unless changed by the Board of Directors.

Section 6.2   <u>Depositories</u>.   The Board of Directors or an officer designated by the Board shall appoint banks, trust companies, or other depositories in which shall be deposited from time to time the money or securities of the Corporation.

Section 6.3   <u>Checks, Drafts and Notes</u>.   All checks, drafts, or other orders for the payment of money and all notes or other evidences of indebtedness issued in the name of the Corporation shall be signed by such officer or officers or agent or agents as shall from time to time be designated by resolution of the Board of Directors or by an officer appointed by the Board of Directors.

Section 6.4   <u>Contracts and Other Instruments</u>.   The Board of Directors may authorize any officer, agent or agents to enter into any contract or execute and deliver any instrument in the name and on behalf of the Corporation and such authority may be general or confined to specific instances,

Section 6.5    <u>Conflicts of Interest</u>.  No contract or agreement may be entered into by and between the corporation and any of the following: (a) a Director, officer, or employee of the corporation (hereinafter an "Insider"); or (b) any corporation, partnership, trust, sole proprietorship or any other entity (hereinafter an "Entity") in which an interest is owned or held, directly or indirectly, by or for the benefit of an Insider, unless (i) the transaction is approved in accordance with Section 144 of the Delaware General Corporation Law to the extent such provision is applicable to the transaction; and (ii) if one or more of the parties to the contract or transaction is a "disqualified person" with respect to the corporation within the meaning of Section 4958 of the Code, either (x) such transaction is reviewed and approved in accordance with the "rebuttable presumption safe harbor" provisions set forth in the regulations promulgated under Section 4958 of the Code or (y) the Board of Directors determines that such procedures are not necessary for the transaction involved and records its specific findings for making such determination; provided, however, that the following contracts and agreements shall not be subject to the foregoing prohibition: a gratuitous transfer of assets or promise to transfer assets to the corporation of any kind, including but not limited to, (i) a gift annuity, charitable remainder trust, charitable lead trust or similar split-interest arrangement which benefits both the Insider and the corporation; or (ii) a loan, lease, agreement of sale or purchase, pledge, guarantee, assumption of liability, bailment, or consignment. All Insiders shall, as a condition of qualifying and continuing to qualify as a Director, officer, and/or employee of the corporation, abide by such conflict of interest policies as the Board of Directors may adopt from time to time.

Section 6.6    <u>Waivers of Notice</u>.  Whenever any notice is required to be given under the provisions of the Law or of the Certificate of Incorporation or of these Bylaws, a waiver thereof in writing signed by the person or persons entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the members. Directors or members of a committee of directors need be specified in any written waiver of notice.

Section 6.7    <u>Ownership Interests in Other Entities</u>.  Any ownership interests (e.g., shares of stock in any other corporation which may from time to time be held by this Corporation) may be represented and voted at any meeting of owners of such entity by the President, or by any other person or persons thereunto authorized by the Board of Directors, or by any proxy designated by written instrument of appointment executed in the name of this Corporation by its President.

Section 6.8    <u>Indemnification</u>.

(a)    Each person who was or is a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that the person is or was a Director or officer of the Corporation or is or was a Director or officer of the Corporation who is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, shall be indemnified and held

-10-

harmless by the Corporation to the fullest extent authorized by the laws of Delaware as the same now or may hereafter exist (but, in the case of any change, only to the extent that such change authorizes the Corporation to provide broader indemnification rights than said law permitted the Corporation to provide prior to such change) against all, costs, charges, expenses, liabilities and losses (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall continue as to a person who has ceased to be a Director or officer and shall inure to the benefit of the person's heirs, executors and administrators. The right to indemnification conferred in this Section shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition upon receipt by the Corporation of an undertaking. by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that the director or officer is not entitled to be indemnified under this Section or otherwise. The Corporation may, by action of its Board of Directors, provide indemnification to employees and agents of the Corporation with the same scope and effect as the foregoing indemnification of Directors and officers.

(b)     If a claim under subsection (a) of this Section is not paid in full by the Corporation within thirty days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall also be entitled to be paid the expense of prosecuting such claim. It shall be a defense to any action (other than an action brought to enforce a claim for expenses incurred in defending any proceeding in advance of its final disposition where the required undertaking has been tendered to the Corporation) that the claimant has failed to meet a standard of conduct which makes it permissible under Delaware law for the Corporation to indemnify the claimant for the amount claimed, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel, or its members) to have made a determination prior to the commencement of such action that indemnification of the claimant is permissible in the circumstances because the claimant has met such standard of conduct, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel, or its members) that the claimant has not met such standard of conduct, nor the termination of any proceeding by judgment, order, settlement, conviction or upon a plea of nolo contendere or its equivalent, shall be a defense to the action or create a presumption that the claimant has failed to meet the required standard of conduct,

(c)     The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this Section shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Certificate of incorporation, these Bylaws, agreement, vote of members or disinterested Directors or otherwise.

(d)     The Corporation may maintain insurance, at its expense, to protect itself and any Director, member, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense,

liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under Delaware law.

(e) To the extent that any Director, officer, employee or agent of the Corporation is by reason of such position, or a position with another entity at the request of the Corporation, a witness in any proceeding, such person shall be indemnified against all costs and expenses actually and reasonably incurred by such person or on such person's behalf in connection therewith.

(f) Any amendment, repeal or modification of any provision of this Section by the members or the Directors of the Corporation shall not adversely affect any right or protection of a Director or officer of the Corporation existing at the time of such amendment, repeal or modification.

(g) The provisions of this Section 6.7, and the limitations on liability and indemnification provided in such Section, shall survive the winding up and termination of the Corporation to the extent permitted by applicable law.

Section 6.9 <u>Amendment of Bylaws</u>. Only the members, by the affirmative unanimous vote of the members entitled to vote, may adopt, amend, or repeal these Bylaws, and alterations or amendments of these Bylaws made by the members shall not be altered or amended by the Board of Directors to the extent such alteration or amendment expressly states that it can only be altered or amended by the members.

\* \* \* \* \*

The undersigned, being the duly elected and qualifying Secretary of the Corporation, hereby certifies that the foregoing initial Bylaws of the Corporation were duly adopted by the Board of Directors of the Corporation by unanimous written consent on ___March 9___, 2015.

Digitally signed by Gary Garcia
DN: cn=Gary Garcia, o=The Dallas Foundation, ou, email=gwgarcia@dallasfoundation.org, c=US
Date: 2015.03.09 15:47:15 -05'00'

Gary W. Garcia, Secretary