**EXHIBIT 112**

**From:** "David Klos" &lt;DKlos@HighlandCapital.com&gt;
**To:** "DC Sauter" &lt;DSauter@Nexpoint.com&gt;
**Cc:** "Matt McGraner" &lt;mmcgraner@nexpoint.com&gt;
**Subject:** RE: Dugaboy note and misc
**Date:** Thu, 23 May 2024 20:50:39 -0000
**Importance:** Normal
**Inline-Images:** image001.jpg

---

DC,
Thanks for the response.  As you are not interested in the note, we will move forward with another transaction.  With respect to other settlements, we would be happy to engage whenever you are ready.  Thanks and have a nice long weekend.
-Dave

---

**From:** DC Sauter &lt;DSauter@Nexpoint.com&gt;
**Sent:** Wednesday, May 22, 2024 5:16 PM
**To:** David Klos &lt;DKlos@HighlandCapital.com&gt;; Matt McGraner &lt;mmcgraner@nexpoint.com&gt;
**Subject:** RE: Dugaboy note and misc

Dave, thanks for following up, and sorry for not responding.  We're not currently interested in the terms you outline below, but I think it's a positive thing if we can continue to resolve some of these outlying issues on mutually agreeable terms.  If the terms of your proposed transaction change, we'd certainly be interested in taking another look.

Regards,

**D.C. SAUTER**

**NEXPOINT**

O: 214.550.8278  |  C: 469.877.6440
dsauter@nexpoint.com  |  https://www.nexpoint.com

PRIVILEGE WARNING: The sender or recipient of this message is a member of the legal department at NexPoint Advisors. This message and any attachments hereto may constitute attorney work product or be protected by the attorney-client privilege. Do not disclose this message or any attachments hereto without prior consent of a member of the legal department at NexPoint Advisors.

---

**From:** David Klos &lt;DKlos@HighlandCapital.com&gt;
**Sent:** Wednesday, May 22, 2024 6:11 PM
**To:** Matt McGraner &lt;MMcGraner@Nexpoint.com&gt;
**Cc:** DC Sauter &lt;DSauter@Nexpoint.com&gt;
**Subject:** RE: Dugaboy note and misc

Matt/DC,
I have not heard anything back from you on the Dugaboy note and other assets mentioned in my email last week.  Please let me know if there is any interest in the assets for NexPoint or any of its affiliates.  If not, we will go forward with other transactions.  I understand you are likely busy but would appreciate if you would confirm that you are passing by tomorrow morning.   Thanks.
-Dave

**From:** David Klos
**Sent:** Thursday, May 16, 2024 4:26 PM
**To:** Matt McGraner <MMcGraner@Nexpoint.com>
**Cc:** DC Sauter <DSauter@Nexpoint.com>
**Subject:** Dugaboy note and misc

Matt/DC,

I wanted to reach out to you on a few points to see if there was any interest amongst the NexPoint affiliated entities. While much of this doesn't fit neatly into your team's world like SE Multi and NHT, the fact that we were able to get those assets traded gives me some hope that traction may be possible in other places. Hoping you may have some feedback on the following:

Dugaboy Note
I'd be happy to provide more details on the note itself, or you could verify these points with Dugaboy's accountant, but the basics are as follows and it's quite a simple asset:

- Principal outstanding to Highland - $18,174,936.62
- Interest rate – 3.26% fixed
- WAL (yrs) – 10.5
- Payments – P+I Due December 31 each year (next payment due 12/31/24)
    - Minimum principal amort to Highland - $790,214.64 each year
    - Next interest payment to Highland is $594,126.23
    - Combined payment of $1,384,340.87 due 12/31/24
- Final payment date– December 31, 2046

This note wasn't part of the "notes litigation" and has not been accelerated because Dugaboy has stayed current on its payments.

Before we complete a transfer of the Dugaboy note, we wanted to at least check NexPoint's/Dondero's interest in buying it back. The following is a summary of the price and terms by which Highland would consider offering to sell the note. These terms are indicative and nonbinding and nothing in this email constitutes a firm commitment. Any firm offer to sell must be in a writing signed by Highland's CEO after approval of the Claimant Trust Oversight Board.

    Purchaser – NexPoint Advisors, LP or its affiliates
    Proposed purchase price (the "Purchase Price") - $12,000,000.00 in cash
        a. Purchase Price as % of principal outstanding – Approximately 66%
        b. Discount to current principal outstanding - $6,174,936.62
        c. Implied purchaser IRR – Approximately 9%

    Trades flat – Purchase Price represents the total amount of consideration to be paid
    Closing – on or before May 31, 2024
    "As-is, where-is" with no reps or warranties, except ownership and authority to sell

Our willingness to consider any discount is simply to facilitate an immediate sale of the note and does not impact our view of value.

Please revert to us by close of business on Wednesday, May 22, 2024 with any feedback you may have. If you desire to move forward, we will promptly seek Oversight Board approval and prepare documentation with a firm offer. If we don't hear from you, we'll be taking that to mean there is no interest.

Ginn
It's a small stub position, but Highland/Highland-managed funds have ownership interests in Ginn (A & B loans and LLC units). We believe NexPoint also has ownership through its affiliated entities, and understand Matt DiOrio is currently serving as a Director of G-LA Resorts Holdings, LLC. We'd be willing to sell these interests to NexPoint or one of its affiliates for nominal consideration to facilitate the further wind down of entities, which will cost more to maintain than the prospective value that may eventually come out of Ginn, which we understand could take up to several more years. We thought this might be appealing to you since it wouldn't create incremental monitoring burden to your team. If interested, just let me know and I'd be happy to help coordinate documentation.

Global resolution
Since the unsuccessful mediation last October, it's been quiet on this front, but the framework that Highland would consider is essentially unchanged.  The level of indemnification reserves needed for indemnified parties and the cash on hand that needs to be maintained for future expenses could be reduced with agreement to broad, unequivocal releases and a permanent cessation of litigation.  Dondero's counsel has Highland's position with respect to the scope of these items, which have not changed since the mediation and remain the gating issue to begin a substantive conversation.   I raise this point only to highlight that the door is open if he'd like to engage at all – whether now or in the future.  I don't want to be wasting peoples' time, but it shouldn't go unsaid either.

Thank you,
Dave

DISCLAIMER- This email is intended for the recipient(s) only and should not be copied or reproduced without explicit permission. The material provided herein is for informational purposes only and does not constitute an offer or commitment, a solicitation of an offer, or any advice or recommendation, to enter into or conclude any transaction. It may contain confidential, proprietary or legally privileged information. If you receive this message in error, please immediately delete it.

DISCLAIMER-Securities offered through NexPoint Securities, Inc., ("NexPoint Securities") Member FINRA/SIPC. This email may contain privileged and/or confidential information. Use by other than intended recipients is prohibited. If received in error, please immediately delete this email from your computer, destroy any hard copies and notify the sender. NexPoint Securities archives email, which are subject to review by NexPoint Securities and various regulators. This email is for informational purposes only and is not an offer, recommendation or solicitation to purchase or sell any security nor is it an official confirmation of terms. NexPoint Securities makes no representation about the accuracy or completeness of information herein. Past performance is not indicative of future returns. Investments may lose money and such investment losses are not insured.