# Exhibit 6

Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D. Smeltzer (Texas Bar No. 24113859)
Drake M. Rayshell (Texas Bar No. 24118507)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
    dyork@grayreed.com
    jsmeltzer@grayreed.com
    drayshell@grayreed.com

*Counsel to Patrick Daugherty*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK HAGAMAN DAUGHERTY,<br><br>Defendant. | Adversary No. 25-03055 |

**PATRICK DAUGHERTY'S
<u>MOTION TO DISMISS</u>**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4909-5194-8358

Defendant Patrick Daugherty ("Daugherty") moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) (incorporated herein by Fed. R. Bankr. P. 7012(b)) for failure to state a claim upon which relief may be granted. Further, the Court should deny leave for further amendments of the Complaint, as no amendment can cure what is otherwise a fatal defect: that the IRS Audit Dispute remains pending and is not yet final.

I.    SUMMARY

1. Plaintiff filed its *Complaint for (1) Disallowance of Claim No. 205 in its Entirety, (2) Estimation of Claim no. 205 for Allowance Purposes, or (3) Subordination of Any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty* [Docket No. 1] (the "Complaint") in the face of a Settlement Agreement approved by this Court on March 8, 2022,[2] that mandates a stay of any litigation by and between Plaintiff and Daugherty until the Internal Revenue Service ("IRS") makes a final determination regarding an IRS Audit Dispute material to Daugherty's Reserved Claim under the Settlement Agreement.[3] As Plaintiff concedes in its briefing, that IRS Audit Dispute remains unresolved.[4] Accordingly, Plaintiff's claim is premature, subject to the

---

[2] *See* Doc. No. 1 at ¶ 14 (citing Main Case Docket No. 3088, which itself incorporates and relies upon the "Settlement Agreement" at Main Case Docket No. 3089, Ex. 1). When reviewing a 12(b)(6) motion to dismiss, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)(quoting *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). In doing so, the Court may take judicial notice of its own records. *E.g., Biliouris as next friend of Biliouris v. Patman*, 751 Fed. App'x 603, 604 (5th Cir. 2019)("court may take judicial notice of the record in prior related proceedings"); *ITT Rayonier Inc. v. U.S.*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)("court may… take judicial notice of its own records…"). Plaintiff incorporated the Settlement Agreement by reference in its Complaint. Daugherty also respectfully requests the Court also take judicial notice of the Settlement Agreement at Main Case Docket No. 3089 as it considers this Motion to Dismiss.

[3] All capitalized terms used but not herein defined shall have the meanings ascribed to them in the Settlement Agreement at Main Case Docket No. 3089.

[4] Indeed, Plaintiff concedes as much stating "[o]n information and belief, the 2008 Audit has not been resolved and is heading to court with a resolution not expected until approximately 2029." Docket No. 1 at ¶ 23, n. 6.

2

4909-5194-8358

Settlement Agreement's mandatory stay, and should be dismissed for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

2. On March 8, 2022, Daugherty and Plaintiff entered a Settlement Agreement to resolve, in part, his claims against Highland Capital Management, L.P. ("Debtor" or "Plaintiff"). Main Case Docket No. 3088, 3089.

3. Under that Settlement Agreement, Daugherty retained a Reserved Claim relating to an audit/dispute between the Debtor and the IRS concerning the Debtor's 2008 tax return.[5] Main Case Docket No. 3089 at Ex. 1, § 9. Critically, under the terms of the Settlement Agreement, "[a]ny litigation by and between the [Debtor] and Daugherty concerning the validity and amount of the Reserved Claim *shall be stayed* until the IRS makes a final determination with respect to the IRS Audit Dispute." *Id.* (emphasis added).

4. Despite the Settlement Agreement's mandatory stay language, Plaintiff filed its Complaint asserting three claims for relief: (1) disallowance under section 502(a) of the Bankruptcy Code; (2) estimation under section 502(c) of the Bankruptcy Code; and (3) subordination under section 510(b) of the Bankruptcy Code. *See* Docket No. 1 at ¶¶ 28-45. Each of those claims seek a determination from this Court on the "validity and amount" of Daugherty's Reserved Claim relating to the IRS Audit Dispute. Yet, Plaintiff concedes that resolution of the

---

[5] Although Daugherty acknowledges that for purposes of ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court must accept as true the allegations in the Complaint, Daugherty disputes Plaintiff's characterization of the Reserved Claim. The Reserved Claim concerns a compensation and benefits contract, between Plaintiff and Daugherty relating to Daugherty's cash bonus, that was presented pursuant to a tax refund scheme developed by Plaintiff during the financial crisis in 2008 and 2009. That tax refund scheme was later challenged by the IRS. Indeed, despite Plaintiff's passing attempt to downplay the document's language as vague, the "validity and amount" issues that are the gravamen of Daugherty's Reserved Claim (which is subject to the mandatory stay) relate to whether Plaintiff's refund "deviat[ed] materially from [Debtor's] estimate" such that "other compensation [to Daugherty should have been] fairly adjusted" as promised. Docket No. 1-1. Moreover, Plaintiff's Fifth Amended Plan of Reorganization, which was confirmed by the Court, provided for "Disputed Claims" and required the Claimant Trustee under the Plan to maintain a reserve account for such claims.

3

IRS Audit Dispute is still pending, alleging that "Highland's 2008 tax return *is currently subject to an IRS audit*." *Id.* at ¶ 3 (emphasis added). Plaintiff further concedes "the 2008 Audit has not been resolved" and "[i]t is unclear when, how, or if the 2008 Audit will be finally resolved." *Id.* at ¶¶ 4, 23 n. 6; *see also id.* at ¶ 38. Finally, Plaintiff acknowledges Daugherty's Reserved Claim is "contingent on the final outcome of the 2008 Audit." *Id.* at ¶ 35.

5. As such, Plaintiff's claims are premature, run afoul of the Settlement Agreement's mandatory stay, and should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

6. To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must assert a theory that could entitle it to relief. Fed. R. Civ. P. 12(b)(6). In support of that theory, a complaint must allege "sufficient factual matter" that, taken as true, "state[s] a claim for relief [that] is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must establish more than a "sheer possibility that a defendant has acted unlawfully." *Id.* This Court need not accept as true legal conclusions or conclusory factual allegations. *Id.* "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 761 (S.D. Tex. 2010) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)) (cleaned up).

### IV. ARGUMENT

7. The final determination of the IRS Audit Dispute is a dispositive condition precedent to Plaintiff's right to commence and maintain any litigation concerning the amount or validity of Daugherty's Reserved Claim. The Complaint does not allege that a final determination has occurred, nor can it. In fact, the Complaint alleges the exact opposite: that the IRS Audit Dispute is *ongoing*. For this reason alone, the Complaint should be dismissed.

4

8. To the extent Plaintiff makes any claim of finality—despite not alleging it in the Complaint—that claim is the result of a fundamental misunderstanding of the administrative procedure at the IRS for auditing, assessing, and collecting tax amounts that are allegedly due following a partnership audit. There is no practical or economic effect of the IRS's *proposed* adjustment at the end of an audit beyond just that—*proposing* changes to partnership items subject to challenge by the partners, the courts, and subsequent limitations on assessment and collection.

9. Partnership audit procedures, in this case, are governed by the standards established in the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). *See* 26 U.S.C. §§ 6221-6234, adopted by TEFRA, Pub. L. No. 97-248, § 402(a). TEFRA governs partnership audits for partnership years beginning after September 3, 1982, and applies generally to partnership tax years from 1983 through 2017 and subsequent tax years are governed by different rules.[6] Determinations at the partnership level are binding upon all direct and indirect partners of the partnership and, in the absence of a partnership-level proceeding, the IRS is bound by the partnership items as reported on the partnership return. *Sente Inv. Club P'Ship of Utah v. Commissioner*, 95 T.C. 243, 247-250 (1990); *Roberts v. Commissioner,* 94 T.C. 853, 862 (1990). The tax matters partner ("TMP"),[7] plays an important role in the audit and in any resulting administrative proceedings,[8] conducts judicial proceedings,[9] and is obligated to keep the partners informed.[10] The IRS has a duty to issue

---

[6] The Bipartisan Budget Act of 2015 repealed the TEFRA procedures entirely for partnership tax years beginning after December 31, 2017. Bipartisan Budget Act of 2015, Pub. L. No. 114-74§§ 1101(g)(1), 1101(g)(4). All references to Internal Revenue Code (IRC) provisions are TEFRA versions of those IRC provisions enacted on September 3, 1982.

[7] 26 U.S.C. § 6231(a)(7); Treas. Reg. § 301.6231(a)(7)-1.

[8] 26 U.S.C. § 6224(c)(3); Treas. Reg. § 301.6224(c)-1.

[9] 26 U.S.C. § 6226.

[10] 26 U.S.C. § 6223(g); Treas. Reg. § 301.6223(g)-1.

certain notices,[11] and partners have a right to participate in the administrative proceedings unless they waive or fail to exercise their rights.[12]

10. The IRS commences an audit by giving notice to all partners and all partners may participate in the audit, but the primary representative is the Tax Matters Partner ("TMP"). 26 U.S.C. § 6223(a); 26 U.S.C. § 6231(a)(7); Treas. Reg. § 301.6231(a)(7)-1(b)(1). A partnership audit is concluded by the IRS issuing a no-change finding or a Final Partnership Administrative Adjustment ("FPAA"). 26 U.S.C. § 6223(a)(2); Internal Revenue Manual § 8.19.12.3. The IRS is required to mail an FPAA to the TMP, all notice partners, and representatives of notice groups. The mailing of the FPAA to the TMP starts the clock on various procedures that are contingent on issuance of an FPAA. *See e.g., Triangle Investors Ltd. Partners v. Comm'r*, 95 TC 610 (1990). The mailing to the remaining partners must occur within 60 days after the mailing to the TMP. *See Byrd Invs. v. CIR*, 89 TC 1 (1988), aff'd, 853 F2d 928 (11th Cir. 1988) (procedures for mailing to partners other than TMP satisfy due process).

11. The IRS cannot assess tax resulting from adjustments to partnership items until the notice of an FPAA has been mailed, at least 150 days have elapsed after the mailing *and* the FPAA has not been contested. 26 U.S.C. § 6225(a)(1). If the IRS violates the assessment restriction, the assessment can be enjoined. 26 U.S.C. § 6225(b). If a Tax Court petition is filed within 150 days after the FPAA notice, no deficiency attributable to a partnership item may be assessed until the court's decision on the matter becomes final. 26 U.S.C. § 6225(a)(1). Partners who receive an FPAA are allowed to file a petition contesting the FPAA in the Tax Court, a federal district court, or the Court of Federal Claims. 26 U.S.C. § 6226; Internal Revenue Manual § 8.19.12.11.1.

---

[11] 26 U.S.C. § 6223(a)-(b); Treas. Reg. § 301.6223(b)-1, (e)-1, (e)-2.

[12] IRC § 6224(a), IRC § 6224(b); Treas. Reg. § 301.6224(a)-1, (b)-1.

6

12. Based on information and belief, Defendant expects that a challenge is most likely to occur in the U.S. Tax Court. In that instance, the Tax Court will employ the same reasoning applied in deficiency cases to a decision in a TEFRA proceeding. *See Cinema '84 v. Commissioner*, 122 T.C. 264 (2004). Any partner can appeal the decision, subject to the usual rules for appeals from the deciding court. 26 U.S.C. §§ 6226(g), 7485(b). Under TEFRA, there is only one appeal to one circuit court. *See* 26 U.S.C. § 7482(b)(1)(A); *Abatti v. Comm'r*, 86 T.C. 1319 (1986), *aff'd*, 859 F.2d 115 (9th Cir. 1988). If no notice of appeal is filed within the applicable period, the decision of the trial court becomes final and unappealable at the end of the appeal period. 26 U.S.C. § 7481(a)(1); *see also Benenson v. United States*, 385 F.2d 26 (2d Cir. 1967); *Richland Knox Mutual Ins. Co. v. Kallen*, 376 F.2d 360 (6th Cir. 1967).

13. If an appeal is filed, the decision becomes final after the appeal is resolved and the time to take any further appeal expires. Once the decision becomes final, the decision cannot be challenged without moving to vacate the court decision. *See* Tax Court Rule 162; *see also Tashjian v. Comm'r*, 320 Fed. App'x. 649 (9th Cir. 2009) (cannot contest partnership item decision in subsequent collection due process case for partner). The finality date is critical for determination of the statute of limitations and the IRS generally has at least one year after the date the decision becomes final to assess the partnership item adjustments. *See* 26 U.S.C. § 6229(d)(2).

14. Here, each and every one of Plaintiff's allegations is premised on speculating what the final outcome of the 2008 Audit will be. The FPAA, once one is issued, is subject to challenge and adjustment by the TMP and other partners and, if challenged, no assessment of any proposed adjustment can occur until a final decision is entered by the courts.. Even at the conclusion of all the court proceedings, which Plaintiff itself estimates will not occur until 2029,[13] the adjustments

---

[13] *Supra*, note 4.

7

may still never occur if the IRS does not follow the requirements for assessment within the given statute of limitations. In short, the issuance of an FPAA at this stage—assuming one has actually been issued—is meaningless beyond providing a clear understanding of the IRS position on certain tax return items, and is subject to challenge and potential change by the partners or the courts.

15. Therefore, Plaintiff has failed to allege any facts which give rise to plausible claims for relief against Daugherty. As a result, all claims against Daugherty should be dismissed without prejudice.

## V. DISMISSAL SHOULD BE WITHOUT PREJUDICE, AND LEAVE TO AMEND SHOULD BE DENIED

16. Leave to amend is not automatic, but "is within the sound discretion of the district court." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (internal citations omitted). Courts typically afford leave to amend at least once, however, a plaintiff should be denied leave to amend if the court determines that the proposed change is frivolous or advances a claim or defense that is legally insufficient on its face. *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 761 (S.D. Tex. 2010); *Ayers v. Johnson*, 247 Fed. Appx. 534, 535 (5th Cir. 2007).

17. As set forth above, Plaintiff's claim is premature and as a result cannot be corrected by an amended pleading. Accordingly, should Plaintiff seek leave to amend, such request would be futile and should be categorically denied.

## VI. CONCLUSION

18. For the foregoing reasons, the Court should dismiss all claims against Daugherty because the Complaint does not satisfy the Rule 12(b)(6) pleading requirements as it fails to state a claim upon which relief may be granted. Additionally, the Court should deny leave to amend because any attempt to amend the Complaint at this time would be futile as the IRS Audit Dispute

8

remains pending and unresolved. Alternatively, the Court should stay this adversary proceeding until the Debtor's IRS Audit Dispute is fully and finally resolved.

Respectfully submitted this 4th day of June 2025.

        **GRAY REED**

By:  */s/ Andrew K. York*
Jason S. Brookner
Texas Bar No. 24033684
Andrew K. York
Texas Bar No. 24051554
Joshua D. Smeltzer
Texas Bar No. 24113859
Drake M. Rayshell
Texas Bar No. 24118507
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6050
Facsimile: (469) 320-6886
Email: jbrookner@grayreed.com
       dyork@grayreed.com
       jsmeltzer@grayreed.com
       draysehll@grayreed.com

*Counsel to Patrick Daugherty*

9

4909-5194-8358

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing instrument was served on all Parties or counsel of record herein on this 4th day of June 2025, via the CM/ECF system and/or email.

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **HAYWORD PLLC** |
| Jeffrey N. Pomerantz | Melissa S. Hayward |
| CA Bar No. 143717 | TX Bar No. 24044908 |
| jpomerantz@pszjlaw.com | MHayward@HaywardFirm.com |
| John A. Morris | Zachery Z. Annable |
| NY Bar No. 2405397 | TX Bar No. 24053075 |
| jmorris@pszjlaw.com | ZAnnable@HaywardFirm.com |
| Gregory V. Demo | 10501 N. Central Expy, Ste. 106 |
| NY Bar No. 5371992 | Dallas, TX 75231 |
| gdemo@pszjlaw.com | Telephone: (972) 755-7100 |
| Hayley R. Winograd | Facsimile: (972) 755-7110 |
| NY Bar No. 5612569 | |
| hwinograd@pszjlaw.com | |
| 10100 Santa Monica Blvd., 13th Floor | |
| Los Angeles, CA 90067 | |
| Telephone: (310) 277-6910 | |
| Facsimile: (310) 201-0760 | |

*Counsel for Highland Capital Management, L.P.*

By: /s/ *Andrew K. York*
        Andrew K. York