PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Counsel for Highland Capital Management,
L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of The Highland Litigation
Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>    Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**REPLY IN SUPPORT OF MOTION FOR AN ORDER
FURTHER EXTENDING DURATION OF TRUSTS**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4908-2220-8076.8 36027.003

The Trusts, by and through their undersigned counsel, hereby file this Reply in further support of their *Motion for an Order Further Extending Duration of Trusts* (the "Motion")[2] and in response to the *Objection of the Dugaboy Investment Trust to Motion for an Order Further Extending Duration of Trusts* [Docket No. 4223] (the "Objection").

## REPLY

1. No party with a vested interest in the Trusts has objected to the Motion. The only objecting party is The Dugaboy Investment Trust ("Dugaboy"), which, as this Court knows, is James Dondero's family trust that holds an unvested, contingent, out-of-the-money interest in Class 11 that has not been allowed. Dugaboy's Objection is ill-founded and should be overruled.[3]

2. Under the clear terms of their governing documents, the Trusts cannot be dissolved until, among other things, the Claimant Trustee or the Litigation Trustee, as applicable, determines the sale of remaining Claimant Trust Assets, the Causes of Action, and the Estate Claims are no longer worth pursuing; all objections to Disputed Claims and Equity Interests are fully resolved; and all Distributions required to be made have been made. *See* Claimant Trust Agmt., § 9.1; Lit. Trust Agmt., § 9.1. Satisfying the conditions to dissolution in the Claimant Trust Agreement and Litigation Trust Agreement (collectively, the "Trust Agreements") was always expected to take time, which is why the Plan and Trust Agreements provided for a base term of three years *plus* two potential one-year extensions.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[3] Dugaboy and Mr. Dondero's request to have the Office of the United States Trustee (the "U.S. Trustee") intervene in this matter improperly seeks to have the U.S. Trustee upset final and settled orders of this Court and senior courts. Objection, Ex. A. Ms. Ruhland's August 20, 2024 letter is at least the fourth written on Mr. Dondero's behalf to the U.S. Trustee. Like the others, it has not caused the U.S. Trustee to contact Highland or its representatives, let alone caused the U.S. Trustee to take action. *See United States Trustee's Limited Response to The Dugaboy Investment Trust's Objection to the Motion for an Order Further Extending the Duration of Trusts*, Docket No. 4247. And like the preceding letters, Ms. Ruhland's letter is careless and replete with false statements, baseless assumptions, and innuendo. Highland and its representatives reserve all rights to address these matters when and as appropriate.

3.  The indisputable evidence will prove that (a) some Claimant Trust Assets must still be monetized; (b) at least one Disputed Claim remains unresolved;[4] (c) the Estate Claims and the Class 10 Equity Interests are on their way to being resolved pending the approval of this Court; (d) the Class 11 Equity Interests are not resolved; and (e) final Distributions cannot be made unless and until all senior claims, including indemnification claims, have been satisfied, which cannot happen until Mr. Dondero, directly and through his controlled entities, stops litigating and threatening to commence additional litigation.[5] Dugaboy's claims of tardiness and undue delay are baseless. The Trusts are in their fourth year and are properly seeking an additional one-year extension (as expressly contemplated by the Trust Agreements) to complete their mandate.

4.  Dugaboy offers no credible basis to support its Objection and instead uses it as another means to press spurious allegations of mismanagement and to improperly seek information about the Trusts and their assets. *See, e.g.*, Objection ¶¶ 9-10; 16-17. But such information is irrelevant to the Motion. The lives of the Trusts must be extended so they may fulfill their obligations to monetize all assets, resolve all claims, and make distributions consistent with, and as required by, the Plan and the Trust Agreements. For the reasons set forth in the Motion and further herein, the Motion should be granted.

---

[4] Highland objected to Patrick Daugherty's last claim and sought related relief. *See Highland Cap. Mgmt., L.P. v. Daugherty*, Adv. Pro. No. 25-03055-sgj. In response, Mr. Daugherty recently moved to dismiss, arguing that no objections can be filed to his claim until appellate litigation against the IRS regarding the final 2008 IRS tax audit determination has been finally resolved. The Court has approved a briefing schedule that will take this litigation beyond August 11, 2025. *See* Adv. Pro. No. 25-03055, Docket No. 6.

[5] Under the structure approved by this Court and confirmed by the Fifth Circuit, the Indemnity Trust would always survive the dissolution, winding up, and cancellation of the Trusts and would make final Distributions to Claimant Trust Beneficiaries after indemnification expenses were paid in full. Docket No. 2599; *Highland Cap. Mgmt. Fund Adv., L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 2022 U.S. Dist. LEXIS 15648 (N.D. Tex. Jan. 28, 2022), *aff'd* 57 F.4th 494 (5th Cir. 2023).

## **CONCLUSION**

5.      Based on the arguments and authorities set forth in the Motion and this Reply, the Trusts respectfully request that the Court enter an order granting the Motion and such other and further relief as the Court deems just and proper under the circumstances.

*[SIGNATURE PAGE FOLLOWS]*

June 23, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris (admitted *pro hac vice*)<br>Gregory V. Demo (admitted *pro hac vice*)<br>Hayley R. Winograd (admitted *pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910<br>Fax: (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>  jmorris@pszjlaw.com<br>  gdemo@pszjlaw.com<br>  hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust* | **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br><br>*/s/ Robert S. Loigman*<br>Deborah J. Newman (admitted *pro hac vice*)<br>Robert S. Loigman (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br><br>-and-<br><br>**SIDLEY AUSTIN LLP**<br>Paige Holden Montgomery<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br><br>*Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust* |