

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 27, 2025**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| Debtor. | ) Re: Docket No. 4231 |

**STIPULATION WITHDRAWING OBJECTION OF THE DALLAS FOUNDATION AND CROWN GLOBAL LIFE INSURANCE, LTD TO MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363 APPROVING SETTLEMENT WITH THE HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

'       This stipulation (the "Stipulation") is made by and among Hunter Mountain Investment Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"), Rand Advisors, LLC ("Rand Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund Management, LLC ("Rand

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

GP"), Atlas IDF, LP ("Atlas IDF"), and Atlas IDF GP, LLC ("Atlas GP" and together with HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand GP, and Atlas IDF, the "HMIT Entities"); The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Foundation, the "Foundation Parties"); Highland Capital Management, L.P., the reorganized debtor (the "Debtor" or "Highland," as applicable) in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Highland Claimant Trust (the "Claimant Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust," and together with Highland and the Claimant Trust, the "Movants"), by and through their respective undersign counsel.

### RECITALS

**WHEREAS**, on May 19, 2025, the Movants filed that certain *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. No. 4216] (the "9019 Motion");

**WHEREAS**, on June 9, 2025, the Foundation Parties filed that certain *Objection* [Dkt. No. 4231] to the 9019 Motion (the "Foundation Objection");

**WHEREAS**, on June 24, 2025, the Foundation Parties and the HMIT Entities entered into that certain *Settlement Term Sheet* which is annexed hereto as Attachment 1 to this Stipulation (the "Term Sheet");

**NOW, WHEREFORE, IT IS HEREBY JOINTLY STIPULATED AND AGREED** as follows:

1. The Foundation Parties withdraw the Foundation Objection with prejudice in accordance with the terms of the Term Sheet annexed hereto as **Attachment 1**.

2

2. The Foundation Parties, the HMIT Entities, and the Movants agree that the following language shall be contained in the proposed order on the 9019 Motion:

Notwithstanding anything in the Settlement Agreement or the 9019 Order to the contrary, none of the Dallas Foundation, EDF, Okada Family, or Crown (the "Foundation Parties") are or will be included in the definitions of HMIT Releasors or Highland Releasors. For the avoidance of doubt, however, any attempt by the Foundation Parties to assert a Claim against a HMIT Released Party by, through, or under, including derivatively, a Highland Entity, or against a Highland Released Party by, through, or under, including derivatively, a HMIT Entity is barred by this Order and the Settlement Agreement.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com
***Counsel for the HMIT Entities***

and

**OKIN ADAMS BARTLETT CURRY LLP**
*By: /s/ David L. Curry*
Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
1113 Vine Street, Suite 240
Houston, Texas 77002
Telephone: (713) 28-4100
Facsimile: (346)247-7158

Email: mokin@okinadams.com
dcurry@okinadams.com
**ATTORNEYS FOR THE DALLAS FOUNDATION AND CROWN GLOBAL LIFE INSURANCE, LTD.**

and

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/John A. Morris* _____
Jeffrey N. Pomerantz (admitted pro hac vice)
John A. Morris (admitted pro hac vice)
Gregory V. Demo (admitted pro hac vice)
Jordan A. Kroop (admitted pro hac vice)
Hayley R. Winograd (admitted pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com
hwinograd@pszjlaw.com
- and -

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110
*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

and

4

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
*/s/ Robert S. Loigman*
Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
-and   SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
***Co-Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Litigation Sub-Trust***

### CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this June 25, 2025.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)

# Attachment 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |

## BINDING TERM SHEET

This Summary of Terms and Conditions (this "Term Sheet") outlines certain agreements by and between the HMIT Entities,[1] on the one hand, and The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Trust, the "Foundation Parties") resolving that Objection (the "Objection") of The Dallas Foundation and Crown Global Life Insurance, Ltd to Motion for Enry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement With the HMIT Entities and Authorizing Actions Consistent Therewith [ECF No. 4216] (the "9019 Motion").

| | |
|---|---|
| **Clarification of 9019 Settlement Releases:** | The parties have agreed to include language in any order granting the 9019 Motion clarifying the scope of releases as to the Foundation Parties. |
| **Initial Settlement Payments to HMIT:** | The HMIT Parties agree that the Cash Payment and the Initial Interim Distribution (the "Initial Settlement Payments") shall be made as provided in the Settlement Agreement and shall be held in accordance with the terms of this agreement. The HMIT Entities agree that the Initial Settlement Payments shall only be used to pay ordinary expenses of the HMIT entities in the nature of legal expenses and ordinary customary general expenses (the "Expenses"). At the Dallas Foundation Meeting (defined below), the HMIT Parties shall provide a projected quarterly expense budget to the Foundation Parties and shall continue to provide expense reporting reflecting the paid Expenses every forty-five (45) days, commencing August 5, 2025 (relating to Expenses paid June 15, 2025 to July 31, 2025). Such Expenses and the reports are "Information" within the meaning of this Agreement subject to the restrictions herein. Notwithstanding the foregoing, the HMIT Parties shall hold, in accordance with this Agreement, not less than $7,500,000.00 of the Initial Settlement |

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the 9019 Motion or 9019 Order.

| | |
|---|---|
| | Payments actually received for a period of not less than thirty (30) calendar days following receipt of the Initial Settlement Payments.<br><br>The HMIT Parties agree that the Initial Settlement Payments (less Expenses) shall be held in an account held by HMIT or CLO HoldCo LLC to be identified by the HMIT Parties. In identifying such account, the HMIT Parties shall provide the account number, the account name, and account location (institution name and location). |
| **HMIT Meeting with The Dallas Foundation:** | Mr. Shawn Raver, as representative of HMIT, will, as soon as is practicable, but no later than July 7, 2025 meet in person at a location mutually agreed upon (the "DF Meeting") with the Dallas Foundation and will review the current "DAF" structure, with an eye to commencing negotiations with DF about the use of current support organization(s) or the creation of new support organizations to support the DF and as appropriate the other Foundations mentioned above (the "Resolution"). Mr. Mark Patrick may attend the DF Meeting either in person or virtually. As used herein, the term "DAF" shall mean the historical corporate structure of Charitable DAF Holdco, LTD, its parents and subsidiaries, in existence as of January 1, 2024, and any changes thereto, including any changes described in that matter before the Grand Court of the Cayman Island – Financial Services Division, Cause No: FSD 99 of 2025 (JAJ).<br><br>At the DF Meeting, which will be a confidential settlement meeting covered by any and all state, federal, and international confidentiality statutes, laws, customs, etc., with all parties to agreeing that no information ("Information") shared at the meeting can be shared further by any person or entity outside of the group participating at the meeting, except as otherwise provided herein. Prior to the Initial Meeting, the HMIT Parties and Foundation Parties may, but shall not be required as a pre-condition of the Initial Meeting, enter into such confidentiality agreements as may be agreed upon by the parties. Nothing in this agreement shall, however, preclude a party from disclosing Information pursuant to a subpoena, or other such legal compulsion or seeking information through subpoena within a proceeding in a tribunal of competent jurisdiction.<br><br>At the DF Meeting, Mr. Raver will show and present the participants with a balance sheet for the DAF as of 9/30/2024, 12/31/2024, and 3/31/2025. For the avoidance of doubt, such accounting shall include an accounting of any transfer assets from an entity within the DAF structure during the periods covered by the balance sheets to any another entity, including another entity within the DAF structure. |

| | |
|---|---|
| | At any time after the DF Meeting, either the HMIT Parties or Foundation Parties may declare an impasse (an "Impasse") in negotiations in writing delivered to the parties.<br><br>Unless an Impasse is declared following the DF Meeting, Mark Patrick agrees to meet with the Dallas Foundation and the other Supporting Organizations, or the Foundations they support, with an eye to furthering negotiations on the proposed Resolution.<br><br>If an acceptable Resolution is agreed upon, Mr. Patrick, the Supporting Organization, and Dallas Foundation shall jointly request a meeting with the JOLs and the DF, with a view toward winding up the liquidation proceedings of Charitable DAF Holdco, Ltd., including not seeking any equitable wind up of Charitable DAF Fund, LP., all of which should be able to be accomplished expeditiously in the event of agreements hoped to be achieved upon the meeting described above. |
| **Resolution of the Objection:** | In return for the foregoing, TDF and Crown Global agree to withdraw their objection to the 9019 Motion, in all capacities in which their objection has been filed, and to withdraw the notice of deposition of Mark Patrick.<br><br>The parties further agree that this Term Sheet shall be included as an attachment to the 9019 Order, and the terms of this Agreement enforceable in the Bankruptcy Court and the Bankruptcy Court shall maintain concurrent jurisdiction to resolve any dispute arising therefrom. |

Dated: June 24, 2025

The Dallas Foundation

_[signature]_

Julie Diaz, Chief Executive Officer

The HMIT Entities

_____

Mark Patrick

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: § | |
| § | **Chapter 11** |
| **HIGHLAND CAPITAL** § | |
| **MANAGEMENT, L.P.,** § | |
| § | **Case No. 19-34054-sgj11** |
| Debtor. § | |

**BINDING TERM SHEET**

      This Summary of Terms and Conditions (this "Term Sheet") outlines certain agreements by and between the HMIT Entities,[1] on the one hand, and The Dallas Foundation (the "Foundation"), Empower Dallas Foundation ("EDF"), the Okada Family Foundation ("Okada Family Foundation"), and Crown Global Life Insurance, Ltd. ("Crown," and with the Foundation, EDF, and the Okada Family Foundation, the "Foundation Parties") resolving that Objection (the "Objection") of The Dallas Foundation and Crown Global Life Insurance, Ltd to Motion for Enry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement With the HMIT Entities and Authorizing Actions Consistent Therewith [ECF No. 4216] (the "9019 Motion").

| | |
|---|---|
| **Clarification of 9019 Settlement Releases:** | The parties have agreed to include language in any order granting the 9019 Motion clarifying the scope of releases as to the Foundation Parties. |
| **Initial Settlement Payments to HMIT:** | The HMIT Parties agree that the Cash Payment and the Initial Interim Distribution (the "Initial Settlement Payments") shall be made as provided in the Settlement Agreement and shall be held in accordance with the terms of this agreement. The HMIT Entities agree that the Initial Settlement Payments shall only be used to pay ordinary expenses of the HMIT entities in the nature of legal expenses and ordinary customary general expenses (the "Expenses"). At the Dallas Foundation Meeting (defined below), the HMIT Parties shall provide a projected quarterly expense budget to the Foundation Parties and shall continue to provide expense reporting reflecting the paid Expenses every forty-five (45) days, commencing August 5, 2025 (relating to Expenses paid June 15, 2025 to July 31, 2025). Such Expenses and the reports are "Information" within the meaning of this Agreement subject to the restrictions herein. Notwithstanding the foregoing, the HMIT Parties shall hold, in accordance with this Agreement, not less than $7,500,000.00 of the Initial Settlement |

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the 9019 Motion or 9019 Order.

| | |
|---|---|
| | Payments actually received for a period of not less than thirty (30) calendar days following receipt of the Initial Settlement Payments.

The HMIT Parties agree that the Initial Settlement Payments (less Expenses) shall be held in an account held by HMIT or CLO HoldCo LLC to be identified by the HMIT Parties. In identifying such account, the HMIT Parties shall provide the account number, the account name, and account location (institution name and location). |
| **HMIT Meeting with The Dallas Foundation:** | Mr. Shawn Raver, as representative of HMIT, will, as soon as is practicable, but no later than July 7, 2025 meet in person at a location mutually agreed upon (the "DF Meeting") with the Dallas Foundation and will review the current "DAF" structure, with an eye to commencing negotiations with DF about the use of current support organization(s) or the creation of new support organizations to support the DF and as appropriate the other Foundations mentioned above (the "Resolution"). Mr. Mark Patrick may attend the DF Meeting either in person or virtually. As used herein, the term "DAF" shall mean the historical corporate structure of Charitable DAF Holdco, LTD, its parents and subsidiaries, in existence as of January 1, 2024, and any changes thereto, including any changes described in that matter before the Grand Court of the Cayman Island – Financial Services Division, Cause No: FSD 99 of 2025 (JAJ).

At the DF Meeting, which will be a confidential settlement meeting covered by any and all state, federal, and international confidentiality statutes, laws, customs, etc., with all parties to agreeing that no information ("Information") shared at the meeting can be shared further by any person or entity outside of the group participating at the meeting, except as otherwise provided herein. Prior to the Initial Meeting, the HMIT Parties and Foundation Parties may, but shall not be required as a pre-condition of the Initial Meeting, enter into such confidentiality agreements as may be agreed upon by the parties. Nothing in this agreement shall, however, preclude a party from disclosing Information pursuant to a subpoena, or other such legal compulsion or seeking information through subpoena within a proceeding in a tribunal of competent jurisdiction.

At the DF Meeting, Mr. Raver will show and present the participants with a balance sheet for the DAF as of 9/30/2024, 12/31/2024, and 3/31/2025. For the avoidance of doubt, such accounting shall include an accounting of any transfer assets from an entity within the DAF structure during the periods covered by the balance sheets to any another entity, including another entity within the DAF structure. |

|  | At any time after the DF Meeting, either the HMIT Parties or Foundation Parties may declare an impasse (an "Impasse") in negotiations in writing delivered to the parties.<br><br>Unless an Impasse is declared following the DF Meeting, Mark Patrick agrees to meet with the Dallas Foundation and the other Supporting Organizations, or the Foundations they support, with an eye to furthering negotiations on the proposed Resolution.<br><br>If an acceptable Resolution is agreed upon, Mr. Patrick, the Supporting Organization, and Dallas Foundation shall jointly request a meeting with the JOLs and the DF, with a view toward winding up the liquidation proceedings of Charitable DAF Holdco, Ltd., including not seeking any equitable wind up of Charitable DAF Fund, LP., all of which should be able to be accomplished expeditiously in the event of agreements hoped to be achieved upon the meeting described above. |
|---|---|
| **Resolution of the Objection:** | In return for the foregoing, TDF and Crown Global agree to withdraw their objection to the 9019 Motion, in all capacities in which their objection has been filed, and to withdraw the notice of deposition of Mark Patrick.<br><br>The parties further agree that this Term Sheet shall be included as an attachment to the 9019 Order, and the terms of this Agreement enforceable in the Bankruptcy Court and the Bankruptcy Court shall maintain concurrent jurisdiction to resolve any dispute arising therefrom. |

Dated: June 24, 2025

The Dallas Foundation                                     The HMIT Entities

_____           _____
Julie Diaz, Chief Executive Officer                   Mark Patrick