

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 30, 2025**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

### ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363 APPROVING SETTLEMENT BETWEEN THE HIGHLAND ENTITIES AND THE HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

This matter having come before the Court on the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "Motion")[2] filed by Highland Capital Management, L.P., the reorganized debtor (the "Debtor" or "Highland") in the above-captioned chapter 11 case (the "Bankruptcy Case"), the Highland Claimant Trust (the "Claimant

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Settlement Agreement, as applicable.

LA:4938-1326-1904.9 36027.002

Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust," and together with Highland and the Claimant Trust, the "Movants"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered (a) the Motion, (b) *Patrick Daugherty's Objection to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4229] (the "Daugherty Objection") filed by Patrick Daugherty, (c) the *Preliminary Objection of the Dugaboy Investment Trust to the Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities* [Docket No. 4230] (the "Dugaboy Objection," and together with the Daugherty Objection, the "Objections"), filed by The Dugaboy Investment Trust, (d) the *Objection of the Dallas Foundation and Crown Global Life Insurance Ltd. to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4231] (the "Charitable Foundation Objection"), filed by The Dallas Foundation (the "Dallas Foundation") (on behalf of Empower Dallas Foundation ("EDF") and The Okada Family Foundation ("Okada Family"), and Crown Global Life Insurance, Ltd., not individually, but solely in respect of Segregated Accounts 30218 and 30219 ("Crown"), (e) the evidence admitted into the record during the hearing on the Motion on June 25, 2025 (the "Hearing") in support of, and in opposition to, the Motion, including the Court's assessment of the witnesses' credibility, and (f) all arguments heard at the Hearing in connection therewith; and the Court having found that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

1. The Court's findings of fact and conclusions of law set forth on the record at the conclusion of the Hearing are incorporated by reference except as supplemented in this Order, and as may be further supplemented by the Court.

2. Entry into the Settlement Agreement is an appropriate exercise of the Movants' business judgment.

3. The Settlement Agreement is fair, reasonable, and in the best interests of each of the Highland Entities and their creditors and constituents.

4. The Settlement Agreement was negotiated and entered into by the Highland Entities and the HMIT Entities without collusion or fraud, in good faith, and was the product of arm's- length negotiations.

5. The HMIT Entities are not "insiders" or "affiliates" of Highland as those terms are defined in Bankruptcy Code sections 101(31) and 101(2).

6. The HMIT Entities entered into the Settlement Agreement, are acquiring the Transferred Claims and Dugaboy Note in good faith, and have proceeded with all aspects of the Settlement Agreement in good faith, and have received fair value in consideration of their entry into the Settlement Agreement.

7. The Transferred Claims and Dugaboy Note are property of the estate, and the Highland Entities' sale of those assets free and clear of all liens and encumbrances but otherwise subject to the Settlement Agreement is a proper exercise of their business judgment.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

8. The Motion is **GRANTED**.

9. As stated on the record during the Hearing, The Charitable Foundation Objection is withdrawn with prejudice.

10. All other Objections to the Motion are overruled.

11. The Settlement Agreement attached as **Exhibit 1** to the Demo Declaration is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 363(b) of the Bankruptcy Code.

12. HMIT's Class 10 Interest is Allowed in the amount of $336,940,230.58.

13. The HMIT Entities, as good faith purchasers of Estate assets in the Settlement, are entitled to the protections contained in section 363(m) of the Bankruptcy Code.

14. The Highland Entities and their agents are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement without further notice or further Court approval.

15. Notwithstanding anything in the Settlement Agreement to the contrary, none of the Dallas Foundation, EDF, Okada Family, or Crown (collectively, the "Foundation Parties") are or will be included in the definitions of "HMIT Releasors" or "Highland Releasors." For the avoidance of doubt, however, any attempt by the Foundation Parties to assert a Claim against a HMIT Released Party by, through, or under, including derivatively, a Highland Entity, or against a Highland Released Party by, through, or under, including derivatively, a HMIT Entity is barred by this Order and the Settlement Agreement.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### END OF ORDER ###