

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 29, 2025**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |

### ORDER APPROVING MOTION TO CONFORM PLAN TO
### FIFTH CIRCUIT MANDATE

This matter having come before the Court on the *Motion to Conform Plan to Fifth Circuit Mandate* (the "Motion") filed by NexPoint Advisors, L.P. and NexPoint Asset Management, L.P. f/k/a Highland Capital Management Fund Advisors, L.P. ("NexPoint"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, the Judgment issued on March 18, 2025 in *In re Highland Cap. Mgmt., L.P.*, 132 F.4th 353 (5th Cir. 2025) ("*Highland II*"); and the final mandate issued in *Highland II* on June 13, 2025; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause

for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The definition of "Exculpated Parties" in Article I.B.62 of the Plan shall be deleted in its entirety and replaced with the following:

   "Exculpated Parties" means, collectively, (i) the Debtor, (ii) the Independent Directors for conduct within the scope of their duties, (iii) the Committee, and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties.

3. The definition of "Protected Parties" in Article I.B.105 of the Plan shall be deleted in its entirety and replaced with the following:

   "Protected Parties" means, collectively, (i) the Debtor; (ii) the Independent Directors, for conduct within the scope of their duties; (iii) the Committee; and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties.

4. Except as set forth herein, the Plan is unaffected and shall continue in full force and effect in accordance with its terms and the terms of the Confirmation Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### ### END OF ORDER ###

**Presented and prepared by:**

**STINSON LLP**
Deborah Deitsch-Perez
Texas Bar No. 24036072
Christopher J. Harayda (admitted pro hac vice)
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: cj.harayda@stinson.com

*Counsel for NexPoint Advisors, L.P. and*
*NexPoint Asset Management, L.P. f/k/a*
*Highland Capital Management Fund Advisors, L.P.*