

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 2, 2025**

United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, § | CASE NO. 19-34054-SGJ-11 |
| L.P., § | (Chapter 11) |
| Reorganized Debtor. § | |

## ORDER DENYING FIFTH MOTION TO RECUSE JUDGE
## [DE # 4372]

On August 15, 2025, another motion to recuse the presiding bankruptcy judge ("Presiding Judge") in the main bankruptcy case of Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor")—now approximately six years since the bankruptcy case's filing in October 2019—was filed by James Dondero, NexPoint Advisors, L.P., NexPoint Asset Management, L.P., NexPoint Real Estate Partners, LLC, The Dugaboy Investment Trust, and the Get Good Trust. These Movants have now filed five motions to recuse in the last four-and-a-half

1

years.

*First Motion to Recuse.* See DE ## 2060, 2061, & 2062 (this first one was filed approximately 17 months post-petition, and one month after the bankruptcy court confirmed Highland's Chapter 11 plan, and two business days before the bankruptcy court was scheduled to hear a motion of Highland to hold James Dondero in contempt of a TRO). The bankruptcy court denied this first motion, in an Order dated March 23, 2021, DE # 2083. Movants appealed this Order, and that appeal was dismissed by the District Court for lack of jurisdiction on February 9, 2022 (Case No. 3:21-cv-0879-K, 2022 WL 394760).

*Second Motion to Recuse.* See DE ## 3406, 3470, and 3471 (this second one was originally filed on July 20, 2022, approximately five months after the District Court dismissed the appeal of the Order denying the First Motion to Recuse, and six days after the Fifth Circuit ruled on the appeal of the Highland confirmation order, affirming in substantial part the Plan and then amended on August 25, 2022). After a status conference, on September 1, 2022, the bankruptcy court issued an order denying the Second Motion to Recuse for procedural defects. DE # 3479.

*Third Motion to Recuse. See* DE ## 3570 & 3571 (this third one was filed approximately six weeks later, on October 17, 2022; this was 10 days after the Fifth Circuit had issued, on October 7, 2022, a denial of a request for a stay in connection with its ruling on the Highland Plan and confirmation order; there also happened to be a petition for *writ of certiorari* pending at the U.S. Supreme Court regarding the Plan and confirmation order). More than 7,000 pages of material were submitted in connection with this Third Motion to Recuse. The bankruptcy court denied this

2

Third Motion to Recuse, in a 36-page Memorandum Opinion and Order, entered March 6, 2023. DE ## 3675 and 3676.  Movants filed petitions for writ of mandamus at both the District Court and the Fifth Circuit, which were denied, first, in an unpublished decision at the District Court, DE # 25 (Case No. 3:23-cv-0726-S), and then again at the Fifth Circuit, on November 5, 2024 (No. 24-10287, 2024 WL 4678879), and then again on a motion for rehearing at the Fifth Circuit on April 16, 2025 (No. 24-10287, 2025 WL 1122466).

*Fourth Motion to Recuse.*  Meanwhile, a fourth Motion to Recuse was filed on February 27, 2023, in a separate Adversary Proceeding #21-3076, DE ## 309 and 310, by one of the same Movants herein, that happened to be named as a defendant in that adversary proceeding.  That adversary proceeding was thereafter abated, when parties represented that there might be enough funds to pay off creditors in full in the Highland bankruptcy case, without pursuing the adversary proceeding.  Thus, that fourth Motion to Recuse was never ruled on.  However, in ruling on the Third Motion to Recuse, the bankruptcy court addressed arguments made in the Fourth Motion to Recuse.

*Fifth Motion to Recuse.*  The pending Motion to Recuse, DE # 4372, happened to be filed just weeks after the bankruptcy court approved a global settlement, DE # 4297, with Hunter Mountain Investment Trust, the former 99.5% owner of Highland, which one of the Movants (Dugaboy Trust) opposed, DE # 4230, and, with regard to which, Dugaboy unsuccessfully sought a stay pending appeal at the bankruptcy court, DE ## 4311, 4326, and 4334, and at the district court. Apparently, the Movants are now in contentious litigation with Hunter Mountain Investment Trust's manager, Mark Patrick, in numerous fora around the world.  DE # 4326.

**RULING**

Two words: *res judicata*. The matter has been decided. The purpose of the *res judicata* doctrine is to avoid waste of judicial resources by preventing courts from hearing the same disputes multiple times and to protect litigants from being subjected to multiple lawsuits over the same matter. Nothing new has been raised by the latest motion to recuse. The court set forth the history/time table above to make two points: (a) that the matter has been decided; and (b) the series of motions to recuse always seem to be raised when adverse rulings have recently been rendered or perhaps seem imminent. In any event, this fifth Motion to Recuse has failed to present any objective manifestations of bias or prejudice. The court does not believe any of the assertions of the Movants rise to "the threshold standard of raising a doubt in the mind of a reasonable observer" as to the judge's impartiality. This court does not believe that any objective person would find that the Movants are the victims of improper judicial conduct rising to the extraordinary remedy of recusal. Wherefore,

**IT IS ORDERED** that the newest (fifth) Motion to Recuse, DE # 4372, be, and hereby is, **DENIED**.

### END OF ORDER ###