# EXHIBIT 8



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 27, 2024**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

### STIPULATED AND AGREED ORDER RESOLVING (A) HCLOM, LTD.'S SCHEDULED CLAIMS 3.65 AND 3.66; AND (B) HIGHLAND CAPITAL MANAGEMENT, L.P.'S (1) OBJECTION AND (2) MOTION FOR A BAD FAITH FINDING AND AN AWARD OF ATTORNEYS' FEES AGAINST HCLOM, LTD. AND JAMES DONDERO IN CONNECTION THEREWITH [DOCKET NOS. 3657, 4176]

WHEREAS, on December 13, 2019, Highland Capital Management, L.P. ("Highland"),

the reorganized debtor in the above-captioned Chapter 11 case (the "Bankruptcy Case"), filed its

schedule of unsecured claims that identified "Highland CLO Holdco" as a creditor with claims

arising under a note. Docket No. 247 (Schedule E/F, Part 3.64 and 3.65) (the "Initial HCLOM

Claim");

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



1934054241227000000000001

HCMLPHMIT00003860

WHEREAS, on September 22, 2020, Highland filed a *Notice of Filing of Debtor's Amended Schedules* in which it, among other things, replaced Highland CLO Holdco as the creditor on the Initial HCLOM Claim with Highland CLO Management, Ltd. ("HCLOM Ltd.," and together with Highland, the "Parties"). [Docket No. 1082] (Schedule E/F, Part 3.65 and 3.66, the "HCLOM Claim");

WHEREAS, on February 22, 2021, this Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order"), which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "Plan"). The Plan became effective on August 11, 2021 (the "Effective Date") [Docket No. 2700];

WHEREAS, as required under the Plan, Highland created a reserve for the HCLOM Claim (the "Reserve");

WHEREAS, on February 2, 2023, Highland filed its objection to the HCLOM Claim [Docket No. 3657] (the "Objection");

WHEREAS, on April 3, 2023, HCLOM Ltd. filed its response to the Objection [Docket No. 3751] (the "Response");

WHEREAS, on November 21, 2024, Highland filed its *Motion for (A) a Bad Faith Finding and (B) an Award of Attorneys' Fees Against Highland CLO Management, Ltd. and James Dondero in Connection with HCLOM Claims 3.65 and 3.66* [Docket No. 4176] (the "Bad Faith Motion," and collectively with the HCLOM Claim and the Objection, the "HCLOM Litigation").

WHEREAS, an evidentiary hearing on the HCLOM Litigation was scheduled for December 18, 2024 (the "Hearing");

HCMLPHMIT00003861

WHEREAS, the Parties desire to settle and resolve the HCLOM Litigation pursuant to the terms of this Stipulated and Agreed Order (the "Agreement");

WHEREAS, the Court finds and concludes that: (a) the Court has jurisdiction to consider the terms contained in this Stipulated and Agreed Order; (b) venue is proper under 28 U.S.C. §1409; (c) the Parties' Stipulated and Agreed Order is binding; and (d) the relief requested in the Stipulated and Agreed Order is appropriate;

**ACCORDINGLY:**

**IT IS HEREBY ORDERED that:**

1.      The HCLOM Claim is hereby converted to a Class 10 interest[2] in the amount of $10,140,633.26.

2.      Upon the Effective Date, and to the maximum extent permitted by law, except for claims arising out of an failure to abide this Order, HCLOM Ltd. hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, discharges, remises, and exonerates the Protected Parties,[3] individually and collectively, from, and waives and relinquishes, any and all Claims, which HCLOM Ltd. ever had, now has, or hereafter can, shall, or may have against any of the Protected Parties by reason of, arising from, relating to, or in connection with, any fact, matter, or transaction, including any fact, matter, transaction, or occurrence in connection with, relating to, or with respect to the Bankruptcy Case, the management of the Highland Entities, or the Highland Entities' property and including any defense, affirmative defenses, and right to setoff

---

[2] "Class 10" shall have the meaning ascribed to that term in Article III.H. ¶ 10 of the Plan.

[3] "Protected Parties" shall have the meaning ascribed to that term in Article I.B ¶ 105 of the Plan.

HCMLPHMIT00003862

arising out of, or otherwise related to, any of the foregoing (collectively, "HCLOM Ltd.'s Released Claims").

**FOR THE AVOIDANCE OF DOUBT, THE FOREGOING RELEASE IS INTENDED TO BE GENERAL AND INCLUDES, WITHOUT LIMITATION, A RELEASE OF ALL RELEASED CLAIMS, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, ARISING OR EXISTING FROM THE BEGINNING OF TIME THROUGH AND INCLUDING THE EFFECTIVE DATE.**

3.    To the maximum extent permitted by law, HCLOM Ltd. waives the benefit of any statute or other principle of law or equity that limits the applicability of a release with respect to claims that the releasing party does not know or suspect to exist in his, her or its favor at the time of executing the release.

4.    Without limiting the scope of the foregoing waiver, in connection with the foregoing release, HCLOM Ltd. waives the benefits of Section 1542 of the California Civil Code (to the extent, if any, that Section 1542 might apply to the foregoing release), which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

5.    HCLOM Ltd. hereby agrees that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state law, rights, rules or legal principles, legal or equitable, in each case solely to the extent such provisions apply, **ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY HCLOM LTD.** to the full extent that such rights and benefits pertaining to the matters released herein may

HCMLPHMIT00003863

be waived, and HCLOM Ltd., on its own behalf and on behalf of the HCLOM Ltd. Releasors, hereby agrees and acknowledges that this waiver and relinquishment is an essential term of this Agreement, without which the consideration provided would not have been given.

6.      Except for the limited purpose of enforcing this Order, HCLOM, Ltd. shall file no pleading, motion, adversary proceeding, or other paper in this Bankruptcy Case (or in connection with any appeal arising from any order entered by the Bankruptcy Court), including but not limited to, in connection with the HCLOM Claim as a holder of a Class 10 interest.

7.      The Protected Parties, individually and collectively, shall owe no duty to HCLOM, Ltd. (whether contractual, fiduciary, equitable, statutory or otherwise) except as arising out of this Order.

8.      Highland is authorized to release the Reserve, and no reserve shall be established for HCLOM, Ltd.'s Class 10 interest.

9.      This Stipulated and Agreed Order does not and shall not operate to give HCLOM Ltd. standing for any purpose in connection with the Bankruptcy Case (or in connection with any appeal arising from any order entered by the Bankruptcy Court), except in connection with the enforcement of this Order.

10.      The Bad Faith Motion is deemed withdrawn with prejudice.

**THE PARTIES UNDERSTAND AND AGREE THAT THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES, AND NO RIGHTS ARE CREATED IN FAVOR OF EITHER PARTY OTHER THAN AS SPECIFIED OR EXPRESSLY SET FORTH IN THIS AGREEMENT. THERE ARE NO REPRESENTATIONS, CONDITIONS, WARRANTIES, STATEMENTS, OR UNDERSTANDINGS, EITHER ORAL OR WRITTEN, BETWEEN THE PARTIES OTHER THAN THOSE EXPRESSLY SET FORTH IN THIS AGREEMENT.**

### ### END OF ORDER ###

HCMLPHMIT00003864

STIPULATED AND AGREED THIS 23RD DAY OF DECEMBER 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100
Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Plaintiff Highland Capital
Management, L.P.*

4933-5155-3032.2 36027.003

HCMLPHMIT00003865

- and -

**STINSON LLP**
*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Highland CLO Management, Ltd. and
James Dondero*

- and -

**STINSON LLP**
*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Hunter Mountain Investment Trust and
Dugaboy Investment Trust (approved as to form
and substance)*

HCMLPHMIT00003866