PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for the Highland Claimant Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) Case No. 19-34054-sgj11 |
| Debtor. | ) ) ) |

**REPLY IN SUPPORT OF MOTION FOR ORDER FIXING ALLOWED AMOUNT
OF CLASS 11 INTERESTS**

The Highland Claimant Trust (the "Claimant Trust") submits this reply (the "Reply") in further support of its *Motion for Order Fixing Allowed Amount of Class 11 Interests* [Docket No. 4362] (the "Motion") and in opposition to *Dugaboy Investment Trust's Response Opposing*

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4902-0050-4680.16 36027.002

*Highland Claimant Trust's Motion for Order Fixing Allowed Amount of Class 11 Interests* [Docket No. 4384] (the "Objection") filed by The Dugaboy Investment Trust ("Dugaboy"). In further support of the Motion, the Claimant Trust states as follows:

## I.  PRELIMINARY STATEMENT[2]

1. Dugaboy's Objection impermissibly requires the rewriting of the Plan and the Claimant Trust Agreement ("CTA") so that Class 10 and Class 11 would no longer be treated as distinct Classes of Contingent Claimant Trust Interests but instead would effectively be collapsed into a single Class with Class 11 treated *pari passu* with Class 10. But Class 11 is not *pari passu* with Class 10; it is expressly subordinated to Class 10 and that Plan treatment cannot be changed.

2. Dugaboy mischaracterizes the Plan, the CTA, and the Bankruptcy Code's absolute priority rule, ignores this Court's prior orders, and renders meaningless the mandated distinction between Classes 10 and 11; indeed, under Dugaboy's new approach, the rationale for Class 11 would cease to exist. Dugaboy's proposal has no basis in law or fact and must be rejected for several reasons.

3. **First,** Dugaboy's argument that the Plan and the CTA require *pro rata* distributions between Classes 10 and 11 is plainly wrong. The Debtor's prepetition limited partnership agreement created different classes of limited partnership interests, each of which had different rights. The Plan, the Confirmation Order, and the CTA respected these differences by, among other things, creating separate classes of interests—Classes 10 and 11—and expressly subordinating Class 11 to Class 10. As a result of this priority structure, Class 10 must be paid in full before Class 11 can receive anything. Dugaboy cannot now rewrite the plain language of the Plan.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion or below.

4. ***Second***, Dugaboy ignores this Court's prior orders allowing the claims of the two Class 10 Interest holders (HMIT and HCLOM) in fixed dollar amounts. Consequently, Dugaboy's proposed Plan modification cannot work and would result in the disparate treatment among Class 10 Interest holders, since HCLOM is not a former limited partner and has no former prepetition percentage interest in the Debtor.

5. ***Third,*** Dugaboy's legal arguments in support of its Objection are misplaced. Dugaboy argues that bankruptcy law requires *pro rata* distribution to ensure that similar claims are treated the same. But, Class 10 and Class 11 Interests are not the same, were properly separately classified in the Plan, and Class 11 is expressly subordinate to Class 10. The Confirmation Order cementing that treatment is final; and notably, Dugaboy never objected to the Plan's differing treatment of Classes 10 and 11. Dugaboy's new scheme would also turn the absolute priority rule on its head by forcibly gifting Class 11, a junior class, a distribution *before* Class 10, a senior class, is paid in full.

6. Class 11 is subordinate to Class 10, and the Plan requires the fixing of the dollar amounts of the Class 10 and Class 11 Interests in order to satisfy that subordination.[3] Section 502 requires the calculation of those interests as of the Petition Date, and using their respective Petition Date capital accounts is faithful to principles of partnership law, the Debtor's Limited Partnership Agreement as of the Petition Date, and the Plan. It is the only logical method to use in this case—as this Court ruled previously when fixing HMIT's Class 10 Interest.

7. For the reasons set forth herein and that will be established at the hearing, Dugaboy's Objection should be overruled, and the Motion should be granted.

---

[3] As James Dondero and Dugaboy know, the fixing of the Class 10 Interests also enabled HMIT and HCLOM to share the prior Class 10 distributions consistent with the written agreement between them.

## II. REPLY

8. Notwithstanding the plain language of the Plan, Dugaboy argues the Class 10 and Class 11 Interests should not be reduced to a fixed amount and it should share in any distributions to Class 10 based on its 0.1866% prepetition Class A limited partnership percentage interest in the Debtor. Dugaboy ignores the seniority of the Class 10 Interests already held by HMIT and HCLOM (which had no prepetition percentage interest in the Debtor) and collapses Class 10 and Class 11 into a single Class with no distinctions whatsoever. Dugaboy's proposal is contrary to the Bankruptcy Code, the Plan, the CTA, and this Court's prior orders.

9. Dugaboy pretends the Class 11 Interests are *pari passu* with the Class 10 Interests; they are not. On the Effective Date, all Highland limited partnership interests were extinguished, and the former limited partners became entitled to receive Class 10 Contingent Trust Interests if they held Class B/C Limited Partnership Interests and Class 11 Contingent Trust Interests if they held Class A Limited Partnership Interests.[4] Dugaboy's suggestion that the Plan provides for *pro rata* treatment among holders of Class 10 and Class 11 is simply false.

10. The Plan and the CTA recognized the priorities in Highland's prepetition Limited Partnership Agreement by expressly subordinating holders of Class 11 Interests to holders of Class 10 Interests.[5] Although Dugaboy filed an extensive objection to the Plan [Docket No. 1667], it did not object to the separate classification of Class A Limited Partnership Interests in

---

[4] *See, e.g.*, Plan, Art. III.H.10, 11 (allocating Class 10 Interests to holders of Allowed Class B/C Limited Partnership Interests and Class 11 Interests to Holders of Allowed Class A Limited Partnership Interests); CTA, § 5.1(c) ("The Claimant Trustee shall allocate to each Holder of Allowed Class 10 Class B/C Limited Partnership Interests and each Holder of Allowed Class 11 Class A Limited Partnership Interests a Contingent Trust Interest equal to the ratio that the **amount** of each Holder's Allowed Class 10 or Class 11 Interest bears to the total **amount** of the Allowed Class 10 or Class 11 Interests, as applicable, under the Plan.") (emphasis added).

[5] Plan, Art. I.A.44 *("[T]he Contingent Claimant Trust Interests distributed to the Holders of Class A Limited Partnership Interests will be subordinated to the Contingent Claimant Trust Interests distributed to the Holders of Class B/C Limited Partnership Interests.")* (emphasis added); CTA, § 5.1(c) (*"The Equity Trust Interests distributed to Allowed Holders of Class A Limited Partnership Interests shall be subordinated to the Equity Trust Interests distributed to Allowed Holders of Class B/C Limited Partnership Interests."*) (emphasis added).

Class 11 and Class B/C Limited Partnership Interests in Class 10 or the subordination of Class 11 to Class 10 (nor did anyone else). And, in the Confirmation Order, this Court found the separate classification of Interests into Class 10 and Class 11 was proper because the Class B/C Limited Partnership Interests and Class A Limited Partnership Interests were not similarly situated, had different payment priorities, and required different treatment.[6] Accordingly, Class 10 and Class 11 are not now (and never were) similarly situated and, to reflect the differences in the prepetition limited partnership interests, ***the Plan expressly subordinated Class 11 to Class 10***. Class 11 cannot receive a penny until Class 10 is paid in full.

11.    Dugaboy's proposed plan modification also ignores that the Class 10 Interests held by HMIT and HCLOM were previously allowed in fixed dollar amounts and are not subject to adjustment. The HCLOM Order, which Dugaboy approved, was entered on December 27, 2024, and granted HCLOM, an entity controlled by Dugaboy, an Allowed Class 10 Interest in a fixed dollar amount of $10,140,633.26. The HCLOM Order was not appealed and is final.[7]

12.    On May 19, 2025, Highland and the Claimant Trust moved, *inter alia*, to allow HMIT's Class 10 Interest in an amount equal to its capital account balance in Highland as of the Petition Date, less amounts HMIT owed the estate [Docket No. 4216] (the "HMIT Motion").[8] On June 25, 2025, during the hearing on the HMIT Motion, Dugaboy orally objected (for the first time) to the methodology used to allow HMIT's Class 10 Interests and asked this Court not

---

[6] *See, e.g.*, Confirmation Order ¶ 36 ("The Plan properly separately classifies the Equity Interests in Class 10 … from the Equity Interests in Class 11 … because they represent different types of equity security interests in the Debtor and different payment priorities.").

[7] After the HCLOM Order was entered, HMIT and HCLOM agreed to an allocation of distributions between them as the holders of Class 10 Interests. *See Intercreditor and Participation Agreement* dated as of January 10, 2025, and filed as Exhibit 69 at Docket No. 4255. HMIT and HCLOM have already given effect to their agreement by actually sharing the distributions HMIT received under its settlement agreement with Highland.

[8] Dugaboy objected to the HMIT Motion [Docket No. 4230] and requested discovery. Highland and the Claimant Trust produced to Dugaboy voluminous discovery concerning Highland's remaining assets and liabilities and the current projected value of those assets and liabilities. Tr. (6/25/25 hearing) at 91:8-16.

to fix HMIT's Class 10 Interests but to permit Class 10 and Class 11 to receive their supposed "*pro rata*" share of the estate's remaining assets, substantively the same plan modification raised in the Objection. *See*, *e.g.*, Tr. (6/25/25 hearing) at 79:24-80:19; 81:1-82:15.[9]

13. On June 30, 2025, this Court entered the HMIT Order and allowed HMIT's Class 10 Interest "in the amount of $336,940,230.58," *i.e.*, the value of HMIT's capital account on the Petition Date ($394,630,871.53), minus the HMIT Note Balance ($57,690,640.95).[10]

14. Dugaboy ignores the fixed dollar amount of HMIT's Interest and does not even consider how the final HCLOM order would be affected. The fixed amount of HCLOM's Class 10 Interest (a) was acknowledged and agreed to by Dugaboy, (b) is not subject to appeal, and (c) cannot be squared with Dugaboy's new proposal. In contrast, fixing the dollar amount of the Allowed Class 11 Interests as the Claimant Trust proposes, allows for the calculation of (i) the dollar amount of distributions to each Class 10 holder, and (ii) once Class 10 has been paid in full, the dollar amount of any theoretical distributions to each Class 11 holder, in each case, as required by the Plan, the Confirmation Order, and the CTA.

15. In short, Dugaboy fails to take into account that (a) HMIT and HCLOM's Class 10 Interests were previously allowed in a fixed amount and (b) HCLOM was never a limited partner of Highland and therefore could never receive its "*pro rata*" share of anything based on former limited partnership interests.

---

[9] At the hearing, Highland and the Claimant Trust introduced significant documentary evidence, including evidence showing the current value of Highland's assets and liabilities. James P. Seery, Jr., the trustee of the Claimant Trust, also described the methodology used to value HMIT's Class 10 Interest. The evidence showed that the respective capital accounts represented each limited partner's interest in the estate's profits and losses and the approximate amount they would have expected to receive if Highland were liquidated as of the Petition Date. The evidence also showed that (a) the capital accounts were maintained in the ordinary course of Highland's business; (b) both Mr. Dondero and Mr. Waterhouse were actively involved in the calculation of each limited partner's capital accounts; and (c) both Mr. Dondero and Mr. Waterhouse signed tax documents, under penalty of perjury, attesting to the calculation of the capital accounts and each partner's allocable share of Highland's value. *See* Tr. (6/25/25 hearing) at 93:8-97:11; 110:10-111:6; Exhibits 113-118 (Docket No. 4255).

[10] Dugaboy has appealed the HMIT Order; however, the HMIT Order is still binding unless and until overturned on appeal.

16. Dugaboy also now argues that treating Class 10 and Class 11 differently violates the absolute priority rule because "where excess cash remains after *every creditor class has been paid in full*, the absolute priority rule has served its purpose and no longer poses an obstacle to distribution of residual funds."[11] Dugaboy is wrong because it ignores 11 U.S.C. § 1129(b)(2)(C)(ii), which provides that, absent consent, "[t]he holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property." The Confirmation Order created Class 10 and Class 11 because the Class B/C Limited Partnership Interests (placed in Class 10) and the Class A Limited Partnership Interests (placed in Class 11) were not substantially similar and had different payment priorities.[12] The Plan accounted for the differences in Highland's limited partnership interests by subordinating Class 11 to Class 10. Allowing Class 11, a junior equity class, to receive anything of value before Class 10, a senior equity class, is paid in full violates the Plan and the absolute priority rule, too. Fixing the Class 11 amount and honoring the Plan subordination is not an option; it is required.

17. Section 502(b) of the Bankruptcy Code provides for a determination of the amount of a claim or interest "as of the date of the filing of the petition …."[13] The Claimant Trust's detailed capital account methodology honors Section 502(b) and allows the Class 10 and Class 11 Interests at the gross amount such interest holders would have received in a hypothetical liquidation of Highland's assets **on the Petition Date** calculated consistently with amounts set and approved (and sworn to) by Mr. Dondero and Mr. Waterhouse. Dugaboy ignores the timing requirement in Section 502(b) and seeks to allow the Class 11 Interests in

---

[11] Objection at 8-9 (emphasis in original).
[12] *See, e.g.*, Confirmation Order ¶ 36.
[13] 11 U.S.C. § 502(b).

amounts determined at some future date when the net assets are actually distributed.

18. Using each former limited partner's respective Petition Date capital account to fix the dollar amount of its Interest respects (a) the way Highland allocated the value of its assets and liabilities to its limited partners prior to and on the Petition Date,[14] (b) the priorities in the Limited Partnership Agreement and the Plan, (c) this Court's prior orders, and (d) the requirements of 11 U.S.C. § 502(b). Using the capital accounts results in each former limited partner's Interest—regardless of whether in Class 10 or Class 11—being allowed in an amount consistent with the capital account balances delivered to the partners and reported to the IRS on their respective Form K-1s both before and after the Petition Date.

| Interest Holder | Class | Petition Date Capital Account Balance |
|---|---|---|
| HMIT | Class 10 | $394,630,871.53* |
| Dugaboy | Class 11 | $740,081.61 |
| Strand Advisors, Inc. | Class 11 | $994,707.76 |
| Mark K. Okada | Class 11 | $192,754.38 |
| The Mark and Pamela Okada Family Trust – Exempt Trust #1 | Class 11 | $38,868.17 |
| The Mark and Pamela Okada Family Trust – Exempt Trust #2 | Class 11 | $16,657.79 |
| | TOTALS: | $396,613,941.24 |

19. In contrast, Dugaboy ignores (a) the priority provisions of the Limited Partnership Agreement and the resulting waterfall priorities in the Plan and CTA, (b) that HMIT's Class 10 Interest is fixed and HCLOM's Class 10 Interest is not only fixed but is incapable of being adjusted on a *pro rata* basis because it was never a limited partner, and (c) that the Class 11 Interests must be valued as of the Petition Date.

---

[14] The Limited Partnership Agreement required Highland to maintain a capital account for each limited partner that was (a) credited with (i) all property contributed to Highland by such limited partner and (ii) such limited partner's allocable share of Highland's profits and (b) debited by (i) all property distributed to the limited partner and (ii) the limited partner's allocable share of Highland's losses. LPA § 3.7(a); *see also Delaware Revised Uniform Partnership Act*, § 15-401(a). Consistent with that requirement, Highland, while under Mr. Dondero's control, continually updated each limited partner's capital account with its allocable share of profits and losses and reported such amounts to the Internal Revenue Service under penalty of perjury as "true, correct, and complete."

20.　　For the reasons set forth in the Motion and here, the Court should overrule Dugaboy's Objection and grant the Motion.

*[Signature Page Follows]*

WHEREFORE, for the reasons set forth above and in the Motion, the Claimant Trust respectfully requests that the Court overrule the Objection and grant the Motion.

September 15, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
    jmorris@pszjlaw.com
    gdemo@pszjlaw.com
    hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075 ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Highland Claimant Trust*