

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 22, 2025

_____
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

### ORDER FIXING ALLOWED AMOUNT OF CLASS 11 INTERESTS

Having considered (a) the *Motion for an Order Fixing Allowed Amount of Class 11 Interests* [Docket No. 4362] (the "Motion")[2] filed by the Highland Claimant Trust (the "Claimant Trust") in the above-captioned chapter 11 case (the "Bankruptcy Case"); (b) *Dugaboy Investment Trust's Response Opposing Highland Claimant Trust's Motion for Order Fixing Allowed Amount of Class 11 Interests* [Docket No. 4384] filed by The Dugaboy Investment Trust ("Dugaboy"); (c) the Claimant Trust's *Reply in Support of Motion for an Order Fixing Allowed*

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

*Amount of Class 11 Interests* [Docket No. 4393]; (d) the evidence admitted into the record during the hearing on the Motion held on September 18, 2025 (the "Hearing"), including the Court's assessment of the witness's credibility; (e) all arguments presented at the Hearing; and (f) all prior proceedings in the Bankruptcy Case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor,

**THE COURT HEREBY FINDS THAT:[3]**

1. The Court's findings of fact and conclusions of law set forth on the record at the conclusion of the Hearing are incorporated by reference except as supplemented in this Order.

2. On the Effective Date and in accordance with the Plan, the Claimant Trust was created pursuant to the terms of the Claimant Trust Agreement (the "CTA").

3. Pursuant to Section 5.1(c) of the CTA and in accordance with the Plan (Art. III.H.10 and 11): (a) the pre-petition Class B/C Limited Partnership Interests and the Class A Limited Partnership Interests in Highland Capital Management, L.P. ("Highland") were extinguished; (b) the Holders of allowed Class B/C Limited Partnership Interests would receive unvested Class 10 Contingent Claimant Trust Interests if and when their Equity Interests were allowed in amounts as determined under the Plan; and (c) Holders of allowed Class A Limited Partnership Interests would receive unvested Class 11 Contingent Claimant Trust Interests if and when their Equity Interests were allowed in amounts as determined under the Plan.

---

[3] Any finding of fact that should be more appropriately characterized as a conclusion of law should be deemed as such and *vice versa*.

4. The holders of unvested Class 11 Contingent Claimant Trust Interests (*i.e.*, Highland's former Class A limited partners) and the percentage of the limited partnership interests previously held by them are as follows: Strand Advisors (0.2508%), Dugaboy (0.1866%), Mark K. Okada (0.0487%), The Mark and Pamela Okada Family Trust—Exempt Trust #1 (0.0098%), and The Mark and Pamela Okada Family Trust—Exempt Trust #2 (0.0042%). Together, Highland's former Class A limited partners held 0.500% of Highland's prepetition limited partnership interests which were extinguished by the Plan.

5. Hunter Mountain Investment Trust ("HMIT") was Highland's sole Class B/C limited partner as of the Petition Date (holding 99.5% of Highland's limited partnership interests) and therefore received an unvested Class 10 Contingent Claimant Trust Interest under the Plan.

6. Following an evidentiary hearing held on June 25, 2025, HMIT's Class 10 Interest was allowed in the amount of $336,940,230.58 pursuant to this Court's order entered at Docket No. 4297 (*see* Order ¶12).

7. Paragraph 36 of the Confirmation Order provides that the "Plan properly separately classifies the Equity Interests in Class 10 . . . from the Equity Interests in Class 11 . . . because they represent different types of equity security interests in the Debtor and different payment priorities."

8. Pursuant to the Plan and the CTA, Class 11 is subordinated to Class 10 such that holders of Allowed Class 11 Interests cannot receive any distributions from the Claimant Trust until the holders of allowed Class 10 Interests are paid in full.

9. The Claimant Trust is required to resolve all disputed Claims and Interests before it can commence its dissolution, a process that must begin no later than August 11, 2026, pursuant to the CTA and this Court's prior orders.

10. The Court finds that the calculation the Claimant Trust used to fix the amount of each Class 11 Interest as of the Petition Date (*i.e.*, Highland started with each former partner's respective capital account balance as of December 31, 2018 (as reported in its 2018 federal income tax return and associated Schedules K-1 delivered to each former partner), and then used Highland's actual activity in 2019 (as reported in Highland's financial statements) to bring those capital account amounts forward to the Petition Date)) was fair and reasonable.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

11. The Motion is **GRANTED**.

12. As stated on the record during the Hearing, applying the fair and reasonable calculation, the Class 11 Interests are Allowed in the following fixed amounts: Strand Advisors ($994,707.76), Dugaboy ($740,081.61), Mark K. Okada ($192,754.38), The Mark and Pamela Okada Family Trust—Exempt Trust #1 ($38,868.17), and The Mark and Pamela Okada Family Trust—Exempt Trust #2 ($16,657.79).

13. Dugaboy's objections to the Motion are **OVERRULED**.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### ### END OF ORDER ###