PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908 MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075 ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Debtor. | |

## DECLARATION OF JAMES P. SEERY, JR. IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S MOTION FOR AN ORDER AUTHORIZING (A) THE DESTRUCTION OF CERTAIN DOCUMENTS AND OBSOLETE EQUIPMENT AND (B) FOR RELATED RELIEF

I, James P. Seery, Jr., pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1. I am the Chief Executive Officer of Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Claimant Trustee of the Highland Claimant Trust (the "Claimant Trust," and

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

together with Highland, the "Movants"), and I submit this Declaration in support of *Highland Capital Management, L.P. and the Highland Claimant Trust's Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* (the "Motion") being filed concurrently with this Declaration.[2] This Declaration is based on my personal knowledge, knowledge gained from conferring with Highland's employees, and my review of the documents described below.

2. The Movants seek authority to destroy certain Documents and Obsolete Equipment in furtherance of their planned wind-down and to reduce expenses. As set forth below, I do not believe any of the Documents and Obsolete Equipment is needed for any business purpose or has any meaningful value.

3. Since before Highland commenced this Bankruptcy Case, Highland's practice was to maintain its business records in electronic form. But Highland has also stored hard-copy documents at Iron Mountain for at least 20 years, with additional documents being added from time to time. Iron Mountain is a document management services company that, among other things, organizes, stores, and destroys documents on its clients' behalf in secure facilities that it operates.

4. Highland is currently storing 3,987 boxes of documents at a nearby Iron Mountain facility, 2,414 of which were delivered to Iron Mountain in or before 2012 (collectively, the "Documents"), and 1,573 of which were delivered to Iron Mountain in or after 2013 (collectively, the "Retained Documents").

5. Certain of Highland's employees and I have reviewed an inventory listing from Iron Mountain describing the Documents and determined that (a) the continued storage of the

---

[2] Capitalized terms not defined in this Declaration have the meanings ascribed to them in the Motion.

4899-4628-6958.2 36027.003                2

Documents is no longer necessary because the Documents do not concern any current business activities of Highland or any pending or foreseeable litigation and have no other business purpose; (b) the Claimant Trust estimates it would save approximately $7,500 per month (or, approximately $90,000 per year) in storage fees if the Documents are destroyed; and (c) the Movants are not required to retain the Documents under applicable law. Moreover, destruction of the Documents is consistent with the commencement of the anticipated dissolution and wind-up of the Claimant Trust.

6. The Movants also request authority to destroy (or to direct the destruction of) any of the Retained Documents upon ten (10) days' written notice with such notice filed on the main docket maintained in the Bankruptcy Case and subject to objection and an opportunity to be heard by any party in interest. This will enable the Movants to save time and money associated with further motion practice while giving third parties an opportunity to be heard.

7. Finally, the Movants also seek relief with respect to the Obsolete Equipment. Highland possesses certain old servers and other electronic equipment that was previously located in offsite locations and which is now stored in boxes located inside Highland's Dallas office (the "Obsolete Equipment"). This Obsolete Equipment was retained after duplicating and migrating Highland's electronic information from physical servers to a cloud-based storage solution, which was largely completed in 2021. Following the migration, the offsite locations were no longer needed, so the Obsolete Equipment was transferred to the Highland offices, where it remains stored in boxes. Highland does not expect to utilize office space beginning in 2026. Therefore, with the impending closure of its current office, I believe it prudent to destroy the Obsolete Equipment rather than incur additional storage costs.

8. I believe that the relief requested is prudent, will reduce expenses, is consistent with our efforts to begin winding down the Highland estate, and will not harm anyone as the Documents and Obsolete Equipment are not needed for any purpose and have no intrinsic value.

9. The Claimant Oversight Board has unanimously consented to the filing of the Motion and the relief requested here.

Dated: September 30, 2025　　　　　　　　　*/s/ James P. Seery, Jr.*
　　　　　　　　　　　　　　　　　　　　　James P. Seery, Jr.