Matthew W. Bobo
State Bar No. 24006860
Katy L. Hart
State Bar No. 24049983
LAW OFFICE OF MATTHEW BOBO, PLLC
4916 Camp Bowie Blvd
Ft. Worth, Texas 76107
(817) 529-0774 (Telephone)
mbobo@mwblawyer.com
katy@mwblawyer.com
ATTORNEYS FOR INTERVENOR HIGHLAND EMPLOYEES RETENTION ASSETS, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | CASE NO. 19-34054-SGJ11 |
| | § | |
| Debtor. | § | |

**HIGHLAND EMPLOYEE RETENTION ASSETS, LLC'S MOTION TO INTERVENE PURSUANT TO F.R.B.P. 2018**

TO THE HONORABLE STACEY JERNIGAN:

Now comes Highland Employee Retention Assets, LLC ("HERA") and files this Motion to Intervene pursuant to F.R.B.P 2018. In support of the Motion, HERA would respectfully show the Court as follows:

### I.    BACKGROUND FACTS

1. On February 29, 2024, HERA filed suit in the Northern District of Texas, Dallas Division against the following defendants: James Dondero, Mark Okada, Marc Katz, Michael Hurst, Shon Brown, Scott Ellington, Isaac Leventon, Eric Girard, John Honis, Ted Dameris, Raymond Joseph Dougherty, Amit Walia, Patrick Boyce, Lane Britain, Frank Waterhouse, Hunton Andrews Kurth LLP, Abrams & Bayliss LLP, DLA Piper, LLP, Nancy Dondero, As Trustee Of Dugaboy Investment Trust, Grant James Scott III, As Trustee Of Get Good Trust,

John Honis, As Trustee Of Hunter Mountain Investment Trust, Lawrence Tonomura, As Trustee Of Mark & Pamela Okada Family Trust – Exempt Trust #1 and Lawrence Tonomura as Trustee Of Mark & Pamela Okada Family Trust – Exempt Trust #2 ("HERA Litigation Defendants") in cause number 3:24-cv-00498-K. (the "HERA Litigation"). HERA filed an Amended Complaint on July 15, 2024 (Doc. 82) attached hereto as **Exhibit A.** The Defendants filed Motions to Dismiss in October of 2024 and HERA filed a Response thereto on February 14, 2025. The Motions to Dismiss are currently pending before the Court.

## II. RELIEF REQUESTED

2. HERA asks this Court to grant the Motion to Intervene.

## III. BASIS FOR RELIEF

3. The HERA Litigation Defendants are all former top executives, their trusts or former attorneys for the Debtor and current attorneys for several top executives and their affiliates. The HERA Litigation claims arise from actions by the HERA Litigation Defendants that occurred in the 2012-2020 timeframe while the HERA Litigation Defendants were actively in charge of and running the operations of the Debtor. HERA did not discover these bad acts until October of 2022 when it came into possession of documents and emails between the Debtor and the HERA Litigation Defendants that formed the basis of the HERA Litigation.

4. On September 30, 2025, the Debtor filed Debtor Highland Capital Management, L.P. and the Highland Claimant Trusts' Motion to for an Order Authorizing (a) the Destruction of Certain Documents and Obsolete Equipment and (b) for Related Relief in this case (Doc. 4416). That Motion seeks authority to destroy documents HERA believes are critical and relevant to the prosecution of the HERA Litigation. If those documents are destroyed there is no mechanism for HERA to ever have the opportunity to review and use the documents in the HERA Litigation.

5.  Courts have held that permissive intervention is proper when the movant can show: (1) the intervention will not result in undue delay; (2) the movant can demonstrate an interest in the matter; and (3) that the interest is not adequately represented by the existing parties.[1]

6.  HERA satisfies all three requirements. First, this intervention is limited to giving HERA the opportunity to respond to Debtor Highland Capital Management, L.P. and the Highland Claimant Trusts' Motion to for an Order Authorizing (a) the Destruction of Certain Documents and Obsolete Equipment and (b) for Related Relief in this case, which the deadline to respond to has not expired and no hearing has been held. Therefore, no delay will be caused.

7.  Second, HERA has an interest in protecting documents that are relevant to the prosecution of the HERA Litigation. Third, HERA's interest in these documents is not adequately protected by any of the existing parties primarily because the documents HERA is trying to protect are likely not relevant to the proceeding before the Court.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, HERA respectfully prays that this Court enter an order granting HERA's Motion to Intervene and allow it to be heard on Debtor Highland Capital Management, L.P. and the Highland Claimant Trusts' Motion to for an Order Authorizing (a) the Destruction of Certain Documents and Obsolete Equipment and (b) for Related Relief and for such other and further relief as may be just and equitable.

---

[1] *In re Russell Corp.*, 156 B.R. 347 (Bankr. N.D. Ga.1993).

Respectfully submitted,

By: /s/ Matthew W. Bobo
**Matthew W. Bobo**
State Bar No. 24006860
Katy Hart
State Bar No. 24049983

LAW OFFICE OF MATTHEW BOBO, PLLC
4916 Camp Bowie Blvd
Ft. Worth, Texas 76107
(817) 529-0774 (Telephone)
(817) 698-9401 (Facsimile)
mbobo@mwblawyer.com
katy@mwblawyer.com

**ATTORNEYS FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the Motion to Intervene has been sent to the parties listed by the Court's ECF notification system and to all other parties via CM/ECF e-notice on this 24th day of October, 2025.

/s/ Matthew W. Bobo
Matthew W. Bobo