

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 10, 2025

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | §  Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |

### ORDER APPROVING STIPULATION REGARDING ADJOURNMENT OF BRIEFING DEADLINES AND HEARING DATES CONCERNING MOTIONS TO STRIKE

Upon consideration of the *Stipulation Regarding Adjournment of Briefing Deadlines and Hearing Dates Concerning Motions to Strike* [Docket No. 4456] (the "Stipulation") by and between Highland Capital Management, L.P. and the Highland Claimant Trust, on the one hand, and The Dugaboy Investment Trust, on the other hand, it is **HEREBY ORDERED THAT**:

1. The Stipulation, a copy of which is attached hereto as **Exhibit A**, is **APPROVED**.

2. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of the Stipulation and any order related thereto.

###End of Order###

# **EXHIBIT A**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11<br><br>**Re: Docket Nos. 4434, 4450, and 4451** |

## STIPULATION REGARDING ADJOURNMENT OF BRIEFING DEADLINES AND HEARING DATES CONCERNING MOTIONS TO STRIKE

This stipulation (the "Stipulation") is made and entered into by and between Highland Capital Management, L.P., the reorganized debtor ("Highland") in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Highland Claimant Trust (the "Claimant Trust", and

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4918-7915-2248.2 36027.003
4918-7915-2248.1 36027.003

together with Highland, the "Highland Parties"), on the one hand, and The Dugaboy Investment Trust ("Dugaboy", and together with the Highland Parties, the "Parties"), on the other hand, by and through their respective undersigned counsel.

### RECITALS

**WHEREAS**, on October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

**WHEREAS**, on December 4, 2019, the Delaware Court entered an order [Bankr. Dkt. No. 186] transferring venue of Highland's bankruptcy case (the "Bankruptcy Case") to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

**A.     The Recusal Order Appeal**

**WHEREAS**, on August 15, 2025, Dugaboy filed its *Motion for Recusal* [Bankr. Dkt. No. 4372] (the "Recusal Motion") seeking Chief Judge Stacey G. C. Jernigan's recusal from the Bankruptcy Case.

**WHEREAS**, on September 2, 2025, the Bankruptcy Court issued its *Order Denying Fifth Motion to Recuse Judge* [Bankr. Dkt. No. 4379] (the "Recusal Order") denying the Recusal Motion.

**WHEREAS**, on September 16, 2025, Dugaboy filed its *Notice of Appeal of Order Denying Motion to Recuse [Addressing DE ## 4372 and 4379]* [Bankr. Dkt. No. 4396] commencing its appeal of the Recusal Order (the "Recusal Order Appeal"). The Recusal Order Appeal was assigned to Judge Boyle and is pending as Case No. 3:25-cv-02579-B in the United States District Court for the Northern District of Texas (the "District Court").

WHEREAS, on October 9, 2025, Dugaboy filed *Appellant The Dugaboy Investment Trust's Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal from the Bankruptcy Court's Order Denying Motion to Recuse Judge [Docket No. 4379]* [Bankr. Dkt. No. 4431] (the "Recusal Order Appeal Designations") designating documents and items for inclusion in the record of the Recusal Order Appeal.

WHEREAS, on October 16, 2025, the Highland Parties filed *Appellees' Motion to Strike Items Improperly Designated as Part of the Record on Appeal* [Bankr. Dkt. No. 4434] (the "Recusal Order Motion to Strike") seeking entry of an order striking certain items the Highland Parties allege Dugaboy improperly designated in the Recusal Order Appeal Designations.

WHEREAS, on October 21, 2025, the Highland Parties filed a notice establishing certain briefing deadlines and setting the hearing on the Recusal Order Motion to Strike (the "November 24 Hearing") for November 24, 2025 [Bankr. Dkt. No. 4437].

**B.     The Class 11 Order Appeal**

WHEREAS, on August 8, 2025, the Claimant Trust filed its *Motion for Order Fixing Allowed Amount of Class Interests* [Bankr. Dkt. No. 4362] (the "Class 11 Motion") requesting entry of an order fixing the allowed amount of the unvested Class 11 Contingent Claimant Trust Interests (as defined in the Class 11 Motion).

WHEREAS, on September 22, 2025, the Bankruptcy Court entered its *Order Fixing Allowed Amount of Class 11 Interests* [Bankr. Dkt. No. 4401] (the "Class 11 Order") granting the Class 11 Motion and fixing the allowed amount of the unvested Class 11 Contingent Claimant Trust Interests.

WHEREAS, on October 6, 2025, Dugaboy filed its *Notice of Appeal of Order Fixing Allowed Amount of Class 11 Interests* [Bankr. Dkt. No. 4423] commencing its appeal of the Class

4918-7915-2248.2 36027.003

11 Order (the "Class 11 Order Appeal"). The Class 11 Order Appeal was assigned to Judge Lindsay and is pending as Case No. 3:25-cv-02724-L in the District Court.

WHEREAS, on October 23, 2025, Dugaboy filed *Appellant The Dugaboy Investment Trust's Statement of Issues to be Presented and Amended Designation of Items to be Included in the Record on Appeal From the Bankruptcy Court's Order Fixing Allowed Amount of Class 11 Interests* [Bankr. Dkt. No. 4443] (the "Class 11 Order Appeal Designations") designating documents and items for inclusion in the record of the Class 11 Order Appeal.

WHEREAS, on October 29, 2025, the Claimant Trust filed *Appellee's Motion to Strike Items Improperly Designated as Part of the Record on Appeal of Class 11 Order [Docket No. 4401]* [Bankr. Dkt. No. 4450] (the "Class 11 Order Motion to Strike") seeking entry of an order striking certain items the Claimant Trust alleges Dugaboy improperly designated in the Class 11 Order Appeal Designations.

WHEREAS, a briefing schedule and hearing date with respect to the Class 11 Order Motion to Strike have not yet been established.

C. **The Stay Order Appeal**

WHEREAS, on July 17, 2025, Dugaboy filed *The Dugaboy Investment Trust's Motion to Stay 9019 Order* [Bankr. Dkt. No. 4326] (the "Stay Motion") requesting that the Bankruptcy Court stay the HMIT Settlement Order[2] for 90 days to permit Dugaboy and others to investigate certain matters described more fully in the Stay Motion.

WHEREAS, on July 21, 2025, the Bankruptcy Court entered its *Memorandum Opinion and Order Regarding Stay Requests [Addressing DE ## 4326 & 4308]* [Bankr. Dkt. No. 4333]

---

[2] "HMIT Settlement Order" refers to the *Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith* [Bankr. Dkt. No. 4297] entered on June 30, 2025.

(the "Stay Order") denying the Stay Motion.

WHEREAS, on August 4, 2025, Dugaboy filed its *Notice of Appeal of Order Regarding Stay Requests [Addressing DE ## 4326 & 4308]* [Bankr. Dkt. No. 4353] commencing its appeal of the Stay Order (the "Stay Order Appeal", and together with the Recusal Order Appeal and the Class 11 Order Appeal, the "Appeals"). The Stay Order Appeal was assigned to Judge Scholer and is pending as Case No. 3:25-cv-02072-S in the District Court.

WHEREAS, on October 24, 2025, Dugaboy filed *Appellant The Dugaboy Investment Trust's Statement of Issues to Be Presented and Amended Designation of Items to Be Included in the Record on Appeal from the Bankruptcy Court's Order Regarding Stay Requests [Addressing DE ## 4326 & 4308]* [Bankr. Dkt. No. 4411] (the "Stay Order Appeal Designations") designating documents and items for inclusion in the record of the Stay Order Appeal.

WHEREAS, on October 29, 2025, the Highland Parties filed *Appellees' Motion to Strike Items Improperly Designated as Part of the Record on Appeal of the Order Denying a Stay [Docket No. 4333]* [Bankr. Dkt. No. 4451] (the "Stay Order Motion to Strike", and together with the Recusal Order Motion to Strike and the Class 11 Order Motion to Strike, the "Motions to Strike") seeking entry of an order striking certain items they allege Dugaboy improperly designated in the Stay Order Appeal Designations.

WHEREAS, a briefing schedule and hearing date with respect to the Stay Order Motion to Strike have not yet been established.

D. **Proceedings in the District Court**

WHEREAS, on October 10, 2025, and in response to Judge Boyle's electronic order [3:25-cv-02579 Dkt. 2], Dugaboy filed *To the Extent Necessary, Appellant The Dugaboy Investment Trust's Motion for Leave to Appeal Order Denying Fifth Motion to Recuse* [3:25-cv-02579 Dkt.

17] (the "Motion for Leave to Appeal Recusal Order") seeking leave to appeal the Recusal Order.

**WHEREAS**, on October 20, 2025, the Highland Parties filed *Appellees' Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for Leave Pending the Outcome of a Related Motion to Strike* [3:25-cv-02579 Dkt. 18] (the "Highland Parties' Motion to Stay") seeking, among other things, a stay of the Highland Parties' deadline to respond to Dugaboy's Motion for Leave to Appeal Recusal Order until the Bankruptcy Court ruled on the pending Recusal Order Motion to Strike.

**WHEREAS**, on October 21, 2025, Judge Boyle entered her *Order* [3:25-cv-02579 Dkt. 21] (the "Boyle Order") denying the Highland Parties' Motion to Stay, stating that "the appellate record need not be finalized for [the Highland Parties] to file a response limited to the jurisdictional question and for the Court to decide whether it has jurisdiction" over the Recusal Order Appeal. Boyle Order at 2. The Boyle Order continued by stating that "[i]t may be appropriate for [the Highland Parties] to request that the Bankruptcy Court await this Court's jurisdictional decision before deciding on [the Highland Parties'] motion to strike …." *Id*. at 2-3.

**WHEREAS**, in addition to Dugaboy's pending Motion for Leave to Appeal Recusal Order, Dugaboy has filed motions to stay the Appeals [3:25-cv-02072 Dkt. 16; 3:25-cv-02579 Dkt. 22; 3:25-cv-02724 Dkt. 14] (together, the "Appeals Stay Motions")[3] seeking a stay of the proceedings and briefing deadlines in the Appeals pending the outcome of *Appellant The Dugaboy Investment Trust's Motion to Consolidate Proceedings and Extend Related Deadlines on Appeal* [3:25-cv-01876 Dkt. 39] (the "Motion to Consolidate", and together with the Appeals Stay Motions, the "Ancillary Motions") filed in the appeal of the HMIT Settlement Order, pending as

---

[3] On October 31, 2025, Judge Scholer entered an *Order* [3:25-cv-02072 Dkt. 18] staying and administratively closing the Stay Order Appeal following the Highland Parties' consent to Dugaboy's motion to stay the proceedings in the Stay Order Appeal.

4918-7915-2248.2 36027.003

Case No. 3:25-cv-01876-K before Judge Kinkeade in the District Court (the "HMIT Settlement Order Appeal"), through which Dugaboy is seeking to consolidate the Appeals with the HMIT Settlement Order Appeal.

**WHEREAS**, because the pending Motions to Strike may be rendered moot or otherwise affected by the outcome of the Ancillary Motions, and in order to avoid what may be unnecessary time and expense associated with prosecuting the Motions to Strike before the Ancillary Motions are ruled upon by the District Court, the Parties agree that the briefing schedules and hearings concerning the Motions to Strike should be adjourned *sine die*.

**NOW, THEREFORE**, it is hereby jointly stipulated and agreed as follows:

1. The briefing schedule and the November 24 Hearing on the Recusal Order Motion to Strike shall be adjourned until further notice.

2. Briefing schedules and hearing dates with respect to the Class 11 Order Motion to Strike and the Stay Order Motion to Strike shall not be established at this time.

3. At their discretion, the Highland Parties may notice for hearing any of the Motions to Strike, provided that the Highland Parties provide Dugaboy at least 24 days' notice of any such hearing.

4. This Stipulation may be executed in counterparts. A facsimile, electronic copy, or photocopy of this Stipulation and the signatures hereto shall have the same effect and may be accepted with the same authority as if it were an original.

5. The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation and any order related thereto.

[*Remainder of Page Intentionally Left Blank*]

**SO STIPULATED AND AGREED:**

Dated: November 7, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**-and-**

**WINSTON & STRAWN LLP**

*/s/ Geoffrey S. Harper (with permission)*
Steven H. Stodghill
Texas Bar No. 19261100
stodghill@winston.com
Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Attorneys for The Dugaboy Investment Trust*

4918-7915-2248.2 36027.003