# EXHIBIT A



# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement") is made and entered into by and between (i) Highland Capital Management, L.P., as reorganized debtor ("HCMLP" or the "Debtor"), and (ii) Patrick Hagaman Daugherty ("Daugherty" and together with HCMLP, the "Parties," and individually as a "Party"). This Settlement provides for the treatment of certain claims asserted by Daugherty against the Debtor, and for the Parties to take certain other specified actions in settlement thereof.

RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtor's chapter 11 case (the "Bankruptcy") is pending in the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court");

WHEREAS, on February 2 and 3, 2021, the Court conducted a confirmation hearing with respect to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Docket No. 1808] (the "Plan");

WHEREAS, on February 8, 2021, the Court rendered an opinion from the bench in which it confirmed the Plan [Docket No. 1924];

WHEREAS, on February 22, 2021, the Court issued an order confirming the Plan [Docket No. 1943];

WHEREAS, on August 11, 2021, the Effective Date (as defined in the Plan) occurred [Docket No. 2700];

WHEREAS, Daugherty is a former employee and limited partner of the Debtor and has

served in other positions with affiliates and former affiliates of the Debtor;

WHEREAS, at the time of his resignation, Daugherty owned 19.1% of the preferred units of Highland Employee Retention Assets LLC ("HERA"), an employee deferred compensation vehicle managed by the Debtor and Highland ERA Management, LLC ("ERA") and contends that he owned or had the right to own all of the preferred units of HERA;

WHEREAS, prior to his resignation from HCMLP, Daugherty was awarded units of HERA, which vehicle owned interests in Restoration Capital Partners, LP ("RCP"), an HCMLP managed private equity fund, and other investments;

WHEREAS, in April 2012, the Debtor commenced an action against Daugherty in Texas state court (the "Texas Action"), and Daugherty subsequently asserted counterclaims for breach of contract and defamation, and third-party claims against HERA and others;

WHEREAS, after a three-week trial, the jury returned a verdict partially in favor of the Debtor, but Daugherty prevailed on his claims against the Debtor and James Dondero ("Dondero") for defamation with malice and a third-party claim against HERA and was awarded damages of $2.6 million against HERA, plus prejudgment and post-judgment interest at 5% (the "HERA Judgment");[1]

WHEREAS, in July 2017, after being unable to collect on the HERA Judgment, Daugherty commenced an action against the Debtor, Dondero, HERA, and ERA Management in the Delaware Chancery Court (the "Delaware Court"), in a case captioned *Daugherty v. Highland Capital Management, L.P., et al.*, C.A. No. 2017-0488-MTZ, for fraudulent transfer, promissory estoppel, unjust enrichment, indemnification, and fees on fees (the "Highland Delaware Case");

---

[1] The Debtor prevailed on its claims against Mr. Daugherty for breach of contract and breach of fiduciary duty for non-monetary damages and obtained an award of $2.8 million in attorney's fees. The HERA Judgment was affirmed on appeal on December 1, 2016.

WHEREAS, the Delaware Court in the Highland Delaware Case (i) found that the Dondero-related defendants improperly withheld dozens of documents in discovery on privilege grounds, and (ii) ruled that there was "a reasonable basis to believe that a fraud has been perpetrated" such that the Delaware Court applied the "crime-fraud exception" to the attorney-client privilege assertion, and such rulings have not been overturned;

WHEREAS, Daugherty asserts that such withholding of documents and the failure to search defendants' and their employees personal electronic devices for stored documents and texts as well as other emails and domain names such as sasmgt.com and gmail.com which were in their possession and control and to provide required discovery injured him by undermining his attempts to build an evidentiary record to support his claims against the Debtor and the other defendants in the Highland Delaware Case;

WHEREAS, on October 14, 2019, the Highland Delaware Case proceeded to trial and two days later, on October 16, 2019, before the completion of the trial and before the Delaware Court ruled on Daugherty's and the Debtor's cross-motions for summary judgment regarding indemnification and fees on fees, the Debtor filed for bankruptcy;

WHEREAS, on December 1, 2019, Daugherty filed a separate lawsuit in the Delaware Court, captioned *Daugherty v. Dondero, et al.*, C.A. No. 2019-0956-MTZ, against Dondero, HERA, ERA, Hunton Andrews Kurth LLP ("Andrews Kurth"), Marc Katz ("Katz"), Michael Hurst ("Hurst"), the Debtor's Chief Compliance Officer, the Debtor's then in-house counsel (Isaac Leventon ("Leventon")), and the Debtor's then general counsel (Scott Ellington ("Ellington")), for conspiracy to commit fraud, among other claims (the "HERA Delaware Case" and together with the Highland Delaware Case, the "Delaware Cases");

WHEREAS, on April 1, 2020, Daugherty filed a general, unsecured, non-priority claim

3

against the Debtor in the amount of at "least $37,483,876.59," and such claim was denoted by the Debtor's claims agent as Proof of Claim No. 67 ("Proof of Claim No. 67");

WHEREAS, on April 6, 2020, Daugherty filed a general, unsecured, non-priority claim against the Debtor in the amount of at "least $37,482,876.62" that superseded Proof of Claim No. 67 and that was denoted by the Debtor's claims agent as Proof of Claim No. 77 ("Proof of Claim No. 77");

WHEREAS, on August 31, 2020, the Debtor commenced an adversary proceeding against Daugherty by filing a complaint (the "Complaint") in which the Debtor: (1) objected to Proof of Claim No. 77 on various grounds (the "Claim Objection"), and (2) asserted a cause of action for the subordination of part of Daugherty's claim pursuant to section 510(b) of the Bankruptcy Code. Adv. Proc. No. 20-03107 (the "Adv. Proc.") [Adv. Docket No. 1] (the "Adversary Proceeding");

WHEREAS, on September 29, 2020, Daugherty filed his answer to the Complaint [Adv. Docket No. 8] (the "Answer");

WHEREAS, on September 24, 2020, Daugherty filed his *Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay* [Docket No. 1099] (the "Stay Motion") pursuant to which he sought to sever the Debtor from the Highland Delaware Case and then consolidate the remaining claims in the Highland Delaware Case into the HERA Delaware Case and proceed with one case against the non-Debtor parties;[2]

WHEREAS, on October 23, 2020, Daugherty filed a motion seeking leave to amend his Proof of Claim No. 77 [Docket No. 1280] (the "POC Amendment Motion"). The amended proof

---

[2] On October 8, 2020, the Debtor commenced a second adversary proceeding against Daugherty (the "Second Adversary Proceeding"), seeking to enjoin him from prosecuting the Delaware Cases. Adv. Proc. 20-03128 ("2d Adv. Proc.") [2d Adv. Proc. Docket No. 1]. On January 29, 2021, the parties filed a Settlement that resolved the Second Adversary Proceeding, and the Second Adversary Proceeding was subsequently dismissed with prejudice. [2d Adv. Proc. Docket No. 12].

of claim attached to the POC Amendment Motion increased Daugherty's general, unsecured, non-priority claim against the Debtor to the amount of at "least $40,410,819.42" and sought to supersede Proof of Claim No. 67 and Proof of Claim No. 77;

WHEREAS, on October 23, 2020, Daugherty filed his *Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Motion*, seeking for his Claim to be temporarily allowed for voting purposes in this amount of $40,410,819.42 [Docket No. 1281] (the "3018 Motion");

WHEREAS, on November 3, 2020, the Court granted the Stay Motion [Docket No. 1327];

WHEREAS, the Debtor opposed the 3018 Motion, and after conducting an evidentiary hearing for the limited purpose of determining the 3018 Motion, the Court entered an order temporarily allowing Daugherty's Claim only for voting purposes in the amount of $9,134,019 [Docket No. 1474];

WHEREAS, on December 10, 2020, the Court entered an order [Docket No. 1533] granting the POC Amendment Motion, and Daugherty was permitted to file an amendment to his proof of claim. On December 23, 2020, Daugherty filed an amended proof of claim, designated by the Debtor's claim agent as Proof of Claim No. 205 ("Proof of Claim No. 205" or the "Daugherty Claim"). Proof of Claim No. 205 superseded Proof of Claim No. 77 and increased the amount of the Daugherty's Claim to $40,710,819.42;

WHEREAS, on November 30, 2020, Daugherty filed his Motion to Lift the Automatic Stay (the "Lift Stay Motion") [Docket No. 1491] seeking to lift the automatic stay to allow him to finish his trial in the Delaware Court and liquidate his claims. The Debtor opposed the Lift Stay Motion, and after a hearing was held on December 17, 2020, the Court denied the relief requested in the Lift Stay Motion [Docket No. 1612];

5

WHEREAS, except with respect to the Reserved Claim (as defined below), the Parties have agreed to settle and resolve all claims and disputes between them and their respective current affiliates, managed entities, and employees, including the Daugherty Claim, on the terms set forth in this Settlement:

## AGREEMENT

**NOW, THEREFORE**, after good-faith, arms-length negotiations, and in consideration of the foregoing, it is hereby stipulated and agreed that:

1.  <u>Allowed Claims</u>:  In full satisfaction of the entirety of the Daugherty Claim against the Debtor and HCMLP Released Parties (defined below), excluding the Reserved Claim, Daugherty shall receive (a) an allowed general unsecured Class 8 claim in the amount of $8,250,000; (b) an allowed subordinated general unsecured Class 9 claim in the amount of $3,750,000; and (c) a one-time lump sum cash payment in the amount of $750,000 to be paid within 5 business days of Bankruptcy Court approval of this Settlement Agreement.

2.  <u>Recovery</u>:  The Debtor makes no representation or warranty as to the recovery on Class 8 or Class 9 claims under the Plan.

3.  <u>Observation Access</u>:  As soon as practicable following entry of an order of the Bankruptcy Court approving this Settlement, HCMLP shall use reasonable efforts to petition the Claimant Trust Oversight Board[3] to permit Daugherty to have access as an observer to meetings of the Claimant Trust Oversight Board, subject to policies, procedures, and agreements applicable to other observers of the Claimant Trust Oversight Board, including policies, procedures, and agreements related to confidentiality and common interest.  Whether Daugherty will be granted observer access and any continuing observer access is and will remain at the sole discretion of the

---

[3] The Claimant Trust Oversight Board refers to the Oversight Board as defined in the August 11, 2021 Highland Claimant Trust Agreement establishing the Claimant Trust, as defined therein.

Claimant Trust Oversight Board.

    4.    <u>RCP Track Record</u>: HCMLP shall use reasonable efforts to provide Daugherty with data constituting the investment performance track record of RCP during Daugherty's tenure at HCMLP. Daugherty shall not be entitled to any compensation with respect to the performance of RCP. HCMLP makes no representations or warranties regarding such data and takes no responsibility with respect to the use of such data for any purposes.

    5.    <u>Daugherty Releases</u>: Except as specifically provided in this paragraph 5, and to the maximum extent permitted by applicable law, the Debtor, on behalf of itself and each of the HCMLP Entities and HCMLP Parties (as those terms are defined in paragraph 6 below), hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue Daugherty, his successors, affiliates, and assigns, (and in each such category to include their respective advisors, trustees, directors, officers, managers, members, partners, employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, affiliates, and designees) (collectively, the "<u>Daugherty Additional Release Parties</u>" and together with Daugherty, the "<u>Daugherty Released Parties</u>"), in each case acting in such capacity, for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation those which were or could have been asserted in the Bankruptcy, including the Adversary Proceeding, the Texas Action, or the Delaware Cases, all existing as of the date hereof (collectively, the "<u>HCMLP Released Claims</u>"); provided, however, that such release shall not

apply with respect to any and all defenses that HCMLP or the HCMLP Entities may have to the

Reserved Claim or the Reserve Motion (as those terms are defined herein) or Daugherty's

obligations under this Settlement. For the avoidance of doubt, the HCMLP Released Claims

include all claims or causes of action and facts, known or unknown, that exist as of the date hereof

but do not include or apply to claims or causes of action based on facts occurring after the date

hereof.

6.     HCMLP Releases: Except as specifically provided in this paragraph 6, and to the

maximum extent permitted by law, Daugherty, on behalf of himself and each of the Daugherty

Released Parties, hereby forever, finally, fully, unconditionally, and completely releases, relieves,

acquits, remises, and exonerates, and covenants never to sue, (a)(i) HCMLP; (ii) Strand Advisors

Inc.; (iii) the Claimant Trust; (iv) the Claimant Trust Oversight Board; (v) the Highland Litigation

Sub-Trust; (vi) the Highland Indemnity Trust; (vii) any entity of which greater than fifty percent

of the voting ownership is held directly or indirectly by HCMLP as of the date hereof and any

entity otherwise directly or indirectly controlled by HCMLP as of the date hereof,; and (viii) any

entity managed by either HCMLP or a direct or indirect subsidiary of HCMLP, including Highland

Restoration Capital Partners, L.P., Highland Restoration Capital Partners Offshore, L.P., Highland

Restoration Capital Master, L.P. (and all of their respective general partners, feeder funds,

managers, and affiliates) (the foregoing (a)(i) through (a)(viii) the "HCMLP Entities"), and (b)

with respect to each such HCMLP Entity, such HCMLP Entity's respective current (meaning

employed in their respective roles as of the date hereof) advisors, trustees, directors, officers,

managers, members, partners, employees, beneficiaries, shareholders (but not the shareholders of

Strand Advisors Inc.), agents, participants, subsidiaries, parents, affiliates, successors, designees,

and assigns, except as expressly set forth below (the "HCMLP Parties," and together with the

8

HCMLP Entities, the "HCMLP Released Parties"),[4] in each case acting in such capacity, for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including without limitation those which were or could have been asserted in the Bankruptcy, including the Adversary Proceeding, the Texas Action, the Daugherty Claim, or the Highland Delaware Case (collectively, the "Daugherty Released Claims"); provided, however, that such release shall not apply with respect to the Reserved Claim or the Reserve Motion (as those terms are defined in paragraph 9 below) or HCMLP's obligations under this Settlement. This release expressly applies to all current employees of HCMLP as the Reorganized Debtor (as defined in the Plan), in their capacities as such. For the avoidance of doubt, the Daugherty Released Claims includes all claims or causes of action and facts, known or unknown, that exist as of the date hereof but do not include or apply to claims or causes of action based on facts occurring after the date hereof.

7. <u>Reservation of Daugherty Rights</u>: Notwithstanding anything contained herein to the contrary, the term HCMLP Released Parties shall not include (a) NexPoint Advisors, L.P. (or any of its subsidiaries and employees, advisors, or agents), (b) the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and any of their respective employees, advisors, or agents), (c) NexBank, SSB (or any of its subsidiaries, employees, advisors, or agents), (d) James Dondero or any trust in which Dondero or any of his family members are a trustee or beneficiary (or any trustee acting for such trust), including but not limited to Hunter

---

[4] The Daugherty Additional Released Parties and the HCMLP Released Parties are collectively referred to as the "Additional Released Parties."

Case 19-34054-sgj11 Doc 3894-1 Filed 08/22/23 Entered 08/22/23 16:15:04 Page 25 of
Main Document Page 25 of 280
Ma Exhibit Ptl=t 30 Page 125 of 280

Mountain Investment Trust, The Get Good Trust, Dugaboy Investment Trust, SLHC Investment

Trust, (e) HERA (subject to paragraph 8 below), (f) ERA (subject to paragraph 8 below), (g) Grant

Scott, (h) Mark Okada and any trust in which Mark Okada or any of his family members are a

beneficiary (or any trustee acting for such trust in their respective capacities), (i) Ellington, (j)

Leventon, (k) Katz, (l) Hurst, (m) Andrews Kurth, or (m) any other former employee (as of the

date hereof) of the HCMLP Released Parties.

8.    HERA and ERA:  The Parties acknowledge and agree that as of the date hereof,

HERA and ERA have no material assets other than potential claims that may exist against persons

or entities not released at or prior to the date hereof, and no claims against the HCMLP Released

Parties. The allowed claims provided in paragraph 1 hereof are expressly agreed to in order to

satisfy any liability the Debtor may have in connection with the HERA Judgment.  To facilitate

recovery of such potential claims – which expressly excludes any and all claims by or in the name

of HERA and ERA against any of the HCMLP Released Parties -- HCMLP will transfer its

interests in HERA and ERA to Daugherty. Such transfer will include the HERA and ERA books

and records (spreadsheet) maintained on HCMLP's system.  Such transfer will be without

representation or warranty of any type; including, for the avoidance of doubt, without any

representation or warranty as to the merits of the potential claims or the efficacy of the transfer of

the potential claims.  Such transfer will be without any liability or material cost to HCMLP or its

affiliates or the other HCMLP Released Parties, including any liability in respect of any assets that

HERA or ERA ever actually or allegedly owned, possessed, or controlled and that were actually

or allegedly transferred, conveyed, sold, written off or otherwise disposed of (in any such case, a

"Disposition"). In connection with the transfer, HERA and ERA have expressly released the

HCMLP Released Parties from any and all claims, including any claims actions or remedies related

to any Disposition, either of them may have against any HCMLP Released Party now or in the future (the "HERA and ERA Release"). Daugherty on behalf of himself and each of the Daugherty Released Parties acknowledges, accepts, and agrees not to challenge the HERA and ERA Release or support any challenge thereto. A copy of the HERA and ERA Release is annexed hereto as **Exhibit A**. Daugherty acknowledges and agrees that even though HERA and ERA are not HCMLP Released Parties under this Agreement, Daugherty and all Daugherty Released Parties shall (a) not seek to hold any HCMLP Released Party liable for any action or inaction taken by or on behalf of HERA or ERA, including through any derivative, veil-piercing or similar cause of action or remedy; and (b) not seek to recover damages or obtain any form of relief against any HCMLP Released Party on account of any action or inaction taken by or on behalf of HERA or ERA, including through any veil piercing or similar cause of action or remedy. If, for any reason, HERA or ERA, or any person or entity acting on their behalf, recovers anything from any HCMLP Released Party, Daugherty shall promptly turnover to HCMLP or its successors and assigns any amounts actually recovered by Daugherty or any Daugherty Released Party, from HERA or ERA arising from, related to, or derived from any claim that HERA or ERA or any person or entity acting on their behalf has or may have against any HCMLP Released Party. HCMLP will provide reasonable assistance to Daugherty to assist with the preparation of any required HERA K-1s for 2021, but any requirement to provide such K-1s will be the obligation, if any, of HERA.

9. IRS Compensation Claim: In section 4(ii) of the Addendum to Proof of Claim No. 205, Daugherty contends that he has a contingent, unliquidated claim against the Debtor arising out of a 2008/2009 compensation letter (the "Reserved Claim"), which claim is also related to an audit/dispute between the Debtor and the Internal Revenue Service (the "IRS") (the dispute between the Debtor and IRS being referred to herein as the "IRS Audit Dispute"). The Debtor

11

disputes the validity and amount of the Reserved Claim. Daugherty shall retain the Reserved Claim solely against the Debtor and not against any other HCMLP Released Party, and the Debtor reserves the right to assert any and all defenses thereto. Any litigation by and between the Debtor and Daugherty concerning the validity and amount of the Reserved Claim shall be stayed until the IRS makes a final determination with respect to the IRS Audit Dispute; provided, however, that Daugherty may file a motion with the Bankruptcy Court to have the Reserved Claim estimated for purposes of establishing a reserve as a "Disputed Claim" under the Debtor's Plan (the "Reserve Motion"), and the Debtor (and any successor) reserves the right to assert any and all defenses thereto. Notwithstanding the foregoing, Daugherty may address any personal claim or personal liability to the IRS as a result of the IRS Audit Dispute, including settlement of any such claims; provided, however, Daugherty agrees to forego settling or addressing any claims with the IRS without the written consent of the Debtor until March 31, 2022.

10. Current HCMLP Employees: The HCMLP Parties set forth on **Appendix A** hereto are currently employed by the Debtor are HCMLP Released Parties. By executing a copy of this Settlement and delivering it to Daugherty, each of the persons on Appendix A agrees not to sue, attempt to sue, or threaten or work with or assist any entity or person to sue, attempt to sue, or threaten any Daugherty Released Party on or in connection with any claim or cause of action arising prior to the date of this Settlement.

11. Dismissal and Motions in Other Actions. Within ten business days after approval of this Settlement by the Bankruptcy Court, the Parties shall take all steps necessary (a) to dismiss with prejudice (i) the Highland Delaware Case, as against the Debtor and any HCMLP Released Party, and (ii) the HERA Delaware Case, as against every HCMLP Released Party, (b) to file an agreed motion and proposed order to partially vacate the final judgment entered against Daugherty

in the Texas Action, (c) withdraw HCMLP's objection to the Daugherty motion to recuse in the

Texas Action, and (d) to dismiss the Adversary Proceeding with prejudice. The parties shall file

the foregoing motions and withdrawals substantially in the form of the documents annexed hereto

as **Exhibit B**.

12.     <u>Additional Third Party Claims Discovery</u>:  The Debtor (a) shall accept service of

any subpoenas via email served by Daugherty in connection with the Delaware Cases on behalf of

itself, the HCMLP Entities, the HCMLP Parties (but only in their capacity as employees of

HCMLP); and (b) acknowledge and consent to the jurisdiction of the Delaware Chancery Court

for purposes of enforcing any such subpoenas, subject in all respects to the rights that the HCMLP

Entities and HCMLP Parties to defend the requested production, if any.

13.     <u>Settlement of Third Party Claims</u>:  Daugherty shall not settle any claims or causes

of action against any current or former director, officer, employee, agent or representative of

HCMLP or Strand Advisors Inc. (collectively, the "<u>Potentially Indemnified Parties</u>") to the extent

such claims have been brought or could have been brought against any Potentially Indemnified

Parties, if any such settlement designates, defines or describes the settled claims as arising out of

or relating to simple negligence or as having otherwise been within the scope of employment of

the Potentially Indemnified Party.

14.     <u>Claims Register</u>:  As soon as practicable after the Settlement Effective Date,

HCMLP shall instruct the claims agent in the Debtor's chapter 11 case to adjust the claims register

in accordance with this Settlement.

15.     <u>Daugherty Representations</u>:  Daugherty represents and warrants to each of the

HCMLP Released Parties that (a) he has full authority to release the Daugherty Released Claims

and has not sold, transferred, or assigned any Daugherty Released Claim to any other person or

entity and that (b) no person or entity other than Daugherty has been, is, or will be authorized to bring, pursue, or enforce any Daugherty Released Claim on behalf of, for the benefit of, or in the name of (whether directly or derivatively) Daugherty.

16.    HCMLP Representations: Each of HCMLP and each HCMLP Released Party who has signed this Settlement represents and warrants to Daugherty that (a) he, she or it has not sold, transferred, pledged, assigned or hypothecated any HCMLP Released Claim to any other person or entity and (b) he, she, or it has full authority to release any HCMLP Released Claims that such HCMLP Released Party personally has against Daugherty.

17.    Additional HCMLP Representations: HCMLP represents and warrants that it is releasing the HCMLP Released Claims on behalf of the HCMLP Entities to the maximum extent permitted by any contractual or other legal rights HCMLP possesses. To the extent any of the HCMLP Entities dispute HCMLP's right to release the HCMLP Released Claims on behalf of any of the HCMLP Entities, HCMLP shall use commercially reasonable efforts to support Daugherty's position, if any, that such claims were released herein. For the avoidance of doubt, HCMLP will have no obligations to assist Daugherty under this paragraph if HCMLP has been advised by external counsel that such assistance could subject HCMLP to liability to any third party or if such assistance would require HCMLP to expend material amounts of time or money. HCMLP shall not argue in any forum that the non-signatory status of any of the HCMLP Entities to this Settlement shall in any way affect the enforceability of this Settlement vis-à-vis any of the HCMLP Entities. The Parties agree that all of the HCMLP Entities are intended third-party beneficiaries of this Release.

18.    HCMLP Covenant: HCMLP and the HCMLP Entities covenant and agree that they will not pursue or seek to enforce any injunctions entered in the Texas Action against

Daugherty.

19. <u>Entire Agreement; Modification</u>: This Settlement contains the entire agreement between the Parties as to its subject matter and supersedes and replaces any and all prior agreements and undertakings between the Parties. This Settlement may not be modified other than by a signed writing executed by the Parties.

20. <u>Bankruptcy Court Approval</u>: Notwithstanding anything to the contrary contained herein, the effectiveness of HCMLP and the Claimant Trust's execution of this Settlement shall be subject to entry of an order of the Bankruptcy Court approving this Settlement. HCMLP shall take all steps necessary to file with the Bankruptcy Court a motion for an order approving this Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 and section 363 of the Bankruptcy Code (the "<u>Motion</u>"). The parties agree to cooperate in the preparation and prosecution of the Motion which shall be filed no later than 5 business day after execution of this Settlement, unless such time is extended by mutual agreement.

21. <u>Counterparts</u>: This Settlement may be executed in counterparts (including facsimile and electronic transmission counterparts), each of which will be deemed an original but all of which together constitute one and the same instrument and shall be effective against a Party or Additional Released Party upon approval of the Settlement by the Bankruptcy Court.

22. <u>Governing Law; Jurisdiction</u>: This Settlement will be exclusively governed by and construed and enforced in accordance with the laws of the State of Delaware, without regard to its conflicts of law principles, and all claims relating to or arising out of this Settlement, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be governed by the laws of the State of Delaware, excluding Delaware's conflicts of law principles. The Bankruptcy Court will retain exclusive jurisdiction over all disputes relating to this Settlement.

23.     <u>Headings</u>:  Paragraph headings included herein are for convenience and shall have

no impact whatsoever on the meaning or interpretation of any part of this Settlement.

[Remainder of page intentionally left blank]

In witness whereof, the parties hereto, intending to be legally bound, have executed this

Settlement as of the day and year set forth below:

Dated: _11-21-21_

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____

Name: James P. Seery, Jr.

Title: Chief Executive Officer

HIGHLAND CLAIMANT TRUST

By: _____

Name: James P. Seery, Jr.

Title: Claimant Trustee

PATRICK HAGAMAN DAUGHERTY

Dated: _11/22/21_

By: _____

Name: Patrick Hagaman Daugherty

## EXHIBIT A

# HERA RELEASE AGREEMENT

This HERA Release Agreement ("HERA Release Agreement") is entered into as of November 21, 2021 by and among Highland Capital Management, L.P., as reorganized debtor ("HCMLP" or the "Debtor"), Patrick Hagaman Daugherty ("Daugherty"), Highland Employee Retention Assets, LLC ("HERA") and Highland ERA Management, LLC ("ERA" and together with HCMLP, and HERA, the "Parties," and individually as a "Party").

WHEREAS, reference is hereby made to the Settlement Agreement (the "Settlement") of even date herewith and attached hereto made and entered into by and between the Debtor, the Highland Claimant Trust, and Daugherty.

WHEREAS, the Settlement settles all of Daugherty's claims against the HCMLP Released Parties, including all claims against the HCMLP Released Parties relating to transfers of assets from HERA.

WHEREAS, the Settlement includes, among other things, the transfer by HCMLP to Daugherty of HCMLP's interests in HERA and ERA.

WHEREAS, under the Settlement such transfer is being made without any liability to any of the HCMLP Released Parties of any type and is conditional on the full release of, and covenant not to sue, each of the HCMLP Released Parties, by and from HERA, ERA, Daugherty and the Daugherty Released Parties.

WHEREAS, neither HERA nor ERA filed proofs of claim in the Bankrupty and have no claims against HCMLP.

WHEREAS, out of an abundance of caution to confirm that HERA, ERA, Daugherty, and the Daugherty Released Parties have no claims against the HCMLP Released Parties, this HERA Release Agreement is being entered into contemporaneously with the Settlement and constitutes an

essential part thereof.

WHEREAS, capitalized terms used herein but not otherwise defined herein have the respective meanings set forth in the Settlement.

NOW, THEREFORE, in consideration of the entry into of the Settlement, the transfer of the equity interests in HERA and ERA to Daugherty in accordance with the Settlement, and for other good and valuable consideration, including the provisions set forth herein, the parties hereto further agree as follows:

1.    Upon entry of an order of the Bankruptcy Court approving this Settlement and to the maximum extent permitted by law, Daugherty, on behalf of himself and each of the Daugherty Additional Release Parties, together with each of HERA and ERA (Daugherty, the Daugherty Additional Release Parties, HERA and ERA shall be collectively referred to herein as the "HERA Releasing Parties"), each hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, any of the HCMLP Released Parties for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including without limitation those which were or could have been asserted in the Bankruptcy, including the Adversary Proceeding, the Texas Action, the Daugherty Claim, Highland Delaware Case, or the HERA Delaware Case (collectively, "Claims"), in each case that in any way arise from or otherwise in any way relate to HERA or ERA, including, without limitation, any actual or potential claims, whether known or unknown, in any way related to or

arising out of the formation, management, operation or assets of HERA, ERA or any of their
respective predecessors or successors, including the transfer of any assets to or from HERA or
ERA, it being understood that all remaining assets of HERA have been transferred to HCMLP
prior to the date hereof, and in addition to the releases set forth above, each of the HERA
Releasing Parties irrevocably waives and releases and covenants not to sue with respect to any
Claims against any of the HCMLP Released Parties in any way related to any such transfers or
assets, whether *in personam* with respect to the HCMLP Released Parties or *in rem* with respect
to any of their assets (collectively, the "HERA Released Claims") or any other Disposition.

2.      This Release constitutes a part of, and is supplemental to, the provisions of the
Settlement.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

In witness whereof, the parties hereto, intending to be legally bound, have executed this

HERA Release Agreement as of the date set forth above.

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____

Name:  James P. Seery, Jr.

Title:   Chief Executive Officer

PATRICK HAGAMAN DAUGHERTY

By: _____

Name:  Patrick Hagaman Daugherty

HIGHLAND EMPLOYEE RETENTION ASSETS, LLC

By: Highland ERA Management, LLC, its manager

By: Highland Capital Management. LP

By: _____

Name:  James P. Seery, Jr.

Title:   Chief Executive Officer

HIGHLAND ERA MANAGEMENT, LLC

By: _____

Name:  James P. Seery, Jr.

Title:   Authorized Signatory

# EXHIBIT B

CAUSE NO. 12-04005

| | | |
|---|---|---|
| HIGHLAND CAPITAL | § | IN THE DISTRICT COURT OF |
| MANAGEMENT, L.P., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| PATRICK DAUGHERTY, | § | |
| | § | |
|     Defendant and Counter-Plaintiff, | § | DALLAS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| SIERRA VERDE, LLC, HIGHLAND | § | |
| EMPLOYEE RETENTION ASSETS | § | |
| LLC, JAMES DONDERO, PATRICK | § | |
| BOYCE, AND WILLIAM L. BRITAIN, | § | |
| | § | |
|     Third-Party Defendants. | § | |
| | § | |
| | § | 68ᵗʰ JUDICIAL DISTRICT |

## AGREED MOTION TO PARTIALLY VACATE THE FINAL JUDGMENT DATED JULY 14, 2014

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Highland Capital Management, LP ("Highland") and Defendant Patrick Daugherty ("Daugherty" and together with Highland, the "Parties") file this *Agreed Motion to Partially Vacate the Final Judgment dated July 14, 2014* (the "Motion"), and respectfully show the following:

1.    On July 14, 2014, this Court entered a *Final Judgment* (the "Judgment") that, among other things, granted Highland's motion for injunctive relief against Daugherty.

2.    The Judgment was amended on March 23, and June 23, 2017.

3.    On October 16, 2019, filed a petition under chapter 11 in the United States Bankruptcy Court for the District of Delaware ("Highland's Bankruptcy Case"). On October 24,

**AGREED MOTION TO PARTIALLY VACATE FINAL JUDGMENT - PAGE 1 OF 5**
4851-6473-6986.4

2019, as a result of the commencement of Highland's Bankruptcy Case, the Supreme Court of

Texas issued an order abating a related case that Daugherty had brought in that court, Case No.

19-0758.   Highland's Bankruptcy Case was subsequently transferred to the United States

Bankruptcy Court for the Northern District of Texas.

4.      Daugherty asserted certain claims against Highland in Highland's Bankruptcy

Case. The Parties have fully and finally resolved their disputes pursuant to a settlement agreement

(the "Settlement Agreement") reached in the Highland Bankruptcy Case pursuant to which, among

other things, (a) all of Daugherty's known and unknown claims against each of the Highland

Released Parties (as those terms are defined in the Settlement Agreement) are resolved, and (b)

this Motion seeking the *vacatur* of certain provisions of the Judgment specifically set forth below

is being filed.

5.      Highland and Daugherty hereby agree and stipulate that the Court has plenary

power to issue an order granting this Motion because the Court retained authority to enforce the

permanent injunction rendered in the Judgment, and that changed circumstances have now arisen

such that the Court should dissolve the permanent injunction.   Highland and Daugherty further

agree and stipulate that this Motion shall be treated as an agreement of the Parties pursuant to

Texas Rule of Civil Procedure 11, and is fully enforceable. *See Coale v. Scott*, 331 S.W.3d 829,

831-32 (Tex. App.—Amarillo 2011, no pet.) ("Irrespective of whether a trial court lost its plenary

jurisdiction over its judgment, the trial court's authority to approve a Rule 11 agreement does not

depend on whether it has such jurisdiction.").

6.      Highland and Daugherty agree that the following portions of the Judgment shall be

vacated pursuant to their settlement in the Highland Bankruptcy:

a.  The second full paragraph on Page 2 of the Judgment, which begins "The Court, after considering the jury's findings regarding Daugherty's breaches of contract and breaches of fiduciary duty . . .";

b.  The permanent injunction rendered against Daugherty in the third full paragraph on Page 2 of the Judgment, which begins "It is therefore further ORDERED that Daugherty be and hereby is commanded to cease and desist from . . .";

c.  The fourth and fifth full paragraphs on Page 2 of the Judgment awarding Highland a monetary judgment against Daugherty for reasonable and necessary attorney's fees, as well as post-judgment interest on that award[1]; and

d.  The jury's answers to Questions 1, 2, 5, 6, 9 and 12 in the Verdict, which was attached as Exhibit 1 to the Judgment.

7.  Highland and Daugherty further agree that, as a result of the vacation of the permanent injunction in the Judgment, Highland hereby withdraws any pending motions to show cause or motions for contempt against Daugherty that allege Daugherty violated or is violating the permanent injunction. Highland also agrees not to seek to enforce the permanent injunction in any manner in the future.

---

[1] Daugherty previously satisfied the monetary judgment awarded to Highland, and Highland filed a release of the monetary judgment. Although Highland and Daugherty have agreed to vacate the monetary judgment awarded to Highland, Daugherty waives and relinquishes any right or claim to recover any amount previously paid in satisfaction of the Judgment and Highland shall not be required to reimburse Daugherty for his prior satisfaction of the monetary judgment. To the extent Daugherty is entitled to indemnification for any liabilities, losses, and damages allegedly incurred by him for actions taken in connection with Highland's business, including the liabilities Daugherty allegedly incurred in connection with this action and the Judgment, such indemnification claims have been fully and finally satisfied and resolved under the Settlement Agreement.

**AGREED MOTION TO PARTIALLY VACATE FINAL JUDGMENT - PAGE 3 OF 5**
4851-6473-6986.4

8.      Concurrent with the filing of this Motion, Daugherty will file a motion to dismiss his as-yet unfiled petition for review pending before the Supreme Court of Texas under Case No. 19-0758.

9.      Highland and Daugherty further agree that any portions of the Judgment that are not specifically vacated pursuant to this Motion shall remain in full force and effect.

WHEREFORE, Highland and Daugherty pray that the Court grant this Motion in its entirety, and for all further relief, at law or in equity, the Court deems necessary.

Respectfully submitted,

GRAY REED & McGRAW LLP

By:    */s/ Sonya D. Reddy*
        ANDREW K. YORK
        State Bar No. 24051554
        E-mail: dyork@grayreed.com
        SONYA D. REDDY
        State Bar No. 24079188
        E-mail: sreddy@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Fax)

**ATTORNEYS FOR PATRICK DAUGHERTY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been transmitted by electronic transmission to all counsel of record on February ___, 2021, as follows:

Marc D. Katz
Crystal J. Woods
DLA PIPER LLP (US)
1717 Main St., Suite 3700
Dallas, Texas 75201
214-743-4545 (Fax)
marc.katz@dlapiper.com
crystal.woods@dlapiper.com

Attorneys for Highland Capital
Management, L.P.

Michael K. Hurst
A. Shonn Brown
Jonathan Childers
LYNN PINKER COX HURST, LLP
2100 Ross Ave., Suite 2700
Dallas, Texas 75201
(214) 981-3839 (Fax)
mhurst@lynnllp.com
sbrown@lynnllp.com
jchilders@lynnllp.com

Attorneys for Third-Party Defendants HERA,
Patrick Boyce, and William Britain

*/s/ Sonya D. Reddy*
SONYA D. REDDY

**AGREED MOTION TO PARTIALLY VACATE FINAL JUDGMENT - PAGE 5 OF 5**
4851-6473-6986.4

**APPENDIX A** (signatures to follow)

1. James P. Seery, Jr.
2. Cameron Baynard
3. Nathan Burns
4. Timothy Cournoyer
5. Naomi Chisum
6. Stetson Clark
7. Sean Fox
8. Matthew Gray
9. Kristin Hendrix
10. David Klos
11. Vishal Patel
12. Thomas Surgent
13. Michael Throckmorton