PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK HAGAMAN DAUGHERTY,<br><br>Defendant. | Adversary Proceeding No.<br><br>_____ |

**COMPLAINT FOR (1) DISALLOWANCE OF CLAIM NO. 205 IN ITS ENTIRETY, (2) ESTIMATION OF CLAIM NO. 205 FOR ALLOWANCE PURPOSES, OR (3) SUBORDINATION OF ANY ALLOWED PORTION OF <u>CLAIM NO. 205 OF PATRICK HAGAMAN DAUGHERTY</u>**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

EXHIBIT
PD-5

Highland Capital Management, L.P., the reorganized debtor ("Highland" or the "Debtor" as applicable) in the above-captioned chapter 11 case ("Bankruptcy Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), files the *Complaint for (1) Disallowance of Claim No. 205 in Its Entirety, (2) Estimation of Claim No. 205 for Allowance Purposes, or (3) Subordination of Any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty* (the "Complaint"), alleging upon knowledge of its own actions and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT[2]

1. Patrick Daugherty is a former employee of, and former limited partner in, the Debtor. Mr. Daugherty filed a claim (denoted as Claim No. 205) in which he asserted a myriad of claims against the Debtor. All of Mr. Daugherty's claims were settled except his unliquidated, contingent claim that the Debtor has a continuing and indefinite obligation to make him whole if a tax refund he apparently received for tax year 2008 on account of his Partnership Interests is ever successfully challenged by the IRS.

2. As discussed below, in 2009, Mr. Daugherty was allocated his applicable losses from Highland for tax year 2008 on account of his Partnership Interests. The allocation of losses in 2009 fully satisfied the 2008 Refund line item in the 2009 Statement; Mr. Daugherty received exactly what he was entitled to receive from Highland. Accordingly, Mr. Daugherty's Claim against the Debtor for additional compensation for 2008 has no basis and the Claim should be disallowed.

3. To avoid this result, Mr. Daugherty alleges the Debtor is required to make him whole if any portion of the tax refund he received for 2008 on account of his Partnership Interest

---

[2] All capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

is clawed back by the IRS—Highland's 2008 tax return is currently subject to an IRS audit. But the 2009 Statement contains no future, ongoing obligations. Under the 2009 Statement, if Mr. Daugherty received the material equivalent of the "2008 Refund" (which he apparently did), Highland's obligations have been satisfied in full. The 2009 Statement contains no ongoing obligation for Highland to defend Mr. Daugherty or indemnify him. And it would violate basic tenets of contract law to read vague and indefinite precatory language in the 2009 Statement as creating a specific continuing and binding payment obligation that can be enforced forever. This is particularly true where the agreement that governed Mr. Daugherty's employment by the Debtor expressly provided that after his separation from the Debtor, the Debtor would have no further liability or obligation to Mr. Daugherty in connection with his employment.

4. However, even if Mr. Daugherty's Claim is not disallowed in its entirely, it remains contingent on the outcome of the 2008 Audit. It is unclear when, how, or if the 2008 Audit will be finally resolved. Moreover, if the Claim is not disallowed, it will need to be estimated—after taking into account the likely outcome of the 2008 Audit, including adjustments that result therefrom—pursuant to 11 U.S.C. § 502(c). The Claim (in whatever amount) based on his partnership tax allocations must also be subordinated to the interests in Class 10 pursuant to 11 U.S.C. § 510(b).

## JURISDICTION AND VENUE

5. This Adversary Proceeding arises in and relates to Highland's Bankruptcy Case.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

7. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and, pursuant to Bankruptcy Rule 7008, Highland consents to the entry of a final order by the Court if

it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the U.S. Constitution.

8.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

9.  Highland is a limited partnership formed under the laws of Delaware with a business address at 100 Crescent Court, Suite 1850, Dallas, Texas 75201.

10. Upon information and belief, Defendant Patrick Daugherty is an individual residing at 3621 Cornell Avenue, Suite 830, Dallas, Texas 75205.

## STATEMENT OF FACTS

I.  **The Bankruptcy Case and Mr. Daugherty's Claims**

11. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Bankruptcy Case.

12. On April 1, 2020, Mr. Daugherty filed Proof of Claim No. 67 ("Claim 67"). On April 6, 2020, Mr. Daugherty filed Proof of Claim No. 77 ("Claim 77"), which superseded and replaced Claim 67 in its entirety. On December 23, 2020, Mr. Daugherty filed Proof of Claim No. 205 (the "Claim" or "Claim 205"), which superseded and replaced Claim 77 in its entirety.

13. On February 22, 2021, this Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943],[3] which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Bankr. Docket No. 1808] (as amended, the "Plan"). The Plan became effective August 11, 2021 [Bankr. Docket No. 2700].

---

[3] Bankr. Docket No. __" refers to the docket maintained in Case No. 19-34054-sgj11.

4911-7107-6131.13 36027.003            4

14. On December 8, 2021, the Debtor filed *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Bankr. Docket No. 3088] (the "Settlement Motion").

15. This Court approved the Settlement Motion on March 8, 2022 [Bankr. Docket No. 3298] (the "Settlement Order"), disallowing Claim 67 and Claim 77 with prejudice and resolving all of Claim 205 other than Mr. Daugherty's claim for the 2008 Refund.

## II. Mr. Daugherty Was Employed by the Debtor and Became a Limited Partner

16. Mr. Daugherty was hired by the Debtor in 1998. Later, he became eligible to participate in the Debtor's long-term incentive plan (the "LTIP"). Pursuant to the LTIP, at various times, Mr. Daugherty received limited partnership interests in the Debtor (the "Partnership Interests") and became one of the Debtor's limited partners. At all relevant times with respect to Claim 205 as it relates to the 2008 Tax Refund, Mr. Daugherty's employment was governed by an *Amended and Restated Employment Agreement*, dated as of December 31, 2004 (the "Employment Agreement"). For the 2008 tax year, Mr. Daugherty was allocated 0.740262% of the taxable losses of the Debtor on account of his Partnership Interests.

17. Because the Debtor was a limited partnership, it was a pass-through entity for tax purposes and paid no federal income tax. The Debtor's limited partners, including Mr. Daugherty, were therefore required to pay individual federal income taxes (among other taxes) based on, among other things, their allocable share of the Debtor's income, if any, or could use their allocable share of any losses to offset other current income or, in certain circumstances, carry back losses, and receive a tax refund from the Internal Revenue Service (the "IRS"). Thus, because of his Partnership Interests, Mr. Daugherty was entitled to receive a pass through of his allocable share of any taxable gains or losses generated by the Debtor. Taxable gains increase tax liability; taxable losses decrease tax liability.

### III. The 2009 Statement and IRS Audit

18. On February 27, 2009, the Debtor provided Mr. Daugherty with a *Comprehensive Compensation and Benefits Statement* recapping all earnings, awards, and benefits Mr. Daugherty received in connection with his employment by and Partnership Interests in the Debtor during calendar year 2008 (the "2009 Statement"). A true and accurate copy of the 2009 Statement is attached hereto as **Exhibit A**. Such statements were provided to all employees each year at the conclusion of the annual performance review and bonus cycle.

19. The 2009 Statement included what Highland estimated to be the tax refund Mr. Daugherty could expect for tax year 2008 in the amount of $1,475,816 (the "2008 Refund"). That amount purported to be an estimate of the pre-tax equivalent refund that Mr. Daugherty should have expected to receive from the IRS on account of the losses attributable to his Partnership Interests for the 2008 tax year.

20. The 2008 Refund was "an estimated amount" based on the notion that losses in 2008 would equal or exceed total partnership gains that had been allocated to Mr. Daugherty in tax years 2005, 2006, and 2007 and assuming a 27% effective tax rate for each year for all of the employee limited partners. The amount was then "grossed up" by 35% so that Mr. Daugherty could compare it to the value of the other benefits for being a Debtor partner and employee[4]. Finally, the estimated partner tax refund amount was calculated without reference to Mr. Daugherty's other personal tax attributes for the 2008 tax year or prior years, and partners were advised that each person's own actual refund may vary based on their own effective tax rate.

21. While the 2009 Statement vaguely noted that "[i]f actual refund deviates materially from estimate, other compensation will be fairly adjusted," partners like Mr.

---

[4] The calculation of the 2008 Refund was therefore 2005-2007 allocated income of $3,552,890 x 27% or $959,280. Then the $959,280 was divided by 35% for a "pre-tax" calculated amount of $1,475,816.

Daugherty were told that the tax refund amounts were "not guaranteed," and that if refund amounts were different, Highland would merely "consider what action to take on a case-by case basis, considering several factors."

22. As reflected on his K-1 for tax year 2008 (the "2008 K-1"), Mr. Daugherty was allocated ordinary business losses by Highland in excess of $4 million, along with other losses that well-exceeded the allocated income from 2005-2007.[5] As shown in the 2008 K-1, Mr. Daugherty received what he was promised in the 2009 Statement, if not more.

23. After the obligations to Mr. Daugherty under the 2009 Statement had been satisfied, the IRS began an audit of Highland's 2008 tax return (the "2008 Audit").[6] On information and belief, the 2008 Audit is not yet fully resolved.

24. On October 31, 2011, Mr. Daugherty terminated his employment with Highland. Pursuant to the express conditions of his Employment Agreement, Mr. Daugherty acknowledged and agreed that the Debtor would "have no further liability or obligation to [Mr. Daugherty] under [the Employment Agreement] or in connection with his/her employment of termination."

IV. **The Alleged Basis for the Claim**

25. In the Claim, Mr. Daugherty demands the Debtor pay him $2,650,353, which consists of the full amount of the 2008 Refund ($1,475,816) plus interest of $1,174,537.[7] Mr.

---

[5] In the simplest terms, to determine whether an individual owes additional taxes or is entitled to a refund, income or losses are multiplied by the applicable tax rate. As an example, in a vacuum, $4 million of taxable losses allocated to an individual in the 27% bracket would result in $1.1 million of benefit in terms of reduction to their taxes owed ($4 million x 27% = $1.1 million). Likewise, $1 million of adjusted gross income resulting from W-2 wage income for an individual would result in $270,000 of tax liability for an individual whose effective tax rate is 27%, all else equal.

[6] Strand Advisors, Inc. ("Strand"), is the Debtor's "tax matters partner" for purposes of defending the 2008 Audit. Control of Strand reverted to James Dondero—the Debtor's ousted founder—in 2021, and the Debtor has no role in the 2008 Audit or visibility into its current status or how it is being conducted. On information and belief, the 2008 Audit has not been resolved and is heading to court with a resolution not expected until approximately 2029.

[7] Mr. Daugherty has provided no statutory or other justification for his claim for interest nor has he provided a proposed interest rate.

Daugherty's theory seems to be that if, upon the conclusion of the 2008 Audit, he is required to reverse the tax loss he received as a limited partner, the Debtor must reimburse him for the entirety of the 2008 Refund with interest. In other words, Mr. Daugherty reads a continuing obligation into the 2009 Statement to indemnify him for personal income taxes he may owe, if any, as a result of the 2008 Audit.

26. However, and as set forth above, there is no such obligation in the 2009 Statement. Mr. Daugherty has no claim.

27. But even if Mr. Daugherty did have a claim (he does not), it would be unliquidated and contingent and subordinated as it arises solely from his Partnership Interests.

## FIRST CLAIM FOR RELIEF

### (Disallowance under Bankruptcy Code 11 U.S.C. § 502(a))

28. Highland repeats and re-alleges as if set forth herein the foregoing factual allegations.

29. Under 11 U.S.C. § 502(a) a "claim ..., proof of which is filed under section 501 [of the Bankruptcy Code], is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a).

30. The ultimate burden of proof for a claim always lies with the claimant. *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

31. Mr. Daugherty received and has benefited for the past 16 years from the 2008 Refund, *i.e.*, the 2008 losses allocated to Mr. Daugherty as a Highland partner. The benefit he received from the IRS (either as a tax refund or liability reduced through offsetting of income) did not materially deviate from, and may have exceeded, the basis for the estimated 2008 Refund set forth in the 2009 Statement.

4911-7107-6131.13 36027.003　　　　　　　　　　8

32. Accordingly, the Debtor satisfied its obligations (to the extent it even had any) under the 2009 Statement in full, and no additional, future obligations exist under the 2009 Statement. Because the Debtor has satisfied its obligations, Claim 205 should be disallowed in its entirety.

33. Moreover, even if the tax benefits he received related to tax year 2008 materially deviated from the 2009 Statement, Mr. Daugherty would not be able to recover from the Debtor based on the vague statement in the 2009 Statement that lacks the definiteness required to form a contractual obligation.

## SECOND CLAIM FOR RELIEF

### (Estimation under Bankruptcy Code 11 U.S.C. § 502(c))

34. Highland repeats and re-alleges as if set forth herein the foregoing factual allegations.

35. As set forth above, Mr. Daugherty has no Claim; however, to the extent the Court believes he has one, it is unliquidated and contingent on the final outcome of the 2008 Audit, including the magnitude of any adjustments. If the 2008 Audit is successfully defended, Mr. Daugherty will have no claim.

36. Under 11 U.S.C. § 502(c) "[t]here shall be estimated for purposes of allowance … (1) any contingent or unliquidated claim, the fixing or liquidation of which … would unduly delay the administration of the case …."

37. The Plan was confirmed in February of 2021 and has been effective since August of 2021. Mr. Daugherty's Claim is the last unresolved claim[8] against the estate.

38. It is currently unknown when, if, or how the 2008 Audit will be resolved.

---

[8] The Equity Interests in subordinated Class 10 and further subordinated Class 11 have not been allowed under the terms of the Plan.

4911-7107-6131.13 36027.003     9

39.     Accordingly, the Debtor requests that this Court estimate the Claim—after taking into account the likelihood and degree to which the 2008 Audit will be successful or unsuccessful—under 11 U.S.C. § 502(c) for purposes of allowance and distribution.

### THIRD CLAIM FOR RELIEF

### (Subordination under Bankruptcy Code 11 U.S.C. § 510(b))

40.     Highland repeats and re-alleges as if set forth herein the foregoing factual allegations.

41.     Under the Bankruptcy Code,

> a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security ….

11 U.S.C. § 510(b). Section 510(b) requires the subordination of claims arising from the purchase of the equity itself and all claims arising thereafter as incidents of ownership. *In re SeaQuest Diving, LP*, 579 F.3d 411, 421 (5th Cir. 2009).

42.     Section 510(b) applies to the ownership of limited partnership interests. *Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 154 (5th Cir. 2015).

43.     Mr. Daugherty owned the Partnership Interests, and his Claim is contingent on the IRS clawing back the 2008 Refund he received on account of those Partnership Interests through the 2008 Audit.

44.     But for the Partnership Interests, Mr. Daugherty would not have been entitled to the 2008 Refund nor would Mr. Daugherty have any potential liability to the IRS from the 2008 Audit. A nexus or causal relationship exists between Claim 205 and the "purchase" of the Partnership Interests.

45.  Accordingly, judgment should issue declaring that the Claim—to the extent it is not disallowed in full—is subordinated pursuant to 11 U.S.C. § 510(b) and shall, subject to such other defenses or objections as may exist with respect to the Claim, have the same rank and priority as Class 11 under the Plan.

## PRAYER

WHEREFORE, Highland prays for judgment as follows:

1. For the disallowance of the Claim in its entirety;

2. For estimation for the Claim for purposes of allowance and distribution;

3. For subordination of the Claim;

4. For damages and costs of suit, including attorneys' fees, incurred in connection herewith; and

5. For such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

| | |
|---|---|
| Dated: May 2, 2025. | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>      jmorris@pszjlaw.com<br>      gdemo@pszjlaw.com<br>      hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

# EXHIBIT A

# PAT DAUGHERTY

Date of Hire: 4/3/1998
Comprehensive Compensation and Benefits Statement
February 27, 2009

## EARNINGS AND AWARDS

2008 Base Salary, as of 12/31/08                                                            $ ▮▮▮▮0

**2009 Base Salary, effective March 1, 2009 : $ ▮▮▮▮0**

2008 Tax Refund                                                                             $ 1,475,816

Refund is an estimated amount. If actual refund deviates materially from estimate, other compensation will be fairly adjusted. Refund is expected to be received in approximately 4 months.

Loan Forgiven in 2009 as part of bonus:

2008 Other Awards
- 401K Match
- Defined Benefit

2008 Deferred Compensation
- Retention Award

Highland's Hedge Funds and Private Equity funds, for a variety of reasons, largely preclude redemptions and Highland Capital Management, L.P. may or may not be in a position to provide a cash equivalent upon triggering of any employee specific monetization. Therefore for this deferred compensation award and any previous awards of Option IT and STIP, Employee agrees to accept payment in kind settlement of any monetization if necessary. _____ (*Please Initial*)

*2008 Total Earnings and Awards*                                                            $ ▮▮▮▮

## HIGHLAND PAID BENEFITS

Medical
Dental
Basic and Dependent Life Insurance/AD&D
Short Term Disability and Long Term Disability
Executive LTD
Daily Catered Lunches
Blackberry
Parking

*2008 Estimated Total Value of Highland Paid Benefits*

## TOTAL COMPENSATION PACKAGE                                                                $ ▮▮▮▮

*Waiver and Release Payments in 2008*                                                       $ ▮▮0

ACCEPTED AND AGREED:

_____                                    _____
**Patrick Daugherty**                                              **Date**

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Highland Capital Management, L.P. | **DEFENDANTS**<br>Patrick Hagaman Daugherty |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Tel.: (310) 277-6910; and Hayward PLLC, 10501 N. Central Expressway, Suite 106, Dallas, TX 75231, Tel.: (972) 755-7100 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Disallowance or estimation of claim under 11 U.S.C. 502 or subordination under 11 U.S.C. 510(b)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(a) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(b) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(c) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(d) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(e) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(f) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(f) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(g) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(h) Subordination of Claim or Interest**<br>☑ 81-Subordination of claim or interest<br><br>**FRBP 7001(i) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(j) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>Disallowance or estimation of claim under 11 U.S.C. 502 | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Highland Capital Management, L.P. ||| BANKRUPTCY CASE NO.<br>19-34054-sgj11 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas || DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Stacey G. C. Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>May 2, 2025 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Zachery Z. Annable |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.