Case 19-34054-sgj11 Doc 4458 Filed 10/28/25 Entered 10/28/25 16:50:43 Desc Exhibit PD-8 Page 1 of 4

# EXHIBIT D-1



Case 19-34054-sgj11  Doc 4458-8  Filed 10/28/25  Entered 10/28/25 16:50:43  Desc
Exhibit D-8      Page 2 of 280



ANDREW K. YORK  
DIRECT DIAL: (469) 320-6114  
EMAIL: dyork@grayreed.com

1601 ELM STREET, SUITE 4600  
DALLAS, TEXAS 75201  
www.grayreed.com

October 6, 2025

**VIA EMAIL: jmorris@pszjlaw.com**

John Morris  
PACHULSKI STANG ZIEHL & JONES LLP  
1700 Broadway, 36th Floor  
New York, New York  10019

      Re:    Case No. 19-34054-sgj11, *In re: Highland Capital Management, L.P.* and Case 25-03055-sgj, *Highland Capital Management, L.P. v. Patrick Hagaman Daugherty*

Dear John:

    I am writing concerning *Highland Capital Management, L.P. and The Highland Claimant Trust's Motion for an Order Authorizing (A) The Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* (Doc. No. 4416 in Case No. 19-34054-sgj11).  As you know, Highland brought an adversary complaint against Patrick Daugherty (Case No. 25-03055).  Additionally, Highland and Daugherty entered into a settlement agreement that included an obligation for Highland to turn over all books and records of Highland Employee Retention Assets, LLC ("HERA") to Daugherty.  We have a number of concerns regarding statements in the Motion, and request answers and clarifications to the following items so that Daugherty can adequately evaluate how he will respond to the Motion:

    1.    The Motion indicates that Highland believes the information contained in the 2,414 boxes of Documents and 1,573 boxes of Retained Documents is duplicative of what is contained on a cloud-based storage solution.  What efforts has Highland made to ensure that the materials contained in these boxes of Documents and Retained Documents are all available electronically?  Further, what efforts has Highland made to ensure that the boxes of Documents and Retained Documents do not contain any hard copies that contain information (such as handwritten notes) not available on the electronic versions of the same documents?

John Morris
October 6, 2025
Page 2

2. The Motion states that the Documents and Retained Documents "are not needed for any pending or foreseeable litigation." Do the Documents and Retained Documents contain any information concerning Daugherty's compensation while at Highland? Do the Documents and Retained Documents contain any information concerning Daugherty and/or his team's performance and investments while at Highland? Do the Documents and Retained Documents contain any information concerning Daugherty's and/or his team's investments after he left Highland? Has Highland confirmed the Documents and Retained Documents do not include the "Separation Agreement" Daugherty supposedly was bound by upon his resignation from Highland in 2011? Do the Documents and Retained Documents contain any information concerning the matters that Daugherty worked on between 2007 and 2011 including the out of court restructuring of Highland led by Daugherty when Highland defaulted on its credit facility during the great Financial Crisis?

3. Although Highland turned over some of HERA's books and records, it has not turned over all of them. Daugherty has repeatedly requested all of the books and records, only to be rebuffed. Please confirm that the Documents and Retained Documents do not include any of HERA's books and records. Please also confirm that the Documents and Retained Documents do not include any documents or communications among Highland employees concerning HERA. Finally, it is clear from past hearings that Highland is aware of HERA's lawsuit against James Dondero, Mark Okada, Scott Ellington and others currently pending in the Northern District of Texas. Please confirm that the Documents and Retained Documents do not include any documents, communications or records that might be related to HERA's allegations in that lawsuit including but not limited to (1) all casefiles, documents and correspondence with outside counsel regarding matters listed in invoices that were allocated to HERA; (2) all casefiles, work product, and communications from Ellington, Surgent, and Leventon concerning HERA pursuant to their purported representation of HERA; (3) all casefiles, invoices and communications from outside counsel who purported to represent HERA as counsel or whose invoices were allocated to HERA; (4) all documents and communications, that relate to direct investments of HERA from 2009 to the present; (5) all documents and communications that relate to HERA's investment in Restoration Capital Partners, LP (aka RCP); (6) all documents and communications that relate to Restoration Capital Partners, LP's underlying investments including but not limited to Cornerstone Healthcare, Trussway Holdings and affiliates, Metro Goldwyn Mayer (aka MGM), Building Materials Holding, Safety-Kleen Systems, DBSD North America, American HomePatient, Lifecare Holdings; (7) all documents and communications regarding any offered follow-on or add-on investment related to any initial underlying investments of Restoration Capital Partners, LP; (8) all documents and communications regarding any financing, re-financing or incurrence of debt to any initial underlying

4905-9661-6815.4

John Morris
October 6, 2025
Page 3

        investments of Restoration Capital Partners, LP; and (9) any documents or communications concerning tax and/or accounting matters related to HERA.

    4.     Is Highland willing to share with Daugherty the "inventory describing the boxes and their contents" referenced in the Motion?

    Please respond in writing no later than close of business October 8, 2025, to these items so Daugherty has sufficient time to evaluate and continue any conferral with Highland to try to narrow any issues relating to the Motion. Additionally, we note that you have not set the Motion for hearing nor included a negative notice provision within your Motion. Absent doing so, and subject to the response we get to this letter, Daugherty will be filing an objection and/or a response before the hearing in accordance with the Court's local rules.

                                             Very truly yours,

                                             Andrew K. York

AKY/sll