PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 2405397) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Zachery Z. Annable (Texas Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

### RESPONSE TO MOTION TO INTERVENE

Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust (the "Claimant Trust", and together with HCMLP, "Highland") hereby respond to the *Motion to Intervene Pursuant to F.R.B.P. 2018* [Docket No. 4446] (the "Intervention Motion") filed by Highland Employee Retention Assets, LLC ("HERA") and state as follows:

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## RESPONSE

1. It is indisputable that: (a) HERA never filed a claim against the Highland estate and was never a party in interest in HCMLP's bankruptcy case; (b) HERA does not have, and never had, an interest of any kind in the Claimant Trust; (c) HERA has no legal right or interest in any documents that are not "maintained on HCMLP's system"; (d) none of the documents sought to be destroyed under Highland's motion at Docket No. 4416 (the "Destruction Motion") are "maintained on HCMLP's system"; and (e) notwithstanding the foregoing, HCMLP invited HERA (through its sole-owner, Patrick Daugherty) to review the documents subject to the Destruction Motion at a mutually convenient time—an invitation HERA (and Mr. Daugherty) declined without offering any alternative, let alone one that attempted to balance its purported and speculative interest against Highland's real and actual costs and burdens.[2]

2. Ignoring all this, HERA bases its Intervention Motion on the completely theoretical belief that some of the documents sought to be destroyed in the Destruction Motion "are critical and relevant to the prosecution of the HERA Litigation" in which Highland has no involvement or interest. Intervention Motion ¶ 4. Highland is not party to the HERA Litigation and has never been served with a subpoena in that litigation. Moreover—and dispositively—Highland owes no legal duty to HERA to protect or preserve any documents stored at Iron Mountain because those documents are not "maintained on HCMLP's system."[3]

---

[2] To put it in perspective, the volume of Documents and Retained Documents exceeds 6,400 square feet—roughly the size of sixteen standard two-car garages, filled with pieces of paper.

[3] HERA is a party to a release agreement that was made part of the settlement (the "Settlement Agreement") between Highland and Daugherty. *See Declaration of John A. Morris in Support of the Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Docket No. 3089], Ex. 1 (Settlement Agreement). Under the Settlement Agreement, Highland was required to give Mr. Daugherty "the HERA and ERA books and records *(spreadsheet) maintained on HCMLP's*

3.  HERA's contention that it's "interests are not adequately protected" (*see* Intervention Motion ¶ 7) is also wrong. HERA's principal, Mr. Daugherty, made extensive arguments on HERA's behalf in opposition to the Destruction Motion. *See Patrick Daugherty's Objection to Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Docket No. 4449] ("Daugherty's Objection") ¶¶ 7-9, 12, 15-17. Indeed, HERA's purported interests are the *only* interests Mr. Daugherty addressed in his Declaration submitted in support of Daugherty's Objection. Ex. B ¶¶ 1-4. In light of Mr. Daugherty's vigorous advocacy on HERA's behalf, HERA's independent participation is duplicative and unnecessary and appears to be intended to create chaos.

4.  Nevertheless, since Mr. Daugherty and HERA refuse to try to resolve the issues raised in the Destruction Motion (other than to insist that Movants either "thoroughly examine" nearly 4,000 old boxes of documents for their benefit or continue to indefinitely incur substantial storage costs), Movants do not object to HERA being heard in connection with the Destruction Motion because HERA's baseless objections—as articulated in Daugherty's Objection and Mr. Daugherty's Declaration—should be finally determined now.

5.  But HERA's objections should be presented in a fair and orderly manner. Based on the foregoing, Movants reserve the right to object to (a) HERA having more than one lawyer argue on its behalf at the hearing, (b) HERA asserting any arguments not already presented in

---

**system**." *Id*. ¶ 8. While the Court will determine the meaning of "books and records (spreadsheet)" in the adversary proceeding, even Mr. Daugherty can't credibly claim that any of the documents housed in Iron Mountain's warehouse are "maintained on HCMLP's system." Lastly, Highland *does* maintain electronic information (emails, documents, spreadsheets, etc.) on its system, so Daugherty's concern of loss of critical information through the Destruction Motion is simply unfounded.

Daugherty's Objection, and (c) any attempt by HERA to file further papers in opposition to the Destruction Motion.[4]

Dated: November 11, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

---

[4] The last-minute filing of further papers by HERA would be highly prejudicial to Highland. The Destruction Motion was filed on September 30, 2025. On October 7, 2025, Highland gave notice of the October 28 objection deadline and November 13 hearing date. Docket No. 4429. HERA could have attached any proposed objection to the Intervention Motion filed on October 24, but it failed to do so. HERA could have sought leave on an emergency basis to file an objection at any time thereafter, but it failed to do so. Highland has already been prejudiced by (a) being forced to respond to the Intervention Motion in less than 21 days; and (b) HERA's complete failure to confer about the Intervention Motion, the briefing schedule (there is none), and the setting of the hearing date on shortened notice. Under the circumstances, HERA should not be permitted to advance any new arguments on the eve of the hearing.