# **EXHIBIT 2**

4904-1107-7753.1 36027.003

**From:** John A. Morris
**Sent:** Wednesday, November 5, 2025 2:55 PM
**To:** Drew K. York <dyork@grayreed.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Jason S. Brookner <jbrookner@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>; Zachery Annable <zannable@haywardfirm.com>
**Subject:** Highland: Destruction Motion

Drew,

Highland was able to come to an agreement on the Destruction Motion with Mr. Dondero and others, an agreement embodied in the attached Stipulation that resolved the signatories' objections.

Highland's reply to Mr. Daugherty's objection and response to the HERA/ERA motion to intervene are up coming.

Please let us know by **Friday at 5:00 pm Central Time** if Mr. Daugherty, HERA, and ERA are willing to resolve all objections to the Destruction Motion in manner provided in the Stipulation.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

---

| | |
|---|---|
| In re: | § |
| | §    Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § |
| | §    Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |
| | §    **Re: Docket No. 4416** |
| | § |

---

## STIPULATION REGARDING MOTION FOR AN ORDER AUTHORIZING (A) THE DESTRUCTION OF CERTAIN DOCUMENTS AND OBSOLETE EQUIPMENT AND (B) FOR RELATED RELIEF

This stipulation (the "<u>Stipulation</u>") is made and entered into by and among Highland

Capital Management, L.P., the reorganized debtor ("<u>Highland</u>") in the above-captioned chapter 11

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

case (the "Bankruptcy Case"), and the Highland Claimant Trust (the "Claimant Trust", and together with Highland, the "Movants"), on the one hand, and the Dugaboy Investment Trust ("Dugaboy"), Get Good Trust, Strand Advisors, Inc., NexPoint Advisors, L.P., NexPoint Asset Management, L.P. f/k/a Highland Capital Management Fund Advisors, L.P., James Dondero, Isaac Leventon, and Scott Ellington (collectively, the "Requesting Parties", and together with the Movants, the "Parties"), on the other hand, by and through their respective undersigned counsel.

## RECITALS

WHEREAS, on October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") [Bankr. Docket No. 186].

WHEREAS, on September 30, 2025, the Movants filed their *Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Bankr. Docket No. 4416] (the "Motion")[2] seeking the entry of an order, substantially in the form attached as Exhibit A to the Motion (the "Proposed Order"), (i) authorizing, but not directing, the Movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by the Movants that were delivered to Iron Mountain, Inc. ("Iron Mountain") in or before 2012; (ii) authorizing, but not directing, the Movants to cause the destruction of certain other non-essential electronic equipment; and (iii) granting related relief.

---

[2] Capitalized terms not otherwise defined in this Stipulation shall have the meanings ascribed to them in the Motion.

WHEREAS, the Movants have voluntarily provided the Requesting Parties with a listing of the Boxes at Iron Mountain containing the Documents, and the Parties have conferred and desire to enter into this Stipulation.

NOW, THEREFORE, it is hereby jointly stipulated and agreed as follows:

1. On a date to be agreed to by the Parties, which date shall be as soon as reasonably practicable on or after November 4, 2025 (the "Viewing Date"), Highland will make the boxes listed on Exhibit A attached hereto (the "Boxes") and their contents available for one (1) day to be reviewed by no more than two (2) representatives of the Requesting Parties (the "Viewing"); *provided*, that prior to the Viewing Date, the Requesting Parties execute and deliver to Highland the Confidentiality Agreement in the form attached hereto as Exhibit B.  The Viewing shall take place inside the Audit Room of Iron Mountain's Dallas, Texas facility and be supervised by any representative(s) of Highland that it chooses.  Highland will pay the fees charged by Iron Mountain in connection with the Viewing.

2. At or prior to the conclusion of the Viewing on the Viewing Date, the Requesting Parties will be permitted to identify any Documents contained in the Boxes that the Requesting Parties desire to be copied.  Reasonably promptly following the Viewing Date, Highland will cause Iron Mountain to scan .PDF copies of such Documents and provide the same to each of Highland and the Requesting Parties.  Dugaboy will pay all costs associated with Iron Mountain providing scanned .PDF copies of such Documents.

3. The Requesting Parties shall not file an objection to, or otherwise oppose, the Motion, and the Requesting Parties hereby consent to the entry of the Proposed Order, which shall be modified solely to the extent necessary to give effect to the rights of the Parties as expressly set forth in this Stipulation.

4.      If the Motion is granted by the Bankruptcy Court, then following the entry of the

Proposed Order, the Viewing, and the provision of the .PDF copies of the Documents as provided

in paragraph 2, Highland will direct Iron Mountain to destroy the Documents, including, without

limitation, all Documents contained in the Boxes.

5.      This Stipulation may be executed in counterparts.  A facsimile, electronic copy, or

photocopy of this Stipulation and the signatures hereto shall have the same effect and may be

accepted with the same authority as if it were an original.

6.      The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to

all matters arising from or relating to the implementation, interpretation, and enforcement of this

Stipulation and any order related thereto.

*[Remainder of Page Intentionally Left Blank]*

**SO STIPULATED AND AGREED:**

Dated: November 5, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

**-and-**

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Attorneys for James Dondero, The Dugaboy
Investment Trust, Get Good Trust, and The
Strand Advisors, Inc., NexPoint Advisors, L.P.
and NexPoint Asset Management, L.P.*

**-and-**

**BAKER & MCKENZIE LLP**

*/s/ Debra A. Dandeneau*
Debra A. Dandeneau (admitted *pro hac vice*)
452 Fifth Ave.
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email:
Debra.dandeneau@bakermckenzie.com

*Attorneys for Scott Ellington and Isaac
Leventon*

# EXHIBIT A

## List of Boxes

| SKP BOX # | CUST BOX # | BOX LOCATION |
|-----------|------------|--------------|
| 444452002 | 201 | D PP013 K002630704 |
| 444452003 | 202 | D CC041 M002430704 |
| 444452077 | 274 | D CC041 M002430902 |
| 511952325 | 511952325 | D CC054 R005820106 |
| 511952334 | 511952334 | D CC044 A002010502 |
| 511952335 | 511952335 | D CC044 A002010501 |
| 511952336 | 511952336 | D CC033 F001520603 |
| 511952337 | 511952337 | D CC033 F001520604 |
| 511952339 | 511952339 | D CC053 V004320904 |
| 511952346 | 511952346 | D CC083 N006520203 |
| 511952361 | 511952361 | D PP022 D005930209 |
| 511952362 | 511952362 | D CC063 W000520903 |
| 511952363 | 511952363 | D CC081 V004830403 |
| 511952365 | 511952365 | D CC081 V004910103 |
| 511952375 | 511952375 | D CC053 C006630406 |
| 511952396 | 511952396 | D BV02308001720706 |
| 511952397 | 511952397 | D BV02308001720702 |
| 511952400 | 511952400 | D BV02308001720805 |
| 511952401 | 511952401 | D BV02308001720903 |
| 511952402 | 511952402 | D BV02308001720703 |
| 511952406 | 511952406 | D BV02308001720801 |
| 511952407 | 511952407 | D BV02308001720803 |
| 511952408 | 511952408 | D BV02308001720806 |
| 511952416 | 511952416 | D VC011 S001710102 |
| 511952420 | 511952420 | D VC011 S000720603 |
| 511952421 | 511952421 | D VC011 S000720701 |
| 511952422 | 511952422 | D VC011 S000720803 |
| 511952423 | 511952423 | D VC011 S001710203 |
| 511952730 | 511952730 | D BV03304001610407 |
| 511952731 | 511952731 | D CC031 K000610305 |
| 511952733 | 511952733 | D BV03304001610302 |
| 511952734 | 511952734 | D BV03304001610303 |
| 511952735 | 511952735 | D BV03304001610404 |
| 511952736 | 511952736 | D BV03304001610307 |
| 511952737 | 511952737 | D BV03304001610409 |
| 511952738 | 511952738 | D C211150000220103 |

| SKP BOX # | CUST BOX # | BOX LOCATION |
|---|---|---|
| 511952740 | 511952740 | D CC052 E005910505 |
| 511952744 | 511952744 | D PP032 U001330501 |
| 614792756 | 614792756 | D CC061 A001330201 |
| 614792886 | 614792886 | D GP02316000230507 |
| 614792887 | 614792887 | D L107113001620708 |
| 614792888 | 614792888 | D GP02316000410207 |
| 614792895 | 614792895 | D L107113001620702 |
| 614792896 | 614792896 | D L208129000740706 |
| 614792897 | 614792897 | D L208129000740404 |
| 614792898 | 614792898 | D L208129000740206 |
| 614792923 | 614792923 | D L208120000730302 |
| 614792924 | 614792924 | D L208120000720703 |
| 614792950 | 614792950 | D PP032 I002130304 |
| 614792951 | 614792951 | D PP032 I002130303 |
| 614792952 | 614792952 | D CC063 E000710309 |
| 614792953 | 614792953 | D PP032 I002130302 |
| 614792963 | 614792963 | D CC043DD002410905 |
| 614792979 | 614792979 | D CC084 O005420703 |
| 614792980 | 614792980 | D CC084 O005420606 |
| 614792981 | 614792981 | D L107209001020507 |
| 713558505 | AC 7055 | D CC031 K000830806 |
| 713558506 | AC 7056 | D CC031 K000820306 |
| 713558507 | AC 7057 | D PP033 J000930805 |
| 713558518 | LE1079 | D CC031 K001830301 |
| 713558529 | LEG084 | D CC033 K000930804 |
| 713558571 | 713558571 | D PP032 U001330307 |
| 713558606 | TAX 7097 | D CC084BB006130101 |
| 713558643 | AC 7060 | D CC031 K000910709 |
| 713558644 | AC 7059 | D CC031 K000830804 |
| 713558663 | LE1042 | D CC031 K001030101 |
| 713558694 | LE1055 | D CC031 K001820107 |
| 713558695 | LE1056 | D CC031 K001520404 |
| 713558696 | LE1057 | D CC031 K001610802 |
| 724963251 | 724963251 | D CC031 K000910106 |
| 724963252 | 724963252 | D CC031 K000830803 |
| 724963253 | 724963253 | D CC031 K000910407 |
| 724963254 | 724963254 | D CC031 K000910201 |
| 724963255 | HFP 7139 | D CC052 E005910702 |
| 724963256 | 724963256 | D CC031 K000830106 |
| 724963257 | 724963257 | D CC031 K000910603 |

| SKP BOX # | CUST BOX # | BOX LOCATION |
|---|---|---|
| 724963258 | 724963258 | D CC031 K000820109 |
| 724963259 | 724963259 | D CC031 K000820309 |
| 724963260 | 724963260 | D CC031 K000810803 |
| 724963261 | 724963261 | D CC031 K000610402 |
| 724963262 | 724963262 | D CC031 K000610304 |
| 724963263 | 724963263 | D CC031 K000820307 |
| 724963264 | 724963264 | D BV03304001610308 |
| 724963265 | 724963265 | D CC031 K000620304 |
| 724963266 | 724963266 | D CC031 K000910507 |
| 724963267 | HFP 7151 | D CC052 E005620103 |
| 724963268 | TR 7152 | D CC033 K000130401 |
| 724963273 | TR 7157 | D CC033 K000130305 |
| 724963274 | TR 7158 | D CC033 K000630701 |
| 724963275 | TR 7159 | D CC033 K000130505 |
| 724963276 | TR 7160 | D CC033 K000130301 |
| 724963277 | TR 7161 | D CC033 K000130304 |
| 724963278 | TR 7162 | D CC033 K000130202 |
| 724963279 | TR 7163 | D CC033 K000130206 |
| 724963333 | RE 7208 | D LM51171000440104 |
| 724963499 | 724963499 | D CF0111200025FF07 |
| 724963500 | 724963500 | D BV03137001820107 |
| DFW01959687 | 396109251 | D L208110000340806 |
| DFW01959707 | 396109271 | D L208110000340706 |
| DFW01959718 | 396109282 | D L107217001220404 |
| DFW01959723 | 396109287 | D L208229000840902 |
| DFW01959724 | 396109288 | D L107217001320501 |
| DFW01959730 | 396109295 | D L208110000340106 |
| DFW01959731 | 396109296 | D L208109000340305 |
| DFW01959732 | 396109297 | D L208110000340405 |
| DFW01959739 | 396109304 | D L208109000340203 |

# EXHIBIT B

## Form of Confidentiality Agreement

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "**Agreement**") is entered into as of October 30, 2025 by and between Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**"), and The Dugaboy Investment Trust, Get Good Trust, Strand Advisors, Inc., NexPoint Advisors, L.P., NexPoint Asset Management, L.P. f/k/a Highland Capital Management Fund Advisors, L.P., James Dondero, Isaac Leventon, and Scott Ellington (collectively, "**Recipients**"). Highland and Recipients are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, on September 30, 2025, Highland and Highland Claimant Trust, a Delaware statutory trust (the "**Claimant Trust**") filed with the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") a Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief (Dkt. No. 4416, the "**Destruction Motion**") pursuant to which, among other things, the movants therein are seeking entry of an order authorizing, but not directing, such movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by such movants that were delivered to Iron Mountain, Inc. ("**Iron Mountain**") in or before 2012;

WHEREAS, prior to the destruction of the Documents (as defined in the Destruction Motion), Highland may voluntarily permit Recipients to view and/or request scanned .PDF copies of certain of the Documents at Recipients' sole cost and expense; *provided* that as a condition thereto, Recipients agree to be bound by, and treat all such Documents in accordance with, the terms and provisions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants, promises and agreements contained herein, including Highland providing certain Confidential Information to Recipients, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. <u>Confidential Information</u>.  As used in this Agreement, the term "**Confidential Information**" means all Documents viewed or accessed by Recipients or their Representatives (as hereinafter defined) at Iron Mountain, all information contained therein, and all copies thereof retained by or provided to Recipients, including, without limitation, all information concerning the current or former business and affairs of Highland or any of its current or former affiliates or any of its or their respective current or former funds, separate accounts, entities, clients, employees, personnel, officers, directors, managers, partners, members, trustees, investors, customers, vendors, suppliers, consultants or advisors.  Notwithstanding the foregoing, "Confidential Information" shall not include any information that Recipients can demonstrate (i) was or becomes generally available to the public prior to, and other than as a result of, a

disclosure by Recipients or their Representatives, (ii) was available, or becomes available, to Recipients on a non-confidential basis from a third party source other than Highland; *provided* that such source is legally permitted to disclose such information to Recipients and is not otherwise prohibited from disclosing such information pursuant to any contractual, legal, regulatory, fiduciary, or other obligation, or (iii) is independently developed by Recipients without making use of or reference to any Confidential Information.

2.    Protection of Confidential Information.

(a)    General Protections.  Except as otherwise expressly set forth in this Agreement, Recipients shall keep all Confidential Information strictly confidential using a degree of care that is no less than stringent than that used to protect Recipients' own confidential information, which in any event, shall be no less than a reasonable degree of care, and shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Confidential Information in violation of this Agreement.  Recipients agree to promptly notify Highland in writing of any unauthorized disclosure of Confidential Information.

(b)    Limited Disclosures.  Recipients shall not disclose, or permit the disclosure of, any Confidential Information to any person or entity other than as set forth in this Section and, in each case, subject to the following terms and conditions:

(i)    Recipients may disclose Confidential Information to those of their officers, directors, employees, beneficiaries, and legal advisors (collectively, "**Representatives**") who have a need to know such information in connection with a bona fide business purpose; *provided*, that (A) such Representatives are informed by Recipients of the confidential nature of the Confidential Information and the obligations set forth in this Agreement, (B) such Representatives are made by Recipients to be subject to confidentiality terms at least as stringent as those set forth in this Agreement, (C) Recipients agree to be responsible for enforcing this Agreement as to their Representatives that receive Confidential Information, including, without limitation, by taking such action, legal or otherwise, to the extent necessary to cause such Representatives to comply with the terms of this Agreement and thereby prevent any disclosure of Confidential Information in violation of this Agreement, and (D) Recipients shall be liable for any acts or failure to act of any of their Representatives which, if such act or failure to act were the action or failure to act of Recipients, would be deemed a breach of their obligations hereunder.

(ii)    Recipients may disclose Confidential Information to any court, tribunal, mediator, or arbitral body of competent jurisdiction and their respective personnel; *provided* that (A) Recipients seek the permission of such court, tribunal, mediator, or arbitral body to file such information confidentially or under seal, and (B) Recipients provide Highland with written notice at least five (5) business days prior to such disclosure.  Notwithstanding the foregoing sentence, if any Recipient believes that particular Confidential Information does not meet the legal requirements for confidential treatment or filing under seal, it may notify Highland in writing and the Parties shall thereupon meet and confer as to whether the confidential designation of the information in question shall be removed.  If Highland fails to agree to such de-designation within five (5) business days of such notice, either Party may move the court,

2

tribunal, mediator, or arbitral body for a determination of whether the confidentiality of the information must be maintained or the information need be filed under seal.

(iii)    If Recipients or any of their Representatives become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand, or similar process) to make any disclosure that is prohibited or otherwise constrained by this Agreement, Recipients or their Representatives, as the case may be, shall provide Highland with prompt written notice of such legal requirement so Highland may (A) seek an appropriate protective order or other appropriate relief, or (B) waive compliance with the provisions of this Agreement.  In the absence of a protective order or Recipients receiving such a waiver from Highland, Recipients or their Representatives are permitted (with Highland's cooperation but at Recipients's expense) to disclose that portion (and only that portion) of the Confidential Information that Recipients or their Representatives is legally compelled to disclose;  *provided*, however, that Recipients and their Representatives must use reasonable efforts to obtain reliable assurance that confidential treatment will be accorded by any person, entity or body to whom any Confidential Information is so disclosed.

(c)    Recipients Safeguards.  Each Recipient represents and warrants to Highland that it has adopted reasonable procedures and electronic safeguards designed to protect Confidential Information against access by non-authorized parties, and that such safeguards shall be maintained in the future at no less than the same level of effectiveness as they are maintained at present.

(d)    Ownership of Confidential Information.  Recipients acknowledges and agrees that Highland shall remain the exclusive owner of all Confidential Information and any patent, copyright, trade secret, trademark, domain name and other intellectual property rights associated therewith.  Nothing in this Agreement shall be construed as granting any license, waiver or right to Recipients or any other person or entity with respect to any intellectual property rights contained or referred to in the Confidential Information.  Nothing in this Agreement shall entitle Recipients to any particular information.

3.  No Representations or Warranties.    None of Highland, the Claimant Trust, their respective affiliates, or any of its or their respective officers, directors, trustees, partners, managers, members, shareholders, owners, investors, employees, oversight board members, consultants or advisors make any representation or warranty whatsoever concerning the Confidential Information or the accuracy or completeness thereof.

4.  Miscellaneous.

(a)    Entire Agreement.  This Agreement contains the entire agreement between the Parties relating to the subject matter hereof.

(b)    Modification and Waiver.  This Agreement and the terms and provisions set forth herein may be modified only by a separate writing signed by all Parties.  Any term or provision of this Agreement may be waived only by a separate writing signed by the Party expressly waiving such term or provision.  Neither the failure nor any delay by any Party in exercising any

3

right, power, or privilege under this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege.

(c)    <u>Severability</u>. The invalidity or unenforceability of any term or provision of this Agreement shall not affect the validity or enforceability of any other terms or provisions of this Agreement, which shall remain in full force and effect.  If any of the terms or provisions of this Agreement are determined to be unenforceable by reason of its extent, duration, scope or otherwise, then the Parties contemplate that the court making such determination shall reduce such extent, duration, scope or other provision and enforce them in their reduced form for all purposes contemplated by this Agreement.

(d)    <u>Specific Performance</u>.  Recipients agree that Highland will be irreparably injured by a breach of this Agreement by Recipients or their Representatives, that monetary remedies may be inadequate to protect Highland against any actual or threatened breach of this Agreement by Recipients or by their Representatives, and that Highland shall be entitled to an injunction or other equitable relief as a remedy for any breach or threatened breach as a matter of right and without the necessity of having to post a bond.  Such remedy shall not be deemed to be the exclusive remedy for a breach or threatened breach of this Agreement but shall be in addition to all other remedies available at law or equity.   In any action to enforce the terms of this Agreement, the non-prevailing Party, as determined in a final, non-appealable order by a court of competent jurisdiction, shall pay the other Party's costs and expenses in therewith.

(e)    <u>Liability and Indemnity</u>.  Recipients shall be liable to and shall indemnify and hold Highland harmless from and against any and all claims, suits, losses, damages, costs or expenses, including, without limitation, reasonable attorney fees, incurred or suffered by Highland as a result of Recipients or their Representatives using or disclosing the Confidential Information other than in accordance with this Agreement, whether such unauthorized use or disclosure is performed negligently or otherwise.

(f)    <u>Third Party Beneficiaries</u>. Each of the Claimant Trust, the Highland Litigation Sub-Trust, a Delaware statutory trust, and the Highland Indemnity Trust, a Delaware statutory trust, are hereby expressly deemed third party beneficiaries of this Agreement and shall be entitled to enforce Highland's rights hereunder.

(g)    <u>Governing Law</u>.  This Agreement shall be construed pursuant to and governed by the laws of the State of Delaware (substantive and procedural) without reference to principles of conflicts of law that would result in the application of any other State's laws.

(h)    <u>Jurisdiction/Venue</u>.  The Parties hereby irrevocably submit to the jurisdiction and venue of the Bankruptcy Court with respect to any action arising out of or related to this Agreement or the subject matter hereof; *provided* that if (and only if) the Bankruptcy Court lacks personal or subject matter jurisdiction to adjudicate an action arising out of or related to this Agreement or the subject matter hereof, then the Parties irrevocably submit to the jurisdiction

4

and venue of the United States District Court for the Northern District of Texas and the Texas state courts located in Dallas County.

(i)      Execution.  This Agreement may be executed by the exchange of signatures by PDF attachment to an email transmittal and in counterparts, and if so executed, shall be fully executed when a counterpart has been executed and delivered by all Parties hereto through counsel.  All counterparts taken together shall constitute one and the same agreement and shall be fully enforceable as such.

(j)      Headings.  The headings of the sections of this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement in any manner.

(k)      Construction.  This Agreement has been fully negotiated by the Parties, each of whom have been represented by competent counsel.  Accordingly, in interpreting this Agreement, no weight shall be placed on which Party or its counsel drafted the term or provision being interpreted.

[*Signature Page Follows.*]

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.


By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer


**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST


By: _____
Name:
Title:

GET GOOD TRUST


By: _____
Name:
Title:

STRAND ADVISORS, INC.


By: _____
Name:
Title:

NEXPOINT ADVIOSRS, L.P.


By: _____
Name:
Title:

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST

By: _Nancy Dondero_____
Name: Nancy Dondero
Title: Trustee

GET GOOD TRUST

By: _____
Name:
Title:

STRAND ADVISORS, INC.

By: _____
Name:
Title:

NEXPOINT ADVIOSRS, L.P.

By: _____
Name:
Title:

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST

By: _____
Name: Nancy Dondero
Title: Trustee

GET GOOD TRUST

By: _____
Name: Grant Scott
Title: Trustee

STRAND ADVISORS, INC.

By: _____
Name: James Dondero
Title: President

NEXPOINT ADVISORS, L.P.
By: NexPoint Advisors GP, LLC, its general partner

By: _____
Name: James Dondero
Title: President

<u>NEXPOINT ASSET MANAGEMENT, L.P.</u>
By: Strand Advisors XVI, Inc., its general partner

By: _____
Name: Stephanie Vitiello
Title: Secretary, CCO, AMLO

JAMES DONDERO

SCOTT ELLINGTON

ISAAC LEVENTON