# EXHIBIT 1

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 2405397) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and*
*the Highland Claimant Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Reorganized Debtor. | ) |  |
|  | ) |  |

**DECLARATION OF JOHN A. MORRIS IN SUPPORT OF HIGHLAND CAPITAL**
**MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S MOTION FOR**
**AN ORDER AUTHORIZING (A) THE DESTRUCTION OF CERTAIN DOCUMENTS**
**AND OBSOLETE EQUIPMENT AND (B) FOR RELATED RELIEF**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

I, John A. Morris, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1       I am an attorney in the law firm of Pachulski, Stang, Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., the reorganized debtor in the above-referenced bankruptcy case ("Highland"), and I submit this Declaration in further support of *Highland Capital Management, L.P. and the Highland Claimant Trust's Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Docket No. 4416] (the "Destruction Motion"). Unless stated otherwise, this Declaration is based on my personal knowledge and review of the documents listed below.

2       Attached as **Exhibit 1** is a copy of the *Declaration of John A. Morris in Support of the Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Docket No. 3089] filed with the Bankruptcy Court on December 8, 2021, which attached a copy of the *Settlement Agreement* executed by Highland and Patrick Daugherty on November 22, 2021 (the "Settlement Agreement").

3       Attached as **Exhibit 2** is a true and correct copy of an e-mail sent by me to counsel for Patrick Daugherty dated November 5, 2025, inquiring if he was willing to resolve all objections to the Destruction Motion in the manner provided in the *Stipulation Regarding Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Docket No. 4453] (the "Dondero Stipulation") filed on November 5, 2025.

4       Attached as **Exhibit 3** is a true and correct copy of the e-mail response from Patrick Daugherty's counsel (with HERA's counsel copied) dated November 7, 2025, to me stating that he "cannot agree to it".

Dated: November 11, 2025

/s/ John A. Morris

John A. Morris

# EXHIBIT 1

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## DECLARATION OF JOHN A. MORRIS IN SUPPORT OF THE REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH PATRICK HAGAMAN DAUGHERTY (CLAIM NO. 205) AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



1934054211208000000000008

I, John A. Morris, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

1.        I am an attorney in the law firm of Pachulski, Stang, Ziehl & Jones LLP, counsel to Highland Capital Management, L.P. (the "Reorganized Debtor" or "Debtor", as appropriate), and I submit this Declaration in support of the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* (the "Motion") being filed concurrently with this Declaration.  I submit this Declaration based on my personal knowledge and review of the documents listed below.

2.        Attached hereto as **Exhibit 1** is a true and correct copy of that certain *Settlement Agreement* (the "Settlement Agreement") by and between the Reorganized Debtor and Patrick Hagaman Daugherty.

Dated: December 8, 2021.                    */s/ John A. Morris*
                                                                John A. Morris

# EXHIBIT 1

**Final Execution Copy**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement") is made and entered into by and between (i) Highland Capital Management, L.P., as reorganized debtor ("HCMLP" or the "Debtor"), and (ii) Patrick Hagaman Daugherty ("Daugherty" and together with HCMLP, the "Parties," and individually as a "Party"). This Settlement provides for the treatment of certain claims asserted by Daugherty against the Debtor, and for the Parties to take certain other specified actions in settlement thereof.

### RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtor's chapter 11 case (the "Bankruptcy") is pending in the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court");

WHEREAS, on February 2 and 3, 2021, the Court conducted a confirmation hearing with respect to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) [Docket No. 1808] (the "Plan");

WHEREAS, on February 8, 2021, the Court rendered an opinion from the bench in which it confirmed the Plan [Docket No. 1924];

WHEREAS, on February 22, 2021, the Court issued an order confirming the Plan [Docket No. 1943];

WHEREAS, on August 11, 2021, the Effective Date (as defined in the Plan) occurred [Docket No. 2700];

WHEREAS, Daugherty is a former employee and limited partner of the Debtor and has

served in other positions with affiliates and former affiliates of the Debtor;

WHEREAS, at the time of his resignation, Daugherty owned 19.1% of the preferred units of Highland Employee Retention Assets LLC ("HERA"), an employee deferred compensation vehicle managed by the Debtor and Highland ERA Management, LLC ("ERA") and contends that he owned or had the right to own all of the preferred units of HERA;

WHEREAS, prior to his resignation from HCMLP, Daugherty was awarded units of HERA, which vehicle owned interests in Restoration Capital Partners, LP ("RCP"), an HCMLP managed private equity fund, and other investments;

WHEREAS, in April 2012, the Debtor commenced an action against Daugherty in Texas state court (the "Texas Action"), and Daugherty subsequently asserted counterclaims for breach of contract and defamation, and third-party claims against HERA and others;

WHEREAS, after a three-week trial, the jury returned a verdict partially in favor of the Debtor, but Daugherty prevailed on his claims against the Debtor and James Dondero ("Dondero") for defamation with malice and a third-party claim against HERA and was awarded damages of $2.6 million against HERA, plus prejudgment and post-judgment interest at 5% (the "HERA Judgment");[1]

WHEREAS, in July 2017, after being unable to collect on the HERA Judgment, Daugherty commenced an action against the Debtor, Dondero, HERA, and ERA Management in the Delaware Chancery Court (the "Delaware Court"), in a case captioned *Daugherty v. Highland Capital Management, L.P., et al.*, C.A. No. 2017-0488-MTZ, for fraudulent transfer, promissory estoppel, unjust enrichment, indemnification, and fees on fees (the "Highland Delaware Case");

---

[1] The Debtor prevailed on its claims against Mr. Daugherty for breach of contract and breach of fiduciary duty for non-monetary damages and obtained an award of $2.8 million in attorney's fees. The HERA Judgment was affirmed on appeal on December 1, 2016.

WHEREAS, the Delaware Court in the Highland Delaware Case (i) found that the Dondero-related defendants improperly withheld dozens of documents in discovery on privilege grounds, and (ii) ruled that there was "a reasonable basis to believe that a fraud has been perpetrated" such that the Delaware Court applied the "crime-fraud exception" to the attorney-client privilege assertion, and such rulings have not been overturned;

WHEREAS, Daugherty asserts that such withholding of documents and the failure to search defendants' and their employees personal electronic devices for stored documents and texts as well as other emails and domain names such as sasmgt.com and gmail.com which were in their possession and control and to provide required discovery injured him by undermining his attempts to build an evidentiary record to support his claims against the Debtor and the other defendants in the Highland Delaware Case;

WHEREAS, on October 14, 2019, the Highland Delaware Case proceeded to trial and two days later, on October 16, 2019, before the completion of the trial and before the Delaware Court ruled on Daugherty's and the Debtor's cross-motions for summary judgment regarding indemnification and fees on fees, the Debtor filed for bankruptcy;

WHEREAS, on December 1, 2019, Daugherty filed a separate lawsuit in the Delaware Court, captioned *Daugherty v. Dondero, et al.*, C.A. No. 2019-0956-MTZ, against Dondero, HERA, ERA, Hunton Andrews Kurth LLP ("Andrews Kurth"), Marc Katz ("Katz"), Michael Hurst ("Hurst"), the Debtor's Chief Compliance Officer, the Debtor's then in-house counsel (Isaac Leventon ("Leventon")), and the Debtor's then general counsel (Scott Ellington ("Ellington")), for conspiracy to commit fraud, among other claims (the "HERA Delaware Case" and together with the Highland Delaware Case, the "Delaware Cases");

WHEREAS, on April 1, 2020, Daugherty filed a general, unsecured, non-priority claim

3

against the Debtor in the amount of at "least $37,483,876.59," and such claim was denoted by the Debtor's claims agent as Proof of Claim No. 67 ("Proof of Claim No. 67");

WHEREAS, on April 6, 2020, Daugherty filed a general, unsecured, non-priority claim against the Debtor in the amount of at "least $37,482,876.62" that superseded Proof of Claim No. 67 and that was denoted by the Debtor's claims agent as Proof of Claim No. 77 ("Proof of Claim No. 77");

WHEREAS, on August 31, 2020, the Debtor commenced an adversary proceeding against Daugherty by filing a complaint (the "Complaint") in which the Debtor: (1) objected to Proof of Claim No. 77 on various grounds (the "Claim Objection"), and (2) asserted a cause of action for the subordination of part of Daugherty's claim pursuant to section 510(b) of the Bankruptcy Code. Adv. Proc. No. 20-03107 (the "Adv. Proc.") [Adv. Docket No. 1] (the "Adversary Proceeding");

WHEREAS, on September 29, 2020, Daugherty filed his answer to the Complaint [Adv. Docket No. 8] (the "Answer");

WHEREAS, on September 24, 2020, Daugherty filed his *Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay* [Docket No. 1099] (the "Stay Motion") pursuant to which he sought to sever the Debtor from the Highland Delaware Case and then consolidate the remaining claims in the Highland Delaware Case into the HERA Delaware Case and proceed with one case against the non-Debtor parties;[2]

WHEREAS, on October 23, 2020, Daugherty filed a motion seeking leave to amend his Proof of Claim No. 77 [Docket No. 1280] (the "POC Amendment Motion"). The amended proof

---

[2] On October 8, 2020, the Debtor commenced a second adversary proceeding against Daugherty (the "Second Adversary Proceeding"), seeking to enjoin him from prosecuting the Delaware Cases. Adv. Proc. 20-03128 ("2d Adv. Proc.") [2d Adv. Proc. Docket No. 1]. On January 29, 2021, the parties filed a Settlement that resolved the Second Adversary Proceeding, and the Second Adversary Proceeding was subsequently dismissed with prejudice. [2d Adv. Proc. Docket No. 12].

of claim attached to the POC Amendment Motion increased Daugherty's general, unsecured, non-priority claim against the Debtor to the amount of at "least $40,410,819.42" and sought to supersede Proof of Claim No. 67 and Proof of Claim No. 77;

WHEREAS, on October 23, 2020, Daugherty filed his *Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Motion*, seeking for his Claim to be temporarily allowed for voting purposes in this amount of $40,410,819.42 [Docket No. 1281] (the "3018 Motion");

WHEREAS, on November 3, 2020, the Court granted the Stay Motion [Docket No. 1327];

WHEREAS, the Debtor opposed the 3018 Motion, and after conducting an evidentiary hearing for the limited purpose of determining the 3018 Motion, the Court entered an order temporarily allowing Daugherty's Claim only for voting purposes in the amount of $9,134,019 [Docket No. 1474];

WHEREAS, on December 10, 2020, the Court entered an order [Docket No. 1533] granting the POC Amendment Motion, and Daugherty was permitted to file an amendment to his proof of claim. On December 23, 2020, Daugherty filed an amended proof of claim, designated by the Debtor's claim agent as Proof of Claim No. 205 ("Proof of Claim No. 205" or the "Daugherty Claim"). Proof of Claim No. 205 superseded Proof of Claim No. 77 and increased the amount of the Daugherty's Claim to $40,710,819.42;

WHEREAS, on November 30, 2020, Daugherty filed his Motion to Lift the Automatic Stay (the "Lift Stay Motion") [Docket No. 1491] seeking to lift the automatic stay to allow him to finish his trial in the Delaware Court and liquidate his claims. The Debtor opposed the Lift Stay Motion, and after a hearing was held on December 17, 2020, the Court denied the relief requested in the Lift Stay Motion [Docket No. 1612];

WHEREAS, except with respect to the Reserved Claim (as defined below), the Parties have agreed to settle and resolve all claims and disputes between them and their respective current affiliates, managed entities, and employees, including the Daugherty Claim, on the terms set forth in this Settlement:

AGREEMENT

**NOW, THEREFORE**, after good-faith, arms-length negotiations, and in consideration of the foregoing, it is hereby stipulated and agreed that:

1.    Allowed Claims:  In full satisfaction of the entirety of the Daugherty Claim against the Debtor and HCMLP Released Parties (defined below), excluding the Reserved Claim, Daugherty shall receive (a) an allowed general unsecured Class 8 claim in the amount of $8,250,000; (b) an allowed subordinated general unsecured Class 9 claim in the amount of $3,750,000; and (c) a one-time lump sum cash payment in the amount of $750,000 to be paid within 5 business days of Bankruptcy Court approval of this Settlement Agreement.

2.    Recovery:  The Debtor makes no representation or warranty as to the recovery on Class 8 or Class 9 claims under the Plan.

3.    Observation Access:  As soon as practicable following entry of an order of the Bankruptcy Court approving this Settlement, HCMLP shall use reasonable efforts to petition the Claimant Trust Oversight Board[3] to permit Daugherty to have access as an observer to meetings of the Claimant Trust Oversight Board, subject to policies, procedures, and agreements applicable to other observers of the Claimant Trust Oversight Board, including policies, procedures, and agreements related to confidentiality and common interest.  Whether Daugherty will be granted observer access and any continuing observer access is and will remain at the sole discretion of the

---

[3] The Claimant Trust Oversight Board refers to the Oversight Board as defined in the August 11, 2021 Highland Claimant Trust Agreement establishing the Claimant Trust, as defined therein.

6

Claimant Trust Oversight Board.

4.    RCP Track Record:  HCMLP shall use reasonable efforts to provide Daugherty

with data constituting the investment performance track record of RCP during Daugherty's tenure

at HCMLP.  Daugherty shall not be entitled to any compensation with respect to the performance

of RCP.  HCMLP makes no representations or warranties regarding such data and takes no

responsibility with respect to the use of such data for any purposes.

5.    Daugherty Releases:  Except as specifically provided in this paragraph 5, and to

the maximum extent permitted by applicable law, the Debtor, on behalf of itself and each of the

HCMLP Entities and HCMLP Parties (as those terms are defined in paragraph 6 below), hereby

forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and

exonerates, and covenants never to sue Daugherty, his successors, affiliates, and assigns, (and in

each such category to include their respective advisors, trustees, directors, officers, managers,

members, partners, employees, beneficiaries, shareholders, agents, participants, subsidiaries,

parents, affiliates, and designees) (collectively, the "Daugherty Additional Release Parties" and

together with Daugherty, the "Daugherty Released Parties"), in each case acting in such capacity,

for and from any and all claims, debts, liabilities, demands, obligations, promises, acts,

agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and

related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature,

whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or

unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without

limitation those which were or could have been asserted in the Bankruptcy, including the

Adversary Proceeding, the Texas Action, or the Delaware Cases, all existing as of the date hereof

(collectively, the "HCMLP Released Claims"); provided, however, that such release shall not

7

apply with respect to any and all defenses that HCMLP or the HCMLP Entities may have to the

Reserved Claim or the Reserve Motion (as those terms are defined herein) or Daugherty's

obligations under this Settlement. For the avoidance of doubt, the HCMLP Released Claims

include all claims or causes of action and facts, known or unknown, that exist as of the date hereof

but do not include or apply to claims or causes of action based on facts occurring after the date

hereof.

6.    HCMLP Releases: Except as specifically provided in this paragraph 6, and to the

maximum extent permitted by law, Daugherty, on behalf of himself and each of the Daugherty

Released Parties, hereby forever, finally, fully, unconditionally, and completely releases, relieves,

acquits, remises, and exonerates, and covenants never to sue, (a)(i) HCMLP; (ii) Strand Advisors

Inc.; (iii) the Claimant Trust; (iv) the Claimant Trust Oversight Board; (v) the Highland Litigation

Sub-Trust; (vi) the Highland Indemnity Trust; (vii) any entity of which greater than fifty percent

of the voting ownership is held directly or indirectly by HCMLP as of the date hereof and any

entity otherwise directly or indirectly controlled by HCMLP as of the date hereof,; and (viii) any

entity managed by either HCMLP or a direct or indirect subsidiary of HCMLP, including Highland

Restoration Capital Partners, L.P., Highland Restoration Capital Partners Offshore, L.P., Highland

Restoration Capital Master, L.P. (and all of their respective general partners, feeder funds,

managers, and affiliates) (the foregoing (a)(i) through (a)(viii) the "HCMLP Entities"), and (b)

with respect to each such HCMLP Entity, such HCMLP Entity's respective current (meaning

employed in their respective roles as of the date hereof) advisors, trustees, directors, officers,

managers, members, partners, employees, beneficiaries, shareholders (but not the shareholders of

Strand Advisors Inc.), agents, participants, subsidiaries, parents, affiliates, successors, designees,

and assigns, except as expressly set forth below (the "HCMLP Parties," and together with the

HCMLP Entities, the "HCMLP Released Parties"),[4] in each case acting in such capacity, for and

from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens,

losses, costs and expenses (including, without limitation, attorney's fees and related costs),

damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known

or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated,

contingent or fixed, at law or in equity, statutory or otherwise, including without limitation those

which were or could have been asserted in the Bankruptcy, including the Adversary Proceeding,

the Texas Action, the Daugherty Claim, or the Highland Delaware Case (collectively, the

"Daugherty Released Claims"); provided, however, that such release shall not apply with respect

to the Reserved Claim or the Reserve Motion (as those terms are defined in paragraph 9 below) or

HCMLP's obligations under this Settlement.   This release expressly applies to all current

employees of HCMLP as the Reorganized Debtor (as defined in the Plan), in their capacities as

such. For the avoidance of doubt, the Daugherty Released Claims includes all claims or causes of

action and facts, known or unknown, that exist as of the date hereof but do not include or apply to

claims or causes of action based on facts occurring after the date hereof.

      7.    <u>Reservation of Daugherty Rights</u>:  Notwithstanding anything contained herein to

the contrary, the term HCMLP Released Parties shall not include (a) NexPoint Advisors, L.P. (or

any of its subsidiaries and employees, advisors, or agents), (b) the Charitable Donor Advised Fund,

L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and any of their respective

employees, advisors, or agents), (c) NexBank, SSB (or any of its subsidiaries, employees, advisors,

or agents), (d) James Dondero or any trust in which Dondero or any of his family members are a

trustee or beneficiary (or any trustee acting for such trust), including but not limited to Hunter

---

[4] The Daugherty Additional Released Parties and the HCMLP Released Parties are collectively referred to as the "Additional Released Parties."

Mountain Investment Trust, The Get Good Trust, Dugaboy Investment Trust, SLHC Investment

Trust, (e) HERA (subject to paragraph 8 below), (f) ERA (subject to paragraph 8 below), (g) Grant

Scott, (h) Mark Okada and any trust in which Mark Okada or any of his family members are a

beneficiary (or any trustee acting for such trust in their respective capacities), (i) Ellington, (j)

Leventon, (k) Katz, (l) Hurst, (m) Andrews Kurth, or (m) any other former employee (as of the

date hereof) of the HCMLP Released Parties.

     8.    <u>HERA and ERA</u>: The Parties acknowledge and agree that as of the date hereof,

HERA and ERA have no material assets other than potential claims that may exist against persons

or entities not released at or prior to the date hereof, and no claims against the HCMLP Released

Parties. The allowed claims provided in paragraph 1 hereof are expressly agreed to in order to

satisfy any liability the Debtor may have in connection with the HERA Judgment. To facilitate

recovery of such potential claims – which expressly excludes any and all claims by or in the name

of HERA and ERA against any of the HCMLP Released Parties -- HCMLP will transfer its

interests in HERA and ERA to Daugherty. Such transfer will include the HERA and ERA books

and records (spreadsheet) maintained on HCMLP's system. Such transfer will be without

representation or warranty of any type; including, for the avoidance of doubt, without any

representation or warranty as to the merits of the potential claims or the efficacy of the transfer of

the potential claims. Such transfer will be without any liability or material cost to HCMLP or its

affiliates or the other HCMLP Released Parties, including any liability in respect of any assets that

HERA or ERA ever actually or allegedly owned, possessed, or controlled and that were actually

or allegedly transferred, conveyed, sold, written off or otherwise disposed of (in any such case, a

"<u>Disposition</u>"). In connection with the transfer, HERA and ERA have expressly released the

HCMLP Released Parties from any and all claims, including any claims actions or remedies related

10

to any Disposition, either of them may have against any HCMLP Released Party now or in the

future (the "HERA and ERA Release"). Daugherty on behalf of himself and each of the Daugherty

Released Parties acknowledges, accepts, and agrees not to challenge the HERA and ERA Release

or support any challenge thereto. A copy of the HERA and ERA Release is annexed hereto as

**Exhibit A**. Daugherty acknowledges and agrees that even though HERA and ERA are not

HCMLP Released Parties under this Agreement, Daugherty and all Daugherty Released Parties

shall (a) not seek to hold any HCMLP Released Party liable for any action or inaction taken by or

on behalf of HERA or ERA, including through any derivative, veil-piercing or similar cause of

action or remedy; and (b) not seek to recover damages or obtain any form of relief against any

HCMLP Released Party on account of any action or inaction taken by or on behalf of HERA or

ERA, including through any veil piercing or similar cause of action or remedy. If, for any reason,

HERA or ERA, or any person or entity acting on their behalf, recovers anything from any HCMLP

Released Party, Daugherty shall promptly turnover to HCMLP or its successors and assigns any

amounts actually recovered by Daugherty or any Daugherty Released Party, from HERA or ERA

arising from, related to, or derived from any claim that HERA or ERA or any person or entity

acting on their behalf has or may have against any HCMLP Released Party. HCMLP will provide

reasonable assistance to Daugherty to assist with the preparation of any required HERA K-1s for

2021, but any requirement to provide such K-1s will be the obligation, if any, of HERA.

      9.    IRS Compensation Claim: In section 4(ii) of the Addendum to Proof of Claim No.

205, Daugherty contends that he has a contingent, unliquidated claim against the Debtor arising

out of a 2008/2009 compensation letter (the "Reserved Claim"), which claim is also related to an

audit/dispute between the Debtor and the Internal Revenue Service (the "IRS") (the dispute

between the Debtor and IRS being referred to herein as the "IRS Audit Dispute"). The Debtor

disputes the validity and amount of the Reserved Claim.  Daugherty shall retain the Reserved

Claim solely against the Debtor and not against any other HCMLP Released Party, and the Debtor

reserves the right to assert any and all defenses thereto.  Any litigation by and between the Debtor

and Daugherty concerning the validity and amount of the Reserved Claim shall be stayed until the

IRS makes a final determination with respect to the IRS Audit Dispute; provided, however, that

Daugherty may file a motion with the Bankruptcy Court to have the Reserved Claim estimated for

purposes of establishing a reserve as a "Disputed Claim" under the Debtor's Plan (the "Reserve

Motion"), and the Debtor (and any successor) reserves the right to assert any and all defenses

thereto.  Notwithstanding the foregoing, Daugherty may address any personal claim or personal

liability to the IRS as a result of the IRS Audit Dispute, including settlement of any such claims;

provided, however, Daugherty agrees to forego settling or addressing any claims with the IRS

without the written consent of the Debtor until March 31, 2022.

10.    Current HCMLP Employees:  The HCMLP Parties set forth on **Appendix A** hereto

are currently employed by the Debtor are HCMLP Released Parties.  By executing a copy of this

Settlement and delivering it to Daugherty, each of the persons on Appendix A agrees not to sue,

attempt to sue, or threaten or work with or assist  any entity or person to sue, attempt to sue, or

threaten any Daugherty Released Party on or in connection with any claim or cause of action

arising prior to the date of this Settlement.

11.    Dismissal and Motions in Other Actions.  Within ten business days after approval

of this Settlement by the Bankruptcy Court, the Parties shall take all steps necessary (a) to dismiss

with prejudice (i) the Highland Delaware Case, as against the Debtor and any HCMLP Released

Party, and (ii) the HERA Delaware Case, as against every HCMLP Released Party, (b) to file an

agreed motion and proposed order to partially vacate the final judgment entered against Daugherty

in the Texas Action, (c) withdraw HCMLP's objection to the Daugherty motion to recuse in the
Texas Action, and (d) to dismiss the Adversary Proceeding with prejudice. The parties shall file
the foregoing motions and withdrawals substantially in the form of the documents annexed hereto
as **Exhibit B**.

12.    Additional Third Party Claims Discovery:  The Debtor (a) shall accept service of
any subpoenas via email served by Daugherty in connection with the Delaware Cases on behalf of
itself, the HCMLP Entities, the HCMLP Parties (but only in their capacity as employees of
HCMLP); and (b) acknowledge and consent to the jurisdiction of the Delaware Chancery Court
for purposes of enforcing any such subpoenas, subject in all respects to the rights that the HCMLP
Entities and HCMLP Parties to defend the requested production, if any.

13.    Settlement of Third Party Claims:  Daugherty shall not settle any claims or causes
of action against any current or former director, officer, employee, agent or representative of
HCMLP or Strand Advisors Inc. (collectively, the "Potentially Indemnified Parties") to the extent
such claims have been brought or could have been brought against any Potentially Indemnified
Parties, if any such settlement designates, defines or describes the settled claims as arising out of
or relating to simple negligence or as having otherwise been within the scope of employment of
the Potentially Indemnified Party.

14.    Claims Register:  As soon as practicable after the Settlement Effective Date,
HCMLP shall instruct the claims agent in the Debtor's chapter 11 case to adjust the claims register
in accordance with this Settlement.

15.    Daugherty Representations:  Daugherty represents and warrants to each of the
HCMLP Released Parties that (a) he has full authority to release the Daugherty Released Claims
and has not sold, transferred, or assigned any Daugherty Released Claim to any other person or

entity and that (b) no person or entity other than Daugherty has been, is, or will be authorized to bring, pursue, or enforce any Daugherty Released Claim on behalf of, for the benefit of, or in the name of (whether directly or derivatively) Daugherty.

16.    <u>HCMLP Representations</u>: Each of HCMLP and each HCMLP Released Party who has signed this Settlement represents and warrants to Daugherty that (a) he, she or it has not sold, transferred, pledged, assigned or hypothecated any HCMLP Released Claim to any other person or entity and (b) he, she, or it has full authority to release any HCMLP Released Claims that such HCMLP Released Party personally has against Daugherty.

17.    <u>Additional HCMLP Representations</u>: HCMLP represents and warrants that it is releasing the HCMLP Released Claims on behalf of the HCMLP Entities to the maximum extent permitted by any contractual or other legal rights HCMLP possesses. To the extent any of the HCMLP Entities dispute HCMLP's right to release the HCMLP Released Claims on behalf of any of the HCMLP Entities, HCMLP shall use commercially reasonable efforts to support Daugherty's position, if any, that such claims were released herein. For the avoidance of doubt, HCMLP will have no obligations to assist Daugherty under this paragraph if HCMLP has been advised by external counsel that such assistance could subject HCMLP to liability to any third party or if such assistance would require HCMLP to expend material amounts of time or money. HCMLP shall not argue in any forum that the non-signatory status of any of the HCMLP Entities to this Settlement shall in any way affect the enforceability of this Settlement vis-à-vis any of the HCMLP Entities. The Parties agree that all of the HCMLP Entities are intended third-party beneficiaries of this Release.

18.    <u>HCMLP Covenant</u>: HCMLP and the HCMLP Entities covenant and agree that they will not pursue or seek to enforce any injunctions entered in the Texas Action against

Daugherty.

19.    <u>Entire Agreement; Modification</u>: This Settlement contains the entire agreement between the Parties as to its subject matter and supersedes and replaces any and all prior agreements and undertakings between the Parties. This Settlement may not be modified other than by a signed writing executed by the Parties.

20.    <u>Bankruptcy Court Approval</u>: Notwithstanding anything to the contrary contained herein, the effectiveness of HCMLP and the Claimant Trust's execution of this Settlement shall be subject to entry of an order of the Bankruptcy Court approving this Settlement. HCMLP shall take all steps necessary to file with the Bankruptcy Court a motion for an order approving this Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 and section 363 of the Bankruptcy Code (the "<u>Motion</u>"). The parties agree to cooperate in the preparation and prosecution of the Motion which shall be filed no later than 5 business day after execution of this Settlement, unless such time is extended by mutual agreement.

21.    <u>Counterparts</u>:    This Settlement may be executed in counterparts (including facsimile and electronic transmission counterparts), each of which will be deemed an original but all of which together constitute one and the same instrument and shall be effective against a Party or Additional Released Party upon approval of the Settlement by the Bankruptcy Court.

22.    <u>Governing Law; Jurisdiction</u>: This Settlement will be exclusively governed by and construed and enforced in accordance with the laws of the State of Delaware, without regard to its conflicts of law principles, and all claims relating to or arising out of this Settlement, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be governed by the laws of the State of Delaware, excluding Delaware's conflicts of law principles. The Bankruptcy Court will retain exclusive jurisdiction over all disputes relating to this Settlement.

23.    <u>Headings</u>:  Paragraph headings included herein are for convenience and shall have

no impact whatsoever on the meaning or interpretation of any part of this Settlement.

[Remainder of page intentionally left blank]

In witness whereof, the parties hereto, intending to be legally bound, have executed this

Settlement as of the day and year set forth below:

Dated: *11-21-21*      HIGHLAND CAPITAL MANAGEMENT, L.P.

By:

Name: James P. Seery, Jr.

Title:  Chief Executive Officer

HIGHLAND CLAIMANT TRUST

By:

Name: James P. Seery, Jr.

Title: Claimant Trustee

PATRICK HAGAMAN DAUGHERTY

Dated: *11/22/21*

By:

Name: Patrick Hagaman Daugherty

# EXHIBIT A

## HERA RELEASE AGREEMENT

This HERA Release Agreement ("HERA Release Agreement") is entered into as of November 21, 2021 by and among Highland Capital Management, L.P., as reorganized debtor ("HCMLP" or the "Debtor"), Patrick Hagaman Daugherty ("Daugherty"), Highland Employee Retention Assets, LLC ("HERA") and Highland ERA Management, LLC ("ERA" and together with HCMLP, and HERA, the "Parties," and individually as a "Party").

WHEREAS, reference is hereby made to the Settlement Agreement (the "Settlement") of even date herewith and attached hereto made and entered into by and between the Debtor, the Highland Claimant Trust, and Daugherty.

WHEREAS, the Settlement settles all of Daugherty's claims against the HCMLP Released Parties, including all claims against the HCMLP Released Parties relating to transfers of assets from HERA.

WHEREAS, the Settlement includes, among other things, the transfer by HCMLP to Daugherty of HCMLP's interests in HERA and ERA.

WHEREAS, under the Settlement such transfer is being made without any liability to any of the HCMLP Released Parties of any type and is conditional on the full release of, and covenant not to sue, each of the HCMLP Released Parties, by and from HERA, ERA, Daugherty and the Daugherty Released Parties.

WHEREAS, neither HERA nor ERA filed proofs of claim in the Bankrupty and have no claims against HCMLP.

WHEREAS, out of an abundance of caution to confirm that HERA, ERA, Daugherty, and the Daugherty Released Parties have no claims against the HCMLP Released Parties, this HERA Release Agreement is being entered into contemporaneously with the Settlement and constitutes an

essential part thereof.

WHEREAS, capitalized terms used herein but not otherwise defined herein have the respective meanings set forth in the Settlement.

NOW, THEREFORE, in consideration of the entry into of the Settlement, the transfer of the equity interests in HERA and ERA to Daugherty in accordance with the Settlement, and for other good and valuable consideration, including the provisions set forth herein, the parties hereto further agree as follows:

1.    Upon entry of an order of the Bankruptcy Court approving this Settlement and to the maximum extent permitted by law, Daugherty, on behalf of himself and each of the Daugherty Additional Release Parties, together with each of HERA and ERA (Daugherty, the Daugherty Additional Release Parties, HERA and ERA shall be collectively referred to herein as the "HERA Releasing Parties"), each hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, any of the HCMLP Released Parties for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including without limitation those which were or could have been asserted in the Bankruptcy, including the Adversary Proceeding, the Texas Action, the Daugherty Claim, Highland Delaware Case, or the HERA Delaware Case (collectively, "Claims"), in each case that in any way arise from or otherwise in any way relate to HERA or ERA, including, without limitation, any actual or potential claims, whether known or unknown, in any way related to or

arising out of the formation, management, operation or assets of HERA, ERA or any of their respective predecessors or successors, including the transfer of any assets to or from HERA or ERA, it being understood that all remaining assets of HERA have been transferred to HCMLP prior to the date hereof, and in addition to the releases set forth above, each of the HERA Releasing Parties irrevocably waives and releases and covenants not to sue with respect to any Claims against any of the HCMLP Released Parties in any way related to any such transfers or assets, whether *in personam* with respect to the HCMLP Released Parties or *in rem* with respect to any of their assets (collectively, the "HERA Released Claims") or any other Disposition.

2.      This Release constitutes a part of, and is supplemental to, the provisions of the Settlement.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

In witness whereof, the parties hereto, intending to be legally bound, have executed this

HERA Release Agreement as of the date set forth above.

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____

Name:  James P. Seery, Jr.

Title:  Chief Executive Officer

PATRICK HAGAMAN DAUGHERTY

By: _____

Name:  Patrick Hagaman Daugherty

HIGHLAND EMPLOYEE RETENTION ASSETS, LLC

By: Highland ERA Management, LLC, its manager

By: Highland Capital Management, LP

By: _____

Name:  James P. Seery, Jr.

Title:  Chief Executive Officer

HIGHLAND ERA MANAGEMENT, LLC

By: _____

Name:  James P. Seery, Jr.

Title:  Authorized Signatory

# EXHIBIT B



CAUSE NO. 12-04005

| | | |
|---|---|---|
| HIGHLAND CAPITAL<br>MANAGEMENT, L.P., | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| PATRICK DAUGHERTY, | § | |
| | § | |
| Defendant and Counter-Plaintiff, | § | DALLAS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| SIERRA VERDE, LLC, HIGHLAND | § | |
| EMPLOYEE RETENTION ASSETS | § | |
| LLC, JAMES DONDERO, PATRICK | § | |
| BOYCE, AND WILLIAM L. BRITAIN, | § | |
| | § | |
| Third-Party Defendants. | § | |
| | § | 68th JUDICIAL DISTRICT |

## AGREED MOTION TO PARTIALLY VACATE THE FINAL JUDGMENT DATED JULY 14, 2014

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Highland Capital Management, LP ("Highland") and Defendant Patrick Daugherty ("Daugherty" and together with Highland, the "Parties") file this *Agreed Motion to Partially Vacate the Final Judgment dated July 14, 2014* (the "Motion"), and respectfully show the following:

1.      On July 14, 2014, this Court entered a *Final Judgment* (the "Judgment") that, among other things, granted Highland's motion for injunctive relief against Daugherty.

2.      The Judgment was amended on March 23, and June 23, 2017.

3.      On October 16, 2019, filed a petition under chapter 11 in the United States Bankruptcy Court for the District of Delaware ("Highland's Bankruptcy Case"). On October 24,

AGREED MOTION TO PARTIALLY VACATE FINAL JUDGMENT - PAGE 1 OF 5
4851-6473-6986.4

2019, as a result of the commencement of Highland's Bankruptcy Case, the Supreme Court of

Texas issued an order abating a related case that Daugherty had brought in that court, Case No.

19-0758. Highland's Bankruptcy Case was subsequently transferred to the United States

Bankruptcy Court for the Northern District of Texas.

4.    Daugherty asserted certain claims against Highland in Highland's Bankruptcy

Case. The Parties have fully and finally resolved their disputes pursuant to a settlement agreement

(the "Settlement Agreement") reached in the Highland Bankruptcy Case pursuant to which, among

other things, (a) all of Daugherty's known and unknown claims against each of the Highland

Released Parties (as those terms are defined in the Settlement Agreement) are resolved, and (b)

this Motion seeking the *vacatur* of certain provisions of the Judgment specifically set forth below

is being filed.

5.    Highland and Daugherty hereby agree and stipulate that the Court has plenary

power to issue an order granting this Motion because the Court retained authority to enforce the

permanent injunction rendered in the Judgment, and that changed circumstances have now arisen

such that the Court should dissolve the permanent injunction. Highland and Daugherty further

agree and stipulate that this Motion shall be treated as an agreement of the Parties pursuant to

Texas Rule of Civil Procedure 11, and is fully enforceable. *See Coale v. Scott*, 331 S.W.3d 829,

831-32 (Tex. App.—Amarillo 2011, no pet.) ("Irrespective of whether a trial court lost its plenary

jurisdiction over its judgment, the trial court's authority to approve a Rule 11 agreement does not

depend on whether it has such jurisdiction.").

6.    Highland and Daugherty agree that the following portions of the Judgment shall be

vacated pursuant to their settlement in the Highland Bankruptcy:

a.  The second full paragraph on Page 2 of the Judgment, which begins "The Court, after considering the jury's findings regarding Daugherty's breaches of contract and breaches of fiduciary duty . . .";

b.  The permanent injunction rendered against Daugherty in the third full paragraph on Page 2 of the Judgment, which begins "It is therefore further ORDERED that Daugherty be and hereby is commanded to cease and desist from . . .";

c.  The fourth and fifth full paragraphs on Page 2 of the Judgment awarding Highland a monetary judgment against Daugherty for reasonable and necessary attorney's fees, as well as post-judgment interest on that award[1]; and

d.  The jury's answers to Questions 1, 2, 5, 6, 9 and 12 in the Verdict, which was attached as Exhibit 1 to the Judgment.

7.      Highland and Daugherty further agree that, as a result of the vacation of the permanent injunction in the Judgment, Highland hereby withdraws any pending motions to show cause or motions for contempt against Daugherty that allege Daugherty violated or is violating the permanent injunction.  Highland also agrees not to seek to enforce the permanent injunction in any manner in the future.

---

[1] Daugherty previously satisfied the monetary judgment awarded to Highland, and Highland filed a release of the monetary judgment.  Although Highland and Daugherty have agreed to vacate the monetary judgment awarded to Highland, Daugherty waives and relinquishes any right or claim to recover any amount previously paid in satisfaction of the Judgment and Highland shall not be required to reimburse Daugherty for his prior satisfaction of the monetary judgment.  To the extent Daugherty is entitled to indemnification for any liabilities, losses, and damages allegedly incurred by him for actions taken in connection with Highland's business, including the liabilities Daugherty allegedly incurred in connection with this action and the Judgment, such indemnification claims have been fully and finally satisfied and resolved under the Settlement Agreement.

**AGREED MOTION TO PARTIALLY VACATE FINAL JUDGMENT - PAGE 3 OF 5**
4851-6473-6986.4

8.     Concurrent with the filing of this Motion, Daugherty will file a motion to dismiss his as-yet unfiled petition for review pending before the Supreme Court of Texas under Case No. 19-0758.

9.     Highland and Daugherty further agree that any portions of the Judgment that are not specifically vacated pursuant to this Motion shall remain in full force and effect.

WHEREFORE, Highland and Daugherty pray that the Court grant this Motion in its entirety, and for all further relief, at law or in equity, the Court deems necessary.

Respectfully submitted,

GRAY REED & McGRAW LLP

By:    /s/ Sonya D. Reddy
       ANDREW K. YORK
       State Bar No. 24051554
       E-mail: dyork@grayreed.com
       SONYA D. REDDY
       State Bar No. 24079188
       E-mail: sreddy@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Fax)

**ATTORNEYS FOR PATRICK DAUGHERTY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been transmitted by electronic transmission to all counsel of record on February ___, 2021, as follows:

| | |
|---|---|
| Marc D. Katz | Michael K. Hurst |
| Crystal J. Woods | A. Shonn Brown |
| DLA PIPER LLP (US) | Jonathan Childers |
| 1717 Main St., Suite 3700 | LYNN PINKER COX HURST, LLP |
| Dallas, Texas 75201 | 2100 Ross Ave., Suite 2700 |
| 214-743-4545 (Fax) | Dallas, Texas 75201 |
| marc.katz@dlapiper.com | (214) 981-3839 (Fax) |
| crystal.woods@dlapiper.com | mhurst@lynnllp.com |
| | sbrown@ lynnllp.com |
| Attorneys for Highland Capital | jchilders@ lynnllp.com |
| Management, L.P. | |
| | Attorneys for Third-Party Defendants HERA, |
| | Patrick Boyce, and William Britain |

                                    /s/ Sonya D. Reddy
                                      SONYA D. REDDY

**APPENDIX A** (signatures to follow)

1. James P. Seery, Jr.
2. Cameron Baynard
3. Nathan Burns
4. Timothy Cournoyer
5. Naomi Chisum
6. Stetson Clark
7. Sean Fox
8. Matthew Gray
9. Kristin Hendrix
10. David Klos
11. Vishal Patel
12. Thomas Surgent
13. Michael Throckmorton

# EXHIBIT 2

**From:** John A. Morris
**Sent:** Wednesday, November 5, 2025 2:55 PM
**To:** Drew K. York <dyork@grayreed.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Jason S. Brookner <jbrookner@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>; Zachery Annable <zannable@haywardfirm.com>
**Subject:** Highland: Destruction Motion

Drew,

Highland was able to come to an agreement on the Destruction Motion with Mr. Dondero and others, an agreement embodied in the attached Stipulation that resolved the signatories' objections.

Highland's reply to Mr. Daugherty's objection and response to the HERA/ERA motion to intervene are up coming.

Please let us know by **Friday at 5:00 pm Central Time** if Mr. Daugherty, HERA, and ERA are willing to resolve all objections to the Destruction Motion in manner provided in the Stipulation.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
|  | § |  |
| Reorganized Debtor. | § | **Re: Docket No. 4416** |
|  | § |  |

## STIPULATION REGARDING MOTION FOR AN ORDER AUTHORIZING (A) THE DESTRUCTION OF CERTAIN DOCUMENTS AND OBSOLETE EQUIPMENT AND (B) FOR RELATED RELIEF

This stipulation (the "<u>Stipulation</u>") is made and entered into by and among Highland

Capital Management, L.P., the reorganized debtor ("<u>Highland</u>") in the above-captioned chapter 11

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

case (the "<u>Bankruptcy Case</u>"), and the Highland Claimant Trust (the "<u>Claimant Trust</u>", and together with Highland, the "<u>Movants</u>"), on the one hand, and the Dugaboy Investment Trust ("<u>Dugaboy</u>"), Get Good Trust, Strand Advisors, Inc., NexPoint Advisors, L.P., NexPoint Asset Management, L.P. f/k/a Highland Capital Management Fund Advisors, L.P., James Dondero, Isaac Leventon, and Scott Ellington (collectively, the "<u>Requesting Parties</u>", and together with the Movants, the "<u>Parties</u>"), on the other hand, by and through their respective undersigned counsel.

## <u>RECITALS</u>

WHEREAS, on October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "<u>Delaware Court</u>").

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>") [Bankr. Docket No. 186].

WHEREAS, on September 30, 2025, the Movants filed their *Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Bankr. Docket No. 4416] (the "<u>Motion</u>")[2] seeking the entry of an order, substantially in the form attached as Exhibit A to the Motion (the "<u>Proposed Order</u>"), (i) authorizing, but not directing, the Movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by the Movants that were delivered to Iron Mountain, Inc. ("<u>Iron Mountain</u>") in or before 2012; (ii) authorizing, but not directing, the Movants to cause the destruction of certain other non-essential electronic equipment; and (iii) granting related relief.

---

[2] Capitalized terms not otherwise defined in this Stipulation shall have the meanings ascribed to them in the Motion.

WHEREAS, the Movants have voluntarily provided the Requesting Parties with a listing of the Boxes at Iron Mountain containing the Documents, and the Parties have conferred and desire to enter into this Stipulation.

NOW, THEREFORE, it is hereby jointly stipulated and agreed as follows:

1. On a date to be agreed to by the Parties, which date shall be as soon as reasonably practicable on or after November 4, 2025 (the "Viewing Date"), Highland will make the boxes listed on Exhibit A attached hereto (the "Boxes") and their contents available for one (1) day to be reviewed by no more than two (2) representatives of the Requesting Parties (the "Viewing"); *provided*, that prior to the Viewing Date, the Requesting Parties execute and deliver to Highland the Confidentiality Agreement in the form attached hereto as Exhibit B. The Viewing shall take place inside the Audit Room of Iron Mountain's Dallas, Texas facility and be supervised by any representative(s) of Highland that it chooses. Highland will pay the fees charged by Iron Mountain in connection with the Viewing.

2. At or prior to the conclusion of the Viewing on the Viewing Date, the Requesting Parties will be permitted to identify any Documents contained in the Boxes that the Requesting Parties desire to be copied. Reasonably promptly following the Viewing Date, Highland will cause Iron Mountain to scan .PDF copies of such Documents and provide the same to each of Highland and the Requesting Parties. Dugaboy will pay all costs associated with Iron Mountain providing scanned .PDF copies of such Documents.

3. The Requesting Parties shall not file an objection to, or otherwise oppose, the Motion, and the Requesting Parties hereby consent to the entry of the Proposed Order, which shall be modified solely to the extent necessary to give effect to the rights of the Parties as expressly set forth in this Stipulation.

4.      If the Motion is granted by the Bankruptcy Court, then following the entry of the

Proposed Order, the Viewing, and the provision of the .PDF copies of the Documents as provided

in paragraph 2, Highland will direct Iron Mountain to destroy the Documents, including, without

limitation, all Documents contained in the Boxes.

5.      This Stipulation may be executed in counterparts.  A facsimile, electronic copy, or

photocopy of this Stipulation and the signatures hereto shall have the same effect and may be

accepted with the same authority as if it were an original.

6.      The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to

all matters arising from or relating to the implementation, interpretation, and enforcement of this

Stipulation and any order related thereto.

*[Remainder of Page Intentionally Left Blank]*

**SO STIPULATED AND AGREED:**

Dated: November 5, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

**-and-**

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Attorneys for James Dondero, The Dugaboy
Investment Trust, Get Good Trust, and The
Strand Advisors, Inc., NexPoint Advisors, L.P.
and NexPoint Asset Management, L.P.*

**-and-**

**BAKER & MCKENZIE LLP**

*/s/ Debra A. Dandeneau*
Debra A. Dandeneau (admitted *pro hac vice*)
452 Fifth Ave.
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email:
Debra.dandeneau@bakermckenzie.com

*Attorneys for Scott Ellington and Isaac
Leventon*

## EXHIBIT A

### List of Boxes

| SKP BOX # | CUST BOX # | BOX LOCATION |
| --- | --- | --- |
| 444452002 | 201 | D PP013 K002630704 |
| 444452003 | 202 | D CC041 M002430704 |
| 444452077 | 274 | D CC041 M002430902 |
| 511952325 | 511952325 | D CC054 R005820106 |
| 511952334 | 511952334 | D CC044 A002010502 |
| 511952335 | 511952335 | D CC044 A002010501 |
| 511952336 | 511952336 | D CC033 F001520603 |
| 511952337 | 511952337 | D CC033 F001520604 |
| 511952339 | 511952339 | D CC053 V004320904 |
| 511952346 | 511952346 | D CC083 N006520203 |
| 511952361 | 511952361 | D PP022 D005930209 |
| 511952362 | 511952362 | D CC063 W000520903 |
| 511952363 | 511952363 | D CC081 V004830403 |
| 511952365 | 511952365 | D CC081 V004910103 |
| 511952375 | 511952375 | D CC053 C006630406 |
| 511952396 | 511952396 | D BV02308001720706 |
| 511952397 | 511952397 | D BV02308001720702 |
| 511952400 | 511952400 | D BV02308001720805 |
| 511952401 | 511952401 | D BV02308001720903 |
| 511952402 | 511952402 | D BV02308001720703 |
| 511952406 | 511952406 | D BV02308001720801 |
| 511952407 | 511952407 | D BV02308001720803 |
| 511952408 | 511952408 | D BV02308001720806 |
| 511952416 | 511952416 | D VC011 S001710102 |
| 511952420 | 511952420 | D VC011 S000720603 |
| 511952421 | 511952421 | D VC011 S000720701 |
| 511952422 | 511952422 | D VC011 S000720803 |
| 511952423 | 511952423 | D VC011 S001710203 |
| 511952730 | 511952730 | D BV03304001610407 |
| 511952731 | 511952731 | D CC031 K000610305 |
| 511952733 | 511952733 | D BV03304001610302 |
| 511952734 | 511952734 | D BV03304001610303 |
| 511952735 | 511952735 | D BV03304001610404 |
| 511952736 | 511952736 | D BV03304001610307 |
| 511952737 | 511952737 | D BV03304001610409 |
| 511952738 | 511952738 | D C211150000220103 |

| SKP BOX # | CUST BOX # | BOX LOCATION |
|---|---|---|
| 511952740 | 511952740 | D CC052 E005910505 |
| 511952744 | 511952744 | D PP032 U001330501 |
| 614792756 | 614792756 | D CC061 A001330201 |
| 614792886 | 614792886 | D GP02316000230507 |
| 614792887 | 614792887 | D L107113001620708 |
| 614792888 | 614792888 | D GP02316000410207 |
| 614792895 | 614792895 | D L107113001620702 |
| 614792896 | 614792896 | D L208129000740706 |
| 614792897 | 614792897 | D L208129000740404 |
| 614792898 | 614792898 | D L208129000740206 |
| 614792923 | 614792923 | D L208120000730302 |
| 614792924 | 614792924 | D L208120000720703 |
| 614792950 | 614792950 | D PP032 I002130304 |
| 614792951 | 614792951 | D PP032 I002130303 |
| 614792952 | 614792952 | D CC063 E000710309 |
| 614792953 | 614792953 | D PP032 I002130302 |
| 614792963 | 614792963 | D CC043DD002410905 |
| 614792979 | 614792979 | D CC084 O005420703 |
| 614792980 | 614792980 | D CC084 O005420606 |
| 614792981 | 614792981 | D L107209001020507 |
| 713558505 | AC 7055 | D CC031 K000830806 |
| 713558506 | AC 7056 | D CC031 K000820306 |
| 713558507 | AC 7057 | D PP033 J000930805 |
| 713558518 | LE1079 | D CC031 K001830301 |
| 713558529 | LEG084 | D CC033 K000930804 |
| 713558571 | 713558571 | D PP032 U001330307 |
| 713558606 | TAX 7097 | D CC084BB006130101 |
| 713558643 | AC 7060 | D CC031 K000910709 |
| 713558644 | AC 7059 | D CC031 K000830804 |
| 713558663 | LE1042 | D CC031 K001030101 |
| 713558694 | LE1055 | D CC031 K001820107 |
| 713558695 | LE1056 | D CC031 K001520404 |
| 713558696 | LE1057 | D CC031 K001610802 |
| 724963251 | 724963251 | D CC031 K000910106 |
| 724963252 | 724963252 | D CC031 K000830803 |
| 724963253 | 724963253 | D CC031 K000910407 |
| 724963254 | 724963254 | D CC031 K000910201 |
| 724963255 | HFP 7139 | D CC052 E005910702 |
| 724963256 | 724963256 | D CC031 K000830106 |
| 724963257 | 724963257 | D CC031 K000910603 |

| SKP BOX # | CUST BOX # | BOX LOCATION |
|---|---|---|
| 724963258 | 724963258 | D CC031 K000820109 |
| 724963259 | 724963259 | D CC031 K000820309 |
| 724963260 | 724963260 | D CC031 K000810803 |
| 724963261 | 724963261 | D CC031 K000610402 |
| 724963262 | 724963262 | D CC031 K000610304 |
| 724963263 | 724963263 | D CC031 K000820307 |
| 724963264 | 724963264 | D BV03304001610308 |
| 724963265 | 724963265 | D CC031 K000620304 |
| 724963266 | 724963266 | D CC031 K000910507 |
| 724963267 | HFP 7151 | D CC052 E005620103 |
| 724963268 | TR 7152 | D CC033 K000130401 |
| 724963273 | TR 7157 | D CC033 K000130305 |
| 724963274 | TR 7158 | D CC033 K000630701 |
| 724963275 | TR 7159 | D CC033 K000130505 |
| 724963276 | TR 7160 | D CC033 K000130301 |
| 724963277 | TR 7161 | D CC033 K000130304 |
| 724963278 | TR 7162 | D CC033 K000130202 |
| 724963279 | TR 7163 | D CC033 K000130206 |
| 724963333 | RE 7208 | D LM51171000440104 |
| 724963499 | 724963499 | D CF0111200025FF07 |
| 724963500 | 724963500 | D BV03137001820107 |
| DFW01959687 | 396109251 | D L208110000340806 |
| DFW01959707 | 396109271 | D L208110000340706 |
| DFW01959718 | 396109282 | D L107217001220404 |
| DFW01959723 | 396109287 | D L208229000840902 |
| DFW01959724 | 396109288 | D L107217001320501 |
| DFW01959730 | 396109295 | D L208110000340106 |
| DFW01959731 | 396109296 | D L208109000340305 |
| DFW01959732 | 396109297 | D L208110000340405 |
| DFW01959739 | 396109304 | D L208109000340203 |

**EXHIBIT B**

**Form of Confidentiality Agreement**

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "**Agreement**") is entered into as of October 30, 2025 by and between Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**"), and The Dugaboy Investment Trust, Get Good Trust, Strand Advisors, Inc., NexPoint Advisors, L.P., NexPoint Asset Management, L.P. f/k/a Highland Capital Management Fund Advisors, L.P., James Dondero, Isaac Leventon, and Scott Ellington (collectively, "**Recipients**"). Highland and Recipients are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, on September 30, 2025, Highland and Highland Claimant Trust, a Delaware statutory trust (the "**Claimant Trust**") filed with the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") a Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief (Dkt. No. 4416, the "**Destruction Motion**") pursuant to which, among other things, the movants therein are seeking entry of an order authorizing, but not directing, such movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by such movants that were delivered to Iron Mountain, Inc. ("**Iron Mountain**") in or before 2012;

WHEREAS, prior to the destruction of the Documents (as defined in the Destruction Motion), Highland may voluntarily permit Recipients to view and/or request scanned .PDF copies of certain of the Documents at Recipients' sole cost and expense; *provided* that as a condition thereto, Recipients agree to be bound by, and treat all such Documents in accordance with, the terms and provisions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants, promises and agreements contained herein, including Highland providing certain Confidential Information to Recipients, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. <u>Confidential Information</u>.  As used in this Agreement, the term "**Confidential Information**" means all Documents viewed or accessed by Recipients or their Representatives (as hereinafter defined) at Iron Mountain, all information contained therein, and all copies thereof retained by or provided to Recipients, including, without limitation, all information concerning the current or former business and affairs of Highland or any of its current or former affiliates or any of its or their respective current or former funds, separate accounts, entities, clients, employees, personnel, officers, directors, managers, partners, members, trustees, investors, customers, vendors, suppliers, consultants or advisors.  Notwithstanding the foregoing, "Confidential Information" shall not include any information that Recipients can demonstrate (i) was or becomes generally available to the public prior to, and other than as a result of, a

disclosure by Recipients or their Representatives, (ii) was available, or becomes available, to Recipients on a non-confidential basis from a third party source other than Highland; *provided* that such source is legally permitted to disclose such information to Recipients and is not otherwise prohibited from disclosing such information pursuant to any contractual, legal, regulatory, fiduciary, or other obligation, or (iii) is independently developed by Recipients without making use of or reference to any Confidential Information.

2.  Protection of Confidential Information.

(a)  General Protections.  Except as otherwise expressly set forth in this Agreement, Recipients shall keep all Confidential Information strictly confidential using a degree of care that is no less than stringent than that used to protect Recipients' own confidential information, which in any event, shall be no less than a reasonable degree of care, and shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Confidential Information in violation of this Agreement.  Recipients agree to promptly notify Highland in writing of any unauthorized disclosure of Confidential Information.

(b)  Limited Disclosures.  Recipients shall not disclose, or permit the disclosure of, any Confidential Information to any person or entity other than as set forth in this Section and, in each case, subject to the following terms and conditions:

(i)  Recipients may disclose Confidential Information to those of their officers, directors, employees, beneficiaries, and legal advisors (collectively, "**Representatives**") who have a need to know such information in connection with a bona fide business purpose; *provided*, that (A) such Representatives are informed by Recipients of the confidential nature of the Confidential Information and the obligations set forth in this Agreement, (B) such Representatives are made by Recipients to be subject to confidentiality terms at least as stringent as those set forth in this Agreement, (C) Recipients agree to be responsible for enforcing this Agreement as to their Representatives that receive Confidential Information, including, without limitation, by taking such action, legal or otherwise, to the extent necessary to cause such Representatives to comply with the terms of this Agreement and thereby prevent any disclosure of Confidential Information in violation of this Agreement, and (D) Recipients shall be liable for any acts or failure to act of any of their Representatives which, if such act or failure to act were the action or failure to act of Recipients, would be deemed a breach of their obligations hereunder.

(ii)  Recipients may disclose Confidential Information to any court, tribunal, mediator, or arbitral body of competent jurisdiction and their respective personnel; *provided* that (A) Recipients seek the permission of such court, tribunal, mediator, or arbitral body to file such information confidentially or under seal, and (B) Recipients provide Highland with written notice at least five (5) business days prior to such disclosure.  Notwithstanding the foregoing sentence, if any Recipient believes that particular Confidential Information does not meet the legal requirements for confidential treatment or filing under seal, it may notify Highland in writing and the Parties shall thereupon meet and confer as to whether the confidential designation of the information in question shall be removed.  If Highland fails to agree to such de-designation within five (5) business days of such notice, either Party may move the court,

tribunal, mediator, or arbitral body for a determination of whether the confidentiality of the information must be maintained or the information need be filed under seal.

(iii)     If Recipients or any of their Representatives become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand, or similar process) to make any disclosure that is prohibited or otherwise constrained by this Agreement, Recipients or their Representatives, as the case may be, shall provide Highland with prompt written notice of such legal requirement so Highland may (A) seek an appropriate protective order or other appropriate relief, or (B) waive compliance with the provisions of this Agreement.  In the absence of a protective order or Recipients receiving such a waiver from Highland, Recipients or their Representatives are permitted (with Highland's cooperation but at Recipients's expense) to disclose that portion (and only that portion) of the Confidential Information that Recipients or their Representatives is legally compelled to disclose;  *provided*, however, that Recipients and their Representatives must use reasonable efforts to obtain reliable assurance that confidential treatment will be accorded by any person, entity or body to whom any Confidential Information is so disclosed.

(c)     Recipients Safeguards.  Each Recipient represents and warrants to Highland that it has adopted reasonable procedures and electronic safeguards designed to protect Confidential Information against access by non-authorized parties, and that such safeguards shall be maintained in the future at no less than the same level of effectiveness as they are maintained at present.

(d)     Ownership of Confidential Information.  Recipients acknowledges and agrees that Highland shall remain the exclusive owner of all Confidential Information and any patent, copyright, trade secret, trademark, domain name and other intellectual property rights associated therewith.  Nothing in this Agreement shall be construed as granting any license, waiver or right to Recipients or any other person or entity with respect to any intellectual property rights contained or referred to in the Confidential Information.  Nothing in this Agreement shall entitle Recipients to any particular information.

3.  No Representations or Warranties.  None of Highland, the Claimant Trust, their respective affiliates, or any of its or their respective officers, directors, trustees, partners, managers, members, shareholders, owners, investors, employees, oversight board members, consultants or advisors make any representation or warranty whatsoever concerning the Confidential Information or the accuracy or completeness thereof.

4.  Miscellaneous.

(a)     Entire Agreement.  This Agreement contains the entire agreement between the Parties relating to the subject matter hereof.

(b)     Modification and Waiver.  This Agreement and the terms and provisions set forth herein may be modified only by a separate writing signed by all Parties.  Any term or provision of this Agreement may be waived only by a separate writing signed by the Party expressly waiving such term or provision.  Neither the failure nor any delay by any Party in exercising any

right, power, or privilege under this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege.

(c)     Severability. The invalidity or unenforceability of any term or provision of this Agreement shall not affect the validity or enforceability of any other terms or provisions of this Agreement, which shall remain in full force and effect.  If any of the terms or provisions of this Agreement are determined to be unenforceable by reason of its extent, duration, scope or otherwise, then the Parties contemplate that the court making such determination shall reduce such extent, duration, scope or other provision and enforce them in their reduced form for all purposes contemplated by this Agreement.

(d)     Specific Performance.  Recipients agree that Highland will be irreparably injured by a breach of this Agreement by Recipients or their Representatives, that monetary remedies may be inadequate to protect Highland against any actual or threatened breach of this Agreement by Recipients or by their Representatives, and that Highland shall be entitled to an injunction or other equitable relief as a remedy for any breach or threatened breach as a matter of right and without the necessity of having to post a bond.  Such remedy shall not be deemed to be the exclusive remedy for a breach or threatened breach of this Agreement but shall be in addition to all other remedies available at law or equity.   In any action to enforce the terms of this Agreement, the non-prevailing Party, as determined in a final, non-appealable order by a court of competent jurisdiction, shall pay the other Party's costs and expenses in therewith.

(e)     Liability and Indemnity.  Recipients shall be liable to and shall indemnify and hold Highland harmless from and against any and all claims, suits, losses, damages, costs or expenses, including, without limitation, reasonable attorney fees, incurred or suffered by Highland as a result of Recipients or their Representatives using or disclosing the Confidential Information other than in accordance with this Agreement, whether such unauthorized use or disclosure is performed negligently or otherwise.

(f)     Third Party Beneficiaries. Each of the Claimant Trust, the Highland Litigation Sub-Trust, a Delaware statutory trust, and the Highland Indemnity Trust, a Delaware statutory trust, are hereby expressly deemed third party beneficiaries of this Agreement and shall be entitled to enforce Highland's rights hereunder.

(g)     Governing Law.  This Agreement shall be construed pursuant to and governed by the laws of the State of Delaware (substantive and procedural) without reference to principles of conflicts of law that would result in the application of any other State's laws.

(h)     Jurisdiction/Venue.  The Parties hereby irrevocably submit to the jurisdiction and venue of the Bankruptcy Court with respect to any action arising out of or related to this Agreement or the subject matter hereof; provided that if (and only if) the Bankruptcy Court lacks personal or subject matter jurisdiction to adjudicate an action arising out of or related to this Agreement or the subject matter hereof, then the Parties irrevocably submit to the jurisdiction

and venue of the United States District Court for the Northern District of Texas and the Texas state courts located in Dallas County.

(i)  <u>Execution</u>.  This Agreement may be executed by the exchange of signatures by PDF attachment to an email transmittal and in counterparts, and if so executed, shall be fully executed when a counterpart has been executed and delivered by all Parties hereto through counsel.  All counterparts taken together shall constitute one and the same agreement and shall be fully enforceable as such.

(j)  <u>Headings</u>.  The headings of the sections of this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement in any manner.

(k)  <u>Construction</u>.  This Agreement has been fully negotiated by the Parties, each of whom have been represented by competent counsel.  Accordingly, in interpreting this Agreement, no weight shall be placed on which Party or its counsel drafted the term or provision being interpreted.

[<i>Signature Page Follows.</i>]

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____

Name: James P. Seery, Jr.

Title: Chief Executive Officer

**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST

By: _____

Name:

Title:

GET GOOD TRUST

By: _____

Name:

Title:

STRAND ADVISORS, INC.

By: _____

Name:

Title:

NEXPOINT ADVIOSRS, L.P.

By: _____

Name:

Title:

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST

By: *Nancy Dondero*
Name: Nancy Dondero
Title: Trustee

GET GOOD TRUST

By: _____
Name:
Title:

STRAND ADVISORS, INC.

By: _____
Name:
Title:

NEXPOINT ADVIOSRS, L.P.

By: _____
Name:
Title:

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

THE DUGABOY INVESTMENT TRUST

By: _____
Name: Nancy Dondero
Title: Trustee

<u>GET GOOD TRUST</u>

By: _____
Name: Grant Scott
Title: Trustee

<u>STRAND ADVISORS, INC.</u>

By: _____
Name: James Dondero
Title: President

<u>NEXPOINT ADVISORS, L.P.</u>
By: NexPoint Advisors GP, LLC, its general partner

By: _____
Name: James Dondero
Title: President

NEXPOINT ASSET MANAGEMENT, L.P.
By: Strand Advisors XVI, Inc., its general partner


By: _____
Name: Stephanie Vitiello
Title: Secretary, CCO, AMLO


JAMES DONDERO


_____


SCOTT ELLINGTON


_____


ISAAC LEVENTON


_____

# **EXHIBIT 3**

**From:** Drew K. York <dyork@grayreed.com>
**Sent:** Friday, November 7, 2025 9:22 AM
**To:** John A. Morris <jmorris@pszjlaw.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Jason S. Brookner <jbrookner@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>; Zachery Annable <zannable@haywardfirm.com>; mbobo@mwblawyer.com
**Subject:** RE: Highland: Destruction Motion


John,

I added Matthew Bobo to this email since he is representing HERA and ERA and filed the motion to intervene, but I have the authority to respond here for them as well.  We appreciate the proposal but cannot agree to it.

I find it interesting that Dondero and the Dondero affiliates have decided to enter into this stipulation especially given their past efforts to conceal fraud and other wrongs upon HERA and other entities, including Highland itself.  Their desire to selectively permit which materials they think they need, while allow other related materials to be destroyed, only raises greater concerns about the preservation of evidence for pending legal actions.

Regards,

1

Drew

**Drew K. York**
**Partner**
Tel 469.320.6114 | Fax 469.320.6883 | dyork@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.

---

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Wednesday, November 05, 2025 4:55 PM
**To:** Drew K. York <dyork@grayreed.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Jason S. Brookner <jbrookner@grayreed.com>; Drake Rayshell
<drayshell@grayreed.com>; Zachery Annable <zannable@haywardfirm.com>
**Subject:** [EXTERNAL] Highland: Destruction Motion

Drew,

Highland was able to come to an agreement on the Destruction Motion with Mr. Dondero and others, an
agreement embodied in the attached Stipulation that resolved the signatories' objections.

Highland's reply to Mr. Daugherty's objection and response to the HERA/ERA motion to intervene are up coming.

Please let us know by **Friday at 5:00 pm Central Time** if Mr. Daugherty, HERA, and ERA are willing to resolve all
objections to the Destruction Motion in manner provided in the Stipulation.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco