PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) *(admitted pro hac vice)*
Hayley R. Winograd (NY Bar No. 5612569) *(admitted pro hac vice)*
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11<br><br>**Re: Docket No. 4416** |

## STIPULATION REGARDING MOTION FOR AN ORDER AUTHORIZING (A) THE DESTRUCTION OF CERTAIN DOCUMENTS AND OBSOLETE EQUIPMENT AND (B) FOR RELATED RELIEF

This stipulation (the "Stipulation") is made and entered into by and among Highland

Capital Management, L.P., the reorganized debtor ("Highland") in the above-captioned chapter 11

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4923-7537-7786.2 36027.003

case (the "Bankruptcy Case"), and the Highland Claimant Trust (the "Claimant Trust", and together with Highland, the "Movants"), on the one hand, and Patrick Daugherty, Highland ERA Management, LLC, and Highland Employee Retention Assets, LLC (collectively, the "Requesting Parties", and together with the Movants, the "Parties"), on the other hand, by and through their respective undersigned counsel.

## RECITALS

WHEREAS, on October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") [Bankr. Docket No. 186].

WHEREAS, on September 30, 2025, the Movants filed their *Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Bankr. Docket No. 4416] (the "Motion")[2] seeking the entry of an order, substantially in the form attached as Exhibit A to the Motion (the "Proposed Order"), (i) authorizing, but not directing, the Movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by the Movants that were delivered to Iron Mountain, Inc. ("Iron Mountain") in or before 2012; (ii) authorizing, but not directing, the Movants to cause the destruction of certain other non-essential electronic equipment; and (iii) granting related relief.

WHEREAS, the Movants have voluntarily provided the Requesting Parties with a listing

---

[2] Capitalized terms not otherwise defined in this Stipulation shall have the meanings ascribed to them in the Motion.

4923-7537-7786.2 36027.003

of the Boxes at Iron Mountain containing the Documents, and the Parties have conferred and desire to enter into this Stipulation.

NOW, THEREFORE, it is hereby jointly stipulated and agreed as follows:

1. As soon as reasonably practicable following the date hereof, the Requesting Parties will identify to the Movants in writing which boxes containing the Documents (collectively, the "Boxes") that the Requesting Parties desire to review; *provided*, that in no event shall the Boxes include any Documents containing personally identifiable information or any other sensitive personal information, including, without limitation, any boxes with labels or descriptions containing any of the phrases listed on Exhibit A, any human resources information, payroll information, boxes specific to personal information of individual employees, personal financial information, personal bank or other financial account statements, social security numbers, background checks, or healthcare information, in each case, as determined by Highland in its discretion. On one or more dates to be agreed to by the Parties, which date(s) shall be as soon as reasonably practicable after the date hereof and in all cases prior to December 31, 2025 (the "Viewing Dates"), Highland will make such Boxes and their contents available to be reviewed by no more than two (2) representatives of the Requesting Parties (the "Viewing"); *provided*, that (a) prior to the Viewing Date, the Requesting Parties execute and deliver to Highland the Confidentiality Agreement in the form attached hereto as Exhibit B, (b) the Parties acknowledge and agree that the availability of any proposed Viewing Dates is subject to Iron Mountain's availability and consent, and (c) more than two (2) representatives of the Requesting Parties may participate in the Viewing if and to the extent Iron Mountain agrees thereto. The Viewing shall take place inside the Audit Room of Iron Mountain's Dallas, Texas facility and be supervised by any representative(s) of Highland that it chooses. The Requesting Parties will identify specific

Boxes (subject to the personal information limitation described above) and Highland will pay the fees charged by Iron Mountain in connection with viewing up to 100 Boxes per day for up to three (3) Viewing Dates. The Requesting Parties will pay all fees charged by Iron Mountain in connection with reviewing more than 100 Boxes per day on any Viewing Date and all Viewing Dates beyond the first three (3) Viewing Dates, if any.

2. At or prior to the conclusion of the Viewing on the final Viewing Date, the Requesting Parties will be permitted to identify any Documents contained in the Boxes that the Requesting Parties desire to be copied. Reasonably promptly following the final Viewing Date, Highland will cause Iron Mountain to scan .PDF copies of such Documents and provide the same to each of Highland and the Requesting Parties. The Requesting Parties will pay all costs associated with Iron Mountain providing scanned .PDF copies of such Documents.

3. The Requesting Parties shall not file an objection to, or otherwise oppose, the Motion, and the Requesting Parties hereby consent to the entry of the Proposed Order, which shall be modified solely to the extent necessary to give effect to the rights of the Parties as expressly set forth in this Stipulation.

4. If the Motion is granted by the Bankruptcy Court, then following the entry of the Proposed Order, the Viewing, and the provision of the .PDF copies of the Documents as provided in paragraph 2, Highland will direct Iron Mountain to destroy the Documents, including, without limitation, all Documents contained in the Boxes.

5. This Stipulation may be executed in counterparts. A facsimile, electronic copy, or photocopy of this Stipulation and the signatures hereto shall have the same effect and may be accepted with the same authority as if it were an original.

4923-7537-7786.2 36027.003

6. The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation and any order related thereto.

[*Remainder of Page Intentionally Left Blank*]

**SO STIPULATED AND AGREED:**

Dated: November 13, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P. and Highland Claimant Trust*

**GRAY REED**

By:   */s/ Andrew K. York*
      Jason S. Brookner
      Texas Bar No. 24033684
      Andrew K. York
      Texas Bar No. 24051554
      William N. Drabble
      Texas Bar No. 24074154
      Drake M. Rayshell
      Texas Bar No. 24118507
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (469) 320-6050
Facsimile:     (469) 320-6886
Email:         jbrookner@grayreed.com
               dyork@grayreed.com
               wdrabble@grayreed.com
               draysehll@grayreed.com

*Counsel to Patrick Daugherty*

-AND-

By:   */s/ Matthew W. Bobo*
**Matthew W. Bobo**
State Bar No. 24006860
Law Office of Matthew Bobo, PLLC
4916 Camp Bowie Blvd
Ft. Worth, Texas 76107
(817) 529-0774 (Telephone)
(817) 698-9401 (Facsimile)
mbobo@mwblawyer.com

*Counsel for Highland Employee Retention Assets LLC and Highland ERA Management, LLC*

# EXHIBIT A

## Excluded Boxes

The Boxes shall not include any boxes with labels or descriptions containing any of the following phrases or descriptions:

HR
H.R.
Employee
Personal
Payroll
Jim
Dondero
Dondro
Okada
EY Binders
EY Litigation
HCM Termed Files 2005
Background checks 2005 – 2007
Highland exam modeling results
Profits sharing plan statements
Human Resources
Schroth

# EXHIBIT B

## Form of Confidentiality Agreement

[*Attached*.]

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "**Agreement**") is entered into as of November 13, 2025 by and between Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**"), and Patrick Daugherty, Highland ERA Management, LLC, and Highland Employee Retention Assets, LLC (collectively, "**Recipients**"). Highland and Recipients are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, on September 30, 2025, Highland and Highland Claimant Trust, a Delaware statutory trust (the "**Claimant Trust**") filed with the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") a Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief (Dkt. No. 4416, the "**Destruction Motion**") pursuant to which, among other things, the movants therein are seeking entry of an order authorizing, but not directing, such movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by such movants that were delivered to Iron Mountain, Inc. ("**Iron Mountain**") in or before 2012;

WHEREAS, prior to the destruction of the Documents (as defined in the Destruction Motion), Highland may voluntarily permit Recipients to view and/or request scanned .PDF copies of certain of the Documents at Recipients' sole cost and expense; *provided* that as a condition thereto, Recipients agree to be bound by, and treat all such Documents in accordance with, the terms and provisions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants, promises and agreements contained herein, including Highland providing certain Confidential Information to Recipients, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. <u>Confidential Information</u>.  As used in this Agreement, the term "**Confidential Information**" means all Documents viewed or accessed by Recipients or their Representatives (as hereinafter defined) at Iron Mountain, all information contained therein, and all copies thereof retained by or provided to Recipients, including, without limitation, all information concerning the current or former business and affairs of Highland or any of its current or former affiliates or any of its or their respective current or former funds, separate accounts, entities, clients, employees, personnel, officers, directors, managers, partners, members, trustees, investors, customers, vendors, suppliers, consultants or advisors. Notwithstanding the foregoing, "Confidential Information" shall not include any information that Recipients can demonstrate (i) was or becomes generally available to the public prior to, and other than as a result of, a disclosure by Recipients or their Representatives, (ii) was available, or becomes available, to Recipients on a non-confidential basis from a third party source other than Highland; *provided*

that such source is legally permitted to disclose such information to Recipients and is not otherwise prohibited from disclosing such information pursuant to any contractual, legal, regulatory, fiduciary, or other obligation, or (iii) is independently developed by Recipients without making use of or reference to any Confidential Information.

2. Protection of Confidential Information.

(a) General Protections. Except as otherwise expressly set forth in this Agreement, Recipients shall keep all Confidential Information strictly confidential using a degree of care that is no less than stringent than that used to protect Recipients' own confidential information, which in any event, shall be no less than a reasonable degree of care, and shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Confidential Information in violation of this Agreement. Recipients agree to promptly notify Highland in writing of any unauthorized disclosure of Confidential Information.

(b) Limited Disclosures. Recipients shall not disclose, or permit the disclosure of, any Confidential Information to any person or entity other than as set forth in this Section and, in each case, subject to the following terms and conditions:

(i) Recipients may disclose Confidential Information to those of their officers, directors, employees, beneficiaries, and legal advisors (collectively, "**Representatives**") who have a need to know such information in connection with a bona fide business purpose; *provided*, that (A) such Representatives are informed by Recipients of the confidential nature of the Confidential Information and the obligations set forth in this Agreement, (B) such Representatives are made by Recipients to be subject to confidentiality terms at least as stringent as those set forth in this Agreement, (C) Recipients agree to be responsible for enforcing this Agreement as to their Representatives that receive Confidential Information, including, without limitation, by taking such action, legal or otherwise, to the extent necessary to cause such Representatives to comply with the terms of this Agreement and thereby prevent any disclosure of Confidential Information in violation of this Agreement, and (D) Recipients shall be liable for any acts or failure to act of any of their Representatives which, if such act or failure to act were the action or failure to act of Recipients, would be deemed a breach of their obligations hereunder.

(ii) Recipients may disclose Confidential Information to any court, tribunal, mediator, or arbitral body of competent jurisdiction and their respective personnel; *provided* that (A) Recipients seek the permission of such court, tribunal, mediator, or arbitral body to file such information confidentially or under seal, and (B) Recipients provide Highland with written notice at least five (5) business days prior to such disclosure. Notwithstanding the foregoing sentence, if any Recipient believes that particular Confidential Information does not meet the legal requirements for confidential treatment or filing under seal, it may notify Highland in writing and the Parties shall thereupon meet and confer as to whether the confidential designation of the information in question shall be removed. If Highland fails to agree to such de-designation within five (5) business days of such notice, either Party may move the court, tribunal, mediator, or arbitral body for a determination of whether the confidentiality of the information must be maintained or the information need be filed under seal.

2

(iii) If Recipients or any of their Representatives become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand, or similar process) to make any disclosure that is prohibited or otherwise constrained by this Agreement, Recipients or their Representatives, as the case may be, shall provide Highland with prompt written notice of such legal requirement so Highland may (A) seek an appropriate protective order or other appropriate relief, or (B) waive compliance with the provisions of this Agreement.  In the absence of a protective order or Recipients receiving such a waiver from Highland, Recipients or their Representatives are permitted (with Highland's cooperation but at Recipients's expense) to disclose that portion (and only that portion) of the Confidential Information that Recipients or their Representatives is legally compelled to disclose; *provided*, however, that Recipients and their Representatives must use reasonable efforts to obtain reliable assurance that confidential treatment will be accorded by any person, entity or body to whom any Confidential Information is so disclosed.

(c) <u>Recipients Safeguards</u>.  Each Recipient represents and warrants to Highland that it has adopted reasonable procedures and electronic safeguards designed to protect Confidential Information against access by non-authorized parties, and that such safeguards shall be maintained in the future at no less than the same level of effectiveness as they are maintained at present.

(d) <u>Ownership of Confidential Information</u>.  Recipients acknowledges and agrees that Highland shall remain the exclusive owner of all Confidential Information and any patent, copyright, trade secret, trademark, domain name and other intellectual property rights associated therewith.  Nothing in this Agreement shall be construed as granting any license, waiver or right to Recipients or any other person or entity with respect to any intellectual property rights contained or referred to in the Confidential Information.  Nothing in this Agreement shall entitle Recipients to any particular information.

3. <u>No Representations or Warranties</u>.  None of Highland, the Claimant Trust, their respective affiliates, or any of its or their respective officers, directors, trustees, partners, managers, members, shareholders, owners, investors, employees, oversight board members, consultants or advisors make any representation or warranty whatsoever concerning the Confidential Information or the accuracy or completeness thereof.

4. <u>Miscellaneous</u>.

(a) <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties relating to the subject matter hereof.

(b) <u>Modification and Waiver</u>.  This Agreement and the terms and provisions set forth herein may be modified only by a separate writing signed by all Parties.  Any term or provision of this Agreement may be waived only by a separate writing signed by the Party expressly waiving such term or provision.  Neither the failure nor any delay by any Party in exercising any right, power, or privilege under this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude

3

any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege.

(c) <u>Severability</u>. The invalidity or unenforceability of any term or provision of this Agreement shall not affect the validity or enforceability of any other terms or provisions of this Agreement, which shall remain in full force and effect. If any of the terms or provisions of this Agreement are determined to be unenforceable by reason of its extent, duration, scope or otherwise, then the Parties contemplate that the court making such determination shall reduce such extent, duration, scope or other provision and enforce them in their reduced form for all purposes contemplated by this Agreement.

(d) <u>Specific Performance</u>. Recipients agree that Highland will be irreparably injured by a breach of this Agreement by Recipients or their Representatives, that monetary remedies may be inadequate to protect Highland against any actual or threatened breach of this Agreement by Recipients or by their Representatives, and that Highland shall be entitled to an injunction or other equitable relief as a remedy for any breach or threatened breach as a matter of right and without the necessity of having to post a bond. Such remedy shall not be deemed to be the exclusive remedy for a breach or threatened breach of this Agreement but shall be in addition to all other remedies available at law or equity. In any action to enforce the terms of this Agreement, the non-prevailing Party, as determined in a final, non-appealable order by a court of competent jurisdiction, shall pay the other Party's costs and expenses in therewith.

(e) <u>Liability and Indemnity</u>. Recipients shall be liable to and shall indemnify and hold Highland harmless from and against any and all claims, suits, losses, damages, costs or expenses, including, without limitation, reasonable attorney fees, incurred or suffered by Highland as a result of Recipients or their Representatives using or disclosing the Confidential Information other than in accordance with this Agreement, whether such unauthorized use or disclosure is performed negligently or otherwise.

(f) <u>Third Party Beneficiaries</u>. Each of the Claimant Trust, the Highland Litigation Sub-Trust, a Delaware statutory trust, and the Highland Indemnity Trust, a Delaware statutory trust, are hereby expressly deemed third party beneficiaries of this Agreement and shall be entitled to enforce Highland's rights hereunder.

(g) <u>Governing Law</u>. This Agreement shall be construed pursuant to and governed by the laws of the State of Delaware (substantive and procedural) without reference to principles of conflicts of law that would result in the application of any other State's laws.

(h) <u>Jurisdiction/Venue</u>. The Parties hereby irrevocably submit to the jurisdiction and venue of the Bankruptcy Court with respect to any action arising out of or related to this Agreement or the subject matter hereof; *provided* that if (and only if) the Bankruptcy Court lacks personal or subject matter jurisdiction to adjudicate an action arising out of or related to this Agreement or the subject matter hereof, then the Parties irrevocably submit to the jurisdiction and venue of the United States District Court for the Northern District of Texas and the Texas state courts located in Dallas County.

(i) <u>Execution</u>.  This Agreement may be executed by the exchange of signatures by PDF attachment to an email transmittal and in counterparts, and if so executed, shall be fully executed when a counterpart has been executed and delivered by all Parties hereto through counsel.  All counterparts taken together shall constitute one and the same agreement and shall be fully enforceable as such.

(j) <u>Headings</u>.  The headings of the sections of this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement in any manner.

(k) <u>Construction</u>.  This Agreement has been fully negotiated by the Parties, each of whom have been represented by competent counsel.  Accordingly, in interpreting this Agreement, no weight shall be placed on which Party or its counsel drafted the term or provision being interpreted.

[*Signature Page Follows.*]

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

PATRICK DAUGHERTY

_____

HIGHLAND EMPLOYEE RETENTION ASSETS, LLC

By: _____
Name:
Title:

HIGHLAND ERA MANAGEMENT, LLC

By: _____
Name:
Title:

SIGNATURE PAGE TO CONFIDENTIALITY AGREEMENT