**mbobo@mwblawyer.com**

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Tuesday, December 2, 2025 10:39 AM |
| **To:** | mbobo@mwblawyer.com |
| **Cc:** | Jeff Pomerantz; Drew K. York; Drake Rayshell |
| **Subject:** | FW: Highland: Status of Daugherty-requested Boxes at Iron Mountain |
| **Attachments:** | 061218 IMIM_Confidentiality_Agreement_Facility_Tour.doc |

Bo, see the responses in red.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** mbobo@mwblawyer.com <mbobo@mwblawyer.com>
**Sent:** Tuesday, December 2, 2025 8:18 AM
**To:** John A. Morris <jmorris@pszjlaw.com>; mbobo@mwblawyer.com
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Drew K. York <dyork@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>
**Subject:** RE: Highland: Status of Daugherty-requested Boxes at Iron Mountain

John want to be clear on several issues.
First, we are trying to compare the cost of scanning the documents versus making a hard copy and storing them at Iron Mountain. This is an extremely reasonable inquiry to make. We need to visit with Iron Mountain to compare those costs. If it is cheaper for HERA to rent space at Iron Mountain and use their service as a tenant to make hard copies and store the boxes versus having some third party vendor scan the documents in, then we have the right to pursue that option. Further, it effects your client not at all.

Bo, your client doesn't "have the right" to anything except what is in the Stipulation—and nothing therein gives HERA "the right" to have photocopies made. The Stipulation is clear: "Reasonably promptly following the final Viewing Date, Highland will cause Iron Mountain to scan .PDF copies of such Documents and provide the same to each of Highland and the Requesting Parties. The Requesting Parties will pay all costs associated with Iron

1

**EXHIBIT E**

Mountain providing scanned .PDF copies of such Documents." Highland's position is consistent with the Stipulation, and we will not revisit the Stipulation.

Second, you cannot just designate boxes as personal with no verification of, if in fact there is, personal information contained in them to prevent us from reviewing relevant documents and then without reviewing them simply destroy them. I am trying to work through this without court intervention but it is unreasonable to simply designate a box as personal information when you don't know if it contains personal information. I am simply trying to figure out a reasonable way to handle that situation.

Again, your position ignores the plain and unambiguous terms of the Stipulation. Your client has agreed that Highland could expressly rely on the designations contained in the inventory list ("in no event shall the Boxes include . . . any boxes with labels or descriptions containing any of the phrases listed on Exhibit A." Highland's position is consistent with the Stipulation, and we will not revisit the Stipulation.

Finally, please be sure to send executed copies of the Confidentiality Agreement attached as Exhibit B to the Stipulation as well as Iron Mountain's confidentiality agreement (copy attached) in advance of your visit.


**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Monday, December 1, 2025 3:30 PM
**To:** mbobo@mwblawyer.com
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Drew K. York <dyork@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>
**Subject:** FW: Highland: Status of Daugherty-requested Boxes at Iron Mountain

Bo.

Thank you for your e-mail.

Please see the responses highlighted in red below and let us know if you have any remaining questions.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** mbobo@mwblawyer.com <mbobo@mwblawyer.com>
**Sent:** Monday, December 1, 2025 12:32 PM
**To:** John A. Morris <jmorris@pszjlaw.com>; mbobo@mwblawyer.com
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Drew K. York <dyork@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>
**Subject:** RE: Highland: Status of Daugherty-requested Boxes at Iron Mountain

Dear John,

1. Please reserve December 17 and 18 and the afternoon of December 19, if needed. We will have 5 people there to review. Good.

2. On the boxes you have designated as Red we would ask that you not destroy those until such time as we can figure out a method of review. We are happy to pay for the storage of same. The boxes highlighted in Red have been excluded pursuant to section 1 of the Stipulation; 38 of the 41 boxes highlighted in Red are specifically excluded because they contain labels or descriptions containing phrases on Exhibit A and 3 of the 41 boxes highlighted in Red have been determined by Highland to also be excluded. We will not revisit the Stipulation. Nonetheless, Highland will take a second look at the 3 boxes and advise you of its determination on or before December 17.

3. HERA is going to rent space at Iron Mountain to store the copies of the documents we tag to copy. It is significantly cheaper to do it this way. We're confused by this. Under section 2 of the Stipulation, any documents Mr. Daugherty identifies will be scanned by IM who will then provide electronic pdf copies to Highland and Mr. Daugherty. HERA can rent space if it wants, but it will receive electronic pdf copies of the documents, not hard copies, sometime after the viewing dates (when prepared by IM). Again, we will not revisit the Stipulation.

Bo

---

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Friday, November 28, 2025 11:58 AM
**To:** mbobo@mwblawyer.com
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Drew K. York <dyork@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>
**Subject:** Highland: Status of Daugherty-requested Boxes at Iron Mountain

Bo,

I write in response to the two issues presented in your emails of late Wednesday.

1. <u>Viewing dates</u>

    - For numerous reasons, Highland will not permit Mr. Daugherty or anyone acting on his behalf to communicate directly with Iron Mountain. We have confirmed with Iron Mountain that Mr. Daugherty will bring up to five (5) people on December 17 and 18 (we will need signed Confidentiality Agreements in advance). That should be more than sufficient time since Mr. Dondero completed his review of more boxes in the same period of time with fewer people.
    - Having said that, if additional time is required, we have also confirmed that December 19 remains available (can *any* of the five people review documents on that date?), and a half day is available on

December 22. Please let us know if you want us to reserve December 19 or the half day on December 22.

2. Boxes with Personal Information

- As you know, section 1 of the parties' so-ordered Stipulation gives Highland the unilateral right to withhold boxes containing personally identifiable information, including "any boxes with labels or descriptions containing any of the phrases listed on Exhibit A." All but three of the boxes highlighted with red contain one or more of the phrases on Exhibit A and the other three boxes appear to contain personal information. Moreover, as we explained in Highland's reply brief (Docket No. 4460, fn. 5), Mr. Dondero accepted this exact limitation for this exact reason. Highland will not overlook its rights under the Stipulation and treat Mr. Daugherty differently from Mr. Dondero.

Please let us know if you want Highland to secure a full day on 12/19 or a half day on 12/22.

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco

---

**From:** mbobo@mwblawyer.com <mbobo@mwblawyer.com>
**Sent:** Wednesday, November 26, 2025 6:26 PM
**To:** John A. Morris <jmorris@pszjlaw.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Drew K. York <dyork@grayreed.com>; Drake Rayshell <drayshell@grayreed.com>
**Subject:** Re: Highland: Status of Daugherty-requested Boxes at Iron Mountain

Thank you we will take Dec 17 and 18 can your rep be there to actually look at the red boxes to in fact see if there is personal information instead of guessing without actually looking at them
Sent from my iPhone

On Nov 26, 2025, at 3:25 PM, John A. Morris <jmorris@pszjlaw.com> wrote:

Bo.

Following up, the attached chart is color coded as follows:

1. Items in green are boxes we expect to be available
2. Items in red are boxes that Highland has determined contain personal information

3. Items in purple are boxes that were apparently checked out in 2013 and never returned.

We learned about the two boxes checked out in 2013 because Mr. Dondero requested the same ones (I assume that's a coincidence).

Please let us know if you want to review the available boxes on December 17-19.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn
<image001.jpg>
Los Angeles | New York | Wilmington, DE | Houston | San Francisco
<List of Iron Mountain Boxes to Review to John Morris - Color coded updated.xlsx>

5

**IRON MOUNTAIN®**

## CONFIDENTIALITY AGREEMENT FOR FACILITY TOUR

An Iron Mountain Information Management, LLC ("Iron Mountain") facility tour will include information that may be confidential and proprietary to Iron Mountain. _____("Company") and its authorized representatives, as listed by name and title on the attached Authorization Form, hereby covenant that any Confidential Information received during the facility tour shall be used solely for (i) the purposes of discussing and evaluating business opportunities; (ii) conducting business between the Parties; and (iii) for any services provided by either Party to the other Party. The general manager of the facility shall have the sole discretion to limit the time and the scope of the tour. Company may enter an audit request in order to expand this tour beyond such time and scope, for which a return trip may be scheduled at a time and manner as determined in the sole discretion of the facility's general manager. In the event that Company is subject to the Federal Acquisition Regulations, Iron Mountain facilities shall be available for audit pursuant to 48 CFR §52.215-2 as it applies to the services being provided to Company.

"Confidential Information" as used herein means any and all information, data, know-how, trade secrets, specifications, formulae and design, testing data, evaluation, marketing, construction and process information, whether patentable or not patentable, information regarding Iron Mountain's processes, systems, policies, procedures, and security which Iron Mountain uses to protect and manage the data stored by its customers and all such other business, operational and financial information learned about Iron Mountain, any information not generally known to the public or within the industry or trade in which Iron Mountain competes, including technical information pertaining to the configuration and operation of Iron Mountain's products, services, inventions and ideas, whether tangible or intangible, and regardless of how stored, compiled or memorialized, whether physically, electronically, graphically, photographically or in writing. Such Confidential Information shall not be duplicated, used, or disclosed, in whole or in part, for any purpose other than to evaluate Iron Mountain. To the extent practical, Confidential Information shall be disclosed in documentary or tangible form and marked "Confidential" but may also be disclosed orally and/or visually. Failure to provide a notice of confidentiality shall not give rise to an inference that the information disclosed is non-confidential.

Company covenants that it:
(a) Shall protect and keep in strict confidence Iron Mountain's information using the same degree of care and safeguards it uses to protect its own Confidential Information of like importance but in any case no less than a reasonable degree of care;
(b) May disclose Confidential Information received hereunder to its employees, agents, consultants and affiliates on a need-to-know basis for the purposes of this Agreement and who are bound to protect the Confidential Information from unauthorized use and disclosure under the terms of a written agreement; and
(c) Shall not copy, reproduce or otherwise duplicate in whole or in part Iron Mountain's Confidential Information without Iron Mountain's express written consent.

While Company and/or its authorized representatives are on Iron Mountain premises, they agree to comply with the Iron Mountain safety and security policies. If it is deemed that Company and/or its authorized representatives are not complying with Iron Mountain safety and security policies, they may be denied access while on Iron Mountain premises and the facility tour shall be concluded and deemed satisfactory to Company.

| COMPANY: | Iron Mountain Information Management, LLC |
|---|---|
| Individual Signing:<br>[print name] | Individual Signing:<br>[print name] |
| *Signature:* | *Signature:* |
| Title: | Title: |
| Signing Date: | Signing Date: |

## FACILITY TOUR – AUTHORIZATION FORM

Company, by its signature above, represents and warrants that the following are authorized representatives of Company and are principals, officers, employees, or agents of Company.

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____

Name _____  Signature _____

Title _____