Docusign Envelope ID: 13F72DF6-1FF8-4C4C-AB6B-7E4077A43638



## CONFIDENTIALITY AGREEMENT FOR FACILITY TOUR

An Iron Mountain Information Management, LLC ("Iron Mountain") facility tour will include information that may be confidential and proprietary to Iron Mountain. Highland Employee Retention Assets, LP and its authorized representatives, as listed by name and title on the attached Authorization Form, hereby covenant that any Confidential Information received during the facility tour shall be used solely for (i) the purposes of discussing and evaluating business opportunities; (ii) conducting business between the Parties; and (iii) for any services provided by either Party to the other Party. The general manager of the facility shall have the sole discretion to limit the time and the scope of the tour. Company may enter an audit request in order to expand this tour beyond such time and scope, for which a return trip may be scheduled at a time and manner as determined in the sole discretion of the facility's general manager. In the event that Company is subject to the Federal Acquisition Regulations, Iron Mountain facilities shall be available for audit pursuant to 48 CFR §52.215-2 as it applies to the services being provided to Company.

"Confidential Information" as used herein means any and all information, data, know-how, trade secrets, specifications, formulae and design, testing data, evaluation, marketing, construction and process information, whether patentable or not patentable, information regarding Iron Mountain's processes, systems, policies, procedures, and security which Iron Mountain uses to protect and manage the data stored by its customers and all such other business, operational and financial information learned about Iron Mountain, any information not generally known to the public or within the industry or trade in which Iron Mountain competes, including technical information pertaining to the configuration and operation of Iron Mountain's products, services, inventions and ideas, whether tangible or intangible, and regardless of how stored, compiled or memorialized, whether physically, electronically, graphically, photographically or in writing. Such Confidential Information shall not be duplicated, used, or disclosed, in whole or in part, for any purpose other than to evaluate Iron Mountain. To the extent practical, Confidential Information shall be disclosed in documentary or tangible form and marked "Confidential" but may also be disclosed orally and/or visually. Failure to provide a notice of confidentiality shall not give rise to an inference that the information disclosed is non-confidential.

Company covenants that it:
- (a) Shall protect and keep in strict confidence Iron Mountain's information using the same degree of care and safeguards it uses to protect its own Confidential Information of like importance but in any case no less than a reasonable degree of care;
- (b) May disclose Confidential Information received hereunder to its employees, agents, consultants and affiliates on a need-to-know basis for the purposes of this Agreement and who are bound to protect the Confidential Information from unauthorized use and disclosure under the terms of a written agreement; and
- (c) Shall not copy, reproduce or otherwise duplicate in whole or in part Iron Mountain's Confidential Information without Iron Mountain's express written consent.

While Company and/or its authorized representatives are on Iron Mountain premises, they agree to comply with the Iron Mountain safety and security policies. If it is deemed that Company and/or its authorized representatives are not complying with Iron Mountain safety and security policies, they may be denied access while on Iron Mountain premises and the facility tour shall be concluded and deemed satisfactory to Company.

| COMPANY: Highland Employee Retention Assets, LP | Iron Mountain Information Management, LLC |
|---|---|
| Individual Signing:<br>[print name] Patrick Daugherty | Individual Signing:<br>[print name] |
| Signature:<br>Patrick Daugherty | Signature: |
| Title: Chief Asset Recovery Officer | Title: |
| Signing Date: 12/16/2025 \| 4:27 PM CST | Signing Date: |

**EXHIBIT G**

## FACILITY TOUR – AUTHORIZATION FORM

Company, by its signature above, represents and warrants that the following are authorized representatives of Company and are principals, officers, employees, or agents of Company.

| Lauren Von Der Vellen | _Lauren Van Der Vellen_ |
| Name | Signature |
| Associate | |
| Title | |

| Laura DeBerg | |
| Name | Signature |
| Paralegal | |
| Title | |

| Zoe C. Meade | |
| Name | Signature |
| Paralegal | |
| Title | |

| Derek Younkers | |
| Name | Signature |
| Associate | |
| Title | |

| Sharon Loyd | |
| Name | Signature |
| Paralegal | |
| Title | |

| | |
| Name | Signature |
| | |
| Title | |

| | |
| Name | Signature |
| | |
| Title | |

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "**Agreement**") is entered into as of November 13, 2025 by and between Highland Capital Management, L.P., a Delaware limited partnership ("**Highland**"), and Patrick Daugherty, Highland ERA Management, LLC, and Highland Employee Retention Assets, LLC (collectively, "**Recipients**"). Highland and Recipients are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, on September 30, 2025, Highland and Highland Claimant Trust, a Delaware statutory trust (the "**Claimant Trust**") filed with the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") a Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief (Dkt. No. 4416, the "**Destruction Motion**") pursuant to which, among other things, the movants therein are seeking entry of an order authorizing, but not directing, such movants to cause the destruction of certain non-essential books, records, information, and other papers owned or controlled by such movants that were delivered to Iron Mountain, Inc. ("**Iron Mountain**") in or before 2012;

WHEREAS, prior to the destruction of the Documents (as defined in the Destruction Motion), Highland may voluntarily permit Recipients to view and/or request scanned .PDF copies of certain of the Documents at Recipients' sole cost and expense; *provided* that as a condition thereto, Recipients agree to be bound by, and treat all such Documents in accordance with, the terms and provisions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants, promises and agreements contained herein, including Highland providing certain Confidential Information to Recipients, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. Confidential Information.   As used in this Agreement, the term "**Confidential Information**" means all Documents viewed or accessed by Recipients or their Representatives (as hereinafter defined) at Iron Mountain, all information contained therein, and all copies thereof retained by or provided to Recipients, including, without limitation, all information concerning the current or former business and affairs of Highland or any of its current or former affiliates or any of its or their respective current or former funds, separate accounts, entities, clients, employees, personnel, officers, directors, managers, partners, members, trustees, investors, customers, vendors, suppliers, consultants or advisors. Notwithstanding the foregoing, "Confidential Information" shall not include any information that Recipients can demonstrate (i) was or becomes generally available to the public prior to, and other than as a result of, a disclosure by Recipients or their Representatives, (ii) was available, or becomes available, to Recipients on a non-confidential basis from a third party source other than Highland; *provided*

that such source is legally permitted to disclose such information to Recipients and is not otherwise prohibited from disclosing such information pursuant to any contractual, legal, regulatory, fiduciary, or other obligation, or (iii) is independently developed by Recipients without making use of or reference to any Confidential Information.

2. <u>Protection of Confidential Information</u>.

(a)     <u>General Protections</u>.  Except as otherwise expressly set forth in this Agreement, Recipients shall keep all Confidential Information strictly confidential using a degree of care that is no less than stringent than that used to protect Recipients' own confidential information, which in any event, shall be no less than a reasonable degree of care, and shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Confidential Information in violation of this Agreement.  Recipients agree to promptly notify Highland in writing of any unauthorized disclosure of Confidential Information.

(b)     <u>Limited Disclosures</u>.  Recipients shall not disclose, or permit the disclosure of, any Confidential Information to any person or entity other than as set forth in this Section and, in each case, subject to the following terms and conditions:

(i)     Recipients may disclose Confidential Information to those of their officers, directors, employees, beneficiaries, and legal advisors (collectively, "**Representatives**") who have a need to know such information in connection with a bona fide business purpose; *provided*, that (A) such Representatives are informed by Recipients of the confidential nature of the Confidential Information and the obligations set forth in this Agreement, (B) such Representatives are made by Recipients to be subject to confidentiality terms at least as stringent as those set forth in this Agreement, (C) Recipients agree to be responsible for enforcing this Agreement as to their Representatives that receive Confidential Information, including, without limitation, by taking such action, legal or otherwise, to the extent necessary to cause such Representatives to comply with the terms of this Agreement and thereby prevent any disclosure of Confidential Information in violation of this Agreement, and (D) Recipients shall be liable for any acts or failure to act of any of their Representatives which, if such act or failure to act were the action or failure to act of Recipients, would be deemed a breach of their obligations hereunder.

(ii)     Recipients may disclose Confidential Information to any court, tribunal, mediator, or arbitral body of competent jurisdiction and their respective personnel; *provided* that (A) Recipients seek the permission of such court, tribunal, mediator, or arbitral body to file such information confidentially or under seal, and (B) Recipients provide Highland with written notice at least five (5) business days prior to such disclosure.  Notwithstanding the foregoing sentence, if any Recipient believes that particular Confidential Information does not meet the legal requirements for confidential treatment or filing under seal, it may notify Highland in writing and the Parties shall thereupon meet and confer as to whether the confidential designation of the information in question shall be removed.  If Highland fails to agree to such de-designation within five (5) business days of such notice, either Party may move the court, tribunal, mediator, or arbitral body for a determination of whether the confidentiality of the information must be maintained or the information need be filed under seal.

(iii)     If Recipients or any of their Representatives become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil or criminal investigative demand, or similar process) to make any disclosure that is prohibited or otherwise constrained by this Agreement, Recipients or their Representatives, as the case may be, shall provide Highland with prompt written notice of such legal requirement so Highland may (A) seek an appropriate protective order or other appropriate relief, or (B) waive compliance with the provisions of this Agreement.  In the absence of a protective order or Recipients receiving such a waiver from Highland, Recipients or their Representatives are permitted (with Highland's cooperation but at Recipients's expense) to disclose that portion (and only that portion) of the Confidential Information that Recipients or their Representatives is legally compelled to disclose;  *provided*, however, that Recipients and their Representatives must use reasonable efforts to obtain reliable assurance that confidential treatment will be accorded by any person, entity or body to whom any Confidential Information is so disclosed.

(c)     <u>Recipients Safeguards</u>.  Each Recipient represents and warrants to Highland that it has adopted reasonable procedures and electronic safeguards designed to protect Confidential Information against access by non-authorized parties, and that such safeguards shall be maintained in the future at no less than the same level of effectiveness as they are maintained at present.

(d)     <u>Ownership of Confidential Information</u>.  Recipients acknowledges and agrees that Highland shall remain the exclusive owner of all Confidential Information and any patent, copyright, trade secret, trademark, domain name and other intellectual property rights associated therewith.  Nothing in this Agreement shall be construed as granting any license, waiver or right to Recipients or any other person or entity with respect to any intellectual property rights contained or referred to in the Confidential Information.  Nothing in this Agreement shall entitle Recipients to any particular information.

3. <u>No Representations or Warranties</u>.   None of Highland, the Claimant Trust, their respective affiliates, or any of its or their respective officers, directors, trustees, partners, managers, members, shareholders, owners, investors, employees, oversight board members, consultants or advisors make any representation or warranty whatsoever concerning the Confidential Information or the accuracy or completeness thereof.

4. <u>Miscellaneous</u>.

(a)     <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties relating to the subject matter hereof.

(b)     <u>Modification and Waiver</u>.  This Agreement and the terms and provisions set forth herein may be modified only by a separate writing signed by all Parties.  Any term or provision of this Agreement may be waived only by a separate writing signed by the Party expressly waiving such term or provision.  Neither the failure nor any delay by any Party in exercising any right, power, or privilege under this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude

3

any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege.

(c)     Severability. The invalidity or unenforceability of any term or provision of this Agreement shall not affect the validity or enforceability of any other terms or provisions of this Agreement, which shall remain in full force and effect.  If any of the terms or provisions of this Agreement are determined to be unenforceable by reason of its extent, duration, scope or otherwise, then the Parties contemplate that the court making such determination shall reduce such extent, duration, scope or other provision and enforce them in their reduced form for all purposes contemplated by this Agreement.

(d)     Specific Performance. Recipients agree that Highland will be irreparably injured by a breach of this Agreement by Recipients or their Representatives, that monetary remedies may be inadequate to protect Highland against any actual or threatened breach of this Agreement by Recipients or by their Representatives, and that Highland shall be entitled to an injunction or other equitable relief as a remedy for any breach or threatened breach as a matter of right and without the necessity of having to post a bond.  Such remedy shall not be deemed to be the exclusive remedy for a breach or threatened breach of this Agreement but shall be in addition to all other remedies available at law or equity.  In any action to enforce the terms of this Agreement, the non-prevailing Party, as determined in a final, non-appealable order by a court of competent jurisdiction, shall pay the other Party's costs and expenses in therewith.

(e)     Liability and Indemnity. Recipients shall be liable to and shall indemnify and hold Highland harmless from and against any and all claims, suits, losses, damages, costs or expenses, including, without limitation, reasonable attorney fees, incurred or suffered by Highland as a result of Recipients or their Representatives using or disclosing the Confidential Information other than in accordance with this Agreement, whether such unauthorized use or disclosure is performed negligently or otherwise.

(f)     Third Party Beneficiaries. Each of the Claimant Trust, the Highland Litigation Sub-Trust, a Delaware statutory trust, and the Highland Indemnity Trust, a Delaware statutory trust, are hereby expressly deemed third party beneficiaries of this Agreement and shall be entitled to enforce Highland's rights hereunder.

(g)     Governing Law. This Agreement shall be construed pursuant to and governed by the laws of the State of Delaware (substantive and procedural) without reference to principles of conflicts of law that would result in the application of any other State's laws.

(h)     Jurisdiction/Venue. The Parties hereby irrevocably submit to the jurisdiction and venue of the Bankruptcy Court with respect to any action arising out of or related to this Agreement or the subject matter hereof; *provided* that if (and only if) the Bankruptcy Court lacks personal or subject matter jurisdiction to adjudicate an action arising out of or related to this Agreement or the subject matter hereof, then the Parties irrevocably submit to the jurisdiction and venue of the United States District Court for the Northern District of Texas and the Texas state courts located in Dallas County.

4

(i)     <u>Execution</u>.  This Agreement may be executed by the exchange of signatures by PDF attachment to an email transmittal and in counterparts, and if so executed, shall be fully executed when a counterpart has been executed and delivered by all Parties hereto through counsel.  All counterparts taken together shall constitute one and the same agreement and shall be fully enforceable as such.

(j)     <u>Headings</u>.  The headings of the sections of this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement in any manner.

(k)     <u>Construction</u>.  This Agreement has been fully negotiated by the Parties, each of whom have been represented by competent counsel.  Accordingly, in interpreting this Agreement, no weight shall be placed on which Party or its counsel drafted the term or provision being interpreted.

*[Signature Page Follows.]*

Docusign Envelope ID: 0E00F53D-7EA6-40DA-9F51-29CB49...

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

**HIGHLAND:**

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

**RECIPIENTS:**

PATRICK DAUGHERTY

_Patrick Daugherty_
EBF1C859DC25489...

HIGHLAND EMPLOYEE RETENTION ASSETS, LLC

By: _Patrick Daugherty_
     EBF1C859DC25489...
Name: Patrick Daugherty
Title: Chief Asset Recovery Officer

HIGHLAND ERA MANAGEMENT, LLC

By: _Patrick Daugherty_
     EBF1C859DC25489...
Name: Patrick Daugherty
Title: Chief Asset Recovery Officer