Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Counsel for Appellant The Dugaboy Investment Trust*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CLAIMANT TRUST,<br><br>Appellee. | On Appeal to the U.S. District Court for the Northern District of Texas<br><br>Case No. 3:25-cv-02724-L |

**APPELLANT DUGABOY'S RESPONSE IN OPPOSITION TO APPELLEE HIGHLAND'S MOTION TO STRIKE RECORD DESIGNATIONS ON APPEAL OF CLASS 11 ORDER (DOCKET NO. 4401)**

**TABLE OF CONTENTS**

**Page**

FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 3

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT .......................................................................................................................... 8

    A.    Highland Overreaches and Misstates the Law. ........................................................ 8

    B.    The Disputed Items Were Available to and Considered by the Bankruptcy Court. ........................................................................................................................ 9

    C.    Each of the Remaining Disputed Items is Properly in the Record. ........................11

    D.    Excluding the Disputed Items Would Prejudice the Integrity of the Appellate Review and Contravene Rule 8009's Accuracy Mandate. .................... 12

CONCLUSION..................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buckley v. Cockrell*,
  45 F. App'x 320 (5th Cir. 2002) ................................................................................7

*Carmichael v. Blake*,
  No. 13-30466, 2022 Bankr. LEXIS 32 (Bankr. S.D. Tex. Jan 7, 2022) .......................... *passim*

*In re Digerati Tech., Inc.*,
  531 B.R. 654 (Bankr. S.D. Tex. 2015) ................................................................ *passim*

*Garrett v. Comcast Commun., Inc.*,
  No. 3:04-CV-0693-P, 2004 WL 2624679 (N.D. Tex. Nov.17, 2004) ......................................7

*In re Kleibrink*,
  346 B.R. 734 (Bankr. N.D. Tex. 2006) ...........................................................................7

*Lockwood v. GlassRatner Advisory & Cap. Grp. LLC*,
  Civ. No. 4:21-cv-00456, 2024 U.S. Dist. LEXIS 30186 (S.D. Tex. Feb. 22,
  2024) ........................................................................................................... *passim*

*Meador v. First Sec. Nat. Bank*,
  100 F. Supp. 2d 433 (E.D. Tex. 2000) ..........................................................................7

*Robinson v. Ely*,
  547 F. App'x 628 (5th Cir. 2013) ................................................................................7

*In re SI Restructuring Inc.*,
  480 F. App'x 327 (5th Cir. 2012) ............................................................................7, 8

*Zer–Ilan v. Frankford (In re CPDC, Inc.)*,
  337 F.3d 436 (5th Cir. 2003) ..................................................................................6, 8

**Statutes**

11 U.S.C. ch. 11 ...............................................................................................................3

**Other Authorities**

Fed. R. Bankr. P. 8006 ......................................................................................................6

Fed. R. Bankr. P. 8009 ..........................................................................................6, 12, 13

Fed. R. Bankr. P. 8009(e)(1) ........................................................................................1, 2, 6

Fed. R. Bankr. P. 9019 ................................................................................................................ *passim*

Fed. R. Civ. P. 11 ............................................................................................................................6

Appellant the Dugaboy Investment Trust ("Dugaboy") respectfully asks the Court to deny Appellee Highland Claimant Trust's ("Highland") Motion to Strike purportedly "improperly designated" items from the record on Dugaboy's appeal of the Bankruptcy Court's Class 11 Order[1] (Dkt. 4450, the "Motion").

In its effort to sharply constrain what the District Court is allowed to see in reviewing whether the Bankruptcy Court erred in granting Highland's motion to fix the allowed amount of Dugaboy's Class 11 interest, Highland overreaches and goes far beyond what controlling law allows. The Bankruptcy Court expressly stated that its calculation of Dugaboy's Class 11 allowed amount was based on the same methodology it had previously used to calculate the allowed amount of Highland Managed Investment Trust's ("HMIT") Class 10 interest while approving the proposed settlement between Highland and HMIT under Bankruptcy Rule 9019. In both instances, the Court approved and adopted Highland's proposed method over Dugaboy's objections. The Court also made clear (and Highland agreed) that the Court considered its prior Class 10 ruling to have a preclusive or "res judicata" effect on its determination of the Class 11 motion, to the point of threatening Dugaboy's counsel with sanctions for re-arguing issues which the Court considered already decided. For these reasons, the prior Class 10 ruling and related settlement proceedings provide critical context and background which directly informed the Class 11 Order and thus are essential to appellate review.

Invoking Bankruptcy Rule 8009(e)(1), Highland now asks this Court to strike the very record materials that the Bankruptcy Court and Highland invoked in fixing the allowed amount of Dugaboy's Class 11 interest, including the Bankruptcy Court's prior Class 10 ruling in its order

---

[1] *Order Fixing the Allowed Amount of Class 11 Interests*, Dkt. 4401 (Sept. 22, 2025) ("Class 11 Order" or "Order"). Dugaboy's appeal from the Class 11 Order is now pending in the District Court as Case No. 3:25-cv-02724-L before Judge Lindsay.

1

approving the Rule 9019 settlement and the filings and exhibits that accompanied it. That request turns Rule 8009(e)(1) on its head. The Rule's core function is to ensure that the appellate record "accurately discloses what occurred in the bankruptcy court," not to allow a party to blind the reviewing court to materials the bankruptcy court actually considered. In view of the Bankruptcy Court's express statement that its Class 11 ruling was driven by its prior ruling in the Rule 9019 settlement order, and given Highland's own argument that the Class 11 decision needed to be consistent with the prior Class 10 ruling,[2] it is clear that the materials associated with the Rule 9019 order were central to the Class 11 decision and must remain available to the appellate court for there to be a clear, accurate, and complete record.

The materials Highland seeks to strike are the kind that courts in the Fifth Circuit routinely allow in the appellate record: orders, motions, admitted exhibits, and related docket materials in the same case, all of which were before the Bankruptcy Court and formed the predicate for the Court's reasoning, including items of which the Court could and did take judicial notice. The Bankruptcy Court clearly treated the prior Class 10 decision in its Rule 9019 order and related record items as highly persuasive and even preclusive in fixing the allowed amount of Dugaboy's Class 11 interest, and Highland urged that very linkage by asking the Court to fix the Class 11 "in a manner consistent with" the Class 10 decision in the 9019 Order. Dkt. 4362 at 7.

Nevertheless, in a good-faith effort to narrow the dispute and streamline the resolution of this motion, Dugaboy voluntarily withdraws a substantial number of the challenged record items.[3]

---

[2] *See* Highland's Motion for Order Fixing Allowed Amount of Class 11 Interests, Dkt. 4362 at 7 (urging the Court to fix the Class 11 amount "in a manner consistent with" the prior Class 10 ruling).

[3] Specifically, Dugaboy does not oppose withdrawing the following items from the appellate record: Dkt. 4255-10, Dkt. 4255-57, Dkt. 4256, Dkt. 4257, Dkt. 4272, Dkt. 4277, Dkt. 4279, Dkt. 4290, Dkt. 4291, Dkt. 4308, Dkt. 4311, Dkt. 4323, Dkt. 4329, Dkt. 4353, Dkt. 4368, Dkt. 4378.

2

The remaining disputed items[4] all relate to or provide context for the Court's consideration of the Class 10 and Class 11 interests, whether at the Rule 9019 hearing and in the order approving the settlement or in other orders where the Court discussed subject matters at issue in the current appeal. These materials are critical to supplying an accurate record that allows the appellate court to conduct an informed review of the decision below. Accordingly, Highland's Motion should be denied, and Dugaboy's designated record (other than the withdrawn entries) should remain intact.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns the Bankruptcy Court's Order Fixing Allowed Amount of Class 11 Interests, entered on September 22, 2025 (Dkt. 4401) (the "Class 11 Order"), which addresses a discrete contested matter within the larger bankruptcy case. Before it filed for chapter 11 bankruptcy on October 16, 2019, Highland Capital Management, L.P. ("HCMLP") operated as a limited partnership with three classes of equity interests—Class A, Class B, and Class C. Hunter Mountain Investment Trust ("HMIT") acquired all of the Class B and C interests, representing approximately 99.5% of the equity, while several other entities, including Dugaboy, retained Class A interests representing the remaining 0.5% of the equity. Dkt. 4362 at 3. Dugaboy's individual equity share is 0.1866%. June 25, 2025 Hrg. Tr. 81:1–5. For tax purposes, HCMLP maintained "limited partner capital accounts" purporting to track each partner's interest. Dkt. 4362 at 6. The Fifth Amended Plan of Reorganization (the "Plan") was confirmed on February 22, 2021, and became effective on August 11, 2021. Dkt. 1943. Under the Plan, pre-petition partnership interests converted to unvested Contingent Claimant Trust Interests upon allowance, vesting only after

---

Dugaboy withdraws these items only for the sake of resolving the dispute and does not concede that its designation of these items was in any way improper.

[4] The remaining disputed items, which are discussed in more detail below, are Dkt. 4255 (only the exhibits that were actually admitted at the June 25, 2025 hearing), Dkt. 4271, Dkt. 4273, Dkt. 4275, Dkt. 4297, Dkt. 4308, Dkt. 4326, Dkt. 4333, and Dkt. 4401.

3

senior creditor classes were paid in full with interest; HMIT's former Class B and C interests became Class 10, and the former Class A interests held by Dugaboy and others became Class 11. Dkt. 4362 at 5.

At the June 25, 2025, hearing on the proposed Rule 9019 settlement, the Bankruptcy Court heard evidence and argument on the allowed amount of HMIT's Class 10 interest. The Claimant Trustee, James Seery, testified that he used the petition-date balance of HMIT's capital account, $394,630,871.53, and subtracted roughly $57 million owed on a note to arrive at an allowed claim of $336,940,230.58. *See* June 25, 2025 Hrg. Tr. 93:11–94:9. The Court adopted Seery's methodology and Class 10 amount over Dugaboy's objections, with Dugaboy instead advocating for a pro rata approach based on equity ownership percentages. Dkt. 4297 ¶ 12; June 25, 2025 Hrg. Tr. 245:25–246:18; 249:20–250:1.

The Bankruptcy Court approved the Rule 9019 settlement and determined the allowed amount of HMIT's Class 10 interest in an order entered June 30, 2025. Dkt. 4297. Subsequent Rule 9019 settlement-related filings followed, including Dugaboy's motion to stay the Rule 9019 order (Dkt. 4326), which the Court denied in a July 21, 2025 order (Dkt. 4333). In that order, the Court included a detailed discussion and analysis of Dugaboy and HMIT's pre-petition equity interests and their transformation into Class 10 and Class 11 interests. Dkt. 4333 at 5–8.

On August 8, 2025, Highland filed its motion to fix the allowed amount of Dugaboy's and other Class 11 interests. Dkt. 4362. Dugaboy again objected based on the untested and unreliable nature of Seery's capital-account methodology and argued instead for a pro rata approach. Dkt 4384. At the September 18, 2025, hearing on the Class 11 motion, Highland urged—and the Court adopted—a methodology "consistent with" the one it had adopted for Class 10 in the 9019 proceeding, using limited partner capital accounts as a fixed-dollar ceiling on junior equity

4

recoveries rather than pro rata equity participation in residual value. *See generally* Sept. 18, 2025 Hrg. Tr. 3:4–10:20. In opposing that approach, Dugaboy argued that—pursuant to the Plan and fundamental bankruptcy principles—any surplus after payment in full of senior classes must be shared pro rata among all equity interest holders, including Class 11, rather than captured exclusively by Class 10. Dkt. 4384 at 6–8. However, based in large part on what it called the "res judicata" effect of the prior Class 10 ruling, the Bankruptcy Court adopted Highland's methodology and granted its Class 11 motion. *See* Sept. 18, 2025 Hrg. Tr. 16:1–13; Sept. 22, 2025 Order (Dkt. 4401).

Dugaboy appealed the Class 11 decision, designating the following issues for the appeal (Dkt. 4443):[5]

(1) Did the Bankruptcy Court misapply the absolute-priority rule in determining that HMIT's Class 10 interests were entitled to 100% of any excess funds left over after all senior creditor classes were paid in full, in disregard of equity interests that allocated 99.5% to HMIT and 0.5% to Dugaboy?

(2) Did the Bankruptcy Court err when it allocated potential excess funds in a way that effectively gave HMIT more than 100% of what it was entitled to, in contravention of black-letter law holding that a senior class cannot receive more than 100% without the consent of the junior class?

(3) Did the Bankruptcy Court err in determining the value of Dugaboy's interest only as a fixed dollar amount, rather than a pro rata percentage reflecting its equity ownership share?

(4) Did the Bankruptcy Court err in allowing Highland to use a valuation methodology for determining the allowed amount of Dugaboy's claim based on limited partners' pre-petition capital accounts, which were derived from untested and unvetted figures

---

[5] Dugaboy is not pursuing the issue listed as No. 7 in its Statement of Issues.

5

created for tax purposes that bore little if any relation to true market value, when nothing in the confirmed Reorganization Plan allowed for such a method?

(5) Did the Bankruptcy Court err in believing that "res judicata" required it to use the same methodology to value Dugaboy's Class 11 interests as it had previously used to value HMIT's Class 10 interests?

(6) Did the Bankruptcy Court err at the hearing on September 18, 2025, when it invoked "res judicata" to threaten Dugaboy's counsel with Rule 11 sanctions for "recycling" arguments previously made by the "revolving door of lawyers" that had represented Dugaboy over the previous several years, thus seeking to impose a chilling effect on Dugaboy's right to zealous advocacy by its chosen counsel?

On October 29, 2025, Highland filed this Motion to Strike numerous items from Dugaboy's designations for the record on appeal, asserting that they were irrelevant to or not considered in the Court's Class 11 decision or otherwise barred because they were not offered as exhibits in the Class 11 proceeding. But the remaining disputed record items are the very motions, exhibits, orders, and related filings from the Rule 9019 decision that both the Court and Highland treated as informing and constraining the Class 11 decision based on principles of preclusion and consistency.

## **LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8009(e)(1) states:

If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record confirmed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Rule 8009, like its pre-2014 predecessor Rule 8006, prohibits the designation of items for appeal "if they were not part of the record before the bankruptcy court." *Zer–Ilan v. Frankford (In re CPDC, Inc.),* 337 F.3d 436, 443 (5th Cir. 2003). Courts have generally found that there are two ways for items to be considered "part of the record" before the bankruptcy court. First, an item

could be introduced and admitted as evidence in the underlying proceeding. *See In re SI Restructuring Inc.*, 480 F. App'x 327, 328 (5th Cir. 2012). Second, an item could be available for the bankruptcy judge's consideration without being entered into evidence, such as a previous filing in the same case. *See In re Digerati Tech., Inc.*, 531 B.R. 654, 662–63 (Bankr. S.D. Tex. 2015). When this is the case, the item can be designated for the record if it was available to be considered and was considered by the bankruptcy judge in ruling on the underlying motion. *Id*. Items that "were part of the bankruptcy court's own docket and record" can be designated to the record even where not expressly admitted, where they "pertained to the issues on appeal" and "provided context to the underlying bankruptcy court proceedings." *See Lockwood v. GlassRatner Advisory & Cap. Grp. LLC*, Civ. No. 4:21-cv-00456, 2024 U.S. Dist. LEXIS 30186, at *7 (S.D. Tex. Feb. 22, 2024).

The Bankruptcy Court's ability to consider such items is grounded in its well-established power to take judicial notice of its own prior decisions. *See, e.g.*, *Meador v. First Sec. Nat. Bank*, 100 F. Supp. 2d 433, 435 (E.D. Tex. 2000) (recognizing that a trial court may take judicial notice of its previous decisions). Likewise, an appellate court may take judicial notice of prior decisions from the court below. *Robinson v. Ely*, 547 F. App'x 628, 629 (5th Cir. 2013) (an appellate court "may take judicial notice of [its] own records or those of the district court."); *Buckley v. Cockrell*, 45 F. App'x 320, 320 (5th Cir. 2002) (same). The Court can take judicial notice of its own docket and of pleadings filed in cases before it "whether requested or not." *In re Kleibrink*, 346 B.R. 734, 744 n.8 (Bankr. N.D. Tex. 2006) (citing *Garrett v. Comcast Commun., Inc.*, No. 3:04-CV-0693-P, 2004 WL 2624679 (N.D. Tex. Nov.17, 2004)).

The bankruptcy court's "primary concern" in determining what should be part of the record is providing the district court with a record that "accurately discloses what occurred in the

7

bankruptcy court." *Carmichael v. Blake*, No. 13-30466, 2022 Bankr. LEXIS 32, at *13 (Bankr. S.D. Tex. Jan 7, 2022).

## ARGUMENT

A. **Highland Overreaches and Misstates the Law.**

Highland makes the aggressive contention that if a record item was not admitted into evidence in the proceeding being appealed, the Bankruptcy Court must strike it.[6] But Highland misreads the controlling authorities, which were decided on very different facts than present here and offer no support for such a severe rule. *See* Dkt. 4451 at 5–6, citing *SI Restructuring*, F. App'x at 328, and *CPDC*, 337 F.3d at 443. Both cases cited by Highland involved evidentiary materials that had never been presented to the bankruptcy court (*e.g.*, expert-source documents, deposition excerpts, documents from other cases), and the courts rejected attempts to supplement the appellate record with external materials the bankruptcy court had plainly not considered or even seen. *See SI Restructuring*, 480 F. App'x at 328; *CPDC*, 337 F.3d at 442–43. These authorities do not require striking prior predicate orders, docket filings, admitted exhibits, or minute entries ***from the same case*** that the bankruptcy court actually considered or that provide context for its ruling. *Carmichael*, *Lockwood*, and *Digerati*, also relied on by Highland (Dkt. 4451 at 5–6 & nn. 5, 10), confirm that items like the disputed items in this case are properly included in the appellate record to ensure it accurately reflects what happened in the court below.[7]

None of the authorities relied on by Highland support striking the court's own prior orders and other docket filings in the same proceeding. *Carmichael* distinguishes itself from this case

---

[6] *See, e.g.*, Dkt. 4450 at ¶ 17 ("Dugaboy will never be able to credibly explain why it failed to offer the Improper Items into evidence in support of its Opposition to the Class 11 Motion."). The answer, as explained below, is simple: these items were already part of the record.

[7] *See Carmichael*, 2022 Bankr. LEXIS 32, at *12; *Lockwood*, 2024 U.S. Dist. LEXIS 30186, at *6; *Digerati*, 531 B.R. at 660.

8

exactly on this basis, expressly permitting designation of preceding orders and docket filings the bankruptcy court considered. *See Carmichael*, 2022 Bankr. LEXIS 32, at *12. Highland's argument also ignores *Digerati*'s nuanced treatment of docket materials. *Digerati* acknowledges that courts have "relaxed the hard and fast rule" for pleadings and docket entries and focuses on whether the bankruptcy court considered the items or whether they were available to the court and precipitated the ruling. 531 B.R. at 662. The *Digerati* court struck only those items that derived from different proceedings and were not considered by the bankruptcy court. *Id*. Here, by contrast, the Bankruptcy Court expressly referred to and relied on its prior treatment of Class 10 at the Rule 9019 hearing and ensuing order to determine its rule of decision for the Class 11 motion. Highland repeatedly urged the Court to take that approach, arguing that many of the same record items it now seeks to strike should determine the outcome of the Class 11 proceeding that is the subject of the present appeal.

As discussed above, both the Rule 9019 order approving the settlement (Dkt. 4297) and the order denying Dugaboy's Motion to Stay (Dkt. 4333) clearly reflect the Bankruptcy Court's ongoing consideration of the Class 10 and Class 11 interests and inform the Court's decision in the Class 11 Order. As the court noted in *Lockwood*, "it simply can't be said that it's improper" to review docket entries providing context for the appealed ruling, which is precisely the role the Rule 9019 order and related filings play here. *Lockwood*, 2024 U.S. Dist. LEXIS 30186, at *7.

**B.     The Disputed Items Were Available to and Considered by the Bankruptcy Court.**

We need not argue or speculate about whether the Bankruptcy Court considered its prior rulings and related filings and exhibits, because the Court expressly says that it did. In its June 30,

9

2025, order approving the Rule 9019 settlement, the Bankruptcy Court plainly states that it "considered the evidence admitted into the record" at the June 25, 2025, hearing. Dkt. 4297 at 2. Accordingly, all of the exhibits actually offered and admitted at that hearing are properly part of the record.

The appellate record properly includes items that were available to be considered and were actually considered by the bankruptcy court in ruling on the underlying motion, even if they were not formally entered as evidentiary exhibits in the appealed proceeding. *See Digerati*, 531 B.R. at 662–63. The disputed designations in this case fit squarely within that framework. The Bankruptcy Court tied its Class 11 ruling to its prior determination of the Class 10 motion in the context of the Rule 9019 settlement proceeding, even going so far as to say the Rule 9019 order's treatment of Class 10 had a preclusive effect and was "res judicata" for its Class 11 decision.[8] Highland itself affirmatively urged the Court to do so, saying "How do we [fix the allowed Class 11 amounts]? We do it the same way we did it in June [in the Class 10/Rule 9019 proceeding], basically." Sept. 18, 2025 Hrg. Tr. 3:4–6. The Rule 9019 filings and related items are thus part of the materials the Court actually relied on in fixing the allowed amount for Class 11. That is precisely the circumstance when *Carmichael* permits designation of items the court was asked to consider "regardless of whether those items were admitted into evidence," and when *Lockwood* recognizes the propriety of looking to related docket entries from the same case to supply the context that

---

[8] As Dugaboy will explain in its merits briefing on the Class 11 appeal, the Bankruptcy Court's conclusions regarding the purported preclusive or res judicata effect of the prior Class 10 decision were erroneous.

10

gave rise to the appealed order. *See Carmichael*, 2022 Bankr. LEXIS 32, at *12; *Lockwood*, 2024 U.S. Dist. LEXIS 30186, at *6–7.

    **C.**    **Each of the Remaining Disputed Items is Properly in the Record.**

Setting aside the items Dugaboy is voluntarily withdrawing,[9] each of the remaining disputed items is properly part of the record for the reasons explained above. Specifically:

- **Dkt. 4401** is the very order from which Dugaboy is appealing—the September 22, 2025 Order Fixing the Allowed Amount of Class 11 Interests—which for some unfathomable reason appears at the top of Highland's proposed strike list. *See* Dkt. 4450, Exhibit 1 to Ex. A, Proposed Order. Dugaboy charitably assumes this was a mistake, and Highland did not intend to move to strike the very order being appealed.

- **Dkt. 4255, Dkt. 4271, and Dkt. 4280** are exhibit lists that detail the exhibits actually offered and admitted at the June 25, 2025, hearing on the proposed settlement at which the Bankruptcy Court decided the Class 10 allowed amount. The admitted exhibits on these lists (all of which were offered by Highland) include Nos. 1–9, 11–56, 58–123, and 126. *See* Dkt. 4293 (minute entry of admitted exhibits).[10] Their inclusion is not only permissible, but essential given how both the Bankruptcy Court and Highland sought to tie the methodology and reasoning for the Class 11 decision to the Court's prior decision on Class 10. The District Court on appeal needs these materials in the record so that it can properly understand and review the basis and context for the Bankruptcy Court's decision on the Class 11 motion.

- **Dkt. 4273** contains Dugaboy's objections to Highland's exhibits in the Rule 9019 proceeding. Because the admitted exhibits are properly part of the record, so too are Dugaboy's objections to those exhibits.

- **Dkt. 4275** is Highland's reply to Dugaboy's and other parties' objections to the proposed Rule 9019 settlement. It is properly part of the record because Highland states its views on

---

[9] Dkt. 4255-10, Dkt. 4255-57, Dkt. 4256, Dkt. 4257, Dkt. 4272, Dkt. 4277, Dkt. 4279, Dkt. 4290, Dkt. 4291, Dkt. 4308, Dkt. 4311, Dkt. 4323, Dkt. 4329, Dkt. 4353, Dkt. 4368, Dkt. 4378.

[10] Dugaboy does not intend to include any proposed exhibits that were not actually offered and admitted.

the proper treatment of Dugaboy's equity interests, discusses how it vests, and argues (wrongly) that Dugaboy has little or no stake in the Rule 9019 proceeding.

- **Dkt. 4297** is the Bankruptcy Court's order approving the Rule 9019 settlement. This order includes the Court's determination of the allowed amount for Class 10. The District Court must be able to review this order because, as discussed above, both Highland and the Bankruptcy Court expressly invoked it as precedential for the determination of Dugaboy's Class 11 interest.

- **Dkt. 4308, Dkt. 4326, and Dkt. 4333** are the motions to stay the Bankruptcy Court's approval of the Rule 9019 settlement and the Court's memorandum opinion and order denying a stay. The Court's opinion includes a detailed discussion and analysis of Dugaboy and HMIT's pre-petition equity interests and their transformation into Class 10 and Class 11 interests, which shows the Court's considerable familiarity with these issues and sheds light on its thinking even before the parties' briefing on the Class 11 motion. Dkt. 4333 at 5–8. Because the Court's opinion is properly part of the record, so too are the motions that it adjudicated.

Each of these remaining disputed items are either exhibits actually admitted by the Bankruptcy Court, or immediately related docket filings that the Court considered and used in rendering the ruling under review or that provide necessary context for that review. These are exactly the kind of materials that courts in the Fifth Circuit recognize as appropriate for inclusion in the appellate record. *See, e.g.*, *Lockwood*, 2024 U.S. Dist. LEXIS 30186 at *6–7; *Digerati*, 531 B.R. at 662–63; *Carmichael*, 2022 Bankr. LEXIS 32, at *12. These items—combined with the Bankruptcy Court's own express statements—make clear that the Court could and did consider its prior Rule 9019 decision and related materials to render its decision fixing the allowed amount of the Class 11 interests. Accordingly, they are properly designated and should not be stricken.

### D. Excluding the Disputed Items Would Prejudice the Integrity of the Appellate Review and Contravene Rule 8009's Accuracy Mandate.

The central dispute in the present appeal is whether the Bankruptcy Court erred by fixing the allowed amount of the Class 11 interests using the framework and capital-account methodology first proposed by Highland during the Rule 9019 proceedings rather than the pro rata method urged

12

by Dugaboy in both proceedings. Both the Bankruptcy Court and Highland anchored the approval of that methodology in the Class 11 decision to the Court's prior determination of the Class 10 interest in the Rule 9019 order. *See* Dkt. 4297; Sept. 18, 2025 Hrg. Tr. 3:4–9, 15:13–16:13. Stripping these materials from the record would obscure what the Bankruptcy Court considered and why, thwarting the appellate court's ability to make a meaningful assessment of whether the Bankruptcy Court erred on issues such as the reliability of Highland's capital-account valuation method or whether the Class 10 determination for HMIT warranted preclusive effect in the treatment of Dugaboy's Class 11 interest. The appellate record must be sufficient for the District Court to "determine what happened before [the Bankruptcy] Court and whether, based on what happened, [the] Court reached the correct result." *Carmichael,* 2022 Bankr. LEXIS 32, at *3. Highland's proposed strikes will only obscure rather than illuminate those issues, undermining Rule 8009's core purpose. This Court should deny Highland's Motion.

## **CONCLUSION**

Because both the Bankruptcy Court and Highland relied on the prior treatment of Class 10 in the Rule 9019 order and record in determining the allowed amount of Dugaboy's Class 11 interest, the motions, exhibits, orders, and related filings surrounding the Rule 9019 decision were properly before the Bankruptcy Court and are necessary to provide a full appellate record that accurately discloses what occurred in the proceedings below. For the reasons above, the Court should deny Highland's motion and decline to strike the disputed items from the record.

Dated: January 9, 2026

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Geoffrey S. Harper*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

***Counsel for Appellant The Dugaboy Investment Trust***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper