PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**HIGHLAND CAPITAL MANAGEMENT, L.P. AND HIGHLAND CLAIMANT
TRUST'S OBJECTION TO HIGHLAND EMPLOYEE RETENTION ASSETS,
LLC'S MOTION TO ABATE AND MOTION TO RETAIN CERTAIN DOCUMENTS
FOR INSPECTION [DOCKET NO. 4495]**

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the Highland Claimant Trust (the "Claimant Trust", and together with HCMLP, "Highland") hereby file this objection (the

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The service address for Highland is 6333 Mockingbird Ln., Ste 147 #5045, Dallas, Texas 75214.

4919-5702-7721.2 36027.003

"Objection") to the *Motion to Abate and Motion to Retain Certain Documents for Inspection* [Docket No. 4495] (the "Motion") filed by Highland Employee Retention Assets, LLC ("HERA"), an entity transferred to Patrick Daugherty ("Daugherty") as part of an earlier settlement with him. In support of its Objection, Highland respectfully states as follows:

**PRELIMINARY STATEMENT**

1. As the Court surely recalls, last fall HERA—an entity that is not a creditor, equity holder, or party-in-interest in this Bankruptcy Case—forced Highland and the Court to spend considerable time and resources addressing a meritless objection to Highland's earlier motion to destroy archived documents, only to accept an outstanding settlement proposal moments before the hearing.[2] That stipulated settlement was executed by HERA and approved by the Court. Now, after completing the document review permitted by the Settlement, HERA overreaches in an attempt to get more than it bargained for. Ignoring its Court-approved agreement, HERA complains that "Highland repeatedly relies on the Stipulation" (Motion ¶11) and seeks to "abate" the Underlying Order so that it can "figure out a method of review[ing]" documents that were expressly excluded from review under the plain and unambiguous terms of the Stipulation. The Motion is frivolous and should be denied for at least three independent reasons.[3]

2. First, there is no legal basis to "abate" the Underlying Order. HERA does not cite to any rule, law, statute, or precedent—nor does it rely on any term of the Stipulation—to justify

---

[2] Specifically, Highland filed a *Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Docket No. 4417] (the "Underlying Motion"). Non-party HERA's objection to the Underlying Motion [Docket No. 4449] was resolved pursuant to the terms of the *Stipulation Regarding Motion for an Order Authorizing (A) the Destruction of Certain Documents and Obsolete Equipment and (B) for Related Relief* [Docket No. 4466] (the "Stipulation"), an agreement approved by the Court. *See* Docket No. 4467 (the "Underlying Order").

[3] In light of the Motion, Highland has continued to store the boxes at issue at its own expense. In addition to denying the Motion, Highland requests that HERA be directed to reimburse Highland for the cost of storing the subject boxes since December 31, 2025, the date Highland would otherwise have been entitled to destroy the boxes under the terms of the Stipulation, as well as the costs incurred opposing the Motion.

the relief it seeks. In fact, HERA does not even contend that Highland has breached the Stipulation by refusing to provide access to the specifically Excluded Boxes (defined *infra*).

3. Second, the plain and unambiguous terms of the Stipulation that Highland "repeatedly relies" upon expressly preclude HERA from reviewing any documents in the boxes in question and relieve Highland of any obligation to examine the contents of the boxes for the purpose of confirming the presumption (based on written descriptions contained in an inventory list) that they contain personal information.

4. Finally, HERA has not even attempted to connect the contents of the subject boxes to the HERA Litigation (as defined in the Motion and completely unrelated to this Bankruptcy Case); instead, HERA appears to be trying to manufacturer a potential claim it can use against Highland or someone else when and if its claims in the HERA Litigation fail.

5. For each and all these reasons, the Motion should be denied.

**OBJECTION**

**A.      No Legal Basis Exists to Grant the Motion**

6. HERA's short pleading lacks any legal basis. HERA does not rely on any rule, law, statute, or precedent to justify the relief it seeks. Nor does HERA cite to (let alone rely upon) any term of the Stipulation in support of its Motion or contend that Highland has breached any term of the Stipulation.

7. Moreover, HERA did not appeal the Underlying Order, nor did it seek to stay implementation of that Order (a tacit admission that it could not meet its burden to obtain a stay). Finally, HERA does not challenge the terms of the Stipulation or seek relief from the Underlying Order; otherwise, it would have filed a motion under Rule 60 of the Federal Rules of Civil Procedure. In fact, HERA has already conducted the document examination permitted by the Stipulation, and the documents it wished to preserve are being scanned for production.

8. There is simply no legal basis to grant the relief requested.

B. **The Plain and Unambiguous Terms of the Stipulation Preclude the Relief Requested**

9. As set forth in the Underlying Motion, Highland sought Court permission to destroy documents that it had archived more than a dozen years ago. While it had no legal obligation to do so, Highland resolved the objections to the Underlying Motion by permitting objecting parties to review certain boxes and identify documents for scanning at their expense under terms and conditions set forth in written agreements.[4]

10. One of the Stipulation's provisions expressly relieved Highland of the burden and obligation of reviewing certain boxes to confirm that they contained personal information (the "Excluded Boxes"). The Excluded Boxes were identified based on ages-old descriptions of the boxes contained in a written inventory list that was provided to the objecting parties before entry into stipulations.

11. Paragraph 1 of the Stipulation expressly limited access to the boxes: "*provided*, that in no event shall the Boxes include any Documents containing personally identifiable information or any other sensitive personal information, ***including, without limitation, any boxes with labels or descriptions containing any of the phrases listed on Exhibit A* ….** " Motion, Ex. B (Stipulation) ¶1 (the "Excluded Boxes Provision") (emphasis added).[5]

---

[4] Dugaboy Investment Trust ("Dugaboy") did not file an objection to the Underlying Motion but entered a stipulation (subsequently approved by the Court) giving it access to the archived documents on terms substantially similar to those granted to HERA. *See* Docket Nos. 4453 (Dugaboy stipulation) and 4455 (order approving Dugaboy's stipulation). In fact, after reaching its agreement with Dugaboy, Highland offered the same deal to HERA who refused—necessitating the filing of a reply and the preparation for a hearing—until moments before the Court was to hear argument on the Underlying Motion.

[5] This is not the first time HERA and Daugherty have attempted to circumvent the Stipulation and Underlying Order. On November 13, 2025, HERA's counsel asked Highland's counsel for permission to contact Iron Mountain directly to assist with coordination of the document review, notwithstanding the clear process laid out in the Stipulation which required Highland to coordinate site visits. Highland responded the following day, explaining that "[f]or reasons I assume you understand, we're not going to authorize you to speak directly with Highland's vendor." *See* Exhibit 1 to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P. and Highland Claimant Trust's Objection to Highland Employee Retention Assets, LLC's Motion to Abate and Motion to Retain Certain Documents*

12. There is no dispute that every one of the boxes HERA seeks to review has a "label or description[] containing [one or more] of the phrases listed on Exhibit A." Consequently, and as intended, Highland has no duty to review these boxes. HERA's attempt to impose on Highland the burden of reviewing dozens of Excluded Boxes in order to confirm that they contain "personally identifiable information or any other sensitive personal information" would impermissibly render the Excluded Boxes Provision superfluous.[6] HERA cannot reconcile its demand that Highland review the Excluded Boxes subject to the Motion with the plain and unambiguous Excluded Boxes Provision.

13. In sum, the Stipulation should be enforced as written and intended.[7]

---

*for Inspection [Docket No. 4495]* ("Morris Dec.") being filed concurrently with Highland's Objection. Undaunted, Daugherty personally tracked down and attempted to instruct Highland's account representative at Iron Mountain, asserting that "I understand that you are our sales representative for New Highland Capital Management" and "My firm, New Highland Capital Management, LP has agreed with Highland Capital to make duplicates of certain documents," and then sought to arrange duplication and storage of boxes—deceptive statements inconsistent with the terms of the Stipulation and Underlying Order and that directly interfere with Highland's contractual rights and express instructions. Having received no response, Daugherty followed his email the next morning, stating that "we have a tight timeline for the transfer and I was hoping to set up some transfer dates as soon as possible." Morris Exhibit 2. Despite this disturbing behavior, Highland nevertheless still allowed Daugherty and HERA access to review the boxes (except for those excluded by Exhibit A or the three others that Highland had reviewed and determined contained personal information) pursuant to the terms of the Stipulation and Underlying Order which was completed in a single day on December 17, 2025.

[6] Notably, Highland retained the discretion to exclude *any* boxes that contained "personally identifiable information or any other sensitive personal information," even if the boxes did not contain a "label or description" set forth on Exhibit A. Stipulation ¶1. As HERA acknowledges, Highland reviewed and withheld from HERA's review three boxes precisely because they did not have a label or description containing any phrase listed on Exhibit A—thereby highlighting the difference between the Excluded Boxes (presumptively off limits) and the remainder of the boxes (which could be withheld from review at Highland's discretion but only after confirmation that they contained "personally identifiable information or any other sensitive personal information.").

[7] While "equity" can never trump a party's legal rights (here, Highland's reliance on the Excluded Boxes Provision), the equities also weigh against HERA, an interloper in HCMLP's Bankruptcy Case with no claim or interest in the Highland Claimant Trust and no contractual relationship to Highland except as set forth in the Stipulation. HERA supposedly wants the documents for use in the HERA Litigation, but HERA never bothered to (a) seek leave of the District Court to take discovery from Highland at any time since October 2024 when the defendants moved to dismiss HERA's Complaint (Motion ¶ 1), or (b) make any effort to connect the contents of the Excluded Boxes at issue to the claims and defenses in the HERA Litigation. In context, Daugherty is clearly fishing for information and trying to manufacture future claims. That cannot be an equitable basis to ignore the Excluded Boxes Provision.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Highland respectfully requests that the Court (a) deny the Motion in its entirety, (b) direct HERA to reimburse Highland for the cost of storing the subject boxes since December 31, 2025, and the costs incurred opposing the Motion, and (c) grant Highland such further and additional relief as the Court deems just and proper under the circumstances.

Dated: January 19, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: jpomerantz@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com
      hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*