# Exhibit 31



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 21, 2025

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |

## MEMORANDUM OPINION AND ORDER REGARDING STAY REQUESTS
### [ADDRESSING DE ## 4326 & 4308]

### I.  INTRODUCTION

This Order addresses the "Motion to Stay 9019 Order" filed July 17, 2025, by the Dugaboy Investment Trust (the "Dugaboy Stay Motion"). DE # 4326. This Order also addresses a letter sent to this court by Texas Attorney General Ken Paxton, which letter was dated July 9, 2025, and was docketed on July 10, 2025, at DE # 4308 (the "Texas AG Letter"). This court will sometimes refer to the Dugaboy Stay Motion and the Texas AG Letter jointly as the "Stay Requests."

1

Settlement Agreement (on behalf of the Hunter Mountain entities). ***To be sure, the Hunter Mountain entities are not themselves charitable organizations***. Mark Patrick just happens to be a representative of both Hunter Mountain and the Cayman Islands charitable entities that are the subject of the Cayman Islands Action. Note that Dugaboy appealed this bankruptcy court's Rule 9019 Settlement Order on July 14, 2025. The Dugaboy Stay Motion is not a standard request for a stay pending appeal, pursuant to Fed. R. Bankr. Proc. 8007. Rather, a stay is sought, pursuant to Bankruptcy Code section 105, "to provide all stakeholders with time to investigate a motion under Rule 60 to vacate the [Rule] 9019 [Settlement] Order."[1]

        <u>The Texas AG Letter</u>. The Texas AG Letter is not a properly filed motion. *See* Fed. R. Bankr. Proc. 5005. In any event, the court has considered it. It has a similar theme, only it asks for ***a stay of the entire bankruptcy proceedings*** (which are now more than four years post-confirmation). The Texas AG notes in his letter that, as the representative of the public's interest in charity, he is charged under Texas law with the power and duty to protect and enforce the public interest in nonprofit organizations, foundations, and charitable trusts.[2] The Texas AG Letter states that the Texas AG Office is investigating "persons and entities, some of whom are involved in this bankruptcy proceeding, in response to complaints"[3] and that "[o]ne of the complaints under investigation involves conduct allegedly taken by persons or entities during this bankruptcy proceeding."[4] The timing and statements in the Texas AG Letter suggest that the person being investigated is the same Mark Patrick addressed in the Dugaboy Stay Motion.

---

[1] Dugaboy Stay Motion, ¶ 3.
[2] Texas AG Letter, 1 (citing Tex. Prop. Code § 123.002 (authorizing the Attorney General to intervene in a "proceeding involving a charitable trust.") and *Tex. v. Veterans Support Org.*, 166 F. Supp. 3d 816, 820-21 (W.D. Tex. 2015)).
[3] Texas AG Letter, 1 (citing Tex. Bus. & Com. Code § 17.61).
[4] Texas AG Letter, 1.

Summary of Ruling. For the reasons set forth below, this bankruptcy court will not grant a stay. ***Whatever the misdeeds may or may not be of Mark Patrick, they are not sufficiently intertwined with the Highland bankruptcy estate (or the Settlement Agreement) to justify a stay***. Neither this bankruptcy case, nor the contested matter involving the Settlement Agreement, is a "proceeding involving a charitable trust." As further described herein, there happens to be a "proceeding involving a charitable trust" ongoing in the Cayman Islands. Mark Patrick is apparently accused of misdeeds therein. But, in the bankruptcy case, Mark Patrick is merely a signatory for a counter-party to a settlement agreement with the bankruptcy estate (that counter-party being the former 99.5% equity owner of Highland, namely Hunter Mountain). This court evaluated the Settlement Agreement in the manner that jurisprudence requires[5] (and weighed the evidence presented, including witness testimony from four witnesses). As noted, this court's Rule 9019 Settlement Order is now subject to appeal. This court determined that the Settlement Agreement was fair and equitable, within the range of reasonableness, and in the best interest of the Highland bankruptcy estate being administered under a confirmed plan with disinterested fiduciaries. The Stay Requests do not articulate a bona fide reason to stay the Rule 9019 Settlement Order or, for that matter, a bankruptcy case that is now more than four years past confirmation. Importantly, it would appear that the parties have other avenues to address any malfeasance of Mark Patrick *vis-à-vis* the liquidation proceedings involving the Cayman Islands Charitable Foundation Structure.

---

[5] *In re Jackson Brewing Co.,* 624 F.2d 599, 603 (5th Cir. 1980); *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015); *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.),* 119 F.3d 349, 356 (5th Cir. 1997); *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917-18 (5th Cir. 1995); *Gluckstadt Holdings, L.L.C. v. VCR I, L.L.C. (In re VCR I, L.L.C.),* 922 F.3d 323, 327 (5th Cir. 2019) (quoting *Cadle Co. v. Mims (In re Moore),* 608 F.3d 253, 263 (5th Cir. 2010)).

4

The court signed the Rule 9019 Settlement Order on June 30, 2025 [DE # 4297].

Then, on July 17, 2025, Dugaboy filed the Dugaboy Stay Motion. This was preceded by the filing of the Texas AG Letter on July 10, 2025. As earlier noted, both of these Stay Requests urge that this court should halt things while they or others investigate matters that should be hashed out in the Cayman Islands Action. The Dugaboy Stay Motion says this

> is necessary to provide all stakeholders with time to investigate a motion under Rule 60 to vacate the 9019 Order (and all resulting orders, such as the dismissals effected as a result of the 9019 Order) in light of evidence suggesting that the settlement approved by this Court was a key element of [Mark Patrick's] alleged fraudulent scheme. Transfers of assets to companies controlled by Mr. Patrick must be halted, lest those assets are moved to companies "hard to find or track."[23]

## VI. DENIAL OF STAY REQUESTS

As noted earlier, the Dugaboy Stay Motion and the Texas AG Letter are not motions for stay pending appeal pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. Dugaboy requests some sort of discretionary stay, for 90 days, while proceedings in the Cayman Islands Action go forward and, perhaps, reach a conclusion that improprieties by Mark Patrick occurred with regard to the Cayman Islands Charitable Foundation Structure. To be clear, the request is made by Dugaboy, whose party-in-interest status in the Highland estate is quite *de minimis*. The Texas AG apparently is of the impression (as a result of whomever filed a complaint with him) that this bankruptcy case, or the contested matter involving the Settlement Agreement, is a "proceeding involving a charitable trust." But that simply is not the case. While the assets of Hunter Mountain—remember, the former 99.5% equity owner of Highland—may ultimately be part of a *res* that indirectly benefits (or was intended to benefit) the Charitable Entities such as Dallas Foundation (as a result of the manner in which the Cayman Islands Charitable Foundation

---

[23] Dugaboy Stay Motion, ¶ 3.

Structure was designed), this does not mean that the Highland bankruptcy case is a proceeding involving a charitable trust. This court believes it applied the correct analysis required for a bankruptcy settlement. Nothing about the bankruptcy court's ruling impacts the Cayman Islands Action or the Texas AG actions it might seek to take on behalf of the Charitable Entities such as the Dallas Foundation. Accordingly,

**IT IS ORDERED** that the Stay Requests by Dugaboy and the Texas attorney general be, and hereby are, **DENIED.**

#### #### END OF MEMORANDUM OPINION AND ORDER ####