# Exhibit 34

# 𝔍𝔲𝔡𝔦𝔠𝔦𝔞𝔩 𝔆𝔬𝔲𝔫𝔠𝔦𝔩
# 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔦𝔣𝔱𝔥 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

---

Complaint Number: 05-26-90045

---

IN RE COMPLAINT OF JUDICIAL MISCONDUCT
UNDER THE JUDICIAL IMPROVEMENTS ACT OF 2002.

---

### ORDER

Complainant, who is involved in the hedge fund industry, has filed a complaint alleging misconduct by a United States Bankruptcy Judge regarding two novels she authored and alleged activity concerning the marketing of those novels.

*The Judge's Novels*

Complainant alleges that the judge is biased against the hedge fund industry and its participants as evidenced by her novels, which he alleges contain "sweeping negative commentary" about the hedge fund industry. Complainant claims that the novels were written while the judge presided over bankruptcy proceedings involving hedge funds and that substantial similarities exist between her and the novels' protagonist. Complainant asserts that the anti-hedge fund commentary in the novels "denigrates public confidence in the judiciary's integrity and impartiality" and is "prejudicial to the effective and expeditious administration of the business of the courts."

Pursuant to Rule 11(b) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("JC&D Rules"), I requested a written response to the complaint from the judge. In her response, the judge advised that: her novels are not about anyone or anything that happened in any litigation before

1

her; the references in her novels to hedge funds are "relatively infrequent"; and that in the beginning of her novels she states that the opinions expressed or implied by the characters in her novels are not necessarily her opinions. The judge further states that she has presided "over countless cases in [her] lifetime and worked on even more, before becoming a judge, involving hedge funds, private equity funds, and exotic financial products" and that "[u]ntil now, [she] is not aware of anyone suggesting that [she] ha[s] shown any biases or animus where they are concerned."

The Fifth Circuit has also addressed the matter. In an appeal of a district court order denying their petition for mandamus, a company's former CEO and others challenged the judge's decision not to recuse in the company's bankruptcy proceedings based on the novels. The Fifth Circuit opined that whether a reasonable reader and observer of these proceedings could question the judge's impartiality is debatable, and due to the similarities between the characters in the judge's novel and the litigants currently before her court, a strong argument could be made that she had a duty to recuse. Nonetheless, while noting that some similarities between the books and the cases before the judge may raise cause for concern, the court held that the similarities were not close enough to find that the district court abused its discretion in denying the petition.

Regardless of the merits of these allegations, the issue of whether the judge's conduct amounts to misconduct under 28 U.S.C. § 351(a) need not be decided because she has taken appropriate corrective action that acknowledges and remedies the problems raised by the complaint. *See* JC&D Rule 11(d).

In communications with me regarding this complaint, the judge: assured me that her forthcoming novel does not involve subject matter that could reasonably be perceived as being based on matters pending before her or her work as a bankruptcy judge; agreed that any future extrajudicial writings will not include scenarios or subject matter that a reasonable person

2

could assume are based on matters pending before her, or include characters that a reasonable person could assume are based on parties or witnesses in matters before her; agreed to complete three hours of ethics training, with a particular focus on avoiding conduct that might lead to the appearance of impropriety; and agreed to consult available ethics resources (e.g., codes of conduct, commentary, etc.) when ethical dilemmas arise in the future and, if questions remain after consulting those sources, to seek particularized guidance in the form of either informal guidance from the Fifth Circuit's representative on the Committee on Codes of Conduct of the Judicial Conference of the United States or from Committee counsel, or in the form of a confidential advisory opinion from the Committee.

While the judge remains steadfast that she has no bias or animus against any party in any matter pending before her, she has also recused herself from all matters related to the company's bankruptcy case that are currently pending before her.[1]

I find, without regard to the veracity of the allegations in the complaint, that these actions constitute appropriate corrective action that acknowledges and remedies the problems raised by the complaint. This aspect of the complaint is therefore subject to conclusion under 28 U.S.C. § 352(b)(2).

*The Judge's Promotion of Her Novels*

Complainant also claims that the judge has improperly promoted her novels by stating in the biography section of her social media accounts that she is a federal bankruptcy judge and promoting the sale of her books on her social media accounts through purchase links and references to certain book reviews.   In addition, Complainant contends that the judge improperly

---

[1] Neither the judge's recusal nor anything in this order should be interpreted as an opinion or reflection on the merits of the judge's prior decision not to recuse, which has been addressed by the Fifth Circuit and is currently pending before the Supreme Court, or the validity of any decision, ruling, or order that she has issued in any judicial proceeding.

3

promoted one of the novels at an event hosted by a group of women bankruptcy professionals at a law firm.

The Committee on Codes of Conduct of the Judicial Conference of the United States, Advisory Opinion 114, November 2014, addresses promotional activity associated with extrajudicial writings and publications and provides in pertinent part: "A judge may mention his or her position, length of service, and court in a book jacket or in other similar straightforward author summaries, provided that the identification is without embellishment and appears in the context of other biographical information." To the extent that the judge references herself as a federal bankruptcy judge in the biography section of her social media accounts, this falls within the permissible activity discussed in Advisory Opinion 114. This allegation is therefore subject to dismissal under 28 U.S.C. § 352(b)(1)(A)(iii) as "lacking sufficient evidence to raise an inference that misconduct has occurred."

Whether the book reviews on the judge's social media accounts or her participation in the book club event amount to misconduct under 28 U.S.C. § 351(a) need not be decided because she has taken appropriate corrective action that acknowledges and remedies any problem raised by these allegations. *See* JC&D Rule 11(d).

In communications with me regarding this complaint, the judge advised me that she removed any book reviews from her social media account that were in question. The judge also: agreed that future promotional activity related to her extrajudicial writings will be consistent with the Code of Conduct for United States Judges and other relevant ethical guidance, including refraining from marketing current or future books at a law firm or other similar venue or using the prestige of judicial office to advance the sale or marketing of her books; agreed to complete three hours of ethics training, with a particular focus on avoiding conduct that might lead to the appearance of impropriety; and agreed to consult available ethics resources (e.g., codes of conduct, commentary, etc.) when ethical dilemmas arise in the future and,

4

if questions remain after consulting the resources, to seek particularized guidance in the form of either informal guidance from the Fifth Circuit's representative on the Committee on Codes of Conduct of the Judicial Conference of the United States or from Committee counsel, or in the form of a confidential advisory opinion from the Committee.

I find that these actions constitute appropriate corrective action that acknowledges and remedies the problems raised by the complaint. This aspect of the complaint is therefore subject to conclusion under 28 U.S.C. § 352(b)(2).

The complaint is CONCLUDED in part and DISMISSED in part, and this matter is hereby closed. An unredacted private order is entered simultaneously herewith.

Pursuant to JC&D Rules 23(b)(1) and (8), IT IS ORDERED that a copy of this order be published on the court's website forthwith.

JENNIFER WALKER ELROD
*Chief Judge*