# Exhibit 36

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST, <br><br>*Plaintiff* <br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; AND SAS ASSET | Adv. Pro. No. 21-03076-sgj |

| |
|---|
| RECOVERY, LTD., |
|             *Defendants.* |

# MEMORANDUM OF LAW IN SUPPORT OF
# HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.'S MOTION TO RECUSE

left Movant and its counsel with the perception that they cannot succeed on any motion or objection filed with this Court. Worse still, Movants and its counsel must proceed with extreme caution out of legitimate concern that the Court will sanction them for attempting to protect their legal rights and positions.[9] That is precisely the type of problem that recusal is designed to prevent. No litigant should perceive that justice is impossible because of the predilections of the presiding judge.

### C. Judge Jernigan Authors A Book Mirroring Her Perception of Highland And Mr. Dondero

Compounding matters, Movant recently became aware that Judge Jernigan wrote and published two novels while she was presiding over the Acis and HCMLP Bankruptcies.

Judge Jernigan's first novel, *He Watches All My Paths*, was released on January 3, 2019, just weeks before Judge Jernigan confirmed the joint bankruptcy plan of Acis Capital Management, L.P. and Acis Capital Management GP, LLC ("Acis")—companies for which Mr. Dondero served as CEO and for which HCMLP performed certain management services prior to Acis's bankruptcy. Against that backdrop, Judge Jernigan describes the financial industry as being dominated by "[h]igh flying hedge fund managers" that "suck up money like an i-robot vacuum" and seem to "make money no matter what" and who routinely show "outrageous amounts of hubris" as part of their "bro culture." Given that description, it is no wonder that the novel's central protagonist, a Dallas federal bankruptcy judge, wonders whether the death threats she is receiving come from a hedge fund manager that has previously appeared in her court.

Judge Jernigan's second novel, *Hedging Death*, was released in March 2022, less than a

---

[9] Debtor sought to have Movant and Nexpoint sanctioned and held in contempt for making a proffer of evidence to preserve the record for appeal in the Notes cases. *See* Adv. Pro. No. 21-3004, Dkt. 130 at 10-14. Although it was the Debtor's motions that were out of line (given that a making a proffer was the only means of preserving the record), and while Judge Jernigan denied the Debtor's motions, she still chastised Movant and Nexpoint for protecting their rights, calling the Debtor's motion "a close call." Ex. O, April 20, 2022 Hr'g Tr. at 51:14-21.

16

year after HCMLP's Plan was approved and while these bankruptcy proceedings were still ongoing.[10]  In *Hedging Death*, Judge Jernigan repeatedly invokes detail from the ACIS and Highland Bankruptcies.  Again, the central protagonist of the novel is a Dallas bankruptcy judge, along with her husband, a retired police officer (like Judge Jernigan's husband) and private investigator.  The story involves a "high-flying, Dallas hedge fund manager" who, like Mr. Dondero, Judge Jernigan characterizes as a reckless investment manager and vexatious litigant. *Id.* at 10, 16.  The investment firm in the novel is called Ranger Capital and is experiencing economic distress largely because of extensive litigation stemming from bad investments. *Id.* at 11, 74.  This alone is astonishing: HCMLP's original name was Ranger Asset Management, as is prominently disclosed on the website of Mr. Dondero's investment firm NexPoint, and which has been mentioned in other filings in Judge Jernigan's court.  And HCMLP, like the supposedly fictitious Ranger, initially sought chapter 11 protection because of investor litigation.  The similarities do not stop there.

In the novel, Ranger, like HCMLP, is a "multi-billion dollar conglomerate, which manage[s] not just hedge funds but private equity funds, CLOs, REITs, life settlements, and all manner of complicated financial products." *Id.* at 11.  In the novel, Judge Jernigan describes the life settlement industry—which she knows was an industry in which HCMLP and Mr. Dondero invested—as "creepy," "immoral," "unethical," and "should be illegal." *Id.* at 71-74.  As Judge Jernigan is well aware, HCMLP and its affiliates managed hedge funds, private equity funds, CDOs, CLOs, REITs, life settlement portfolios, and private investment accounts for institutions around the world—exactly the same unusual mix of investments at issue in Judge Jernigan's second "fictional" novel.

---

[10] Stacey Jernigan, Hedging Death (2022).

17