Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**DUGABOY'S UNOPPOSED MOTION FOR ENTRY OF AN ORDER
AUTHORIZING FILING OF CONFIDENTIAL INFORMATION UNDER SEAL
PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9018**

Interested Party The Dugaboy Investment Trust ("Dugaboy") respectfully moves to file certain confidential exhibits under seal for its February 9, 2026 Motion for Relief from Order and Motion to Vacate (Dkt. No. 4513, "Motion for Relief"), and states as follows in support of the motion to seal (the "Motion to Seal"):

1

**Request for Relief**

1.      Dugaboy seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the filing under seal of certain exhibits for its February 9, 2026 Motion for Relief (Dkt. No. 4513). Specifically, Dugaboy seeks to file (1) its Exhibit I, the Affidavit of Margot MacInnis (hereinafter "Exhibit I") and (2) its Exhibit J, Exhibit MM-3 to the Affidavit of Margot MacInnis (hereinafter "Exhibit J") under seal. Highland Capital Management L.P. and Highland Claimant Trust (the "Highland Entities") do not oppose a limited motion to seal at this time, but reserve the right to move to unseal the exhibits and to object to their admissibility.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Northern District of Texas (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9077-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

**Background**

5.      On October 6, 2019, Highland Capital Management, L.P. ("Highland" or the "Debtor") commenced the above-captioned bankruptcy case in the District of Delaware, which was subsequently transferred to this Court. On February 22, 2021, this Court entered the Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Relief [Dkt. No. 1943], which confirmed the Fifth Amended Plan of

2

Reorganization of Highland Capital Management, L.P. (as Modified) [Dkt. No. 1943-1] (the "Plan"). The Plan became effective on August 11, 2021 [Dkt. No. 2700] (the "Effective Date").

6. On June 30, 2025, this Court entered its Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith [Docket No. 4297] (the "Rule 9019 Settlement Order").

7. On July 14, 2025, Dugaboy filed a Notice of Appeal of the Rule 9019 Settlement Order [Dkt. No. 4311]. That appeal remains pending before the United States District Court for the Northern District of Texas (Case No. 3:25-cv-01876-K).

8. On February 9, 2026, Dugaboy Filed its Motion for Relief from Order and Motion to Vacate [Docket 4513] (the "Motion for Relief") in this Court, seeking reconsideration of the Rule 9019 Settlement Order pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024.

9. In connection with the Motion for Relief, Dugaboy seeks to file under seal certain confidential information contained in Exhibit I and Exhibit J. An unredacted version of these Exhibits will be provided to this Court and the other parties entitled hereto.

**Basis for Relief**

10. Exhibit I and Exhibit J contain confidential information that is subject to a confidentiality agreement in connection with pending proceedings in the Cayman Islands involving Charitable DAF Holdco, Ltd. and related entities. These proceedings involve sensitive matters concerning the structure and operations and allegations of misconduct relating to the Charitable Funds and their management. This confidentiality agreement would require permission from the Grand Court of the Cayman Islands in order to be filed publicly in this matter and not

3

under seal. These documents also contain sensitive information and have never before been filed publicly.

11.    Section 107(b) of the Bankruptcy Code provides that, on request of a party in interest, a bankruptcy court shall protect an entity with respect to confidential research, development, or commercial information. 11 U.S.C. § 107(b). Bankruptcy Rule 9018 further authorizes the Court to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Bankruptcy Rule 9077-1 permits a party to file a document under seal on motion and by permission of the Court when no statute or rule otherwise requires or permits such filing. In addition, a bankruptcy court has broad discretion to order enforcement of confidentiality and sealing orders entered in foreign proceedings consistent with principles of comity. *In re Transbrasil S.A. Linhas Aereas*, No. 11-19484, 2014 WL 1655990, at *2 (Bankr. S.D. Fla. Apr. 24, 2014) ("The Court understood [the concern for the trustee's effort to locate assets] and extended comity to the seal ordered in Brazil.").

12.    Exhibit I and Exhibit J contain sensitive, confidential information regarding the Dallas Foundation, Crown Global Life Insurance, Ltd., Empower Dallas Foundation, the Okada Family Foundation, and related charitable entities. These Exhibits contain information regarding, among other things, the funding and operation of insurance annuities, the relationship between the supporting organizations and their sponsoring foundations, and matters directly related to the disputes pending in the Cayman Islands court. Portions of the testimony are cited in the Motion for Relief and are necessary to support the arguments set forth therein.

13.    Out of respect for the Cayman Islands' confidentiality obligations and confidential information contained in Exhibit I and Exhibit J , Dugaboy seeks leave to file these documents

under seal. Public disclosure of this information could interfere with the ongoing Cayman Islands proceedings and potentially violate the terms of the confidentiality agreement governing those proceedings. Sealing these documents is therefore appropriate to protect the interests of the parties and entities involved in those proceedings while still allowing this Court and other parties entitled thereto to review the materials in connection with the Motion for Relief.

## Notice

14.     The Dugaboy Investment Trust has served notice of this Motion electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case. Dugaboy submits that, in light of the nature of relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, Dugaboy respectfully requests entry of the order substantially in the form attached to this Motion, granting the relief requested herein and such further and other relief as the Court deems appropriate.

Dated: February 27, 2026

**WINSTON & STRAWN LLP**

*/s/ John Michael Gaddis*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Counsel for The Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ John Michael Gaddis*
John Michael Gaddis

6

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Bankruptcy Rule 7007-1(b), I certify that on February 27, 2026 I conferred by email with John Morris, counsel for the Highland Entities, and was informed that the Highland Entities do not oppose a limited motion to seal at this time, but reserve the right to move to unseal the exhibits and to object to their admissibility.


*/s/ John Michael Gaddis*
John Michael Gaddis