



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 2, 2026**

_____
**United States Bankruptcy Judge**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

### ORDER DENYING HIGHLAND EMPLOYEE RETENTION ASSETS, LLC'S MOTION TO ABATE AND MOTION TO RETAIN CERTAIN DOCUMENTS FOR INSPECTION [DOCKET NO. 4495]

Upon consideration of (a) the *Motion to Abate and Motion to Retain Certain Documents for Inspection* [Docket No. 4495] (the "Motion") filed by Highland Employee Retention Assets, LLC ("HERA"), (b) *Highland Capital Management, L.P. and Highland Claimant Trust's Objection to Highland Employee Retention Assets, LLC's Motion to Abate and Motion to Retain Certain Documents for Inspection [Docket No. 4495]* [Docket No. 4500] (the "Objection") filed by Highland Capital Management, L.P. and the Highland Claimant Trust (together, "Highland"),

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The service address for Highland is 6333 Mockingbird Ln., Ste 147 #5045, Dallas, Texas 75214.

(c) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P. and Highland Claimant Trust's Objection to Highland Employee Retention Assets, LLC's Motion to Abate and Motion to Retain Certain Documents for Inspection [Docket No. 4495]* [Docket No. 4501], (d) Highland's exhibits 1 through 11 appearing at docket nos. 4517 and 4519 admitted during the hearing on the Motion held on February 26, 2026 (the "Hearing"), and (e) the arguments presented by counsel during the Hearing, and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; for the reasons stated on the record during the Hearing, it is **HEREBY ORDERED THAT**:

1. The Motion is **DENIED** in its entirety.

2. Highland's request in the Objection that HERA be ordered to reimburse Highland for its costs (i) of storing the subject boxes since December 31, 2025, and (ii) incurred opposing the Motion is **DENIED**.

3. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

###End of Order###