**EXHIBIT 19**

Gregory G. Hesse, Esq.
State Bar No. 09549419
HUNTON ANDREWS KURTH, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone:  (214) 979-3000
Telecopy:   (214) 880-0011

**ATTORNEYS FOR DUGABOY INVESTMENT TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| *In re* | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor.[1] | § § § | |

## DUGABOY INVESTMENT TRUST'S DISCOVERY
## RELATED TO RULE 9019 MOTION

Dugaboy Investment Trust ("Dugaboy"), by and through undersigned counsel, hereby serves the following First Set of Discovery upon Movants Highland Capital Management, L.P. ("HCMLP" or "Debtor"), Highland Claimant Trust ("Claimant Trust") and the Highland Litigation Sub-Trust ("Litigation Trust," and together with the Claimant Trust, the "Trusts," together with HCMLP, the "Movants"), with respect to the Movants' *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. 4216] ("Motion") and requests that the Movants respond to such discovery requests within the time required by the applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, and that the Movants produce for inspection and copying the documents described below at the offices of counsel identified below.

---

[1] The *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., (As Modified)* [Dkt. 1808] ("*Plan*"), filed by Highland Capital Management, L.P. ("*HCMLP*") became effective on August 11, 2021 (the "*Effective Date*").

1

## **REQUESTS FOR PRODUCTION INSTRUCTIONS**

1.      Dugaboy seeks production of the documents set forth in the numbered requests below that are in the Movants' possession, custody, or control.

2.      All electronically stored information shall be produced in a format mutually agreed upon by the parties or ordered by the Court.

3.      Each document must be produced in its entirety (including all attachments) and without deletion or excisions, regardless of whether You consider the entire document or only parts thereof to be relevant or responsive to these requests. If you contend that any document or thing cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason it is being withheld. For any document withheld or redacted, in whole or in part, based on a clam of privilege or work product protection, You shall comply with Fed. R. Civ. P. 26(b)(5)(A). Any privilege log shall be produced in a format and according to a schedule mutually agreed upon the parties or ordered by the Court. Any purportedly privileged document containing non-privileged material must be produced, redacting only the portion purportedly privileged. If you file a timely objection to any portion of a request, definition, or instruction, documents responsive to the remaining portion are to be produced.

4.      Documents not otherwise responsive to a discovery request shall be produced if such documents relate to the documents which are called for by this discovery request, or if such documents are attached to documents called for by a discovery request and constitute routine transmittal memoranda, letters, comments, evaluations, or similar materials.

5.      Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final document is a separate and distinct document and it must be produced.

6.      All documents shall be produced in a file folder, envelope, or other container in which the documents are kept or maintained by the Movants. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

7.      If any responsive document is believed to have existed but no longer exists or is otherwise unavailable, describe the document, the reason for its loss, destruction, or unavailability, and provide the name of each person believed by the Movants to have present possession, custody, or control of the original and any copy thereof (if applicable). If no document responsive to a request exists, please so state in the Movants' response.

8.      These document requests are continuing and therefore require the Movants (or any person acting on the Movants' behalf) to furnish supplemental responses whenever the Movants (or any person acting on the Movants' behalf) obtains additional information called for by the request. Each supplemental response shall be served on Dugaboy no later than thirty (30) days after the discovery the additional information.

9.      Capitalized terms not otherwise defined herein shall have their meanings as set forth in the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) (the "Plan"), and the associated Plan Documents giving meaning and effect to the Plan.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All communications between any of the Movants and the HMIT Entities (as defined in the Motion) related to the proposed Settlement Agreement (as referenced in the Motion).

**REQUEST FOR PRODUCTION NO. 2:**

All communications between any of the Movants and any third-party related to the proposed Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 3:**

All drafts of the proposed Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 4:**

All documents supporting the allegation in Paragraph 21 of the Motion that "[i]f the Settlement Agreement is approved, the only unresolved Claims or Equity Interests will be the Daugherty Claim and the Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand—that have no value but, if they did, their aggregate maximum value, if allowed, would not exceed approximately $1.7 million."

**REQUEST FOR PRODUCTION NO. 5:**

All documents supporting the allegation in Paragraph 9 of the Motion that "[a]s of the Petition Date, HMIT's capital account balance on account of its Class B/C Interests was $394,630,871.53 (the "HMIT Capital Account Balance"), and the capital account for all Class A Interests in aggregate was $1,983,069.70.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing the "extensive arm's-length, good faith negotiations over the last several months [related to the proposed Settlement Agreement]" as referenced in Paragraph 20 of the Motion.

4

**REQUEST FOR PRODUCTION NO. 7:**

All documents evidencing any efforts that the Movants examined the effect of the potential Settlement Agreement on any of the remaining creditors of the estate.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing how HMIT's Capital Account Balance, as referenced in Paragraph 21 of the Motion, was calculated.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the Dugaboy Note, as referenced in paragraph 21 of the Motion, including any documents evidencing payments or amounts owed related to the Dugaboy Note.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents used to answer the Interrogatories in these discovery requests.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the remaining unpaid amounts of allowed claims in Classes 8 and 9, as that term is defined in the Plan.

**REQUEST FOR PRODUCTION NO. 12:**

Documents demonstrating any efforts by the Movants to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint to any parties.

**REQUEST FOR PRODUCTION NO. 13:**

Documents demonstrating any efforts by the Movants to sell or transfer the Dugaboy Note to any parties.

**REQUEST FOR PRODUCTION NO. 14:**

Documents related to or identifying the value of any consideration received or exchanged as part of the proposed Settlement Agreement, including any communications related to the value of any such consideration.

## **INTERROGATORY INSTRUCTIONS**

1.      Each Interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

2.      Where an Interrogatory cannot be answered in full, state why, and furnish all available information.

3.      Whenever the name or identity of a person is requested, state the full name and the home and business address of such person.

4.      When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

5.      Whenever a document is cited in support of a response, identify the specific language in such document which the Movants contend provides support for the Movants' response.

6.      These Interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these Interrogatories are propounded obtain information responsive to these Interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

7.      If the Movants claim a privilege as to any requested information, specify the privilege claimed, the Communication (as defined below) or other matter as to which such claim is made, the subject of the Communication or other matter and the basis which Defendants assert the claim of privilege.

6

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1:</u>**

Identify who negotiated the proposed Settlement Agreement on behalf of the Movants and the HMIT Entities and identify the dates of such negotiations.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 2:</u>**

Identify any efforts to analyze the "complexity, duration, and costs of [the Pending HMIT Litigation]," as stated in Paragraph 29 of the Motion.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 3:</u>**

Identify any efforts to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 4:</u>**

Identify any efforts to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint.

**<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 5:</u>**

Identify any efforts to sell or transfer the Dugaboy Note to any parties other than the HMIT Entities.

**ANSWER:**

**INTERROGATORY NO. 6:**

Explain the basis for the Movants' contention in Paragraph 21 of the Motion that "the Daugherty Claim and the Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand—[] have no value but, if they did, their aggregate maximum value, if allowed, would not exceed approximately $1.7 million."

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all consideration received by any parties as part of the proposed Settlement Agreement and identify the monetary value of all non-monetary consideration received as part of the proposed Settlement Agreement.

**ANSWER:**

**HUNTON ANDREWS KURTH LLP**

By:    /s/   *Gregory G. Hesse*
         Gregory G. Hesse (Texas Bar No.09549419)
         1445 Ross Avenue, Suite 3700
         Dallas, Texas  75202-2799
         Telephone:  (214) 979-3000
         Telecopy:   (214) 880-0011
         GHesse@hunton.com

**ATTORNEYS  FOR  DUGABOY  INVESTMENT TRUST**

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2025, a true and correct copy of this document was served via email to the following parties.

**Counsel for Highland Capital Management, LP and the Highland Claimant Trust:**

Jeffrey N. Pomerantz – jpomerantz@pszjlaw.com
John A. Morris – jmorris@pszjlaw.com
Gregory V. Demo – gdemo@pszjlaw.com
Hayley R. Winograd – hwinograd@pszjlaw.com
Melissa S. Hayward – mhayward@haywardfirm.com
Zachery Z. Annable – zannable@Haywardfirm.com

**Counsel for Marc S. Kirschner as Litigation Trustee of the Highland Litigation Sub-Trust:**

Deborah J. Newman - deborahnewman@quinnemanuel.com
Robert S. Loigman - robertloigman@quinnemanuel.com

/s/   *Gregory G. Hesse*
Gregory G. Hesse

9