**KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**COUNSEL FOR THE HMIT ENTITIES AND
VALUESCOPE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Debtor. | **Re: Docket No. 4533** |

**JOINDER TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR A
PROTECTIVE ORDER AGAINST THE DUGABOY INVESTMENT TRUST'S
DISCOVERY REQUESTS**

Hunter Mountain Investment Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"),

Rand Advisors, LLC ("Rand Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund

Management, LLC ("Rand GP" with HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund,

the "HMIT Entities") and ValueScope, LLC ("ValueScope"); hereby submit this *Joinder* (the

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

"Joinder") to the *Motion for Protective Order against the Dugaboy Investment Trust's Discovery Truste's Discovery Request*s [Dkt. No. 4533] (the "Motion for Protective Order"). The HMIT Entities (other than HMIT) and ValueScope were each served with subpoenas for document production (the "Requests") by Dugaboy Investment Trust ("Dugaboy") in connection with the *Motion to Reconsider the 9019 Order* [Dkt. No. 4513] (the "Rule 60(b) Motion").[2]

### A. Joinder in the Motion for Protective Order.

1. The Joining Parties join and adopt the motion for Protective Order and the briefing therein for all purposes and respectfully request for the reasons set forth in the Motion for Protective Order that this Court enter an order protecting against Dugaboy's efforts to take discovery in connection with its Rule 60(b) Motion, including its Requests, Subpoenas, and deposition requests.

### B. Additional Objections

2. The Joining Parties also specifically object to the definitions of terms in the Requests that appear to make the particular respondent responsible for the production of documents in control, possession, or custody of others.

3. For instance, Dugaboy sent requests to Beacon Mountain asking for "All Documents evidencing any Communications between any HMIT Entity representative and any Highland Entity representative regarding the terms of the Settlement Agreement." "HMIT Entity" is defined to mean "collectively to Hunter Mountain Investment Trust and Beacon Mountain, LLC, together with each of their respective officers, directors, managers, general partners, agents, attorneys, affiliates, parents, subsidiaries, and any persons or entities acting or authorized to act on their behalf." But Dugaboy never served Requests on HMIT.

---

[2] See Exhibit A – Document Subpoenas to HMIT Entities and ValueScope in globo.

4.     So it appears that Dugaboy is attempting to seek discovery from HMIT through Beacon Mountain.

5.     Likewise, Dugaboy sent requests to Rand Advisors, seeking "All Documents and Communications exchanged between any Highland Party and any Rand Party prior to execution of the Settlement Agreement relating to or evidencing legal ownership, economic beneficial ownership, or legal control of any HMIT Entity, including any changes thereto." "Rand Party" is defined to "mean "collectively to Rand PE Fund I, LP, Rand Advisors, LLC, and Rand PE Fund Management, LLC, together with each of their respective officers, directors, managers, general partners, agents, attorneys, affiliates, parents, subsidiaries, and any persons or entities acting or authorized to act on their behalf." Again, Dugaboy seeks discovery from Rand Advisors of all other Rand Party documents.

6.     To the extent the Requests seek to expand the obligation to produce documents beyond those in each person's possession, custody, or control, the Requests are for these additional reasons improper.

7.     Further, of note, ValueScope is not a party to the 9019 Settlement and is not a party to the Bankruptcy Case. Dugaboy had every opportunity to pursue discovery from ValueScope in 2025. Mr. Patrick's retention of ValueScope has been publicly disclosed throughout this case, since at least 2021. *See* Transcript, June 8, 2021, Case No. 19-34054.[3]

8.     Dugaboy deposed both Mr. Patrick and Mr. Shawn Raver with respect to the 9019 Motion, yet never sought any information regarding or information from ValueScope.

---

[3]     In June 2021, Mr. Patrick was asked if he was solely responsible for making all investment decisions with respect to a $200 million charitable fund, to which he testified, "Yes, but I get some help. I've engaged an outside third party called ValueScope, and they have been as -- effectively working as a "gatekeeper" for me, and I look to them for investment guidance and advice…" Id. at 102:19-25.

9.      While the Motion for Protective Order aptly sets forth the problematic procedure before the Court (i.e. that Dugaboy could have and did in fact already engage in extensive discovery related to the 9019 Motion but now seeks to re-do and expand the discovery it could have done prior to entry of the 9019 Order through the Rule 60(b) Motion), these issues are magnified as they apply to a true third party like ValueScope.

10.     The Joining Parties reserve all further rights to object to the substance of the Requests if such Requests are determined by this Court to be proper in the context of the Rule 60(b) Motion.

CONCLUSION

11.     The Joining Parties join in the Motion for Protective Order and respectfully request for the reasons set forth in the Motion for Protective Order that this Court enter an order protecting against Dugaboy's efforts to take discovery in connection with its Rule 60(b) Motion.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

*Counsel for the HMIT Entities and ValueScope*

## CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this April 6, 2026.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)

## CERTIFICATE OF CONFERENCE

I, undersigned counsel, hereby certify that prior to filing the forgoing, I emailed counsel for Dugaboy to note the Joining Parties' Joinder.  Given the filing of the Motion for Protective Order, it is clear that further conference would be futile at this juncture.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)