**KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

COUNSEL FOR CLO HOLDCO, LTD.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) | **Re: Docket Nos. 4538, 4533** |
|  | ) |  |

### SUPPLEMENT TO MOTION TO QUASH AND JOINDER TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR A PROTECTIVE ORDER AGAINST THE DUGABOY INVESTMENT TRUST'S DISCOVERY REQUESTS

CLO HoldCo, Ltd. ("CLO Holdco") hereby submits this (i) *Supplement* (the "Supplement") to

the *Motion to Quash* (the "Motion to Quash") [Dkt. No. 4538] filed by CLO HoldCo and (ii)

*Joinder* (the "Joinder") to the *Motion for Protective Order against the Dugaboy Investment Trust's*

*Discovery Truste's Discovery Request*s [Dkt. No. 4533] (the "Motion for Protective Order").

---

[1]     Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

### SUPPLEMENTAL ARGUMENTS

1.     In the Motion to Quash, CLO HoldCo moved for an order quashing the requests for document production (the "Requests") by Dugaboy Investment Trust ("Dugaboy") in connection with the *Motion to Reconsider the 9019 Order* [Dkt. No. 4513] (the "Rule 60(b) Motion") because the Requests were sent via email, not by service of a subpoena pursuant to Fed. R. Civ. P. 45. In the Motion to Quash, CLO HoldCo (and co-movants) specifically state that it/they:

> reserve their rights to lodge such substantive objections and move for a protective order to the extent these service defects are cured or the Motion to Quash overruled.
>
> Specifically, this Court will consider the propriety of such extensive discovery requests in connection with the Motion for Protective Order against the Dugaboy Investment Trust's Discovery Truste's Discovery Requests [Dkt. No. 4533] (the "Motion for Protective Order") filed by HCMLP. The Moving Parties believe it is premature to join in a substantive request for protective order as in fact they have not been served so cannot be involved in the proceedings involving the Motion for Protective Order. But the Moving Parties reserve all rights.

Motion to Quash, ¶19.

2.     On or about April 17, 2026, CLO HoldCo was served with a subpoena by Dugaboy pursuant to Fed. R. Civ. P. 45.

3.     Thus, in keeping with the prior reservation within the Motion to Quash, CLO HoldCo expressly joins in and adopts the arguments set forth in the Motion for Protective Order.

4.     Further, the subpoena to and served upon CLO HoldCo states that the requested documents must be provided to counsel for Dugaboy **on May 18, 2026 by 5:00 p.m. CST**.

5.     This Court has set a hearing on the Dugaboy Rule 60(b)(6) Motion for May 11, 2026 at 9:00 a.m., and ordered that all discovery related to the Rule 60(b) Motion be completed no later than May 1, 2026. Dkt. No. 4547.

6.      Therefore, the requests are impermissible and clearly not designed to obtain discoverable information relating to the Rule 60(b) Motion because they are returnable *after* the close of discovery and even *after* the scheduled hearing on the Rule 60(b)(6) Motion.  Thus, there is simply no reason for CLO HoldCo to spend time and effort in responding to the Requests when the documents produced necessarily will not be used in the connection with the Rule 60(b) Motion. The Subpoena should be quashed.

7.      CLO HoldCo opposes any attempt by Dugaboy to rely on its own inability to comply with Fed. R. Civ. P. 45 in the first instance, and to serve subpoenas with a proper return date (or of a proper scope) once it learned of the necessity of a subpoena from the Motion to Quash, as cause or basis for any extension of the hearing date or discovery deadlines set by this Court. *See S&W Enters., LLC v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) ("good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension").  Improper transmission of improper discovery followed up with improper subpoenas with an improper return date (after the scheduled hearing), cannot be due diligence.

**CONCLUSION**

8.      Thus, for the reasons stated in the Motion for Protective Order, as supplemented by this Supplement, the Served Requests must be quashed.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643

3

Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

***Counsel for the CLO HoldCo, Ltd.***

### CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this April 21, 2026.

*/s/ Louis M. Phillips_____*
Louis M. Phillips (#10505)

### CERTIFICATE OF CONFERENCE

Undersigned counsel gave notice to Dugaboy's counsel of the forgoing' however, given the filing of the Motion for Protective Order and various other discovery disputes before this Court, it is clear that further conference would be futile at this juncture.

*/s/ Louis M. Phillips_____*
Louis M. Phillips (#10505)

4