# *In re Highland Capital Management, L.P.*

## *Bankr. N.D. Tex.*, No. 19-34054-sgj11

Oral Argument on HCMLP's Motion for Protective Order
Hon. Brad W. Odell
April 24, 2026



Copyright © 2025 by Willkie Farr & Gallagher LLP. All Rights Reserved.
These materials may not be reproduced or disseminated in any form without
the express permission of Willkie Farr & Gallagher LLP.

# Dugaboy Is Not Entitled To Discovery

- "***Post judgment discovery*** into alleged fraud is ***not appropriate***" generally because of courts' "***strong interest in the finality of judgments***." *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 654 (S.D. Tex. 2009) (collecting cases). Accordingly, Bankruptcy Rule 9014 generally does not apply to Rule 60 motions.

- Rather, before seeking affirmative discovery in connection with its Rule 60(b) Motion, Dugaboy must:
  - show it has "**newly discovered evidence**" that could not have been discovered with reasonable diligence within 28 days of the order being challenged and that would have **changed the outcome**, Fed. R. Civ. P. 60(b)(2)**;** or
  - make a "***prima facie* showing of fraud**" under Rule 60(b)(3), *Halliburton*, 618 F. Supp. 2d at 654.



# There Is Nothing New





# Dugaboy Fails To Satisfy Rule 60(b)(2)

- Rule 60(b)(2) requires Dugaboy to provide "***newly discovered evidence*** that, ***with reasonable diligence, could not have been discovered***" within 28 days of the 9019 Order—*i.e*., July 28, 2025.

- Dugaboy identifies ***nothing new***.
  - As the timeline shows, everything Dugaboy argues in its Rule 60(b) Motion had already been raised.
  - All of the purportedly "new" evidence was available to Dugaboy with reasonable diligence by July 2025, or often much earlier.
  - The Cayman Proceeding is irrelevant to the 9019 Settlement because it:
    - Does not affect Patrick's authority to enter into the 9019 Settlement on behalf of HMIT;
    - Says nothing about whether the 9019 Settlement was a good settlement; and
    - Rejected the same theory of fraud Dugaboy alleges in its Rule 60(b) Motion.
  - In any event, Dugaboy had full access to the filings in the Cayman Proceeding because:
    - The filings are publicly available, and
    - Dugaboy can obtain them from Dondero who controls both Dugaboy and the Dondero Foundations, which sit on the liquidation committee in the Cayman Proceeding and therefore receive all filings.



# HMIT And Highland Announce The 9019 Settlement

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- Hunter Mountain Investment Trust ("HMIT") and related entities, under the control of Mark Patrick, successfully negotiate at arm's length with Highland to enter into the 9019 Settlement. (Dkt. No. 4216.)

- The 9019 Settlement consists of three main components: (1) dismissal of all pending HMIT litigation against Highland with prejudice and provision of Litigation Protections to Highland; (2) transfer and sale of certain assets to HMIT, including the Dugaboy promissory note and *Kirschner* claims; and (3) liquidation and allowance of HMIT's Class 10 interests in a fixed amount, permitting distributions to both Class 9 and Class 10 interest holders. (Dkt. No. 4216.)

- On June 30, 2025, the Court approves the 9019 Settlement. (Dkt. No. 4297.)

- The deadline to seek a new trial under Rule 59(b) was "28 days after the entry of judgment," which was July 28, 2025. Dugaboy failed to do so.

# Dondero Foundations File Petition In The Cayman Islands

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- On April 10, 2025, The Dondero Foundations (The Dallas Foundation Inc., The Kansas City Foundation Inc., The Santa Barbara Foundation Inc., and the HCMLP Charitable Foundation Inc.) file a Winding Up Petition in the Cayman Islands Grand Court seeking to wind up DAF Holdco and appoint Joint Official Liquidators ("JOLs"). (Motion for Protective Order ("MPO") Ex. 6 (Dkt. No. 4534-6).)

- Dondero files an Affidavit, dated April 9, 2025, as part of the Winding Up Petition. (MPO Ex. 7 (Dkt. No. 4534-7).)

- On May 2, 2025, upon learning that Mark Patrick had already begun voluntary liquidation of DAF Holdco, the Dondero Foundations file a Petition for Court Supervision of Voluntary Liquidation. (MPO Ex. 13 (Dkt. No. 4534-13).)

- The Dondero Foundations, in their Cayman filings, ***set forth the same allegations that Dugaboy now claims constitute "newly discovered evidence"*** that Patrick restructured DAF Holdco to fraudulently enrich himself, including:
  - Appointing CDH GP as new general partner
  - Forming DFW Foundation
  - Issuing new shares to DFW Foundation and diluting Dondero Foundations ownership
  - Redeeming DAF Holdco so that it has no remaining assets
  - Pursuing fraudulent transactions related to Creative HEARTS TX and Fortaris Capital Advisors

(MPO Ex. 6 (Dkt. No. 4534-6) ¶¶ 15–53; MPO Ex. 7 (Dkt. No. 4534-7) ¶¶ 23–45.)

6

# Dondero's Affiliates Object To The 9019 Settlement

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- On June 9, 2025, The Dallas Foundation, a Dondero affiliate, and insurer Crown Global file Dondero-funded Objections to the 9019 Settlement. Dugaboy also files a Dondero-funded Objection. (Dkt. Nos. 4230–31.)

- The Dallas Foundation/Crown Global Objections allege that HMIT has been moved under the DAF Holdco structure and raise identical DAF-related allegations from the Cayman Proceeding. (Dkt. No. 4231 ¶¶ 2–3, 12–34.)

# Parties Exchange Discovery On The 9019 Settlement

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- From June 9–25, 2025, Highland produces over 4,000 pages of documents in response to Dugaboy's discovery requests related to the Settlement, _including all documents and communications between Highland and the HMIT Entities up to the execution of the 9019 Settlement on May 19, 2025._ (Morris Decl. (Dkt. No. 4534) ¶ 2.)

- Dugaboy and The Dallas Foundation/Crown Global conduct four depositions of key witnesses, including Shawn Raver and Mark Patrick on June 20 and 23, 2025, respectively. (Dkt. No. 4513 Ex. 49; Rule 60(b) Opp. Ex. K. (Dkt. No. 4536-11).)

- On the eve of the June 25 hearing on the Objections to the 9019 Settlement, The Dallas Foundation/Crown Global withdraw their Objection and enter a stipulation barring any claims against Highland. (Dkt. No. 4282.)

8

# Court Holds Evidentiary Hearing On The 9019 Settlement

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**June 25, 2025**

The Court holds all-day evidentiary hearing on 9019 Settlement.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- On June 25, 2025, the Court holds an all-day evidentiary hearing on the 9019 Settlement. (MPO Ex. 11 (Dkt. No. 4534-11).)

- The Court considers 128 exhibits totaling 2,899 pages and hears live testimony from James Seery, Mark Patrick, and Jim Dondero, who are subject to cross-examination. (MPO Ex. 11 (Dkt. No. 4534-11) at 110:9–134:22, 184:3–188:18, 206:4–223:25; Dkt. Nos. 4253, 4293.)

- Dugaboy contests Patrick's authority over HMIT and DAF Holdco, at the urging of Dondero in the courtroom. (MPO Ex. 11 (Dkt. No. 4534-11) at 31:4–34:15.)

# Dondero Affiliates File Petition In Texas Business Court

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**June 25, 2025**

The Court holds all-day evidentiary hearing on 9019 Settlement.

**July 1, 2025**

The Dondero Foundations file petition in Tex. Business Court seeking injunctive relief and appointment of a receiver over the DAF structure.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

- On July 1, 2025, the day after the 9019 Settlement is approved, the Dondero Foundations file a petition in the Texas Business Court, seeking a TRO, an injunction, and appointment of a receiver to take possession and control of all entities and assets in the DAF structure. (MPO Ex. 15 (Dkt. No. 4534-15).)

- The petition once again repeats the allegations set forth in the Cayman Proceeding and The Dallas Foundation/Crown Global Objection to the 9019 Settlement. (MPO Ex. 15 (Dkt. No. 4534-15) ¶¶ 1.1–1.2, 5.18–6.27.)

# JOLs File *Writ* In The Cayman Proceeding



**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**June 25, 2025**

The Court holds all-day evidentiary hearing on 9019 Settlement.

**July 1, 2025**

The Dondero Foundations file petition in TX Business Court seeking injunctive relief and appointment of a receiver over the DAF structure.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

**July 15, 2025**

JOLs file Writ in Cayman Islands action.

- On July 15, 2025, the JOLs appointed in the Cayman Proceeding (who are funded by Dondero) file a *Writ*, yet again alleging that Mark Patrick engaged in fraud and self-dealing by restructuring the DAF entities. (MPO Ex. 8 Ex. A (Dkt. No. 4534-8).)

11

# Dugaboy Files Motion To Stay The 9019 Settlement

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**June 25, 2025**

The Court holds all-day evidentiary hearing on 9019 Settlement.

**July 1, 2025**

The Dondero Foundations file petition in TX Business Court seeking injunctive relief and appointment of a receiver over the DAF structure.

**July 17, 2025**

Dugaboy files Motion to Stay 9019 Settlement.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

**July 15, 2025**

JOLs file Writ in Cayman Islands action.

- On July 17, 2025, Dugaboy files a Motion to Stay the 9019 Settlement Order. (MPO Ex. 8 (Dkt. No. 4534-8).)

- Dugaboy's Motion to Stay attaches the JOLs' *Writ* as an exhibit, and is based entirely on the claims and allegations asserted in the *Writ*. (MPO Ex. 8 Ex. A (Dkt. No. 4534-8).)

- On July 21, 2025, the Court denies Dugaboy's Motion to Stay. (Dkt. No. 4334.)

12

# JOLs File Chapter 15 Petition In Delaware Bankruptcy Court

**April 10, 2025 and May 2, 2025**

The Dondero Foundations seek to wind up DAF Holdco in the Cayman Islands.

**June 9, 2025**

The Dallas Foundation and Crown Global file Objection to 9019 Settlement.

**June 25, 2025**

The Court holds all-day evidentiary hearing on 9019 Settlement.

**July 1, 2025**

The Dondero Foundations file petition in TX Business Court seeking injunctive relief and appointment of a receiver over the DAF structure.

**July 17, 2025**

Dugaboy files Motion to Stay 9019 Settlement.

**July 28, 2025**

Dugaboy fails to seek a new trial under Rule 59(b).

**March–May 19, 2025**

HMIT and Highland negotiate Rule 9019 Settlement.

**June 9–25, 2025**

Parties exchange discovery related to 9019 Settlement.

**June 30, 2025**

Court approves 9019 Settlement.

**July 15, 2025**

JOLs file Writ in Cayman Islands action.

**July 21, 2025**

The JOLs file a Chapter 15 Petition in District of Delaware Bankruptcy Court.

- On July 21, 2025, the JOLs file a Chapter 15 petition in the United States Bankruptcy Court for the District of Delaware seeking recognition of the Cayman Proceeding and attaching thousands of pages of documents. (Rule 60(b) Opp. Ex. J (Dkt. No. 4536-10).)

13

# There Is No *Prima Facie* Showing of Fraud





# Dugaboy Fails To Satisfy Rule 60(b)(3)

**Dugaboy Fails To Make A *Prima Facie* Showing Of Fraud**

- Rule 60(b)(3) requires Dugaboy to make a *prima facie* showing of fraud to obtain discovery.

- Dugaboy alleges the ***wrong fraud***.
  - Dugaboy alleges that Mark Patrick defrauded ***DAF's beneficiaries*** by reorganizing DAF.
  - This does not show any fraud in the 9019 Settlement ***between HMIT and Highland***.
  - This does not show any fraud ***on the Court*** in the 9019 Order.
  - This does not implicate Patrick's authority to enter into the 9019 Settlement ***on behalf of HMIT***.



15

# Dugaboy Fails To Satisfy Rule 60(b)(3)

**The Cayman Islands Court Effectively Rejected The Same Allegations Of Fraud**

- Dugaboy relies heavily on filings from the Cayman Proceeding but ***did not provide** the Cayman Islands Court decision to this Court*.

- HCMLP provided the Cayman Islands decision to this Court, which denied the JOLs' request for a proprietary injunction:

> *Is there a serious issue to be tried tha* **[DAF]** *y has a proprietary interest in the asset(s) over which an injunction is sought to be imposed?*
>
> 130.    The Court has carefully considered whethe **[DAF]** y, as a limited partner in the Fund, has a proprietary interest as a limited partner which would entitle it to be protected by way of the injunction sought and/or an indirect beneficial interest in the underlying assets of the Fund.
>
> 131.    The Court answers both of these questions in the negative.

(MPO Ex. 4 (Dkt. No. 4534-4) ¶¶ 130–31.)



16

# Dugaboy Fails To Satisfy Rule 60(b)(3)

## The Cayman Islands Court Effectively Dismissed The Same Allegations Of Fraud

- The Cayman Islands court also rejected claims of fraud based on Patrick's compensation:

*The Injunction against Mr Patrick*

*The Corporate Entity which made the Remuneration Payments*

202. The Court has reviewed the relevant evidence and the pleadings. The Court takes the provisional view that the sums paid to Mr Patrick as remuneration for his work did not come from [DAF] funds or assets.

203. Whilst there are [DAF] board resolutions in respect of the payments, other companies in the structure actually paid Mr Patrick on behalf of the Company.[73] This may give rise to a proprietary tracing claim by [DAF] but there is no seriously arguable case that the payments represent assets which belong to [DAF].

(MPO Ex. 4 (Dkt. No. 4534-4) ¶¶ 202–03, 204–06.)

*Excessive Remuneration*

204. [DAF] says in contrast to Mr Scott, who was paid US$60,000 per annum, Mr Patrick awarded himself sums comprising a base salary of US$850,000, a bonus of 2.5 times that base salary, and a long-term incentive ("LTI") payment of US$975,000. For the period March 2021 to March 2024, Mr Patrick was entitled to an aggregate LTI payment of US$4,759,000.

205. From disclosure provided pursuant to the Interim Undertakings, the JOLs say that Mr Patrick received, by way of director's fees, a total of US$10,548,778 in 2024 and US$3,325,000 in the first six months of 2025.[74]

206. Having reviewed the affidavit evidence on this question including the detailed report dated 26 August 2024 from Mercer, the Court finds that there is no serious issue to be tried that this remuneration was excessive and in breach of his duty to [DAF].



# Dugaboy Fails To Satisfy Rule 60(b)(3)

## The Cayman Islands Court Permitted Only Breach-Of-Fiduciary-Duty Claims To Proceed To Trial

- The only issue remaining in the Cayman Proceeding is whether or not Patrick breached his *fiduciary duties to DAF* through the restructuring.
  - This does *not* show that the 9019 Settlement *between HMIT and Highland* was procured by fraud.
  - This also shows that *Patrick controlled DAF*; if he did not then he would not owe fiduciary duties.

> 253. The Court has been persuaded that **[DAF]** and JOLs have a case which the Directors need to answer in relation to the divestiture of **[DAF's]** limited partner interest in the Fund which does withstand a reverse summary judgment application.
>
> 254. Weighing all of these points at this stage with a necessarily incomplete picture, the Court is persuaded that there is a serious issue to be tried as to whether the Directors acted in breach of duty in undertaking the restructuring.
>
> 255. The Court expresses no view as to whether that case is likely to succeed or not at this stage, merely that it has cleared the relatively low bar of having a real, as opposed to a fanciful, prospect of success at trial.



(MPO Ex. 4 (Dkt. No. 4534-4) ¶¶ 253–55.)

18

# There Was No "Gamesmanship"





# Dugaboy Fails To Show Any "Gamesmanship" Or Waiver

- The parties expressly preserved HCMLP's right to object to the discovery process:
  - Feb. 20, 2026: "Highland *reserves the right to object* **to the presentation of more testimony** on a Motion for Reconsideration" (Opp. Ex. 3);
  - Mar. 2, 2026: Highland "***didn't anticipate that Dugaboy would seek to take affirmative discovery***; indeed, **we *don't believe Dugaboy can use the discovery process to seek evidence to support a motion under Rule 60***. Rather than debate the point, we would like to secure the schedule **subject to a reservation of everyone's right to object to discovery by means of a motion to quash or otherwise**" (Opp. Ex. 11);
  - Mar. 2, 2026: Dugaboy "disagree[s] with your arguments but **agree to a *mutual reservation of rights* to make objections to the discovery/witness process**." (Reply Ex. 23.)

- This Court ordered preserved HCMLP's right to object to the discovery process:
  - Mar. 4, 2026 Order (signed Mar. 3): "***All discovery is subject to the Parties' respective reservation of rights to object* to any depositions or written discovery sought by the other party**" (Dkt. No. 4528 ¶ 3);
  - Apr. 10, 2026 Order: "***All restrictions related to discovery*** that were previously agreed to by the parties, **which were stated in the Court's March 3 Order" and "subject to the Court's resolution" of HCMLP's Motion and the third parties' motion to quash subpoenas, "remain unchanged.**" (Dkt. No. 4547 at 1–2.)



# Dugaboy Fails To Show Any "Gamesmanship" Or Waiver

- This is not "one-sided" discovery because Dugaboy did not actually produce any discovery.
  - HCMLP asked Dugaboy to produce (1) the documents it contended were "newly discovered evidence" under Rule 60(b)(2), and (2) concern fraud by an opposing party under Rule 60(b)(3). (Opp. Ex. 8 (Dkt. No. 4551-8).)
  - Dugaboy *reproduced the* **exact same already-filed exhibits** *to its Rule 60(b) Motion*.



WILLKIE