**King & Spalding**

King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
T: +1 214 764-4600
F: +1 214 764-4601
kslaw.com

**Geoff Harper**
*Counsel*

T:  +1 214 764 4453
gharper@kslaw.com

April 24, 2026

The Honorable Brad Odell
United States Bankruptcy Court, Northern District of Texas
Earle Cabell Federal Building
1100 Commerce St., Rm. 1254
Dallas, TX 75242-1496

**Re:    In re: Highland Capital Management, L.P., Case No. 19-34054-sgj11**

Dear Judge Odell:

On behalf of The Dugaboy Investment Trust ("Dugaboy"), I write regarding our position on the potential deferral of proceedings on Dugaboy's Federal Rule of Civil Procedure 60(b) motion pending the resolution of the appeal of the underlying order, as promised during today's hearing.

Dugaboy agrees that Federal Rule of Civil Procedure 62.1 and Federal Rule of Bankruptcy Procedure 8008 apply to its pending Rule 60(b) motion.  The Court should not defer proceedings on the motion, the option provided by Federal Rule of Civil Procedure 61.1(a)(2).  The Court should instead provide an indicative ruling that it would either grant the motion or that the motion presents a substantial issue, asking for remand of the case from the relevant appellate court, as permitted by Federal Rule of Civil Procedure 62.1(a)(3).

The Rule 60(b) motion turns on evidence that may be subject to spoilation during the pendency of the appeal.  Witnesses are contemplated, and their memories may fade or they may become unavailable.  And the relief sought is time-sensitive, as it concerns assets that may be disposed of or lose value during the pendency of the appeal.  Additionally, there may another round of restructuring that would place any recoverable amounts outside the jurisdiction of the Court or the reach of the parties that already have appeared.

Even if the Court were to determine that deferring a decision on the Rule 60(b) motion is warranted, the Court should allow discovery and hold a hearing with live testimony in the near term to secure relevant evidence lest it be spoiled and live witness testimony lest memories fade and witnesses become unavailable.

Respectfully submitted,

Geoffrey S. Harper