# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

**PACHULSKI STANG ZIEHL & JONES**

1700 BROADWAY, 36TH FLOOR
NEW YORK, NY 10019

**VIA ECF**

April 25, 2026

The Honorable Brad W. Odell
United States Bankruptcy Court, Northern District of Texas
George Mahon Federal Building
1205 Texas Avenue
Lubbock, Texas 79401-4002

Re:     *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (N.D. Tex.)

On behalf of Highland Capital Management, L.P. ("HCMLP"), we respond to The Dugaboy Investment Trust's ("Dugaboy") letter dated April 24, 2026 (the "Letter"; Dkt. No. 4563), which misstates both the facts and the law and directly contradicts its statements to this Court during yesterday's hearing (the "Hearing").

***First***, this Court "lacks authority to grant" Dugaboy's motion "because an appeal has been docketed and is pending." Fed. R. Civ. P. 62.1(a). Dugaboy's assertion during the Hearing that it can simply ask the District Court to return to this case is therefore wrong as a matter of law. Rather, under Rule 62.1(a), "the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* As HCMLP explained in detail in its opposition to Dugaboy's Rule 60(b) motion ("Opposition"; Dkt. No. 4535 at 46–49), this Court should take this opportunity to deny Dugaboy's meritless motion, which risks needlessly delaying the closing of this six-and-one-half-year-old case. *See Greon v. Holding Cap. Grp., Inc. (In re PBS Foods, LLC)*, 549 B.R. 586, 598–606 (Bankr. S.D.N.Y. 2016) (denying Rule 60(b) motion in similar circumstances).

***Second***, Dugaboy provides no basis whatsoever to belatedly request "an indicative ruling" that this Court "would either grant the motion or that the motion presents a substantial issue." (Letter at 1.) As HCMLP explained at length in both its Opposition and in briefing in support of its motion for a protective order (Dkt. Nos. 4533, 4556), Dugaboy has not identified any "newly discovered evidence" or relevant "fraud" by an "opposing party" that would justify relief under Rule 60(b) (Fed. R. Civ. P. 60(b)(2)-(3)), nor could Dugaboy do so during yesterday's Hearing.  Standing alone, Dugaboy's continued inability to specifically identify such evidence proves its Rule 60(b) motion is meritless.

4921-7893-1365.2 36027.003

April 25, 2026
Hon. Brad. W. Odell

**Finally**, Dugaboy's assertions that assets "may be disposed of or lose value" or "there may [be] another round of restructuring" (Letter at 1) are pure speculation with no factual support. In fact, Dugaboy knows (and once again fails to disclose) that another restructuring will not happen based on consensual agreements and confirming orders in place in the Texas Business Court litigation and the Cayman Proceeding, which are the proper places for these "intercreditor/equity holder" disputes to be adjudicated.

Accordingly, this Court should enter a protective order against Dugaboy's discovery requests and deny Dugaboy's Rule 60(b) motion.

Respectfully submitted,

*/s/ John A. Morris*

John A. Morris
Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
1700 Broadway, 36th Floor
New York, NY 10019
(212) 561-7700
jmorris@pszjlaw.com
jpomerantz@pszjlaw.com

Mark T. Stancil
Joshua S. Levy
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

Zachery Z. Annable
Texas Bar No. 24053075
Hayward PLLC
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

4921-7893-1365.2 36027.003