



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 27, 2026**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Case No.  19-34054-sgj11** |
| **MANAGEMENT, L.P.,** | § | |
| | § | |
| | § | |
| **Debtor.** | § | |

## ORDER ON MOTION FOR PROTECTIVE ORDER
## AND MOTION TO QUASH

On April 24, 2026, the Court commenced a hearing to consider *Highland Capital Management, L.P.'s* ("Highland Capital") *Motion for a Protective Order Against the Dugaboy Investment Trust's Discovery Requests* (the "Motion for Protective Order") [Dkt. No. 4533],[1] a *Motion to Quash Requests for Production of Documents Served Improperly* (the "Motion to Quash") [Dkt. No. 4538] filed by CLO Holdco, Ltd., Shields Legal Group, P.C., and Kelly Hart & Hallman LP, and the joinders, responses, and supplements to each [Dkt Nos. 4540, 4549, 4550, 4551, 4554, 4555, 4558].

---

[1] All "Dkt. No." references herein are to the above-captioned case.

Highland Capital's Motion for Protective Order asks the Court to enter an order prohibiting The Dugaboy Investment Trust ("Dugaboy") "from seeking, propounding, serving, or otherwise pursuing any discovery in connection with its pending" *Motion for Relief from Order and Motion to Vacate* (the "Rule 60(b) Motion").[2]

The Motion to Quash seeks entry of an order relieving certain third parties of their obligation to respond to subpoenas that were initially served to counsel by email. Since the Motion to Quash was filed, the complained-of subpoenas were personally served on individuals, allegedly curing any service defects. Dkt. No. 4550. The production date in the subpoenas, however, post-dates the discovery deadline, *see* Dkt. No. 4546, *and* the hearing on the Rule 60(b) Motion. Further, the parties pursuing the Motion to Quash join the Motion for Protective Order. Dkt Nos. 4549, 4554, 4558.

Based on the arguments of counsel at the April 24 hearing, the Court finds that Dugaboy is entitled to limited discovery in connection with the Rule 60(b) Motion. Further, the Motion to Quash is meritorious. It is, therefore

ORDERED that the Motion for Protective Order is granted in part and denied part; it is further

ORDERED that Dugaboy's receipt of discovery related to the Rule 60(b) Motion is limited to the following:

1. Highland Capital must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to

---

[2] The Rule 60(b) Motion is filed at Dkt No. 4513.

sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of Hunter Mountain Investment Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"), Rand Advisors LLC ("Rand Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund Management, LLC ("Rand Management"), Atlas IDF, LP ("Atlas IDF"), and Atlas IDF GP, LLC ("Atlas GP").

2. Highland Capital must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

3. HMIT must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

4. HMIT must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

5. Beacon Mountain must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

6. Beacon Mountain  must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

7. Rand Advisors must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its

3

possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

8. Rand Advisors must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

9. Rand PE Fund must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

10. Rand PE Fund must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

11. Rand Management must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

12. Rand Management must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

13. ValueScope, LLC must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on

behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP.

14. ValueScope, LLC must produce to Dugaboy all documents and communications from May 19, 2025, through February 8, 2026, within its possession, custody, and control that relate to the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

15. All depositions taken by Dugaboy in connection with the Rule 60(b) Motion are limited in scope to Mark Patrick's authority to sign the *Settlement Agreement & General Release* [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP and the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

The foregoing discovery limitations do not prohibit any party from asserting any responsive objections, including attorney-client and work-product privilege; it is further

ORDERED that, absent agreement between the parties, all discovery herein ordered shall be completed no later than May 1, 2026; *provided*, *however*, that the parties may take depositions after May 1, 2026, so long as all depositions are completed no later than May 8, 2026; it is further

ORDERED that Highland Capital, CLO Holdco, Ltd. Shields Legal Group, P.C., Kelly Hart & Hallman LP, Kelly Hart & Pitre, HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, and ValueScope, LLC are not required to respond to any other discovery propounded by Dugaboy in connection with the Rule 60(b) Motion except as stated herein; it is further

ORDERED that the Motion to Quash is granted; and it is finally

5

ORDERED that this Court retains jurisdiction to interpret and enforce the terms of this Order.

### End of Order ###