**KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**COUNSEL FOR HMIT PARTIES &
VALUESCOPE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Debtor. | **Relates to Dkt. Nos. 4569, 4570** |

## OPPOSITION TO MOTION TO MODIFY RELEVANT TIME PERIOD FOR
## DISCOVERY AND MOTION TO CONTINUE

**NOW INTO COURT**, through undersigned counsel, comes Hunter Mountain Investment

Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"), Rand Advisors, LLC ("Rand

Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund Management, LLC ("Rand

GP" with HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, the "HMIT Entities") and

ValueScope, LLC ("ValueScope," with the HMIT Parties, "Responding Parties") file this

---

[1]     Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

*Opposition* (the "Opposition") to the *Modify Relevant Time Period for Discovery* [Dkt. No. 4570] (the "Motion to Modify") and *Motion to Continue Hearing* [Dkt. No. 4569] (the "Motion to Continue," the "Dugaboy Motions")) filed by Partner Dugaboy Investment Trust ("Dugaboy"). The Dugaboy Motions lay bare that Dugaboy is not, in fact, moving for relief based on newly discovered evidence, but instead, asking the Court to re-litigate from scratch the 9019 Settlement (as defined in the Motion for Relief [Dkt. No. 4513] (the "Rule 60(b) Motion"). This cannot be permitted.

## OBJECTION

**A. The timeframe in the Discovery Order must remain because any evidence Dugaboy could have obtained through discovery prior to the approval of the 9019 Settlement is not relevant.**

1. In its *Order on Motion for Protective Order and Motion to Quash* [Dkt. No. 4566] (the "Discovery Order"), the Court limited to the timeframe for discovery requests to May 19, 2025 through February 8, 2026, i.e. from the date of the 9019 Settlement (and filing of the motion seeking approval) through the filing of the Rule 60(b) Motion.

2. While the Responding Parties disagree that Dugaboy should be entitled to any discovery with relation to the Rule 60(b) Motion, the Court's limitations preventing Dugaboy from propounding discovery that it could have easily obtained with even a cursory effort prior to the 9019 Settlement's approval is well supported by existing law.

3. Dugaboy argues that it should be able to pick the time period for its discovery requests because there would be not greater burden on the Responding Parties. But it is not about burden. Rather, Dugaboy "is plainly not entitled to discovery of documents that it did not request in pre-trial discovery." *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118

(6th Cir. 1976); *Dage v. Johnson,* 537 F. Supp. 2d 43, 55 (D.D.C. 2008) (a motion for reconsideration is not a proper vehicle for requesting additional discovery),

4.     As applied to the Responding Parties, any expansion or alteration of the applicable timeframe is acutely problematic because (i) the issue of Mark Patrick's authority to enter into the 9019 Settlement specifically based on allegations of misconduct in restructuring of the DAF Entities in the Cayman Islands was indisputably well-known to Dugaboy in advance of the hearing on the 9019 Settlement [*see e.g.* Dkt. No. 4231], yet (ii) Dugaboy did not propound *any* document discovery on the Responding Parties.

5.     Because Dugaboy did not even attempt to obtain any documents from the Responding Parties prior to the hearing on the 9019 Settlement, Dugaboy is precluded from demonstrating that it exercised due diligence in obtaining discovery from the Responding Parties. As such, any document or communication that Dugaboy would obtain from the Responding Parties that existed as of May 19, 2025 by black letter law could not be used to support its Rule 60(b) Motion. *Alegria v. Texas*, No. CIV.A. G-06-0212, 2008 WL 686161, at *3 (S.D. Tex. Mar. 7, 2008) (explaining that Rule 60(b)(2) requires a movant to demonstrate, in part, that it exercised due diligence in obtaining the information because the unexcused failure to produce the relevant evidence at the original trial can be sufficient without more to warrant denial of a[R]ule 60(b) motion).

6.     While the Responding Parties strongly refute any allegations of misconduct or lack of authority, any "new evidence" that Dugaboy would obtain from the Responding Parties for the time period prior to May 19, 2025 necessarily cannot be used to support its Rule 60(b) Motion rendering discovery wholly inappropriate.

7. This is not about conveniences or burdens, but rather, about the limitations that Fifth Circuit has placed on setting aside judgments based on "newly discovered evidence." When parties fail to pursue discovery with due diligence, this failure prevents them from prevailing on a motion for new trial on the basis of newly discovery evidence. *Sangi v. Fairbanks Cap. Corp.*, 219 F. App'x 359, 362 at n. 2 (5th Cir. 2007) (explaining a party's failure to pursue discovery with due diligence prevents them from prevailing on a motion for new trial on the basis of newly discovered evidence).

8. The Responding Parties reserve all rights regarding whether the Responding Parties can rely on evidence not in existence as of the date of the 9019 Settlement hearing in support of the Rule 60(b) Motion. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995) (newly discovered evidence must be in existence at the time of trial and not discovered until after trial).

9. Particularly as to the Responding Parties, Dugaboy cannot be permitted to conduct the discovery it had every opportunity to conduct prior to the 9019 Settlement hearing through a Rule 60(b) Motion because it failed to engage in any discovery whatsoever (let alone diligent efforts) prior to the 9019 Settlement hearing. This is not about convenience or burden but the rules that the Fifth Circuit (and all other circuits) apply to preserve the finality of judgments.

**B. There is no cause to continue or extend current deadlines.**

10. The Responding Parties adopt the briefing of Highland Capital Management, L.P. ("HCMLP") with respect to the request for an extension of current deadlines and continuance of the hearing. *See* Dkt. No. 4572 (the "HCLMP Response").

11. Dugaboy created the timing that it now complains of by waiting months to propound discovery and then propounding facially objectionable discovery. Because Dugaboy

refuses to even consider itself subject to the Fifth Circuit binding authority regarding what evidence it can even seek, it does not really understand that it cannot simply command this Court to allow a "do-over" of discovery it should have sought pre-June 25, 2025 hearing, when it made not a single discovery request of any of these Responding Parties in connection with the 9019 Settlement. This cannot be "good cause" for the relief it seeks. *See S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension"). Despite the Responding Parties' view that under applicable Fifth Circuit law no discovery is appropriate—particularly because Dugaboy declined to propound any document discovery on the Responding Parties in connection with the 9019 Settlement hearing—the Responding Parties have responded to Dugaboy's discovery responses, as modified by the Discovery Order, to agree that they will each:

- conduct a reasonable search for, and produce, non-privileged documents and communications that relate directly to Mark Patrick's authority to sign the Settlement Agreement & General Release on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP within their possession, custody, and control that were created and that occurred during the period May 19, 2025 through February 8, 2026; and

- conduct a reasonable search for, and produce, non-privileged documents and communications involve the restructuring of and transactions directly involved in the restructuring of Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC (the "DAF Entities") that are identified in Dugaboy's Motion for Relief from Order and Motion to Vacate [Dkt. No. 4513] within their possession, custody, and control that were created and that occurred during the period May 19, 2025 through February 8, 2026.[2]

---

[2] While not moving to reconsider the Discovery Order to preserve the current schedule, for the avoidance of doubt, the Responding Parties expressly object to the timeframe in the Discovery Order and reserve all rights to object to the admission of any such documents in support of the Rule 60(b) Motion. "The Fifth Circuit is clear that 'evidence not in existence at the time of an earlier judgment is not an available ground for attacking that judgment[]'" as "newly discovered evidence" under Rule 60(b)(2). *Brown v. Ft. Hood Fam. Hous. LP*, 2022 WL 22883290, at *3 (W.D. Tex. Nov. 17, 2022) (quoting *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 873 (5th Cir. 1984)); *see also Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004) ("'[T]he newly discovered evidence must be in existence at the time of trial and not discovered until after trial.'") (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102–03 (5th

12. The Responding Parties will timely produce the documents it has agreed to and has made extensive efforts to coordinate the availability of Mr. Mark Patrick for a deposition withing the current time restrictions.

13. The deadlines in the Discovery Order impose a burden is on the Responding Parties, not Dugaboy, and the Responding Parties oppose any extension or continuance.

**CONCLUSION**

14. For the reasons set forth herein, and the reasons set forth in the HCMLP Response, the Responding Parties respectfully request that the Court deny the Dugaboy Motions in their entirety.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

*Counsel for ValueScope and the HMIT Entities*

---

Cir. 1992)). Similarly, "Rule 60(b)(3) is aimed at misconduct which occurs between the time the plaintiff files a lawsuit and the time the court enters judgment," not conduct that occurred after judgment. *Optimal Health Care Servs., Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992).

## CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this April 29, 2026.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)