United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Joseph R. Schlotzhauer
Trial Attorney,
62138MO

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Highland Capital Management, LP,**[1] | § | **Case No. 19-34054-BWO-11** |
| | § | |
| | § | |
| | § | |
| **Reorganized Debtor.** | § | |
| | § | |

**United States Trustee's Comment**

Lisa L. Lambert, the United States Trustee for Region 6, files this Comment with respect to Dugaboy Investment Trust's ("Dugaboy") Motion (1) for Reconsideration of the Court's Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith, ("Settlement Order"); (2) seeking relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b); and (3) asking the Court to use its inherent power to vacate the Rule 9019 Settlement Order ("Motion"). ECF No. 4513;[2] *see also* ECF No. 4521 (Dugaboy's

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] ECF No. 4513 is actually entitled "Memorandum of Law in Support of Dugaboy Investment Trust's Motion from Relief from Order and Motion to Vacate." There is no separately filed motion.

Supplemental Exhibits); ECF No. 4297 (Settlement Order). Highland Capital Management, L.P., the reorganized debtor, and the Highland Claimant Trust (collectively, "Highland") objected to the Motion ("Objection"). ECF No. 4535.

**I.    Although the United States Trustee Has Limited Authority Over Post-Confirmation Matters in Chapter 11, the Motion and the Objection Appear to Raise Important Issues About the Integrity of the Bankruptcy System.**

1.      Highland Capital, LP ("Debtor") filed for chapter 11 relief on October 16, 2019, ECF No. 1. The Court confirmed its plan of reorganization ("Plan") on February 22, 2021, ECF No. 1943, which went effective on August 11, 2021, ECF No. 1948.

2.      After a chapter 11 plan is confirmed and effective—as happened here—the bankruptcy estate and debtors-in-possession cease to exist. *In re Worldcom, Inc.*, 401 B.R. 637, 652 (Bankr. S.D.N.Y. 2009) ("[A]fter confirmation of a plan under Chapter 11, administration of the estate ends and the estate ceases to exist.") (citation omitted); *In re Jamesway Corp.*, 202 B.R. 697, 701 (Bankr. S.D.N.Y. 1996) ("Upon plan confirmation, the debtor-in-possession and the bankruptcy estate cease to exist, even though the case may not be closed and the bankruptcy court retains jurisdiction over certain matters.").[3]

3.      "[T]he provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner of the debtor."  11 U.S.C. § 1141(a).

4.      Most of the United States Trustee Program's statutory authority relates to

---

[3] Federal Rule of Bankruptcy Procedure 9019 by its terms does not apply to reorganized debtors because it only authorizes trustees, which the Code defines as including debtors in possession, to file a motion to approve a settlement. The Court nevertheless approved the settlement and entered the Settlement Order under Rule 9019 on June 30, 2025, almost four years after the plan went effective, presumably because the plan included broad retention of jurisdiction provisions.

monitoring the estate and debtor-in-possession, 28 U.S.C. § 586, and the United States Trustee's authority in chapter 11 cases over post-effective date conduct and activities is relatively narrow.[4] This temporal limitation makes sense given that, "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b).

5.      Nevertheless, the United States Trustee, as the watchdog of the bankruptcy system, seeks to preserve the integrity and efficiency of the bankruptcy system for all stakeholders. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6.      For this reason, the United States Trustee respectfully files this Comment on the Motion, which together with Highland's Objection appear to raise important questions about the integrity of the bankruptcy process.

**II.     The Motion Represents Dugaboy Has Newly Discovered Evidence That, if True, Might Have Affected the Court's Decision to Enter the Settlement Order.**

7.      Dugaboy asserts that it has obtained and submitted newly discovered evidence that, if true, might have affected the Court's decision to issue the Settlement Order in June 2025.

8.      Dugaboy submitted a July 15, 2025, Writ of Summons and Statement of Claim from the Grand Court of the Cayman Islands Financial Services Division. *See* ECF No. 4521-1 ("Writ"). The Writ reflects a Statement of Claim between Charitable DAF Holdco Ltd. ("DAF") and DFW Charitable Foundation ("DFW"), among other parties. DAF is a charitable

---

[4] The United States Trustee, however, does monitor and object as appropriate after confirmation to matters relating to pre-confirmation activity, including, for example, professionals' final fee applications.

organization that Dondero has alleged, and Highland acknowledges, that Mark Patrick ("Patrick") owns or has an interest in.

9. The Writ—dated after the June 2025 Settlement Order—states that Patrick sought advice about whether DAF would issue shares to a new non-profit organization to dilute the supporting organizations[5] "to weaken any winding-up petition brought by the Supporting Organisations on just and equitable grounds." *See* Writ at ¶ 91. The Writ also states the following about Patrick:

> On 9 December 2024, DFW was incorporated as a non-profit non-stock company in Delaware, by or with the assistance of Mr. Douglas Mancino, partner of U.S. firm, Seyfarth Shaw LLP (Seyfarth), who worked alongside Mr. Patrick in the establishment of the Company and the Fund structure. The sole member of DFW was and is Mr. Patrick.

*Id.*

10. In addition, the Writ appears to show that Patrick paid himself significant and allegedly abnormal amounts of money for running the charitable organization. *See* Writ at ¶¶ 86–88 (listing, among other things, an increase to Patrick's salary; a payment to Patrick of $975,000; a discretionary bonus to Patrick of 2.5 times his base salary; a base salary of $850,000 for Patrick; and a payment of $4.7 million to Patrick).

11. Finally, an Independent Auditor's Report from Cohen & Co., which was allegedly not issued until after the Court's hearing on the 9019 Settlement, shows that Rand Fund's sole asset was Beacon Mountain (the beneficiary of Hunter Mountain—an affiliate of Mark Patrick). *See* ECF No. 4513-51. If these allegations are proven to be true, that might violate relevant governing documents prohibiting Rand Fund from selling Hunter Mountain—the holder of 99.5%

---

[5] The supporting organizations are Highland Kansas City Foundation, Inc., Highland Dallas Foundation, Inc., and Highland Santa Barbara Foundation, Inc. ECF No. 4513-51 at ¶ 19.1-3.

of the Debtor's limited partnership interests and the class 10 interest under the confirmed Plan—to an affiliate of Patrick without investor consent.

12.     Highland contests that these allegations are true or that they are newly discovered. In its Objection, Highland contends, among other things, that Dugaboy failed to disclose the adverse judgment issued by the Grand Court of the Cayman Islands on February 10, 2026, "rejecting virtually all of the claims asserted in the JOL Writ filed on July 15, 2025." ECF 4535 at ¶ 40. Highland further alleges that "Dugaboy possessed an advance draft of the Cayman Decision before filing the Motion but failed to disclose its existence or contents to this Court." *Id.* at ¶ 41.

13.     The United States Trustee does not know whether Dugaboy's allegations are true or the evidence is newly discovered. But if Dugaboy can establish the truth of its allegations and that the evidence qualifies as newly discovered, the Court may not have had the benefit of considering it before entering the Settlement Order in June 2025. If Dugaboy can establish through newly discovered evidence that Patrick engaged in impermissible self-dealing, breach of fiduciary duty, or fraud, that might affect the Court's conclusion in the Settlement Order that the Settlement Agreement was reached "in good faith."

14.     To be clear, the United States Trustee expresses no view on whether Dugaboy's allegations are true or would warrant vacating the Settlement Order if they are newly discovered and proven after proper fact finding.

15.     Unless and until the Court concludes that Dugaboy's evidence is newly discovered, and the allegations are proven true and require vacating the Settlement Order, the Settlement Order should remain in effect. Moreover, the United States Trustee is not suggesting that the entire bankruptcy case must be reexamined. Rather, the United States Trustee's Comment is limited to whether the Settlement Order should be reconsidered based on this alleged new evidence.

**III.     Bankruptcy Rule 8008 Governs this Court's Action on the Motion.**

16.     Dugaboy appealed the Settlement Order on July 14, 2025.[6] *See The Dugaboy Inv. Trust v. Highland Capital Mgmt. L.P.*, No. 35-1876 (N.D. Tex.). Highland argues that this Court lacks jurisdiction to vacate the Settlement Order because of the pending appeal, and instead Bankruptcy Rule 8008 specifies the actions the Court may take. Fed. R. Bankr. P. 8008.

17.     The "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). This rule applies with equal force to appeals from bankruptcy court orders. *See Texas Comptroller of Public Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 579 (5th Cir. 2002). Although a motion under Bankruptcy Rule 9024 may revest the bankruptcy court with jurisdiction if filed within fourteen days of the appealed order, *see id.*; Fed. R. Bankr. P. 8002(b)(1)(D), Dugaboy did not file its motion within that time period.

18.     Under Bankruptcy Rule 8008, the Court can: (1) deny the Motion; (2) defer consideration of the Motion; (3) enter an indicative ruling stating that the Court would grant the Motion if the appellate court remanded for that purpose; or (4) state that the Motion raises a substantial issue. *Id.* If the Court does either of the latter two things, Highland must notify the appellate court, which may remand for further proceedings while retaining jurisdiction over the appeal. *Id.*

19.     The United States Trustee expresses no view on how the Court should proceed

---

[6] The District Court has entered an order "administratively closing" the appeal for "statistical purposes" while it considers a pending motion to dismiss. *See The Dugaboy Inv. Trust*, No. 35-1876, Dkt. 66. In so doing, it expressly stated: "Nothing in this Order shall be considered a dismissal or disposition of this case." *Id*.

under Rule 8008.

Dated: April 29, 2026                                        Respectfully Submitted,

                                                            LISA L. LAMBERT,
                                                            UNITED STATES TRUSTEE

                                                            /s/   Joseph R. Schlotzhauer
                                                            Joseph R. Schlotzhauer
                                                            Trial Attorney
                                                            62138MO
                                                            Office of the U.S. Trustee
                                                            111 South 10th Street, Suite 6.353
                                                            St. Louis, Missouri 63102
                                                            (314) 539-2980
                                                            Joseph.Schlotzhauer@usdoj.gov

## Certificate of Service

I certify that on April 29, 2026, this document was sent via email to those parties entitled to receive service via ECF.

                                                            /s/  Joseph R. Schlotzhauer