**KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**COUNSEL FOR HMIT ENTITIES**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Debtor. | ) |
| | ) |

### EMERGENCY MOTION FOR PROTECTIVE ORDER CONCERNING
### DEPOSITION

**NOW INTO COURT**, through undersigned counsel, comes Hunter Mountain Investment

Trust ("HMIT"), Beacon Mountain LLC ("Beacon Mountain"), Rand Advisors, LLC ("Rand

Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), Rand PE Fund Management, LLC ("Rand

GP" with HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, the "HMIT Entities") which

file this *Emergency Motion for Protective Order relating to that certain Deposition Notice* (the

---

[1]     Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

"Deposition Notice") filed but not served by Dugaboy Investment Trust ("Dugaboy") and for the reasons stated herein request that this Court order the deposition of Mr. Mark Patrick on May 7, 2026 (the "Patrick Deposition") to be: limited as set forth herein and in the order proposed herewith to evidence relevant and properly limited in scope regarding the *Motion for Relief* [Dkt. No. 4513] (the "Rule 60(b) Motion"), as set forth in the *Order on Motion for Protective Order and Motion to Quash* [Dkt. No. 4566] and the *Order Denying Motion to Modify Relevant Time Period for Discovery* [Dkt. No. 4584] (the "Discovery Orders").

## PRELIMINARY STATEMENT

With apologies to the Court, the HMIT Entities have been unable to resolve a dispute concerning the proper scope of a discovery deposition of Mark Patrick, and therefore bring this motion for protective order so this Court can direct the proper scope of the Mr. Patrick's Deposition. As shown, the HMIT Entities are in a peculiar posture, as Dugaboy has not issued or served a deposition subpoena (that undersigned counsel is aware of), and the unserved *Notice of Deposition* filed on April 29, 2026 [Dkt. No. 4577], also unserved, is for a date that has now been superseded by the agreement of the parties. Nevertheless, the HMIT Entities have been forced to bring this matter to the Court's attention, to maintain the scheduling of the currently set hearing on the Motion for Relief – May 11, 2026.

## RELEVANT BACKGROUND

1.     On February 9, 2026, Dugaboy filed its Rule 60(b) Motion seeking relief from the *Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith* [Dkt. No. 4297] (the "9019 Order") which approved that certain settlement between Highland Capital Management, L.P. ("HCMLP") and the HMIT Entities (the settlement, the "9019 Settlement").

2

2.     The Motion for Relief has been briefed, and this Court has issued the Discovery Orders regarding Dugaboy's rights to take discovery related to the Motion For Relief.

3.     In the first Discovery Order, this Court ordered that any document request was limited to two topics: (a) Mark Patrick's authority to sign the 9019 Settlement ("Patrick Authority") and (b) the restructuring of and transitions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC (the "DAF Restructuring"). The Court specifically instructed that the time period for these requests should be May 19, 2025, to February 8, 2026.

4.     As to depositions this Court ordered that:

All depositions taken by Dugaboy in connection with the Rule 60(b) Motion are limited in scope to Mark Patrick's authority to sign the Settlement Agreement & General Release [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP and the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

5.     Dugaboy then filed the *Motion to Modify Relevant Time Period for Discovery* [Dkt. No. 4570] (the "Motion to Modify") asking the Court to adjust the relevant time periods in the Discovery Order to be before the 9019 Settlement.

6.     The Court declined to modify the Discovery Order and the HMIT Entities produced all relevant documents for the time period May 18, 2025, through February 8, 2026, in its possession on May 1, 2026, as required.

7.     Dugaboy has sought to take the deposition of Mark Patrick, but as of filing of this Motion, has not effected service of a deposition subpoena nor filed a corrected notice of deposition. Undersigned counsel has likewise not been provided with a notice of deposition despite multiple requests.

8.      Undersigned counsel has informed Dugaboy that the scope of the deposition should be limited to conform to the limitations in the Discovery Orders, such that the deposition of Mark Patrick should (i) necessarily not include questions that could have been but were not asked at the 2025 Patrick Deposition, conducted prior to the 9019 Settlement Hearing, and (ii) be limited in scope to the issues time frame and allowed by this Court for document discovery.

9.      Dugaboy counsel responded on May 3, 2026, at 7:07 p.m. stating that it disagreed with  the scope of the deposition and argued that HMIT was making Mr. Patrick "substantively unavailable."[2]

10.     On the evening of May 4, Dugaboy counsel seems to have agreed to a deposition conducted remotely, and also suggested that the agreement to a remote deposition resolved all issues.  Undersigned counsel responded that the agreement to a remote deposition did not resolve the issue related to the scope of the deposition.[3]

11.     As the HMIT Entities have disclosed to counsel for Dugaboy and the Court [Dkt. No. 4525, ¶11], the HMIT Entities agreed to:

- conduct a reasonable search for, and produce, non-privileged documents and communications that relate directly to Mark Patrick's authority to sign the Settlement Agreement & General Release on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP within their possession, custody, and control that were  created and that occurred during the period May 19, 2025 through February 8, 2026; and

- conduct a reasonable search for, and produce, non-privileged documents and communications involve the restructuring of and transactions directly involved in the restructuring of Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC (the "DAF Entities") that are identified in Dugaboy's Motion for Relief from Order and Motion to Vacate [Dkt. No. 4513]

---

[2]     Exhibit A – M. Edney Email, 5/3/2026 at 7:07 p.m.

[3]     Exhibit C -Email Exchange, 5/4/2026.

within their possession, custody, and control that were created and that occurred during the period May 19, 2025 through February 8, 2026

12. In keeping with this interpretation, the HMIT Entities have informed Dugaboy that:

[Mr. Patrick's] deposition must be limited in scope to actions within the date range contained in the Court's Order, reaffirmed by the Court's ruling upon Dugaboy's request for relief from that order. In its ruling the Court made clear that Dugaboy is not entitled to discovery it could have obtained but did not, except for the time period between May 19, 2025 and February 8, 2026.[4]

13. In attempt to prevent this dispute from continuing to linger and then being used to justify a further continuance of the hearing, the HMIT Entities move for this protective order despite Mark Patrick not having been served with a deposition subpoena (Undersigned counsel would be willing to accept service to trigger a served subpoena to respond to, but has never seen a subpoena, despite multiple requests).

## RELIEF REQUESTED

14. The HMIT Entities seek protection from the Court clarifying that the scope of Mr. Patrick's deposition shall not be duplicative of the discovery already taken on the same subject matter, *i.e.* be temporally limited in the same manner as document discovery – both as to the issues and time frame of activity regarding the issues, as set forth herein.

## BASIS FOR RELIEF

15. At the time that Dugaboy took Mr. Patrick's deposition in June 2025 (the "June 2025 Patrick Deposition"), Dugaboy indisputably knew of the same allegations that it now raises regarding Patrick Authority and the DAF Restructuring, yet declined to seek any real discovery

---

[4] Exhibit A – L. Phillips 5/3/2026 Email at 9:54 A.M.

into those matters.  Other parties (admittedly funded by Mr. Dondero) objected to the 9019

Settlement on those grounds and explored them through deposition testimony of Mark Patrick and

Shawn Raver.  Yet, Dugaboy declined to ask Mr. Patrick with any level of detail about either issue

at his deposition in this matter.  Dugaboy also confirmed that Mr. Patrick was the control person

of the HMIT Entities and then confirmed the changes to DAF structure—but sought nothing else

regarding Patrick Authority and the DAF Restructuring.[5]

16.     Therefore, Dugaboy is plainly not entitled to discovery that it did not elicit  in pre-

trial discovery.  *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.

1976).

17.     The Court's Discovery Orders are in accordance with case law. As stated above,

the HMIT Entities interpret this Court's Discovery Order to require:

- a reasonable search for, and produce, non-privileged documents and communications that relate directly to Patrick Authority within their possession, custody, and control that were  created and that occurred during the period May 19, 2025 through February 8, 2026; and

- a reasonable search for, and produce, non-privileged documents and communications involve the restructuring of and transactions directly involved in the DAF Restructuring that are identified in Dugaboy's Motion for Relief from Order and Motion to Vacate [Dkt. No. 4513] within their possession, custody, and control that were  created and that occurred during the period May 19, 2025 through February 8, 2026

---

[5]     Exhibit B – June 23, 2025, Deposition Transcript of Mark Patrick (12:9-23 "And what is your role with Hunter Mountain Investment Trust? A. My understanding is I'm the -- an administrator which is a -- the control person for that trust. Q.· Are you the control person for Beacon Mountain LLP? A.· Yes. Q.· Are you the control person for CLO HOLD CO LLC? A.· Yes. Q Are you the control person for RAND Advisers LLC? A. Yes. Q.· Are you the control person for RAND PE FUND Management LLC? A.·   Yes.  Q.· Are you the control person for Atlas IDF GP LLC?  A.· Yes.").

18.    While the HMIT Entities recognize that the reference to depositions does not involve the express temporal limitation, the case law preventing parties to obtaining discovery via document requests that it could have obtained at trial should apply with full weight to depositions. This is not about burden; it is about protecting the finality of judgments and the litigation process.

19.    The HMIT Entities submit that the deposition should be limited to correspond to the above-described limit on document discovery The HMIT Entities submit that the best interpretation of the Discovery Orders should be that document discovery and scope of deposition discovery to be taken by Dugaboy should be subject to the same limitations.    Any other interpretation would allow Dugaboy to get its inappropriate "do-over" or "second bite at the apple" through deposition testimony, where it could not through document discovery - in pursuit of a Rule 60(b) Motion seeking a retrial on the basis of information that was available to Dugaboy prior to the June 2025 9019 Settlement hearing.

20.    Dugaboy served no document requests on the HMIT Entities and conducted a very cursory deposition of Mr. Patrick as to the topics of Patrick Authority and the DAF Restructuring, prior to the 9019 Settlement hearing despite indisputably knowing of the allegations upon which it now rests its Rule 60(b) Motion.  This Court's ruling clearly contemplated this and limited document discovery to correspond to this reality.

21.    As such, the HMIT Entities move this Court for an order limiting the deposition of Mr. Patrick to the same temporal limitations as the discovery requests, to ensure that Dugaboy is not using a motion to reconsider to obtain evidence that it could have obtained with diligence during the 9019 Settlement litigation, and request a protective order limiting the scope of the Mark Patrick deposition as follows:

transactions or events for the time period between May 19, 2025, and February 8, 2026: (a) relating to Mark Patrick's authority to sign the Settlement Agreement &

7

General Release [Dkt. No. 4217-1] on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP and (b) the involving the restructuring of and transactions involving the restructuring of Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDH GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC.

### CONCLUSION

22. For the reasons set forth herein, the HMIT Entities move this Court for a protective order that the scope of the deposition of Mark Patrick be limited in scope as set forth herein.

Respectfully Submitted:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

*Counsel for the HMIT entities*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a copy of the forgoing was served on all parties receiving notice in this chapter 11 case through this Court's CM/ECF System on this May 5, 2026.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)

**CERTIFICATE OF CONFERENCE**

I, undersigned counsel, hereby certify that I have conferred in good faith via email with counsel for Dugaboy regarding these issues and have been unable to reach a resolution. These emails are submitted *in globo* as Exhibit C hereto to confirm.

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)