**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**THE DUGABOY INVESTMENT TRUST'S RESPONSE IN OPPOSITION TO THE
MOVING PARTIES' EMERGENCY MOTION FOR PROTECTIVE ORDER
CONCERNING DEPOSITION**

NOW INTO COURT, through undersigned counsel, comes the Dugaboy Investment Trust ("Dugaboy"), which opposes the Emergency Motion for Protective Order [Dkt. 4592] (the "Motion") filed by Hunter Mountain Investment Trust ("HMIT"), Beacon Mountain, LLC ("Beacon Mountain"), Rand Advisors, LLC ("Rand Advisors"), Rand PE Fund I, LP ("Rand PE Fund"), and Rand PE Fund Management, LLC ("Rand G," and with HMIT, Beacon Mountain, Rand Advisors, and Rand PE Fund, the "HMIT Entities"). In support thereof, Dugaboy states as follows:

1. On April 27, 2026, the Court entered its Order on Motion for Protective Order and Motion to Quash (Dkt. 4566) (the "Discovery Order"). Paragraph 15 provides that "[a]ll depositions taken by Dugaboy in connection with the Rule 60(b) Motion are limited in scope to Mark Patrick's authority to sign the Settlement Agreement & General Release (Dkt. 4217–1) on behalf of HMIT, Beacon Mountain, Rand Advisors, Rand PE Fund, Rand Management, Atlas IDF, and Atlas GP and the restructuring of and transactions related to Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Charitable DAF GP, LLC, CDF GP, Ltd., CDMCFAD, LLC, DFW Charitable Foundation, CLO Holdco, LLC."

2. The Discovery Order limits depositions to two substantive topics without temporal limitation. It does not constrain deposition questions, as the HMIT Entities now contend, to events occurring within the May 19, 2025 through February 8, 2026 date range that applies to document production. The date range in Paragraphs 1 through 14 of the Discovery Order governs the production of "documents and communications." Paragraph 15 regarding depositions contains no temporal limitation. The HMIT Entities themselves concede this point. Motion ¶ 18.

3. There are grounds for the distinction that the Court made. Those moving for the protective order complained about the burden of searching for documents far into the past. The Court's

1

limitation on the document production addressed those burden arguments.  And those burden arguments do not apply to a witness answering oral questions under oath.  In addition, the "documents and communications from May 19, 2025, through February 8, 2026," while created during that period, are about events occurring prior to that date range, as the principal substantive topic of the discovery—the restructuring—by and large occurred previously.  Order ¶¶ 1-14.  The Court correctly did not place a restraint on the timing of events about which Dugaboy could ask questions.  *Compare* Order ¶¶ 1-14 (placing limitations on document production) with *id*. ¶ 15 (limiting deposition questions to two substantive topics, but declining to place a time scope limit on those questions); *see, e.g., Adkins v. Vilsack*, 252 F. Supp. 3d 588, 600 (N.D. Tex. 2017) ("When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

4.   The HMIT Entities' reliance on *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976), does not save their argument. The Court was fully aware of Mr. Patrick's prior June 2025 deposition when it entered the Discovery Order granting Dugaboy the right to take depositions on these two topics. The Court's decision to permit further testimony is itself the answer to the "second bite theory" and it was an argument the HMIT Entities could have raised, but did not, before the Discovery Order was entered.

5.   The restructuring of and transactions related to the entities identified in the Discovery Order occurred almost exclusively before May 19, 2025. Imposing the document-production date range as a limitation on discovery testimony would effectively prohibit Dugaboy from asking Mr. Patrick any meaningful questions about the very topics the Court authorized for deposition. The HMIT Entities' interpretation would render Mr. Patrick's deposition a nullity.

2

6.   The HMIT Entities have created an unnecessary emergency with this filing. The Discovery Order was entered on April 27, 2026, giving the HMIT Entities more than a week to seek modification of the Order.  Dugaboy, for its part, within 24 hours sought and argued for a change to the order with respect to document production, a request that this Court denied. Dkt. 4570. The HMIT Entities responded in briefing and at the hearing on Dugaboy's request and could have used that opportunity to raise any changes they wanted to the Order but instead asked the Court not to change its Order in any way.  Dkt. 4572. They instead waited until two days before the agreed deposition to bring their request to the Court and seek emergency relief.[1]

7.   By contrast, Dugaboy has taken the Court's admonition at its last hearing seriously and endeavored to avoid any disputes reaching this Court.  Dugaboy worked with counsel for the Debtor to reduce the total number of depositions from five to two.  Dugaboy reached agreement with counsel for the Debtor on witnesses for the hearing.  And Dugaboy set aside its strongly held desire and entitlement to depose Mr. Patrick in person, given the HMIT Entities' insistence that he be deposed remotely and their stated intention to seek this Court's intervention if the deposition were not held remotely.  The HMIT Entities' view that the deposition questions should be limited to events occurring within a certain date range came at the latest possible moment, where all other issues were nearly worked out.

8.   Dugaboy respectfully requests that the Court deny the Motion and permit the deposition of Mark Patrick to proceed as scheduled on May 7, 2026, without changes to this Court's order governing the discovery process.

---

[1] To the extent the HMIT Entities' Motion complained of the absence of a deposition subpoena (Motion ¶¶ 17, 13), that issue is now moot. On the morning of May 5, 2026, Dugaboy served an updated deposition subpoena and notice for Mr. Patrick's deposition.

Dated:  May 5, 2026

Respectfully submitted,

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
Sydney A. Rose
Texas Bar No. 24150011
srose@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

*Counsel for The Dugaboy Investment Trust*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

/s/ Geoffrey S. Harper
Geoffrey S. Harper