**EXHIBIT 1**

## TRUST AGREEMENT

This Trust Agreement is dated as of December 17, 2015 (this "Trust Agreement"), between Beacon Mountain, LLC, a Delaware limited liability company, as sponsor (in such capacity, the "Sponsor"), John Honis as administrator (in such capacity, the "Administrator"), and Wilmington Trust, National Association, a national banking association, as Delaware trustee (the Delaware Trustee").

1.      Definitions.  Certain capitalized terms used in this Trust Agreement shall have the respective meaning assigned to them in this Section 1. All references herein to "the Agreement" or "this Agreement" are to this Trust Agreement as it may be amended and supplemented from time to time, and all references herein to Articles, Sections and subsections are to Articles, Sections and subsections of this Trust Agreement unless otherwise specified.

"Account" means the trust account or other account established by the Administrator in the name of the Trust for the benefit of the Sponsor at any financial institution selected from time to time by the Administrator in his sole and absolute discretion.

"Delaware Act" means the Delaware Statutory Trust Act, Chapter 38 of Title 12 of the Delaware Code, 12 Del. C. § 3801 et seq.

"Honis Cause" means conduct by Honis, in any capacity, amounting to (i) Honis's conviction or plea of nolo contendere for any criminal offense; (ii) dishonesty, fraud, willful misconduct, unlawful discrimination, bad faith or theft on the part of Honis that is injurious to any of the Applicable Entities; (iii) Honis's using for his own benefit any confidential or proprietary information of any of the Applicable Entities, or willfully or negligently divulging any such information to third parties without the prior written consent of the Partnership, in each case, other than as provided herein; (iv) a breach or violation of the terms of this Agreement or other agreement to which Honis or any of his Affiliates and any of the Applicable Entities are party in any manner that adversely affects any of the Applicable Entities; or (v) a breach of fiduciary duties.  Any determination of whether conduct constitutes Honis Cause pursuant to this Agreement shall be made in the reasonable discretion of the Partnership, shall be made in good faith and shall be binding upon all parties affected thereby.

"Honis Trigger Event" means, with respect to Honis or any of his Affiliates, (i) the Bankruptcy of Honis; (ii) the death of Honis; (iii) the Disability of Honis; (iv) any conduct by Honis amounting to Honis Cause; (v) the termination of Honis's employment with, or the failure of Honis to be actively engaged in the management of, Rand Advisors; (vi) a change in the ownership of Rand Advisors, such that Honis fails to retain, directly or indirectly, majority voting control of Rand Advisors; (vii) a sale of all or substantially all of the assets of Rand Advisors; or (viii) the termination of this Agreement pursuant to Section 16.  Honis agrees to give the Partnership ten (10) days' written notice of his Bankruptcy. "Limited Partnership" means Highland Capital Management, L.P., a Delaware limited partnership.

"Limited Partnership Agreement" means the Agreement of Limited Partnership of Highland Capital Management, L.P., as amended from time to time.

HCMLPHMIT00004103

"Limited Partner Interests" means limited partner interests in the Limited Partnership.

"Person" means any individual or any corporation, association, partnership, limited liability company, joint venture, business trust, trust, organization, governmental entity or other entity of any kind.

"Trust" means the Delaware statutory trust established and governed by this Trust Agreement.

"Trust Property" means all Limited Partnership Interests and all amounts in the Account, unless and until any of such Limited Partnership Interests are disposed of in accordance with this Trust Agreement.

2.      Scope. This Trust Agreement governs the Trust and the disposition of all Trust Property, including amounts in the Account or otherwise held by the Trust now existing or hereafter arising. Each of the Sponsor, the Administrator and the Delaware Trustee hereby acknowledges that the Trust Property shall be held in trust for Beacon Mountain LLC under Delaware law solely for the use and purposes set forth herein.

3.      Name; Certificate of Trust.   The Trust shall be known as "HUNTER MOUNTAIN INVESTMENT TRUST", in which name the Administrator may conduct the business of the Trust, make and execute contracts and other instruments on behalf of the Trust and sue and be sued on behalf of the Trust, to the extent herein provided. The Delaware Trustee is authorized and directed to file a Certificate of Trust of the Trust with the Office of the Secretary of State of the State of Delaware in accordance with the applicable provisions of the Delaware Act. It is the intention of the parties hereto that the Trust created hereby constitute a statutory trust under the Delaware Act and that this Trust Agreement constitute the governing instrument of the Trust.

4.      Account Establishment.   The Administrator shall establish and control the Account. The Account shall include Trust Property and may include other assets in the sole discretion of the Administrator.

5.      Beneficial Owner; Liability of Beneficial Owner.   The beneficial owner of the trust shall be Beacon Mountain LLC. Beacon Mountain LLC, as beneficial owner of the Trust, shall be entitled to the same limitation of liability extended to stockholders of private corporations for profit organized under the General Corporation Laws of the State of Delaware.

6.      Title to Trust Property.   Legal title to all Trust Property, including the Account, shall be vested at all times in the Trust as a separate legal entity, except where applicable law in any jurisdiction requires title to any part of the Trust Property or the Account, to be vested in a trustee or trustees, in which case title shall may be vested in a trustee, a co-trustee and/or a separate trustee, as the case may be, as selected by the Administrator. Title to Trust Property shall not be vested in the name of the Delaware Trustee without the Delaware Trustee's prior written consent.

2

HCMLPHMIT00004104

7. **Purpose and Powers of the Trust; Administrator's Powers.** The Trust shall have the power and authority (i) to accept funds and other assets, (ii) to contribute or otherwise transfer funds and other assets to the Account, (iii) to acquire Limited Partnership Interests from (a) the limited partners of the Limited Partnership and (b) the Limited Partnership, in each case, with funds in the Account or other sources of funds, including through the incurrence of debt, and to hold such Limited Partnership Interests in the Account or otherwise and (iv) to dispose of or otherwise allocate such Limited Partnership Interests pursuant to and accordance with the terms and conditions of the Limited Partnership Agreement. The Administrator shall pursuant to Section 3806(b)(7) of the Delaware Act have the power and authority, and shall be duly authorized, from time to time, in his sole discretion to manage the business and affairs of the Trust, and to take the actions described in (i) through (iv) on behalf of the Trust. The Administrator shall have all additional powers and authority necessary or desirable, in the sole discretion of the Sponsor, for prompt and effective administration of the Trust created hereunder, unless the particular power or authority is specifically denied by this Trust Agreement. The Administrator shall also have the power to settle, compromise, submit to arbitration, or submit to any court having jurisdiction in the matter any matters in dispute.

8. **Fiduciary Duties of Administrator.** (a) The Administrator is authorized to acquire and retain the Limited Partnership Interests in accordance with the terms of this Trust Agreement without regard to any law limiting the nature of investments of fiduciaries.

(b) The Administrator agrees to perform his duties under this Trust Agreement in good faith and in the best interests of the Trust, but only upon the express terms of this Trust Agreement. To the fullest extent permitted by law, the Administrator shall have all implied duties (including fiduciary duties) or liabilities existing at law or in equity with respect to the Trust. For the avoidance of doubt, to the fullest extent permitted by law, no Person other than the Administrator (including any such Person that may control or be under common control with the Administrator) shall have any duties (including fiduciary duties) or liabilities at law or in equity to the Trust, any beneficial owner or any other Person.

(c) To the extent that, at law or in equity, the Administrator has duties (including fiduciary duties) and liabilities relating thereto to the Trust or to any other Person, the Administrator shall not be liable to the Trust or to any other Person for his good faith reliance on the provisions of this Trust Agreement.

(d) Unless otherwise expressly provided herein:

(i) whenever a conflict of interest exists or arises between the Administrator or any of its affiliates, on the one hand, and the Trust or the beneficial owner, on the other hand; or

(ii) whenever this Trust Agreement or any other agreement contemplated herein or therein provides that the Administrator shall act in a manner that is, or provides terms that are, fair and reasonable to the Trust or the beneficial owner,

the Administrator shall resolve such conflict of interest, take such action or provide such terms, considering in each case solely the interests of the Trust and the beneficial owner.

3

HCMLPHMIT00004105

(e)     Notwithstanding any other provision of this Trust Agreement or otherwise applicable law, whenever in this Trust Agreement the Administrator is permitted or required to make a decision:

(i)     in his "discretion" or under a grant of similar authority, the Administrator shall be entitled to consider such interests and factors as it desires, including its own interest, and, to the fullest extent permitted by applicable law, shall have no duty or obligation to give any consideration to any interest of or factors affecting the Trust or any other Person; or

(ii)     in his "good faith" or under another express standard, the Administrator shall act under such express standard and shall not be subject to any other or different standard. The term "good faith" as used in this Trust Agreement shall mean subjective good faith as such term is understood and interpreted under Delaware law.

(f)     The Administrator and any of his affiliates may engage in or possess an interest in other profit-seeking or business ventures of any nature or description, independently or with others, whether or not such ventures are competitive with the Trust and the doctrine of corporate opportunity, or any analogous doctrine, shall not apply to the Administrator. The Administrator insofar as he acquires knowledge of a potential transaction, agreement, arrangement or other matter that may be an opportunity for the Trust shall not have any duty to communicate or offer such opportunity to the Trust, and the Administrator shall not be liable to the Trust or to the beneficial owners for breach of any fiduciary or other duty by reason of the fact that the Administrator pursues or acquires for, or directs such opportunity to another Person or does not communicate such opportunity or information to the Trust. Neither the Trust nor any beneficial owner shall have any rights or obligations by virtue of this Trust Agreement or the trust relationship created hereby in or to such independent ventures or the income or profits or losses derived therefrom, and the pursuit of such ventures, even if competitive with the activities of the Trust, shall not be deemed wrongful or improper. The Administrator may engage or be interested in any financial or other transaction with the Trust or any affiliate of the Trust, or may act as depositary for, trustee or agent for, or act on any committee or body of holders of, securities or other obligations of the Trust or its affiliates.

9.     Recordkeeping and Accounting. The Administrator shall maintain appropriate records in which he shall record the Trust Property and the acquisition and disposition of Limited Partnership Interests.

10.     Tax Treatment. The Sponsor and the Administrator acknowledge and agree that for United States Federal Income Tax purposes (i) the Trust shall be disregarded as an entity for federal income tax purposes. The Administrator shall comply with the information reporting requirements applicable to the Trust under the Internal Revenue Code and prepare and furnish to Beacon Mountain LLC any appropriate Internal Revenue Service forms required to be provided to Beacon Mountain LLC as beneficial owner of the Trust.

4

HCMLPHMIT00004106

11.  No Other Interests

(a)  The Sponsor acknowledges that it has no rights or claims to specific Trust Property, including funds in the Account, and otherwise has no interest in the Trust Property or the Account other than a beneficial interest in the Trust Property and the Account.

(b)  The Administrator acknowledges that he has no right, title, or interest in the Trust, the Trust Property, or the Account in his personal capacity and has no beneficial interest in the Trust.

12.  Compensation; Administrator Liability.  The Administrator shall not receive any compensation for his role as Administrator.  Nothing herein shall be construed to limit the Administrator's ability to receive compensation pursuant to other agreements for services he may provide other than his role as Administrator.  The Administrator shall be indemnified, defended and held harmless by the Trust for any liability incurred by him while acting hereunder, and shall not be liable to the Trust or the Sponsor, except for a breach of his fiduciary duties hereunder, his own bad faith, willful misconduct or gross negligence in the performance of his express duties under this Trust Agreement.

13.  Amendment.  The Administrator, solely with the consent of the beneficial owner, shall have the right at any time or times to amend or supplement the provisions of this Trust Agreement, in each case by a writing or writings signed by the Administrator; provided that no such amendment shall be permitted if it would subject any amount held hereunder to any right, charge, security interest, lien or claim by, of or for the benefit of any creditor or creditors of the Sponsor or its subsidiaries and affiliates in its corporate or personal capacity.  If any such amendment or supplement affects the rights, immunities or obligations of the Delaware Trustee, the Administrator shall be required to obtain the prior written consent of the Delaware Trustee.

14.  Duration.  The Trust shall be perpetual unless otherwise dissolved and terminated pursuant to paragraph 15 below.

15.  Termination.  The Administrator shall have the power solely upon the prior written consent of the beneficial owner to dissolve the Trust and to distribute all Trust Property held in the Account to, or for the benefit of, such persons (including the Sponsor) as the Administrator shall determine in his sole discretion and after satisfying the claims and obligations of the Trust in accordance with the Delaware Act.  Following any such dissolution, the Administrator shall proceed to wind up the affairs of the Trust in an orderly manner and within a reasonable period of time considering relevant circumstances and shall have the powers necessary to wind up the Trust's affairs, including but not limited to the power to fulfill or discharge the contracts of the Trust, collect its assets, sell, convey, exchange or otherwise dispose of all or any part of the remaining property of the Trust to one or more Persons at public or private sale (for consideration which may consist in whole or part of cash, securities or other property of any kind), discharge or pay its liabilities, defend or prosecute suits or administrative proceedings and do all other acts appropriate to the winding up and liquidation of the property and affairs of the Trust.  After paying or making reasonable provision for the payment of all claims and obligations of the Trust as required by the Delaware Act, and upon receipt of such releases, indemnities or like documentation as the Administrator may reasonably deem necessary

5

HCMLPHMIT00004107

for the protection of the Administrator, the Administrator shall distribute the remaining property of the Trust as contemplated by this Trust Agreement. Upon the completion of winding up, the Trust shall terminate and the Administrator shall provide written notice directing the Delaware Trustee to file an appropriate form of Certificate of Cancellation to be filed in the Office of the Secretary of State of the State of Delaware by the Delaware Trustee.

16. Removal of Administrator. Upon any Honis Trigger Event, the Administrator shall immediately be removed without any action by the Delaware Trustee or any other party.

17. Successor Administrator. The Administrator may resign as Administrator hereunder, without leave of court, at any time; and, in such event, the Administrator shall appoint a successor Administrator unless, prior to the effective date of his resignation, the Administrator dissolves the Trust in accordance with paragraph 15 above. Any appointment of a successor Administrator shall be in writing signed by the appointing Administrator, or by a duly authorized officer or officers of the appointing Administrator, if an entity. Whenever this Trust Agreement refers to the Administrator, such reference shall include any successor Administrator appointed under this paragraph. All powers hereby granted to the Administrator shall be exercisable by any successor Administrator, and each successor Administrator shall be deemed to have assumed the duties hereby undertaken by the Administrator.

Upon the termination of the Administrator in accordance with paragraph 16 above, Beacon Mountain, LLC shall appoint a successor Administrator within a reasonable period of time.

The Administrator shall not be required to furnish any bond or surety. No one dealing with the Administrator need inquire concerning the validity of anything the Administrator purports to do or see to the application of any money paid upon the Administrator's order.

18. Delaware Trustee.

(a) For purposes of satisfying Sections 3807 of the Delaware Act, during the existence of the Trust, there shall at all times be a "Delaware Trustee" hereunder who shall, in the case of a natural person, be a person who is a resident of the State of Delaware, or, in all other cases, is a trustee with its principal place of business in the State of Delaware. The Delaware Trustee shall not have any duties (including fiduciary duties) or liabilities except to the extent and for the limited purposes described in this paragraph. Accordingly, no reference in this Trust Agreement to the "Administrator" shall include, or be deemed to refer to, the Delaware Trustee. The sole power and duty of the Delaware Trustee shall be to accept service of process in accordance with Section 3804 of the Delaware Act and to execute and deliver for filing all documents required to be filed with the State of Delaware as required by the Delaware Act.

(b) The Sponsor and the Administrator hereby appoint Wilmington Trust, National Association as the initial Delaware Trustee. The initial Delaware Trustee and any successor Delaware Trustee may resign and may be removed by the Sponsor then serving for any reason, with or without cause. If the Delaware Trustee resigns or is removed, or if there is no Delaware Trustee serving at any time for any other reason, the Administrator shall appoint a successor Delaware Trustee who qualifies under the terms of this paragraph 18. Upon each

6

HCMLPHMIT00004108

appointment of a successor Delaware Trustee, the Administrator shall cause an amendment to the Certificate of Trust of the Trust that reflects such change to be filed with the Secretary of State of the State of Delaware in accordance with the Delaware Act.

(c)     By its execution hereof, the Delaware Trustee accepts its appointment hereunder.  Except as otherwise expressly required by clause (a) above, the Delaware Trustee shall not have any duty or liability with respect to the administration of the Trust, the investment of the Trust Property or the payment of any distributions of income or principal to the beneficial owners.

(d)     The Delaware Trustee shall not be liable for the acts or omissions of the Administrator, nor shall the Delaware Trustee be liable for supervising or monitoring the performance of or performing the duties and obligations of the Administrator, the Sponsor or the Trust under this Trust Agreement or any other document.  The Delaware Trustee shall not be personally liable under any circumstances, except for its own willful misconduct, bad faith or gross negligence in the performance of its express duties under this Trust Agreement.  In particular, but not by way of limitation:

(i)     the Delaware Trustee shall not be personally liable for any error of judgment made in good faith, except to the extent such error of judgment constitutes gross negligence on its part;

(ii)     no provision of this Trust Agreement shall require the Delaware Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder, if the Delaware Trustee shall have reasonable grounds for believing that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iii)     under no circumstances shall the Delaware Trustee be personally liable for any representation, warranty, covenant, agreement, or indebtedness of the Trust;

(iv)     the Delaware Trustee shall not be personally responsible for or in respect of the validity or sufficiency of this Trust Agreement or for the due execution hereof by the Sponsor or the Administrator;

(v)     the Delaware Trustee shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper reasonably believed by it to be genuine and reasonably believed by it to be signed by the proper party or parties.  The Delaware Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect.  As to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, the Delaware Trustee may for all purposes hereof rely on a certificate, signed by the Administrator, as to such fact or matter; and such certificate shall constitute full protection to the Delaware Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon;

HCMLPHMIT00004109

(vi) in the exercise or administration of the Trust hereunder, the Delaware Trustee (a) may act directly or through agents or attorneys pursuant to agreements entered into with any of them, and the Delaware Trustee shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Delaware Trustee in good faith and with due care and (b) may consult with counsel, accountants and other skilled persons to be selected by it in good faith and with due care and employed by it, and it shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons; and

(vii) except as expressly provided in this Section, in accepting and performing the Trust hereby created the Delaware Trustee acts solely as Delaware Trustee hereunder and not in its individual capacity, and all Persons having any claim against the Delaware Trustee by reason of the transactions contemplated by this Trust Agreement or the Trust Agreement shall look only to the Trust's property for payment or satisfaction thereof.

(e) The Delaware Trustee (or any successor Delaware Trustee) shall be entitled to receive compensation from the Sponsor or from the Trust for its services in accordance with such fee agreements and schedules as shall have been separately agreed to from time to time by the Delaware Trustee and the Sponsor. The Delaware Trustee may consult with counsel (who may be counsel for the Sponsor or for the Delaware Trustee). The reasonable legal fees incurred in connection with such consultation shall be reimbursed to the Delaware Trustee pursuant to this Section, provided that no such fees shall be payable to the extent that they are incurred as a result of the Delaware Trustee's gross negligence, bad faith or willful misconduct.

(f) The Delaware Trustee shall serve for the duration of the Trust and until the earlier of (i) the effective date of the Delaware Trustee's resignation, or (ii) the effective date of the removal of the Delaware Trustee. The Delaware Trustee may resign at any time by giving thirty (30) days written notice to the Administrator; provided, however, said resignation shall not be effective until such time as a successor Delaware Trustee has accepted such appointment. The Delaware Trustee may be removed at any time by the Administrator by providing thirty (30) days written notice to the Delaware Trustee; provided, however, such removal shall not be effective until such time as a successor Delaware Trustee has accepted such appointment. Upon the resignation or removal of the Delaware Trustee, the Administrator shall appoint a successor Delaware Trustee. If no successor Delaware Trustee shall have been appointed and shall have accepted such appointment within forty five (45) days after the giving of such notice of resignation or removal, the Delaware Trustee may, at the expense of the Sponsor, petition any court of competent jurisdiction for the appointment of a successor Delaware Trustee. Any successor Delaware Trustee appointed pursuant to this Section shall be eligible to act in such capacity in accordance with this Trust Agreement and, following compliance with this Section, shall become fully vested with the rights, powers, duties and obligations of its predecessor under this Trust Agreement, with like effect as if originally named as Delaware Trustee.

(g) The Delaware Trustee or any officer, affiliate, director, employee, or agent of the Delaware Trustee (each an "Indemnified Person") shall be entitled to indemnification from the Sponsor, to the fullest extent permitted by law, from and against any and all losses, claims, actions, suits, taxes, damages, reasonable expenses, and liabilities (including liabilities under state or federal securities laws) of any kind and nature whatsoever (collectively, "Expenses"), to

8

HCMLPHMIT00004110

Case 19-34054-sgj11   Doc 4608-1   Filed 05/08/26   Entered 05/08/26 23:42:09   Desc
Exhibit 1   Page 10 of 13

the extent that such Expenses arise out of or are imposed upon or asserted against such Indemnified Persons with respect to the creation, operation or termination of the Trust, the execution, delivery or performance of this Trust Agreement or the transactions contemplated hereby; provided, however, that the Sponsor shall not be required to indemnify any Indemnified Person for any Expenses which are a result of the willful misconduct, bad faith or gross negligence of such Indemnified Person. The obligations of the Sponsor to indemnify the Indemnified Persons as provided herein shall survive the termination of this Trust Agreement and the resignation or removal of the Delaware Trustee.

(h) The Delaware Trustee shall not be obligated to give any bond or other security for the performance of any of its duties hereunder.

19. Waiver of Jury Trial. THE PARTIES HERETO HEREBY WAIVE TO THE FULLEST EXTENT PERMITTED BY LAW ANY RIGHT TO A TRIAL BY JURY IN ANY LITIGATION RELATING TO ANY CLAIM ARISING HEREUNDER OR RELATED HERETO.

20. Governing Law. The validity and construction of this Trust Agreement and all amendments hereto shall be governed by the laws of the State of Delaware, and the rights of all parties hereto and the effect of every provision hereof shall be subject to and construed according to the laws of the State of Delaware without regard to the conflicts of law provisions thereof; provided, however, that the parties hereto intend that the provisions hereof shall control over any contrary or limiting statutory or common law of the State of Delaware (other than the Delaware Act) and that, to the maximum extent permitted by applicable law, there shall not be applicable to the Trust, the Sponsor, or the Delaware Trustee any provision of the laws (statutory or common) of the State of Delaware (other than the Delaware Act) pertaining to trusts which relate to or regulate in a manner inconsistent with the terms hereof: (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges, (b) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust, (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (d) fees or other sums payable to trustees, officers, agents or employees of a trust, (e) the allocation of receipts and expenditures to income or principal, (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets, (g) the existence of rights or interests (beneficial or otherwise) in trust assets, (h) the ability of beneficial owners or other persons to terminate or dissolve a trust, or (i) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees or beneficial owners that are inconsistent with the limitations on liability or authorities and powers of the Sponsor or the Delaware Trustee set forth or referenced in this Trust Agreement. Sections 3540, 3542 and 3561 of Title 12 of the Delaware Code shall not apply to the Trust.

21. Exclusive Jurisdiction. Each of the parties hereto, to the fullest extent permitted by law, (i) irrevocably agrees that any claims, suits, actions or proceedings arising out of or relating in any way to this Agreement (including any claims, suits or actions to interpret, apply or enforce (A) the provisions of this Agreement or (B) the duties, obligations or liabilities of the Sponsor, the Administrator and the Delaware Trustee, or (C) the rights or powers of, or

9

HCMLPHMIT00004111

restrictions on, the Trust, Sponsor, the Delaware Trustee or the Administrator, or (D) any provision of the Delaware Act, or (E) any other instrument, document, agreement or certificate contemplated by any provision of the Delaware Act relating to the Trust (regardless of whether such claims, suits, actions or proceedings (x) sound in contract, tort, fraud or otherwise, (y) are based on common law, statutory, equitable, legal or other grounds, or (z) are derivative or direct claims)), shall be exclusively brought in the Court of Chancery of the State of Delaware or, if such court does not have subject matter jurisdiction thereof, any other court in the State of Delaware with subject matter jurisdiction, (ii) irrevocably submits to the exclusive jurisdiction of such courts in connection with any such claim, suit, action or proceeding, (iii) irrevocably agrees not to, and waives any right to, assert in any such claim, suit, action or proceeding that (A) it is not personally subject to the jurisdiction of such courts or any other court to which proceedings in such courts may be appealed, (B) such claim, suit, action or proceeding is brought in an inconvenient forum, or (C) the venue of such claim, suit, action or proceeding is improper, (iv) expressly waives any requirement for the posting of a bond by a party bringing such claim, suit, action or proceeding, and (v) consents to process being served in any such claim, suit, action or proceeding by mailing, certified mail, return receipt requested, a copy thereof to such party at the address set forth in the books and records of the Trust, and agrees that such service shall constitute good and sufficient service of process and notice thereof; provided, nothing in clause (v) hereof shall affect or limit any right to serve process in any other manner permitted by law.

22.    Application to Successors. This Trust Agreement shall extend to and be binding upon the successors, executors, administrators and assigns of each of the Sponsor, the Delaware Trustee and the Administrator.

23.    Transfer of Beneficial Ownership. Beacon Mountain LLC shall be the sole beneficial owner of the Trust to the extent provided herein and the interests of Beacon Mountain LLC hereunder shall not be represented by a certificate. To the fullest extent permitted by law, the beneficial interest of Beacon Mountain LLC in the Trust may not be offered, sold, transferred, pledged, hypothecated or otherwise disposed of.

[SIGNATURE PAGE FOLLOWS]

10

HCMLPHMIT00004112

IN WITNESS WHEREOF, the parties hereto have caused this Trust Agreement to be duly executed by their respective officers hereunto duly authorized, as of the day and year first above written.

BEACON MOUNTAIN, LLC, as Sponsor

By:_____

    Name:    John Honis
    Title:    President

JOHN HONIS, as Administrator

_____

    1-11-16

WILMINGTON TRUST, NATIONAL
ASSOCIATION, as Delaware Trustee

By:_____

    Name:
    Title:

11

IN WITNESS WHEREOF, the parties hereto have caused this Trust Agreement to be duly executed by their respective officers hereunto duly authorized, as of the day and year first above written.

BEACON MOUNTAIN, LLC, as Sponsor

By:_____
    Name:    John Honis
    Title:    President

JOHN HONIS, as Administrator

_____

WILMINGTON TRUST, NATIONAL ASSOCIATION, as Delaware Trustee

By:_____
    Name:
    Title:    Jennifer A. Luce
                Vice President

11

HCMLPHMIT00004114