**EXHIBIT 7**

**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**ATLAS IDF GP, LLC**

This Limited Liability Company Agreement (this "**Agreement**") of Atlas IDF GP, LLC (the "**Company**") is entered into as of October 29, 2015 by and between the Company and John Honis (the "**Managing Member**", and collectively with any individuals and/or entities who subsequently become members of the Company in the future in accordance with the terms hereof, "**Members**"), pursuant to and in accordance with the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.), as amended from time to time (the "**Act**").

 **Section 1** **Name**. The name of the limited liability company governed hereby is Atlas IDF GP, LLC.

 **Section 2** **Certificates**. The Managing Member, as an authorized person within the meaning of the Act, has executed, delivered and filed the certificate of formation of the Company (the "**Certificate of Formation**") with the Secretary of State of the State of Delaware on October 29, 2015. Upon the execution of this Agreement, the Managing Member shall thereafter be designated as an authorized person within the meaning of the Act. Hereafter, the Managing Member shall have the power to execute, deliver and file any other certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

 **Section 3** **Purpose**. The Company was formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in all lawful activities for which limited liability companies may be formed under the Act, including, without limitation of the foregoing, serving as the general partner of Atlas IDF, LP, a Delaware limited partnership.

 **Section 4** **Powers**. The Company shall have the power to do any and all acts reasonably necessary, appropriate, proper, advisable, incidental or convenient to or for the furtherance of the purpose and business described herein and for the protection and benefit of the Company, and shall have, without limitation, any and all of the powers that may be exercised on behalf of the Company by the Managing Member pursuant to this Agreement.

 **Section 5** **Principal Business Office**. The principal place of business and office of the Company shall be located at, and the Company's business shall be conducted from 87 Railroad Place, Suite 403, Saratoga Springs, NY 12866, or elsewhere as the Managing Member may from time to time determine.

 **Section 6** **Registered Office**. The address of the registered office of the Company in the State of Delaware is: c/o Stellar Corporate Services LLC, 3500 South DuPont Highway, County of Kent, Dover, Delaware 19901.

 **Section 7** **Registered Agent**. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is: c/o Stellar Corporate Services LLC, 3500 South DuPont Highway, County of Kent, Dover, Delaware 19901.

 **Section 8** **Members**. The names, the nature of the interests held, the mailing addresses, the initial capital contributions and the Percentage Interests (as defined below) of the Members are as set

forth in **Schedule A** attached hereto.

**Section 9**      **Term**.  The term of the Company commenced on the date of filing of the Certificate of Formation in accordance with the Act and shall continue until dissolution of the Company in accordance with **Section 23** of this Agreement.

**Section 10**      **Limited Liability**.  Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and none of the Members, any Officer (as hereinafter defined), employee or agent of the Company (including a person having more than one such capacity) shall be obligated personally for any such debt, obligation or liability of the Company solely by reason of acting in such capacity.

**Section 11**      **Initial Capital Contributions**.  Each Member is deemed admitted as a Member of the Company upon his, her or its execution and delivery of this Agreement.  The initial capital contributions of the Members are set forth on **Schedule A** attached hereto.

**Section 12**      **Additional Capital Contributions**.  The Members are not required to make any capital contributions to the Company beyond their initial capital contributions, unless otherwise determined by the Managing Member.

**Section 13**      **Capital Accounts**.  Separate capital accounts shall be maintained for each Member on the books of the Company, which accounts shall set forth the capital of such Member in the Company.  Each capital account shall be adjusted to reflect such Member's share of allocations and distributions as provided in **Sections 14 and 15** of this Agreement, and any additional capital contributions to the Company or withdrawals of capital from the Company.  Such capital accounts shall further be adjusted to conform to the Treasury Regs. under Section 704(b) of the U.S. Internal Revenue Code of 1986, as amended (the "**Code**"), as interpreted in good faith by the Managing Member.

**Section 14**      **Allocations of Profit and Loss**.  All items of income, gain, loss, deduction and credit shall be allocated among the Members in accordance with their percentage interests as set forth on **Schedule A** attached hereto ("**Percentage Interests**").

**Section 15**      **Distributions**.  Distributions shall be made to the Members at such times and in such amounts as may be determined in the sole discretion of the Managing Member.  Distributions shall be allocated among the Members in accordance with their Percentage Interests.  Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution to the Members on account of their interest in the Company if such distribution would violate Section 18-607 of the Act or other applicable law.

**Section 16**      **Management**.

(a)      The business and affairs of the Company shall be managed by the Managing Member. Subject to the express limitations contained in any provision of this Agreement, the Managing Member shall have complete and absolute control of the affairs and business of the Company, and the Managing Member shall possess all powers necessary, convenient or appropriate to carrying out the purposes and business of the Company, including, without limitation, doing all things and taking all actions necessary to carrying out the terms and provisions of this Agreement.

(b)      Subject to the rights and powers of the Managing Member and the limitations thereon contained herein, the Managing Member may delegate to any person any or all of his powers,

2

rights and obligations under this Agreement, and the Managing Member may appoint, contract or otherwise deal with any person to perform any acts or services for the Company as the Managing Member may reasonably determine.

(c)    No Member (other than the Managing Member) shall participate in the management or control of the business of, or shall have any rights or powers with respect to, the Company except those expressly granted to it by, or pursuant to the terms of, this Agreement, or those conferred on it by law.

(d)    The Managing Member shall hold office until the earliest to occur of his death, disability or other inability to act in such capacity, at which time a successor Managing Member may be appointed by Members owning at least a majority of the Percentage Interests.

**Section 17    Officers**. The Managing Member may, from time to time as he deems advisable, appoint officers of the Company (the "**Officers**") and assign in writing titles (including, without limitation, President, Vice President, Secretary and Treasurer) to any such person. Unless the Managing Member decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office. Any delegation pursuant to this **Section 17** may be revoked at any time by the Managing Member.

**Section 18    Other Business**. The Members (including, for the avoidance of doubt, the Managing Member) may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. Neither the Company nor any other Member shall have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

**Section 19    Exculpation and Indemnification**. The Managing Member shall not be liable to the Company or to the other Members for any action taken or omitted to be taken in connection with the business or affairs of the Company, so long as he acted in good faith and is not found to be guilty of gross negligence or willful misconduct with respect thereto, as determined by a final non-appealable decision of a court of competent jurisdiction. To the fullest extent permitted by law, the Company agrees to indemnify and hold harmless: (i) the Managing Member, and (ii) in the discretion of the Managing Member, the Company's managers, shareholders, partners, officers, employees, agents and affiliates and/or the other Members (each, an "**Indemnified Party**") from and against any and all claims, actions, demands, losses, costs, expenses (including attorneys' fees and other expenses of litigation), damages, penalties or interest, as a result of any claim or legal proceeding related to any action taken or omitted to be taken by any of them in connection with the business and affairs of the Company (including the settlement of any such claim or legal proceeding); *provided, however*, that the party against whom the claim is made or legal proceeding is directed is not guilty of gross negligence or willful misconduct, as determined by a final non-appealable decision of a court of competent jurisdiction. Any indemnity under this **Section 19** shall be provided out of and to the extent of Company assets only, and no Member (including the Managing Member) shall have personal liability on account thereof.

**Section 20    Admission of Additional Members**. Additional Members may be admitted to the Company only with the written consent of the Managing Member. The capital contribution required of, and the Percentage Interests assigned to, such newly-admitted Member shall be determined by the Managing Member.

**Section 21    Effect of Bankruptcy, Dissolution, Death or Incompetence of a Member**. The bankruptcy, dissolution, death or disability of a Member, or an adjudication that such Member is

3

HCMLPHMIT00003513

incompetent (a Member experiencing any such event, a "**Disabled Member**"), shall not cause the termination or dissolution of the Company, and the business of the Company shall continue. If a Member is dissolved or becomes bankrupt, the trustee or receiver of such Disabled Member's estate or, if a Member dies, such Disabled Member's executor, administrator or trustee, or, if such Member is adjudicated incompetent, such Disabled Member's committee, guardian or conservator, or the personal representative of such Disabled Member, as applicable, shall have the rights of such Disabled Member for the purposes of settling or managing such Disabled Member's estate or property and such power as the Disabled Member possessed to dispose of all or any part of such Member's interest in the Company, and to join with any assignee in satisfying conditions precedent to the admission of the assignee as a substitute Member.

**Section 22**     **Assignments**.  A Member may not transfer, assign, pledge or hypothecate, in whole or in part, his, her or its limited liability company interest without the prior written consent of the Managing Member.

**Section 23**     **Dissolution**.

(a)     The Company shall dissolve, and its affairs shall be wound-up upon the first to occur of the following: (i) the written consent of the Managing Member; (ii) the death, disability, bankruptcy or withdrawal of the Managing Member, in the event no successor managing member is appointed pursuant to **Section 16(d)**; and (iii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

(b)     In the event of dissolution, the Company shall conduct only such activities as are necessary to wind-up its affairs (including the sale of the assets of the Company in an orderly manner).

**Section 24**     **Tax Matters Partner**.  John Honis shall be the tax matters partner within the meaning of Section 6231(a)(7) of the Code.  All expenses incurred by the tax matters partner in connection with his duties as tax matters partner shall be expenses of the Company.

**Section 25**     **Elections**.  The Managing Member shall determine the accounting methods and conventions under the tax laws of any and all applicable jurisdictions as to the treatment of income, gain, loss, deduction and credit of the Company or any other method or procedure related to the preparation of such tax returns.  The Managing Member may cause the Company to make or refrain from making any and all elections permitted by such tax laws, and the Managing Member shall not be liable for any consequences to any previously admitted or subsequently admitted Members resulting from making or failing to make any such elections.

**Section 26**     **Separability of Provisions**.   Each provision of this Agreement shall be considered separable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

**Section 27**     **Counterparts**.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original of this Agreement.

**Section 28**     **Entire Agreement**.  This Agreement constitutes the entire agreement of the Members with respect to the subject matter hereof and shall supersede all prior and contemporaneous agreements, understandings and discussions with respect thereto.

HCMLPHMIT00003514

**Section 29**    <u>Governing Law, Personal Jurisdiction and Venue</u>. The parties acknowledge and agree that any claim, controversy, dispute or action relating in any way to this Agreement or the subject matter of this Agreement shall be governed solely by the laws of the State of Delaware, without regard to any conflict of laws doctrines. The parties irrevocably consent to and submit to being served with legal process issued from the state and federal courts located in the State of New York and irrevocably consent to the exclusive personal jurisdiction of the federal and state courts situated in the State of New York. The parties irrevocably waive any objections to the personal jurisdiction of these courts. The federal and state courts of the State of New York in New York County shall have sole and exclusive jurisdiction over any and all claims, controversies, disputes and actions which in any way relate to this Agreement or the subject matter of this Agreement. Any such claim, controversy, dispute or action must first be brought in the federal court of the State of New York in New York County, unless the federal courts do not have subject matter jurisdiction as a matter of law, in which case it must first be brought in the Commercial Division of the New York State Supreme Court in New York County (and can only proceed in New York County outside the Commercial Division if the Commercial Division rejects it). The parties also irrevocably waive any objections that these courts constitute an oppressive, unfair, or inconvenient forum and agree not to seek to change venue on these grounds or any other grounds.

**Section 30**    <u>Amendments</u>. This Agreement may be modified, altered, supplemented or amended in the sole discretion of the Managing Member.

*[remainder of page intentionally left blank]*

5

HCMLPHMIT00003515

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Limited Liability Company Agreement as of the date first written above.

THE COMPANY:

ATLAS IDF GP, LLC

By: _____
Name: John Honis
Title: Managing Member


MANAGING MEMBER:

_____
Name: John Honis

6

HCMLPHMIT00003516

## Schedule A

### Members of Atlas IDF GP, LLC

### As of October 29, 2015

| NAME | NATURE OF INTEREST | MAILING ADDRESS | INITIAL CAPITAL CONTRIBUTION | PERCENTAGE INTEREST |
|---|---|---|---|---|
| John Honis | Managing Member | 87 Railroad Place, Suite 403 <br><br> Saratoga Springs, NY 12866 | $100 | 100% |

HCMLPHMIT00003517