**EXHIBIT 41**



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 201 OF 2025 (RPJ)**

**IN THE MATTER OF THE GRAND COURT ACT**

**BETWEEN:**

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

<u>Plaintiff</u>

**AND**

|  |  |
|---|---|
| (1) | **MARK ERIC PATRICK** |
| (2) | **PAUL MURPHY** |
| (3) | **CDMCFAD, LLC** |
| (4) | **DFW CHARITABLE FOUNDATION** |
| (5) | **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** |
| (6) | **CLO HOLDCO, LTD.** |

<u>Defendants</u>

_____

**CONSENT ORDER**

_____

**UPON** the Plaintiff's Summons dated 15 July 2025 (the "**Injunction Summons**")

**AND UPON** the First, Third, Fifth, and Sixth Defendants' Summons of dated 21 July 2025 (the "**Directions Summons**")

**AND UPON** the parties listed therein giving to the Court the undertakings recorded in Schedule A to this Order

FSD2025-0201                                                                          2025-07-31

**AND UPON** the Injunction Summons and the Directions Summons being listed for hearing on 31 July 2025 before the Honourable Justice Parker

**IT IS ORDERED BY CONSENT** that:

1    The Injunction Summons shall be adjourned and listed for hearing on the first available date after 18 September 2025 (the "**Hearing**").

2    The time estimate for the Hearing shall be 2 days.

3    Directions for evidence in the Injunction Summons shall be as follows:

    (a) The Defendants shall file and serve any evidence in answer by 4.30pm on 28 August 2025;

    (b) The Plaintiff shall (if so advised) serve any evidence in reply by 4.30pm on 11 September 2025.

4    The Plaintiff shall file an agreed hearing bundle for the Hearing in electronic form by 4pm on the date which is 12 days before the date of the hearing (once listed).

5    The parties shall file and exchange skeleton arguments by 4pm on the date which is 7 days before the date of the hearing (once listed).

6    Costs of the Injunction Summons and the Directions Summons are reserved.

7    Liberty to apply.

DATED this    31    day of July    2025

FILED this    31    day of July    2025

**THE HONOURABLE JUSTICE PARKER**
**JUDGE OF THE GRAND COURT**

FSD2025-0201                                                                          2025-07-31

Approved as to form and content:

_____

**Maples and Calder (Cayman) LLP**

Attorneys for the Plaintiff

_____

**Campbells LLP**

Attorneys for the First, Third, Fifth and Sixth Defendants

_____

**Kobre & Kim**

Attorneys for the Second Defendant

_____

**Baker & Partners LLP**

Attorneys for the Fourth Defendant

## Schedule A

<u>Undertakings given by the Defendants</u>

1    Pending the determination of the JOLs' Summons, the Defendants[1], and the related entities listed in Schedule B hereto (the "**CDM Entities**") and their respective agents, servants, employees, and representatives, agree and undertake to:

(a) not to transfer, conceal, withdraw, alienate, redeem, expend, encumber, disperse, or otherwise dispose of any and all funds, assets, receivables, or shares of the CDM Entities outside of the ordinary course of business;

(b) not to take any action to increase the remuneration paid to any employee, manager or director of the CDM Entities;

(c) not to take any action to dissolve, wind-down, liquidate, or otherwise alter the corporate standing of the CDM Entities;

(d) not to take any action to modify or alter the corporate governance of the CDM Entities, including but not limited to any amendment to their respective bylaws or organizational documents;

(e) not to take any action to sell, exchange, or dispossess any asset of one of the CDM Entities unless (i) the sale is to a bona fide third-party purchaser for reasonably equivalent value, (ii) except in the case of marketable securities, the bona fide purchaser is made aware of this undertaking, and (iii) the proceeds from that sale, exchange, or disposition remain owned by the CDM Entities; and

(f) not to alter, conceal, or destroy any business records concerning the Defendants or the CDM Entities, including any transfers of funds, assets, receivables, or shares to or from the Defendants or CDM Entities.

2    Further, and to the extent not addressed by the foregoing, the Defendants and the CDM Entities undertake and agree that:

---

[1] Being the First Defendant, Mark Patrick; the Second Defendant, Paul Murphy; the Third Defendant, CDMCFAD, LLC; the Fourth Defendant, DFW Charitable Foundation; the Fifth Defendant, CDH GP, Ltd. as general partner for and on behalf of Charitable DAF Fund, LP, and in its capacity as general partner; and the Sixth Defendant, CLO HoldCo, Ltd.

(a) they will preserve and will not in any way dispose of, deal with, encumber, transfer or diminish the value of (as applicable) their or any interest (of whatsoever nature), whether held directly or indirectly, in Charitable DAF Fund, LP (the "**Fund**"), and/or the CDM Entities and/or any assets of the Fund other than in the ordinary course of business; and

(b) they shall not do anything to cause, procure, incite, promote or assist a breach by any other party of this undertaking.

3   From the date of this undertaking to the date of the determination of the JOLs' Summons, the Third, Fourth, Fifth and Sixth Defendants (the "**CDM Defendants**") and the CDM Entities will give 7 days' written notice to the JOLs of any payment or transaction of any nature (or series of related payments or transactions) they propose to make at or above US$50,000. Such notice must include full supporting information and documentation as well as an explanation of the rationale for the transaction.

4   From the date of this undertaking to the date of the determination of the JOLs' Summons, the First Defendant and the Second Defendant will give 7 days' written notice to the JOLs of any payment or transaction of any nature (or series of related payments or transactions) they propose to make at or above US$100,000. Such notice must include full supporting information and documentation as well as an explanation of the rationale for the transaction.

5   If the JOLs have any queries regarding a transaction (or series of related payments or transactions) and whether it is in the ordinary course of the CDM Defendants' or the CDM Entities' business, the CDM Defendants and the CDM Entities undertake to consult with the JOLs and to provide clarification. For the avoidance of doubt, nothing in this undertaking shall prohibit the Defendants and the CDM Entities from making payments to any attorney, lawyer, third party consultant, accountant, or external professional services advisor which is required, either in the ordinary course of business, or in respect of their reasonable legal fees and expenses in connection with these proceedings or the official liquidation of Charitable DAF Holdco, Ltd (In Official Liquidation) [FSD 116 of 2025 (JAJ)], or the Chapter 15 Case (defined below).  All such transactions of the CDM Defendants and the CDM Entities will be provided for in the monthly transactions report pursuant to paragraph 6 of this undertaking. However, the Defendants agree that the issue of whether

they are permitted to use funds that derive directly or indirectly from the limited partner interest in the Fund to pay their legal fees and other service providers will be determined at the Hearing (as defined in paragraph 1 of the consent order to which these undertakings are appended).

6   From the date of this undertaking to the date of the determination of the JOLs' Summons, the CDM Defendants and the CDM Entities will disclose to the JOLs, at the end of each calendar month: (i) a full listing of payments or other transactions undertaken by them below US$50,000 in the calendar month just passed; and (ii) copies of all existing and up to date balance sheets and financial statements or records prepared in relation to the CDM Defendants or the CDM Entities for the period 30 June 2024 onwards. Any information of whatever nature relating to any member of the Defendants or the CDM Entities which is provided to the JOLs pursuant to this paragraph 5, shall not be disclosed to or shared with Mr James Dondero, the Supporting Organisations (being Highland Santa Barbara Foundation, Highland Dallas Foundation, and Highland Kansas City Foundation), or any known affiliates or service providers of these individuals / entities, subject to where the JOLs' are required to disclose any such information in the discharge of their duties to the Court or as otherwise required by law.

7   With respect to the chapter 15 case, *In re Charitable DAF Holdco, Ltd (In Official Liquidation)*, United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), Case No. 25-11376 (BLS) (the "**Chapter 15 Case**"), (i) The First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities consent to the entry of an order, in the form and substance appended hereto at Schedule C, in the Chapter 15 Case, recognising and enforcing the above undertakings in the United States; (ii) the JOLs agree to adjourn the hearing to recognise the Cayman Islands liquidation of Charitable DAF Holdco, Ltd. (the "**Company**") as a foreign main proceeding from 14 August 2025, to a date as soon as practicable, based on the Bankruptcy Court's availability, following the conclusion of inter parties hearing regarding the JOL's Summons (such, date, the "**Adjourned Recognition Hearing Date**"); (iii) the JOLs and the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities agree that the deadline to object to recognition of the Cayman Islands liquidation of the Company shall be the date that is 21 days before the Adjourned Recognition Hearing Date and the deadline for JOLs to reply to objections, if any, shall be the date that is 7 days before the Adjourned Recognition Hearing Date.  For

the avoidance of doubt, (i) the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities reserve their rights regarding any relief sought in the Chapter 15 Case, including the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative and (II) Related Relief Under Chapter 15 of the Bankruptcy Code*, other than with respect to matters expressly addressed in this undertaking; and (ii) the JOLs reserve their right to seek provisional relief against parties as they deem necessary or appropriate in furtherance of their duties as official liquidators, including in furtherance of their ongoing investigation of the business and affairs of the Company from the date hereof through the Adjourned Recognition Hearing Date.

## Schedule B

List of CDM Entities

(i) CDH GP, Ltd. (Cayman Islands)

(ii) CDMCFAD, LLC (Delaware)

(iii) Charitable DAF Fund 2, LP (Cayman Islands)

(iv) Charitable DAF Fund, LP (Cayman Islands)

(v) CLO HoldCo, Ltd. (Cayman Islands)

(vi) Liberty CLO HoldCo, Ltd. (Cayman Islands)

(vii) HCT Holdco 2, Ltd. (Cayman Islands)

(viii) MGM Studios Holdco, Ltd. (Cayman Islands)

(ix) Liberty CLO HoldCo, LLC (Delaware)

(x) Liberty Sub, Ltd. (Delaware)

(xi) Charitable DAF Holdings Corp. (Delaware)

(xii) DST Investco, LLC (Delaware)

(xiii) Allanon Capital Management LLC (Texas)

(xiv) DFW Charitable Foundation (Delaware)

(xv) CLO HoldCo LLC (Delaware)

(xvi) Rand Advisors LLC (Delaware)

(xvii) CDHC Royse City Land LLC (Texas)

(xviii) Royse City Land Company LLC (Texas)

(xix) CDHC Assets LLC (Texas)

(xx) CDHC Fort Worth Land LLC (Texas)

(xxi) CDHC Stewart Creek LLC (Texas)

(xxii) BVP Property LLC (Delaware with CA registration)

**Schedule C**

Draft form of Chapter 15 order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| CHARITABLE DAF HOLDCO, LTD (In Official Liquidation),[2] | Case No. 25-11376 (BLS) |
| Debtor in a foreign proceeding. | |

**ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(A) AND 1519 TO RECOGNIZE AND ENFORCE AN ORDER ENTERED
BY THE CAYMAN COURT IMPLEMENTING AN ASSET PRESERVATION
PROTOCOL WITH RESPECT TO THE CDM ENTITIES**

Upon consideration of [a certification of counsel] with respect to the entry by the Cayman

Court[3] of an Order Implementing an Asset Preservation Protocol in the Cayman Litigation, dated

[July __, 2025] and attached hereto as **Exhibit 1** (the "Asset Preservation Protocol")  and it being

understood that the JOLs and the First, Third, Fourth, Fifth and Sixth Defendants and the CDM

Entities agree to the terms and form of this order (the "Order") and its entry by the Court; and after

due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Asset Preservation Protocol is hereby recognized by this Court and all

undertakings as they relate to the First, Third, Fourth, Fifth and Sixth Defendants and the CDM

---

[2] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 263805. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[3] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 3] (the "Verified Petition").

Entities, set forth therein are fully enforceable in the United States, including, but not limited to, each of the following:

a. the First, Third, Fourth, Fifth and Sixth Defendants (as defined in the Asset Preservation Protocol) and the related entities listed in and attached hereto as **Exhibit 2** (the "CDM Entities") and their respective agents, servants, employees, and representatives, agree and undertake to:

    i. not transfer, conceal, withdraw, alienate, redeem, expend, encumber, disperse, or otherwise dispose of any and all funds, assets, receivables, or shares of the CDM Entities outside of the ordinary course of business;

    ii. not take any action to increase the remuneration paid to any employee, manager or director of the CDM Entities;

    iii. not take any action to dissolve, wind-down, liquidate, or otherwise alter the corporate standing of the CDM Entities;

    iv. not take any action to modify or alter the corporate governance of the CDM Entities, including but not limited to any amendment to their respective bylaws or organizational documents;

    v. not take any action to sell, exchange, or dispossess any asset of one of the CDM Entities unless (i) the sale is to a bona fide third party purchaser for reasonably equivalent value, (ii) except in the case of marketable securities, the bona fide purchaser is made aware of this undertaking, and (iii) the proceeds from that sale, exchange, or disposition remain owned by the CDM Entities;

    vi.  not alter, conceal, or destroy any business records concerning the First, Third, Fourth, Fifth and Sixth Defendants or the CDM Entities, including any transfers of funds, assets, receivables, or shares to or from the First, Third, Fourth, Fifth and Sixth Defendants or CDM Entities;

b.  Further, and to the extent not addressed by the foregoing, the First, Third, Fourth, Fifth and Sixth and the CDM Entities undertake and agree that:

    i.  they will preserve and will not in any way dispose of, deal with, encumber, transfer or diminish the value of (as applicable) their or any interest (of whatsoever nature), whether held directly or indirectly, in Charitable DAF Fund, LP (the "Fund"), and/or the CDM Entities and/or any assets of the Fund other than in the ordinary course of business; and

    ii.  they shall not do anything to cause, procure, incite, promote or assist a breach by any other party of this Order;

c.  From the date of the Asset Preservation Protocol to the date of the determination JOLs' Summons (as defined in the Asset Preservation Protocol), the CDM Defendants (as defined in the Asset Preservation Protocol) and the CDM Entities will give 7 days' written notice to the JOLs of any payment or transaction of any nature (or series of related payments or transactions) they propose to make at or above US$50,000. Such notice must include full supporting information and documentation as well as an explanation of the rationale for the transaction;

d.  From the date of the Asset Preservation Protocol to the date of the determination of the JOLs' Summons (as defined in the Asset Preservation

Protocol), the First Defendant (as defined in the Asset Preservation Protocol) will give 7 days' written notice to the JOLs of any payment or transaction of any nature (or series of related payments or transactions) he proposes to make at or above US$100,000. Such notice must include full supporting information and documentation as well as an explanation of the rationale for the transaction;

e.  If the JOLs have any queries regarding a transaction (or series of related payments or transactions) and whether it is in the ordinary course of the CDM Defendants' or the CDM Entities' business, the CDM Defendants and CDM Entities undertake to consult with the JOLs and to provide clarification.  For the avoidance of doubt, nothing in this undertaking shall prohibit the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities from making payments to any attorney, lawyer, third party consultant, accountant, or external professional services advisor which is required, either in the ordinary course of business, or in respect of their reasonable legal fees and expenses in connection with the Cayman Litigation, the Cayman Proceeding or this Chapter 15 Case. All such transactions of the CDM Defendants and the CDM Entities will be provided for in the monthly transactions report pursuant to paragraph 1(f) of this Order.  However, the First, Third, Fourth, Fifth and Sixth Defendants agree that the issue of whether they are permitted to use funds that derive directly or indirectly from the limited partner interest in the Fund to pay their legal fees and other service providers will be determined at the Hearing (as defined in the Asset Preservation Protocol);

   f.  from the date of the Asset Preservation Protocol to the date of the determination of the JOLs' Summons (as defined in the Asset Preservation Protocol), the CDM Defendants and the CDM Entities will disclose to the JOLs, at the end of each calendar month: (i) a full listing of payments or other transactions undertaken by them below US$50,000 in the calendar month just passed; and (ii) copies of all existing and up to date balance sheets and financial statements or records prepared in relation to the CDM Defendants or the CDM Entities for the period 30 June 2024 onwards. Any information of whatever nature relating to any member of the First, Third, Fourth, Fifth and Sixth Defendants or the CDM Entities which is provided to the JOLs pursuant to this paragraph 1(e), shall not be disclosed to or shared with Mr James Dondero, the Supporting Organizations (being Highland Santa Barbara Foundation, Highland Dallas Foundation, and Highland Kansas City Foundation), or any known affiliates or service providers of these individuals or entities, subject to where the JOLs' are required to disclose any such information in the discharge of their duties to the Cayman Court or as otherwise required by law;

2.  Notwithstanding any provision in the Bankruptcy Rules to the contrary (i) this Order shall be effective immediately and enforceable upon entry; (ii) the JOLs are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the JOLs are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

3.  Each of the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities reserve their rights regarding any relief sought in the Chapter 15 Case, including the relief sought

in the Verified Petition, other than with respect to matters expressly addressed in paragraph 1 of this Order. For the avoidance of doubt, the First, Third, Fourth, Fifth and Sixth Defendants (as defined in the Asset Preservation Protocol) and the CDM Entities hereby consent to the recognition and enforcement of the Asset Preservation Protocol in the United States through and including the date of determination of the JOLs' Summons (as defined in the Asset Preservation Protocol) and shall not oppose the continuation of such relief at any hearing for recognition of the Cayman Proceeding. By agreeing to the entry of this order, the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities have not consented to jurisdiction in this Court.  All parties' rights are reserved with respect to jurisdiction

4.      This Order is a Final Order within the meaning of 28 U.S.C. § 158(a) and is effective immediately upon entry.

5.      This Order shall be binding on and inure to the benefit of the Debtor, the JOLs, the First, Third, Fourth, Fifth and Sixth Defendants, and the CDM Entities.

6.      To the extent there is any inconsistency between the terms of this Order and the Asset Preservation Protocol, the terms of the Asset Preservation Protocol as they relate to the First, Third, Fourth, Fifth and Sixth Defendants and the CDM Entities shall control.

7.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order, any request for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: [July ___], 2025
        Wilmington, Delaware

_____

Honorable Brendan L. Shannon
United States Bankruptcy Judge

**Exhibit 1**
[Asset Preservation Protocol]

FILED BY Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403.02/83824743)