**EXHIBIT 43**

## THIRTEENTH AMENDMENT TO SENIOR SECURED TERM LOAN CREDIT AGREEMENT

THIRTEENTH AMENDMENT TO SENIOR SECURED TERM LOAN CREDIT AGREEMENT, dated September 30, 2025 (this "<u>Amendment</u>"), is by and among MIDWAVE WIRELESS, INC. (f/k/a TERRESTAR CORPORATION) (the "<u>Borrower</u>"), MIDWAVE WIRELESS COMMUNICATIONS, LLC (F/K/A MOTIENT COMMUNICATIONS LLC), MIDWAVE WIRELESS HOLDINGS, INC. (F/K/A MOTIENT HOLDINGS INC.), MIDWAVE WIRELESS HOLDINGS I, INC. (F/K/A MVH HOLDINGS I INC.), 2014 AWS SPECTRUM PARTNERSHIP, LP, 2014 AWS SPECTRUM BIDCO CORPORATION, as guarantors (each a "<u>Guarantor</u>" and, collectively, the "<u>Guarantors</u>" and together with the Borrower, the "<u>Loan Parties</u>"), the Lenders party hereto (in such capacity, the "<u>Consenting Lenders</u>"), and NEXBANK, FKA NEXBANK SSB, as agent for the Lenders (in such capacity, the "<u>Administrative Agent</u>").

W I T N E S S E T H :

WHEREAS, the Loan Parties, Administrative Agent and the Lenders have entered into that certain Senior Secured Term Loan Credit Agreement, dated as of February 27, 2015, as amended and restated pursuant to that certain First Amendment, dated as of October 25, 2017, and as amended and restated pursuant to that certain Second Amendment, dated as of March 19, 2018, and as amended by that certain Third Amendment, dated as of August 1, 2018, that certain Fourth Amendment, dated May 15, 2019, that certain Fifth Amendment, dated as of May 15, 2020, that certain Sixth Amendment, dated as of December 29, 2020, that certain Seventh Amendment, dated as of July 6, 2021, that certain Eighth Amendment, dated as of August 5, 2021, that certain Ninth Amendment, dated as of June 30, 2023, that certain Tenth Amendment, dated as of November 7, 2024, that certain Eleventh Amendment, dated as of January 31, 2025, and that certain Twelfth Amendment, dated as of May 14, 2025 (as further amended, supplemented or otherwise modified prior to the date hereof, the "<u>Existing Credit Agreement</u>" and as amended by this Amendment, the "<u>Credit Agreement</u>"), pursuant to which the Lenders have made and may make loans and advances and provide other financial accommodations to the Borrower as set forth in the (<u>x</u>) Existing Credit Agreement and (<u>y</u>) other Loan Documents;

WHEREAS, pursuant to the Existing Credit Agreement, the Financing Fee Effective Date is October 1, 2025;

WHEREAS, pursuant to the Existing Credit Agreement, the Borrower agreed to pay to each Tenth Amendment Consenting Lender (other than the Specified Lender) a financing fee equal to 9.0% of the principal amount of the Loans held by such Tenth Amendment Consenting Lender on such Financing Fee Effective Date, which shall be payable in kind, capitalized, compounded and added to the unpaid principal amount of the Tranche J Loans held by such Tenth Amendment Consenting Lender on the Financing Fee Effective Date (the "<u>Existing Financing Fee Requirement</u>");

WHEREAS, the Borrower has requested that the Consenting Lenders agree to amend the timing and mechanics of the Existing Financing Fee Requirement with respect to the Loans held by such Consenting Lender on the terms and subject to the conditions set forth herein and in the Credit Agreement;

WHEREAS, the Consenting Lenders are willing to agree to such amendments to the Existing Credit Agreement on the terms and subject to the conditions set forth herein; and

WHEREAS, by this Amendment, the undersigned parties desire and intend to evidence such amendments;

NOW THEREFORE, in consideration of the foregoing and the mutual agreements and covenants contained herein and in the Credit Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      Consents; etc. Each of the Consenting Lenders and the Loan Parties consents to and approves this Amendment, the amendments to the Existing Credit Agreement effected hereby, and the Credit Agreement as amended by this Amendment.

2.      Amendment to Existing Credit Agreement.

(a)      Section 1.1 of the Existing Credit Agreement is hereby amended to add thereto, in alphabetical order, the following definitions which shall read in full as follows:

"*Financing Fee PIK Interest*" means PIK Interest applicable to 9.0% of the principal amount of the Loans held by a Tenth Amendment Consenting Lender for the period beginning on October 1, 2025, and ending on the Financing Fee Effective Date.

(b)      Section 1.1 of the Existing Credit Agreement is hereby amended by amending and restating the definition of "Financing Fee Effective Date" in its entirety as follows:

"*Financing Fee Effective Date*" means December 15, 2025.

(c)      Section 2.9(c) of the Existing Credit Agreement is hereby amended and restated in its entirety as follows:

"(c)      *Financing Fee.* The Borrower agrees to pay to each Tenth Amendment Consenting Lender (other than the Specified Lender) on the Financing Fee Effective Date a financing fee equal to (i) 9.0% of the principal amount of the Loans held by such Tenth Amendment Consenting Lender on the Financing Fee Effective Date (after adding Financing Fee PIK Interest to the principal amount of the Loans held by such Tenth Amendment Consenting Lender) *plus* (ii) Financing Fee PIK Interest (collectively, the "*Financing Fee*"), which shall be payable in kind, capitalized, compounded and added to the unpaid principal amount of the Tranche J Loans held by such Tenth Amendment Consenting Lender on the Financing Fee Effective Date; provided, that any assignment of Loans by any Tenth Amendment Consenting Lender effected following the Tenth Amendment Effective Date shall be deemed to include an assignment of the right to receive any Financing Fee on account of such Loans."

3.      Interpretation. For purposes of this Amendment, all terms used herein which are not otherwise defined herein, including but not limited to, those terms used in the recitals hereto, shall have the respective meanings assigned thereto in the Existing Credit Agreement as amended

-2-

by this Amendment.

4. <u>Representations and Warranties by Loan Parties</u>. The Borrower and the Guarantors, jointly and severally, represent and warrant to the Administrative Agent and the Lenders as follows, which representations and warranties shall survive the execution and delivery hereof:

(a) no Default or Event of Default has occurred and is continuing as of the date hereof before and after giving effect to this Amendment;

(b) the Borrower and each Guarantor has taken all necessary corporate or other organizational action to authorize the execution, delivery and performance of this Amendment, and this Amendment has been duly executed and delivered by the Borrower and each Guarantor, and constitutes a legal, valid and binding obligation of the Borrower and each Guarantor, enforceable against such Borrower or Guarantor in accordance with its terms, except as enforceability may be limited by applicable domestic or foreign bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally and by general equitable principles (whether enforcement is sought by proceedings in equity or at law);

(c) the execution, delivery and performance of this Amendment by the Borrower or any Guarantor will not violate any Requirement of Law or Contractual Obligation of such Borrower or Guarantor in any respect that has or could reasonably be expected to have a Material Adverse Effect; and

(d) all of the representations and warranties set forth in the Existing Credit Agreement and the other Loan Documents, as amended hereby, are true and correct in all material respects (or, with respect to any representation or warranty that is itself modified or qualified by materiality or "Material Adverse Effect" standard, such representation or warranty shall be true and correct in all respects) on and as of the date hereof, as if made on the date hereof, except to the extent any such representation or warranty is made as of a specified date, in which case such representation or warranty shall have been true and correct in all material respects as of such date.

5. <u>Conditions Precedent</u>. The amendments contained herein shall only be effective on the date on which each of the following conditions precedent are satisfied or waived (the "<u>Thirteenth Amendment Effective Date</u>"):

(a) the Administrative Agent shall have received counterparts of this Amendment, duly authorized, executed and delivered by each of the Loan Parties;

(b) the Administrative Agent shall have received counterparts of this Amendment, duly authorized, executed and delivered by the Consenting Lenders constituting each of the Lenders;

(c) no Default or Event of Default shall exist or have occurred and be continuing (after giving effect to the provisions of this Amendment); and

(d) the representations and warranties of each of the Loan Parties contained in this Amendment and each other Loan Document shall be true and correct in all material respects

(or, if such representation or warranty is subject to a materiality or Material Adverse Effect qualification, in all respects) on and as of the Thirteenth Amendment Effective Date, except to the extent that such representations and warranties specifically refer to an earlier date, in which case they shall be true and correct in all material respects (or, if such representation or warranty is subject to a materiality or Material Adverse Effect qualification, in all respects) as of such earlier date.

6. <u>Reaffirmation of the Guaranty and Collateral Documents</u>.

(a) Each Loan Party (i) confirms, ratifies and reaffirms its respective obligations under the guaranty described in Article XI of the Credit Agreement (the "<u>Guaranty</u>"), (ii) agrees that the Guaranty remains valid, binding and enforceable in all respects against such Loan Party and that the Guaranty shall continue to be in full force and effect, with the same force, effect and priority in effect immediately prior to the Thirteenth Amendment Effective Date, and (iii) agrees to continue to comply with, and be subject to, all of the terms, provisions, conditions, covenants, agreements and obligations applicable to it as set forth in the Guaranty;

(b) Each Loan Party confirms, ratifies and reaffirms (i) its respective obligations under the Collateral Documents to which it is a party and (ii) the security interest granted in all of its right, title and interest in, to and under the Collateral under each Collateral Document to which it is a party;

(c) Each Loan Party agrees that each Collateral Document to which it is a party remains valid, binding and enforceable in all respects against such Loan Party and the security interests granted by it therein shall continue to be in full force and effect, with the same force, effect and priority in effect immediately prior to the Thirteenth Amendment Effective Date; and

(d) Each Loan Party agrees, acknowledges and reaffirms all the covenants and agreements contained in each Collateral Document to which it is a party.

All of the Collateral described therein do and shall continue to secure the payment of all Obligations of the Loan Parties under the Credit Agreement and the other Loan Documents, in each case, as amended by this Amendment.

7. <u>Effect of this Amendment; No Novation</u>. Except as expressly set forth herein, no other amendments, changes or modifications to the Loan Documents are intended or implied, and in all other respects the Loan Documents are hereby specifically ratified, reaffirmed and confirmed by each Loan Party as of the Thirteenth Amendment Effective Date and the Loan Parties shall not be entitled to any other or further amendment by virtue of the provisions of this Amendment or with respect to the subject matter of this Amendment. To the extent of conflict between the terms of this Amendment and the other Loan Documents, the terms of this Amendment shall control. The Credit Agreement and this Amendment shall be read and construed as one agreement. On and after the Thirteenth Amendment Effective Date, each reference in the Credit Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of like import, and each reference in the other Loan Documents to the Credit Agreement, shall mean and be a reference to the Credit Agreement as amended by this Amendment. The parties hereto acknowledge and agree that this Amendment and the other Loan Documents, whether executed and delivered in connection

herewith or otherwise, do not constitute a novation, satisfaction, payment, re-borrowing or termination of the "Obligations" under the Existing Credit Agreement or the other Loan Documents, and that all such "Obligations" under the Existing Credit Agreement or the other Loan Documents are in all respects continued and outstanding as "Obligations" under the Credit Agreement, except to the extent such obligations are modified from and after the Thirteenth Amendment Effective Date as provided in this Amendment or otherwise paid in full on the Thirteenth Amendment Effective Date.

8. <u>Governing Law</u>. This Amendment and the rights and obligations of the parties hereto shall be governed by, and construed and interpreted in accordance with, the law of the State of New York without giving effect to any provision thereof that would require the application of the law of another jurisdiction.

9. <u>Binding Effect</u>. This Amendment shall be binding upon and inure to the benefit of each of the parties hereto and their respective successors and assigns.

10. <u>Further Assurances</u>. The Borrower and the Guarantors shall execute and deliver such additional documents and take such additional action as may be reasonably requested by the Administrative Agent to effectuate the provisions and purposes of this Amendment.

11. <u>Entire Agreement</u>. This Amendment represents the entire agreement and understanding concerning the subject matter hereof among the parties hereto, and supersedes all other prior agreements, understandings, negotiations and discussions, representations, warranties, commitments, proposals, offers and contracts concerning the subject matter hereof, whether oral or written.

12. <u>Headings</u>. The headings listed herein are for convenience only and do not constitute matters to be construed in interpreting this Amendment.

13. <u>Counterparts</u>. This Amendment may be executed in any number of counterparts, each of which shall be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Amendment by facsimile or other electronic method of transmission shall have the same force and effect as delivery of an original executed counterpart of this Amendment. Any party delivering an executed counterpart of this Amendment by facsimile or other electronic method of transmission shall also deliver an original executed counterpart of this Amendment, but the failure to do so shall not affect the validity, enforceability, and binding effect of this Amendment.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused this Limited Waiver to be duly executed and delivered by their authorized officers as of the day and year first above written.

**MIDWAVE WIRELESS, INC.,** as the Borrower

By:

Name: Douglas Brandon
Title:   Secretary

**MIDWAVE WIRELESS COMMUNICATIONS LLC,** as a Guarantor

By:

Name: Douglas Brandon
Title: Secretary

**MIDWAVE WIRELESS HOLDINGS INC.,** as a Guarantor

By:

Name: Douglas Brandon
Title: Secretary

**MIDWAVE WIRELESS HOLDINGS I INC.,** as a Guarantor

By:

Name: Douglas Brandon
Title: Secretary

*[Signature Page to Thirteenth Amendment]*

**2014 AWS SPECTRUM BIDCO CORPORATION,** as a
Guarantor

By: _____

Name: John Dooley

Title: President and Chief Executive Officer

**2014 AWS SPECTRUM PARTNERSHIP, LP,** as a
Guarantor

By: Jarvinian AWS3 LLC, its General Partner

By: _____

Name: John Dooley

Title: Manager

[*Signature Page to Thirteenth Amendment*]

**NEXBANK, FKA NEXBANK SSB,** as Administrative Agent

By: _____

Name: Rhett Miller
Title: EVP - Chief Banking Officer

*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

CEDARVIEW OPPORTUNITIES MASTER FUND, LP, as
Consenting Lender

By: _____

Name: **Burton Weinstein**

Title: **Managing Partner**

[*Signature Page to Thirteenth Amendment*]

**CONSENTING LENDERS**:

JAMES PALLOTTA, as Consenting Lender

By: _James Pallotta_

Name: James J. Pallotta
Title:

*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

L-BAND FUND II, LP, as Consenting Lender

By: _____

Name:  Thomas P. Eddy

Title:        Member of L-Band Fund II GP LLC, the General
Partner of L-Band Fund II, LP


L-BAND TARGET FUND, LP, as Consenting Lender

By: _____

Name: Thomas P. Eddy

Title:        Member of L-Band Target Fund GP, LLC, the
General Partner of L-Band Target Fund, LP


*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

SIC I LLC FKA SOLUS INVESTMENT CO LLC, as
    Consenting Lender


By: _____
    Name:    Gordon J. Yeager
    Title:    Authorized Signatory


SOLA LTD, as Consenting Lender


By: _____
    Name:    Gordon J. Yeager
    Title:    Authorized Signatory


SOLUS ADVISORS LLC, as Consenting Lender


By: _____
    Name:    Gordon J. Yeager
    Title:    Authorized Signatory


SOLUS LONG-TERM OPPORTUNITIES FUND MASTER
    LP, as Consenting Lender


By: _____
    Name:    Gordon J. Yeager
    Title:    Authorized Signatory


SOLUS OPPORTUNITIES FUND 1 LP, as Consenting Lender


By: _____
    Name:    Gordon J. Yeager
    Title:    Authorized Signatory


[*Signature Page to Thirteenth Amendment*]

SOLUS OPPORTUNITIES FUND 4 LP, as Consenting Lender

By: _____
     Name:    Gordon J. Yeager
     Title:     Authorized Signatory

SOLUS OPPORTUNITIES FUND 5 LP, as Consenting Lender

By: _____
     Name:    Gordon J. Yeager
     Title:     Authorized Signatory

SOLUS OPPORTUNITIES IDF SERIES INTERESTS OF
     THE SALI MULTI-SERIES FUND, L.P., as
     Consenting Lender

By: _____
     Name:    Gordon J. Yeager
     Title:     Authorized Signatory

SOLUS CORE OPPORTUNITIES LP, as Consenting Lender

By: _____
     Name:    Gordon J. Yeager
     Title:     Authorized Signatory

ULTRA MASTER LTD., as Consenting Lender

By: _____
     Name:    Gordon J. Yeager
     Title:     Authorized Signatory

*[Signature Page to Thirteenth Amendment]*

ULTRA NB LLC, as Consenting Lender


By: _____
      Name:    Gordon J. Yeager
      Title:     Authorized Signatory

*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

**CLO HOLDCO, LTD.**, as Consenting Lender

By: _____

       Name: Mark Patrick
       Title: Director

[*Signature Page to Thirteenth Amendment*]

**CONSENTING LENDERS**:

TRUST UNDER THE KODAK RETIREMENT PLAN
TRUST, as Consenting Lender

By: _____

Name: Chris Klapinsky
Title: Partner, NEPC, LLC

*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS:**

THE IBS OPPORTUNITY FUND, LTD., as Consenting
        Lender

By: _____

Name: James S. Horne

Title: CFO, IBS Capital LLC, its Investment Manager


THE IBS TURNAROUND FUND (QP) (A LIMITED
        PARTNERSHIP), as Consenting Lender

By: _____

Name: James S. Horne

Title: CFO, IBS Capital LLC, its General Partner


THE IBS TURNAROUND FUND, L.P., as Consenting Lender

By: _____

Name: James S. Horne

Title: CFO, IBS Capital LLC, its General Partner


*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

**OCM TRSTR Holdings, LLC** as Consenting Lender

By:     Oaktree Fund GP, LLC
Its:    Manager

By:     Oaktree Fund GP I, L.P.
Its:    Managing Member

By:     _Sherman Lau_
        905F93179F544D7...
Name: Sherman Lau
Title:  Authorized Signatory

By:     _David Nicoll_
        80EF4EE2BE4F41F...
Name: David Nicoll
Title:  Authorized Signatory

*[Signature Page to Thirteenth Amendment]*

**CONSENTING LENDERS**:

WARANA SP USA VI-A LLC, as Consenting Lender

By: _____
Grant Gillespie (Sep 26, 2025 10:31:46 EDT)
Name: Grant Gillespie
Title: Authorized Signatory

[*Signature Page to Thirteenth Amendment*]