**EXHIBIT 54**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Counsel for Highland Capital Management,
L.P. and the Highland Claimant Trust*

*Co-Counsel for Marc S. Kirschner, as
Litigation Trustee of The Highland
Litigation Sub-Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |

**HIGHLAND CAPITAL MANAGEMENT, L.P., THE HIGHLAND
CLAIMANT TRUST AND HIGHLAND LITIGATION SUB-TRUST'S**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## RESPONSES AND OBJECTIONS TO DUGABOY INVESTMENT TRUST'S DISCOVERY RELATED TO RULE 9019 MOTION

Highland Capital Management, L.P. ("HCMLP"), the Highland Claimant Trust (the "Claimant Trust") and the Highland Litigation Sub-Trust (the "Litigation Trust," and together with HCMLP and the Claimant Trust, the "Movants") hereby respond and object to *Dugaboy Investment Trust's Discovery Related to Rule 9019 Motion* (each, a "Request," and collectively, the "Requests"), served by the Dugaboy Investment Trust ("Dugaboy"). The Movants' responses and objections to the Requests (each, a "Response," and collectively, the "Responses") are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, as made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

## GENERAL OBJECTIONS

Unless otherwise specified, the following general objections and caveats are applicable to each and every Response and are incorporated into each Response as though set forth in full:

1.      The Movants object to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity. The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a waiver of any such privilege or immunity. The Movants' agreement to produce documents shall be construed to mean non-privileged documents.

2.      The Movants object to the Requests to the extent they request information that is not reasonably or readily available to it, in their possession, custody or control, or is more readily available to Dugaboy from another source or for which the burden of obtaining such information is not substantially greater for Dugaboy than it is for the Movants.

3.      The Movants object to the Requests to the extent they call for legal

conclusions and/or legal analyses.

4.      The Movants object to the Requests to the extent they seek information that is not relevant to the parties' claims or defenses or disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

5.      All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

6.      The Movants object to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

7.      The Movants object to the Requests to the extent they seek information to which Dugaboy is not entitled under the terms of the Plan or the Claimant Trust Agreement.

8.      The Movants' agreement to produce documents with respect to a specific Request shall not be construed as a representation that such documents actually exist or are within the Movants' possession, custody or control.

9.      These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

### SPECIFIC RESPONSES AND OBJECTIONS TO
### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All communications between any of the Movants and the HMIT Entities (as defined in the Motion) related to the proposed Settlement Agreement (as referenced in the Motion).

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All communications between any of the Movants and any third-party related to the proposed Settlement Agreement.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All drafts of the proposed Settlement Agreement.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents supporting the allegation in Paragraph 21 of the Motion that "[i]f the Settlement Agreement is approved, the only unresolved Claims or Equity Interests will be the Daugherty Claim and the Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand—that have no value but, if they did, their aggregate maximum value, if allowed, would not exceed approximately $1.7 million."

**RESPONSE**:

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents supporting the allegation in Paragraph 9 of the Motion that "[a]s of the Petition Date, HMIT's capital account balance on account of its Class B/C Interests was $394,630,871.53 (the "HMIT Capital Account Balance"), and the capital account for all Class A Interests in aggregate was $1,983,069.70.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request and refer to the information provided in Response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing the "extensive arm's-length, good faith negotiations over the last several months [related to the proposed Settlement Agreement]" as referenced in Paragraph 20 of the Motion.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request and refer to the information provided in Responses to Request for Production Nos. 1 and 3.

**REQUEST FOR PRODUCTION NO. 7:**

All documents evidencing any efforts that the Movants examined the effect of the potential Settlement Agreement on any of the remaining creditors of the estate.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing how HMIT's Capital Account Balance, as referenced in Paragraph 21 of the Motion, was calculated.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request and refer to the information provided in Response to Requests for Production Nos. 4 and 5.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the Dugaboy Note, as referenced in paragraph 21 of the Motion, including any documents evidencing payments or amounts owed related to the Dugaboy Note.

**RESPONSE:**

The Movants object to Request No. 9 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents used to answer the Interrogatories in these discovery requests.

**RESPONSE:**

The Movants object to Request No. 10 on the grounds that it is overly broad and unduly burdensome. Subject to the General Objections and these Specific Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the remaining unpaid amounts of allowed claims in Classes 8 and 9, as that term is defined in the Plan.

4918-8742-5869.3 36027.003

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents demonstrating any efforts by the Movants to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint to any parties.

**RESPONSE:**

Subject to the General Objections, there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents demonstrating any efforts by the Movants to sell or transfer the Dugaboy Note to any parties.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request and refer to the information provided in Response to Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 14:**

Documents related to or identifying the value of any consideration received or exchanged as part of the proposed Settlement Agreement, including any communications related to the value of any such consideration.

**RESPONSE:**

Subject to the General Objections, the Movants will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify who negotiated the proposed Settlement Agreement on behalf of the Movants and the HMIT Entities and identify the dates of such negotiations.

4918-8742-5869.3 36027.003

**RESPONSE:**

The Settlement Agreement was negotiated by James P. Seery, Jr. on behalf of the Movants and Mark Patrick on behalf of the HMIT Entities over the course of multiple in-person, telephonic and video conference meetings, and exchanges of draft Settlement Agreements, commencing on or around April 3, 2025, the specific dates of which are reflected in the Movants' document production.

**INTERROGATORY NO. 2:**

Identify any efforts to analyze the "complexity, duration, and costs of [the Pending HMIT Litigation]," as stated in Paragraph 29 of the Motion.

**RESPONSE:**

Subject to the General Objections, the Movants refer to all court filings in connection with the Pending HMIT Litigation, including, but not limited to, the witness and exhibit lists in connection with the First Motion for Leave, the order denying the First Motion for Leave, the briefs filed in connection with the appeal, and the legal invoices of Movants' counsel in connection with such matters, all of which Movants will produce in response to the Requests for Production.

**INTERROGATORY NO. 3:**

Identify any efforts to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint.

**RESPONSE:**

Except as contemplated by Settlement Agreement, the Movants have not attempted to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint.

**INTERROGATORY NO. 4:**

Identify any efforts to sell or transfer the claims and causes of action that were asserted by the Litigation Trustee in the Amended Kirschner Complaint.

4918-8742-5869.3 36027.003

**RESPONSE:**

The Movants object to Interrogatory No. 4 on the grounds that it is identical to and duplicative of Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Identify any efforts to sell or transfer the Dugaboy Note to any parties other than the HMIT Entities.

**RESPONSE:**

Subject to the General Objections, the Movants refer to the information provided in Response to Request for Production Nos. 9 and 13.

**INTERROGATORY NO. 6:**

Explain the basis for the Movants' contention in Paragraph 21 of the Motion that "the Daugherty Claim and the Class 11 Equity Interests asserted by two Dondero controlled entities—Dugaboy and Strand—[] have no value but, if they did, their aggregate maximum value, if allowed, would not exceed approximately $1.7 million."

**RESPONSE:**

Subject to the General Objections, the Movants refer to the information provided in Response to Request for Production Nos. 4 and 5.

**INTERROGATORY NO. 7:**

Identify all consideration received by any parties as part of the proposed Settlement Agreement and identify the monetary value of all non-monetary consideration received as part of the proposed Settlement Agreement.

**RESPONSE:**

Subject to the General Objections, in response to Interrogatory No. 7, the Movants refer to the Settlement Agreement, which sets forth all consideration received by any parties as part of the Settlement Agreement.

4918-8742-5869.3 36027.003

Dated:  June 13, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com
hwinograd@pszjlaw.com


 - and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and
the Highland Claimant Trust*

**QUINN EMANUEL URQUHART &
SULLIVAN LLP**

*/s/ Robert S. Loigman*

Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000


-and-

**SIDLEY AUSTIN LLP**

*/s/ Paige Holden Montgomery*

Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300


*Co-Counsel for Marc S. Kirschner, as Litigation
Trustee of the Highland Litigation Sub-Trust*

4918-8742-5869.3 36027.003

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Highland Capital Management,*
*L.P. and the Highland Claimant Trust*

QUINN EMANUEL URQUHART &
SULLIVAN LLP
Deborah J. Newman (admitted *pro hac vice*)
Robert S. Loigman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

*Co-Counsel for Marc S. Kirschner, as*
*Litigation Trustee of The Highland*
*Litigation Sub-Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

## THE HIGHLAND CLAIMANT TRUST AND HIGHLAND LITIGATION SUB-TRUST'S RESPONSES AND OBJECTIONS TO DUGABOY INVESTMENT TRUST'S FIRST SET OF DISCOVERY

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4922-3377-6459.8 36027.003

The Highland Claimant Trust (the "Claimant Trust") and the Highland Litigation Sub-Trust (the "Litigation Trust," and together with the Claimant Trust, the "Trusts") hereby respond and object to *Dugaboy Investment Trust's First Set of Discovery* (each, a "Request," and collectively, the "Requests"),[2] served by the Dugaboy Investment Trust ("Dugaboy"). The Trusts' responses and objections to the Requests (each, a "Response," and collectively, the "Responses") are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, as made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

## GENERAL OBJECTIONS

Unless otherwise specified, the following general objections and caveats are applicable to each and every Response and are incorporated into each Response as though set forth in full:

1. These Responses are based upon information presently known and ascertained by the Trusts.

2. The Trusts object to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity. The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a waiver of any such privilege or immunity. The Trusts' agreement to produce documents shall be construed to mean non-privileged documents.

3. The Trusts object to the Requests to the extent they request information that is not reasonably or readily available to them, in their possession, custody or control, or is more readily available to Dugaboy from another source or for which the burden of obtaining such information is not substantially greater for Dugaboy than it is for the Trusts.

---

[2] Capitalized terms not otherwise defined shall take on the meaning ascribed thereto in the Requests.

4.      The Trusts object to the Requests to the extent they call for legal conclusions and/or legal analyses.

5.      The Trusts object to the Requests to the extent they seek information that is not relevant to the parties' claims or defenses or not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

6.      All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses or information disclosed in connection therewith, and the subject matter thereof, as evidence for any purpose in any further proceedings in this matter or other matters or discovery proceedings; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object on any ground at any time to a demand or request for further responses or information relating thereto to these or any other discovery requests in any other matters or discovery proceedings; and (d) the right to assert any defense to any claim arising under or relating to a request for the disclosure of information produced in response to, or relating to, the Requests in any other matters.

7.      The Trusts object to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

8.      The Trusts' agreement to produce documents with respect to a specific Request shall not be construed as a representation that such documents actually exist or are within the Trusts' possession, custody or control.

9.      The Trusts generally rely on the Plan, the Claimant Trust Agreement, and the Litigation Sub-Trust Agreement.

4922-3377-6459.8 36027.003

10.     These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show all money or payments made or transferred into or out of Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust.

**RESPONSE:**

The Trusts object to Request No. 1 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 2**:

Any documents used to answer the Interrogatories in Dugaboy's First Set of Discovery.

**RESPONSE:**

The Trusts object to Request No. 2 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

All correspondence related to any money or payments made or transferred into or out of Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust.

**RESPONSE:**

4

The Trusts object to Request No. 3 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 4**:

Documents sufficient to identify any assets currently held by Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust.

**RESPONSE:**

The Trusts object to Request No. 4 on the grounds that it is not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer to, and incorporate by reference, their Response to Interrogatory No. 3, which includes a list of the assets of Highland Capital Management, L.P., the Highland Litigation Sub-Trust, the Highland Indemnity Trust, and the Highland Claimant Trust as of the most recent month end. *See* **Exhibit A**, attached hereto and included in the Trusts' production.

**REQUEST FOR PRODUCTION NO. 5**:

Documents sufficient to identify any expenses or liabilities (fixed or contingent) of Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust.

**RESPONSE:**

The Trusts object to Request No. 5 on the grounds that it is vague and ambiguous, not relevant to the parties' claims or defenses, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 6**:

All documents supporting the allegations made in the motion of the Highland Claimant Trust and the Highland Litigation Sub-Trust for entry of an order further extending the duration of the Trusts through and including August 11, 2026 [Bankr. Dkt. 4213] ("Motion").

4922-3377-6459.8 36027.003

**RESPONSE:**

The Trusts object to Request No. 6 on the grounds that it is vague and ambiguous, not relevant to the parties' claims or defenses, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request. In addition to these documents, the Trusts refer Dugaboy to the docket in the Bankruptcy Case, along with other publicly available documents from related adversary, civil, and appellate proceedings.

**REQUEST FOR PRODUCTION NO. 7:**

All documents supporting the allegation in paragraph 1 of the Motion, stating that "Since the Effective Date, the Trusts have successfully monetized most of the Claimant Trust's assets, made substantial distributions to beneficiaries with vested interests in the Claimant Trust, managed substantial litigation, funded the Indemnity Trust, and reduced staff and expenses commensurate with reduced operations."

**RESPONSE:**

The Trusts object to Request No. 7 on the grounds that it is vague and ambiguous, not relevant to the parties' claims or defenses, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents supporting the allegation in paragraph 2 of the Motion, stating that "Among other things, the Trusts must still monetize a limited number of assets, resolve one disputed claim, and settle or otherwise dispose of certain Estate Claims."

**RESPONSE:**

The Trusts object to Request No. 8 on the grounds that it is vague and ambiguous, not relevant to the parties' claims or defenses, and not proportional to the needs of the case. *See* Fed.

6

4922-3377-6459.8 36027.003

R. Civ. P. 26(b)(1). The Trusts further object to this Request to the extent that it is redundant to other Requests, including Request Nos. 4, 6, 7, 10, and 11. Subject to the General Objections and these Specific Objections, the Trusts refer to, and incorporate by reference, their Responses to Request No. 4 and Interrogatory Nos. 3 and 4, and will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

All documents supporting the allegation in paragraph 11 of the Motion, stating that "Among many other things, the Claimant Trust has successfully monetized most of its assets, managed substantial litigation, and made distributions to the Claimant Trust Beneficiaries substantially exceeding expectations."

**RESPONSE:**

The Trusts object to Request No. 9 on the ground that it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and this Specific Objection, the Trusts will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents supporting the allegation in paragraph 12 of the Motion, stating that "For example, a limited number of assets remain to be monetized."

**RESPONSE:**

The Trusts object to Request No. 10 on the grounds that it is redundant to other Requests, including Request Nos. 4, 6, 7, and 8. Subject to the General Objections and these Specific Objections, the Trusts refer to, and incorporate by reference, their Response to Request No. 4 and Interrogatory No. 3, and will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

4922-3377-6459.8 36027.003

All documents supporting the allegation in paragraph 14 of the Motion, stating that "Ultimately, the Trusts cannot complete the forgoing tasks by August 11, 2025; an extension of the Trusts is therefore required."

**RESPONSE:**

The Trusts object to Request No. 11 on the ground that it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and this Specific Objection, the Trusts refer to, and incorporate by reference, their Response to Request No. 4 and Interrogatory No. 3, and will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents used to create the Post-Confirmation Reports for the Highland Claimant Trust or Highland Capital Management, L.P. filed with the United States Bankruptcy Court.

**RESPONSE:**

The Trusts object to Request No. 12 on the grounds that it is overly broad and unduly burdensome, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). The Trusts further object to this Request on the ground that it seeks information that is protected from discovery by the attorney-client privilege and the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the remaining unpaid amounts of allowed claims in Class 9, as that term is defined in the Plan.

**RESPONSE:**

Subject to the General Objections, the Trusts will conduct a reasonable search for, and produce, non-privileged documents responsive to this Request.

<strong>RESPONSES AND OBJECTIONS INTERROGATORIES</strong>

**INTERROGATORY NO. 1:**

Identify any payments or distributions made by Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust,

8

including the date of the payments or distributions, who the payments or distributions were made to, and any documents evidencing the payments or distributions.

**RESPONSE:**

The Trusts object to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to the post-confirmation reports produced in response to the Requests for Production.

**INTERROGATORY NO. 2:**

Identify any payments or deposits of money made into the Highland Litigation Sub-Trust or the Highland Indemnity Trust, including the date of the payments or deposits, who made the payments or deposits, the reason the payments or deposits were made, and any documents evidencing the payments or deposits.

**RESPONSE:**

The Trusts object to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to their Response to Interrogatory No. 3, which contains a list of the assets currently held by the Highland Litigation Sub-Trust.

**INTERROGATORY NO. 3:**

Identify any assets currently held by the Highland Litigation Sub-Trust or the Highland Indemnity Trust and identify the value of those assets.

**RESPONSE:**

The Trusts object to Interrogatory No. 3 on the grounds that it is not proportional to the needs of the case and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to **Exhibit A** attached hereto and contained in the Trusts' production, which lists the assets of the

9

Highland Litigation Sub-Trust, Highland Capital Management, L.P., the Highland Claimant Trust, and the Highland Indemnity Trust.

**INTERROGATORY NO. 4:**

Identify any liabilities currently held by the Highland Litigation Sub-Trust or the Highland Indemnity Trust and identify the value of those assets.

**RESPONSE:**

The Trusts object to Interrogatory No. 4 on the grounds that it is vague and ambiguous, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to the *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4216], pursuant to which Highland seeks to enter into a settlement with Hunter Mountain Investment Trust (the "HMIT Settlement").

**INTERROGATORY NO. 5:**

Identify any efforts that have been undertaken to monetize all remaining of the assets of the Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust, including, but not limited to, identifying the actions taken, the date of such actions, and the current status of the monetization efforts.

**RESPONSE:**

The Trusts object to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to, and incorporate by reference, the information provided in **Exhibit A**, attached hereto and contained in the Trusts' production in response to the Requests for Production. The Trusts further refer Dugaboy to the Caris Life Sciences, Inc. Form S-1 and Amendment No. 1 to Form S1, the Confidentiality and Nondisclosure Agreement related to the

10

"Korea" entity, the HCM Korea Overview presentations and "HC PEF Opportunity" slide deck, the Indicative Sales Agreement related to the SK Telecom CS T1 Co., Ltd. entity, and several documents related to the "Dugaboy Note", all of which are included in the Trusts' production.

**INTERROGATORY NO. 6:**

Identify any efforts that have been taken to monetize any remaining Class 8 or Class 9 claims or causes of action held by Highland Capital Management, L.P., the Highland Claimant Trust, the Highland Litigation Sub-Trust, or the Highland Indemnity Trust, including, but not limited to, identifying the actions taken, the date of such actions, and the current status of the monetization efforts.

**RESPONSE:**

The Trusts object to Interrogatory No. 6 on the grounds that it is nonsensical as drafted, overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, and not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these Specific Objections, the Trusts refer Dugaboy to their Response to Request for Production No. 9, the information provided in **Exhibit A**, and the HMIT Settlement.

**INTERROGATORY NO. 7:**

Identify the amounts of all reserves currently held in the Disputed Claims Reserve (as defined in the Claimant Trust Agreement).

**RESPONSE:**

Subject to the General Objection, in response to Interrogatory No. 7, the Trusts identify the following amounts as of May 31, 2025, which are materially unchanged since such date:

- Bank cash of $2,786.65

- Treasury bills maturing July 31, 2025 with a market value of $2,663,386.92

The Trusts further refer to the May 2025 brokerage statement produced in response to the Requests for Production.

11

Dated:  June 13, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **QUINN EMANUEL URQUHART &** |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | **SULLIVAN LLP** |
| John A. Morris (admitted *pro hac vice*) | |
| Gregory V. Demo (admitted *pro hac vice*) | */s/ Robert S. Loigman* |
| Jordan A. Kroop (admitted *pro hac vice*) | Deborah J. Newman (admitted *pro hac vice*) |
| Hayley R. Winograd (admitted *pro hac vice*) | Robert S. Loigman (admitted *pro hac vice*) |
| 10100 Santa Monica Blvd., 13th Floor | 51 Madison Avenue, 22nd Floor |
| Los Angeles, CA 90067 | New York, NY 10010 |
| Tel: (310) 277-6910 | Telephone: (212) 849-7000 |
| Fax: (310) 201-0760 | |
| Email: jpomerantz@pszjlaw.com | -and- |
| jmorris@pszjlaw.com | |
| gdemo@pszjlaw.com | **SIDLEY AUSTIN LLP** |
| jkroop@pszjlaw.com | |
| hwinograd@pszjlaw.com | */s/ Paige H. Montgomery* |
| | Paige Holden Montgomery |
| - and - | 2021 McKinney Avenue |
| | Suite 2000 |
| **HAYWARD PLLC** | Dallas, Texas 75201 |
| | Telephone: (214) 981-3300 |
| */s/ Zachery Z. Annable* | |
| Melissa S. Hayward | *Co-Counsel for Marc S. Kirschner, as* |
| Texas Bar No. 24044908 | *Litigation Trustee of the Highland Litigation* |
| MHayward@HaywardFirm.com | *Sub-Trust* |
| Zachery Z. Annable | |
| Texas Bar No. 24053075 | |
| ZAnnable@HaywardFirm.com | |
| 10501 N. Central Expy, Ste. 106 | |
| Dallas, Texas 75231 | |
| Tel: (972) 755-7100 | |
| Fax: (972) 755-7110 | |

*Counsel for Highland Capital Management, L.P.
and the Highland Claimant Trust*

12

4922-3377-6459.8 36027.003

**EXHIBIT A**

**Listing of remaining unliquidated/non-cash or treasury assets by entity [1]**

as of May 31, 2025

| Entity/description | Primary remaining barriers to disposal |
|---|---|
| **Highland Claimant Trust** | |
| LLC units of HCMLP Investments LLC (single member LLC and holder of shares of Highland CLO Funding, Ltd.) | Resolution of appeal in 2nd Circuit Dkt 25-643 (NexPoint/Acis) [2] |
| Highland Litigation Sub-Trust | Order approving settlement with Hunter Mountain Investment Trust |
| | |
| **Highland Capital Management, LP** | |
| Shares of Highland Capital Management Korea Limited ("HCMK") [3] | IPO and eventual sale of Caris Life Sciences, Inc. |
| Note due from HCMK | IPO and eventual sale of Caris Life Sciences, Inc. |
| Note due from Hunter Mountain Investment Trust | Order approving settlement with Hunter Mountain Investment Trust |
| Contractual right to receive percentage of Acis CLO 2015-6, Ltd. subordinated note payments made to Highland CLO Funding, Ltd. | Resolution of appeal in 2nd Circuit Dkt 25-643 (NexPoint/Acis) [2] |
| Shares of Highland CLO Funding, Ltd. | Resolution of appeal in 2nd Circuit Dkt 25-643 (NexPoint/Acis) [2] |
| Court award for sanctions for bad faith against NexPoint Real Estate Partners, LLC (fka HCRE Partners, LLC) | Resolution of appeal in N.D. Tex. Case No. 3:24-cv-01479-S |
| | |
| **Highland Indemnity Trust** | |
| Note due from The Dugaboy Investment Trust on participation from Highland Capital Management, LP | Order approving settlement with Hunter Mountain Investment Trust |
| Contingent right to receive funds resulting from settlement with Mark Okada | Order approving settlement with Hunter Mountain Investment Trust |
| Limited partnership interests of Highland Capital Management, LP | Liquidation and winding-up of Highland Capital Management, LP |
| LLC units of HCMLP GP LLC | Liquidation and winding-up of Highland Capital Management, LP |
| | |
| **Highland Litigation Sub-Trust** | |
| Estate Claims | Order approving settlement with Hunter Mountain Investment Trust |

[1] Does not include cash, restricted cash, or treasury holdings, nor does it include assets that are either diminimus in value or non-economic. The "Notes" described below accrue interest at various rates. Accrued, but unpaid interest with respect to these notes is also an asset for the entities.

[2] Appellants are NexPoint Diversified Real Estate Trust and NHF TRS, LLC. Appellees are Joshua N. Terry, Acis Capital Management, LP, and Brigade Capital Management, LP. Each of the Appellants had previously filed counterclaims against the Appellees in the Southern Disctrict of New York, alleging among other things, breach of fiduciary duty and mismanagement of the Acis CLOs. These claims were dismissed with the Court finding that the counterclaims were meritless and failed to state viable causes of action. The order dismissing the counterclaims is the subject of the on-going appeal, for which the opening brief of Appellants was filed June 6, 2025. Funds are currently reserved at Acis CLO 2015-6, Ltd., pending the resolution of the appeal. Highland CLO Funding, Ltd. as the approximately 87% holder of subordinated notes of Acis CLO 2015-6, Ltd., is the largest economic stakeholder in Acis CLO 2015-6, Ltd. Highland CLO Funding, Ltd. is also obligated to remit to Highland Capital Management, LP a percentage of any receipts received on account of the Acis CLO 2015-6, Ltd. subordinated notes.

[3] Highland Capital Management, LP owns 100% of the shares outstanding of HCMK. HCMK is a South Korea-domiciled entity that is the co-general partner and a limited partner of a private equity-style fund and related special purpose entities. Such entities hold minority interests in Caris Life Sciences, Inc., a US-based company that filed a registration statement on Form S-1 with the SEC on May 23, 2025, signifying its intention to go public with an initial public offering. The company has applied to list its shares on the Nasdaq Global Select Market under the ticker symbol "CAI".