**EXHIBIT 60**

# HIGHLAND CAPITAL
## M A N A G E M E N T

# *Highland Capital Management, L.P.*

## Motion Pursuant to Rule 9019 and Code §363
## For Approval of HMIT Settlement

(Docket No. 4216)

June 25, 2025



## The Evidence Will Show the Settlement Agreement Is the Product of Good Faith, Arms-Length Negotiations

**The negotiations began in late March and concluded on May 19.** Exs. 2-57

**The negotiations were conducted by Zoom calls, phone calls, and one in-person meeting.**

**The structure and terms of the Agreement changed over time:**
- HMIT/DAF vs. Stand-alone
- Timing of effectiveness (signing / court approval / final order)
- Amount / timing / conditions of Distributions

**Exchange of substantial information under a Confidentiality Agreement**
- Claims information
- Trust Agreement and budgets
- Asset, liability, and valuation Information
- Forecasted expenses

2

## The Proposed Settlement Is In the Best Interests of the Highland Entities and Their Stakeholders

‖ Upon Bankruptcy Court approval, all Pending Litigation (as defined) will be dismissed with prejudice, thereby reducing litigation risk and the attendant costs. Ex. 1, Ex. 1 § 1(a)

‖ HMIT's Class 10 Interest will be allowed in a fixed amount of approximately $337 million. *Id.* § 4(a)[1]

‖ The Highland Entities are able to dispose of certain illiquid assets, including the Dugaboy Note and the Estate Claims asserted in the Kirschner Litigation. *Id.* §§ 5(b), 8(a)

‖ The Highland Entities obtain broad Litigation Protections that will ensure that there will be no future litigation with the HMIT Entities regardless of who controls them. *Id.* §§ 9-12

---

1.  HMIT is barred from transferring the Class 10 Interest or any rights related thereto. *Id.* at § 4(c).

3

# The Calculation of HMIT's Allowed Class 10 Interest

| | | |
|---|---|---|
| **Total partners capital – Petition Date** | | $396,613,941.24 |

→ 11.19 Monthly Operating Report spreadsheet – Ex. 117 and all monthly operating reports on file.[1]

| Ownership by partner | Class | Ownership % |
|---|---|---|
| Hunter Mountain Investment Trust ("HMIT") | B/C | 99.5000% |
| Strand Advisors, Inc. | A | 0.2508% |
| The Dugaboy Investment Trust | A | 0.1866% |
| Mark Okada | A | 0.0487% |
| "MAP 1" | A | 0.0098% |
| "MAP 2" | A | 0.0042% |

4th A&R LPA – Ex. 114; 2018/2019 tax returns Ex. 115/116.

| | | |
|---|---|---|
| **HMIT Petition Date Capital Account** | | $394,630,871.53 |
| **Less: HMIT Petition Date Note Receivable (P&I)** | | $(59,690,640.95) |
| **Class 10 Interest to be allowed per settlement** | | $336,940,230.58 |

→ Calculation: Total partners' capital (above) x 99.5% [2]

→ 20191015 HMIT Note Receivable JE – Ex. 118

→ Calculation: Petition Date Capital Account less Petition Date Note Receivable – Ex. 1

1. Monthly operating reports can be found at the following Docket #'s: 289, 418, 497, 558, 634, 686, 800, 905, 913, 1014, 1115, 1329, 1493, 1710, 1949, 2030. Each describes Petition Date Partners' Capital, rounded to the nearest $1,000 and presented in thousands (ie presented as $396,614 [in thousands] rather than $396,613,941.24).

2. Although not as of the Petition Date, see also Exhibits 115 and 116 for 2018 and 2019 IRS partnership tax returns of Highland Capital Management, LP, including capital accounts by partner. HMIT's capital account balances as of December 31, 2018 and December 31, 2019 were $370,103,735 and $347,989,195, respectively. The December 31, 2019 capital account reserved the balance of the HMIT note receivable.

4

## With the Settlement, Transfer of the Kirschner Litigation Is In the Movants' Best Interests

- Upon approval, the Kirschner Litigation will be transferred to HMIT

- When commenced, the Kirschner Litigation was expected to be a potential source of funding indemnification expenses and distributions to creditors

- By 2023 and 2024, with the success of the Highland team, the need to pursue and monetize the Kirschner Claims became less clear, so the case was stayed to conserve resources

- With the settlement, the pursuit of the Kirschner claims in the hands of Highland is no longer justified because (a) all but 10% of the Class 9 Claims will be paid; (b) the Litigation Protections reduce the need to fund indemnity obligations; and (c) HMIT would be the primary beneficiary of the Kirschner Claims

## As the Administrator, Mark Patrick Is Authorized to Enter Into the Settlement on HMIT's Behalf [1]

7.    **Purpose and Powers of the Trust; Administrator's Powers.**  The Trust shall have the power and authority (i) to accept funds and other assets, (ii) to contribute or otherwise transfer funds and other assets to the Account, (iii) to acquire Limited Partnership Interests from (a) the limited partners of the Limited Partnership and (b) the Limited Partnership, in each case, with funds in the Account or other sources of funds, including through the incurrence of debt, and to hold such Limited Partnership Interests in the Account or otherwise and (iv) to dispose of or otherwise allocate such Limited Partnership Interests pursuant to and accordance with the terms and conditions of the Limited Partnership Agreement. The Administrator shall pursuant to Section 3806(b)(7) of the Delaware Act have the power and authority, and shall be duly authorized, from time to time, in his sole discretion to manage the business and affairs of the Trust, and to take the actions described in (i) through (iv) on behalf of the Trust.  The Administrator shall have all additional powers and authority necessary or desirable, in the sole discretion of the Sponsor, for prompt and effective administration of the Trust created hereunder, unless the particular power or authority is specifically denied by this Trust Agreement.  The Administrator shall also have the power to settle, compromise, submit to arbitration, or submit to any court having jurisdiction in the matter any matters in dispute.

HCMLPHMIT00004103

1. Ex. 70

6

# Classes 9 and 10 May Accept Other Less Favorable Treatment



9. **Class 9 – Subordinated Claims**

- *Classification*: Class 9 consists of the Subordinated Claims.

  *Treatment*: On the Effective Date, Holders of Subordinated Claims shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

10. **Class 10 – Class B/C Limited Partnership Interests**

- *Classification*: Class 10 consists of the Class B/C Limited Partnership Interests.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

7

## The Affected Stakeholders Have Agreed to Accept Less Favorable Treatment

‖ As permitted by the Plan, Holders of Class 9 Claims consented to (a) the payment in full of Daugherty's Class 9 Claim, and (b) the Class 10 Distributions in accordance with the terms of the HMIT Settlement Agreement, before their Class 9 Claims are paid in full. Ex. 59

‖ HMIT accepts less favorable treatment by agreeing (a) that it is not a "Claimant Trust Beneficiary," (b) that its rights are limited to those under the Settlement Agreement, (c) the Highland Entities owe HMIT no duties except as arising under the Settlement Agreement, (d) to restrictions on transfers of the Class 10 interest, (e) to condition the First and Second Subsequent Distributions on there being no threats or need to satisfy Indemnity Obligations, and (f) to grant the Litigation Protections. Ex. 1, Ex. 1 §§ 4(b)-(c), 6(c), 9, 11-12, 14-16

‖ All other stakeholders have been paid in full except for Daugherty's disputed Class 8 Claim, which has been fully reserved at an agreed-upon amount for years. Exs. 60-63

8

# Hunter Mountain Investment Trust Org Chart

