**EXHIBIT 66**



**Grant Thornton Specialist Services (Cayman) Limited**
2nd floor Century Yard,
Cricket Square,
PO Box 1044,
Grand Cayman, KY1-1102
Cayman Islands

T +1 (345) 949 8588
F +1 (345) 949 7120

# CHARITABLE DAF HOLDCO, LTD.

# (THE "COMPANY")

# GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE

Chartered Accountants. Grant Thornton Specialist Services (Cayman) Limited is a member firm of Grant Thornton International Ltd (GTIL) and a subsidiary of Grant Thornton UK LLP. GTIL and the member firms are not a worldwide partnership. Services are delivered by the member firms. GTIL and its member firms are not agents of, and do not obligate, one another and are not liable for one another's acts or omissions. Please see grantthornton.ky for further details. Subject to local regulations.

**grantthornton.ky**

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

# CONTENTS

Introduction…………………………………………………………………………………..Page 3

Establishment of the Liquidation Committee……………………………………………..Page 5

The JOLs' obligations to the Liquidation Committee…………………………………….Page 6

Proceedings of the Liquidation Committee……………………………………………….Page 6

Legal advice and counsel to the Liquidation Committee…………………………….……Page 8

Expenses of Committee Members………………………………………………….……..Page 8

Resignation and termination of membership…………………………………………...Page 8

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

# INTRODUCTION

This guide has been produced to provide the Company's Liquidation Committee (the "**Committee**") with information in relation to:

- the duties and functions of the Committee;
- the rights of members of the Committee; and
- the procedural rules relating to Committee business.

The rules governing the procedures in relation to Liquidation Committees in the Cayman Islands is contained within Order 9 of the Companies Winding Up Rules (As Amended) (the "**Rules**").

### Liquidation

The term liquidation (also referred to as 'winding up') refers to a formal insolvency procedure whereby the Company's affairs are wound up. This entails realising the Company's assets and distributing such proceeds in a set order of priority. The Committee is kept apprised of the position regarding the realisation of the Company's assets via the Joint Official Liquidators' ("**JOLs**") reports to creditors or via regular written and verbal updates to the Committee.

### JOLs

The JOLs are appointed by the Court to administer the winding up and are officers of the Court. The Company's duly appointed JOLs are Margot MacInnis and Sandipan Bhowmik, both of Grant Thornton Specialist Services (Cayman) Ltd, 2nd floor, Century Yard, Cricket Square, PO Box 1044 Grand Cayman, KY1-1102, Cayman Islands.

### Liquidation Committee

The Committee in a liquidation is known as the 'Liquidation Committee'.

Prior to the establishment of the Committee, the JOLs will summarily determine whether in their opinion the company should be regarded as insolvent, solvent or of doubtful solvency. Their determination will be certified in the Companies Winding up Rules Form 13 which is filed in Court within 28 days of the date that the winding up Order is made. The Company has been certified as solvent by the JOLs.

The determination made by the JOLs defines how the membership of the Liquidation Committee should be comprised.

#### Insolvent

Where a company has been determined to be insolvent, the Liquidation Committee shall comprise between 3 and 5 creditors.

#### Doubtful solvency

Where a company has been determined to be of doubtful solvency, the Liquidation Committee shall comprise between 3 and 6 members, a majority of which shall be creditors and at least 1 of whom shall be a contributory.

#### Solvent

Where a company has been determined to be solvent, the Liquidation Committee shall comprise between 3 and 5 contributories.

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

### Reconstitution of the Committee

If, during the course of the liquidation, the JOLs change their certification of the Company's solvency or insolvency determination (as the case may be), they shall take the following steps to reconstitute the Committee:

a) If the Company is certified to be solvent, any creditor members of the Committee shall automatically cease to be members and the JOLs shall convene a meeting of contributories for the purpose of electing new members from amongst the Company's contributories.

b) If the Company is certified to be insolvent, any contributory members of the Committee shall automatically cease to be members and the JOLs shall convene a meeting of creditors for the purpose of electing new members from amongst the Company's creditors.

c) If the Company is certified to be of doubtful solvency, any member of the Committee shall automatically cease to be members and the JOLs shall convene a meeting of creditors and contributories for the purpose of electing new members amongst both the Company's creditors and contributories.

Nothing in the Rule shall prevent the JOLs from convening a meeting in anticipation of changing their certification of the Company's insolvency or solvency (as the case may be).

### The Committee's responsibilities

#### A Sounding Board

It should be noted that persons acting on the Committee are generally regarded as acting in the general interests of the class (creditors or contributories) that they are elected from. Their purpose is to act as a 'sounding board' and to give some guidance and direction on behalf of their class interest to the JOLs. The liquidation committee is not a forum for creditors to voice their disputes. As far as possible, members should disassociate themselves from their personal interests and if they believe they have a conflict in any particular decision, they should declare that immediately to the JOLs and any other Committee members. For example, conflicts of interest may occur when liquidation committee members are associated with, or connected to, litigation involving other creditors, the Company or which is commenced by the JOLs.

#### Views of the Committee

Whilst the JOLs would normally act in line with the decisions of the Committee, the duty to conduct the liquidation is theirs alone and it is possible that in exceptional circumstances, the JOLs may disregard the views of the Committee. A liquidation committee can guide but cannot compel an office holder in relation to the conduct of the insolvency proceeding where it is considered by an office holder not to be in the best interests of the Company to do so.

#### Remuneration

In addition, it is also the responsibility of the Committee to negotiate with the JOLs and agree the basis upon which the JOLs and their firms will be remunerated. Whilst it is for the Court to ultimately sanction the JOLs' fees, the JOLs may not make an application to the Court for approval of their remuneration without first seeking the Committee's approval of the basis and amount of their remuneration for which they intend to seek the Court's approval. The JOLs intend to send remuneration summaries to

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

the Committee on a monthly basis beginning from the end of July 2025, and seek approval of their fees at a meeting on a quarterly basis.

# ESTABLISHMENT OF THE LIQUIDATION COMMITTEE

The Rules assert that unless the Court directs otherwise, a Liquidation Committee must be established in respect of every company being wound up by the Court (i.e. every Official Liquidation).

Such a Liquidation Committee must be established at the first meeting of creditors (and/or meeting of contributories, as the case may be) and cannot act until the JOLs have issued a certificate of its due constitution. Corporate members must be represented by an individual who is duly authorised in writing.

Any creditor of the company (other than one whose debt is fully secured) is eligible to be a member of the Liquidation Committee, so long as:

- he has lodged a proof of his debt; and
- his proof has neither been wholly disallowed for voting purposes nor wholly rejected for the purposes of distribution or dividend.

No person shall on the same committee:

- be a member as both a creditor and a contributory;
- act at one and the same time as representative of more than one Committee member; or
- act both as member of the committee and representative of another Committee member.

If a corporate member of the Committee is put into liquidation under Cayman Islands' law or made the subject of a bankruptcy or reorganisation proceeding under the law of a foreign country, it shall continue to be a member of the Committee so long as the person appointed to deal with the affairs of that company consents to act as its representative.

### The Company's Liquidation Committee

The Company's Liquidation Committee was elected at the first meeting of contributories held on 9 July 2025, and is currently comprised of the following contributory members:

1. Julie Diaz, representing Highland Dallas Foundation, Inc., 3000 Pegasus Park Drive #930, Dallas, TX 75247 (jdiaz@dallasfoundation.org)

2. Deborah Wilkerson, representing Highland Kansas City Foundation, Inc.,1055 Broadway Blvd. #130, Kansas City, MO 64105 (wilkerson@growyourgiving.org)

3. Jacqueline M. Carrera, representing Highland Santa Barbara Foundation, Inc., 1111 Chapala Street, Santa Barbara, CA 93101 (jcarrera@sbfoundation.org)

4. Rose Bradshaw, representing North Texas Community Foundation, 7777 Main Street, Suite 2850, Fort Worth, TX 76102 (rbradshaw@northtexascf.org)

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

5.  Jennier Colegate, representing DFW Charitable Foundation c/o Baker & Partners (Cayman) Limited, P.O. Box, 636, Buckingham Square, 720 West Bay Road, Cayman Islands, KY1-1107 (jennifercolegate@bakerandpartners.com)

The Liquidation Committee came into being and authorized to act from 21 July 2025, the date of the filing of the official liquidator's certificate with the Cayman Court.

# THE JOLS' OBLIGATIONS TO THE LIQUIDATION COMMITTEE

### Communication

The JOLs shall communicate with the Committee by whatever means is agreed between them. This may be in writing, telephone, fax, email or via a website.

### Reporting

The JOLs have a duty to report to the members of the Committee on all such matters as appear to them to be, or such matters as the members have indicated to the JOLs as being, of concern to them with respect to the winding up. Accordingly, the members of the Committee are able to input into all major decisions impacting the liquidation.

The JOLs need not comply with a request for information where it appears that:

- the request is frivolous or unreasonable;
- the cost of providing such information would be excessive with regard to the importance of the information; or
- there are insufficient assets to enable the JOLs to comply.

The JOLs shall provide each member of the Committee with a written report and accounts and convene a first meeting within 3 months of the Committee's establishment.

### Confidentiality

As a result of a member's participation in a Committee, the member will receive certain confidential information to assist in the Committee proceedings. Accordingly, members may be required to enter into appropriate non-disclosure agreements restricting the use of information the member receives during the course of the proceedings.

# PROCEEDINGS OF THE LIQUIDATION COMMITTEE

### Further meetings

After the first meeting has been convened and held, the JOLs shall convene further meetings:

- on such dates or at such intervals as may be resolved by the Committee;
- if so requested in writing by any two members of the Committee; and
- in any event, not less than once every 6 months.

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

### Form of meetings and notice periods

A meeting may take the form of:

- a physical meeting at the JOLs' office, or such other place as may be resolved upon by the Committee, in which case 10 business days' notice is required (and any member who cannot attend in person must be allowed to participate by telephone); or
- a telephone conference call in which case the JOLs must give at least 5 business days' notice of the meeting.

### Attendance/Quorum

One of the JOLs or a duly authorised and suitably experienced representative employed by the JOLs' firm shall attend every meeting of the Committee.

In order to be validly held, the quorum for a meeting shall be one of the JOLs (or theirrepresentative) and at least 2 Committee members.

The chairman of the meeting is normally one of the JOLs (or theirrepresentative), however the members may resolve that one of them should act as chairman.

### Agenda

The JOLs shall prepare an agenda for each meeting which shall include:

- all the matters which the JOLs intend to put before the meeting;
- any matter which a Committee member intends to put before the meeting; and
- any resolutions which the JOLs or any Committee member intends to put to a vote.

### Voting/approval of resolutions

Each member shall have one vote and a resolution is passed when a majority of members present or represented (either in person or by telephone) have voted in favour of it. If the Committee comprises both creditors and contributories, a resolution is passed only when a majority of the creditor members and a majority of contributory members present or represented (either in person or by telephone) have voted in favour of it.

Whenever the JOLs consider that it would be impractical or unnecessary to convene a meeting of the Committee for the purpose of considering any resolution, they may send a copy of it to each member, inviting them to deal with it as a written resolution, and it shall be treated as passed if every member of the Committee signs it within such period or by such deadline as may be specified by the JOLs.

### Minutes of the meeting

The JOLs are responsible for taking minutes of the meeting, a draft of which shall be prepared and circulated to members within 14 days after the meeting.

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

# LEGAL ADVICE AND COUNSEL TO THE LIQUIDATION COMMITTEE

**Attorney/Counsel**

The Committee may resolve to appoint an attorney to give legal advice to the Committee, either generally or in respect of a specific issue arising in the liquidation.

### Legal fees and expenses

The legal fees and expenses in relation to such advice shall be paid out of the assets of the Company as an expense of the liquidation. If the JOLs or a Committee member decides that the amount to be paid is excessive, they may require that such fees and expenses be taxed on an indemnity basis. Conversely, if the amount offered by the JOLs is considered inadequate, the attorney may require that his bill of costs be taxed. The JOLs have no authority to pay any amount in excess of that stated in any costs certificate.

# EXPENSES AND COMMITTEE MEMBERS

Committee members are not entitled to remuneration, however, travelling and/or telephone charges reasonably and properly incurred by Committee members or their representatives in attending meetings of the Committee shall be reimbursed by the JOLs out of the assets of the company. Other expenses incurred by members may be reimbursed but only with the prior approval of the JOLs and pursuant to a resolution of the Committee.

# RESIGNATION AND TERMINATION OF MEMBERSHIP

### Resignation

A Committee member may resign from the Committee by delivering written notice to the JOLs by emailing: CDAF.Core@uk.gt.com.

### Termination

A creditor's membership of the Committee is automatically terminated if:

- his proof of debt has been wholly rejected;
- his claim has been paid in full, or;
- he (or his representative) fails to attend 3 successive Committee meetings either in person or by telephone.

A contributory's membership of the Committee is automatically terminated if:

- he ceases to be a registered member of the Company; or
- the custodian or clearing house withdraws the certificate issued; or
- he (or his representative) fails to attend 3 successive Committee meetings either in person or by telephone.

Commercial in Confidence

**GUIDANCE NOTES FOR MEMBERS OF THE LIQUIDATION COMMITTEE**

### Removal

The Committee may resolve to remove a member by passing a resolution at a Committee meeting, provided that the member in question has been given at least 14 days prior notice. Either the JOLs or a Committee member may propose a removal resolution. It is not necessary to give any reasons for proposing a removal resolution, nor shall the Committee or the JOLs be required to give the former member any reasons for passing a removal resolution.

---

**Note: The above is a summary of the provisions for Liquidation Committees in Order 9 Companies Winding Up Rules (As Amended) in Cayman law, and is intended for guidance purposes only. It should not be regarded as definitive law or advice and if any creditor or member has any concerns about acting as a Committee member he or she should take his own independent legal advice.**

---