**EXHIBIT 71**



**Our ref**        CJM//MCL/858403-000002/86423618
**Direct tel**     +1 345 814 5245 / +1 345 814 5577
**Email**         caroline.moran@maplesandcalder.com / christian.la-rodathomas@maples.com

**By Email**

Ms Karen Hoskins
Personal Assistant to the Hon. Justice Raj Parker
Financial Services Division
Grand Court
Grand Cayman

3 February 2026

Dear Ms Hoskins

**Charitable DAF HoldCo, Ltd (in Official Liquidation) (the "Company") v Mark Eric Patrick & Ors – FSD 201 of 2025 (RPJ)**

**Draft Judgment**

1    We refer to the draft judgment (the "**Draft Judgment**") in relation to the hearing on 15 and 16 December 2025 of the Company's application, by way of Amended Summons dated 4 December 2025 (the "**Amended Summons**"), for an injunction restraining the disposal of and dealing with assets over which the Company asserts a proprietary interest.  The Draft Judgment was circulated to the parties on 28 January 2026.

2    This letter addresses the following points: (a) a potential omission from the Draft Judgment; and (b) the timing of the handing down of the final judgment.

<u>Omission from the Draft Judgment</u>

3    The Draft Judgment dismisses the Amended Summons in its entirety. This includes the Company's application, at paragraph 1.1(a) of the Amended Summons, for an order restraining the Defendants from taking steps to dispose of and/or transfer the limited partnership interest (the "**Partnership Interest**") itself that the Company formerly held in Charitable DAF Fund, LP (the "**Fund**") which was previously an asset of the Company and was transferred to the Third Defendant in March 2025.  The application for injunctive relief in respect of the Partnership Interest itself is distinct from the injunctive relief sought in respect of the underlying assets of the Fund and/or subsidiaries of the Fund.

4    The Draft Judgment does not, however, appear to address the Company's proprietary interest in the Partnership Interest itself and does not consider whether on the balance of convenience an injunction should be granted in respect of the Partnership Interest. This appears to be an omission from the Draft Judgment. In this regard:

(a)    It is not disputed by the Defendants that the Company had a proprietary interest in the Partnership Interest.

(b)    The Honourable Judge has determined that there is a serious issue to be tried in respect of the Restructuring which caused the Partnership Interest to be transferred to the Third Defendant.

(c)    An injunction over transferring the Partnership Interest itself would plainly not interfere with the underlying business of the Fund. This was the basis on which the Honourable Judge found that the balance of convenience weighed against granting an injunction over the underlying Fund assets.

5    The Company is not attempting to make further submissions in respect of the Amended Summons but respectfully seeks to query whether the Honourable Judge would consider amending the Draft Judgment to determine this issue. As currently drafted, upon delivery of the final judgment, the Company will have no protections in respect of the Partnership Interest, and it is not clear whether this was the intention of the Court.

Timing

6    The Company intends to appeal the final judgment once handed down. The Company will seek to have the appeal listed as soon as practicable. To preserve its position pending the appeal, the Company intends to apply to this Honourable Court for a short interim injunction on the same or similar terms as the interim undertakings set out in the Consent Order dated 31 July 2025 (the "**Interim Undertakings**") to continue until either the determination of (i) the appeal of this Honourable Court's final judgment; or in the alternative (ii) the Company's application to the Cayman Islands Court of Appeal for an interim injunction pending appeal (the "**Interim Application**").

7    To address the risk of further dissipation of assets during the period between the delivery of the final judgment and the determination of the Interim Application, the Company respectfully requests that the Interim Application be listed and determined before or at least simultaneously when the final judgment is delivered. The Company will file the Interim Application promptly once the Honourable Court has had an opportunity to respond to our query above and make any desired consequential amendments to the Draft Judgment. Given the terms of the Interim Undertakings, which have been in place since 31 July 2025, we do not consider that the proposed approach would cause any party any undue prejudice.

8    The Company will write to the Defendants to seek their consent to extend the Interim Undertakings pending determination of the appeal. If the Defendants give such consent, the Interim Application may not be necessary.

9    We should be grateful if you would please place this letter before the Honourable Judge at your earliest convenience. Please do not hesitate to contact Caroline Moran or Christian La-Roda Thomas of this firm (details above) if you require any further information.

Yours faithfully

Maples and Calder (Cayman) LLP

Maples and Calder (Cayman) LLP

2