**EXHIBIT 74**

Docket #4311 Date Filed: 07/14/2025

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054-sgj** |
| | § | |
| **Reorganized Debtor.** | § | |
| | § | |
| | § | |

**NOTICE OF APPEAL OF ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11
U.S.C. § 363 APPROVING SETTLEMENT BETWEEN THE HIGHLAND ENTITIES
AND THE HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT
THEREWITH**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

The Dugaboy Investment Trust

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding:
□ Plaintiff
□ Defendant
□ Other (describe)

For appeals in a bankruptcy case and not in an adversary proceeding:
□ Debtor
X Creditor
□ Trustee
□ Other (describe)

1

1934054250714000000000002

**Part 2: Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:

> **ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. §
> 363 APPROVING SETTLEMENT BETWEEN THE HIGHLAND
> ENTITIES AND THE HMIT ENTITIES AND AUTHORIZING ACTIONS
> CONSISTENT THEREWITH**
>
> A true and correct copy of the Order is attached hereto as Exhibit A.

2.  State the date on which the judgment, order, or decree was entered: signed June 30,
2025 [Dkt. No. 4297]

3.  **Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the
names, addresses, and telephone numbers of their attorneys:

1. *Party/Appellee:*      Highland Capital Management, L.P.

Attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277-6910
F: (212) 561-7777

And

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110

2

2. *Party/Appellee:*    Highland Claimant Trust

Attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277-6910
F: (212) 561-7777

And

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110

3. *Party/Appellee:* The Highland Litigation Sub-Trust

Attorneys:

QUINN EMANUEL URQUHART & SULLIVAN LLP
Deborah J. Newman (admitted pro hac vice)
Robert S. Loigman (admitted pro hac vice)
51 Madison Avenue, 22nd Floor New York, NY 10010
T: (212) 849-7000

And

SIDLEY AUSTIN LLP
Paige Holden Montgomery
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
T: (214) 981-3300

4. Party/Appellee: Hunter Mountain Investment Trust

KELLY HART PITRE
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
T: (225) 381-9643
F: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
T: (504) 522-1812
F: (504) 522-1813
Email: amelia.hurt@kellyhart.com

Dated: July 14, 2025,                                    Respectfully submitted,


                                                        **CRAWFORD, WISHNEW & LANG PLLC**

                                                        By: */s/ Michael J. Lang*
                                                        Michael J. Lang
                                                        Texas State Bar No. 24036944
                                                        mlang@cwl.law
                                                        Alexandra Ohlinger
                                                        Texas State Bar No. 24091423
                                                        aohlinger@cwl.law
                                                        1700 Pacific Ave, Suite 2390
                                                        Dallas, Texas 75201
                                                        Telephone: (214) 817-4500

                                                        ***Counsel for Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 14, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.


                                                        */s/ Michael J. Lang*
                                                        Michael J. Lang

# EXHIBIT A



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 30, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

**ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 363
APPROVING SETTLEMENT BETWEEN THE HIGHLAND ENTITIES AND THE
HMIT ENTITIES AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

This matter having come before the Court on the *Motion for Entry of an Order Pursuant
to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and
Authorizing Actions Consistent Therewith* [Docket No. 4216] (the "<u>Motion</u>")[2] filed by Highland
Capital Management, L.P., the reorganized debtor (the "<u>Debtor</u>" or "<u>Highland</u>") in the above-
captioned chapter 11 case (the "<u>Bankruptcy Case</u>"), the Highland Claimant Trust (the "<u>Claimant</u>

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and
service address for the Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion or the
Settlement Agreement, as applicable.

Trust"), and the Highland Litigation Sub-Trust (the "Litigation Sub-Trust," and together with

Highland and the Claimant Trust, the "Movants"); and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the retention of jurisdiction provisions

of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and venue in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having considered (a) the Motion, (b) *Patrick Daugherty's Objection to Motion for*

*Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 363 Approving Settlement*

*with the HMIT Entities and Authorizing Actions Consistent Therewith* [Docket No. 4229] (the

"Daugherty Objection") filed by Patrick Daugherty, (c) the *Preliminary Objection of the*

*Dugaboy Investment Trust to the Motion for Entry of an Order Pursuant to Bankruptcy Rule*

*9019 and 11 U.S.C. § 363 Approving Settlement with the HMIT Entities* [Docket No. 4230] (the

"Dugaboy Objection," and together with the Daugherty Objection, the "Objections"), filed by

The Dugaboy Investment Trust, (d) the *Objection of the Dallas Foundation and Crown Global*

*Life Insurance Ltd. to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11*

*U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent*

*Therewith* [Docket No. 4231] (the "Charitable Foundation Objection"), filed by The Dallas

Foundation (the "Dallas Foundation") (on behalf of Empower Dallas Foundation ("EDF") and

The Okada Family Foundation ("Okada Family"), and Crown Global Life Insurance, Ltd., not

individually, but solely in respect of Segregated Accounts 30218 and 30219 ("Crown"), (e) the

evidence admitted into the record during the hearing on the Motion on June 25, 2025 (the

"Hearing") in support of, and in opposition to, the Motion, including the Court's assessment of

the witnesses' credibility, and (f) all arguments heard at the Hearing in connection therewith; and

the Court having found that the legal and factual bases set forth in the Motion establish sufficient

cause for the relief granted herein; and adequate notice of the Motion having been given; and after due deliberation and good cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

1.      The Court's findings of fact and conclusions of law set forth on the record at the conclusion of the Hearing are incorporated by reference except as supplemented in this Order, and as may be further supplemented by the Court.

2.      Entry into the Settlement Agreement is an appropriate exercise of the Movants' business judgment.

3.      The Settlement Agreement is fair, reasonable, and in the best interests of each of the Highland Entities and their creditors and constituents.

4.      The Settlement Agreement was negotiated and entered into by the Highland Entities and the HMIT Entities without collusion or fraud, in good faith, and was the product of arm's- length negotiations.

5.      The HMIT Entities are not "insiders" or "affiliates" of Highland as those terms are defined in Bankruptcy Code sections 101(31) and 101(2).

6.      The HMIT Entities entered into the Settlement Agreement, are acquiring the Transferred Claims and Dugaboy Note in good faith, and have proceeded with all aspects of the Settlement Agreement in good faith, and have received fair value in consideration of their entry into the Settlement Agreement.

7.      The Transferred Claims and Dugaboy Note are property of the estate, and the Highland Entities' sale of those assets free and clear of all liens and encumbrances but otherwise subject to the Settlement Agreement is a proper exercise of their business judgment.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

8.      The Motion is **GRANTED**.

9. As stated on the record during the Hearing, The Charitable Foundation Objection is withdrawn with prejudice.

10. All other Objections to the Motion are overruled.

11. The Settlement Agreement attached as **Exhibit 1** to the Demo Declaration is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 363(b) of the Bankruptcy Code.

12. HMIT's Class 10 Interest is Allowed in the amount of $336,940,230.58.

13. The HMIT Entities, as good faith purchasers of Estate assets in the Settlement, are entitled to the protections contained in section 363(m) of the Bankruptcy Code.

14. The Highland Entities and their agents are authorized to take any and all actions necessary or desirable to implement the Settlement Agreement without further notice or further Court approval.

15. Notwithstanding anything in the Settlement Agreement to the contrary, none of the Dallas Foundation, EDF, Okada Family, or Crown (collectively, the "Foundation Parties") are or will be included in the definitions of "HMIT Releasors" or "Highland Releasors." For the avoidance of doubt, however, any attempt by the Foundation Parties to assert a Claim against a HMIT Released Party by, through, or under, including derivatively, a Highland Entity, or against a Highland Released Party by, through, or under, including derivatively, a HMIT Entity is barred by this Order and the Settlement Agreement.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### ### END OF ORDER ###