**EXHIBIT 93**



` OF APPEAL OF THE CAYMAN ISLANDS

**CAUSE NO CICA 003 OF 2026**

**ON APPEAL FROM CAUSE NO FSD 201 OF 2025 (RPJ)**

**BETWEEN:**

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

<u>Plaintiff / Appellant</u>

**AND**

| | | |
|---|---|---|
| **(1)** | **MARK ERIC PATRICK** | |
| **(2)** | **PAUL MURPHY** | |
| **(3)** | **CDMCFAD, LLC** | |
| **(4)** | **DFW CHARITABLE FOUNDATION** | |
| **(5)** | **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER** | |
| **(6)** | **CLO HOLDCO, LTD.** | |

<u>Defendants / Respondents</u>

---

**CERTIFICATE OF THE ORDER OF THE COURT OF APPEAL**

---

**UPON** the Appellant's summons filed on 3 March 2026 (the "**Interim Summons**") seeking interim relief pending the determination of the Appellant's appeal against the order of Justice Raj Parker consequent on the judgment of 10 February 2026 as commenced by the Appellant's Notice of Appeal dated 24 February 2026 (the "**Appeal**")

**AND UPON** reading the First Affidavit of Margot MacInnis dated 3 March 2026, the First Affidavit of Mark Patrick dated 24 March 2026, and the First Affidavit of Paul Murphy dated 24 March 2026 and the other affidavits, exhibits and documents and materials in the bundles put before the Court and referred to as having been read or considered

1

Case 19-34054-sgj11 Doc 4663-1 Filed 05/27/26 Entered 05/27/26 03:07:29 Desc
Exhibit Attachment 1 - Decision Dated April 22 2026 Page 3 of 6

CACV2026-0003 **Page 2 of 5** 2026-04-22

**AND UPON** reading the written submissions filed on behalf of the Appellant and the Respondents on 18 March 2026

**AND UPON** the Court refusing the Appellant's request to determine the Interim Summons on the papers

**AND UPON** hearing Caroline Moran for the Appellant, Andrew Scott KC for the First, Third, Fifth and Sixth Respondents, David Quest KC for the Second Respondent, and Fleur O'Driscoll for the Fourth Respondent on 27 March 2026 by remote hearing before The Rt Hon Sir John Goldring, President; The Hon Sir Richard Field, Justice of Appeal; and The Rt Hon Sir Jack Beatson, Justice of Appeal

**AND UPON** a decision being given on 31 March 2026 by remote hearing with reasons to follow

**I HEREBY CERTIFY** that an order was made on 31 March 2026 as follows:

1        From the date of this Order to the date of the determination of the Appeal, but subject to paragraphs 2 and 3, the Respondents and the related entities listed in Schedule 1 hereto (the "**Fund Entities**"), and their respective agents, servants, employees, and representatives, shall:

    1.1        not transfer, conceal, withdraw, alienate, redeem, expend, encumber, disperse, or otherwise dispose of any and all funds, assets, receivables, or shares of the Fund Entities outside of the ordinary course of business;

    1.2        not take any action to increase the remuneration paid to any employee, manager or director of the Fund Entities;

    1.3        not take any action to dissolve, wind-down, liquidate, or otherwise alter the corporate standing of the Fund Entities;

    1.4        not take any action to modify or alter the corporate governance of the Fund Entities, including but not limited to any amendment to their respective bylaws or organisational documents;

    1.5        not take any action to sell, exchange, or dispossess any asset of one of the Fund Entities

2

unless (i) the sale is to a *bona fide* third party purchaser for reasonably equivalent value, (ii) except in the case of marketable securities, the *bona fide* purchaser is made aware of this undertaking; and (iii) the proceeds from that sale, exchange, or disposition remain owned by the Fund Entities;

1.6 not alter, conceal, or destroy any business records concerning the Respondents or the Fund Entities, including any transfers of funds, assets, receivables, or shares to or from the Respondents or Fund Entities.

2 Further, and to the extent not addressed by the foregoing, the Respondents and the Fund Entities shall:

2.1 preserve and will not in any way dispose of, deal with, encumber, transfer or diminish the value of (as applicable) their or any interest (of whatsoever nature), whether held directly or indirectly, in Charitable DAF Fund, LP (the "**Fund**"), and/or the Fund Entities and/or any assets of the Fund other than in the ordinary course of business; and

2.2 not do anything to cause, procure, incite, promote or assist a breach by any other party of this undertaking.

3 The following clarifications and exceptions apply to paragraphs 1 and 2 above:

3.1 payments in an aggregate amount not exceeding US$200,000 per calendar month made to, and then by, the Fourth Respondent to or for the benefit of any charitable organisations or charitable purposes will be permitted for the purpose of paragraphs 1.1 and 2.1 above and therefore not a breach of this Order;

3.2 paragraphs 1 and 2 above shall only apply to the Second Respondent in respect of his position as a director of the Third, Fifth and Sixth Respondents (identified as Fund Entities at paragraphs (ii), (i), and (vi) of Schedule 1, namely: CDH GP Ltd; CDMCFAD, LLC; CLO HoldCo, Ltd.) and those Fund Entities identified at paragraphs (viii) and (xv) of Schedule 1, namely: MGM Studios HoldCo, Ltd.; and CLO HoldCo LLC;

3

3.3     nothing in paragraphs 1 or 2 above shall apply to, restrict or otherwise affect any funds received by way of remuneration by the Second Respondent in his capacity as a director of the Appellant and/or the Fund Entities, whether received before or after the date of this Order, or his right to use, deal with, or dispose of any such funds; and

3.4     for the avoidance of doubt, compliance with the terms of this Order by the Fund Entities shall not of itself constitute or be deemed to constitute evidence of the insolvency or bankruptcy of any of the Fund Entities.

4     Paragraphs 2, 3, 4 and 5 of the Interim Summons are dismissed.

5     The costs of the Interim Summons shall be costs in the Appeal.

6     The parties shall have liberty to apply.

Given under my hand and the Seal of the Court this 22 day of April 2026

_____

Registrar of the Court of Appeal

4

## **Schedule 1**

(i) CDH GP, Ltd. (Cayman Islands)

(ii) CDMCFAD, LLC (Delaware)

(iii) Charitable DAF Fund 2, LP (Cayman Islands)

(iv) Charitable DAF Fund, LP (Cayman Islands)

(v) CLO HoldCo, Ltd. (Cayman Islands)

(vi) Liberty CLO HoldCo, Ltd. (Cayman Islands)

(vii) HCT Holdco 2, Ltd. (Cayman Islands)

(viii) MGM Studios Holdco, Ltd. (Cayman Islands)

(ix) Liberty CLO HoldCo, LLC (Delaware)

(x) Liberty Sub, Ltd. (Delaware)

(xi) Charitable DAF Holdings Corp. (Delaware)

(xii) DST Investco, LLC (Delaware)

(xiii) Allanon Capital Management LLC (Texas)

(xiv) DFW Charitable Foundation (Delaware)

(xv) CLO HoldCo LLC (Delaware)

(xvi) Rand Advisors LLC (Delaware)

(xvii) CDHC Royse City Land LLC (Texas)

(xviii) Royse City Land Company LLC (Texas)

(xix) CDHC Assets LLC (Texas)

(xx) CDHC Fort Worth Land LLC (Texas)

(xxi) CDHC Stewart Creek LLC (Texas)

(xxii) BVP Property LLC (Delaware with CA registration)

(xxiii) Hunter Mountain Investment Trust

(xxiv) Rand PE Fund Management, LLC

(xxv) Atlas IDF GP, LLC

(xxvi) CDHC Apache Trail, LLC

(xxvii) 41915 Leaseco, LLC