**EXHIBIT 94**



# *Highland Capital Management, L.P.*

## Dugaboy's Motion to Vacate

[Docket No. 4513]

May 11, 2026



# The High Standard to Obtain Relief From an Order Under Rule 60(b)(2)

‖ Dugaboy seeks relief from the 9019 Order under Rule 60(b)(2), made applicable by Bankruptcy Rule 9024.

‖ Dugaboy must come forward with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

‖ Whether you use July 14 (14 days from judgment) or July 28 (28 days from judgment), is of no moment. [1,2]

‖ Dugaboy cannot show that the newly discovered evidence is "material and controlling and clearly would have produced a different result If present before the original judgment." [3]

‖ The evidence cannot be cumulative and "must be in existence at the time of [the final judgment] and not discovered until after the final judgment." [3]

1. Dugaboy contends that the 14-day period for a new trial under Bankruptcy Rule 9023 should apply. Dugaboy's contention is misplaced. Dugaboy did not move under Bankruptcy Rule 9023, but under Bankruptcy Rule 9024—and that Rule adopts Fed. R. Civ. P. 60 in its entirety, including its reference to the 28-day period for moving for new trial under Fed. R. Civ. P. 59(b).
2. Docket No. 4297
3. Highland Objection to Dugaboy's Motion to Vacate [Docket No. 4535] ¶ 58.

2

# Despite the Noise Dugaboy Creates, The Cayman Proceeding Was and Remains Irrelevant

‖ The Bankruptcy Court determined the Cayman Proceeding was irrelevant: "Whatever the misdeeds may or may not be of Mark Patrick, they are not sufficiently intertwined with the Highland bankruptcy estate (or the Settlement Agreement) to justify a stay." [1]

‖ The Bankruptcy Court's finding that the Cayman Proceeding is irrelevant is subject to Dugaboy's fully briefed appeal of the 9019 Order pending before Judge Kinkeade. [2]

‖ *All* the so-called "newly discovered evidence" (identified for the first time in Dugaboy's reply) concern the Cayman Proceeding and the DAF restructuring. [3]

‖ *All* the JOLs' evidence—including the so-called "newly discovered" evidence—was presented to the Cayman Court and rejected in the February 2026 decision when the Court refused to grant any aspect of the propriety injunction. [4]

1. Highland Ex. 65 at 4; *see also* Highland Ex. 59 at 259:12-261:11.
2. Case No. 3:25-cv-01876-K, Document No. 52 at 5 (Issue No. 2).
3. Dugaboy Reply at 12-15.
4. Highland Ex. 72. Contrary to Dugaboy's inaccurate statement, the Cayman appellate Court has not considered, let alone reversed the trial court's decision; it merely granted the JOL's motion (Highland Ex. 88)for injunctive relief pending appeal by adopting the "ordinary course" limitations set forth in the consensual Rule 11 agreement for the Cayman Islands pending appeal

3

# Based on Information Available as of July 28, Nothing Dugaboy Learned Thereafter Could Have Changed the Outcome of the 9019 Order

**February 2025**
Dugaboy learns that:
a) Its interest (through Dolomiti) in Rand is redeemed, [1]
b) Atlas was being dissolved, and
c) HMIT was sold for $1 million.[2]

**April 16, 2025**
The Supporting Organizations file a Windup Up Petition in the Cayman Islands for Charitable DAF Holdco Ltd. based on Dondero's Affidavit in which he accuses Patrick of fraud and self-dealing. [3]

**May 2, 2025**
The Supporting Organizations petition for Court supervision of the liquidation and the appointment of the JOLs. [4]

**June 4, 2025**
Patrick files a 64-page Affidavit in which he rebuts the charges against him in excruciating detail, including his concerns that Dondero was jeopardizing the DAF's tax status be exercising effective control. [5]

**June 9, 2025**
The Dallas Foundation (on behalf of Empower Dallas and the Okada Family Foundation) and Crown Global object to the 9019 Motion contending that Patrick lacked authority to bind the HMIT Entities because of self-dealing and breaches of fiduciary duty. [5]

**July 1, 2025**
The Supporting Organizations petition the Texas Business Court for injunctive relief and the appointment of a receiver based on Dondero's Affidavit. [6]

**July 9, 2025**
The Supporting Organizations (including Julie Diaz) are appointed to the Liquidation Committee in the Cayman Proceeding. [7]

**July 15, 2025**
The JOLs file their Writ and Summons in the Cayman Islands seeking a proprietary injunction and other relief, all based on reiterating allegations of self-dealing and breaches of fiduciary duty. [8]

**July 21, 2025**
The JOLs file a Ch. 15 petition for recognition based on MacInnis' declaration detailing extensive allegations of fraud and self-dealing by Patrick. [9]

## 2025

| FEB | MAR | APR | MAY | JUN | JUL |
|-----|-----|-----|-----|-----|-----|

1. Highland Ex. 76.
2. Highland Ex. 48 ¶ 38-41.
3. Highland Exs. 47-48.
4. Highland Ex. 49-50.
5. Highland Ex. 52.
6. Highland Exs. 61-62.
7. Highland Ex. 66 at 5; *see also* Ex. 67.
8. Highland Ex. 63. *See also* Highland Ex. 64 (Dugaboy motion for a stay of enforcement of the 9019 Order based on the JOLs' Writ and Summons).
9. Highland Exs. 68-69.

4

# No Evidence Was Discovered After July 28 That Could Not Have Been Discovered With "Reasonable Diligence" Before That Time

‖ Dondero was designated as Dugaboy's agent for all purposes with respect to all the Relevant Litigation and this Motion to Vacate.[1] Therefore, knowledge acquired by Dondero in the course of his duties is imputed to Dugboy, his principal.[2]

‖ With Dondero acting as Dugaboy's agent, Dugaboy objected to the 9019 Motion; the Dallas Foundation and Crown Global also objected.[3]

‖ The objections created a "contested matter" granting Dugaboy and the Dallas Foundation all rights of discovery under Bankruptcy Rule 9014(c).

‖ Dugaboy and the Dallas Foundation exercised those rights.[4]

‖ Highland answered Dugaboy's interrogatories and produced over 4,000 pages of documents, including all communications between Highland and HMIT before the Settlement Agreement was signed.[5]

‖ Dugaboy and the Dallas Foundation deposed Mark Patrick and his associate, Shawn Raver as well as James Seery and David Klos.[6]

‖ No limits of any kind were placed on the scope of discovery.

1. Highland Ex. __.
2. *In re Black Elk Energy Offshore Operations, LLC,* No. 23-20386 (5th Cir. 2024) at 12.
3. Docket No. 4230; Highland Ex. 52.
4. *See, e.g.,* Highland Ex. 53.
5. Highland Ex. 54 (Highland's written responses and objections to Dugaboy's document requests and interrogatories); Docket No. 4255, Exs. 2-57.
6. Highland Exs. 55 and 58; Docket Nos. 4243-45, 4259-60.

# The High Standard to Obtain Relief From an Order Under Rule 60(b)(3)

- Under Fed. R. Civ. P. 60(b)(3), made applicable by Bankruptcy Rule 9024, Dugaboy must prove by clear and convincing evidence that (a) an adverse party engaged in misconduct that (b) prevented the moving party from fully and fairly presenting [its] case." [1]

- After filing its objection, Dugaboy obtained the right to use all available discovery tools under Bankruptcy Rule 9014, and Dugaboy exercised those rights.

- Dugaboy served interrogatories and document requests on Highland and took two depositions of Highland representatives. [2]

- Dugaboy and the Dallas Foundation also deposed Patrick and Raver. [3]

- Neither Dugaboy nor the Dallas Foundation ever moved to compel discovery or objected to or complained about any aspect of the discovery provided in response to their requests

- Nearly 8 months later, Dugaboy contends that Patrick did not answer a handful of questions.
  Even if true, that does not come close to being "clear and convincing evidence" of fraud.

- Finally, Dugaboy's allegations that Patrick engaged in fraud with respect to the restructuring of the DAF and HMIT structures is legally irrelevant because (a) the HMIT Entities were not the opposing party (Highland was), (b) the Cayman Court heard the same evidence and rejected the JOLs' request for a proprietary injunction, and (c) the issues may be grist for an intercreditor dispute, but not for 60(b)(3) purposes.

1. Highland Objection to Dugaboy's Motion to Vacate [Docket No. 4535] ¶ 68 (citing and quoting cases).
2. *See, e.g.,* Highland Ex. 53; Docket Nos. 4243, 4245.
3. Highland Exs. 55, 58.

# Dondero and the JOLs Repeatedly Validated Patrick's Authority Over the HMIT and DAF Entities

Dugaboy's last-second assertion that Patrick's authority was *void ab initio* when he allegedly breached his fiduciary duty is wrong and contradicted by an uninterrupted series of contradictory actions by Dondero and the JOLs.

This argument could have been made at any time during the 9019 Proceeding or even in Dugaboy's Motion to Vacate; instead, it was floated for the first time during Dondero's deposition on Friday.

Notably, (a) no action has ever been taken by anyone anywhere to replace Patrick as the sole representative of the HMIT Entities and (b) there has never been a determination by any court that Patrick breached any duty.

Under the governing documents, Highland is the only party authorized with determining whether Patrick breached his fiduciary duty and it has not made such a determination.

Rather than contending that Patrick lacked authority to act on behalf of the HMIT and DAF Entities, Dondero and his affiliates (as well as the JOLs) have continuously validated Patrick's control of those entities. [1]

1. Highland Exs. 37-45; [cite statements in Dondero/MacInnis declarations].

7

# Dugaboy's Recusal Arguments Are Meritless

‖ Dugaboy does not contend that Judge Jernigan did anything during the 9019 Proceeding that evidenced bias or prejudice against Dugaboy.

‖ Dugaboy never asked Judge Jernigan to recuse herself from the 9019 Proceeding and therefore failed to preserve this issue for appeal, let alone as a basis to vacate under Rule 60.

‖ The Fifth Circuit considered three different appeals/petitions concerning recusal and rejected every one without ever finding that Judge Jernigan was biased or prejudiced.

‖ Dugaboy's reliance on Orders resulting from non-public complaints filed by Dondero and his supporters is misguided. Chief Judge Elrod expressly stated that Judge Jernigan's *voluntarily* recusal **"should not be interpreted as an opinion or reflection on the merits of judge's prior decision not to recuse, which has been addressed by the Fifth Circuit**," or **"the validity of any decision, ruling, or order that she has issued in any judicial proceeding."**

8

# Who Is Present and Who Is Not

| Present:<br>Dugaboy | Absent:<br>The Dallas Foundation/<br>Empower Dallas/<br>Okada Family Foundation | Absent:<br>Crown Global | Absent:<br>The Supporting Organizations |
|---|---|---|---|
| • Former holder of subordinated 0.1866% LP interest in HCMLP<br><br>• Current holder of Class 11 interest fixed at $740,801 [1]<br><br>• No direct or indirect interest in any of the HMIT Entities or the DAF Entities<br><br>• Dugaboy designated James Dondero as its agent for all purposes related to all relevant litigation [2] | • With Crown Global, DF objected to the HMIT 9019 Settlement on behalf of Empower Dallas and the Okada Family Foundation [4]<br><br>• After taking discovery, DF and Crown Global withdrew their objection to the 9019 Settlement with prejudice pursuant to a Binding Term Sheet that left Patrick in control of the HMIT Entities [5] | • Sole LP of Atlas IDF, LP, the former indirect parent of HMIT<br><br>• Was informed of the Beacon Mountain sale (which included HMIT) and did not object<br><br>• After taking discovery, Crown Global and DF withdrew their objection to the 9019 Settlement with prejudice pursuant to a Binding Term Sheet that left Patrick in control of the HMIT Entities [5] | • As the holder of "Participation Shares" in Charitable DAF Holdco Ltd., the entity subject of the Cayman Proceeding, they were entitled to distributions from Charitable DAF Fund if the general partner made them in its sole discretion, but they had no voting or control rights whatsoever<br><br>• The Supporting Organizations commenced the Cayman Proceeding (4/16) and the Texas Business Litigation (7/1) with Dondero's money and affidavits [6]<br><br>• The Supporting Organizations have been members of the DAF Holdco Ltd. Liquidating Committee since July 2, 2025, and had complete access to the information in the Cayman Proceeding [7] |

1. Docket No. 4401 ¶ 12.
2. Docket No. ▮▮▮.
3. Highland Exs. 26-29.
4. Highland Ex. 52.
5. Highland Ex. 39.
6. Highland Exs. 47-49, 61-62.
7. Highland Ex. 67.

9

# Context Is Everything: Dugaboy's Motion to Vacate Must Be Denied

║ Dondero's goal is to regain control of the HMIT Entities so he can perpetuate litigation against Highland—because unless the 9019 Order is overturned, Dugaboy is hopelessly out of the money.

║ Rule 60 is not an opportunity for a do-over, but that's exactly what Dugaboy is attempting to do here.

║ Dugaboy does not contend that the 9019 Settlement was not in Highland's best interests; or that the 9019 Settlement was not the product of arm's length, good faith negotiations. Instead, Dugaboy relies on evidence developed by the JOLs in a foreign proceeding that—as Judge Jernigan found—has nothing to do with Highland or the Settlement.  Indeed, Dugaboy is not even calling a Highland representative to testify.

║ Dugaboy and its agent, Dondero, knew all they needed by July to object to Patrick's authority, yet they failed to do so.

║ This a dispute between and among affiliates that should be resolved in the Cayman Islands or the Texas Business Court, but not here.