

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 19, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054-sjg11 |
| Debtor. | |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING
OF CONFIDEDNTIAL INFORMATION UNDER SEAL PURSUANT TO SECTION 107
OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9018**

1

Upon the Motion of The Dugaboy Investment Trust to File Confidential Information Under Seal Pursuant to Section 107 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018 (the "Motion") filed by The Dugaboy Investment Trust ("Dugaboy") seeking entry of an order (this "Order") authorizing Dugaboy to file Exhibits 267-270 under seal; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and this Court having found venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that Dugaboy's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  Dugaboy is authorized to file Exhibits 267-270 under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9077-1.

3.  The only entities permitted to review Exhibit 267-270 are those entities specified herein: (a) the judge presiding over this case; (b) the judge's law clerk(s); (c) the Courtroom Deputy responsible for this case; (d) the Office of the United States Trustee; (e) counsel for Highland Capital Management, L.P.; (f) counsel for the Highland Claimant Trust and the Highland Litigation Sub-Trust; (g) counsel for The Dugaboy Investment Trust; (h) counsel for the HMIT Entities; and (i) any other party to whom Dugaboy has provided or will provide Exhibits 267-270 pursuant to any applicable confidentiality agreement or protective order.

4.  Exhibits 267-270 shall remain sealed until the date that is the earlier of (a) two years from the date of entry of this Order or (b) the closing of the above-captioned case.  However, any party

in interest may file a motion asking this Court to extend or modify the time period for during which

Exhibits 267-270 will remain sealed.

5.  This Order does not limit the use of Exhibits 267-270 in connection with any party's

obligation to refer criminal or ethical violations or otherwise required by law.

6.  The terms and conditions of this Order shall be immediately effective and enforceable upon

its entry.

7.  This Court retains exclusive jurisdiction with respect to all matters arising from or related

to the implementation of this Order.


# # # END OF ORDER # # #