PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy., Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) | |

**MOTION FOR EXPEDITED HEARING ON**
**APPELLEES' MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED AS PART OF THE RECORD ON APPEAL OF THE RULE 59(e) DECISION [DOCKET NO. 4707]**

[1] Highland's last four digits of its taxpayer identification number are (8357). The service address for Highland is 6333 E. Mockingbird Lane, Suite 147 #5045, Dallas, TX 75214.

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-captioned Chapter 11 case, and the Highland Claimant Trust (together with HCMLP, "Highland" or "Appellees"), the appellees in The Dugaboy Investment Trust's ("Dugaboy") appeal of this Court's July 10, 2026 Order (the "Rule 59(e) Decision"; Dkt. No. 4689) denying Dugaboy's motion to alter or amend and for reconsideration of this Court's June 15, 2026 Order denying Dugaboy's Rule 60(b) motion (the "Rule 60(b) Decision"; Dkt. No. 4678–79), by and through their undersigned counsel, hereby file this motion (the "Motion to Expedite") seeking an expedited hearing on *Appellees' Motion to Strike Items Improperly Designated as Part of the Record on Appeal of the Rule 59(e) Decision* (the "Rule 59(e) Motion To Strike"). In support of the Motion to Expedite, Appellees respectfully state the following:

1. On August 7, 2026, Appellees filed their *Motion to Strike Items Improperly Designated as Part of the Record on Appeal of the Rule 60(b) Decision* (the "Rule 60(b) Motion To Strike"; Dkt. No. 4706), seeking to strike certain items improperly designated by Dugaboy as part of the record on appeal of this Court's Rule 60(b) Decision. A hearing on the Rule 60(b) Motion To Strike is set for September 3, 2026, at 9:00 a.m. (the "Hearing").

2. Later on August 7, 2026, Dugaboy filed its record designations in Dugaboy's appeal of the Court's Rule 59(e) Decision (the "Rule 59(e) Designations"; Dkt. No. 4707). The Rule 59(e) Designations are substantially similar to Dugaboy's designations in its appeal of the Court's Rule 60(b) Decision (the "Rule 60(b) Designations"; Dkt. No. 4705).

3. Through the Rule 59(e) Motion To Strike, Appellees adopt and incorporate by reference the arguments set forth in the Rule 60(b) Motion To Strike and seek to strike the same items from the record of the appeal of the Rule 59(e) Decision, plus two more items that were not

included in Dugaboy's Rule 60(b) Designations but are improper for the same reasons set forth in the Rule 60(b) Motion To Strike.

4. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order … that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Furthermore, pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, the Court may, for cause shown, reduce the notice period required prior to a hearing

5. Due to the similarity of Dugaboy's record designations challenged in the Rule 60(b) Motion To Strike and the Rule 59(e) Motion To Strike, Appellees respectfully request that the Court set the Rule 59(e) Motion To Strike to be heard on September 3, 2026, at the same time as the Rule 60(b) Motion To Strike. Hearing the motions to strike together at the Hearing will be the most efficient and economic use of the parties' and the Court's resources.

WHEREFORE, Appellees respectfully request that this Court enter an order (i) granting the Motion to Expedite, (ii) setting the Rule 59(e) Motion To Strike for hearing on September 3, 2026, at 9:00 a.m. to occur concurrently with the Hearing on the Rule 60(b) Motion To Strike, and (iii) granting Appellees such further and additional relief as this Court deems necessary and appropriate.

Dated: August 21, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy., Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 20, 2026, John A. Morris, counsel for Appellees, communicated with Dugaboy's counsel, Mike Gaddis, in writing regarding the relief requested in the foregoing Motion to Expedite and requested a response by the afternoon of August 21, 2026. As of 4:00 p.m. (Central Time) on August 21, 2026, Dugaboy's counsel had not yet provided its position on the Motion to Expedite, so Appellees assume that Dugaboy opposes the relief requested in the Motion to Expedite.

*/s/ Zachery Z. Annable*
Zachery Z. Annable