PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy., Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) | |

**MOTION FOR ENTRY OF AN ORDER**
**DIRECTING RELEASE OF REGISTRY FUNDS TO**
**HIGHLAND CAPITAL MANAGEMENT, L.P. PURSUANT TO 28 U.S.C. § 2042**

Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the above-captioned chapter 11 case ("Bankruptcy Case"), by and through its undersigned counsel, files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, directing the Clerk of the Court to release to Highland all funds held in the registry (the "Registry") of the United States District Court for the Northern District of Texas (the "District

[1] Highland's last four digits of its taxpayer identification number are (8357). The service address for Highland is 6333 E. Mockingbird Lane, Suite 147 #5045, Dallas, TX 75214.

Court") pursuant to 28 U.S.C. § 2042 (the "Withdrawal Rule") in partial satisfaction of that certain award of sanctions entered against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE") by the Court in its *Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim # 146* [Bankr. Dkt. Nos. 4038 and 4039][2] (together, the "Sanctions Order"). In support of the Motion, Highland respectfully states as follows:

**BACKGROUND**

1. On June 16, 2023, Highland filed its *Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* [Bankr. Dkt. No. 3851] (the "Bad Faith Motion") seeking an award of sanctions against HCRE related to its bad faith filing and prosecution of a meritless proof of claim.

2. On March 5, 2024 (the "Judgment Date"), the Court issued the Sanctions Order granting the Bad Faith Motion and awarding Highland sanctions in the aggregate amount of $825,940.55 (the "Judgment"). (Sanctions Order at 32.) The Judgment accrues interest at the Federal Judgment Rate of 5.00% in effect on the Judgment Date (the Judgment plus accrued interest at the Federal Judgment Rate to the date of payment to Highland is hereafter referred to as the "Judgment Amount").

3. On March 18, 2024, HCRE filed its *Motion for Relief from Order* [Bankr. Dkt. No. 4040] and *Memorandum of Law in Support of Motion for Relief from Order* [Bankr. Dkt. No. 4041] (together, the "Reconsideration Motion") seeking reconsideration of the Sanctions Order.

[2] "Bankr. Dkt. No. __" refers to the docket maintained in the Bankruptcy Case.

On March 18, 2024, HCRE also filed its *Notice of Appeal* [Bankr. Dkt. No. 4042] appealing the Sanctions Order.

4. On May 21, 2024, the Court entered its *Order Denying Motion of NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) Seeking Relief from Order Pursuant to Fed. R. of Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) & (6)* [Bankr. Dkt. No. 4069] (the "Reconsideration Order") denying HCRE's Reconsideration Motion.

5. On June 4, 2024, HCRE filed its *Second Amended Notice of Appeal* [Docket No. 4074] appealing both the Sanctions Order and the subsequent Reconsideration Order. HCRE's appeal of the Sanctions Order and Reconsideration Order proceeded as case no. 3:24-cv-01479-S (the "District Court Appeal") before Judge Scholer in the District Court.

6. Following the entry of the Sanctions Order and the Reconsideration Order, on August 22, 2024, Highland and HCRE filed that certain *Joint Agreed Motion for Order Approving Stipulation to Pay Judgment into the Registry of the Court and Stay Execution Pending Appeal* [Bankr. Dkt. No. 4155] (the "Agreed Motion") asking the Court to enter an order (i) approving that certain *Stipulation of the Parties Regarding Stay of Execution Pending Appeal and Related Relief* (the "Stipulation"), (ii) staying execution of the Sanctions Order until it became final and no longer subject to further appeal, and (iii) approving payment of the Judgment, plus then-accrued post-judgment interest as provided for in the Stipulation, into the Registry pending the entry of a final, non-appealable order resolving the Sanctions Order. (*See* Agreed Motion ¶ 10.)

7. On August 23, 2024, this Court entered its *Order Approving Stipulation to Pay Judgment into the Registry of the Court and Stay of Execution Pending Appeal* [Bankr. Dkt. No. 4156] (the "Deposit Order") approving the Stipulation and the other relief requested in the Agreed Motion. Among other things, the Deposit Order required HCRE to (i) deposit cash into an interest bearing account at the Registry of the District Court in the amount of $845,287.91 (the "Initial

Security Deposit") on August 23, 2024, and (ii) post additional cash security in the amount of the dollar difference between the total cash held at the Registry and the Judgment Amount ("Top-Up Interest") within four business days of the first business day of each calendar quarter beginning January 1, 2025. (*See* Stipulation ¶ 2.)

8. On August 26, 2024, HCRE deposited the Initial Security Deposit into the Registry. (Klos Declaration ¶ 10.)[3] Since making the Initial Security Deposit, HCRE has failed to deposit any Top-Up Interest into the Registry as required by the Stipulation and Deposit Order, leaving a shortfall of funds in the Registry necessary to satisfy the Judgment Amount. (Klos Declaration ¶ 18.)

9. On September 22, 2025, the District Court entered its *Memorandum Opinion and Order* [Dist. Ct. Dkt. No. 29][4] (the "District Court Judgment") affirming the Sanctions Order and the Reconsideration Order.

10. On October 22, 2025, HCRE appealed the District Court Judgment to the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit COA"), where the appeal was assigned case no. 25-11185 (the "Fifth Circuit Appeal").

11. On August 14, 2026, the Fifth Circuit COA entered its published opinion [5th Cir. Dkt. No. 60][5] (the "Original Fifth Circuit Opinion") and judgment [5th Cir. Dkt. No. 61] affirming the District Court Judgment.

[3] The "Klos Declaration" refers to the *Declaration of David Klos in Support of the Motion for Entry an Order Directing Release of Registry Funds to Highland Capital Management, L.P. Pursuant to 28 U.S.C. § 2042* being filed contemporaneously with this Motion.

[4] "Dist. Ct. Dkt. No. __" refers to the docket maintained in the District Court Appeal.

[5] "5th Cir. Dkt. No. __" refers to the docket maintained in the Fifth Circuit Appeal.

12. On August 28, 2026, HCRE filed its *Petition for Panel Rehearing* [5th Cir. Dkt. No. 65] (the "Petition for Rehearing") asking the Fifth Circuit COA to withdraw the Original Fifth Circuit Opinion, reverse the District Court Judgment, and vacate the Sanctions Order.

13. On September 16, 2026, the Fifth Circuit denied HCRE's Petition for Rehearing, withdrew the Original Fifth Circuit Opinion, entered its substituted opinion [5th Cir. Dkt. No. 74] (the "Substituted Fifth Circuit Opinion") affirming the District Court Judgment, and issued its *Judgment* [5th Cir. Dkt. No. 75-2] (the "Mandate") affirming the District Court Judgment.

14. On September 23, 2026, HCRE filed its *Opposed Motion to Recall and Stay the Mandate Pending Filing of a Petition for a Writ of Certiorari* [5th Cir. Dkt. No. 78] (the "Recall and Stay Motion") asking the Fifth Circuit COA to recall the Mandate and stay it pending HCRE's filing of a petition for a writ for certiorari with the United States Supreme Court. (Recall and Stay Motion at 19.)

15. On October 2, 2026, the Fifth Circuit COA denied HCRE's Recall and Stay Motion [5th Cir. Dkt. No. 90]. The Mandate has been issued, it has not been recalled, and there is no stay of the Judgment.

16. Since being deposited, the Initial Security Deposit has been accruing interest daily at the Registry (the "Accrued Interest," and together with the Initial Security Deposit, the "Total Cash Security"). As of September 30, 2026, an aggregate of $75,911.72 in Accrued Interest had accrued, resulting in a Total Cash Security in the Registry of $921,199.63.

## RELIEF REQUESTED

17. Pursuant to the Withdrawal Rule, "[n]o money deposited under section 2041 of this title shall be withdrawn except by order of court." 28 U.S.C. § 2042. Accordingly, through this Motion, Highland moves for an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, directing the Clerk of the United States District Court for the Northern District

of Texas (the "Clerk") to pay to Highland from the Registry the Total Cash Security (which, for the avoidance of doubt, would also include Accrued Interest paid from September 30, 2026, to the date the cash is released) in partial satisfaction of the Judgment Amount.

18. Highland is entitled to enforce the Court's Judgment in the Sanctions Order because (i) the Mandate has been issued, (ii) no stay of the Mandate is in place, and (iii) the Sanctions Order is final and non-appealable.

19. For the reasons set forth in the Klos Declaration, Highland contends that the Total Cash Security is insufficient to fully satisfy the Judgment Amount, plus required interest; however, Highland is not asking that the Court determine the amount of the deficiency. Instead, Highland asks only that the Clerk be directed to release the Total Cash Security to Highland, subject to Highland's reservation of rights to seek to collect any shortfall or any other related relief. (Klos Declaration ¶¶ 20-21.)

20. Because of the size of the Total Cash Security and Highland's concerns over publicly disclosing its bank account information, Highland respectfully requests that the Clerk be directed to accept on a confidential basis written electronic transfer instructions from Highland's Counsel[6] so that the Clerk can promptly transfer the Total Cash Security to Highland.

**CONCLUSION**

WHEREFORE, Highland respectfully requests that the Court grant the Motion, enter the Proposed Order, and grant Highland any further relief as the Court deems just and proper.

[6] For purposes of this Motion and the Proposed Order, "Highland's Counsel" refers to Melissa S. Hayward and/or Zachery Z. Annable of Hayward PLLC.

Dated: October 6, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned hereby certifies that, on October 5, 2026, counsel for Highland, John A. Morris, corresponded with counsel for HCRE, Amy Ruhland and Ben Bernell, regarding the relief requested in the foregoing Motion. As of the filing of the Motion, counsel for HCRE has not provided a response; accordingly, it assumed that HCRE is **OPPOSED** to the relief requested in the Motion.

*<u>/s/ Zachery Z. Annable</u>*
Zachery Z. Annable