PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910; Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100; Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |

**DECLARATION OF DAVID KLOS IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER DIRECTING RELEASE OF REGISTRY FUNDS TO HIGHLAND CAPITAL MANAGEMENT, L.P. PURSUANT TO 28 U.S.C. § 2042**

I, David Klos, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1. I am the Chief Financial Officer ("CFO") of Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the above-captioned chapter 11 case ("Bankruptcy Case"), and I submit this Declaration in support of the *Motion for Entry of an Order Directing Release of Registry Funds to Highland Capital Management, L.P. Pursuant to 28 U.S.C. § 2042* (the

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The service address for the above-captioned Reorganized Debtor is 6333 E. Mockingbird Lane, Suite 147 #5045, Dallas, TX 75214.

"Motion").[2] Unless otherwise stated, this Declaration is based on my personal knowledge or my review of certain documents, including those referenced below.

2. Highland is entitled to an order directing the Clerk of the United States District Court for the Northern District of Texas (the "Clerk") to immediately turnover to Highland the full amount of cash deposited in the registry (the "Registry") of the United States District Court for the Northern District of Texas (the "District Court") in partial satisfaction of the Judgment Amount (defined below), which cash deposit, including accrued interest, was $921,199.63 as of September 30, 2026.

3. On June 16, 2023, Highland filed the Bad Faith Motion [Bankr. Dkt. No. 3851].[3]

4. On March 5, 2024 (the "Judgment Date"), the Court issued its *Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim # 146* [Bankr. Dkt. Nos. 4038 and 4039] (together, the "Sanctions Order") [Bankr. Dkt. Nos. 4038 and 4039] granting the Bad Faith Motion and awarding Highland sanctions in the aggregate amount of $825,940.55 (the "Judgment"). (Sanctions Order at 32.) The Judgment accrues interest at the Federal Judgment Rate of 5.00% in effect on the Judgment Date (the Judgment plus accrued interest at the Federal Judgment Rate to the date of payment to Highland is hereafter referred to as the "Judgment Amount").[4]

5. On March 18, 2024, HCRE filed its Reconsideration Motion [Bankr. Dkt. Nos. 4040 and 4041] seeking reconsideration of the Sanctions Order. On March 18, 2024, HCRE also filed its *Notice of Appeal* [Bankr. Dkt. No. 4042] appealing the Sanctions Order.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] "Bankr. Dkt. No. __" refers to the docket maintained in the Bankruptcy Case.

[4] *See* Bankr. Dkt. No. 4155.

6. On May 21, 2024, the Court entered its Reconsideration Order [Bankr. Dkt. No. 4069] denying HCRE's Reconsideration Motion.

7. On June 4, 2024, HCRE filed its *Second Amended Notice of Appeal* [Bankr. Dkt. No. 4074] appealing both the Sanctions Order and the subsequent Reconsideration Order. HCRE's appeal of the Sanctions Order and Reconsideration Order proceeded as case no. 3:24-cv-01479-S (the "District Court Appeal") before Judge Scholer in the District Court.

8. Following the entry of the Sanctions Order and the Reconsideration Order, on August 22, 2024, Highland and HCRE filed the Agreed Motion [Bankr. Dkt. No. 4155] asking the Court to enter an order (i) approving the Stipulation, (ii) staying execution of the Sanctions Order until it became final and no longer subject to further appeal, and (iii) approving payment of the Judgment, plus then-accrued post-judgment interest as provided for in the Stipulation, into the Registry pending the entry of a final, non-appealable order resolving the Sanctions Order. (*See* Agreed Motion ¶ 10.)

9. On August 23, 2024, the Court entered the Deposit Order [Bankr. Dkt. No. 4156] approving the Stipulation and the other relief requested in the Agreed Motion. Among other things, the Stipulation approved by the Deposit Order required HCRE to (i) deposit cash into an interest bearing account at the Registry of the District Court in the amount of $845,287.91 (the "Initial Security Deposit") on August 23, 2024, and (ii) post additional cash security in the amount of the dollar difference between the total cash held at the Registry and the Judgment Amount ("Top-Up Interest") within four business days of the first day of each calendar quarter beginning January 1, 2025. (*See* Stipulation ¶ 2.)

10. On August 26, 2024, HCRE deposited the Initial Security Deposit into the Registry.

11. On September 22, 2025, the District Court entered the District Court Judgment [Dist. Ct. Dkt. No. 29][5] affirming the Sanctions Order and the Reconsideration Order.

12. On October 22, 2025, HCRE appealed the District Court Judgment to the United States Court of Appeals for the Fifth Circuit COA, where the appeal was assigned case no. 25-11185 (the "Fifth Circuit Appeal").

13. On August 14, 2026, the Fifth Circuit COA entered Original Fifth Circuit Opinion [5th Cir. Dkt. No. 60][6] and judgment [5th Cir. Dkt. No. 61] affirming the District Court Judgment.

14. On August 28, 2026, HCRE filed its Petition for Rehearing [5th Cir. Dkt. No. 65] asking the Fifth Circuit COA to withdraw the Original Fifth Circuit Opinion, reverse the District Court Judgment, and vacate the Sanctions Order.

15. On September 16, 2026, the Fifth Circuit denied HCRE's Petition for Rehearing, withdrew the Original Fifth Circuit Opinion, and entered the Substituted Fifth Circuit Opinion [5th Cir. Dkt. No. 74] affirming the District Court Judgment. On September 16, 2026, the Fifth Circuit COA also issued the Mandate [5th Cir. Dkt. No. 75-2] affirming the District Court Judgment.

16. On September 23, 2026, HCRE filed the Recall and Stay Motion [5th Cir. Dkt. No. 78] asking the Fifth Circuit COA to recall the Mandate and stay it pending HCRE's filing of a petition for a writ for certiorari with the United States Supreme Court. (Recall and Stay Motion at 19.)

17. On October 2, 2026, the Fifth Circuit denied HCRE's Recall and Stay Motion [5th Cir. Dkt. No. 90], and as of the filing of the Motion, the Mandate has not been recalled, and there is no stay of the Judgment.

[5] "Dist. Ct. Dkt. No. __" refers to the docket maintained in the District Court Appeal.

[6] "5th Cir. Dkt. No. __" refers to the docket maintained in the Fifth Circuit Appeal.

18. Since making the Initial Security Deposit, HCRE has failed to deposit any Top-Up Interest into the Registry as required by the Stipulation and Deposit Order, leaving a shortfall of funds in the Registry.

19. More specifically, since being deposited, the Initial Security Deposit has been accruing interest daily at the Registry (the "Accrued Interest," and together with the Initial Security Deposit, the "Total Cash Security"). As of September 30, 2026, an aggregate of $75,911.72 in Accrued Interest had accrued, resulting in Total Cash Security in the Registry of $921,199.63.[7] Also, as of September 30, 2026, post-judgment interest of $110,729.50 has accrued on the Judgment, resulting in a total Judgment Amount of $936,670.05.[8] The difference between the Total Cash Security and the Judgment Amount is an aggregate deficiency of $15,470.42 due to HCRE's failure to pay any Top-Up Interest at any time. Additional post-judgment interest will continue to accrue, and assuming no Top-Up Interest is paid and the interest being earned at the Registry continues to be below the 5.00% effective Federal Judgment Rate, the aggregate shortfall deficiency will increase until such time as the Judgment Amount is satisfied in full.

20. Highland requests that the Clerk be directed to (i) release the Total Cash Security to Highland (which, for the avoidance of doubt, would also include Accrued Interest from September 30, 2026, to the date the cash is released), and (ii) have the Total Cash Security applied against the Judgment Amount.

21. Highland is not asking the Court to determine at this time what additional Top Up Interest is due to Highland, if any.

[7] See Case History Report dated October 2, 2026 attached hereto as **Exhibit A**.

[8] See detailed calculation of post-judgment interest attached hereto as **Exhibit B**.

22. Instead, Highland asks only that the Clerk be directed to release the Total Cash Security to Highland to partially satisfy the Judgment Amount, subject to Highland's reservation of rights to seek to collect any shortfall.

23. In conformity with Local Bankruptcy Rule 7067-1(c), I disclose the following information:

| | |
|---|---|
| Payee: | Highland Capital Management, LP |
| Mailing Address: | 6333 E. Mockingbird Lane, Suite 147 #5045<br>Dallas, TX 75214 |
| TIN: | 87-2188357 |

24. I declare under penalty of perjury that the forgoing is true and correct.

Dated: October 6, 2026

*/s/ David Klos*
David Klos